UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER<br>　　　FORMALDEHYDE PRODUCTS<br>　　　LIABILITY LITIGATION | MDL NO. 1873 |
| This document relates to: | JUDGE ENGELHARDT |
| *Bernard v. Thor Industries, Inc.*,<br>No. 09-8681 | MAG. JUDGE CHASEZ |

_____

**MEMORANDUM IN OPPOSITION TO MOTION
FOR LEAVE TO FILE FIRST SUPPLEMENTAL
AND AMENDING COMPLAINT**

Defendant Thor Industries, Inc. ("Thor Industries") submits this memorandum in opposition to the Plaintiffs' Motion for Leave to File First Supplemental and Amending Complaint.[1]  For the reasons explained below, the Court should deny this motion.

### SUMMARY OF ARGUMENT

This motion is another one of dozens filed by plaintiffs who failed to comply with the Court's matching deadlines.  Now, more than two years after they filed suit

---

[1] Plaintiffs originally filed their motion on December 9, 2011 as Rec. Doc. No. 23815.  Included in that filing was a Rule 7.6 Certificate incorrectly indicating counsel for Thor California, Inc. had been contacted and consented to the motion.  See Rec. Doc. No. 23815-4.  After this error was pointed out to plaintiffs' counsel and the Court, the plaintiffs re-filed their motion and it was docketed as Rec. Doc. No. 23990.

and their deadlines to match, the plaintiffs in the suits referenced above seek to amend their complaints and change the defendant from Thor Industries to Thor California.  Plaintiffs have not provided any explanation or proof to explain why they named Thor Industries initially and why they should be permitted to change defendants at this late date.

Based on filings made in the record on behalf of all plaintiffs, these plaintiffs have been on notice since *at least* May 2008 that Thor Industries, Inc. is not a proper defendant in this MDL because it is not a manufacturer of travel trailers or any of the other types of housing units at issue here.  Yet, plaintiffs, including those at issue here, have continued to file suit against Thor Industries.

Putting aside what they knew or should have known, the plaintiffs have not demonstrated that "good cause" to permit the amendment.  Plaintiffs have not provided basic information, as they must, explaining what steps they have taken since filing suit to determine the correct defendant and why they have waited this long to seek an amendment.   Without this explanation, the Court should deny the plaintiffs' motion.

## FACTUAL BACKGROUND

The plaintiffs filed their original claims on December 30, 2009.[2]    In that complaint, the plaintiff complaints, the plaintiffs allege, without any hesitation or uncertainty, they lived in travel trailer units manufactured by Thor Industries.[3]

---

[2] Suit No. 09-8681.  The suit is captioned "*Bernard v. Thor Industries, Inc.*"

[3] *Complaint,* Rec. Doc. No. 1, Paragraph 17, 19, 27.

In their pending motion, plaintiffs now allege, with equal certainty, that the correct defendant for their claims is Thor California.[4] The only explanation they provided is contained in their supporting memorandum in which they allege "[r]ecently information became available to Plaintiffs that indicate Plaintiffs erroneously filed suit against Thor Industries, Inc.; the actual name of the defendant manufacturer is Thor California, Inc."[5] Plaintiffs do not explain what information became available, when they learned it or what steps the plaintiffs have taken to determine which party is the proper defendant for their claims. Plaintiffs did not submit any documents or affidavits to support their motion.

The Court is very familiar with the matching process and its Pretrial orders related to it. For sake of brevity, the following points are relevant to the matching process for these plaintiffs:

- The Court placed the initial responsibility on plaintiffs to identify and name the correct manufacturer(s) for his or her housing unit. *See* Rec. Doc. No. 1596 (PTO 38).

- For complaints filed or transferred to the Eastern District <u>before</u> December 9, 2009, the deadline for matching was December 29, 2009. *See* Rec. Doc. No.

---

[4] Rec. Doc. No. 23990-2, p 2. The purpose of the plaintiffs' motion and amended complaint are apparently intended to change defendants from Thor Industries, Inc. to Thor California, despite a confusing reference in the plaintiffs' memorandum to adding plaintiffs. *See* Rec. Doc. No. 23990-2, p. 1. The plaintiffs' motion and amended complaint do not refer to adding plaintiffs, however. If adding plaintiffs is the plaintiffs' intent, the defendants likewise oppose the amendment for all the reasons stated in this memorandum.

[5] Rec. Doc. No. 23990-2, p. 2.

8909 (PTO 49).

- For complaints filed or transferred <u>after</u> December 9, 2009, the deadline for matching was within 45 days of the date of filing the particular complaint. *See* Rec. Doc. No. 8909 (PTO 49).

