UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER
       FORMALDEHYDE PRODUCTS
       LIABILITY LITIGATION

**This document relates to:**

*Magee,* 09-4723
*Davis,* 09-5987
*Mitchell*, No. 09-6929
*Martinez***,** No. 09-7099
*Bogan*, 09-7812
*McGee*, 09-7830
*Pittman*, 10-1294
*Johnson*, 10-2185

_____

MDL NO. 1873

**JUDGE ENGELHARDT**

**MAG. JUDGE CHASEZ**

**MEMORANDUM IN OPPOSITION TO MOTION
FOR LEAVE TO SEVER EXISTING CLAIMS AND SUBSTITUTE A PARTY**

Defendants Thor Industries, Inc. ("Thor Industries") and Dutchmen Manufacturing, Inc. ("Dutchmen") submit this memorandum in opposition to the Plaintiffs' Motion for Leave to Sever Existing Claims and Joint Existing Action.[1] For the reasons explained below, the Court should deny this motion.

---

[1] *See* Rec. Doc. No. 23995. For all practical purposes, the plaintiffs' motion to sever is the same as motions to amend filed in other suits, seeking to add plaintiffs and change defendants. Regardless of how the motion is construed, the pertinent question is whether the plaintiffs have shown good cause to change their claims and "match" to different defendants after the Court's deadlines for doing so. In fact, some of the plaintiffs referenced in the instant motion have also filed separate motions to amend. *See* Rec. Doc. No. 23992 (omnibus motion to amend to change defendant from Thor Industries, Inc. to Thor California, Inc., filed by plaintiffs in *McGee*, No. 09-7830, *Bogan*, 09-7812, *Martinez*, 09-7099, *Pittman*, 10-1294).

## SUMMARY OF ARGUMENT

This motion is filed by plaintiffs who failed to comply with the Court's matching deadlines. Now, well after they filed suit and their deadlines to match, the plaintiffs here seek to sever themselves from their existing lawsuit (brought against Thor Industries, Inc.) and to add their claims to another lawsuit against Dutchmen Manufacturing, Inc. Like the numerous motions to amend filed by various plaintiffs after the pertinent deadlines, the Court should deny the plaintiffs' motion for a number of reasons.

Despite their arguments, none of the plaintiffs should have experienced confusion regarding the defendants' VIN numbers. Each of the defendants provided plaintiffs with the required "Defendant Profile Form" describing their VIN numbers and the method to understand them. Yet, the plaintiffs still claim confusion and blame their mistake on information provided by FEMA related to the VIN prefix associated with Dutchmen.

More importantly, the plaintiffs have not provided basic information such as what steps they have taken since they filed suit to confirm the correct defendant for their claims, including what they did with the FEMA spreadsheet and the Defendant Profile forms for Dutchmen and Thor Industries. The plaintiffs simply have not shown "good cause" sufficient to extend their deadlines to file amended complaints, and the Court should deny the plaintiffs' motion.

## FACTUAL BACKGROUND

The plaintiffs filed their original claims in four different lawsuits as follows:

| Suit Name | Suit No. | Filed |
|---|---|---|
| *Magee* | 09-4743 | 07/31/2009 |
| *Davis* | 09-5987 | 09/01/2009 |
| *Mitchell* | 09-6929 | 10/23/2009 |
| *Martinez* | 09-7099 | 10/28/2009 |
| *Bogan* | 09-7812 | 12/23/2009 |
| *Mcgee* | 09-7830 | 12/23/2009 |
| *Pittman* | 10-1294 | 04/30/2010 |
| *Johnson* | 10-2185 | 07/30/2010 |

In their original complaints, the plaintiffs alleged, without any hesitation or uncertainty, they lived in travel trailer units manufactured by Thor Industries.

In their pending motion, plaintiffs now allege, with equal certainty, that the correct defendant for their claims is Dutchmen.[2]  Plaintiffs do not explain how or when they discovered that Dutchmen was the correct defendant for their claims.

Effectively admitting their matching efforts are beyond the Court's deadlines, the plaintiffs attempt to explain their tardiness by blaming FEMA for providing incorrect matching information. Plaintiffs allege, without any supporting documents or affidavits, that their counsel "was informed through the matching process that travel trailers having VIN prefixes of 47CT and 4XTT were

---

[2] Rec. Doc. No. 23995-1, p. 2.  Plaintiffs seek to add themselves into various existing complaints in which Dutchmen is named as the Defendant.

