UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER<br>       FORMALDEHYDE PRODUCTS<br>       LIABILITY LITIGATION | MDL NO. 1873 |
| This document relates to: | JUDGE ENGELHARDT |
| *Edenfield v. Thor Industries, Inc.*,<br>No. 09-6279 | MAG. JUDGE CHASEZ |
| _____ | |

MEMORANDUM IN OPPOSITION TO MOTION
FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Defendants Dutchmen Manufacturing ("Dutchmen"), Thor Industries, Inc. ("Thor Industries") and Thor California, Inc. ("Thor California") submit this memorandum in opposition to the Plaintiffs' Motion for Leave to File Second Amended Complaint.[1]  For the reasons explained below, the Court should deny this motion.

SUMMARY OF ARGUMENT

This motion is another one of dozens filed by plaintiffs who failed to comply with the Court's matching deadlines.  Now, more than two years after they filed suit and their deadlines to match, the plaintiffs here seek to amend their complaint and

---

[1] *See* Rec. Doc. No. 24006.  Plaintiffs originally filed their motion as Rec. Doc. No. 24003 and apparently re-filed it as Rec. Doc. No. 24006.  To the extent these are treated as different motions, the Defendants are opposed to both of them for the reasons set forth in this memorandum.

change the defendant from Thor Industries and Thor California to Dutchmen. Plaintiffs have not provided any explanation or proof to explain why they named Thor Industries and Thor California initially or why they should be permitted to amend at this late date.

Plaintiffs argue that their counsel only learned on November 28, 2011 that they had sued the wrong defendants and that their VIN numbers matched to Dutchmen. They failed to point out, however, that defendants provided their counsel with a "Defendant Profile Form" for each of the defendants describing their VIN numbers and the method to understand them. Thus, if the plaintiffs had any confusion about their VIN number when they filed suit, that confusion was (or should have been) cleared up when the profile sheet was provided.

More importantly, the plaintiffs have not provided basic information such as what steps they have taken in the time since they filed suit to confirm the correct defendant, including what they did with the Defendant Profile Forms for Dutchmen, Thor California and Thor Industries, Inc. The plaintiffs simply have not shown "good cause" sufficient to extend their deadline to file an amended complaint, and the Court should deny the plaintiffs' motion.

## FACTUAL BACKGROUND

The plaintiffs filed their original claims on September 14, 2009.[2] In that complaint, the plaintiffs allege, without any hesitation or uncertainty, that they lived in travel trailer units manufactured by Thor Industries and Thor California,

---

[2] Suit No. 09-6279.

Inc.[3]

In their pending motion, plaintiffs now allege, with equal certainty, that the correct defendant for their claims is Dutchmen.[4]  As justification for their motion, they allege that "[b]y email of November 28, 2011, counsel for The PSC informed the undersigned that Thor and Thor California were not the proper manufacturing defendants in this case.  Thereafter, the undersigned confirmed that the Plaintiffs' VIN indeed matched a Dutchmen Manufacturing, Inc. trailer…."[5]  Significantly, the plaintiffs did not attach a copy of the email or describe its contents.  Plaintiffs did not submit any documents or affidavits to support their motion.

The plaintiffs also allege that the defendants have been provided with a PFS that purportedly contains a Dutchmen VIN number.   They argue that with this PFS, defendant Dutchmen should have been on notice of plaintiffs' claims, making the proposed amendment proper.[6]  Plaintiffs did not submit a copy of their fact sheets with their motion.  In fact, the copy of Mr. Edenfield's fact sheet received by Defendants does not contain a VIN number.[7]  In addition, it is important to note

---

[3] *Complaint,* Rec. Doc. No. 1, Paragraph 17, 19, 22, 23.

[4] Rec. Doc. No. 24006-1, p 1.

[5] *Id*.

[6] *Id*., at p. 4 ("Additionally, Dutchmen Manufacturing, Inc. had notice of Plaintiffs' claims because a PFS with a VIN that matched a Dutchmen Manufacturing, Inc. unit had been provided to the manufacturing Defendants' liaison counsel.").

[7] *See* Exhibit 1 (Plaintiff Fact Sheet for Anthony Edenfield). Because plaintiffs did not provide a copy of the PFS, the defendants cannot determine

that while the signature line is undated, the fax legend on the fact sheet is "December 4, 2008," nearly one year <u>before</u> the plaintiffs filed suit.

The Court is very familiar with the matching process and its Pretrial orders related to it. For sake of brevity, the following points are relevant to the matching process for these plaintiffs:

- ➢ The Court placed the initial responsibility on plaintiffs to identify and name the correct manufacturer(s) for his or her housing unit. *See* Rec. Doc. No. 1596 (PTO 38).

- ➢ For complaints filed or transferred to the Eastern District <u>before</u> December 9, 2009, the deadline for matching was December 29, 2009. *See* Rec. Doc. No. 8909 (PTO 49).

- ➢ For complaints filed or transferred <u>after</u> December 9, 2009, the deadline for matching was within 45 days of the date of filing the particular complaint. *See* Rec. Doc. No. 8909 (PTO 49).

