UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER<br>      FORMALDEHYDE PRODUCTS<br>      LIABILITY LITIGATION | MDL NO. 1873 |
| **This document relates to:** | JUDGE ENGELHARDT |
| *Early*, No. 09-8570<br>*Duet*, No. 09-8567<br>*Krause*, No. 10-2489<br>*Adams*, No. 09-8566 | MAG. JUDGE CHASEZ |

**MEMORANDUM IN OPPOSITION TO MOTION
FOR LEAVE TO AMEND COMPLAINT AND SUBSTITUTE A PARTY**

Defendants Thor Industries, Inc. ("Thor Industries") and Thor California, Inc. ("Thor California") submit this memorandum in opposition to the Plaintiffs' Motion for Leave to File Amended Complaint and Substitute a Party.[1] For the reasons explained below, the Court should deny this motion.

SUMMARY OF ARGUMENT

This motion is another one of dozens filed by plaintiffs who failed to comply with the Court's matching deadlines. Now, well after they filed suit and their deadlines to match, the plaintiffs here seek to amend their complaint and change

---

[1] *See* Rec. Doc. No. 24001.

the defendants from Thor Industries to Thor California, Inc.[2] The Court should deny the plaintiffs' motions for a number of reasons.

Despite their arguments, none of the plaintiffs should have experienced confusion regarding the defendants' VIN numbers. Each of the defendants provided plaintiffs with the required "Defendant Profile Form" describing their VIN numbers and the method to understand them. Yet, the plaintiffs still claim confusion and blame FEMA and a FEMA spreadsheet related to a VIN prefix associated with Dutchmen. A careful review of the spreadsheet shows that it does not support the plaintiffs' position or explain why they first sued Thor Industries instead of the correct defendant.

More importantly, the plaintiffs have not provided basic information such as what steps they have taken since they filed suit to confirm the correct defendant for their claims, including what they did with the FEMA spreadsheet and the Defendant Profile forms for Dutchmen, Thor California and Thor Industries. The plaintiffs simply have not shown "good cause" sufficient to extend their deadlines to file amended complaints, and the Court should deny the plaintiffs' motion.

## FACTUAL BACKGROUND

The plaintiffs filed their original claims in four different lawsuits as follows:

---

[2] The plaintiffs' motion and supporting memorandum both state that the plaintiffs originally sued Thor Industries, Inc. <u>and</u> Thor California. Rec. Doc. No. 24001 and 24001-1, p. 1. This is not correct. None of the complaints in the actions referenced above named Thor California; plaintiffs all sued Thor Industries and seek to name Thor California through the proposed amendments.

| Suit Name | Suit No. | Filed |
|---|---|---|
| *Early* | 09-8570 | 12/29/2009 |
| *Duet* | 09-8567 | 12/29/2009 |
| *Krause* | 10-2489 | 08/20/2010 |
| *Adams* | 09-8566 | 12/29/2009 |

Originally, the plaintiffs alleged, without any hesitation or uncertainty, that they lived in travel trailer units manufactured by Thor Industries.[3]

In their pending motion, plaintiffs now allege, with equal certainty, that the correct defendant for their claims is Thor California.[4] The plaintiffs state that "it has become apparent that Thor California, Inc.…another subsidiary of Thor Industries, Inc., should be substituted in place of Thor Industries, Inc."[5] Plaintiffs do not explain how, when or why it has "become apparent" to them that Thor California the correct defendant manufacturer.

Effectively admitting their matching efforts are beyond the Court's deadlines, the plaintiffs attempt to explain their tardiness by attaching an excerpt of a spreadsheet provided by FEMA that contains matching information for the VIN prefix "47CT," a number used by Dutchmen for its travel trailers.[6] The plaintiffs

---

[3] *See* Complaints, *Early*, No. 09-8570, Paragraphs 13, 21, and 24; *Duet*, No. 09-8567, Paragraphs 13, 21 and 24; *Krause*, No. 10-2489, Paragraphs 13, 21 and 24; *Adams*, No. 09-8566, Paragraphs 13, 21, and 24.

