UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION | MDL NO. 1873 |
| This document relates to: | JUDGE ENGELHARDT |
| *Early*, No. 09-8570 | MAG. JUDGE CHASEZ |
| Plaintiff:  Marilyn Richardson | |

**MEMORANDUM IN OPPOSITION TO MOTION
FOR LEAVE TO AMEND TO ADD PLAINTIFFS**

Defendant Thor Industries, Inc. ("Thor Industries") submits this memorandum in opposition to the Plaintiffs' Motion for Leave to File Second Supplemental and Amended Complaint.[1]  The purpose of the proposed amendment is to add a plaintiff, Marilyn Richardson, into the existing suit and assert claims against Thor Industries, Inc.[2]  For the reasons explained below, the Court should

---

[1] Rec. Doc. No. 24007.

[2] Richardson filed her motion and proposed amendment on December 30, 2011.  This appears inconsistent with another motion for leave to amend filed on December 29, 2011, in which all plaintiffs in the above-referenced suit (*Early*, No. 09-8570) alleged that Thor Industries was not the correct defendant. *See* Rec. Doc. No. 24001.  The defendants have opposed that motion, as well as the instant motion.

{B0770804.1}   Page 1

deny this motion.

## SUMMARY OF ARGUMENT

The current motion is one of dozens filed by plaintiffs who failed to comply with the Court's matching deadlines.  Plaintiff Marilyn Richardson originally asserted her claims against a different defendant in *Tolliver v. Forest River*.  Now, almost two years after her matching deadline has expired, the plaintiff seeks to amend the complaint in the suit referenced above to add her claims.  She has not offered any explanation or supporting proof to show why the Court should extend her matching deadline and allow her to add her claims to the existing lawsuit.  Thus, the plaintiff has not satisfied the "good cause" standard under Rule 16, and the Court should deny her motion.

## FACTUAL BACKGROUND

Plaintiff Marilyn Richardson seeks leave to amend the *Early* lawsuit and add herself as a plaintiff with claims against Thor Industries.[3]  Plaintiff originally asserted her claims against defendant Forest River in a suit entitled *Tolliver v. Forest River, et al*, No. 09-8635.   The plaintiffs there, including Ms. Richardson, filed that complaint on December 29, 2009.  Without any hesitation or uncertainty, Ms. Richardson alleged that Forest River was the correct defendant for her claims. lived in units manufactured by Thor Industries, Inc.[4]

---

[3] This request is inconsistent with a motion filed the day before Ms. Richardson's motion in which all plaintiffs alleged that Thor Industries was <u>not</u> the correct defendant.  *See* footnote 2, above.  As explained in other pleadings, Thor Industries is not a proper defendant for plaintiff's claims.  *See* Rec. Doc. No. 198.

[4] *See* Complaint, Suit No. 09-8635, Paragraphs 14, 22 and 24.

Ms. Richardson now alleges that the correct defendant is Thor Industries. She does not offer any explanation or support for the statement, however. Instead, she simply states that "a review of documents and materials available to Plaintiffs now show that Plaintiff Marilyn Richardson, was erroneously placed in the Tolliver suit and is now able to be matched to Thor Industries, Inc."[5]  Ms. Richardson did not identify or supply the "documents and materials" recently made available to her.  Likewise she did not attach any affidavits or documents to support her motion.

The Court is very familiar with the matching process and its Pretrial orders related to it.  For sake of brevity, the following points are relevant to the matching process for these plaintiffs:

- The Court placed the initial responsibility on plaintiffs to identify and name the correct manufacturer(s) for his or her housing unit.  *See* Rec. Doc. No. 1596 (PTO 38).

- For complaints filed or transferred to the Eastern District <u>before</u> December 9, 2009, the deadline for matching was December 29, 2009.  *See* Rec. Doc. No. 8909 (PTO 49).

- For complaints filed or transferred <u>after</u> December 9, 2009, the deadline for matching was within 45 days of the date of filing the particular complaint.  *See* Rec. Doc. No. 8909 (PTO 49).

- Pre-Trial Order No. 49 provided that the matching deadlines would be extended only for "good cause" shown.

---

[5] Rec. Doc. No. 24007-1, p. 2.

➢ The Court also permitted certain plaintiffs who complied with the "last chance" matching process to file amended/matched complaints by August 2, 2010. *See* Rec. Doc. No. 14779 (PTO 68).

