# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER
       FORMALDEHYDE PRODUCTS
       LIABILITY LITIGATION

                                     MDL NO. 1873

**This document relates to:**

**Suit No. 09-5553**

                                     JUDGE ENGELHARDT

**Plaintiffs:**

                                     MAG. JUDGE CHASEZ

**Malacki Goodman, Alex Middleton**
**Sidney Middleton, Brandon Sibley,**
**LeDarius Sibley, Jamal Williams,**
**Micah Williams, Neoh Olyah Williams,**
**Tyrone William**

## MEMORANDUM IN OPPOSITION TO MOTION
## FOR LEAVE TO AMEND TO ADD PLAINTIFFS

Defendant Dutchmen Manufacturing, Inc. ("Dutchmen") submits this

memorandum in opposition to the two nearly identical motions for leave to file

amended complaints.[1]   For the reasons explained below, the Court should deny

---

[1] *See* Rec. Doc. No. 23860 (filed on 12/14/11) and 23935 (filed on 12/20/11).
The two motions and the proposed amended complaints relate to the same list of
plaintiffs (those referenced above).  It appears that in the first motion (23860), the
plaintiffs sought leave to file an amended complaint to add claims against
Dutchmen and incorrectly indicated the suit number as "09-410."  This suit number
is not correct and is apparently the number assigned by the Southern District of
Mississippi when the suit was originally filed.  Then, in the second motion, the very
same group of plaintiffs again sought to file an amended complaint to add claims
against Dutchmen, but this time used the correct suit number assigned by this

these motions.

## SUMMARY OF ARGUMENT

There a number of reasons why the Court should deny the plaintiffs' request for leave to amend.  The most basic is this—the Court dismissed the lawsuit referenced above, 09-5553, with prejudice, on January 19, 2011.  To the extent that plaintiffs attempt to amend their claims in that suit, there is simply no complaint or suit for the plaintiffs to amend or to which they can be added.  The Court should deny the plaintiffs' motion on this basis alone.

Putting aside the previous dismissal and assuming the plaintiffs could find a viable suit to amend, the plaintiffs' deadline to match is long-since passed.  They have not offered any explanation or supporting proof to show why the Court should extend their matching deadlines.

Equally important, the plaintiffs fail to disclose in their motion that they previously asserted claims in this very lawsuit against Dutchmen and then dismissed those claims in favor of matched claims against another defendant.  Now, well after all deadlines have expired, with no explanation or justification, the plaintiffs attempt to assert claims for a second time against Dutchmen.  The Court

---

Court after the case was transferred.  *See* Rec. Doc. No. 23935.  The confusion with the plaintiffs' second motion for leave doesn't stop here.   The plaintiffs filed their proposed amendment as a "Third Supplemental and Amending Complaint," (Rec. Doc. No. 23935-3), however the Court's docket sheet, apparently modified by the Clerk's Office, correctly notes that the proposed amendment is actually the seventh amendment filed in this particular action.  *See* Rec. Doc. Nos. 4363 (First Amendment, filed 10/01/09), Rec. Doc. No. 16714 (Second Amendment, filed 10/12/10), Rec. Doc. No. 16817 (Third Amendment filed 10/15/10), 16900 (Fourth Amendment, filed 10/15/10), Rec. Doc. No. 16901 (Fifth Amendment, filed 10/15/10), 16902 (Sixth Amendment, filed 10/15/10).

should not permit them to do so.

Putting aside all the past history, to extend their matching deadlines, the plaintiffs must establish "good cause" under Rule 16.  The plaintiffs have not done so and the Court should deny their motion.

## FACTUAL BACKGROUND

The plaintiffs listed above appeared to have filed their original claims in two different suits: *Chasley v. Dutchmen Manufacturing, Inc*., et al., 09-5553 and *Chasley v. Thor California, Inc*., et al., No. 09-5547.[2]   The above-listed plaintiffs dismissed their claims against Dutchmen on October 12, 2010.[3]

Then, three days later, the plaintiffs filed back-to-back amended complaints, asserting their claims against defendant Thor California, Inc.[4]   In each of the amended complaints, the plaintiffs asserted, without hesitation, that they "have now been matched to the above referenced manufacturer….," referring to a match with Thor California, Inc.[5]

Plaintiffs now allege, with equal certainty, that the correct defendant for their claims is Dutchmen Manufacturing, Inc.[6]  The plaintiffs state in their pending

---

[2] These suits were originally filed in the Southern District of Mississippi and transferred into the MDL.  When originally filed in Mississippi, they bore docket Nos. 09-410 and 09-404, respectively.

[3] Rec. Doc. No. 16714.

