UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER
       FORMALDEHYDE PRODUCTS
       LIABILITY LITIGATION

**This document relates to:**

Duncan, No. 09-5249
McCrary, No. 09-5975
Daigle, No. 09-7541
Keddy, No. 09-7542
Hargis, No. 10-2412
Whitten, No. 11-553

_____

MDL NO. 1873

JUDGE ENGELHARDT

MAG. JUDGE CHASEZ

**MEMORANDUM IN OPPOSITION TO MOTION
FOR LEAVE TO FILED AMENDED COMPLAINTS**

Defendants Dutchmen Manufacturing, Inc. ("Dutchmen") and Thor California, Inc. ("Thor California") submit this memorandum in opposition to the Plaintiffs' Motion for Leave to File Amended Complaints.[1]  For the reasons explained below, the Court should deny this motion.

**SUMMARY OF ARGUMENT**

This motion is another one of dozens filed by plaintiffs who failed to comply with the Court's matching deadlines.  Now, well after their matching deadlines the plaintiffs in the suits referenced above seek to amend their complaints and change

---

[1] Rec. Doc. No. 23959.

the defendant from Thor California to Dutchmen.

Plaintiffs attempt to justify their related amendments on incorrect VIN information they received from FEMA. Although both defendants provided plaintiffs with the required "Defendant Profile Sheet" describing their VIN numbers and the method to understand them, the plaintiffs still argue they were confused about the VIN numbers. They blame FEMA and a FEMA spreadsheet related to the Dutchmen VIN prefix. A careful review of the spreadsheet shows, however, that it does not support the plaintiffs' position or explain why they first sued Thor California instead of Dutchmen.

More importantly, the plaintiffs have not provided basic information such as what steps they have taken in the time since they filed suit to confirm the correct defendant, including what they did with the FEMA spreadsheet and the Defendant Profile forms for Dutchmen and Thor California. The plaintiffs simply have not shown "good cause" sufficient to extend their deadline to file an amended complaint, and the Court should deny the plaintiffs' motion.

## FACTUAL BACKGROUND

The plaintiffs asserted their original claims in the actions referenced above. With the exception of the *Whitten* complaint which was filed in Mississippi and transferred to this Court, all the complaints were filed directly in the Eastern District of Louisiana. Each of the plaintiffs allege, without any hesitation or uncertainty, they lived in travel trailer units manufactured by Thor California, Inc.

and/or manufacturers other than Dutchmen.[2]

In their pending motion, plaintiffs now allege, with equal certainty, that the correct defendant for their claims is Dutchmen Manufacturing, Inc.[3] The plaintiffs state that "it has become apparent that Dutchmen Manufacturing, Inc..., another subsidiary of Thor Industries, Inc., should be substituted in place of Thor California, Inc."[4] Plaintiffs do not explain how, when or why it has "become apparent" to them that Dutchmen is the correct defendant manufacturer.

Effectively admitting their matching efforts are beyond the Court's deadlines, the plaintiffs attempt to explain their tardiness by attaching an excerpt of a spreadsheet provided by FEMA that contains matching information for the VIN prefix "47CT," a number used by Dutchmen for its travel trailers.[5] The plaintiffs rely on that spreadsheet to justify their belated attempt to file amended complaints.

The Court is very familiar with the matching process and its Pretrial orders related to it. For sake of brevity, the following points are relevant to the matching process for these plaintiffs:

➢ The Court placed the initial responsibility on plaintiffs to identify and name

---

[2] *See* Original Complaints: *Duncan*, 09-5249 (Paragraphs 17, 19, and 23), *McCrary*, 09-5975 (Paragraphs 17, 19, 23), *Daigle*, 09-7541 (Paragraphs 19, 24, 27 and 30), *Keddy*, 09-7542 (Paragraphs 19, 24, 25, 26, 30), *Hargis*, 10-2412 (Paragraphs 13, 18, 20, 22 and 24), *Whitten*, 11-0553 (Paragraphs 16, 21, 22, 23, 26 and 27).

