# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER
       FORMALDEHYDE PRODUCTS       MDL NO. 1873
       LIABILITY LITIGATION

**This document relates to:**

                                               **JUDGE ENGELHARDT**

*Martinez,* No. 09-7099
*Duet,* No. 09-8567                            **MAG. JUDGE CHASEZ**
*Krause,* No. 10-2489
*Adams,* No. 09-8566

_____

## MEMORANDUM IN OPPOSITION TO MOTION
## FOR LEAVE TO AMEND COMPLAINT AND SUBSTITUTE A PARTY

Thor Industries, Inc. ("Thor Industries") and Thor California, Inc. ("Thor California") submit this memorandum in opposition to the Plaintiffs' Motion for Leave to File Amended Complaint and Substitute a Party.[1]   For the reasons explained below, the Court should deny this motion.

### SUMMARY OF ARGUMENT

This motion is another one of dozens filed by plaintiffs who failed to comply with the Court's matching deadlines.  Now, well after they filed suit and their deadlines to match, the plaintiffs here seek to amend their complaint and change the defendants from Thor Industries to Thor California, Inc.  The Court should deny the plaintiffs' motions for a number of reasons.

The plaintiffs offer *no* explanation about why they failed to meet the Court's

_____

[1] *See* Rec. Doc. No. 23992.

                                              

matching deadlines.  Moreover, they have not provided basic information such as what steps they have taken since they filed suit to confirm the correct defendant for their claim or why they failed to take notice of pleadings filed into the record of this case, as early as May 2008 that put them on notice that Thor Industries, Inc. was not a proper defendant for their claims.  The plaintiffs simply have not shown "good cause" sufficient to extend their deadlines to file amended complaints, and the Court should deny the plaintiffs' motion.

## FACTUAL BACKGROUND

The plaintiffs filed their original claims in a number of different unmatched complaints.  After the Court ordered them to move their claims to matched complaints, the plaintiffs filed complaints (styled as amendments, although they were the first complaint that was matched to a specific manufacturer) as follows:

| Suit Name | Suit No. | Filed |
|-----------|----------|-------|
| *Martinez* | 09-7099 | 10/28/2009 |
| *Bogan* | 09-7812 | 12/23/2009 |
| *McGee* | 09-7830 | 12/23/2009 |
| *Pittman* | 10-1294 | 04/30/2010 |
| *Coleman* | 10-2275 | 07/30/2010 |

In their "amended" complaints, the plaintiffs alleged, without any hesitation or uncertainty, they lived in travel trailer units manufactured by Thor Industries.[2] In their pending motion, plaintiffs now allege, with equal certainty, that the correct defendant for their claims is Thor California.[3]   The plaintiffs state that their counsel "has subsequently been informed that Thor Industries, Inc. is the parent company of Thor California, Inc. and that Thor California, Inc. manufactured travel trailers and that Thor Industries, Inc. did not manufacture travel trailers."[4]   The plaintiffs do not explain how, when or why they learned this information. The plaintiffs suggest, however, that their discovery was recent.  As discussed  below, that is not correct.

The Court is very familiar with the matching process and its Pretrial Orders related to it.  For sake of brevity, the following points are relevant to the matching process for these plaintiffs:

➢ The Court placed the initial responsibility on plaintiffs to identify and name the correct manufacturer(s) for his or her housing unit.  *See* Rec. Doc. No. 1596 (PTO 38).

➢  For complaints filed or transferred to the Eastern District <u>before</u> December 9, 2009, the deadline for matching was December 29, 2009.  *See* Rec. Doc. No.

---

[2] *See* Complaints, *Martinez*, No. 09-7099, Paragraphs 12, 21, and 23; *Bogan*, No. 09-7812, Paragraphs 13, 21 and 24; *McGee*, No. 09-7830, Paragraphs 12, 21 and 23; *Pittman*, No. 10-1294, Paragraphs 12, 21, and 23, *Coleman*, No. 10-2275, Paragraphs 12, 21 and 23.

[3] Rec. Doc. No. 23992-1, p 1.

[4] *Id*.

8909 (PTO 49).

