UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
|       FORMALDEHYDE | * | |
|       PRODUCTS LIABILITY | * | SECTION: N(5) |
|       LITIGATION | * | |
| | * | JUDGE: ENGELHARDT |
| This Document Relates to: | * | |
| *Clayton Rayfield, et al., v. Gulf Stream Coach,* | * | MAG: CHASEZ |
| *Inc., et al., Civil Action No. 09-8468* | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**OPPOSITION TO MOTION FOR LEAVE TO FILE
FIRST SUPPLEMENTAL AND AMENDED COMPLAINT**

**MAY IT PLEASE THE COURT:**

Plaintiffs in the above-entitled action seek to add new plaintiffs to their "matched" claim against defendant, Gulf Stream Coach, Inc. ("Gulf Stream"). On December 30, 2011, Plaintiffs filed a Motion for Leave to amend the claim by adding a new plaintiff. *See* Rec. Doc. 24011, p. 1. Gulf Stream now appears before this Honorable Court to oppose the motion because the amended pleading would be futile.

**I.     THE DEADLINE TO MATCH HAS EXPIRED.**

Leave to amend should be denied because the plaintiff did not "match" his claims to a particular defendant in accordance with the deadline established by the Court for doing so. The amendment is therefore futile because if it were allowed, Gulf Stream would immediately seek dismissal of these plaintiffs for failure to comply with the Court's prior Pre-Trial Orders. This Court has previously held that leave will not be granted when the amended claim would be futile. *Conry v. Daugherty*, 2011 WL 4807892, \*5 (E.D. La. Oct. 11, 2011).

On May 27, 2009, this Court issued Pretrial Order #38 (Rec. Doc. #1596), which placed on each plaintiff the burden of identifying and naming the sole manufacture responsible for erecting the travel-trailer in which he or she was housed through the Federal Emergency Management Agency

("FEMA"). On May 26, 2010, this Court issued Pretrial Order #68 (Rec. Doc. #14200), which ordered that all matching requests by plaintiffs should be received by FEMA by June 15, 2010. This order required all plaintiffs receiving responses to comply with all other Pretrial Orders – namely Orders #38 and #53 concerning the individual matching of manufacturer and contractor defendants to the correct plaintiff parties – by August 02, 2010.[1] Pretrial Order #68 (Rec. Doc. #14200) further declared November 01, 2010, as the date by which plaintiffs had to match, and as the date on which the defendants could seek dismissal of all actions that failed to comply with Orders #38 or #68.

In this case, the proposed plaintiff moved to "match" his claims against Gulf Stream on December 30, 2011, nearly 14 months after the deadline to do so expired. Plaintiff provides no explanation whatsoever in the Motion as to why this was not done previously, nor why he should be allowed to match at this time. The Amended Petition attempt is a blatant effort to avoid the prior deadlines by inserting new plaintiffs into timely-matched suits. Plaintiff cannot avert the application of Court-established deadlines in this fashion. Accordingly, Gulf Stream respectfully submits that the Court should deny the Motion for Leave to add this plaintiff.

**II.   THE PROPOSED PLAINTIFFS' CLAIM AGAINST GULF STREAM IS PRESCRIBED.**

Under Louisiana law, a plaintiff has one year to bring a tort suit against the alleged tortfeasor, and it runs from the date the plaintiff sustains injury or damage. La. Civ. Code. art. 3492 (2011). Here, the new proposed plaintiff did not specifically list the date on which his injury occurred. However, the alleged injury obviously occurred prior to or during 2009, when he filed his original claim against American Specialty Lines Company to recover for his injuries. *See Barnes et al. v. American Specialty Lines Ins. Co., et al.*, 2:09-cv-8521. So, at the very latest, this plaintiff was

---

[1] Pretrial Order #68 also allowed plaintiffs a narrow exception identified as the "last chance" process by which he or she could receive matching data after the June 15, 2010, so long as strict protocol was followed. However, motions requesting access to the "last chance" had to be received by August 02, 2010, as well.

obligated to file his tort suit by some date in 2010. However, he did not even attempt to bring suit against Gulf Stream until December 30, 2011, well after the one-year prescriptive period expired. Therefore, his claim is prescribed on its face.

