# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * | MDL No. 1873 |
| | * | SECTION N(5) |
| THIS DOCUMENT RELATES TO:. | * | JUDGE ENGELHARDT |
| *Williams et al v. Thor California  Inc.*  09-3990; | * * | MAGISTRATE CHASEZ |
| *Darby et al v. Thor Ind., Inc., et al*  09-4025; | * * | |
| *Acker, et al v. Thor Ind., Inc., et al*  09-4067; | * * | |
| *Jenkins v. Four Winds Int. Co., et al*  09-4906; | * * | |
| *Jenkins v. Four Winds Int. Co., et al,*  09-4908; | * * | |
| *Franklin et al v. Thor Calif., Inc., et al,* 09-4928; | * * | |
| *Strickland et al v. Four Winds Int. Corp.*, 09-4933; | * * | |
| *Williams, Jr. et al v. Thor Ind., Inc. et al,*  09-5530; | * * | |
| *Christophe et al v. Thor Calif., Inc.* 09-5636; | * * | |
| *Barabin obo Tamiah Howard, et al, v. Thor Calif., Inc. et al,*   09-5638; | * * * | |
| *Smith, et al v. Thor Calif., Inc., et al,*  09-5640; | * * | |
| *Bradley, et al v. Thor Calif., Inc. et al* 09-5651; | * * | |
| *Faustermann et al v. Thor Calif., Inc.*  09-5679; | * * | |
| *Juanita Landry et al v. Four Winds Int. Corp.*  09-5731; | * * * | |
| *Gillis Branch OBO Eddie Branch et al v. Thor Calif., Inc.*  09-5744; | * * * | |
| *Godfrey, et al  v. Thor Calif., Inc. et al* 09-8302; | * | |
| *Eugene, et al v. Thor Calif., Inc.,* 09-8312 | | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO SEVER CLAIMS AND TO JOIN EXISTING ACTION

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO SEVER CLAIMS
AND TO JOIN EXISTING ACTION**

**NOW INTO COURT**, through undersigned counsel, come those Plaintiffs listed on the attached Exhibit A who respectfully request this Honorable Court grant their Motion to Sever their claims from the above captioned lawsuits and grant them leave to join *Julie Cook et al, v. Dutchmen Manufacturing Inc.*, Case No. 09-5957 (E.D. La. 2009) and in support of the same would show the Court as follows:

**I. SEVERANCE**

Plaintiffs' counsel through the matching process was informed by the United States Government, that travel trailers having VIN prefixes of "47CT" and "4XTT" were manufactured by Thor Industries, Inc. ("Thor") and Four Winds International Corporation ("Four Winds"). Therefore, Plaintiffs filed their Original and Amended Complaints in the above referenced actions against Thor and Four Winds. Exhibit A sets forth various Plaintiffs living in trailers with such VINs. Contrary to what the United States Government has represented, Thor now asserts that travel trailers having a VIN prefix of "47CT" are not manufactured by Thor or Four Winds but by Thor's subsidiary, Dutchmen Manufacturing, Inc., (hereinafter "Dutchmen"). [1] Therefore, Plaintiffs request that the Court sever out the Plaintiffs identified on Exhibit A and that said Plaintiffs be granted leave to have their claims added to *Julie Cook, et al v. Dutchmen Manufacturing Inc.*, Case No. 09-5957. [2]

---

[1] Plaintiff would note that Thor, Dutchmen and Four Winds are represented by the same counsel and that said counsel first brought this to the attention of Plaintiff's counsel in November, 2011. Defendant Dutchmen is not prejudiced in any manner in that Defendants have not answered these complaints and trial date is yet to be scheduled.  Additionally, Thor and Dutchmen are insured under the same policies.

[2] With this addition the number of Plaintiffs in 09-5957 will be 102.

In a motion to sever, the court may consider the following factors: (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for separate claims. *McFarland v. State Farm Fire & Cas. Co.,* No. 1:06cv466-LTS-RHW, 2006 WL 2577852, at *1 (S.D.Miss. Sept. 6, 2006). All these factors all support severance of these Plaintiffs. Judicial economy will be best served and prejudice avoided. Further this action would facilitate the settlement of the claims as Thor and Dutchmen have the same insurance companies and counsel.

As the Court has noted in this litigation,

> In a litigation as large and complex as this, mistakes are bound to occur. It is important here that the length of delay and its potential impact on the judicial proceedings are very slight. Moreover prejudice to the defendants is negligible.   [Rec. Doc. 23966, p. 12.]

