UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: FEMA TRAILER**<br>      **FORMALDEHYDE PRODUCTS**<br>      **LIABILITY LITIGATION** | **MDL NO. 1873** |
| **This document relates to:** | **JUDGE ENGELHARDT** |
| *Suit No. 09-8696* | **MAG. JUDGE CHASEZ** |

**MEMORANDUM IN SUPPORT OF *UNOPPOSED* MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PTO 2 AND 32**

Defendant Keystone RV Company ("Keystone") has filed an unopposed motion to dismiss, with prejudice, the claims of the plaintiffs listed below. As explained more fully below, these plaintiffs have failed to comply with PTO Nos. 2 and 32 because they have not provided fully completed fact sheets within the deadlines for doing so, nor have they complied with Keystone's request to cure the deficiencies in their fact sheets.

Plaintiffs' counsel has no opposition to this motion or the proposed dismissal these plaintiffs' claims.

**Plaintiff Fact Sheet Process**

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008 the Court issued PTO No. 2, describing procedures for various

case management issues.

PTO No. 2 introduced the "Plaintiff Fact Sheet" (PFS), which would serve as the substitute for the initial rounds of Interrogatories and Requests for Production of Documents in a standardized and simple form.[1] The order also established a process for "curing" these fact sheets when a particular plaintiff failed to provide one or more responses in his or her fact sheet.

Outlining the curing process, the PTO No. 2 stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiffs' counsel a letter explaining the material deficiency in the PFS.[2] The letter would specifically list each alleged material deficiency, and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days.[3]

On March 18, 2009, the Court amended Pre-Trial Order No. 2 with PTO No. 32 as to the issue of these fact sheets.[4] Due to the large number of cases being filed in the summer of 2009, PTO No. 32 provided new deadlines for the provision of the sheets. PTO No. 32 also retained the same curing procedure as was set forth in PTO No. 2.

---

[1] Rec. Doc. No. 87.

[2] *Id.* at p. 8-9.

[3] *Id.*

[4] Rec. Doc. No. 1180.

## LAW AND ARGUMENT

The Court is authorized to dismiss a plaintiff's claims under Rule 41(b) of the Federal rules for failure to comply with a Court order, including the pre-trial orders issued in this case. This authority is based on the Court's power to manage and administer its own affairs, along with the authority to ensure the orderly and expeditious disposition of cases.[5] The rule in the Fifth Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice.[6]

Here, the seventeen plaintiffs at issue have not complied with the fact sheet process under PTO 2 and 32. The plaintiffs are the following:

(1) Gloria P. Byrd;

(2) Henry J. Byrd;

(3) Marie L. Chauvin;

(4) Sandra V. Davis;

(5) Luther C. Davis;

(6) Rita L. Faulkner;

(7) James Faulkner, Jr.;

(8) James Faulkner, Sr.;

(9) Jemell R. George;

---

[5] *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992).

[6] *Wrenn v. American Cast Iron Pipe Co.*, 575 F. 2d 544, 546 (5th Cir. 1978).

(10) Linda L. Gumbs;

(11) Rondell Harris;

(12) Chantell A. Harris;

(13) Joycelyn Hayes;

(14) Lori A. Heim

(15) Roderick L. Martinez;

(16) Ronnie Owens; and

(17) James T. White.

Under the procedures established by the Court, the following steps were taken:

(a) In a June 30, 2011 letter, counsel for Keystone identified a list of Keystone plaintiffs whose fact sheets were deficient because of missing information. This list included the seventeen plaintiffs at issue here.[7]

(b) On November 22, 2011, by email, counsel for the plaintiffs responded and indicated that they were unable to cure the deficiencies in the plaintiffs' fact sheets. Specifically, counsel stated that he "was unsuccessful in contacting our clients to remedy the deficiencies on their PFS."[8]

(c) On January 18, 2012 and January 20, 2012, counsel for Keystone emailed plaintiffs' counsel to confirm that Keystone would move to

---

[7] See Exhibit "1" (Deficiency Letter).

[8] See Exhibit "2" (November 22, 2011 email).

{B0772671.1}   4

dismiss the seventeen plaintiffs' names and that plaintiffs' counsel did not object to the proposed dismissals.[9]

(d) On January 20, 2012, plaintiffs' counsel advised that he did not have any objection to the dismissals.[10]

## CONCLUSION

For the reasons set out in this memorandum and based on the lack of opposition by plaintiffs, the Court should dismiss the claims the plaintiffs referenced above, for failure to comply with the Court's orders, particularly PTO Nos. 2 and 32.

Respectfully submitted,

*s/ Ryan E. Johnson*

_____
James C. Percy (La. Bar No. 10413)
Ryan E. Johnson (La. Bar No. 26352)
**JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**
Four United Plaza
8555 United Plaza Boulevard
Baton Rouge, LA 70809
Telephone: (225) 248-2080
Facsimile: (225) 248-3080
      -and-
Madeleine Fischer (La. Bar No. 5575)
**JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**
201 St. Charles Avenue, 49th floor
New Orleans, LA 70170
Telephone: (504) 582-8000
Facsimile: (504) 589-8208

---

[9] *See* Exhibit "3" (January 2012 email string).

[10] *Id*. *See* in particular, January 20, 2012 email.

*Counsel for Keystone RV Company*

Date: January 20, 2012

**CERTIFICATE OF SERVICE AND CERTIFICATE PER PTO 10**

      I hereby certify that on this day, a true and correct copy of the foregoing pleading has been filed via the Court's electronic filing system and will be served on all parties via that system.

      I further certify that under PTO No. 10, I contacted counsel for the plaintiffs, as indicated in the attached exhibits, and they indicated that they had not been able to contact their clients, and thus, they were not able to cure the deficient fact sheets.  Furthermore, I certify that plaintiffs' counsel have no objection or opposition to the proposed dismissals.

      Baton Rouge, Louisiana, this 20th day of January, 2012.

*s/Ryan E. Johnson*
_____

Ryan E. Johnson