UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCT | * | |
| LIABILITY LITIGATION | * | SECTION "N-5" |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE ENGELHARDT |
| Case No. 10-1041 | * | |
| | * | MAG. JUDGE CHASEZ |

*******************************************************************************

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR RECONSIDERATION
OF ORDER DISMISSING PLAINTIFF JAMES BURGE**

**Introduction**

This Memorandum of Law and Authorities accompanies the Plaintiff, James Burge's

Motion for Reconsideration.  The Plaintiff herein submits that the underlying Motion to Dismiss

is improper as it is a generic and boilerplate motion which ignores the particular issues of this

case.  Moreover, the undersigned counsel of record was never served pursuant to Federal Rules

of Civil Procedure, Local rules and ECF rules.

**Factual Background**

Plaintiff's claims result from his exposure to excessive formaldehyde levels during the

maintenance of the FEMA trailers.  From the fall of 2005 until the end of 2006, Mr. Burge

worked up to sixteen hours a day and up to seven days a week inspecting the FEMA trailers

located at the "Purvis staging ground."  Mr. Burge (age 37) was diagnosed with cardiomyopathy

and given a terminal prognosis.

Plaintiff did not reside in a FEMA trailer and, as such, was not capable of fully complying

with Pre-Trial Orders 2 and 32 to the extent that he was not able to provide a bar code or VIN

number of a specific FEMA trailer.  These facts were related to Defendants in the original Complaint which was transferred to MDL No. 1873 on April 5, 2010.

 The Court has asserted jurisdiction over Mr. Burge's claims by virtue of the Conditional Transfer Order (CTO-23), a copy of which is attached hereto as Exhibit "A".  The Court satisfied itself that there was a sufficient factual nexus between the complaint and the MDL.  Upon the Court's Order [24032 ], Mr. Burge's case has been dismissed because his complaint is not so factually similar to the MDL as to make compliance with PTO 2 and 32 possible.  A copy of the Court's Order is attached hereto to Exhibit "B".

Mr. Burge worked in literally thousands of trailers for nearly two years.  He was exposed to the toxic levels of formaldehyde seventeen hours a day and seven days a week.  Though Mr. Burge's case was facially related to the overarching litigation, he could not and can not meet the requirements of the Court's Pre-Trial Orders 2 and 32 in submitting a VIN number.

Mr. Burge's responses to Plaintiff's Fact Sheet Items V(A.)(1-4) state that the requests for trailer numbers are "N/A" as he did not reside in a FEMA trailer, he inspected them.  Mr. Burge's responses to Plaintiff's Fact Sheet, Items V(A)(8-10) state that Plaintiff worked in/on FEMA trailers at the Purvis Staging Site, thereby providing the location of the trailers.

The Court's Order [24032], in stating that "this motion has merit," overlooks the obvious: Mr. Burge's case is factually distinct from the thousands of other claims and it would be inequitable to dismiss his case.  Mr. Burge's claims have now been dismissed because he has not complied with Pre-trial Orders Nos. 2 and 32.  As detailed above, Mr. Burge has complied by explaining he cannot provide a bar code or VIN number.

The Defendant's motion itself is an obvious generic motion which ignores the issue of the

case it seeks to dismiss.  However, Defendant does admit that James David Burge answered 18

of the required 23 key questions.  It then, however, then repeats that Mr. Burge "does not know

who manufactured the FEMA housing unit he stayed in, does not belong in a suit against Forest

River and his claims should be dismissed on that basis."  (Emphasis added)  Again, Mr. Burge

answered the best of his ability but he did not reside in a unit and therefore cannot provide a

specific VIN number.

**Argument**

A.     **Notice of the Motion Did Not Comport With Federal Rules of Civil
       Procedure or Local Rules Regarding ECF Filing.**

Undersigned counsel was not noticed with the a copy of the motion in a manner

consistent with Fed. R. Civ. P. 5(b)(1) nor in a manner consistent the Local Rules of the Eastern

District of Louisiana.   Fed. R. Civ. Proc. 5(b)(1) states that "If a party is represented by an

attorney, service under this rule must be made on the attorney unless the court orders service on

the party."  Local Rule 5.4 requires that each pleading contain a certificate of service stating that

service was perfected on all parties or their counsel via ECF or a manner proscribed by Fed. R.

Civ. P. 5(b)(2).  Administrative Procedures for Electronic Case Filing Require Rule 9 require that

an ECF notice be sent to "Filing Users" and that those that are not "Filing Users" be sent a copy

in accord with Fed. R. Civ. P. 5(b)(2). [1]  Addressing the issue of service particulars, a Kentucky

bankruptcy court concluded that where a Trustee improperly served an adversarial complaint, the

---

[1] Rule 9 states:

> The "Notice of Electronic Filing" that is automatically generated by the court's
> Electronic Filing System, except as provided below, constitutes service of the
> filed document on Filing Users. Parties who are not Filing Users must be served
> with a copy of any pleading or other document filed electronically in accordance
> with the Federal Rules of Civil Procedure and the local rules.

creditor had no notice and therefore no obligation to respond and the Default Judgment was void for want of proper service.  In re Allen, 417 B.R. 850, 852 (E.D. Ky. 2009).   These notice requirements under ECF rules, Local Rules and the Federal Rules of Civil Procedure are derived from the Fourth Amendment of the United States Constitution to ensure due process of law.

