UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE FEMA FORMALDEHYDE PRODUCT LIABILITY LITIGATION, | * CIVIL ACTION NO. 1873 <br> * <br> * <br> * <br> * <br> * JUDGE ENGELHARDT <br> * |
| This Document Relates To: | * <br> * |
| *Leanderous McClendon, et al. v. Morgan Building Systems, Inc., et al* (E.D. La. 10-2279) | * MAGISTRATE CHASEZ <br> * <br> * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS WITH PREJUDICE FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDER 32 RELATING TO PLAINTIFF FACT SHEETS

Defendant, Morgan Building Systems, Inc. (Morgan), files this reply memorandum to address the opposition arguments to Morgan's motion to dismiss the claims of Jerry Womack.[1] The crux of Morgan's motion is that Jerry Womack failed to provide information specifically identifying his THU, which would enable Morgan to confirm that he actually resided in a Morgan-procured THU. (Sections V(A)(2) – (4)).[2] Additionally, Mr. Womack failed to answer several other "key questions": Section IV(C) regarding date of birth; Section V(A)(8) regarding installation address; Section V(E) regarding THU residents; Section V(D) regarding smoking history of other THU residents; Section VI(F) concerning prior medical history; Section IV(F)(3) concerning wage claim; and Section V(13) concerning number of hours spent in the THU each day.[3]

---

[1] Morgan has filed a motion to withdraw its motion to dismiss as to Leanderous McClendon, Edgar J. Jacobs, Joseph Scott and Kenny James Womack. (R. Doc. 24240).
[2] Exhibit M to Morgan's motion to dismiss – Jerry Womack's Plaintiff Fact Sheet.
[3] *Id.*

399136.1

As the Court is aware, Morgan did not construct THUs.[4] Morgan procured THUs directly from Fleetwood, Recreation by Design, and Monaco, and did not act as a general procuring agent for FEMA.[5] Mr. Womack's responses (or lack of responses) prevent Morgan from determining whether or not Mr. Womack actually resided in a Morgan-procured unit and evaluating his claim.

In the opposition memorandum, plaintiffs' counsel requests additional time to obtain updated information from Mr. Womack because plaintiffs' counsel recently learned that Mr. Womack is incarcerated. Nicole Porter's affidavit, attached as plaintiffs' Exhibit D, indicates that plaintiffs' counsel has written to Mr. Womack seven times since September 30, 2008, and has been calling Mr. Womack twice daily, since December 27, 2011, in order to obtain information for his Plaintiff Fact Sheet, without response from Mr. Womack. Mr. Womack's incarceration is not an excuse for his failure to actively participate in this litigation.

The eleventh-hour request for additional time for Mr. Womack to provided completed Plaintiff Fact Sheet responses should be denied, because he has been provided with more than adequate time to supply this information. Mr. Womack asserted his claims against Morgan on July 30, 2010, and has apparently been represented by his attorney in this MDL since September 2008.[6] Thus, Mr. Womack has known (or should have been aware) for over three and one-half years of his obligation to produce completed plaintiff fact sheet responses. Morgan is unaware of any effort by Mr. Womack to participate in the last-chance matching process (which has now ended), by which FEMA would provide information about an individual's THU, and Nicole

---

[4] Exhibit E - October 22, 2009 Morgan Buildings & Spas deposition excerpts, at 24:12-23.
[5] Exhibit F - August 13, 2008 Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc. deposition excerpts, 21:6-13; Exhibit E, at 19:9-20:21.
[6] *See* plaintiffs' opposition Exhibit D, paragraph 8, indicating that his attorneys mailed Mr. Womack a FEMA Plaintiff Fact Sheet Packet on September 30, 2008.

399136.1

Porter's affidavit suggests that Mr. Womack has been completely unresponsive to counsel's prior efforts to reach him.

The time for extensions of the discovery deadline is over. Because a complete and cured Plaintiff Fact Sheet has not been provided by Jerry Womack, good cause exists for the Court to prevent further prejudice to Morgan and dismiss Mr. Womack's claims for failure to comply with Pre-Trial Order No. 32.

Respectfully submitted,

/s/ Amanda S. Stout
Christine Lipsey (La. Bar Roll No. 1182), T.A.
Dan E. West (La. Bar Roll No. 13372)
Amanda S. Stout (La. Bar Roll No. 29001)
McGLINCHEY STAFFORD, PLLC
One American Place, 14th floor
Baton Rouge, Louisiana 70825
Telephone: (225) 383-9000
Facsimile: (225) 343-3076

ATTORNEYS FOR MORGAN BUILDINGS & SPAS, INC. AND MORGAN BUILDING SYSTEMS, INC.

### Certificate of Service

I certify that, on January 23, 2012, a copy of this pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all liaison counsel by operation of the court's CM/ECF system and by electronic mail.

/s/ Amanda S. Stout
Amanda S. Stout

399136.1

3