UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
|     FORMALDEHYDE | * | |
|     PRODUCTS LIABILITY | * | SECTION: N(5) |
|     LITIGATION | * | |
| | * | JUDGE: ENGELHARDT |
| This Document Relates to: | * | |
| *Alexander, et al v. Gulf Stream Coach, Inc., et al* | * | MAG: CHASEZ |
| Docket No. 09-8467 | * | |
| Plaintiff: Patrice Batiste | * | |
| | * | |
| *Thomas, et al v. Gulf Stream Coach, Inc., et al* | * | |
| Docket No. 09-8217 | * | |
| Plaintiffs: Jerry Battise, Jr., individually and o/b/o | * | |
| J.B., Jerry Battise, Marcus Beasley, Susan Beech, | * | |
| individually and o/b/o M.B. | * | |
| | * | |
| *Acklin, et al v. Gulf Stream Coach, Inc., et al* | * | |
| Docket No. 09-7304 | * | |
| Plaintiffs: Dominique Baxter, Rodney Baxter, | * | |
| Paul Beason, Christopher Bendy | * | |
| | * | |
| *Alberti, et al v. Gulf Stream Coach, Inc., et al* | * | |
| Docket No. 09-4794 | * | |
| Plaintiffs: June Baxter, Michael Beroid | * | |
| | * | |
| *Bazanac, et al v. Gulf Stream Coach, Inc., et al* | * | |
| Docket No. 09-8320 | * | |
| Plaintiff: Octave Bazanac | * | |
| | * | |
| *Bazzelle, et al v. Gulf Stream Coach, Inc., et al* | * | |
| Docket No. 10-2356 | * | |
| Plaintiff: Belinda Bazzelle, individually and | * | |
| o/b/o S.B. | * | |
| | * | |
| *Allen, et al v. Gulf Stream Coach, Inc., et al* | * | |
| Docket No. 09-8645 | * | |
| Plaintiffs: Windell T. Bean, Calvin Bickham, III | * | |
| | * | |
| *Ables, et al v. Gulf Stream Coach, Inc., et al* | * | |
| Docket No. 09-5597 | * | |
| Plaintiff: Issac Beard | * | |
| | * | |
| *Krivjanick, et al v. Gulf Stream Coach, Inc., et al* | * | |
| Docket No. 09-4938 | * | |
| Plaintiff: David Beaulieu, individually and o/b/o | * | |

00294858-1

| | |
|---|---|
| RJ.B., Wellington Beaulieu | * |
| | * |
| *Raymond, et al v. Gulf Stream Coach, Inc., et al* | * |
| Docket No. 09-3890 | * |
| Plaintiffs:  Denetra Hall Beaulieu, Jerome Beaulieu, | * |
| Sr., Jerome Beaulieu o/b/o Alexander Hall, | * |
| Jerneka Beaulieu, Jerome Beaulieu | * |
| | * |
| *Akridge, et al v. Gulf Stream Coach, Inc., et al* | * |
| Docket No. 09-8250 | * |
| Plaintiffs:  Linda Annette Beck, Steven Oneal | * |
| Bell, Cozert C. Berry | * |
| | * |
| *Allen, et al v. Gulf Stream Coach, Inc., et al* | * |
| Docket No. 10-2887 | * |
| Plaintiff:  Darla Bell | * |
| | * |
| *Allen, et al v. Gulf Stream Coach, Inc., et al* | * |
| Docket No. 09-8203 | * |
| Plaintiffs:  Sharonda Bell o/b/o X.B., Q.B., | * |
| Quentin Mark Bell, Sr., Markiesha Bennett, | * |
| individually and o/b/o A.B. | * |
| | * |
| *Alexander, et al v. Gulf Stream Coach, Inc., et al* | * |
| Docket No. 10-2335 | * |
| Plaintiffs: Justin Bellard, Pattie Bennett | * |
| Sherell Bennett | * |
| | * |
| *Cain, et al v. Gulf Stream Coach, Inc., et al* | * |
| Docket No. 10-2030 | * |
| Plaintiff:  April Bennett | * |
| | * |
| *Bennett, et al v. Gulf Stream Coach, Inc., et al* | * |
| Docket No. 09-8019 | * |
| Plaintiffs:  Joyce Marie Bennett, Malcolm T. | * |
| Beshard, Sharron G. Beshard | * |
| | * |
| *Briggs, et al v. Gulf Stream Coach, Inc., et al* | * |
| Docket No. 09-7956 | * |
| Plaintiff:  Linye Bennett | * |
| | * |
| | |
| *Aitkins, et al v. Gulf Stream Coach, Inc., et al* | * |
| Docket No. 09-8479 | * |
| Plaintiff: James Bertucci | * |
| | * |
| *Barras, et al v. Gulf Stream Coach, Inc., et al* | * |

| | |
|---|---|
| Docket No. 09-5728 | * |
| Plaintiffs: Christopher Bickham, Azelean Bickham | * |
| | * |
| *Alexander, et al v. Gulf Stream Coach, Inc., et al* | * |
| Docket No. 09-8646 | * |
| Plaintiff: Calvin Bickham, III | * |
| | * |
| *Anderson, et al v. Gulf Stream Coach, Inc., et al* | * |
| Docket No. 09-8665 | * |
| Plaintiff: Calvin Bickham, III | * |
| | * |
| *Rodriguez, et al v. Gulf Stream Coach, Inc., et al* | * |
| Docket No. 09-8303 | * |
| Plaintiff: Christopher Bickham | * |

