UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:   FEMA TRAILER PRODUCTS<br>                LIABILITY LITIGATION<br><br>THIS DOCUMENT PERTAINS TO:<br>*Angelle Allen, et al. v. Layton Homes Corp., et al.*,<br>No. 09-5260.<br><br>Plaintiffs: Angelle Allen;<br>            Kenneth LaFrance<br>            Asia Eboney Lane;<br>            Arwvin Sino;<br>            Arvine Tyrone Sino;<br>            Donna Sino. | *  MDL NO. 07-1873<br>*<br>*<br>*  SECTION:  N "5"<br>*  JUDGE: KURT D. ENGELHARDT<br>*<br>*<br>*  MAGISTRATE JUDGE:<br>*  ALMA CHASEZ<br>*<br>*<br>*<br>*<br>* |

* * * * * * * * * * * * * * * * * * * * *

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDERS RELATING TO PLAINTIFF FACT SHEETS

Defendant, Layton Homes Corp. ("Layton"), through undersigned counsel, submits this memorandum in support of its motion to dismiss the claims of certain plaintiffs in ***ANGELLE ALLEN, ET AL. V. LAYTON HOMES CORP., ET AL., NO. 09-5260***, with prejudice, for failure to cure deficiencies in their Plaintiff Fact Sheets ("PFS") as required by the Court's Pre-Trial Orders. The plaintiffs to be dismissed are: **1) ANGELLE ALLEN; 2) KENNETH LAFRANCE; 3) ASIA EBONEY LANE; 4) ARWVIN SINO; 5) ARVINE TYRONE SINO; AND 6) DONNA SINO.**

**I.   CREATION OF MDL AND FACT SHEET PROCESS**

Pre-Trial Order 2 provided for the PFS as a substitute for initial written discovery.  (Rec. Doc. 87.)  Pre-Trial Order 2 also established a process for "curing" these PFS when a plaintiff failed to provide a PFS or provided deficient responses in a PFS.  Pre-Trial Order 2 authorized defendant's counsel to send written notice of any material deficiency in the PFS.  (*Id.* at pp. 8-9.)  Claims were subject to dismissal with prejudice for any failure to cure material deficiencies within thirty days.  (*Id.* at p.9.)  Pre-Trial Order 32 amended Pre-Trial Order 2 and provided new

969068.1

deadlines for the PFS, depending on the date of filing of a plaintiff's action. (Rec. Doc. 1180 at pp. 2-4.)

On June 24, 2011, the Court amended Pre-Trial Orders 2 and 32 with Pre-Trial Order 88. (Rec. Doc. 22124.) On July 1, 2011, the Court issued Corrected Pre-Trial Order 88. (Rec. Doc. 22153.) Pre-Trial Order 88 temporarily limited the deficiency process to twenty-three key fields of vital information that the Court identified as essential for the purpose of moving this matter toward resolution. For deficiency notices served after March 24, 2011, Pre-Trial Order 88 provided plaintiffs sixty days to cure any deficiencies in these fields. Finally, Pre-Trial Order 88 reaffirmed the requirement that each PFS have a plaintiff's signature.

## II.    LAW & ARGUMENT

### A.    These plaintiffs have failed to cure the key deficiencies of their PFS.

By letter dated June 29, 2011, Layton identified several deficiencies in the key fields of the PFS provided by the plaintiffs that are the subject of this motion. (Ex. A.) Plaintiffs have not responded to Layton's queries. More than sixty days has passed since Layton's deficiency notice, and these plaintiffs have failed to submit a completed PFS that cures the deficiencies identified by Layton. The omitted information concerns on the existence and extent of any possible injury as well as Layton's potential liability and is critical to Layton's evaluation of these claims.

**1. Angelle Allen:** Angelle Allen's PFS (Ex. B) failed to provide any response to the following key fields: III.C.2 (Future Medical Claim); III.C.9 (Medical Expenses Claim); IV.F.3 (Wage Claim); V.A.3 (FEMA I.D.); V.A.13 (Number of Hours Spent Per Day In Trailer); VI.C (Plaintiff's Smoking History); VI.D (Smoking History of Other Trailer Residents); VI.F. 1 (Prior Lung or Respiratory Disease); VI.F. 4 (Prior Skin Disease); and VIII. A-D (Medical Records).

**2. Kenneth LaFrance:**  Kenneth LaFrance's PFS (Ex. C) failed to provide any response to the following key fields: III.C.8 (Psychological Treatment); III.C.9 (Medical Expenses Claim); IV.F.3 (Wage Claim); V.A. 3 (FEMA I.D.); V.A. 8 (Installation Address);  V.A.13 (Number of Hours Spent Per Day In Trailer); VI.D (Smoking History of Other Trailer Residents); VI.F.1 (Prior Respiratory Illness); VI.F.4 (Prior Skin Disease); and VIII.A-D (Medical Records).  Additionally, Mr. LaFrance provided incomplete information for key field VII.B (Treatment for Formaldehyde Related Injury) (indicated he was treated by "Dr. Tillery" in New Orleans without specifying what treatment was sought or dates of treatment).

