UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:   FEMA TRAILER PRODUCTS<br>              LIABILITY LITIGATION<br><br>**THIS DOCUMENT PERTAINS TO:**<br>*Angelle Allen, et al. v. Layton Homes Corp., et al.*,<br>No. 09-5260.<br><br>**Plaintiffs:** Cornelius Ducro;<br>              Albert Hawkins, Sr.;<br>              Phyllis Hawkins;<br>              Spencer Jerome Jackson;<br>              Genette Lee;<br>              Otis Kareem Mackey;<br>              Ella Stein Singleton;<br>              Harry Dwayne Singleton;<br>              Carl Stewart, Jr.;<br>              Donesha Stewart;<br>              Proma James Turner;<br>              Lynnae Williams;<br>              Nelson Clarence Williams;<br>              Shannon Devoura Williams;<br>              Shannon Devoura Williams, a/n/f of<br>                 Jace Williams;<br>              Shannon Devoura Williams, a/n/f of<br>                 London Williams;<br>              Shannon Devoura Williams, a/n/f of<br>                 Nashae Williams. | *  **MDL NO. 07-1873**<br>*<br>*  **SECTION:  N "5"**<br>*  **JUDGE: KURT D. ENGELHARDT**<br>*<br>*  **MAGISTRATE JUDGE:**<br>*  **ALMA CHASEZ**<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

* * * * * * * * * * * * * * * * * * * * * *  *

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND
ALTERNATIVE MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRE-
TRIAL ORDERS RELATING TO PLAINTIFF FACT SHEETS**

Defendant, Layton Homes Corp. ("Layton"), through undersigned counsel, submits this memorandum in support of its motion for summary judgment and alternative motion to dismiss the claims of particular plaintiffs in *ANGELLE ALLEN, ET AL. V. LAYTON HOMES CORP., ET AL.*, **NO. 09-5260**, with prejudice.  The plaintiffs in question do not identify Layton as the manufacturer of their trailers.  Further, the plaintiffs in question failed to correct deficiencies in their Plaintiff Fact Sheets ("PFS") as required by the Court's Pre-Trial Orders.  The plaintiffs

963811.4

included are: **1) CORNELIUS DUCRO; 2) ALBERT HAWKINS, SR.; 3) PHYLLIS HAWKINS; 4) SPENCER JEROME JACKSON; 5) GENETTE LEE; 6) OTIS KAREEM MACKEY; 7) ELLA STEIN SINGLETON; 8) HARRY DWAYNE SINGLETON; 9) CARL STEWART, JR.; 10) DONESHA STEWART; 11 ) PROMA JAMES TURNER; 12) LYNNAE WILLIAMS; 13) NELSON CLARENCE WILLIAMS; 14) SHANNON DEVOURA WILLIAMS; 15) SHANNON DEVOURA WILLIAMS, A/N/F OF JACE WILLIAMS; 16) SHANNON DEVOURA WILLIAMS, A/N/F OF LONDON WILLIAMS; 17) SHANNON DEVOURA WILLIAMS, A/N/F OF NASHAE WILLIAMS;**

**I.     Summary judgment is appropriate because the plaintiffs admit that they did not reside in Layton travel trailers.**

In the amended complaint filed September 17, 2009, each plaintiff alleged that Layton was the manufacturer of the "housing units" occupied by the plaintiffs named in that suit.[1] (Member Case 09-5260, Rec. Doc. No. 2 at ¶ 86.)  The plaintiffs allege that Layton's products were unreasonably dangerous.  (*Id.* at ¶¶ 87-91.)  The plaintiffs assert that Layton is liable to them for damages suffered as a result of alleged exposure to formaldehyde fumes from Layton's products.  (*Id.* at ¶¶ 87, 106-107.)

However, each of the plaintiffs in question indicated in their PFS[2] that they resided in a unit manufactured by another manufacturer.  Because there is no competent evidence suggesting that any of these plaintiffs resided in units manufactured by Layton, their claims against Layton should be dismissed.

---

[1] The original complaint named numerous manufacturing defendants, but the amended complaint limited those claims to Layton.

[2] Pursuant to Pre-Trial Order No. 2, the MDL Court required each plaintiff to submit a PFS as a substitute for initial written discovery. (Rec. Doc. No. 87.)  Therefore, a PFS is appropriate summary judgment evidence under Federal Rule of Procedure 56.

