UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  FEMA TRAILER PRODUCTS LIABILITY LITIGATION | *  MDL NO. 07-1873 |
| | * |
| | * SECTION:  N "5" |
| THIS DOCUMENT PERTAINS TO: | * JUDGE: KURT D. ENGELHARDT |
| *Robert Meshell v. Skyline Corporation, et al.,* No. 10-1362. | * |
| | * MAGISTRATE JUDGE: |
| Plaintiff: Robert Meshell. | * ALMA CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDERS RELATING TO PLAINTIFF FACT SHEETS**

Defendant, Skyline Corporation ("Skyline"), through undersigned counsel, submits this memorandum in support of its motion to dismiss the claims of plaintiff **ROBERT MESHELL** in ***ROBERT MESHELL V. SKYLINE CORP., ET AL., NO. 10-1362***, with prejudice, for failure to cure material deficiencies in his Plaintiff Fact Sheet ("PFS") as required by the Court's Pre-Trial Orders.

**I.   CREATION OF MDL AND FACT SHEET PROCESS**

Pre-Trial Order 2 provided for the PFS as a substitute for initial written discovery.  (Rec. Doc. 87.)  Pre-Trial Order 2 also established a process for "curing" these PFS when a plaintiff failed to provide a PFS or provided deficient responses in a PFS.  Pre-Trial Order 2 authorized defendant's counsel to send written notice of any material deficiency in the PFS.  (*Id.* at pp. 8-9.)  Claims were subject to dismissal with prejudice for any failure to cure material deficiencies within thirty days.  (*Id.* at p.9.)  Pre-Trial Order 32 amended Pre-Trial Order 2 and provided new deadlines for the PFS, depending on the date of filing of a plaintiff's action.  (Rec. Doc. 1180 at pp. 2-4.)

On June 24, 2011, the Court amended Pre-Trial Orders 2 and 32 with Pre-Trial Order 88. (Rec. Doc. 22124.)  On July 1, 2011, the Court issued Corrected Pre-Trial Order 88.  (Rec. Doc.

963957.1

22153.) Pre-Trial Order 88 temporarily limited the deficiency process to twenty-three key fields of vital information that the Court identified as essential for the purpose of moving this matter toward resolution. For deficiency notices served after March 24, 2011, Pre-Trial Order 88 provided plaintiffs sixty days to cure any deficiencies in these fields. Finally, Pre-Trial Order 88 reaffirmed the requirement that each PFS have a plaintiff's signature.

## II. LAW & ARGUMENT

### A. The Plaintiff has failed to cure the key deficiencies of his PFS.

By letter dated June 29, 2011, Skyline identified several deficiencies in the key fields of the PFS provided by Mr. Meshell that are the subject of this motion. (Ex. A.) More than sixty days has passed, and Mr. Meshell has failed to respond to Skyline's notice and has failed to submit a completed PFS that cures the deficiencies.

Robert Meshell's PFS dated February 4, 2009 (Ex. B) and Amendment dated March 23, 2010 (Ex. C) failed to provide any response to the following key fields: III.C.2 (Future Medical Claim); III.C. 3 (Diagnosed Illnesses); V.A.4 (Bar Code); VI.D (Smoking History of Other Trailer Residents); and VII.B (Treatment of Formaldehyde Related Injury). Further, Mr. Meshell's PFS provided incomplete answer for the following key fields: III.C.8 (Psychological Treatment) (claims mental/emotional damages but responds "NA" or does not respond to subparts); and III.C.9 (Medical Expenses Claim) (states the amount is "to be determined").

All of the omitted information is critical to Skyline's evaluation of this claim, as it bears on the existence and extent of any possible injury as well as Skyline's potential liability. The omissions concerning medical claims, treatment or lack thereof, and his understanding of his alleged illness or disease are particularly important. Moreover, the answer "NA" does not indicate whether Mr. Meshell did not seek treatment or is simply not responding to the questions.

963957.1

### B. Plaintiff's claims should be dismissed with prejudice for failing to comply with Pre-Trial Orders 2, 32, and 88.

In dismissing claims for failure to comply with Pre-Trial Orders 2, 32, and 88, this Court has relied on Rule 41(b), which rule authorizes the dismissal of a claim if a "plaintiff fails to prosecute or to comply with these rules or a court order . . . ." Dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice. *See*, *e.g.*, *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992); *Wrenn v. Am. Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978). The Fifth Circuit looks for "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional misconduct." *Id.* (internal citation omitted). The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *See Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978).

This Court has also relied on Rule 37(b)(2), which rule "empowers a district court to impost 'just' sanctions on parties who disobey a discovery order." *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). The Fifth Circuit has articulated four factors "that must be present before a district court may dismiss a case as a sanction for violation of a discovery order": (1) the violation must result "from willingness or bad faith and [be] accompanied by a clear record of delay or contumacious conduct;" (2) "the violation . . . must be attributable to the client instead of the attorney;" (3) the violation "must substantially prejudice the opposing party;" and (4) there must be no "less drastic sanction that would substantially achieve the desired deterrent effect." *Id.* at 1380-81 (internal citations and quotation marks omitted).

963957.1

Robert Meshell exhibited a clear record of delay or contumacious conduct with respect to this Court's Pre-Trial Orders pertaining to PFS.  He submitted an incomplete PFS, and then failed to respond to Skyline's deficiency notice.  As a result of the plaintiff's failure to provide a completed PFS as required by this Court's Pre-Trial Orders, Skyline is substantially prejudiced with respect to its defense and analysis of his claim.  The prejudice to Skyline is particularly substantial with regard to the evaluation of settlement possibilities.

Dismissal with prejudice is proper at this late stage and lesser sanctions would not serve the best interests of justice.  Mr. Meshell has failed to provide the answers to several basic questions on the PFS, despite the clear instructions of the Court and the efforts by Skyline to obtain proper responses.  The Pre-Trial Orders provided notice of the potential for the dismissal of claims.  Further delay will not advance the resolution of the MDL.

### III.  CONCLUSION.

In accordance with Pre-Trial Orders 2, 32, and 88 (as corrected), and Federal Rules of Civil Procedure Nos. 37(b)(2)(VI) and 41(b), the Motion to Dismiss filed by Skyline should be granted, dismissing the claims of Robert Meshell, with prejudice.

Submitted by:

 s/ *Robert D. Sheesley*
LARRY FELDMAN, JR., T.A. (La. #5503)
ROBERT D. SHEESLEY (La. #31579)
**McGLINCHEY STAFFORD, PLLC**
601 Poydras Street, 12th Floor
New Orleans, LA  70130
Telephone:  (504) 586-1200
Facsimile:   (504) 596-2800

**ATTORNEYS FOR DEFENDANT
SKYLINE CORPORATION**

963957.1

-5-

## **CERTIFICATE OF SERVICE**

     I hereby certify that I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record.

                                              s/ *Robert D. Sheesley*
                                              ROBERT D. SHEESLEY