UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | * * * * | MDL NO. 1873<br><br>SECTION "N-5" |
| | * | JUDGE ENGELHARDT |
| THIS DOCUMENT IS RELATED TO:<br>*Bernard, et al v. Thor Industries, Inc., et al.*<br>Civil Action No. 09-8681 | *<br>*<br>*<br>* | MAG. JUDGE CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN REPLY TO THOR'S OPPOSITION
TO MOTION FOR LEAVE TO AMEND COMPLAINT**

MAY IT PLEASE THE COURT:

Plaintiffs have requested by motion that this Court grant them leave to supplement and amend their original complaint filed against Thor Industries, inc. ("Thor Industries") to properly name Plaintiffs' manufacturing defendant as Thor California, Inc. ("Thor").

Thor Industries' opposition is without merit. Plaintiffs' claim is timely for the following reasons:

1. Thor is a solidary obligor with the originally named defendants Thor Industries, Shaw Environmental, Inc., CH2M Hill Constructors, Inc., Fluor Enterprises, Inc. and the United States of America, and, thus, the prescriptive period has been tolled against Thor under Louisiana law provisions related to joint tortfeasors who are solidary obligors. At the very least, Thor Industries' prescription defense is prematurely asserted, since the fault of these co-defendants is not yet adjudicated; and,

2. Plaintiffs set forth allegations in their original Complaint which arise out of the same transaction, occurrence, or conduct as the allegations in the proposed amended

1

pleading, thus falling within the "relation back" provisions of Federal Rule of Civil Procedure 15(c)(1)(B).

## LAW AND ARGUMENT

Plaintiffs agree with Thor Industries that generally a one-year prescriptive period applies to Plaintiff's original tort allegations against the named defendants. However, Plaintiffs submit that prescription has been interrupted as to Thor Industries under any one of the relation back provisions of Federal Rule of Civil Procedure 15(c). Rule 15(c)(1) states:

> An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) The law that provides the applicable statute of limitations allows relation back;
>
> (B) The amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading; **or**
>
> (C) The amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) Received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) Knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1) (emphasis added).

> In diversity cases, federal courts apply state statutes of limitations and related state law governing the tolling of the limitations period. *Hensgens v. Deere & Company,* 869 F.2d 879 (5th Cir. 1989). . . . The principal method of interrupting this one-year prescriptive period is set forth in Louisiana Civil Code article 3462:
>
>> Prescription is interrupted ... when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is

2

> interrupted only as to a defendant served by process within the prescriptive period.
>
> If the one-year prescriptive period is, in fact, interrupted, Louisiana Civil Code article 1799 further provides that the interruption of prescription against one solidary obligor is effective against all solidary obligors. See also LSA–C.C. art. 3503.

*Richard v. Reed*, 883 F.Supp. 107, 109 (W.D. La. 1995) (footnote omitted).

First, Rule 15(c)(1)(A) is satisfied as stated above regarding the issue of tolling with respect to solidary obligors under Louisiana law. Since the originally named joint tortfeasors, Thor Industries, Shaw Environmental, Inc., CH2M Hill Constructors, Inc., Fluor Enterprises, Inc. and the United States of America, were timely sued in the above-captioned matter, the provisions of the Louisiana Code of Civil Procedure have tolled/interrupted the prescriptive period against all other solidary obligors, including Thor. Therefore, the action has not prescribed against Thor, and Plaintiffs' proposed amendment is not futile.

Second, Rule 15(c)(1)(B) is satisfied as stated above regarding the necessity that the amendment asserts a claim that arose "out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading. Notwithstanding the tolling of the prescriptive period against Thor, the allegations asserted in the proposed amending complaint arise out of the same conduct, transaction, or occurrence set forth in the original Complaint. Indeed, in their proposed Supplemental and Amending Complaint, Plaintiffs simply substitute Thor for Thor Industries and reaver substantive allegations.

## CONCLUSION

It is conceded that Plaintiffs incorrectly named Thor Industries as the manufacturer of their FEMA-provided trailer.[1] By e-mail of November 28, 2011, undersigned was informed by liaison counsel that Thor Industries was not the proper manufacturing defendant in this case.

Thereafter, undersigned confirmed that the Plaintiffs' VIN indeed matched a Thor trailer, installed by Shaw Environmental, Inc., CH2M Hill Constructors, Inc., Fluor Enterprises, Inc. and filed the instant Motion for Leave to Amend, seeking to supplement and amend to properly name Thor, and in place and stead of the improper party, Thor Industries. Plaintiffs have acted diligently through counsel to correct the improperly named defendant manufacturer and should not be summarily precluded from asserting their claim against Thor.

Based on these equitable, and the above-stated legal, considerations, it is respectfully submitted that Plaintiffs' Motion for Leave to Amend should be granted.

Respectfully Submitted:

BY: /s/ Joseph M. Bruno
JOSEPH M. BRUNO, (#3604)
MELISSA A. DeBARBIERIS, (#32124)
Bruno & Bruno, LLP
855 Baronne Street. Third Floor
 New Orleans, Louisiana 70113
Telephone: (504) 525.1335
Facsimile: (504) 561.6775
Attorneys for Plaintiffs

---

1 The original complaint named Thor Industries in the case caption and was filed on December 30, 2009.

4

**CERTIFICATE OF SERVICE**

I hereby certify that on January 24, 2012, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

　　__/s/ Joseph M. Bruno___
　　Joseph M. Bruno (#3604)