UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  FEMA TRAILER PRODUCTS LIABILITY LITIGATION | *  MDL NO. 07-1873 <br> * <br> * <br> *  SECTION:  N "5" |
| THIS DOCUMENT PERTAINS TO: <br> *Jacklyn Aguilar, et al v. Layton Homes Corp., et al*, No. 10-3686. | *  JUDGE: KURT D. ENGELHARDT <br> * <br> * <br> *  MAGISTRATE JUDGE: |
| Plaintiffs: Loukevia M. Williams; <br> Loukevia M. Williams, on behalf of J.W.; <br> Loukevia M. Williams, on behalf of K.W.; <br> Vernon Williams. | *  ALMA CHASEZ <br> * <br> * <br> * <br> * <br> * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*  \*

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND ALTERNATIVE MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDERS RELATING TO PLAINTIFF FACT SHEETS**

Defendant, Layton Homes Corp. ("Layton"), through undersigned counsel, submits this memorandum in support of its motion for summary judgment and alternative motion to dismiss the claims of particular plaintiffs in ***JACKLYN AGUILAR, ET AL. V. LAYTON HOMES CORP., ET AL., NO. 10-3686***, with prejudice.  The plaintiffs in question do not identify Layton as the manufacturer of their trailers.   Further, the plaintiffs failed to correct deficiencies in their Plaintiff Fact Sheets ("PFS") as required by the Court's Pre-Trial Orders.  The plaintiffs included are: **1) LOUKEVIA M. WILLIAMS; 2) LOUKEVIA M. WILLIAMS ON BEHALF OF J.W.; 3) LOUKEVIA M. WILLIAMS ON BEHALF OF K.W.; AND 4) VERNON WILLIAMS**.

**I.     Summary judgment is appropriate because the plaintiffs admit that they did not reside in Layton travel trailers.**

In the amended complaint filed October 15, 2010, each plaintiff alleged that Layton was the manufacturer of the "housing units" occupied by the plaintiffs named in that suit. (Member Case 10-3686, Rec. Doc. No. 1 at ¶ 94.)  The plaintiffs allege that Layton's products were

963025.3

unreasonably dangerous.  (*Id.* at ¶¶ 94-99.)  The plaintiffs assert that Layton is liable to them for damages suffered as a result of alleged exposure to formaldehyde fumes from Layton's products. (*Id.*)

However, each of the plaintiffs in question indicated in their PFS that they resided in a unit manufactured by another manufacturer.  Because there is no competent evidence suggesting that any of these plaintiffs resided in units manufactured by Layton, their claims against Layton should be dismissed.

### A. Summary judgment standard.

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 247 (1986). If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial.  *Matsushita Elec. Indust. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 597 (1986).  Once the moving party has carried its burden under Rule 56, the non-moving party must come forward with "specific facts showing that there is a *genuine issue for trial.*"  *Matsushita*, 475 U.S. at 587 (emphasis in original).  An issue is material only if its resolution could affect the outcome of the action.  *Anderson*, 477 U.S. at 248.  Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment.  *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 7 F.3d 1203, 1207 (5th Cir. 1993).

### B. Manufacturer liability under the Louisiana Product Liability Act requires that the defendant actually be the manufacturer of the product.

The plaintiffs in question assert claims against Layton as a manufacturer under the Louisiana Product Liability Act ("LPLA").  (Member Case No. 10-3686, Rec. Doc. No. 1 ¶¶ 94-

963025.3

99.) The LPLA provides that "[t]he manufacturer of a product shall be liable to a claimant for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product." La. R.S. 9:2800.54(A).

An essential element of any product liability claim against a manufacturer is that liability is imposed only upon the manufacturer of the item in question. *See Jack v. Albert-Culver USA, Inc.*, 06-1883 (La. Feb. 22, 2007), 949 So.2d 1256, 1258; *LeBlanc v. Wyeth, Inc.,* 495 F. Supp. 2d 609 (W.D. La. 2007). "Manufacturer" is defined as "the person or entity who is in the business of manufacturing a product for placement into trade or commerce" and can include a person who labels a product as his own or holds himself out as the manufacturer, a seller who exercises control or influences a characteristic that causes damage, a manufacturer who incorporates the product into another product, or a seller of a product of an alien manufacturer. *See* La. R.S. 9:2800.53(1).

### C. Plaintiffs admit that Layton was not the manufacturer of the products in question.

The PFS for the plaintiffs in question confirm they did not live in a units manufactured by Layton. The plaintiffs provided the following information concerning the manufacturer of their trailers that were installed in Louisiana:

1. **Loukevia Williams[1]:**
   Manufacturer: "cavelier [sic] & celebrity"
   VIN: "don't know"

2. **J.W.[2]:**
   Manufacturer: "celebrity & cavelier [sic]"
   VIN: "don't know"

---

[1] Ms. Williams' PFS is attached as Exhibit C.
[2] J.W.'s PFS is attached as Exhibit D.

