UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| THIS DOCUMENT IS RELATED TO: | * | |
| *Mary Martinez, et al v. Thor Industries, Inc., et al,* | * | |
| 09-7099; | * | |
| *Britney Bogan et al v. Thor Industries, Inc., et al,* | * | |
| 09-7812; | * | |
| *Ella Mcgee, as Next Friend of J.J., a Minor, et al* | * | |
| *v. Thor Industries, Inc., et al,* | * | |
| 09-7830; | * | |
| *Susan Pittman, as Next Friend of J.F., a Minor,* | * | |
| *et al v. Thor Industries, Inc. et al,* | * | |
| 10-1294; | * | |
| *Bertha Coleman, et al v. Thor Industries, Inc. et al,* | * | |
| 10-2275 | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFFS' REPLY TO DEFENDANTS' MEMORANDUM IN OPPOSITION TO MOTION FOR LEAVE TO AMEND COMPLAINT AND SUBSTITUTE A PARTY**

COME NOW Plaintiffs and file this Reply to Memorandum in Opposition to Motion for Leave to Amend Complaint and Substitute a Party (24189).

**INTRODUCTION AND FACTUAL BACKGROUND**

The issue before this Court involves the Plaintiffs request to sever out the following plaintiffs involved in suits against Thor Industries, Inc. ("Thor Industries"). Plaintiffs also seek to amend the complaint to add claimants to the existing lawsuit against Thor California, Inc. ("Thor California"), the proper Defendant and manufacturer of the trailers used by the claimants. As to the factual background of this litigation, Plaintiffs defer to this Court well versed knowledge of the case.

**ARGUMENT**

**1.      Plaintiffs Satisfy the "Good Cause" Standard of Federal Rule 16.**

The Fifth Circuit has opined that Federal Rule of Civil Procedure 16(b) "governs amendment of pleadings after a scheduling order deadline has expired." *S & W Enters., L.L.C. v. Sw. Bank of Ala., NA,* 315 F.3d 533, 536 (5th Cir. 2003). Under Rule 16, once a scheduling order has been entered, it may be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). The Fifth Circuit analyzes the following four factors in determining whether a party has demonstrated "good cause" to amend pleadings after a scheduling order has expired: (1) the party's explanation as to why they failed to timely move for leave, (2) the importance of the amendment, (3) the potential prejudice in allowing the amendment, and (4) the availability of a continuance to cure such prejudice. *Reliance Ins. Co. v. La. Land & Exploration Co.,* 110 F.3d 253, 257 (5th Cir. 1997); Fed. R. Civ. P. 16(b).

**A.      *Plaintiffs Relied on Matching Data Furnished by the United States Government.***

Plaintiffs represent a class that includes over 30,000 claimants. Due to the astounding amount of claimants, this Court established a streamlined process to facilitate "matching" specific plaintiffs with specific manufactures and specific government contractors. *See* Rec. Doc. No. 14200, p. 1. In December of 2009, the United States Government agreed to provide matching data to claimants with a FEMA ID number. *See* Exhibit A, Affidavit of David Watts, January 24, 2012, p. 2. Plaintiffs' counsel agreed to submit spreadsheets to the United States Government and in return the Government updated the spreadsheets with manufacturer, VIN number, and/or contractor based on the FEMA ID contained in the spreadsheet. *See* Exhibit A, Affidavit of David Watts, January 24, 2012, p. 2.

As such, Plaintiffs have relied heavily on FEMA to provide accurate information identifying which claimants were in which trailers.  *See* Exhibit A, Affidavit of David Watts, January 24, 2012, p. 2.  In conjunction, Plaintiffs have dedicated an inordinate amount of time contacting and re-contacting FEMA whenever the information provided was unavailable or inaccurate.  *See* Exhibit A, Affidavit of David Watts, January 24, 2012, p. 2.  Plaintiffs' counsel, Mikal Watts, even spoke in open Court about some of the inconsistencies with the data being received by the United States Government.  *See* Exhibit A, Affidavit of David Watts, January 24, 2012, p. 2.  Plaintiffs exhausted this matching gathering process and continuously sought clarification until the United States Government finally informed the Plaintiffs that there was no additional information it could provide.  *See* Exhibit A, Affidavit of David Watts, January 24, 2012, p. 2.  Plaintiffs also searched the records of the various Defendants and attempted to match individual plaintiffs to a trailer and manufacturer.  *See* Exhibit A, Affidavit of David Watts, January 24, 2012, p. 2.  Further, from 2009-2011, Plaintiffs' counsel filed motions asking the Court for leave to file, and sought extensions to file numerous complaints, responses, and matching information, and sought extensions as late as April 2010.  *See* Exhibit B, Motion for Extension of Time (Rec. Doc. No. 13936).

