## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * MDL NO. 07-1873 <br> * <br> * SECTION "N" (5) <br> * |
| THIS DOCUMENT RELATES TO: | * JUDGE ENGELHARDT <br> * |
| *Dianne Griffin v. Skyline Corp., et al.*, No. 09-8487 | * <br> * |
| * * * * * * * * * * * * * * * * * * * * * * * * * * * * * | * |

## FLUOR ENTERPRISES, INC.'S
## UNOPPOSED MOTION TO SEVER OR,
## ALTERNATIVELY, FOR SEPARATE TRIALS

Fluor Enterprises, Inc. ("FEI"), one of two defendants in the above-captioned Civil Action No. 09-8487 (the "Griffin Case"), hereby moves, with the consent of all parties including plaintiffs, for an order under Federal Rule of Civil Procedure 21 severing all claims of plaintiffs in the Griffin Case against FEI from the claims of plaintiffs against codefendant Skyline Corporation. ("Skyline"). In the alternative, FEI moves for an order under Federal Rule of Civil Procedure 42(b) bifurcating the claims of the Griffin Case plaintiffs against Skyline and FEI for separate trials as to each defendant. The grounds for this motion are as follows:

1. In the Griffin Case, two plaintiffs have joined together to sue both Skyline and FEI for damages allegedly caused by formaldehyde said to have been used in the construction of a travel trailer manufactured by Skyline, allegedly installed by FEI and allegedly resided in by plaintiffs.

2. The Griffin Case was recently "severed from the [above-captioned] MDL for purposes of trial." Rec.Doc. 24211. In doing so, the Court noted that this setting was consistent with the ". . . Court's prior Orders and statements to counsel at the most recent general status conference regarding the Court's intention to immediately schedule for trial cases directly filed in or removed to the Eastern District of Louisiana in the event that the manufacturing defendant is unable to reach a global resolution of the claims filed against it." Rec. Doc. 24211 at 1.

3. FEI respectfully asserts that severing from the MDL and setting multiple claims against it for trial is inappropriate at this time and inconsistent with the Court's stated intention to set matters for trial after a defendant has been unable to reach global resolution of the claims filed against it. FEI notes that there is still pending in the Fifth Circuit an appeal of an MDL bellwether case against FEI. Further, in response to direct inquiry from Special Master Amanda Ballay, FEI has indicated its intention to meet with the Plaintiff Steering Committee to discuss settlement, after having a reasonable period of time to study the latest census data provided by the PSC. Accordingly, FEI contends that the Court should either sever the plaintiffs' claims against it from those against codefendant Skyline, pursuant to Federal Rule of Civil Procedure 21; alternatively, the Court should bifurcate the claims against each defendant and order separate trials of each under Federal Rule 42(b).

4. Because the Griffin Case is a case originally filed in this Court and the Court has not sought to have the MDL Panel remand the case from the MDL, FEI asserts that authority for the severance or bifurcation for separate trials that it seeks is properly exercised under Federal Rules 21 or 42(b), as opposed to under 28 U.S.C § 1407(a) governing, in part, partial remands from MDL pretrial proceedings by the Judicial Panel on Multidistrict Litigation itself.

5. Federal Rule 21 provides:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. *The court may also sever any claim against a party.*   (emphasis added)

6. Although titled "Misjoinder and Nonjoinder of Parties," many courts, including those in the Fifth Circuit, have noted that the last sentence of Federal Rule 21 is *not* limited to instances of misjoinder.[1] (FEI reserves the right to file at an appropriate time a motion to sever the plaintiffs, if appropriate.)

7. Rather, the decision whether to sever is committed to the sound discretion of the district court.[2] Among the factors courts consider in deciding whether to grant a severance are fundamental fairness and judicial efficiency, whether severance will prejudice any party, whether severance or failure to sever will result in undue

---

[1] *Henderson v. AT&T Corp.*, 918 F. Supp. 1059, 1061 (S.D. Tex. 1996) ("[T]he fact that the plaintiffs are properly joined does not end the severance inquiry. While Rule 21 is titled 'Misjoinder and Non-Joinder of Parties,' the Fifth Circuit has held that the ability to sever claims under Rule 21 is not limited to curing misjoinder of parties.").
[2] *Bibbs v. Early*, 541 F.3d 267, 274 (5th Cir. 2008) (district court has broad discretion in determining propriety of joining particular party; court did not abuse its discretion in denying joinder when joinder would be futile because claims were without merit); *Applewhite v. Reichhold Chems., Inc.*, 67 F.3d 571, 574 (5th Cir. 1995) ("[T]he district court has discretion to sever an action if it is misjoined or might otherwise cause delay or prejudice.").

