UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER                           MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                  SECTION "N-5"

                                              JUDGE ENGELHARDT
                                              MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Davis v. Thor California, Inc, et al, 09-4962*
*Dupuy, et al v. Thor California, Inc., et al, 09-4986*
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN REPLY TO THOR CALIFORNIA, INC.'S MEMORANDUM IN
OPPOSITION TO MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS**

MAY IT PLEASE THE COURT:

Plaintiffs in the above named suit respectfully move this Honorable Court for leave to amend their complaint to add Dutchmen Manufacturing, Inc. ("Dutchmen") and to dismiss Thor California, Inc., based on matching issues recently raised by counsel for the "Thor group."[1] Rec. Doc. 23960. Most importantly, this is not a situation where Plaintiffs are attempting to substitute a completely unrelated manufacturing defendant for the originally named manufacturing defendant.[2] Conversely, Thor California and Dutchmen subsidiaries of the same parent company, Thor Industries, Inc.

At the outset, Plaintiffs would note that Dutchmen improperly asserts an opposition to the instant Motion, as it is not yet a party in the above-captioned matters.

---

[1] Thor Industries, Inc. is the parent company of Keystone RV Company, **Dutchmen Manufacturing, Inc., Thor California, Inc.**, DS Corp. d/b/a Crossroads RV, Komfort Corporation, Damon Corporation, and Four Winds International Corporation. Counsel who filed the Opposition Memorandum (Rec. Doc. 24186) represents each of these entities (i.e., the "Thor group").

[2] Counsel for the Thor group identifies Rec. Doc. 22999 as support for its position; however, the motion that was denied in that Order dealt with the attempted substitution of two completely unrelated entities, Forest River, Inc. and Gulf Stream Coach, Inc.

In Thor California's Opposition (Rec. Doc. 24186) to Plaintiffs' instant Motion, Thor California states that the standard of review is not the "when justice so requires" standard set forth in Federal Rule of Civil Procedure 15; rather, Thor California submits that the "good cause" standard in Federal Rule of Civil Procedure 16 is the requisite standard of review for the instant Motion. The relation back provisions in Federal Rule of Civil Procedure 15(c) would clearly allow for such an amendment. However, assuming, *arguendo*, that Thor California has presented the more applicable standard, Plaintiffs aver that there is both good cause for the requested amendments and a lack of prejudicial effect on Thor and Dutchmen, as they are related entities through their parent company, Thor Industries, Inc. Plaintiffs' have shown good cause because of the confusion created by FEMA matching responses. See Rec. Doc. 23960-1, 23960-4. In fact, and as further evidence of such confusion, plaintiffs in the *Dupuy* matter sued both Thor Industries, Inc. and Thor California, Inc.[3] Moreover, Plaintiffs herein have acted diligently upon notification of this naming issue by opposing counsel in November of 2011, preparing proposed corrective pleadings within thirty-eight (38) days of notice of such mis-naming of the proper Thor group manufacturing entity.

In response to defendants' position that the defendant profile form, executed on June 11, 2010, should have cleared up any confusion, it is important to note that this profile form was received well after the PTO 49 matching deadline for the above-captioned cases. See Opposition Memorandum at 4 ("Thus, under PTO No. 49, the plaintiffs' deadline for matching was December 29, 2009."). In fact, by the time the defendant profile form was completed by

---

[3] The undersigned has agreed to voluntarily dismiss Thor Industries, Inc. upon the granting of the instant Motion, upon suggesting by counsel for the Thor group that the parent company is not a manufacturer of travel trailers.

2

defendants herein, plaintiffs had submitted to, and received from, FEMA 158 out of 175 matching request spreadsheets.

In response to the proposition that PTO 68 is applicable, the Plaintiffs submit that PTO 68 was a deadline set to effectively eliminate all "unmatched" holding actions, where all manufacturing defendants were named because of a lack of matching information. This is also not representative of the instant situation, nor is it supportive of the application of the "good cause" standard advanced by defendants. Plaintiffs herein were in a complaint "matched," albeit improperly matched to a single manufacturing defendant.

