UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER
    FORMALDEHYDE PRODUCTS
    LIABILITY LITIGATION

MDL NO. 07-1873

SECTION "N" (5)

THIS DOCUMENT RELATES TO
Member Case No. 10-3732

**ORDER AND REASONS**

Before the Court is a Motion to Dismiss with Prejudice for Failure to Comply with Pre-Trial Order No. 32 Relating to Plaintiff Fact Sheets, filed by defendant Morgan Building & Spas, Inc. and Morgan Building Systems, Inc. (collectively, "Morgan") (Rec. Doc. 23931). Plaintiffs have filed an opposition memorandum. (Rec. Doc. 24126). Morgan has filed a reply memorandum. (Rec. Doc. 24248).

Morgan moves to dismiss the claims of Petrina Bondio on grounds that she has failed to comply with this Court's orders by failing to cure material deficiencies in her Plaintiff Fact Sheet.

**A. BACKGROUND:**

Shortly after the creation of this MDL, the Court issued Pre-Trial Order No. 2, which mandates that each plaintiff serve on the defendants a completed and verified Plaintiff Fact Sheet (PFS) within thirty days after transfer (or direct filing) into the MDL. (Rec. Doc. 87, signed Jan. 30, 2008). This Order, which reflected an agreement among the parties regarding case management, also established a "Procedure for Dismissal of Claims for Failure to Comply with Discovery." *See* Rec. Doc. 87 at pp. 8-9, § III(D). The Court reiterated this dismissal procedure in Pre-Trial Order No. 32 (Rec. Doc. 1180). According to the procedure, "[w]hen any plaintiff has failed to materially

1

comply with his or her obligations under this Order to submit a completed PFS within the timelines established..., a counsel representing a Defendant shall send to Plaintiff's Counsel for the plaintiffs in question...a letter confirming the failure to timely file and/or explaining the material deficiency in the PFS." *See* Rec. Doc. 1180 at p.5. This deficiency letter must notify the plaintiff that he or she "will have thirty (30) days to cure the alleged material deficiencies, or any Defendant may thereafter move for dismissal, upon an appropriate showing that Plaintiff's claims should be dismissed for failure to comply with the Court's applicable Orders." *Id*. More recently, in Pre-Trial Order No. 88, the Court (1) temporarily narrowed the PFS deficiency process to twenty-three "key" questions (except for cases where deficiency notices had been served and the time for curing such deficiencies already had expired) and (2) for deficiency notices served after March 24, 2011, extended the time for curing deficiencies to sixty (60) days. *See* Rec. Doc. 22124, as corrected in Rec. Doc. 22153.

**B. APPLICABLE LAW:**

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action or claim if a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Because a dismissal with prejudice "'is an extreme sanction that deprives the litigant of the opportunity to pursue his claim,'" a dismissal under Rule 41(b) should be granted "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (footnote omitted) (quoting *Callip v. Harris County Child Welfare Dep't,* 757 F.2d 1513, 1519 (5th Cir. 1986)).

Additionally, the Fifth Circuit looks for "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.* (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

Federal Rule of Civil Procedure 37(b)(2) "empowers a district court to impose 'just' sanctions on parties who disobey a discovery order." *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). However, "[b]ecause the law favors the resolution of legal claims on the merits, and because dismissal is a severe sanction that implicates due process," the Fifth Circuit has articulated four factors "that must be present before a district court may dismiss a case as a sanction for violation of a discovery order": (1) the violation must result "'from willingness or bad faith and [be] accompanied by a clear record of delay or contumacious conduct;'" (2) "the violation ... must be attributable to the client instead of the attorney;" (3) the violation "'must substantially prejudice the opposing party;'"and (4) there must be no "less drastic sanction [that] would substantially achieve the desired deterrent effect." *Id.* at 1380-81 (citations omitted) (quoting *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)).

C. **ANALYSIS:**

Many of the alleged PFS deficiencies set forth in the instant motion address PFS questions outside the twenty-three key fields identified in Pre-Trial Order No. 88 and therefore are not appropriate grounds for a motion to dismiss at this time. As explained above, Pre-Trial Order No. 88 modified the PFS deficiency process by: (1) temporarily narrowing the process to twenty-three "key" questions (except for cases where deficiency notices already had been served and the time for curing deficiencies already had expired when the Order was signed); and (2) extending the time for

3

curing deficiencies to sixty (60) days for deficiency notices served after March 24, 2011. *See* Rec. Doc. 22124, as corrected in Rec. Doc. 22153. From the time Pre-Trial Order No. 88 was signed on June 24, 2011, until May 31, 2012 (sixty days after April 1, 2012), motions to dismiss for PFS deficiencies are limited to deficiencies related to the twenty-three "key" fields set forth in Pre-Trial Order No. 88. *See id.* The one exception to this restriction is for cases where a deficiency notice already had been served and the time for curing the specified deficiencies already had expired when PTO No. 88 was signed. (Rec. Doc. 22153 at 3).

Here, Morgan's deficiency notices were served on June 17, 2011 and July 28, 2011. *See* Exhibits B and C to Movants' Memorandum in Support (Rec. Doc. 23931-3). Thus, the plaintiffs' sixty-day period for curing had not expired when Pre-Trial Order No. 88 was signed on June 24, 2011. Consequently, this motion does not fall within the proviso allowing motions to dismiss for deficiencies beyond the twenty-three key fields.

Morgan's primary complaint within the twenty-three fields is that Ms. Bondio has not provided a VIN, FEMA identification number, or barcode number for her FEMA unit. In response to these PFS questions, Ms. Bondio states "unknown." *See* Exhibit A to Movants' Supporting Memorandum (Rec. Doc. 23931-3). Morgan explains that this information is particularly important to Morgan for purposes of determining whether Ms. Bondio's FEMA unit was in fact sold by Morgan. The Court is sympathetic to Morgan's plight. However, the dismissal procedure for PFS deficiencies is restricted to those plaintiffs who fail to provide a materially complete PFS and where there is a clear record of delay or contumacious conduct on the part of the plaintiff herself. Here, the plaintiff has largely complied with her PFS obligations, answering most of PFS questions, even those beyond the twenty-three key fields. Pre-Trial Order No. 88 contemplates that lack of

4

knowledge may be an adequate response. *See* Rec. Doc. 22153. Here, there is nothing to suggest that Ms. Bondio's responses are in bad faith or unresponsive. Thus, the high threshold for dismissal under Rules 41(b) and 37(b)(2) simply is not met. This ruling, of course, does not relieve Ms. Bondio of her obligations to supplement her answers as she acquires the missing information. Accordingly,

**IT IS ORDERED** that the **"Motion to Dismiss with Prejudice for Failure to Comply with Pre-Trial Order No. 32 Relating to Plaintiff Fact Sheets" (Rec. Doc. 23931)**, filed by defendant Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc., is hereby **DENIED**.

New Orleans, Louisiana, this  26th  day of January, 2012.

						_____
						**KURT D. ENGELHARDT**
						**United States District Court**