UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                            MDL NO. 07-1873
      FORMALDEHYDE PRODUCTS
      LIABILITY LITIGATION
                                                    SECTION "N" (5)

THIS DOCUMENT RELATES TO
Member Case No. 10-3702

## ORDER AND REASONS

Before the Court is a Motion to Dismiss with Prejudice for Failure to Comply with Pre-Trial Order No. 32 Relating to Plaintiff Fact Sheets, filed by defendant Morgan Building & Spas, Inc. and Morgan Building Systems, Inc. (collectively, "Morgan") (Rec. Doc. 23977). Plaintiffs have filed an opposition memorandum. (Rec. Doc. 24102). Morgan has filed a reply memorandum. (Rec. Doc. 24250).

Morgan moves to dismiss the claims of the following plaintiffs on grounds that they have failed to comply with this Court's orders by failing to cure material deficiencies in their Plaintiff Fact Sheets: (1) Henry H. Vandenborre, Jr.; and (2) Brian Joseph Dobronich.

### A. BACKGROUND:

Shortly after the creation of this MDL, the Court issued Pre-Trial Order No. 2, which mandates that each plaintiff serve on the defendants a completed and verified Plaintiff Fact Sheet (PFS) within thirty days after transfer (or direct filing) into the MDL. (Rec. Doc. 87, signed Jan. 30, 2008). This Order, which reflected an agreement among the parties regarding case management, also established a "Procedure for Dismissal of Claims for Failure to Comply with Discovery." *See* Rec. Doc. 87 at pp. 8-9, § III(D). The Court reiterated this dismissal procedure in Pre-Trial Order

1

No. 32 (Rec. Doc. 1180). According to the procedure, "[w]hen any plaintiff has failed to materially comply with his or her obligations under this Order to submit a completed PFS within the timelines established..., a counsel representing a Defendant shall send to Plaintiff's Counsel for the plaintiffs in question...a letter confirming the failure to timely file and/or explaining the material deficiency in the PFS." *See* Rec. Doc. 1180 at p.5.  This deficiency letter must notify the plaintiff that he or she "will have thirty (30) days to cure the alleged material deficiencies, or any Defendant may thereafter move for dismissal, upon an appropriate showing that Plaintiff's claims should be dismissed for failure to comply with the Court's applicable Orders." *Id*. More recently, in Pre-Trial Order No. 88, the Court (1) temporarily narrowed the PFS deficiency process to twenty-three "key" questions (except for cases where deficiency notices had been served and the time for curing such deficiencies already had expired) and (2) for deficiency notices served after March 24, 2011, extended the time for curing deficiencies to sixty (60) days. *See* Rec. Doc. 22124, as corrected in Rec. Doc. 22153.

**B. APPLICABLE LAW:**

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action or claim if a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Because a dismissal with prejudice "'is an extreme sanction that deprives the litigant of the opportunity to pursue his claim,'" a dismissal under Rule 41(b) should be granted "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (footnote omitted)

(quoting *Callip v. Harris County Child Welfare Dep't,* 757 F.2d 1513, 1519 (5th Cir. 1986)). Additionally, the Fifth Circuit looks for "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.* (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

Federal Rule of Civil Procedure 37(b)(2) "empowers a district court to impose 'just' sanctions on parties who disobey a discovery order." *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). However, "[b]ecause the law favors the resolution of legal claims on the merits, and because dismissal is a severe sanction that implicates due process," the Fifth Circuit has articulated four factors "that must be present before a district court may dismiss a case as a sanction for violation of a discovery order": (1) the violation must result "'from willingness or bad faith and [be] accompanied by a clear record of delay or contumacious conduct;'" (2) "the violation ... must be attributable to the client instead of the attorney;" (3) the violation "'must substantially prejudice the opposing party;'"and (4) there must be no "less drastic sanction [that] would substantially achieve the desired deterrent effect." *Id.* at 1380-81 (citations omitted) (quoting *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)).

C. **ANALYSIS:**

Many of the alleged PFS deficiencies set forth in the instant motion address PFS questions outside the twenty-three key fields identified in Pre-Trial Order No. 88. As explained above, Pre-Trial Order No. 88 modified the PFS deficiency process by: (1) temporarily narrowing the process to twenty-three "key" questions (except for cases where deficiency notices already had been served and the time for curing deficiencies already had expired when the Order was signed); and (2)

3

extending the time for curing deficiencies to sixty (60) days for deficiency notices served after March 24, 2011.  *See* Rec. Doc. 22124, as corrected in Rec. Doc. 22153.  From the time Pre-Trial Order No. 88 was signed on June 24, 2011, until May 31, 2012 (sixty days after April 1, 2012), motions to dismiss for PFS deficiencies are limited to deficiencies related to the twenty-three "key" fields set forth in Pre-Trial Order No. 88.  *See id.*  The one exception to this restriction is for cases where a deficiency notice already had been served and the time for curing the specified deficiencies already had expired when PTO No. 88 was signed.  (Rec. Doc. 22153 at 3).

