UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER
       FORMALDEHYDE PRODUCTS
       LIABILITY LITIGATION

**This document relates to:**

*Williams, et al v. Thor California Inc. 09-3990;*

*Darby, et al v. Thor Ind., Inc., et al, 09-4025;*

*Acker, et al v. Thor Ind., Inc., et al 09-4067;*

*Jenkins v. Four Winds Int. Co., et al 09-4906;*

*Jenkins v. Four Winds Int. Co., et al, 09-4908;*

*Franklin, et al v. Thor Calif, Inc., et al, 09-4928;*

*Strickland, et al v. Four Winds Int. Corp., 09-4933;*

*Williams, Jr., et al v. Thor Ind., Inc. et al, 09-5530;*

*Christophe, et al v. Thor Calif, Inc. 09-5636;*

*Barabin obo Tamiah Howard, et al, v. Thor Calif, Inc., et al, 09-5638;*

*Smith, et al v. Thor Calif, Inc., et al, 09-5640;*

*Bradley, et al v. Thor Calif., Inc., et al, 09-5651*

*Faustermann, et al v. Thor Calif, Inc. 09-5679*

**MDL NO. 1873**

**JUDGE ENGELHARDT**

**MAG. JUDGE CHASEZ**

*Juanita Landry, et al v. Four Winds Int. Corp.*
09-5731;

*Gillis Branch obo Eddie Branch, et al v. Thor Calif, Inc.* 09-5744;

*Godfrey, et al v. Thor Calif, Inc. et al* 09-8302;

*Eugene, et al v. Thor Calif, Inc.,* 09-8312; and

*Julie Cook, et al. v. Dutchmen Manufacturing, Inc.,* 09-5957

_____

**MEMORANDUM IN OPPOSITION TO MOTION
FOR LEAVE TO SEVER CLAIMS AND TO JOIN EXISTING ACTION**

Defendants Thor Industries, Inc., Thor California, Inc., Four Winds International, Inc. and Dutchmen Manufacturing, Inc. submit this memorandum in opposition to the Plaintiffs' Motion for Leave to Sever Claims and to Join Existing Actions.[1]  For the reasons explained below, the Court should deny this motion.

**SUMMARY OF ARGUMENT**

This motion is another one of dozens filed by plaintiffs who failed to comply with the Court's matching deadlines.  Now, more than two years after they filed suit and their deadlines to match, the plaintiffs in the suits referenced above seek to sever themselves from their current suits and add their claims to another suit against Dutchmen Manufacturing.  In making this request, Plaintiffs acknowledge their matching deadlines have past and "there was a mistake in naming the proper

---

[1] Rec. Doc. No. 24202.

party that manufactured [their] travel trailers."[2]

Other than to refer to mistaken information allegedly provided by FEMA (which they did not submit with their motion), plaintiffs have not offered any legitimate explanation or proof to show why they named the wrong defendants or why the Court should allow them to change defendants at this late date.

The record in this matter clearly shows that plaintiffs knew or should have known that they filed their suits against the wrong defendants. Plaintiffs have been on notice since *at least* May 2008 that Thor Industries, Inc. is not a proper defendant in this MDL because it is not a manufacturer of travel trailers or any of the other types of housing units at issue here. Moreover, in June 2010, each of the defendants submitted "Defendant Profile Forms" which clearly explained their unique VIN numbering system and the method to "decode" the VIN numbers. Yet, these plaintiffs incorrectly claim they only learned in November 2011 that they sued the wrong defendants.

Putting aside their knowledge, the plaintiffs have not demonstrated "good cause" to permit them to change defendants at this late date. Plaintiffs have not provided basic information, as they must, explaining what steps they have taken since filing suit to determine the correct defendants and why they have waited this long to seek the proposed change of parties. Without this explanation, the Court should deny the plaintiffs' motion.

---

[2] Rec. Doc. No. 24202-1, p. 3.

