UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N-5" |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE ENGELHARDT |
| *Inoka Salter, as Next Friend of Caitlyn* | * | |
| *McDavell, a minor v. Starcraft RV, Inc.* | * | MAG. JUDGE CHASEZ |
| Docket No. 10-1291 | * | |
| Plaintiffs:  Joseph Boyd and | * | |
| Inoka Salter, as Next Friend of | * | |
| Caitlyn McDavell, a minor | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF,
INOKA SALTER, AS NEXT FRIEND OF CAITLYN MCDAVELL'S
<u>MOTION FOR RECONSIDERATION</u>**

**MAY IT PLEASE THE COURT:**

Starcraft RV, Inc. ("Starcraft"), Bechtel National, Inc. and Shaw Environmental, Inc., now provide this Opposition to Plaintiff's Motion to Reconsider this Honorable Court's Order (Rec. Doc. 23879) granting Defendants' Motion to Dismiss for Failure to Comply with Pre-Trial Orders Nos. 2 & 32 Relating to Plaintiff Fact Sheets (Rec. Doc. 23539), and dismissing with prejudice, the plaintiff, Inoka Salter, as Next Friend of Caitlyn McDavell (Plaintiff in *Salter,* C.A. 10-1291).

**I.    BACKGROUND**

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008 the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet" (PFS), which would serve as the substitute for the initial rounds of Interrogatories and Requests for Production of Documents in a standardized and simple form. (Rec. Doc. No. 87). The Order also established a process for

"curing" these fact sheets when a particular plaintiff failed to provide one or more responses in his or her Fact Sheet. Outlining the curing process, the Order stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id.* at p. 8-9. The letter would specifically list each alleged material deficiency, and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id.*

Subsequently, on March 18, 2009, the Court amended Pre-Trial Order No. 2 with Pre-Trial Order No. 32 as to the issue of these Fact Sheets. Rec. Doc. No. 1180. Due to the large number of cases being filed in the summer of 2009, Pre-Trial Order No. 32 provided new deadlines for the production of the Sheets. Order 32 also retained the same curing procedure as was set forth in Order 2.

## II.     ARGUMENT AND AUTHORITIES

In the present case, the Defendants requested dismissal of the above-named plaintiff for failure to comply with these Orders, and subsequently, this Court granted Defendants' motion and dismissed the claims with prejudice.  (Rec. Doc. 23879).  In the interest of brevity, Defendants will not recite, in full, the arguments and authorities previously provided in its Memorandum in Support of Motion to Dismiss for Failure to Comply with Pre-Trial Orders Nos. 2 & 32 Relating to Plaintiff Fact Sheets (Rec. Doc. 23539-5), which is incorporated herein by reference.

On December 14, 2011, the Court entered its Order and Reasons granting the defendants' motion to dismiss the claims of the above-referenced plaintiff, along with a second plaintiff who is not the subject of Plaintiff's Motion to Reconsider (Rec. Doc. 23879).  Plaintiff now seeks reconsideration of this Order

### A.     Motion for Reconsideration

In their motion for reconsideration, the Plaintiff seems to seek relief under Rule 60 (a) and (b), although an analysis under Rule 59 (e) may also apply. (Rec Doc. 24120-1). However, as explained below, the plaintiff has not demonstrated a sufficient basis for reversal of the Court's order under any of these rules.

#### 1.     Rule 59 Standard for Relief is Not Satisfied

Motions under Rule 59 (e) may only be granted in one of three situations: 1) to accommodate an intervening change in the law; 2) to account for "new evidence" not available at trial (or in this case, at the time of dismissal); and 3) to correct a clear error of law or present a manifest injustice.[1] For "new evidence" under a Rule 59 analysis, the Court must be satisfied that the evidence was not available at the time of the dismissal (or trial) and that the movant's explanation is justifiable.[2] A primary consideration in a decision under Rule 59 is the "strong possibility" that the Court's original ruling may have been incorrect.[3] Additionally, the party who proposes the new evidence must be "excusably ignorant" and must explain why he or she could not have produced it earlier.[4]

