UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | : | JUDGE KURT D. ENGELHARDT |
| | : | DOCKET NO: MDL 1873 (N-5) |

This Document Relates to:

*Felicia Harness, et al versus*
*Heartland Recreational Vehicles, et al*
*E.D. La. Suit No. 09-8090*          :          MAG. JUDGE ALMA L. CHASEZ

Plaintiffs: Felicia Harness
Felicia Harness obo MH (Mylicia Harness)
Felicia Harness obo TH (Tamacio Harness)
Andreanna Magee
Andreanna Magee obo JM(Jakiryanna Magee)
Shirley A. Magee
Katrina Santin

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO DISMISS FOR
FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NO. 2, 32& 88
RELATING TO PLAINTIFF FACT SHEETS

MAY IT PLEASE THE COURT:

Heartland Recreational Vehicles("Heartland"), moves this Court for an Order dismissing the claims of the following plaintiff, with prejudice, for failure to comply with Pre-Trial Orders No. 2, 32 and 88 relating to the provision of Plaintiff Fact Sheets:

- Felicia Harness
- Felicia Harness obo MH (Mylicia Harness)
- Felicia Harness obo TH (Tamacio Harness)
- Andreanna Magee
- Andreanna Magee obo JM(Jakiryanna Magee)
- Shirley A. Magee
- Katrina Santin

I.      CREATION OF MDL AND FACT SHEET PROCESS

This Multi-District Litigation was created in 2007. On January 30, 2008, the Court issued Pre-Trial Order No. 2 (PTO 2), establishing procedures for various case management issues. PTO 2 introduced the "Plaintiff Fact Sheet" (PFS), as a substitute for initial Interrogatories and Requests for Production of Documents. (Rec. Doc. 87) PTO 2 also established a process for "curing" PFS that were not properly completed. Under PTO 2, when any plaintiff failed to produce or complete a PFS within the timelines established by the order, counsel for the defendant was to send plaintiff's counsel a letter identifying the plaintiff's failure to produce a PFS or the deficiencies in a PFS produced by the plaintiff, and stating dismissal would be sought if the PFS was not timely produced or cured. The plaintiff was then required to submit a cured PFS within 30 days of the notification. On March 18, 2009, the Court amended PTO 2 with Pre-Trial Order No. 32 (PTO 32), which provided new deadlines within which plaintiffs were required to submit PFS to defense counsel. (Rec. Doc. 1180)

The Court then entered Corrected Pretrial Order No. 88 (PTO 88) to streamline the PFS process to facilitate settlement discussions. (Rec. Doc. 22153) PTO 88 reduced the questions a plaintiff was required to answer in their PFS to twenty-three (23) key questions and their signature, and also extended the time to cure a deficient PFS an additional thirty (30) days if the defendant sent notice of the deficiencies after March 24, 2011.

II.     FACTUAL BASIS

On March 3, 2010, plaintiffs filed a Complaint naming Heartland Recreational Vehicles as a defendant in the matter of *Felicia Harness v. Heartland Recreational Vehicles, LLC* 09-8090. (Rec. Doc. 1). According to PTO 32, plaintiffs were required to produce a PFS within 30 days of filing their lawsuit.

A. <u>Plaintiffs who failed to provide a PFS</u>

On April 18, 2011, counsel for defendant sent correspondence to counsel for plaintiff advising that they had not received a PFS for Felicia Harness, Felicia Harness obo MH (Mylicia Harness), Felicia Harness obo TH (Tamacio Harness), Andreanna Magee, Andreanna Magee obo JM(Jakiryanna Magee), Shirley A. Magee, and Katrina Santin. (Exhibit A in globo).No PFS was provided and the time to provide the PFS has expired.[1]

III.   LAW AND ARGUMENT

The plaintiffs identified above have failed to comply with the Court's Orders relating to PFS and their claims should be dismissed, with prejudice. Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA / RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir. 1992); *Colle v. Brazos County, Tex.,* 981 F.2d 237, 242-243 (5th Cir. 1993). Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interest of justice.[2]

IV.   CONCLUSION

For the reasons set forth above, and in accordance with Pre-Trial Orders 2, 32 and 88, and Fed. Rules Civ. Proc. 37(b)(2)VI and 41(b), the Unopposed Motion to Dismiss filed by

---

[1] Further, none of these plaintiffs appear in defendants PTO 88 spreadsheet further indicating that Plaintiffs do not have a PFS for these individuals.

[2] *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.,* 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.,* 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson,* 430 F.2d 1214 (5th Cir. 1970).

Heartland Recreational Vehicles should be granted, dismissing the following plaintiff's claims, with prejudice.

- Felicia Harness
- Felicia Harness obo MH (Mylicia Harness)
- Felicia Harness obo TH (Tamacio Harness)
- Andreanna Magee
- Andreanna Magee obo JM(Jakiryanna Magee)
- Shirley A. Magee
- Katrina Santin

Respectfully submitted,
ALLEN & GOOCH

/s/ Lori D. Barker
BRENT M. MAGGIO, T.A., # 19959
MARK W. VERRET, #23583
LORI D. BARKER, # 31687
SCOTT F. DAVIS, # 26013
JEFFREY E. MCDONALD, #33270
3900 N. Causeway Blvd, Suite 1450
Metairie, Louisiana 70002
Tel: 504.836.5260
Fax: 504.836.5265
Attorneys for Heartland, Inc.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing pleading has been filed electronically with the Clerk of Court by using the CM/ECF system; that the foregoing pleading has been mailed electronically by the Clerk of Court to all parties who have registered to receive electronic notification; and, that notice of the filing of the foregoing pleading has been delivered by other means by the Clerk of Court to all parties who have not registered to receive electronic notification on this 30th day of January, 2012.

/s/ Lori D. Barker
LORID.BARKER