UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  FEMA TRAILER PRODUCTS<br>         LIABILITY LITIGATION<br><br>THIS DOCUMENT PERTAINS TO:<br>*Barbara Bernard, et al. v. Layton Homes Corp., et al.*, No. 10-2262.<br><br>Plaintiff: Eunice Davenport. | *   MDL NO. 07-1873<br>*<br>*<br>*   SECTION:  N "5"<br>*   JUDGE: KURT D. ENGELHARDT<br>*<br>*<br>*   MAGISTRATE JUDGE:<br>*   ALMA CHASEZ<br>* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*   \*

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDERS RELATING TO PLAINTIFF FACT SHEETS

Defendant, Layton Homes Corp. ("Layton"), through undersigned counsel, submits this memorandum in support of its motion to dismiss the claims of **EUNICE DAVENPORT**, a plaintiff in ***BARBARA BERNARD, ET AL. V. LAYTON HOMES CORP., ET AL.*, NO. 10-2262**, with prejudice, for failure to cure deficiencies in her Plaintiff Fact Sheet ("PFS") as required by the Court's Pre-Trial Orders.

**I.     CREATION OF MDL AND FACT SHEET PROCESS**

Pre-Trial Order 2 provided for the PFS as a substitute for initial written discovery. (Rec. Doc. 87.)  Pre-Trial Order 2 also established a process for "curing" these PFS when a plaintiff failed to provide a PFS or provided deficient responses in a PFS.  Pre-Trial Order 2 authorized defendant's counsel to send written notice of any material deficiency in the PFS. (*Id.* at pp. 8-9.) Claims were subject to dismissal with prejudice for any failure to cure material deficiencies within thirty days. (*Id.* at p.9.)  Pre-Trial Order 32 amended Pre-Trial Order 2 and provided new deadlines for the PFS, depending on the date of filing of a plaintiff's action. (Rec. Doc. 1180 at pp. 2-4.)

On June 24, 2011, the Court amended Pre-Trial Orders 2 and 32 with Pre-Trial Order 88. (Rec. Doc. 22124.)  On July 1, 2011, the Court issued Corrected Pre-Trial Order 88. (Rec. Doc.

968857.1

22153.) Pre-Trial Order 88 temporarily limited the deficiency process to twenty-three key fields of vital information that the Court identified as essential for the purpose of moving this matter toward resolution. For deficiency notices served after March 24, 2011, Pre-Trial Order 88 provided plaintiffs sixty days to cure any deficiencies in these fields. Finally, Pre-Trial Order 88 reaffirmed the requirement that each PFS have a plaintiff's signature.

## II. LAW & ARGUMENT

### A. Ms. Davenport has failed to cure the key deficiencies of her PFS.

By letter dated June 29, 2011, Layton identified several deficiencies in the key fields of the PFS provided by Ms. Davenport. (Ex. A.) In response, plaintiff's counsel provided "Fact Sheet Deficiency Answers" for Ms. Davenport. (Ex. B.) However, the purported corrections do not cure the deficiencies that Layton identified. Instead, Ms. Davenport serially replied that she did not recall the answers to any of the deficiencies identified by Layton. More than sixty days has passed since Layton's deficiency notice, and Ms. Davenport has failed to submit a completed PFS that cures the deficiencies identified by Layton.

Eunice Davenport's PFS (Ex. C) failed to provide any response to the following key fields: III.C.8 (Psychological Treatment); III.C.9 (Medical Expenses Claim); IV.F.3 (Wage Claim;) V.A.2 (VIN); V.A.3 (FEMA I.D.); V.A.4 (Bar Code); V.A.13 (Number of Hours Spent Per Day in Trailer); V.E (Other Trailer Residents); VI.C (Plaintiff's Smoking History); VI.D (Smoking History of Other Trailer Residents); VI.F.1 (Prior Respiratory Illness); VI.F.4 (Prior Skin Disease); VII.B (Treatment for Formaldehyde Related Injury); and VIII.A-D (Medical Records).

The "Plaintiff Fact Sheet Deficiency Answers" submitted in response to Layton's deficiency notice merely states that Ms. Davenport does not recall the answers to each of those

968857.1

questions (except VIII.A-D (Medical Records)). She responded to the VIII.A-D deficiency by asserting that she did not have any documents.

