UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  FEMA TRAILER PRODUCTS LIABILITY LITIGATION | * MDL NO. 07-1873 <br> * <br> * SECTION:  N "5" <br> * JUDGE: KURT D. ENGELHARDT <br> * <br> * MAGISTRATE JUDGE: <br> * ALMA CHASEZ |
| THIS DOCUMENT PERTAINS TO: <br> *Fenwick Hunter, et al. v. Skyline Corporation, et al.*, No. 10-2258. | |
| Plaintiffs: Glenda Davenport; <br> James Davenport; <br> Kathy Davenport; <br> Lisa Davenport; <br> Vicki Davenport; <br> Alton Fisher; <br> Alvin Fisher; <br> Blake Fisher; <br> Charlene Fisher; <br> Deljuana Fisher; <br> Ralph Fisher; <br> Raquel Fisher; <br> Raymond Fisher; <br> Yolanda Fisher. | |

* * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDERS RELATING TO PLAINTIFF FACT SHEETS**

Defendant, Skyline Corporation ("Skyline"), through undersigned counsel, submits this memorandum in support of its motion to dismiss the claims of certain plaintiffs in *FENWICK HUNTER, ET AL V. SKYLINE CORPORATION, ET AL.*, NO. 10-2258, with prejudice, for failure to cure deficiencies in their Plaintiff Fact Sheets ("PFS") as required by the Court's Pre-Trial Orders. The plaintiffs to be dismissed are: **1) GLENDA DAVENPORT; 2) JAMES DAVENPORT; 3) KATHY DAVENPORT; 4) LISA DAVENPORT;  5) VICKI DAVENPORT; 6) ALTON FISHER; 7) ALVIN FISHER;  8) BLAKE FISHER;  9) CHARLENE FISHER; 10) DELJUANA FISHER; 11) RALPH FISHER;  12) RAQUEL FISHER; 13) RAYMOND FISHER; AND 14) YOLANDA FISHER.**

968890.1

## I. CREATION OF MDL AND FACT SHEET PROCESS

Pre-Trial Order 2 provided for the PFS as a substitute for initial written discovery. (Rec. Doc. 87.) Pre-Trial Order 2 also established a process for "curing" these PFS when a plaintiff failed to provide a PFS or provided deficient responses in a PFS. Pre-Trial Order 2 authorized defendant's counsel to send written notice of any material deficiency in the PFS. (*Id.* at pp. 8-9.) Claims were subject to dismissal with prejudice for any failure to cure material deficiencies within thirty days. (*Id.* at p.9.) Pre-Trial Order 32 amended Pre-Trial Order 2 and provided new deadlines for the PFS, depending on the date of filing of a plaintiff's action. (Rec. Doc. 1180 at pp. 2-4.)

On June 24, 2011, the Court amended Pre-Trial Orders 2 and 32 with Pre-Trial Order 88. (Rec. Doc. 22124.) On July 1, 2011, the Court issued Corrected Pre-Trial Order 88. (Rec. Doc. 22153.) Pre-Trial Order 88 temporarily limited the deficiency process to twenty-three key fields of vital information that the Court identified as essential for the purpose of moving this matter toward resolution. For deficiency notices served after March 24, 2011, Pre-Trial Order 88 provided plaintiffs sixty days to cure any deficiencies in these fields. Finally, Pre-Trial Order 88 reaffirmed the requirement that each PFS have a plaintiff's signature.

## II. LAW & ARGUMENT

### A. These plaintiffs have failed to cure the key deficiencies of their PFS.

By letter dated June 29, 2011, Skyline identified several deficiencies in the key fields of the PFS provided by these plaintiffs. (Ex. A.) In response, plaintiffs' counsel provided "Fact Sheet Deficiency Answers" for each plaintiff. However, the purported corrections do not cure the deficiencies that Skyline identified. Instead, each plaintiff serially replied that he or she did not recall the answers to any of the deficiencies identified by Skyline. More than sixty days have

passed since Skyline's deficiency notice, and these plaintiffs have failed to submit completed PFS that cure the deficiencies identified by Skyline.

