UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N-5" |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE ENGELHARDT |
| *Darryl Paul Lewis, Jr. v. Jayco, Inc.* | * | |
| Docket No. 09-5276 | * | MAG. JUDGE CHASEZ |
| Plaintiffs: James McGuff | * | |
| Patsy Ann McGuff | * | |
| Patsy Ann McGuff a/n/f | * | |
| Malakian Turner | * | |
| Richard Oliver | * | |
| Sandra Oliver | * | |
| Sandra Oliver a/n/f Darryl Paul Lewis | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO DISMISS FOR
FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NOS. 2 & 32
<u>RELATING TO PLAINTIFF FACT SHEETS</u>**

**MAY IT PLEASE THE COURT:**

Jayco, Inc. ("Jayco"), CH2M Hill Constructors, Inc., Fluor Enterprises, Inc. and Shaw Environmental, Inc., move this Honorable Court for an Order dismissing the claims of the following plaintiffs, with prejudice, for failure to comply with the terms of Pre-Trial Orders Nos. 2 and 32 relating to the production of Plaintiff Fact Sheets:

- James McGuff (Plaintiff in *Lewis*, C.A. 09-5276)

- Patsy Ann McGuff (Plaintiff in *Lewis*, C.A. 09-5276)

- Patsy Ann McGuff a/n/f Malakian Turner (Plaintiff in *Lewis*, C.A. 09-5276)

- Richard Oliver (Plaintiff in *Lewis*, C.A. 09-5276)

- Sandra Oliver (Plaintiff in *Lewis*, C.A. 09-5276)

- Sandra Oliver a/n/f Darryl Paul Lewis, Jr. (Plaintiff in *Lewis*, C.A. 09-5276)

## I. CREATION OF MDL AND FACT SHEET PROCESS

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008 the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet" (PFS), which would serve as the substitute for the initial rounds of Interrogatories and Requests for Production of Documents in a standardized and simple form. Rec. Doc. No. 87. The Order also established a process for "curing" these fact sheets when a particular plaintiff failed to provide one or more responses in his or her Fact Sheet. Outlining the curing process, the Order stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id.* at p. 8-9. The letter would specifically list each alleged material deficiency, and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id.*

Subsequently, on March 18, 2009, the Court amended Pre-Trial Order No. 2 with Pre-Trial Order No. 32 as to the issue of these Fact Sheets. Rec. Doc. No. 1180. Due to the large number of cases being filed in the summer of 2009, Pre-Trial Order No. 32 provided new deadlines for the production of the Sheets. Order 32 also retained the same curing procedure as was set forth in Order 2.

## II. LAW AND ARGUMENT

Here, the Defendants respectfully submit that the plaintiffs identified above failed to comply with these Orders, and therefore, this Court should dismiss their claims. Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a

court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir.1992); *Colle v. Brazos County, Tex.,* 981 F.2d 237, 242-243 (5th Cir. 1993), Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice.[1]

A Plaintiff Fact Sheet includes 122 questions to be answered. Recently the court has determined that 23 specific questions of the 122 questions must be answered by plaintiffs in order to facilitate a resolution of their claims.[2]

**James McGuff**

*Darryl Paul Lewis, Jr. v. Jayco, Inc.* was filed August 3, 2009. After the complaint was filed, Jayco received the unsigned, undated Plaintiff Fact Sheet of James McGuff (*See* Plaintiff Fact Sheet of James McGuff, attached as Exhibit "A"). Upon receipt of the fact sheet, Counsel for Jayco reviewed it and deemed the fact sheet deficient. In accordance with the agreed to Plaintiff Fact Sheet process, Jayco thereby drafted a Rule 37 letter on March 11, 2010 and outlined all deficiencies of James McGuff's fact sheet. (*See* Rule 37 letter to Counsel for plaintiffs, March 11, 2011, attached as Exhibit "B").

