

# WILLINGHAM, FULTZ & COUGILL LLP

TEXAS  LOUISIANA  MISSISSIPPI

ATTORNEYS AT LAW

Niels Esperson Building
808 Travis Street, Ste 1608
Houston, TX 77002
Phone: 713/333-7600
Fax: 713/333-7601

Thomas L. Cougill  TomC@Willingham-law.com
Partner

March 11, 2010

Mr. Michael C. Watson  *Via Email and Regular U.S. Mail*
Woodfill & Pressler, LLP
909 Fannin, Suite 1470
Houston, Texas 77010

    Re:    In Re:  FEMA Trailer Formaldehyde
              Products Liability Litigation
              MDL No. 1873, Section "N" (4)
              Plaintiff Fact Sheets

Dear Mr. Watson:

Enclosed please find a deficiency letter on behalf of STARCRAFT RV, INC. pursuant to Pretrial Order No. 2 (Doc. 87), and related to the Plaintiff Fact Sheets and Authorizations recently received by our office. We respectfully request you to supplement or otherwise "cure" the specified deficiencies within thirty (30) days as specified in Pretrial Order No. 2.

Thank you for your cooperation and assistance in this matter. If you have any questions or comments, please do not hesitate to contact me.

Very truly yours,

**WILLINGHAM, FULTZ & COUGILL LLP**

*Thomas L. Cougill*

Thomas L. Cougill

cc:    Jerry Meunier (*via email*)
       Andrew Weinstock (*via email*)
       Henry Miller (*via email*)

**EXHIBIT B**

# STARCRAFT RV, INC.

### JAMES ESKINE MCGUFF

1. Plaintiff failed to include a response to Section III (C) (7) and (9).

2. Plaintiff failed to respond to Section IV (A) regarding address history, subsection (E) regarding education, subsection (F), employment for past 10 years and subsection (F) (3) regarding assertion of a claim for lost wages/lost earning capacity.  Additionally, Plaintiff did not respond to subsection (G).

3. Plaintiff failed to respond to Section IV (A) and (B) (*sic*) entitled "Family History."

4. Plaintiff failed to respond to Section V (A) (8) through (20) and Section V (B) through (D).

5. Plaintiff failed to respond to Section VI (A) through (D) as well as (F) and (G), including subparts.

6. Plaintiff failed to provide any address or dates of treatment information for the medical providers listed in response to Section VII (A) and (B); Plaintiff failed to respond to Section VII (D).

7. Plaintiff failed to provide a response to Section VIII.

8. Plaintiff failed to provide a response to Section IX.

9. Plaintiff's representative failed to execute the Certification.

10. Plaintiff failed to attach the applicable executed authorizations for release of medical and other records.

11. Plaintiff failed to attach an executed Privacy Act Release.

### PATSY ANN MCGUFF

1. Plaintiff failed to include a response to Section III (C) (4) through (7) and (9).

2. Plaintiff failed to respond to Section IV (A) regarding address history, subsection (E) regarding education, subsection (F), employment for past 10 years and subsection (F) (3) regarding assertion of a claim for lost wages/lost earning capacity.  Additionally, Plaintiff did not respond to subsection (G).

3. Plaintiff failed to respond to Section IV (A) and (B) (*sic*) entitled "Family History."

4. Plaintiff failed to respond to Section V (A) (8) through (20) and Section V (B) through (D).

5. Plaintiff failed to respond to Section VI (A) through (G), including subparts.

6. Plaintiff failed to provide any address or dates of treatment information for the medical providers listed in response to Section VII (A) and (B); Plaintiff failed to respond to Section VII (D).

7. Plaintiff failed to provide a response to Section VIII.

8. Plaintiff failed to provide a response to Section IX.

9. Plaintiff's representative failed to execute the Certification.

10. Plaintiff failed to attach the applicable executed authorizations for release of medical and other records.

11. Plaintiff failed to attach an executed Privacy Act Release.

**PATSY MCGUFF o/b/o MALAKIAN TURNER**

1. Plaintiff's representative failed to include a response to Section III (A) (6) through (8) regarding representative capacity.

2. Plaintiff failed to include a response to Section III (C) (4) and (7), and failed to respond to subsection (9) regarding a claim for medical expenses.

3. Plaintiff failed to respond to Section IV (A), (B), (C) and (E); Plaintiff did not provide a response to Section IV (G).

