UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N-5" |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE ENGELHARDT |
| *Christine Kellsten v. Jayco, Inc.* | * | |
| Docket No. 10-0269 | * | MAG. JUDGE CHASEZ |
| Plaintiffs: Charlotte Paige | * | |
| Charlotte Paige obo I.N.P. | * | |
| Charlotte Paige obo I.D.P. | * | |
| Christopher Paige | * | |
| Jalisha Paige | * | |
| Jalisha Paige obo D.C. | * | |

******************************************************************************


MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR
FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NOS. 2 & 32
RELATING TO PLAINTIFF FACT SHEETS


MAY IT PLEASE THE COURT:

Jayco, Inc. and Jayco Enterprises, Inc. (together as "The Jayco Defendants") and Bechtel

National, Inc., move this Honorable Court for an Order dismissing the claims of the following

plaintiffs, with prejudice, for failure to comply with the terms of Pre-Trial Orders Nos. 2 and 32

relating to the production of Plaintiff Fact Sheets:


- Charlotte Paige (Plaintiff in *Kellsten,* C.A. 10-0269)

- Charlotte Paige on behalf of I.N.P. (Plaintiff in *Kellsten,* C.A. 10-0269)

- Charlotte Paige on behalf of I.D.P. (Plaintiff in *Kellsten,* C.A. 10-0269)

- Christopher Paige (Plaintiff in *Kellsten,* C.A. 10-0269)

- Jalisha Paige (Plaintiff in *Kellsten,* C.A. 10-0269)

- Jalisha Paige on behalf of D.C. (Plaintiff in *Kellsten,* C.A. 10-0269)

## I. CREATION OF MDL AND FACT SHEET PROCESS

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008 the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet" (PFS), which would serve as the substitute for the initial rounds of Interrogatories and Requests for Production of Documents in a standardized and simple form. Rec. Doc. No. 87. The Order also established a process for "curing" these fact sheets when a particular plaintiff failed to provide one or more responses in his or her Fact Sheet. Outlining the curing process, the Order stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id.* at p. 8-9. The letter would specifically list each alleged material deficiency, and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id.*

Subsequently, on March 18, 2009, the Court amended Pre-Trial Order No. 2 with Pre-Trial Order No. 32 as to the issue of these Fact Sheets. Rec. Doc. No. 1180. Due to the large number of cases being filed in the summer of 2009, Pre-Trial Order No. 32 provided new deadlines for the production of the Sheets. Order 32 also retained the same curing procedure as was set forth in Order 2.

## II. LAW AND ARGUMENT

The Jayco Defendants respectfully submit that the plaintiffs identified above failed to

comply with these Orders, and therefore, this Court should dismiss their claims. Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir.1992); *Colle v. Brazos County, Tex.,* 981 F.2d 237, 242-243 (5th Cir. 1993), Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice.[1]

A Plaintiff Fact Sheet includes 122 questions to be answered.  Recently the court has determined that 23 specific questions of the 122 questions must be answered by plaintiffs in order to facilitate a resolution of their claims.[2]  Certainly, one of the most important questions to be answered would be that of the occupant's travel trailer identification.  The plaintiff's trailer identification is the nexus upon which the plaintiff's entire claim is based.  Without proper identification there is no way of knowing if the plaintiff ever resided in a travel trailer manufactured by the defendant or if the plaintiff has been properly "matched" to the correct defendant.

*Christine Kellsten v. Jayco, Inc.* was filed on December 8, 2009. The Jayco Defendants sent correspondence to plaintiffs' counsel advising that the above mentioned plaintiffs failed to provide Plaintiff Fact Sheets. (*See* correspondence to counsel for plaintiffs, April 13, 2011, *and*

---

[1]    *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.,* 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.,* 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson,* 430 F.2d 1214 (5th Cir. 1970).
[2]    Rec. Doc. No. 22153.

follow-up communication, from Roslyn West at Willingham, Fultz and Cougill, counsel for defendants to counsel for plaintiffs, attached as Exhibit "A")   In response to the Jayco Defendants' request, plaintiffs' counsel produced the Plaintiff Fact Sheets for Charlotte Paige, Charlotte Paige on behalf of I.N.P., Charlotte Paige on behalf of I.D.P., Christopher Paige, Jalisha Paige and Jalisha Paige on behalf of D.C.  (*See* the relevant portions of the Plaintiff Fact Sheets for the above-referenced plaintiffs, attached as Exhibit "B").  Upon receipt of the fact sheets, counsel for the Jayco Defendants reviewed them and determined that they were deficient. The most significant deficiency was that the Plaintiff Fact Sheets indicated that these plaintiffs never resided in a travel trailer manufactured by Jayco, but instead resided in a travel trailer that was manufactured by some other company.  The vehicle identification number ("VIN") provided by plaintiffs in their Plaintiff Fact Sheets is not a Jayco VIN, but that of some other manufacturer.   Plaintiffs provided VIN "5l4TF322463014283" (*See* Id.).   Travel trailers manufactured by the Jayco Defendants have vehicle identification numbers that begin with the sequence "1UJB".  (*See* Jayco Vehicle Identification Number Description, attached as Exhibit "C").

