UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER　　　　　　　　　　　　　　　　　　MDL NO. 07-1873
　　　　FORMALDEHYDE PRODUCTS
　　　　LIABILITY LITIGATION
　　　　　　　　　　　　　　　　　　　　　　　　　　　　SECTION "N"  (5)

THIS DOCUMENT RELATES TO
Member Case Nos. 09-8570, 09-8646,
09-8650

# ORDER AND REASONS

Before the Court are the following motions: (1) Plaintiff's Motion for Leave to File First Supplemental and Amended Complaint **(Rec. Doc. 23468)**; (2) Plaintiff's Motion for Leave to File First Supplemental and Amended Complaint (**Rec. Doc. 23511**, as modified by Rec. Docs. 23753, 23781); and (3) Plaintiff's Motion for Leave to File First Supplemental and Amended Complaint **(Rec. Doc. 23516)**.

**A. ARGUMENTS OF THE PARTIES:**

　　**1.　Plaintiff's Motion for Leave to File First Supplemental and Amended Complaint (Rec. Doc. 23468), Seeking to Amend Complaint in *Early, et al v. Thor Industries, Inc.*, No. 09-8570:**

In Plaintiff's Motion for Leave to File First Supplemental and Amended Complaint (Rec. Doc. 23468), the plaintiffs seek leave to amend their complaint in *John Early, et al v. Thor Industries, Inc.*, Civil Action No. 09-8570, to include Marjorie Boudreaux as a named plaintiff. Plaintiffs state that this plaintiff was "erroneously placed" in a "place-holder suit" (*Doris Tolliver, et al v. Forest River, et al*, Civil Action No. 09-8635), and "is now able to be matched" to Thor Industries, Inc.. *See* Plaintiffs' Memorandum in Support pp.1-2 (Rec. Doc. 23468-1).  According to plaintiffs, this motion "is solely intended to place the above-named Plaintiff in the correct

1

matched suit." *Id.*

Defendant Thor Industries, Inc. ("Thor") has filed a memorandum in opposition, in which Thor objects to the amendment on grounds that this plaintiff has never before been matched to Thor and that the deadlines for matching have long since past. (Rec. Doc. 23486). Plaintiffs have filed a reply memorandum. (Rec. Doc. 23811).

> 2. **Plaintiff's Motion for Leave to File First Supplemental and Amended Complaint (Rec. Doc. 23511, as modified by Rec. Docs. 23753, 23781), Seeking to Amend Complaint in *Alexander, et al v. Gulf Stream Coach, Inc.*, No. 09-8646:**

In Plaintiff's Motion for Leave to File First Supplemental and Amended Complaint (Rec. Doc. 23511, as modified by Rec. Docs. 23753, 23781), the plaintiffs seek leave to amend their complaint in *Brian Alexander, et al v. Gulf Stream Coach, Inc.*, Civil Action No. 09-8646, to include Glen Robert as a named plaintiff. Plaintiffs state that this plaintiff was "erroneously placed" in a "place-holder suit" (*Cynthia Davis, et al v. Cavalier Home Builders, LLC,* Civil Action No. 09-8656), and is "now able to be matched" to Gulf Stream Coach. *See* Plaintiffs' Memorandum in Support at 2 (Rec. Doc. 23511-1). According to plaintiffs, this motion "is solely intended to place the above-named Plaintiffs in the correct matched suit." *Id.*

Defendant Gulf Stream Coach, Inc. ("Gulf Stream") has filed a memorandum in opposition, objecting to the amendment on grounds that this plaintiff has never before been matched to Gulf Stream and that the deadlines for matching have long since past. (Rec. Doc. 23580). Gulf Stream also argues that the plaintiff's claim against it is prescribed and does not relate back to the original complaint. *Id.* Plaintiffs have filed a reply memorandum. (Rec. Doc. 23740).

