UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                          MDL NO. 07-1873
      FORMALDEHYDE PRODUCTS
      LIABILITY LITIGATION
                                        SECTION "N" (5)

THIS DOCUMENT RELATES TO
Member Case Nos. 09-8485, 09-8626,
09-8629

## ORDER AND REASONS

Before the Court are the following motions: (1) a Motion for Leave to Amend to Add

Plaintiffs (**Rec. Doc. 24014**), filed by plaintiffs; (2) a Motion for Leave to Amend to Add Plaintiffs

(**Rec. Doc. 24015**), filed by plaintiffs; and (3) a Motion for Leave to Amend to Add Plaintiffs (**Rec.**

**Doc. 24018**), filed by plaintiffs.

## A.  ARGUMENTS OF THE PARTIES:

      **1.**      **Motion for Leave to Amend Complaint to Add Plaintiffs (Rec. Doc. 24014),**
            **Seeking to Amend Complaint in *Cynthia Crawford, et al v. Recreation By Design,***
            ***LLC, et al*, Civil Action No. 09-8629:**

In their Motion for Leave to Amend Complaint to Add Plaintiffs (Rec. Doc. 24014), the

plaintiffs seek leave to amend their complaint in *Cynthia Crawford, et al v. Recreation By Design,*

*LLC, et al*, Civil Action No. 09-8629, to include Helena Minnifield, Carmen Rhodes, Thomas

Rhodes, and Kevin Growe as named plaintiffs.  The movants state that these plaintiffs originally

filed suit in *Michael Barnes, et al v. American Specialty Lines Ins. Co., et al,* Civil Action No. 09-

8521 (Helena Minnifield); *Karen Augustine, et al v. Crum & Forster, et al,* Civil Action No. 09-

8457 (Kevin Growe); and *Evelena Sam, et al v. Skyline Corporation, et al,* Civil Action No. 09-8485

(Carmen & Thomas Rhodes).  "[H]owever, it has become apparent that Recreation by Design, LLC

1

is the proper manufacturer defendant."  *See* Rec. Doc. 24014.

Defendant Recreation by Design, LLC ("RBD") has filed a memorandum in opposition, in which it objects to the amendment on grounds that this plaintiff has never before been matched to RBD and that the deadlines for matching have long since past.  (Rec. Doc. 24165).

**2.     Motion for Leave to Amend Complaint to Add Plaintiffs (Rec. Doc. 24015), Seeking to Amend Complaint in *Clara Anderson, et al v. Recreation By Design, LLC, et al*, Civil Action No. 09-8626:**

In their Motion for Leave to Amend Complaint to Add Plaintiffs (Rec. Doc. 24015), the plaintiffs seek leave to amend their complaint in *Clara Anderson, et al v. Recreation By Design, LLC, et al*, Civil Action No. 09-8626, to include Fayetta Justin, Christopher Justin, and Clifton Justin, III, as named plaintiffs.  The movants state that these plaintiffs originally filed suit in *Donyell Bickham, et al v. Gulf Stream Coach, Inc., et al,* Civil Action No. 09-8475.  "[H]owever, it has become apparent that Recreation by Design, LLC...is the proper manufacturer defendant."  *See* Rec. Doc. 24015.

Defendant Recreation by Design, LLC ("RBD") has filed a memorandum in opposition, in which it objects to the amendment on grounds that this plaintiff has never before been matched to RBD and that the deadlines for matching have long since past.  (Rec. Doc. 24168).

**3.     Motion for Leave to Amend Complaint to Add Plaintiffs (Rec. Doc. 24018), Seeking to Amend Complaint in *Evelena Sam, et al v. Skyline Corporation, et al*, Civil Action No. 09-8485:**

In their Motion for Leave to Amend Complaint to Add Plaintiffs (Rec. Doc. 24015), the plaintiffs seek leave to amend their complaint in *Evelena Sam, et al v. Skyline Corporation, et al*, Civil Action No. 09-8485, to include Willie Washington, Sharon Washington, and Sharon Washington on behalf of D.W., as named plaintiffs.  The movants state that these plaintiffs

originally filed suit in *Donna Alexander, et al v. Gulf Stream Coach, Inc., et al,* Civil Action No. 09-8467. "[H]owever, it has become apparent that Skyline Corporation is the proper manufacturer defendant." *See* Rec. Doc. 24018.

Defendant Skyline Corporation ("Skyline") has filed a memorandum in opposition, in which it objects to the amendment on grounds that this plaintiff has never before been matched to Skyline and that the deadlines for matching have long since past. (Rec. Doc. 24129).

