## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| | * | |
| THIS DOCUMENT IS RELATED TO | * | |
| | * | |
| 09-2961  *Baquet, et al v. Forest River, Inc.* | * | |
| 09-8375  *Lazard, et al v. Vanguard Industries of Michigan, Inc.* | * | |
| 10-2304  *Celestine, et al v. Vanguard Industries of Michigan, Inc.* | * | |
| 10-2336  *Albert, et al v. Forest River, Inc.* | * | |
| 10-4663  *Hill, et al v. Forest River, Inc.* | * | |
| 11-850    *Jones, et al v. Forest River, Inc.* | * | |

## DECLARATION OF PETER K. TAAFFE

STATE OF TEXAS          §
COUNTY OF HARRIS    §

I, Peter K. Taaffe, make this declaration under penalty of perjury and state the following:

1. I am over 18 years of age and fully competent to make this declaration.

2. I am an attorney at the Buzbee Law Firm.  Our firm represents the Certain Plaintiffs at issue in this motion.

3. Throughout the course of 2011, our office received over 2,000 Plaintiff Fact Sheet deficiency notices from defense counsel in this case.  Our office has instructed all defense counsel to include myself and David Carr (an administrator who handled much of the day to day administrative functions) on all deficiency correspondence.

4. In May and June 2011, our office received, processed and responded to over 1,500 deficiency notices.  These 1,500 (plus) deficiency notices came from seven defense firms, representing twelve defendants.  In sum, we received more than 2,000 deficiency notices over the course of 2011.

5.   In the course of Defendants' deficiency notice exercise, every defense firm has managed to communicate with me and Mr. Carr to resolve deficiency issues.

6.   On June 30, 2011, a legal assistant from Forest River's counsel's office emailed Tony Buzbee a 73 page deficiency letter. Mr. Buzbee noticed that Forest River's legal assistant failed to include me and Mr. Carr on the email, and notified us of same. On that day, I requested (via email) that the Forest River legal assistant include myself and Mr. Carr on any matters regarding deficiencies.

7.   On September 28, 2011, Forest River's legal assistant (again) emailed Tony Buzbee a Draft Motion to Dismiss pertaining to other plaintiffs, unaffiliated with the present motion. Fortunately, when Forest River filed their Motion to Dismiss on (Rec. Doc. 23894) relating to that deficiency notice, my office noticed that the motion involved its clients. I contacted Forest River's counsel, Mike Digiglia and reminded him of the request to copy Mr. Taaffe and Mr. Carr on these matters. Meanwhile, my office remedied all of the deficiencies except one. We agreed to, and did voluntarily dismiss the claims of the un-remedied plaintiff. After this was done, Forest River's counsel agreed to and did withdraw the motion. (Rec. Doc. 24064).

8.   On January 20, 2012, the Court set the case of *Hill v. Forest River* for trial (Rec. Doc. 24225). In the course of preparing for that trial, my office noted that two of the Plaintiffs in that action had been dismissed from the case. This led to a review of the MDL docket and the revelation of the subject order of dismissal. I immediately called Mr. Digiglia about this matter. Mr. Buzbee also exchanged emails with Forest River's counsel, Ernie Gieger, about the issue, requesting the relief sought in this motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 2, 2012

/s/Peter K. Taaffe
Peter K. Taaffe