UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                   MDL NO. 07-1873
    FORMALDEHYDE PRODUCTS
    LIABILITY LITIGATION
                                                          SECTION "N" (5)

THIS DOCUMENT RELATES TO
Member Cases Referenced in the
Motions Addressed Herein

## ORDER AND REASONS

Before the Court are the following motions:

1. Plaintiffs' Motion for Leave to File First Supplemental and Amended Complaint **(Rec. Doc. 23839)**;

2. Plaintiff's Motion for Leave to File Third Supplemental and Amending Complaint **(Rec. Doc. 23935)**;

3. Motion for Leave to Amend to Add Plaintiffs **(Rec. Doc. 23945)**;

4. Motion for Leave to File Amended Complaints **(Rec. Doc. 23959)**;

5. Motion for Leave to File Amended Complaints **(Rec. Doc. 23960)**;

6. Plaintiffs' Motion for Leave to File First Supplemental and Amended Complaint **(Rec. Doc. 23990)**;

7. Plaintiffs' Motion for Leave to File Amended Complaints **(Rec. Doc. 23992)**;

8. Plaintiffs' Motion for Leave to Amend Complaint and Substitute a Party **(Rec. Doc. 23994)**;

9. Plaintiffs' Motion to Sever Claims and to Join Existing Actions **(Rec. Doc. 23995)**;

10. Motion for Leave to Amend to Add Plaintiffs **(Rec. Doc. 23997)**;

11. Motion for Leave to Amend to Add Plaintiffs **(Rec. Doc. 23998)**;

12. Motion for Leave to Amend to Add Plaintiffs **(Rec. Doc. 23999)**;

13. Motion for Leave to Amend to Add Plaintiffs **(Rec. Doc. 24000)**;
14. Plaintiffs' Motion for Leave to Amend Complaint and Substitute a Party **(Rec. Doc.**

**24001**);

15. Plaintiffs' Motion for Leave to Amend Complaint and Substitute a Party **(Rec. Doc. 24002)**;

16. Motion for Leave to File Second Amended Complaint **(Rec. Doc. 24006);**

17. Plaintiffs' Motion for Leave to Amend Complaint and Substitute a Party **(Rec. Doc. 24009)**; and

18. Motion for Leave to Amend to Add Plaintiffs **(Rec. Doc. 24010)**.

A. **ARGUMENTS OF THE PARTIES:**

Several affiliated "Thor" companies have been sued as defendants in this MDL. These include Thor Industries, Inc., Thor California, Inc., Dutchmen Manufacturing, Inc., and Keystone RV Company, among others. In each of the instant motions, the plaintiffs seek to amend complaints to substitute one of the various Thor companies for another Thor company. The procedure by which the plaintiffs seek to accomplish this varies. In certain of the instant motions, the plaintiffs seek to add plaintiffs to existing suits. In others, the plaintiffs seek to substitute the defendant. However, the effective result is the same in each case: the plaintiffs seek to shift their products liability claims from one Thor entity to another. To use the parlance that has developed in this MDL, the plaintiffs seek to remedy various "matching" errors. Now realizing that they have "matched" to the wrong Thor entity – because they sued the parent company (Thor Industries, Inc.), who does not manufacture trailers, or because they have now discovered that the VIN for their FEMA unit matches to a different Thor subsidiary than the one they sued, or because they made some other matching error, they now seek to "match" to the proper Thor defendant.

The Thor defendants at issue have filed memoranda in opposition with respect to each of the

instant motions. (Rec. Docs. 23840, 24024, 24187, 24188, 24186, 24179, 24189, 24170, 24182, 24174, 24175, 24172, 24177, 24184, 24180, 24183, 24169, 24170). In general, they assert that the motions should be denied because the deadlines for matching have long since past. They argue that the plaintiffs have been on notice for years with regard to the various matching errors that they now seek to remedy. For example, they argue that, through documents filed into the record, the plaintiffs have been put on notice with regard to which Thor companies did not manufacture trailers and with regard to the tools for decoding the VINs of travel trailers manufactured by the various Thor subsidiaries. They also point out that the plaintiffs have failed to establish on an individual basis the circumstances that led to the matching errors and fail in general to establish good cause for failing to match timely.

In response, certain of the plaintiffs have filed reply memoranda. (Rec. Docs. 24039, 24128, 24307, 24310, 24282, 24316, 24314).

