UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N-5" |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE ENGELHARDT |
| *Ernest Anthony v. Jayco Enterprises, Inc.* | * | |
| Docket No. 09-4586 | * | MAG. JUDGE CHASEZ |
| Plaintiffs: Clayton Clark | * | |
| Melda Clark | * | |
| Trevor Clark | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR
FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NOS. 2 & 32
<u>RELATING TO PLAINTIFF FACT SHEETS</u>**

**MAY IT PLEASE THE COURT:**

Jayco Enterprises, Inc. ("Jayco"), CH2M Hill Constructors, Fluor Enterprises, Inc. and Shaw Environmental, Inc., move this Honorable Court for an Order dismissing the claims of the following plaintiffs, with prejudice, for failure to comply with the terms of Pre-Trial Orders Nos. 2 and 32 relating to the production of Plaintiff Fact Sheets:

- Clayton Clark (Plaintiff in *Anthony,* C.A. 09-4586)
- Melda Clark (Plaintiff in *Anthony,* C.A. 09-4586)
- Trevor Clark (Plaintiff in *Anthony,* C.A. 09-4586)

**I. CREATION OF MDL AND FACT SHEET PROCESS**

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008 the Court issued Pre-Trial Order No. 2, describing procedures for various case management

issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet" (PFS), which would serve as the substitute for the initial rounds of Interrogatories and Requests for Production of Documents in a standardized and simple form. Rec. Doc. No. 87. The Order also established a process for "curing" these fact sheets when a particular plaintiff failed to provide one or more responses in his or her Fact Sheet. Outlining the curing process, the Order stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id.* at p. 8-9. The letter would specifically list each alleged material deficiency, and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id.*

Subsequently, on March 18, 2009, the Court amended Pre-Trial Order No. 2 with Pre-Trial Order No. 32 as to the issue of these Fact Sheets. Rec. Doc. No. 1180. Due to the large number of cases being filed in the summer of 2009, Pre-Trial Order No. 32 provided new deadlines for the production of the Sheets. Order 32 also retained the same curing procedure as was set forth in Order 2.

## II. LAW AND ARGUMENT

Jayco respectfully submit that the plaintiffs identified above failed to comply with these Orders, and therefore, this Court should dismiss their claims. Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir.1992); *Colle v. Brazos County, Tex.,* 981 F.2d 237, 242-243 (5th Cir. 1993), Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these

2

rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice.[1]

A Plaintiff Fact Sheet includes 122 questions to be answered. Recently the court has determined that 23 specific questions of the 122 questions must be answered by plaintiffs in order to facilitate a resolution of their claims.[2] Certainly, one of the most important questions to be answered would be that of the occupant's travel trailer identification. The plaintiff's trailer identification is the nexus upon which the plaintiff's entire claim is based. Without proper identification there is no way of knowing if the plaintiff ever resided in a travel trailer manufactured by the defendant or if the plaintiff has been properly "matched" to the correct defendant.

*Ernest Anthony v. Jayco Enterprises, Inc.* was filed on July 29, 2009. Plaintiff fact sheets for Clayton Clark, Melda Clark and Trevor Clark were forwarded to Jayco thereafter. (*See* the relevant portions of the Plaintiff Fact Sheets for the above-referenced plaintiffs, attached as Exhibit "A"). Upon receipt of the fact sheets, counsel for Jayco reviewed them and determined that they were deficient. The most significant deficiency was that the vehicle identification number ("VIN") provided by plaintiffs in their Plaintiff Fact Sheets is not a Jayco VIN, but that of another manufacturer. Plaintiffs Clayton Clark and Trevor Clark provided VIN "LSTH201269009009009A06", while the plaintiff fact sheet of Melda Clark indicated that she did reside with Clayton and Trevor Clark, her fact sheet provided the VIN

---

[1]  *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.,* 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.,* 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson,* 430 F.2d 1214 (5th Cir. 1970).
[2]  Rec. Doc. No. 22153.

3

"LSTH201269009A06" (*See* Id.).  Travel trailers manufactured by Jayco have vehicle identification numbers that begin with the sequence "1UJB". (*See* Jayco Vehicle Identification Number Description, attached as Exhibit "B").

In accordance with the agreed to Plaintiff Fact Sheet process, Jayco drafted a Rule 37 letter on April 24, 2009 outlining all deficiencies of the Plaintiff Fact Sheets, including the production of a VIN that is not linked to Jayco.  (*See* Rule 37 letter to counsel for plaintiffs, April 24, 2009, attached as Exhibit "C").  In response to the defendant's Rule 37 letter, plaintiff counsel provided an Errata sheet that restated the previously provided VIN of Melda Clark and named the manufacturer of the trailer Lakeside Park Homes.  (*See* Errata Sheet of Melda Clark, attached as Exhibit "D").

