UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | | | |
|---|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 | |
| FORMALDEHYDE PRODUCTS | * | | |
| LIABILITY LITIGATION | * | SECTION "N-5" | |
| | * | | |
| THIS DOCUMENT RELATES TO: | * | JUDGE ENGELHARDT | |
| *Charles Causey v. Jayco Enterprises, Inc.* | * | | |
| Docket No. 09-6180 | * | MAG. JUDGE CHASEZ | |
| Plaintiffs: Alec Causey, Sr. | * | | |
| Alec Causey, Jr. | * | | |
| Charles Causey | * | | |
| Dianna Causey | * | | |

**********************************************************************************

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR
FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NOS. 2 & 32
RELATING TO PLAINTIFF FACT SHEETS


MAY IT PLEASE THE COURT:

Jayco Enterprises, Inc. ("Jayco") and Shaw Environmental, Inc., move this Honorable

Court for an Order dismissing the claims of the following plaintiffs, with prejudice, for failure to

comply with the terms of Pre-Trial Orders Nos. 2 and 32 relating to the production of Plaintiff

Fact Sheets:

- Alec Causey, Sr. (Plaintiff in *Causey,* C.A. 09-6180)

- Alec Causey, Jr. (Plaintiff in *Causey,* C.A. 09-6180)

- Charles Causey (Plaintiff in *Causey,* C.A. 09-6180)

- Dianna Causey (Plaintiff in *Causey,* C.A. 09-6180)


I. CREATION OF MDL AND FACT SHEET PROCESS

The above captioned Multi-District Litigation was created in 2007 to allow for the

consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008 the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet" (PFS), which would serve as the substitute for the initial rounds of Interrogatories and Requests for Production of Documents in a standardized and simple form. Rec. Doc. No. 87. The Order also established a process for "curing" these fact sheets when a particular plaintiff failed to provide one or more responses in his or her Fact Sheet. Outlining the curing process, the Order stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id.* at p. 8-9. The letter would specifically list each alleged material deficiency, and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id.*

Subsequently, on March 18, 2009, the Court amended Pre-Trial Order No. 2 with Pre-Trial Order No. 32 as to the issue of these Fact Sheets. Rec. Doc. No. 1180. Due to the large number of cases being filed in the summer of 2009, Pre-Trial Order No. 32 provided new deadlines for the production of the Sheets. Order 32 also retained the same curing procedure as was set forth in Order 2.

## II. LAW AND ARGUMENT

Jayco respectfully submits that the plaintiffs identified above failed to comply with these Orders, and therefore, this Court should dismiss their claims. Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188,

1190 (5th Cir.1992); *Colle v. Brazos County, Tex.,* 981 F.2d 237, 242-243 (5th Cir. 1993), Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice.[1]

A Plaintiff Fact Sheet includes 122 questions to be answered.  Recently the court has determined that 23 specific questions of the 122 questions must be answered by plaintiffs in order to facilitate a resolution of their claims.[2]  Certainly, one of the most important questions to be answered would be that of the occupant's travel trailer identification.  The plaintiff's trailer identification is the nexus upon which the plaintiff's entire claim is based.  Without proper identification there is no way of knowing if the plaintiff ever resided in a travel trailer manufactured by the defendant or if the plaintiff has been properly "matched" to the correct defendant.

*Charles Causey v. Jayco Enterprises, Inc.* was filed on September 11, 2009. Plaintiff fact sheets for Alec Causey, Sr. and Charles Causey were forwarded to Jayco thereafter.  (*See* the relevant portions of the Plaintiff Fact Sheets for plaintiffs Alec Causey, Sr. and Charles Causey, attached as Exhibit "A").  Later, Jayco sent correspondence to plaintiffs' counsel advising that plaintiffs Alec Causey, Jr. and Dianna Causey failed to provide Plaintiff Fact Sheets. (*See* correspondence to counsel for plaintiffs, April 13, 2011, from the undersigned to counsel for plaintiffs, attached as Exhibit "B")  In response to Jayco's request, plaintiffs' counsel produced

---

[1]    *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.,* 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.,* 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson,* 430 F.2d 1214 (5th Cir. 1970).
[2]    Rec. Doc. No. 22153.

the Plaintiff Fact Sheets for Alec Causey, Jr. and Dianna Causey.  (*See* the relevant portions of

the Plaintiff Fact Sheets for Alec Causey, Jr. and Dianna Causey, attached as Exhibit "C").

