UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N-5" |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE ENGELHARDT |
| *John Vincent Parker v. Jayco, Inc.* | * | |
| Docket No. 09-8140 | * | MAG. JUDGE CHASEZ |
| Plaintiff: John Vincent Parker | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO DISMISS FOR
FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NOS. 2 & 32
RELATING TO PLAINTIFF FACT SHEETS**

**MAY IT PLEASE THE COURT:**

Jayco, Inc. ("Jayco") and Bechtel National, Inc. and CH2M Hill Constructors, Inc., move this Honorable Court for an Order dismissing the claims of the following plaintiff, with prejudice, for failure to comply with the terms of Pre-Trial Orders Nos. 2 and 32 relating to the production of Plaintiff Fact Sheets:

- John Vincent Parker (Plaintiff in *Parker,* C.A. 09-8140)

**I. CREATION OF MDL AND FACT SHEET PROCESS**

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008 the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet" (PFS), which would serve as the substitute for the initial rounds of Interrogatories and Requests for Production of Documents in a standardized and simple form. Rec. Doc. No. 87. The Order also established a process for

"curing" these fact sheets when a particular plaintiff failed to provide one or more responses in his or her Fact Sheet. Outlining the curing process, the Order stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id.* at p. 8-9. The letter would specifically list each alleged material deficiency, and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id.*

Subsequently, on March 18, 2009, the Court amended Pre-Trial Order No. 2 with Pre-Trial Order No. 32 as to the issue of these Fact Sheets. Rec. Doc. No. 1180. Due to the large number of cases being filed in the summer of 2009, Pre-Trial Order No. 32 provided new deadlines for the production of the Sheets. Order 32 also retained the same curing procedure as was set forth in Order 2.

## II. LAW AND ARGUMENT

Jayco respectfully submits that the plaintiff identified above failed to comply with these Orders, and therefore, this Court should dismiss their claims. Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir.1992); *Colle v. Brazos County, Tex.,* 981 F.2d 237, 242-243 (5th Cir. 1993), Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions

would not serve the best interests of justice.[1]

A Plaintiff Fact Sheet includes 122 questions to be answered. Recently the court has determined that 23 specific questions of the 122 questions must be answered by plaintiffs in order to facilitate a resolution of their claims.[2] Certainly, one of the most important questions to be answered would be that of the occupant's travel trailer identification. The plaintiff's trailer identification is the nexus upon which the plaintiff's entire claim is based. Without proper identification there is no way of knowing if the plaintiff ever resided in a travel trailer manufactured by the defendant or if the plaintiff has been properly "matched" to the correct defendant.

*John Vincent Parker v. Jayco, Inc.* was filed on December 24, 2009. Jayco sent correspondence to plaintiff's counsel advising that the above mentioned plaintiff failed to provide Plaintiff Fact Sheets. (*See* correspondence to counsel for plaintiff, April 13, 2011, from the undersigned to counsel for plaintiff, attached as Exhibit "A") In response to Jayco's request, plaintiff's counsel produced the Plaintiff Fact Sheet for John Vincent Parker. (*See* the relevant portions of the Plaintiff Fact Sheet for the plaintiff, attached as Exhibit "B"). Upon receipt of the fact sheet, counsel for Jayco reviewed it and determined that it was deficient. The most significant deficiency was that the Plaintiff Fact Sheet indicated that this plaintiff never resided in a travel trailer manufactured by Jayco, but instead indicated that he resided in a travel trailer manufactured by Keystone. (*See* Id.).

The vehicle identification number ("VIN") provided by plaintiff in the Plaintiff Fact Sheet is not a Jayco VIN, but that of another manufacturer. Plaintiff provided VIN

---

[1] *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.,* 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.,* 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson,* 430 F.2d 1214 (5th Cir. 1970).
[2] Rec. Doc. No. 22153.

3

"4YDT29B296G919910" (*See* Id.).  Travel trailers manufactured by Jayco have vehicle identification numbers that begin with the sequence "1UJB". (*See* Jayco Vehicle Identification Number Description, attached as Exhibit "C").

In accordance with the agreed to Plaintiff Fact Sheet process, Jayco drafted a Rule 37 letter on June 27, 2011 outlining all deficiencies of the Plaintiff Fact Sheet, including the production of a VIN that is not linked to Jayco. (*See* Rule 37 letter to counsel for plaintiff, June 27, 2011, attached as Exhibit "D").  To date, the plaintiff has failed to provide a Plaintiff Fact Sheet that correctly matches them to Jayco.

As the Defendants prepare for additional litigation, evaluate the possibility of settlement, and analyze other issues concerning the progress of this litigation, the Defendants must be able to obtain information about those who make allegations against them; the Plaintiff Fact Sheet serves as the best way to acquire such information, as the Sheet acts as the initial round of discovery responses. Without this simulated discovery response, the Defendants are significantly prejudiced, and there is good cause for the Court to discontinue any potential for further prejudice against the Defendants by dismissing the claims of this plaintiff. Indeed, Plaintiffs' Counsel recognizes the merit of this position, as evidenced by their statement of no opposition to the pending Motion. Thus, the Defendants move for an Order dismissing this plaintiff.

WHEREFORE, PREMISES CONSIDERED, the Defendants pray that, in accordance with Pre-Trial Orders Nos. 2 and 32, and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the Motion to Dismiss filed by the Defendants be granted, and that the plaintiff, John Vincent Parker, be dismissed with prejudice.

Respectfully submitted,
**WILLINGHAM, FULTZ & COUGILL LLP**


By:   s/*Thomas L. Cougill*
     THOMAS L. COUGILL
     Texas State Bar No. 04877300
     Louisiana State Bar No. 31112
     R. MARK WILLINGHAM
     Texas State Bar No. 21641500
     JEFFREY P. FULTZ
     Texas State Bar No. 00790728
     Mississippi Bar No. 101058
     Niels Esperson Building
     808 Travis Street, Suite 1608
     Houston, Texas  77002
     (713) 333-7600 – Telephone
     (713) 333-7601 – Facsimile

     **Attorneys for Jayco, Inc.**


**FRILOT L.L.C.**


By:   s/*John J. Hainkel*
     JOHN J. HAINKEL, III – La. Bar No. 18246
     A.J. KROUSE – La. Bar No. 14426
     PETER R. TAFARO – La. Bar No. 28776
     3600 Energy Centre, 1100 Poydras Street
     New Orleans, Louisiana 70163
     Telephone : (504) 599-8000
     Facsimile: (504) 599-8100

     **Attorneys for Bechtel National, Inc.**

**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC**

By:   s/*Gerardo R. Barrios*
ROY C. CHEATWOOD (La. Bar No. 4010)
GERARDO R. BARRIOS (La. Bar No. 21223)
M. DAVID KURTZ (La. Bar No. 23821)
KAREN KALER WHITFIELD (La. Bar No. 19350)
WADE M. BASS (La. Bar No. 29081)
No. 3 Sanctuary Boulevard, Suite 201
Mandeville, La 70471
(985) 819-8400 – Telephone
(985) 819-8484 – Facsimile
rcheatwood@bakerdonelson.com
gbarrios@bakerdonelson.com
dkurtz@bakerdonelson.com
kwhitfield@bakerdonelson.com
wbass@bakerdonelson.com

**Attorneys for CH2M Hill Constructors, Inc.**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing motion was filed electronically using the CM/ECF system.  Notice of this filing will be forwarded to all known counsel by operation of the court's electronic filing system.  I also certify that I have e-mailed a copy of this filing to any non-CM/ECF participants on this the 8th day of February, 2012.

  s/*Thomas L. Cougill*
THOMAS L. COUGILL