UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N-5" |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE ENGELHARDT |
| *Jessie Thomas v. Jayco, Inc.* | * | |
| Docket No. 10-1277 | * | MAG. JUDGE CHASEZ |
| Plaintiff: Linda Hinton | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR
FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NOS. 2 & 32
RELATING TO PLAINTIFF FACT SHEETS**

**MAY IT PLEASE THE COURT:**

Jayco, Inc. ("Jayco") and Bechtel National, Inc., move this Honorable Court for an Order dismissing the claims of the following plaintiff, with prejudice, for failure to comply with the terms of Pre-Trial Orders Nos. 2 and 32 relating to the production of Plaintiff Fact Sheets:

- Linda Hinton (Plaintiff in *Thomas,* C.A. 10-1277)

**I. CREATION OF MDL AND FACT SHEET PROCESS**

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008 the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet" (PFS), which would serve as the substitute for the initial rounds of Interrogatories and Requests for Production of Documents in a standardized and simple form. Rec. Doc. No. 87. The Order also established a process for "curing" these fact sheets when a particular plaintiff failed to provide one or more responses in

his or her Fact Sheet. Outlining the curing process, the Order stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id.* at p. 8-9. The letter would specifically list each alleged material deficiency, and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id.*

Subsequently, on March 18, 2009, the Court amended Pre-Trial Order No. 2 with Pre-Trial Order No. 32 as to the issue of these Fact Sheets. Rec. Doc. No. 1180. Due to the large number of cases being filed in the summer of 2009, Pre-Trial Order No. 32 provided new deadlines for the production of the Sheets. Order 32 also retained the same curing procedure as was set forth in Order 2.

## II. LAW AND ARGUMENT

Jayco respectfully submit that the plaintiff identified above failed to comply with these Orders, and therefore, this Court should dismiss her claims. Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir.1992); *Colle v. Brazos County, Tex.,* 981 F.2d 237, 242-243 (5th Cir. 1993), Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions

would not serve the best interests of justice.[1]

A Plaintiff Fact Sheet includes 122 questions to be answered. Recently the court has determined that 23 specific questions of the 122 questions must be answered by plaintiffs in order to facilitate a resolution of their claims.[2] Certainly, one of the most important questions to be answered would be that of the occupant's travel trailer identification. The plaintiff's trailer identification is the nexus upon which the plaintiff's entire claim is based. Without proper identification there is no way of knowing if the plaintiff ever resided in a travel trailer manufactured by the defendant or if the plaintiff has been properly "matched" to the correct defendant.

*Jessie Thomas v. Jayco, Inc.* was filed on April 30, 2010. The above mentioned plaintiff was added in the First Supplemental Complaint filed on August 25, 2010. Jayco sent correspondence to plaintiffs' counsel advising that the above mentioned plaintiff failed to provide Plaintiff Fact Sheets. (*See* correspondence to counsel for plaintiffs, April 13, 2011, from the undersigned to counsel for plaintiffs, attached as Exhibit "A") In response to Jayco's request, plaintiffs' counsel produced the Plaintiff Fact Sheets for Linda Hinton, as well as other plaintiffs originally named in Jayco's proposed Motion to Dismiss (*See* the relevant portions of the Plaintiff Fact Sheet for the above-referenced plaintiff, attached as Exhibit "B"). Upon receipt of the fact sheet, counsel for Jayco reviewed it and determined that it was deficient. The most significant deficiency was that the Plaintiff Fact Sheet indicated that this plaintiff never resided in a travel trailer manufactured by Jayco, but instead indicated that she resided in a travel trailer manufactured by Coachmen. The vehicle identification number ("VIN") provided by plaintiff in

---

[1] *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.,* 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.,* 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson,* 430 F.2d 1214 (5th Cir. 1970).
[2] Rec. Doc. No. 22153.

