UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCT | * | |
| LIABILITY LITIGATION | * | |
| | * | SECTION "N-5" |
| THIS DOCUMENT RELATES TO: | * | |
| Case No.  10-1041 | * | JUDGE ENGELHARDT |
| | * | |
| | * | MAG. JUDGE CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## FOREST RIVER'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DISMISSING PLAINTIFF JAMES BURGE

**NOW INTO COURT,** through undersigned counsel, comes Defendant, Forest River, Inc. ("Forest River"), who submits this memorandum in opposition to Plaintiff's Motion for Reconsideration of Order Dismissing Plaintiff James Burge.

## BACKGROUND - CREATION OF MDL AND FACT SHEET PROCESS

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008, the Court issued Pre-Trial Order ("PTO" or "Order") No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet" (PFS), which would serve as the substitute for the initial rounds of Interrogatories and Requests for Production of Documents in a more standardized and simplified format. Rec. Doc. No. 87. The Order also established a process for "curing" these fact sheets when any particular plaintiff failed to comply with its obligation to submit a properly completed PFS Sheet. In outlining the curing process, the Order stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id.* at p.

8—9. The letter would specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id.*

Subsequently, on March 18, 2009, the Court amended PTO No. 2 with PTO No. 32 as to the due dates for these same PFSs. Rec. Doc. No. 1180. Because of the large number of cases being filed in the summer of 2009, PTO No. 32 provided new deadlines for the production of the PFSs and it also retained the same curing procedure as was set forth in PTO No. 2.

## LAW AND ARGUMENT

In the present case, Forest River requested dismissal of the above-named plaintiff for failure to comply with PTOs 2 and 32, and subsequently, this Court granted Forest River's motion and dismissed the claims with prejudice. (Rec. Doc. 24032). In the interest of brevity, Forest River will not recite, in full, the arguments and authorities previously provided in its Memorandum in Support of Motion to Dismiss for Failure to Comply with Pre-Trial Orders Nos. 2 & 32 Relating to Plaintiff Fact Sheets (Rec. Doc. 23795-1), which is incorporated herein by reference.

On December 30, 2011, the Court entered its Order and Reasons granting Forest River's motion to dismiss the claims of the above-referenced plaintiff. Plaintiff now seeks reconsideration of this Order. In his motion, Plaintiff seems to seek relief under Rule 60 (b)(4). However, the plaintiff has not demonstrated a sufficient basis for reversal of the Court's order under this provision.

Rule 60 (b) pertains to relief from a final judgment, order or proceeding. In his motion to reconsider, the plaintiff asserts that the judgment is void under Fed. R. Civ. 60(b)(4) on the grounds that the notice of the motion was "procedurally and technically deficient." (Rec. Doc. 24238-3, p. 4). Courts have long recognized that relief under Rule 60 is an extraordinary remedy.[1] Under Rule

---

[1] *Dave Kohel Agency, Inc. v. Redshaw, Inc.*, 149 F.R.D. 171 (E.D. Wisc. 1993).

60(b)(4), the court will generally look toward two factors to determine voidness.[2] That is," '[a] judgment "is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or it acted in a manner inconsistent with due process of law." ' "[3] Plaintiff, however, has not alleged such jurisdictional defects or constitutional deficiencies in its motion, but instead insisted Forest River's procedural failures render the judgment void.

Even if this Court were to find that plaintiff's allegations are of a type contemplated under 60(b)(4), reversal would still not be warranted, as plaintiff's allegations are completely unfounded and, in fact, are blatantly inaccurate.  Plaintiff claims that Forest River has failed to comply with Fed. R. Civ. Proc. 5(b)(1), Local Rule 5.4, and Electronic Case Filing Rule 9 regarding service of motions filed, rendering the judgment void.  As demonstrated below, Forest River has complied with these rules to the fullest extent.

Local Rule 5.4 requires that "[e]very document filed after the initial complaint must bear a certificate by the attorney or party who files it that, contemporaneously with or before filing, copies have been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2) or via the court's CM/ECF system." ECF Rule 9 states, "By filing electronically, you are certifying that service was accomplished through the Notice of Electronic Filing for parties and counsel who are Filing Users and that service was accomplished on any party or counsel who is not a Filing User in accordance with the Federal Rules of Civil Procedure and the local rules." FRCP 5(b)(1) states that "If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party."

Forest River has more than complied with each of these rules, having done the following:

- On November 17, 2011, Forest River sent a copy of its draft motion to dismiss and memo in support to plaintiff's attorneys listed on PACER, at the email addresses listed on

---

[2] *Carter v. Fenner,* 136 F.3d 1000, 1006-07 (5th Cir. 1998).
[3] *Id.* citing *New York Life Insurance Company v. Brown,* 84 F.3d 137, 143 (5th Cir.1996).

PACER, requesting Plaintiff to advise whether he consented to or opposed the filing of the motion by the close of business on Tuesday, November 22, 2011. *See* email dated November 17, 2011, attached hereto as Ex. "A". Forest River did not receive a response either way from Plaintiff's counsel, despite the fact that plaintiff's counsel had viewed the email according to the "read" receipt message received by Forest River. *See* November 17, 2011 Read Receipt email attached hereto as Ex. "C".

