UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 2:07-MD-1873 |
| FORMALDEHYDE | * | |
| PRODUCTS LIABILITY | * | SECTION: N (4) |
| LITIGATION | * | |
| | * | JUDGE ENGELHARDT |
| THIS DOCUMENT RELATES TO: | * | |
| *Bert Sutton, et al v. Sunline Acquisition* | * | MAGISTRATE JUDGE CHASEZ |
| *Company, Ltd., et al(E.D. La. Suit No. 09-4950)* | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**ANSWER AND DEFENSES WITH JURY TRIAL REQUEST
ON BEHALF OF
SUNLINE ACQUISITION COMPANY, LTD.**

NOW INTO COURT, through undersigned counsel, comes the Defendant, Sunline

Acquisition Company, Ltd.  ("Sunline"), who answers and asserts the following affirmative

defenses to the Complaint filed by plaintiffs, Bert Sutton and Murray Sutton, (Rec. Doc. 1 in the

matter styled, "*Bert Sutton, et al v. Sunline Acquisition Company, Ltd d/b/a Sunline Coach

Company, et al.*", USDC-ED-LA, #09-4950), as follows:

FIRST DEFENSE

Sunline references and incorporates its previously filed Preservation of Defenses and

Motions Lists. See Rec. Doc. No. 8370.

SECOND DEFENSE

The Complaints fail to state a claim upon which relief can be granted.

THIRD DEFENSE

For all the reasons set forth in this Court's order dated December 29, 2008, which denied

Plaintiffs' motion for class certification, Rec. Doc. 1014, as well as for the reasons set forth in

Defendants' opposition to Plaintiffs' motion for class certification, Rec. Docs. 902, 945, and 976,

any allegation that purports to assert that the claims of Plaintiffs are appropriate for class certification fails to state a claim upon which relief can be granted as a matter of law.

## FOURTH DEFENSE

Upon information and belief, the named Plaintiffs may lack standing to proceed with the Complaint and/or causes of actions set forth therein.

## FIFTH DEFENSE

Upon information and belief, the named Plaintiffs are barred from seeking recovery in this matter by the doctrine of accord and satisfaction.

## SIXTH DEFENSE

All the damages complained of resulted solely or substantially from the negligence, fault, or comparative fault of the Plaintiffs through misuse and/or abuse of the subject travel trailers and manufactured housing, also known as Emergency Housing Units ("EHUs"), and/or lack of maintenance of said EHUs, or through other acts or omissions which will be shown more fully at the trial of this matter and which preclude recovery by Plaintiffs or reduce any recovery by their percentage of fault.

## SEVENTH DEFENSE

All the damages complained of resulted solely or substantially from the negligence, fault or comparable fault of others from whom Sunline is in no way responsible or liable.

## EIGHTH DEFENSE

Sunline specifically denies the existence of any defect(s), including but not limited to redhibitory defects, or defects which fall under any alleged warranty, representation issued by Sunline, contract, standard, any other applicable law, and/or defects under the Louisiana Products Liability Act in the subject EHUs.

## NINTH DEFENSE

Should this court determine that the subject EHUs exhibit some defect(s), which is specifically denied, then said defect(s) was apparent and obvious at the time of the sale and precludes any recovery by Plaintiffs.

## TENTH DEFENSE

Sunline specifically states that to the extent the EHUs were in fact manufactured by Sunline, the EHUs and all component parts thereof were designed, constructed, distributed and manufactured in conformity with the state-of-the-art and with all applicable standards, regulations, laws and/or industry standards.

## ELEVENTH DEFENSE

All of Plaintiffs' claims against Sunline may be preempted or otherwise precluded by the statutes, standards, regulations, and rules propagated by the federal government including, but not limited to, the Department of Housing and Urban Development ("HUD"), the Department of Homeland Security, and the Federal Emergency Management Agency ("FEMA"), and Plaintiffs' lease agreements with FEMA. Further, Sunline may be immunized from liability by the government contractor defense.

