UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL NO. 07-1873<br><br>SECTION N-5<br><br>JUDGE ENGELHARDT<br>MAG. JUDGE CHASEZ |

THIS DOCUMENT IS RELATED TO:

*Hall et al v. Gulf Stream Coach, Inc., et al*, Case No. 11-cv-00211

**DEFENDANT UNITED STATES OF AMERICA'S MEMORANDUM
IN SUPPORT OF ITS FED. R. CIV. P. 12(b)(1) AND 12(h) MOTION TO
DISMISS ALABAMA PLAINTIFFS' CLAIMS AGAINST THE UNITED
STATES FOR LACK OF SUBJECT MATTER JURISDICTION**

Defendant, the United States of America ("United States"), submits this Memorandum in support of its Fed. R. Civ. P. 12(b)(1) and 12(h) Motion to dismiss Plaintiffs' Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, claims in the above referenced action. The FTCA's limited waiver of sovereign immunity is expressly limited to "circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. §§ 1346(b), 2674.  The undisputed facts show that the government after Hurricanes Katrina and Rita, voluntarily and without compensation, provided temporary emergency housing units that are the alleged cause of Plaintiffs injuries at issue in these actions.[1/]  The Court lacks subject matter jurisdiction because

---

[1/] The United States incorporates by reference in support of its argument: (1) Defendant United States of America's Memorandum in Support of its Motion to Dismiss for Lack of Jurisdiction the FTCA Claims of All "Alabama Plaintiffs" Based Upon No Analogous Private Liability (Doc. Rec. 10656-1); (2) Defendant United States of America's Statement of Facts in Support of its Motion to Dismiss the Remaining FTCA Claims of All "Alabama Plaintiffs" for Lack of Subject Matter Jurisdiction Based Upon No Analogous Private Liability (Doc. Rec. 10656-2); (3) Defendant United States of America's Exhibits 1-10 Submitted in Support of its

the Fifth Circuit and this Court have held that the Alabama emergency statute, Alabama Code § 31-9-17, "abrogate[s] the tort liability of a private person who, (1) voluntarily, (2) without compensation, (3) allows his property or premises to be used as shelter during or in recovery from a natural disaster, [and therefore] the Government's voluntary, cost-free provision of the EHUs to disaster victims, in connection with Hurricanes Katrina and Rita, is also immunized conduct under the statute." *In re FEMA Trailer Formaldehyde Products Liability Litigation*, -- F.3d ----, 2012 WL 171898 *6 (5th Cir., Jan. 23, 2012); Order and Reasons (Rec. Doc. 15061), *aff'd, In Re: FEMA Trailer Formaldehyde Products Liability Litigation*, --- F.3d ----, 2012 WL 171898.

Accordingly, for these reasons the Court should grant the United States' Motion and dismiss Plaintiffs' FTCA claims for lack of subject matter jurisdiction.

Dated: February 16, 2012.

TONY WEST
Assistant Attorney General, Civil Division

J. PATRICK GLYNN
Director, Torts Branch, Civil Division

DAVID S. FISHBACK
Assistant Director

Respectfully Submitted,

ADAM BAIN
Senior Trial Counsel

//S// *Henry T. Miller*
HENRY T. MILLER (D.C. Bar No. 411885)
Senior Trial Counsel
United States Department of Justice
Civil Division – Torts Branch
P.O. Box 340, Ben Franklin Station
Washington, D.C. 20004
Telephone No: (202) 616-4223
E-mail: Henry.Miller@USDOJ.Gov

---

Motion to Dismiss the Remaining FTCA Claims of All "Alabama Plaintiffs" for Lack of Subject Matter Jurisdiction Based Upon No Analogous Private Liability (Doc. Rec. 10656-4 to 10656-13); and (4) Defendant United States of America's Reply Memorandum in Support of its Motion to Dismiss the Remaining FTCA Claims of All "Alabama Plaintiffs" for Lack of Subject Matter Jurisdiction Based Upon No Analogous Private Liability (Doc. Rec.11870).

                                              Attorneys for the United States of America

## CERTIFICATE OF SERVICE

      I hereby certify that on February 16, 2012, the foregoing document was filed via the U.S. District Court's CM/ECF electronic filing system and a copy thereof was served upon Liaison Counsel.

                                          *//S// Henry T. Miller*
                                          HENRY T. MILLER (D.C. Bar No. 411885)