UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE:  FEMA TRAILER            §        MDL NO. 1873
        FORMALDEHYDE PRODUCTS    §        SECTION "N" (4)
        LIABILITY LITIGATION       §
                                   §        JUDGE ENGELHARDT
                                   §        MAG. JUDGE CHASEZ

**THIS DOCUMENT RELATES TO: 10-2238**
*Charles Burns, et al. v. Jayco, Inc.*; the following plaintiffs:
Cynthia Brown
James Brown, Sr.
Jonathan Brown
Charles Burns
Dorothy Carr
Juanita Chapman o/b/o T.C.
Brenda Lee
Robert Taylor
Christy Theriot

_____

## DEFENDANT, JAYCO, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW, through the undersigned counsel, Defendant, JAYCO, INC., ("Jayco") and files this answer to Plaintiff's Amended Complaint for Damages and in support thereof would show as follows:

As this Court is aware, on February 9, 2012, it entered its Order severing the above-named plaintiffs for trial.  (Rec. Doc. 24498).  Because other plaintiffs remain in the case, who have not established venue in this District, this answer is limited to those plaintiffs identified in the February 9, 2012 Order.  (Rec. Doc. 24498).

## I. PARTIES

1.      To the extent the statements and allegations in Paragraph 1 require a response, Defendant responds that after reasonable inquiry, it does not have sufficient information to either admit or deny the statements and allegations contained in Paragraph 1.

2.      Defendant denies the allegations in Paragraph 2.

3.      To the extent the allegations in Paragraph 3 require a response, Defendant responds that after reasonable inquiry, it does not have sufficient information to either admit or deny the statements and allegations contained in Paragraph 3.

## II. JURISDICTION AND VENUE

4.      Defendant denies the allegations in paragraph 4, except to admit that the jurisdictional requirements of this court are satisfied.

5.      To the extent the statements and allegations in Paragraph 5 require a response, Defendant responds that after reasonable inquiry, it does not have sufficient information to either admit or deny the statements and allegations contained in Paragraph 5, except to admit that the jurisdictional requirements of this court are satisfied.

6.      To the extent the statements and allegations in Paragraph 6 require a response, Defendant responds that after reasonable inquiry, it does not have sufficient information to either admit or deny the statements and allegations contained in Paragraph 6, except to admit that the jurisdictional requirements of this court are satisfied.

7.      To the extent the statements and allegations in Paragraph 7 require a response, Defendant responds that after reasonable inquiry, it does not have sufficient information to either admit or deny the statements and allegations contained in Paragraph 7, except to admit that the jurisdictional requirements of this court are satisfied.

8.      To the extent the statements and allegations in Paragraph 8 require a response, Defendant responds that after reasonable inquiry, it does not have sufficient information to either admit or deny the statements and allegations contained in Paragraph 8, except to admit that the jurisdictional requirements of this court are satisfied.

9.      To the extent the statements and allegations in Paragraph 9 require a response, Defendant responds that after reasonable inquiry, it does not have sufficient information to either admit or deny the statements and allegations contained in Paragraph 9, except to admit that the jurisdictional requirements of this court are satisfied.

10.     To the extent the statements and allegations in Paragraph 10 require a response; Defendant denies the allegations in Paragraph 10 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

