UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION | MDL NO. 1873<br><br>JUDGE ENGELHARDT<br><br>MAG. JUDGE CHASEZ |

**THIS DOCUMENT RELATES TO:**
*Ora Brock, et al v Recreation by Design, LLC, et al.*,
**Docket No. 009-5847**

---

## RESPONSE TO JANUARY 23, 2012 SHOW CAUSE ORDER

MAY IT PLEASE THE COURT:

Counsel Jonathan B. Andry, through his undersigned counsel, submits this memorandum is in response to this Court's January 23, 2012 Show Cause Order wherein it requested that Mr. Andry show cause in writing why his conduct was not in violation of Federal Rule of Civil Procedure 11(b). That rule provides that:

> **(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

1

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

FED. R. CIV. P. 11(b).

In its Order, this Court requested that Mr. Andry respond concerning statements that he did not received an e-mail notification of the Motion to Dismiss in question, to respond concerning his statements that he never received the notice that a Motion to Dismiss had been filed, and to respond to what the Court termed "further statements and frivolous legal arguments." This Court then ordered that on or before Wednesday, February 22, 2012, Jonathan Andry shall show cause in writing "why his conduct in connection with the above has not violated" Rule 11(b). The following is a response to this Court's request and is being offered as an explanation of events and circumstances and not as an attempt to deflect culpability.

At the outset it is important for this Court to be cognizant of the fact that Mr. Andry takes his duty of candor towards the tribunal very seriously. Mr. Andry would never intentionally make any statement to any tribunal, particularly a Federal Court, that was not factually supported or that he did not believe to be

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

FED. R. CIV. P. 11(b).

In its Order, this Court requested that Mr. Andry respond concerning statements that he did not received an e-mail notification of the Motion to Dismiss in question, to respond concerning his statements that he never received the notice that a Motion to Dismiss had been filed, and to respond to what the Court termed "further statements and frivolous legal arguments." This Court then ordered that on or before Wednesday, February 22, 2012, Jonathan Andry shall show cause in writing "why his conduct in connection with the above has not violated" Rule 11(b). The following is a response to this Court's request and is being offered as an explanation of events and circumstances and not as an attempt to deflect culpability.

At the outset it is important for this Court to be cognizant of the fact that Mr. Andry takes his duty of candor towards the tribunal very seriously. Mr. Andry would never intentionally make any statement to any tribunal, particularly a Federal Court, that was not factually supported or that he did not believe to be

meritorious.  Mr. Andry submits that, while not the most articulate, that the pleading in question is not violative of Rule 11(b) in that it was made "to the best of [his] knowledge, information, and belief."  To the extent, however, this Court finds that the pleading was in violation, Mr. Andry stands fully responsible and hereby apologizes to this Court for such. The pleading was not offered in an attempt to mislead the Court or to deflect culpability from counsel. Instead it was offered because Mr. Andry was of the opinion that it would have been an injustice for the plaintiffs to have ***all*** their claims dismissed for "failing to provide their fact sheets" when their fact sheets were previously provided to the PSC and, as such, Mr. Andry thought to all the defendants.[1]

Mr. Andry submits that these facts must be viewed in the context of this MDL and in the context of his record at responding to other deficiency claims of the defendants to this Court.  As this Court has recently noted, since its inception, there are 4,693 cases are associated with this MDL with 4,103 of those cases currently pending.  *See* Order & Reasons at 2 (citing Joint Report No. 25 of Liaison and Government Counsel (Rec. Doc. 22939)), Doc. 24507 (2/13/12),  It has been estimated that more than 66,000 plaintiffs have submitted a Plaintiff Fact

---

[1] This situation is also unique in that it appears that plaintiffs' claims were dismissed *in toto* on the motion of Recreation by Design, LLC ("RBD') which appears may not have even been the correct entity identified by plaintiffs in the information contained in their fact sheets and based on the VIN number.

Sheet. *Id.* (citing Minutes to Status Conference (Sept. 16, 2011, 10:00 a.m.)). Mr. Andry represents approximately 126 such plaintiffs. In the context of this representation, Mr. Andry is forwarded on average 25 to 75 emails a day.

This situation is one where emails can be missed and/or inadvertently deleted. In making this representation, Mr. Andry is not attempting to deflect blame, but more to make this Court aware of the circumstances so that it can better interpret the statements made by Mr. Andry in the pleading in question. As this Court stated in its Order and Reasons relating to member case no. 09-4730 "In litigation as large and complex as this, with thousands of member cases, oversights are bound to occur." (Rec. Doc. No. 23558 in MDL 07-1873). Similarly, as this Court recently stated, "In litigation as large and complex as this, mistakes are bound to occur." (Rec. Doc. No. 24507 at 12).[2]

In the pleading at issue, Mr. Andry made the statements that he did not receive the email from RBD's counsel and that he did not receive notice of the Motion to Dismiss. These statements appear to be technically incorrect as borne out by the evidence submitted. The evidence clearly shows that these emails reached the computer network of Mr. Andry and that they were "deleted without

---

[2] Notably in that case, this Court reviewed a situation where a "plaintiffs' counsel mistakenly submitted an affidavit" as to certain facts that were incorrect. Doc. No. 24507 at 10. The Order at issue granted the plaintiff's Motion for Reconsideration, reinstated her claims, and did not reference that the filing of a factually erroneous affidavit by plaintiffs' counsel would subject plaintiffs' counsel to sanctions under Rule 11(b).

being read." As of this writing, Mr. Andry cannot unequivocally state whether the emails in question were caught up in the spam filter or whether they were inadvertently deleted. He can state unequivocally that regardless of the fact how they were deleted that they were and that he did not read them.

