UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCT | * | |
| LIABILITY LITIGATION | * | |
| | * | SECTION "N-5" |
| THIS DOCUMENT RELATES TO: | * | |
| Case Nos. 09-8635-*Tolliver v. Forest River* | * | JUDGE ENGELHARDT |
| 09-8636-*Butler v. Forest River* | * | |
| | * | MAG. JUDGE CHASEZ |

* * * * * * * * * * * * * * * * * * * * * *

### MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION

**MAY IT PLEASE THE COURT:**

Forest River, Inc. ("Forest River") respectfully moves this Honorable Court for reconsideration, pursuant to Rule 59 and Rule 60(b) of the Federal Rules of Civil Procedure. Specifically, Forest River seeks reconsideration of the Court's January 25, 2012 Orders [Rec. Docs. 24301 and 24303] granting Plaintiffs' Motions for Leave to Amend to Add Plaintiffs [Rec Docs. 24016 (the "*Tolliver*" motion) and 24017 (the "*Butler*" motion)], and urges this Honorable Court to vacate its prior Orders and deny Plaintiffs' Motions for Leave to Amend to Add Plaintiffs.

In these matters, Forest River did not file Oppositions in response to Plaintiffs' Motions for Leave to Amend to Add Plaintiffs because Forest River was not aware of their filing as more fully explained below. Had Forest River been aware of the filing of these motions, Forest River would have submitted the attached memorandum in opposition.

### BACKGROUND

A.  *Tolliver* Plaintiffs

The *Tolliver* Plaintiffs requested by motion on December 30, 2011 that this Court grant leave to amend their original complaint in the *Tolliver, et al v. Forest River, et al,* matter to add

Jane Coleman and Kentrell Butler as plaintiffs. [Rec. Doc. 24016]. In their memorandum in support, Plaintiffs claimed that Jane Coleman and Kentrell Butler originally sued defendants in *Davis, et al., v. Liberty Mutual, et al.,* E.D. La. No 09-8464 against Liberty Mutual, et al., or *Bellazar, et al., Gulf Stream Coach, et al.,* E.D. La. No 09-4108. [Rec. Doc. 24016-1, at p. 1]. They alleged, however, it had "become apparent" that Forest River was the proper manufacturer defendant. *Id*. As more fully explained below, due to a mistake, error, and/or excusable neglect, Forest River did not timely file an opposition to this motion. Subsequently, this Honorable Court thereafter ruled on the aforesaid Motion, granting Plaintiff's Motion to Amend to Add Plaintiffs on January 25, 2012. [Rec. Doc. 24301].

    B. *Butler* Plaintiffs

The *Butler* Plaintiffs requested by motion also on December 30, 2011 that this Court grant leave to amend their original complaint in the *Butler, et al v. Forest River, et al* matter to add Barbara Harris, David Turner, Alicia Hall-Turner, Alicia Hall-Turner o/b/o D.H., and Alicia Hall-Turner H.T. as plaintiffs. [Rec. Doc. 24017]. In their memorandum in support, Plaintiffs claimed that they originally sued defendants in *Alexander, et al., v. Gulf Stream Coach, et al.,* E.D. La. No 09-8470 or *Nelson, et al., American International Specialty Lines Co.,* E.D. La. No 10-2479. *See* Rec. Doc. 24017-1, at p. 1. Identical to the claims in the *Tolliver* motion, these plaintiffs alleged it had "become apparent" that Forest River was the proper manufacturer defendant. *Id.* As more fully explained below, due to a mistake, error, and/or excusable neglect, Forest River did not file a timely opposition to this motion. Subsequently, this Honorable Court thereafter ruled on the aforesaid Motion, granting Plaintiff's Motion to Amend to Add Plaintiffs on January 25, 2012.

## LAW

The Fifth Circuit has held that a Motion for Reconsideration is to be treated as either a "Motion to Alter or Amend under Rule 59(e) or Motion for "Relief from Judgment" under Rule 60(b)." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F. 2d 167, 174 (5th Cir. 1990).[1] This motion has been brought within twenty-eight days, and thus is timely filed under the Fed. R. Civ. P. 59(e). In the alternative, Forest River brings this Motion for Reconsideration under Fed. R. Civ. P. 60(b).

    A. Rule 59(e)

The Fifth Circuit has stated repeatedly that "Rule 59(e) relief is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Schiller v. Physicians Res. Grp Inc.*, 342 F.3d 563, 567 (5th Cir.2003); *see also Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 419 (5$_{th}$ Cir. 2010); *Marseilles Homeowners Condo. Ass'n Inc. v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1058 (5$_{th}$ Cir. 2008) ("A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence.'"); *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir.2004) (a Rule 59(e) motion "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence"), *cert. denied*, 543 U.S. 976 (2005); *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir.2003) ("[A] motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments

