UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCT | * | |
| LIABILITY LITIGATION | * | |
| | * | SECTION "N-5" |
| THIS DOCUMENT RELATES TO: | * | |
| Case No. 09-8635-*Tolliver v. Forest River* | * | JUDGE ENGELHARDT |
| 09-8636-*Butler v. Forest River* | * | |
| | * | MAG. JUDGE CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## FOREST RIVER'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTIONS FOR LEAVE TO AMEND TO ADD PLAINTIFFS

**MAY IT PLEASE THE COURT:**

Defendant, Forest River, Inc. ("Forest River"), through undersigned counsel, submits this memorandum in opposition to the plaintiffs' Motions for Leave to Amend to Add Plaintiffs (Rec. Doc. Nos. 24016 and 24017) that seek to add plaintiffs to the above captioned matters.

### BACKGROUND

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008 the Court issued Pre-Trial Order ("PTO" or "Order") No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet" (PFS), which would serve as the substitute for the initial rounds of Interrogatories and Requests for Production of Documents in a more standardized and simplified format. Rec. Doc. No. 87. The Order also established a process for "curing" these fact sheets when any particular plaintiff failed to comply with its obligation to submit a properly completed PFS Sheet. In outlining the curing process, the Order stated that when any plaintiff failed to materially comply with the

obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id.* at p. 8—9. The letter would specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id.*

Subsequently, on March 18, 2009, the Court amended PTO No. 2 with PTO No. 32 as to the due dates for these same PFSs. Rec. Doc. No. 1180. Because of the large number of cases being filed in the summer of 2009, PTO No. 32 provided new deadlines for the production of the PFSs and it also retained the same curing procedure as was set forth in PTO No. 2.

On May 27, 2009 the Court entered PTO No. 38 thereby placing on each plaintiff the burden of identifying and naming the sole manufacturer responsible for erecting the FEMA unit in which he or she was housed. Rec. Doc. No. 1596. For complaints that had already been filed or transferred to this Court as of December 9, 2009, the deadline to complete this matching expired twenty days thereafter, on December 29, 2009. *See* Pre-Trial Order No. 49 (Rec. Doc. 8908). For complaints not already filed or transferred to this Court by December 9, 2009, the pre-trial order requires that plaintiffs "shall be matched with a specific manufacturing defendant within 45 days of the date of the filing of the Complaint." *Id*. (emphasis omitted). Pre-Trial Order No. 45 further provides that the matching deadline is subject to extension "for good cause shown." *Id.* The above listed complaints were filed on December 29, 2009. Thus, plaintiffs' deadlines for matching to the correct, single manufacturing defendant expired 45 days later, on February 12, 2010 for each of the above listed cases. If the plaintiffs seeking to be amended in were some of the plaintiffs who had trouble obtaining matching information, and their attorneys fulfilled the strict requirements for participating in the "last chance" matching process

established by the Court, then their deadline for participating in this process would have been August 2, 2010.  *See* Amended Pre-Trial Order No. 68 Concerning Deadlines for Matching and Filing (Rec. Doc. 14779).  While Plaintiffs' counsel have not given any indication that the plaintiffs at hand participated in the "last chance" process, at the very latest, the deadline for matching the plaintiffs with the correct manufacturing defendant expired more than a year ago. Thus, Plaintiffs' Motion for Leave to Amend to Add Plaintiffs is not timely.

## LAW AND ARGUMENT

### A. Federal Rule 16(b) Analysis

Federal Rule 16(b) "governs amendment of pleadings after a scheduling order has expired."[1] Additionally, Rule 16(b) provides that once a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). The Fifth Circuit has made clear that the "good cause" standard requires that the party "seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."[2]

The Fifth Circuit has provided four factors to determine whether "good cause "exists: (1) the explanation offered about why the party failed to timely move for leave; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.[3]

This Court has previously noted that because it entered PTO No. 49 which established deadlines for filing amendments based upon matching a plaintiff to the proper manufacturer or contractor, Rule 16 is applicable when determining whether leave for amendment of a complaint

---

1 *S&W Enterprises, L.L.C. v. Southtrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003).
2 *Id*. at 535.
3 *Id.*

3

should be granted.[4]  Thus, the plaintiffs' seeking to amend the *Tolliver* and *Butler* complaints must establish good cause, permitting them to file an amended complaint after all deadlines for doing so have expired.

Regarding the first factor, plaintiffs offer no explanation whatsoever for their failure to timely file pleadings necessary to comply with this Court's matching deadlines.  Plaintiffs only state in their supporting memorandum that "it has become apparent that Forest River is the proper manufacturer defendant and Shaw Environmental is the proper contractor defendant." [Rec. Doc. 24016-1, p.1, and Rec. Doc. 24017-1, p.1-2].  Plaintiffs offer no explanation as to why they were unable with diligence to meet the Court's matching deadlines with regard to these claims.  Instead, plaintiffs merely assert that "[b]ecause other plaintiffs in [*Tolliver/Butler*] are properly matched to Forest River this amendment is necessary to move the above-referenced claimants to a complaint with the same posture."  *Id, p.1-2*.  Thus, Plaintiffs have not described any exigent or equitable circumstances that might provide a basis for the proposed amendment, nor have they offered an adequate explanation why they failed to timely move for leave, and thus they cannot satisfy the first element.

