UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER  
     FORMALDEHYDE PRODUCTS  
     LIABILITY LITIGATION

MDL NO. 07-1873

SECTION "N" (5)

THIS DOCUMENT RELATES TO MEMBER  
CASES 10-4118, 10-4119, 10-4125, 10-4126,  
10-4127, 10-4128, 10-4130

## ORDER AND REASONS

Before the Court are the following motions: (1) a Motion to Remand filed by Plaintiffs in Civil Action 10-4128 **(Rec. Doc. 17826)**; (2) a Motion to Remand filed by Plaintiffs in Civil Action 10-4118 **(Rec. Doc. 17827)**; (3) a Motion to Remand filed by Plaintiffs in Civil Action 10-4119 **(Rec. Doc. 17834)**; (4) a Motion to Remand filed by Plaintiffs in Civil Action 10-4130 **(Rec. Doc. 17836)**; (5) a Motion to Remand filed by Plaintiffs in Civil Action 10-4125 **(Rec. Doc. 17882)**; (6) a Motion to Remand filed by Plaintiffs in Civil Action 10-4126 **(Rec. Doc. 17884)**; and (7) a Motion to Remand filed by Plaintiffs in Civil Action 10-4127 **(Rec. Doc. 17885)**.

**A. BACKGROUND:**

Each of the referenced cases was filed in a Mississippi state court, removed to the United States District Court for the Southern District of Mississippi, and then transferred by the MDL panel to this Court. Each of them arises from operative facts that are the subject of multidistrict litigation ("MDL") ongoing in this Court before the undersigned, entitled *In re: FEMA Trailer Formaldehyde Products Liability Litigation*, MDL No. 07-1873.

The plaintiffs in the MDL are individuals who resided in emergency housing units provided by the Federal Emergency Management Agency ("FEMA") after Hurricanes Katrina and Rita. In general, they claim injuries resulting from alleged exposure to the release of formaldehyde and/or

formaldehyde vapors in these units.  Plaintiffs have sued over 100 entities, including the Government.  In all, 4721 cases are associated with this MDL, 3999 of which are currently active. *See* Joint Report No. 29 of Liaison and Government Counsel (Rec. Doc. 24394).  It has been estimated that more than 66,000 plaintiffs have submitted a Plaintiff Fact Sheet.  *See* Minutes to Status Conference (Sept. 16, 2011, 10:00 a.m.).

    **1. Motion to Remand filed by Plaintiffs in Civil Action 10-4128 (Rec. Doc. 17826):**

On June 1, 2010, plaintiffs Catherine and James Mayes filed a complaint for damages in the Circuit Court of Pearl River County, Mississippi, against defendant Madison Services, Inc. ("Madison") and various John Doe defendants.  (MDL Rec. Doc. 17826-1).  Madison was served on August 19, 2010 (MDL Rec. Doc. 17826-2), and filed a Notice of Removal on September 17, 2010.  (10-4128, Rec. Doc. 1).  Madison based its removal on the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), and the Federal Officer Removal Statute, 28 U.S.C. § 1442(a). Because the Court finds that Madison was entitled to remove pursuant to section 1442(a), the Court need not address the arguments regarding possible jurisdiction under CAFA.

    **2. Motion to Remand filed by Plaintiffs in Civil Action 10-4118 (Rec. Doc. 17827):**

Plaintiffs Brian and Holly Carpenter filed a complaint on June 1, 2010, and on June 29, 2010, filed an amended complaint for damages in the Circuit Court of Hancock County, Mississippi, against defendants Doug Boyd Enterprises, LLC, Gulf Stream Coach, Inc. ("Gulf Stream"), Dutchmen Manufacturing, Inc., Superior Homes, LLC, Bechtel National, Inc. ("Bechtel"), CH2M Hill Constructors, Inc. ("CH2M"), and various John Doe defendants.  (Rec. Doc. 17827-1).  Gulf Stream was served on August 6, 2010 (Rec. Doc. 17827-2), and filed a Notice of Removal on August 25, 2010.  (Rec. Doc. 18481-3).  Gulf Stream based its removal on diversity jurisdiction

