UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION: N, 5 |
| | * | |
| This document relates to: | * | JUDGE ENGELHARDT |
| | * | |
| Kasinda Brumfield, et al v. Pilgrim | * | MAGISTRATE CHASEZ |
| International, Inc., et al | * | |
| No. 10-2248 | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS, OR ALTERNATIVELY TO SEVER, DUE TO IMPROPER VENUE

MAY IT PLEASE THE COURT:

The defendant, Crum & Forster Specialty Insurance Company, through undersigned counsel, respectfully submits this Memorandum in Support of its <u>Motion To Dismiss, Or Alternatively To Sever, Due To Improper Venue</u> as to plaintiff, Sandra Braxter. For the reasons provided below, the claims of Ms. Braxter must be dismissed. In the alternative, the claims of Ms. Braxter may not be tried by the Eastern District of Louisiana, as these claims were directly filed in a court of improper venue.

### FACTS.

According to her Plaintiff Fact Sheet, Sandra Braxter is a resident of Louisiana's Western District.[1] She lists her current address as Lake Charles, Louisiana.[2] She lived

---

[1] See Exhibit A.
[2] See Exhibit A, Question II.C.

in Lake Charles before Hurricanes Katrina and Rita.[3] While no corresponding amendment or errata has been provided to Movers, the PSC's "India Spreadsheet" lists Ms. Braxter's trailer as also having been in Lake Charles.

## LAW AND ARGUMENT

The general rule for venue is provided in 28 U.S.C. § 1391:

> § 1391. Venue generally
>
> (a) Applicability of section.--Except as otherwise provided by law--
>
>> (1) this section shall govern the venue of all civil actions brought in district courts of the United States; and
>>
>> (2) the proper venue for a civil action shall be determined without regard to whether the action is local or transitory in nature.
>
> (b) Venue in general.--A civil action may be brought in--
>
>> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>>
>> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>>
>> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.
>
> (c) Residency.--For all venue purposes--
>
>> (1) a natural person, including an alien lawfully admitted for permanent residence in the United States, shall be deemed to reside in the judicial district in which that person is domiciled;
>>
>> (2) an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question and, if a plaintiff, only in the judicial district in which it maintains its principal place of business; and
>>
>> (3) a defendant not resident in the United States may be sued in any judicial district, and the joinder of such a defendant shall be disregarded in determining where the action may be brought with respect to other defendants.

---

[3] See Exhibit A, Question IV.A.

[...]

28 U.S.C.A. § 1391.  Plaintiffs' Amended Complaint for Damages makes no distinction among the 107 plaintiffs in that matter when pleading venue:

> 12. Venue is proper in the eastern District of Louisiana pursuant to 28 U.S.C. § 1391, based on information and belief, this is a judicial district where in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is subject of the action is situated.

Plaintiff is clearly proceeding under 28 U.S.C. 1391 (b)(2) in attempting to establish venue.  None of the defendants in this matter resides in the Eastern District of Louisiana, nor did plaintiff attempt to plead such, so subsection (b)(1) does not apply.  Yet as to Sandra Braxter, subsection (b)(2) also does not apply.  No events involving her claim occurred in the Eastern District of Louisiana.  He trailer was located in the Western District.  Her alleged damage would therefore have been sustained in the Western District.

The statute creating multi-district litigation, 28 U.S.C. § 1407 permits joinder of suits from multiple jurisdictions for pre-trial purposes, but not for trial:

> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings.

28 U.S.C.A. § 1407.  *See also In re Plumbing Fixture Cases* 298 F.Supp. 484, 495 (Jud.Pan.Mult.Lit. 1968).

> However, the district court's jurisdiction as an MDL transferee court is generally coextensive with pretrial proceedings. As a result, a district court

does not have authority to transfer a case to itself for trial, *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach,* 523 U.S. 26, 28, 118 S.Ct. 956, 140 L.Ed.2d 62 (1998), nor may it consolidate actions for all purposes, as might be proper in other circumstances pursuant to Federal Rule of Civil Procedure 42, *see* Wright et al., *Federal Practice & Procedure* § 3866. Within the context of MDL proceedings, individual cases that are consolidated or coordinated for pretrial purposes remain fundamentally separate actions, intended to resume their independent status once the pretrial stage of litigation is over.[FN13]

> FN13. Where, as here, the particular case at issue is initiated in the transferee court's district, the district court's jurisdiction is not always similarly circumscribed to purely pretrial proceedings. *See In re Bridgestone/Firestone, Inc., Tires Prods. Liab. Litig.,* 333 F.3d 763, 767 (7th Cir.2003) ("Because the decision stemmed from a complaint filed in the Southern District of Indiana, ... the district court had original jurisdiction and was not acting as a transferee court under 28 U.S.C. § 1407 with respect to this complaint."). In such a case, the district court's jurisdiction beyond pretrial matters is part of its original jurisdiction, not the MDL jurisdiction. But considerations that animate the restrictions placed on a transferee court's exercise of jurisdiction over its MDL docket—including the principle that individual cases remain separate actions despite being coordinated or consolidated for pretrial purposes—do not dissipate because a particular case was filed in the MDL's home district.

*In re Korean Air Lines Co., Ltd.* 642 F.3d 685, 700 (9th Cir. 2011).

> While the MDL panel may transfer actions for pretrial purposes pursuant to 28 U.S.C. § 1406 unencumbered by venue restrictions, *In re New York City Mun. Sec. Litigation,* 572 F.2d 49 (2d Cir.1978), the court to which those actions are transferred must abide by the applicable venue requirements when transferring those actions for trial purposes. *Pfizer, Inc. v. Lord,* 447 F.2d 122, 124–24 (2d.Cir.1971).

*In re Tax Refund Litigation*, 723 F.Supp. 922, 924 (E.D.N.Y. 1989).

The burden is on plaintiff to demonstrate that this district is the proper venue under the statute. *See Smith v. Fortenberry*, 903 F. Supp. 1018, 1019-1020 (E.D. La. 1995). "The general rule is that venue must be established for each separate cause of action and for each defendant." *Burkitt v. Flawless Records, Inc.,* No. 03-2483, 2005 WL 2060987 (E.D. La. June 13, 2005). While the above-captioned matter was directly filed

in the Eastern District of Louisiana, and venue is proper for some plaintiffs, venue as to the claims of Sandra Braxter is not proper.

Therefore, pursuant to FRCP 12(b)(7), dismissal of the claims of Sandra Braxter is proper. However, at the very least, her claims may not be tried at the June 25, 2012 trial setting of this matter.

## CONCLUSION

Sandra Braxter resides in the Western District of Louisiana. Her trailer was located in the Western District, her alleged damages, if any, would have been sustained in the Western District. As to her claims, the only district where a substantial part of the transaction occurred was the Western District, not the Eastern District. Her claims may not be tried in the Eastern District. Dismissal is proper.

Respectfully submitted:

**CERTIFICATE OF SERVICE**

I CERTIFY THAT A COPY OF THE FOREGOING PLEADING HAS BEEN SERVED UPON COUNSEL FOR ALL PARTIES BY EMAIL THROUGH THE COURT'S ELECTRONIC CASE FILING (ECF) SYSTEM ON THIS  24th  DAY OF   FEBRUARY  , 2012.

       /s Eric B .Berger         

      */s Eric B. Berger*       
SIDNEY J. ANGELLE, #1002
ERIC B. BERGER, #26196
LOBMAN, CARNAHAN, BATT,
  ANGELLE & NADER
400 POYDRAS STREET, SUITE 2300
NEW ORLEANS, LOUISIANA  70130
(504) 586-9292    FAX (504) 586-1290