UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION: N, 5 |
| | * | |
| This document relates to: | * | JUDGE ENGELHARDT |
| | * | |
| Kasinda Brumfield, et al v. Pilgrim | * | MAGISTRATE CHASEZ |
| International, Inc., et al | * | |
| No. 10-2248 | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

### CRUM & FORSTER SPECIALTY INSURANCE COMPANY'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

NOW INTO COURT, comes Defendant, Crum & Forster Specialty Insurance Company ("Crum & Forster"), as insurer of Pilgrim International, Inc. ("Pilgrim"), and respectfully submits its Memorandum in Support of its Motion for Summary Judgment.[1] For the reasons set forth herein, the Plaintiffs listed in the attached Appendix "A" have no cause or right of direct action against Crum & Forster, and their claims against Crum & Forster should be dismissed with prejudice.

---

[1] Crum & Forster reserves any and all other defenses not presented in the instant motion, including, but not limited to the Plaintiffs' failure to provide evidence that they resided in a Pilgrim FEMA trailer or failure to provide completed and signed Plaintiff Fact Sheets as required by the Court's Pretrial Orders 2 and 32. Crum & Forster further reserves all of its coverage defenses and reserves the right to file additional motions for summary judgment for other plaintiffs without valid direct action claims

## I.   SUMMARY OF ARGUMENT

Plaintiffs have named Crum & Forster as a defendant in this MDL pursuant to La. R.S. 22:1269 (formerly La. R.S. 22:655) (the "Direct Action Statute"), in its capacity as the alleged liability insurer of the bankrupt trailer manufacturer, Pilgrim. However, Plaintiffs have no right against or standing to sue Crum & Forster under the Direct Action Statute because the underlying factual dispute as to certain plaintiffs is not governed by the law of the State of Louisiana. Hence Louisiana's Direct Action Statute is inapplicable.

A plaintiff potentially has a right of action under Direct Action Statute only when one of the following requirements is satisfied: (1) the accident or injury occurred in Louisiana, (2) the policy at issue was issued in Louisiana, and/or (3) the policy was delivered in Louisiana. None of these requirements are met in this matter. On the contrary, the undisputed facts demonstrate that Plaintiffs' alleged accident or injuries (exposure to formaldehyde in FEMA emergency housing units) occurred in Mississippi and Alabama, and the insurance policy at issue was not issued or delivered in Louisiana. Accordingly, Plaintiffs have no right of direct action against Crum & Forster as Pilgrim's alleged insurer, and their claims against Crum & Forster must be dismissed with prejudice.

## II. FACTUAL BACKGROUND

In the captioned case, Plaintiffs are seeking damages for alleged formaldehyde exposure while they resided in FEMA trailers supplied by Crum & Forster's alleged insured, Pilgrim. On September 22, 2008 Pilgrim filed a petition for bankruptcy in the United States Bankruptcy Court for the Northern District of Illinois, Case No. 08-33256. Subsequently, the Plaintiffs filed a complaint in the above captioned case. In the complaint, Plaintiffs attempt to assert Louisiana Direct Action Statute claims against Crum & Forster in its alleged capacity as an alleged insurer of Pilgrim.

In the complaint, Plaintiffs allege that the Insurance Defendants (including Crum & Forster) "had in full force and effect a policy of liability insurance affording coverage to the Defendant Bankruptcy Manufacturing Defendant(s) [sic] with respect to the matters, risks and things for which this defendant is liable herein, thereby affording plaintiffs the right to proceed against this defendant insurer *under the provisions of the Louisiana Direct Action Statute, LSA-R.S. 22:655"*[2]

In their Plaintiff Fact Sheets provided in lieu of written discovery responses, each of the plaintiffs listed in Exhibit "A" indicated he or she was exposed to formaldehyde in a trailer installed in Mississippi or Alabama. See Exhibit "A". These plaintiffs claim that they have suffered bodily injury as a result of the alleged formaldehyde exposure at the Mississippi and Alabama locations. None of these plaintiffs allege any exposure or injuries in Louisiana.

