# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL. No. 1873 |
| FORMALDEHYDE  PRODUCTS | * | |
| LIABILITY LITIGATION | * | Section:  N (5) |
| | * | |
| | * | Judge: Engelhardt |
| This Document Relates To: | * | |
| *Kasinda Brumfield obo K.B., et al v.* | * | Magistrate: Chasez |
| *Pilgrim International, Inc., et al* | * | |
| *No: 10-2248* | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM IN SUPPORT OF  CRUM & FORSTER SPECIALTY INSURANCE COMPANY'S MOTION TO QUASH NOTICE OF 1442 DEPOSITION OR ALTERNATIVELY, FOR PROTECTIVE ORDER

**MAY IT PLEASE THE COURT:**

Defendant Crum & Forster Specialty Insurance Company seeks a protective order under Fed. R.Civ.Pro. 26(c) that prohibits Plaintiffs from deposing Crum & Forster Specialty Insurance Company [hereinafter "Crum & Forster"] under the Rule 30b6 notice seeking a February 28, 2012 deposition.  As demonstrated herein, the deposition of Crum & Forster was improperly noticed unilaterally on a date Crum & Forster is not available to be deposed; the topics set forth in the Notice of Deposition are not reasonably calculated to lead to the discovery of admissible evidence in support of Plaintiff's claims against Crum & Forster, and the topics set forth in the Notice of deposition are impermissibly vague and overbroad and incapable of being addressed as written.  Mover also objects to the deposition notice to the extent is seeks production of privileged information and to the extent document requests seek a return in less than the 30 days

1

required by the rules of civil procedure.  For these reasons, this Court must grant Crum & Forster's motion and enter a protective order prohibiting plaintiff from taking Crum & Forster's deposition on the topics listed in the Notice of Deposition for February 28, 2012.

## I.  <u>INTRODUCTION</u>

At 4:50 p.m. on Friday, February 10, 2012, Plaintiff's counsel served a Notice of 30(b)(6) Deposition on Crum & Forster, requesting that Crum & Forster designate one or more officers, directors, managing agents, or other persons to testify on its behalf on February 28, 2012, regarding enumerated topics outlined in the Notice.  ***See*** **Exhibit A**, *Notice of 30(b)(6) Deposition* ("Notice").   This notice also included a request for documents seeking a response in less than 30 days.    It seeks in part privileged information and documents.  The date for the deposition and document production was unilaterally set by plaintiffs.

## II.  <u>LAW AND ARGUMENT</u>

Federal Rule of Civil Procedure 26(c) authorizes this Court, upon a showing of good cause, to "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense". Such protective orders may forbid a disclosure of information entirely, specify the terms for the disclosure or limit the scope of disclosure.  Fed.R.Civ.P. 26(c)(1)(A), (B) & (D). This Court has "broad discretion" to decide when a protective order is appropriate and what degree of protection is required.  *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

To establish good cause for a protective order, a party seeking the protective order bears the burden of showing the necessity of its issuance by a "particular and specific demonstration of fact." *In Re Terra Int'l, Inc.*, 134 F.3d 202, 306 (5th Cir. 1998). Good cause exists upon a showing that the discovery will annoy or cause undue burden or expense on any party or person. *Landry v. Airline Pilots Assoc'n Int'l AFL-CIO*, 901 F.2d 404, 435 (5th Cir. 1990), *rev'd on rhg. on other grounds*. Whether information sought is relevant to facts of a case is a factor in evaluating "undue burden". See, *e.g.* *Hussey v. State Farm Lloyds Ins. Co.*, 216 F.R.D. 591, 596 (E.D. Tex. 2003); *Morgan v. Gusman*, No. 06-5700 (slip op), *available at* 2010 WL3070371 (E.D. La. August 4, 2010) (noting that irrelevant discovery should be precluded to prevent undue burden and expense).

