UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | MDL NO. 1873 |
| | FORMALDEHYDE PRODUCTS | * | LIABILITY LITIGATION |
| | SECTION "N" (5) | * | |
| | | * | |
| | | * | JUDGE ENGELHARDT |
| | | * | MAGISTRATE CHASEZ |
| | | * | |
| **THIS DOCUMENT IS RELATED TO:** | | * | |
| *Kasinda Brumfield obo K.B et al v.* | | * | |
| *Pilgrim International, Inc. et al* | | * | |
| No. 10-2248; | | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF VIDEOTAPED 30(b)6 DEPOSITION OF CORPORATE REPRESENTATIVE OF CRUM & FORSTER SPECIALITY INSURANCE COMPANY

**TO:**   **Crum & Forster Specialty Insurance Company**
Through its respective counsel,
Sidney Angelle
Eric Berger
Lobman, Carnahan, Batt, Angelle & Nader
400 Poydras Street, Suite 2300
New Orleans, LA 70130

PLEASE TAKE NOTICE that Plaintiffs in the above referenced matter pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, will take the videotaped deposition of one or more officers, directors, managing agents, employees, subcontractors or other persons designated by Crum & Forster Specialty Insurance Company ("Crum") to testify on its behalf concerning the matters as set forth on Exhibit A attached hereto.

This deposition will take place on **February 28, 2012**, **beginning at 9:00 AM Central Standard Time at** Lobman, Carnahan, Batt, Angelle & Nader, 400 Poydras

1

Street, Suite 2300, New Orleans, LA 70130 or at another location otherwise agreed upon.  The deposition will continue from day to day thereafter, weekends and holidays excluded, until complete.  You are invited to attend and examine the witnesses if you so desire.

The Defendant is requested to designate and identify each officer, director, managing agent, employee, or subcontractor, or other persons who will testify on its behalf with regard to the items set forth on Exhibit "A", and to set forth, for each person designated, the matters on which each person will testify.

The deposition will be taken before a Notary Public or some other officer authorized to administer oaths under the law.  The deposition will be recorded stenographically and on videotape.  The stenographic recording and video recording will be taken before a certified court reporter and/or representative associated with Professional Shorthand Reporters, 601 Poydras Street, Suite 1615, New Orleans, Louisiana 70130; (504) 529-5255.  The deposition is being taken for the purposes of discovery, for use at trial, or for all other purposes as are permitted under the Federal Rule of Civil Procedure.

In connection with and pursuant to the Federal Rules of Civil Procedure, the deponent is requested to designate and produce for inspection and copying documents responsive to this Notice seven (7) business days prior to the deposition as identified on Exhibit "B".  These documents will be produced to Lambert & Nelson, PLC at 701 Magazine Street, New Orleans, LA 70130 and a copy will also be provided to counsel for Plaintiff designated to take this deposition.

## DEFINITIONS

1. "**You**" and its various forms such as "your" and "yourself" shall mean the entity to whom this deposition notice is issued and all present and former agents, employees, representatives, attorneys, custodian of records, and all other persons acting on behalf of such person, including but not limited to, deponent, and all other persons acting on behalf of deponent.

2. "**Documents**" shall mean or refer to all written or graphic matter of every kind of description, however, produced or reproduced, whether draft or final, original or reproduction, and all tangible things within the scope of Federal Rule of Civil Procedure 30(b)(6), specifically including, but not limited to: writings, graphs, charts, photographs, satellite and/or radar imagery, telephone records, data compilations (from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form), letters, correspondence, e-mail communications, memoranda, minutes, notes, contracts, agreements, books, diaries, time sheets, laboratory books, logs, bulletins, circular, notices, rules, regulations, prospects, directions, teletype messages, inter-office communications, intra-office communications, reports, company worksheets, credit files, evidence of indebtedness, negotiable instruments, telegrams, mailgrams, books, news releases, newspapers, magazines, advertisements, periodicals, pamphlets, sketches, drawings, statements, reports, articles of incorporation, by-laws, directives, minutes of meetings, balance sheets, income and loss statements, profit and loss statements, inventories, operating budgets, accounting worksheets, financial accounts, bills, vouchers, bank checks, proposals, offers, orders, acknowledgments, receipts, invoices, checks, working papers, telephone messages (whether written or recorded), notebooks, post cards, evaluations, recommendations, annual reports, confirmations, leases, analyses, feasibility or market studies, disbursement requests or orders, charts, graphs, indices, projections, forms, data sheets, data processing discs, or readable computer-produced interpretations thereof, booklets, articles, manuals, speeches, stenographic notes, maps, studies, tests, surveys, cables, tape and disc recordings (both audio and video), blueprints, containers, cartons, package labels, slides, audit reports, tender offers or invitations, personal interviews, and summaries, abstracts, compilations or paraphrases of any of the foregoing, or material similar to any of the foregoing, however denominated, which are in the possession, custody or control of the party upon whom this subpoena and/or request for production of documents is served or to which said party can obtain access. The subpoena and/or request for production of documents calls for originals, unless otherwise specified, and for all copies when originals are not available. If a document has been prepared in several copies, or additional copies have been made and the copies are not identified (or by reason of subsequent

3

      modification of the copy by additions or notations, or other modifications, are no longer identical), each non-identical copy is a separate "document."

