IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **IN RE: FEMA TRAILER** | * | *MDL. No. 1873* |
| **FORMALDEHYDE PRODUCTS** | * | |
| **LIABILITY LITIGATION** | * | |
| | * | Section:  N (5) |
| | * | |
| | * | Judge: Engelhardt |
| **This Document Relates To:** | * | |
| *All cases involving Crum & Forster* | * | Magistrate: Chasez |
| *Specialty Insurance Co.,* | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**CRUM & FORSTER SPECIALTY INSURANCE COMPANY'S
MASTER PRESERVATION OF DEFENSES UNDER RULE 12(b)**

**NOW INTO COURT,** through undersigned counsel, comes Defendant, Crum & Forster Specialty Insurance Company ("Crum & Forster"), which, pursuant to Pretrial Order No. 36 (Doc. 1386) and No. 44 (Doc. 2759), respectfully submits the following lists of defenses for the below listed cases currently pending in the MDL[1] pursuant to Rule 12 of the Federal Rules of Civil Procedure, which are submitted in addition to any joint defenses, including any Rule 9 and Rule 12 defenses, submitted by defense liaison counsel.  Defendant, Crum & Forster, reserves its right to assert any other allowable

---

[1] Crum & Forster is filing these Preservation Lists in accordance with Pre-Trial Order 44. It is unclear the extent to which the Master Complaint and its amendments supersede, amend and/or replace the allegations asserted by the plaintiffs in each of the underlying actions. Thus, these preservation lists are being filed out of an abundance of caution and to ensure that all relevant motions and defenses are preserved, for each underlying action in which it was named a party, Crum & Forster has listed the defenses and motions applicable to that underlying action and the Master Complaint, as subsequently amended. Crum & Forster reserves its right to supplement and amend its preservation lists in the future as further discovery may warrant and require, and in accordance with any and all subsequently filed or served lawsuits naming Crum & Forster as a party defendant.

1

preliminary pleadings, dispositive motions, coverage defenses, or affirmative defenses in these cases or in any other case in which it is subsequently named and properly served.

In accordance with the Court's direction, Defendant submits the following defenses that are anticipated to be raised should these underlying matters proceed forward against Defendant Crum & Forster:

1. 12(b)(1) - Plaintiffs have not established standing against Crum & Forster or its insured, Pilgrim International, Inc., and thus this court has no subject matter jurisdiction over plaintiff's claims.

2. 12(b)(3) - Plaintiffs have brought this action in a court of improper venue.

3. 12(b)(2) - Lack of personal jurisdiction over Pilgrim International, Inc., or Crum & Forster.

4. 12(b)(6) - Failure to state a claim upon which relief can be granted against Crum & Forster.

5. 12(b)(6) – Plaintiffs failed to state a claim upon which relief can be granted inasmuch as plaintiffs' negligence claim, claims of failure to inspect and test the housing units, and claims of improper marketing, distributing, and/or licensing are barred by the exclusivity provisions of the Louisiana Products Liability Act;

6. 12(b)(6) - Failure to state a claim upon which relief can be granted as plaintiffs' claims are prescribed under Louisiana's one year prescriptive period and all other applicable peremptive periods, statute of limitations, or laches.

7. 12(b)(6) - Failure to state a claim upon which relief can be granted as plaintiffs' claims against Crum & Forster are prescribed/barred for failure to comply with any applicable claim bar deadlines in the bankruptcy proceedings filed by Pilgrim International, Inc.

8. 12(b)(6) – Plaintiffs failed to state a claim upon which relief can be granted as plaintiffs have not alleged a specific or manifest injury or disease resulting from the alleged exposure, nor are plaintiffs entitled to medical monitoring damages to the extent plaintiffs seek same;

9. 12(b)(6) – Plaintiffs failed to state a claim upon which relief can be granted to

the extent that plaintiffs allege strict liability as there is no basis under Louisiana law for same;

10. 12(b)(6) – Plaintiffs failed to state a claim upon which relief can be granted to the extent plaintiffs seeks to impose joint and several and/or solidary liability upon defendants, as such claims are precluded by applicable law;

11. 12(b)(6) – Plaintiffs failed to state a claim upon which relief can be granted insofar as plaintiffs have not alleged and cannot prove either specific or general causation for their alleged injuries;

12. 12(b)(6) – Plaintiffs failed to state a claim upon which relief can be granted under the law of redhibition / implied warranty, or for damages characteristic to that cause, as they are not the purchasers or buyers of the units at issue;

