UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                     MDL NO. 07-1873
      FORMALDEHYDE PRODUCTS
      LIABILITY LITIGATION

                                                                          SECTION "N" (5)

THIS DOCUMENT RELATES TO
Member Case No. 10-2258

## ORDER AND REASONS

Before the Court is a Motion to Dismiss for Failure to Comply with Pre-Trial Orders Relating to Plaintiff Fact Sheets, filed by defendant Skyline Corporation ("Skyline") (Rec. Doc. 24352). Plaintiffs have filed an opposition memorandum. (Rec. Doc. 24522).

Skyline moves to dismiss the claims of the following plaintiffs with prejudice on grounds that they have failed to comply with this Court's orders by failing to cure material deficiencies in their Plaintiff Fact Sheets: 1) Glenda Davenport; 2) James Davenport; 3) Kathy Davenport; 4) Lisa Davenport; 5) Vicki Davenport; 6) Alton Fisher; 7) Alvin Fisher; 8) Blake Fisher; 9) Charlene Fisher; 10) Deljuana Fisher; 11) Ralph Fisher; 12) Raquel Fisher; 13) Raymond Fisher; and 14) Yolanda Fisher.

**A. BACKGROUND:**

Shortly after the creation of this MDL, the Court issued Pre-Trial Order No. 2, which mandates that each plaintiff serve on the defendants a completed and verified Plaintiff Fact Sheet (PFS) within thirty days after transfer (or direct filing) into the MDL. (Rec. Doc. 87, signed Jan. 30, 2008). This Order, which reflected an agreement among the parties regarding case management, also established a "Procedure for Dismissal of Claims for Failure to Comply with Discovery." *See*

1

Rec. Doc. 87 at pp. 8-9, § III(D). The Court reiterated this dismissal procedure in Pre-Trial Order No. 32 (Rec. Doc. 1180). According to the procedure, "[w]hen any plaintiff has failed to materially comply with his or her obligations under this Order to submit a completed PFS within the timelines established..., a counsel representing a Defendant shall send to Plaintiff's Counsel for the plaintiffs in question...a letter confirming the failure to timely file and/or explaining the material deficiency in the PFS." *See* Rec. Doc. 1180 at p.5. This deficiency letter must notify the plaintiff that he or she "will have thirty (30) days to cure the alleged material deficiencies, or any Defendant may thereafter move for dismissal, upon an appropriate showing that Plaintiff's claims should be dismissed for failure to comply with the Court's applicable Orders." *Id*. More recently, in Pre-Trial Order No. 88, the Court (1) temporarily narrowed the PFS deficiency process to twenty-three "key" questions (except for cases where deficiency notices had been served and the time for curing such deficiencies already had expired) and (2) for deficiency notices served after March 24, 2011, extended the time for curing deficiencies to sixty (60) days. *See* Rec. Doc. 22124 (signed June 24, 2011), as corrected in Rec. Doc. 22153.

B. **APPLICABLE LAW:**

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action or claim if a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Because a dismissal with prejudice "'is an extreme sanction that deprives the litigant of the opportunity to pursue his claim,'" a dismissal under Rule 41(b) should be granted "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be

futile." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (footnote omitted) (quoting *Callip v. Harris County Child Welfare Dep't,* 757 F.2d 1513, 1519 (5th Cir. 1986)). Additionally, the Fifth Circuit looks for "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.* (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

Federal Rule of Civil Procedure 37(b)(2) "empowers a district court to impose 'just' sanctions on parties who disobey a discovery order." *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). However, "[b]ecause the law favors the resolution of legal claims on the merits, and because dismissal is a severe sanction that implicates due process," the Fifth Circuit has articulated four factors "that must be present before a district court may dismiss a case as a sanction for violation of a discovery order": (1) the violation must result "'from willingness or bad faith and [be] accompanied by a clear record of delay or contumacious conduct;'" (2) "the violation ... must be attributable to the client instead of the attorney;" (3) the violation "'must substantially prejudice the opposing party;'"and (4) there must be no "less drastic sanction [that] would substantially achieve the desired deterrent effect." *Id.* at 1380-81 (citations omitted) (quoting *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)).

**C. ANALYSIS:**

On June 29, 2011, counsel for Skyline sent a letter to plaintiffs' counsel, setting forth specific deficiencies in the PFS of each of the plaintiffs named herein. *See* Exhibit A to Movant's Memorandum in Support (Rec. Doc. 24352-4). In response, plaintiffs' counsel provided supplemental answers to the PFS questions, but the responses were generic and boilerplate (*e.g.*, I

3

do not recall whether I am claiming mental and/or emotional damages...."), and did not cure the deficiencies.  *See* Exhibits C, E, G, I, K, M, O, Q, S, U, W, Y, AA, CC to Movant's Memorandum in Support (Rec. Docs. 24352-6, -8, -10, -12, -14, -16, -18, -20, -22, -24, -26, -28, -30, -32).

