UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                               MDL NO. 07-1873
      FORMALDEHYDE PRODUCTS
      LIABILITY LITIGATION
                                                                    SECTION "N"  (5)

THIS DOCUMENT RELATES TO
Member Case No. 10-1277

## ORDER AND REASONS

Before the Court is a Motion to Dismiss for Failure to Comply with Pre-Trial Orders Nos. 2 & 32 Relating to Plaintiff Fact Sheets, filed by defendants Jayco, Inc. ("Jayco") and CH2M Hill Constructors, Inc. (Rec. Doc. 24360). Plaintiffs have filed an opposition memorandum. (Rec. Doc. 24521).

Jayco and CH2M move to dismiss the claims of plaintiff Andrew Tran[1] with prejudice on the ground that he has failed to comply with this Court's orders by failing to cure material deficiencies in his Plaintiff Fact Sheet.

### A. BACKGROUND:

Shortly after the creation of this MDL, the Court issued Pre-Trial Order No. 2, which mandates that each plaintiff serve on the defendants a completed and verified Plaintiff Fact Sheet (PFS) within thirty days after transfer (or direct filing) into the MDL. (Rec. Doc. 87, signed Jan. 30, 2008). This Order, which reflected an agreement among the parties regarding case management, also established a "Procedure for Dismissal of Claims for Failure to Comply with Discovery." *See*

---

[1] Although the Amended Complaint does not indicate that Andrew Tran is a minor, *see* Rec. Doc. 15935, the portion of his PFS submitted by the movants states that he is a minor represented by Thao Tran. *See* Rec. Doc. 24360-4.

1

Rec. Doc. 87 at pp. 8-9, § III(D).  The Court reiterated this dismissal procedure in Pre-Trial Order No. 32 (Rec. Doc. 1180).  According to the procedure, "[w]hen any plaintiff has failed to materially comply with his or her obligations under this Order to submit a completed PFS within the timelines established..., a counsel representing a Defendant shall send to Plaintiff's Counsel for the plaintiffs in question...a letter confirming the failure to timely file and/or explaining the material deficiency in the PFS."  *See* Rec. Doc. 1180 at p.5.   This deficiency letter must notify the plaintiff that he or she "will have thirty (30) days to cure the alleged material deficiencies, or any Defendant may thereafter move for dismissal, upon an appropriate showing that Plaintiff's claims should be dismissed for failure to comply with the Court's applicable Orders." *Id*.  More recently, in Pre-Trial Order No. 88, the Court (1) temporarily narrowed the PFS deficiency process to twenty-three "key" questions (except for cases where deficiency notices had been served and the time for curing such deficiencies already had expired) and (2) for deficiency notices served after March 24, 2011, extended the time for curing deficiencies to sixty (60) days.  *See* Rec. Doc. 22124 (signed June 24, 2011), as corrected in Rec. Doc. 22153.

**B.  APPLICABLE LAW:**

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action or claim if a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order."  Fed. R. Civ. P. 41(b).  Because a dismissal with prejudice "'is an extreme sanction that deprives the litigant of the opportunity to pursue his claim,'" a dismissal under Rule 41(b) should be granted "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be

futile." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (footnote omitted) (quoting *Callip v. Harris County Child Welfare Dep't,* 757 F.2d 1513, 1519 (5th Cir. 1986)). Additionally, the Fifth Circuit looks for "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.* (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

Federal Rule of Civil Procedure 37(b)(2) "empowers a district court to impose 'just' sanctions on parties who disobey a discovery order." *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). However, "[b]ecause the law favors the resolution of legal claims on the merits, and because dismissal is a severe sanction that implicates due process," the Fifth Circuit has articulated four factors "that must be present before a district court may dismiss a case as a sanction for violation of a discovery order": (1) the violation must result "'from willingness or bad faith and [be] accompanied by a clear record of delay or contumacious conduct;'" (2) "the violation ... must be attributable to the client instead of the attorney;" (3) the violation "'must substantially prejudice the opposing party;'"and (4) there must be no "less drastic sanction [that] would substantially achieve the desired deterrent effect." *Id.* at 1380-81 (citations omitted) (quoting *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)).

C. **ANALYSIS:**

On June 20, 2011, counsel for Jayco sent a letter to plaintiffs' counsel, specifying deficiencies in Mr. Tran's PFS. *See* Exhibit D to Movant's Memorandum in Support (Rec. Doc. 24360-6). In particular, Jayco's counsel complained that Mr. Tran had failed to list treating physicians and that the VIN provided by Mr. Tran does not correspond to any unit manufactured by

3

Jayco.

Jayco has provided the Court with only five pages of Mr. Tran's PFS, all of which are completed. Therefore, the Court will assume that Mr. Tran's PFS is complete with the exception of failing to list any treating physicians. This is not a material deficiency. As for the movants' complaint that the VIN provided by Mr. Tran does not correspond to any unit manufactured by Jayco, this is not a valid basis for dismissal under Rule 41(b) or Rule 37(b)(2).[2] Morgan argues that proper identification is the only way of knowing if the plaintiff ever resided in a Jayco trailer. The Court understands the importance of trailer identification. However, the dismissal procedure for PFS deficiencies is restricted to those plaintiffs who fail to provide a materially complete PFS and where there is a clear record of delay or contumacious conduct on the part of the plaintiff himself. Here, the plaintiff has provided a completed PFS. There is nothing to suggest that Mr. Tran's answers are in bad faith or unresponsive. Thus, the high threshold for dismissal under Rules 41(b) and 37(b)(2) simply is not met. Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss for Failure to Comply with Pre-Trial Orders Nos. 2 & 32 Relating to Plaintiff Fact Sheets (Rec. Doc. 24360)**, filed by defendants Jayco, Inc. and CH2M Hill Constructors, Inc., is hereby **DENIED.**

New Orleans, Louisiana, this  27th  day of February, 2012.

                                       **KURT D. ENGELHARDT**
                                       **United States District Court**

---

[2] The appropriate vehicle for addressing this issue is a proper Rule 56 motion, supported by authenticated, competent, and admissible evidence. When this case is severed from the MDL for trial or remand, or the Court otherwise enters an order indicating that it is appropriate to file motions directed to individual claims beyond motions to dismiss based on PFS deficiencies, duplicative claims, or failure to match, then Jayco may file such a motion.