UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | § | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | § | SECTION "N" (5) |
| LIABILITY LITIGATION | § | |
| | § | JUDGE ENGELHARDT |
| | § | MAG. JUDGE CHASEZ |

**THIS DOCUMENT RELATES TO: 09-3909**
*Joseph Quezergue, et al. v. Jayco, Inc.*

## DEFENDANT, JAYCO, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW, through the undersigned counsel, Defendant, JAYCO, INC., ("Jayco") and files this answer to Plaintiffs' Complaint for Damages and in support thereof would show as follows:

### I. PARTIES

1. To the extent the statements and allegations in Paragraph 1 require a response, Defendant responds that after reasonable inquiry, it does not have sufficient information to either admit or deny the statements and allegations contained in Paragraph 1.

2. To the extent the statements and allegations in Paragraph 2 require a response, Defendant responds that after reasonable inquiry, it does not have sufficient information to either admit or deny the statements and allegations contained in Paragraph 2.

3. Defendant admits that Jayco, Inc. is an Indiana corporate entity as alleged in Paragraph 3 and that Jayco, Inc. is in the business of manufacturing travel trailers. Defendant denies that Jayco, Inc. supplied travel trailers directly to FEMA pursuant to any contract with FEMA or its suppliers or contractors. Defendant denies all other allegations contained in Paragraph 3 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

1

4. To the extent the statements and allegations in Paragraph 4 require a response, Defendant responds that after reasonable inquiry, it does not have sufficient information to either admit or deny the statements and allegations contained in Paragraph 4.

## II. JURISDICTION AND VENUE

5. Defendant denies the allegations in paragraph 5, except to admit that the jurisdictional requirements of this court are satisfied.

6. To the extent the statements and allegations in Paragraph 6 require a response, Defendant responds that after reasonable inquiry, it does not have sufficient information to either admit or deny the statements and allegations contained in Paragraph 6, except to admit that the jurisdictional requirements of this court are satisfied.

7. To the extent the statements and allegations in Paragraph 7 require a response, Defendant responds that after reasonable inquiry, it does not have sufficient information to either admit or deny the statements and allegations contained in Paragraph 7, except to admit that the jurisdictional requirements of this court are satisfied.

## FACTS AND GENERAL ALLEGATIONS

8. Defendant responds that after reasonable inquiry, it does not have sufficient information to either admit or deny the statements and allegations contained in Paragraph 8.

9. Defendant responds that after reasonable inquiry, it does not have sufficient information to either admit or deny the statements and allegations contained in Paragraph 9.

10. Defendant responds that after reasonable inquiry, it does not have sufficient information to either admit or deny the statements and allegations contained in Paragraph 10.

11. Defendant denies the allegations in Paragraph 11 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

12. Defendant denies the allegations in Paragraph 12 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

13. Defendant denies the allegations in Paragraph 13.

14. Defendant denies the allegations in Paragraph 14.

15. Defendant denies the allegations in Paragraph 15 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

16. Defendant denies the allegations in Paragraph 16 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

17. Defendant denies the allegations in Paragraph 17.

18. Defendant denies the allegations in Paragraph 18.

19. Defendant denies the allegations in Paragraph 19 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

20. Defendant denies the allegations in Paragraph 20 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

21. Defendant denies the allegations in Paragraph 21 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

22. Defendant denies the allegations in Paragraph 22 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

23. Defendant denies the allegations in Paragraph 23 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

24. Defendant denies the allegations in Paragraph 24 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

25. Defendant denies the allegations in Paragraph 25.

26.     Defendant denies the allegations in Paragraph 26 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

27.     Defendant denies the allegations in Paragraph 27 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

28.     Defendant denies the allegations in Paragraph 28 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

29.     Defendant denies the allegations in Paragraph 29 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

30.     Defendant denies the allegations in Paragraph 30 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

## COUNT 1:

## CAUSE OF ACTION AGAINST THE MANUFACTURER UNDER LOUISIANA PRODUCTS LIABILITY ACT

31.     Defendant denies the allegations in Paragraph 31 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

32.     Defendant denies the allegations in Paragraph 32 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

33.     Defendant denies the allegations in Paragraph 33.

34.     Defendant denies the allegations in Paragraph 34.

35.     Defendant denies the allegations in Paragraph 35.

36.     Defendant denies the allegations in Paragraph 36 and subparts.

## COMPENSATORY DAMAGES

37.     Defendant denies the allegations in Paragraph 37 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

## REQUEST FOR JURY TRIAL

In response to the paragraph entitled "Request for Jury Trial," Defendant asserts it is entitled to a jury trial on all issues herein.

