UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
|      FORMALDEHYDE PRODUCTS | * | |
|      LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE: ENGELHARDT |
| THIS DOCUMENT IS RELATED TO: | * | |
| *Ann M. Terrell v. Gulf Stream Coach, Inc., et al* | * | MAG: CHASEZ |
| Docket No. 12-548 | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MOTION TO JOIN DEFENDANT, SHAW
ENVIRONMENTAL INC.'S NOTICE OF REMOVAL**

**NOW INTO COURT,** through undersigned counsel, comes defendant, Gulf Stream Coach, Inc., ("Gulf Stream") and, with a full reservation of rights, files this Joinder to Defendant, Shaw Environmental Inc.'s Notice of Removal and adopts Shaw Environmental Inc.'s argument, in whole, and incorporates it by reference as if copied *in extenso.* Furthermore, Gulf Stream makes its own independent argument for removal based on the doctrine of fraudulent joinder as follows:

1.

On February 01, 2012, Plaintiff, through attorney Justin I. Woods of the firm of Gainsburgh, Benjamin, David, Meunier, & Warshauer, L.L.C., filed this action, entitled *"Ann M. Terrell v. Gulf Stream Coach, Inc. and Shaw Environmental, Inc.,"* and bearing Docket Number 710913, (the "Petition"), in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana.

2.

For purposes of allotment, this Petition arises solely from operative facts that are the subject of multidistrict litigation ongoing in the U.S. District Court for the Eastern District of

Louisiana, entitled *In re: FEMA Trailer Formaldehyde Products Liability Litigation* and bearing MDL docket number 07-1873, which matter is pending before Judge Kurt D. Engelhardt, Section N(5) (*In re: FEMA Trailer Formaldehyde Products Liability Litigation,* MDL No. 07-MD-01873- KDE-ALC (E.D. La.)).

3.

Gulf Stream has waived service in this matter. A copy of all process, pleadings, and orders served upon Gulf Stream are attached hereto, *in globo*, as *Exhibit "A"* in accordance with 28 U.S.C. § 1446(a).

4.

Upon information and belief, Shaw Environmental, Inc. has waived service in this matter.

5.

In her Petition, Plaintiff admits that Gulf Stream is a corporation organized under the laws of the State of Indiana.[1] Furthermore, Gulf Stream's principal place of business is located in the State of Indiana. Plaintiff is a resident of and domiciled in the Parish of Jefferson, State of Louisiana.[2] Thus, diversity exists between Gulf Stream and the Plaintiff.

6.

Plaintiff also names as a defendant, Shaw Environmental, Inc. ("Shaw.") Shaw is alleged to be a Louisiana corporation with its principal place of business in Louisiana.[3]

7.

Plaintiff alleges damages, specifically contracting acute myelogenous leukemia, as a result of formaldehyde exposure while occupying the Gulf Stream Temporary Housing Unit (the "Unit") supplied by the Federal Emergency Management Agency ("FEMA") after Hurricanes

---

[1] *See* Petition for Damages, para. 2(A), attached as *Exhibit "A."*
[2] *Id.* at para. 1
[3] *Id.* at para. 2(B)

Katrina and Rita in 2005. The petition alleges that Shaw was negligent in several different respects:

> 1) Plaintiff alleges that Shaw was negligent in the "blocking" of the Unit which caused the Unit to become "stressed" and "flex," ultimately causing an increased expulsion of formaldehyde from the underlying materials.[4]
>
> 2) Plaintiff alleges that Shaw was negligent in failing to properly inspect and maintain the Unit.[5]
>
> 3) Plaintiff alleges that Shaw failed to properly warn Plaintiff of the alleged inherent danger existing within the Unit.[6]
>
> 4) Plaintiff alleges that Shaw is negligent under the Louisiana Product Liability Act.[7]

8.

Shaw has been fraudulently joined to this matter as the Plaintiff lacks a reasonable basis under which to assume that recovery against Shaw could occur under any of these allegations.

9.

