**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL. No. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | Section: N (5) |
| | * | |
| | * | Judge: Engelhardt |
| This Document Relates To: | * | |
| *Swanica Nero v. Pilgrim Int., Inc.,* | * | Magistrate: Chasez |
| *et al No: 09-4730* | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>**ANSWER AND AFFIRMATIVE DEFENSES**</u>
<u>**AND REQUEST FOR TRIAL BY JURY**</u>

NOW INTO COURT, through undersigned counsel, comes defendant, Crum & Forster Specialty Insurance Company, and for Answer to the Plaintiffs' Complaint for Damages[1], Plaintiffs' Supplemental and Amended Complaint[2] and Second Amended Complaint for Damages[3] in the above captioned matter, respectfully avers as follows:

<u>FIRST DEFENSE</u>

The Complaint for Damages, Plaintiffs' Supplemental and Amended Complaint and the Second Supplemental and Amending Complaint for Damages fail to state a claim on which relief can be granted.

---

[1] Case Number 09-4730, No. 1.
[2] Case Number 07-md-1873, No. 15903.
[3] Case Number 07-md-1873, No. 24290.

## SECOND DEFENSE

And now for answer to the individual numbered paragraphs of the Complaint for Damages:

1.

Defendant denies the allegations of Paragraph No. 1 for lack of information sufficient to justify a belief therein.

2.

The allegations of Paragraph No. 2 are denied.

3.

The allegations of Paragraph No. 3 are denied for lack of information sufficient to justify a belief therein.

4.

Defendant admits the existence of a policy of insurance issued by Crum & Forster Specialty Insurance Company issued to Pilgrim International, Inc., which policy is the best evidence of its terms, conditions and limitations. All other allegations of Paragraph No. 4 are denied. Defendant specifically denies the right to proceed under the Louisiana Direct Action Statute for any plaintiff whose trailer was not located in Louisiana.

5 - 9

The allegations of Paragraph Nos. 5 through 9 are denied.

10.

The allegations of Paragraph No. 10 are denied.

11.

The allegations of Paragraph No. 11 require no response from this defendant. However, out of an abundance of caution they are denied.

12.

Defendant admits that venue is proper as to any individual plaintiff whose trailer was located in the Eastern District of Louisiana. Any plaintiff whose trailer was located in another state, or another federal District of Louisiana does not have proper venue in the Eastern District of Louisiana, and Paragraph No. 12 is denied to that extent.

13.

The allegations of Paragraph No. 13 are denied.

14 - 30

The allegations of Paragraph Nos. 14 through 30 are denied.

31 - 52

The allegations of Paragraph Nos. 31 through 52 do not require a response from this defendant; however out of an abundance of caution they are denied.

53 - 78

The allegations of Paragraph Nos. 53 through 78 do not require a response from this defendant. However, out of an abundance of caution, they are denied.

79 - 84.

The allegations of Paragraph Nos. 79 though 97 are denied

85-98

The allegations of Paragraph Nos. 85 through 98 do not require a response from this defendant; however, out of an abundance of caution they are denied.

99.

The allegations of Paragraph 99are denied.

100.

The allegations of Paragraph 100 are denied.

101.

Defendant requests a trial by jury as to all parties and all issues herein.

AND NOW FOR ANSWER TO PLAINTIFFS' SUPPLEMENTAL AND AMEDING COMPLAINT:

102

The allegations of the Paragraphs 1 through 4 do not require a response from this defendant; however, out of an abundance of caution they are denied.

103

Defendant requests a trial by jury as to all parties and all issues herein.

AND NOW FOR ANSWER TO THE SECOND SUPPLEMENTAL AND AMEDING COMPLAINT FOR DAMAGES:

104

Defendant admits the existence of a policy of insurance issued by Crum & Forster Specialty Insurance Company issued to Pilgrim International, Inc., which policy is the best evidence of its terms, conditions and limitations. All other allegations of the amended Paragraph No. 4 are denied.

105.

The allegations of Paragraph 98a are denied. Defendant specifically denies the right to proceed under the Louisiana Direct Action Statute for any plaintiff whose trailer was not located in Louisiana.

106.

The allegations of the amended Paragraph 99 are denied.

107.

Defendant requests a trial by jury as to all parties and all issues herein.

### **AFFIRMATIVE DEFENSES**

### THIRD DEFENSE

Defendant specifically denies the existence of any defect or defects that would render any product of Pilgrim International, Inc., unreasonably dangerous under the

Louisiana Products Liability Act or any other warranty or applicable law contract or standard.

## FOURTH DEFENSE

Any products manufactured Pilgrim International, Inc., that are the subject of the claims in this action were manufactured in conformity with the state of the art technology and consistent with all applicable standards, regulations, laws and/or industry standards.

## FIFTH DEFENSE

The product at issue is not unreasonably dangerous in manufacture, construction or composition and/or not unreasonably dangerous in design and/or not unreasonably dangerous by virtue of failure to warn and/or not dangerous due to nonconformity to express warranty.

