**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL. No. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | Section: N (5) |
| | * | |
| | * | Judge: Engelhardt |
| This Document Relates To: | * | |
| *Kasinda Brumfield obo K.B., et al v.* | * | Magistrate: Chasez |
| *Pilgrim International, Inc., et al* | * | |
| *No: 10-2248* | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MOTION TO DISMISS WITH PREJUDICE FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NO. 2 & 32 RELATING TO PLAINTIFF FACT SHEETS**

NOW INTO COURT, through undersigned counsel, comes defendant, Crum & Forster Specialty Insurance Company,[1] who moves this Honorable Court to dismiss the claims of the plaintiffs in this suit, **Myron LeBrane**, **Jonrina Gould, Kasinda Brumfield on behalf of K.B., and Sierra Mitchell** with prejudice for failure to comply with the terms of the Court's Pre-Trial Orders No. 2 and 32 relating to the provision of Plaintiff Fact Sheets. Pursuant to the Court's Pre-Trial Order No. 10 § 1, counsel for Mover wrote counsel for plaintiff to discern whether the motion was opposed or unopposed and no response was received.

WHEREFORE, defendant, Crum & Forster Specialty Insurance Company prays that its Motion to Dismiss with Prejudice be granted, dismissing the claims of **Myron**

---

[1] The above-captioned matter joins residents of Louisiana, Mississippi, and Alabama. The plaintiffs addressed in this Motion are, on information and belief, Louisiana residents. Crum & Forster Specialty Insurance Company

**LeBrane**, **Jonrina Gould, Kasinda Brumfield on behalf of K.B., and Sierra Mitchell**

from *Kasinda Brumfield obo K.B., et al v. Pilgrim International, Inc., et al,* No. 10-2248, with prejudice for failure to comply with Pre-Trial Orders No. 2 and 32.

Respectfully submitted:

____/s Eric B. Berger__
SIDNEY J. ANGELLE, #1002
ERIC B. BERGER, #26196
LOBMAN, CARNAHAN, BATT,
ANGELLE & NADER
400 POYDRAS STREET, SUITE 2300
NEW ORLEANS, LOUISIANA  70130
(504) 586-9292   FAX (504) 586-1290

<u>CERTIFICATE OF SERVICE</u>

I CERTIFY THAT A COPY OF THE FOREGOING PLEADING HAS BEEN SERVED UPON COUNSEL FOR ALL PARTIES BY EMAILING THE SAME TO EACH, PROPERLY THROUGH THE COURT'S E-FILING SYSTEM ON THIS __2nd__ DAY OF __March__, 2012..
____/s Eric B. Berger_____

---

reserves the right to assert the lack of a right of direct action and corresponding lack of standing of the non-Louisiana plaintiffs in this matter to claim against it.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL. No. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | Section: N (5) |
| | * | |
| | * | Judge: Engelhardt |
| This Document Relates To: | * | |
| *Kasinda Brumfield obo K.B., et al v.* | * | Magistrate: Chasez |
| *Pilgrim International, Inc., et al* | * | |
| *No: 10-2248* | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NOTICE OF SUBMISSION

Considering the above and foregoing,

**PLEASE TAKE NOTICE** that the MOTION TO DISMISS WITH PREJUDICE FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NO. 2 & 32 RELATING TO PLAINTIFF FACT SHEETS as to plaintiffs, **Myron LeBrane**, **Jonrina Gould, Kasinda Brumfield on behalf of K.B., and Sierra Mitchell** filed by defendant, Crum & Forster Specialty Insurance Company, through undersigned counsel, is set for hearing on March 21, 2012, at 9:30 a.m. before the Honorable Kurt L. Englehardt, United States District Court, Eastern District of Louisiana in accordance with the Local Rules.

Respectfully submitted:

**CERTIFICATE OF SERVICE**

I CERTIFY THAT A COPY OF THE FOREGOING PLEADING HAS BEEN SERVED UPON COUNSEL FOR ALL PARTIES BY EMAILING THE SAME TO EACH, PROPERLY THROUGH THE COURT'S E-FILING SYSTEM ON THIS _2nd_ DAY OF __March__, 2012..

