UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL No. 1873 |
| FORMALDEHYDE | * | |
| PRODUCTS LIABILITY LITIGATION | * | JUDGE ENGELHARDT |
| | * | |
| | * | MAGISTRATE CHASEZ |
| **THIS DOCUMENT RELATED TO:** | * | |
| *Linda Mitchell et al. v. Forest River Inc. et al.* | * | |
| *Civil Action: 10-0425* | * | |

**************************************************************************

## MEMORANDUM IN SUPPORT OF MOTION
## FOR LEAVE TO AMEND TO ADD PLAINTIFFS

**MAY IT PLEASE THE COURT:**

Plaintiffs in the above named suit respectfully move this Honorable Court for leave to amend their original complaint filed on December 29, 2009, to add the following plaintiffs to their complaint:

1. Charles Lepage Jr.

2. Charles Lepage Sr.

Plaintiffs' motion and memorandum relates to the original complaint referred to herein which was timely filed on December 29, 2010.  Plaintiffs were unable to timely file suit due to a fire that occurred at counsel for the plaintiff's main office (hereinafter "counsel's office") on May 29, 2009. Therefore, the claims of the plaintiffs listed above are being added to the above-captioned complaint.  Because other plaintiffs in *Mitchell* are properly matched to Forest River and Fluor, this amendment is necessary to move the above-referenced claimants to a complaint with the same posture.

## FACTS

On May 29, 2010, a fire occurred in an adjacent building next to counsel for the plaintiff's main office. Soon thereafter the fire engulfed counsel's office rendering all plaintiffs' documents with fire, smoke, and water damage. Plaintiffs' counsel quickly employed a company in the business of salvaging like documents to dry, sort, and have them shipped back to counsel's office so plaintiffs' claims could be filed. Documents were not returned to counsel's office from said company until sometime in August 2010. There were thousands of documents that were not sorted in the order sent. Therefore, counsel's office was tasked with the duty of sorting through many pages of plaintiffs' records before suit could be filed. This was a lengthy process that lasted for many months. By the time the files were organized it was discovered that the aforesaid plaintiffs should be properly matched to Forest River and Fluor defendants.

## LAW AND ARGUMENT

**A. <u>Whether Leave to Amend Should be Granted</u>**

This court should find that leave to amend the *Mitchell* complaint should be granted.

Fed.R.Civ.P. 15(a)(2) provides that "leave to amend should be freely given when justice so requires." Courts have ruled that unless the opposing party can show prejudice, bad faith, or undue delay, the Court should grant leave to file an amended pleading. *Foman v. Davis*, 371 U.S. 178, 182, (1962).

Federal Rule of Civil Procedure 16(b) governs amendments of pleadings once a scheduling order has been issued by the district court. Rule 16(b) provides that a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." The good

Generated by Foxit PDF Creator © Foxit Software
http://www.foxitsoftware.com   For evaluation only.

cause standard requires the "party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 535 (5th Cir. 2003).Courts typically used a four-part test to determine whether the movant has established good cause. When doing so, they consider (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *Id.* at 536. Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave. *Id.* at 536.

Plaintiffs have good cause for amending the complaint due to the fire said fire on May 29, 2010. Subsequent to the fire, plaintiffs' counsel promptly shipped all files that were damaged to a company attempting to salvage the documents so that all deadlines could be met. This process took months which were longer than anticipated. When the said documents returned, they were not sorted in the order shipped, so additional months were needed to sort though thousands of pages and match with the proper plaintiff files. Despite plaintiffs' counsel's diligence in meeting the deadlines, given these circumstances, those deadlines couldn't have reasonably been met.

In regards to the importance of granting leave to amend the complaint, this court should find that it is of high importance. If the motion is denied, plaintiffs would have no claim for injuries that were inflicted up them due to Forest River and Shaw's negligence.

