# AFFIDAVIT OF PROCESS SERVER

State of Louisiana

**FEMA TRAILER**

vs.

**Product Liability Litigation**

Attorney:

Robert Hilliard
Hilliard Muñoz Gonzales LLP
719 S. Shoreline, Ste. 500
Corpus Christi, TX. 78401

Case Number: 10-2248

Legal documents received by Integrity Investigations Inc. on February 14th, 2012 at 6:10 PM to be served upon **Ronald Steve Bennett at 23434 Shorelane, Elkhart, IN. 46514**

I, Patricia Gabbard, swear and affirm that on **February 18th, 2012 at 6:42 PM**, I did the following:

**Individually** Served **Ronald Steve Bennett** the person listed as the intended recipient of the legal document with a conformed copy of this **Subpoena and Notice of Deposition**. The service date, time, my initials and/or name, and identification number, if required by state statute, were listed on the document served.

**Supplemental Data Appropriate to this Service:**

I declare that I am eighteen years of age or older and have no interest in the above legal matter. I attest that I am certified, appointed by sheriff or motion and order and that I am legally authorized to serve court documents within the above named circuit / county.

_Patricia Gabbard_
**Patricia Gabbard**
Process Server

Integrity Investigations Inc.
401 East Colfax Ave , Suite 120
South Bend, IN 46617

(574) 288-5911

Internal Job ID: 2012000015

The foregoing instrument was acknowledged before me on this __23__ day of __February__, 2012, by __Patricia Gabbard__, who is personally known to me or who has produced __D/L__ as identification.

_Dennis Singleton_           _[signature]_
Notary Printed Name           Notary Signature

Commission Expiration Date

DENNIS SINGLETON
Notary Public, State of Indiana
St Joseph County
Commission # 566152
My Commission Expires
June 22, 2015

Copyright © 2005-2007 Process Server Central, LLC. All rights reserved.

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

Eastern District of Louisiana

IN RE: FEMA TRAILER  
V.  
PRODUCT LIABILITY LITIGATION

SUBPOENA IN A CIVIL CASE

Case Number:[1]   **10-2248**

TO:   **Ronald Steve Bennett**
      **23434 Shorelane**
      **Elkhart, IN 46514-4559**

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| **Hilton Garden Inn Elkhart, 3401 Plaza Court, Elkhart, IN 46514 (574) 970-4444** | **03/14/12; 10:00 a.m. EST** |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] | 2/14/12 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
**Chris Pinedo, Attorney at Law, 719 S. Shoreline, Suite 500, Corpus Christi, Texas 78401**

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | February 18, 2012 | 23434 Shorelane Elkhart, IN 46514 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Ronald S. Bennett | Personal |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Patricia Gabbard | Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   2/22/2012
            DATE

SIGNATURE OF SERVER   Patricia Gabbard

ADDRESS OF SERVER   401 E. Colfax Avenue Suite 120
South Bend, IN 46617

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
 (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
 (2) Command to Produce Materials or Permit Inspection.
  (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
   (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
 (3) Quashing or Modifying a Subpoena.
  (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
   (i) fails to allow a reasonable time to comply;
   (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   (iv) subjects a person to undue burden.
  (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
   (i) disclosing a trade secret or other confidential research, development, or commercial information;
   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
   (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
  (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
 (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
  (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
 (2) Claiming Privilege or Protection.
  (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   (i) expressly make the claim; and
   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
 The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).