UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL NO. 1873<br><br>SECTION N-5<br>JUDGE ENGELHARDT<br>MAG. JUDGE CHASEZ |

This Document Relates to:   Case Referenced in Court Orders (Rec. Docs. 24550, 24551, 24554, 24555 & 24587)

**Defendant United States of America's Response in Opposition to
Plaintiffs' Motion for Extension of Deadlines to Respond to Orders
Regarding Service (Rec. Doc. 24693)**

## Introduction

The United States of America ("United States") submits this Memorandum in Response and Opposition to Plaintiffs' Motion to Extend Deadlines to Complete Service or Seek Preliminary Default (Rec. Doc. 24693). Plaintiffs argue that an extension of time to complete service and/or commence preliminary default should be granted to allow discovery to determine whether the Defendants – who have not been served, or who have failed to Answer – have insurance coverage. The Court should deny the motion and dismiss Defendants listed in the Court's Order because Plaintiffs' request for additional time to determine whether Defendants possesses insurance coverage and it is financially prudent to perfect service does not constitute good cause justifying extension of the Court's March 1, 2012, deadline. *See* Orders (Rec. Doc. 24550, 24555, 24587).

## Facts

1. Plaintiffs filed the first action that is the subject of their request for an extension of time on May 18, 2006 (Rec. Doc. 24555 at 2 – Member Case No. 06-257).

2. All actions, except for two, that are the subject of the request for extensions were filed in the Eastern District of Louisiana and/or transferred to this Multi-District Litigation Court on or before December 31, 2010, and have been pending before the Court for more than one year. *See* List of Member Case Numbers (Rec. Doc. 24550, 24551, 24554, 24555, 24587).

3. Two cases that are the subject of the request for an extension motion were filed in the Eastern District of Louisiana and/or transferred to this Multi-District Litigation Court on or before May 2011. At issue in both of those actions is the failure to perfect service on Stewart Park Homes, Inc. *See* Court Order at 6 (Rec. Doc. 24550).

4. This Court's Orders show that Plaintiffs in other actions that name Stewart Park Homes, Inc. as a Defendant (Member Case Nos. 09-3922, 09-3993, 09-3994, 09-4016, 09-4065, 09-4741, 09-4824, 09-4927, 09-4975, 09-4993, 09-5251, 09-5523, 09-5524, 09-5738, 09-5752, 09-5767, 09-5965, 09-6167, 09-6282, 09-65-72, 09-6775, 09-6930, 09-7746, 09-7757, 09-8310, 09-8331, 09-8389, 10-228, 10-543, 10-1377, 10-2217, 10-2269, 10-2393, 10-3441), have filed summonses returned executed showing that they completed service on Steward Park Homes, Inc. *See* Court Order at 1-4 (Rec. Doc. 24551).

5. This Court's Orders reflect and show that Plaintiffs, in other actions that name Lakeside Park Homes as a Defendant (Member Cases Nos. 10-2242, 10-2254), have filed summonses returned executed showing that they have completed service on Lakeside Park Homes. *See* Court Order at 4 (Rec. Doc. 24551).

6. This Court's Orders reflect and show that Plaintiffs, in other actions that name American Camper Manufacturing, LLC, d/b/a Ameri-Camp Lakeside Park Homes (Member Cases Nos 09-7852, 10-2177, 10-2205), has filed summonses returned executed showing that

2

Case 2:07-md-01873-KDE-MBN   Document 24789   Filed 03/08/12   Page 3 of 6
Case 2:07-md-01873-KDE-MBN   Document 24789   Filed 03/08/12   Page 3 of 6

they have completed service on American Camper Manufacturing, LLC, d/b/a Ameri-Camp Lakeside Park Homes. See Court Order at 4 (Rec. Doc. 24551).

7. This Court's Orders reflect and show that Plaintiffs in other actions naming Biscayne RV, Inc. (Member Cases Nos 09-8304), have filed summonses returned executed showing that they have completed service on Biscayne RV, Inc. *See* Court Order at 4 (Rec. Doc. 24551).

8. On May 18, 2008, the United States filed with the Court documents reflecting the identity of the manufacturers and vendors who sold and transferred temporary emergency housing units to the Federal Emergency Management Agency ("FEMA") (Rec. Doc. 196-15). That document identified the name of the manufacturers/vendors, the state where the manufacturers/vendors were located and the FEMA Purchase Order/Contract number associated with the purchase from each of the manufacturer/vendors. *Id*.

## Standard of Review

Fed. R. Civ. P. 4(m) provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the Court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if plaintiff shows good cause for the failure the Court shall extend time for service for an appropriate period.

