UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                          MDL NO. 07-1873
      FORMALDEHYDE PRODUCTS
      LIABILITY LITIGATION

                                                                           SECTION "N"  (5)

THIS DOCUMENT RELATES TO
Member Case Nos. 10-1041

## ORDER AND REASONS

Before the Court is Plaintiff's Motion for Reconsideration of Order Dismissing Plaintiff James Burge (Rec. Doc. 24238).  Defendant Forest River, Inc. ("Forest River") has filed a memorandum in opposition.  (Rec. Doc. 24508).

**I. BACKGROUND:**

The movant seek reconsideration of an Order and Reasons, dated December 30, 2011 (Rec. Doc. 24032), dismissing the claims of plaintiff James Burge.  In that ruling, the Court granted a motion to dismiss filed by Forest River, which sought to dismiss Mr. Burge's claims with prejudice on the ground that he had failed to comply with the Court's orders by failing to cure material deficiencies in his Plaintiff Fact Sheet.  (Rec. Doc. 22693).  Because no memorandum was filed in opposition to the motion to dismiss, the Court granted the motion.  (Rec. Doc. 24032).

          **A. The FEMA Trailer Formaldehyde Products Liability Litigation:**

This multi-district litigation ("MDL"), referred to as *In Re: FEMA Trailer Formaldehyde Products Liability Litigation*, has been active since October 24, 2007.  The plaintiffs are individuals who resided in emergency housing units provided by the Federal Emergency Management Agency ("FEMA") after Hurricanes Katrina and Rita.  In general, they claim injuries resulting from alleged

exposure to the release of formaldehyde and/or formaldehyde vapors in these units. Plaintiffs have sued over 100 entities, including the Government. In all, 4721 cases are associated with this MDL, with 3999 of them currently active. *See* Joint Report No. 29 of Liaison and Government Counsel (Rec. Doc. 24394). It has been estimated that more than 66,000 plaintiffs have submitted a Plaintiff Fact Sheet. *See* Minutes to Status Conference (Sept. 16, 2011, 10:00 a.m.).

**B.  Procedure for Dismissal of Claims for Failure to Comply with Discovery:**

A litigation of this size and complexity requires a well drawn case management structure. To this end, shortly after the creation of the MDL, this Court issued Pre-Trial Order No. 2, mandating that each plaintiff serve on the defendants a completed and verified Plaintiff Fact Sheet (PFS), within thirty days after transfer (or direct filing) into the MDL. (Rec. Doc. 87, signed Jan. 30, 2008). This Order, which reflected an agreement among the parties regarding case management, provided in section III(D) a "Procedure for Dismissal of Claims for Failure to Comply with Discovery." *See* Rec. Doc. 87 at pp. 8-9. The Court reiterated this procedure in Pre-Trial Order No. 32 (Rec. Doc. 1180, signed Mar. 18, 2009). According to the procedure, "[w]hen any plaintiff has failed to materially comply with his or her obligations under this Order to submit a completed PFS within the timelines established herein, a counsel representing a Defendant shall send to Plaintiff's Counsel for the plaintiffs in question...a letter confirming the failure to timely file and/or explaining the material deficiency in the PFS." *See* Rec. Doc. 1180 at p.5. This deficiency letter must identify the deficiency and notify the plaintiff that he or she "will have thirty (30) days to cure the alleged material deficiencies, or any Defendant may thereafter move for dismissal, upon an appropriate showing that Plaintiff's claims should be dismissed for failure to comply with the Court's applicable Orders." *Id*. In Pre-Trial Order No. 88, the Court temporarily narrowed the PFS deficiency process

to twenty-three "key" questions (except for cases where deficiency notices had been served and the time for curing such deficiencies already had expired) and, for deficiency notices served after March 24, 2011, extended the time for curing deficiencies by an additional thirty days. (Rec. Doc. 22153).

