**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **IN RE FEMA FORMALDEHYDE PRODUCT LIABILITY LITIGATION,** | * | **CIVIL ACTION NO. 1873** |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | **JUDGE ENGELHARDT** |
| | * | |
| **This Document Relates To:** | * | |
| | * | |
| *Leanderous McClendon, et al.  v. Morgan Building Systems, Inc., et al* (E.D. La. 10-2279):  Jerry Womack | * | **MAGISTRATE CHASEZ** |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## MOTION TO DISMISS WITH PREJUDICE FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDER NO. 32 RELATING TO PLAINTIFF FACT SHEETS

Defendant, Morgan Buildings and Spas, Inc., as successor by merger to Morgan Building Systems, Inc. (Morgan),[1] moves to dismiss the claims of Jerry Womack with prejudice for failure to comply with Pre-Trial Order No. 32, relating to Plaintiff Fact Sheets.  Jerry Womack failed to provide complete Plaintiff Fact Sheet responses, including responses to several "key questions."

Morgan originally moved to dismiss Mr. Womack's claims for failure to comply with Pre-Trial Order No. 32 on December 21, 2011.  (R. Doc. 23954).  Plaintiffs' counsel stated in the opposition that he recently learned that Mr. Womack was incarcerated, but was scheduled to be released on February 7, 2012.  (R. Doc. 24173-4, Exhibit D). On January 26, 2012, the Court denied Morgan's motion and ordered Mr. Womack to provide answers to each of the twenty-three (23) key PFS fields by February 14, 2012. Upon his failure to do so, Morgan would be allowed to renew its motion to dismiss, which the Court stated would be well received.  (R. Doc. 24320).

---

[1] Morgan Building Systems, Inc., was named as the defendant in this matter.  However, Morgan Building Systems, Inc. merged into Morgan Buildings & Spas, Inc. on January 19, 1994, and no longer exists.

Jerry Womack has not provided a supplemental Plaintiff Fact Sheet. Accordingly, dismissal of Jerry Womack's claims against Morgan with prejudice, pursuant to Fed. R. Civ. P. 41(b) and 37(b)(2)(A)(iv), is appropriate.

In support of this motion, Morgan refers the Court to all of the exhibits submitted in support of its original motion to dismiss and, in particular, the following exhibits:

> Exhibit A – June 17, 2011, letter from A. Stout to K. Grillo (R. Doc. 23954-3, pp. 1-2);
>
> Exhibit B – July 6, 2011, letter from W. Lee to A. Stout (R. Doc. 23954-3, p. 3);
>
> Exhibit M - Jerry Womack's Plaintiff Fact Sheet (R. Doc. 23954-4, pp. 55-83);
>
> Exhibit N – Jerry Womack's Amendment to the Plaintiff Fact Sheet (R. Doc. 23954-4, pp. 86-87).

**WHEREFORE**, Morgan Buildings Systems, Inc. prays that its motion to dismiss be granted, dismissing Jerry Womack's claims, with prejudice at his costs.

Respectfully submitted,

*/s/ Amanda S. Stout*
Christine Lipsey (La. Bar Roll No. 1182), T.A.
Dan E. West (La. Bar Roll No. 13372)
Amanda S. Stout (La. Bar Roll No. 29001)
McGLINCHEY STAFFORD, PLLC
One American Place, 14th floor
Baton Rouge, Louisiana 70825
Telephone: (225) 383-9000
Facsimile: (225) 343-3076

ATTORNEYS FOR MORGAN BUILDINGS &
SPAS, INC. AND MORGAN BUILDING
SYSTEMS, INC.

**<u>Certificate of Service</u>**

I certify that, on March 9, 2012, a copy of this pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all liaison counsel by operation of the court's CM/ECF system and by electronic mail.

*/s/ Amanda S. Stout*
Amanda S. Stout

403043.1