UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE FEMA FORMALDEHYDE PRODUCT LIABILITY LITIGATION, | * * * * * * * * * * | CIVIL ACTION NO. 1873 |
| | * | JUDGE ENGELHARDT |
| This Document Relates To: | * * | |
| *Leanderous McClendon, et al. v. Morgan Building Systems, Inc., et al* (E.D. La. 10-2279): Jerry Womack | * * * | MAGISTRATE CHASEZ |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS WITH PREJUDICE FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDER 32 RELATING TO PLAINTIFF FACT SHEETS**

Defendant, Morgan Buildings and Spas, Inc., as successor by merger to Morgan Building Systems, Inc. (Morgan),[1] moves this Court to dismiss the claims filed Jerry Womack because he failed to comply with Pretrial Order No. 32 and the Court's January 23, 2012 Order and Reasons (R. Doc. 24320), as it relates to his obligation to produce complete Plaintiff Fact Sheet responses.

**I.   PROCEDURAL HISTORY**

Morgan originally moved to dismiss Mr. Womack's claims for failure to comply with Pre-Trial Order No. 32 on December 21, 2011. (R. Doc. 23954). Plaintiffs' counsel stated in the opposition that he recently learned that Mr. Womack was incarcerated, but was scheduled to be released on February 7, 2012. (R. Doc. 24173-4, Exhibit D). On January 26, 2012, the Court denied Morgan's motion and ordered Mr. Womack to provide answers to each of the twenty-

---

[1] Morgan Building Systems, Inc., was named as the defendant in this matter. However, Morgan Building Systems, Inc. merged into Morgan Buildings & Spas, Inc. on January 19, 1994, and no longer exists.

403044.1

three (23) key PFS fields by February 14, 2012. Upon his failure to do so, Morgan was allowed to renew its motion to dismiss, which the Court stated would be well received. (R. Doc. 24320).

Jerry Womack has not provided a supplemental Plaintiff Fact Sheet providing answers to the twenty-three key PFS questions as ordered by the Court. Therefore, Mr. Womack' claims against Morgan should be dismissed. Pursuant the Court's instructions,[2] Morgan incorporates by reference the arguments raised in its original motion to dismiss supporting the dismissal of Mr. Womack's claims. (*See* Morgan's Motion to Dismiss, R. Doc. 23954, and Memorandum in Support, R. Doc. 23954-1).

## II.     Jerry Womack's Plaintiff Fact Sheet is Deficient

To briefly summarize the factual basis for this renewed motion, Morgan notes the following key facts:

On June 17, 2011, counsel for Morgan wrote to the plaintiffs' attorney about Jerry Womack's and other plaintiffs' failure to produce a Plaintiff Fact Sheet.[3] On July 6, 2011, plaintiffs' counsel's assistant advised that they were unable to locate a client by the name of Jerry Womack.[4] In the information provided by plaintiffs' counsel's assistant concerning the other plaintiffs who were the subject of Morgan's June 17, 2011, letter, Morgan discovered a Plaintiff Fact Sheet and an Amendment to the Plaintiff Fact Sheet for a "Gary Toney Womack," which was signed by a "Jerry Womack."[5]

---

[2] *See* R. Doc. 24320, fn. 1.
[3] *See* R. Doc. 23954-3, pp. 1-2 (Morgan's Exhibit A – June 17, 2011, letter from A. Stout to K. Grillo).
[4] *See* R. Doc. 23954-3, p. 3 (Morgan's Exhibit B - July 6, 2011, letter from W. Lee to A. Stout). Contrary to plaintiffs' counsel's assistant's July 6, 2011, letter, Jerry Womack is a plaintiff in this matter. He is the second plaintiff identified in Exhibit A to the complaint. *See* E. Dist. of La. Civil Action No. 10-2279, R. Doc. 1 at Exhibit A.
[5] *See* R. Doc. 23954-4, pp. 55-83 (Morgan's Exhibit M – Jerry Womack's Plaintiff Fact Sheet); R. Doc. 23954-4, pp. 86-87 (Morgan's Exhibit N – Jerry Womack's Amendment to the Plaintiff Fact Sheet).

