UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
|     FORMALDEHYDE | * | |
|     PRODUCTS LIABILITY | * | |
|     LITIGATION | * | SECTION: " N"(5) |
| | * | |
| This Document Relates to: | * | JUDGE: ENGELHARDT |
| *James Burge. v. Cavalier Home Builders, et al.,* | * | |
| *Case No. 10-1041* | * | MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MANUFACTURING DEFENDANTS' OPPOSITION TO REMAND

**MAY IT PLEASE THE COURT:**

Defendants, Gulf Stream Coach, Inc. and Sunnybrook RV, Inc. ("Manufacturing Defendants"), respectfully submit that this Honorable Court should not remand the claim of Plaintiff, James Burge, to the United States District Court for the Southern District of Mississippi. The case should remain in the instant Multi-District Litigation ("MDL") because Plaintiff's claim and the many thousand claims still pending in the MDL share common issues of fact that predominate over their inconsequential differences. Also, judicial efficiency and the convenience of the parties would be promoted by this Court retaining jurisdiction over Plaintiff's lawsuit.

    **A. BACKGROUND**

When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. 28 U.S.C. § 1407(a). The U.S. Judicial Panel on Multi-District Litigation ("JPML") determined that certain questions predominated in this case, and established the instant MDL on October 24, 2007. Rec. Doc. 1. All of the transferred actions shared factual allegations that trailers, which were provided by FEMA in the wake of the 2005 hurricanes, contained

materials that emitted excessive levels of formaldehyde. *Id*. at 1. In the opinion of the Panel, centralization in the MDL eliminated duplicative discovery, avoided inconsistent pretrial rulings, and conserved the resources of the parties, their counsel and the judiciary. *Id*.

Plaintiff James Burge filed his Complaint for Damages on December 23, 2009, in the Southern District of Mississippi, alleging that he was exposed to formaldehyde while performing pre-delivery inspections of the FEMA trailers in 2005 and 2006. *See* Case No. 1:09-cv-00819-HSO-JMR, Rec. Doc. 1, at ¶¶ 16—17. He sued multiple defendants, including Gulf Stream. *Id*. at ¶ 6(bb). On April 8, 2010, the JPML transferred the case to the instant MDL in the Eastern District of Louisiana. *See* Case No. 1:09-cv-00819-HSO-JMR, Rec. Doc. 7. The Panel found that Plaintiff's case "involve[d] questions of fact that are common to the actions previously transferred to the Eastern District of Louisiana and assigned to Judge Engelhardt." *Id*. at 1.

On December 30, 2011, this Honorable Court dismissed the claims of Plaintiff, James Burge, for failure to comply with the fact sheet requirements of Pre-Trial Orders 2 and 32. Rec. Doc. 24032. Following Plaintiff's Motion for Reconsideration, this Honorable Court reinstated Plaintiff's action on March 8, 2012. Rec. Doc. 24815. At the close of the Order reinstating the claim, the Court noted that defendant, Forest River, Inc., and Plaintiff agreed that Plaintiff's claim did not belong in this Multi-District Litigation on the basis that Plaintiff was not a resident of a FEMA Temporary Housing Unit (THU), but rather installed multiple trailers over the course of 2005 and 2006. *Id*. at 3. Gulf Stream now appears before this Court to show that the claim does belong in the MDL, and this Court should retain jurisdiction over the matter.

### B. LAW AND ANALYSIS

The question now before the Court is whether it should suggest the remand of this claim to the original transferor court, the Southern District of Mississippi. The district court's choice to

suggest remand turns on the issue of whether the case will benefit from further coordinated proceedings in the MDL. *In re Aetna UCR Litigation,* 2010 WL 3762281, * 1 (D.N.J. Sept. 20, 2010). "Remand should not be suggested when continued consolidation will eliminate duplicative discovery, prevent inconsistent pretrial rulings and conserve the resources of the parties, their counsel and the judiciary." *In re Aredia and Zometa Products Liability Litigation*, 2010 WL 5387695, *2 (M.D. Tenn. 2010); *In re Aetna,* 2010 WL 3762281 at * 1.

