UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER  MDL NO. 07-1873
FORMALDEHYDE PRODUCTS
LIABILITY LITIGATION

SECTION "N" (5)

THIS DOCUMENT RELATES TO
ALL CASES

## PRETRIAL ORDER NO. 96

The Court having advised all counsel at the last general status conference on February 3, 2012, that in mid-March the Court would proceed with implementation of settlement for those defendants who had reached a settlement with the PSC;

Considering that at least twenty-eight separate manufacturing defendants have now reached a settlement agreement with the PSC, and four manufacturing defendants have not reached a settlement; and

The Court having discussed the implementation of settlement for the settling group and the implementation of remand and trial for the non-settling group at a telephone conference on March 14, 2012, with the following counsel participating: (1) Gerald Meunier as Plaintiffs' Co-Liaison Counsel; (2) Justin Woods as Plaintiffs' Co-Liaison Counsel; (3) Andrew Weinstock as Manufacturing Defendants' Liaison Counsel; (4) Joseph Glass, also for the manufacturing defendants; (5) David Kurtz as Contractor Defendants' Liaison Counsel; (6) Charles Leche as Insurance Defendants' Liaison Counsel; (7) Henry Miller for the Government; (8) Jim Percy; and (9) Ryan Johnson.  Accordingly,

**IT IS ORDERED** that:

**I. Appointment of Defendants' Settlement Co-Liaison Counsel:**

    A.    To facilitate the implementation of settlement, the Court hereby appoints James C. Percy and Ryan E. Johnson as Defendants' Settlement Co-Liaison Counsel, to represent the Settling Group, which group shall include each of the following defendants, as well as any other Settling Defendants[1] inadvertently omitted or subsequently added:

1. Allen Camper Manufacturing Company, Inc.;
2. Burlington Insurance Company as insurer for Pilgrim International, Inc.;
3. Citair, Inc.;
4. Coachmen RV Company;
5. Cruiser RV, LLC;
6. Crum & Forster Specialty Insurance Company as insurer for Pilgrim International, Inc.;
7. Damon Motor Coach;
8. DS Corp. d/b/a CrossRoads RV, Inc.;
9. Dutchmen Manufacturing Company;
10. Four Winds International;
11. Frontier RV, Inc.;
12. Heartland Recreational Vehicles, LLC;
13. Hy-Line Enterprises, Inc.;
14. Keystone RV Company;

---

[1] This group shall not include defendants whose settlement agreements already have been implemented as part of the Fleetwood or Non-Litigation Manufactured Housing settlements.

15. Komfort Corp.;

16. KZ RV, LP;

17. Layton Homes Corp.;

18. Liberty Mutual Insurance Company as insurer for R-Vision, Inc.;

19. Morgan Building & Spas, Inc. and Morgan Building Systems, Inc.;

20. Northwood Manufacturing;

21. Play'Mor Trailers, Inc.;

22. Recreation By Design, LLC;

23. Sentry Insurance a Mutual Company as insurer for Pilgrim International, Inc.;

24. Skyline Corporation;

25. Sunline Acquisition Company Ltd.;

26. Sunnybrook RV, Inc.;

27. Sunray RV & Sunray Investments;

28. Sun Valley, Inc.;

29. Thor Industries, Inc.;

30. Thor California, Inc.;

31. Timberland RV Company, Inc.;

32. TL Industries, Inc.; and

33. Viking Recreational Vehicle Co., LLC.

B.  The responsibilities of Defendants' Settlement Co-Liaison Counsel shall include the following:

    1.       Coordinate the implementation of the settlement agreements;

    2.       Report to the Court at each Status Conference, and as otherwise requested by the Court, regarding the progress made toward implementing the settlements;

    3.       Receive and distribute all filings (pleadings, motions, orders, etc.) to counsel for each of the Settling Defendants by electronic service or as otherwise agreed among counsel;

    4.       Coordinate service and filings on behalf of the Settling Defendants or any subgroup of the settling defendants; and

    5.       Such other duties as the Court may order.

C.       Common benefit fees and costs incurred in connection with the performance of these duties shall be shared by members of the Settling Group in a manner agreeable to the parties or set by the Court failing such agreement.

D.       Andrew Weinstock shall remain Manufacturing Defendants' Liaison Counsel for the following defendants, and any other manufacturing defendant who subsequently makes an appearance in this litigation:

    1.       Gulf Stream Coach, Inc.;

    2.       Forest River, Inc./Vanguard Industries of Michigan;

    3.       Jayco Enterprises, Inc./Starcraft; and

    4.       American International Specialty Lines, Insurance Company of the State of Pennsylvania, and Lexington Insurance Company for Monaco Coach.

**II. <u>Motion to Certify Class Settlement</u>:**

  A. Should the PSC and the Settling Defendants (or a subgroup thereof) determine that the settlements should be implemented through a class settlement procedure, a Joint Motion for Preliminary Approval of Class Settlement shall be filed no later than March 30, 2012.

  B. Should the PSC and any of the Settling Defendants determine that their settlement agreement shall not be implemented through class procedure, such defendant(s) and the PSC shall inform the Court in writing no later than March 30, 2012, as to how such settlement shall be implemented.

**III. <u>Cases to be Recommended for Remand</u>:**

  A. With regard to all cases against manufacturing defendants other than the Settling Defendants in which venue is proper in a district other than the Eastern District of Louisiana, this Court intends to file a Notice of Suggestion of Remand with the Judicial Panel on Multidistrict Litigation pursuant to Rule 10.1(b) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation.

  B. It has come to the Court's attention that certain member cases are mixed venue cases, joining plaintiffs from multiple districts. To facilitate remand, counsel for plaintiffs in each such case shall file by April 17, 2012, a motion to sever pursuant to Rule 21 of the Federal Rules of Civil Procedure with respect to each such member case, severing the claims of plaintiffs for whom venue is not proper in this District. Each such motion shall categorize the plaintiffs according the district in which venue for their claims is proper. Plaintiffs' counsel in each such case shall be prepared to file, promptly upon the granting of the motion to sever, new complaints for the plaintiffs in each such case for whom venue is not proper in the Eastern District of

Louisiana. Each such new complaint shall join only plaintiffs for whom venue is proper in the same district.

      C.      No motion to sever as described in section III(B) above shall be required in any case against a Settling Defendant.

**IV. Cases to be Set for Trial:**

Member cases for which venue is proper in the Eastern District of Louisiana shall be promptly set for trial, except that trial shall not be set in any case against a Settling Defendant.

New Orleans, Louisiana, this  15th  day of March, 2012.

                                          **KURT D. ENGELHARDT**
                                          **UNITED STATES DISTRICT JUDGE**