UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE          MDL NO. 07-1873
PRODUCTS LIABILITY LITIGATION

                                                             SECTION N(5)

                                                             JUDGE ENGELHARDT

                                                             MAGISTRATE CHASEZ

THIS DOCUMENT RELATES TO:

ALL CASES

●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●

### BECHTEL CORPORATION'S
### MASTER PRESERVATION OF DEFENSES

Defendant Bechtel Corporation ("Bechtel") pursuant to Pretrial Order No. 44 (Rec. Doc. 2759) and with a full reservation of rights, including without limitation the right to amend or supplement this list of Rule 12(b) defenses and to file any other preliminary pleadings, dispositive motions or affirmative defenses in each of the referenced lawsuits, the captioned MDL proceeding, or in any other case in which it is now or subsequently named as a defendant and properly served, submits for preservation the following list of Federal Rules of Civil Procedure, Rule 12(b) defenses in all Complaints filed and transferred to this MDL proceeding.

1.      Rule 12(b)(5):  Insufficiency of service of process.

2.      Rule 12(b)(1): Plaintiffs lack standing.

1

3.      Rule 12(b)(3): Improper venue.

4.      Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted against Bechtel.

5.      Rule 12(b)(6): Failure to state a claim for breach of implied and express warranty because those claims are not available to Plaintiffs.

6.      Rule 12(b)(6): Failure to state a claim for punitive damages.

7.      Rule 12(b)(6): Failure to state a claim because Plaintiffs failed to make any particularized allegations regarding their injuries and damages, and failed to make any particularized allegations connecting any particular plaintiff to conduct by any particular defendant.

8.      Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted because the claims against Bechtel are barred by the applicable prescriptive and peremptive periods, statute of limitations, statutes of repose and/or laches.

9.      Rule 12(e): Motion for more definite statement of the complaint based on plaintiffs' failure to make particularized allegations about their injuries and damages and failure to make any particularized allegations about any particular defendants' alleged conduct.

10.     Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted because on the face of the pleadings it is clear that plaintiffs knew or should have known of their cause of action more than three (3) years before the referenced action was filed, rendering all claims time barred under Mississippi law.  Plaintiffs are not entitled to claim any tolling of the applicable prescriptive period as against defendant Bechtel.

11.     Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted against Bechtel under Section 11-1-63 of Mississippi Code Annotated, as amended (the Mississippi Products Liability Act ("MPLA")).

12.     Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted against Bechtel under the MPLA inasmuch as Plaintiffs have not and cannot allege any set of facts that would establish that Bechtel is a "manufacturer" within the meaning of the MPLA.

13.     Rule 12(b)(6): Plaintiffs fail to state a claim for negligence under Mississippi law.

14.     Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted because Bechtel owed no actionable duty to any of the Plaintiffs.

15.     Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted inasmuch as Plaintiffs have not specifically claimed any current injury, but rather have generally claimed unspecified current and future alleged injuries.

16.     Rule 12(b)(6): Plaintiffs fail to state a claim for recovery of attorneys' fees because (a) on the claims and facts pled, attorneys' fees are not recoverable against Bechtel under Mississippi law and (b) Plaintiffs have not alleged any other viable theory of liability through which they can recover attorneys' fees against Bechtel.

17.     Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted to the extent that Plaintiffs seek to impose joint and several liability upon Bechtel and the other named defendants inasmuch as Mississippi law does not provide for joint and several liability on the facts and claims alleged.

18.     Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted to the extent that Plaintiffs later specifically seek property or economic damages under Mississippi law inasmuch as such claims are precluded.

3

19.     Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted to the extent that Plaintiffs later seek damages for medical monitoring under Mississippi law inasmuch as Plaintiffs have not alleged a present and manifest injury.

20.     Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted to the extent it is determined that any named plaintiff previously filed, and has pending, another lawsuit arising out of the same operative facts and circumstances made the subject of this lawsuit.

21.     Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted on grounds that Bechtel is a government contractor that performed its work according to and in compliance with specifications approved and mandated by the U.S. government specifications through the Federal Emergency Management Agency ("FEMA"). As such, Plaintiffs' action, claims and demands are preempted and Bechtel is immunized from liability by the government contractor defense.

22.     Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted on grounds that Bechtel is a contractor that performed its work in accordance with the plans and/or specifications furnished to it by FEMA.

23.     Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted on grounds that Bechtel's duties and obligations are limited to what is defined in the relevant contract between Bechtel and FEMA.

24.     Rule 12(b)(6):  Plaintiffs fail to state a claim upon which relief can be granted because Bechtel Corp. did not enter a contract with the Federal Emergency Management Agency ("FEMA") or any other entity related to this litigation.

25.     Rule 12(b)(6):  Plaintiffs fail to state a claim upon which relief can be granted because Bechtel Corp. is an improperly named party and did not perform any services related to the allegations contained in the complaint.

26.     Rule 21: In addition to the Rule 12(b) defenses identified above, Plaintiffs also fail to satisfy the requirements for joinder of parties under Rules 19 and 20 of the Federal Rules of Civil Procedure.

Respectfully submitted,

**FRILOT, L.L.C.**

/s/ *Peter R. Tafaro*
JOHN J. HAINKEL, III – La. Bar No. 18246
A. J. KROUSE - La. Bar No. 14426
DAVID P. CURTIS – La. Bar No. 30880 (Ms. Bar - 102092)
PETER R. TAFARO – La. Bar No. 28776
3700 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: (504) 599-8000
Facsimile: (504) 599-8100
E-Mail: ptafaro@frilot.com

**ATTORNEYS FOR BECHTEL CORPORATION**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing pleading was filed electronically using the CM/ECF system.  Notice of this filing will be forwarded to all known counsel by operation of the court's electronic filing system.  I also certify that I have emailed a copy of this filing to any non-CM/ECF participants on this the 21st day of March, 2012.

/s/ *Peter R. Tafaro*
PETER R. TAFARO
E-mail: ptafaro@frilot.com