UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  FEMA TRAILER PRODUCTS LIABILITY LITIGATION <br><br>THIS DOCUMENT PERTAINS TO: <br>*All Cases*. | *   MDL NO. 07-1873 <br>* <br>* <br>*   SECTION:  N "5" <br>*   JUDGE: KURT D. ENGELHARDT <br>* <br>* <br>*   MAGISTRATE JUDGE: <br>*   ALMA CHASEZ |

NON-CONFIDENTIAL MEMORANDUM IN SUPPORT OF
UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL MOTION FOR
AUTHORITY TO DEPOSIT SETTLEMENT FUNDS INTO COURT REGISTRY

Defendants, Skyline Corporation and Layton Homes Corp. (collectively, "Skyline"), seek leave to file under seal, pursuant to Local Rule 5.6, their Motion for Authority to Deposit Settlement Funds into Court Registry.

I. Factual Background.

On February 10, 2012, Skyline and plaintiffs in this multidistrict litigation, through Plaintiffs' Liaison Counsel, reached a compromise of all claims against Skyline in this multidistrict litigation. That compromise was memorialized in a confidential Memorandum of Understanding executed by Skyline's counsel and Plaintiffs' Liaison Counsel on March 8, 2012. To comply with the Memorandum of Understanding, Skyline seeks to deposit the settlement funds into the Court's registry.

II. Law & Argument.

Courts recognize that "the public has a common law right to access judicial records and proceedings, although the right is not absolute." *Bahwell v. Stanley-Bostitch, Inc.*, No. 00-0541, 2002 WL 1298777, at *1 (E.D. La. June 10, 2002). A district court has discretion to seal judicial records, but "must balance the public's common law right of access against the interests favoring nondisclosure." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citing *Nixon v.*

982821.1

*Warner Comm'ns, Inc.*, 435 U.S. 589, 599 (1978)).  If a case involves private litigants, concerns matters of little legitimate public interest, and the parties have bargained for confidentiality in a negotiated settlement, that should weigh in favor of granting or maintaining an order of confidentiality. *See State Farm Fire and Cas. Co., v. Jim Hood*, No. 07-188, 2010 WL 3522445, at *2-*3 (S.D. Miss. Sept. 2, 2010) (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 788 (3rd Cir. 1994)).

Skyline requests that Skyline's Motion for Authority to Deposit Settlement Funds into Court Registry and any resulting order be filed under seal to comply with confidentiality provisions of the Memorandum of Understanding.  It is necessary for the motion and order to be sealed to protect the confidentiality of settlement.  Confidentiality is an important provision in this negotiated settlement of several hundred claims in this multidistrict litigation that have been pending for several years.  Therefore, preserving the confidentiality of the settlement terms significantly outweighs whatever slight interest the public may having in learning the terms of the settlement.

### III. Duration of Sealing and Procedures for Handling.

Skyline proposes that the documents be maintained under seal until the final adjudication of this action, including the resolution of any appeals, at which time such documents are to be returned to Skyline or destroyed, or upon the agreement of Skyline and Plaintiffs' Liaison Counsel on behalf of all plaintiffs, at which time such documents may be made public.  Pursuant to Local Rule 5.6(E), each document filed under seal will be maintained in the clerk's office sealed in a manila envelope clearly labeled "UNDER SEAL" and bearing the case number, caption, a reference the order granting leave to file under seal, and a description of the documents. Access to the sealed documents will be limited to Court personnel, special masters appointed by the Court, and counsel for any Skyline and Plaintiffs' Liason Counsel, unless

982821.1

otherwise ordered by the Court after a contradictory motion by any other person seeking access to the sealed documents.

### IV. Conclusion.

For the foregoing reasons, Skyline Corporation and Layton Homes Corp. respectfully request that they be granted leave to file their Motion for Authority to Deposit Settlement Funds into Court Registry under seal.

s/ *Robert D. Sheesley*
LARRY FELDMAN, JR., T.A. (La. #5503)
ROBERT D. SHEESLEY (La. #31579)
**McGLINCHEY STAFFORD, PLLC**
601 Poydras Street, 12th Floor
New Orleans, LA 70130
Telephone: (504) 586-1200
Facsimile: (504) 596-2800
lfeldman@mcglinchey.com
rsheesley@mcglinchey.com
**ATTORNEYS FOR DEFENDANTS SKYLINE CORPORATION AND LAYTON HOMES CORP.**

### CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record, and that I served the foregoing on trial counsel by e-mail.

s/ *Robert D. Sheesley*
ROBERT D. SHEESLEY

982821.1