UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCTS LIABILITY | * | SECTION:  N(5) |
| LITIGATION | * | |
| | * | JUDGE: ENGELHARDT |
| This Document Relates to: | * | |
| **Ann Terrell v. Gulf Stream Coach, Inc., et al.** | * | MAG: CHASEZ |
| **Docket No. 12-548** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ANSWER TO PETITION FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Gulf Stream

Coach, Inc. ("Gulf Stream"), who answers the Petition for Damages, which was removed to this

Honorable Court (Case No. 2:12-cv-00548-KDE-ALC, Rec. Doc. 1), of Ann Terrell ("Plaintiff")

as follows:

I.

The allegations contained in Paragraph 1 are denied for lack of sufficient information to

justify a belief therein.

II.

Gulf Stream admits that it is an Indiana corporation with its principle office in Nappanee,

Indiana and that it manufactured and supplied travel trailers that were sold directly to FEMA.

All other allegations contained in Paragraph 2 are denied for lack of sufficient information to

justify a belief therein.

III.

The allegations contained in Paragraph 3 are denied.

00332919-1

IV.

The allegations contained in Paragraph 4 are denied for lack of sufficient information to justify a belief therein.

V.

To the extent the allegations contained in Paragraph 5 assert that Gulf Stream bears legal responsibility or liability for allegedly using substandard materials, employing irregular practices, and taking actions that brought about the emission of higher than normal levels of formaldehyde, such allegations are denied. All other allegations contained in Paragraph 5 are denied for lack of sufficient information to justify a belief therein.

VI.

The allegations contained in Paragraph 6 are denied.

VII.

The allegations contained in Paragraph 7 are denied for lack of sufficient information to justify a belief therein.

VIII.

The allegations contained in Paragraph 8 are denied.

IX.

To the extent the allegations contained in Paragraph 9 assert that Gulf Stream bears legal responsibility or liability for Plaintiff's alleged exposure to dangerously high concentrations of formaldehyde emitted from the products used in the manufacture of the subject housing unit, such allegations are denied. Gulf Stream further denies that Plaintiff suffered damages as alleged.  All other allegations contained in Paragraph 9 are denied for lack of sufficient information to justify a belief therein.

X.

The allegations contained in Paragraph 10 are denied.

XI.

The allegations contained in Paragraph 11 are denied for lack of sufficient information to justify a belief therein.

XII.

The allegations contained in Paragraph 12 are denied for lack of sufficient information to justify a belief therein.

XIII.

The allegations contained in Paragraph 13 are denied for lack of sufficient information to justify a belief therein.

XIV.

The allegations contained in Paragraph 14 are denied for lack of sufficient information to justify a belief therein.

XV.

The allegations contained in Paragraph 15 are denied for lack of sufficient information to justify a belief therein.

XVI.

The allegations contained in Paragraph 16 are denied for lack of sufficient information to justify a belief therein.

XVII.

The allegations contained in Paragraph 17 are denied for lack of sufficient information to justify a belief therein.

XVIII.

The allegations contained in Paragraph 18 are denied for lack of sufficient information to justify a belief therein.

XIX.

The allegations contained in Paragraph 19 are denied for lack of sufficient information to justify a belief therein.

XX.

The allegations contained in Paragraph 20 are denied for lack of sufficient information to justify a belief therein.

XXI.

The allegations contained in Paragraph 21 are denied for lack of sufficient information to justify a belief therein.

XXII.

The allegations contained in Paragraph 22 are denied for lack of sufficient information to justify a belief therein.

XXIII.

The allegations contained in Paragraph 23 are denied for lack of sufficient information to justify a belief therein.

XXIV.

The allegations contained in Paragraph 24 are denied for lack of sufficient information to justify a belief therein.

XXV.

The allegations contained in Paragraph 25 are denied for lack of sufficient information to justify a belief therein.

XXVI.

