UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION

MDL NO. 1873

SECTION "N-5"

JUDGE ENGELHARDT
MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED:
*Ann M. Terrell v. Gulf Stream Coach, et al.,* EDLA 12-0548
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## FIRST SUPPLEMENTAL AND AMENDED PETITION

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Ann M. Terrell, who respectfully supplements and amends her original Petition, herein, pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), by amending the claims against Shaw Environmental, Inc. to reflect the dismissal of all claims against Shaw, except for the claims that Shaw's negligent jacking of the subject unit caused increased formaldehyde exposure of Plaintiff:

1. By amending paragraph XII to read as follows:

    By jacking the temporary housing unit of Plaintiff, Shaw created stress and flexing on the frame of the unit as it was not designed to be lifted off of the wheel base. In fact, the manufacturer of the temporary housing unit warned in the owner's manual provided with the unit, that units should not be jacked so that the vehicle's weight is no longer supported by the wheels.

2. By amending paragraph XII to read as follows:

    The stress and flexing of the temporary housing unit's frame caused by Shaw "jacking" it created distortion in the travel trailer's shell allowing increased moisture intrusion which contributed to increased formaldehyde emissions.

.

3. By amending paragraph XIV to read as follows:

   Thereafter, Shaw connected the unit it to local utilities, including sewage, water, and electricity.

4. By amending paragraph XVI to read as follows:

   A travel trailer is, by definition, mobile. It is designed for and intended for periodic, recreational use and not for long-term habitation.

5. By amending paragraph XVII to read as follows:

   Shaw failed to consult with the manufacturer of the temporary housing unit, Gulf Stream, with regard to the jacking of the unit. Shaw took actions which directly created or contributed to unsafe and hazardous living conditions in the temporary housing unit.

6. By deleting paragraphs XVIII, XIX, and XXII.

7. By amending paragraph XX to read as follows:

   Gulf Stream, at every stage of their involvement, failed to warn the Plaintiff of the potential risk of hazardous and unsafe living conditions due to the presence of elevated levels of formaldehyde – a known human carcinogen – which led directly to adverse health effects

8. By amending paragraph XXI to read as follows:

   Through its actions and omissions, Shaw created a situation wherein Plaintiff was exposed to elevated levels of formaldehyde and, as a result, suffered adverse health effects. Shaw negligently failed to adhere to the manufacturer instructions and warnings related to: (1) the jacking of the temporary housing unit

and (2) the warning that the temporary housing unit contained urea formaldehyde resin which would release formaldehyde gas directly into the intended living space.

9. By amending paragraph XXIX to read as follows:

Furthermore, Shaw, under all applicable laws, including but not limited to, the Louisiana Civil Code article 2316, is liable unto Plaintiff for all injuries and damages for negligently jacking the residential housing, as described above, which caused Plaintiff to be exposed to increased the levels of formaldehyde.

10. By Amending the Prayer for Relief in paragraph XXXI to read as follows:

Plaintiff is entitled to a trial by jury

WHEREFORE, Plaintiff prays that Gulf Stream Coach, Inc. and Shaw Environmental, Inc., be served with a copy of this Petition for Damages and that after due proceedings are had, Plaintiff prays for judgment in her favor and against Defendants, Gulf Stream and Shaw, in an amount reasonable under the premises, together with legal interest thereon from the date of judicial demand, and for all costs of these proceedings, and for all appropriate legal and equitable relief, and for trial by jury.

WHEREFORE, Plaintiff respectfully supplements her original Petition in the foregoing respects, and otherwise reiterates and re-avers all of the allegations, claims and prayers for relief contained therein.

Respectfully submitted:

**GAINSBURGH, BENJAMIN, DAVID,**

3

                              **MEUNIER & WARSHAUER, L.L.C.**

BY:    */s/M. Palmer Lambert* _____
           GERALD E. MEUNIER, #9471
           JUSTIN I. WOODS, #24713
           M. PALMER LAMBERT, #33228
           2800 Energy Centre
           1100 Poydras Street
           New Orleans, Louisiana 70163
           Telephone:    504/522-2304
           Facsimile:     504/528-9973
           ATTORNEYS FOR PLAINTIFF

### CERTIFICATE OF SERVICE

      I hereby certify that on March 30, 2012, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

                                                      */s/M. Palmer Lambert*
                                                      M. PALMER LAMBERT, #33228