UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCT | * | |
| LIABILITY LITIGATION | * | SECTION "N-5" |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE KURT N. ENGELHARDT |
| *Valerie A. Cooper, et al. v.* | * | |
| *Forest River, Inc.* | * | MAGISTRATE JUDGE ALMA L. CHASEZ |
| *Civil Action No. 09-2921* | | |

▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪

## ANSWER TO COMPLAINT FOR DAMAGES AND AFFIRMATIVE DEFENSES

NOW INTO COURT, through undersigned counsel, comes Defendant, Forest River, Inc. ("Forest River"), and in answer to Plaintiff's Complaint for Damages avers as follows:

**1.**

The allegations contained in Paragraph 1 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**2.**

The allegations contained in Paragraph 2 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**3.**

The allegations contained in Paragraph 3 of Plaintiff's Complaint for Damages are admitted solely to the extent that Forest River admits that it is an Indiana Corporation.  The remaining allegations contained in Paragraph 3 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**4.**

To the extent the allegations in Paragraph 4 of Plaintiff's Complaint for Damages require a response from Forest River, Defendant responds that the allegations in Paragraph 4 of

Plaintiff's Complaint for damages are denied for lack of information sufficient to justify a belief therein.

**5.**

To the extent the allegations in Paragraph 5 of Plaintiff's Complaint for Damages require a response from Forest River, Defendant responds that the allegations in Paragraph 5 of Plaintiff's Complaint for damages are denied for lack of information sufficient to justify a belief therein.

**6.**

The allegations contained in Paragraph 6 of Plaintiff's Complaint for Damages constitute legal conclusions to which no response is required on the part of Forest River. To the extent that a response is deemed necessary, the allegations contained in Paragraph 6 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**7.**

The allegations contained in Paragraph 7 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**8.**

The allegations contained in Paragraph 8 of Plaintiff's Complaint for Damages constitute legal conclusions to which no response is required on the part of Forest River. To the extent that a response is deemed necessary, the allegations contained in Paragraph 8 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**9.**

The allegations contained in Paragraph 9 of Plaintiff's Complaint for Damages constitute legal conclusions to which no response is required on the part of Forest River. To the extent that

a response is deemed necessary, the allegations contained in Paragraph 9 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**10.**

The allegations contained in Paragraph 10 of Plaintiff's Complaint for Damages constitute legal conclusions to which no response is required on the part of Forest River. To the extent that a response is deemed necessary, the allegations contained in Paragraph 10 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**11.**

The allegations contained in Paragraph 11 of Plaintiff's Complaint for Damages constitute legal conclusions to which no response is required on the part of Forest River. To the extent that a response is deemed necessary, the allegations contained in Paragraph 11 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**12.**

The allegations contained in Paragraph 12 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**13.**

The allegations contained in Paragraph 13 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**14.**

The allegations contained in Paragraph 14 of Plaintiff's Complaint for Damages are denied to the extent they are intended or may be construed to pertain to Forest River.   The

remaining allegations contained in Paragraph 14 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**15.**

The allegations contained in Paragraph 15 of Plaintiff's Complaint for Damages are denied to the extent they are intended or may be construed to pertain to Forest River.   The remaining allegations contained in Paragraph 15 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**16.**

The allegations contained in Paragraph 16 of Plaintiff's Complaint for Damages are denied to the extent they are intended or may be construed to pertain to Forest River.   The remaining allegations contained in Paragraph 16 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**17.**

The allegations contained in Paragraph 17 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**18.**

The allegations contained in Paragraph 18 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**19.**

The allegations contained in Paragraph 19 of Plaintiff's Complaint for Damages are denied.

**20.**

The allegations contained in Paragraph 20 of Plaintiff's Complaint for Damages are denied.

**21.**

The allegations contained in Paragraph 21 of Plaintiff's Complaint for Damages are denied.

**22.**

The allegations contained in Paragraph 22 of Plaintiff's Complaint for Damages are denied.

