UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
|      FORMALDEHYDE PRODUCTS | * | |
|      LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE: ENGELHARDT |
| THIS DOCUMENT IS RELATED TO: | * | |
| | * | |
| ***Bean, et al v. Gulf Stream Coach, Inc.,*** | * | MAG: CHASEZ |
| ***et al***; **Docket No. 09-6070** | * | |

**************************************************************************

## ANSWER OF GULF STREAM COACH, INC.

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Gulf Stream Coach, Inc. ("Gulf Stream"), who answers the Petition for Damages, which was removed to this Honorable Court (Case No. 2:09-cv-06070-KDE-ALC, Rec. Doc. 1), of Christina Bean et al. ("Plaintiffs") as follows:

I.

The allegations contained in Paragraph 1 of Plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief therein.

II.

Gulf Stream admits that it is an Indiana corporation with its principle office in Nappanee, Indiana and that it manufactured and supplied travel trailers that were sold directly to FEMA. All other allegations contained in Paragraph 2 of Plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief therein.

III.

The allegations contained in Paragraph 3 of Plaintiffs' Petition for Damages are denied.

IV.

Gulf Stream admits that it manufactured and supplied travel trailers that were sold directly to FEMA. All other allegations contained in Paragraph 4 of Plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief therein.

V.

To the extent the allegations contained in Paragraph 5 of Plaintiffs' Petition for Damages assert that Gulf Stream bears legal responsibility or liability for allegedly using substandard materials, employing irregular practices, and taking actions that brought about the emission of higher than normal levels of formaldehyde, such allegations are denied. All other allegations contained in Paragraph 5 are denied for lack of sufficient information to justify a belief therein.

VI.

The allegations contained in Paragraph 6 of Plaintiffs' Petition for Damages are denied as written.

VII.

The allegations contained in Paragraph 7 of Plaintiffs' Petition for Damages are denied as written.

VIII.

The allegations contained in Paragraph 8 of Plaintiffs' Petition for Damages are denied.

IX.

The allegations contained in Paragraph 9 of Plaintiffs' Petition for Damages are denied.

X.

To the extent the allegations contained in Paragraph 10 of Plaintiffs' Petition for Damages assert that Gulf Stream bears legal responsibility or liability for Plaintiff's alleged

exposure to dangerously high concentrations of formaldehyde emitted from the products used in the manufacture of the subject housing unit, such allegations are denied. Gulf Stream further denies that Plaintiff suffered damages as alleged.  All other allegations contained in Paragraph 10 are denied for lack of sufficient information to justify a belief therein.

XI.

The allegations contained in Paragraph 11 of Plaintiffs' Petition for Damages are denied.

XII.

The allegations contained in Paragraph 12 of Plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief therein.

XIII.

The allegations contained in Paragraph 13 of Plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief therein.

XIV.

The allegations contained in Paragraph 14 of Plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief therein.

XV.

The allegations contained in Paragraph 15 of Plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief therein.

XVI.

The allegations contained in Paragraph 16 of Plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief therein.

XVII.

The allegations contained in Paragraph 17 of Plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief therein.

XVIII.

The allegations contained in Paragraph 18 of Plaintiffs' Petition for Damages are denied as written.

XIX.

The allegations contained in Paragraph 19 of Plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief therein.

XX.

The allegations contained in Paragraph 20 of Plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief therein.

XXI.

The allegations contained in Paragraph 21 of Plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief therein.

XXII.

The allegations contained in Paragraph 22 of Plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief therein.

XXIII.

The allegations contained in Paragraph 23 of Plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief therein.

XXIV.

The allegations contained in Paragraph 24 of Plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief therein.

XXV.

The allegations contained in Paragraph 25 of Plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief therein.

XXVI.

The allegations contained in Paragraph 26 of Plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief therein.

XXVII.

The allegations contained in Paragraph 27 of Plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief therein.

XXVIII.

The allegations contained in Paragraph 28 of Plaintiffs' Petition for Damages are denied as written.

XXIX.

The allegations contained in Paragraph 29 of Plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief therein.

XXX.

The allegations contained in Paragraph 30 of Plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief therein.

XXXI.