- Pre-Trial Order No. 49 provided that the matching deadlines would be extended only for "good cause" shown.

- The Court also permitted certain plaintiffs who complied with the "last chance" matching process to file amended/matched complaints by August 2, 2010. *See* Rec. Doc. No. 14779 (PTO 68).

The plaintiffs filed their complaint on December 30, 2009. Thus, under PTO No. 49, the plaintiffs' deadline for matching was February 15, 2010 (i.e., 45 days after the plaintiffs filed their complaint). And assuming these plaintiffs qualified under the "last chance" matching process under PTO No. 68, they should have filed an appropriate motion by August 2, 2010.[6] Therefore, by all accounts, these plaintiffs have failed to meet their matching deadlines under PTO 49 or 68.

The plaintiffs apparently do not disagree—they have not asserted their proposed amendments are timely. Instead, they seek leave to file the amendments after the relevant deadlines for doing so. To do so, they must establish the "good cause" showing required by PTO No. 49 and Federal Rule 16.

## LAW AND ARGUMENT

**1.     Federal Rule 16 and the "good cause" standard apply here.**

---

[6] *See* Rec. Doc. No. 14779 (PTO 68).

Federal Rule 16(b) "governs amendment of pleadings after a scheduling order has expired."[7] Additionally, Rule 16(b) provides that once a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent." The Fifth Circuit has made clear that the "good cause" standard requires that the party "seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."[8]

The Fifth Circuit has provided four factors to determine whether "good cause" exists: (1) the explanation offered about why the party failed to timely move for leave; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.[9]

As discussed above, this Court has entered various orders setting deadlines for amendments and filing matched complaints. Although styled as Pretrial Orders, those orders constitute scheduling orders and the Court should apply a Rule 16 "good cause" analysis to the plaintiffs' motion.[10] The plaintiff's burden is to show that "good cause" exists to permit them to file an amended complaint after all

---

[7] *S & W Enterprises, L.L.C. v. SW Bank of Alabama, NA*, 315 F. 3d 533, 536 (5th Cir. 2003).

[8] *Id.* at 535 (citations omitted).

[9] *Id.*

[10] In a ruling on a similar motion filed by other plaintiffs, the Court has already recognized that this situation implicates Rule 16. *See* Rec. Doc. No. 22999, p. 4 ("Under these circumstances, the Court finds that Rule 16 is applicable here. Thus, plaintiffs must clear the hurdle of establishing good cause under Rule 16 before the standard of Rule 15 will apply."). It is important to note that the Court also incorporated the "good cause" standard by using that phrase in PTO No. 49. *See* Rec. Doc. No. 8908.

deadlines for doing so have expired.

## 2. Plaintiffs have not established "good cause" to extend their deadline for matching and filing the proposed amended complaints.

Similar to other motions for leave, these plaintiffs simply state that "information has become available" indicating that they sued the wrong defendant in their initial complaints. They don't explain or offer any details about what the information is, when they learned it or why they waited more than two years after filing their original complaints to file the proposed amendments. Moreover, they did not submit any affidavits to support their position. For the reasons discussed below, they have not established "good cause" to extend their deadline to file the proposed amendments.

It is important to note that the plaintiffs have known since *at least* May 19, 2008, that Thor Industries is not a proper manufacturer defendant. On that date, the Plaintiffs' Liaison Counsel filed a Notice of Voluntary Dismissal under Rule 41(a).[11] They attached to that filing an affidavit from Walter Bennett, a Thor Industries officer who stated that (a) Thor Industries was simply a parent corporation and (b) Thor Industries had never designed, manufactured or distributed any products, including the recreational vehicles at issue in this litigation.[12]

Other filings and submissions have put the plaintiffs on notice that Thor

---

[11] Rec. Doc. No. 198 (filed 5/19/2008). This Notice dismissed Thor Industries, Inc. from the Plaintiffs' Master Complaint. Despite this filing, plaintiffs continued to file complaints against Thor Industries.

[12] Rec. Doc. No. 198-1.

Industries is not a correct defendant. Among them, Thor Industries filed a preservation of defenses list which noted this[13]. Thor Industries also submitted a Defendant Profile Form which clearly stated that "Thor Industries, Inc. is not a manufacturer of travel trailers or park model trailers and is not a proper defendant in the litigation."[14] The Defendant Profile Form also notified the plaintiffs that because it was not a manufacturer, Thor Industries did not have a VIN number.

Despite all the information available, the plaintiffs at issue (and hundreds of others) filed their complaint against Thor Industries. At this point, they should not be permitted to amend their complaint.