{B0772177.1}                                                                                           Page 3

manufactured by Thor aka Thor Industries, Inc."[3]  They also allege that Thor "now asserts that travel trailers having a VIN prefix of "47CT" are not manufactured by Thor, but by one of their subsidiaries, Dutchmen Manufacturing, Inc. (herein after Dutchmen."[4]  Neither of these statements is correct.[5]

The Court is very familiar with the matching process and its Pretrial orders related to it.  For sake of brevity, the following points are relevant to the matching process for these plaintiffs:

- ➢ The Court placed the initial responsibility on plaintiffs to identify and name the correct manufacturer(s) for his or her housing unit.  *See* Rec. Doc. No. 1596 (PTO 38).

- ➢ For complaints filed or transferred to the Eastern District <u>before</u> December 9, 2009, the deadline for matching was December 29, 2009.  *See* Rec. Doc. No. 8909 (PTO 49).

- ➢ For complaints filed or transferred <u>after</u> December 9, 2009, the deadline for matching was within 45 days of the date of filing the particular complaint.  *See* Rec. Doc. No.  8909 (PTO 49).

---

[3] Rec. Doc. No. 23995-1, p. 2.  The plaintiffs refer to an Exhibit "A" in their brief, but apparently did not submit the exhibit when they filed their motion.

[4] *Id*.

[5] In Note No. 1, the plaintiffs contend that counsel for the defendants "first brought this to their attention in November 2011."  Rec. Doc. No. 23995-1, p. 2.  It is not clear what "this" to which the plaintiffs refer.  As discussed below, the plaintiffs  knew or should have known long before November 2011 that they sued the wrong defendant.  The Defendants supplied information as early as May 2008 that, if reviewed, would have notified the plaintiffs that Thor Industries, Inc. was not a proper defendant for their claims.

- Pre-Trial Order No. 49 provided that the matching deadlines would be extended only for "good cause" shown.
- The Court also permitted certain plaintiffs who complied with the "last chance" matching process to file amended/matched complaints by August 2, 2010.  *See* Rec. Doc. No. 14779 (PTO 68).

Under PTO 49, the plaintiffs' deadlines to match their complaints is set out in the table below:

| Suit Name | Suit No. | Filed | Matching Deadline |
|---|---|---|---|
| *Magee* | 09-4743 | 07/31/2009 | 12/29/2009 |
| *Davis* | 09-5987 | 09/01/2009 | 12/29/2009 |
| *Mitchell* | 09-6929 | 10/23/2009 | 12/29/2009 |
| *Martinez* | 09-7099 | 10/28/2009 | 12/29/2009 |
| *Bogan* | 09-7812 | 12/23/2009 | 02/08/2010 |
| *Mcgee* | 09-7830 | 12/23/2009 | 02/08/2010 |
| *Pittman* | 10-1294 | 04/30/2010 | 07/14/2010 |
| *Johnson* | 10-2185 | 07/30/2010 | 09/13/2010 |

Apparently, none of these plaintiffs took advantage of the "last chance" matching process, and, thus, none of the plaintiffs have met their matching deadlines under PTO 49 or 68.

The plaintiffs apparently do not disagree—they have not asserted their proposed amendments are timely.  Instead, they seek leave to file the amendments after the relevant deadlines for doing so.  To do so, they must establish the "good

cause" showing required by PTO No. 49 and Federal Rule 16.

## LAW AND ARGUMENT

**1.     Federal Rule 16 and the "good cause" standard applies here.**

Federal Rule 16(b) "governs amendment of pleadings after a scheduling order has expired."[6]  Additionally, Rule 16(b) provides that once a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent." The Fifth Circuit has made clear that the "good cause" standard requires that the party "seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."[7]

The Fifth Circuit has provided four factors to determine whether "good cause" exists:  (1) the explanation offered about why the party failed to timely move for leave; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.[8]

As discussed above, this Court has entered various orders setting deadlines for amendments and filing matched complaints.  Although styled as Pretrial Orders, those orders constitute scheduling orders and the Court should apply a Rule 16 "good cause" analysis to the plaintiffs' motion.[9]   The plaintiff's burden is to show

---

[6] *S & W Enterprises, L.L.C. v. SW Bank of Alabama, NA*, 315 F. 3d 533, 536 (5th Cir. 2003).

[7] *Id*. at 535 (citations omitted).

[8] *Id.*

[9] In a ruling on a similar motion filed by other plaintiffs, the Court has already recognized that this situation implicates Rule 16.  *See* Rec. Doc. No. 22999, p. 4 ("Under these circumstances, the Court finds that Rule 16 is applicable here.

that "good cause" exists to permit them to sever and amend their claims after all deadlines for doing so have expired.