- ➢ Pre-Trial Order No. 49 provided that the matching deadlines would be extended only for "good cause" shown.

- ➢ The Court also permitted certain plaintiffs who complied with the "last chance" matching process to file amended/matched complaints by August 2, 2010. *See* Rec. Doc. No. 14779 (PTO 68).

The plaintiffs filed their complaint on September 14, 2009. Thus, under PTO

---

whether they have a different version of the fact sheet. The PFS provided to counsel for the defendants does list Dutchmen as the Manufacturer, but does not contain a VIN number or other identifying information. *See* p. 8.

No. 49, the plaintiffs' deadline for matching was December 29, 2009. And assuming these plaintiffs qualified under the "last chance" matching process under PTO No. 68, they should have filed an appropriate motion by August 2, 2010.[8] Therefore, by all accounts, these plaintiffs have failed to meet their matching deadlines under PTO 49 or 68.

The plaintiffs apparently do not disagree—they have not asserted their proposed amendments are timely. Instead, they seek leave to file the amendments after the relevant deadlines for doing so. To do so, they must establish the "good cause" showing required by PTO No. 49 and Federal Rule 16.

## LAW AND ARGUMENT

**1.    Federal Rule 16 and the "good cause" standard apply here.**

Federal Rule 16(b) "governs amendment of pleadings after a scheduling order has expired."[9] Additionally, Rule 16(b) provides that once a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent." The Fifth Circuit has made clear that the "good cause" standard requires that the party "seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."[10]

The Fifth Circuit has provided four factors to determine whether "good cause" exists: (1) the explanation offered about why the party failed to timely move for

---

[8] *See* Rec. Doc. No. 14779 (PTO 68).

[9] *S & W Enterprises, L.L.C. v. SW Bank of Alabama, NA*, 315 F. 3d 533, 536 (5th Cir. 2003).

[10] *Id.* at 535 (citations omitted).

leave; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.[11]

As discussed above, this Court has entered various orders setting deadlines for amendments and filing matched complaints. Although styled as Pretrial Orders, those orders constitute scheduling orders and the Court should apply a Rule 16 "good cause" analysis to the plaintiffs' motion.[12] The plaintiffs' burden is to show that "good cause" exists to permit them to file an amended complaint after all deadlines for doing so have expired.

### 2. Plaintiffs have not established "good cause" to extend their deadline for matching and filing the proposed amended complaints.

Similar to other motions for leave, these plaintiffs allege that they only recently learned that they had sued the wrong defendant in their initial complaints.[13] They don't explain or offer any details about when they learned this information or why they waited more than two years after filing their original complaints to file the proposed amendment. Moreover, they did not submit any affidavits to support their position. For the reasons discussed below, they have not established "good cause" to extend their deadline to file the proposed amendments.

---

[11] *Id.*

[12] In a ruling on a similar motion filed by other plaintiffs, the Court has already recognized that this situation implicates Rule 16. *See* Rec. Doc. No. 22999, p. 4 ("Under these circumstances, the Court finds that Rule 16 is applicable here. Thus, plaintiffs must clear the hurdle of establishing good cause under Rule 16 before the standard of Rule 15 will apply."). It is important to note that the Court also incorporated the "good cause" standard by using that phrase in PTO No. 49. *See* Rec. Doc. No. 8908.

[13] Rec. Doc. No. 24006-1, p. 1.

It is important to note that the plaintiffs have known since *at least* May 19, 2008, that Thor Industries, one of the defendants they originally named, is not a proper manufacturer defendant. On that date, the Plaintiffs' Liaison Counsel filed a Notice of Voluntary Dismissal under Rule 41(a).[14] They attached to that filing an affidavit from Walter Bennett, a Thor Industries officer who stated that (a) Thor Industries was simply a parent corporation and (b) Thor Industries had never designed, manufactured or distributed any products, including the recreational vehicles at issue in this litigation.[15]

Other filings and submissions have put the plaintiffs on notice that Thor Industries is not a correct defendant. Among them, Thor Industries filed a preservation of defenses list which noted this. Thor Industries also submitted a Defendant Profile Form which clearly stated that "Thor Industries, Inc. is not a manufacturer of travel trailers or park model trailers and is not a proper defendant in the litigation."[16] The Defendant Profile Sheet also notified the plaintiffs that because it was not a manufacturer, Thor Industries did not have a VIN number associated with its products.[17]

The plaintiffs also received a Defendant Profile Form for Dutchmen and Thor

---

[14] Rec. Doc. No. 198 (filed 5/19/2008). This Notice dismissed Thor Industries, Inc. from the Plaintiffs' Master Complaint. Despite this filing, plaintiffs continued to file complaints against Thor Industries.

[15] Rec. Doc. No. 198-1.

[16] *See* Exhibit 2 attached to this memorandum, p. 3 (June 11, 2010 Defendant Profile Form).