[4] Rec. Doc. No. 24001-1, p 1.

[5] *Id*.

[6] Rec. Doc. No. 24001-8.

knew or should have known from the Defendants' Profile Forms that this is not the number associated with Thor California which has a VIN prefix "4XT." The plaintiffs apparently rely on the FEMA spreadsheet to justify their belated attempt to file amended complaints.

The Court is very familiar with the matching process and its Pretrial orders related to it. For sake of brevity, the following points are relevant to the matching process for these plaintiffs:

- The Court placed the initial responsibility on plaintiffs to identify and name the correct manufacturer(s) for his or her housing unit. *See* Rec. Doc. No. 1596 (PTO 38).

- For complaints filed or transferred to the Eastern District <u>before</u> December 9, 2009, the deadline for matching was December 29, 2009. *See* Rec. Doc. No. 8909 (PTO 49).

- For complaints filed or transferred <u>after</u> December 9, 2009, the deadline for matching was within 45 days of the date of filing the particular complaint. *See* Rec. Doc. No. 8909 (PTO 49).

- Pre-Trial Order No. 49 provided that the matching deadlines would be extended only for "good cause" shown.

- The Court also permitted certain plaintiffs who complied with the "last chance" matching process to file amended/matched complaints by August 2, 2010. *See* Rec. Doc. No. 14779 (PTO 68).

The plaintiffs in *Early*, *Duet*, and *Adams* each filed their complaints on December

29, 2009. Under PTO 49, their deadline for filing matching complaints was February 12, 2010. The plaintiffs in *Krause* filed their complaint on August 20, 2010 and their matching deadline was October 4, 2010. Apparently, none of these plaintiffs took advantage of the "last chance" matching process, and, thus, none of the plaintiffs have met their matching deadlines under PTO 49 or 68.

The plaintiffs apparently do not disagree—they have not asserted their proposed amendments are timely. Instead, they seek leave to file the amendments after the relevant deadlines for doing so. To do so, they must establish the "good cause" showing required by PTO No. 49 and Federal Rule 16.

## LAW AND ARGUMENT

1. **Federal Rule 16 and the "good cause" standard apply here.**

Federal Rule 16(b) "governs amendment of pleadings after a scheduling order has expired."[7] Additionally, Rule 16(b) provides that once a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent." The Fifth Circuit has made clear that the "good cause" standard requires that the party "seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."[8]

The Fifth Circuit has provided four factors to determine whether "good cause" exists: (1) the explanation offered about why the party failed to timely move for leave; (2) the importance of the amendment; (3) the potential prejudice in allowing

---

[7] *S & W Enterprises, L.L.C. v. SW Bank of Alabama, NA*, 315 F. 3d 533, 536 (5th Cir. 2003).

[8] *Id*. at 535 (citations omitted).

the amendment; and (4) the availability of a continuance to cure such prejudice.[9]

As discussed above, this Court has entered various orders setting deadlines for amendments and filing matched complaints. Although styled as Pretrial Orders, those orders constitute scheduling orders and the Court should apply a Rule 16 "good cause" analysis to the plaintiffs' motion.[10] The plaintiffs' burden is to show that "good cause" exists to permit them to file an amended complaint after all deadlines for doing so have expired.

**2.      Plaintiffs have not established "good cause" to extend their deadline for matching and filing the proposed amended complaints.**

Similar to other motions for leave, these plaintiffs simply state that it "has become apparent" that they sued the wrong defendant in their initial complaints. They don't explain or offer any details about when they learned this information or why they waited an extended period of time to file the proposed amendments. Moreover, they did not submit any affidavits to support their position. For the reasons discussed below, they have not established "good cause" to extend their deadline to file the proposed amendments.

---

[9] *Id.*

[10] In a ruling on a similar motion filed by other plaintiffs, the Court has already recognized that this situation implicates Rule 16. *See* Rec. Doc. No. 22999, p. 4 ("Under these circumstances, the Court finds that Rule 16 is applicable here. Thus, plaintiffs must clear the hurdle of establishing good cause under Rule 16 before the standard of Rule 15 will apply."). It is important to note that the Court also incorporated the "good cause" standard by using that phrase in PTO No. 49. *See* Rec. Doc. No. 8908.