Ms. Richardson filed her original claims on December 29, 2009. Thus, under PTO No. 49, her deadline for matching was within 45 days of the date of filing the complaint: February 12, 2010. And assuming the plaintiff qualified under the "last chance" matching process under PTO No. 68, she should have filed an appropriate motion by August 2, 2010.[6] Therefore, by all accounts, Ms. Richardson missed her matching deadlines under PTO 49 or 68.

Ms. Richardson apparently does not disagree—she has not asserted her proposed amendment is timely. Instead, she seeks leave to file her amendment after the relevant deadlines for doing so. To do so, Ms. Richardson must establish the "good cause" showing required by PTO No. 49 and Federal Rule 16. As explained below, she has not made that showing.

## LAW AND ARGUMENT

Federal Rule 16(b) "governs amendment of pleadings after a scheduling order has expired."[7] Additionally, Rule 16(b) provides that once a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent." The Fifth Circuit has made clear that the "good cause" standard requires that the party "seeking relief to show that the deadlines cannot reasonably be met despite

---

[6] *See* Rec. Doc. No. 14779 (PTO 68).

[7] *S & W Enterprises, L.L.C. v. Sw Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003).

the diligence of the party needing the extension."[8]

The Fifth Circuit has provided four factors to determine whether "good cause" exists: (1) the explanation offered about why the party failed to timely move for leave; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.[9]

As discussed above, the Court has entered various orders setting deadlines for amendments and filing matched complaints. Although styled as Pretrial Orders, those orders constitute scheduling orders and the Court should apply a Rule 16 "good cause" analysis to the plaintiffs' motion.[10] The plaintiff's burden is to show that "good cause" exists to permit them to file an amended complaint after all deadlines for doing so have expired.

The plaintiff has not made a serious attempt to explain why "good cause" exists to allow the proposed amendment. In her supporting memorandum, Ms. Richardson plainly states that it has "become apparent" she named the wrong defendant.[11] Tellingly, Richardson did not offer any explanation or submit any

---

[8] *Id*. at 535 (citations omitted).

[9] *Id.*

[10] In a ruling on a similar motion filed by other plaintiffs, the Court has already recognized that this situation implicates Rule 16. *See* Rec. Doc. No. 22999, p. 4 ("Under these circumstances, the Court finds that Rule 16 is applicable here. Thus, plaintiffs must clear the hurdle of establishing good cause under Rule 16 before the standard of Rule 15 will apply."). It is important to note that the Court also incorporated the "good cause" standard by using that phrase in PTO No. 49. *See* Rec. Doc. No. 8908.

[11] Rec. Doc. No. 24007-2, p. 2.

documents to support this statement.

In addition, Ms. Richardson has not offered any explanation for the seemingly inconsistent statements in her motion, which assert that Thor Industries is the correct defendant and the motion filed by all plaintiffs in the Early v. Thor Industries, Inc. suit, who alleged that Thor Industries is <u>not</u> the correct defendant for their claims.[12]

Putting aside the plaintiff's unsupported and inconsistent statements, the Rule 16 "good cause" factors do not weigh in her favor. The following points illustrate this:

(a) The plaintiff's supposed "explanation" isn't an explanation at all. She does not offer any detail as to why she failed to match her complaints within the deadlines for doing so. With any factual information, there is simply no "explanation" for the Court to evaluate under the Fifth Circuit's first factor for good cause. Moreover, the plaintiff has not described any exigent or equitable circumstances that *might* provide a basis for the proposed amendment.

(b) Admittedly, the second factor, the "importance" of the amendment weighs in favor of the plaintiff. If they are not permitted to join the above-referenced suit, Ms. Richardson's claims may be barred. But as the Court has noted in response to a similar motion filed by another plaintiff, the second factor by itself is not dispositive. If the other

---

[12] This inconsistency is discussed more fully at footnote 2, above.

factors weigh heavily against the plaintiff, as they do here, the Court should not allow the proposed amendment.[13]

(c) The third and fourth factors weigh very heavily against the proposed amendment. The potential prejudice to the defendants is clear and substantial. Until filing this motion, years after this MDL was created, the plaintiff never identified herself as having lived in a unit allegedly manufactured by Thor Industries. Just the opposite, she alleged with certainty (and subject to Rule 11 sanctions) that her unit was manufactured by Forest River. She is now changing her story. As the Court has previously noted, it has "taken nearly four years to reach a point where the cases in this MDL are ready to proceed beyond the matching issue toward resolution."[14] The Court should not be required to reopen the entire matching process. Doing so would harm those plaintiffs who have been properly matched and delay the proceedings for all parties—defendants and plaintiffs. The Court should not permit that to happen.