[4] Rec. Doc. No. 16901 and 16902.  Both amendments were filed on November 15, 2010.

[5] *Id*. at p. 1, Paragraph 1 of each document.

[6] Rec. Doc. No. 23935-1, p 1.

motion that they have "just been informed and become aware that the Plaintiffs listed herein should be in the above referenced lawsuit."[7]  Other than this conclusory statement, the plaintiffs offer no explanation for their most recent proposed amendment or the gymnastics their claims have gone through since being filed.

The Court is very familiar with the matching process and its Pretrial orders related to it.  For sake of brevity, the following points are relevant to the matching process for these plaintiffs:

➢ The Court placed the initial responsibility on plaintiffs to identify and name the correct manufacturer(s) for his or her housing unit.  *See* Rec. Doc. No. 1596 (PTO 38).

➢ For complaints filed or transferred to the Eastern District before December 9, 2009, the deadline for matching was December 29, 2009.  *See* Rec. Doc. No. 8909 (PTO 49).

➢ For complaints filed or transferred after December 9, 2009, the deadline for matching was within 45 days of the date of filing the particular complaint. *See* Rec. Doc. No.  8909 (PTO 49).

➢ Pre-Trial Order No. 49 provided that the matching deadlines would be extended only for "good cause" shown.

➢ The Court also permitted certain plaintiffs who complied with the "last chance" matching process to file amended/matched complaints by August 2,

---

[7] *Id.*

2010.  *See* Rec. Doc. No. 14779 (PTO 68).

The complaints at issue here were transferred to the Eastern District on August 17, 2009.  Thus, under PTO No. 49, their deadline for matching was December 29, 2009.  And assuming these plaintiffs qualified under the "last chance" matching process under PTO No. 68, they should have filed an appropriate motion by August 2, 2010.[8]  Therefore, by all accounts, these plaintiffs have failed to meet their matching deadlines under PTO 49 or 68.

The plaintiffs apparently do not disagree—they have not asserted their proposed amendments are timely.  Instead, they seek leave to file the amendments after the relevant deadlines for doing so.  To do so, assuming they are even permitted to file an amendment in this suit (which was dismissed on January 19, 2011), they must establish the "good cause" showing required by PTO No. 49 and Federal Rule 16.

## LAW AND ARGUMENT

Federal Rule 16(b) "governs amendment of pleadings after a scheduling order has expired."[9]  Additionally, Rule 16(b) provides that once a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent."  The Fifth Circuit has made clear that the "good cause" standard requires that the party "seeking relief to show that the deadlines cannot reasonably be met despite

---

[8] *See* Rec. Doc. No. 14779 (PTO 68).

[9] *S & W Enterprises, L.L.C. v. Sw Bank of Alabama, NA*, 315 F. 3d 533, 536 (5th Cir. 2003).

the diligence of the party needing the extension."[10]

The Fifth Circuit has provided four factors to determine whether "good cause" exists:  (1) the explanation offered about why the party failed to timely move for leave; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.[11]

As discussed above, the Court has entered various orders setting deadlines for amendments and filing matched complaints.  Although styled as Pretrial Orders, those orders constitute scheduling orders and the Court should apply a Rule 16 "good cause" analysis to the plaintiffs' motion.[12]   The plaintiffs' burden is to show that "good cause" exists to permit them to file an amended complaint after all deadlines for doing so have expired.

The plaintiffs have not made any attempt to explain why "good cause" exists to allow the proposed amendment.  In their supporting memorandum, they simply state that they have "become aware" that they named the wrong defendant.[13]  This is the same statement they made when they filed a previous amendment.  Tellingly,

---

[10] *Id*. at 535 (citations omitted).

[11] *Id.*

[12] In a ruling on a similar motion filed by other plaintiffs, the Court has already recognized that this situation implicates Rule 16.  *See* Rec. Doc. No. 22999, p. 4 ("Under these circumstances, the Court finds that Rule 16 is applicable here. Thus, plaintiffs must clear the hurdle of establishing good cause under Rule 16 before the standard of Rule 15 will apply.").  It is important to note that the Court also incorporated the "good cause" standard by using that phrase in PTO No. 49. *See* Rec. Doc. No. 8908.

[13] Rec. Doc. No. 23935-1, p. 1.

the plaintiffs have not offered any explanation or submitted any documents to support their most recent statements.

In addition, the plaintiffs do not point out other key facts which the Court should be aware of in connection with the proposed amendment: (a) the above-referenced suit was dismissed, with prejudice on January 19, 2011 (Rec. Doc. No. 3, Suit No. 09-5553); and (b) all of these plaintiffs dismissed their claims against Dutchmen on November 12, 2010 (Rec. Doc. No. 16714).