[3] Rec. Doc. No. 23959 and 23959-1, p 1.

[4] *Id*.

[5] Rec. Doc. No. 23959-1 and 23959-4.

the correct manufacturer(s) for his or her housing unit. *See* Rec. Doc. No. 1596 (PTO 38).

- For complaints filed or transferred to the Eastern District <u>before</u> December 9, 2009, the deadline for matching was December 29, 2009. *See* Rec. Doc. No. 8909 (PTO 49).

- For complaints filed or transferred <u>after</u> December 9, 2009, the deadline for matching was within 45 days of the date of filing the particular complaint. *See* Rec. Doc. No. 8909 (PTO 49).

- Pre-Trial Order No. 49 provided that the matching deadlines would be extended only for "good cause" shown.

- The Court also permitted certain plaintiffs who complied with the "last chance" matching process to file amended/matched complaints by August 2, 2010. *See* Rec. Doc. No. 14779 (PTO 68).

The complaints at issue here were filed on dates starting in August 2009. The following table reflects the filing dates and the plaintiffs' matching deadlines under PTO No. 49:

| Suit Name | No. | Filed/Trans | PTO 49 Deadline |
|---|---|---|---|
| *Duncan* | 09-5249 | 8/3/2009 | 12/29/2009 |
| *McCrary* | 09-5975 | 9/1/2009 | 12/29/2009 |
| *Daigle* | 09-7541 | 12/17/2009 | 2/1/2010 |
| *Keddy* | 09-7542 | 12/9/2009 | 1/25/2010 |
| *Hargis* | 10-2412 | 8/2/2010 | 9/24/2010 |

| | | | |
|---|---|---|---|
| *Whitten* | 11-553 | 3/14/2011 | 4/28/2011 |

The plaintiffs filed their motion for leave on December 21, 2011. The above table makes clear that when they filed their motion, all of their matching deadlines had expired. And assuming any of these plaintiffs qualified under the "last chance" matching process under PTO No. 68 (with the exception of those in *Whitten*), they should have filed an appropriate motion by August 2, 2010.[6] Therefore, by all accounts, these plaintiffs have failed to meet their matching deadlines under PTO 49 or 68.

The plaintiffs apparently do not disagree—they have not asserted their proposed amendments are timely. Instead, they seek leave to file the amendments after the relevant deadlines for doing so. To do so, they must establish the "good cause" showing required by PTO No. 49 and Federal Rule 16.

## LAW AND ARGUMENT

**1.   Federal Rule 16 and the "good cause" standard apply here.**

Federal Rule 16(b) "governs amendment of pleadings after a scheduling order has expired."[7] Additionally, Rule 16(b) provides that once a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent." The Fifth Circuit has made clear that the "good cause" standard requires that the party "seeking relief to show that the deadlines cannot reasonably be met despite

---

[6] *See* Rec. Doc. No. 14779 (PTO 68).

[7] *S & W Enterprises, L.L.C. v. SW Bank of Alabama, NA*, 315 F. 3d 533, 536 (5th Cir. 2003).

the diligence of the party needing the extension."[8]

The Fifth Circuit has provided four factors to determine whether "good cause" exists: (1) the explanation offered about why the party failed to timely move for leave; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.[9]

As discussed above, this Court has entered various orders setting deadlines for amendments and filing matched complaints. Although styled as Pretrial Orders, those orders constitute scheduling orders and the Court should apply a Rule 16 "good cause" analysis to the plaintiffs' motion.[10] The plaintiffs' burden is to show that "good cause" exists to permit them to file an amended complaint after all deadlines for doing so have expired.