➢ For complaints filed or transferred <u>after</u> December 9, 2009, the deadline for matching was within 45 days of the date of filing the particular complaint. *See* Rec. Doc. No.  8909 (PTO 49).

➢ Pre-Trial Order No. 49 provided that the matching deadlines would be extended only for "good cause" shown.

➢ The Court also permitted certain plaintiffs who complied with the "last chance" matching process to file amended/matched complaints by August 2, 2010.  *See* Rec. Doc. No. 14779 (PTO 68).

Under PTO 49 and assuming the Court uses the filing of their amended complaints as the starting date, the plaintiffs' matching deadlines were as follows:

| Suit Name | Suit No. | File | Matching Deadline |
|---|---|---|---|
| *Martinez* | 09-7099 | 10/28/2009 | 12/29/2009 |
| *Bogan* | 09-7812 | 12/23/2009 | 02/08/2010 |
| *McGee* | 09-7830 | 12/23/2009 | 02/08/2010 |
| *Pittman* | 10-1294 | 04/30/2010 | 06/14/2010 |
| *Coleman* | 10-2275 | 07/30/2010 | 09/13/2010 |

Apparently, none of these plaintiffs took advantage of the "last chance" matching process, and, thus, none of the plaintiffs have met their matching deadlines under PTO 49 or 68.

The plaintiffs apparently do not disagree—they have not asserted their proposed amendments are timely.  Instead, they seek leave to file the amendments

after the relevant deadlines for doing so.  To do so, they must establish the "good cause" showing required by PTO No. 49 and Federal Rule 16.

## LAW AND ARGUMENT

### 1.   Federal Rule 16 and the "good cause" standard applies here.

Federal Rule 16(b) "governs amendment of pleadings after a scheduling order has expired."[5]  Additionally, Rule 16(b) provides that once a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent." The Fifth Circuit has made clear that the "good cause" standard requires that the party "seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."[6]

The Fifth Circuit has provided four factors to determine whether "good cause" exists:  (1) the explanation offered about why the party failed to timely move for leave; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.[7]

As discussed above, this Court has entered various orders setting deadlines for amendments and filing matched complaints.  Although styled as Pretrial Orders, those orders constitute scheduling orders and the Court should apply a Rule 16 "good cause" analysis to the plaintiffs' motion.[8]   The plaintiffs' burden is to show

---

[5] *S & W Enterprises, L.L.C. v. SW Bank of Alabama, NA*, 315 F. 3d 533, 536 (5th Cir. 2003).

[6] *Id*. at 535 (citations omitted).

[7] *Id.*

[8] In a ruling on a similar motion filed by other plaintiffs, the Court has

that "good cause" exists to permit them to file an amended complaint after all deadlines for doing so have expired.

**2.     Plaintiffs have not established "good cause" to extend their deadline for matching and filing the proposed amended complaints.**

Similar to other motions for leave, these plaintiffs simply state that "they have been informed" they sued the wrong defendant in their initial complaints. They also allege that "there was a mistake in naming the proper party that manufactured travel trailers."[9]  They don't explain or offer any details about when they learned this information, the nature of their mistake, or why they waited an extended period of time to file the proposed amendments.  Moreover, they did not submit any affidavits to support their position.  For the reasons discussed below, they have not established "good cause" to extend their deadline to file the proposed amendments.

**a.     Plaintiffs knew or should have known that Thor Industries was not a proper defendant for their claims.**

In their motion, plaintiffs assert that naming the wrong defendant was a understandable mistake, given the size of the litigation.[10]  Putting aside their lack

---

already recognized that this situation implicates Rule 16.  *See* Rec. Doc. No. 22999, p. 4 ("Under these circumstances, the Court finds that Rule 16 is applicable here. Thus, plaintiffs must clear the hurdle of establishing good cause under Rule 16 before the standard of Rule 15 will apply.").  It is important to note that the Court also incorporated the "good cause" standard by using that phrase in PTO No. 49. *See* Rec. Doc. No. 8908.

[9] Rec. Doc. No. 23992-1.