When the petition is prescribed on its face, as it is in this case, the burden shifts to the plaintiff to show that the action is not prescribed. *See Snowizard, Inc. v. Robinson*, 2011 WL 2681197, *9 (E.D. La. July 8, 2011). Plaintiff has not met this burden. He improperly relies upon the concept of interruption as to solidary obligors. *See* Rec. Doc. 24011-1, p. 4. Solidary obligations in tort matters such as this require the collaboration of two entities to commit an intention or willful act. La. Civ. Code art. 2324(A). There is no such allegation that Gulf Stream committed an intentional or willful act in this case, so there is no solidary liability. *See* Rec. Doc. 1, ¶¶ 97—102. Therefore, Plaintiff's authority is inapplicable. Gulf Stream acknowledges that interruption may occur as to joint tortfeasors, as well, but Plaintiff has made no showing that the other parties who were timely served actually caused him to suffer damages. Because the burden is his to defeat prescription, he must show some evidence that the timely-sued defendants are at fault, such that they are "joint tortfeasors."

Plaintiff's other unpersuasive argument is relation back. In this instance, the amended claim will not relate back to the date of the original filing. When an amendment changes the party against whom a claim is asserted, the claim relates back only if the party to be added "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii).

The U.S. Court of Appeals for the Fifth Circuit has held that a plaintiff's failure to name a defendant because plaintiff lacked knowledge about the defendant's identity does not qualify as a "mistake" under Rule 15(c). *Jenkins v. Stan Ware Enterprises, Inc.*, 2008 WL 4091926, *5 (W.D.

La. Aug. 27, 2008). According to the Fifth Circuit, Rule 15 "does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities." *Jacobsen v. Osborne*, 133 F.3d 315, 321 (5th Cir. 1998). Relation back will not allow a plaintiff to amend when she intended to sue a particular party, did so, and then determined that she sued the wrong party. *Id*. (citing *Wilson v. U.S. Gov't*, 23 F.3d 559, 563 (1st Cir. 1994)). "We have no doubt that Rule 15(c) is not designed to remedy such mistakes." *Id*.

This Honorable Court has handed down a similar holding in a recent case. Regarding the question of whether a plaintiff could use relation back to justify the addition of a new defendant, the Court in *In re Katrina Canal Breaches Consol. Litig.*, held:

> Thus, amendment with relation back is generally permitted in order to correct a misnomer of a defendant where the proper defendant is already before the court and the effect is merely to correct the name under which he is sued. But a new defendant cannot normally be substituted or added by amendment after the statute of limitations has run.

2008 WL 3906760, *6 (E.D. La. Aug. 26, 2008) (citing *Worthington v. Wilson*, 8 F.3d 1253 (7th Cir. 1993)).

These holdings are directly applicable to this case. Here, Plaintiff allegedly made a mistake by suing American Specialty Lines Company. Rather than adding Gulf Stream as a defendant, as the plaintiffs did in the above-cited cases, Plaintiff here seeks to insert himself into a previously-filed suit against Gulf Stream. The effect is the same as those other cases, though, as is the impermissibility of the attempted amendment. Plaintiff originally intended to sue American Specialty Lines Company, did so, and then found that American Specialty Lines Company was the wrong manufacturer. Relation back does not allow him to change horses in midstream simply because he ascertained the correct identity of the alleged wrongdoer. The concept, as the Fifth Circuit has

4

recognized, was "not designed to remedy such mistakes." *Jacobsen*, 133 F.3d at 321. Thus, the amendment does not relate back to the date of the original filing and is therefore futile.

## IV.    CONCLUSION.

Plaintiff's amended claim against Gulf Stream is futile. The deadline to match has expired, the proposed new plaintiff's claim is prescribed, Plaintiff has not proven that prescription was interrupted, and the amendment will not relate back to the date of the original filing. Therefore, the Court should deny Plaintiff leave to amend his claim.

Respectfully submitted:

**DUPLASS, ZWAIN, BOURGEOIS,
PFISTER & WEINSTOCK**

s/Andrew D. Weinstock
_____
**ANDREW D. WEINSTOCK (#18495)
JOSEPH G. GLASS (#25397)**
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
Telephone: (504) 832-3700
andreww@duplass.com
jglass@duplass.com

and

**SCANDURRO & LAYRISSON
Timothy D. Scandurro #18424
Dewey M. Scandurro #23291**
607 St. Charles Avenue
New Orleans, LA 70130
(504) 522-7100
(504) 529-6199 (FAX)
tim@scanlayr.com
dewey@scanlayr.com
*Counsel for Gulf Stream Coach, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of January, 2012, a copy of the foregoing Opposition to Motion for Leave to Amend to File First Supplemental and Amended Complaint was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this file will be sent to all known counsel of record by operation of the court's electronic filing system.

s/Andrew D. Weinstock
_____
ANDREW D. WEINSTOCK #18495
andreww@duplass.com