In the case at bar, there was a mistake in naming the proper party that manufactured travel trailers. As the Court has stated previously, in a litigation as large as this, such mistakes are bound to occur, especially where there are related entities and counsel relied on good faith on representations made by the United States Government in matching the trailers to Thor.[3]

---

[3] Plaintiff's counsel believes that all relevant deadlines under PTO 49 and 68 were met and that a distinction can be made between obvious failures to meet matching deadlines and this particular situation caused by faulty matching data originating from FEMA.  This Motion to Sever and move plaintiffs does not constitute a direct filing into this MDL or the addition of new Plaintiffs.

Moreover, the potential impact on the judicial proceedings is very slight, especially since the Thor, Dutchmen and Four Winds are related, and have the same counsel. For all these reasons, this substitution severance and joinder should be allowed.

## II. TOLLING OF PRESCRIPTION PERIOD

Plaintiffs would further show that the prescription period should be tolled for these Plaintiffs as of the date of their original filings as Dutchmen is a solidary obligor with the originally named contractor defendants.   The prescription period should be further tolled as Plaintiffs' allegations in their original Complaints arise out of the same transaction, occurrence, or conduct as the allegations in the proposed amended pleading, thus falling within the "relation back" provisions of Federal Rule of Civil Procedure 15(c)(1)(B).

The prescription period has been interrupted as to Dutchmen under any one of the three relation back provisions of Federal Rule of Civil Procedure 15(c). Rule 15(c)(1) provides:

An amendment to a pleading relates back to the date of the original pleading when:

(A)The law that provides the applicable statute of limitations allows relation back;

(B) The amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading; or

(C) The amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

    i) Received such notice of the action that it will not be prejudiced in defending on the merits; and

    (ii) Knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Here it is clear that Dutchmen had notice of the action as they have been party to this MDL and have actively participated in it since its inception. [4]Further Dutchmen knew the action should have been brought against it, and it fact it was their counsel who brought it to the attention of Plaintiffs' counsel that the VINs matched Dutchmen as opposed to Thor based upon the Plaintiff Fact Sheets they were provided. Fed. R. Civ. P. 15(c)(1). In diversity cases, federal courts apply state statutes of limitations and related state law governing the tolling of the limitations period. *Hensgens v. Deere & Company,* 869 F.2d 879 (5th Cir. 1989). . . . The principal method of interrupting this one-year prescriptive period is set forth in Louisiana Civil Code article 3462: Prescription is interrupted ... when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If the one-year prescriptive period is, in fact, interrupted, Louisiana Civil Code article 1799 further provides that the interruption of prescription against one solidary obligor is effective against all solidary obligors. See also LSA–C.C. art. 3503. *Richard v. Reed,* 883 F.Supp. 107, 109 (W.D. La. 1995) (footnote omitted). These factors are satisfied here, and the prescription period for these claims has been interrupted at the time of their respective filings.

---

[4] Plaintiffs meet the Rule 16 "good cause" criteria because Plaintiffs were not filed against a completely unrelated manufacturing defendant.  In fact, Plaintiffs failed to match because they relied upon FEMA matching data and were not informed of the error by defense counsel until November 2011.

### III. CONSENT

Plaintiff's counsel sought consent from opposing counsel prior to filing this Motion, and consent was not given.

### IV. CONCLUSION

**WHEREFORE,** said Plaintiffs identified in Exhibit A pray that their actions be severed from the Thor claims and Four Wind claims as identified in the above captioned matter and that they be granted leave to join prior existing action *Julie Cook et al, v. Dutchmen Manufacturing Inc*. Case No. 09-5957 filed against Dutchmen Manufacturing, Inc. and the prescription period for them be tolled as at the time of their original filings.

Respectfully submitted,

HURRICANE LEGAL CENTER, LLC

BY:  /s/  *Lawrence J. Centola, Jr.*
        Lawrence J. Centola, Jr.
Lawrence J. Centola, Jr., LA Bar #3962
600 Carondelet Street, Suite 602
New Orleans, LA 70130
(504) 525-1944 (telephone)

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 18, 2012 I electronically filed the forgoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the forgoing documents and a notice of electronic filing by first class mail to all counsel on record who are non-CM/ECF participants.

/s/ *Lawrence J. Centola, Jr.*
Lawrence J. Centola, Jr.