Undersigned counsel is a Filing User  with the Eastern District of Louisiana.  However, counsel received no ECF Notice and no copy of the pleading was served upon the opposing party. The means by which a copy of the Motion was delivered does not comply with the rules.

To be crystal clear, the undersigned received a copy of the Defendant's motion from Gainsburgh Benjamin.  The procedure in this MDL for notice of pleadings has been that once or twice daily, Gainsburgh Benjamin sends dozens and sometimes hundreds of emails to the undersigned. The undersigned counsel reviews these emails periodically and staff review these emails periodically. Recently, the undersigned has had staffing changes and the undersigned admits that he missed the notice as provided by the email from Gainsburgh Benjamin.  The email notification notwithstanding, the undersigned submits that the notice practice established in this proceeding does not comport with Fed. R. Civ. P. 5 and the local rules regarding ECF.  Therefore the notice of the motion is procedurally and technically deficient, rendering the judgment void under Fed. R. Civ. P. 60(b)(4).

**B.      The Court Should Vacate its Order and Deny the Motion to Dismiss in the Interest of Equity.**

For the reasons described herein, the Court should vacate its order of dismissal.  The Court asserted jurisdiction over the case, and thereafter subjected the Plaintiff to particular strictures with which the Plaintiff cannot possibly comply. For this independent reason, the

Plaintiff respectfully requests that the Court void its order of dismissal.

## Conclusion

WHEREFORE PREMISES CONSIDERED, Plaintiff James Burge respectfully requests the Court reconsider its Order of December 30, 2011 [24032], vacate same and deny the Defendant's Motion to Dismiss [23795].

RESPECTFULLY SUBMITTED, this the 23rd day of January, 2012,

PLAINTIFF, JAMES BURGE


BY:___*s/ Edward Gibson, Esq.*_____
EDWARD GIBSON, ESQ.
*HAWKINS, STRACENER & GIBSON, PLLC*
153 Main Street
Bay St. Louis, MS 39520
Ph. (228) 469-0785; Fx. (228) 467-4212

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that I have this day caused to be served via the Electronic Filing System and/or U.S. First Class Mail, postage prepaid and/or via Facsimile a true and correct copy of the above and foregoing *Memo in Support of Motion for Reconsideration* to all known counsel of record as indicated below:

Ernest P. Gieger, Jr., Esq. (egieger@glllaw.com)
Andrew A. Braun, Esq. (abraun@glllaw.com )
J. Michael Digiglia, Esq. ( mdigiglia@glllaw.com )
Geiger, Laborde & Laperouse, LLC
One Shell Square
701 Poydras Street, Ste. 4800
New Orleans, Louisiana 70139-4800

Michael David Kurtz, Esq. ( dkurtz@bakerdonelson.com )
Baker, Donelson, Bearman, Caldwell & Berkowitz (New Orleans)
201 St. Charles Ave., Ste. 3600
New Orleans, LA 70170

Andrew D. Weinstock, Esq. ( andreww@duplass.com )
Duplass, Zwain, Bourgeois, Pfister & Weinstock
Three Lakeway Center
3838 N. Causeway Blvd., Ste. 2900
Metairie, LA 70002

Charles E. Leche, Esq. ( cleche@dkslaw.com )
Deutsch, Kerrigan & Styles, LLP (New Orleans)
755 Magazine Street
New Orleans, LA 70130

Frank Jacob D'Amico, Jr., Esq. ( frank@damicolaw.com )
Frank J. D'Amico, Jr., APLC
622 Baronne Street, 2nd Floor
New Orleans, LA 70113

Gerald Edward Meunier, Esq. ( gmeunier@gainsben.com )
Justin I. Woods, Esq. ( jwood@gainsben.com )
Gainsburgh, Benjamin, David, Meunier & Warshauer
Energy Centre
1100 Poydras St., Ste. 2800
New Orleans, LA 70163-2800

John Adam Bain, Esq. ( adam.bain@usdoj.gov )
U.S. Department of Justice
Civil Division, Torts Branch
Ben Franklin Station
P.O. Box 340
Washington, DC 20004

Adam Michael Dinnell, Esq. ( adam.dinnell@usdoj.gov )
U.S. Department of Justice
Tax Division
P.O. Box 14198
Washington, DC 20044

Henry Thomas Miller, Esq. ( henry.miller@usdoj.gov )
Dept. of Justice, Civil Division, Torts Branch
P.O. Box 340
Ben Franklin Station
Washington, DC 20044

Jonathan Richard Waldron, Esq. ( jonathan.waldron@usdoj.gov )
U.S. Department of Justice
1331 Pennsylvania Avenue NW
Washington, DC 20004

SO CERTIFIED, this the 23rd day of January, 2012.

_____*s/ Edward Gibson, Esq.*_____
EDWARD GIBSON, ESQ.