*****************************************************************************

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS CERTAIN PLAINTIFFS

**MAY IT PLEASE THE COURT:**

Gulf Stream Coach, Inc. ("Gulf Stream"), submits this Memorandum in Support of its Motion to Dismiss certain plaintiffs for failure to complete Plaintiff Fact Sheets in accordance with the Court-ordered deadlines for doing so. The plaintiffs include:

- Patrice Batiste, who filed suit in case(s) *Alexander, et al v. Gulf Stream Coach, Inc., et al*; Docket No. 09-8467

- Jerry Battise, Jr., individually and o/b/o J.B., Jerry Battise, Marcus Beasley, Susan Beech, individually and o/b/o M.B., who filed suit in case(s) *Thomas, et al v. Gulf Stream Coach, Inc., et al*; Docket No. 09-8217

- Dominique Baxter, Rodney Baxter, Paul Beason, Christopher Bendy, who filed suit in case(s) *Acklin, et al v. Gulf Stream Coach, Inc., et al*; Docket No. 09-7304

- June Baxter and Michael Beroid, who filed suit in case(s) *Alberti, et al v. Gulf Stream Coach, Inc., et al*; Docket No. 09-4794

- Octave Bazanac, who filed suit in case(s) *Bazanac, et al v. Gulf Stream Coach, Inc., et al*; Docket No. 09-8320

- Belinda Bazzelle, individually and o/b/o S.B., who filed suit in case(s) *Bazzelle, et al v. Gulf Stream Coach, Inc., et al*; Docket No. 10-2356

- Windell T. Bean and Calvin Bickham, III, who filed suit in case(s) *Allen, et al v. Gulf Stream Coach, Inc., et al*; Docket No. 09-8645

- Issac Beard, who filed suit in case(s) *Ables, et al v. Gulf Stream Coach, Inc., et al*; Docket No. 09-5597

- David Beaulieu, individually and o/b/o RJ.B., Wellingston Beaulieu, who filed suit in case(s) *Krivjanick, et al v. Gulf Stream Coach, Inc., et al*; Docket No. 09-4938

- Denetra Hall Beaulieu, Jerome Beaulieu, Sr., Jerome Beaulieu o/b/o Alexander Hall, Jerneka Beaulieu and Jerome Beaulieu, who filed suit in case(s) *Raymond, et al v. Gulf Stream Coach, Inc., et al*; Docket No. 09-3890

- Linda Annette Beck, Steven Oneal Bell and Cozert C. Berry, who filed suit in case(s) *Akridge, et al v. Gulf Stream Coach, Inc., et al*; Docket No. 09-8250

- Darla Bell, who filed suit in case(s) *Allen, et al v. Gulf Stream Coach, Inc., et al*; Docket No. 10-2887

- Sheronda Bell o/b/o X.B., Q.B., Quentin Mark Bell, Sr., Markiesha Bennett, individually and o/b/o A.B., who filed suit in case(s) *Allen, et al v. Gulf Stream Coach, Inc., et al*; Docket No. 09-8203

- Justin Bellard, Pattie Bennett, Sherell Bennett, who filed suit in case(s) *Alexander, et al v. Gulf Stream Coach, Inc., et al*; Docket No. 10-2335

- April Bennett, who filed suit in case(s) *Cain, et al v. Gulf Stream Coach, Inc., et al*; Docket No. 10-2030

- Joyce Marie Bennett, Malcolm T. Beshard, Sharron G. Beshard, who filed suit in

case(s) *Bennett, et al v. Gulf Stream Coach, Inc., et al*; Docket No. 09-8019

- Linye Bennett, who filed suit in case(s) *Briggs, et al v. Gulf Stream Coach, Inc., et al*; Docket No. 09-7956

- James Bertucci, who filed suit in case(s) *Aitkins, et al v. Gulf Stream Coach, Inc., et al*; Docket No. 09-8479

- Christopher Bickham and Azelean Bickham, who filed suit in case(s) *Barras, et al v. Gulf Stream Coach, Inc., et al*; Docket No. 09-5728

- Calvin Bickham, III, who filed suit in case(s) *Alexander, et al v. Gulf Stream Coach, Inc., et al*; Docket No. 09-8646 and *Anderson, et al v. Gulf Stream Coach, Inc., et al*; Docket No. 09-8665

- Christopher Bickham, who filed suit in case(s) *Rodriguez, et al v. Gulf Stream Coach, Inc., et al*; Docket No. 09-8303

## I. CREATION OF MDL AND FACT SHEET PROCESS

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008, the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet" (PFS), which would serve as the substitute for the initial rounds of Interrogatories and Requests for Production of Documents in a standardized and simple form. Rec. Doc. No. 87. The Order also established a process for "curing" these fact sheets when a particular plaintiff failed to provide one or more responses in his or her fact Sheet. In describing the curing process, the Order stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id.* at p. 8—9. The letter would specifically list

each alleged material deficiency, and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id.*

Subsequently, on March 18, 2009, the Court amended Pre-Trial Order No. 2 with Pre-Trial Order No. 32 as to the issue of these fact sheets. Rec. Doc. No. 1180. Due to the large number of cases being filed in the summer of 2009, Pre-Trial Order No. 32 provided new deadlines for the provision of the sheets. Order 32 also retained the same curing procedure as was set forth in Order 2, including the 30-day deadline. *Id.* at p. 5.