**3. Asia Eboney Lane:**  Asia Eboney Lane's PFS (Ex. D) failed to provide any response to the following key fields: III.C. 2 (Future Medical Claim); III.C. 3 (Symptoms/Diagnosed Illnesses); III.C. 9 (Medical Expenses Claim); V.A.13 (Number of Hours Spent Per Day In Trailer); VII.B (Treatment for Formaldehyde Related Injury); and VIII. A-D (Medical Records).

**4. Arwvin Sino:** Arwvin Sino's PFS (Ex. E) failed to provide any response to the following key fields: III.C. 2 (Future Medical Claim); III.C. 3 (Symptoms/Diagnosed Illnesses); III.C. 9 (Medical Expenses Claim); IV.C (Date of Birth); V.A. 3 (FEMA I.D.); V.A. 6 (Move-in Date); V.A. 7 (Move-out Date); V.A. 8 (Installation Address); V.A.13 (Number of Hours Spent Per Day In Trailer); VI.D (Smoking History of Other Trailer Residents); VII.B (Treatment for Formaldehyde Related Injury); and VIII. A-D (Medical Records).

**5. Arvine Tyrone Sino:** Arvine Tyrone Sino's PFS (Ex. F) failed to provide any response to the following key fields: III.C. 2 (Future Medical Claim); III.C. 3 (Symptoms/Diagnosed Illnesses); III.C. 9 (Medical Expenses Claim); V.A. 3 (FEMA I.D.); V.A.13 (Number of Hours Spent Per Day In Trailer); VI.D (Smoking History of Other Trailer

Residents); VII.B (Treatment for Formaldehyde Related Injury); and VIII. A-D (Medical Records).

**6. Donna Sino**: Donna Sino's PFS (Ex. G) failed to provide any response to the following key fields: III.C. 2 (Future Medical Claim); III.C. 9 (Medical Expenses Claim); IV.F. 3 (Wage Claim); V.A. 3 (FEMA I.D.); V.A.13 (Number of Hours Spent Per Day In Trailer); VI.C (Plaintiff's Smoking History); VI.D (Smoking History of Other Trailer Residents); VI.F.1 (Prior Respiratory Illness); VI.F. 4 (Prior Skin Disease); and VIII. A-D (Medical Records).

    **B.**    **Plaintiffs' claims should be dismissed with prejudice for failing to comply with Pre-Trial Orders 2, 32, and 88.**

In dismissing claims for failure to comply with Pre-Trial Orders 2, 32, and 88, this Court has relied on Federal Rule of Civil Procedure 41(b), which rule authorizes the dismissal of a claim if "plaintiff fails to prosecute or to comply with these rules or a court order . . . ." Dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice. *See*, *e.g.*, *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). *Wrenn v. Am. Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978). The Fifth Circuit looks for "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney. (2) actual prejudice to the defendant. or (3) delay caused by intentional misconduct." *Id.* (internal citation omitted). The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *See Lopez v. Arkansas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978).

This Court has also relied on Federal Rule of Civil Procedure 37(b)(2), which rule "empowers a district court to impost 'just' sanctions on parties who disobey a discovery order." *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). The Fifth Circuit has articulated four

969068.1

factors "that must be present before a district court may dismiss a case as a sanction for violation of a discovery order": (1) the violation must result "from willingness or bad faith and [be] accompanied by a clear record of delay or contumacious conduct." (2) "the violation . . . must be attributable to the client instead of the attorney." (3) the violation "must substantially prejudice the opposing party." and (4) there must be no "less drastic sanction that would substantially achieve the desired deterrent effect." *Id.* at 1380-81 (internal citations and quotation marks omitted).

These plaintiffs have exhibited a clear record of delay and contumacious conduct with respect to this Court's Pre-Trial Orders pertaining to PFS. Each plaintiff initially submitted an incomplete PFS, and then failed to respond to Layton's deficiency notice. As a result of plaintiffs' failure to provide completed PFS as required by this Court's Pre-Trial Orders, Layton is substantially prejudiced with respect to its defense and analysis of their claims.

Therefore, dismissal with prejudice is proper at this late stage and lesser sanctions would not serve the best interests of justice. These plaintiffs have failed to provide the answers to several basic questions on the PFS, despite the clear instructions of the Court and the efforts by Layton to obtain proper responses. The Pre-Trial Orders provided notice of the potential for the dismissal of claims. Further delay will not advance the resolution of the MDL and will substantially prejudice Layton in its preparation for trial.

### III. CONCLUSION.

In accordance with Pre-Trial Orders 2, 32, and 88 (as corrected), and Federal Rules of Civil Procedure Nos. 37(b)(2)(VI) and 41(b), the Motion to Dismiss filed by Layton should be granted, dismissing the claims of these plaintiffs, with prejudice.

969068.1

Submitted by:

s/ *Robert D. Sheesley*
LARRY FELDMAN, JR., T.A. (La. #5503)
ROBERT D. SHEESLEY (La. #31579)
**McGLINCHEY STAFFORD, PLLC**
601 Poydras Street, 12th Floor
New Orleans, LA 70130
Telephone: (504) 586-1200
Facsimile: (504) 596-2800

**ATTORNEYS FOR DEFENDANT
LAYTON HOMES CORP.**

## CERTIFICATE OF SERVICE

     I hereby certify that I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record.

s/ *Robert D. Sheesley*
ROBERT D. SHEESLEY

969068.1

-6-