963811.4

### A.   Summary judgment standard.

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 247 (1986). If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial. *Matsushita Elec. Indust. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 597 (1986). Once the moving party has carried its burden under Rule 56, the non-moving party must come forward with "specific facts showing that there is a *genuine issue for trial*." *Matsushita*, 475 U.S. at 587 (emphasis in original). An issue is material only if its resolution could affect the outcome of the action. *Anderson*, 477 U.S. at 248. Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment. *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 7 F.3d 1203, 1207 (5th Cir. 1993).

### B.   Manufacturer liability under the Louisiana Product Liability Act requires that the defendant actually be the manufacturer of the product.

The plaintiffs in question assert claims against Layton as a manufacturer under the Louisiana Product Liability Act (LPLA). (Member Case No. 09-5260, Rec. Doc. Nos. 1 and 2 at ¶¶ 86-91.) The LPLA provides that "[t]he manufacturer of a product shall be liable to a claimant for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product." La. R.S. 9:2800.54(A).

An essential element of any product liability claim against a manufacturer is that liability is imposed only upon the manufacturer of the item in question. *See Jack v. Albert-Culver USA, Inc.*, 06-1883 (La. Feb. 22, 2007), 949 So.2d 1256, 1258; *LeBlanc v. Wyeth, Inc.,* 495 F. Supp.

2d 609 (W.D. La. 2007). "Manufacturer" is defined as "the person or entity who is in the business of manufacturing a product for placement into trade or commerce" and can include a person who labels a product as his own or holds himself out as the manufacturer, a seller who exercises control or influences a characteristic that causes damage, a manufacturer who incorporates the product into another product, or a seller of a product of an alien manufacturer. *See* La. R.S. 9:2800.53(1).

### C. Plaintiffs admit that Layton was not the manufacturer of the products in question.

The PFS for the plaintiffs in question confirm they did not live in a units manufactured by Layton. Plaintiffs provided the following information concerning the manufacturer of their trailers that were installed in Louisiana:

1. **Cornelius Ducro[3]:**
   Manufacturer: Stewart Park Homes
   VIN: 159BB35296TSPH598

2. **Albert Hawkins, Sr[4]:**
   Manufacturer: Stewart Park Homes
   VIN: 159BV35216TSPH179

3. **Phyllis Hawkins[5]:**
   Manufacturer: Stewart Park Homes
   VIN: 159BV35216TSPH179

4. **Spencer Jerome Jackson[6]:**
   Manufacturer: Stewart Park Homes
   VIN: 159BV35216TSPH179

5. **Genette Lee[7]:**
   Manufacturer: Stewart Park Homes
   VIN: 159BV35216TSPH179

---

[3] Cornelius' Ducro's PFS is attached as Exhibit B.
[4] Albert Hawkins, Sr.'s PFS is attached as Exhibit C.
[5] Phyllis Hawkins' PFS is attached as Exhibit D.
[6] Spencer Jerome Jackson's PFS is attached as Exhibit E.
[7] Genette Lee's PFS is attached as Exhibit F.

963811.4

6. **Otis Kareem Mackey[8]:**
   Manufacturer: Stewart Park Homes
   VIN:  159BB35296TSPH598

7. **Ella Stein Singleton[9]:**
   Manufacturer: Stewart Park Homes
   VIN: 159BV35216TSPH179

8. **Harry Dwayne Singleton[10]:**
   Manufacturer: Stewart Park Homes
   VIN: 159BV35216TSPH179

9. **Donesha Stewart[11]:**
   Manufacturer: [none provided][12]
   VIN: SSEAL17519

10. **Carl Stewart, Jr.[13]:**
    Manufacturer: Southern Energy Homes
    VIN: SSEAL17519

11. **Proma James Turner[14]:**
    Manufacturer: Stewart Park Homes
    VIN: 159BV35216TSPH179

12. **Lynnae Williams[15]:**
    Manufacturer: Stewart Park Homes
    VIN:  159BB35296TSPH598

13. **Nelson Clarence Williams[16]:**
    Manufacturer: Stewart Park Homes
    VIN:  159BB35296TSPH598

---

[8] Otis Kareem Mackey's PFS is attached as Exhibit G.
[9] Ella Stein Singleton's PFS is attached as Exhibit H.
[10] Harry Dwane Singleton's PFS is attached as Exhibit I.
[11] Donesha Stewart's PFS is attached as Exhibit J.
[12] Donesha's father, Carl, claims to have resided in a trailer with the exact same VIN. (See Carl Stewart, Jr.'s PFS, Ex. K.)  Mr. Stewart further claims that the manufacturer of that trailer was Southern Energy Homes. Accordingly, the only evidence regarding the Stewarts' trailer indicates it was manufactured by Southern Energy Homes.
[13] Carl Stewart, Jr.'s PFS is attached as Exhibit K.
[14] Proma James Turner's PFS is attached as Exhibit L.
[15] Lynnae Williams' PFS is attached as Exhibit M.
[16] Nelson Clarence Williams' PFS is attached as Exhibit N.