963025.3

-3-

    3.    **K.W.[3]:**
        Manufacturer: "cavelier [sic] & celebrity"
        VIN: "don't know"

    4.    **Vernon Williams[4]:**
        Manufacturer: "celebrity & cavelier [sic]"[5]
        VIN: "don't know"

Each of these plaintiffs has admitted that they lived in a unit manufactured by a company other than Layton. There is no genuine issue as to this critical fact in each case. Therefore, none of these plaintiffs can establish that Layton was a manufacturer of the product that allegedly caused an injury. Accordingly, these plaintiffs cannot assert a claim against Layton under the LPLA and their claims against Layton should be dismissed with prejudice.

**II.    Dismissal with prejudice is appropriate because these plaintiffs have failed to cure the key deficiencies of their PFS.**

In the alternative, the claims of these plaintiffs should be dismissed for failure to cure deficiencies in the key fields of their PFS after notice by Layton. By letter dated June 30, 2011, Layton identified several deficiencies in the key fields of the PFS provided by the plaintiffs that are the subject of this motion. (Ex. A.) In response, plaintiffs' counsel sent a disc that purported to contain supplemental responses for these individuals, but later indicated that the responses were not on the disc and their names had been mistakenly added. (Ex. B.) More than sixty days has passed since Layton's deficiency notice, and these plaintiffs have not responded to Layton's queries and have failed to cure the deficiencies of their PFS. All of the omitted information is critical to Layton's evaluation of these claims, as it bears on the existence and extent of any possible injury as well as the potential liability of Layton.

---

[3] K.W.'s PFS is attached as Exhibit E.
[4] Mr. Williams' PFS is attached as Exhibit F.
[5] The entry for "Williams, Vernon" in the census provided by the PSC pursuant to Pre-Trial Order 86 additionally identifies manufacturers GulfStream and Reacreation by Design. At no point has Vernon Williams alleged Layton manufactured his trailer.

963025.3

### A.     The use of PFS in the MDL.

Pre-Trial Order 2 provided for the PFS as a substitute for initial written discovery. (Rec. Doc. 87.) Pre-Trial Order 2 also established a process for "curing" these PFS when a plaintiff failed to provide a PFS or provided deficient responses in a PFS. Pre-Trial Order 2 authorized defendant's counsel to send written notice of any material deficiency in the PFS. (*Id.* at pp. 8-9.) Claims were subject to dismissal with prejudice for any failure to cure material deficiencies within thirty days. (*Id.* at p.9.) Pre-Trial Order 32 amended Pre-Trial Order 2 and provided new deadlines for the PFS, depending on the date of filing of a plaintiff's action. (Rec. Doc. 1180 at pp. 2-4.)

On June 24, 2011, the Court amended Pre-Trial Orders 2 and 32 with Pre-Trial Order 88. (Rec. Doc. 22124.) On July 1, 2011, the Court issued Corrected Pre-Trial Order 88. (Rec. Doc. 22153.) Pre-Trial Order 88 temporarily limited the deficiency process to twenty-three key fields of vital information that the Court identified as essential for the purpose of moving this matter toward resolution. For deficiency notices served after March 24, 2011, Pre-Trial Order 88 provided plaintiffs sixty days to cure any deficiencies in these fields. Finally, Pre-Trial Order 88 reaffirmed the requirement that each PFS have a plaintiff's signature.

### B.     The plaintiffs failed to cure key deficiencies in their PFS.

**1. Loukevia M. Williams:** Loukevia Williams' PFS (Ex. C) failed to provide any response, or stated "don't know" to the following key fields: III.C.2 (Future Medical Claim); III.C.3 (Diagnosed Illnesses); V.A.2 (VIN); V.A.3 (FEMA I.D.); V.A.4 (Bar Code); V.A.6 (Move-in Date); V.A.7 (Move-out Date); and V.A.13 (Number of Hours Spent Per Day In Trailer). Further, Ms. Williams' PFS provided incomplete answers for the following key fields: III.C.9 (Medical Expense Claim) (identified amount claimed as "any"); IV.C (Date of Birth); and

VII.B (Treatment for Formaldehyde Related Injury) (did not identify treatment received or date of treatment).

**2. Loukevia M. Williams on behalf of J.W.:** The PFS for J.W. (Ex. D), which was completed by Loukevia Williams, failed to provide any response to the following key fields: III.C.3 (Diagnosed Illnesses); V.A.2 (VIN); V.A.3 (FEMA I.D.); V.A.4 (Bar Code); V.A.6 (Move-in Date); V.A.7 (Move-out Date); and V.A.13 (Number of Hours Spent Per Day In Trailer). Further, J.W.'s PFS provided incomplete answer for the following key fields: III.C.9 (Medical Expense Claim) (identified amount claimed as "as much as possible"); and VII.B (Treatment for Formaldehyde Related Injury) (does not identify treatment or dates of treatment).

**3. Loukevia M. Williams on behalf of K.W.:** The PFS for K.W. (Ex. E), which was completed by Loukevia M. Williams, failed to provide any response to the following key fields: III.C.2 (Future Medical Claim); III.C.3 (Diagnosed Illnesses); V.A.2 (VIN); V.A.3 (FEMA I.D.); V.A.4 (Bar Code); V.A.6 (Move-in Date); V.A.7 (Move-out Date); V.A.8 (Installation Address) and V.A.13 (Number of Hours Spent Per Day In Trailer). Further, K.W.'s PFS provided incomplete answer for the following key fields: III.C.8 (Psychological Treatment) (does not provide address or psychological condition); III.C.9 (Medical Expense Claim) (identified amount claimed as "any"); and VII.B (Treatment for Formaldehyde Related Injury) (does not identify treatment or dates of treatment).