Here, it obvious the Plaintiffs have established "good cause" to explain why they failed to timely a file motion for leave at an earlier date.  Plaintiffs justifiably relied on the representations and data provided by the United States Government and filed lawsuits based on the information contained in the spreadsheets furnished by the United States Government.  *See* Exhibit A, Affidavit of David Watts, January 24, 2012, p. 2.  Further, whenever the data provided by FEMA had not been challenged by a defendant, and when no issue regarding the correct manufacturer or VIN number had been raised, Plaintiffs elected not to dedicate large amounts of time "checking"

and "rechecking" or "matching" and "rematching" the VIN numbers and manufacturers. Most importantly, Plaintiffs did not take remedial action sooner because it was not until November 18, 2011, that Counsel for the Plaintiffs was actually made aware that, contrary to the United States Governments representation, travel trailers with the prefix "47CT" were not manufactured by Thor Industries, but instead by Dutchmen. *See* Exhibit A, Affidavit of Davit Watts, January 24, 2012, p. 2.

Further, Defendants request that Plaintiffs explain what was done in regard to the various PTO's and matching deadlines is impossible and would require Plaintiffs to provide the Court with hundreds of explanations because each Plaintiff was matched or identified individually. To engage in such a tedious process for *every single claimant* was simply not feasible. As previously noted, Plaintiffs represent a class of claimants that contains 30,000 individuals. When no issue was raised regarding identification, Plaintiffs assumed no error existed because the time needed to check non-contested Plaintiffs and/or manufacturers information would not have been justified. Accordingly, Plaintiffs have established "good cause" to justify and explain its failure to timely file at a sooner date, and after first being informed that the wrong defendant was named on November 18, 2011, Plaintiffs timely made their request. Exhibit A, Affidavit of David Watts, January 24, 2012, p. 2.

### B.   *The Matching Error Was Not Caused by Any Negligence of the Plaintiffs.*

The matching error did not result from any negligence of the Plaintiffs, or any negligence or error by a client, and instead stemmed from the incorrect information furnished by the United States Government. Exhibit A, Affidavit of David Watts, January 24, 2012, p. 2. Although Plaintiffs' counsel exercised great caution to assure claimants were properly matched, and likewise filed all necessary motions seeking extensions whenever necessary, error was bound to

4

occur due to sheer size and complexity of this particular litigation. This unfortunate reality is one this Court itself acknowledged when it explicitly declared:

> In a litigation as large and complex as this, *mistakes are bound to occur.* It is important here that the length of delay and its potential impact on the judicial proceedings are very slight. Moreover prejudice to the defendants is negligible. [Rec. Doc. No. 23966, p. 12.]

Here, where approximately 30,000 Plaintiffs are involved, Plaintiffs have merely requested leave to amend or substitute approximately 309 Plaintiffs. See Plaintiffs' Motion for Leave to Sever Existing Claims and Substitute a Party (Rec. Doc. No. 23995) and Plaintiffs' Motion for Leave to File to Amend Complaint and Substitute a Party (Rec. Doc. No. 23992). As the Court has noted, justice requires some leeway where the Plaintiffs have demonstrated diligence and demonstrated that any mistake was not the result of any negligence on the part of these Plaintiffs. See Order and Reasons, p. 12 (Rec. Doc. No. 23966). FEMA provided information that Plaintiffs relied on, and Defendants did not object or point out any problem with the information used by Plaintiffs until November 2011. Exhibit A, Affidavit of David Watts, January 24, 2012, p. 2. Plaintiffs have diligently worked to confirm the information when provided and amend or substitute with corrected information. Because Plaintiffs have made all necessary efforts to match and obtain the correct VIN numbers and manufacturer information and because the matching error did not result from any negligence on the Plaintiffs behalf, Plaintiffs have established "good cause."

    **C.**    *The Remaining "Good Cause" Factors Weigh Heavily in Favor of the Plaintiffs.*

The remaining three factors the Court analyzes to determine whether "good cause" exists include (1) the importance of the amendment, (2) the potential prejudice in allowing the amendment, and (3) the availability of a continuance to cure such prejudice. *See Reliance Ins. Co.*, 110 F.3d at 257. First, the "importance" of allowing the amendment is undeniable, as

without the amendment hundreds of claimants will be barred from litigating this claim and deprived of even the opportunity to seek legal redress for the harms they sustained. Likewise, Defendants practically concede the importance of the amendment weigh in favor of the Plaintiffs by failing to explain how exactly Thor Industries would be prejudiced by being severed from the litigation or how Thor California would be prejudiced by the addition of handful of new claimants.