delay, possible jury confusion, if not severed, and whether the claims involve different fact situations.³

8. These factors, particularly when presented on an unopposed motion, clearly favor severance at this time in the life of this MDL. Fundamental fairness and judicial efficiency dictate severance. As the Court has emphasized, one purpose of the MDL vehicle is to attempt to address global resolution of claims. FEI has indicated that it is working toward further discussions with the PSC on this subject, although the lack of contractor data on PTO 88 has been an issue the parties are working through. Prejudice to any party is irrelevant on an unopposed motion like this one, as each party has made a decision that it is in its interest not to oppose the motion. Severance will not result in undue delay as severing FEI from this civil action will actually speed plaintiffs' claims against Skyline to final disposition; if FEI is severed, a final judgment can be entered on the jury verdict. Further, fewer parties will facilitate a less demanding discovery process, a simpler trial and less opportunity for jury confusion.

9. In the alternative, FEI submits that if the Court does not wish to sever the claims against it from the claims against Skyline, at a minimum the Court, acting pursuant to Federal Rule 42(b), should order separate trials of the claims against each defendant under the present circumstances. Federal Rule 42(b) provides:

> (b) **Separate Trials**. For convenience, to avoid prejudice or two expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

---

³ *John S. Clark, Co. v. Travelers Indem. Co.*, 359 F. Supp. 2d 429, 440–442 (M.D.N.C. 2004) (in deciding whether to drop parties, add parties, or retain parties, courts ordinarily consider basic principles such as fundamental fairness and judicial economy, whether order will prejudice any party or would result in undue delay, and threats of duplicitous litigation and inconsistent jury verdicts).

10. The Fifth Circuit, consistent with other federal circuits, has noted that severances under Federal Rule 21, and separate, or bifurcated, trials under Federal Rule 42(b), are different and should be treated differently; severance under Rule 21 results in two separate civil actions that are ultimately concluded by two separate final judgments. By contrast, bifurcation under Rule 42(b) leaves the parties or claims in the same suit, which is concluded by a single judgment.[4]

11. While FEI submits that severance under Rule 21 is a more appropriate remedy in this case because then a single final judgment in the scheduled trial could be entered on the jury verdict, the same factors supporting severance (see paragraphs 7-8 of this motion above) also dictate that at a minimum the Court should order separate trials against FEI and Skyline.

12. Undersigned counsel hereby certifies that he has contacted all counsel in the Griffin Case and they have no opposition to severing FEI from the case.

**WHEREFORE**, for the forgoing reasons and in the interest justice given the present posture of the MDL, the Court, pursuant to Federal Rule 21, should sever all claims of plaintiffs in the Griffin Case against FEI from those against Skyline; alternatively, the Court, acting pursuant to Federal Rule 42(b), should order separate, or

---

[4] *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 304 (5th Cir. 1993) (in negligence case involving impleaded third-party claim, court distinguished severance and bifurcation, and construed ambiguous motion as bifurcation motion); *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 580–581 (E.D.N.Y. 1999) (court distinguished between severance under Rule 21, which results in entirely independent actions to be tried separately with independent judgments resulting from the trials, and bifurcation under Rule 42, which results in separate trials but one judgment).

bifurcated, trials against each defendant, and should grant FEI such further relief as is appropriate on this motion.

Respectfully submitted,

**MIDDLEBERG, RIDDLE & GIANNA**

BY: _____/s/ Charles R. Penot, Jr._____
Charles R. Penot, Jr. (La. Bar No. 1530 & Tx. Bar No. 24062455)
717 North Harwood, Suite 2400
Dallas, Texas 75201
Tel: (214) 220-6334; Fax: (214) 220-6807
cpenot@midrid.com

*-and-*

Richard A. Sherburne, Jr., La. Bar No. 2106
450 Laurel Street, Suite 1101
Baton Rouge, Louisiana 70801
Telephone: (225) 381-7700
Facsimile: (225) 381-7730
rsherburne@midrid.com

**ATTORNEYS FOR FLUOR ENTERPRISES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2012, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sends notice of electronic filing to all court-appointed liaison counsel, who are CM/ECF participants, and that I personally served all counsel in the case captioned above with this pleading by email.

                                                  */s/ Charles R. Penot, Jr.*
                                               **CHARLES R. PENOT, JR.**