In sum, Plaintiffs had a good faith basis for confusion over the proper Thor Industries, Inc. subsidiary due to the inconsistencies in matching responses produced by FEMA. Plaintiffs have timely moved for leave, given notice of the Thor/Dutchmen matching issue by opposing counsel on November 8, 2011. Plaintiffs agree as to the importance of the amendment, which will allow Plaintiffs to correct their pleadings to name the proper Thor group manufacturing entity. Of further importance to Plaintiffs is the fact that meaningful settlement discussions are being held with the Thor group. Plaintiffs also note that neither case is set for trial and that all Thor group entities have agreed to participate in a second Thor group mediation early next month. No undue delay will follow from such amendments. Further, it would be extremely prejudicial and unjust to Plaintiffs at this stage of the case to be denied the ability to correct the named defendant manufacturer subsidiary company, when a sister subsidiary company of the same parent company has been named.

Although Plaintiffs believe it is not necessary for this Court's analysis of whether "good cause" exists, Plaintiffs would note that whether Thor Industries, Inc. and its subsidiaries may be treated as a single business entity is a fact intensive inquiry. The facts that Thor California and

3

Dutchmen share the same parent company, share the same counsel, and are covered under the same insurance policies, are extremely relevant to such an inquiry, as noted in this Court's jurisprudence. *See Verhoeven v. Balboa Ins. Co.*, 2007 WL 4374222, *11-12 (E.D. La. Dec. 13, 2007) (granting a motion for leave to amend under both Fed. R. Civ. P. 15 and Fed. R. Civ. P. 16).[4]

There were approximately 3,500 Thor California and Dutchmen **units** in service and fewer than that number of **individual claims** presented against these defendants. Therefore, it stands to reason that Thor California and Dutchmen were both on notice that the potential number of claims against either company could be higher.

Therefore, this Honorable Court should grant Plaintiffs' instant Motion for Leave to File Amended Complaints (Rec. Doc. 23960) and add the proper Thor Industries, Inc. manufacturing subsidiary company, Dutchmen Manufacturing, Inc., and dismiss the improper Thor Industries, Inc. manufacturing subsidiary, Thor California, Inc.

Respectfully submitted:

**FORMALDEHYDE TRAILER FORMALDEHYDE**

---

[4] Under Louisiana law, "upon a finding that a group of affiliated corporations constitute a 'single business enterprise,'" the court may disregard the concept of corporate separateness and extend liability to each of the affiliated corporations to prevent fraud or achieve equity.' See *S. Capitol Enter., Inc. v. Conseco Serv., L.L.C.*, 476 F.Supp.2d 589, 595 (M.D.La.2007)(quoting *Brown v. Auto. Cas. Ins. Co.*, 644 So.2d 723, 727 (La.App. 1 Cir.1994). Whether a group of entities is a single business enterprise is a question of fact. Id. Among the factors considered in determining whether a group of entities constitute a single business enterprise are substantial identity of ownership, common directors, officers, or employees, centralized accounting, and unified administrative control of corporations whose business functions are similar or supplementary. *Green v. Champion Ins. Co.*, 577 So.2d 249, 257 (La.App. 1 Cir.1991).

*Verhoeven v. Balboa Ins. Co.*, 2007 WL 4374222, *11-12 (E.D. La. Dec. 13, 2007)

**PRODUCT LIABILITY LITIGATION**

BY:  /s/Justin I. Woods
GERALD E. MEUNIER, #9471
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:    504/528-9973
gmeunier@gainsben.com
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS' STEERING COMMITTEE**
ROBERT M. BECNEL #14072
RAUL BENCOMO, #2932
ANTHONY BUZBEE, Texas #24001820
FRANK D'AMICO, JR., #17519
ROBERT C. HILLIARD, Texas #09677700
MATT MORELAND, #24567
DENNIS C. REICH Texas #16739600
MIKAL C. WATTS, Texas #20981820

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served upon counsel of record as indicated below in accordance with the Federal Rules of Civil Procedure on January 24, 2012.

/s/Justin I. Woods
JUSTIN I. WOODS, #24713