Here, Morgan's deficiency notice was served on June 17, 2011.  *See* Exhibit A to Movants' Memorandum in Support (Rec. Doc. 23977-3).  Thus, the plaintiffs' sixty-day period for curing had not expired when Pre-Trial Order No. 88 was signed on June 24, 2011.  Consequently, this motion does not fall within the proviso allowing motions to dismiss for deficiencies beyond the twenty-three key fields.

### 1. Henry H. Vandenborre, Jr.:

The PFS of Henry Vandenborre, Jr., is virtually complete in every way, even beyond the twenty-three fields.  Morgan's few complaints regarding Mr. Vandenborre largely address questions outside the twenty-three key fields, and therefore are not appropriate grounds for a motion to dismiss at this time.  *See* discussion *supra* at pp. 3-4.  Within the twenty-three fields, Morgan's only complaint is that Mr. Vandenborre did not provide a barcode.  Morgan also complains that Mr. Vandenborre made the notation "Trailer 2" at the top of the PFS page containing information about his FEMA unit (a Fleetwood manufactured trailer located in Chalmette, Louisiana), which suggests that he lived in more than one unit.  In response to the instant motion, Mr Vandenborre clarifies this notation by attaching a second PFS, labeled "Trailer 1," which describes two Gulf Stream trailers

located in Bay Saint Louis, Mississippi. *See* Exhibit 2 to Plaintiffs' Opposition Memorandum (Rec. Doc. 24102-2). Presumably this second PFS was not provided previously to Morgan because it is not the basis of Mr. Vandenborre's claim against Morgan. Morgan did not sell Gulf Stream trailers in connection with the Katrina and Rita disaster response. *See* Exhibit F to Movants' Memorandum in Support (Rec. Doc. 23977-3).

The Court finds that Mr. Vandenborre has satisfied his PFS obligations. He is not a proper candidate for a motion to dismiss under the dismissal procedure of Pre-Trial Orders Nos. 2, 32, and 88.

### 2. Brian Joseph Dobronich:

As with Mr. Vandenborre, the PFS of Brian Dobronich is virtually complete in every way, even beyond the twenty-three fields. Morgan's few complaints regarding Mr. Dobronich largely address questions outside the twenty-three key fields, and therefore are not appropriate grounds for a motion to dismiss at this time. *See* discussion *supra* at pp. 3-4. Within the twenty-three fields, Morgan's only complaint is that Mr. Dobronich has not provided a VIN, a FEMA identification number, or a barcode number for the FEMA unit in which he resided following hurricanes Katrina and Rita. In response to the PFS questions seeking the VIN and barcode, Mr. Dobronich states: "Don't know, unable to obtain from FEMA." *See* Rec. Doc. 23977-3. In response to the PFS question seeking a FEMA identification number, Mr. Dobronich states: "I did not receive a FEMA #. No FEMA ID #." *Id.* Mr. Dobronich explains in his opposition memorandum that he does not have this information because it was his father who obtained the emergency housing unit from FEMA, and his father will not provide him with the FEMA identification number. FEMA has refused to provide this information to the plaintiff.

Morgan explains that this information is particularly important to Morgan for purposes of determining whether Mr. Dobronich's FEMA unit was in fact sold by Morgan. The Court is sympathetic to Morgan's plight. However, the dismissal procedure for PFS deficiencies is restricted to those plaintiffs who fail to provide a materially complete PFS and where there is a clear record of delay or contumacious conduct on the part of the plaintiff himself. Here, the plaintiff has provided a completed PFS. Pre-Trial Order No. 88 contemplates that lack of knowledge may be an adequate response. *See* Rec. Doc. 22153. There is nothing to suggest that Mr. Dobronich's answers are in bad faith or unresponsive. Thus, the high threshold for dismissal under Rules 41(b) and 37(b)(2) simply is not met. Accordingly,

**IT IS ORDERED** that the **"Motion to Dismiss with Prejudice for Failure to Comply with Pre-Trial Order No. 32 Relating to Plaintiff Fact Sheets" (Rec. Doc. 23977)**, filed by defendant Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc., is hereby **DENIED**.

New Orleans, Louisiana, this __26th__ day of January, 2012.

**KURT D. ENGELHARDT**
United States District Court