## FACTUAL BACKGROUND

The plaintiffs filed their complaints on various dates ranging from June 15, 2009 through December 29, 2009. Most of the complaints were styled as "Amended Complaints" because the plaintiffs were originally named in unmatched suits.

The plaintiffs' complaints allege, without any hesitation or uncertainty, that they lived in travel trailer units manufactured by Thor Industries, Inc., Thor California, Inc., or Four Winds, International, Inc.[3]

In their pending motion, plaintiffs now allege, with equal certainty, that the correct defendant for their claims is Dutchmen.[4] They explain that FEMA allegedly provided them with incorrect information about the manufacturer associated with the VIN prefixes "47CT" and "4XTT" which, according to plaintiffs, caused them to sue the wrong defendants.[5] Plaintiffs did not provide any details about this allegedly incorrect matching information nor did they submit any documents (or affidavits) to support their assertions.

The Court is very familiar with the matching process and its Pretrial orders related to it. For sake of brevity, the following points are relevant to the matching process for these plaintiffs:

---

[3] The plaintiffs' complaints, like hundreds of other complaints filed in this MDL, contain nearly identical allegations which assert that the plaintiffs lived in the travel trailers manufactured by the named defendants.

[4] Rec. Doc. No. 24202-1, p 2. Apparently through the same motion, the plaintiffs seek to sever themselves from the listed complaints and add themselves into suit No. 09-5957.

[5] "47CT" is the VIN prefix associated with Dutchmen Manufacturing, Inc. and "4XTT" is the prefix associated with Thor California, Inc.

- The Court placed the initial responsibility on plaintiffs to identify and name the correct manufacturer(s) for his or her housing unit. *See* Rec. Doc. No. 1596 (PTO 38).

- For complaints filed or transferred to the Eastern District <u>before</u> December 9, 2009, the deadline for matching was December 29, 2009. *See* Rec. Doc. No. 8909 (PTO 49).

- For complaints filed or transferred <u>after</u> December 9, 2009, the deadline for matching was within 45 days of the date of filing the particular complaint. *See* Rec. Doc. No. 8909 (PTO 49).

- Pre-Trial Order No. 49 provided that the matching deadlines would be extended only for "good cause" shown.

- The Court also permitted certain plaintiffs who complied with the "last chance" matching process to file amended/matched complaints by August 2, 2010. *See* Rec. Doc. No. 14779 (PTO 68).

The plaintiffs filed their complaints on various dates between June 15, 2009 and December 29, 2009. Thus, under PTO No. 49, the plaintiffs' deadline for matching, *at the latest*, was February 15, 2010 (i.e., 45 days after the plaintiffs filed the last of their complaints). For those actions filed before December 9, 2009 (which is all the referenced cases except Nos. 09-8302 and 09-8312), the plaintiffs' deadline to file matching complaints was December 29, 2009. Additionally, assuming these plaintiffs qualified under the "last chance" matching process under PTO No. 68,

they should have filed an appropriate motion by August 2, 2010.[6] Therefore, by all accounts, these plaintiffs have failed to meet their matching deadlines under PTO 49 or 68.

The plaintiffs apparently do not disagree—they have not asserted their proposed severances and amendment are timely. Instead, they seek leave to file these pleadings after the relevant deadlines for doing so. To do so, they must establish the "good cause" showing required by PTO No. 49 and Federal Rule 16.

## LAW AND ARGUMENT

**1. Federal Rule 16 and the "good cause" standard apply here.**

Federal Rule 16(b) "governs amendment of pleadings after a scheduling order has expired."[7] Additionally, Rule 16(b) provides that once a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent." The Fifth Circuit has made clear that the "good cause" standard requires that the party "seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."[8]

The Fifth Circuit has provided four factors to determine whether "good cause" exists: (1) the explanation offered about why the party failed to timely move for leave; (2) the importance of the amendment; (3) the potential prejudice in allowing

---

[6] *See* Rec. Doc. No. 14779 (PTO 68).