In the present case, counsel for the plaintiff, Inoka Salter, as Next Friend of Caitlyn McDavell, provided "*Plaintiff Fact Sheet Deficiency Answers*" via email to counsel for Defendant, Starcraft, on January 13, 2012, which appears to "cure" the prior deficiencies. This was two days after the plaintiff's present motion to reconsider, which was filed on January 11, 2012 (Rec. Doc. 24120-1), and approximately one month from the date of dismissal. The reasons provided by the plaintiff to justify her failure to comply with this Court's pre-trial orders (that staff did not realize, during telephone conversations, their own minor client was represented by her mother) is not justifiable or "excusably ignorant." However, more importantly, this does

---

[1] *Zinkard v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007).
[2] *Id*.
[3] *Brown v. Texas & Pacific Railroad Co*., 392 F.Supp. 1120 (W.D. La. 1972).
[4] *Government Financial Services One Limited Partnership v. Peyton Place, Inc., et al*., 62 F.3d 767, 775 (5th Cir. 1995).

3

not satisfy the requirement under Rule 59 (e) that there is a "strong possibility" that the Court's original ruling was incorrect. Plaintiff, Inoka Salter, as Next Friend of Caitlyn McDavell, has not met her burden under Rule 59 (e).

As previously briefed by Defendants, *Inoka Salter v. Starcraft RV, Inc.* was filed April 30, 2010. After the complaint was filed, Starcraft was provided an amendment to the plaintiff fact sheet for the above-mentioned plaintiff. Upon receipt of the amendment, counsel for Starcraft reviewed it and determined that the amendment alone did not provide answers to the 23 key questions that the court determined necessary to facilitate resolution to the plaintiff's claims. Ultimately, the amendment only accounted for 6 of the 23 key questions.

Although the Amendment's purpose is to supplement the information contained in the fact sheet, without possession of the actual plaintiff fact sheet, any supplemental information provided would be insufficient. Starcraft sent correspondence to Plaintiff's Counsel advising that although Starcraft had possession of the Amendment to the Plaintiff Fact Sheet, the above mentioned plaintiff failed to provide a completed plaintiff fact sheet. Email correspondence was sent to Michael Hoffstadt at Watts Hilliard, Counsel for Plaintiff, from Maria Garcia at Willingham, Fultz and Cougill, Counsel for Starcraft, September 30, 2010. Several months later the plaintiff fact sheet still had not been produced. As a result, Starcraft forwarded a letter to Plaintiff Counsel on April 13, 2011 stating that they had not received a fact sheet from the abovementioned plaintiff. After the last request, Plaintiff Counsel produced the unsigned and undated plaintiff fact sheet for Caitlyn McDavell. Upon receipt of the fact sheet, Counsel for Starcraft reviewed it and deemed the fact sheet deficient notwithstanding the information provided by the amendment.

In accordance with the agreed to Plaintiff Fact Sheet process, Starcraft thereby drafted a Rule 37 letter on May 31, 2011 and outlined all deficiencies of Caitlyn McDavell's fact sheet. The appropriate 60 days lapsed following the Defendant's Rule 37 letter and plaintiff still had

not cured the fact sheet deficiencies. Starcraft received no requests for extensions, responses or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff during that time. Therefore, at the time of dismissal the plaintiff's fact sheet remained fundamentally insufficient, despite numerous attempts by counsel for Defendant to obtain the information

### 2. The Plaintiff has not met the Burden for Relief Under Rule 60 (a) (b)

Rule 60 (a), pertaining to "corrections based clerical mistakes; oversights and omissions," is inapplicable to the present case and is not asserted as a basis for relief by the plaintiff.

Rule 60 (b) pertains to relief from a final judgment, order or proceeding. In her motion to reconsider, the plaintiff seems to focus on the "mistake, inadvertence, surprise, or excusable neglect" provisions found in Rule 60 (b) (1), as well as the "any other reason that justifies relief" provision found in 60 (b) (6).