As the Court recognized in Pre-Trial Order 88, a lack of information or recollection can be a valid answer. However, where a plaintiff serially replies "do not recall" to a discrete question, the Court has held "generic, boilerplate responses that do not reflect thoughtful responses or a genuine inability to recall certain specific information are non-responsive." (*See* Doc. No. 22803.) Likewise, the Court has held that a plaintiff cannot claim to lack recollection as to whether they are bringing a claim of any specific category. (*See* Doc. No. 24049.) This should be particularly true with respect to fields pertaining to the nature of damages sought by a plaintiff, like fields III.C.8 (Psychological Treatment), III.C.9 (Medical Expenses Claim) and IV.F.3 (Wage Claim).

All of this information is critical to Layton's evaluation of the existence or degree of any alleged injury as well as Layton's potential liability. In the absence of such information, Layton cannot evaluate Ms. Davenport's claim as it prepares for the upcoming trial in this matter and evaluates settlement possibilities.

    **B.**    **Plaintiff's claims should be dismissed with prejudice for failing to comply with Pre-Trial Orders 2, 32, and 88.**

In dismissing claims for failure to comply with Pre-Trial Orders 2, 32, and 88, this Court has relied on Federal Rule of Civil Procedure 41(b), which rule authorizes the dismissal of a claim if "plaintiff fails to prosecute or to comply with these rules or a court order . . . ." Dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice. *See*, *e.g.*, *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992); *Wrenn v. Am. Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978). The Fifth Circuit looks for "at least one of three aggravating

968857.1

factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional misconduct." *Id.* (internal citation omitted). The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *See Lopez v. Arkansas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978).

This Court has also relied on Federal Rule of Civil Procedure 37(b)(2), which rule "empowers a district court to impost 'just' sanctions on parties who disobey a discovery order." *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). The Fifth Circuit has articulated four factors "that must be present before a district court may dismiss a case as a sanction for violation of a discovery order": (1) the violation must result "from willingness or bad faith and [be] accompanied by a clear record of delay or contumacious conduct;" (2) "the violation . . . must be attributable to the client instead of the attorney;" (3) the violation "must substantially prejudice the opposing party;" and (4) there must be no "less drastic sanction that would substantially achieve the desired deterrent effect." *Id.* at 1380-81 (internal citations and quotation marks omitted).

Ms. Davenport has exhibited a clear record of delay and contumacious conduct with respect to this Court's Pre-Trial Orders pertaining to PFS. She initially submitted an incomplete PFS, and then failed to substantively respond to Layton's deficiency notice. Ms. Davenport's serial responses that she does not recall basic information as to the fourteen key fields identified by Layton as deficient are unacceptable. As a result of plaintiff's failure to provide completed a PFS as required by this Court's Pre-Trial Orders, Layton is substantially prejudiced with respect to its defense and analysis of her claim.

The prejudice to Layton is particularly substantial with regard to the preparation for the upcoming trial in this matter and the evaluation of settlement possibilities.  This case (*Barbara Bernard, et al. v. Layton Homes Corp., et al.*, No. 10-2262) was recently set for trial.  (Rec. Doc. 24211.)  The trial of this case is set to begin on June 18, 2012.  (*Id*.)  The discovery deadline is April 19, 2012, less then 3 months away.  (Rec. Doc. 24220.)

Therefore, dismissal with prejudice is proper at this late stage and lesser sanctions would not serve the best interests of justice.  Ms. Davenport has failed to provide the answers to several basic questions on the PFS, despite the clear instructions of the Court and the efforts by Layton to obtain proper responses.  The Pre-Trial Orders provided notice of the potential for the dismissal of claims. Further delay will not advance the resolution of the MDL and will substantially prejudice Layton in its preparation for trial.

### III. CONCLUSION.

In accordance with Pre-Trial Orders 2, 32, and 88 (as corrected), and Federal Rules of Civil Procedure Nos. 37(b)(2)(VI) and 41(b), the Motion to Dismiss filed by Layton should be granted, dismissing the claims of this plaintiff, with prejudice.

        Submitted by:

        s/ *Robert D. Sheesley*
        LARRY FELDMAN, JR., T.A. (La. #5503)
        ROBERT D. SHEESLEY (La. #31579)
        **McGLINCHEY STAFFORD, PLLC**
        601 Poydras Street, 12th Floor
        New Orleans, LA  70130
        Telephone:  (504) 586-1200
        Facsimile:   (504) 596-2800

        **ATTORNEYS FOR DEFENDANT**
        **LAYTON HOMES CORP.**

-6-

## **CERTIFICATE OF SERVICE**

      I hereby certify that I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record, and also served the foregoing by e-mail on trial counsel in this matter.

                                           s/ *Robert D. Sheesley*
                                           ROBERT D. SHEESLEY