**1. Glenda Davenport.** Glenda Davenport's PFS (Ex. B) failed to provide any response to the following key fields: III.C.8 (Psychological Treatment); III.C.9 (Medical Expenses Claim); IV.F.3 (Wage Claim); V.A.1 (Manufacturer); V.A.3 (FEMA I.D.); V.A.4 (Bar Code); V.A.13 (Number of Hours Spent Per Day in Trailer); VI.C (Plaintiff's Smoking History); VI.D (Smoking History of Other Trailer Residents); VI.F.1 (Prior Respiratory Illness); VI.F.4 (Prior Skin Disease); VII.B (Treatment for Formaldehyde Related Injury); and VIII.A-D (Medical Records).

The "Plaintiff Fact Sheet Deficiency Answers" (Ex. C) submitted in response to Skyline's deficiency notice merely states that Glenda Davenport does not recall the answers to each of those questions (except V.A.1 (Manufacturer) and VIII.A-D (Medical Records)). She responded to her V.A.1 deficiency by indicating that Skyline manufactured her trailer and responded to her VIII.A-D deficiency by asserting that she did not have any documents. The responses did nothing to cure the remaining deficiencies.

**2. James Davenport.** James Davenport's PFS (Ex. D) failed to provide any response to the following key fields: III.C.8 (Psychological Treatment); III.C.9 (Medical Expenses Claim); IV.F.3 (Wage Claim); V.A.1 (Manufacturer); V.A.3 (FEMA I.D.); V.A.4 (Bar Code); V.A.13 (Number of Hours Spent Per Day in Trailer); VI.C (Plaintiff's Smoking History); VI.D (Smoking History of Other Trailer Residents); VI.F.1 (Prior Respiratory Illness); VI.F.4 (Prior Skin Disease); VII.B (Treatment for Formaldehyde Related Injury); and VIII.A-D (Medical Records).

968890.1

-3-

The "Plaintiff Fact Sheet Deficiency Answers" (Ex. E) submitted in response to Skyline's deficiency notice merely states that James Davenport does not recall the answers to each of those questions (except V.A.1 (Manufacturer) and VIII.A-D (Medical Records)). He responded to his V.A.1 deficiency by indicating that Skyline manufactured his trailer and responded to his VIII.A-D deficiency by asserting that he did not have any documents. The responses did nothing to cure the remaining deficiencies.

**3. Kathy Davenport.** Kathy Davenport's PFS (Ex. F) failed to provide any response to the following key fields: III.C.8 (Psychological Treatment); III.C.9 (Medical Expenses Claim); IV.F.3 (Wage Claim); V.A.1 (Manufacturer); V.A.3 (FEMA I.D.); V.A.4 (Bar Code); V.A.13 (Number of Hours Spent Per Day in Trailer); VI.C (Plaintiff's Smoking History); VI.D (Smoking History of Other Trailer Residents); VI.F.1 (Prior Respiratory Illness); VI.F.4 (Prior Skin Disease); VII.B (Treatment for Formaldehyde Related Injury); and VIII.A-D (Medical Records).

The "Plaintiff Fact Sheet Deficiency Answers" (Ex. G) submitted in response to Skyline's deficiency notice merely states that Kathy Davenport does not recall the answers to each of those questions (except V.A.1 (Manufacturer) and VIII.A-D (Medical Records)). She responded to her V.A.1 deficiency by indicating that her "personal records" indicated her trailer was manufactured by Skyline and responded to her VIII.A-D deficiency by asserting that she did not have any documents. The responses did nothing to cure the remaining deficiencies.