Several of the agreed to key questions as outlined in Pre-Trial Order No. 88 have been unanswered by the plaintiff. Furthermore, straightforward questions that the plaintiff should

---

[1] *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.,* 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.,* 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson,* 430 F.2d 1214 (5th Cir. 1970).
[2] Rec. Doc. No. 22153.

3

have been able to disclose, such as weight and height, were not responded to at all.

The plaintiff fact sheet and amendment failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| FEMA I.D.# | V.A.3. |
| Installation Address | V.A.8. |
| Plaintiff's Smoking History | VI.C. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Future Medical Claim | III.C.2. |
| Prior Medical History | VI (F) (1&4) |
| Produce Records | VIII (A-D) |
| Number of hours spent in the trailer each day | V.13. |
| If requesting reimbursement for medical expenses | III.C.9. |
| If making a wage claim | IV.F.3. |

(*See* Exhibit "A")

Over a year has lapsed proceeding Jayco's Rule 37 letter and plaintiff has not cured the fact sheet deficiencies. Defendants have received no requests for extensions, responses or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff. To date, James McGuff has only answered 13 of the required 23 key questions. Therefore, James McGuff's fact sheet remains incomplete.

**Patsy Ann McGuff**

*Darryl Paul Lewis, Jr. v. Jayco, Inc.* was filed August 3, 2009. After the complaint was filed, Jayco received the unsigned, undated Plaintiff Fact Sheet of Patsy Ann McGuff (*See* Plaintiff Fact Sheet of Patsy Ann McGuff, attached as Exhibit "C"). Upon receipt of the fact sheet, Counsel for Jayco reviewed it and deemed the fact sheet deficient. In accordance with the agreed to Plaintiff Fact Sheet process, Jayco thereby drafted a Rule 37 letter on March 11, 2010 and outlined all deficiencies of Patsy Ann McGuff's fact sheet. (*See* Rule 37 letter to Counsel for plaintiffs, March 11, 2011, attached as Exhibit "B").

Several of the agreed to key questions as outlined in Pre-Trial Order No. 88 have been

4

unanswered by the plaintiff. Furthermore, straightforward questions that the plaintiff should have been able to disclose, such as weight and height, were not responded to at all.

The plaintiff fact sheet and amendment failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Manufacturer | V.A.1. |
| FEMA I.D.# | V.A.3. |
| Installation Address | V.A.8. |
| Plaintiff's Smoking History | VI.C. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Future Medical Claim | III.C.2. |
| Prior Medical History | VI (F) (1&4) |
| Produce Records | VIII (A-D) |
| Number of hours spent in the trailer each day | V.13. |
| If requesting reimbursement for medical expenses | III.C.9. |
| If making a wage claim | IV.F.3. |

(*See* Exhibit "C")

Over a year has lapsed proceeding Jayco's Rule 37 letter and plaintiff has not cured the fact sheet deficiencies. Defendants have received no requests for extensions, responses or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff. To date, Patsy Ann McGuff has only answered 12 of the required 23 key questions. Therefore, Patsy Ann McGuff's fact sheet remains incomplete.

**Patsy Ann McGuff a/n/f of Malakian Turner**

*Darryl Paul Lewis, Jr. v. Jayco, Inc.* was filed August 3, 2009. After the complaint was filed, Jayco received the unsigned, undated Plaintiff Fact Sheet of Malakian Turner (*See* Plaintiff Fact Sheet of Malakian Turner, attached as Exhibit "D"). Upon receipt of the fact sheet, Counsel for Jayco reviewed it and deemed the fact sheet deficient. In accordance with the agreed to Plaintiff Fact Sheet process, Jayco thereby drafted a Rule 37 letter on March 11, 2010 and outlined all deficiencies of Malakian Turner's fact sheet. (*See* Rule 37 letter to Counsel for

5

plaintiffs, March 11, 2011, attached as Exhibit "B").

Several of the agreed to key questions as outlined in Pre-Trial Order No. 88 have been unanswered by the plaintiff. Furthermore, straightforward questions that the plaintiff should have been able to disclose, such as weight and height, were not responded to at all.