4. Plaintiff failed to respond to Section IV (A) and (B) (*sic*) entitled "Family History."

5. Plaintiff failed to respond to Section V (A) (3) and (8) through (20), as well as Section V (B) through (D).

6. Plaintiff failed to respond to Section VI (A) through (D) as well as (F) and (G), including subparts.

7. Plaintiff failed to respond to Section VII (A) through (D).

8. Plaintiff failed to provide a response to Section VIII.

9. Plaintiff failed to provide a response to Section IX.

10. Plaintiff's representative failed to execute the Certification.

11. Plaintiff failed to attach the applicable executed authorizations for release of medical and other records.

3

12.     Plaintiff failed to attach an executed Privacy Act Release.

### SANDRA OLIVER o/b/o DARRYL P. LEWIS, JR.

1.      Plaintiff's representative failed to include a response to Section III (A) (6) through (8) regarding representative capacity.

2.      Plaintiff failed to include a response to Section III (C) (4) and (7), and failed to respond to subsection (9) regarding a claim for medical expenses.

3.      Plaintiff failed to respond to Section IV (A) regarding address history, subsection (E) regarding education and subsection (G).

4.      In response to Section V (A) (1), the plaintiff identified Jayco and Fleetwood, but failed to provide any occupancy information for the Fleetwood unit.  Additionally, Plaintiff failed to provide responses to subsections (A) (8) through (20) and subsection (B) through (D).

5.      Plaintiff failed to provide a response to Section VI (A) and (B) regarding height and weight, and subsection (F) and (G).

6.      Plaintiff failed to respond to Section VII (A) through (D).

7.      Plaintiff failed to provide a response to Section VIII.

8.      Plaintiff failed to provide a response to Section IX.

9.      Plaintiff's representative failed to execute the Certification.

10.     Plaintiff failed to attach the applicable executed authorizations for release of medical and other records.

11.     Plaintiff failed to attach an executed Privacy Act Release.

### RICHARD OLIVER

1.      Plaintiff failed to include a response to Section III (C) (4) and (7), and failed to respond to subsection (9) regarding a claim for medical expenses.

2.      Plaintiff failed to respond to Section IV (A) regarding address history, subsection (E) regarding education, subsection (F), employment for past 10 years and subsection (F) (3) regarding assertion of a claim for lost wages/lost earning capacity.  Additionally, Plaintiff did not respond to subsection (G).

3.      Plaintiff failed to respond to Section IV (A) and (B) (*sic*) entitled "Family History."

4.      In response to Section V (A) (1), the plaintiff identified Jayco and Fleetwood, but

4

   failed to provide any occupancy information for the Fleetwood unit. Additionally, Plaintiff failed to provide responses to subsections (A) (8) through (20) and subsection (B) through (D).

5.  Plaintiff failed to respond to Section VI (A) through (D) as well as (F) and (G), including subparts.

6.  Plaintiff failed to respond to Section VII (A) through (D).

7.  Plaintiff failed to provide a response to Section VIII.

8.  Plaintiff failed to provide a response to Section IX.

9.  Plaintiff's representative failed to execute the Certification.

10.  Plaintiff failed to attach the applicable executed authorizations for release of medical and other records.

11.  Plaintiff failed to attach an executed Privacy Act Release.

### **SANDRA OLIVER**

1.  Plaintiff failed to include a response to Section III (C) (4) and (7), and failed to respond to subsection (9) regarding a claim for medical expenses.

2.  Plaintiff failed to respond to Section IV (A) regarding address history, subsection (E) regarding education, subsection (F), employment for past 10 years and subsection (F) (3) regarding assertion of a claim for lost wages/lost earning capacity. Additionally, Plaintiff did not respond to subsection (G).

3.  Plaintiff failed to respond to Section IV (A) and (B) (*sic*) entitled "Family History."

4.  In response to Section V (A) (1), the plaintiff identified Jayco and Fleetwood, but failed to provide any occupancy information for the Fleetwood unit. Additionally, Plaintiff failed to provide responses to subsections (A) (8) through (20) and subsection (B) through (D).

5.  Plaintiff failed to respond to Section VI (A) through (G), including subparts.

6.  Plaintiff failed to respond to Section VII (A) through (D).

7.  Plaintiff failed to provide a response to Section VIII.

8.  Plaintiff failed to provide a response to Section IX.

9.  Plaintiff's representative failed to execute the Certification.

10.  Plaintiff failed to attach the applicable executed authorizations for release of medical

5

and other records.

11. Plaintiff failed to attach an executed Privacy Act Release.