In accordance with the agreed to Plaintiff Fact Sheet process, the Jayco Defendants drafted a Rule 37 letter on June 28, 2011 and outlined all deficiencies of the Plaintiff Fact Sheets, including the production of a VIN that is not linked to Jayco.  (*See* Rule 37 letter to counsel for plaintiffs, June 28, 2011, attached as Exhibit "D"). The plaintiffs replied to the Jayco Defendants' Rule 37 letter by curing some, but not all, of the fact sheet deficiencies for four of the six above-referecned plaintiffs. The non-Jayco VIN contained in the Plaintiff Fact Sheets was not changed. (*See* abbreviated Plaintiff Fact Sheets with corrections for plaintiffs Charlotte Paige, Charlotte Paige on behalf of I.N.P., Charlotte Paige on behalf of I.D.P. and Christopher

Paige, attached as Exhibit "E"). There was no response to the Rule 37 letter provided for plaintiffs Jalisha Paige and Jalisha Paige on behalf of D.C.

Subsequently, the Jayco Defendants sent correspondence to plaintiffs' counsel informing them that the VIN provided for the plaintiffs travel trailer demonstrated that the plaintiffs travel trailer was not manufactured by the Jayco Defendants and requesting that the plaintiffs either provide an accurate Jayco VIN or dismiss the plaintiffs' claims against the Jayco Defendants. (*See* email correspondence to counsel for plaintiffs from the undersigned, October 24, 2011, attached as Exhibit "F").   After a few weeks of no response from the plaintiffs, the Jayco Defendants followed-up on the October 24th communication with another request for the proper Jayco identification or alternatively, the voluntary dismissal of the plaintiffs. (*See* email correspondence to counsel for plaintiffs from Annarose Swersey at Willingham, Fultz and Cougill, counsel for defendants, November 7, 2011, attached as Exhibit "G").   The Jayco Defendants have received no further response or production of Plaintiff Fact Sheets Amendments in regards to the plaintiffs.   To date, the plaintiffs have failed to provide a Plaintiff Fact Sheet that correctly matches them to the Jayco Defendants.

As the Defendants prepare for additional litigation, evaluate the possibility of settlement, and analyze other issues concerning the progress of this litigation, the Defendants must be able to obtain information about those who make allegations against them; the Plaintiff Fact Sheet serves as the best way to acquire such information, as the Sheet acts as the initial round of discovery responses. Without this simulated discovery response, the Defendants are significantly prejudiced, and there is good cause for the Court to discontinue any potential for further prejudice against the Defendants by dismissing the claims of these plaintiffs. Thus,

the Defendants move for an Order dismissing these plaintiffs.

WHEREFORE, PREMISES CONSIDERED, the Defendants pray that, in accordance with Pre-Trial Orders Nos. 2 and 32, and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the Motion to Dismiss filed by the Defendants be granted, and that the plaintiffs, Charlotte Paige, Charlotte Paige on behalf of I.N.P., Charlotte Paige on behalf of I.D.P., Christopher Paige, Jalisha Paige and Jalisha Paige on behalf of D.C., be dismissed with prejudice.

Respectfully submitted,
**WILLINGHAM, FULTZ & COUGILL LLP**

By:   s/*Thomas L. Cougill*
        THOMAS L. COUGILL
        Texas State Bar No. 04877300
        Louisiana State Bar No. 31112
        R. MARK WILLINGHAM
        Texas State Bar No. 21641500
        JEFFREY P. FULTZ
        Texas State Bar No. 00790728
        Mississippi Bar No. 101058
        Niels Esperson Building
        808 Travis Street, Suite 1608
        Houston, Texas  77002
        (713) 333-7600 – Telephone
        (713) 333-7601 – Facsimile

        **Attorneys for Jayco, Inc. and Jayco**
        **Enterprises, Inc.**

**FRILOT L.L.C.**

By:   s/*John J. Hainkel*_____
      JOHN J. HAINKEL, III – La. Bar No. 18246
      A.J. KROUSE – La. Bar No. 14426
      PETER R. TAFARO – La. Bar No. 28776
      3600 Energy Centre, 1100 Poydras Street
      New Orleans, Louisiana 70163
      Telephone : (504) 599-8000
      Facsimile: (504) 599-8100

      **Attorneys for Bechtel National, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion was filed electronically using the CM/ECF system.  Notice of this filing will be forwarded to all known counsel by operation of the court's electronic filing system.  I also certify that I have e-mailed a copy of this filing to any non-CM/ECF participants on this the 1st day of February, 2012.

      s/*Thomas L. Cougill*_____
      THOMAS L. COUGILL