> 3. **Plaintiff's Motion for Leave to File First Supplemental and Amended Complaint (Rec. Doc. 23516), Seeking to Amend Complaint in *Vincent Beverly, et al v. Recreation by Design, LLC, et al*, Civil Action No. 09-8650:**

In Plaintiff's Motion for Leave to File First Supplemental and Amended Complaint (Rec. Doc. 23516), the plaintiffs seek leave to amend their complaint in *Vincent Beverly, et al v. Recreation by Design, LLC, et al*, Civil Action No. 09-8650, to include Esther Brown, Kendall Banks, Lena Brown, and Sharon Dehesa as named plaintiffs. The movants state that these plaintiffs were "erroneously placed" in a "place-holder suit" (*Kendall Banks, et al v. Oak Creek Homes, Inc., et al,* Civil Action No. 09-8694), and are "now able to be matched" to Gulf Stream Coach. *See* Plaintiffs' Memorandum in Support at 2 (Rec. Doc. 23516-1). According to plaintiffs, this motion "is solely intended to place the above-named Plaintiffs in the correct matched suit." *Id.*

Defendant Recreation by Design, LLC ("RBD") has filed a memorandum in opposition, objecting to the amendment on grounds that these plaintiffs have never before been matched to RBD and that the deadlines for matching have long since past. (Rec. Doc. 23601). Plaintiffs have filed a reply memorandum. (Rec. Doc. 23744).

## B. **PROCEDURAL HISTORY:**

This multi-district litigation ("MDL"), referred to as *In Re: FEMA Trailer Formaldehyde Products Liability Litigation*, has been active since 2007. The plaintiffs are individuals who resided in emergency housing units provided by the Federal Emergency Management Agency ("FEMA") after Hurricanes Katrina and Rita. In general, they claim injuries resulting from alleged exposure to the release of formaldehyde and/or formaldehyde vapors in these units. Plaintiffs have sued over 100 entities, including the Government. In all, 4693 cases are associated with this MDL, with 4103 of them still pending. *See* Joint Report No. 25 of Liaison and Government Counsel (Rec. Doc. 22939). It has been estimated that more than 60,000 plaintiffs have submitted a Plaintiff Fact Sheet. *See* Minutes to Status Conference (Sept. 16, 2011, 10:00 a.m.).

In each of the instant motions, the plaintiffs state that the reason for their proposed amendments is that these plaintiffs were "erroneously placed" in "place-holder suits" and are "now able to be matched" to Thor, Gulf Stream, and RBD, respectively. *See* Plaintiffs' Memoranda in Support (Rec. Docs. 23468-1 at 1-2; 23511-1 at 2; 23516-1 at 2). According to plaintiffs, the instant motions are "solely intended to place the above-named Plaintiffs in the correct matched suit." *Id.*

The long, difficult history in this MDL of matching each plaintiff to a single manufacturer is set forth in this Court's Amended Pretrial Order No. 68 Concerning Deadlines for Matching and Filing (Rec. Doc. 14779). It will not be repeated here, except for a short summary. Pre-Trial Order No. 38 placed on each plaintiff the burden of identifying and naming the sole manufacturer responsible for erecting the FEMA unit in which he or she was housed.[1] (Rec. Doc. 1596). This process of "matching" each plaintiff to the proper manufacturer has sapped enormous time, manpower, and resources from plaintiffs' counsel, defendants' counsel, the Court, FEMA, and counsel for the Government. Thus, the matching deadlines set by the Court were not made lightly. For complaints that had already been filed or transferred to this Court as of December 9, 2009, the deadline for matching expired twenty days thereafter, on December 29, 2009. *See* Pre-Trial Order No. 49. (Rec. Doc. 8908). For complaints not already filed or transferred to this Court by December 9, 2009, the pre-trial order requires that plaintiffs "shall be matched with a specific manufacturing defendant **within 45 days of the date of the filing of the Complaint**." *Id.* (emphasis in original). Pre-Trial Order No. 45 further provides that the matching deadline is subject to extension "for good cause shown." *Id.*

---

[1] The one exception to this rule is where "a Plaintiff lived in more than one emergency housing unit, manufactured by different manufacturers." Pre-Trial Order No. 38 (Rec. Doc. 1596). In such a case, the plaintiff may proceed against more than one manufacturer defendant.