**B. <u>PROCEDURAL HISTORY</u>:**

This multi-district litigation ("MDL"), referred to as *In Re: FEMA Trailer Formaldehyde Products Liability Litigation*, has been active since 2007. The plaintiffs are individuals who resided in emergency housing units provided by the Federal Emergency Management Agency ("FEMA") after Hurricanes Katrina and Rita. In general, they claim injuries resulting from alleged exposure to the release of formaldehyde and/or formaldehyde vapors in these units. Plaintiffs have sued over 100 entities, including the Government. In all, 4693 cases are associated with this MDL, with 4103 of them still pending. *See* Joint Report No. 25 of Liaison and Government Counsel (Rec. Doc. 22939). It has been estimated that more than 60,000 plaintiffs have submitted a Plaintiff Fact Sheet. *See* Minutes to Status Conference (Sept. 16, 2011, 10:00 a.m.).

The long, difficult history in this MDL of matching each plaintiff to a single manufacturer is set forth in this Court's Amended Pretrial Order No. 68 Concerning Deadlines for Matching and Filing (Rec. Doc. 14779). It will not be repeated here, except for a short summary. Pre-Trial Order No. 38 placed on each plaintiff the burden of identifying and naming the sole manufacturer

responsible for erecting the FEMA unit in which he or she was housed.[1]  (Rec. Doc. 1596).  This process of "matching" each plaintiff to the proper manufacturer has sapped enormous time, manpower, and resources from plaintiffs' counsel, defendants' counsel, the Court, FEMA, and counsel for the Government.  Thus, the matching deadlines set by the Court were not made lightly. For complaints that had already been filed or transferred to this Court as of December 9, 2009, the deadline for matching expired twenty days thereafter, on December 29, 2009.  *See* Pre-Trial Order No. 49.  (Rec. Doc. 8908).  For complaints not already filed or transferred to this Court by December 9, 2009, the pre-trial order requires that plaintiffs "shall be matched with a specific manufacturing defendant **within 45 days of the date of the filing of the Complaint**."  *Id.* (emphasis in original). Pre-Trial Order No. 45 further provides that the matching deadline is subject to extension "for good cause shown."  *Id.*

Each of the plaintiffs at issue here filed their original complaints on December 29, 2009. Thus, the deadline for these plaintiffs to match to a single manufacturing defendant expired on February 12, 2010, forty-five days after the date on which the complaint was filed.  *See* Rec. Doc. 8908.  If any of these plaintiffs were among the plaintiffs who had trouble obtaining matching information, and their attorneys fulfilled the strict requirements for participating in the "last chance" matching process established by the Court, then their deadline for participating in this process would have been August 2, 2010.  *See* Amended Pretrial Order No. 68 Concerning Deadlines for Matching and Filing (Rec. Doc. 14779).  Thus, at the very latest, the deadline for making amendments such as this one expired more than one year ago.  Given that none of the plaintiffs here have indicated that

---

[1]  The one exception to this rule is where "a Plaintiff lived in more than one emergency housing unit, manufactured by different manufacturers."  Pre-Trial Order No. 38 (Rec. Doc. 1596).  In such a case, the plaintiff may proceed against more than one manufacturer defendant.

they participated in the "last chance" process, it is more likely that the deadlines for each of them expired approximately two years ago.

## C. <u>LAW AND ANALYSIS</u>:

Federal Rule of Civil Procedure 16(b) "governs amendment of pleadings after a scheduling order deadline has expired." *S & W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). Rule 16(b) provides that once a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b).[2] "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S & W Enters.*, 315 F.3d at 535 (citation omitted). "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *Id.* at 536.

The plaintiffs argue that their proposed amendments are timely under the relation back provisions of Rule 15(c). However, as explained above, the Court in this case has entered a Pre-Trial Order that sets a deadline for filing amendments based upon matching a plaintiff to the proper manufacturer. *See* Pre-Trial Order No. 49 (8908). This is precisely the type of amendment sought here. As discussed in the previous section, the deadlines for filing such amendments expired approximately two years ago. Under these circumstances, the Court finds that Rule 16 is applicable. Thus, the plaintiffs first must clear the hurdle of establishing good cause before the standard of Rule

---

[2] The Court notes that the pre-trial order at issue here expressly states that extensions will be granted "for good cause shown." Pre-Trial Order No. 49 (Rec. Doc. 8908).

15 will apply.[3]

The Fifth Circuit looks to four factors in determining whether a movant has established good cause: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S & W Enters.,* 315 F.3d at 536 (internal quotations omitted). Under this analysis, all but the second factor weigh heavily against allowing the amendments.