## B. PROCEDURAL HISTORY:

This multi-district litigation ("MDL"), referred to as *In Re: FEMA Trailer Formaldehyde Products Liability Litigation*, has been active since 2007. The plaintiffs are individuals who resided in emergency housing units provided by the Federal Emergency Management Agency ("FEMA") after Hurricanes Katrina and Rita. In general, they claim injuries resulting from alleged exposure to the release of formaldehyde and/or formaldehyde vapors in these units. Plaintiffs have sued over 100 entities, including the Government. In all, 4693 cases are associated with this MDL, with 4103 of them still pending. *See* Joint Report No. 25 of Liaison and Government Counsel (Rec. Doc. 22939). It has been estimated that more than 60,000 plaintiffs have submitted a Plaintiff Fact Sheet.

The long, difficult history in this MDL of matching each plaintiff to a single manufacturer

3

is set forth in this Court's Amended Pretrial Order No. 68 Concerning Deadlines for Matching and Filing (Rec. Doc. 14779). It will not be repeated here, except for a short summary. Pre-Trial Order No. 38 placed on each plaintiff the burden of identifying and naming the sole manufacturer responsible for erecting the FEMA unit in which he or she was housed.[1] (Rec. Doc. 1596). This process of "matching" each plaintiff to the proper manufacturer has sapped enormous time, manpower, and resources from plaintiffs' counsel, defendants' counsel, the Court, FEMA, and counsel for the Government. Thus, the matching deadlines set by the Court were not made lightly. For complaints that had already been filed or transferred to this Court as of December 9, 2009, the deadline for matching expired twenty days thereafter, on December 29, 2009. *See* Pre-Trial Order No. 49. (Rec. Doc. 8908). For complaints not already filed or transferred to this Court by December 9, 2009, the pre-trial order requires that plaintiffs "shall be matched with a specific manufacturing defendant **within 45 days of the date of the filing of the Complaint**." *Id.* (emphasis in original). Pre-Trial Order No. 45 further provides that the matching deadline is subject to extension "for good cause shown." *Id.*

The Court will not sort through in detail the filing dates for each of the plaintiffs at issue here. It appears that the deadline for these plaintiffs to match to a single manufacturing defendant expired more than one year ago, and in many cases, more than two years ago. *See* Rec. Doc. 8908. The plaintiffs do not contend otherwise.

---

[1] The one exception to this rule is where "a Plaintiff lived in more than one emergency housing unit, manufactured by different manufacturers." Pre-Trial Order No. 38 (Rec. Doc. 1596). In such a case, the plaintiff may proceed against more than one manufacturer defendant.

4

## C. LAW AND ANALYSIS:

Federal Rule of Civil Procedure 16(b) "governs amendment of pleadings after a scheduling order deadline has expired." *S & W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). Rule 16(b) provides that once a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b).[2] "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S & W Enters.,* 315 F.3d at 535 (citation omitted). "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *Id.* at 536.

Many of the plaintiffs argue that their proposed amendments are timely under the relation back provisions of Rule 15(c). However, as explained above, the Court in this case has entered a Pre-Trial Order that sets a deadline for filing amendments based upon matching a plaintiff to the proper manufacturer. *See* Pre-Trial Order No. 49 (8908). This is precisely the type of amendment sought here. As discussed in the previous section, these plaintiffs' deadlines for filing such amendments expired more than one year ago. Under these circumstances, the Court finds that Rule 16 is applicable. Thus, the plaintiffs first must clear the hurdle of establishing good cause before the standard of Rule 15 will apply.[3]

The Fifth Circuit looks to four factors in determining whether a movant has established good

---

[2] The Court notes that the pre-trial order at issue here expressly states that extensions will be granted "for good cause shown." Pre-Trial Order No. 49 (Rec. Doc. 8908).

[3] Even in the absence of Rule 16, a "good cause" analysis nevertheless applies here under the language of the Pre-Trial Order itself.

5

cause: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S & W Enters.,* 315 F.3d at 536 (internal quotations omitted).

With regard to the first factor, many of the plaintiffs have offered no explanation whatsoever for their failure to timely file pleadings necessary to comply with this Court's matching deadlines. Others, however, have done a better job of explaining the problems that occurred. *See, e.g.*, Rec. Docs. 24307, 24316, 24314. They maintain that they "relied heavily on FEMA to provide accurate information identifying which claimants were in which trailers" and have struggled with inconsistencies and inaccuracies in the data provided. *See* Rec. Doc. 24316 at 3. For example, the FEMA data indicated that many of the trailers were manufactured by Thor Industries, Inc., when in fact Thor Industries is merely the parent company and does not manufacture travel trailers. *See, e.g.*, Rec. Doc. 23959-4. The Court is aware of the many challenges the plaintiffs have faced in their effort to match to the proper manufacturer. It was evident from an early date that the FEMA data contained errors. And certain plaintiffs' counsel no doubt have worked diligently to reconcile the information. However, FEMA provided its data merely as an aid to the plaintiffs. This assistance came with no guarantees and was never intended to relieve the plaintiffs of their responsibility to undertake their own investigations regarding matching. Thus, the Court views the first factor as neutral, tipping in the plaintiffs' favor in those instances where the companies' names are similar, such as with Thor Industries, Inc. and Thor California, Inc., or Keystone Industries, Inc. and Keystone RV Company.