Subsequently, Jayco sent correspondence to plaintiffs' counsel informing them that the VIN provided for the plaintiffs travel trailer demonstrated that the plaintiff's travel trailer was not manufactured by Jayco and requested the dismissal the plaintiff Melda Clark's claims against Jayco. (*See* email correspondence and letter to counsel for plaintiffs from Sherrie Mosley at Willingham, Fultz and Cougill, counsel for defendants, November 20, 2009, attached as Exhibit "E").  Additionally, Jayco sent another email communication to plaintiff counsel regarding the incorrect VIN of plaintiffs Clayton, Mable and Trevor Clark requesting a proper Jayco identification or alternatively, the voluntary dismissal of the plaintiffs. (*See* email correspondence to counsel for plaintiffs from the undersigned, counsel for defendants, September 22 and October 24, 2011, attached as Exhibit "F"). After a few weeks of no response from the plaintiffs, Jayco followed-up on the September 22nd and October 24th communications with another request for the proper Jayco identification or alternatively, the voluntary dismissal of the plaintiffs. (*See* email

correspondence to counsel for plaintiffs from Annarose Swersey at Willingham, Fultz and Cougill, counsel for defendants, October 19 and November 7, 2011, attached as Exhibit "G"). Jayco has received no further response or production of Plaintiff Fact Sheets Amendments in regards to the plaintiffs. To date, the plaintiffs have failed to provide a Plaintiff Fact Sheet that correctly matches them to Jayco.

As the Defendants prepare for additional litigation, evaluate the possibility of settlement, and analyze other issues concerning the progress of this litigation, the Defendants must be able to obtain information about those who make allegations against them; the Plaintiff Fact Sheet serves as the best way to acquire such information, as the Sheet acts as the initial round of discovery responses. Without this simulated discovery response, the Defendants are significantly prejudiced, and there is good cause for the Court to discontinue any potential for further prejudice against the Defendants by dismissing the claims of these plaintiffs. Thus, the Defendants move for an Order dismissing these plaintiffs.

WHEREFORE, PREMISES CONSIDERED, the Defendants pray that, in accordance with Pre-Trial Orders Nos. 2 and 32, and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the Motion to Dismiss filed by the Defendants be granted, and that the plaintiffs, Clayton Clark, Melda Clark and Trevor Clark, be dismissed with prejudice.

        Respectfully submitted,
        **WILLINGHAM, FULTZ & COUGILL LLP**


By:   s/*Thomas L. Cougill*
       THOMAS L. COUGILL
       Texas State Bar No. 04877300
       Louisiana State Bar No. 31112
       R. MARK WILLINGHAM
       Texas State Bar No. 21641500
       JEFFREY P. FULTZ
       Texas State Bar No. 00790728
       Mississippi Bar No. 101058
       Niels Esperson Building
       808 Travis Street, Suite 1608
       Houston, Texas  77002
       (713) 333-7600 – Telephone
       (713) 333-7601 – Facsimile

       **Attorneys for Jayco Enterprises, Inc.**


**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC**


By:   s/*Gerardo R. Barrios*
       ROY C. CHEATWOOD (La. Bar No. 4010)
       GERARDO R. BARRIOS (La. Bar No. 21223)
       M. DAVID KURTZ (La. Bar No. 23821)
       KAREN KALER WHITFIELD (La. Bar No. 19350)
       WADE M. BASS (La. Bar No. 29081)
       No. 3 Sanctuary Boulevard, Suite 201
       Mandeville, La 70471
       (985) 819-8400 – Telephone
       (985) 819-8484 – Facsimile
       rcheatwood@bakerdonelson.com
       gbarrios@bakerdonelson.com
       dkurtz@bakerdonelson.com
       kwhitfield@bakerdonelson.com
       wbass@bakerdonelson.com

       **Attorneys for CH2M Hill Constructors, Inc.**

**MIDDLEBERG, RIDDLE & GIANNA**

By: s/*Charles R. Penot, Jr.*
Charles R. Penot, Jr. (La. Bar No. 1530 &
Tx. Bar No. 24062455)
717 North Harwood, Suite 2400
Dallas, Texas 75201
(214) 220-6334 – Telephone
(214) 220-6807 – Facsimile

-and-

Dominic J. Gianna, La. Bar No. 6063
Sarah A. Lowman, La. Bar No. 18311
201 St. Charles Avenue, Suite 3100
New Orleans, Louisiana 70170
(504) 525-7200 – Telephone
(504) 581-5983 – Facsimile

-and-

Richard A. Sherburne., La. Bar No. 2106
450 Laurel Street, Suite 1101
Baton Rouge, Louisiana 70801
(225) 381-7700 – Telephone
(225) 381-7730 – Facsimile

**Attorneys for Fluor Enterprises, Inc.**


**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC**

By: s/*M. David Kurtz*
M. DAVID KURTZ (#23821)
KAREN KALER WHITFIELD (#19350)
CATHERINE N. THIGPEN (#30001)
201 St. Charles Avenue, Suite 3600
(504) 566-5200 – Telephone
(504) 636-4000 – Facsimile

**Attorneys for Shaw Environmental, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion was filed electronically using the CM/ECF system. Notice of this filing will be forwarded to all known counsel by operation of the court's electronic filing system. I also certify that I have e-mailed a copy of this filing to any non-CM/ECF participants on this the 8th day of February, 2012.

                                                                 s/*Thomas L. Cougill*
                                                         THOMAS L. COUGILL