Upon receipt of the fact sheets, counsel for Jayco reviewed them and determined that they were

deficient.  The most significant deficiency was that the Plaintiff Fact Sheets indicated that the

plaintiffs resided in a travel trailer manufactured by Jayco, but also indicated that they resided in

a travel trailer manufactured by Sprinter.  The vehicle identification numbers ("VIN") provided

by plaintiffs in their Plaintiff Fact Sheets were not Jayco VINs, but that of another manufacturer.

Plaintiffs provided VINs "RB05AL9380" and "4YOT307296A224220" (*See* Exhibits "A" and

"C").  Travel trailers manufactured by Jayco have vehicle identification numbers that begin with

the sequence "1UJB".  (*See* Jayco Vehicle Identification Number Description, attached as

Exhibit "D").

In accordance with the agreed to Plaintiff Fact Sheet process, Jayco drafted a Rule 37

letter on June 27, 2011 outlining all deficiencies of the Plaintiff Fact Sheets, including the

production of a VIN that is not linked to Jayco.  (*See* Rule 37 letters to counsel for plaintiffs,

June 27, 2011, attached as Exhibit "E"). There was no response to the Rule 37 letter provided for

the plaintiffs.

Subsequently, Jayco sent correspondence to plaintiffs' counsel informing them that

the VIN provided for the plaintiffs travel trailer demonstrated that the plaintiffs travel

trailer was not manufactured by Jayco and requesting that the plaintiffs either provide an

accurate Jayco VIN or dismiss the plaintiffs' claims against Jayco. (*See* email

correspondence to counsel for plaintiffs from the undersigned, September 22, 2011,

attached as Exhibit "F").  After a few weeks of no response from the plaintiffs, Jayco

followed-up on the September 22nd communication with another request for the proper

Jayco identification or alternatively, the voluntary dismissal of the plaintiffs. (*See* email correspondence to counsel for plaintiffs from Annarose Swersey at Willingham, Fultz and Cougill, counsel for defendants, October 19, 2011, attached as Exhibit "G").   Jayco has received no further response or production of Plaintiff Fact Sheets Amendments in regards to the plaintiffs.   To date, the plaintiffs have failed to provide a Plaintiff Fact Sheet that correctly matches them to Jayco.

As the Defendants prepare for additional litigation, evaluate the possibility of settlement, and analyze other issues concerning the progress of this litigation, the Defendants must be able to obtain information about those who make allegations against them; the Plaintiff Fact Sheet serves as the best way to acquire such information, as the Sheet acts as the initial round of discovery responses. Without this simulated discovery response, the Defendants are significantly prejudiced, and there is good cause for the Court to discontinue any potential for further prejudice against the Defendants by dismissing the claims of these plaintiffs. Thus, the Defendants move for an Order dismissing these plaintiffs.

WHEREFORE, PREMISES CONSIDERED, the Defendants pray that, in accordance with Pre-Trial Orders Nos. 2 and 32, and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the Motion to Dismiss filed by the Defendants be granted, and that the plaintiffs, Alec Causey, Sr., Alec Causey, Jr., Charles Causey and Dianna Causey, be dismissed with prejudice.

Respectfully submitted,
**WILLINGHAM, FULTZ & COUGILL LLP**


By:   s/*Thomas L. Cougill*
      THOMAS L. COUGILL
      Texas State Bar No. 04877300
      Louisiana State Bar No. 31112
      R. MARK WILLINGHAM
      Texas State Bar No. 21641500
      JEFFREY P. FULTZ
      Texas State Bar No. 00790728
      Mississippi Bar No. 101058
      Niels Esperson Building
      808 Travis Street, Suite 1608
      Houston, Texas  77002
      (713) 333-7600 – Telephone
      (713) 333-7601 – Facsimile

      **Attorneys for Jayco Enterprises, Inc.**




**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC**


By:   s/*M. David Kurtz*
      M. DAVID KURTZ  (#23821)
      KAREN KALER WHITFIELD (#19350)
      CATHERINE N. THIGPEN (#30001)
      201 St. Charles Avenue, Suite 3600
      (504) 566-5200 – Telephone
      (504) 636-4000 – Facsimile

      **Attorneys for Shaw Environmental, Inc.**

6

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing motion was filed electronically

using the CM/ECF system.  Notice of this filing will be forwarded to all known counsel by

operation of the court's electronic filing system.  I also certify that I have e-mailed a copy of this

filing to any non-CM/ECF participants on this the 8th day of February, 2012.


                                    s/*Thomas L. Cougill*
                                  THOMAS L. COUGILL