3

her Plaintiff Fact Sheets is not a Jayco VIN, but that of another manufacturer. Plaintiff provided VIN "ACBC06AL0136947" (*See* Id.). Travel trailers manufactured by Jayco have vehicle identification numbers that begin with the sequence "1UJB". (*See* Jayco Vehicle Identification Number Description, attached as Exhibit "C").

In accordance with the agreed to Plaintiff Fact Sheet process, Jayco drafted a Rule 37 letter on May 31, 2011 outlining all deficiencies of the Plaintiff Fact Sheet, including the production of a VIN that is not linked to Jayco. (*See* Rule 37 letters to counsel for plaintiffs, May 31, 2011, attached as Exhibit "D"). There was no response to the Rule 37 letter provided for the plaintiff.

Subsequently, Jayco sent correspondence to plaintiffs' counsel informing them that the VIN provided for the plaintiff's travel trailer demonstrated that the plaintiff's travel trailer was not manufactured by Jayco and requesting that the plaintiff either provide an accurate Jayco VIN or dismiss the plaintiff's claims against Jayco. (*See* email correspondence to counsel for plaintiffs from the undersigned, September 27, 2011, attached as Exhibit "E"). After a few weeks of no response from the plaintiff, Jayco followed-up on the September 27th communication with another request for the proper Jayco identification or alternatively, the voluntary dismissal of the plaintiff. (*See* email correspondence to counsel for plaintiffs from Annarose Swersey at Willingham, Fultz and Cougill, counsel for defendants, October 24, 2011, attached as Exhibit "F"). Although plaintiffs cured the deficiencies of the plaintiffs originally named in Jayco's proposed Motion to Dismiss, Jayco has received no further response or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff. To date, the plaintiff has failed to provide a Plaintiff Fact Sheet that correctly matches them to Jayco.

As the Defendants prepare for additional litigation, evaluate the possibility of settlement, and analyze other issues concerning the progress of this litigation, the Defendants must be able to obtain information about those who make allegations against them; the Plaintiff Fact Sheet serves as the best way to acquire such information, as the Sheet acts as the initial round of discovery responses. Without this simulated discovery response, the Defendants are significantly prejudiced, and there is good cause for the Court to discontinue any potential for further prejudice against the Defendants by dismissing the claims of this plaintiff. Thus, the Defendants move for an Order dismissing this plaintiff.

WHEREFORE, PREMISES CONSIDERED, the Defendants pray that, in accordance with Pre-Trial Orders Nos. 2 and 32, and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the Motion to Dismiss filed by the Defendants be granted, and that the claims of plaintiff, Linda Hinton, be dismissed with prejudice.

Respectfully submitted,
**WILLINGHAM, FULTZ & COUGILL LLP**

By: s/*Thomas L. Cougill*
THOMAS L. COUGILL
Texas State Bar No. 04877300
Louisiana State Bar No. 31112
R. MARK WILLINGHAM
Texas State Bar No. 21641500
JEFFREY P. FULTZ
Texas State Bar No. 00790728
Mississippi Bar No. 101058
Niels Esperson Building
808 Travis Street, Suite 1608
Houston, Texas  77002
(713) 333-7600 – Telephone
(713) 333-7601 – Facsimile

**Attorneys for Jayco, Inc.**
**FRILOT L.L.C.**

By:   s/*John J. Hainkel*
JOHN J. HAINKEL, III – La. Bar No. 18246
A.J. KROUSE – La. Bar No. 14426
PETER R. TAFARO – La. Bar No. 28776
3600 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone : (504) 599-8000
Facsimile: (504) 599-8100

**Attorneys for Bechtel National, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion was filed electronically using the CM/ECF system. Notice of this filing will be forwarded to all known counsel by operation of the court's electronic filing system. I also certify that I have e-mailed a copy of this filing to any non-CM/ECF participants on this the 8th day of February, 2012.

  s/*Thomas L. Cougill*
THOMAS L. COUGILL

6