- On December 6, 2011, Forest River sent plaintiff's attorneys listed on PACER, at the email addresses listed on PACER, a copy of the electronically filed Motion to Dismiss, along with the associated Memo in Support, Certificate of Compliance and Notice of Submission which were filed electronically with the Motion to Dismiss. *See* email dated December 6, 2011, attached hereto as exhibit Ex. "B". Forest River attached its November 17th email to its Certificate of Compliance as proof that it attempted to correspond with plaintiff's counsel. Each pleading filed with the court, including the Motion to Dismiss, Memo in Support, Certificate of Compliance, and Notice of Submission contained a "Certificate of Service" as required by Local Rule 5.4. *See* Rec. Docs. 23795—23795-6.

- On December 12, 2011, Forest River received notice from Defendant's Liaison Counsel of the filing, in compliance with the process set out in PTO 1 regarding the duties of Liaison Counsel. Similarly, Plaintiff's counsel admits to having received a copy of the motion from Gainsburgh Benjamin of the Plaintiff's Liaison Counsel; thus, ECF Rule 9 has been satisfied, in turn fulfilling the requirements of F.R.C.P. Rule 5(b)(1). *See* Rec Doc. 24238-3, p.4.

Forest River has more than satisfied the filing requirements, having twice sent copies of the motion to plaintiff's counsel. Therefore, Plaintiff's accusations are false. The fact that plaintiff's counsel admittedly missed the notice provided by the PLC does not warrant a reversal of the Court's order pursuant to Rule 60(b).

Plaintiff's argument that notice of the motion was deficient is nothing more than a red-herring. Instead, the real issue lies in plaintiff's inability to comply with the court's PTOs. Plaintiff argues that the court should vacate the order and deny the motion to dismiss in the interest of equity, on the basis that the Court has asserted jurisdiction over his case, and "thereafter subjected the Plaintiff to particular structures with which the Plaintiff cannot possibly comply." (Rec. Doc. 24238-3, p. 4.) If anything, Plaintiff's admission of this very fact warrants a remand of this case, not a reversal of the order dismissing this plaintiff's claims for failing to comply with PTOs.

Plaintiff relies on the court's assertion of jurisdiction over his claims by virtue of the Conditional Transfer Order (CTO-23). Forest River cannot speak to whether the Court made the determination that Mr. Burge's case belongs in this MDL based on an intensive review of the claims in his complaint; but, had it done so, it would have been obvious that the plaintiff's case does not belong in this MDL. The purpose of this MDL is to streamline the adjudication of claims of those who **resided** in FEMA in emergency housing units ("EHUs") provided by the Federal Emergency Management Agency ("FEMA") after Hurricanes Katrina and Rita.[4] Plaintiff admits that he has never resided in a FEMA trailer. Additionally, Plaintiff admits that he cannot comply with the PTOs regarding PFSs and matching. Plaintiff's failure to comply with the PTOs governing this litigation warrants dismissal of plaintiff's claims against Forest River, which was the basis for Forest River's original Motion to Dismiss.[5]

To date, Forest River has moved to dismiss plaintiff on the basis of his failure to comply with PTOs 2 and 32 relating to the production of plaintiff fact sheets. If this court were to reinstate his claims, Forest River would then simply seek to dismiss his claims based on his failure to comply with PTOs 38, 49 and 68 regarding the matching process, in addition to his failure to comply with PTOs regarding the duty to properly complete plaintiff fact sheets. Setting aside the merits of plaintiff's claims, his inability to comply with the PTOs governing this litigation is evidence that this MDL is not the appropriate forum for his claims to be litigated.

---

[4] See Master Complaint Rec Doc. 109, ¶ 6, "All plaintiffs Named in any complaint or petition whose suits have been consolidated or cumulated herein ("Named Plaintiffs"), seek the certification of a class action consisting of: "All individuals who **resided** for any length of time in FEMA-provided housing units within the states of Louisiana, Mississippi, Alabama, and Texas after Hurricanes Katrina and Rita." (emphasis added).

[5] See Rule 41(b) of the Federal Rules of Civil Procedure which provides the basis for dismissal for failure to comply with a court order. The rule states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the Fifth Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice. *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F.2d 1214 (5th Cir. 1970).

In summary, the Plaintiff has failed to demonstrate circumstances justifying a reversal of the Court's order of dismissal. If this court is considering the reinstatement of his claims, which Forest River opposes, then Forest River asks that his case be severed from this MDL since this plaintiff never actually lived in a FEMA trailer and remanded to the Southern District of Mississippi where it originated.

In light of the above, Forest River requests the Court to deny Plaintiff's Motion for Reconsideration of Order Dismissing Plaintiff James Burge.

Respectfully Submitted,

**GIEGER, LABORDE & LAPEROUSE, LLC**

BY: /s/ Ernest P. Gieger, Jr.
ERNEST P. GIEGER, JR. (6154)
ANDREW A. BRAUN (#3415)
J. MICHAEL DIGIGLIA (24378)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139-4800
Telephone: (504) 561-0400
Facsimile: (504) 561-1011
egieger@glllaw.com
abraun@glllaw.com
mdigiglia@glllaw.com
**ATTORNEYS FOR FOREST RIVER, INC.**

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the forgoing document has been served upon counsel of record as indicated below in accordance with the Federal Rules of Civil Procedure on February 13, 2012 via electronic filing.

/s/ Ernest P. Gieger, Jr.