## TWELFTH DEFENSE

Any express or other warranty obligations owed by Sunline are controlled and strictly limited by the express terms of the warranty, including all limitations and exclusions set out in the warranty.

## THIRTEENTH DEFENSE

Upon information and belief, Plaintiffs have failed to mitigate their damages.

## FOURTEENTH DEFENSE

Plaintiffs' claims against Sunline are barred in whole or in part by the applicable statutes

of limitations, statutes of repose, peremption periods, prescriptive periods, and/or any limitation of actions contained in any applicable contracts.

### FIFTEENTH DEFENSE

Sunline further pleads that Plaintiffs' claims are barred in whole or in part to the extent that the Economic Loss Doctrine applies and incorporate the Court's Order, Rec. Doc. 984, as if fully set forth herein.

### SIXTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrines of estoppel, release, or waiver.

### SEVENTEENTH DEFENSE

Sunline specifically pleads to the extent applicable, all defenses allowed under the Louisiana Products Liability Act, LSA-R.S. 9:2800.51 *et. seq.* and/or other Louisiana statutes.

### EIGHTEENTH DEFENSE

Sunline specifically pleads that its products were reasonably fit for ordinary use.

### NINETEENTH DEFENSE

In the event that discovery were to reveal the following, Sunline specifically pleads that the accident and/or injuries sued upon herein occurred only after and solely due to the substantial alteration and/or modification of the product sued upon herein, which alteration and/or modification was not foreseeable, after it left the hands of the manufacturer, which is specifically plead as a complete bar to any recovery against Sunline.

### TWENTIETH DEFENSE

To the extent Plaintiffs seek attorney fees and/or punitive or exemplary damages, such damages are barred as there is no cause of action for said claims.

## TWENTY FIRST DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent that any award of punitive damages would be unconstitutional because the standard utilized to allow the imposition of such damages are so vague, both on their face and as applied, so as to fail to give adequate or sufficient notice of the prohibitive conduct.

## TWENTY SECOND DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent that the award of punitive damages would violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments, separately, of the Constitution of the United States on each of the following separate and several grounds:

1. The procedures failed to provide means for awarding separate judgments against alleged tort-feasors;

2. The procedures failed to provide a limit on the amount of the award against separate defendants;

3. The procedures failed to provide specific standards for the award of punitive damages;

4. The procedures permit the award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions;

5. The procedures failed to provide a clear consistent and appellate standard of review of an award of punitive damages;

6. The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined;

7. The standards of conduct upon which punitive damages are sought are vague; and

8. The standards utilized to allow the imposition of such damages fail to give adequate notice, due process and/or sufficient notice of the prohibitive conduct.

## TWENTY THIRD DEFENSE

Sunline demands a bifurcation of Plaintiffs' claims for actual and punitive damages, where applicable.

## TWENTY FOURTH DEFENSE

Plaintiffs' claims against Sunline are barred to the extent that Plaintiffs' alleged injuries were caused by intervening, superseding actions or events for which Sunline is in no way responsible or liable.

## TWENTY FIFTH DEFENSE

The exact damages and losses claimed by Plaintiffs are unknown to Sunline and discovery continues. Thus, Sunline cannot adequately determine all defenses that may be applicable to Plaintiffs' claims. Therefore, Sunline expressly reserves the right to amend its Answer and raise additional defenses to the extent that additional defenses become applicable under state and federal law, additional defenses are established as discovery proceeds, and additional defenses are available under subsequently asserted theories of recovery.

## TWENTY SIXTH DEFENSE

Sunline pleads to the extent applicable all defenses allowed under the La. Health Emergency Powers Act, LSA—R.S.29:771, and/or other Louisiana Law.

## TWENTY SEVENTH DEFENSE

Sunline reasserts as affirmative defenses the defenses raised in the Manufacturing Defendants' Joint Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 210), and incorporates the Court's Order and Reasons (Rec. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss as if plead herein, *in extenso*, and asserts that all claims contrary to the order are precluded.