11.     Defendant denies the allegations in Paragraph 11 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

## FACTS AND GENERAL ALLEGATIONS

12.      Defendant denies the allegations in Paragraph 12 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

13.     Defendant denies the allegations in Paragraph 13 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

14.      Defendant denies the allegations in Paragraph 14 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

15.     Defendant denies the allegations in Paragraph 15 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

16.     Defendant denies the allegations in Paragraph 16 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

17.     Defendant denies the allegations in Paragraph 17.

18.     Defendant denies the allegations in Paragraph 18.

19.     Defendant denies the allegations in Paragraph 19 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

20.     Defendant denies the allegations in Paragraph 20 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

21.     Defendant denies the allegations in Paragraph 21.

22.     Defendant denies the allegations in Paragraph 22.

23.     Defendant denies the allegations in Paragraph 23 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

24.     Defendant denies the allegations in Paragraph 24 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

25.     Defendant denies the allegations in Paragraph 25 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

26.     Defendant denies the allegations in Paragraph 26 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

27.     Defendant denies the allegations in Paragraph 27 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

28.     Defendant denies the allegations in Paragraph 28 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

29.     Defendant denies the allegations in Paragraph 29.

30.     Defendant denies the allegations in Paragraph 30 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

31.     Defendant denies the allegations in Paragraph 31 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

32.     Defendant denies the allegations in Paragraph 32 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

33.     Defendant denies the allegations in Paragraph 33 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

34.     Defendant denies the allegations in Paragraph 34 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

35.     Defendant denies the allegations in Paragraph 35 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

36.     Defendant denies the allegations in Paragraph 36 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

37.     Defendant denies the allegations in Paragraph 37 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

38.     Defendant denies the allegations in Paragraph 38 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

39.     Defendant denies the allegations in Paragraph 39 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

40.     Defendant denies the allegations in Paragraph 40 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

41.     Defendant denies the allegations in Paragraph 41 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

42.     Defendant denies the allegations in Paragraph 42 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

43.     Defendant denies the allegations in Paragraph 43 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

44.     Defendant denies the allegations in Paragraph 44 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

45.     Defendant denies the allegations in Paragraph 45 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

46.     Defendant denies the allegations in Paragraph 46 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

47.     Defendant denies the allegations in Paragraph 47 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

48.     Defendant denies the allegations in Paragraph 48 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

49.     Defendant denies the allegations in Paragraph 49 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

50.     Defendant denies the allegations in Paragraph 50 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

51.     Defendant denies the allegations in Paragraph 51 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

52.     Defendant denies the allegations in Paragraph 52 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

53.     Defendant denies the allegations in Paragraph 53 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

54.     Defendant denies the allegations in Paragraph 54 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

55.     Defendant denies the allegations in Paragraph 55 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

56.     Defendant denies the allegations in Paragraph 56 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

57.     Defendant denies the allegations in Paragraph 57 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

58.     Defendant denies the allegations in Paragraph 58 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

59.     Defendant denies the allegations in Paragraph 59 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

60.     Defendant denies the allegations in Paragraph 60 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

61.     Defendant denies the allegations in Paragraph 61 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

62.     Defendant denies the allegations in Paragraph 62 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

63.     Defendant denies the allegations in Paragraph 63 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

64.     Defendant denies the allegations in Paragraph 64 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

65.    Defendant denies the allegations in Paragraph 65 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

66.    Defendant denies the allegations in Paragraph 66 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

67.    Defendant denies the allegations in Paragraph 67 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

68.    Defendant denies the allegations in Paragraph 68 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

69.    Defendant denies the allegations in Paragraph 69 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

70.    Defendant denies the allegations in Paragraph 70 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

71.    Defendant denies the allegations in Paragraph 71 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

72.    Defendant denies the allegations in Paragraph 72 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

73.    Defendant denies the allegations in Paragraph 73 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

74.    Defendant denies the allegations in Paragraph 74 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

75.    Defendant denies the allegations in Paragraph 75 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

76.     Defendant denies the allegations in Paragraph 76 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

77.     Defendant denies the allegations in Paragraph 77 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

(Plaintiffs' Complaint skips from Paragraph 77 to Paragraph 97.  It does not contain Paragraphs 78 – 96).