    Mr. Andry submits to this Court that in the pleading where he stated that he did not receive the emails in question he meant that he had not read the emails in question. It was not a situation, as confirmed by the evidence, where undersigned read the email(s), then deleted them, then represented to this Court that he did not receive the emails. Instead it was a statement that was factually correct to the extent that he had not received/read the emails and that he did not have notice of the motion to dismiss. As such, Mr. Andry was not intentionally misrepresenting or misleading this Court, but was actually representing the actual fact that he had not read the email.

    In the pleading in question, Mr. Andry stated that since counsel for the defendant made the representation that he received the email in question that undersigned would assume that he had in fact received the email. Mr. Andry then argued that the plaintiffs should not have their entire case dismissed because they had actually produced the fact sheet several months prior. Such arguments are clearly not indicative of someone attempting to convince this Court that he had not

received an email and that such fact is wholly dispositive. Consequently, Mr. Andry contends that his statements in question about the emails and the Motion to Dismiss are not violative of Rule 11 and he should not be sanctioned.

In its show cause order this Court also takes issue with counsel's representation that he did not receive notice of the Motion to Dismiss because the Motion was not filed in the individual case. In this portion of the pleading in question, undersigned clearly made the statement that:

> The Motion to Dismiss and supporting documentation was not filed in the correct case of *Ora Brock, et al v Recreation by Design, LLC, et al.*, Civil District Court of the Parish of Orleans, State of Louisiana, Civil Action No. 2009-07920, Section 11-G. Thus, undersigned counsel did not receive electronic notice of the filing. As undersigned counsel was not aware of the Motion to Dismiss, no Opposition was filed.

This Court took serious issue with this statement, and, to the extent that it states that the correct place for filing a motion related to this case was in Civil District Court (CDC) for the Parish of Orleans, this Court should have taken issue. Mr. Andry submits that the statement should have noted that the case should have been filed in the Eastern District of Louisiana federal court case of *Ora Brock, et al. v. Recreation Design, LLC, et al.* Case No. 09-5847. Mr. Andry further submits that, to the extent that the actual pleading states that the proper place was CDC, that it was a proofreading error by counsel. Such a statement is so far from correct that it sheds light on the fact that it was a mistake. Nonetheless, to the extent that

6

this Court is of the opinion that the statement is sanctionable, Mr. Andry would urge this Court to treat it for what it is –a proofreading error—as opposed to a contention that a motion should have been filed in state court after this case had been pending in this Court for several years.  This position is buttressed by the fact that, when the plaintiffs filed their Motion for Reconsideration, they filed it in the MDL heading with a reference to the *Ora Brock* case.

In the pleading in question, Mr. Andry made the statements that he learned of RBD's Motion to Dismiss when he received notice from the electronic filing system that this Court had entered its Order and Reasons dismissing the claims with prejudice. (Rec. Doc. No. 3 in docket no. 09-5847).  This notice was an electronic notice from this Court's CMF/ECF filing system. The Order and Reasons were entered into the individual case number, 09-5847, as opposed to solely in the MDL case number, 07-1873.  Thus, when Mr. Andry made the statement that the Motion to Dismiss should have been filed in the individual case of *Ora Brock et al. v. Recreation Design, LLC et al.*, he was referring to the actual docket sheet for the case as reflected by this Court's CMF/ECF system as that is the way that he received notice of the fact that the Motion to Dismiss had been filed and granted.

Mr. Andry has continuously responded to claimed deficiencies in fact sheets and in pleadings. Indeed, Mr. Andry responded to a deficiency on the plaintiffs in question in February 2009 and has responded to deficiencies regarding other plantiffs he represents.

The issue here is a notice problem and an email problem. Not to make excuses, but the facts are that Mr. Andry received the Notice of the Motion to Dismiss (and its granting) from Pacer, because the docket report, attached as exhibit A, shows that the Motion to Dismiss Order was filed in the electronic docket for *Brock v. Recreation Design*. Mr. Andry did not "receive" the earlier e-mails about the Motion to Dismiss because, he would suggest to the court in this context, "received" and "read" are synonymous. The fact is that, whether it was a spam issue where the e-mail got caught in the spam filter or whether it was accidently deleted or inadvertently deleted, Mr. Andry never received the e-mail. Mr. Andry's record with this Court in this MDL clearly indicates that had he received/read the email he would have responded promptly to the issues contained therein particularly if it was pertaining to a hearing or a motion before the Court. Clearly as indicated by the record of this case, Mr. Andry has previously responded to deficiencies associated with the specific fact sheets of Ora Brock which he

provided to the Plaintiffs' Steering Committee and which he had assumed that the other side had prior to the filing of the motion.

                By:   */s/ James M. Garner*
                    JAMES M. GARNER (#19589)
                    MARTHA Y. CURTIS (#20446)
                    SHER GARNER CAHILL RICHTER KLEIN & HILBERT, LLC
                    909 Poydras Street, 28th Floor
                    New Orleans, LA  70112
                    Telephone: (504) 299-2100
                    Facsimile: (504) 299-2300
                    Email: jgarner@shergarner.com
                    COUNSEL FOR JONATHAN B. ANDRY

## **CERTIFICATE OF SERVICE**

     I hereby certify that the above and foregoing pleading was served on all counsel of record through electronic notification pursuant to the electronic filing in the United States District Court for the Eastern District of Louisiana this 22nd day of February, 2012.

                    /s/James M. Garner
                      James M. Garner