---

[1] Which rule applies depends upon when the motion was filed. *Texas A&M Research Foundation v. Magna Transp., Inc.*, 338 F.3d 394 (5th Cir. 2003). If the motion was filed within twenty-eight days after the entry of judgment or order at issue, the motion can be brought under 59(E). Fed. R. Civ. P. 59(e). If it is filed after that time, it falls under Rule 60(b). *Texas A&M Research Foundation v. Magna Transp., Inc.*, 338 F.3d 394 (5th Cir. 2003). This court entered the Orders in these matters on January 25, 2012.

which could, and should, have been made before the judgment issued.") (internal quotations omitted).[2]

In exercising its discretion under Rule 59(e), the court "must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir.1993). In balancing these interests, courts consider the following non-inclusive factors: "(1) the reasons for the plaintiffs' default, (2) the importance of the evidence to the plaintiffs' case, (3) whether the evidence was [previously] available to plaintiffs ..., and (4) the likelihood that the defendants will suffer unfair prejudice if the case is reopened." *Ford v. Elsbury*, 32 F.3d 931, 937-38 (5th Cir.1994); *see also Texas A & M Research,* 338 F.3d at 400-01.

B.  Rule 60(b)

The Court should refrain from altering or amending a judgment under Rule 60(b) unless one of the following grounds is present:

1. mistake, inadvertence, surprise, or excusable neglect;

2. newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

3. fraud, misrepresentation, or other misconduct of an adverse party;

4. the judgment is void

5. the judgment has been satisfied, released, or discharged or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

6. any other reason justifying relief from operation of the judgment.

---

2 However, at least one panel of the Fifth Circuit has suggested that "[t]his standard is too stringent," opting instead for a balancing of equitable factors. *See Estate of Sturges v. Moore*, 73 Fed. Appx. 777, 2003 WL 22100834 at *1 (5th Cir. 2003) (unpublished opinion). Which standard applies is not dispositive here, for even under the more lenient approach of balancing the equities, the Court does not find relief under Rule 59(e) to be warranted, as discussed more fully below.

**ARGUMENT**

The Orders granting Plaintiffs' Motions for Leave to Amend to Add Plaintiffs in the *Tolliver* and *Butler* matters should be vacated because Forest River failed to timely oppose Plaintiffs' motions as a result of mistake, inadvertence, and/or excusable neglect, and equitable considerations show that justice requires it.  Plaintiffs filed their Motions for Leave to Amend to add Plaintiffs with this Honorable court on Friday, December 30, 2011, just before the New Year's Holiday weekend.  Forest River was unaware of the filing of these motions until receiving notice of the Court's January 25, 2012 Orders granting said motions.  At that time, Forest River was prompted to look back through its records, which lead it to discover that they had previously received notice of the filings of the motions from Defense Liaison Counsel ("DLC").

Forest River actually received notice of the filing from DLC on Monday, January 2, 2012, a day the undersigned's offices were closed in observance of the New Year's Holiday.  Upon returning to work on Tuesday and sifting through a backlog of emails received over the holiday weekend, the undersigned and its staff inadvertently missed the particular email from DLC containing these motions.  As this Court is presumably aware, Defendants in the MDL receive an extraordinary amount of emails regarding this litigation on a daily basis.  While Defendant understands it has a duty of diligence to monitor these filings, in litigation as large and complex as this, oversights are bound to occur, as this court has recognized.  *See* Rec. Doc. No. 25558.  The reason for this very motion is an example of such an inevitable oversight, which has resulted in Forest River's failure to timely oppose both the *Tolliver* and *Butler* Motions for Leave.  While Forest River has had a habit of diligently monitoring these emails in the past, in this particularly instance, the undersigned clearly made an oversight.  The January 2, 2012 email, titled "Motions for Leave to Amend to Add Plaintiffs," contained several motions related to

other cases and their accompanying documents, including those relating to both *Tolliver* and *Butler*. Counsel for Forest River surmises that this email may have been glanced over, not realizing it contained pleadings pertaining to Forest River, as the first group of attached documents concerned a non-Forest River case. This was an uncharacteristic mistake on our behalf. On that basis, Forest River requests that its requested relief be granted.

Contributing to Forest River's mistake was a lack of prior notice of the subject motions from Plaintiffs' counsel. Despite Plaintiffs' assertions in its Rule 7.6 Certificates of Compliance for both the *Tolliver* and *Butler* motions, stating that Plaintiffs' counsel attempted to contact counsel for Forest River and received no response, the undersigned has checked its email and U.S. Mail records and no evidence of Plaintiffs' alleged attempts to contact the undersigned could be located. In fact, upon receiving notice of the Orders granting Plaintiffs' motions in both the *Tolliver* and *Butler* matters, that very same day a staff member at the undersigned's office contacted plaintiffs' counsel inquiring about their cited attempts to contact Forest River, and asking them to produce copies of the same. *See* email dated January, 30, 2012, attached hereto as Ex. "A". To date, Plaintiffs' counsel has yet to respond to this email.