While the second factor, the "importance" of the amendment, may weigh in favor of plaintiffs, this Court has previously held that satisfying this factor by itself is not dispositive.[5]

Finally, the third and fourth factors weigh strongly against the proposed amendments.  As this Court has recently ruled in similar motions, "the potential prejudice in allowing the amendment is enormous", and "the continuance of deadlines would only serve to compound the

---

4 *See* Order and Reasons, Rec. Docs. 24369, 24367, 24370, 24369.
5 *See* Rec. Doc. No. 22999, p. 5.

prejudice."[6] Only upon the filing of Plaintiffs' motions, four years after this MDL was created, has Forest River received notice that these plaintiffs allegedly resided in a Forest River unit.

As such, the opportunity for Forest River to ensure that these plaintiffs have complied with PTO Nos. 2, 32, and 88 as they relate to PFS has long since passed.  Therefore, Forest River would be unduly prejudiced if these plaintiffs were allowed to be added at this point in the litigation.

Additionally, as the Court has previously noted, reopening the matching deadlines at this point would render the deadlines "truly meaningless."[7] Furthermore, doing so would prejudice the defendants, plaintiffs' counsel, the Court, and the plaintiffs who have already complied with this Court's deadlines.[8] Allowing the plaintiffs in these actions to amend their complaints will no doubt negatively impact this Court's efficient administration of justice as it pertains to these plaintiffs and similarly situated previously-undisclosed plaintiffs in this MDL.  Thus, the Court should not permit that to happen.

B. **Federal Rule 15(a) Analysis**

Just as the Court has previously denied similar styled motions for leave to amend outside of its imposed matching deadlines under a Rule 16(b) analysis, it has likewise held that such motions would also fail under a Rule 15(a) analysis.[9] This is because in exercising its discretion under Rule 15, the Court may evaluate "undue delay [and] undue prejudice" as part of a request for amendment under Rule 15.[10] Moreover, when conducting the Rule 15 analysis, the Court

---

6 *Id.*
7 *Id*.
8 *Id.*
9 *Id.*
10 *Whitaker v. City of Houston, TX,* 963 F.2d 831, 836 (5th Cir. 1992) (citation omitted); *see also Torch Liquidating Trust ex. rel. Bridge Assoc., LLC v. Stockstill*, 561 F.3d 377, 391 (5th Cir. 2009) ("Although Rule evinces a bias in favor of granting leave to amend, it is not automatic.... [C]ourts consider such equitable factors as...undue delay...."); *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 644 (5th Cir. 2007) ("Although Rule 15(a) states that leave to

should also evaluate whether the moving party failed to take advantage of earlier opportunities to amend." [11] In these matters, the plaintiffs have not provided an explanation as to the lateness of the filing of their proposed amendments.

The plaintiffs argue that their proposed amendments are timely under the relation back provisions of Rule 15(c). However, as already set forth, the Court in this case entered a PTO that set the deadlines for filing amendments based upon matching a plaintiff to the proper manufacturer. *See* PTO 49 Rec. Doc. 8908. Such an amendment is precisely what the plaintiffs seek to do here, long after the deadline to do so has expired.

Thus, even under a Rule 15 standard, the Plaintiffs have not provided sufficient evidence such that their motions for leave to amend should be granted.

## CONCLUSION

For the reasons set forth above, Forest River urges this Honorable Court to deny Plaintiffs' Motions for Leave to Amend to Add Plaintiffs in the *Tolliver* and *Butler* matters.

Respectfully Submitted,

**GIEGER, LABORDE & LAPEROUSE, LLC**

BY: /s/ Ernest P. Gieger, Jr.
ERNEST P. GIEGER, JR. (6154)
ANDREW A. BRAUN (#3415)
J. MICHAEL DIGIGLIA (24378)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana  70139-4800
Telephone:  (504) 561-0400
Facsimile:  (504) 561-1011
egieger@glllaw.com
abraun@glllaw.com
mdigiglia@glllaw.com
**ATTORNEYS FOR FOREST RIVER, INC.**

---

amend 'shall be freely given when justice so requires,' the district court may consider that the moving party failed to take advantage of earlier opportunities to amend.")
11 *Lozano v. Owen Fed. Bank, FSB,* 489 F.3d 636, 644 (5th Cir. 2007).

## **CERTIFICATE OF SERVICE**

      I do hereby certify that a true and correct copy of the forgoing document has been served upon counsel of record as indicated below in accordance with the Federal Rules of Civil Procedure on February 22, 2012 via electronic filing.

                                            /s/ Ernest P. Gieger, Jr.