under 28 U.S.C. § 1332, the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), and the Federal Officer Removal Statute, 28 U.S.C. § 1442(a). CH2M was served on August 19, 2010 (Rec. Doc. 17827-5), and on September 8, 2010, filed "CH2M Hill Constructors, Inc.'s Joinder in and Notice of Additional Grounds for Removal," asserting its own separate basis for removal pursuant to section 1442(a). (Rec. Doc. 18489-4). Because the Court finds that CH2M was entitled to remove pursuant to section 1442(a), the Court need not address arguments regarding whether Gulf Stream was also entitled to remove pursuant to that provision or whether diversity jurisdiction exists either with or without CAFA.

### 3. Motion to Remand filed by Plaintiffs in Civil Action 10-4119 (Rec. Doc. 17834):

On June 1, 2010, plaintiff Melissa Sommerville, on behalf of her minor child, filed a complaint for damages in the Circuit Court of Harrison County, Mississippi, against defendants Gulf Stream, CH2M, and various John Doe defendants. (Rec. Doc. 17834-1). Gulf Stream was served on August 6, 2010 (Rec. Doc. 17834-2), and filed a Notice of Removal on August 25, 2010. (Rec. Doc. 18469-1). Gulf Stream based its removal on diversity jurisdiction under 28 U.S.C. § 1332, the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), and the Federal Officer Removal Statute, 28 U.S.C. § 1442(a). CH2M was served on August 19, 2010 (Rec. Doc. 17834-3), and on September 8, 2010, filed "CH2M Hill Constructors, Inc.'s Joinder in and Notice of Additional Grounds for Removal," asserting its own separate basis for removal pursuant to section 1442(a). (Rec. Doc. 18487-2). Because the Court finds that CH2M was entitled to remove pursuant to section 1442(a), the Court need not address arguments regarding whether Gulf Stream was also entitled to remove pursuant to that provision or whether diversity jurisdiction exists either with or without CAFA.

**4. Motion to Remand filed by Plaintiffs in Civil Action 10-4130  (Rec. Doc. 17836):**

On May 28, 2010, plaintiff Jessica Hammons on behalf of her minor children filed a complaint for damages in the Circuit Court of Madison County, Mississippi, against defendants Madison, Bechtel, Vanguard Industries of Michigan, and various John Doe defendants. (Rec. Doc. 17836-1).  Bechtel was served on August 27, 2010 (Rec. Doc. 17836-2), and filed a Notice of Removal on September 24, 2010.  (10-4130, Rec. Doc. 1).  Bechtel based its removal on the Federal Officer Removal Statute, 28 U.S.C. § 1442(a), and CAFA, 28 U.S.C. § 1332(d).  Because the Court finds that Bechtel was entitled to remove pursuant to section 1442(a), the Court need not address the arguments regarding possible jurisdiction under CAFA.

**5. Motion to Remand filed by Plaintiffs in Civil Action 10-4125 (Rec. Doc. 17882):**

On June 1, 2010, plaintiff Sheila Spiers, individually and on behalf of her minor children, filed a complaint for damages in the Circuit Court of Pearl River County, Mississippi, against defendants Motex Enterprises, Inc., Keystone Industries, Inc., Sunnybrook RV, Inc., Madison, Bechtel, and various John Doe defendants. (Rec. Doc. 17882-1).  Bechtel was served on August 19, 2010 (Rec. Doc. 18496-1), and filed a Notice of Removal on September 17, 2010.  (10-4125, Rec. Doc. 1).  Bechtel based its removal on the Federal Officer Removal Statute, 28 U.S.C. § 1442(a), and CAFA, 28 U.S.C. § 1332(d).  Because the Court finds that Bechtel was entitled to remove pursuant to section 1442(a), the Court need not address the arguments regarding possible jurisdiction under CAFA.