---

[2] See Amended Complaint for Damages, No. 10-2248, Docket # 1, ¶ 4.

Crum & Forster issued a policy of liability insurance to Pilgrim with Policy No. GLO081110, effective March 31, 2005 through March 31, 2006 (See Exhibit "B"). The Policy was written and negotiated on behalf of Crum & Forster in Indiana and issued through a Michigan broker.[3] The policy was delivered to the named insured, Pilgrim at 14489 U.S. 20, Middlebury, IN 46540. Accordingly, it is undisputed that the policy was not issued or delivered in Louisiana. The policy denotes Crum & Forster as an Arizona corporation.[4]

Based on the allegations of the Petition, the policy, and plaintiffs' discovery responses, it is undisputed that the alleged accident or injury did not occur in Louisiana, and the policy at issue was not issued or delivered in Louisiana. None of the requisite minimum contacts for Direct Action Statute is present and plaintiffs have no right of direct action against Crum & Forster under La. R.S. 22:1269.

## II.  LAW AND ARGUMENT

A. **Summary Judgment Standard**

Summary judgment is appropriate if the pleadings, depositions, interrogatory answers and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of

---

[3] See Exhibit B.
[4] See Exhibit B.

4

law.[5]  A genuine issue exists if the evidence would allow a reasonably jury to return a verdict for the non-movant.[6]

Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the non-moving party, the non-movant must produce specific facts to demonstrate that a genuine issue exists for trial.[7]  The non-movant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions or other evidence to establish a genuine issue.[8]  The mere existence of a scintilla of evidence in support of the non-movant's position is insufficient to defeat a properly supported Motion for Summary Judgment.[9]  Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment.[10]

Thus, where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party that there is no "genuine issue for trial".[11]  The governing substantive law determines the materiality of facts and only "facts that might affect the outcome of the suit under the governing law will properly preclude entry of summary judgment. [12]

---

[5] Fed. R. Civ. P. 56: *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 2554-55 (1986).
[6] *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986).
[7] *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L.Ed.2d 264 (1986); *Levy v. Houston Indep. Sch. Dist.,* 113 F.3d 528, 533 (5th Cir. 1997).
[8] *Id.*
[9] *Anderson ,* 477 U.S. at 252, 106 S. Ct. at 2512.
[10] *Travelers Ins. Co. v. Liljeberg Enter., Inc.,* 7 F.3d 1203, 1207 (5th Cir. 1993)
[11] *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.* 475 U.S. 574, 588 (1986).
[12] *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

Additionally, where—as here—the movant will not bear the burden of proof at trial on the matter before the court on motion for summary judgment, the movant's burden on summary judgment does not require him to negate all essential elements of the adverse party's claims, action or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim or action. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.[13]

### B.  Plaintiffs Have No Right of Direct Action Against Crum & Forster

In the present case, plaintiffs are asserting claims against Crum & Forster under the Louisiana Direct Action Statute for injuries sustained in Mississippi and Alabama under a policy issued and delivered in Indiana. Because plaintiffs have failed to meet their burden to prove a relevant nexus to the state of Louisiana, there is no right of action under the Direct Action Statute.

The Louisiana Direct Action Statute, La. R.S. § 22:1269, establishes a right of direct action against a tort feasor's insured under certain limited circumstances, and provides in relevant part:

---

[13] *Duplantis v. Shell Offshore, Inc.,* 947 F.2d 187, 190 (5th Cir. 1991). ("To satisfy this burden, the movant may either (1) submit evidentiary documents that negate the existence of some material element of the opponent's claim or defense, or (2) if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial, demonstrate that the evidence in the record insufficiently supports an essential element of the opponent's claim or defense".)

> A. No policy or contract of liability insurance shall be issued or delivered in this state, unless it contains provisions to the effect that the insolvency or bankruptcy of the insured shall not release the insurer from the payment of damages for injuries sustained or loss during the existence of the policy[.]