Federal Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense   .  .  ." Fed.R.Civ.P.26(b)(1). While discovery is generally accorded broad treatment, discovery does have "ultimate and necessary boundaries". *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). When it is clear that the discovery will have no bearing on the claim or defense of a party, the request for discovery should not be permitted. *Securities & Exchange Comm'n v. Brady*, 238 F.R.D. 429 (N.D. Tex. 2006). Finally, after a relevancy objection has been raised, the party seeking discovery bears the burden of showing the discovery sought is relevant. See, *Andritz Sprout-Bauer, Inc. v. Beazer East, Inc.*, 174 F.R.D. 609 (D.C. Pa. 1997).

A. **Insufficient Time to Respond to Notice.**

Counsel for plaintiffs did not ask counsel for mover when they or the deponent, Crum & Forster, were available for a deposition. The deposition was noticed unilaterally by plaintiffs, and on a date barely two weeks, excluding holidays, from the proposed deposition date. The proposed notice requires designation of one or more employees of Crum & Forster to respond to questions about underwriting and claims of a policy that was issued in March, 2005. Crum & Forster simply cannot be ready to have a corporate representative deposed on these topics on such short notice. While it understands this case is dealing with a somewhat compressed schedule, that it no excuse to not be consulted about dates or to not be shown topics before determining who the designated corporate representative might be. Further, as will be discussed in the following sections, there are other problems with the notice. Crum & Forster recognizes that it is a party in this matter and it may be deposed in this matter, but the timeframe provided is unreasonably short.

Further, the time given to Crum & Forster to collect & produce documents is impermissibly short. Federal Rule of Civil Procedure 34, governing requests for production of documents, proscribes that responses are due within 30 days. Rule 30(b)(2) discusses the procedures of Rule 34 applying to documents requested with a deposition notice. The document request attached to the notice does not comply with these rules. Further, these document requests could require the production of over 1,000 pages of responsive materials, maintained out of state, which must be reviewed for

privilege.  This cannot be done in what is effectively two weeks between the notice and the deposition/response date.

### B. The Topics Seek Non-Discoverable Information

Crum & Forster maintains that the Notice seeks nothing more than extrinsic evidence, which is not relevant, and cannot be considered in connection with the insurance coverage issue in this case, which will be decided by the court, as a matter of law.  As such, the 30(b)(6) deposition of Crum & Forster must be quashed as not likely to lead to the discovery of admissible evidence.

The interpretation of an insurance policy, as with other contracts, is primarily a question of law for the court, even if the policy contains an ambiguity needing resolution. *Eli Lilly & Co. v. Home Insurance Co.* (1985), Ind., 482 N.E.2d 467, *cert. denied*, 479 U.S. 1060, 107 S.Ct. 940, 93 L.Ed.2d 991.[1]  It is only where a contract is ambiguous and its interpretation requires extrinsic evidence that the fact finder must determine the facts upon which the contract rests. *Kordick v. Merchants Nat'l Bank and Trust Co.* (1986), Ind. App., 496 N.E.2d 119; *Wilson, Adm'x v. Kauffman* (1973), 156 Ind. App. 307, 296 N.E.2d 432.  Extrinsic evidence is inadmissible either to explain or to contradict the

---

[1] This Motion cites to Indiana law because the interpretation of the Crum & Forster policy will be under Indiana law.  Crum & Forster is an Arizona corporation and Pilgrim is a Florida corporation. However, Pilgrim has its principal place of business in Indiana and the Crum & Forster policy was delivered in Indiana. The trailers at issue are believed to have been manufactured in Indiana.  The only connection to Louisiana is that the alleged damages giving rise to the plaintiffs' claims occurred there.  Under these facts, Louisiana does not have a greater interest in the interpretation of the policy at issue than Indiana does. Accordingly, Indiana law should apply to the interpretation of the Crum & Forster policy. *See Harrison v. R.R. Morrison & Son, Inc.*, 862 So.2d 1065, 1070 (La. Ct. App. 2003) ("Louisiana courts have often interpreted insurance policies according to the law of the state where the policy was issued.").

instrument's terms, absent a finding of ambiguity.  *Evans v. Tilford*, 873 N.E.2d 92 (Ind. App. 2007).