3. With respect to the production of any documents which are claimed to be privileged, a statement shall be provided by the attorneys for the respondent setting forth as to each such documents (and, where applicable, each attachment thereto):

   a. the name of the sender, if any, of the documents;

   b. the name of the author of the document;

   c. the name of the person, if any, to whom the document and copies were sent;

   d. the date of the document;

   e. the date on which the document was received by those having possession of the document;

   f. a description of the nature and the subject matter of the document;

   g. the statute, rule or decision which is claimed to give rise to the privilege;

   h. the last-known custodian of the document and the present location of the document;

   i. attachments to the document;

   j. the number of pages comprising the document;

   k. whether the document is handwritten, typewritten or otherwise prepared; and

   l. any other information which is useful in identifying or is necessary to identify the document.

4. Whenever appropriate, the singular form of the word shall be interpreted in the plural and vice versa.

5. All words and phrases shall be construed as masculine, feminine, or neutral gender according to the context.

6. "**And**" as well as "**or**" shall be construed either disjunctively as necessary to bring within the scope of the subpoena and/or request for production of documents any matters which might otherwise be construed to be outside of the scope of the subpoena and/or request for production of documents.

7. "**Identify**" with regard to a natural person, means to provide the name, last known address, last known telephone number; whether ever employed by you, and if so, dates of employment, descriptions and/ or title of each position held, and the reasons for termination; and, current employer and/or last known employer and position held.

   "**Identify**," *with regard to a corporation*, means to provide the name of the entity along with its primary business address and telephone number.
   "**Identify**," *with regard to documents or other inanimate objects*, means to provide the date, author, address, number of pages, subject matter, custodian of the document, and location of the document.

8. **Describe** or **Specify** means the following:

   (A) to offer a detailed description of the thing sought including where appropriate, to identify the thing;

   (B) to set forth the matter which you are asked to "describe" or "specify", and do so fully in detail, by reference to underlying facts rather than reference to ultimate facts or conclusion of fact and law;

   (C) to state particulars as to (i) time and (ii) place;

   (D) "Identify" the "person" participating, present or involved at any time; and

   (E) to set forth all facts necessary to a complete understanding of the "fact", process, or thing in questions.

9. "**Relate,**" "**Relating,**" "**Related To,**" or "**Regarding**" as to any given subject means anything that constitutes, contains, embodies, identifies, deals with, or is in any manner whatsoever pertinent to that subject, including by not limited to records concerning the preparation of other records.

10. **"Trailer"** or **"the travel trailer"** means the Pilgrim travel trailer that was assigned to Plaintiffs in this action.

11. **"Plaintiff"** means the Plaintiffs in this action.

12. **"Pilgrim"** means Pilgrim International, Inc.

**THIS DEPOSITION IS <u>NOT</u> FOR RECORDS ONLY.**

        Respectfully submitted,

        /s/ Robert C. Hilliard
        **ROBERT C. HILLIARD**
        **Trial Attorney in Charge for Plaintiff**
        Texas State Bar No. 09677700
        Southern District of TX Federal ID No. 5912
        ROBERT C. HILLIARD, L.L.P.
        719 S. Shoreline Boulevard, Suite 500
        Corpus Christi, Texas 78401
        Telephone: (361) 882-1612
        Facsimile: (361) 882-3015

        **MIKAL C. WATTS**
        Texas State Bar No. 20981820
        Southern District of TX Federal ID No. 12419
        MIKAL C. WATTS, P.C.
        2506 N. Port Ave.
        Corpus Christi, Texas 78401
        Telephone: (800) 994-0019
        Facsimile: (361) 882-1261

        **ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

    I hereby certify that I have served a copy of the above and foregoing Notice of Deposition upon all counsel of record by placing same in the United States mail, properly addressed and with first-class postage, or by facsimile or other electronic transmission this 10th day of February, 2012.

        /s/ Robert C. Hilliard

        **ROBERT C. HILLIARD**

## EXHIBIT A

1. The last known address of the following individuals:
   (a) Steve Bennet or Steve Bennett;
   (b) Persons at Pilgrim with whom you have had discussions about risk; and
   (c) Former officers or executives of Pilgrim.

2. Communications and or discussions between you and Pilgrim about the right kind of policy for them between 2004 and 2008.

3. Communications and or discussions between you and Pilgrim regarding risk.

4. Communications and or discussions with Pilgrim regarding formaldehyde.

5. Communications and or discussions between you and Pilgrim regarding insurance policies with formaldehyde exclusions.

6. The reasons for selling insurance policies with formaldehyde exclusions.

7. The risks that you were insuring Pilgrim against.

8. Awareness of the issue of formaldehyde in travel trailers.

9. Awareness of the risks associated with formaldehyde.

10. The liability exposure risk in selling insurance policies to entities such as Pilgrim.

11. Your assessment of the liability exposure due to formaldehyde-related illness and complaints arising under policies sold to Pilgrim.

## **<u>EXHIBIT B</u>**

1.    Any and all documents relative to items set forth in Paragraphs of Exhibit A.