13. 12(b)(6) – Plaintiffs failed to state a claim upon which relief can be granted to the extent plaintiffs seek punitive damages as there is no basis for awarding punitive damages under the facts alleged in the complaint and applicable law;

14. 12(b)(6) – Plaintiff's failed to state a claim upon which relief can be granted to the extent plaintiffs seek attorney's fees as there is no basis under Louisiana law for an award of attorney's fees based upon the facts alleged in the complaint;

15. 12(b)(6) – Plaintiffs failed to state a claim upon which relief can be granted to the extent plaintiffs seek damages pursuant to La. C.C. Arts. 2524, 1994, 1995, and 1997 under the exclusivity provisions of the Louisiana Product Liability Act;

16. 12(b)(6) – Plaintiffs failed to state a claim upon which relief can be granted to the extent that plaintiffs have not alleged actual damages and/or failed to mitigate their damages;

17. 12(b)(6) – Plaintiffs failed to properly state a claim for loss of consortium and/or society;

18. 12(b)(6) – Plaintiffs failed to properly state a claim for loss of enjoyment of life;

19. 12(b)(6) – Plaintiffs failed to state a claim upon which relief can be granted as plaintiff has not alleged any current injury, but rather has generally claimed unspecified current and future injuries;

3

20. 12(b)(6) – Plaintiffs failed to state a claim upon which relief can be granted inasmuch as plaintiffs' claims are duplicative to the extent it is established that any named plaintiff previously filed, and has pending, another lawsuit arising out of the same operative facts and circumstances made the subject of this lawsuit;

21. 12(e) – Motion for more definite statement of the complaint based on plaintiffs' failure to make particularized allegations about their injuries and damages and failure to make any particularized allegations about any particular defendant's alleged conduct;

22. 12(b)(6) – Plaintiffs fail to state a claim upon which relief can be granted to the extent their complaint states they plaintiffs lived in mobile homes, manufactured homes, or park model trailers.

23. 12(b)(6) – Plaintiffs fail to state a claim upon which relief can be granted to the extent that the complaint asserts the applicability of any HUD regulations, including but not limited to the 24 CFR 3280.309 "Important Health Notice", Pilgrim International, Inc., and/or Crum & Forster.

24. 12(b)(6) – Plaintiffs fail to state a claim upon which relief can be granted against Crum & Forster to the extent of any failure to properly comply with the Louisiana Direct Action statute.

25. 12(b)(6) – Non-Louisiana resident plaintiffs, if any, fail to state a claim upon which relief can be granted against Crum & Forster as no other state's laws allows a direct action against Crum & Forster.

26. 12(b)(6) – Plaintiffs fail to state a claim upon which relief can be granted against Crum & Forster as plaintiff's injury occurred outside of Crum & Forster's policy period;

27. 12(b)(6) – Plaintiffs fail to state a claim upon which relief can be granted against Crum & Forster because Pilgrim International Inc., is immune under the government contractor defense / contractor specifications defense.

28. 12(b)(6) – Plaintiff fails to state a claim upon which relief can be granted against Crum & Forster because Pilgrim International, Inc., has no liability due to the provisions of the Louisiana Health Emergency Powers Act, La R.S. 29:771.

29. 12(b)(6) - Plaintiffs failed to state a claim for injury in excess of the applicable "per claim" deductible of the Crum & Forster Policy.

30. In addition to the Rule 12 defenses, defendant also asserts Rule 9(b) defense – Plaintiffs failed to plead fraud and misrepresentation with particularity.

Defendant, Crum & Forster, hereby adopts and incorporates all filing of applicable items listed in the preservation lists of similarly situated co-defendants in the Multi-District Litigation 07-1873, in all underlying cases, and all applicable Rule 12 and Rule 9 Motions filed by similarly situated co-defendants in the MDL and underlying cases as if copied herein *in extenso*.

Respectfully submitted:

_____/s/ Heather Cheesbro_
SIDNEY J. ANGELLE, #1002
ERIC B. BERGER, #26196
HEATHER F. CHEESBRO, #30437
LOBMAN, CARNAHAN, BATT & ANGELLE
THE TEXACO CENTER, SUITE 2300
400 POYDRAS STREET
NEW ORLEANS, LOUISIANA  70130
(504) 586-9292  FAX (504) 586-1290

**CERTIFICATE OF SERVICE**

I do hereby certify that I have on this _16th_ day of _September_, 2009, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by email through the court's electronic filing (ECF) system.

_____/s Heather Cheesbro_

5