The deficiencies in these plaintiffs' Plaintiff Fact Sheets are substantial.  They have failed to provide basic, core information about their claims.  For example, they have failed to provide information with regard to:  (1) whether the plaintiff is making a claim for medical expenses and, if so, the amount of the claim (III.C.9); (2) whether the plaintiff is making a claim for lost wages and/or earning capacity and, if so, the amount of the claim (IV.F.3); (3) whether the plaintiff is making a claim for mental or emotional damages, and if so, the names of providers of psychological treatment (III.C.8); (4) whether the plaintiff has ever suffered from any skin disease or any lung or respiratory disease and if so, the name, date, and description of such illness (VI.F.1 & 4); (5) the smoking history of anyone who resides with the plaintiff or resided with the plaintiff in the FEMA housing unit (VI.D); (6) the average number of hours spent in the FEMA unit each day (V.A.13); (7) the bar code for the FEMA unit (V.A.4); (8) the plaintiff's FEMA identification number (V.A.3); (9) whether any physician has diagnosed the plaintiff as having a condition resulting from living in a FEMA trailer (III.C.3 and VII.D); and (10) the name of any healthcare provider who treated the plaintiff for a condition that the plaintiff claims resulted from living in a FEMA trailer (VII.B).[1]  *See* Exhibits B through CC to Movant's Memorandum in Support (Rec. Docs. 24352-5 through -32). In addition, the PFS of Glenda, James, Kathy, and Lisa Davenport fail to provide the plaintiff's smoking history (VI.C).  *See* Exhibits B, D, F and H to Movant's Memorandum in Support (Rec.

---

[1] The PFS of Blake Fisher lists University Hospital as a "Diagnosing Physician," but does not state whether any physician has diagnosed the plaintiff as having a condition resulting from living in a FEMA trailer. (Rec. Doc. 24352-19).  None of the remaining plaintiffs lists any physician or healthcare provider.

Docs. 24352-5, -7, -9, -11). All of these questions solicit vital information that this Court has identified as essential for the purpose of moving this matter toward resolution. *See* Pre-Trial Order No. 88 pp.1-2 (Rec. Doc. 22124, as corrected at Rec. Doc. 22153). Thus, the Court finds that each of these plaintiffs has failed to materially comply with his or her obligation to submit a completed PFS. The Court further finds that the defendants have been substantially prejudiced by their inability to learn the most basic facts about these plaintiffs' claims.

Moreover, while the Court agrees that a genuine inability to recall certain specific information might be a matter of witness credibility rather than noncompliance with discovery orders, the generic, boilerplate nature of the plaintiffs' supplemental responses makes such a finding here impossible. For example, the plaintiffs state: "I do not recall whether I am claiming mental and/or emotional damages.... I do not recall whether I am making a claim for medical expenses.... I do not recall if I have ever suffered from lung or other respiratory disease.... I do not recall whether I have ever smoked cigarettes...or used chewing tobacco/snuff." *See* Exhibit C to Movant's Memorandum in Support (Rec. Docs. 24352-6). The supplemental responses are all of this nature. *See* Exhibits C, E, G, I, K, M, O, Q, S, U, W, Y, AA, CC to Movant's Memorandum in Support (Rec. Docs. 24352-6, -8, -10, -12, -14, -16, -18, -20, -22, -24, -26, -28, -30, -32). They do not reflect thoughtful responses by individual plaintiffs, but rather are non-responsive.

In addition, the record shows that these plaintiffs are personally responsible for their failure to comply with this Court's orders. The record shows that plaintiffs' counsel has tried for weeks to reach each of these plaintiffs regarding the deficiencies in their PFS, calling each of them twice daily. *See* Affidavits of Plaintiffs' Counsel's Project Coordinator, Exhibits A through N to Plaintiffs' Opposition Memorandum (Rec. Doc. 24522-1 through -14). Counsel has also performed

5

computer-based person searches in an effort to locate these plaintiffs, and has sent multiple letters to no avail. *Id.* Despite counsel's efforts, the plaintiffs have failed to provide the information necessary to cure the PFS deficiencies. Thus, the Court finds that there is a clear record of delay and contumacious conduct on the part of each of the plaintiffs herein and that the blame for this delay and failure to prosecute lies with the plaintiffs themselves, not with counsel.

Further, the Court finds that lesser sanctions would not prompt diligent prosecution by the plaintiffs herein, given that efforts by counsel for plaintiffs and defendants have failed to motivate the plaintiffs to provide the missing information necessary to prosecute their claims. In addition, the Court notes that the plaintiffs were put on notice in the Pre-Trial Order (itself the product of an agreement among the parties), that failure to cure material deficiencies in the PFS would open a plaintiff to dismissal. In a matter as large and complex as this one, clearly defined case management procedures such as this one are a matter of necessity. Therefore, for all of these reasons, the Court finds that the high threshold for dismissal under Rule 41(b) has been met with regard to each of the plaintiffs herein.

Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss for Failure to Comply with Pre-Trial Orders Relating to Plaintiff Fact Sheets (Rec. Doc. 24352)**, filed by defendant Skyline Corporation, is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that the claims of the following plaintiffs are hereby **DISMISSED WITH PREJUDICE**: 1) Glenda Davenport; 2) James Davenport; 3) Kathy Davenport; 4) Lisa Davenport; 5) Vicki Davenport; 6) Alton Fisher; 7) Alvin Fisher; 8) Blake Fisher; 9) Charlene Fisher; 10) Deljuana Fisher; 11) Ralph Fisher; 12) Raquel Fisher; 13) Raymond

Fisher; and 14) Yolanda Fisher.

New Orleans, Louisiana, this 27th day of February, 2012.

_____
**KURT D. ENGELHARDT**
**United States District Court**