## PRAYER FOR RELIEF

In response to the paragraph entitled "Prayer for Relief," including all subparts, Defendant denies it is liable in any respect to Plaintiffs for any of their alleged injuries and damages and that Plaintiffs are entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

FURTHER ANSWERING, Defendant, Jayco, Inc., asserts the following affirmative defenses:

### 1st DEFENSE.

Plaintiffs' Amended Complaint for Damages, fails to state a claim or cause of action against Jayco, Inc. upon which relief can be granted pursuant to Fed. R. Civ. P. 12 (b) (6).

### 2nd DEFENSE.

This Court lacks personal jurisdiction over Jayco in this particular matter pursuant to Fed. R. Civ. P. 12 (b) (2) because Jayco has insufficient contacts with this forum to subject it to the Court's jurisdiction.

3rd DEFENSE.

Venue is improper pursuant to Fed. R. Civ. P. 12 (b) (3) because Plaintiffs' Amended Complaint for Damages was filed in the wrong venue, as it includes plaintiffs who have not established proper venue in this District.

4th DEFENSE.

Service of process is insufficient pursuant to Fed. R. Civ. P. 12 (b) (5) because the plaintiffs failed to properly serve Jayco, Inc. or its agents for services of process with this suit.

5th DEFENSE.

Upon information and belief, at least some of the plaintiffs resided in multiple travel trailers and, thus, the plaintiffs have failed to join the other manufacturers as parties necessary for a just adjudication pursuant to Fed. R. Civ. P. 19 (a) (1) and Fed. R. Civ. P. 12 (b) (7).

6th DEFENSE.

Plaintiffs and their claims are improperly joined in this action under Fed. R. Civ. P. 20 (a) (1) and all relevant and binding law because, among other things, Plaintiffs resided in multiple trailers, at different locations and addresses, at different times, for different durations, under different conditions and they have different alleged exposure, doses, injuries, damages and preexisting medical conditions.  Therefore, each improperly joined plaintiff's unique factual circumstances substantially differ from one another such that their claims do not arise out of the same transaction, occurrence or series thereof.

7th DEFENSE.

The claims against Defendant are, or may be, barred in whole or in part by Plaintiffs' failure to institute suit within the period of time required by the applicable statutes of limitation and/or any applicable limitation of actions, or by preemption or prescription, or failure to initiate

suit within the period of time required by the applicable prescriptive periods and/or any limitation of actions contained in any applicable contracts. Fed. R. Civ. P. 12 (b) (6).

## 8th DEFENSE.

Defendant will show that any of its travel trailers ultimately supplied or provided to Plaintiffs were designed, constructed, and manufactured in conformity with applicable industry standards and specifications.

## 9th DEFENSE.

Defendant specifically denies the existence of any defect or defects that would render its product(s) unreasonably dangerous under the Louisiana Products Liability Act, the limited warranty, and/or any other applicable law, contract, or standard.

## 10th DEFENSE.

Defendant reasserts as affirmative defenses the defenses raised in the Manufacturing Defendants' Joint Rule 12(b)(6) Motion to Dismiss (R. Doc. 210) and incorporates by reference the Court's Order and Reasons (R. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss as if plead herein, *in extenso*.

## 11th DEFENSE.

All Jayco products at issue contained warnings and instructions that a reasonably prudent person in the same or similar circumstances would have provided with respect to any danger and that communicated sufficient information of the dangers and safe use of the product, as well as instructions, taking into account the characteristics of, and the ordinary and common knowledge common to, and ordinary consumer who purchases or uses the product, and thus was adequate in all respects.

## 12th DEFENSE.

Solely in the alternative, in the event the Court finds Plaintiffs have suffered any damages whatsoever, the damages complained of resulted solely or substantially from the negligence, fault or comparative fault of the Plaintiffs through misuse and/or abuse and/or lack of maintenance of the travel trailers, failure to follow instructions for use, failure to heed applicable warnings, and/or through other acts or omissions which will be shown more fully at the trial of this matter and which preclude recovery by Plaintiffs or reduce any recovery by their respective percentages of fault.

## 13th DEFENSE.

Further in the alternative, all damages complained of resulted solely or substantially from the negligence, fault or comparative fault of third parties for whom Defendant had no control and is not responsible.

## 14th DEFENSE.

Solely in the alternative, in the event this Court determines there was any defect in any travel trailer, which is specifically denied, said defect was apparent and obvious and could be easily avoided or remedied, precluding any recovery by Plaintiffs.