When all plaintiffs are diverse in citizenship from all defendants, defendants may remove a state action to federal court. 28 U.S.C. §1441(b). When a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court. *Stillwell v. Allstate Ins. Co.*, C.A.11 (Ga.) 2011, 663 F.3d 1329 (11th Cir. 2011). Removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy. *Slover v. Equitable Variable Life Ins. Co.*, 443 F. Supp.2d 1272 (N.D. Okla. 2006). To prove fraudulent joinder, defendants must show: (1) actual fraud in the pleading of jurisdictional facts, or (2) <u>inability of the plaintiff to establish a cause of action against the non-</u>

---

[4] *Id.* at paras. 11-17
[5] *Id.* at paras. 18-19
[6] *Id.* at paras. 20-21
[7] *Id.* at para. 29

diverse part(ies) in state court. *Travis v. Irby,* 326 F.3d 644, 647 (5th Cir.2003) (emphasis added). Fraudulent joinder exists where a plaintiff has failed to plead under state law any specific actionable conduct against the non-diverse defendants. *Griggs v. State Farm Lloyds,* 181 F.3d 694, 699 (5th Cir. 1999). Where there is no claim of actual fraud, the only inquiry is whether "there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Travis,* 326 F.3d at 647. The plaintiff cannot establish potential liability under state law by a pleading that establishes "the mere hypothetical possibility that such an action could exist." *Griggs*, 181 F.3d at 701. There must arguably be a reasonable basis for predicting that state law would allow recovery in order to preclude a finding of fraudulent joinder. *Travis,* 326 F.3d at 648.

### Plaintiff Cannot and Will Not Be Able to Prove Negligent "Blocking"

10.

Plaintiff's allegation that Shaw is liable to her for "blocking" the unit, thus causing the unit to "flex," is wholly without merit. Plaintiff specifically pleads that the stress and flexing of the Unit due to Shaw's "blocking" created distortion in the Unit allowing increased moisture intrusion which contributed to increased formaldehyde emissions.[8] However, it is impossible for Plaintiff to prove this allegation. Plaintiff never conducted air testing on her unit, either before or after the Unit was "blocked."[9] Thus, Plaintiff cannot show the initial concentration of formaldehyde present in the Unit, if any. Plaintiff cannot show the concentration of formaldehyde in the Unit following the blocking procedure, if any; and, taking this to its logical conclusion, Plaintiff cannot show any increase in the formaldehyde emissions as a result of the

---

[8] *Id.* at para. 13
[9] Undersigned counsel ran a search on the Formaldehyde Testing databases to determine whether testing was ever done this particular unit. No matches were found.

00310138-1

blocking procedure.

### There Exist No Cause of Action for Shaw's Alleged Failure to Inspect or Maintain

11.

Plaintiff alleges that she is entitled to damages for Shaw's alleged failure to inspect or maintain the Unit.[10] However, no cause of action exists for this allegation. This Court has found and ordered that verbatim allegations by similarly placed plaintiffs against the contractor defendants in this MDL be dismissed because of the plaintiffs' continued inability to show that actions taken by the Contractor defendants deviated from the specifications given them by the U.S. government as it concerns the maintenance and inspection of the trailer units. (*See* Rec. Docs. 13421-2 and 13421-19, fn. 2). Shaw, as well as the other contractors involved in this MDL, inspected and maintained the trailer units in accordance with the specifications given them by the U.S. government and, thus, cannot be liable for damages for "failing" to comply with those specifications.

### There Exist No Cause of Action for Shaw's Alleged Failure to Warn

12.

Plaintiff cannot recover from Shaw for Shaw's "failure to warn." In her Petition, Plaintiff alleges that Shaw "failed to warn the Plaintiff of the potential risk of hazardous and unsafe living conditions due to the presence of elevated levels of formaldehyde . . ."[11]

13.

Under Louisiana law, a cause of action for failure to warn does not exist unless there is an

---

[10] *Id.* at paras. 18-19
[11] *Id.* at 20.

affirmative duty to provide a warning. *Audler v. CBC Innovis Inc.,* 519 F.3d 239, 254 (5th Cir. 2008) *citing Fryar v. Westside Habilitation Center,* 479 So.2d 883, 889 (La. 1985). Louisiana law imposes the duty to warn in three circumstances: 1) on manufacturers under the LPLA; 2) on those having custody or garde over a thing whose ruin, vice, or defect causes damage under Louisiana Civil Code articles 2317 and 2317.1; and 3) where the defendant and plaintiff have one of the "special relationships" recognized by law as creating a responsibility for failing to prevent harm caused by or to warn about dangerous conditions created by a third person. *In re Trailer Formaldehyde Products Liability Litigation,* 2012 WL 137803 (E.D. La. 2012) (slip copy). In *In re Trailer Formaldehyde Products Liability Litigation,* this Court analyzed whether several contractor defendants – Fluor Enterprises, Inc., CH2M Hill Constructors, Inc., and Shaw Environmental Inc. – had a duty to warn various plaintiffs of potential hazards caused by alleged formaldehyde exposure in travel trailer units. *Id., generally.* The Court held that under Louisiana law, the contractors did not have an affirmative duty to warn plaintiff of any potential hazards caused by alleged formaldehyde exposure in travel trailer units based on the criteria cited above. *Id.* at *15. Furthermore, this Court held that these contractors owed no duty to warn under general Louisiana negligence law. *Id.*

### Plaintiff has No Cause of Action Under the Louisiana Product Liability Act

14.