## SIXTH DEFENSE

The product at issue did not deviate in any material respect from the specifications or performance standards for the product or from otherwise identical products and was not substandard in any way.

## SEVENTH DEFENSE

The product at issue was manufactured with the highest degree of skill and care and in conformity with the knowledge and skills available to the industry at the time in question.

### EIGHTH DEFENSE

There is no alternative design for the product at issue, which was capable of preventing plaintiff's alleged damages.

### NINTH DEFENSE

The warnings or instructions on or accompanying the product at issue were adequate and the adequacy of those warnings are a complete bar to recovery.

### TENTH DEFENSE

No express warranties existed or were breached, and the product at issue was at all times reasonably fit and suitable for the purpose for which it was manufactured and sold, and plaintiffs' injuries and damages do result from any defects in said product.

### ELEVENTH DEFENSE

The damage alleged herein occurred as a result of misuse and/or abuse of the product at issue, including, but not limited to failure to follow instructions for use and/or warnings, which is a complete bar to recovery.

### TWELFTH DEFENSE

Upon information and belief, all injuries and damages of which plaintiffs complain were caused by a misuse, abuse, modification and/or alteration of the product in question and serve as a bar to plaintiffs' recovery.

### THIRTEENTH DEFENSE

Upon information and belief, all injuries and damages connected with the alleged damages subject of the plaintiffs' Amended Complaint were obvious, apparent and known to plaintiffs who assumed the risk of their injuries.

### FOURTEENTH DEFENSE

The alleged danger in using the product at issue was open and obvious, and there was no duty to warn of such risk.

### FIFTEENTH DEFENSE

Defendant avers that the product in question was out of Pilgrim International, Inc.'s control over the material period of time, and during that time, Pilgrim International, Inc., had no control over maintenance, use, or operation of the product. Defendant avers that if there was any defect or deficiency in the product at the time of the alleged damages at issue, such defect or deficiency did not relate to the original design, manufacture or sale of the product or procedures undertaken by Pilgrim International, Inc., but, on the contrary, is the result of misuse, abuse, improper storage, or other actions or omissions on the part of plaintiffs or others for whom Pilgrim International, Inc. is not and can not be responsible.

### SIXTEENTH DEFENSE

Defendant avers that plaintiffs' damages, if any were caused by alternate factors and/or exposures.

## SEVENTEENTH DEFENSE

Any injuries and/or damages alleged by plaintiffs herein were caused solely as a result of the fault and/or negligence of those entities installing the products at issue.

## EIGHTEENTH DEFENSE

Any injuries and/or damages alleged by plaintiffs herein were caused solely as a result of the fault and/or negligence of the federal government, United States of America and/or Federal Emergency Management Agency.

## NINETEENTH DEFENSE

While at all times denying liability, defendant avers that plaintiffs were guilty of contributory negligence and/or assumption of the risk, all of which serve to bar completely, or in the alternative, bar partially, plaintiffs' recovery herein.

## TWENTIETH DEFENSE

While defendant denies that plaintiffs sustained any damages, defendant alternatively avers that plaintiffs have failed to mitigate any damages sustained.

## TWENTY-FIRST DEFENSE

Plaintiffs claims are or may be barred, in whole or in part, by the applicable statutes of limitations and/or prescriptive or peremptive periods.

## TWENTY-SECOND DEFENSE

Defendant avers that the policy is the best evidence of its terms, conditions and limitations, which are plead as if copied herein *in extenso.* Defendant denies the

9

allegations, which may tend to enlarge, contradict, or contravene the terms, conditions, exclusions and limitations of liability as to the amount or otherwise, as provided therein.

## TWENTY-THIRD DEFENSE

Defendant avers that the policy does not cover any alleged damages which did not manifest during its policy period.

## TWENTY-FOURTH DEFENSE

Defendant avers that its policy does not provide liability insurance coverage for any alleged damages for plaintiffs who were not exposed to formaldehyde during its policy period.

## TWENTY-FIFTH DEFENSE

Plaintiffs are not entitled to the recovery they seek because they have not suffered any damage, or alternatively, because they have failed to mitigate their damages.

## TWENTY-SIXTH DEFENSE

The alleged injuries for which plaintiffs complain resulted from plaintiffs' pre-existing medical and/or emotional conditions and/or illnesses and were not caused by living in the trailer.

## TWENTY-SEVENTH DEFENSE

No evidence exists that plaintiffs would have read, relied upon, and/or heeded any and all warnings and instructions regarding the use of the units and no evidence exists that such warnings or instructions were necessary.

## TWENTY-EIGHTH DEFENSE

Recovery under the Complaint is barred, in whole or in part, because there are numerous intervening or superseding causes of the injuries allegedly sustained by the Plaintiffs.

## TWENTY-NINTH DEFENSE

Defendant avers that Pilgrim International, Inc., did not sell housing units directly to the federal government in the wake of Hurricanes Katrina and Rita, and that the dealers to whom Pilgrim International, Inc. sold housing units and the federal government are sophisticated users of products, such that Pilgrim International, Inc. cannot be held liable to plaintiffs for their claims, including, but not limited to any claims for failure to warn.