____/s Eric B. Berger_____

____/s Eric B. Berger__
SIDNEY J. ANGELLE, #1002
ERIC B. BERGER, #26196
LOBMAN, CARNAHAN, BATT,
ANGELLE & NADER
400 POYDRAS STREET, SUITE 2300
NEW ORLEANS, LOUISIANA  70130
(504) 586-9292   FAX (504) 586-1290

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL. No. 1873 |
| FORMALDEHYDE  PRODUCTS | * | |
| LIABILITY LITIGATION | * | Section:  N (5) |
| | * | |
| | * | Judge: Engelhardt |
| This Document Relates To: | * | |
| *Kasinda Brumfield obo K.B., et al v.* | * | Magistrate: Chasez |
| *Pilgrim International, Inc., et al* | * | |
| *No: 10-2248* | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS WITH PREJUDICE FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NO. 2 & 32 RELATING TO PLAINTIFF FACT SHEETS**

MAY IT PLEASE THE COURT:

The defendant, Crum & Forster Specialty Insurance Company,[2] through undersigned counsel, respectfully submits this Memorandum in Support of its Motion to Dismiss with Prejudice for Failure to Comply with Pre-Trial Order No. 32 Relating to Plaintiff Fact Sheets as to plaintiffs **Myron LeBrane**, **Jonrina Gould, Kasinda Brumfield on behalf of K.B., and Sierra Mitchell.**

I.     Factual Background

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters.  To guide the multitude of parties and counsel involved in this matter, the Court has issued over 80 Pre-Trial Orders on numerous subjects, including discovery.  On January 30, 2008 the

Court issued Pre-Trial Order No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet", which would serve as a substitute for the initial rounds of Interrogatories and Request for Production of Documents on a standardized and simple form[3]. Pre-Trial Order No. 2 provides that:

> "Each Plaintiff's responses to the PFS will be treated as answers to interrogatories under Fed. R. Civ. P. 33, and request for production of documents under Fed. R. Civ. P. 34, and must be supplemented in accordance with the Fed. R. Civ. P. 26."[4]

Pre-Trial Order No. 2 also established a process for "curing" these fact sheets when a particular plaintiff failed to provide one or more responses in his or her fact sheet. Outlining the curing process, the Pre-Trial Order No. 2 stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS.[5] The letter would specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days.[6] These procedures were carried over into Pre-Trial Order No. 32.[7]

---

[2] The above-captioned matter joins residents of Louisiana, Mississippi, and Alabama. The plaintiffs addressed in this Motion are, on information and belief, Louisiana residents. Crum & Forster Specialty Insurance Company reserves the right to assert the lack of a right of direct action of the non-Louisiana plaintiffs in this matter against it.
[3] See Rec. Doc. No. 87.
[4] See Rec. Doc. No. 87, page 7.
[5] See Rec. Doc. No. 87, page 8-9.
[6] See Rec. Doc. No. 87, page 8-9. See also Pre-Trial Order No. 32, Rec. Doc No. 1180, p. 5.
[7] See Rec. Doc. No. 1180, P.5.

II.     Law and Argument

**1.     Myron LeBrane's** Plaintiff Fact Sheet is unsigned and undated.[8]  Counsel for Mover reviewed it and deemed it insufficient.  A Plaintiff Fact Sheet includes 121 questions to be answered.  Myron LeBrane left 80 of them blank or responded insufficiently.  Counsel for Mover drafted a Rule 37 letter on April 29, 2011 to outline the deficiencies.[9]  In response to Mover's Rule 37 letter, plaintiff sent three errata sheets, which still leave many key deficiencies.[10]