Furthermore, granting leave to allow plaintiffs to amend the complaint would not prejudice the defendants. Plaintiffs are merely asking to be enjoined on a suit whereby like plaintiffs are

Generated by Foxit PDF Creator © Foxit Software
http://www.foxitsoftware.com   For evaluation only.

asserting the very same claims against defendants. On the otherhand, if leave is not granted, plaintiffs will be prejudiced. Plaintiffs would be denied of asserting their claim thereby unjustly benefitting the defendants due merely to a circumstance unforeseeable to the plaintiffs which arose from a fire. If the fire would not have occurred, plaintiffs would have timely sued Forest River and Fluor. Additionally, a continuance to cure such prejudice does not appear to be available at this time which is why plaintiff's request leave to amend.

This court should find that because plaintiff has shown "good cause," leave to amend the *Mitchell* complaint should be granted.

**B. Whether Prescription Has Been Interrupted**

This court should find that prescription has been interrupted as to Forest River and Fluor.

Plaintiffs submit that prescription has been interrupted as to Forest River and Shaw under any one of the three relation back provisions of Federal Rule of Civil Procedure 15(c). Rule 15(c)(1) states:

> (1) An amendment to a pleading relates back to the date of the original pleading when:
>> (A) The law that provides the applicable statute of limitations allows relation back;
>> (B) The amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading; or
>> (C) The amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to brought in by amendment:
>>> i. Received such notice of the action that it will not be prejudiced in defending on the merits; and

    ii. Knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

In diversity cases, federal courts apply state statutes of limitations and related state law governing the tolling of the limitations period. *Hensgens v. Deere & Company*, 869 F.2d 879 (5th Cir. 1989)….The principal method of interrupting this one-year prescriptive period is set forth in Louisiana Civil Code article 3462 which states that:

> Prescription is interrupted…when the oblige commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.

If the one-year prescriptive period is, in fact, interrupted, Louisiana Civil Code article 1799 further provides that the interruption of prescription against one solidary obligor is effective against all solidary obligors. See also LSA-C.C. art. 3503; *Richard v. Reed*, 883 F.Supp. 107, 109 (W.D. La. 1995) (footnote omitted).

First, for all movants, Rule 15(c)(1)(A) is satisfied as stated above regarding the issue of tolling with respect to solidary obligors under Louisiana law. Since the originally named joint tortfeasors, the named contractor and manufacturer defendants were timely sued in the above-captioned matter, the provisions of the Louisiana Code of Civil Procedure have tolled/interrupted the prescriptive period against all other solidary obligors, including Forest River and Fluor. Therefore, the action has not prescribed against Forest River and Fluor, and Plaintiffs' proposed amendments are not futile.

Generated by Foxit PDF Creator © Foxit Software
http://www.foxitsoftware.com   For evaluation only.

Second, Rule 15(c)(1)(B) is satisfied as stated above regarding the necessity that the amendment asserts a claim that arose "out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleadings. Notwithstanding the tolling of the prescriptive period against Forest River and Fluor, the allegations asserted in the proposed amending complaints arise out of the same conduct, transaction, or occurrence set forth in the original Complaints.

Additionally, because Defendants are set to defend against other Plaintiffs on merits from same claims, Defendants, Forest River and Fluor, should have known that additional Plaintiffs whom resided in trailers manufactured and installed by those defendants would assert claims against them.

Therefore, Plaintiffs respectfully request that this Court grant their instant Motion for Leave to Amend to Add Plaintiffs.

> Respectfully submitted,
>
> /s/ Frank J. D'Amico, Jr.
> FRANK J. D'AMICO, JR. (LSBA# 17519)
> Frank J. D'Amico, Jr., APLC
> 4731 Canal St.
> New Orleans, LA  70119
> Phone: (504) 525-7272
> Fax: (504) 525-9522

**CERTIFICATE OF SERVICE**

I hereby certify that on March 5, 2012, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

/s/ Frank J. D'Amico, Jr.
FRANK J. D'AMICO, JR. (LSBA# 17519)