The "good cause" standard requires the "party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Southwestern Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (quoting 6A Charles Alan Wright, et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)). "[T]he good cause showing unambiguously centers on [the mover's] diligence." *STMicroelectronics, Inc. v. Motorola*, Inc.,

3

307 F.Supp.2d 845, 851 (E.D. Tex. 2004); *see also Verhoeven v. Balboa Ins. Co.*, No. 06-4891, 2007 WL 4374222, at *7 (E.D. La. 2007) (absence of prejudice to the non-moving party is irrelevant to whether there exists good cause); *Porter v. Milliken & Michaels, Inc*, 2001 WL 378687 at *1 (E.D. La. 2001) (same). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Smith v. United Parcel Svc., Inc.*, 902 F.Supp. 719, 721 (S.D. W.Va. 1995); *see also Porter*, 2001 WL 378687 at *1 (mere inadvertence by the movant does not satisfy the "good cause" requirement). In *Dilmar Oil Co, Inc. v. Federated Mut. Ins*. Co., 986 F. Supp. 959, 980 (D.S.C. 1997), the court explained that "good cause" to extend a "focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may 'modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of a party seeking the extension.' Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. *Id*. at 980 (citations omitted).

**Argument**

The Court should deny Plaintiffs' motion because they have failed to demonstrate good cause for failing to comply with the Court's Orders to perfect service and/or commence preliminary default proceedings on or before March 1, 2003. *See* Orders (Rec. Doc. 24550, 24555, 24587). Plaintiffs do not contend that they have exercised due diligence to comply with Fed. R. Civ. P. 4(m) and/or that they are unable to comply with the Court's March 1, 2012, deadline Similarly, Plaintiffs do not assert that they lack information necessary to complete service – nor can they make any such assertion since review of the record shows, that for most, if

4

not all, of the Defendants listed in the Court's Orders (Rec. Doc. 24550, 24555, 24587), are named as Defendants in other actions assigned to the MDL Court and service of process has been completed upon them in those other actions. *Compare* Defendant's listed in Court Orders (Rec. Doc. 24550, 24555, 24587), *with* Defendants listed in Court Order (Rec. Doc. 24551).

Further, Plaintiffs' argument that they should be granted additional time to determine whether they want to pursue their claims against the unserved Defendants does not constitute "good cause." Plaintiffs assert that they require additional time not for purposes of perfecting service, but rather to conduct discovery from Federal Emergency Management Agency ("FEMA") and government contractors to determine whether these Defendants possess insurance. This litigation has moved well beyond such generalized discovery and to extent that such discovery was necessary or appropriate for determining whether to perfect service of process, it should have been completed several years ago. Moreover, much, if not all, of the information that Plaintiffs may seek from FEMA regarding these Defendants has been available to the Plaintiffs since late Spring 2008. *See* Facts ¶ 8. At this stage of the litigation, it is inappropriate for Plaintiffs to attempt to shift and impose upon FEMA and contractor defendants the costs associated with Plaintiffs determination as to whether they want to pursue claims against these Defendants.

Because Plaintiffs have failed to satisfy this Court's Orders and demonstrate "good cause in writing" for failing to perfect service against the Defendants listed in the Court Order (Rec. Doc. 24550, 24555, 24587), the Court should deny Plaintiffs' motion and dismiss those Defendants whom Plaintiffs failed to perfect service by March 1, 2012.

## Conclusion

For all the reasons set forth herein, the Court should deny Plaintiffs' motion.

| | |
|---|---|
| March 8, 2012. | Respectfully Submitted, |
| TONY WEST<br>Assistant Attorney General, Civil Division | ADAM BAIN<br>Senior Trial Counsel |
| J. PATRICK GLYNN<br>Director, Torts Branch, Civil Division | //S// *Henry T. Miller*<br>HENRY T. MILLER (D.C. Bar No. 411885)<br>Senior Trial Counsel |
| DAVID S. FISHBACK<br>Assistant Director | United States Department of Justice<br>Civil Division – Torts Branch<br>P.O. Box 340, Ben Franklin Station<br>Washington, D.C. 20004<br>Telephone No: (202) 616-4223<br>E-mail: Henry.Miller@USDOJ.Gov |
| | Attorneys for the United States of America |

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2012, the foregoing document was filed via the U.S. District Court's CM/ECF electronic filing system and a copy thereof was served upon Liaison Counsel.

*//S// Henry T. Miller*
HENRY T. MILLER (D.C. Bar No. 411885)