### C. The Movants' Deficiency Process:

The history of Mr. Burge's deficiency process is set out in Forest River's underlying motion papers. (Rec. Doc. 23795). On May 2, 2011, counsel for Forest River sent a letter to plaintiff's counsel informing him that Forest River had received no PFS from Mr. Burge. (Rec. Doc. 23795-2). In response, Mr. Burge sent a PFS to counsel for Forest River. (Rec. Doc. 23795-3). The PFS was largely complete, even beyond the 23 key fields. However, Forest River thereafter prepared and filed a motion to dismiss Mr. Burge's claims on grounds that Mr. Burge had responded "not applicable" in response to PFS questions seeking information regarding the trailer in which Mr. Burge resided. (Rec. Doc. 23795-1 at 3-4).

### D. Mr. Burge's Bases for Reconsideration:

Mr. Burge seeks relief from the order dismissing his claims on several grounds. First, he points out that the reason he answered "not applicable" to the questions seeking specific trailer information is that he never resided in a trailer. Mr. Burge explains that he is not similarly situated to the other plaintiffs in this MDL in that his exposure to formaldehyde came from his job inspecting trailers at a FEMA staging facility. He cannot identify a specific trailer, he states, because he was exposed to "literally thousands of trailers," seventeen hours a day, seven days a week, over the course of two years. *See* Rec. Doc. 24238-3 at 2. Thus, he cannot provide answers to the PFS questions that Forest River pointed to in arguing that Mr. Burge had not materially complied with this Court's orders.

3

Second, Mr. Burge argues that he failed to file an opposition memorandum because his counsel, due a staffing change, had difficulty keeping up with the dozens, sometimes hundreds, of emails received daily from plaintiff's liaison counsel and, consequently, missed the e-mail providing notice that Forest River's motion to dismiss had been filed.[1]

## II. APPLICABLE LAW:

A motion asking that the court reconsider a prior ruling is evaluated either as a motion to "alter or amend a judgment" under Federal Rule of Civil Procedure 59(e) or as a motion for "relief from a final judgment, order or proceeding" under Federal Rule of Civil Procedure 60(b). Which rule applies depends upon when the motion was filed. *Texas A & M Research Foundation v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003). If the motion was filed within twenty-eight days after the entry of the judgment or order at issue, the motion can be brought under Rule 59(e). Fed. R. Civ. P. 59(e). If it is filed after that time, it falls under Rule 60(b). *Texas A & M,* 338 F.3d at 400. Here, the motion was filed on January 23, 2012, less than twenty-eight days after entry of the Court's ruling on December 30, 2011. Thus, it qualifies as a motion to alter or amend under Rule 59(e). Nevertheless, the Court will evaluate the motions under the standards of both Rule 59(e) and Rule 60(b) to determine whether relief is warranted under either.

---

[1] Mr. Burge also argues that the notice procedure established in this MDL (whereby notice of a filing is served on liaison counsel, who then forward the notice to each member of their respective groups) falls short of that required by the Federal Rules of Civil Procedure and the Local Rules regarding ECF. Because the Court finds that relief is warranted based upon Mr. Burge's other grounds, the Court does not reach this argument. However, the Court disagrees with the contention that its notice procedure is inadequate. All counsel receive notice of every filing under the current protocol. As for the suggestion that the number of such notifications from liaison counsel are overburdensome, the Court simply notes that counsel would receive the exact same electronic filing notifications regardless of whether the notices came from opposing counsel, liaison counsel, or the Clerk of Court.

### A. Rule 59(e):

"A motion to reopen a case under Rule 59(e), though subject to much more stringent time limitations than a comparable motion under Rule 60(b), is not controlled by the same exacting substantive requirements." *Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167, 173-74 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994). "Unlike Rule 60(b), Rule 59(e) does not set forth any specific grounds for relief." *Id.*

The Fifth Circuit has stated repeatedly that "Rule 59(e) relief is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Schiller v. Physicians Res. Grp Inc.*, 342 F.3d 563, 567 (5th Cir.2003); *see also Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 419 (5th Cir. 2010); *Marseilles Homeowners Condo. Ass'n Inc. v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008); *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir.2004). However, at least one panel of the Fifth Circuit has suggested that "[t]his standard is too stringent," opting instead for a balancing of equitable factors. *See Estate of Sturges v. Moore*, 73 Fed. Appx. 777, 2003 WL 22100834 at *1 (5th Cir. 2003) (unpublished opinion). In exercising its discretion under Rule 59(e), the court "must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