403044.1

2

The only information provided on the unsigned and undated Amendment was a statement that the "defendants (six) named" was Morgan Building Systems, Inc.[6]

The Plaintiff Fact Sheet submitted by Mr. Womack contained numerous deficient responses to the key PFS questions.[7] For example, Mr. Womack identified several conditions which he suffered, but he did not identify whether he suffered the conditions prior to living in a THU or if the condition was worsened by a THU. (Section III(C)(3)).[8] Mr. Womack also did not answer the questions inquiring whether he was claiming mental and/or emotional damages or whether he is making a claim for medical expenses. (Section III(C)(8)-(9).[9]

In the Background Information section, Mr. Womack failed to answer several questions, including whether he is making a claim for lost wages, and whether he has ever filed a lawsuit or made a claim. (Section IV(F)(3) – Background Information).[10] In Section V, which concerns his THU, Mr. Womack only responded to the question about the manufacturer and his move-in and move-out dates. He responded "yes" to the question asking whether he lived in a travel trailer or a mobile home, but did not provide any response to the other questions in Section V, including the key questions concerning his installation address, the VIN Number, his FEMA ID number, the THU Bar Code and the number of hours he spent in the trailer each day.[11] The only question in Section VI, Medical Background, which he answered indicated that he was a current smoker. However, he did not respond to the question concerning average tobacco consumption. (Section

---

[6] *See* R. Doc. 23954-4, pp. 86-87 (Morgan's Exhibit N). Mr. Womack's certification to his original Plaintiff Fact Sheet was attached to the Amendment.
[7] In addition to the deficient key question responses, Mr. Womack also failed to respond to Section III(C)(7) concerning whether he has recovered from the conditions he claims were worsened by the THU and he did not answer any of the questions in Section IV, Family Information. *See* R. Doc. 23954-4 (Morgan's Exhibit M).
[8] R. Doc. 23954-4, pp. 55-87 (Morgan's Exhibit M).
[9] *Id.*
[10] *Id.*
[11] *Id.*

VI(C)).[12]  In response to Section VII(B) regarding doctors who treated the conditions he claims to have suffered as a result of living in a THU, Mr. Womack responded, "[p]lease refer to Section III. Part C Question 3."[13]  Likewise, Mr. Womack did not respond to any of the questions in Section IX concerning medical providers, with the exception of Section IX(E), where he responded, "[p]lease see section III C.3 and IX A, B, C and D." However, Mr. Womack did not provide any physician information in Section III or in Section IX.

On December 21, 2011. Morgan moved to dismiss Mr. Womack's claims based on these deficiencies. (R. Doc. 23954).  In the opposition to Morgan's motion, plaintiffs' counsel advised that Mr. Womack was currently incarcerated, was scheduled to be released on February 7, 2012, and requested additional time to produce Mr. Womack's Plaintiff Fact Sheet.  (R. Doc. 24173-4 – Exhibit D to Plaintiffs' Opposition Memorandum).  Morgan's motion was denied, and Mr. Womack was given until February 14, 2012 to supplement his Plaintiff Fact Sheet response by providing complete responses to the 23 key Plaintiff Fact Sheet Questions. (R. Doc. 24320).  Mr. Womack has not supplemented his Plaintiff Fact Sheet responses as ordered.  Therefore, his claims against Morgan should be dismissed, with prejudice.

## Conclusion

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, which provides the basis for dismissal for failure to comply with a court order, and Fed. R. Civ. P. 37(b)(2)(vi), which permits the dismissal of an action as an appropriate sanction for failure to comply with discovery, the Court should dismiss Jerry Womack's claims against Morgan with prejudice. Jerry Womack has been provided with numerous opportunities to comply with the Court's orders related to Plaintiff Fact Sheets, but he has failed to do so.  Therefore, in accordance with Pre-

---

[12] *Id.*
[13] *Id.*

403044.1

Trial Orders No. 32, Rule 41(b)n and Rule 37(b)(2)(VI), the proper remedy is dismissal of Jerry Womack's claims, with prejudice.

Respectfully submitted,

*/s/ Amanda S. Stout*
Christine Lipsey (La. Bar Roll No. 1182), T.A.
Dan E. West (La. Bar Roll No. 13372)
Amanda S. Stout (La. Bar Roll No. 29001)
McGLINCHEY STAFFORD, PLLC
One American Place, 14th floor
Baton Rouge, Louisiana 70825
Telephone:  (225) 383-9000
Facsimile:  (225) 343-3076

ATTORNEYS FOR MORGAN BUILDINGS & SPAS, INC. AND MORGAN BUILDING SYSTEMS, INC.

**Certificate of Service**

I certify that, on March 9, 2012, a copy of this pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all liaison counsel by operation of the court's CM/ECF system and by electronic mail.

*/s/ Amanda S. Stout*
Amanda S. Stout

403044.1

5