"Severance and remand is not the only way to manage unique claims in multidistrict litigation." *In re Merrill Lynch Auction Rate Securities Litigation*, 2010 WL 2541227, *2 (S.D.N.Y. 2010). In *In re Merrill Lynch Auction Rate Securities Litigation*, the Community Trust Bank brought suit against Merrill Lynch following the collapse of the auction rate securities market. *Id*. at *1. Several other investors had filed similar suits against Merrill Lynch in multiple districts, so the cases were consolidated in an MDL pending in the Southern District of New York. *Id*. Community Trust Bank argued that its complaint alleged unique issues of fact that justified the remand of its case. *Id*. at *3.

The Court rejected Community Bank's argument, noting that the Court has at its disposal other mechanisms besides remand to manage unique cases. *Id*. at *2.

> The transferee judge, of course, has the authority to group the pretrial proceedings on different discovery tracks according to the common factual issues or according to each defendant if necessary for the just and efficient conduct of the litigation, and to schedule any discovery unique to particular parties, actions or claims to proceed in separate discovery tracks concurrently with the common discovery, thus enhancing the efficient processing of all aspects of the litigation. Moreover, no party need participate in pretrial proceedings unrelated to that party's interests.

*Id. (*citing *In re Multi–Piece Rim Prod. Liab. Litig.,* 464 F.Supp. 969, 974 (J.P.M.L.1979)).

With respect to Community Bank, the Court found that despite any unique factual issues, the claims of Community Bank and other investors shared a central common issue of fact –

specifically, whether Merrill Lynch made misrepresentations when selling auction rate securities. *Id*. at *3. "[B]ecause the actions contain core factual questions concerning defendants' conduct," resolution of Community Bank's and the other investors' claims would be aided by placing all of the actions before the same judge. *Id*. Also, the Court was persuaded by the fact that the differences between Community Bank's factual allegations and the allegations of the other investors existed <u>before</u> the JPML granted the Transfer Order. *Id*.

Other courts have opined that remand would not be proper in certain circumstances. In *United States* ex rel. *Hockett v. Columbia/HCA Healthcare Corp.*, the Court found that the decision of whether to suggest remand should largely be guided by whether the remand is more likely to insure the maximum efficiency for the parties and courts. 498 F.Supp.2d 25, 38 (D.D.C. 2007). When an MDL court has familiarity with the issues in this case, it was more sensible for the MDL Court to retain jurisdiction "rather than to ask the transferor court to play catch-up." *Id*. In *In re Great S. Life Ins. Co. Sales Practices Litig.*, the JPML vacated a conditional remand on various grounds, one of which was that widespread settlement negotiations were ongoing at the time of the transfer. *See* 217 F.Supp.2d 1379, 1379 (J.P.M.L. 2002).

Applying these precepts to this case, Manufacturing Defendants assert that remand of Plaintiff's claims would not be proper. There can be no question that common issues of fact predominate over his claims as well as the claims of the many THU residents that have filed suit for alleged formaldehyde exposure. The central question of the MDL – whether trailers, which were provided by FEMA in the wake of the 2005 hurricanes, contained materials that emitted excessive levels of formaldehyde – is as much at the heart of Plaintiff's case as it is at the heart of any claimant who resided in a FEMA THU. Both the resident Plaintiffs and Plaintiff Burge will face the same issues, including the question of causation due to formaldehyde exposure.

It is critical to note that nowhere in the JPML's original Transfer Order was the consolidation of these cases limited to those who resided in THUs. This is perfectly sensible – whether Plaintiff was exposed while installing multiple trailers in 2005/2006 or while residing in a trailer in 2005/2006 does not change the reality that all such claims are predicated on the defendants' alleged fault for allowing such exposure to occur. For purposes of whether consolidation is still warranted, all that matters is that Plaintiff was allegedly exposed, not that he was exposed in a manner or frequency different than those who actually lived in the trailers.

Moreover, separating Plaintiff's claim from this MDL invites the very problems the MDL was designed to avoid. Duplicative discovery is almost a certainty because Plaintiff will no doubt seek some of the same documentation, depositions, inspections and investigation that are being undertaken in the MDL. Also, this Court has already passed on many pretrial issues, including jurisdictional issues, discovery issues and multiple dispositive and evidentiary rulings. The Southern District of Mississippi very well could issue inconsistent rulings, which is likely considering the sheer number of rulings this Honorable Court has already handed down. While the Mississippi Court will have the benefit of reviewing this Court's prior rulings, there is no guarantee that it will follow this Court's pronouncements. Thus, there is a strong potential – if not likelihood – that there will be inconsistent rulings if this case is remanded. Finally, the inconvenience of the parties will be great. Liaison counsel for all parties are in New Orleans, and though counsel for the various defendants are spread throughout the country, many have devoted resources and time to litigating this case before the Eastern District. To move the entire operation to another Court would be burdensome and inconvenient.