The allegations contained in Paragraph 26 are denied.

XXVII.

To the extent the allegations contained in Paragraph 27 assert that Gulf Stream bears legal responsibility or liability for these alleged damages, such allegations are denied. Gulf Stream further denies that Plaintiff suffered damages as alleged.  All other allegations contained in Paragraph 27 are denied for lack of sufficient information to justify a belief therein.

XXVII.

Plaintiff included a second paragraph 27 in her Petition for Damages. The allegations contained in the second paragraph 27 are denied.

XXVIII.

The allegations contained in Paragraph 28 are denied.

XXIX.

The allegations contained in Paragraph 29 are denied for lack of sufficient information to justify a belief therein.

XXX.

The allegations contained in Paragraph 30 do not require a response on the part of Gulf Stream.  To the extent a response is required, the allegations contained in Paragraph 30 are denied for lack of sufficient information to justify a belief therein.

XXXI.

In response to the allegations contained in the Paragraph 31, Gulf Stream asserts that it is entitled to a trial by jury on all issues herein.

XXXII.

In response to the allegations contained in the "WHEREFORE" Paragraph, Gulf Stream asserts that Plaintiff is not entitled to the relief requested. Further, the allegations contained in any and all unnumbered and/or misnumbered paragraphs are denied.

**AND NOW, FURTHER ANSWERING,** Gulf Stream avers:

## FIRST DEFENSE

The Plaintiff's Petition for Damages, as supplemented and amended, fails to state a claim or cause of action against Gulf Stream upon which relief can be granted.

## SECOND DEFENSE

The claims against Gulf Stream are, or may be, barred in whole or in part by Plaintiff's failure to institute suit within the period of time required by the applicable statutes of limitation and/or any applicable limitation of actions, or by peremption or prescription, or failure to initiate suit within the period of time required by the applicable prescriptive periods and/or any limitation of actions contained in any applicable contracts.

## THIRD DEFENSE

Gulf Stream shows that it has supplied for FEMA travel trailers since at least 1992, and that its travel trailers were designed, constructed, and manufactured in conformity with industry standards and in compliance with FEMA specifications.

## FOURTH DEFENSE

Gulf Stream's travel trailers were manufactured according to the specifications of the United

States government, which had specific requirements regarding the design and construction of the travel trailers.  Any alleged defect claimed herein, which is specifically denied, is the result of the standards mandated by the United States government over which Gulf Stream had no control. Accordingly, Gulf Stream is immunized from liability by the government contractor defense.

## FIFTH DEFENSE

Gulf Stream pleads to the extent applicable all defenses allowed under the La. Health Emergency Powers Act, LSA--R.S. 29:771, and/or other Louisiana law.

## SIXTH DEFENSE

Gulf Stream specifically denies the existence of any defect or defects that would render its product unreasonably dangerous under the Louisiana Products Liability Act, the limited warranty, and/or any other applicable law, contract, or standard.

## SEVENTH DEFENSE

Gulf Stream reasserts as affirmative defenses the defenses raised in the Manufacturing Defendants' Joint Rule 12(b)(6) Motion to Dismiss (07-MD-1873, Rec. Doc. 210), including Gulf Stream Coach, Inc.'s joinder therein, and Gulf Stream's Rule 12(b)(6) Motion to Dismiss (07-MD-1873, Rec. Doc. 1811), and incorporates the Court's Order and Reasons (07-MD-1873, Rec. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss and the Court's Order and Reasons (07-MD-1873, Rec. Doc. 2322) on Gulf Stream's Rule 12(b)(6) Motion to Dismiss, respectively, as if plead herein, *in extenso*, and asserts that all claims contrary to the orders are precluded.