**23.**

The allegations contained in Paragraph 23 of Plaintiff's Complaint for Damages are denied.

**24.**

The allegations contained in Paragraph 24 of Plaintiff's Complaint for Damages regarding the amount of time spent in FEMA-provided housing units manufactured by Forest River are denied for lack of information sufficient to justify a belief therein.  The remaining allegations contained in Paragraph 24 of Plaintiff's Complaint for Damages are denied.

**25.**

The allegations contained in Paragraph 25 of Plaintiff's Complaint for Damages constitute legal conclusions to which no response is required on the part of Forest River. To the extent that a response is deemed necessary, the allegations contained in Paragraph 25 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**26.**

The allegations contained in Paragraph 26 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**27.**

The allegations contained in Paragraph 27 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**28.**

The allegations contained in Paragraph 28 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**29.**

The allegations contained in Paragraph 29 of Plaintiff's Complaint for Damages are denied.

**30.**

The allegations contained in Paragraph 30 of Plaintiff's Complaint for Damages are denied.

**31.**

The allegations contained in Paragraph 31 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**32.**

The allegations contained in Paragraph 32 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**33.**

The allegations contained in Paragraph 33 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**34.**

The allegations contained in Paragraph 34 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**35.**

The allegations contained in Paragraph 35 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**36.**

The allegations contained in Paragraph 36 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**37.**

The allegations contained in Paragraph 37 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**38.**

The allegations contained in Paragraph 38 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**39.**

The allegations contained in Paragraph 39 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**40.**

The allegations contained in Paragraph 40 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**41.**

The allegations contained in Paragraph 41 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**42.**

The allegations contained in Paragraph 42 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**43.**

The allegations contained in Paragraph 43 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**44.**

The allegations contained in Paragraph 44 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**45.**

The allegations contained in Paragraph 45 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**46.**

The allegations contained in Paragraph 46 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**47.**

The allegations contained in Paragraph 47 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**48.**

The allegations contained in Paragraph 48 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**49.**

The allegations contained in Paragraph 49 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**50.**

The allegations contained in Paragraph 50 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**51.**

The allegations contained in Paragraph 51 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**52.**

The allegations contained in Paragraph 52 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**53.**

The allegations contained in Paragraph 53 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**54.**

The allegations contained in Paragraph 54 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**55.**

The allegations contained in Paragraph 55 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**56.**

The allegations contained in Paragraph 56 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**57.**

The allegations contained in Paragraph 57 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**58.**

The allegations contained in Paragraph 58 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**59.**

The allegations contained in Paragraph 59 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**60.**

The allegations contained in Paragraph 60 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**61.**

The allegations contained in Paragraph 61 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**62.**

The allegations contained in Paragraph 62 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**63.**

The allegations contained in Paragraph 63 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**64.**

The allegations contained in Paragraph 64 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**65.**

The allegations contained in Paragraph 65 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**66.**

The allegations contained in Paragraph 66 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**67.**

The allegations contained in Paragraph 67 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**68.**

The allegations contained in Paragraph 68 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**69.**

The allegations contained in Paragraph 69 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**70.**

The allegations contained in Paragraph 70 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**71.**

The allegations contained in Paragraph 71 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**72.**

The allegations contained in Paragraph 72 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**73.**

The allegations contained in Paragraph 73 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**74.**

The allegations contained in Paragraph 74 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**75.**

The allegations contained in Paragraph 75 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**76.**

The allegations contained in Paragraph 76 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**77.**

The allegations contained in Paragraph 77 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**78.**

The allegations contained in Paragraph 78 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

## COUNT 1:

### CAUSE OF ACTION AGAINST THE FEDERAL GOVERNMENT

**79—84**

The allegations contained in Paragraph Nos. 79 through 84 do not require a response from this defendant; however, out of an abundance of caution, they are denied.

(Plaintiff's Complaint skips from Paragraph 84 to Paragraph 97.   It does not have paragraphs 85-96.)