To the extent the allegations contained in Paragraph 31 of Plaintiffs' Petition for Damages assert that Gulf Stream bears legal responsibility or liability for these alleged damages, such allegations are denied. Gulf Stream further denies that Plaintiff suffered damages as alleged.  All other allegations contained in Paragraph 31 are denied for lack of sufficient information to justify a belief therein.

XXXII.

The allegations contained in Paragraph 32 of Plaintiffs' Petition for Damages are denied.

XXXIII.

The allegations contained in Paragraph 33 of Plaintiffs' Petition for Damages are denied.

XXXIV.

The allegations contained in Paragraph 34 of Plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief therein.

XXXV.

The allegations contained in Paragraph 35 of Plaintiffs' Petition for Damages do not require a response on the part of Gulf Stream.  To the extent a response is required, the allegations contained in Paragraph 35 are denied for lack of sufficient information to justify a belief therein.

XXXVI.

In response to the allegations contained in the Paragraph 36 of Plaintiffs' Petition for Damages, Gulf Stream asserts that it is entitled to a trial by jury on all issues herein.

XXXVII.

In response to the allegations contained in the "WHEREFORE" Paragraph, Gulf Stream asserts that Plaintiff is not entitled to the relief requested. Further, the allegations contained in any and all unnumbered and/or misnumbered paragraphs are denied.

**AND NOW, FURTHER ANSWERING,** Gulf Stream Coach, Inc. avers:

**FIRST DEFENSE**

The Plaintiff's Petition for Damages fails to state a claim or cause of action against Gulf Stream Coach, Inc. upon which relief can be granted.

**SECOND DEFENSE**

The claims against Gulf Stream Coach, Inc. are, or may be, barred in whole or in part by Plaintiffs' failure to institute suit within the period of time required by the applicable statutes of limitation and/or any applicable limitation of actions, or by peremption or prescription, or failure to initiate suit within the period of time required by the applicable prescriptive periods and/or any limitation of actions contained in any applicable contracts.

**THIRD DEFENSE**

Gulf Stream Coach, Inc. shows that it has supplied for FEMA travel trailers since at least 1992, and that its travel trailers were designed, constructed, and manufactured in conformity with industry standards and in compliance with FEMA specifications.

**FOURTH DEFENSE**

Gulf Stream Coach, Inc.'s travel trailers were manufactured according to the specifications of the United States government, which had specific requirements regarding the design and construction of the travel trailers.  Any alleged defect claimed herein, which is specifically denied, is the result of the standards mandated by the United States government over which Gulf Stream

Coach, Inc. had no control.  Accordingly, Gulf Stream Coach, Inc. is immunized from liability by the government contractor defense.

## FIFTH DEFENSE

Gulf Stream Coach, Inc. pleads to the extent applicable all defenses allowed under the La. Health Emergency Powers Act, LSA--R.S. 29:771, and/or other Louisiana law.

## SIXTH DEFENSE

Gulf Stream Coach, Inc. specifically denies the existence of any defect or defects that would render its product unreasonably dangerous under the Louisiana Products Liability Act, the limited warranty, and/or any other applicable law, contract, or standard.

## SEVENTH DEFENSE

Gulf Stream Coach, Inc. reasserts as affirmative defenses the defenses raised in the Manufacturing Defendants' Joint Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 210), including Gulf Stream Coach, Inc.'s joinder therein, and Gulf Stream's Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 1811), and incorporates the Court's Order and Reasons (Rec. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss and the Court's Order and Reasons (Rec. Doc. 2322) on Gulf Stream's Rule 12(b)(6) Motion to Dismiss, respectively, as if plead herein, *in extenso*, and asserts that all claims contrary to the orders are precluded.

## EIGHTH DEFENSE

Solely in the alternative, in the event the Court finds the plaintiff has suffered any damages whatsoever, the damages complained of resulted solely or substantially from the negligence, fault or comparative fault of the plaintiffs through misuse and/or abuse and/or lack of maintenance of the travel trailers, failure to follow instructions for use, failure to heed applicable warnings, and/or through other acts or omissions which will be shown more fully at the trial of this matter and which

preclude recovery by plaintiffs or reduce any recovery by her respective percentage of fault.

## NINTH DEFENSE

Further in the alternative, all damages complained of resulted solely or substantially from the negligence, fault or comparative fault of third parties for whom Gulf Stream Coach, Inc. is not responsible.