Putting aside what the plaintiffs knew or should have known, the following points illustrate that the plaintiffs have not established "good cause" to permit their amendment:

(a) The plaintiffs provided no explanation as to why they seek the proposed amendment. They did not offer any detail as to why they failed to match their complaints within the deadlines for doing so. All they allege is that information has become available. They do not explain what information they learned, when they learned it and what steps they took after learning the information. With any factual information, there is simply no "explanation" for the Court to evaluate under the Fifth Circuit's first factor for good cause. Moreover, the

---

[13] Rec. Doc. No. 220.

[14] *See* Exhibit "1" attached to this memorandum, p. 3. (June 11, 2010 Defendant Profile Form).

plaintiffs have not described any exigent or equitable circumstances that *might* provide a basis for the proposed amendment.

(b) Admittedly, the second factor, the "importance" of the amendment *might* weigh in favor of the plaintiffs, although the plaintiffs have not argued or explained how that could be the case. If they are not permitted to amend their complaint, their claims against the correct defendant (Thor California, according to the plaintiffs) will likely be barred. But, as the Court has noted in response to a similar motion filed by another plaintiff, the second factor by itself is not dispositive. If the other factors weigh heavily against the plaintiffs, as they do here, the Court should not allow the proposed amendments.[15]

(c) The third and fourth factors weigh very heavily against the proposed amendment. The potential prejudice to the defendants is clear and substantial. Until filing this motion, years after this MDL was created, the plaintiffs never identified themselves as having lived in a Thor California-manufactured unit. As the Court has previously noted, it has "taken nearly four years to reach a point where the cases in this MDL are ready to proceed beyond the matching issue toward resolution."[16] The Court should not be required to reopen the entire matching process. Doing so would harm those plaintiffs who have been

---

[15] *See* Rec. Doc. No. 22999, p. 5.

[16] *Id.*

properly matched and delay the proceedings for all parties—defendants and plaintiffs. The Court should not permit that to happen.

The Court has already considered and denied a similar motion filed by another plaintiff. That plaintiff, Corey Carter, initially filed his claims in an unmatched complaint against Gulf Stream and other defendants. Then, approximately 18 months after his matching deadline, the plaintiff filed a motion for leave and sought to add himself into a matched complaint against Forest River.[17] Forest River opposed the motion and the Court denied it, finding that the plaintiff had missed his opportunity to file a matching complaint and offered no legitimate reason why the Court should extend the deadline.[18] The Court's rationale should be applied here.

### 3. The plaintiffs are not entitled to relief under Federal Rule 15.

Additionally, if the Court evaluates the plaintiffs' motion under Rule 15(a), as suggested by the plaintiffs, the Court should still deny their motion. This is because the Court may evaluate "undue delay [and] undue prejudice" as part of a request for amendments under Rule 15.[19] The Court should also evaluate whether

---

[17] *See* Rec. Doc. No. 22336 (Plaintiff Corey Carter's Motion for Leave to File Amended Complaint).

[18] Rec. Doc. No. 22999 (September 27, 2011 ruling).

[19] *Whitaker v. City of Houston*, 963 F. 2d 831, 836 (5th Cir. 1992) (citation omitted).

the "moving party failed to take advantage of earlier opportunities to amend."[20] At a certain point, the "time delay on a part of a plaintiff can be procedurally fatal."[21] Here, the plaintiffs have not explained why they delayed filing their proposed amendments. They have been on notice since at least May 2008 that they sued the wrong defendant and have not taken any steps to amend. Permitting the plaintiffs to amend at this stage of the process would both delay the proceedings and prejudice the Defendants.

## Conclusion

For the reasons explained in this memorandum, the Court should deny the motion filed by the above-referenced plaintiffs.

Respectfully submitted,

*s/ Ryan E. Johnson*
_____
James C. Percy (La. Bar No. 10413)
Ryan E. Johnson (La. Bar No. 26352)
**JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**
Four United Plaza
8555 United Plaza Boulevard
Baton Rouge, LA 70809
Telephone: (225) 248-2080
Facsimile: (225) 248-3080
   -and-
Madeleine Fischer (La. Bar No. 5575)
**JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**
201 St. Charles Avenue, 49th floor
New Orleans, LA 70170
Telephone: (504) 582-8000

---

[20] *Lozano v. Ocwen Fed. Bank, FSB,* 489 F.3d 636, 644 (5th Cir. 2007).

[21] *Id.*

Facsimile: (504) 589-8208

*Counsel for Defendant Thor Industries, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I filed a copy of the foregoing pleading through the Court's CM/ECF system and that a copy of that pleading will be served on liaison counsel through that same system.

Baton Rouge, Louisiana, this 17th day of January, 2012.

*s/Ryan E. Johnson*
_____
Ryan E. Johnson