2. **Plaintiffs have not established "good cause" to extend their deadline for matching and filing the proposed amended complaints.**

Similar to other motions filed previously, these plaintiffs simply allege that they sued the wrong defendant in their initial complaints. They don't explain or offer any details about when they learned this information or why they waited an extended period of time to file the proposed amendments. Moreover, they did not submit any affidavits to support their position. For the reasons discussed below, the they have not established "good cause" to extend their deadline to file the proposed amendments and/or sever their claims.

   a. **The plaintiffs have known, for at least two years which VIN numbers correspond with Thor California and Dutchmen and how to "decode" those VIN numbers. They have also known that Thor Industries is not a manufacturer and has no VIN.**

In their motion, plaintiffs complain about confusion with the VIN numbers associated with Thor California, Dutchmen and other subsidiary companies owed by Thor Industries. There should be no confusion. At the request of the parties, primarily plaintiffs, the Court entered an order requiring each defendant to provide a "Defendant Profile Form" which identified the VIN number associated with each

---

Thus, plaintiffs must clear the hurdle of establishing good cause under Rule 16 before the standard of Rule 15 will apply."). It is important to note that the Court also incorporated the "good cause" standard by using that phrase in PTO No. 49. *See* Rec. Doc. No. 8908.

Defendant and the method for "decoding" each manufacturer's VIN.[10] The profile form was intended to address the plaintiffs' concerns and confusion about the defendants' VIN numbering system.

Dutchmen and Thor California each provided a profile form which clearly identified their respective VIN numbers. In addition, Thor Industries provided a profile form which clearly said (a) Thor Industries was not a manufacturer of any products, including travel trailers; and (b) there was no VIN number associated with Thor Industries.[11] Therefore, armed with this information, the plaintiffs knew or should have known exactly what information they needed to properly match their claims and name the correct defendants. They simply did not do so.

### b. The VIN information and spreadsheet provided by FEMA does not explain or justify the plaintiffs' failure to name the correct defendants.

Unlike many other motions for leave, the plaintiffs here attempt to blame their delay on confusion caused by "matching" information provided by FEMA. As discussed above, the plaintiffs and their counsel should not have been confused because the defendants themselves provided information concerning their VIN numbers. Significantly, the plaintiffs did not attach any documents or affidavits to support their contentions.

---

[10] Rec. Doc. No. 14069 (Motion) and 14097 (May 13, 2010 Order).

[11] The Defendants have attached a copy of the relevant profile forms as Exhibits 1, 2 and 3 to this memorandum. They have omitted Attachment A to those forms, which are copies of insurance policies already provided to the plaintiffs. Those policies are not relevant to the current motion and have been marked "Confidential" pursuant to the Court's protective order.

The plaintiffs assert that information provided by FEMA about the VIN prefixes "47CT" (the Dutchmen prefix) and "4XTT" caused them to name Thor Industries as defendants, rather than Dutchmen.[12] Essentially, they argue that FEMA gave them incorrect matching information. They did not identify when they received the allegedly incorrect matching information, what information was actually received or what steps they took to verify the information provided by FEMA.

Regardless of when they got it or what they did with it, the excuse that FEMA gave them the wrong information does not support the plaintiffs' position for a number of reasons:

- The plaintiffs admit that they made a mistake in naming Thor Industries, Inc. That said, the plaintiffs knew or should have known, as early as May 19, 2008, that Thor Industries was not a manufacturer, and thus, not a proper defendant for their claims.[13]

- The defendants profile forms (attached hereto) provided first-hand information regarding the proper VIN number for each defendant, regardless of what information (correct or otherwise) FEMA's spreadsheet provided. The plaintiffs had this information long before their deadlines to match, giving them adequate time to amend and name the proper defendants.

---

[12] Rec. Doc. No. 23995-1, p. 2.

[13] Rec. Doc. No. 198 (Notice of Voluntary Dismissal of Thor Industries and related Affidavit).