[17] *Id.*

California. These forms each clearly identified the VIN numbers for each defendant and the method for "decoding" those numbers.[18] Based solely on these forms, the plaintiffs knew or should have known that they sued the wrong defendants. Yet, despite receiving these forms in June 2010, the plaintiffs still waited until December 30, 2011 to file their proposed amendment.

Putting aside what the plaintiffs knew or should have known, the following points illustrate that the plaintiffs have not established "good cause" to permit their amendment:

(a) The plaintiffs provided no explanation as to why they seek the proposed amendment. They did not offer any detail as to why they failed to match their complaints within the deadlines for doing so. All they allege is that they recently learned from Plaintiffs Liaison Counsel that they sued the wrong defendant. They do not explain what information they learned, when they learned it and what steps they took after learning the information. With any factual information, there is simply no "explanation" for the Court to evaluate under the Fifth Circuit's first factor for good cause. Moreover, the plaintiffs have not described any exigent or equitable circumstances that *might* provide a basis for the proposed amendment.

(b) Admittedly, the second factor, the "importance" of the amendment *might* weigh in favor of the plaintiffs, although the plaintiffs have not

---

[18] *See* Exhibits 3 and 4 attached to this memorandum (Defendant Profile Forms for Dutchmen and Thor California).

      argued or explained how that could be the case. If they are not permitted to amend their complaint, their claims against the correct defendant (Dutchmen, according to the plaintiffs) will likely be barred. But, as the Court has noted in response to a similar motion filed by another plaintiff, the second factor by itself is not dispositive. If the other factors weigh heavily against the plaintiffs, as they do here, the Court should not allow the proposed amendments.[19]

(c)    The third and fourth factors weigh very heavily against the proposed amendment. The potential prejudice to the defendants is clear and substantial. Until filing this motion, years after this MDL was created, the plaintiffs never properly identified themselves as having lived in a Dutchmen-manufactured unit. As the Court has previously noted, it has "taken nearly four years to reach a point where the cases in this MDL are ready to proceed beyond the matching issue toward resolution."[20] The Court should not be required to reopen the entire matching process. Doing so would harm those plaintiffs who have been properly matched and delay the proceedings for all parties—defendants and plaintiffs. The Court should not permit that to happen.

The Court has already considered and denied a similar motion filed by

---

[19] *See* Rec. Doc. No. 22999, p. 5.

[20] *Id.*

another plaintiff. That plaintiff, Corey Carter, initially filed his claims in an unmatched complaint against Gulf Stream and other defendants. Then, approximately 18 months after his matching deadline, the plaintiff filed a motion for leave and sought to add himself into a matched complaint against Forest River.[21] Forest River opposed the motion and the Court denied it, finding that the plaintiff had missed his opportunity to file a matching complaint and offered no legitimate reason why the Court should extend the deadline.[22] The Court's rationale should be applied here.

### 3. The plaintiffs are not entitled to relief under Federal Rule 15.

Additionally, if the Court evaluates the plaintiffs' motion under Rule 15(a), as suggested by the plaintiffs, the Court should still deny their motion. This is because the Court may evaluate "undue delay [and] undue prejudice" as part of a request for amendments under Rule 15.[23] The Court should also evaluate whether the "moving party failed to take advantage of earlier opportunities to amend."[24] At a certain point, the "time delay on a part of a plaintiff can be procedurally fatal."[25] Here, the plaintiffs have not explained why they delayed filing their proposed

---

[21] *See* Rec. Doc. No. 22336 (Plaintiff Corey Carter's Motion for Leave to File Amended Complaint).

[22] Rec. Doc. No. 22999 (September 27, 2011 ruling).

[23] *Whitaker v. City of Houston*, 963 F. 2d 831, 836 (5th Cir. 1992) (citation omitted).

[24] *Lozano v. Ocwen Fed. Bank, FSB,* 489 F.3d 636, 644 (5th Cir. 2007).

[25] *Id.*

amendments. They have been on notice since at least May 2008 that they sued the wrong defendant and have not taken any steps to amend. Permitting the plaintiffs to amend at this stage of the process would both delay the proceedings and prejudice the Defendants.

## Conclusion

For the reasons explained in this memorandum, the Court should deny the motion filed by the above-referenced plaintiffs.

Respectfully submitted,

*s/ Ryan E. Johnson*
_____
James C. Percy (La. Bar No. 10413)
Ryan E. Johnson (La. Bar No. 26352)
**JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**
Four United Plaza
8555 United Plaza Boulevard
Baton Rouge, LA 70809
Telephone: (225) 248-2080
Facsimile: (225) 248-3080
 -and-
Madeleine Fischer (La. Bar No. 5575)
**JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**
201 St. Charles Avenue, 49th floor
New Orleans, LA 70170
Telephone: (504) 582-8000
Facsimile: (504) 589-8208

*Counsel for Defendants Dutchmen Manufacturing, Inc., Thor Industries, Inc., and Thor California, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I filed a copy of the foregoing pleading through the Court's CM/ECF system and that a copy of that pleading will be served on liaison counsel through that same system.

Baton Rouge, Louisiana, this 17th day of January, 2012.

*s/Ryan E. Johnson*
_____
Ryan E. Johnson