> **a.   The plaintiffs have known, for at least two years, which VIN numbers correspond with Thor California and Dutchmen and how to "decode" those VIN numbers. They have also known that Thor Industries is not a manufacturer and has no VIN.**

In their motion, plaintiffs complain about confusion with the VIN numbers associated with Thor California, Dutchmen and other subsidiary companies owned by Thor Industries. There should be no confusion. At the request of the parties, primarily plaintiffs, the Court entered an order requiring each defendant to provide a "Defendant Profile Form" which identified the VIN number associated with each Defendant and the method for "decoding" each manufacturer's VIN.[11] The profile form was intended to address the plaintiffs' concerns and confusion about the defendants' VIN numbering system.

Dutchmen and Thor California each provided a profile form which clearly identified their respective VIN numbers. In addition, Thor Industries provided a profile form which clearly said (a) Thor Industries was not a manufacturer of any products, including travel trailers; and (b) there was no VIN number associated with Thor Industries.[12] Therefore, armed with this information, the plaintiffs knew or should have known exactly what information they needed to properly match their claims and name the correct defendants. They simply did not do so.

---

[11] Rec. Doc. No. 14069 (Motion) and 14097 (May 13, 2010 Order).

[12] The Defendants have attached a copy of the relevant profile forms as Exhibits 1, 2 and 3 to this memorandum. They have omitted Attachment A to those forms, which are copies of insurance policies already provided to the plaintiffs. Those policies are not relevant to the current motion and have been marked "Confidential" pursuant to the Court's protective order.

### b. The VIN information and spreadsheet provided by FEMA does not explain or justify the plaintiffs' failure to name the correct defendants.

Unlike many other motions for leave, the plaintiffs here attempt to blame their delay on confusion caused by "matching" information provided by FEMA. As discussed above, the plaintiffs and their counsel should not have been confused because the defendants themselves provided information concerning their VIN numbers.

The plaintiffs contend information provided by FEMA about the VIN prefix "47CT" (the Dutchmen prefix) caused them to name Thor Industries as defendants, rather than Thor California.[13] The plaintiffs attached a portion of a spreadsheet provided by FEMA as support for their position.[14] They did not identify when they received the spreadsheet or what steps they took to verify the information in the sheet. Moreover, they don't explain how a prefix associated with Dutchmen, not alleged to be the original or new defendant in any of the lawsuits referenced above, justifies their proposed amendments.

Regardless of when they got it or what they did with it, the FEMA spreadsheet does not support the plaintiffs' position for a number of reasons:

- The plaintiffs knew or should have known, as early as May 19, 2008, that Thor Industries was not a manufacturer, and thus, not a proper

---

[13] Rec. Doc. No. 24001, p. 1-2.

[14] Rec. Doc. No. 24001-8.

- defendant for their claims.[15]

- The defendants' profile forms provided first-hand information regarding the proper VIN number for each defendant, regardless of what information (correct or otherwise) FEMA's spreadsheet provided.

- Plaintiffs have <u>not</u> demonstrated that FEMA provided mistaken matching information <u>as to their</u> units. In other words, they have not shown that FEMA gave them an incorrect name for their specific VIN number, leading them to believe that their unit was a Thor Industries unit, rather than a Thor California unit.

- It appears that plaintiffs mistakenly named Thor Industries based, in part, on percentages provided in the FEMA matching spreadsheet. The plaintiffs have not cited any authority that permitted them to make a "guess" about the proper defendant based on the percentages of units and corresponding VIN numbers provided by FEMA.