Additionally, if the Court evaluates the plaintiffs' motion under Rule 15(a), which permits amendments when "justice so requires," the Court should still deny the motion. This is because the Court may evaluate "undue delay [and] undue

---

[13] *See* Rec. Doc. No. 22999, p. 5.

[14] *Id.*

prejudice" as part of a request for amendments under Rule 15.[15] The Court should also evaluate whether the "moving party failed to take advantage of earlier opportunities to amend."[16] At a certain point, the "time delay on a part of a plaintiff can be procedurally fatal."[17] Here, the plaintiff has not explained why she delayed filing their proposed amendments. In addition, for all the reasons discussed above, permitting the amendment and expansion of the matching process would cause undue delay and prejudice to the parties.

The Court has already considered and denied a similar motion filed by another plaintiff. That plaintiff, Corey Carter, initially filed his claims in an unmatched complaint against Gulf Stream and other defendants. Then, approximately 18 months after his matching deadline, the plaintiff filed a motion for leave and sought to add himself into a matched complaint against Forest River.[18] Forest River opposed the motion and the Court denied it, finding that the plaintiff had missed his opportunity to file a matching complaint and offered no legitimate reason why the Court should extend the deadline.[19] The Court's rationale should be applied here.

---

[15] *Whitaker v. City of Houston*, 963 F.2d 831, 836 (5th Cir. 1992) (citation omitted).

[16] *Lozano v. Ocwen Fed. Bank, FSB,* 489 F.3d 636, 644 (5th Cir. 2007).

[17] *Id*.

[18] *See* Rec. Doc. No. 22336 (Plaintiff Corey Carter's Motion for Leave to File Amended Complaint).

[19] Rec. Doc. No. 22999 (September 27, 2011 ruling).

Putting aside the Rule 15 and Rule 16 analysis, a more fundamental reason exists to deny the plaintiff's motion. Thor Industries, Inc., as explained over and over, is not a manufacturer and is not a proper defendant in this action. Ms. Richardson and her counsel knew or should have known this as early as May 19, 2008.

On that date, the plaintiffs' liaison counsel filed a Notice of Voluntary Dismissal, dismissing the Master Complaint's claims against Thor Industries, Inc.[20] The affidavit submitted with that notice stated that (a) Thor Industries is a parent corporation and (b) never manufactured travel trailers or any other types of housing units supplied by FEMA.[21] In addition, Thor Industries, Inc. provided the plaintiffs with a Defendant Profile Form which clearly said (a) Thor Industries was not a manufacturer of any products, including travel trailers; and (b) there was no VIN number associated with Thor Industries.[22] Thus, Ms. Richardson knows or should know that Thor Industries is not the proper defendant for her claims. Yet, she still filed the instant motion for leave.

## Conclusion

For the reasons explained in this memorandum, the Court should deny the

---

[20] Rec. Doc. No. 198.

[21] Rec. Doc. No. 198-1.

[22] The Defendant has attached a copy of the relevant profile forms as Exhibit 1 to this memorandum. It has omitted Attachment A to those forms, which are copies of insurance policies already provided to the plaintiffs. Those policies are not relevant to the current motion and have been marked "Confidential" pursuant to the Court's protective order.

motion filed by the plaintiff in the above-referenced suit.

                        Respectfully submitted,

                        *s/ Ryan E. Johnson*
                        _____
James C. Percy (La. Bar No. 10413)
Ryan E. Johnson (La. Bar No. 26352)
**JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**
Four United Plaza
8555 United Plaza Boulevard
Baton Rouge, LA  70809
Telephone: (225) 248-2080
Facsimile:  (225) 248-3080
      -and-
Madeleine Fischer (La. Bar No. 5575)
**JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**
201 St. Charles Avenue, 49th floor
New Orleans, LA   70170
Telephone:  (504) 582-8000
Facsimile:  (504) 589-8208

***Counsel for Defendant Thor Industries, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I filed a copy of the foregoing pleading through the Court's CM/ECF system and that a copy of that pleading will be served on liaison counsel through that same system.

Baton Rouge, Louisiana, this 17th day of January, 2012.

*s/Ryan E. Johnson*

_____
Ryan E. Johnson