Putting aside the plaintiffs' unsupported statements and the facts they omitted from their motion, *none* of the "good cause" factors, which plaintiffs failed to address, weigh in their favor.  The following points illustrate this:

(a)     The plaintiffs provided no explanation as to why they seek the proposed amendment. They did not offer any detail as to why they failed to match their complaints within the deadlines for doing so. With any factual information, there is simply no "explanation" for the Court to evaluate under the Fifth Circuit's first factor for good cause. Moreover, the plaintiffs have not described any exigent or equitable circumstances that *might* provide a basis for the proposed amendment.

(b)     Admittedly, the second factor, the "importance" of the amendment *might* weigh in favor of the plaintiffs, although the plaintiffs have not argued or explained how that could be the case.  If they are not permitted to join the above-referenced suit, their claims will likely be barred.  But as the Court has noted in response to a similar motion

filed by another plaintiff, the second factor by itself is not dispositive. If the other factors weigh heavily against the plaintiffs, as they do here, the Court should not allow the proposed amendment.[14]

(c)     The third and fourth factors weigh very heavily against the proposed amendment.  The potential prejudice to the defendants is clear and substantial.  Until filing this motion, years after this MDL was created, the plaintiffs never identified themselves as having lived in a Dutchmen-manufactured unit.   As the Court has previously noted, it has "taken nearly four years to reach a point where the cases in this MDL are ready to proceed beyond the matching issue toward resolution."[15]  The Court should not be required to reopen the entire matching process.  Doing so would harm those plaintiffs who have been properly matched and delay the proceedings for all parties— defendants and plaintiffs.  The Court should not permit that to happen.

Additionally, if the Court evaluates the plaintiffs' motion under Rule 15(a), as suggested by the pending motion, which permits amendments when "justice so requires," the Court should still deny the motion.  This is because the Court may evaluate "undue delay [and] undue prejudice" as part of a request for amendments

---

[14] *See* Rec. Doc. No. 22999, p. 5.

[15] *Id.*

under Rule 15.[16]  The Court should also evaluate whether the "moving party failed to take advantage of earlier opportunities to amend."[17]  At a certain point, the "time delay on a part of a plaintiff can be procedurally fatal."[18]   Here, the plaintiffs have not explained why they delayed filing their proposed amendments.  In addition, for all the reasons discussed above, permitting the amendment and expansion of the matching process would cause undue delay and prejudice to the parties.

The Court has already considered and denied a similar motion filed by another plaintiff.  That plaintiff, Corey Carter, initially filed his claims in an unmatched complaint against Gulf Stream and other defendants.   Then, approximately 18 months after his matching deadline, the plaintiff filed a motion for leave and sought to add himself into a matched complaint against Forest River.[19]  Forest River opposed the motion and the Court denied it, finding that the plaintiff had missed his opportunity to file a matching complaint and offered no legitimate reason why the Court should extend the deadline.[20]  The Court's rationale should be applied here.

## Conclusion

---

[16] *Whitaker v. City of Houston*, 963 F. 2d 831, 836 (5th Cir. 1992) (citation omitted).

[17] *Lozano v. Ocwen Fed. Bank, FSB,* 489 F.3d 636, 644 (5th Cir. 2007).

[18] *Id.*

[19] *See* Rec. Doc. No. 22336 (Plaintiff Corey Carter's Motion for Leave to File Amended Complaint).

[20] Rec. Doc. No. 22999 (September 27, 2011 ruling).

For the reasons explained in this memorandum, the Court should deny the motion filed by the above-referenced plaintiffs.

Respectfully submitted,

*s/ Ryan E. Johnson*
_____
James C. Percy (La. Bar No. 10413)
Ryan E. Johnson (La. Bar No. 26352)
**JONES, WALKER, WAECHTER, POITEVENT,
CARRERE & DENEGRE, LLP**
Four United Plaza
8555 United Plaza Boulevard
Baton Rouge, LA  70809
Telephone: (225) 248-2080
Facsimile:  (225) 248-3080
          -and-
Madeleine Fischer (La. Bar No. 5575)
**JONES, WALKER, WAECHTER, POITEVENT,
CARRERE & DENEGRE, LLP**
201 St. Charles Avenue, 49th floor
New Orleans, LA   70170
Telephone:  (504) 582-8000
Facsimile:  (504) 589-8208

***Counsel for Defendant Dutchmen
Manufacturing, Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I filed a copy of the foregoing pleading through the Court's CM/ECF system and that a copy of that pleading will be served on liaison counsel through that same system.

Baton Rouge, Louisiana, this 17th day of January, 2012.


*s/Ryan E. Johnson*

_____
Ryan E. Johnson