**2. Plaintiffs have not established "good cause" to extend their deadline for matching and filing the proposed amended complaints.**

Similar to other motions for leave, these plaintiffs simply state that it "has become apparent" that they sued the wrong defendant in their initial complaints. They don't explain or offer any details about when they learned this information or why they waited more than two and one-half years after filing their original

---

[8] *Id.* at 535 (citations omitted).

[9] *Id.*

[10] In a ruling on a similar motion filed by other plaintiffs, the Court has already recognized that this situation implicates Rule 16. *See* Rec. Doc. No. 22999, p. 4 ("Under these circumstances, the Court finds that Rule 16 is applicable here. Thus, plaintiffs must clear the hurdle of establishing good cause under Rule 16 before the standard of Rule 15 will apply."). It is important to note that the Court also incorporated the "good cause" standard by using that phrase in PTO No. 49. *See* Rec. Doc. No. 8908.

complaints to file the proposed amendments. Moreover, they did not submit any affidavits to support their position. For the reasons discussed below, they have not established "good cause" to extend their deadline to file the proposed amendments.

    a.    **The plaintiffs have known, for at least two years, which VIN numbers correspond with Thor California and Dutchmen and how to "decode" those VIN numbers.**

In their motion, plaintiffs complain about confusion with the VIN numbers associated with Thor California, Dutchmen and other subsidiary companies owned by Thor Industries. There should be no confusion. At the request of the parties, primarily plaintiffs, the Court entered an order requiring each defendant to provide a "Defendant Profile Form" which identified the VIN number associated with each Defendant and the method for "decoding" each manufacturer's VIN.[11] The profile form was intended to address the plaintiffs' concerns and confusion about the defendants' VIN numbering system.

  Dutchmen and Thor California each provided a profile form which clearly identified their respective VIN numbers. In addition, Thor Industries provided a profile form which clearly said (a) Thor Industries was not a manufacturer of any products, including travel trailers; and (b) there was no VIN number associated with Thor Industries.[12] Therefore, armed with this information, the plaintiffs

---

[11] Rec. Doc. No. 14069 (Motion) and 14097 (May 13, 2010 Order).

[12] The Defendants have attached a copy of the relevant profile forms as Exhibits 1, 2 and 3 to this memorandum. They have omitted Attachment A to those forms, which are copies of insurance policies already provided to the plaintiffs. Those policies are not relevant to the current motion and have been marked "Confidential" pursuant to the Court's protective order.

knew or should have known exactly what information they needed to properly match their claims and name the correct defendants. They did not do so.

### b. The VIN information and spreadsheet provided by FEMA does not explain or justify the plaintiffs' failure to name the correct defendants.

Unlike many other motions for leave, the plaintiffs here attempt to blame their delay on confusion caused by "matching" information provided by FEMA. As discussed above, the plaintiffs and their counsel should not have been confused because the defendants themselves provided information concerning their VIN numbers.

But the plaintiffs contend that based on information provided by FEMA about the VIN prefix "47CT" caused them to name Thor California as a defendant, rather than Dutchmen.[13] The plaintiffs attached a portion of a spreadsheet provided by FEMA as support for their position.[14] The plaintiffs did not identify when they received the spreadsheet or what steps they took to verify the information in the sheet.

Regardless of when they got the attached spreadsheet or what they did with it, the spreadsheet does not support the plaintiffs' position for a number of reasons:

- The defendants profile forms provided first-hand information regarding the proper VIN number for each defendant, regardless of what information (correct or otherwise) FEMA's spreadsheet provided.

---

[13] Rec. Doc. No. 23959-1, p. 1.

[14] Rec. Doc. No. 23959-4.

- Plaintiffs have <u>not</u> demonstrated that FEMA provided mistaken matching information <u>as to their</u> units. In other words, they have not shown that FEMA gave them an incorrect name for their specific VIN number, leading them to believe that their unit was a Thor California unit, rather than a Dutchmen unit.