[10] Rec. Doc. No. 23992-1, p. 2.

of any explanation for their mistake, the plaintiffs knew or should have known that Thor Industries was not a proper defendant for their claims, long before filing the proposed amendments.  A number of points illustrate this:

- On May 19, 2008, the Plaintiffs' Liaison Counsel filed a Notice of Voluntary Dismissal, dismissing their claims against Thor Industries from the Master Complaint.  They attached an affidavit to the dismissal which clearly explained that (a) Thor Industries was not a manufacturer of travel trailers; and (b) was not a proper defendant.[11] This information alone should have put plaintiffs on notice, in 2008, that they sued the wrong defendant.

- Thor Industries provided a "Defendant Profile Form" which clearly said (a) Thor Industries was not a manufacturer of any products, including travel trailers; and (b) there was no VIN number associated with Thor Industries.[12]

**b.    The plaintiffs' motion comes up short and does not established the "good cause" factors under Rule 16.**

The following additional points illustrate that the plaintiffs cannot prevail in a "good cause" analysis:

---

[11] Rec. Doc. No. 198 (Notice of Voluntary Dismissal of Thor Industries and related Affidavit).

[12] Thor Industries has attached a copy of its profile form as Exhibit "1."  Thor Industries has omitted Attachment A to that form which includes information regarding insurance policies already provided to the plaintiffs.  The policies are not relevant to the current motion and have been marked "Confidential" pursuant to the Court's protective order.

(a)     Plaintiffs admit that they mistakenly sued Thor Industries but claim that the mistake was understandable because of the MDL's size and complexity.  Other than these unsupported statements, the plaintiffs provided no explanation as to why they seek the proposed amendments at this late stage of the litigation.  They did not offer any detail as to why they failed to match their complaints within the deadlines or what prevented them from taking notice of information available to them which should have put them on notice of their mistake (*i.e.*, the Notice of Dismissal and Thor Industries Defendant Profile Form).  Without any factual information, there is simply no "explanation" for this Court to evaluate under the Fifth Circuit's first factor for good cause.  Moreover, the plaintiffs have not described any exigent or equitable circumstances that *might* provide a basis for the proposed amendment.

(b)     Admittedly, the second factor, the "importance" of the amendment *might* weigh in favor of the plaintiffs, although the plaintiffs have not argued or explained how that could be the case.  If they are not permitted to amend their complaint, their claims against the correct defendant will likely be barred.  But, as the Court has noted in response to a similar motion filed by another plaintiff, the second factor by itself is not dispositive.  If the other factors weigh heavily against the plaintiffs, as they do here, the Court should not allow the

proposed amendments.[13]

(c)    The third and fourth factors weigh very heavily against the proposed amendment.  The potential prejudice to the defendants is clear and substantial.  Until filing this motion, years after this MDL was created, the plaintiffs never identified themselves as having lived in a Thor California-manufactured unit.   As the Court has previously noted, it has "taken nearly four years to reach a point where the cases in this MDL are ready to proceed beyond the matching issue toward resolution."[14]  The Court should not be required to reopen the entire matching process.  Doing so would harm those plaintiffs who have been properly matched and delay the proceedings for all parties— defendants and plaintiffs.  The Court should not permit that to happen.

Additionally, the plaintiffs argue they should be allowed to file the proposed amendments because: (a) Thor California is part of the "Thor Group" with Thor Industries and other companies; (b) Thor California, Thor Industries and other companies are both represented by the same counsel; and (c) that both companies are insured under the same insurance policy.  Plaintiffs offer no legal authority to support these statements or show why they establish "good cause."

The Court should note that there is no "Thor Group."  This term, coined by

---

[13] *See* Rec. Doc. No. 22999, p. 5.

[14] *Id*.

the plaintiffs' counsel, is apparently a reference to the fact that Thor California, Inc. and other companies are subsidiary companies owned by Thor Industries, Inc.  As the Court is aware, Thor Industries, Inc. is not a manufacturer of travel trailers and has been improperly named as a defendant in this MDL.[15]

That Thor California and other companies might each be subsidiaries owned by the same parent company does not help the plaintiffs' argument.  As the Fifth Circuit has noted in various contexts, subsidiary companies and their parent corporations are treated as separate and distinct corporate entities.[16]  It would be improper to find, as plaintiffs ask the Court to do, that a suit against one subsidiary corporation should be treated as suit against all of them.  The Defendants are not aware of any case law supporting this position and plaintiffs have not cited any.