Following the issuance of Order 32, the Court then issued Pre-Trial Order 86. Rec. Doc. 20,770. The Order, which applied to all PFS submitted before Jan. 1, 2011, required a third-party vendor to create a spreadsheet that listed pertinent information from each fact sheet. *Id.* at p. 6—8. Pre-Trial Order 88 subsequently ordered that the spreadsheet must include 23 distinct pieces of information that the defendants could evaluate. Rec. Doc. 22,153. Additionally, other than PFS actually produced before Jan. 1, 2011, <u>Order 88 specifically reserved the defendants' rights to dismiss for failure to comply with Pre-Trial Orders 2 and 32</u>. *Id.* at p. 3. It also extended the 30-day deadline to cure deficiencies to 60 days. *Id.* at p. 2.

While this spreadsheet "census" was being prepared, Gulf Stream sent correspondence to Plaintiff's Liaison Counsel providing several lists of plaintiffs for which Gulf Stream had **no** PFS whatsoever. *See*, e.g., correspondence from A. Weinstock to G. Meunier, dated July 19, 2011, attached as Exhibit "A." Plaintiffs responded by stating that the information Gulf Stream sought would be captured in the census. However, when the census was produced, Gulf Stream determined that several plaintiffs listed in the correspondence also failed to produce responses for the 23 questions listed in Pre-Trial Order 88. *Id.*; Census of Gulf Stream Plaintiffs, attached as a manual attachment to Gulf Stream's Motion to Dismiss Certain Plaintiffs as Exhibit "B" (Rec. Doc. 24230-3). Accordingly, Gulf Stream now moves to dismiss those plaintiffs for failing

to comply with this Court's comprehensive and thorough pre-trial orders on the PFS process.

## II.     LAW AND ARGUMENT

Here, Gulf Stream respectfully submits that the plaintiffs identified above have failed to comply with these Orders, and therefore, this Court should dismiss his claims. Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir.1992); *Colle v. Brazos County, Tex.,* 981 F.2d 237, 242-243 (5th Cir. 1993). Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice.[1]

In this case, Gulf Stream sent correspondence to Plaintiff's Liaison Counsel on July 19, 2011, informing Counsel that the plaintiffs listed above had not produced a PFS at any time during the litigation. *See* Exhibit A. Because nothing was produced for these plaintiffs prior to Jan. 1, 2011, the normal procedure set forth in Pre-Trial Orders 2 and 32 for curing deficiencies applied. Rec. Doc. 22,153, p. 3. This procedure gave plaintiffs 60 days to cure the deficiencies by producing a PFS, but these plaintiffs failed to produce a PFS by that deadline. Consequently, their claims should be dismissed on the basis alone. Gulf Stream, however, waited longer than the 60-day period based on the assurance that these plaintiffs would provide their information in the census. Yet, they failed to provide this information, as well.

---

[1] *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F.2d 1214 (5th Cir. 1970).

Accordingly, Gulf Stream moves to dismiss the claims for failure to comply with the Court's pre-trial orders. The time period to cure deficiencies has elapsed, and no information was contained in the census spreadsheet for these claims. Thus, these claims should be dismissed, with prejudice.

                 Respectfully Submitted,

                 **DUPLASS, ZWAIN, BOURGEOIS,**
                 **PFISTER & WEINSTOCK**

                 s/Andrew D. Weinstock
                 _____
                 **ANDREW D. WEINSTOCK #18495**
                 **JOSEPH G. GLASS #25397**
                 Three Lakeway Center, Suite 2900
                 3838 N. Causeway Boulevard
                 Metairie, Louisiana  70002
                 Telephone: (504) 832-3700
                 Facsimile: (504) 837-3119
                 andreww@duplass.com
                 jglass@duplass.com

       and

       **SCANDURRO & LAYRISSON**
       **Timothy D. Scandurro #18424**
       **Dewey M. Scandurro #23291**
       607 St. Charles Avenue
       New Orleans, LA 70130
       (504) 522-7100
       (504) 529-6199 (FAX)
       tim@scanlayr.com
       dewey@scanlayr.com
       **Counsel for Defendant, Gulf Stream Coach, Inc.**

## CERTIFICATE OF SERVICE

    **I DO HEREBY CERTIFY** that on this 24th day of January, 2012, a copy of the above and foregoing was filed electronically. Notice of this pleading was sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

       s/Andrew D. Weinstock
       _____
       ANDREW D. WEINSTOCK #18495
       andreww@duplass.com