963811.4

14. **Jace Williams[17]:**
    Manufacturer: Stewart Park Homes
    VIN: 159BB35296TSPH598

15. **London Williams[18]:**
    Manufacturer: Stewart Park Homes
    VIN: 159BB35296TSPH598

16. **Nashae Williams[19]:**
    Manufacturer: Stewart Park Homes
    VIN: 159BB35296TSPH598

17. **Shannon Devoura Williams[20]:**
    Manufacturer: Stewart Park Homes
    VIN: 159BB35296TSPH598

Each of these plaintiffs has admitted that they lived in a unit manufactured by a company other than Layton. There is no genuine issue as to this critical fact in each case. Therefore, none of these plaintiffs can establish that Layton was a manufacturer of the product that allegedly caused an injury. Accordingly, these plaintiffs cannot assert a claim against Layton under the LPLA and their claims against Layton should be dismissed with prejudice.

**II.     Dismissal with prejudice is appropriate because these plaintiffs have failed to cure the key deficiencies of their PFS.**

In the alternative, the claims of these plaintiffs should be dismissed for failure to cure deficiencies in the key fields of their PFS after notice by Layton. By letter dated June 29, 2011, Layton identified several deficiencies in the key fields of the PFS provided by the plaintiffs that are the subject of this motion. (Ex. A.) More than sixty days has passed, and these plaintiffs have never responded to Layton's notice and have failed to submit a completed PFS. All of the omitted information is critical to Layton's evaluation of these claims, as it bears on the existence and extent of any possible injury as well as the potential liability of Layton.

---

[17] Jace Williams' PFS is attached as Exhibit O.
[18] London Williams' PFS is attached as Exhibit P.
[19] Nashae Williams' PFS is attached as Exhibit Q.

963811.4

-6-

### A.     The use of PFS in the MDL.

Pre-Trial Order 2 provided for the PFS as a substitute for initial written discovery. (Rec. Doc. 87.) Pre-Trial Order 2 also established a process for "curing" these PFS when a plaintiff failed to provide a PFS or provided deficient responses in a PFS. Pre-Trial Order 2 authorized defendant's counsel to send written notice of any material deficiency in the PFS. (*Id.* at pp. 8-9.) Claims were subject to dismissal with prejudice for any failure to cure material deficiencies within thirty days. (*Id.* at p.9.) Pre-Trial Order 32 amended Pre-Trial Order 2 and provided new deadlines for the PFS, depending on the date of filing of a plaintiff's action. (Rec. Doc. 1180 at pp. 2-4.)

On June 24, 2011, the Court amended Pre-Trial Orders 2 and 32 with Pre-Trial Order 88. (Rec. Doc. 22124.) On July 1, 2011, the Court issued Corrected Pre-Trial Order 88. (Rec. Doc. 22153.) Pre-Trial Order 88 temporarily limited the deficiency process to twenty-three key fields of vital information that the Court identified as essential for the purpose of moving this matter toward resolution. For deficiency notices served after March 24, 2011, Pre-Trial Order 88 provided plaintiffs sixty days to cure any deficiencies in these fields. Finally, Pre-Trial Order 88 reaffirmed the requirement that each PFS have a plaintiff's signature.

### B.     Plaintiffs failed to cure key deficiencies in their PFS.

**1. Cornelius Ducro:** Cornelius Ducro's PFS (Ex. B) failed to provide any response to the following key fields: III.C.2 (Future Medical Claim); III.C.3 (Diagnosed Illness); III.C.9 (Medical Expenses Claim); IV.F.3 (Wage Claim); V.A.13 (Number of Hours Spent Per Day In Trailer); VI.C. (Plaintiff's Smoking History); VI.D (Smoking History of Other Trailer Residents); VI.F. 1 (Prior Lung or Respiratory Disease); VI.F. 4 (Prior Skin Disease); VII.B (Treatment for Formaldehyde Related Injury); and VIII. A-D (Medical Records).