**4. Vernon Williams:** Vernon Williams' PFS (Ex. F) failed to provide any response to the following key field: III.C.3 (Diagnosed Illnesses).[6] Further, Mr. Williams' PFS provided incomplete or unintelligible answers for the following key fields: III.C.9 (Medical Expense

---

[6] The entry for "Williams, Vernon" in the "census" provided by the PSC pursuant to Pre-Trial Order 86 appears to resolve many deficiencies identified by Layton, despite Mr. Williams failure to respond to Layton's notice. Under this category, however, only the notation "yes" was provided. In light of Mr. Williams' prior failure to disclose any

963025.3

-6-

Claim) (identified amount claimed as "as much as possible"); V.A.13 (Number of Hours Spent Per Day In Trailer) (states "living hours"); and VII.B (Treatment for Formaldehyde Related Injury) (does not identify treatment or dates of treatment).

    **C.**    **The plaintiffs' claims should be dismissed with prejudice for failing to comply with Pre-Trial Orders 2, 32, and 88.**

In dismissing claims for failure to comply with Pre-Trial Orders 2, 32, and 88, this Court has relied on Federal Rule of Civil Procedure 41(b), which rule authorizes the dismissal of a claim if "plaintiff fails to prosecute or to comply with these rules or a court order . . . ." Dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice. *See*, *e.g.*, *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992); *Wrenn v. Am. Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978). The Fifth Circuit looks for "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional misconduct." *Id.* (internal citation omitted). The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *See Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978).

This Court has also relied on Federal Rule of Civil Procedure 37(b)(2), which rule "empowers a district court to impost 'just' sanctions on parties who disobey a discovery order." *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). The Fifth Circuit has articulated four factors "that must be present before a district court may dismiss a case as a sanction for violation of a discovery order": (1) the violation must result "from willingness or bad faith and [be] accompanied by a clear record of delay or contumacious conduct;" (2) "the violation . . . must be

---

information concerning his diagnosis, the word "yes" sheds no light on what, exactly, Mr. Williams' alleged

963025.3

attributable to the client instead of the attorney;" (3) the violation "must substantially prejudice the opposing party;" and (4) there must be no "less drastic sanction that would substantially achieve the desired deterrent effect." *Id.* at 1380-81 (internal citations and quotation marks omitted).

These plaintiffs have exhibited a clear record of delay or contumacious conduct with respect to this Court's Pre-Trial Orders pertaining to PFS. They each initially submitted an incomplete PFS, and then failed respond to Layton's deficiency notice. As a result of these plaintiffs' failure to provide completed a PFS as required by this Court's Pre-Trial Orders, Layton is substantially prejudiced with respect to its defense and analysis of their claims. The prejudice to Layton is particularly substantial with regard to the evaluation of settlement possibilities.

All of the information omitted by plaintiffs is critical to Layton's analysis of these claims. For instance, their failure to provide substantive information concerning their medical conditions prevents Layton from determining whether they have a viable claim for formaldehyde exposure and, if so, what the nature and scope of that claim and any potential defenses might be. The omission of basic information such as the trailer VIN, manufacturer, address, barcode and FEMA identification prevents Layton from determining basic information as to the unit involved. The failure to provide information concerning move-in and move-out dates or the amount of time spent in a trailer per day prevents Layton from gauging the degree of the plaintiffs' exposure to formaldehyde (if any). The plaintiffs who omitted information concerning particular have prevented Layton from knowing even what the potential scope of their claims may be. In the absence of the information omitted by plaintiffs, Layton is unable to evaluate these plaintiffs' claims.

---

diagnosis may be.
963025.3

Dismissal with prejudice is proper at this late stage and lesser sanctions would not serve the best interests of justice. The plaintiffs in question failed to provide the answers to several basic questions on the PFS, despite the clear instructions of the Court and the efforts by Layton to obtain proper responses. The Pre-Trial Orders provided notice of the potential for the dismissal of claims. Further delay will not advance the resolution of the MDL.

### III. Conclusion.

For these reasons, Layton respectfully submits that its motion for summary judgment, or, alternatively, its motion to dismiss, should be granted and the claims of these plaintiffs should be dismissed, with prejudice.

Submitted by:

s/ *Robert D. Sheesley*
LARRY FELDMAN, JR., T.A. (La. #5503)
ROBERT D. SHEESLEY (La. #31579)
**McGLINCHEY STAFFORD, PLLC**
601 Poydras Street, 12th Floor
New Orleans, LA  70130
Telephone:  (504) 586-1200
Facsimile:   (504) 596-2800

**ATTORNEYS FOR DEFENDANT
LAYTON HOMES CORP.**

### CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record.

s/ *Robert D. Sheesley*
ROBERT D. SHEESLEY