Additionally, the remaining two factors tilt heavily in favor of allowing the proposed amendment. Defendants assert the "potential prejudice to the defendants is clear and substantial," but fail to specifically explain why or how. Rec. Doc. No. 24184, p. 11. Plaintiffs are not attempting to have the court reopen "the entire matchmaking process," but rather allow the Plaintiffs to correct an unfortunate mistake caused by the Plaintiffs' reliance upon information furnished by the United States Government. In the most simplistic terms, Plaintiffs merely seek to sever an improperly named defendant and replacing them with the proper defendant. The proceedings would not be delayed because Plaintiffs are now certain Thor California is the proper defendant, as Thor California admitted the VIN numbers matched. Rec. Doc. No. 24182. Because these factors weigh heavily in favor of the Plaintiffs, this Court should grant the Plaintiffs' motion for leave.

**2.     The Plaintiffs' Motion For Leave Should Be Granted Pursuant to Federal Rule 15.**

The Fifth Circuit has opined that "[o]nly upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *S & W Enters., L.L.C. v. Sw. Bank of Ala., NA,* 315 F.3d 533, 536 (5th Cir. 2003). Because Plaintiffs have demonstrated "good cause," the Court should apply broad and liberal standard of Federal Rule 15. Unless the opposing party can show prejudice, bad faith, or undue delay, a Court should grant leave to file an amended pleading.

6

*Foman v. Davis*, 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15.  Further, courts should grant leave to amend when justice so required.  Fed. R. Civ. P. 15(a)(2).

Here, the Defendants failed to establish what prejudice would arise from severance of the improper defendant Thor Industries and what prejudice would arise by the addition of a handful of claimants against Dutchmen.  Second, Plaintiffs did not act in bad faith, and the granting of the motion to sever and join existing claims will not cause undue delay.  Finally, this Court has noted "[a]t some point in time delay on the part of a plaintiff can be procedurally fatal. In that situation the plaintiff must meet the burden of showing that the delay 'was due to oversight, inadvertence, or excusable neglect[.]'"  *Gregory v. Mitchell,* 634 F.2d 199, 203 (5th Cir. 1981).  Accordingly, Plaintiffs offered a reasonable and justified explanation as to why they failed to timely match the present claims against the proper defendant, Thor California.  Therefore, Plaintiffs have met the burden of demonstrating the delay was, at worst, a result of inadvertence, oversight, or excusable neglect.  *See id.*

## CONCLUSION

For all the above reasons, Plaintiffs respectfully request this Court grant Plaintiffs' motion to sever Thor Industries, Inc., and grant leave for the Plaintiffs to join prior existing actions filed against Thor California, Inc.

Respectfully submitted:

/s/ Robert C. Hilliard

_____

**ROBERT C. HILLIARD**
Texas State Bar No. 09677700
ROBERT C. HILLIARD, L.L.P.
719 S. Shoreline Boulevard, Suite 500
Corpus Christi, Texas 78401
Telephone:  (361) 882-1612
Facsimile:  (361) 882-3015

**MIKAL C. WATTS**
Texas State Bar No. 20981820
MIKAL C. WATTS, P.C.
2506 N. Port Ave.
Corpus Christi, Texas 78401
Telephone: (800) 994-0019
Facsimile: (361) 882-1261

**RICHARD P. IEYOUB**
Louisiana State Bar and
Eastern District of Louisiana Federal ID No. 2217
CARLETON DUNLAP OLINDE & MOORE, LLC
One American Place, Suite 900
Baton Rouge, LA 70825
Phone 225-282-0600
Fax 225-282-0650

**DANIEL D. WARE**
Mississippi State Bar and
Southern District of Mississippi Federal ID No. 10847
WARE LAW FIRM, PLLC
2609 US Highway 49 South
Florence, Mississippi 39073
Phone: 601-845-WARE (9273)
Fax: 601-845-0749

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading was served on all counsel of record through electronic notification pursuant to the electronic filing in the United States District Court for the Eastern District of Louisiana this 24th day of January, 2012.

/s/ Robert C. Hilliard
_____
**ROBERT C. HILLIARD**

8