[7] *S & W Enterprises, L.L.C. v. SW Bank of Alabama, NA*, 315 F. 3d 533, 536 (5th Cir. 2003).

[8] *Id*. at 535 (citations omitted).

the amendment; and (4) the availability of a continuance to cure such prejudice.[9]

As discussed above, this Court has entered various orders setting deadlines for amendments and filing matched complaints. Although styled as Pretrial Orders, those orders constitute scheduling orders and the Court should apply a Rule 16 "good cause" analysis to the plaintiffs' motion.[10] The plaintiffs' burden is to show that "good cause" exists to permit them to file an amended complaint after all deadlines for doing so have expired.

**2.  Plaintiffs have not established "good cause" to extend their deadline for matching and filing the proposed pleadings.**

Similar to other plaintiffs' motions, the plaintiffs admit that they mistakenly filed their complaints against the wrong defendants. They blame their mistakes on FEMA and assert that FEMA told them that "travel trailers having VIN prefixes of '47CT' and '4XTT' were manufactured by Thor Industries, Inc….and Four Winds International, Inc."[11] The plaintiffs attached no documents or affidavits to support this assertion.

The plaintiffs also argue that they only *recently* learned that they sued the wrong defendants and that Thor Industries and Four Winds did not use the "47CT"

---

[9] *Id.*

[10] In a ruling on a similar motion filed by other plaintiffs, the Court has already recognized that this situation implicates Rule 16. *See* Rec. Doc. No. 22999, p. 4 ("Under these circumstances, the Court finds that Rule 16 is applicable here. Thus, plaintiffs must clear the hurdle of establishing good cause under Rule 16 before the standard of Rule 15 will apply."). It is important to note that the Court also incorporated the "good cause" standard by using that phrase in PTO No. 49. *See* Rec. Doc. No. 8908.

[11] Rec. Doc. No. 24202-1, p. 2.

VIN prefix. They suggest that this information was not known to their lawyers until counsel for the defendant brought this information to their attention.[12] This contention is both irrelevant and wrong. It's irrelevant because the defendants are not required to notify the plaintiffs that they sued the wrong parties, particularly when they failed to meet the deadlines in the Court's matching process. More importantly, it's wrong because the *plaintiffs' counsel* waited and first inquired about the VIN number issues in a November 10, 2011 email.[13] The problem/issue was not raised by the Defendants, as suggested by the plaintiffs.

Putting aside what occurred in November of 2011, the plaintiffs and their counsel have known several key pieces of information that demonstrate why their proposed pleadings are too late and the Court should deny their motion.

First, plaintiffs have known since *at least* May 19, 2008, that Thor Industries is not a proper manufacturer defendant. On that date, the Plaintiffs' Liaison Counsel filed a Notice of Voluntary Dismissal under Rule 41(a).[14] They attached to

---

[12] Rec. Doc. No. 24202-1.

[13] *See* Exhibit "A" The plaintiffs have made this same argument in other motions to amend, suggesting, improperly, that the Defendants and their counsel somehow withheld the information the plaintiffs needed to confirm the VIN numbers and correct their misfiled complaints. This, of course, is wrong. As explained in this memorandum, the plaintiffs have known since at least 2008 the information about Thor Industries and the Defendants' VIN numbers. The plaintiffs simply waited until of November 2011 to take any steps to correct the problem, and at that point asked counsel for the Defendants to confirm what plaintiffs had apparently just realized about the VIN prefixes.