Courts have long recognized that relief under Rule 60 is an extraordinary remedy.[5] Although the Supreme Court has noted that test under Rule 60 (b) (1) is an "elastic one,"[6] the Court should consider several factors, including: 1) the extent of prejudice to the plaintiff; 2) the merits of the defendant's asserted defense; and 3) the culpability of the defendant's conduct, in deciding to grant relief under a Rule 60 motion.[7]

The Fifth Circuit has refused to grant relief under Rule 60 (b) where the movant claimed he was personally uninformed about the state of the matter before the court.[8] The Fifth Circuit has gone as far as stating "a court would abuse its discretion if it were to reopen a case under Rule 60 (b) (1) when the reason asserted as justifying the relief is attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of the court."[9]

Further, the plaintiff has failed to demonstrate any "extraordinary circumstances" as required for relief under Rule 60 (b) (6). The Supreme Court has stated that this clause allows a

---

[5] *Dave Kohel Agency, Inc. v. Redshaw, Inc.*, 149 F.R.D. 171 (E.D. Wisc. 1993).
[6] *Pioneer Inv. Services v. Brunswick Associates*, 507 U.S. 380, 392 (1983).
[7] *Hibernia National Bank v. Administrative Central Sociedad Anonima*, 776 F.2d 1277, 1279-80 (5th Cir. 1985).
[8] *Smith v. Alumax Extrusions*, 868 F.2d 1469, 1471 (5th Cir. 1989).
[9] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

court to set aside an order where the movant shows "extraordinary circumstances' suggesting that the party is faultless in the delay."[10]  In the instant case, the Plaintiff has not demonstrated "extraordinary circumstances" such that this Court should reverse its order of dismissal.  The fact that Plaintiff's attorney's staff, in telephone conversations with the mother, did not realize their minor client was represented by her mother, does not justify reversal of the dismissal order.

In summary, the Plaintiff has failed to demonstrate circumstances justifying a reversal of the Court's order of dismissal.  The Plaintiff's providing the fact sheet deficiency answers on January 13, 2012, after the order of dismissal was entered and the motion for reconsideration was filed, does not remedy the record of delay in complying with the Court's Pre-Trial Orders Nos. 2 and 32.

WHEREFORE, PREMISES CONSIDERED, the Defendants pray that Plaintiff, Inoka Salter, as Next Friend of Caitlyn McDavell's, Motion to Reconsider should be denied, and that the Defendants shall have any and all other relief to which they may show themselves justly entitled.

---

[10] *Pioneer Inv. Servs. Co.*, 507 U.S. at 393.

Respectfully submitted,
**WILLINGHAM, FULTZ & COUGILL LLP**


By:   s/*Thomas L. Cougill*
    THOMAS L. COUGILL
    Texas State Bar No. 04877300
    Louisiana State Bar No. 31112
    R. MARK WILLINGHAM
    Texas State Bar No. 21641500
    JEFFREY P. FULTZ
    Texas State Bar No. 00790728
    Mississippi Bar No. 101058
    Niels Esperson Building
    808 Travis Street, Suite 1608
    Houston, Texas  77002
    (713) 333-7600 – Telephone
    (713) 333-7601 – Facsimile

    **Attorneys for Starcraft RV, Inc.**

**FRILOT L.L.C.**


By:   s/*John J. Hainkel*
    JOHN J. HAINKEL, III – La. Bar No. 18246
    A.J. KROUSE – La. Bar No. 14426
    PETER R. TAFARO – La. Bar No. 28776
    3600 Energy Centre, 1100 Poydras Street
    New Orleans, Louisiana 70163
    Telephone : (504) 599-8000
    Facsimile: (504) 599-8100

    **Attorneys for Bechtel National, Inc.**
**BAKER DONELSON BEARMAN CALDWELL**
**& BERKOWITZ, PC**


By:   s/*M. David Kurtz*
    M. DAVID KURTZ  (#23821)
    KAREN KALER WHITFIELD (#19350)
    CATHERINE N. THIGPEN (#30001)
    201 St. Charles Avenue, Suite 3600
    (504) 566-5200 – Telephone
    (504) 636-4000 – Facsimile

    **Attorneys for Shaw Environmental, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion was filed electronically using the CM/ECF system. Notice of this filing will be forwarded to all known counsel by operation of the court's electronic filing system. I also certify that I have e-mailed a copy of this filing to any non-CM/ECF participants on this the 27th day of January, 2012.

       s/*Thomas L. Cougill*
       THOMAS L. COUGILL