**4. Lisa Davenport.** Lisa Davenport's PFS (Ex. H) failed to provide any response to the following key fields: III.C.8 (Psychological Treatment); III.C.9 (Medical Expenses Claim); IV.F.3 (Wage Claim); V.A.1 (Manufacturer); V.A.3 (FEMA I.D.); V.A.4 (Bar Code); V.A.13 (Number of Hours Spent Per Day in Trailer); VI.C (Plaintiff's Smoking History); VI.D

(Smoking History of Other Trailer Residents); VI.F.1 (Prior Respiratory Illness); VI.F.4 (Prior Skin Disease); VII.B (Treatment for Formaldehyde Related Injury); and VIII.A-D (Medical Records).

The "Plaintiff Fact Sheet Deficiency Answers" (Ex. I) submitted in response to Skyline's deficiency notice merely states that Lisa Davenport does not recall the answers to each of those questions (except V.A.1 (Manufacturer) and VIII.A-D (Medical Records)). She responded to her V.A.1 deficiency by indicating that Skyline manufactured her trailer and responded to her VIII.A-D deficiency by asserting that she did not have any documents. The responses did nothing to cure the remaining deficiencies.

**5. Vicki Davenport.** Vicki Davenport's PFS (Ex. J), which was submitted under the name Vicki Fisher, failed to provide any response to the following key fields: III.C.8 (Psychological Treatment); III.C.9 (Medical Expenses Claim); IV.F.3 (Wage Claim); V.A.1 (Manufacturer); V.A.3 (FEMA I.D.); V.A.4 (Bar Code); V.A.13 (Number of Hours Spent Per Day in Trailer); VI.D (Smoking History of Other Trailer Residents); VI.F.1 (Prior Respiratory Illness); VI.F.4 (Prior Skin Disease); VII.B (Treatment for Formaldehyde Related Injury); and VIII.A-D (Medical Records).

The "Plaintiff Fact Sheet Deficiency Answers" (Ex. K) submitted in response to Skyline's deficiency notice merely states that Vicki Davenport does not recall the answers to each of those questions (except VIII.A-D (Medical Records)). She responded to her VIII.A-D deficiency by asserting that she did not have any documents. The responses did nothing to cure the remaining deficiencies.

**6. Alton Fisher.** Alton Fisher's PFS (Ex. L) failed to provide any response to the following key fields: III.C.8 (Psychological Treatment); III.C.9 (Medical Expenses Claim);

968890.1

-5-

IV.F.3 (Wage Claim); V.A.1 (Manufacturer); V.A.3 (FEMA I.D.); V.A.4 (Bar Code); V.A.13 (Number of Hours Spent Per Day in Trailer); VI.D (Smoking History of Other Trailer Residents); VI.F.1 (Prior Respiratory Illness); VI.F.4 (Prior Skin Disease); VII.B (Treatment for Formaldehyde Related Injury); and VIII.A-D (Medical Records).

The "Plaintiff Fact Sheet Deficiency Answers" (Ex. M) submitted in response to Skyline's deficiency notice merely states that Alton Fisher does not recall the answers to each of those questions (except VIII.A-D (Medical Records)). He responded to his VIII.A-D deficiency by asserting that he did not have any documents. The responses did nothing to cure the remaining deficiencies.

**7. Alvin Fisher.** Alvin Fisher's PFS (Ex. N) failed to provide any response to the following key fields: III.C.8 (Psychological Treatment); III.C.9 (Medical Expenses Claim); IV.F.3 (Wage Claim); V.A.1 (Manufacturer); V.A.3 (FEMA I.D.); V.A.4 (Bar Code); V.A.13 (Number of Hours Spent Per Day in Trailer); VI.D (Smoking History of Other Trailer Residents); VI.F.1 (Prior Respiratory Illness); VI.F.4 (Prior Skin Disease); VII.B (Treatment for Formaldehyde Related Injury); and VIII.A-D (Medical Records).

The "Plaintiff Fact Sheet Deficiency Answers" (Ex. O) submitted in response to Skyline's deficiency notice merely states that Alvin Fisher does not recall the answers to each of those questions (except VIII.A-D (Medical Records)). He responded to his VIII.A-D deficiency by asserting that he did not have any documents. The responses did nothing to cure the remaining deficiencies.