The plaintiff fact sheet and amendment failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
| --- | --- |
| Date of Birth (place of birth not necessary) | IV.C. |
| FEMA I.D.# | V.A.3. |
| Installation Address | V.A.8. |
| Plaintiff's Smoking History | VI.C. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Future Medical Claim | III.C.2. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Prior Medical History | VI (F) (1&4) |
| Produce Records | VIII (A-D) |
| Number of hours spent in the trailer each day | V.13. |
| If requesting reimbursement for medical expenses | III.C.9. |
| If making a wage claim | IV.F.3. |

(*See* Exhibit "D")

Over a year has lapsed proceeding Jayco's Rule 37 letter and plaintiff has not cured the fact sheet deficiencies. Defendants have received no requests for extensions, responses or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff. To date, Malakian Turner has only answered 11 of the required 23 key questions. Therefore, Malakian Turner's fact sheet remains incomplete.

**Richard Oliver**

*Darryl Paul Lewis, Jr. v. Jayco, Inc.* was filed August 3, 2009. After the complaint was filed, Jayco received the unsigned, undated Plaintiff Fact Sheet of Richard Oliver (*See* Plaintiff Fact Sheet of Richard Oliver, attached as Exhibit "E"). Upon receipt of the fact sheet, Counsel for Jayco reviewed it and deemed the fact sheet deficient. In accordance with the agreed to

Plaintiff Fact Sheet process, Jayco thereby drafted a Rule 37 letter on March 11, 2010 and outlined all deficiencies of Richard Oliver's fact sheet. (*See* Rule 37 letter to Counsel for plaintiffs, March 11, 2011, attached as Exhibit "B").

Important questions, such as what medical treatments were received for his formaldehyde related injury and the plaintiff's smoking history, were left unanswered. Furthermore, straightforward questions that the plaintiff should have been able to disclose, such as weight and height, were not responded to at all.

The plaintiff fact sheet and amendment failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| FEMA I.D.# | V.A.3. |
| Installation Address | V.A.8. |
| Plaintiff's Smoking History | VI.C. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Future Medical Claim | III.C.2. |
| Diagnosed Illness | III.C.3. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Prior Medical History | VI (F) (1&4) |
| Produce Records | VIII (A-D) |
| Number of hours spent in the trailer each day | V.13. |
| If requesting reimbursement for medical expenses | III.C.9. |
| If making a wage claim | IV.F.3. |

(*See* Exhibit "E")

Over a year has lapsed proceeding Jayco's Rule 37 letter and plaintiff has not cured the fact sheet deficiencies. Defendants have received no requests for extensions, responses or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff. To date, Richard Oliver has only answered 11 of the required 23 key questions. Therefore, Richard Oliver's fact sheet remains incomplete.

**Sandra Oliver**

*Darryl Paul Lewis, Jr. v. Jayco, Inc.* was filed August 3, 2009. After the complaint was

7

filed, Jayco received the unsigned, undated Plaintiff Fact Sheet of Sandra Oliver (*See* Plaintiff Fact Sheet of Sandra Oliver, attached as Exhibit "F").  Upon receipt of the fact sheet, Counsel for Jayco reviewed it and deemed the fact sheet deficient. In accordance with the agreed to Plaintiff Fact Sheet process, Jayco thereby drafted a Rule 37 letter on March 11, 2010 and outlined all deficiencies of Sandra Oliver's fact sheet.  (*See* Rule 37 letter to Counsel for plaintiffs, March 11, 2011, attached as Exhibit "B").

Important questions, such as what medical treatments were received for her formaldehyde related injury and the plaintiff's smoking history, were left unanswered.  Furthermore, straightforward questions that the plaintiff should have been able to disclose, such as weight and height, were not responded to at all.