Marjorie Boudreaux's complaint was filed with this Court on December 29, 2009. The other plaintiffs at issue here (Glen Robert, Esther Brown, Kendall Banks, Lena Brown, and Sharon Dehesa) filed their complaints on December 30, 2009.  Thus, the deadline for these plaintiffs to match to a single manufacturing defendant expired on February 12, 2010 (for Marjorie Boudreaux) and February 13, 2010 (for the others), forty-five days after the date on which the complaint was filed. *See* Rec. Doc. 8908. If any of these plaintiffs were among the plaintiffs who had trouble obtaining matching information, and their attorneys fulfilled the strict requirements for participating in the "last chance" matching process established by the Court, then their deadline for participating in this process would have been August 2, 2010. *See* Amended Pretrial Order No. 68 Concerning Deadlines for Matching and Filing (Rec. Doc. 14779). Thus, at the very latest, the deadline for making amendments such as this one expired more than one year ago. Given that none of the plaintiffs here have indicated that they participated in the "last chance" process, it is more likely that the deadlines for each of them expired nearly two years ago.

C. **LAW AND ANALYSIS:**

Federal Rule of Civil Procedure 16(b) "governs amendment of pleadings after a scheduling order deadline has expired." *S & W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). Rule 16(b) provides that once a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b).[2]  "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S & W Enters.,* 315 F.3d at 535 (citation

---

[2] The Court notes that the pre-trial order at issue here expressly states that extensions will be granted "for good cause shown." Pre-Trial Order No. 49 (Rec. Doc. 8908).

omitted). "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *Id.* at 536.

The plaintiffs argue that their proposed amendments are timely under the relation back provisions of Rule 15(c). However, as explained above, the Court in this case has entered a Pre-Trial Order that sets a deadline for filing amendments based upon matching a plaintiff to the proper manufacturer. *See* Pre-Trial Order No. 49 (8908). This is precisely the type of amendment sought here. As discussed in the previous section, the deadlines for filing such amendments expired nearly two years ago. Under these circumstances, the Court finds that Rule 16 is applicable. Thus, the plaintiffs first must clear the hurdle of establishing good cause before the standard of Rule 15 will apply.[3]

The Fifth Circuit looks to four factors in determining whether a movant has established good cause: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S & W Enters.,* 315 F.3d at 536 (internal quotations omitted). Under this analysis, all but the second factor weigh heavily against allowing the amendments.

With regard to the first factor, plaintiffs offer no explanation whatsoever for their failure to timely file pleadings necessary to comply with this Court's matching deadlines. The movants in Rec. Doc. 23468 state that Majorie Boudreaux's counsel was informed by email on November 8, 2011 "that Forest River was not the proper manufacturing defendant." Rec. Doc. 23811. The

---

[3] Even in the absence of Rule 16, a "good cause" analysis nevertheless applies here under the language of the Pre-Trial Order itself.

6

movants in Rec. Docs. 23516 state that "only after timely filing suit was it discovered that Plaintiff resided in an emergency housing unit manufactured by Rec by Design." Rec. Doc. 23744. And the movants in Rec. Docs. 23511 state that "only after timely filing suit was it discovered that Plaintiff also resided in an emergency housing unit manufactured by Gulf Stream," in addition to one manufactured by Cavalier Home Builders, LLC. Rec. Doc. 23740. However, none of these statements contain any explanation as to why these plaintiffs and their counsel were unable with diligence to meet the Court's matching deadlines with regard to these claims. Therefore, the Court can find no exigent or equitable circumstances here that might have justified making an exception to the long-labored, well publicized matching deadlines.

The second factor in the good cause analysis favors the plaintiffs. The result of denying the amendment may be that these plaintiffs will be barred from litigating their claims against the companies who manufactured their FEMA units, assuming such claims are not prescribed. The Court does not weigh this lightly. However, the third and fourth factors militate strongly against allowing the amendment. With the proposed amendments, the plaintiffs here seek to file suit against entirely different manufacturers from those they sued two years ago. The potential prejudice in allowing such amendments is enormous.