With regard to the first factor, plaintiffs offer no explanation whatsoever for their failure to timely file pleadings necessary to comply with this Court's matching deadlines. The movants state only that "it has become apparent that RBD [or Skyline Corporation] is the proper manufacturer defendant." Rec. Docs. 24014, 24015, 24018. However, this statement contains no explanation as to why these plaintiffs and their counsel were unable with diligence to meet the Court's matching deadlines. Therefore, the Court can find no exigent or equitable circumstances here that might have justified making an exception to the long-labored, well publicized matching deadlines.

The second factor in the good cause analysis favors the plaintiffs. The result of denying the amendments may be that these plaintiffs will be barred from litigating their claims against the companies who manufactured their FEMA units, assuming such claims are not prescribed. The Court does not weigh this lightly. However, the third and fourth factors militate strongly against allowing the amendments. With the proposed amendments, the plaintiffs here seek to file suit against entirely different manufacturers from those they sued two years ago. The potential prejudice in allowing such amendments is enormous.

---

[3] Even in the absence of Rule 16, a "good cause" analysis nevertheless applies here under the language of the Pre-Trial Order itself.

The prejudice to the defendants themselves is significant.  If the amendments were allowed, the manufacturing defendants in these actions (RBD and Skyline Corporation) would be required to now defend an action by plaintiffs entirely new to them and their counsel.  In addition, the proposed amendments would cause great prejudice to the administration of this MDL as a whole, and continuance of deadlines would only serve to compound the prejudice.  It has taken four years to reach a point where the cases in this MDL are ready to proceed beyond the matching issue toward resolution.  At last, the litigation is in the final resolution stage.  If the Court were to *de facto* re-open the matching deadlines by allowing matching amendments such as these, particularly based upon such vague and unsubstantiated grounds as are set forth here, these efforts toward global resolution would be undermined, and the Court's deadlines would become truly meaningless.  The burden to the defendants, counsel, and the Court would be significant, but perhaps those who would suffer the greatest prejudice would be the thousands of plaintiffs who have complied with this Court's deadlines regarding matching and are waiting for the resolution of a matter which already has taken years to litigate.  It will take considerably longer if the matching deadlines are routinely set aside.  Thus, under a Rule 16(b) analysis, the Court finds that the movants have failed to establish good cause for allowing a "matching" amendment outside the applicable deadlines.

Moreover, even if the Court were to analyze the motion under a Rule 15(a) standard, the motion would nevertheless fail.  Rule 15 states that "[t]he court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "In exercising its discretion, however, the district court may consider such factors as 'undue delay [and] undue prejudice....'" *Whitaker v. City of Houston, TX,* 963 F.2d 831, 836 (5th Cir. 1992) (citation omitted); *see also Torch Liquidating Trust ex. rel. Bridge Assoc., LLC v. Stockstill*, 561 F.3d 377, 391 (5th Cir. 2009) ("Although Rule 15

evinces a bias in favor of granting leave to amend, it is not automatic.... [C]ourts consider such equitable factors as...undue delay...."); *Lozano v. Ocwen Fed. Bank, FSB,* 489 F.3d 636, 644 (5th Cir. 2007) ("Although Rule 15(a) states that leave to amend 'shall be freely given when justice so requires,' the district court may consider that the moving party failed to take advantage of earlier opportunities to amend."). "Although Rule 15(a) contains no time limit for permissive amendment, '[a]t some point [,] time delay on the part of a plaintiff can be procedurally fatal.' " *Whitaker,* 963 F.2d at 836 (quoting *Gregory v. Mitchell,* 634 F.2d 199, 203 (5th Cir. 1981)). "In such a situation, 'the plaintiff must meet the burden of showing that the delay was due to oversight, inadvertence, or excusable neglect....'" *Id.* (quoting *Gregory,* 634 F.2d at 203 (internal quotation omitted)).[4]  As stated above, the plaintiffs here have failed to offer any real explanation for their failure to timely match these plaintiffs to the proper manufacturer defendant.   Thus, even under a Rule 15 standard, the Court would not grant leave to amend based on the showing made here.   Accordingly,

   **IT IS ORDERED** that the following motions are hereby **DENIED**:  (1) the Motion for Leave to Amend to Add Plaintiffs **(Rec. Doc. 24014)**, filed by plaintiffs; (2) the Motion for Leave to Amend to Add Plaintiffs **(Rec. Doc. 24015)**, filed by plaintiffs; and (3) the Motion for Leave to Amend to Add Plaintiffs **(Rec. Doc. 24018)**, filed by plaintiffs.

   New Orleans, Louisiana, this __2nd__ day of February, 2012.

**KURT D. ENGELHARDT**
**United States District Court**

---

   [4]  *See also* Rule 6(b)(1)(B):  "When an act may or must be done within a specified time, the court may, *for good cause,* extend the time on motion made after the time has expired *if the party failed to act because of excusable neglect.*"  Fed. R. Civ. P. 6(b)(1)(B) (emphasis added).