The second factor in the good cause analysis strongly favors the plaintiffs. The result of denying the amendments likely would be that these plaintiffs would be barred from litigating their

claims against the companies who manufactured their FEMA units.  The Court weighs this factor heavily, as it has in every case where a plaintiff has sought leave to file a matching amendment beyond the deadline for doing so.

In addressing other belated motions for leave to file matching amendments, the Court has found that the third and fourth factors weighed strongly against allowing the amendments. However, the instant motions differ from those.  In those motions, the plaintiffs sought to join in suits against entirely different manufacturers from those they had sued originally.  Thus, the Court found that the potential prejudice was considerable.  There, if the amendments had been allowed, the manufacturing defendants in those actions would have been required to defend against claims brought by plaintiffs who were entirely new to them and their counsel.  This would have caused significant prejudice to the defendants concerned and disruption to the administration of the MDL as a whole.  Here, in contrast, the plaintiffs seek to change the nominal defendant from one Thor subsidiary to another or from the Thor parent company to a subsidiary.  The same counsel have handled this litigation for all of the companies concerned and are already defending against the claims brought by these plaintiffs.  Thus, the prejudice in allowing the amendments is small.

The Thor companies argue that their corporate separateness must be respected.  The Court agrees.  The determinative factor here, however, is not that the companies at issue are related or owned by the same shareholder.  Rather, it is a question of prejudice.  In measuring the potential prejudice, it is important that the companies are affiliated and that the defense of these companies has been handled by the same group of attorneys.  Taking this into account, the Court finds that the prejudice to the defendants and to this MDL as a whole does not outweigh the plaintiffs' potential loss of their claims.  Thus, the Court finds that the movants have established good cause for

allowing the amendments outside the applicable deadlines. Moreover, the Court concludes that the interests of justice weigh in favor of allowing the amendments. *See* Fed. R. Civ. P. 15(a)(2). Accordingly,

**IT IS ORDERED** that the following motions are hereby **GRANTED**:

1. Plaintiffs' Motion for Leave to File First Supplemental and Amended Complaint (**Rec. Doc. 23839**);

2. Plaintiff's Motion for Leave to File Third Supplemental and Amending Complaint (**Rec. Doc. 23935**);

3. Motion for Leave to Amend to Add Plaintiffs (**Rec. Doc. 23945**);

4. Motion for Leave to File Amended Complaints (**Rec. Doc. 23959**);

5. Motion for Leave to File Amended Complaints (**Rec. Doc. 23960**);

6. Plaintiffs' Motion for Leave to File First Supplemental and Amended Complaint (**Rec. Doc. 23990**);

7. Plaintiffs' Motion for Leave to File Amended Complaints (**Rec. Doc. 23992**);

8. Plaintiffs' Motion for Leave to Amend Complaint and Substitute a Party (**Rec. Doc. 23994**);

9. Plaintiffs' Motion to Sever Claims and to Join Existing Actions (**Rec. Doc. 23995**);

10. Motion for Leave to Amend to Add Plaintiffs (**Rec. Doc. 23997**);

11. Motion for Leave to Amend to Add Plaintiffs (**Rec. Doc. 23998**);

12. Motion for Leave to Amend to Add Plaintiffs (**Rec. Doc. 23999**);

13. Motion for Leave to Amend to Add Plaintiffs (**Rec. Doc. 24000**);

14. Plaintiffs' Motion for Leave to Amend Complaint and Substitute a Party (**Rec. Doc. 24001**);

15. Plaintiffs' Motion for Leave to Amend Complaint and Substitute a Party (**Rec. Doc. 24002**);

16. Motion for Leave to File Second Amended Complaint **(Rec. Doc. 24006)**;

17. Plaintiffs' Motion for Leave to Amend Complaint and Substitute a Party **(Rec. Doc. 24009)**; and

18. Motion for Leave to Amend to Add Plaintiffs **(Rec. Doc. 24010)**.

New Orleans, Louisiana, this   3rd   day of February, 2012.

                                            **KURT D. ENGELHARDT**
                                            **United States District Court**