## TWENTY EIGHTH DEFENSE

Further in the alternative, all damages complained of resulted solely or substantially from the negligence, fault or comparative fault of third parties for whom Sunline is not responsible.

## TWENTY NINTH DEFENSE

In the event that discovery reveals the following, Sunline specifically pleads that the injuries sued upon herein occurred only and solely by virtue of the failure of the user/handler of the product to properly and adequately maintain, service and/or inspect said product in accordance with the Owner's Manual and/or instructions for use, which is specifically pleaded as a complete bar to any recovery against Sunline.

## THIRTIETH DEFENSE

In the event that discovery reveals the following, Sunline specifically pleads that the product sued upon herein was not in a reasonably anticipated use at any relevant time.

## THIRTY FIRST DEFENSE

In the event that discovery reveals the following, Sunline specifically pleads that any alleged fault, negligence and/or strict liability attributed to Sunline, which is specifically denied, was not the proximate or legal cause of the injures supped upon herein.

## THIRTY SECOND DEFENSE

Sunline avers that at the time the product left the manufacturer's control, the product met all the manufacturer's specifications and performance standards for the product and/or for otherwise identical products manufactured by the manufacturer.

## THIRTY THIRD DEFENSE

Alternatively, Sunline affirmatively avers that in the event it is found liable in any way to plaintiff, which is denied, any liability on their part is merely joint liability and not joint and several, nor *in solido*, with the liability of other parties for whom it is not responsible.

## THIRTY FOURTH DEFENSE

Sunline specifically states that it had no duty to warn the plaintiffs in this case because co-defendant, the United States of America, was a sophisticated purchaser of the Temporary

Housing Units in question, thereby absolving Sunline of any duty to warn it may have had in this case.

### THIRTY FIFTH DEFENSE

Plaintiffs are unable to establish that this Court has personal jurisdiction over defendant.

### THIRTY SIXTH DEFENSE

The product at issue is not unreasonably dangers in manufacture, construction or composition and/or not unreasonably dangers in design and/or not unreasonably dangerous by virtue of failure to warn and/or not dangerous due to non-conformity to express warranty.

### THIRTY SEVENTH DEFENSE

There is no alternative design for the product at issue that was capable of preventing Plaintiffs' alleged damages.

### THIRTY EIGHTH DEFENSE

The warnings or instructions on or accompanying to product at issue were adequate and the adequacy of those warnings is a complete bar to recovery.

### THIRTY NINTH DEFENSE

Sunline denies that it or anyone for whom it may be responsible was guilty of any negligence, gross negligence, strict liability, want of due care or other legal fault constituting a proximate cause of the alleged accident and injuries in question and/or entitling Plaintiffs to recover any damages herein.

### FORTIETH DEFENSE

Any injures or damages alleged by Plaintiffs herein were caused by third parties for whom defendant is not responsible or liable.

### FORTY FIRST DEFENSE

While at all times denying liability, Sunline alleges that Plaintiffs were guilty of

contributory negligence and/or assumption of the risk, all of which are a bar to Plaintiffs' recovery herein, and in the further alternative, that Plaintiffs were guilty of comparative and/or contributory fault which said fault contributed to their injures and that this Court should fix the amount or degree of fault of Plaintiffs in any recovery to which Plaintiffs might otherwise be entitled should be reduced by such a percentage of fault.

## FORTY SECOND DEFENSE

Sunline maintains that it did not have a contract with FEMA or any other governmental agency and that its construction of the travel trailer(s) was not subject to or governed by any "FEMA specifications."

## FORTY THIRD DEFENSE

Sunline asserts that (a) it did not sell housing units directly to the federal government in the wake of Hurricanes Katrina and Rita; and (b) the dealers who sold Sunline housing units to the federal government and the federal government are sophisticated users of products, such that Sunline cannot be held liable to plaintiffs for their claims, including but not limited to, any claims for failure to warn and strict product liability.