## COUNT 1:

### CAUSE OF ACTION AGAINST THE MANUFACTURER UNDER LOUISIANA PRODUCTS LIABILITY ACT

97.     Defendant denies the allegations in Paragraph 97 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

98.     Defendant denies the allegations in Paragraph 98 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

99.     Defendant denies the allegations in Paragraph 99.

100.    Defendant denies the allegations in Paragraph 100.

101.    Defendant denies the allegations in Paragraph 101 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

102.    Defendant denies the allegations in Paragraph 102 and subparts as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

## COUNT 2:

### NO-BID DEFENDANT UNDER LOUISIANA PRODUCTS LIABILITY ACT

103.    Defendant denies the allegations in Paragraph 103 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

104.    Defendant denies the allegations in Paragraph 104 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

105.    Defendant denies the allegations in Paragraph 105 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

106.    Defendant denies the allegations in Paragraph 106 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

107.    Defendant denies the allegations in Paragraph 107 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

108.    Defendant denies the allegations in Paragraph 108 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

109.    Defendant denies the allegations in Paragraph 109 and subparts as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

## COUNT 3:

## NEGLIGENCE OF NO-BID DEFENDANT UNDER LOUISIANA LAW

110.    Defendant denies the allegations in Paragraph 110 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

111.    Defendant denies the allegations in Paragraph 111 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

112.    Defendant denies the allegations in Paragraph 112 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

113.    Defendant denies the allegations in Paragraph 113 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

114.    Defendant denies the allegations in Paragraph 114 and subparts as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

115.    Defendant denies the allegations in Paragraph 115 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

116.    Defendant denies the allegations in Paragraph 116 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

## COMPENSATORY DAMAGES

117.    Defendant denies the allegations in Paragraph 117 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

118.    Defendant denies the allegations in Paragraph 118 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

## REQUEST FOR JURY TRIAL

In response to the paragraph entitled "Request for Jury Trial," Defendant asserts it is entitled to a jury trial on all issues herein.

## PRAYER FOR RELIEF

In response to the paragraph entitled "Prayer for Relief," including all subparts, Defendant denies it is liable in any respect to Plaintiffs for any of their alleged injuries and damages and that Plaintiffs are entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

FURTHER ANSWERING, Defendant, Jayco, Inc., asserts the following affirmative defenses:

### 1st DEFENSE.

Plaintiffs' Amended Complaint for Damages, fails to state a claim or cause of action against Jayco, Inc. upon which relief can be granted pursuant to Fed. R. Civ. P. 12 (b) (6).

### 2nd DEFENSE.

This Court lacks personal jurisdiction over Jayco in this particular matter pursuant to Fed. R. Civ. P. 12 (b) (2) because Jayco has insufficient contacts with this forum to subject it to the Court's jurisdiction.

### 3rd DEFENSE.

Venue is improper pursuant to Fed. R. Civ. P. 12 (b) (3) because Plaintiffs' Amended Complaint for Damages was filed in the wrong venue, as it includes plaintiffs who have not established proper venue in this District.  Specifically, venue for this suit as to a number of plaintiffs is proper in the district courts of Mississippi because the transactions and occurrences occurred in Mississippi and these plaintiffs reside in Mississippi.

### 4th DEFENSE.

Service of process is insufficient pursuant to Fed. R. Civ. P. 12 (b) (5) because the plaintiffs failed to properly serve Jayco, Inc. or its agents for services of process with this suit.

### 5th DEFENSE.

Upon information and belief, at least some of the plaintiffs resided in multiple travel trailers and, thus, the plaintiffs have failed to join the other manufacturers as parties necessary for a just adjudication pursuant to Fed. R. Civ. P. 19 (a) (1) and Fed. R. Civ. P. 12 (b) (7).

6th DEFENSE.

Plaintiffs and their claims are improperly joined in this action under Fed. R. Civ. P. 20 (a) (1) and all relevant and binding law because, among other things, Plaintiffs resided in multiple trailers, at different locations and addresses, at different times, for different durations, under different conditions and they have different alleged exposure, doses, injuries, damages and preexisting medical conditions.  Therefore, each improperly joined plaintiff's unique factual circumstances substantially differ from one another such that their claims do not arise out of the same transaction, occurrence or series thereof.

7th DEFENSE.