While it is likely the plaintiffs' counsel would not make such a representation to this Court if it did not believe it to be true, in the event that this representation is found to be inaccurate, then plaintiffs' filing of its Motion for Leave to Amend to Add Plaintiffs would be in violation of Pre-Trial Order No. 10. Pre-trial Order No. 10 requires that "Before any motion is filed with the Court, counsel for the movant shall contact opposing counsel to determine whether the motion is actually opposed." [Rec. Doc. No. 301]. Thus, in the event that Plaintiffs failed to comply with Pre-Trial Order No. 10, justice would require that this Court reconsider its previous rulings and allow Forest River an opportunity to present its opposition.

Had Forest River received notice from Plaintiffs' counsel regarding the filing of this motion, and/or had Forest River been aware of the filing notice from DLC, Forest River would have submitted the accompanying opposition.  In fact, Forest River was geared up to oppose an Amended Petition for Damages in the *Tolliver* matter when it received notice of the Court's Order seemingly granting motion.  Perplexed at the apparent prematurity of the *Tolliver* Order, the undersigned conducted an investigation which revealed that Plaintiffs' counsel had in fact filed the exact same motion twice to add the same plaintiffs to the *Tolliver* matter [*see* Rec. Doc. 24016 filed December 30, 2011 and Rec. Doc. 24203 filed January 18, 2012].  As demonstrated, counsel for Forest River inadvertently missed notice of the filing of the first *Tolliver* motion, but was fully aware of the second motion.[3]  Had Forest River not mistakenly missed the notice of the filing of Plaintiff's December 30, 2011 motion, Forest River would have timely filed an opposition similar to the one it was preparing to file in response to Plaintiffs' January 18, 2012 motion.

Forest River should be given an opportunity to be heard so that the Motions for Leave may be fully considered on the merits.  As set forth in the accompanying opposition, Forest River would be significantly prejudiced by having to face claims of new plaintiffs at this time

---

3 In the late afternoon of January 18, 2012, Defense Liaison Counsel sent notice of the filing of Plaintiffs' Amended Complaint for Damages in the *Tolliver* matter.  [Rec. Doc. 24203].  The undersigned's office reviewed this email the next morning on January 19, 2012, while Forest River was engaged in mediation for this litigation.  Also received on January 18, 2012 (and reviewed by counsel's office on January 19, 2012), was a Notice of Submission, setting Plaintiff's Motion for Leave to Amend (without referencing a Rec. Doc. number for a Motion for Leave) for that very same afternoon, at 4:20 p.m.  [Rec. Doc. 24205].

Confused by this Notice of Submission set for the afternoon of January 18, 2012, Counsel for Forest began immediately drafting an opposition to this Amended Complaint for Damages the next morning, but ceased doing so upon receiving notice from Defense Liaison Counsel that the filing of the Motion was deficient for failure to file a Motion for Leave with it.  *See* Email dated January 19 2012, attached hereto as Ex. "B".  This deficiency notice stated that the "document must be refiled in its entirety within seven (7) calendar days. Otherwise, it may be stricken by the court without further notice. Deficiency remedy due by 1/26/2012."  *Id.*  Taking note of this deficiency, Forest River then meticulously monitored its emails for a corrected filing of plaintiff's motion.  Upon receipt, the undersigned would have then timely opposed the motion. Instead of receiving notice Plaintiffs had re-filed their motion, Forest River received notice of the Court's Order granting Plaintiffs' Motion for Leave to Amend to Add Plaintiffs, referencing Rec. Doc. 24016.  [*see* Rec. Doc. 24301].

7

without having been given a chance to state its opposition on the same grounds recently considered and found meritorious by this Court. The only consequence to the Plaintiffs is that their motion will now be opposed, which Plaintiffs' counsel would have been informed of had Forest River been aware that the motions were going to be filed in the first place

## CONCLUSION

Based upon the foregoing, Forest River did not file an Opposition to Plaintiffs' Motions for Leave to Amend to add Plaintiffs in the *Tolliver* and *Butler* cases because Forest River was not aware of their filing due to a mistake, inadvertence, and/or excusable neglect. In the interest of justice, Forest River should be given an opportunity to present its opposition to these motions. Accordingly, Forest River respectfully requests this Court to reconsider its Orders entered January 25, 2012.

Respectfully Submitted,

**GIEGER, LABORDE & LAPEROUSE, LLC**

BY: /s/ Ernest P. Gieger, Jr.
ERNEST P. GIEGER, JR. (6154)
ANDREW A. BRAUN (#3415)
J. MICHAEL DIGIGLIA (24378)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139-4800
Telephone: (504) 561-0400
Facsimile: (504) 561-1011
egieger@glllaw.com
abraun@glllaw.com
mdigiglia@glllaw.com
**ATTORNEYS FOR FOREST RIVER, INC.**

## **CERTIFICATE OF SERVICE**

I do hereby certify that a true and correct copy of the forgoing document has been served upon counsel of record as indicated below in accordance with the Federal Rules of Civil Procedure on February 22, 2012 via electronic filing.

/s/ Ernest P. Gieger, Jr.