**6. Motion to Remand filed by Plaintiffs in Civil Action 10-4126 (Rec. Doc. 17884):**

Plaintiff Tina Cook, individually and on behalf of her minor children, filed a complaint on June 1, 2010, and on July 2, 2010, filed an amended complaint for damages in the Circuit Court of

Jackson County, Mississippi, against defendants Forest River, Inc., Bechtel, B&B Enterprises, Sims Construction, and various John Doe defendants. (Rec. Doc. 17884-1). Bechtel was served on August 19, 2010 (Rec. Doc. 17884-4), and filed a Notice of Removal on September 17, 2010. (10-4126, Rec. Doc. 1). Bechtel based its removal on the Federal Officer Removal Statute, 28 U.S.C. § 1442(a), and CAFA, 28 U.S.C. § 1332(d). Because the Court finds that Bechtel was entitled to remove pursuant to section 1442(a), the Court need not address the arguments regarding possible jurisdiction under CAFA.

7. **Motion to Remand filed by Plaintiffs in Civil Action 10-4127 (Rec. Doc. 17885):**

Plaintiffs Mary and Keith Crawford, individually and on behalf of their minor children, filed a complaint on June 1, 2010, and on July 2, 2010, filed an amended complaint for damages in the Circuit Court of Jackson County, Mississippi, against defendants Forest River, Inc., Bechtel, B&B Enterprises, Sims Construction, and various John Doe defendants. (Rec. Doc. 17885-1). Bechtel was served on August 19, 2010 (Rec. Doc. 17885-4), and filed a Notice of Removal on September 17, 2010. (10-4127, Rec. Doc. 1). Bechtel based its removal on the Federal Officer Removal Statute, 28 U.S.C. § 1442(a), and CAFA, 28 U.S.C. § 1332(d). Because the Court finds that Bechtel was entitled to remove pursuant to section 1442(a), the Court need not address the arguments regarding possible jurisdiction under CAFA.

B. **LAW AND ANALYSIS:**

"[W]hen faced with a motion to remand, it is the defendant's burden to establish the existence of federal jurisdiction over the controversy." *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998), *cert. denied*, 526 U.S. 1034 (1999). The federal officer removal statute provides, in relevant part:

> (a) A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> > (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office....

28 U.S.C. § 1442(a)(1). As the Supreme Court has explained, "the purpose of this provision is to protect the lawful activities of the federal government from undue state interference." *St. Bernard Port, Harbor & Terminal Dist. v. Violet Dock Port, Inc.*, 809 F. Supp. 2d 524, (2011) (Vance, J.) (citing *Willingham v. Morgan*, 395 U.S. 402, 406 (1969)). "Because of its broad language and unique purpose, the federal officer removal statute has been interpreted to operate somewhat differently than the general removal provision." *Id.* "Unlike the general removal statute, which must be 'strictly construed in favor of remand,' the federal officer removal provision's broad language must be liberally interpreted." *Id.* (internal citation omitted) (citing *Watson v. Philip Morris Cos. Inc.*, 551 U.S.142, 147 (2007) ("this Court has made clear that the statute [1442(a)] must be 'liberally construed' ")). "Also unlike the general removal provision, there is no requirement in the federal officer removal provision that the district court have original jurisdiction over the plaintiff's claim." *Id.*; *see Willingham*, 395 U.S. at 406 ("the right of removal under § 1442(a)(1) is made absolute whenever a suit in a state court is for any act 'under color' of federal office, regardless of whether the suit could originally have been brought in a federal court").[1] It is

---

[1] There is also no requirement that all defendants consent to the removal. *See, e.g., Doe v. Kerwood*, 969 F.2d 165, 168 (5th Cir. 1992) ("the ability of federal officers to remove without the consent of co-defendants is based on the language of the statute that gives them the right to remove."); *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006) ("Whereas all defendants must consent to removal under section 1441, a federal officer or agency defendant can unilaterally remove a case under section 1442."); *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1034-35 (10th Cir. 1998), *cert. denied*, 526 U.S. 1112 (1999). Thus, plaintiffs' arguments that

"meant to 'ensure a federal forum in any case where a federal official is entitled to raise a defense arising out of his official duties'... . [and] this right is not to be frustrated by a grudgingly narrow interpretation." *Winters*, 149 F.3d at 398 (quoting *Arizona v. Manypenny*, 451 U.S. 232, 241 (1981) and *Willingham*, 395 U.S. at 407)).