La. R.S. 22:1269(A),(B)(2), The Direct Action Statute further provides that "[t]his right of direct action shall exist whether or not the policy of insurance sued upon was written or delivered in the state of Louisiana and whether or not such policy contains a provision forbidding such direct action, **provided** the accident or injury occurred within the state of Louisiana".

Louisiana courts interpret this provision to mean that the Direct Action Statute only provides a right of direct action when:

- The accident or injury occurred in Louisiana;
- The policy was issued in Louisiana and/or;
- The policy was delivered in Louisiana.

See *Diamond v. Progressive Sec. Ins. Co.,* 934 So. 2d 739, 742 (La. App. 1 Cir. 2006) ("To sue a liability insurer directly under the Louisiana Direct Action Statute, the accident or injury must have occurred in Louisiana or the policy must have been written or delivered in Louisiana".) (citing *Esteve v. Allstate Insurance Company,* 351 So. 2d 117, 120 (La. 1977) (no right of direct action against tortfeasor's liability insurer for injuries sustained in a Florida automobile accident when the policy was issued and delivered in

7

Florida); *Spomer v. Aggressor International, Inc.,* 807 So.2d 267, 275 (La. App. 1 Cir., 2001) (direct action available where cover notes—the only evidence of the policy's coverage—were generated and delivered to the insured in Louisiana).

Under Louisiana law, a direct action plaintiff bears the burden to prove "every fact essential to [his] cause of action or right of recovery."[14] Summary judgment is appropriate here because plaintiffs cannot prove any of the foregoing requisites for suit under the Direct Action Statute, which are essential to their claims against Crum & Forster.  It is undisputed that the accident or injury, as to the certain plaintiffs listed in Exhibit A, did not occur in Louisiana and that the policy was not issued or delivered in Louisiana.  The alleged exposures and injuries took place in Mississippi or Alabama and the policy was issued from an Arizona insurer through a Michigan broker and delivered to the named insured, Pilgrim, in Indiana.  For these reasons, plaintiffs have failed to demonstrate the required contacts with the state of Louisiana, and therefore have no right of action against Crum & Forster under La. R.S. § 22:1269 and these claims against Crum & Forster must be dismissed.

   1. <u>The Alleged Exposures Did Not Take Place in Louisiana.</u>

Under the Direct Action Statute, as interpreted by Louisiana case law, a plaintiff will be permitted to pursue a direct action against the tortfeasor's insured "**provided** the accident or injury occurred within the state of Louisiana".  See La. R.S. § 22:1269

(emphasis added); *Guess v. Read,* 290 F. 2d 622, 625 (5th Cir. 1961).  In *Guess*, the plaintiff's decedent was killed in a helicopter crash in the Gulf of Mexico outside of Louisiana territorial waters.  The Fifth Circuit held that no right of direct action was available against tortfeasor's insurer, reasoning that "[t]he Louisiana statute contains venue requirements that an action be brought in the parish where the accident or injury occurred or in the parish where the insured or insurer is domiciled.  Thus is shown, we think, an intent on the part of the Louisiana Legislature that the accident or injury upon which a direct action may be maintained be one occurring within a parish of the State".  *Id.* At 625; see also *Harcrest Int'l v. M/V Keeling,* 86-2195, 1988 WL 58262, at *8-9 (E.D. La. May 26, 1988) (quoting *Vallery v. All American Life Ins. Co.,* 429 So.2d 513, 515 (La. App. 3 Cir. 1983)).  Similarly, in *Harcrest,* this Court dismissed the plaintiffs' direct action claims where plaintiffs had failed to prove that the accident occurred in Louisiana.  *Id.* at *9.  The court in *Diamond* held that the plaintiff could not maintain a suit under the Direct Action Statute because "it is undisputed that Mr. Diamond's accident occurred in Alabama".  See *Diamond v. Progressive Sec. Ins. Co.,* 934 So 2d 739, 742 (La. App 1 Cir. 2006).