A review of the deposition topics and document requests contained in the Notice shows that the purpose of this deposition is to seek nothing more than extrinsic evidence, which is not relevant when the policy is to be construed from its four corners.  The policy provisions upon which Crum & Forster relies are unambiguous and thus, no extrinsic evidence is admissible.  In addition, an insurer is only permitted to look to the four corners of the policy and four corners of the petition when determining its duty to defend and duty to indemnify.  Thus, if the insurer is only permitted to look at the petition and policy to determine coverage, then there is no purpose for plaintiff to inquire in to other areas that are outside the eight corners of the petition and policy.  Such extrinsic evidence, about opinions of coverage or the meaning of the policy, will be inadmissible and will not be considered when the Court is determining whether coverage is present. All of the topics and documents outlined in the Notice are not relevant to the coverage issues in this case, as no extrinsic evidence will change the legal interpretation of the policy.  Therefore the information is not discoverable.

A copy of the policy, with the applicable provisions and exclusions, has already been provided to plaintiff.  Plaintiff is also aware of all of the defenses and motions named in Crum & Forster's Mater Preservation List of defenses.  ***See* Exhibit B**, *Master Preservation List of Crum & Forster.* As coverage is a matter of law, to be determined from the four corners of the instrument, and plaintiff is in possession of the applicable policy and relevant pleadings, further discovery by the plaintiff is not necessary.

In the required discovery conference regarding the deposition, the parties discussed the fact that Crum & Forster is constrained to look only at the policy and the pleadings to determine coverage.   In response, plaintiff's counsel advised that, nevertheless, he wanted testimony on the topics in order to obtain an admission from Crum & Forster that Crum & Forster knew that "formaldehyde is a dangerous substance".

Crum & Forster is the insurance carrier for Pilgrim International, Inc. Pilgrim is the sole entity in this case who plaintiffs allege is liable to them for claimed injuries because the trailers manufactured were defective in that they contained dangerous levels of formaldehyde.  There is no allegation in the plaintiffs' complaint that can be construed as alleging that *Crum & Forster*, rather than Pilgrim, manufactured and sold the allegedly defective trailers.  What Crum & Forster did or did not know with regard to the risks posed by formaldehyde is irrelevant to determining the liability of Pilgrim, which is the only <u>liability</u> question presented to the Court for decision.   Even if Crum & Forster knew that the Pilgrim trailers contained formaldehyde, this fact would not be a basis to hold either Crum & Forster or Pilgrim liable.   Questioning Crum & Forster regarding its knowledge of the design and construction of the Pilgrim trailers would not lead to the discovery of admissible evidence and is simply a fishing expedition with no reasonable purpose.

All of the topics subject to the Notice are neither relevant nor will they lead to the discovery of admissible evidence.  On this basis, the 30(b)(6) Notice of Deposition should be quashed.

To the extent the deposition topics call for the disclosure or production of

attorney-client privileged communications or communications containing the mental impressions of attorneys or experts prepared in anticipation of litigation, Mover objects to the notice.   Mover also objects to the extent the notice calls for disclosure of any trade secreted insurance company information, including but not limited to rating information.