## 15th DEFENSE.

Any products manufactured by Jayco that are the subject of Plaintiffs' claims in this action were designed, manufactured and marketed or labeled in conformity with the state of the art and consistent with all applicable industry standards, regulations, laws or other standards existing at the time thereof.

16th DEFENSE.

Jayco denies the existence of any defect or defects that would render its products unreasonably dangerous under Louisiana law, the LPLA, limited warranty and/or other applicable law, contract or standard.

17th DEFENSE.

The alleged defective design/formation of Jayco's product, if any, was caused by an inherent characteristic of the product that is a generic aspect of the product that cannot be eliminated without substantially compromising the product's usefulness or desirability and which is recognized by the ordinary person with the ordinary knowledge common to the community.

18th DEFENSE.

Jayco has no liability to Plaintiffs because Jayco's product did not fail to function as expected. Further, there existed no feasible design alternative that would have, to a reasonable probability, prevented harm to the plaintiffs.

19th DEFENSE.

Plaintiffs' claims for medical monitoring damages and/or future disease must fail as the plaintiffs do not suffer from present or manifest injury.

20th DEFENSE.

No privity of contract exists between the plaintiffs and Jayco, and to the extent the plaintiffs allege any such contract exists or existed, such contract or agreement is or was invalid and void because it lacked consideration.

21st DEFENSE.

All of the claims asserted against Defendant are preempted or otherwise precluded by the statutes, standards, regulations, and rules propagated by the Federal Government and/or HUD, and/or FEMA, and/or the plaintiffs' lease agreements with FEMA.

22nd DEFENSE.

Defendant further pleads that Plaintiffs' claims are, or may be, barred, in whole or in part, to the extent that the Economic Loss Doctrine applies and incorporates Court's Order and Reasons (R. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss as if plead herein, *in extenso*.

23rd DEFENSE.

Defendant restates and reasserts its defenses as expressed in its Answer to Plaintiffs' 3rd and 4th Supplemental and Amended Master Complaint (Rec. Doc. 10978) and all other answers and defenses lodged in answers and/or pleadings and motions filed in response to Plaintiffs' various Complaints and Master Complaints, including its Universal List of Defenses and Motions to be Preserved (Rec. Doc. 3375).

24th DEFENSE.

Claims against Defendant are, or may be, barred in whole or in part by the doctrines of estoppel, release or waiver.

25th DEFENSE.

Upon information and belief, Plaintiffs have settled with one or more of the other manufacturers of travel trailers or mobile homes they also lived in and, thus, the plaintiffs'

claims against Jayco have been extinguished or should be reduced by reason of settlement; alternatively, Jayco is entitled to a set-off or credit in the amount of any such settlements.

## 26th DEFENSE.

Jayco was not negligent, did not furnish a product defective and unreasonably dangerous and did not make or breach any express or implied warranties. Alternatively, any express warranty obligations that may be owed by Defendant are strictly limited by the terms of the limited warranty, including all of its limitations and exclusions, which are pleaded herein, as if copied *in extenso*.

## 27th DEFENSE.

Upon information and belief, Plaintiffs have failed to mitigate their damages.

## 28th DEFENSE.

Defendant hereby gives notice that it intends to rely upon any and all other such affirmative defenses as become available or apparent during the course of discovery, and reserves the right to amend its Answer to assert any and all such defenses.

## 29th DEFENSE.

In the event that discovery reveals the following, Defendant specifically pleads that the accident and/or injuries sued upon herein occurred only and solely due to the substantial alteration and/or modification of the product sued upon herein, which alteration and/or modification was not foreseeable, after it left the hands of the manufacturer, which is specifically pleaded as a complete bar to any recovery against Defendant.

### 30th DEFENSE.

Defendant specifically pleads to the extent applicable, all defenses allowed under the Louisiana Products Liability Act, LSA—R.S. 9:2800.51 et. seq., and/or other Louisiana law.

### 31st DEFENSE.

All of the plaintiffs' claims related to improper testing, marketing, licensing and/or distributing of products are unavailable under the Louisiana Products Liability Act, La R.S. 9:2800.51, *et seq.*, the Alabama Extended Manufacturers' Liability Doctrine and/or other applicable state law.

### 32nd DEFENSE.

Defendant specifically pleads that its product was reasonably fit for ordinary use.

### 33rd DEFENSE.

Plaintiffs' claims are, or may be, barred in whole or in part to the extent that the Amended Complaint for Damages does not state a cause of action for punitive or exemplary damages against Defendant, sufficient in law whereby recovery may be had.