Plaintiff has no basis for recovery under the Louisiana Product Liability Act ("LPLA".) In her petition, Plaintiff alleges that Shaw is strictly liable to Plaintiff under the Louisiana Product Liability Act for "designing, manufacturing, constructing, assembling, distributing,

00310138-1

and/or refurbishing" the mobile home unit.[12] The LPLA establishes the exclusive theories of liability for manufacturers for damages caused by their products. La. R.S. §9:2800.52. Thus, in order to be liable under the LPLA, a party must be a "manufacturer." La. R.S. §9:2800.53(1). However, Shaw is not a "manufacturer" of the Unit as it is defined by the LPLA. *See In re FEMA Trailer Formaldehyde Products Liability Litigation,* 2009 WL 2969503 (E.D. La. 2009) (holding that Fluor Enterprises, Inc. – a contractor with the same role as the role assigned Shaw in this case – is not a "manufacturer" under the LPLA for the purposes of recovery under the statue because Fluor Enterprises, Inc., only delivered, set up, and readied for use the specific trailer unit subject to the suit. It did not manufacturer, assemble, use a component part of, purchase, significantly alter, or create a new product from the trailer unit occupied by the plaintiffs.)

15.

Furthermore, Plaintiff's claim for formaldehyde exposure as a result of occupying the Unit under the Louisiana Product Liability Act is preempted by federal law. While Plaintiff asserts various acts of negligence on the part of Gulf Stream and Shaw, the petition clearly only addresses one cause of Plaintiff's injury – alleged exposure to increased levels of formaldehyde.[13]

16.

In *In re FEMA Trailer Formaldehyde Products Liability Litigation,* this Court held that the Manufactured Home Construction and Safety Standards Act, 42 U.S.C. §5401 *et seq.,* (the "MHA"), and the standards and regulations promulgated by the United States Department of Housing and Urban Development ("HUD"), pursuant to 24 C.F.R. §3280 and §3282, preempts

---

[12] *Id.* at para. 29.
[13] *Id.* at paras. 6, 8, 9, 13, 20, 21, 22, 24, 25, and, 26

claims of injury to excess formaldehyde exposure in accordance with the Supremacy Clause of Article VI, Section 2 of the United States Constitution. *See In re FEMA Trailer Formaldehyde Products Liability Litigation,* 620 F.Supp.2d 755 (E.D. La. 2009). This decision is directly applicable to the current action and shows that Plaintiff has no right of action to proceed under this State claim for damages.

17.

Because Plaintiff has no reasonable basis to recover damages against Shaw under any of the four allegations cited in her Petition, Shaw has been fraudulently joined to this matter and should be dismiss under the law cited in Paragraph Nine. With Shaw dismissed, there is full diversity in this matter and it may be properly removed under 28 U.S.C. §1441(b).

18.

**WHEREFORE,** defendant, Gulf Stream Coach, Inc. prays that this matter be removed to the United States District Court for the Eastern District of Louisiana for further proceedings and disposition.

Respectfully submitted:

**DUPLASS, ZWAIN, BOURGEOIS,
PFISTER & WEINSTOCK**

s/Andrew D. Weinstock
_____
**ANDREW D. WEINSTOCK (#18495)
JOSEPH G. GLASS (#25397)**
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
Telephone: (504) 832-3700
andreww@duplass.com
jglass@duplass.com

and

00310138-1

**SCANDURRO & LAYRISSON**
Timothy D. Scandurro #18424
Dewey M. Scandurro #23291
607 St. Charles Avenue
New Orleans, LA 70130
Telephone: (504) 522-7100
tim@scanlayr.com
dewey@scanlayr.com
**Counsel for Defendant, Gulf Stream Coach, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of February, 2012, a copy of the foregoing Notice of Removal was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to all known counsel of record by operation of the court's electronic filing system.

s/Andrew D. Weinstock
_____
ANDREW D. WEINSTOCK #18495
andreww@duplass.com

00310138-1