## THIRTIETH DEFENSE

Defendant specifically pleads all applicable defenses available under the Robert T. Stafford Disaster Relief and Emergency Assistance Act and the Louisiana Health Emergency Powers Act, LRS 29:771.

## THIRTY-FIRST DEFENSE

Defendant avers that Pilgrim International, Inc., had no maintenance or repair responsibilities for plaintiffs' units after the units were sold.

## THIRTY-SECOND DEFENSE

In the event Defendant's insured is found liable to any plaintiff, each plaintiff's damages, if any, must be apportioned evenly across the various policy periods during

which each plaintiff was exposed to formaldehyde, whether named or not in this action and whether or not those policies provide coverage.

### THIRTY-THIRD DEFENSE

The Amended Complaint for Damages has improperly joined claims under Rule 18 of the Federal Rules of Civil Procedure, requiring severance, where multiple unrelated plaintiffs are joined together in the same action

### THIRTY-FOURTH DEFENSE

Defendant avers, per the terms of its policy, that it is only responsible for damages assessed against Pilgrim International, Inc., if any, in excess of the deductible amount.

### THIRTY-FIFTH DEFENSE

Plaintiffs do not have standing or a cause or right of action against defendant for failing to comply with any applicable claim-bar deadlines in the bankruptcy proceedings filed by Pilgrim International, Inc.

### THIRTY-SIXTH DEFENSE

Plaintiffs have failed to properly plead claims for future impairments and disability, as to future loss of earning capacity, as to future loss of enjoyment and quality of life, loss of consortium and/or society or any compensable out of pocket expenses.

### THIRTY-SEVENTH DEFENSE

Plaintiffs failed to state a claim on which relief can be granted to the extent their Complaint states that they lived in mobile homes, manufactured homes, or park model trailers.

### THIRTY-EIGHTH DEFENSE

The product at issue was at all times reasonably fit and suitable for the purpose for which it was manufactured and sold and was not in any way defective or unreasonably dangerous for the use for which the product was intended.

### THIRTY-NINTH DEFENSE

Failure to state a claim because Plaintiffs failed to make particularized allegations about their injuries and damages and failure to make any particularized allegations about any particular defendant's alleged conduct.

### FORTIETH DEFENSE

Defendant avers that it is entitled to an offset and/or credit for the liability of any and all individuals, companies, parties and/or defendants with whom the Plaintiffs have settled, regardless of whether those persons are parties to this litigation.

### FORTY-FIRST DEFENSE

Plaintiffs' claims against Defendant and its alleged insured are barred, or alternatively reduced, to the extent the injuries complained of were the result of exposure to substances other than formaldehyde.

### FORTY-SECOND DEFENSE

Plaintiffs' demands are barred or alternatively are reduced to the extent there is other insurance applicable to the claims asserted herein.

### FORTY-THIRD DEFENSE

Plaintiffs' demands are barred to the extent Defendant's alleged insured failed to meet all of the conditions under the Policies.

### FORTY-FOURTH DEFENSE

Defendant reserves its right to raise any and all other defenses under the Policies or applicable law.

### FORTHY-FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part by the Government Contractor Defense, regarding products purchased by the federal government meeting its specifications and installed according to directions.

### FORTY-SIXTH DEFENSE

While Defendant denies that any damage at all was caused to plaintiffs, because the Louisiana Product Liability Act "establishes the exclusive theories of liability for manufacturers for damage caused by their products," plaintiffs are barred from bringing any other cause of action against Pilgrim International Inc.

FORTY-SEVENTH DEFENSE

Any plaintiff in this matter who resided in a trailer outside Louisiana does not have a right of direct action against Defendant.

FORTY-EIGHTH DEFENSE

In the alternative, if any plaintiff was exposed to formaldehyde in a Pilgrim trailer, the levels of formaldehyde were insufficient to cause the damage complained of.

WHEREFORE, defendant, Crum & Forster Specialty Insurance Company, prays, that its answer be deemed good and sufficient, and that after due proceedings be had, that a Judgment be rendered in their favor, dismissing plaintiffs' Complaint and rejecting plaintiffs' demands at their own costs as well as for all other just and equitable relief including trial by jury of twelve as to all parties on all issues herein.

Respectfully submitted:

<div style="border: 1px solid black;">

**CERTIFICATE OF SERVICE**

I CERTIFY THAT A COPY OF THE FOREGOING PLEADING HAS BEEN SERVED UPON COUNSEL FOR ALL PARTIES BY EMAIL THROUGH THE COURT'S ELECTRONIC CASE FILING (ECF) SYSTEM ON THIS __2nd__ DAY OF __March__, 2012.

_____/s Eric B .Berger_____

</div>

_____/s Eric B. Berger_____
SIDNEY J. ANGELLE, #1002
ERIC B. BERGER, #26196
LOBMAN, CARNAHAN, BATT,
  ANGELLE & NADER
400 POYDRAS STREET, SUITE 2300
NEW ORLEANS, LOUISIANA  70130
(504) 586-9292    FAX (504) 586-1290

15