Plaintiff provides only a fragment (five digits and no letters) of a VIN number that, by itself, does not correspond to the markers of a Pilgrim VIN, making it impossible to know if he correctly named Pilgrim as the manufacturer.[11]  He fails to indicate the average number of hours he spent in the trailer each day.[12]  He indicates that he smoked or used tobacco in the past.[13]  However, he does not answer the date on which he stopped smoking or using tobacco or the average amount he smoked per day.[14]  Plaintiff also fails to provide any information regarding the smoking history of the other trailer residents.[15]  Plaintiff does not "recall" whether he is making a claim for emotional damages, medical expenses, or lost wages. [16]  He provided no employment or educational history. [17]  He does not recall the reason he moved out of the trailer.[18]        He also fails to answer

---

[8] See Exhibit A.
[9] See Exhibit B.
[10] See Exhibit C, C-1 and C-2.
[11] See Exhibits C-2.
[12] See Exhibits A, C, and C-1.
[13] See Exhibits A, C, and C-1.
[14] See Exhibits A, C, and C-1.
[15] See Exhibits A, C, and C-1.
[16] See Exhibits A, C, and C-1.
[17] See Exhibits A, C, and C-1.
[18] See Exhibits A, C, and C-1.

whether he has ever suffered from lung or other respiratory disease or skin disease.[19] Finally, he does not identify the doctor or health care provider who treated him for each disease, illness, or injury that he claims he suffered as a result of living in a FEMA trailer and he does not recall whether a doctor ever informed him that his "alleged illness, disease, or injury is related to living in a FEMA trailer or mobile home".[20] The authorization and release forms were never executed by Mr. Lebrane.[21] The Plaintiff Fact Sheet for Myron LeBrane is incomplete.

2. **Jonrina Gould's** Plaintiff Fact Sheet, which is unsigned and undated.[22] Counsel for Mover reviewed it and deemed it insufficient. A Plaintiff Fact Sheet includes 121 questions to be answered. Jonrina Gould left 81 of them blank or responded insufficiently.

Counsel for Mover drafted a Rule 37 letter on March 24, 2011 to outline the deficiencies.[23] In response to Mover's Rule 37 letter, plaintiff sent Plaintiff Fact Sheet Deficiency Answers, which still left 80 questions unanswered.[24] Plaintiff responded that she does not recall or that she will supplement to most of the questions.

There are numerous "key" deficiencies. Plaintiff does not even provide his or her gender.[25] Plaintiff's counsel writes "(can't tell by client's name), indicating a clear lack of input by this plaintiff in the attempt to provide a plaintiff fact sheet"[26] Plaintiff does

---

[19] See Exhibits A, C, and C-1.
[20] See Exhibits A, C, and C-1.
[21] See Exhibit A.
[22] See Exhibit D.
[23] See Exhibit E.
[24] See Exhibit F.
[25] See Exhibits D and F.
[26] See Exhibits D and F.

not identify any symptoms he/she suffered.[27] He/she does not answer whether he/she is making a claim for mental or emotional damages, medical expenses, or wage loss.[28] Plaintiff does not provide a date of birth.[29]

As for trailer information, the answers are conflicting. First, as for the manufacturer, Plaintiff's Counsel writes, "After matching my information with the government, it was found that I did live in a trailer manufactured by Pilgrim International, Inc."[30] Then, regarding the VIN, Plaintiff's Counsel states, "According to the information provided by the US government through the FEMA offices in the matching process, I lived in a Pilgrim International trailer. The matching information from that office listed Pilgrim International as the manufacturer, but did not provide a VIN number."[31] Immediately below, Plaintiff's Counsel writes in parentheses, "client provided 5LAPF33273014504 for VIN but claimed they stayed in a gulf stream, please call to verify."[32] Plaintiff does not provide a FEMA identification number.[33] And, finally, with respect to the Bar Code number, the response is similar to the one provided in response to the VIN, and states, "client provided 220257 for a serial number but claimed they stayed in a gulf stream. please call to verify."[34]

Plaintiff does not provide the move-in or move-out dates or the mailing address of the FEMA trailer, meaning she cannot prove whether she is covered under the Crum &

---

[27] See Exhibits D and F.
[28] See Exhibits D and F.
[29] See Exhibits D and F.
[30] See Exhibit F, answer to "Question 19".
[31] See Exhibit F, answer to "Question 20".
[32] See *id.*
[33] See Exhibit D and F.
[34] See Exhibit F, answer to "Question 22."