### B. Rule 60(b):

In deciding a motion for relief from judgment under Rule 60(b), the court "must engage in the same balancing of competing interests" as under Rule 59(e). *Edward H. Bohlin Co.*, 6 F.3d at

5

356. However, unlike Rule 59(e), Rule 60(b) "sets forth specific grounds for relief," making a motion under it "subject to unique limitations that do not affect a 59(e) motion." *Id.* Rule 60(b) permits a court to relieve a party from a final judgment, order, or proceeding for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

"Several factors shape the framework of the court's consideration of a 60(b) motion: '(1) That final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to do substantial justice; (4) whether the motion was made within a reasonable time; (5) whether—if the judgment was a default or a dismissal in which there was no consideration of the merits—the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether there are any intervening equities that would make it inequitable to grant relief; and (7) any other factors relevant to the justice of the judgment under attack.' " *Edward H. Bohlin Co.*, 6 F.3d at 356 (quoting *Seven Elves v. Eskenazi*, 635 F.2d 396, 402 (5th Cir.1981)); *see also Crutcher v. Aetna Life Ins. Co.*, 746 F.2d 1076, 1082 (5th Cir. 1984).

1. Rule 60(b)(1):  Mistake, Inadvertence, Surprise, or Excusable Neglect:

"While Rule 60(b)(1) allows relief for 'mistake, inadvertence ... or excusable neglect,' these terms are not wholly open-ended." *Pryor v. U.S. Postal Service*, 769 F.2d 281, 287 (5th Cir.1985). Once it is established that a party's neglect "was at least a partial cause of its failure to respond," the moving party then has "the burden to convince the court that its neglect was excusable." *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 939 (5th Cir. 1999).

In *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993), faced with determining whether an attorney's neglect was "excusable" within the context of the Bankruptcy Rules, the Supreme Court provided useful guidance for determining "excusable neglect" under Rule 60(b)(1). The Court stated: "Because Congress has provided no other guideposts for determining what sorts of neglect will be considered 'excusable,' we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* Such circumstances "include ... the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*; *see also Dunn v. Cockrell*, 302 F.3d 491, 493 (5th Cir. 2002) (citing *Pioneer* in the context of Rule 60(b)(1)), *cert. denied*, 537 U.S. 1181 (2003); *Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d 465, 468-70 (5th Cir. 1998) (holding that *Pioneer*'s excusable neglect standard applies to civil cases outside the bankruptcy context), *cert. denied*, 526 U.S. 1005 (1999).

Finally, in the context of default judgments, the Fifth Circuit has "directed district courts to consider three factors in determining whether sufficient grounds exist for setting aside a default judgment under Rule 60(b)(1): '(1) the extent of prejudice to the plaintiff; (2) the merits of the

7

defendant's asserted defense; and (3) the culpability of [the] defendant's conduct." *Rogers*, 167 F.3d at 938-39 (quoting *Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1280 (5th Cir.1985)). "These factors are not 'talismanic.' " *Id.* The decision is within the district court's discretion, and the court may consider other factors. *Id.*

Here, the ruling at issue is not a default judgment against defendants who failed to appear. Nevertheless, as a dismissal for failure to prosecute and noncompliance with court orders, it shares one of the characteristics of default judgments, namely an adjudication without full consideration of the substantive merits. The similarity is even stronger in this case, given that the Court granted the motion in absence of any presentation by Mr. Burge, since his attorney failed to file an opposition memorandum. Thus, the above factors are applicable here, albeit in a slightly amended form (*i.e.,* the extent of prejudice to the *defendants*, the merits of the *plaintiff's* arguments, and the culpability of the *plaintiff's* conduct).