Another issue militating against remand is the fact that the Plaintiffs' Steering Committee has no doubt claimed Plaintiff Burge for purposes of the ongoing settlement negotiations.

Plaintiff completed a Fact Sheet (albeit incompletely), and has been a part of this MDL since early 2010. During this time, defendants such as Fleetwood and the manufactured housing defendants have settled the claims against them. Plaintiff Burge has presumably benefitted from those settlements, and stands to benefit from the ongoing negotiations with the other defendants. Remanding his case will allow an impermissible double recovery, in that Plaintiff may recover a portion of the settlement proceeds in the MDL, then be allowed to seek his own redress in Mississippi. This is unfair to the defendants, and to the other settling plaintiffs in this case. At least one other court has vacated a remand when settlement negotiations were ongoing. *See In re Great S. Life Ins. Co. Sales Practices Litig.*, 217 F.Supp.2d 1379, 1379 (J.P.M.L. 2002).

Finally, just as was the case in *In re Merrill Lynch Auction Rate Securities Litigation*, the JPML saw fit to transfer Plaintiff Burge's case to the MDL even though the unique factual allegations were already present. 2010 WL 2541227, *3 (S.D.N.Y. 2010). Presumably, the Panel had an opportunity to consider Plaintiff's different fact pattern, but decided to transfer the case anyway because Plaintiff's lawsuit "involve[d] questions of fact that are common to the actions previously transferred to the Eastern District of Louisiana and assigned to Judge Engelhardt." *See* Case No. 1:09-cv-00819-HSO-JMR, Rec. Doc. 7. As argued above, those common issues are present, and the fact that Plaintiff never lived in a trailer does not change that. Plaintiff's claims and the resident plaintiffs' claims involve the same "core factual questions" that were important in the *Merrill Lynch* decision. 2010 WL 2541227 at *3. Any unique differences are ultimately unimportant. And, to the extent this Court believes this differences must be accounted for, there are mechanisms within the MDL to manage such difference variations. *Id*. at *2.

C.  CONCLUSION

Plaintiff's case should not be remanded. His and the cases of the resident plaintiffs share the same questions of fact with regard to formaldehyde exposure. Also, retaining jurisdiction would promote efficiency, allow for the convenience of the parties and the courts, and eliminate the possibility of duplicative discovery or inconsistent rulings. There can be little doubt that the case will benefit from further coordinated proceedings in the MDL. *See In re Aetna UCR Litigation,* 2010 WL 3762281, * 1 (D.N.J. Sept. 20, 2010).

Remand, on the other hand, would detract from these worthy goals. Also, particular issues, such as Plaintiff's prior involvement in the global settlement negotiations and the fact that his differences were present before the JPML transferred his case to this Court, weigh in favor of retaining jurisdiction over this case. Manufacturing Defendants respectfully submit that this Court should not remand Plaintiff's claims.

Respectfully submitted:

**DUPLASS, ZWAIN, BOURGEOIS, PFISTER & WEINSTOCK**

/s/ Andrew Weinstock

---

**ANDREW D. WEINSTOCK (#18495)**
**JOSEPH G. GLASS (#25397)**
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
Telephone: (504) 832-3700
andreww@duplass.com
jglass@duplass.com

and

**SCANDURRO & LAYRISSON**
Timothy D. Scandurro #18424
Dewey M. Scandurro #23291
607 St. Charles Avenue
New Orleans, LA 70130
Telephone: (504) 522-7100
tim@scanlayr.com
dewey@scanlayr.com
**Counsel for Defendant, Gulf Stream Coach, Inc**

**GALLOWAY, JOHNSON, TOMPKINS BURR & SMITH**

s/Cynthia Thomas
_____
Cynthia Thomas
#3 Sanctuary Blvd., Ste. 301
Mandeville, LA 70471
(985) 674-6680
Fax: (985)674-6681
cthomas@gtbs.com
**Counsel for Sunny Brook RV**

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of March, 2012, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to all known counsel of record by operation of the court's electronic filing system.

/s/ Andrew Weinstock
_____
**ANDREW D. WEINSTOCK (#18495)**