## EIGHTH DEFENSE

Solely in the alternative, in the event the Court finds the plaintiff has suffered any damages whatsoever, the damages complained of resulted solely or substantially from the negligence, fault or

comparative fault of the plaintiff through misuse and/or abuse and/or lack of maintenance of the travel trailers, failure to follow instructions for use, failure to heed applicable warnings, and/or through other acts or omissions which will be shown more fully at the trial of this matter and which preclude recovery by plaintiff or reduce any recovery by her respective percentage of fault.

### NINTH DEFENSE

Further in the alternative, all damages complained of resulted solely or substantially from the negligence, fault or comparative fault of third parties for whom Gulf Stream is not responsible.

### TENTH DEFENSE

Solely in the alternative, in the event this Court determines there was any defect in any travel trailer, which is specifically denied, said defect was apparent and obvious and could be easily avoided or remedied, precluding any recovery by plaintiff.

### ELEVENTH DEFENSE

All of the claims asserted against Gulf Stream are preempted or otherwise precluded by the statutes, standards, regulations, and rules propagated by the Federal Government and/or HUD, and/or FEMA, and/or the plaintiff's lease agreement with FEMA.

### TWELFTH DEFENSE

Gulf Stream further pleads that plaintiff's claims are, or may be, barred, in whole or in part, to the extent that the Economic Loss Doctrine applies and incorporates Court's Order and Reasons (07-MD-1873, R. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss as if plead herein, *in extenso*.

### THIRTEENTH DEFENSE

Claims against Gulf Stream are, or may be, barred in whole or in part by the doctrines of estoppel, release or waiver.

## FOURTEENTH DEFENSE

Any express warranty obligations that may be owed by Gulf Stream are strictly limited by the terms of the limited warranty, including all of its limitations and exclusions, which are pleaded herein, as if copied *in extenso*.

## FIFTEENTH DEFENSE

Upon information and belief, plaintiff has failed to mitigate her damages.

## SIXTEENTH DEFENSE

In the event that discovery reveals the following, Gulf Stream specifically pleads that the accident and/or injuries sued upon herein occurred only and solely due to the substantial alteration and/or modification of the product sued upon herein, which alteration and/or modification was not foreseeable, after it left the hands of the manufacturer, which is specifically pleaded as a complete bar to any recovery against Gulf Stream.

## SEVENTEENTH DEFENSE

Gulf Stream specifically pleads to the extent applicable, all defenses allowed under the Louisiana Products Liability Act, LSA--R.S. 9:2800.51 et seq., and/or other Louisiana law.

## EIGHTEENTH DEFENSE

In the event that discovery reveals the following, Gulf Stream specifically pleads that the injuries sued upon herein occurred only and solely by virtue of the failure of the user/handler of the product to properly and adequately maintain, service and/or inspect said product in accordance with the Owner's Manual and/or instructions for use, which is specifically pleaded as a complete bar to any recovery against the Gulf Stream.

## NINTEENTH DEFENSE

In the event that discovery reveals the following, Gulf Stream specifically pleads that the product sued upon herein was not in a reasonably anticipated use at any relevant time.

## TWENTIETH DEFENSE

In the event that discovery reveals the following, Gulf Stream specifically pleads that any alleged fault, negligence and/or strict liability attributed to Gulf Stream, which is specifically denied, was not the proximate or legal cause of the injuries sued upon herein.

## TWENTY-FIRST DEFENSE

Gulf Stream specifically pleads that the subject trailer, including all component parts thereof, was properly designed, manufactured and distributed in accordance with the state of the art at the time the product left the hands of the manufacturer; and, therefore, there is no legal basis for any assessment of fault against Gulf Stream.

## TWENTY-SECOND DEFENSE

Gulf Stream avers that at the time the product left the manufacturer's control, the product met all the manufacturer's specifications and performance standards for the product and/or for otherwise identical products manufactured by the manufacturer.

## TWENTY-THIRD DEFENSE

Alternatively, Gulf Stream affirmatively avers that in the event it is found liable in any way to plaintiff, which is denied, any liability on their part is merely joint liability and not joint and several, nor *in solido*, with the liability of other parties for whom it is not responsible.