## COUNT 2:

### CAUSE OF ACTION AGAINST THE MANUFACTURER UNDER LOUISIANA PRODUCTS LIABILITY ACT

**97.**

The allegations contained in Paragraph 97 of Plaintiff's Complaint for Damages constitute legal conclusions to which no response is required on the part of Forest River. To the extent that a response is deemed necessary, the allegations contained in Paragraph 97 of Plaintiff's Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

**98.**

The allegations contained in Paragraph 98 of Plaintiff's Complaint for Damages are denied.

**99.**

The allegations contained in Paragraph 99 of Plaintiff's Complaint for Damages are denied.

**100.**

The allegations contained in Paragraph 100 of Plaintiff's Complaint for Damages are denied.

**101.**

The allegations contained in Paragraph 101 of Plaintiff's Complaint for Damages are denied.

**102.**

The allegations contained in Paragraph 102 of Plaintiff's Complaint for Damages, including subparts "i" through "xi," are denied.

## COUNT 3:

### SHAW UNDER THE LOUISIANA PRODUCTS LIABILITY ACT

The allegations contained in Paragraph Nos. 103 through 109 do not require a response from this defendant; however, out of an abundance of caution, they are denied.

## COUNT 4:

### NEGLIGENCE OF SHAW UNDER LOUISIANA LAW

The allegations contained in Paragraph Nos. 110-116 do not require a response from this defendant; however, out of an abundance of caution, they are denied.

**117.**

The allegations contained in Paragraph 117 of Plaintiff's Complaint for Damages are denied.

## <u>AFFIRMATIVE DEFENSES</u>

And now, further answering, Forest River affirmatively asserts as follows, to wit:

## <u>FIRST DEFENSE</u>

The exact damages/losses claimed by Plaintiff are unknown to Forest River and, thus, Forest River cannot adequately determine all defenses that may be applicable to Plaintiff's claims. Therefore, Forest River expressly reserves by this reference the right to raise additional defenses to the extent that:

    a.        Additional defense become applicable under state or federal law;

    b.        Additional defenses are established as discovery proceeds; and

    c.        Additional defenses become available under subsequently asserted theories of recovery.

## SECOND DEFENSE

Forest River restates and reasserts its Universal List of Defenses and Motions to be Preserved by Forest River, Inc. and Vanguard, LLC filed on September 17, 2009 (Rec. Doc. No. 3398) and all other affirmative defenses lodged in answers and/or pleadings filed in response to Plaintiffs' various Master Complaints and is not waving any of the same.

## THIRD DEFENSE

This Court lacks personal jurisdiction over Forest River in this particular captioned matter pursuant to Fed. R. Civ. P. 12(b)(2) because Forest River has insufficient contacts with this forum to subject it to this Court's jurisdiction.

## FOURTH DEFENSE

To the extent Plaintiff's Complaint for Damages was filed in the wrong venue, venue is improper pursuant to Fed. R. Civ. P. 12(b)(3).

## FIFTH DEFENSE

Plaintiff's Complaint fails to state a claim or cause of action against Forest River, Inc. upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

## SIXTH DEFENSE

Plaintiff's claims are, or may be, barred in whole or in part by the applicable statutes of limitation and/or periods of repose and/or prescriptive and/or preemptive periods and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## SEVENTH DEFENSE

To the extent, Plaintiff stayed in multiple manufacturers' trailers, Plaintiff has failed to join the other manufacturers as parties necessary for a just adjudication pursuant to Fed. R. Civ. P. 19(a)(1) and Fed. R. Civ. P. 12(b)(7).

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part or, alternatively, her recovery should be reduced, by Plaintiff's own negligence, fault and/or the fault of third persons by the principles of contributory and/or comparative negligence or fault.

## NINTH DEFENSE

Plaintiff is not entitled to the recovery she seeks because she has not suffered any damages, or alternatively, because she have failed to mitigate her own damages.