## TENTH DEFENSE

Solely in the alternative, in the event this Court determines there was any defect in any travel trailer, which is specifically denied, said defect was apparent and obvious and could be easily avoided or remedied, precluding any recovery by plaintiff.

## ELEVENTH DEFENSE

All of the claims asserted against Gulf Stream Coach, Inc. are preempted or otherwise precluded by the statutes, standards, regulations, and rules propagated by the Federal Government and/or HUD, and/or FEMA, and/or the plaintiff's lease agreement with FEMA.

## TWELFTH DEFENSE

Gulf Stream Coach, Inc. further pleads that plaintiffs' claims are, or may be, barred, in whole or in part, to the extent that the Economic Loss Doctrine applies and incorporates Court's Order and Reasons (R. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss as if plead herein, *in extenso*.

## THIRTEENTH DEFENSE

Claims against Gulf Stream Coach, Inc. are, or may be, barred in whole or in part by the doctrines of estoppel, release or waiver.

## FOURTEENTH DEFENSE

Any express warranty obligations that may be owed by Gulf Stream Coach, Inc. are strictly

limited by the terms of the limited warranty, including all of its limitations and exclusions, which are pleaded herein, as if copied *in extenso*.

## FIFTEENTH DEFENSE

Upon information and belief, plaintiffs have failed to mitigate their damages.

## SIXTEENTH DEFENSE

In the event that discovery reveals the following, Gulf Stream Coach, Inc. specifically pleads that the accident and/or injuries sued upon herein occurred only and solely due to the substantial alteration and/or modification of the product sued upon herein, which alteration and/or modification was not foreseeable, after it left the hands of the manufacturer, which is specifically pleaded as a complete bar to any recovery against Gulf Stream Coach, Inc.

## SEVENTEENTH DEFENSE

Gulf Stream Coach, Inc. specifically pleads to the extent applicable, all defenses allowed under the Louisiana Products Liability Act, LSA--R.S. 9:2800.51 *et seq*., and/or other Louisiana law.

## EIGHTEENTH DEFENSE

In the event that discovery reveals the following, Gulf Stream Coach, Inc. specifically pleads that the injuries sued upon herein occurred only and solely by virtue of the failure of the user/handler of the product to properly and adequately maintain, service and/or inspect said product in accordance with the Owner's Manual and/or instructions for use, which is specifically pleaded as a complete bar to any recovery against the Gulf Stream Coach, Inc.

## NINTEENTH DEFENSE

In the event that discovery reveals the following, Gulf Stream Coach, Inc. specifically pleads that the product sued upon herein was not in a reasonably anticipated use at any relevant time.

## TWENTIETH DEFENSE

In the event that discovery reveals the following, Gulf Stream Coach, Inc. specifically pleads that any alleged fault, negligence and/or strict liability attributed to Gulf Stream Coach, Inc., which is specifically denied, was not the proximate or legal cause of the injuries sued upon herein.

## TWENTY-FIRST DEFENSE

Gulf Stream Coach, Inc. specifically pleads that the subject trailer, including all component parts thereof, was properly designed, manufactured and distributed in accordance with the state of the art at the time the product left the hands of the manufacturer; and, therefore, there is no legal basis for any assessment of fault against Gulf Stream Coach, Inc.

## TWENTY-SECOND DEFENSE

Gulf Stream Coach, Inc. avers that at the time the product left the manufacturer's control, the product met all the manufacturer's specifications and performance standards for the product and/or for otherwise identical products manufactured by the manufacturer.

## TWENTY-THIRD DEFENSE

Alternatively, Gulf Stream Coach, Inc. affirmatively avers that in the event it is found liable in any way to plaintiffs, which is denied, any liability on their part is merely joint liability and not joint and several, nor *in solido*, with the liability of other parties for whom it is not responsible.

**TWENTY-FOURTH DEFENSE**

Gulf Stream Coach, Inc. specifically pleads that its product was reasonably fit for ordinary use.

**TWENTY-FIFTH DEFENSE**

Gulf Stream Coach, Inc., specifically states that under the Louisiana Products Liability Act, LSA – R.S.9:2800.51 et seq., it had no duty to warn the plaintiffs in this case because the United States of America was a sophisticated purchaser of the Temporary Housing Units in question, thereby absolving Gulf Stream Coach, Inc., of any duty to warn it may have had in this case.