- Plaintiffs have <u>not</u> proved that FEMA provided mistaken matching information <u>as to their</u> units.  In other words, they have not shown that FEMA gave them an incorrect name for their specific VIN number, leading them to believe that their unit was a Thor Industries unit, rather than a Dutchmen unit.  Instead, they have made generalized statements about incorrect matching information, with no details regarding the alleged source of their confusion.

c.  **The plaintiffs' motion comes up short and does not established the "good cause" factors under Rule 16.**

The following additional points illustrate that the plaintiffs cannot prevail in a "good cause" analysis:

(a)  Other than citing the FEMA data (which they did not attach), the plaintiffs provided no legitimate explanation as to why they seek the proposed severance and amendments. They did not offer any detail as to why they failed to match their complaints within the deadlines for doing so.  Moreover, they failed to explain or address the Defendant Profile sheet and the information they received about the Defendants' VIN numbers.  Without any factual information, there is simply no "explanation" for the Court to evaluate under the Fifth Circuit's first factor for good cause.   Moreover, the plaintiffs have not described any exigent or equitable circumstances that *might* provide a basis for the proposed amendment.

(b) Admittedly, the second factor, the "importance" of the amendment *might* weigh in favor of the plaintiffs, although the plaintiffs have not argued or explained how that could be the case. If they are not permitted to amend their complaint, their claims against the correct defendant (Dutchmen, according to the plaintiffs) will likely be barred. But, as the Court has noted in response to a similar motion filed by another plaintiff, the second factor by itself is not dispositive. If the other factors weigh heavily against the plaintiffs, as they do here, the Court should not allow the proposed amendments.[14]

(c) The third and fourth factors weigh very heavily against the proposed amendment. The potential prejudice to the defendants is clear and substantial. Until filing this motion, years after this MDL was created, the plaintiffs never identified themselves as having lived in a Dutchmen-manufactured unit. As the Court has previously noted, it has "taken nearly four years to reach a point where the cases in this MDL are ready to proceed beyond the matching issue toward resolution."[15] The Court should not be required to reopen the entire matching process. Doing so would harm those plaintiffs who have been properly matched and delay the proceedings for all parties—defendants and plaintiffs. The Court should not permit that to

---

[14] *See* Rec. Doc. No. 22999, p. 5.

[15] *Id.*

happen.

The Court has already considered and denied a similar motion filed by another plaintiff. That plaintiff, Corey Carter, initially filed his claims in an unmatched complaint against Gulf Stream and other defendants. Then, approximately 18 months after his matching deadline, the plaintiff filed a motion for leave and sought to add himself into a matched complaint against Forest River.[16] Forest River opposed the motion and the Court denied it, finding that the plaintiff had missed his opportunity to file a matching complaint and offered no legitimate reason why the Court should extend the deadline.[17] The Court's rationale should be applied here.

### 3. The plaintiffs are not entitled to relief under Federal Rule 15.

Additionally, if the Court evaluates the plaintiffs' motion under Rule 15(a), as suggested by the plaintiffs, the Court should still deny their motion. This is because the Court may evaluate "undue delay [and] undue prejudice" as part of a request for amendments under Rule 15.[18] The Court should also evaluate whether the "moving party failed to take advantage of earlier opportunities to amend."[19] At

---

[16] *See* Rec. Doc. No. 22336 (Plaintiff Corey Carter's Motion for Leave to File Amended Complaint).

[17] Rec. Doc. No. 22999 (September 27, 2011 ruling).

[18] *Whitaker v. City of Houston*, 963 F. 2d 831, 836 (5th Cir. 1992) (citation omitted).

[19] *Lozano v. Ocwen Fed. Bank, FSB,* 489 F.3d 636, 644 (5th Cir. 2007).

a certain point, the "time delay on a part of a plaintiff can be procedurally fatal."[20] Here, the plaintiffs have not explained why they delayed filing their proposed amendments. They have been on notice since at least May 2008 that they sued the wrong defendants and have not taken any steps to amend. Permitting the plaintiffs to amend at this stage of the process would both delay the proceedings and prejudice the Defendants.

## Conclusion

For the reasons explained in this memorandum, the Court should deny the motion filed by the above-referenced plaintiffs.

Respectfully submitted,

*s/ Ryan E. Johnson*
_____
James C. Percy (La. Bar No. 10413)
Ryan E. Johnson (La. Bar No. 26352)
**JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**
Four United Plaza
8555 United Plaza Boulevard
Baton Rouge, LA  70809
Telephone: (225) 248-2080
Facsimile:  (225) 248-3080

---

[20] *Id.*

          -and-

Madeleine Fischer (La. Bar No. 5575)
**JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**
201 St. Charles Avenue, 49th floor
New Orleans, LA   70170
Telephone:  (504) 582-8000
Facsimile:  (504) 589-8208

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I filed a copy of the foregoing pleading through the Court's CM/ECF system and that a copy of that pleading will be served on liaison counsel through that same system.

Baton Rouge, Louisiana, this 17th day of January, 2012.

*s/Ryan E. Johnson*

_____
Ryan E. Johnson