- The VIN number related to the FEMA matching information (47CT) is not associated with Thor California. It relates to Dutchmen.

c. **The plaintiffs' motion comes up short and does not establish the "good cause" factors under Rule 16.**

The following additional points illustrate that the plaintiffs cannot prevail in a "good cause" analysis:

(a) Other than citing the FEMA spreadsheet information, the plaintiffs

---

[15] Rec. Doc. No. 198 (Notice of Voluntary Dismissal of Thor Industries and related Affidavit).

provided no explanation as to why they seek the proposed amendments. They did not offer any detail as to why they failed to match their complaints within the deadlines for doing so. Moreover, they failed to explain or address the Defendant Profile sheet and the information they received about the Defendants' VIN numbers. Without any factual information, there is simply no "explanation" for the Court to evaluate under the Fifth Circuit's first factor for good cause. Moreover, the plaintiffs have not described any exigent or equitable circumstances that *might* provide a basis for the proposed amendment.

(b) Admittedly, the second factor, the "importance" of the amendment *might* weigh in favor of the plaintiffs, although the plaintiffs have not argued or explained how that could be the case. If they are not permitted to amend their complaint, their claims against the correct defendant (Thor California, according to the plaintiffs) will likely be barred. But, as the Court has noted in response to a similar motion filed by another plaintiff, the second factor by itself is not dispositive. If the other factors weigh heavily against the plaintiffs, as they do here, the Court should not allow the proposed amendments.[16]

(c) The third and fourth factors weigh very heavily against the proposed amendment. The potential prejudice to the defendants is clear and

---

[16] *See* Rec. Doc. No. 22999, p. 5.

substantial.  Until filing this motion, years after this MDL was created, the plaintiffs never identified themselves as having lived in a Thor California-manufactured unit.  As the Court has previously noted, it has "taken nearly four years to reach a point where the cases in this MDL are ready to proceed beyond the matching issue toward resolution."[17]  The Court should not be required to reopen the entire matching process.  Doing so would harm those plaintiffs who have been properly matched and delay the proceedings for all parties—defendants and plaintiffs.  The Court should not permit that to happen.

Additionally, the plaintiffs argue that they should be allowed to file the proposed amendments because: (a) Thor California is part of the "Thor Group" with Thor Industries and other companies; (b) Thor California, Thor Industries and other companies are both represented by the same counsel; and (c) that both companies are insured under the same insurance policy.  Plaintiffs offer no legal authority to support these statements or show why they establish "good cause."

The Court should note that there is no "Thor Group."  This term, coined by the plaintiffs' counsel, is apparently a reference to the fact that Thor California, Inc. and other companies are subsidiary companies owned by Thor Industries, Inc.  As the Court is aware, Thor Industries, Inc. is not a manufacturer of travel trailers and

---

[17] *Id.*

has been improperly named as a defendant in this MDL.[18]

That Thor California and other companies such as Dutchmen might each be subsidiaries owned by the same parent company does not help the plaintiffs' argument. As the Fifth Circuit has noted in various contexts, subsidiary companies and their parent corporations are treated as separate and distinct corporate entities.[19] It would be improper to find, as plaintiffs ask the Court to do, that a suit against one subsidiary corporation should be treated as suit against all of them. The Defendants are not aware of any case law supporting this position and plaintiffs have not cited any.

Likewise, the fact that Thor California, Dutchmen and Thor Industries are represented by the same counsel or insured by the same policies does not make the proposed amendments proper. The plaintiffs have not cited any cases that show common representation or overlapping insurance is a factor that the Court should consider under the "good cause" analysis required by Rule 16.

The plaintiffs also try to pin the blame for their late filing on the defendants. In their memorandum, plaintiffs contend that they provided defense counsel with

---

[18] *See* Rec. Doc. No. 3421 (Thor Industries, Inc. Preservation of Defenses), Affirmative Defense No. 13 and Rec. Doc. No. 198 (Dismissal of Thor Industries, Inc. from Master Complaint).

[19] *See In re Ark-La-Tex Timber Co., Inc.*, 482 F. 3d 319 (5th Cir. 2007)(Fifth Circuit recognized general principle that corporate entities treated as distinct from each other, absent some reason to disregard that separateness such as fraud or criminal conduct). *See also Dixon Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331 (5th Cir. 1999)(Fifth Circuit, addressing questions of minimum contacts for jurisdictional analysis, recognized that related corporate entities, such as parents and subsidiaries, are treated as distinct from each other).