- It appears that plaintiffs mistakenly named Thor California based, in part, on percentages provided in the FEMA matching spreadsheet. The plaintiffs have not cited any authority that permitted them to make a "guess" about the proper defendant based on the percentages of units and corresponding VIN numbers provided by FEMA.

Even if the plaintiffs could rely on FEMA's matching statistics as a basis to sue a particular defendant, a review of the data submitted by the plaintiffs actually undercuts their position. The spreadsheet shows that *only* four units matched to Thor California. The vast majority of the units matched to Dutchmen (36%) and Thor Industries (26%).[15] Based on this data, it would be logical for plaintiffs to name Dutchmen or Thor Industries, Inc., not Thor California. That is not what the plaintiffs here did, however.

### c. The plaintiffs' motion comes up short and does not establish the "good cause" factors under Rule 16.

The following additional points illustrate that the plaintiffs cannot prevail in a "good cause" analysis:

---

[15] Rec. Doc. No. 23959-4, p. 1 of 15.

(a) Other than citing the FEMA spreadsheet information, the plaintiffs provided no explanation as to why they seek the proposed amendment. They did not offer any detail as to why they failed to match their complaints within the deadlines for doing so. Moreover, they failed to explain or address the Defendant Profile sheet and the information they received about the Defendants' VIN numbers. With any factual information, there is simply no "explanation" for the Court to evaluate under the Fifth Circuit's first factor for good cause. Moreover, the plaintiffs have not described any exigent or equitable circumstances that *might* provide a basis for the proposed amendment.

(b) Admittedly, the second factor, the "importance" of the amendment *might* weigh in favor of the plaintiffs, although the plaintiffs have not argued or explained how that could be the case. If they are not permitted to amend their complaint, their claims against the correct defendant (Dutchmen, according to the plaintiffs) will likely be barred. But, as the Court has noted in response to a similar motion filed by another plaintiff, the second factor by itself is not dispositive. If the other factors weigh heavily against the plaintiffs, as they do here, the Court should not allow the proposed amendments.[16]

(c) The third and fourth factors weigh very heavily against the proposed amendment. The potential prejudice to the defendants is clear and

---

[16] *See* Rec. Doc. No. 22999, p. 5.

substantial. Until filing this motion, years after this MDL was created, the plaintiffs never identified themselves as having lived in a Dutchmen-manufactured unit. As the Court has previously noted, it has "taken nearly four years to reach a point where the cases in this MDL are ready to proceed beyond the matching issue toward resolution."[17] The Court should not be required to reopen the entire matching process. Doing so would harm those plaintiffs who have been properly matched and delay the proceedings for all parties—defendants and plaintiffs. The Court should not permit that to happen.

Additionally, the plaintiffs argue they should be allowed to file the proposed amendments because: (a) Dutchmen is part of the "Thor Group" with Thor California and other companies; (b) Thor California and Dutchmen are both represented by the same counsel; and (c) that both companies are insured under the same insurance policy.[18] Plaintiffs offer no support legal authority to support these statements or show why they establish "good cause."

The Court should note that there is no "Thor Group." This term, coined by the plaintiffs' counsel, is apparently a reference to the fact that Dutchmen and Thor California, Inc. were each subsidiary companies owned by Thor Industries, Inc. As the Court is aware, Thor Industries, Inc. is not a manufacturer of travel trailers and

---

[17] *Id.*

[18] Rec. Doc. No. 23959-1, p. 5.

has been improperly named as a defendant in this MDL.[19]

That Dutchmen and Thor California might each be subsidiaries owned by the same parent company does not help the plaintiffs' argument. As the Fifth Circuit has noted in various contexts, subsidiary companies and their parent corporations are treated as separate and distinct corporate entities.[20] It would be improper to find, as plaintiffs ask the Court to do, that a suit against one subsidiary corporation should be treated as suit against all of them. The Defendants are not aware of any case law supporting this position and plaintiffs have not cited any.