Likewise, the fact that Thor California and Thor Industries are represented by the same counsel or insured by the same policies does not make the proposed amendments proper.   The plaintiffs have not cited any cases that show common representation or overlapping insurance is a factor that the Court should consider under the "good cause" analysis required by Rule 16.

---

[15] *See* Rec. Doc. No. 3421 (Thor Industries, Inc. Preservation of Defenses), Affirmative Defense No. 13 and Rec. Doc. No. 198 (Dismissal of Thor Industries, Inc. from Master Complaint).

[16] *See In re Ark-La-Tex Timber Co., Inc*., 482 F. 3d 319 (5th Cir. 2007)(Fifth Circuit recognized general principle that corporate entities treated as distinct from each other, absent some reason to disregard that separateness such as fraud or criminal conduct).  *See also Dixon Marine Inc. v. Panalpina, Inc*., 179 F.3d 331 (5th Cir. 1999)(Fifth Circuit, addressing questions of minimum contacts for jurisdictional analysis, recognized that related corporate entities, such as parents and subsidiaries, are treated as distinct from each other).

The Court has already considered and denied a similar motion filed by another plaintiff.  That plaintiff, Corey Carter, initially filed his claims in an unmatched complaint against Gulf Stream and other defendants.   Then, approximately 18 months after his matching deadline, the plaintiff filed a motion for leave and sought to add himself into a matched complaint against Forest River.[17]  Forest River opposed the motion and the Court denied it, finding that the plaintiff had missed his opportunity to file a matching complaint and offered no legitimate reason why the Court should extend the deadline.[18]  The Court's rationale should be applied here.

**3.      The plaintiffs are not entitled to relief under Federal Rule 15.**

Additionally, if the Court evaluates the plaintiffs' motion under Rule 15(a), as suggested by the plaintiffs, the Court should still deny their motion.  This is because the Court may evaluate "undue delay [and] undue prejudice" as part of a request for amendments under Rule 15.[19]  The Court should also evaluate whether the "moving party failed to take advantage of earlier opportunities to amend."[20]  At a certain point, the "time delay on a part of a plaintiff can be procedurally fatal."[21]

---

[17] *See* Rec. Doc. No. 22336 (Plaintiff Corey Carter's Motion for Leave to File Amended Complaint).

[18] Rec. Doc. No. 22999 (September 27, 2011 ruling).

[19] *Whitaker v. City of Houston*, 963 F. 2d 831, 836 (5th Cir. 1992) (citation omitted).

[20] *Lozano v. Ocwen Fed. Bank, FSB,* 489 F.3d 636, 644 (5th Cir. 2007).

[21] *Id.*

Here, the plaintiffs have not explained why they delayed filing their proposed amendments.  They have been on notice since at least May 2008 that they sued the wrong defendants and have not taken any steps to amend.   Permitting the plaintiffs to amend at this stage of the process would both delay the proceedings and prejudice the Defendants.

## Conclusion

For the reasons explained in this memorandum, the Court should deny the motion filed by the above-referenced plaintiffs.

Respectfully submitted,

*s/ Ryan E. Johnson*
_____
James C. Percy (La. Bar No. 10413)
Ryan E. Johnson (La. Bar No. 26352)
**JONES, WALKER, WAECHTER, POITEVENT,
CARRERE & DENEGRE, LLP**
Four United Plaza
8555 United Plaza Boulevard
Baton Rouge, LA  70809
Telephone: (225) 248-2080
Facsimile:  (225) 248-3080
        -and-
Madeleine Fischer (La. Bar No. 5575)
**JONES, WALKER, WAECHTER, POITEVENT,
CARRERE & DENEGRE, LLP**
201 St. Charles Avenue, 49th floor
New Orleans, LA   70170
Telephone:  (504) 582-8000
Facsimile:  (504) 589-8208


***Counsel for Defendants***

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I filed a copy of the foregoing pleading through the Court's CM/ECF system and that a copy of that pleading will be served on liaison counsel through that same system.

Baton Rouge, Louisiana, this 17th day of January, 2012.


*s/Ryan E. Johnson*

_____
Ryan E. Johnson