---

[20] Shannon Devoura Williams' PFS is attached as Exhibit R.
963811.4

**2. Albert Hawkins, Sr.:** Albert Hawkins, Sr.'s PFS (Ex. C) failed to provide any response to the following key fields: III.C.2 (Future Medical Claim); III.C.3 (Symptoms/Diagnosed Illnesses); III.C.9 (Medical Expenses Claim); IV.F.3 (Wage Claim); V.A. 3 (FEMA I.D.); V.A.13 (Number of Hours Spent Per Day In Trailer); VI.D (Smoking History of Other Trailer Residents); VI.F. 1 (Prior Lung or Respiratory Disease); VI.F. 4 (Prior Skin Disease); and VIII. A-D (Medical Records). Additionally, Mr. Hawkins provided an incomplete answer to the following field keys: VI.C (Plaintiff's Smoking History) (failure to specify rate of current tobacco usage) and VII.B (Treatment for Formaldehyde Related Injury) (only provided hospital name and year).

**3. Phyllis Hawkins:** Phyllis Hawkins' PFS (Ex. D) failed to provide any response to the following key fields: III.C.2 (Understanding of Medical Condition); III.C.3 (Symptoms/Diagnosis); III.C.9 (Medical Expenses Claim); IV.F.3 (Wage Claim); V.A. 3 (FEMA I.D.); V.A.13 (Number of Hours Spent Per Day In Trailer); VI.C (Plaintiff's Smoking History); VI.D (Smoking History of Other Trailer Residents); VI.F. 1 (Prior Lung or Respiratory Disease); VI.F. 4 (Prior Skin Disease); and VIII. A-D (Medical Records).

**4. Spencer Jerome Jackson:** Spencer Jerome Jackson's PFS (Ex. E) failed to provide any response to the following key fields: III.C. 2 (Future Medical Claim); III.C. 3 (Symptoms/Diagnosed Illness); III.C. 9 (Medical Expenses Claim); V.A. 7 (Move-out Date); V.A.13 (Number of Hours Spent Per Day In Trailer); VII.B (Treatment for Formaldehyde Related Injury); and VIII. A-D (Medical Records).

**5. Otis Kareem Mackey:** Otis Kareem Mackey's PFS (Ex. G) failed to provide any response to the following key fields: III.C. 2 (Future Medical Claim); V.A. 8 (Installation Address); V.A.13 (Number of Hours Spent Per Day In Trailer); VI.D (Smoking History of Other

963811.4

Trailer Residents); VI.F 1 (Prior Respiratory Illness); VI.F 4 (Prior Skin Disease); and VIII. A-D (Medical Records).

**6. Ella Stein Singleton:** Ella Stein Singleton's PFS (Ex. H) failed to provide any response to the following key fields: III.C. 2 (Future Medical Claim); III.C. 9 (Medical Expenses Claim); IV.F. 3 (Wage Claim); V.A. 3 (FEMA I.D.); V.A. 13 (Number of Hours Spent Per Day In Trailer); VI.D (Smoking History of Other Trailer Residents); VI.F 1 (Prior Respiratory Illness); VI.F 4 (Prior Skin Disease); VII.B (Treatment for Formaldehyde Related Injury); and VIII.A-D (Medical Records).

**7. Harry Dwayne Singleton:** Harry Dwayne Singleton's PFS (Ex. I) failed to provide any response to the following key fields: III.C. 2 (Future Medical Claim); III.C. 3 (Diagnosed Condition); III.C. 9 (Medical Expenses); IV.F. 3 (Wage Claim); V.A. 3 (FEMA Identification); V.A. 13 (Average Hours in Trailer Per Day); VI.D (Other Smoking/Tobacco Use History); VI.F 1 (Prior Respiratory Illness); VI.F 4 (Prior Skin Disease); and VIII.A-D (Medical Records).

**8. Donesha Stewart:** Donesha Stewart's PFS (Ex. J), which identifies her as "Dontesha Stewart," failed to provide any response to the following key fields: III.C. 2 (Future Medical Claim); III.C. 9 (Medical Expenses Claim); IV.F. 3 (Wage Claim); V.A. 3 (FEMA I.D.); V.A. 7 (Move-out Date); V.A. 8 (Installation Address); V.A.13 (Number of Hours Spent Per Day In Trailer); VI.D (Smoking History of Other Trailer Residents); VI.F.1 (Prior Respiratory Illness); VI.F. 4 (Prior Skin Disease); VII.B (Treatment for Formaldehyde Related Injury); and VIII. A-D (Medical Records).