[14] Rec. Doc. No. 198 (filed 5/19/2008). This Notice dismissed Thor Industries, Inc. from the Plaintiffs' Master Complaint. Despite this filing, plaintiffs continued to file complaints against Thor Industries.

that filing an affidavit from Walter Bennett, a Thor Industries officer, who stated that (a) Thor Industries was simply a parent corporation and (b) Thor Industries had never designed, manufactured or distributed any products, including the recreational vehicles at issue in this litigation.[15] Other filings and submissions have put the plaintiffs on notice that Thor Industries is not a correct defendant. Among them, Thor Industries filed a preservation of defenses list which noted this.[16]

Second, Thor Industries, Thor California, Four Winds and Dutchmen all submitted Defendant Profile Forms on June 11, 2010 which clearly: (a) explained that Thor Industries was not a manufacturer and used no VIN number; and (b) gave the VIN prefix for Thor California, Four Winds and Dutchmen.[17] Assuming the plaintiffs received improper matching information (which they have not established), the profile forms put plaintiffs on notice that the matching information they allegedly received from FEMA was not correct.[18] Alternatively, the profile forms and Thor Industries' dismissal provided plaintiffs with sufficient information to know there was a serious problem with their claims which needed to be

---

[15] Rec. Doc. No. 198-1.

[16] Rec. Doc. No. 220.

[17] *See* Exhibits "B", "C", "D", and "E".

[18] The plaintiffs allege that information provided by FEMA caused them to sue the wrong defendants. They haven't submitted any documents to support these statements and haven't explained why they waited until January 18, 2012 to correct their mistake. Even if FEMA provided the wrong information (which plaintiffs haven't proven), given what they knew from the Defendants' Profile Forms, why did they wait so long to do anything about the mistakenly filed complaints?

addressed. Yet, the plaintiffs waited nearly two years to do anything about the problem.

Putting aside what the plaintiffs knew or should have known, the following points illustrate that the plaintiffs have not established "good cause" to permit their amendment:

  (a)  With any factual information, i.e., documents or affidavits, there is essentially no "explanation" for the Court to evaluate under the Fifth Circuit's first factor for good cause. All the Court has is the unsupported and conclusory statements contained in the plaintiffs' supporting memorandum. Moreover, the plaintiffs have not described any exigent or equitable circumstances that *might* provide a basis for the proposed amendment.

  (b)  The plaintiffs have not established any problems with matching information provided about <u>their</u> particular housing units. In other words, they have not shown or even alleged that FEMA gave them an incorrect name for their specific VIN number, leading them to believe that their unit was a Thor Industries, Thor California or Four Winds unit, rather than a Dutchmen unit.

  (c)  Admittedly, the second factor, the "importance" of the amendment *might* weigh in favor of the plaintiffs, although the plaintiffs have not argued or explained how that could be the case. If they are not permitted to amend their complaint, their claims against the correct

        defendant (Dutchmen, according to the plaintiffs) will likely be barred. But, as the Court has noted in response to a similar motion filed by another plaintiff, the second factor by itself is not dispositive. If the other factors weigh heavily against the plaintiffs, as they do here, the Court should not allow the proposed amendments.[19]

(d)    The third and fourth factors weigh very heavily against the proposed severances and amendments. The potential prejudice to the Defendants is clear and substantial. Until filing this motion, years after this MDL was created, the plaintiffs never identified themselves as having lived in a Dutchmen-manufactured unit. As the Court has previously noted, it has "taken nearly four years to reach a point where the cases in this MDL are ready to proceed beyond the matching issue toward resolution."[20] The Court should not be required to reopen the entire matching process. Doing so would harm those plaintiffs who have been properly matched and delay the proceedings for all parties—defendants and plaintiffs. The Court should not permit that to happen.

    The Court has already considered and denied a similar motion filed by another plaintiff. That plaintiff, Corey Carter, initially filed his claims in an unmatched complaint against Gulf Stream and other defendants. Then,

---

[19] *See* Rec. Doc. No. 22999, p. 5.

[20] *Id.*

approximately 18 months after his matching deadline, the plaintiff filed a motion for leave and sought to add himself into a matched complaint against Forest River.[21] Forest River opposed the motion and the Court denied it, finding that the plaintiff had missed his opportunity to file a matching complaint and offered no legitimate reason why the Court should extend the deadline.[22] The Court's rationale should be applied here.