**8. Blake Fisher.** Blake Fisher's PFS (Ex. P) failed to provide any response to the following key fields: III.C.8 (Psychological Treatment); III.C.9 (Medical Expenses Claim); IV.F.3 (Wage Claim); V.A.1 (Manufacturer); V.A.3 (FEMA I.D.); V.A.4 (Bar Code); V.A.13

(Number of Hours Spent Per Day in Trailer); VI.D (Smoking History of Other Trailer Residents); VI.F.1 (Prior Respiratory Illness); VI.F.4 (Prior Skin Disease); VII.B (Treatment for Formaldehyde Related Injury); and VIII.A-D (Medical Records).

The "Plaintiff Fact Sheet Deficiency Answers" (Ex. Q) submitted in response to Skyline's deficiency notice merely states that Blake Fisher does not recall the answers to each of those questions (except VIII.A-D (Medical Records)). He responded to his VIII.A-D deficiency by asserting that he did not have any documents. The responses did nothing to cure the remaining deficiencies.

**9. Charlene Fisher.** Charlene Fisher's PFS (Ex. R) failed to provide any response to the following key fields: III.C.8 (Psychological Treatment); III.C.9 (Medical Expenses Claim); IV.F.3 (Wage Claim); V.A.1 (Manufacturer); V.A.3 (FEMA I.D.); V.A.4 (Bar Code); V.A.13 (Number of Hours Spent Per Day in Trailer); VI.D (Smoking History of Other Trailer Residents); VI.F.1 (Prior Respiratory Illness); VI.F.4 (Prior Skin Disease); VII.B (Treatment for Formaldehyde Related Injury); and VIII.A-D (Medical Records).

The "Plaintiff Fact Sheet Deficiency Answers" (Ex. S) submitted in response to Skyline's deficiency notice merely states that Charlene Fisher does not recall the answers to each of those questions (except VIII.A-D (Medical Records)). She responded to her VIII.A-D deficiency by asserting that she did not have any documents. The responses did nothing to cure the remaining deficiencies.

**10. Deljuana Fisher.** Deljuana Fisher's PFS (Ex. T) failed to provide any response to the following key fields: III.C.8 (Psychological Treatment); III.C.9 (Medical Expenses Claim); IV.F.3 (Wage Claim); V.A.1 (Manufacturer); V.A.3 (FEMA I.D.); V.A.4 (Bar Code); V.A.13 (Number of Hours Spent Per Day in Trailer); VI.D (Smoking History of Other Trailer

968890.1

Residents); VI.F.1 (Prior Respiratory Illness); VI.F.4 (Prior Skin Disease); VII.B (Treatment for Formaldehyde Related Injury); and VIII.A-D (Medical Records).

The "Plaintiff Fact Sheet Deficiency Answers" (Ex. U) submitted in response to Skyline's deficiency notice merely states that Deljuana Fisher does not recall the answers to each of those questions (except VIII.A-D (Medical Records)). She responded to her VIII.A-D deficiency by asserting that she did not have any documents. The responses did nothing to cure the remaining deficiencies.

**11. Ralph Fisher.** Ralph Fisher's PFS (Ex. V) failed to provide any response to the following key fields: III.C.8 (Psychological Treatment); III.C.9 (Medical Expenses Claim); IV.F.3 (Wage Claim); V.A.1 (Manufacturer); V.A.3 (FEMA I.D.); V.A.4 (Bar Code); V.A.13 (Number of Hours Spent Per Day in Trailer); VI.D (Smoking History of Other Trailer Residents); VI.F.1 (Prior Respiratory Illness); VI.F.4 (Prior Skin Disease); VII.B (Treatment for Formaldehyde Related Injury); and VIII.A-D (Medical Records).

The "Plaintiff Fact Sheet Deficiency Answers" (Ex. W) submitted in response to Skyline's deficiency notice merely states that Ralph Fisher does not recall the answers to each of those questions (except VIII.A-D (Medical Records)). He responded to his VIII.A-D deficiency by asserting that he did not have any documents. The responses did nothing to cure the remaining deficiencies.