The plaintiff fact sheet and amendment failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| FEMA I.D.# | V.A.3. |
| Installation Address | V.A.8. |
| Plaintiff's Smoking History | VI.C. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Future Medical Claim | III.C.2. |
| Diagnosed Illness | III.C.3. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Prior Medical History | VI (F) (1&4) |
| Produce Records | VIII (A-D) |
| Number of hours spent in the trailer each day | V.13. |
| If requesting reimbursement for medical expenses | III.C.9. |
| If making a wage claim | IV.F.3. |

(*See* Exhibit "F")

Over a year has lapsed proceeding Jayco's Rule 37 letter and plaintiff has not cured the fact sheet deficiencies. Defendants have received no requests for extensions, responses or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff.  To date, Sandra Oliver has only answered 11 of the required 23 key questions. Therefore, Sandra Oliver's fact

8

sheet remains incomplete.

As the Defendants prepare for additional litigation, evaluate the possibility of settlement, and analyze other issues concerning the progress of this litigation, the Defendants must be able to obtain information about those who make allegations against them; the Plaintiff Fact Sheet serves as the best way to acquire such information, as the Sheet acts as the initial round of discovery responses. Without this simulated discovery response, the Defendants are significantly prejudiced, and there is good cause for the Court to discontinue any potential for further prejudice against the Defendants by dismissing the claims of these plaintiffs. Thus, the Defendants move for an Order dismissing these plaintiffs.

**Sandra Oliver a/n/f of Darryl Paul Lewis, Jr.**

*Darryl Paul Lewis, Jr. v. Jayco, Inc.* was filed August 3, 2009. After the complaint was filed, Jayco received the unsigned, undated Plaintiff Fact Sheet of Darryl Paul Lewis, Jr. (*See* Plaintiff Fact Sheet of Darryl Paul Lewis, Jr., attached as Exhibit "G"). Upon receipt of the fact sheet, Counsel for Jayco reviewed it and deemed the fact sheet deficient. In accordance with the agreed to Plaintiff Fact Sheet process, Jayco thereby drafted a Rule 37 letter on March 11, 2010 and outlined all deficiencies of Darryl Paul Lewis, Jr.'s fact sheet. (*See* Rule 37 letter to Counsel for plaintiffs, March 11, 2011, attached as Exhibit "B").

Specifically, the plaintiff provided absolutely no indication as to what alleged formaldehyde related injury, self-diagnosed or formally diagnosed, is the basis for their claim. Other important questions, such as what medical treatments were received for their formaldehyde related injury, gave references back to earlier responses that were not answered by the plaintiff rendering the question at hand unanswered. Furthermore, questions that the plaintiff should have been able to disclose, such as weight and height, were not responded to at all.

The plaintiff fact sheet and amendment failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| FEMA I.D.# | V.A.3. |
| Installation Address | V.A.8. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Future Medical Claim | III.C.2. |
| Diagnosed Illness | III.C.3. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Prior Medical History | VI (F) (1&4) |
| Produce Records | VIII (A-D) |
| Checklist | III.C. |
| Number of hours spent in the trailer each day | V.13. |
| If requesting reimbursement for medical expenses | III.C.9. |
| If making a wage claim | IV.F.3. |

(*See* Exhibit "G")

Over a year has lapsed proceeding Jayco's Rule 37 letter and plaintiff has not cured the fact sheet deficiencies. Defendants have received no requests for extensions, responses or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff. To date, Darryl Paul Lewis, Jr. has only answered 11 of the required 23 key questions. Therefore, Darryl Paul Lewis, Jr.'s fact sheet remains incomplete.

As the Defendants prepare for additional litigation, evaluate the possibility of settlement, and analyze other issues concerning the progress of this litigation, the Defendants must be able to obtain information about those who make allegations against them; the Plaintiff Fact Sheet serves as the best way to acquire such information, as the Sheet acts as the initial round of discovery responses. Without this simulated discovery response, the Defendants are significantly prejudiced, and there is good cause for the Court to discontinue any potential for further prejudice against the Defendants by dismissing the claims of these plaintiffs. Indeed, Plaintiffs' Counsel recognizes the merit of this position, as evidenced by their statement of no opposition to the pending Motion. Thus, the Defendants move for an Order dismissing these

plaintiffs.