First, the prejudice to the defendants themselves is significant. If the amendments were allowed, the manufacturing defendants in these actions (Thor, Gulf Stream, and RBD) would be required to now defend an action by plaintiffs entirely new to them and their counsel. Second, the proposed amendments would cause great prejudice to the administration of this MDL as a whole, and continuance of deadlines would only serve to compound the prejudice. It has taken nearly four years to reach a point where the cases in this MDL are ready to proceed beyond the matching issue

toward resolution. At last, the litigation is in the final resolution stage. Now, after devoting significant time and energy to defining the census of plaintiffs who have brought claims against them, each of the defendants here is participating in court-ordered mediation. If the Court were to *de facto* re-open the matching deadlines by allowing matching amendments such as these, particularly based upon such vague and unsubstantiated grounds as are set forth here, the enormous efforts toward global resolution would be undermined, and the Court's deadlines would become truly meaningless. The burden to the defendants, counsel, and the Court would be significant, but perhaps those who would suffer the greatest prejudice would be the thousands of plaintiffs who have complied with this Court's deadlines regarding matching and are waiting for the resolution of a matter which already has taken years to litigate. It will take considerably longer if the matching deadlines are routinely set aside. Thus, under a Rule 16(b) analysis, the Court finds that the movants have failed to establish good cause for allowing a "matching" amendment outside the applicable deadlines.

Moreover, even if the Court were to analyze the motion under a Rule 15(a) standard, the motion would nevertheless fail. Rule 15 states that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "In exercising its discretion, however, the district court may consider such factors as 'undue delay [and] undue prejudice....'" *Whitaker v. City of Houston, TX,* 963 F.2d 831, 836 (5th Cir. 1992) (citation omitted); *see also Torch Liquidating Trust ex. rel. Bridge Assoc., LLC v. Stockstill*, 561 F.3d 377, 391 (5th Cir. 2009) ("Although Rule 15 evinces a bias in favor of granting leave to amend, it is not automatic.... [C]ourts consider such equitable factors as...undue delay...."); *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 644 (5th Cir. 2007) ("Although Rule 15(a) states that leave to amend 'shall be freely given when justice so

8

requires,' the district court may consider that the moving party failed to take advantage of earlier opportunities to amend."). "Although Rule 15(a) contains no time limit for permissive amendment, '[a]t some point [,] time delay on the part of a plaintiff can be procedurally fatal.' " *Whitaker,* 963 F.2d at 836  (quoting *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981)). "In such a situation, 'the plaintiff must meet the burden of showing that the delay was due to oversight, inadvertence, or excusable neglect....'" *Id.* (quoting *Gregory*, 634 F.2d at 203 (internal quotation omitted)).[4]  As stated above, the plaintiffs here have failed to offer any real explanation for their failure to timely match these plaintiffs to the proper manufacturer defendant.  Thus, even under a Rule 15 standard, the Court would not grant leave to amend based on the showing made here.  Accordingly,

**IT IS ORDERED** that the following motions are hereby **DENIED**:  (1) Plaintiff's Motion for Leave to File First Supplemental and Amended Complaint **(Rec. Doc. 23468)**; (2) Plaintiff's Motion for Leave to File First Supplemental and Amended Complaint (**Rec. Doc. 23511**, **as modified by Rec. Docs. 23753, 23781**); and (3) Plaintiff's Motion for Leave to File First Supplemental and Amended Complaint **(Rec. Doc. 23516)**.

New Orleans, Louisiana, this   2nd   day of February, 2012.

                                                        **KURT D. ENGELHARDT**
                                                        **United States District Court**

---

[4]  *See also* Rule 6(b)(1)(B): "When an act may or must be done within a specified time, the court may, *for good cause*, extend the time on motion made after the time has expired *if the party failed to act because of excusable neglect*." Fed. R. Civ. P. 6(b)(1)(B) (emphasis added).