## FORTY FOURTH DEFENSE

The Complaints have improperly joined claims under Rule 18 of the Federal Rules of Civil Procedure, requiring severance of claims as provided by Rule 21 of the Federal Rules of Civil Procedure.

## FORTY FIFTH DEFENSE

The Complaints have failed to satisfy the requirements for joinder of parties under Rules 18, 19, 20 and 21 of the Federal Rules of Civil Procedure.

## FORTY SIXTH DEFENSE

Defendant maintains that there is a lack of proper venue under Rule 12(b)(3) of the

Federal Rules of Civil Procedure.

## FORTY SEVENTH DEFENSE

Defendant maintains that there is insufficient process and insufficient service of process under Rules 12(b)(4) and (b)(5) of the Federal Rules of Civil Procedure.

## FORTY EIGHTH DEFENSE

Plaintiffs fail to state a claim for medical monitoring damages.

## FORTY NINTH DEFENSE

Plaintiff's theory of joint and several liability, or market share liability, is precluded by applicable law.

## FIFTIETH DEFENSE

Defendant is entitled to indemnity and/or contribution from all responsible parties for any sum that it must pay any Plaintiff based on the negligence, fault, and/or breach of contract of these other persons; or, alternatively, for a reduction in any amount it must pay to any Plaintiff to the extent of the fault of any other party.

## FIFTY FIRST DEFENSE

To the extent that any Plaintiff sustained damages, such damages were caused by the negligence or fault of persons with whom Plaintiff has settled his or her claims. Defendant is entitled to a credit and/or offset of any Judgment rendered against it by the percentage of fault or virile share of all entities with whom any Plaintiff may have reached settlement. Further, said settlement constitutes an extinguishment of any debt owed by this defendant.

## FIFTY SECOND DEFENSE

Defendant constructed travel trailers in accordance with plans and specifications provided to it by various dealers such that it is entitled to immunity under La. R.S. 9:2771.

10

## FIFTY THIRD DEFENSE

Sunline specifically avers that it lacks capacity to be sued under Rule 9(a)(1) and Rule 17(b)(2) of the Federal Rules of Civil Procedure as it was dissolved under the laws of the State of Pennsylvania.

## FIFTY FOURTH DEFENSE

Plaintiff's Complaints fail to state a claim upon which relief can be granted as Sunline is dissolved and is no longer in existence under the laws of its state of organization, i.e. Pennsylvania.

## ANSWER TO COMPLAINT FOR DAMAGES

1.

The allegations contained in Paragraph 1 are denied for lack of sufficient information to justify a belief therein.

2.

The allegations contained in Paragraph 2 are denied.

3.

The allegations contained in Paragraph 3 are denied for lack of sufficient information to justify a belief therein.

4.

The allegations contained in Paragraph 4 are denied for lack of sufficient information to justify a belief therein.

5.

The allegations contained in Paragraph 5 are denied for lack of sufficient information to justify a belief therein.

11

6.

The allegations contained in Paragraph 6 are denied for lack of sufficient information to justify a belief therein, except to admit that the jurisdictional requirements of this Court are satisfied.

7.

The allegations contained in Paragraph 7 are denied for lack of sufficient information to justify a belief therein, except to admit that the jurisdictional requirements of this Court are satisfied.

8.

The allegations contained in Paragraph 8 are denied for lack of sufficient information to justify a belief therein, except to admit that the jurisdictional requirements of this Court are satisfied.

9.

The allegations contained in Paragraph 9 are denied for lack of sufficient information to justify a belief therein, except to admit that the jurisdictional requirements of this Court are satisfied.

10.

The allegations contained in Paragraph 10 are denied for lack of sufficient information to justify a belief therein, except to admit that the jurisdictional requirements of this Court are satisfied.

11.

The allegations contained in Paragraph 11 are denied for lack of sufficient information to justify a belief therein, except to admit that the jurisdictional requirements of this Court are

satisfied.