The claims against Defendant are, or may be, barred in whole or in part by Plaintiffs' failure to institute suit within the period of time required by the applicable statutes of limitation and/or any applicable limitation of actions, or by preemption or prescription, or failure to initiate suit within the period of time required by the applicable prescriptive periods and/or any limitation of actions contained in any applicable contracts.  Fed. R. Civ. P. 12 (b) (6)

8th DEFENSE.

Defendant will show that any of its travel trailers ultimately supplied or provided to Plaintiffs were designed, constructed, and manufactured in conformity with applicable industry standards and specifications.

9th DEFENSE.

Defendant specifically denies the existence of any defect or defects that would render its product(s) unreasonably dangerous under the Louisiana Products Liability Act, the limited warranty, and/or any other applicable law, contract, or standard.

10th DEFENSE.

Defendant reasserts as affirmative defenses the defenses raised in the Manufacturing Defendants' Joint Rule 12(b)(6) Motion to Dismiss (R. Doc. 210) and incorporates by reference the Court's Order and Reasons (R. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss as if plead herein, *in extenso*.

11th DEFENSE.

All Jayco products at issue contained warnings and instructions that a reasonably prudent person in the same or similar circumstances would have provided with respect to any danger and that communicated sufficient information of the dangers and safe use of the product, as well as instructions, taking into account the characteristics of, and the ordinary and common knowledge common to, and ordinary consumer who purchases or uses the product, and thus was adequate in all respects.

12th DEFENSE.

Solely in the alternative, in the event the Court finds Plaintiffs have suffered any damages whatsoever, the damages complained of resulted solely or substantially from the negligence, fault or comparative fault of the Plaintiffs through misuse and/or abuse and/or lack of maintenance of the travel trailers, failure to follow instructions for use, failure to heed applicable warnings, and/or through other acts or omissions which will be shown more fully at the trial of this matter and which preclude recovery by Plaintiffs or reduce any recovery by their respective percentages of fault.

13th DEFENSE.

Further in the alternative, all damages complained of resulted solely or substantially from the negligence, fault or comparative fault of third parties for whom Defendant had no control and is not responsible.

14th DEFENSE.

Solely in the alternative, in the event this Court determines there was any defect in any travel trailer, which is specifically denied, said defect was apparent and obvious and could be easily avoided or remedied, precluding any recovery by Plaintiffs.

15th DEFENSE.

Any products manufactured by Jayco that are the subject of Plaintiffs' claims in this action were designed, manufactured and marketed or labeled in conformity with the state of the art and consistent with all applicable industry standards, regulations, laws or other standards existing at the time thereof.

16th DEFENSE.

Jayco denies the existence of any defect or defects that would render its products unreasonably dangerous under Louisiana law, the LPLA, limited warranty and/or other applicable law, contract or standard.

17th DEFENSE.

The alleged defective design/formation of Jayco's product, if any, was caused by an inherent characteristic of the product that is a generic aspect of the product that cannot be eliminated without substantially compromising the product's usefulness or desirability and which is recognized by the ordinary person with the ordinary knowledge common to the community.

18th DEFENSE.

Jayco has no liability to Plaintiffs because Jayco's product did not fail to function as expected. Further, there existed no feasible design alternative that would have, to a reasonable probability, prevented harm to the plaintiffs.

19th DEFENSE.

Plaintiffs' claims for medical monitoring damages and/or future disease must fail as the plaintiffs do not suffer from present or manifest injury.

20th DEFENSE.

No privity of contract exists between the plaintiffs and Jayco, and to the extent the plaintiffs allege any such contract exists or existed, such contract or agreement is or was invalid and void because it lacked consideration.

21st DEFENSE.

All of the claims asserted against Defendant are preempted or otherwise precluded by the statutes, standards, regulations, and rules propagated by the Federal Government and/or HUD, and/or FEMA, and/or the plaintiffs' lease agreements with FEMA.

22nd DEFENSE.

Defendant further pleads that Plaintiffs' claims are, or may be, barred, in whole or in part, to the extent that the Economic Loss Doctrine applies and incorporates Court's Order and Reasons (R. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss as if plead herein, *in extenso*.