Where the defendant invoking section 1442(a) is a government contractor, the Fifth Circuit has adopted a three-part test for determining whether such contractor qualifies as a "person acting under [a federal] officer" who is "sued in an official or individual capacity for any act under color of such office." 28 U.S.C. § 1442(a). The contractor must prove that: (1) it is a "person" within the meaning of the statute; (2) it "acted pursuant to a federal officer's directions and that a causal nexus exists between the defendant's actions under color of federal office and the plaintiff's claims;" and (3) it has asserted a "colorable federal defense." *Winters*, 149 F.3d at 398-400.

Here, there is no serious argument with respect to the first factor. Each of the removing defendants is a corporate entity, which qualifies as a "person" within the meaning of the statute. *See Winters*, 149 F.3d at 398.

---

certain of the removals are defective because of late consents are without merit, as is plaintiffs' argument regarding the "first-served defendant" rule, which is a corollary of the "unanimity of consent" rule. *See Schillinger v. 360Networks USA, Inc.*, 2006 WL 1388876 (S.D. Ill. May 18, 2006) ("The rationale of the first-served defendant rule is that when a defendant who has been properly joined and served fails to effect timely removal, the defendant can no longer consent to removal by later-served defendants" because he has effectively waived his consent. Thus, "[w]here the requirement of unanimity is eliminated, so too is the first-served defendant rule."); *Plourde v. Ferguson*, 519 F. Supp. 14, 16 (D. Md.1980) (removal under § 1442 was timely where a defendant removed within 30 days of receipt of the initial pleading, notwithstanding the fact that an earlier-served defendant failed to effect timely removal).

"The second factor necessary for § 1442 removal is a finding that the defendants acted pursuant to a federal officer's directions and that a causal nexus exists between the defendants' actions under color of federal office and the plaintiff's claims." *Winters*, 149 F.3d at 398. As the Fifth Circuit and Supreme Court have admonished, this " 'color of federal office' requirement is neither 'limited' nor 'narrow,' but should be afforded a broad reading so as not to frustrate the statute's underlying rationale." *Id.* "On the other hand, the [Supreme] Court has clarified that the right to removal is not unbounded, and only arises when 'a federal interest in the matter' exists." *Id.* (quoting *Willingham*, 395 U.S. at 406).

This factor is likewise easily satisfied. With regard to Bechtel and CH2M, it is evident even from the face of the plaintiffs' complaints that these defendants were directed by FEMA to install and maintain the plaintiffs' emergency housing units (EHUs) and that a causal nexus exists between these assigned tasks and the plaintiffs' claims against the contractors (*i.e.*, that the contractors' negligence in performing these tasks caused and/or increased plaintiffs' exposure to formaldehyde in the units). *See, e.g.*, Rec. Doc. 17827-1, ¶¶ 31-51 ("In order to implement and manage its disaster response obligation and temporary housing obligations, FEMA engaged Defendants Bechtel and CH2M with No-Bid contracts.... Defendants Bechtel and CH2M were tasked with transportation, installation, .... maintenance and repair...of the units. ... Defendants Bechtel and CH2M, at every stage of their involvement, failed to warn the Plaintiff-occupant(s) of each temporary housing unit of the potential risk of hazardous and unsafe living conditions due to the presence of elevated levels of formaldehyde...."). The federal government's interest in the matter is made even more clear in the notices of removal filed by Bechtel and the notices of additional grounds for removal filed by CH2M.

In the case of Madison, the connection between FEMA and Madison is likewise clear. *See* Complaint, MDL Rec. Doc. 17826-1 at ¶¶ 4, 45 ("Defendant Madison...contracted directly or indirectly with FEMA and...was tasked with, amongst other things, performing significant functions in the transportation, delivery, installation, maintenance and repair...of the temporary housing units provided by FEMA to the victims of Hurricane Katrina. * * * Defendant Madison was required to perform maintenance work on Plaintiff's unit. Defendant Madison negligently failed or refused to provide adequate maintenance work...including failing to perform routine work, address concerns of Plaintiffs or warn of dangerous conditions."). Moreover, it is evident from the Notice of Removal, which makes clear that Madison, like Bechtel and CH2M, was tasked by FEMA with maintaining the EHUs. *See* Notice of Removal, Civil Action 10-4128, Rec. Doc. 1. This Court already has determined that FEMA issued reasonably precise specifications and exercised supervision and control with respect to its contractors' performance of maintenance tasks on the EHUs.[2] Consequently, the Court finds that the maintenance work performed by Bechtel, CH2M, and Madison was done at FEMA's direction and that a causal connection exists between these FEMA-assigned responsibilities and the plaintiffs' claims.[3]