In this case, plaintiffs' complaint and the Plaintiff Fact Sheets establish that the exposures to the particular plaintiffs listed in Exhibit "A", occurred while plaintiffs

---

[14]  See *Harcrest Int'l v. M/V Keeling,* 86-2195, 1988, WL 58262, at *8-9 (E.D. La. May 26, 1988) (quoting *Vallery v, All American Life Ins. Co.,* 429 So. 2d 513, 515 (La. App, 3 Cir. 1983)).

allegedly resided in Pilgrim FEMA trailers in Alabama or Mississippi. See Exhibit "A". It is therefore undisputed that the accident or injury did not take place in Louisiana.

### 2. The Policy Was Not Issued or Delivered in Louisiana

The Direct Action Statute alternatively creates a right of direct action where the plaintiff sues an insurer under a policy that was either issued or delivered in Louisiana. See La. R.S. § 22:1269; *Webb v. Zurich, Ins. Co.,* 205 So. 2d 398 (La. 1968). However, these contacts are not present here because it is undisputed that the policy was issued and delivered in Indiana, not Louisiana.[15]

Under the Direct Action Statute, Plaintiffs bear the burden of proving that the policy was issued or delivered in Louisiana and have failed to meet this burden. *See Harcrest,* 1988 WL 58262 at *8 (recognizing that "claimants in this direct action, are saddled with the burden of proving 'every fact in issue which is essential to [their] cause of action or right of recovery'" including the situs of the policy's writing or delivery). Dismissal is appropriate here, as in *Harcrest*, where the insurer denied that the policy was issued or delivered in Louisiana, and the claimants had failed to introduce any evidence regarding the situs of issuance or delivery in this state. See *Id.*

---

[15] See Exhibit "B".

Court may consider information listed on the policy in determining the relevant situs of issuance and delivery. For example, in *Diamond v. Progressive Sec. Ins. Co.,* the policy at issue listed the insurer's address in Philadelphia, Pennsylvania, and the address of the agent/broker was in Jackson, Mississippi. 934 So.2d 739, 742 (La. App. 1 Cir. 2006). The court concluded that the injured plaintiff had no right of direct action under these facts because the "policy was written and delivered outside of Louisiana". *Id.* at 743. Moreover, the plaintiff's mere assertion that the vehicle was principally garaged in Louisiana, where no evidence supported that argument was insufficient to establish that the policy was delivered in Louisiana. *Id.* at 742-43.

Similarly, in the present case, the undisputed facts demonstrate that the policy was neither issued nor delivered in Louisiana.[16] The policy was written and negotiated on behalf of Crum & Forster and issued through a Michigan broker and delivered to Pilgrim at its office in Indiana (Pilgrim's home state).[17] Accordingly, there is no genuine issue of material fact that the policy was neither issued nor delivered in Louisiana, and plaintiffs' direct action claim against Crum & Forster should be dismissed.

### III.  CONCLUSION

There are no material facts in dispute. It is undisputed that the alleged bodily injury of the plaintiffs listed in Exhibit A did not occur in Louisiana and the Crum & Forster policy at issue was not issued or delivered in Louisiana. Accordingly, the

---

[16] See Exhibit "B".

plaintiffs listed in Exhibit "A" have no right of direct action against Crum & Forster and Crum & Forster is entitled to Judgment as a matter of law and dismissal from this litigation.

Respectfully submitted:

**CERTIFICATE OF SERVICE**

I CERTIFY THAT A COPY OF THE FOREGOING PLEADING HAS BEEN SERVED UPON COUNSEL FOR ALL PARTIES BY EMAIL THROUGH THE COURT'S ELECTRONIC CASE FILING (ECF) SYSTEM ON THIS __24th_ DAY OF __FEBRUARY__, 2012.

_____/s Eric B .Berger_____

_____*/s Eric B. Berger*_____
SIDNEY J. ANGELLE, #1002
ERIC B. BERGER, #26196
LOBMAN, CARNAHAN, BATT,
    ANGELLE & NADER
400 POYDRAS STREET, SUITE 2300
NEW ORLEANS, LOUISIANA  70130
(504) 586-9292     FAX (504) 586-1290

---

[17] See Exhibit "B".