**C.    The Topics Are Vague And Grossly Overbroad**

The deposition notice sent to Crum & Forster on February 10, 2012 contains the following topics:

> 1. The last known address of the following individuals:
>     (a) Steve Bennet or Steve Bennett;
>     (b) Persons at Pilgrim with whom you have had discussions about risk; and
>     (c) Former officers or executives of Pilgrim.
> 2. Communications and or discussions between you and Pilgrim about the right kind of policy for them between 2004 and 2008.
> 3. Communications and or discussions between you and Pilgrim regarding risk.
> 4. Communications and or discussions with Pilgrim regarding formaldehyde.
> 5. Communications and or discussions between you and Pilgrim regarding insurance policies with formaldehyde exclusions.
> 6. The reasons for selling insurance policies with formaldehyde exclusions.
> 7. The risks that you were insuring Pilgrim against.
> 8. Awareness of the issue of formaldehyde in travel trailers.
> 9. Awareness of the risks associated with formaldehyde.
> 10. The liability exposure risk in selling insurance policies to entities such as Pilgrim.
> 11. Your assessment of the liability exposure due to formaldehyde-related illness and complaints arising under policies sold to Pilgrim.

Topics 3, 4, 5, 6, 7, 8, 9, 10 and 11 are overbroad in that they are not limited in time.

Topics 2 is vague as to the term "the right kind of policy."  It is unknown whether this topic is concerning risks, coverage amounts, etc.   Further, the policy says what it

says.   Any discussions about any "kind" of policy that may have taken place will have no effect on how the policy will be interpreted.   What type of policy Pilgrim has does not affect Pilgrim's liability. This topics is not only vague, it is irrelevant.

Topic 3 is overbroad.   "Risk" could have multiple meanings.   The topic could be refined by defining or limiting what is meant by "risk".   As with Topic 2, Topics 3, 4 and 5 have no bearing on how the policy will be interpreted or on Pilgrim's liability.

As stated in the previous section, Topics 8 and 9 appear to ask about Crum & Forster's knowledge of formaldehyde, and such testimony is irrelevant.   Crum & Forster did not manufacture trailers.   It is an insurance company, and is only pled as such.   Crum & Forster's "liability" is not at issue, nor could it be.

Topic 10 is vague; it is so general the scope is limitless.   Topic 11 is vague as to the term "assessment."   Topics 11, and Topic 6, which asks for the "reasons for selling" policies, appear to ask purely for lay opinions of Crum & Forster, which is not admissible or discoverable information.   Further, to the extent Topics 6 and 11 cover knowledge gained after the litigation began or through discussions with attorneys, attorney-client privilege and/or work product privilege will be implicated and these topics are overbroad.

Topic 7 asks about the scope of the risk insured.   Plaintiffs have a copy of the policy.   The policy is unambiguous.   Crum & Forster does not need to explain the risks covered in the policy, and any comments about what Crum & Forster thinks the risks are will not have any bearing on how the policy is interpreted; only the four corners of the policy will.

## V.   CONCLUSION

The scope of discovery sought in plaintiffs' Notice of 30(B)(6) Deposition is overly broad and goes beyond the permissible scope as this is a direct action lawsuit. In addition, the topics for deposition and the documents sought to be produced seek production of information which is not relevant to any issue in this litigation. Insufficient time was given for the document requests included with the deposition notice. The deposition should also be quashed due to the manner in which it was set. As such, defendant respectfully asks this Honorable Court to Quash the Notice of 30(B)(6) Deposition of Crum & Forster set for February 28, 2012.

Respectfully submitted:

<table>
<tr><td>

**CERTIFICATE OF SERVICE**

I CERTIFY THAT A COPY OF THE FOREGOING PLEADING HAS BEEN SERVED UPON COUNSEL FOR ALL PARTIES BY EMAIL THROUGH THE COURT'S ELECTRONIC CASE FILING (ECF) SYSTEM ON THIS __24th__ DAY OF __FEBRUARY__, 2012.

_____/s Eric B .Berger_____

</td><td>

_____*/s Eric B. Berger*_____
SIDNEY J. ANGELLE, #1002
ERIC B. BERGER, #26196
LOBMAN, CARNAHAN, BATT,
  ANGELLE & NADER
400 POYDRAS STREET, SUITE 2300
NEW ORLEANS, LOUISIANA 70130
(504) 586-9292    FAX (504) 586-1290

</td></tr>
</table>