### 34th DEFENSE.

Plaintiffs' claims are, or may be, barred in whole or in part to the extent that any award of punitive damages, to the extent they are even pled in Amended Complaint for Damages would be unconstitutional because the standards utilized to allow the imposition of such damages that are so vague, both on their face and as applied, so as to fail to give adequate or sufficient notice of the prohibitive conduct.

### 35th DEFENSE.

Plaintiffs' claims are, or may be, barred in whole or in part to the extent that the award of punitive damages, to the extent they are even pled by the Plaintiffs, would violate the Fourth,

Fifth, Sixth, Eighth and Fourteenth Amendments, separately, of the Constitution of the United States on each of the following separate and several grounds:

1. The procedures failed to provide means for awarding separate judgments against alleged tortfeasors;
2. The procedures failed to provide a limit on the amount of the award against separate defendants;
3. The procedures failed to provide specific standards for the award of punitive damages;
4. The procedures permit the award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions;
5. The procedures failed to provide a clear consistent and appellate standard of review of an award of punitive damages;
6. The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined; and
7. The standards of conduct upon which punitive damages are sought are vague.

## 36th DEFENSE.

Further answering herein, Plaintiffs' claims are, or may be, barred in whole or in part to the extent that any award of punitive damages would violate the applicable portions of the Constitutions of the State of Louisiana.

## 37th DEFENSE.

Defendant hereby demands a bifurcated trial of Plaintiffs' claims for actual and punitive damages.

## 38th DEFENSE.

The exact damages/losses claimed by Plaintiffs are unknown to Defendant, and thus Defendant cannot adequately determine all defenses that may be applicable to Plaintiffs' claims. Therefore, Defendant expressly reserves by this reference the right to raise additional defenses to the extent that:

a. Additional defenses become applicable under state and federal law;

b. Additional defenses are established as discovery proceeds; and

  c. Additional defenses are available under subsequently asserted theories of recovery.

## 39th DEFENSE.

Further answering herein, Defendant denies that Plaintiffs sustained any injuries, illnesses or diseases as a result of the use of Defendant's products, but in the event Plaintiffs did sustain any injuries, illnesses or diseases, or any medical conditions whatsoever, then in that event, such injuries, illnesses, diseases, or medical conditions claimed by Plaintiffs, in whole and in part, were and are the result of some other injuries, illnesses, diseases or medical conditions and causes, which were in no way caused or contributed to by the use of any of Defendant's products, and for which this Defendant is not in any way responsible.

## 40th DEFENSE.

Further answering herein, Defendant would show that it did not breach any warranties, expressed or implied.

## 41st DEFENSE.

Further answering herein, Defendant denies it had any contract with FEMA or any other party procuring temporary housing units on behalf of FEMA in response to hurricanes Katrina and Rita. Further, Defendant would show that FEMA and its procurement contractors were "sophisticated users" as that term is defined under the applicable state or federal law with regard to their purchase of any temporary housing unit designed, manufactured or sold by Defendant.

## 42nd DEFENSE.

Alternatively, Jayco avers that in the event it is found liable in any way to Plaintiffs, which is denied, any liability on its part is merely joint liability and not joint and several, nor *in solido*, with the liability of other parties for whom it is responsible.

14

43rd DEFENSE.

Defendant requests a trial by jury.

WHEREFORE, PREMISES CONSIDERED, JAYCO, INC. respectfully requests that this honorable Court enter judgment in its favor and award it costs, expenses and any other appropriate relief to which it may show itself justly entitled.

Respectfully submitted,

**WILLINGHAM, FULTZ & COUGILL LLP**

By: *Thomas L. Cougill*
THOMAS L. COUGILL
Texas State Bar No. 04877300
Louisiana State Bar No. 31112
R. MARK WILLINGHAM
Texas State Bar No. 21641500
JEFFREY P. FULTZ
Texas State Bar No. 00790728
Mississippi Bar No. 101058
Niels Esperson Building
808 Travis Street, Suite 1608
Houston, Texas 77002
(713) 333-7600 – Telephone
(713) 333-7601 – Facsimile

**Attorneys for Jayco, Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing pleading was filed electronically using the CM/ECF system. Notice of this filing will be forwarded to all known counsel by operation of the court's electronic filing system. I also certify that I have e-mailed a copy of this filing to any non-CM/ECF participants on this the 29th day of February, 2012.

*Thomas L. Cougill*
THOMAS L. COUGILL