Forster policy or has filed suit in the proper venue.[35]  Plaintiff also fails to provide the average number of hours spent in the FEMA trailer each day.[36]  Plaintiff does not answer whether he/she has ever suffered from lung or other respiratory disease or skin disease.[37]  She provides no education or employment history.[38]  The authorization and release forms are also un-dated.[39]  The Plaintiff Fact Sheet for Jonrina Gould remains incomplete

     3. **Sierra Mitchell's** Plaintiff Fact Sheet is undated.[40]  Counsel for Mover reviewed it and deemed it insufficient.  A Plaintiff Fact Sheet includes 121 questions to be answered.  Sierra Mitchell left 16 of them blank or responded insufficiently.

     Counsel for Mover drafted a Rule 37 letter on March 24, 2011 to outline the deficiencies.[41]  In response to Mover's Rule 37 letter, plaintiff sent Plaintiff Fact Sheet Deficiency Answers, which still left 15 questions unanswered.[42]  Plaintiff responded that she does not recall or that she will supplement to most of the questions.  A subsequent errata sheet stated that plaintiff resided in trailers manufactured by Gulfstream, Dutchmen, and Pilgrim.[43]  Neither the PFS or the errata provided move-in or move-out dates.[44]

---

[35] See Exhibits D and F.
[36] See Exhibits D and F.
[37] See Exhibits D and F.
[38] See Exhibits D and F.
[39] See Exhibit D.
[40] See Exhibit G
[41] See Exhibit H.
[42] See Exhibit I.
[43] See Exhibit J.
[44] See Exhibit G, I and J.  Curiously, plaintiff's entry on the "India" spreadsheet contains move-in and move-out dates of October 1, 2005 to October 1, 2008 which information was not contained in the PFS or the errata. The same dates are provided for *each of three trailers that plaintiff lived in*, still giving no indication when plaintiff actually lived in a Pilgrim trailer, if at all.

"Key" deficiencies remain. Plaintiff's Counsel writes, in response to the manufacturer of the trailer or mobile home, "The Manufacturer of Mobile home is Golf Stream Coach, Inc. [sic] Will Supplement."[45] Plaintiff does not provide the Bar Code number for the housing unit.[46] She does not answer the average number of hours spent in the trailer each day.[47] She signed the authorization forms in 2008, and they are now out of date.[48] The Plaintiff Fact Sheet for Sierra Mitchell is incomplete. A subsequent "Final" Plaintiff Fact Sheet provided on March 2, 2012[49] provided did not provide answers to any of the foregoing missing information.

4. Initially, Counsel for Mover did not receive a Plaintiff Fact Sheet for **Kasinda Brumfield on behalf of K.B.** Therefore, Counsel for Mover sent a Rule 37 letter on January 31, 2011 requesting the Plaintiff Fact Sheet.[50] Plaintiff then submitted her Plaintiff Fact Sheet, which is unsigned and undated.[51] Counsel for Mover reviewed it and deemed it insufficient. A Plaintiff Fact Sheet includes 121 questions to be answered. K.B. left 79 of them blank or responded insufficiently.

Counsel for Mover drafted a Rule 37 letter on March 23, 2011 to outline the deficiencies.[52] In response to Mover's Rule 37 letter, plaintiff sent Plaintiff Fact Sheet

---

[45] See Exhibit J.
[46] See Exhibits G and I.
[47] See Exhibits G and I.
[48] See Exhibit G.
[49] See Exhibit O.
[50] See Exhibit K.
[51] See Exhibit L.
[52] See Exhibit M.

Deficiency Answers, which still left 63 questions unanswered.[53]  Plaintiff responded that she does not recall or that she will supplement to most of the questions.