    2. <u>Rule 60(b)(6) Omnibus Clause</u>:

Rule 60(b)(6) allows a court to set aside a final judgment, order, or proceeding "for any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). The Supreme Court has stated that "[t]o justify relief under subsection (6), a party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay." *Pioneer Inv. Servs. Co.*, 507 U.S. at 393; *see also Edward H. Bohlin Co.*, 6 F.3d at 357 (Clause (6) is designed "to cover unforeseen contingencies—a means to accomplish justice under exceptional circumstances."). "If a party is partly to blame for the delay, relief must be sought...under subsection (1) and the party's neglect must be excusable."  *Id.* Subsection (6) applies where a party is unable to take the necessary legal action "for reasons beyond his or her control." *Id.* at 394 (citing *Klapprott v. United States*, 335 U.S. 601, 613-14 (1949)

8

(petitioner qualified for subsection (6) and was not relegated to subsection (1) where his failure to defend against denaturalization charges was due not to neglect, but to reasons beyond his control, *i.e.*, being imprisoned, ill, and "without a lawyer in the denaturalization proceedings or funds to hire one").[2] The Fifth Circuit has stated that where a party submits previously undisclosed evidence that is "so central to the litigation that it shows the initial judgment to have been manifestly unjust," relief under rule 60(b)(6) may be proper "even though the original failure to present that information was inexcusable." *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (5th Cir. 1980).

### III. ANALYSIS:

The Court is convinced that relief from judgment is warranted in this case for several reasons. First, it appears that Forest River did not send a deficiency notice specifying the alleged deficiencies in Mr. Burge's PFS responses as required under Pre-Trial Orders Nos 2 and 32. There are perhaps situations where defense counsel, having sent a letter complaining of having received no PFS, might be justified in moving to dismiss without sending a subsequent letter enumerating deficiencies discovered once the PFS is received. However, the better practice is to send a letter, as required in Pre-Trial Orders Nos. 2 and 32, identifying specific deficiencies. Here, it appears that Mr. Burge was provided with no such letter and, thus, was given no opportunity to respond prior to Forest River's drafting the motion to dismiss. Had the Court observed this omission prior to issuing its earlier ruling, it likely would have denied the motion to dismiss.

---

[2] A Rule 60(b) motion must be brought within one year if it is based on subsection (1) ("mistake, inadvertence, surprise or excusable neglect"). Fed. R. Civ. P. 60(c)(1). A motion under subsection (6) is not subject to this time bar. Thus, in *Klapprott*, where the motion was filed more than one year after judgment was entered, the petitioner could qualify for relief only by establishing that he did not fall within subsection (1).

Second, and more importantly, the Court is now aware of the reason that Mr. Burge responded as he did to the questions asking him to provide identifying information (VIN, barcode, etc.) for the trailer in which he resided. Mr. Burge's case is factually distinguishable from those of the other plaintiffs in this MDL in that he did not reside in a FEMA unit. He cannot identify one trailer because he allegedly was exposed to thousands of trailers. This is critical information. The Court dismissed Mr. Burge's claims pursuant to Rules 41(b) and 37(b)(2) for noncompliance with this Court's orders relating to Plaintiff Fact Sheets. Therefore, the dismissal implicitly rested on a finding of contumacious conduct on the part of the plaintiff and a finding that the fault for the delay and/or noncompliance lay with the plaintiff himself.[3] Now, based on Mr. Burge's explanation of his situation, it is clear that Mr. Burge has engaged in no contumacious conduct and that he has complied with this Court's orders as fully as his circumstances permit. Thus, to this extent, it has become evident that the Court's prior ruling rests on a critical error of fact and that relief is therefore warranted under Rule 59(e).