## TWENTY-FOURTH DEFENSE

Gulf Stream specifically pleads that its product was reasonably fit for ordinary use.

## **TWENTY-FIFTH DEFENSE**

Gulf Stream specifically states that under the Louisiana Products Liability Act, LSA –

R.S.9:2800.51 et seq., it had no duty to warn the plaintiffs in this case because the United States of

America was a sophisticated purchaser of the Temporary Housing Units in question, thereby

absolving Gulf Stream of any duty to warn it may have had in this case.

## **TWENTY-SIXTH DEFENSE**

Pursuant to Federal Rule of Civil Procedure Rule 9, Gulf Stream specifically asserts

that Plaintiff lacks procedural capacity to sue.

## **TWENTY-SEVENTH DEFENSE**

Gulf Stream specifically pleads that at all relevant times it was a Government Contractor

that performed its work according to, and in compliance with, specifications approved and

mandated by the United States of America, through one or more of its agencies and/or

representatives.

Accordingly, Gulf Stream specifically pleads that the federal government approved

reasonably precise specifications and that Gulf Stream's products conformed to those

specifications. Further, Gulf Stream specifically pleads that it had no actual knowledge, not

otherwise known to the government, of any dangers with respect to the government's plans for

Gulf Stream's products.

## **TWENTY-EIGHTH DEFENSE**

Gulf Stream specifically pleads that Plaintiff failed to name, sue, join or otherwise include

the necessary and indispensable parties.

## **TWENTY-NINTH DEFENSE**

The exact damages/losses claimed by plaintiff are unknown to Gulf Stream, and thus Gulf Stream cannot adequately determine all defenses that may be applicable to plaintiff's claims. Therefore, Gulf Stream expressly reserves by this reference the right to raise additional defenses to the extent that:

      a.     Additional defenses become applicable under state and federal law;

      b.     Additional defenses are established as discovery proceeds; and

      c.     Additional defenses are available under subsequently asserted theories of recovery.

## **THIRTIETH DEFENSE**

Gulf Stream requests a trial by jury.

**WHEREFORE**, the above premises considered, Defendant, Gulf Stream respectfully prays that this Answer be deemed good and sufficient; that, after due proceedings had, there be judgment rendered herein in favor of this Defendant, dismissing Plaintiff's Petition for Damages, with prejudice; and Defendant respectfully prays for all such other general, special and equitable relief that law, equity or the nature of the case may permit and for all costs of these proceedings. Finally, Defendant requests a trial by jury on all issues herein.

               Respectfully Submitted:

               **DUPLASS, ZWAIN, BOURGEOIS,**
               **PFISTER & WEINSTOCK**

               s/Andrew D. Weinstock
               _____
               **ANDREW D. WEINSTOCK #18495**
               **JOSEPH G. GLASS #25397**
               3838 N. Causeway Boulevard, Suite 2900
               Metairie, Louisiana 70002
               (504) 832-3700

(504) 837-3119 (FAX)
andreww@duplass.com
jglass@duplass.com

and

**SCANDURRO & LAYRISSON**
**Timothy D. Scandurro #18424**
**Dewey M. Scandurro #23291**
607 St. Charles Avenue
New Orleans, LA 70130
(504) 522-7100
(504) 529-6199 (FAX)
tim@scanlayr.com
dewey@scanlayr.com
**Counsel for Defendant, Gulf Stream Coach, Inc.**

## C E R T I F I C A T E

I hereby certify that on the 28th day of March, 2012, a copy of the foregoing Answer to

Petition for Damages was filed electronically with the Clerk of Court using the CM/ECF system.

Notice of this file will be sent to liaison counsel by operation of the court's electronic filing

system and all other counsel of record via e-mail and U.S. Mail.

s/Andrew D. Weinstock
_____
ANDREW D. WEINSTOCK #18495