## TENTH DEFENSE

Any products manufactured by Forest River that are the subject of the claims in this action were designed, manufactured and labeled in conformity with the state of the art and consistent with all applicable standards, regulations, laws, and/or industry standards existing at the time thereof.

## ELEVENTH DEFENSE

Forest River specifically denies the existence of any defect or defects that would render its product unreasonably dangerous under the Louisiana Products Liability Act, the limited warranty, and/or any other applicable law, contract or standard.

## TWELFTH DEFENSE

Solely in the alternative, in the event this Court determines there was any defect in any travel trailer, which is specifically denied, said defect was apparent and obvious and could have been easily avoided or remedied, precluding any recovery by Plaintiff.

## THIRTEENTH DEFENSE

Forest River pleads that the Plaintiff's claims are or may be barred, in whole or in part, to the extent that the Economic Loss Doctrine applies.

## FOURTEENTH DEFENSE

Plaintiff's claims against Forest River are barred, in whole or in part, by the doctrines of estoppel, release, and waiver.

## FIFTEENTH DEFENSE

Forest River was not negligent, did not furnish a product defective and unreasonably dangerous and did not make or breach any express or implied warranties. Any express warranty obligations that may be owed by Forest River are strictly limited by the terms of the limited warranty, including all of its limitations and exclusions, which are pleaded herein, as if copies *in extenso*.

## SIXTEENTH DEFENSE

Forest River specifically pleads that the alleged exposure and/or injuries sued upon herein, which are specifically denied, occurred only and solely due to the substantial alteration

and/or modification of the product sued upon herein, which alteration and/or modification was not foreseeable, after it left the hands of the manufacturer, which is specifically pleaded as a complete bar to any recovery against Forest River.

## SEVENTEENTH DEFENSE

Forest River specifically pleads that its product was reasonably fit for ordinary use.

## EIGHTEENTH DEFENSE

Forest River specifically pleads, to the extent applicable, all defenses allowed under the Louisiana Products Liability Act, La. R.S. 9:2800.51, *et seq.,* and/or other Louisiana law.

## NINETEENTH DEFENSE

In the event discovery reveals the following, Forest River specifically pleads the product sued upon was not in reasonably anticipated use at any relevant time.

## TWENTIETH DEFENSE

Forest River specifically pleads that any alleged fault, negligence, and/or strict liability attributed to Forest River, which is specifically denied, was not the proximate or legal cause of the alleged injuries sued upon herein.

## TWENTY-FIRST DEFENSE

Forest River avers that at that time the product left the manufacturer's control, the product met all the manufacturer's specifications and performance standards for the product and/or for the otherwise identical products manufactured by the manufacturer.

## TWENTY-SECOND DEFENSE

Forest River specifically pleads that the alleged injuries sued upon herein, which are specifically denied, occurred only and solely by virtue of the failure of the occupant, user, owner, and/or handler of the product to properly and adequately maintain, service and/or inspect said

product in accordance with the Owner's Manual and/or other instructions for use, which is specifically pleaded as a complete bar to or reduction against any recovery against Forest River.

### TWENTY-THIRD DEFENSE

Alternatively, Forest River avers that in the event it is found liable in any way to Plaintiff, which is denied, any liability on its part is merely joint liability and not joint and several, nor *in solido*, with the liability of other parties for whom it is responsible.

### TWENTY-FOURTH DEFENSE

Forest River pleads to the extent applicable all defenses allowed under the La. Health Emergency Powers Act, La. R.S. 29:771, and/other Louisiana law.

### TWENTY-FIFTH DEFENSE

All of the claims asserted against Forest River are preempted or otherwise precluded by the statutes, standards, regulations, and rules promulgated by the Federal Government and/or HUD, and/or FEMA, and/or by Plaintiff's agreement with FEMA and/or by the Supremacy Clause of the United States Constitution (Art. VI, Sec. 2).