**TWENTY-SIXTH DEFENSE**

In the event that discovery reveals the following, pursuant to Federal Rule of Civil Procedure Rule 9, Gulf Stream Coach, Inc. specifically asserts that Plaintiffs lacks procedural capacity to sue.

**TWENTY-SEVENTH DEFENSE**

Plaintiffs' claims are improperly joined with the claims of numerous other individuals and the joinder does not comply with Federal Rule of Civil Procedure 20.  Thus, their claims must be severed from the claims of the other named plaintiffs.

**TWENTY-EIGHTH DEFENSE**

Gulf Stream Coach, Inc. requests a trial by jury.

**TWENTY-NINTH DEFENSE**

Gulf Stream Coach, Inc. specifically pleads that at all relevant times it was a Government Contractor that performed its work according to, and in compliance with, specifications approved and mandated by the United States of America, through one or more of its agencies and/or representatives.

Accordingly, Gulf Stream Coach, Inc. specifically pleads that the federal government approved reasonably precise specifications and that Gulf Stream Coach, Inc.'s products conformed to those specifications.  Further, Gulf Stream Coach specifically pleads that it had no actual knowledge, not otherwise known to the government, of any dangers with respect to the government's plans for Gulf Stream Coach, Inc.'s products.

### THIRTIETH DEFENSE

The exact damages/losses claimed by plaintiff are unknown to Gulf Stream Coach, Inc., and thus Gulf Stream Coach, Inc. cannot adequately determine all defenses that may be applicable to plaintiffs' claims. Therefore, Gulf Stream Coach, Inc. expressly reserves by this reference the right to raise additional defenses to the extent that:

a.      Additional defenses become applicable under state and federal law;

b.      Additional defenses are established as discovery proceeds; and

c.      Additional defenses are available under subsequently asserted theories of recovery.

### THIRTY-FIRST DEFENSE

Gulf Stream Coach, Inc. asserts the defense of derivative sovereign immunity. *See Yearsley v. W.A. Toss Contr. Co.,* 309 U.S. 18, 19, (1940); *Mangold v. Analytic Servs. Inc.* 77 F.3d 1442, 1447-48 (4th Cir. 1996); *Butters v. Vance, Int'l, Inc.*, 225 F.3d 462, 466 (4th Cir. 2000); *Servco Solutions v. CACI Int'l, Inc.*, 2007 WL 3376661 at *1 (E.D. Va., Nov. 9, 2007); *see also* Ackerson v. Bean Dredging LLC, 559 F.3d 196, 207 (5th Cir. 2009).

**WHEREFORE**, the above premises considered, Defendant, Gulf Stream Coach, Inc., respectfully prays that this Answer be deemed good and sufficient; that, after due proceedings had, there be judgment rendered herein in favor of this Defendant, dismissing Plaintiffs' Petition

for Damages, with prejudice; and Defendant respectfully prays for all such other general, special and equitable relief that law, equity or the nature of the case may permit and for all costs of these proceedings.  Finally, Defendant requests a trial by jury on all issues herein.

Respectfully Submitted:

**DUPLASS, ZWAIN, BOURGEOIS,
PFISTER & WEINSTOCK**

s/Andrew D. Weinstock
_____
**ANDREW D. WEINSTOCK #18495
JOSEPH G. GLASS #25397**
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
(504) 832-3700
(504) 837-3119 (FAX)
andreww@duplass.com
jglass@duplass.com

and

**SCANDURRO & LAYRISSON
Timothy D. Scandurro #18424
Dewey M. Scandurro #23291**
607 St. Charles Avenue
New Orleans, LA 70130
(504) 522-7100
(504) 529-6199 (FAX)
tim@scanlayr.com
dewey@scanlayr.com
**Counsel for Defendant, Gulf Stream Coach, Inc.**

**C E R T I F I C A T E**

I hereby certify that on the 5th day of April, 2012, a copy of the foregoing Answer was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this file will be sent to liaison counsel by operation of the court's electronic filing system and all other counsel of record via e-mail and U.S. Mail.

s/Andrew D. Weinstock

_____
ANDREW D. WEINSTOCK #18495