"Vehicle Identification Numbers (VIN numbers) in the Plaintiffs' Fact Sheets" and "[b]ecause a PFS with a VIN that matched a Thor CA unit was provided to counsel for the Thor Group, Thor CA will not be prejudiced by the additional movants as Plaintiffs."[20]  Neither of these statements is incorrect.

The fact sheets for each of the *lead* plaintiffs in the suits referenced above contain VIN numbers starting the "47CT," the prefix associated with Dutchmen.[21] None of the fact sheets contain Thor California VIN numbers or the name Thor California.

The Court has already considered and denied a similar motion filed by another plaintiff.  That plaintiff, Corey Carter, initially filed his claims in an unmatched complaint against Gulf Stream and other defendants.   Then, approximately 18 months after his matching deadline, the plaintiff filed a motion for leave and sought to add himself into a matched complaint against Forest River.[22]  Forest River opposed the motion and the Court denied it, finding that the plaintiff had missed his opportunity to file a matching complaint and offered no

---

[20] Rec. Doc. 24001-1, p. 5.

[21] For example, John Early, the lead plaintiff in *Early v. Thor Industries, Inc.*, submitted an errata sheet listing a VIN number starting with "47CT."  Similarly, the original and amended fact sheets for Jim Krause (*Krause v. Thor Industries, Inc.*) each have a VIN that starts with the "47CT" prefix.   Doris Adams's "cured" fact sheet also contains a VIN with a "47CT" prefix.  *See* Exhibit "4" (Copies of plaintiff fact sheets showing "47CT" VIN prefix).   The Defendants cannot locate a fact sheet for Plaintiff Collin Duet.

[22] *See* Rec. Doc. No. 22336 (Plaintiff Corey Carter's Motion for Leave to File Amended Complaint).

legitimate reason why the Court should extend the deadline.[23]  The Court's rationale should be applied here.

3.    **The plaintiffs are not entitled to relief under Federal Rule 15.**

Additionally, if the Court evaluates the plaintiffs' motion under Rule 15(a), as suggested by the plaintiffs, the Court should still deny their motion.  This is because the Court may evaluate "undue delay [and] undue prejudice" as part of a request for amendments under Rule 15.[24]  The Court should also evaluate whether the "moving party failed to take advantage of earlier opportunities to amend."[25]  At a certain point, the "time delay on a part of a plaintiff can be procedurally fatal."[26]  Here, the plaintiffs have not explained why they delayed filing their proposed amendments.  They have been on notice since at least May 2008 that they sued the wrong defendants and have not taken any steps to amend.   Permitting the plaintiffs to amend at this stage of the process would both delay the proceedings and prejudice the Defendants.

## Conclusion

For the reasons explained in this memorandum, the Court should deny the motion filed by the above-referenced plaintiffs.

---

[23] Rec. Doc. No. 22999 (September 27, 2011 ruling).

[24] *Whitaker v. City of Houston*, 963 F. 2d 831, 836 (5th Cir. 1992) (citation omitted).

[25] *Lozano v. Ocwen Fed. Bank, FSB,* 489 F.3d 636, 644 (5th Cir. 2007).

[26] *Id.*

Respectfully submitted,

*s/ Ryan E. Johnson*

_____
James C. Percy (La. Bar No. 10413)
Ryan E. Johnson (La. Bar No. 26352)
**JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**
Four United Plaza
8555 United Plaza Boulevard
Baton Rouge, LA  70809
Telephone: (225) 248-2080
Facsimile:  (225) 248-3080
    -and-
Madeleine Fischer (La. Bar No. 5575)
**JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**
201 St. Charles Avenue, 49th floor
New Orleans, LA   70170
Telephone:  (504) 582-8000
Facsimile:  (504) 589-8208


*Counsel for Defendants Dutchmen Manufacturing, Inc., Thor Industries, Inc. and Thor California, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I filed a copy of the foregoing pleading through the Court's CM/ECF system and that a copy of that pleading will be served on liaison counsel through that same system.

Baton Rouge, Louisiana, this 17th day of January, 2012.

*s/Ryan E. Johnson*

_____
Ryan E. Johnson