Likewise, the fact that Thor California and Dutchmen are be represented by the same counsel or insured by the same policies does not make the proposed amendments proper. The plaintiffs have not cited any cases that show common representation or overlapping insurance is a factor that the Court should consider under the "good cause" analysis required by Rule 16.

The Court has already considered and denied a similar motion filed by another plaintiff. That plaintiff, Corey Carter, initially filed his claims in an unmatched complaint against Gulf Stream and other defendants. Then,

---

[19] *See* Rec. Doc. No. 3421 (Thor Industries, Inc. Preservation of Defenses), Affirmative Defense No. 13 and Rec. Doc. No. 198 (Dismissal of Thor Industries, Inc. from Master Complaint).

[20] *See In re Ark-La-Tex Timber Co., Inc.*, 482 F. 3d 319 (5th Cir. 2007)(Fifth Circuit recognized general principle that corporate entities treated as distinct from each other, absent some reason to disregard that separateness such as fraud or criminal conduct). *See also Dixon Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331 (5th Cir. 1999)(Fifth Circuit, addressing questions of minimum contacts for jurisdictional analysis, recognized that related corporate entities, such as parents and subsidiaries, are treated as distinct from each other).

approximately 18 months after his matching deadline, the plaintiff filed a motion for leave and sought to add himself into a matched complaint against Forest River.[21] Forest River opposed the motion and the Court denied it, finding that the plaintiff had missed his opportunity to file a matching complaint and offered no legitimate reason why the Court should extend the deadline.[22] The Court's rationale should be applied here.

**3.    The plaintiffs are not entitled to relief under Federal Rule 15.**

Additionally, if the Court evaluates the plaintiffs' motion under Rule 15(a), as suggested by the plaintiffs, the Court should still deny their motion. This is because the Court may evaluate "undue delay [and] undue prejudice" as part of a request for amendments under Rule 15.[23] The Court should also evaluate whether the "moving party failed to take advantage of earlier opportunities to amend."[24] At a certain point, the "time delay on a part of a plaintiff can be procedurally fatal."[25] Here, the plaintiffs have not explained why they delayed filing their proposed amendments. They have had numerous opportunities to amend, and have not done so. Likewise, they have not explained what steps they took after receiving the

---

[21] *See* Rec. Doc. No. 22336 (Plaintiff Corey Carter's Motion for Leave to File Amended Complaint).

[22] Rec. Doc. No. 22999 (September 27, 2011 ruling).

[23] *Whitaker v. City of Houston*, 963 F. 2d 831, 836 (5th Cir. 1992) (citation omitted).

[24] *Lozano v. Ocwen Fed. Bank, FSB,* 489 F.3d 636, 644 (5th Cir. 2007).

[25] *Id.*

Defendants Profile Forms or the FEMA spreadsheet.  Permitting the plaintiffs to amend at this stage of the process would both delay the proceedings and prejudice the Defendants.

## Conclusion

For the reasons explained in this memorandum, the Court should deny the motion filed by the above-referenced plaintiffs.

Respectfully submitted,

*s/ Ryan E. Johnson*
_____
James C. Percy (La. Bar No. 10413)
Ryan E. Johnson (La. Bar No. 26352)
**JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**
Four United Plaza
8555 United Plaza Boulevard
Baton Rouge, LA  70809
Telephone: (225) 248-2080
Facsimile:  (225) 248-3080
         -and-
Madeleine Fischer (La. Bar No. 5575)
**JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**
201 St. Charles Avenue, 49th floor
New Orleans, LA   70170
Telephone:  (504) 582-8000
Facsimile:  (504) 589-8208


*Counsel for Defendant Dutchmen Manufacturing, Inc. and Thor California, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I filed a copy of the foregoing pleading through the Court's CM/ECF system and that a copy of that pleading will be served on liaison counsel through that same system.

Baton Rouge, Louisiana, this 17th day of January, 2012.

*s/Ryan E. Johnson*

_____
Ryan E. Johnson