**9. Carl Stewart, Jr.:** Carl Stewart, Jr.'s PFS (Ex. K) failed to provide any response to the following key fields: III.C. 2 (Future Medical Claim); III.C. 9 (Medical Expenses Claim); IV.F. 3 (Wage Claim); V.A. 3 (FEMA I.D.); V.A. 7 (Move-out Date); V.A. 8 (Installation Address);

V.A.13 (Number of Hours Spent Per Day In Trailer); VI.C (Plaintiff's Smoking History); VI.D (Smoking History of Other Trailer Residents); VI.F.1 (Prior Respiratory Illness); VI.F. 4 (Prior Skin Disease); VII.B (Treatment for Formaldehyde Related Injury); and VIII. A-D (Medical Records).

      **10. Proma James Turner:** Proma Turner's PFS (Ex. L) failed to provide any response to the following key fields: III.C. 2 (Future Medical Claim); III.C. 3 (Symptoms/Diagnosed Illnesses); III.C. 9 (Medical Expenses Claim); IV.F. 3 (Wage Claim); V.A. 3 (FEMA I.D.); V.A. 7 (Move-out Date); V.A.13 (Number of Hours Spent Per Day In Trailer); VI.C (Plaintiff's Smoking History); VI.D (Smoking History of Other Trailer Residents); VI.F.1 (Prior Respiratory Illness); VI.F. 4 (Prior Skin Disease); VII.B (Treatment for Formaldehyde Related Injury); and VIII. A-D (Medical Records).

      **11. Lynnae Williams:** Lynnae Williams' PFS (Ex. M) failed to provide any response to the following key fields: III.C. 2 (Future Medical Claim); III.C. 9 (Medical Expenses Claim); V.A. 8 (Installation Address); V.A.13 (Number of Hours Spent Per Day In Trailer); VI.D (Smoking History of Other Trailer Residents); VI.F.1 (Prior Respiratory Illness); VI.F. 4 (Prior Skin Disease); VII.B (Treatment for Formaldehyde Related Injury); and VIII. A-D (Medical Records).

      **12. Nelson Clarence Williams:** Nelson Clarence Williams' PFS (Ex. N) failed to provide any response to the following key fields: III.C. 2 (Future Medical Claim); III.C. 9 (Medical Expenses Claim); IV.F. 3 (Wage Claim); V.A 13 (Number of Hours Spent Per Day in Trailer); VI.D (Smoking History of Other Trailer Residents); VI.F.1 (Prior Respiratory Illness); VI.F. 4 (Prior Skin Disease); and VIII. A-D (Medical Records). Mr. Williams also provided an

incomplete response to key field VII.B (Treatment for Formaldehyde Related Injury) (specified physician but not nature of treatment or date).

**13. Jace Williams:** Jace Williams' PFS (Ex. O) failed to provide any response to the following key fields: III.C. 2 (Future Medical Claim); III.C. 9 (Medical Expenses Claim); V.A. 8 (Installation Address); V.A.13 (Number of Hours Spent Per Day In Trailer); VI.D (Other Smoking/Tobacco Use History); VI.F.1 (Prior Respiratory Illness); VI.F. 4 (Prior Skin Disease); VII.B (Treatment); and VIII. A-D (Medical Records).

**14. London Williams:** London Williams' PFS (Ex. P) failed to provide any response to the following key fields: III.C. 2 (Future Medical Claim); III.C. 9 (Medical Expenses Claim); V.A. 8 (Installation Address); V.A.13 (Number of Hours Spent Per Day In Trailer); VI.D (Smoking History of Other Trailer Residents); VI.F.1 (Prior Respiratory Illness); VI.F. 4 (Prior Skin Disease); VII.B (Treatment for Formaldehyde Related Injury); and VIII. A-D (Medical Records).

**15. Nashae Williams:** Nashae Williams' PFS (Ex. Q) failed to provide any response to the following key fields: III.C. 2 (Future Medical Claim); III.C. 9 (Medical Expenses Claim); V.A. 8 (Installation Address); V.A.13 (Number of Hours Spent Per Day In Trailer); VI.D (Smoking History of Other Trailer Residents); VI.F.1 (Prior Respiratory Illness); VI.F. 4 (Prior Skin Disease); VII.B (Treatment of Formaldehyde Related Injury); and VIII. A-D (Medical Records).