**3.   It is irrelevant that Thor Industries, Dutchmen and Four Winds are represented by the same counsel and allegedly have the same insurer.**

Like other pending motions for leave, the plaintiffs argue that because the defendants have common representation and insurance, no defendants will suffer prejudice if the Court permits the proposed severances.[23] The plaintiffs cite no authority to support their argument.

That Dutchmen and Thor California might each be subsidiaries owned by the same parent company does not help the plaintiffs' argument. As the Fifth Circuit has noted in various contexts, subsidiary companies and their parent corporations are treated as separate and distinct corporate entities.[24] It would be improper to

---

[21] *See* Rec. Doc. No. 22336 (Plaintiff Corey Carter's Motion for Leave to File Amended Complaint).

[22] Rec. Doc. No. 22999 (September 27, 2011 ruling).

[23] Rec. Doc. No. 24202-1, p. 2.

[24] *See In re Ark-La-Tex Timber Co., Inc.*, 482 F. 3d 319 (5th Cir. 2007)(Fifth Circuit recognized general principle that corporate entities treated as distinct from each other, absent some reason to disregard that separateness such as fraud or criminal conduct). *See also Dixon Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331 (5th Cir. 1999)(Fifth Circuit, addressing questions of minimum contacts for jurisdictional

find, as plaintiffs ask the Court to do, that a suit against one subsidiary corporation should be treated as suit against all of them. The Defendants are not aware of any case law supporting this position and plaintiffs have not cited any.

Likewise, the fact that Thor Industries, Four Winds and Dutchmen are represented by the same counsel or *allegedly* insured by the same policies does not make the proposed pleadings proper. The plaintiffs have not cited any cases that show common representation or overlapping insurance is a factor that the Court should consider under the "good cause" analysis required by Rule 16.

### 4. The plaintiffs are not entitled to relief under Federal Rule 15.

Additionally, if the Court evaluates the plaintiffs' motion under Rule 15(a), as suggested by the plaintiffs, the Court should still deny their motion. This is because the Court may evaluate "undue delay [and] undue prejudice" as part of a request for amendments under Rule 15.[25] The Court should also evaluate whether the "moving party failed to take advantage of earlier opportunities to amend."[26] At a certain point, the "time delay on a part of a plaintiff can be procedurally fatal."[27] Here, the plaintiffs have not explained why they delayed filing their proposed pleadings. They have been on notice since at least May 2008 that they sued the

---

analysis, recognized that related corporate entities, such as parents and subsidiaries, are treated as distinct from each other).

[25] *Whitaker v. City of Houston*, 963 F. 2d 831, 836 (5th Cir. 1992) (citation omitted).

[26] *Lozano v. Ocwen Fed. Bank, FSB,* 489 F.3d 636, 644 (5th Cir. 2007).

[27] *Id.*

wrong defendant and have not taken any steps to amend. Permitting the plaintiffs to change defendants at this stage of the process would both delay the proceedings and prejudice the Defendants.

## Conclusion

For the reasons explained in this memorandum, the Court should deny the motion filed by the above-referenced plaintiffs.

Respectfully submitted,

*s/ Ryan E. Johnson*
_____
James C. Percy (La. Bar No. 10413)
Ryan E. Johnson (La. Bar No. 26352)
**JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**
Four United Plaza
8555 United Plaza Boulevard
Baton Rouge, LA 70809
Telephone: (225) 248-2080
Facsimile: (225) 248-3080
         -and-
Madeleine Fischer (La. Bar No. 5575)
**JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**
201 St. Charles Avenue, 49th floor
New Orleans, LA 70170
Telephone: (504) 582-8000
Facsimile: (504) 589-8208

*Counsel for Defendants Thor Industries, Inc., Thor California, Inc., Four Winds International, Inc., and Dutchmen Manufacturing, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I filed a copy of the foregoing pleading through the Court's CM/ECF system and that a copy of that pleading will be served on liaison counsel through that same system.

Baton Rouge, Louisiana, this 27th day of January, 2012.

*s/Ryan E. Johnson*
_____
Ryan E. Johnson