**12. Raquel Fisher**. Raquel Fisher's PFS (Ex. X) failed to provide any response to the following key fields: III.C.8 (Psychological Treatment); III.C.9 (Medical Expenses Claim); IV.F.3 (Wage Claim); V.A.1 (Manufacturer); V.A.3 (FEMA I.D.); V.A.4 (Bar Code); V.A.13 (Number of Hours Spent Per Day in Trailer); VI.D (Smoking History of Other Trailer

Residents); VI.F.1 (Prior Respiratory Illness); VI.F.4 (Prior Skin Disease); VII.B (Treatment for Formaldehyde Related Injury); and VIII.A-D (Medical Records).

The "Plaintiff Fact Sheet Deficiency Answers" (Ex. Y) submitted in response to Skyline's deficiency notice merely states that Raquel Fisher does not recall the answers to each of those questions (except VIII.A-D (Medical Records)). She responded to her VIII.A-D deficiency by asserting that she did not have any documents. The responses did nothing to cure the remaining deficiencies.

**13. Raymond Fisher.** Raymond Fisher's PFS (Ex. Z) failed to provide any response to the following key fields: III.C.8 (Psychological Treatment); III.C.9 (Medical Expenses Claim); IV.F.3 (Wage Claim); V.A.1 (Manufacturer); V.A.3 (FEMA I.D.); V.A.4 (Bar Code); V.A.13 (Number of Hours Spent Per Day in Trailer); VI.D (Smoking History of Other Trailer Residents); VI.F.1 (Prior Respiratory Illness); VI.F.4 (Prior Skin Disease); VII.B (Treatment for Formaldehyde Related Injury); and VIII.A-D (Medical Records).

The "Plaintiff Fact Sheet Deficiency Answers" (Ex. AA) submitted in response to Skyline's deficiency notice merely states that Raymond Fisher does not recall the answers to each of those questions (except VIII.A-D (Medical Records)). He responded to his VIII.A-D deficiency by asserting that he did not have any documents. The responses did nothing to cure the remaining deficiencies.

**14. Yolanda Fisher.** Yolanda Fisher's PFS (Ex. BB) failed to provide any response to the following key fields: III.C.8 (Psychological Treatment); III.C.9 (Medical Expenses Claim); IV.F.3 (Wage Claim); V.A.1 (Manufacturer); V.A.3 (FEMA I.D.); V.A.4 (Bar Code); V.A.13 (Number of Hours Spent Per Day in Trailer); VI.D (Smoking History of Other Trailer

Residents); VI.F.1 (Prior Respiratory Illness); VI.F.4 (Prior Skin Disease); VII.B (Treatment for Formaldehyde Related Injury); and VIII.A-D (Medical Records).

The "Plaintiff Fact Sheet Deficiency Answers" (Ex. CC) submitted in response to Skyline's deficiency notice merely states that Yolanda Fisher does not recall the answers to each of those questions (except VIII.A-D (Medical Records)). She responded to her VIII.A-D deficiency by asserting that she did not have any documents. The responses did nothing to cure the remaining deficiencies.

All of this information is critical to Skyline's evaluation of the existence or degree of any alleged injury as well as Skyline's potential liability. In the absence of such information, Skyline cannot evaluate their claims and prepare for the upcoming trial in this matter.

**B.     Plaintiffs' claims should be dismissed with prejudice for failing to comply with Pre-Trial Orders 2, 32, and 88.**

In dismissing claims for failure to comply with Pre-Trial Orders 2, 32, and 88, this Court has relied on Federal Rule of Civil Procedure 41(b), which rule authorizes the dismissal of a claim if "plaintiff fails to prosecute or to comply with these rules or a court order . . . ." Dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice. *See*, *e.g.*, *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). *Wrenn v. Am. Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978). The Fifth Circuit looks for "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney. (2) actual prejudice to the defendant. or (3) delay caused by intentional misconduct." *Id.* (internal citation omitted). The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *See Lopez v. Arkansas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978).