WHEREFORE, PREMISES CONSIDERED, the Defendants pray that, in accordance with Pre-Trial Orders Nos. 2 and 32, and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the Motion to Dismiss filed by the Defendants be granted, and that the plaintiffs, James McGuff, Patsy Ann McGuff, Patsy Ann McGuff a/n/f of Malakian Turner, Richard Oliver, Sandra Oliver and Sandra Oliver a/n/f of Darryl Paul Lewis, Jr., be dismissed with prejudice.

Respectfully submitted,
**WILLINGHAM, FULTZ & COUGILL LLP**

By:   s/*Thomas L. Cougill*
   THOMAS L. COUGILL
   Texas State Bar No. 04877300
   Louisiana State Bar No. 31112
   R. MARK WILLINGHAM
   Texas State Bar No. 21641500
   JEFFREY P. FULTZ
   Texas State Bar No. 00790728
   Mississippi Bar No. 101058
   Niels Esperson Building
   808 Travis Street, Suite 1608
   Houston, Texas  77002
   (713) 333-7600 – Telephone
   (713) 333-7601 – Facsimile

**Attorneys for Jayco, Inc.**

**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC**

By:   s/*Gerardo R. Barrios*
     ROY C. CHEATWOOD (La. Bar No. 4010)
     GERARDO R. BARRIOS (La. Bar No. 21223)
     M. DAVID KURTZ (La. Bar No. 23821)
     KAREN KALER WHITFIELD (La. Bar No. 19350)
     WADE M. BASS (La. Bar No. 29081)
     No. 3 Sanctuary Boulevard, Suite 201
     Mandeville, La 70471
     (985) 819-8400 – Telephone
     (985) 819-8484 – Facsimile
     rcheatwood@bakerdonelson.com
     gbarrios@bakerdonelson.com
     dkurtz@bakerdonelson.com
     kwhitfield@bakerdonelson.com
     wbass@bakerdonelson.com

     **Attorneys for CH2M Hill Constructors, Inc.**


**MIDDLEBERG, RIDDLE & GIANNA**

By:   s/*Charles R. Penot, Jr.*
     Charles R. Penot, Jr. (La. Bar No. 1530 & Tx. Bar No. 24062455)
     717 North Harwood, Suite 2400
     Dallas, Texas 75201
     (214) 220-6334 – Telephone
     (214) 220-6807 – Facsimile

        *-and-*

     Dominic J. Gianna, La. Bar No. 6063
     Sarah A. Lowman, La. Bar No. 18311
     201 St. Charles Avenue, Suite 3100
     New Orleans, Louisiana 70170

(504) 525-7200 – Telephone
(504) 581-5983 – Facsimile

-and-

Richard A. Sherburne., La. Bar No. 2106
450 Laurel Street, Suite 1101
Baton Rouge, Louisiana 70801
(225) 381-7700 – Telephone
(225) 381-7730 – Facsimile

**Attorneys for Fluor Enterprises, Inc.**


**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC**


By: s/*M. David Kurtz*
M. DAVID KURTZ (#23821)
KAREN KALER WHITFIELD (#19350)
CATHERINE N. THIGPEN (#30001)
201 St. Charles Avenue, Suite 3600
(504) 566-5200 – Telephone
(504) 636-4000 – Facsimile

**Attorneys for Shaw Environmental, Inc.**


**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing motion was filed electronically using the CM/ECF system. Notice of this filing will be forwarded to all known counsel by operation of the court's electronic filing system. I also certify that I have e-mailed a copy of this filing to any non-CM/ECF participants on this the 1st day of February, 2012.


s/*Thomas L. Cougill*
THOMAS L. COUGILL

13