12.

The allegations contained in Paragraph 12 are denied for lack of sufficient information to justify a belief therein, except to admit that the jurisdictional requirements of this Court are satisfied.

13.

The allegations contained in Paragraph 13 are denied for lack of sufficient information to justify a belief therein.

14.

The allegations contained in Paragraph 14 are denied for lack of sufficient information to justify a belief therein.

15.

The allegations contained in Paragraph 15 are denied for lack of sufficient information to justify a belief therein.

16.

The allegations contained in Paragraph 16 are denied for lack of sufficient information to justify a belief therein.

17.

The allegations contained in Paragraph 17 are denied.

18.

The allegations contained in Paragraph 18 are denied.

19.

The allegations contained in Paragraph 19 are denied for lack of sufficient information to

justify a belief therein.

20.

The allegations contained in Paragraph 20 are denied for lack of sufficient information to justify a belief therein.

21.

The allegations contained in Paragraph 21 are denied for lack of sufficient information to justify a belief therein.

22.

The allegations contained in Paragraph 22 are denied for lack of information sufficient to justify a belief in the truth thereof.

23.

The allegations contained in Paragraph 23 are denied for lack of sufficient information to justify a belief therein.

24.

The allegations contained in Paragraph 24 are denied for lack of sufficient information to justify a belief therein.

25.

The allegations contained in Paragraph 25 are denied for lack of sufficient information to justify a belief therein.

26.

The allegations contained in Paragraph 26 are denied for lack of sufficient information to justify a belief therein.

27.

The allegations contained in Paragraph 27 are denied for lack of sufficient information to justify a belief therein.

28.

The allegations contained in Paragraph 28 are denied for lack of sufficient information to justify a belief therein.

29.

The allegations contained in Paragraph 29 are denied for lack of sufficient information to justify a belief therein.

30.

The allegations contained in Paragraph 30 are denied for lack of sufficient information to justify a belief therein.

31.

The allegations contained in Paragraph 31 are denied for lack of sufficient information to justify a belief therein.

32.

The allegations contained in Paragraph 32 are denied for lack of sufficient information to justify a belief therein.

33.

The allegations contained in Paragraph 33 are denied for lack of sufficient information to justify a belief therein.

34.

The allegations of Paragraph 34 are denied for lack of sufficient information to justify a

belief therein.

35.

The allegations contained in Paragraph 35 are denied for lack of sufficient information to justify a belief therein.

36.

The allegations contained in Paragraph 36 are denied for lack of sufficient information to justify a belief therein.

37.

The allegations contained in Paragraph 37 are denied for lack of sufficient information to justify a belief therein.

38.

The allegations contained in Paragraph 38 are denied for lack of sufficient information to justify a belief therein.

39.

The allegations contained in Paragraph 39 of are denied for lack of sufficient information to justify a belief therein.

40.

The allegations contained in Paragraph 40 are denied for lack of sufficient information to justify a belief therein.

41.

The allegations contained in Paragraph 41 are denied for lack of sufficient information to justify a belief therein.

42.

The allegations contained in Paragraph 42 are denied for lack of sufficient information to justify a belief therein.

43.

The allegations contained in Paragraph 43 are denied for lack of sufficient information to justify a belief therein.

44.

The allegations contained in Paragraph 44 are denied for lack of sufficient information to justify a belief therein.

45.

The allegations contained in Paragraph 45 are denied for lack of sufficient information to justify a belief therein.

46.

The allegations contained in Paragraph 46 are denied for lack of sufficient information to justify a belief therein.

47.

The allegations contained in Paragraph 47 are denied for lack of sufficient information to justify a belief therein.

48.

The allegations contained in Paragraph 48 are denied for lack of sufficient information to justify a belief therein.

49.

The allegations contained in Paragraph 49 are denied for lack of sufficient information to

justify a belief therein.

50.