23rd DEFENSE.

Defendant restates and reasserts its defenses as expressed in its Answer to Plaintiffs' 3rd and 4th Supplemental and Amended Master Complaint (Rec. Doc. 10978) and all other answers and defenses lodged in answers and/or pleadings and motions filed in response to Plaintiffs' various Complaints and Master Complaints, including its Universal List of Defenses and Motions to be Preserved (Rec. Doc. 3375).

24th DEFENSE.

Claims against Defendant are, or may be, barred in whole or in part by the doctrines of estoppel, release or waiver.

25th DEFENSE.

Upon information and belief, Plaintiffs have settled with one or more of the other manufacturers of travel trailers or mobile homes they also lived in and, thus, the plaintiffs' claims against Jayco have been extinguished or should be reduced by reason of settlement; alternatively, Jayco is entitled to a set-off or credit in the amount of any such settlements.

26th DEFENSE.

Jayco was not negligent, did not furnish a product defective and unreasonably dangerous and did not make or breach any express or implied warranties.  Alternatively, any express warranty obligations that may be owed by Defendant are strictly limited by the terms of the limited warranty, including all of its limitations and exclusions, which are pleaded herein, as if copied *in extenso*.

27th DEFENSE.

Upon information and belief, Plaintiffs have failed to mitigate their damages.

17

28th DEFENSE.

Defendant hereby gives notice that it intends to rely upon any and all other such affirmative defenses as become available or apparent during the course of discovery, and reserves the right to amend its Answer to assert any and all such defenses.

29th DEFENSE.

In the event that discovery reveals the following, Defendant specifically pleads that the accident and/or injuries sued upon herein occurred only and solely due to the substantial alteration and/or modification of the product sued upon herein, which alteration and/or modification was not foreseeable, after it left the hands of the manufacturer, which is specifically pleaded as a complete bar to any recovery against Defendant.

30th DEFENSE.

Defendant specifically pleads to the extent applicable, all defenses allowed under the Louisiana Products Liability Act, LSA—R.S. 9:2800.51 *et. seq.,* and/or other Louisiana law.

31st DEFENSE.

All of the plaintiffs' claims related to improper testing, marketing, licensing and/or distributing of products are unavailable under the Louisiana Products Liability Act, La R.S. 9:2800.51, *et seq.,* the Alabama Extended Manufacturers' Liability Doctrine and/or other applicable state law.

32nd DEFENSE.

Defendant specifically pleads that its product was reasonably fit for ordinary use.

33rd DEFENSE.

Plaintiffs' claims are, or may be, barred in whole or in part to the extent that the Amended Complaint for Damages does not state a cause of action for punitive or exemplary damages against Defendant, sufficient in law whereby recovery may be had.

34th DEFENSE.

Plaintiffs' claims are, or may be, barred in whole or in part to the extent that any award of punitive damages, to the extent they are even pled in Amended Complaint for Damages would be unconstitutional because the standards utilized to allow the imposition of such damages that are so vague, both on their face and as applied, so as to fail to give adequate or sufficient notice of the prohibitive conduct.

35th DEFENSE.

Plaintiffs' claims are, or may be, barred in whole or in part to the extent that the award of punitive damages, to the extent they are even pled by the Plaintiffs, would violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments, separately, of the Constitution of the United States on each of the following separate and several grounds:

1. The procedures failed to provide means for awarding separate judgments against alleged tortfeasors;
2. The procedures failed to provide a limit on the amount of the award against separate defendants;
3. The procedures failed to provide specific standards for the award of punitive damages;
4. The procedures permit the award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions;
5. The procedures failed to provide a clear consistent and appellate standard of review of an award of punitive damages;
6. The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined; and
7. The standards of conduct upon which punitive damages are sought are vague.

36th DEFENSE.

Further answering herein, Plaintiffs' claims are, or may be, barred in whole or in part to the extent that any award of punitive damages would violate the applicable portions of the Constitutions of the State of Louisiana and/or Mississippi.