---

[2] As discussed *infra*, the Court has dismissed the maintenance-based claims brought against CH2M and Bechtel on grounds that these claims are barred by the government contractor defense. *See* Rec. Doc. 18426. Inherent in this ruling is a finding that FEMA issued reasonably precise specifications for the maintenance work. Although claims against Madison were not addressed in that ruling, Madison's contract with FEMA is sufficiently similar in material respects to those of CH2M and Bechtel that the findings inherent in that ruling extend logically to Madison insofar as to establish Madison's right to have the merits of its defenses adjudicated in a federal court.

[3] Because the Court has found the second and third factors to be satisfied with regard to the maintenance related tasks and claims, the Court need not determine whether these factors might also be satisfied with respect to other claims, such as those related to installing the EHUs.

"The third and final factor necessary for removal pursuant to § 1442 is the assertion of a 'colorable federal defense.'" *Winters*, 149 F.3d at 400 (quoting *Willingham*, 395 U.S. at 406-07). To satisfy this requirement, a defendant need not establish that he will ultimately prevail in his defense. He "need not win his case before he can have it removed." *Willingham*, 395 U.S. at 407. To impose such a requirement would produce "the anomalous result of allowing removal only when the officers had a clearly sustainable defense. The suit would be removed only to be dismissed." *Id.* The Supreme Court has determined that "Congress certainly meant more than this when it chose the words 'under color of * * * office.'" *Id.* "In fact, one of the most important reasons for removal is to have the validity of the defense of official immunity tried in a federal court." *Id.*

In this case, the defendants have raised the government contract defense. The test for immunity under the government contractor defense is met where: "(1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States." *Winters*, 149 F.3d at 400 (quoting *Boyle v. United Techs. Corp.*, 487 U.S. 500, 512 (1988)). This Court already has dismissed the maintenance-based claims brought against CH2M and Bechtel on grounds that these claims are barred by the government contractor defense. *See* Rec. Doc. 18426. Thus, these defendants not only have asserted a colorable federal defense, they have established a meritorious one.[4] Consequently, the

---

[4] Although claims against Madison were not addressed in that ruling, Madison's contract with FEMA is sufficiently similar in material respects to those of CH2M and Bechtel that the findings inherent in that ruling extend logically to Madison insofar as to establish a colorable federal defense for purposes of section 1442. In so holding, the Court makes no finding whatsoever with respect to whether Madison's government contractor defense should or should not prevail on the merits.

third and final factor required for § 1442 removal has been met.

For the reasons stated above, the Court finds that removal was proper pursuant to 28 U.S.C. § 1442 and that jurisdiction is established in each of the referenced cases. Accordingly,

**IT IS ORDERED** that the following motions are hereby **DENIED**: (1) the Motion to Remand filed by Plaintiffs in Civil Action 10-4128 **(Rec. Doc. 17826)**; (2) the Motion to Remand filed by Plaintiffs in Civil Action 10-4118 **(Rec. Doc. 17827)**; (3) the Motion to Remand filed by Plaintiffs in Civil Action 10-4119 **(Rec. Doc. 17834)**; (4) the Motion to Remand filed by Plaintiffs in Civil Action 10-4130 **(Rec. Doc. 17836)**; (5) the Motion to Remand filed by Plaintiffs in Civil Action 10-4125 **(Rec. Doc. 17882)**; (6) the Motion to Remand filed by Plaintiffs in Civil Action 10-4126 **(Rec. Doc. 17884)**; and (7) the Motion to Remand filed by Plaintiffs in Civil Action 10-4127 **(Rec. Doc. 17885)**.

New Orleans, Louisiana, this 23rd day of February, 2012.

                                                    **KURT D. ENGELHARDT**
                                                    **United States District Court**