There are "key" deficiencies remaining even after the "Deficiency Answers" are reviewed.  Plaintiff does not indicate when she moved into or out of the FEMA trailer.[54]  She does not provide the physical address where the FEMA trailer was located.[55]  She does not even list any symptoms she experienced.[56]  She of course could therefore not recall whether a doctor had ever causally connected such symptoms to a trailer or whether she had ever experienced such symptoms before.[57]  Plaintiff does not state the number of hours she spent in the FEMA trailer each day or the reason she moved out of the trailer.[58]  She also fails to answer whether she is making a claim for mental or emotional damages or medical expenses.[59]  She also does not state whether she has ever suffered from lung or other respiratory disease or skin disease.[60]  Other important information is also missing.  For example, she fails to answer whether air quality tests were ever performed.[61]  She does not identify any medical providers.[62]  The authorization and release forms were not signed.  The Plaintiff Fact Sheet for Kasinda Brumfield on behalf of K.B. is incomplete.

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to

---

[53] See Exhibit N.
[54] See Exhibits L and N.
[55] See Exhibits L and N.
[56] See Exhibits L and N.
[57] See Exhibits L and N.
[58] See Exhibits L and N.
[59] See Exhibits L and N.
[60] See Exhibits L and N.

manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases.[63] Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) "is appropriate only where there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice."[64]   Additionally, Federal Rule of Civil Procedure 37(b)(2)VI permits the dismissal of an action as appropriate sanction for failure to comply with discovery. Therefore in accordance with Pre-Trial Orders No. 2 & 32, FRCP 41(b) and FRCP 37(b)(2)(VI), the proper remedy is dismissal with prejudice.

This matter is now set for trial, and mover must be able to know who is proceeding against it.  The Plaintiff Fact Sheet serves as the initial round of discovery responses. Without a complete discovery response provided in a timely manner, such as described in Pre-Trial Order No. 32, mover is prejudiced.  When complete Plaintiff Fact Sheets have not been provided and plaintiffs fail to respond to requests to cure a Plaintiff Fact Sheet, as in this case, there is good cause for the Court to discontinue any potential for further prejudice against the mover, and dismissal is proper, by the terms of the Court's own Pre-Trial Orders and the Federal Rules of Civil Procedure.

---

[61] See Exhibits L and N.
[62] See Exhibits L and N.
[63] See *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir.1992); *Colle v. Brazos County, Tex.,* 981 F.2d 237, 243 (5th Cir.1993).

III.   Conclusion

This Honorable Court's Pre-Trial Order No. 2 established the requirement to provide completed Plaintiff Fact Sheets and Pre-Trial Order No. 32 provided that the failure to cure a Plaintiff Fact Sheet deficiency within thirty (30) days of the deficiency notice would result in dismissal with prejudice.  In accordance with the Court's Pre-Trial Order and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the Motion to Dismiss filed by Crum & Forster Specialty Insurance Company must be granted, dismissing the claims of plaintiffs, **Myron LeBrane**, **Jonrina Gould, Kasinda Brumfield on behalf of K.B., and Sierra Mitchell** with prejudice for failure to cooperate in the discovery process.

Respectfully submitted:

**CERTIFICATE OF SERVICE**

I CERTIFY THAT A COPY OF THE FOREGOING PLEADING HAS BEEN SERVED UPON COUNSEL FOR ALL PARTIES BY EMAILING THE SAME TO EACH, PROPERLY THROUGH THE COURT'S E-FILING SYSTEM ON THIS _2nd_ DAY OF _March_, 2012..
____/s Eric B. Berger_____

_____/s Eric B. Berger___
SIDNEY J. ANGELLE, #1002
ERIC B. BERGER, #26196
LOBMAN, CARNAHAN, BATT, ANGELLE & NADER
400 POYDRAS STREET, SUITE 2300
NEW ORLEANS, LOUISIANA  70130
(504) 586-9292   FAX (504) 586-1290

---

[64] *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F.2d 1214 (5th Cir. 1970).