Third, Mr. Burge's claims were dismissed without any presentation on his behalf. His attorney, due to staffing changes in his office, missed the liaison counsel's e-mail notification that

---

[3] Under Rule 41(b), " 'delay caused by [the] plaintiff himself and not his attorney' " is among the aggravating factors that the Fifth Circuit requires for dismissal. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)). In addition, the Fifth Circuit has articulated four factors under Rule 37(b)(2) "that must be present before a district court may dismiss a case as a sanction for violation of a discovery order": (1) the violation must result "'from willingness or bad faith and [be] accompanied by a clear record of delay or contumacious conduct;'" (2) "*the violation ... must be attributable to the client instead of the attorney*;" (3) the violation "'must substantially prejudice the opposing party;'"and (4) there must be no "less drastic sanction [that] would substantially achieve the desired deterrent effect."  *FDIC v. Conner*, 20 F.3d 1376, 1380-81 (5th Cir. 1994) (emphasis added) (citations omitted) (quoting *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)).

the motion to dismiss had been filed.  Thus, not only were the claims dismissed without consideration of the substantive merits (as is always the case with dismissals under Rules 41(b) and 37(b)(2)), they were dismissed without hearing Mr. Burge's side of PFS deficiency issue.  The determination of whether an attorney's neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395.  Although Mr. Burge's counsel has presented no details regarding the specific staffing problems at issue, all of the other factors surrounding the omission support a finding of excusable neglect under Rule 60(b)(1) despite the lack of detail.  The prejudice is slight, as is the potential impact on the MDL proceeding, the delay was short, and there is no evidence of bad faith.  Moreover, in this case, the most weighty factor is the merits of the plaintiff's position, which would have been asserted had his attorney not missed the opposition deadline.  As discussed *supra*, the merits of Mr. Burge's position (regarding his reason for not answering the remaining PFS questions) are strong and would have caused the Court to deny Forest River's motion to dismiss had the Court been aware of them prior to it ruling.  Taking into account all of these factors, the Court finds that this is a case where the interest in deciding the case on the merits outweighs the interest in finality.  Thus, it is the Court's conclusion that relief is warranted under both Rule 59(e) and Rule 60(b)(1).

## IV.  **SUGGESTION OF REMAND**:

As discussed above, Mr. Burge's case is factually distinguishable from those of the other plaintiffs in this MDL in that he did not reside in a FEMA unit.  He cannot identify one trailer because he allegedly was exposed to thousands of trailers in the course of his work inspecting trailers at a FEMA staging facility.  In its opposition to the motion for reconsideration, Forest River makes the observation that Mr. Burge's case does not belong in this MDL.  (Rec. Doc. 24508 at 5).

Although he does not state so explicitly, Mr. Burge seems to be of the same opinion. *See* Rec. Doc. 24238-3 at 2 ("Mr. Burge's case has been dismissed because his complaint is not so factually similar to the MDL as to make compliance with PTO 2 and 32 possible."). The vehicle for accomplishing remand to the United States District Court for the Southern District of Mississippi is for this Court to make a suggestion of remand to the Judicial Panel on Multidistrict Litigation. R.P.J.P.M.L. 10.1(b). Because Mr. Burge has named other defendants in this action, the Court will set the issue of remand on the next available hearing date, which is March 21, 2012. Any party opposed to this Court making a suggestion of remand must show cause in writing on or before March 14, 2012, why this Court should not make a suggestion of remand to the Judicial Panel on Multidistrict Litigation. Accordingly,

    **IT IS ORDERED** that:

    1) **Plaintiff's Motion for Reconsideration of Order Dismissing Plaintiff James Burge (Rec. Doc. 24238)** is **GRANTED**;

    2) This Court's **Order and Reasons dated December 30, 2011 (Rec. Doc. 24032)**, in which the Court granted "Defendant Forest River Inc.'s Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2 and 32 Relating to Plaintiff Fact Sheets" (Rec. Doc. 23795), is hereby **VACATED**;

    3) The claims of plaintiff James Burge are hereby reinstated; and

    4) Any party opposed to this Court making a suggestion to the to the Judicial Panel on Multidistrict Litigation that this case be remanded to the United States District Court for the Southern District of Mississippi must show cause in writing on or before March 14, 2012, why this Court should not make a suggestion of remand to the Judicial Panel on Multidistrict Litigation

12

regarding the instant member case.

    New Orleans, Louisiana, this __8th__ day of March, 2012.

                                              _____
                                              **KURT D. ENGELHARDT**
                                              **United States District Court**