### TWENTY-SIXTH DEFENSE

Plaintiff's claims are or may be barred, in whole or in part, to the extent that Plaintiff's Complaint does not state a cause of action for punitive or exemplary damages against Forest River, sufficient in law whereby recovery may be had.

### TWENTY-SEVENTH DEFENSE

Plaintiff's claims are or may be barred, in whole or in part, to the extent that any award of punitive damages, to the extent they are even pled in the Complaint, would be unconstitutional because the standards utilized to allow the imposition of such damages are so vague, both on

their face and as supplied, so as to fail to give adequate or sufficient notice of the prohibitive conduct.

## TWENTY-EIGHTH DEFENSE

Forest River supplied for FEMA travel trailers that were designed, constructed, and manufactured in conformity and in compliance with FEMA specifications.

## TWENTY-NINTH DEFENSE

Forest River's travel trailers were manufactured according to the specifications of the United States government, which had specific requirements regarding the design and construction of the travel trailers. Any alleged defect claimed herein, which is specifically denied, is the result of the standards mandated by the United States government over which Forest River had no control. Accordingly, Forest River is immunized from liability by the government contractor defense.

## THIRTIETH DEFENSE

Forest River reasserts as affirmative defenses those defenses raised in the Manufacturing Defendants' Joint Rule 12(b)(6) Motion to Dismiss (Doc. 210) including Forest River's joinder therein, and incorporates herein the Court's Order and Reasons (Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss, as if pleaded herein, *in extenso*.

## THIRTY-FIRST DEFENSE

All of Plaintiff's claims related to improper testing, marketing, licensing and/or distributing of products are unavailable under the Louisiana Products Liability Act, La. R.S. 9:2800.51, *et seq.*, and/or other Louisiana law.

### THIRTY-SECOND DEFENSE

Forest River avers that it has no liability to Plaintiff because at all times material hereto, the units at issue were in possession, guard and control of sophisticated purchasers/users of travel trailers who provided detailed specifications for the production of same.  Accordingly, Forest River had no pre or post sale duty to warn of any alleged danger incident to use (the existence of any such duty is specifically denied) as same was or should have been known by such individuals and/or entities.

### THIRTY-THIRD DEFENSE

All allegations of the Plaintiff's Complaint for Damages not specifically admitted are denied.

### THIRTY-FOURTH DEFENSE

If Plaintiff suffered injury or damage as alleged, which is specifically denied, same resulted solely from acts or omissions of individuals and/or entities for whom Forest River in neither liable nor legally responsible.  Such acts and/or omissions on the part of others constitute the sole independent, intervening and/or superceding cause of such alleged injury or damage.

### THIRTY-FIFTH DEFENSE

The alleged injuries of which Plaintiff complains resulted from Plaintiff's pre-existing illnesses or conditions not common to other persons and not foreseeable or determinable by Forest River.  All alleged injuries and damages claimed by Plaintiff, which are specifically denied, were caused by Plaintiff's pre-existing medical and/or emotional conditions.

### THIRTY-SIXTH DEFENSE

The products of Forest River at issue contained warnings and instructions that a reasonably prudent person in the same or similar circumstances would have provided with

respect to any danger and that communicated sufficient information of the dangers and safe use of the product, taking into account the characteristics of, and the ordinary and common knowledge common to, an ordinary consumer who purchases or use the product, and thus was adequate in all respects.

### THIRTY-SEVENTH DEFENSE

Plaintiff failed to read, rely on, and/or heed any and all warnings and instructions on Forest River's product, and no evidence exists that Plaintiff would have heeded a different warning if given.

### THIRTY-EIGHTH DEFENSE

The alleged defective design/formation of Forest River's product, if any, was caused by an inherent characteristic of the product that is a generic aspect of the product that cannot be eliminated without substantially comprising the product's usefulness or desirability and which is recognized by the ordinary person with the ordinary knowledge common to the community.

### THIRTY-NINTH DEFENSE

Forest River has no liability to Plaintiff because Forest River's product did not fail to function as expected; further, there existed no feasible design alternative that would have, to a reasonably probability, prevented harm to Plaintiff.