**16. Shannon Devoura Williams:** Shannon Devoura Williams' PFS (Ex. R) failed to provide any response to the following key fields: III.C. 2 (Future Medical Claim); III.C. 9 (Medical Expenses Claim); V.A. 8 (Installation Address); V.A.13 (Number of Hours Spent Per Day In Trailer); VI.D (Smoking History of Other Trailer Residents); VI.F.1 (Prior Respiratory

Illness); VI.F. 4 (Prior Skin Disease); VII.B (Treatment of Formaldehyde Related Injury); and VIII. A-D (Medical Records).

### C. Plaintiffs' claims should be dismissed with prejudice for failing to comply with Pre-Trial Orders 2, 32, and 88.

In dismissing claims for failure to comply with Pre-Trial Orders 2, 32, and 88, this Court has relied on Federal Rule of Civil Procedure 41(b), which rule authorizes the dismissal of a claim if "plaintiff fails to prosecute or to comply with these rules or a court order . . . ." Dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice. *See*, *e.g.*, *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992); *Wrenn v. Am. Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978). The Fifth Circuit looks for "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional misconduct." *Id.* (internal citation omitted). The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *See Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978).

This Court has also relied on Federal Rule of Civil Procedure 37(b)(2), which rule "empowers a district court to impost 'just' sanctions on parties who disobey a discovery order." *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). The Fifth Circuit has articulated four factors "that must be present before a district court may dismiss a case as a sanction for violation of a discovery order": (1) the violation must result "from willingness or bad faith and [be] accompanied by a clear record of delay or contumacious conduct;" (2) "the violation . . . must be attributable to the client instead of the attorney;" (3) the violation "must substantially prejudice the opposing party;" and (4) there must be no "less drastic sanction that would substantially

963811.4

achieve the desired deterrent effect." *Id.* at 1380-81 (internal citations and quotation marks omitted).

These plaintiffs have exhibited a clear record of delay or contumacious conduct with respect to this Court's Pre-Trial Orders pertaining to PFS. They each initially submitted an incomplete PFS, and then failed respond to Layton's deficiency notice. As a result of these plaintiffs' failure to provide completed a PFS as required by this Court's Pre-Trial Orders, Layton is substantially prejudiced with respect to its defense and analysis of their claims. The prejudice to Layton is particularly substantial with regard to the evaluation of settlement possibilities.

All of the information omitted by plaintiffs is critical to Layton's analysis of these claims. For instance, their failure to provide substantive information concerning their medical conditions prevents Layton from determining whether they have a viable claim for formaldehyde exposure and, if so, what the nature and scope of that claim might be. Many of the plaintiffs likewise neglected to answer questions concerning prior respiratory illnesses or exposure to tobacco use (both first- and second-hand), which bears directly on causation and Layton's defenses. The omission of basic information such as the trailer VIN, manufacturer, address, barcode or FEMA identification number prevents Layton from determining the details of the products involved. The failure to provide information concerning move-in and move-out dates or the amount of time spent in a trailer per day prevents Layton from gauging the degree of the plaintiffs' exposure to formaldehyde (if any). Plaintiffs who omitted information concerning whether they seek a wage claim, medical expenses claim, mental/emotional damages claim have prevented Layton from knowing even what the potential scope of their claims may be. In the absence of the information omitted by plaintiffs, Layton is unable to evaluate plaintiffs' claims.

Dismissal with prejudice is proper at this late stage and lesser sanctions would not serve the best interests of justice. The plaintiffs in question failed to provide the answers to several basic questions on the PFS, despite the clear instructions of the Court and the efforts by Layton to obtain proper responses. The Pre-Trial Orders provided notice of the potential for the dismissal of claims. Further delay will not advance the resolution of the MDL.

## III. CONCLUSION.

For these reasons, Layton respectfully submits that its motion for summary judgment, or, alternatively, its motion to dismiss, should be granted and the claims of these plaintiffs should be dismissed, with prejudice.

        Submitted by:

        s/ *Robert D. Sheesley*
        LARRY FELDMAN, JR., T.A. (La. #5503)
        ROBERT D. SHEESLEY (La. #31579)
        **McGLINCHEY STAFFORD, PLLC**
        601 Poydras Street, 12th Floor
        New Orleans, LA 70130
        Telephone: (504) 586-1200
        Facsimile: (504) 596-2800

        **ATTORNEYS FOR DEFENDANT**
        **LAYTON HOMES CORP.**

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record.

        s/ *Robert D. Sheesley*
        ROBERT D. SHEESLEY