968890.1

This Court has also relied on Federal Rule of Civil Procedure 37(b)(2), which rule "empowers a district court to impost 'just' sanctions on parties who disobey a discovery order." *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). The Fifth Circuit has articulated four factors "that must be present before a district court may dismiss a case as a sanction for violation of a discovery order": (1) the violation must result "from willingness or bad faith and [be] accompanied by a clear record of delay or contumacious conduct." (2) "the violation . . . must be attributable to the client instead of the attorney." (3) the violation "must substantially prejudice the opposing party." and (4) there must be no "less drastic sanction that would substantially achieve the desired deterrent effect." *Id.* at 1380-81 (internal citations and quotation marks omitted).

As the Court recognized in Pre-Trial Order 88, a lack of information or recollection can be a valid answer. However, where a plaintiff serially replies "do not recall" to a discrete question, the Court has held "generic, boilerplate responses that do not reflect thoughtful responses or a genuine inability to recall certain specific information are non-responsive." (*See* Doc. No. 22803.) Likewise, the Court has held that a plaintiff cannot claim to lack recollection as to whether they are bringing a claim of any specific category. (*See* Doc. No. 24049.) This should be particularly true with respect to fields pertaining to the nature of damages sought by a plaintiff, like fields III.C.8 (Psychological Treatment), III.C.9 (Medical Expenses Claim) and IV.F.3 (Wage Claim).

These plaintiffs have exhibited a clear record of delay and contumacious conduct with respect to this Court's Pre-Trial Orders pertaining to PFS. Each plaintiff initially submitted an incomplete PFS, and then failed to substantively respond to Skyline's deficiency notice. The plaintiffs' serial responses that they do not recall basic information as to the key fields identified

968890.1

by Skyline as deficient are unacceptable. As a result of plaintiffs' failure to provide completed PFS as required by this Court's Pre-Trial Orders, Skyline is substantially prejudiced with respect to its defense and analysis of their claims.

The prejudice to Skyline is particularly substantial with regard to the preparation for trial in this matter and evaluation of settlement possibilities. This case (*Fenwick Hunter, et al. v. Skyline Corporation, et al.,* No. 10-2258) was recently set for trial. (Rec. Doc. 24211) The trial of this case is set to begin on November 4, 2012. (*Id.*) The discovery deadline is June 7, 2012. (Rec. Doc. 24219)

Therefore, dismissal with prejudice is proper at this late stage and lesser sanctions would not serve the best interests of justice. These plaintiffs have failed to provide the answers to several basic questions on the PFS, despite the clear instructions of the Court and the efforts by Skyline to obtain proper responses. The Pre-Trial Orders provided notice of the potential for the dismissal of claims. Further delay will not advance the resolution of the MDL and will substantially prejudice Skyline in its preparation for trial.

### III. CONCLUSION.

In accordance with Pre-Trial Orders 2, 32, and 88 (as corrected), and Federal Rules of Civil Procedure Nos. 37(b)(2)(VI) and 41(b), the Motion to Dismiss filed by Skyline should be granted, dismissing the claims of these plaintiffs, with prejudice.

968890.1

Submitted by:

s/ *Robert D. Sheesley*
LARRY FELDMAN, JR., T.A. (La. #5503)
ROBERT D. SHEESLEY (La. #31579)
**McGLINCHEY STAFFORD, PLLC**
601 Poydras Street, 12th Floor
New Orleans, LA  70130
Telephone:  (504) 586-1200
Facsimile:   (504) 596-2800

**ATTORNEYS FOR DEFENDANT
SKYLINE CORPORATION**

**CERTIFICATE OF SERVICE**

     I hereby certify that I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record, and also served the foregoing by e-mail on trial counsel in this matter.

s/ *Robert D. Sheesley*
ROBERT D. SHEESLEY