The allegations contained in Paragraph 50 are denied for lack of sufficient information to justify a belief therein.

51.

The allegations contained in Paragraph 51 are denied for lack of sufficient information to justify a belief therein.

52.

The allegations contained in Paragraph 52 are denied for lack of sufficient information to justify a belief therein.

53.

The allegations contained in Paragraph 53 are denied for lack of sufficient information to justify a belief therein.

54.

The allegations contained in Paragraph 54 are denied for lack of sufficient information to justify a belief therein.

55.

The allegations contained in Paragraph 55 are denied for lack of sufficient information to justify a belief therein.

56.

The allegations contained in Paragraph 56 are denied for lack of sufficient information to justify a belief therein.

57.

The allegations contained in Paragraph 57 are denied for lack of sufficient information to justify a belief therein.

58.

The allegations contained in Paragraph 58 are denied for lack of sufficient information to justify a belief therein.

59.

The allegations contained in Paragraph 59 are denied for lack of sufficient information to justify a belief therein.

60.

The allegations contained in Paragraph 60 are denied for lack of sufficient information to justify a belief therein.

61.

The allegations contained in Paragraph 61 are denied for lack of sufficient information to justify a belief therein.

62.

The allegations contained in Paragraph 62 are denied for lack of sufficient information to justify a belief therein.

63.

The allegations contained in Paragraph 63 are denied for lack of sufficient information to justify a belief therein.

64.

The allegations contained in Paragraph 64 are denied for lack of sufficient information to

justify a belief therein.

65.

The allegations contained in Paragraph 65 are denied for lack of sufficient information to justify a belief therein.

66.

The allegations contained in Paragraph 66 are denied for lack of sufficient information to justify a belief therein.

67.

The allegations contained in Paragraph 67 are denied for lack of sufficient information to justify a belief therein.

68.

The allegations contained in Paragraph 68 are denied for lack of sufficient information to justify a belief therein.

69.

The allegations contained in Paragraph 69 are denied for lack of sufficient information to justify a belief therein.

70.

The allegations contained in Paragraph 70 are denied for lack of sufficient information to justify a belief therein.

71.

The allegations contained in Paragraph 71 are denied for lack of sufficient information to justify a belief therein.

72.

The allegations contained in Paragraph 72 are denied for lack of sufficient information to justify a belief therein.

73.

The allegations contained in Paragraph 73 are denied for lack of sufficient information to justify a belief therein.

74.

The allegations contained in Paragraph 74 are denied for lack of sufficient information to justify a belief therein.

75.

The allegations contained in Paragraph 75 are denied for lack of sufficient information to justify a belief therein.

76.

The allegations contained in Paragraph 76 are denied for lack of sufficient information to justify a belief therein.

77.

The allegations contained in Paragraph 77 are denied for lack of sufficient information to justify a belief therein.

78.

The allegations contained in Paragraph 78 are denied for lack of sufficient information to justify a belief therein.

79.

The allegations contained in Paragraph 79 are denied for lack of sufficient information to

justify a belief therein.

80.

The allegations contained in Paragraph 80 are denied for lack of sufficient information to justify a belief therein.

81.

The allegations contained in Paragraph 81 are denied for lack of sufficient information to justify a belief therein.

82.

The allegations contained in Paragraph 82 are denied for lack of sufficient information to justify a belief therein.

83.

The allegations contained in Paragraph 83 are denied for lack of sufficient information to justify a belief therein.

84.

The allegations contained in Paragraph 84 are denied for lack of sufficient information to justify a belief therein.

85.

The allegations contained in Paragraph 85 are denied for lack of sufficient information to justify a belief therein.

86.

The allegations contained in Paragraph 86 are denied for lack of sufficient information to justify a belief therein.

87.

The allegations contained in Paragraph 87 are denied for lack of sufficient information to justify a belief therein.

88.

The allegations contained in Paragraph 88 are denied for lack of sufficient information to justify a belief therein.

89.