37th DEFENSE.

Defendant hereby demands a bifurcated trial of Plaintiffs' claims for actual and punitive damages.

38th DEFENSE.

The exact damages/losses claimed by Plaintiffs are unknown to Defendant, and thus Defendant cannot adequately determine all defenses that may be applicable to Plaintiffs' claims. Therefore, Defendant expressly reserves by this reference the right to raise additional defenses to the extent that:

    a.    Additional defenses become applicable under state and federal law;

    b.    Additional defenses are established as discovery proceeds; and

    c.    Additional defenses are available under subsequently asserted theories of recovery.

39th DEFENSE.

Further answering herein, Defendant denies that Plaintiffs sustained any injuries, illnesses or diseases as a result of the use of Defendant's products, but in the event Plaintiffs did sustain any injuries, illnesses or diseases, or any medical conditions whatsoever, then in that event, such injuries, illnesses, diseases, or medical conditions claimed by Plaintiffs, in whole and in part, were and are the result of some other injuries, illnesses, diseases or medical conditions and causes, which were in no way caused or contributed to by the use of any of Defendant's products, and for which this Defendant is not in any way responsible.

40th DEFENSE.

Further answering herein, Defendant would show that it did not breach any warranties, expressed or implied.

41st DEFENSE.

Further answering herein, Defendant denies it had any contract with FEMA or any other party procuring temporary housing units on behalf of FEMA in response to hurricanes Katrina and Rita.   Further, Defendant would show that FEMA and its procurement contractors were "sophisticated users" as that term is defined under the applicable state or federal law with regard to their purchase of any temporary housing unit designed, manufactured or sold by Defendant.

42nd DEFENSE.

Alternatively, Jayco avers that in the event it is found liable in any way to Plaintiffs, which is denied, any liability on its part is merely joint liability and not joint and several, nor *in solido*, with the liability of other parties for whom it is responsible.

43rd DEFENSE.

Defendant further pleads any and all defenses applicable and available to Jayco under the controlling Mississippi statutes, including but not limited to the Mississippi Products Liability Act, Miss. Code Ann. Sec. 11-1-63.

44th DEFENSE.

Plaintiffs' claims are, or may be, barred in whole or in part to the extent that under the provisions of Mississippi Code Ann. §85-5-7, Defendants are liable only for the amount of damages allotted to them, if any, in direct proportion to their percentage of fault, if any, with due

21

respect to the total negligence of all parties whose actions caused or contributed to the incident and the damages of which are complained.

45th DEFENSE.

Further answering herein, to the extent applicable, Defendant pleads the provisions of Miss. Code Ann. § 11-7-15.

46th DEFENSE.

Defendant requests a trial by jury.

WHEREFORE, PREMISES CONSIDERED, JAYCO, INC. respectfully requests that this honorable Court enter judgment in its favor and award it costs, expenses and any other appropriate relief to which it may show itself justly entitled.

Respectfully submitted,

**WILLINGHAM, FULTZ & COUGILL LLP**

By:  *Thomas L. Cougill*
  THOMAS L. COUGILL
  Texas State Bar No. 04877300
  Louisiana State Bar No. 31112
  R. MARK WILLINGHAM
  Texas State Bar No. 21641500
  JEFFREY P. FULTZ
  Texas State Bar No. 00790728
  Mississippi Bar No. 101058
  Niels Esperson Building
  808 Travis Street, Suite 1608
  Houston, Texas  77002
  (713) 333-7600 – Telephone
  (713) 333-7601 – Facsimile

  **Attorneys for Jayco, Inc.**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing pleading was filed electronically using the CM/ECF system.  Notice of this filing will be forwarded to all known counsel by operation of the court's electronic filing system.  I also certify that I have e-mailed a copy of this filing to any non-CM/ECF participants on this the 22nd day of February, 2012.

*Thomas L. Cougill*
THOMAS L. COUGILL