### FORTIETH DEFENSE

Plaintiff's claims for medical monitoring damages and/or future disease fail as Plaintiff does not suffer from present and manifest injury.

### FORTY-FIRST DEFENSE

Plaintiff assumed the risk of any injuries or damages by failing to read, rely on, and/or heed any and all warnings and instructions on Forest River's products.

## FORTY-SECOND DEFENSE

To the extent any express warranties may have been provided by Forest River, Plaintiff failed to comply with the terms thereof.

## FORTY-THIRD DEFENSE

Plaintiff's claims are barred because no relationship exists between Forest River and Plaintiff that would entitle Plaintiff to enforce any promise or warranty associated with Forest River's product.

## FORTY-FOURTH DEFENSE

No privity of contract exists between Plaintiff and Forest River, and to the extent Plaintiff alleges that such a contract or agreement exists or existed, such contract or agreement is or was invalid and void because it lacked any consideration and/or cause.

## FORTY-FIFTH DEFENSE

No timely notice or opportunity to cure or repair was given by Plaintiff to Forest River of the existence of any alleged defects in the products at issue and, as such, any recovery by Plaintiff against Forest River must be precluded or, in the alternative, diminished.

## FORTY-SIXTH DEFENSE

Plaintiff's claims are barred because the damages alleged in the Complaint were open and obvious.

## FORTY-SEVENTH DEFENSE

To the extant that Plaintiff has already settled with one or more of the other manufacturers of trailers that Plaintiff stayed in, Plaintiff's claims against Forest River have been extinguished or should be reduced by reason of settlement, compromise or accord and

satisfaction or, alternatively, Forest River is entitled to a set-off in the amount of any such settlements.

## FORTY-EIGHTH DEFENSE

Neither Forest River, its employees or agents, nor anyone for whom it could or might be responsible or liable, either caused or contributed to the injuries allegedly sustained by Plaintiff. Forest River contends that, at all times pertinent herein, Forest River, and its employees, were free of fault, conducted themselves appropriately, acted reasonably and in accordance with all applicable laws, ordinances and regulations.

## FORTY-NINTH DEFENSE

Alternatively, in the event that Forest River is found responsible in any way to Plaintiff, which is denied, Forest River is entitled to have the fault of the Plaintiff and/or other persons, entities and/or parties allocated regardless of whether such entities are defendants or not, and any amounts found owing to Plaintiff reduced to the extent of the apportionment of such fault of Plaintiff and/or other persons, entities and/or parties.

## FIFTIETH DEFENSE

Forest River is entitled to and prays for trial by jury on all issues.

WHEREFORE, considering the allegations, denials and defenses asserted above, Defendant Forest River, Inc. respectfully prays that this Answer be deemed good and sufficient; that after due proceedings had, there be judgment rendered herein in favor of Forest River, Inc. dismissing Plaintiff's Complaint for Damages with prejudice; additionally, Forest River, Inc. respectfully prays for all such other general, special and equitable relief that law, equity or the nature of the case may permit, and all costs of these proceedings.

Respectfully submitted,

*/s/ Ernest P. Gieger, Jr.*
ERNEST P. GIEGER, JR. (6154)
Email:egieger@glllaw.com
ANDREW A. BRAUN (3415)
Email:abraun@glllaw.com
J. MICHAEL DIGIGLIA (24378)
Email:mdigiglia@glllaw.com
MEGAN CAMBRE (33757)
Email:mcambre@glllaw.com
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana  70139-4800
Telephone:(504) 561-0400
Facsimile:(504) 561-1011
ATTORNEYS FOR FOREST RIVER, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon:

Raul Bencomo, Esq.
Bencomo & Associates
639 Loyola Avenue, Suite 2110
New Orleans, LA  70113
Attorney for Plaintiff

via the Court's e-filing system, this 5th day of April, 2012

*/s/ Ernest P. Gieger, Jr.*