The allegations contained in Paragraph 89 are denied for lack of sufficient information to justify a belief therein.

90.

The allegations contained in Paragraph 90 are denied for lack of sufficient information to justify a belief therein.

91.

The allegations contained in Paragraph 91 are denied for lack of sufficient information to justify a belief therein.

92.

The allegations contained in Paragraph 92 are denied for lack of sufficient information to justify a belief therein.

93.

The allegations contained in Paragraph 93 are denied for lack of sufficient information to justify a belief therein.

94.

The allegations contained in Paragraph 94 are denied for lack of sufficient information to

justify a belief therein.

95.

The allegations contained in Paragraph 95 are denied for lack of sufficient information to justify a belief therein.

96.

The allegations contained in Paragraph 96 are denied for lack of sufficient information to justify a belief therein.

97.

The allegations contained in Paragraph 97 are denied for lack of sufficient information to justify a belief therein.

98 - 109.

Although the Complaint fails to contain paragraph numbers 98 – 109, out of an abundance of caution, the allegations contained in Paragraph 98 – 109 are denied for lack of sufficient information to justify a belief therein.

110.

The allegations contained in Paragraph 110 are denied for lack of sufficient information to justify a belief therein.

111.

The allegations contained in Paragraph 111 are denied for lack of sufficient information to justify a belief therein.

112.

The allegations contained in Paragraph 112 are denied for lack of sufficient information to justify a belief therein.

113.

The allegations contained in Paragraph 113 are denied for lack of sufficient information to justify a belief therein.

114.

The allegations contained in Paragraph 114 are denied for lack of sufficient information to justify a belief therein.

115.

The allegations contained in Paragraph 115 are denied for lack of sufficient information to justify a belief therein.

116.

The allegations contained in Paragraph 116 are denied for lack of sufficient information to justify a belief therein.

117.

The allegations contained in Paragraph 117 are denied for lack of sufficient information to justify a belief therein.

## REQUEST FOR JURY TRIAL

In response to the allegations contained in the paragraph captioned "Request for Jury Trial", Sunline asserts that it is entitled to a trial by jury on all issues herein.

## PRAYER FOR RELIEF

In response to the allegations contained in the paragraph captioned "Prayer for Relief" and all subparts, Sunline asserts that the Plaintiffs are not entitled to the relief requested.

WHEREFORE, **SUNLINE ACQUISITION COMPANY, LTD.** respectfully prays that the above Answer and Defenses to the aforementioned Complaint be deemed good and

sufficient; that after due proceedings are had, there be judgment rendered in favor of Sunline

Acquisition Company, Ltd. against Plaintiffs, dismissing their claims and requests for damages

at their cost and with prejudice; and that Sunline Acquisition Company, Ltd. be awarded all other

general, special and equitable relief as the nature of this case may permit and all costs of these

proceedings.

REQUEST FOR JURY TRIAL

Sunline requests a trial by jury on all issues so triable.


Respectfully submitted,

ALLEN & GOOCH

*/s/ Brent M. Maggio*
BRENT M. MAGGIO, T.A. (#19959)
LORI D. BARKER (#31687)
3900 N. Causeway Boulevard, Suite 1450
Metairie, LA 70002
Telephone: 504-836-5260
Facsimile: 504-836-5265
Email: BrentMaggio@AllenGooch.com
        LoriBarker@AllenGooch.com

WILLIAM H. PARKER, III, T.A. (#10325)
2000 Kaliste Saloom Road, Suite 400 (70508)
Post Office Drawer 81129
Lafayette, LA.  70598-1129
Telephone: 337-291-1270
Facsimile: 337-291-1275
Email: WilliamParker@AllenGooch.com

*Attorneys for Sunline Acquisition Company, Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been electronically filed on the 15th day of February, 2012, with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record, and, it will be emailed to all Liaison Counsel, Government Counsel, and counsel for the above-captioned plaintiff.

*/s/ Brent M. Maggio*
BRENT M. MAGGIO