UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:  FEMA TRAILER                        *          MDL NO. 1873
     FORMALDEHYDE PRODUCTS          *
     LIABILITY LITIGATION          *          SECTION "N" (5)
                                   *
                                   *          JUDGE: ENGELHARDT
THIS DOCUMENT IS RELATED TO:                *
                                   *
*Jones, et al v. Monaco Coach Corp.,*       *          MAG: CHASEZ
*et al*; Docket No. 10-1258                  *
******************************************************************************

## ANSWER TO COMPLAINT FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, come Defendants, American International Specialty Lines, Insurance Company of the State of PA, and Lexington Insurance Company, solely in their capacity as the alleged insurer of Monaco Coach Corp. ("Defendants"), which answer the Complaint for Damages of the plaintiffs identified in Exhibit "A" to the Complaint ("Plaintiffs") as follows.

At the outset, the Defendants note that suit against Monaco Coach Corp. ("Monaco") is stayed due to Monaco's bankruptcy. Monaco has filed a notice of bankruptcy, Rec. Docs. 1157, 24224, so it will not file responsive pleadings in this case. If the stay is lifted, Defendants reserve their right to take any action necessary to defend themselves and their insured in this matter.

I.

The allegations contained in Paragraph 1 of Plaintiffs' Complaint for Damages do not require a response on the part of Defendants.  To the extent that a response is required, Defendants respectfully submits that Exhibit "A" is its own best evidence of the contents contained therein.

II.

The allegations contained in Paragraph 2 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

III.

The allegations contained in Paragraph 3 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

IV.

Regarding policies of liability insurance alleged in Paragraph 4 of Plaintiffs' Complaint for Damages, the Defendants aver that any such policies are the best evidence of their terms and conditions, and all allegations at variance therewith are denied.  All other allegations contained in Paragraph 4 are denied for lack of sufficient information to justify a belief therein.

V.

The allegations contained in Paragraph 5 of Plaintiffs' Complaint for Damages constitute legal conclusions to which no response is required on the part Defendants.  To the extent that a response is required, Defendants deny that any individual plaintiff suffered damages as alleged. In further response, Defendants admit that the jurisdictional requirements of this Court are satisfied.

VI.

The allegations contained in Paragraph 6 of Plaintiffs' Complaint for Damages constitute legal conclusions to which no response is required on the part of Defendants.  To the extent that a response is required, Defendants admit that the jurisdictional requirements of this Court are satisfied.

VII.

The allegations contained in Paragraph 7 of Plaintiffs' Complaint for Damages constitute legal conclusions to which no response is required on the part of Defendants.  To the extent that a response is required, Defendants admit that the jurisdictional requirements of this Court are satisfied.

VIII.

The allegations contained in Paragraph 8 of Plaintiffs' Complaint for Damages constitute legal conclusions to which no response is required on the part of Defendants.  To the extent that a response is required, Defendants admit that the jurisdictional requirements of this Court are satisfied.

IX.

The allegations contained in Paragraph 9 of Plaintiffs' Complaint for Damages constitute legal conclusions to which no response is required on the part of Defendants.  To the extent that a response is required, Defendants admit that the jurisdictional requirements of this Court are satisfied.

X.

The allegations contained in Paragraph 10 of Plaintiffs' Complaint for Damages constitute legal conclusions to which no response is required on the part Defendants.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

XI.

The allegations contained in Paragraph 11 of Plaintiffs' Complaint for Damages constitute legal conclusions to which no response is required on the part Defendants.  To the

extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

## XII.

The allegations contained in Paragraph 12 of Plaintiffs' Complaint for Damages constitute legal conclusions to which no response is required on the part Defendants.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

## XIII.

The allegations contained in Paragraph 13 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

## XIV.

The allegations contained in Paragraph 14 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

## XV.

The allegations contained in Paragraph 15 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

## XVI.

The allegations contained in Paragraph 16 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

## XVII.

The allegations contained in Paragraph 17 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

XVIII.

The allegations contained in Paragraph 18 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

XIX.

The allegations contained in Paragraph 19 of Plaintiffs' Complaint for Damages are denied.

XX.

The allegations contained in Paragraph 20 of Plaintiffs' Complaint for Damages are denied.

XXI.

The allegations contained in Paragraph 21 of Plaintiffs' Complaint for Damages are denied.

XXII.

The allegations contained in Paragraph 22 of Plaintiffs' Complaint for Damages are denied.

XXIII.

The allegations contained in Paragraph 23 of Plaintiffs' Complaint for Damages are denied.

XXIV.

The allegations contained in Paragraph 24 of Plaintiffs' Complaint for Damages are denied.

XXV.

The allegations contained in Paragraph 25 of Plaintiffs' Complaint for Damages constitute legal conclusions to which no response is required on the part of Defendants. To the extent that a response is required, Defendants submit that 24 C.F.R. §3280.309 is its own best evidence.

XXVI.

The allegations contained in Paragraph 26 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

XXVII.

The allegations contained in Paragraph 27 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

XXVIII.

The allegations contained in Paragraph 28 of Plaintiffs' Complaint for Damages constitute legal conclusions to which no response is required on the part of Defendants. To the extent that a response is required, Defendants submit that 24 C.F.R. §3280.308 is its own best evidence.

XXIX.

The allegations contained in Paragraph 29 of Plaintiffs' Complaint for Damages constitute legal conclusions to which no response is required on the part of Defendants. To the extent that a response is required, Defendants submit that 44 C.F.R. §206.110(e) is its own best evidence.

## XXX.

The allegations contained in Paragraph 30 of Plaintiffs' Complaint for Damages do not require a response on the part of Defendants. To the extent that a response is required, the allegations contained in Paragraph 30 of Plaintiffs' Complaint for Damages are denied as written.

## XXXI.

The allegations contained in Paragraph 31 of Plaintiffs' Complaint for Damages do not require a response on the part of Defendants. To the extent that a response is required, Defendants submit that 42 U.S.C. §4121 *et seq.*, Public Law 93-288, Title IV, §408 (1988), and 42 U.S.C.A. §5174 are their own best evidence.

## XXXII.

The allegations contained in Paragraph 32 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

## XXXIII.

The allegations contained in Paragraph 33 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

## XXXIV.

The allegations contained in Paragraph 34 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

## XXXV.

The allegations contained in Paragraph 35 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

XXXVI.

The allegations contained in Paragraph 36 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

XXXVII.

The allegations contained in Paragraph 37 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

XXXIII.

The allegations contained in Paragraph 38 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

XXIX.

To the extent that the allegations contained in Paragraph 39 of Plaintiffs' Complaint for Damages allege the liability of the manufacturers, the allegations are denied as written.  The remaining allegations contained in Paragraph 39 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

XL.

The allegations contained in Paragraph 40 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

XLI.

The allegations contained in Paragraph 41 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

XLII.

The allegations contained in Paragraph 42 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

XLIII.

The allegations contained in Paragraph 43 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

XLIV.

The allegations contained in Paragraph 44 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

XLV.

The allegations contained in Paragraph 45 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

XLVI.

The allegations contained in Paragraph 46 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

XLVII.

The allegations contained in Paragraph 47 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

XLII.

The allegations contained in Paragraph 48 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

XLIX.

The allegations contained in Paragraph 49 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

L.

The allegations contained in Paragraph 50 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

LI.

The allegations contained in Paragraph 51 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

LII.

The allegations contained in Paragraph 52 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

LIII.

The allegations contained in Paragraph 53 of Plaintiffs' Complaint for Damages do not require a response on the part of Defendants.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

LIV.

The allegations contained in Paragraph 54 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

LV.

The allegations contained in Paragraph 55 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

LVI.

The allegations contained in Paragraph 56 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

LVII.

The allegations contained in Paragraph 57 of Plaintiffs' Complaint for Damages are denied as written.

LIII.

The allegations contained in Paragraph 58 of Plaintiffs' Complaint for Damages are denied as written.

LIX.

The allegations contained in Paragraph 59 of Plaintiffs' Complaint for Damages are denied as written.

LX.

The allegations contained in Paragraph 60 of Plaintiffs' Complaint for Damages are denied as written.

LXI.

The allegations contained in Paragraph 61 of Plaintiffs' Complaint for Damages are denied as written.

LXII.

The allegations contained in Paragraph 62 of Plaintiffs' Complaint for Damages are denied as written.

LXIII.

The allegations contained in Paragraph 63 of Plaintiffs' Complaint for Damages are denied as written.

LXV.

The allegations contained in Paragraph 64 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

LXV.

The allegations contained in Paragraph 65 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

LXVI.

The allegations contained in Paragraph 66 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

LXVII.

The allegations contained in Paragraph 67 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

LXVIII.

The allegations contained in Paragraph 68 of Plaintiffs' Complaint for Damages are denied as written.

LXIX.

The allegations contained in Paragraph 69 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

LXX.

The allegations contained in Paragraph 70 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

LXXI.

The allegations contained in Paragraph 71 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

LXXII.

The allegations contained in Paragraph 72 of Plaintiffs' Complaint for Damages are denied as written.

LXXIII.

The allegations contained in Paragraph 73 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

LXXIV.

The allegations contained in Paragraph 74 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

LXXV.

The allegations contained in Paragraph 75 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

LXXVI.

The allegations contained in Paragraph 76 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

LXXVII.

The allegations contained in Paragraph 77 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

LXXVIII.

The allegations contained in Paragraph 78 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

LXXIX.

There are no allegations 79 through 96 in Plaintiffs' Complaint for Damages.

LXXX.

The allegations contained in Paragraph 97 of Plaintiffs' Complaint for Damages constitute legal conclusions to which no response is required on the part of Defendants.  To the extent that a response is required, the allegations contained in Paragraph 97 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

LXXXI.

The allegations contained in Paragraph 98 of Plaintiffs' Complaint for Damages constitute legal conclusions to which no response is required on the part of Defendants.  To the extent that a response is required, the allegations contained in Paragraph 98 of Plaintiffs' Complaint for Damages are denied.

LXXXII.

The allegations contained in Paragraph 99 of Plaintiffs' Complaint for Damages constitute legal conclusions to which no response is required on the part of Defendants.  To the extent that a response is required, the allegations contained in Paragraph 99 of Plaintiffs' Complaint for Damages are denied.

LXXXIII.

The allegations contained in Paragraph 100 of Plaintiffs' Complaint for Damages constitute legal conclusions to which no response is required on the part of Defendants.  To the

extent that a response is required, the allegations contained in Paragraph 100 of Plaintiffs' Complaint for Damages are denied.

LXXXIV.

The allegations contained in Paragraph 101 of Plaintiffs' Complaint for Damages constitute legal conclusions to which no response is required on the part of Defendants.  To the extent that a response is required, the allegations contained in Paragraph 101 of Plaintiffs' Complaint for Damages are denied.

LXXXV.

The allegations contained in Paragraph 102 of Plaintiffs' Complaint for Damages constitute legal conclusions to which no response is required on the part of Defendants.  To the extent that a response is required, the allegations contained in Paragraph 102 of Plaintiffs' Complaint for Damages are denied.

LXXXVI.

In response to the allegations contained in Paragraph 103 of Plaintiffs' Complaint for Damages, Defendants reaver and reassert their Answers contained in Paragraphs I through LXXXV above, as if copied herein, *in extenso*.

LXXXVII.

The allegations contained in Paragraph 104 of Plaintiffs' Complaint for Damages constitute legal conclusions to which no response is required on the part of Defendants.  To the extent that a response is required, the allegations contained in Paragraph 104 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

LXXXVIII.

The allegations contained in Paragraph 105 of Plaintiffs' Complaint for Damages constitute legal conclusions to which no response is required on the part of Defendants. To the extent that a response is required, the allegations contained in Paragraph 105 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

LXXXIX.

The allegations contained in Paragraph 106 of Plaintiffs' Complaint for Damages constitute legal conclusions to which no response is required on the part of Defendants. To the extent that a response is required, the allegations contained in Paragraph 106 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

XC.

The allegations contained in Paragraph 107 of Plaintiffs' Complaint for Damages constitute legal conclusions to which no response is required on the part of Defendants. To the extent that a response is required, the allegations contained in Paragraph 107 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

XCI.

The allegations contained in Paragraph 108 of Plaintiffs' Complaint for Damages constitute legal conclusions to which no response is required on the part of Defendants. To the extent that a response is required, the allegations contained in Paragraph 108 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

XCII.

The allegations contained in Paragraph 109 of Plaintiffs' Complaint for Damages constitute legal conclusions to which no response is required on the part of Defendants. To the

extent that a response is required, the allegations contained in Paragraph 109 of Plaintiffs'
Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

XCIII.

In response to the allegations contained in Paragraph 110 of Plaintiffs' Complaint for
Damages, Defendants reaver and reassert their Answers contained in Paragraphs I through XCII
above, as if copied herein, *in extenso*.

XCIV.

The allegations contained in Paragraph 111 of Plaintiffs' Complaint for Damages
constitute legal conclusions to which no response is required on the part of Defendants.  To the
extent that a response is required, the allegations contained in Paragraph 111 of Plaintiffs'
Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

XCV.

The allegations contained in Paragraph 112 of Plaintiffs' Complaint for Damages
constitute legal conclusions to which no response is required on the part of Defendants.  To the
extent that a response is required, the allegations contained in Paragraph 112 of Plaintiffs'
Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

XCVI.

The allegations contained in Paragraph 113 of Plaintiffs' Complaint for Damages
constitute legal conclusions to which no response is required on the part of Defendants.  To the
extent that a response is required, the allegations contained in Paragraph 113 of Plaintiffs'
Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

XCVII.

The allegations contained in Paragraph 114 of Plaintiffs' Complaint for Damages constitute legal conclusions to which no response is required on the part of Defendants.  To the extent that a response is required, the allegations contained in Paragraph 114 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

XCVIII.

The allegations contained in Paragraph 115 of Plaintiffs' Complaint for Damages constitute legal conclusions to which no response is required on the part of Defendants.  To the extent that a response is required, the allegations contained in Paragraph 115 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

XCIX.

The allegations contained in Paragraph 116 of Plaintiffs' Complaint for Damages constitute legal conclusions to which no response is required on the part of Defendants.  To the extent that a response is required, the allegations contained in Paragraph 116 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

C.

In response to the allegations contained in the Paragraph 117, under the caption "Compensatory Damages," of Plaintiffs' Complaint for Damages, Defendants assert that the Named Plaintiffs are not entitled to the damages asserted.

CI.

In response to the allegations contained in the Paragraph captioned "Request for Jury Trial" of Plaintiffs' Complaint for Damages, Defendants assert that they are entitled to a trial by jury on all issues herein.

CII.

In response to the allegations contained in the Paragraph captioned "Prayer for Relief," of Plaintiffs' Complaint for Damages, Defendants assert that the Named Plaintiffs are not entitled to the relief requested. Further, the allegations contained in any and all unnumbered and/or misnumbered paragraphs of Plaintiffs' Complaint for Damages are denied.

CIII.

**AND NOW, FURTHER ANSWERING,** Defendants aver:

## FIRST DEFENSE

The Plaintiff's Complaint for Damages fails to state a claim or cause of action against Defendants upon which relief can be granted.

## SECOND DEFENSE

The claims against Defendants are, or may be, barred in whole or in part by Plaintiffs' failure to institute suit within the period of time required by the applicable statutes of limitation and/or any applicable limitation of actions, or by peremption or prescription, or failure to initiate suit within the period of time required by the applicable prescriptive periods and/or any limitation of actions contained in any applicable contracts.

## THIRD DEFENSE

Defendants aver that their insured supplied travel trailers for FEMA, and that Defendants do not bear any responsibility because the trailers were designed, constructed, and manufactured in conformity with industry standards and in compliance with FEMA specifications.

## FOURTH DEFENSE

Defendants' insured's travel trailers were manufactured according to the specifications of the United States government, which had specific requirements regarding the design and

construction of the travel trailers.  Any alleged defect claimed herein, which is specifically denied, is the result of the standards mandated by the United States government over which Defendants had no control.  Accordingly, Defendants are immunized from liability by the government contractor defense.

## FIFTH DEFENSE

Defendants plead to the extent applicable all defenses allowed under the La. Health Emergency Powers Act, LSA--R.S. 29:771, and/or other Louisiana law.

## SIXTH DEFENSE

Defendants specifically deny the existence of any defect or defects that would render the product unreasonably dangerous under the Louisiana Products Liability Act, the limited warranty, and/or any other applicable law, contract, or standard.

## SEVENTH DEFENSE

Defendants reassert as affirmative defenses the defenses raised in the Manufacturing Defendants' Joint Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 210), and Gulf Stream Coach, Inc.'s Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 1811), and incorporates the Court's Order and Reasons (Rec. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss and the Court's Order and Reasons (Rec. Doc. 2322) on Gulf Stream's Rule 12(b)(6) Motion to Dismiss, respectively, as if plead herein, *in extenso*, and asserts that all claims contrary to the orders are precluded.

## EIGHTH DEFENSE

Solely in the alternative, in the event the Court finds the plaintiff has suffered any damages whatsoever, the damages complained of resulted solely or substantially from the negligence, fault or comparative fault of the plaintiffs through misuse and/or abuse and/or lack of maintenance of the

travel trailers, failure to follow instructions for use, failure to heed applicable warnings, and/or through other acts or omissions which will be shown more fully at the trial of this matter and which preclude recovery by plaintiffs or reduce any recovery by her respective percentage of fault.

## NINTH DEFENSE

Further in the alternative, all damages complained of resulted solely or substantially from the negligence, fault or comparative fault of third parties for whom Defendants are not responsible.

## TENTH DEFENSE

Solely in the alternative, in the event this Court determines there was any defect in any travel trailer, which is specifically denied, said defect was apparent and obvious and could be easily avoided or remedied, precluding any recovery by plaintiff.

## ELEVENTH DEFENSE

All of the claims asserted against Defendants are preempted or otherwise precluded by the statutes, standards, regulations, and rules propagated by the Federal Government and/or HUD, and/or FEMA, and/or the plaintiff's lease agreement with FEMA.

## TWELFTH DEFENSE

Defendants further plead that plaintiffs' claims are, or may be, barred, in whole or in part, to the extent that the Economic Loss Doctrine applies and incorporates Court's Order and Reasons (R. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss as if plead herein, *in extenso*.

## THIRTEENTH DEFENSE

Claims against Defendants are, or may be, barred in whole or in part by the doctrines of estoppel, release or waiver.

## FOURTEENTH DEFENSE

Any express warranty obligations that may be owed by Defendants are strictly limited by the terms of the limited warranty, including all of its limitations and exclusions, which are pleaded herein, as if copied *in extenso*.

## FIFTEENTH DEFENSE

Upon information and belief, plaintiffs have failed to mitigate their damages.

## SIXTEENTH DEFENSE

In the event that discovery reveals the following, Defendants specifically plead that the accident and/or injuries sued upon herein occurred only and solely due to the substantial alteration and/or modification of the product sued upon herein, which alteration and/or modification was not foreseeable, after it left the hands of the manufacturer, which is specifically pleaded as a complete bar to any recovery against Defendants.

## SEVENTEENTH DEFENSE

Defendants specifically plead to the extent applicable, all defenses allowed under the Louisiana Products Liability Act, LSA--R.S. 9:2800.51 *et seq*., and/or other Louisiana law.

## EIGHTEENTH DEFENSE

In the event that discovery reveals the following, Defendants specifically plead that the injuries sued upon herein occurred only and solely by virtue of the failure of the user/handler of the product to properly and adequately maintain, service and/or inspect said product in accordance with the Owner's Manual and/or instructions for use, which is specifically pleaded as a complete bar to any recovery against the Defendants.

## NINTEENTH DEFENSE

In the event that discovery reveals the following, Defendants specifically plead that the product sued upon herein was not in a reasonably anticipated use at any relevant time.

## TWENTIETH DEFENSE

In the event that discovery reveals the following, Defendants specifically plead that any alleged fault, negligence and/or strict liability attributed to Defendants, which is specifically denied, was not the proximate or legal cause of the injuries sued upon herein.

## TWENTY-FIRST DEFENSE

Defendants specifically plead that the subject trailer, including all component parts thereof, was properly designed, manufactured and distributed in accordance with the state of the art at the time the product left the hands of the manufacturer; and, therefore, there is no legal basis for any assessment of fault against Defendants.

## TWENTY-SECOND DEFENSE

Defendants aver that at the time the product left the manufacturer's control, the product met all the manufacturer's specifications and performance standards for the product and/or for otherwise identical products manufactured by the manufacturer.

## TWENTY-THIRD DEFENSE

Alternatively, Defendants affirmatively aver that in the event it is found liable in any way to plaintiffs, which is denied, any liability on their part is merely joint liability and not joint and several, nor *in solido*, with the liability of other parties for whom it is not responsible.

## TWENTY-FOURTH DEFENSE

Defendants specifically plead that the product was reasonably fit for ordinary use.

## TWENTY-FIFTH DEFENSE

Defendants specifically state that under the Louisiana Products Liability Act, LSA – R.S.9:2800.51 et seq., the duty to warn the plaintiffs was absolved in this case because the United States of America was a sophisticated purchaser of the Temporary Housing Units in question.

## TWENTY-SIXTH DEFENSE

In the event that discovery reveals the following, pursuant to Federal Rule of Civil Procedure Rule 9, Defendants specifically assert that Plaintiffs lacks procedural capacity to sue.

## TWENTY-SEVENTH DEFENSE

Plaintiffs' claims are improperly joined with the claims of numerous other individuals and the joinder does not comply with Federal Rule of Civil Procedure 20.  Thus, their claims must be severed from the claims of the other named plaintiffs.

## TWENTY-EIGHTH DEFENSE

Defendants request a trial by jury.

## TWENTY-NINTH DEFENSE

Defendants specifically plead the Government Contractor defense.

## THIRTIETH DEFENSE

The exact damages/losses claimed by plaintiff are unknown to Defendants, and thus Defendants cannot adequately determine all defenses that may be applicable to plaintiffs' claims. Therefore, Defendants expressly reserve by this reference the right to raise additional defenses to the extent that:

    a.    Additional defenses become applicable under state and federal law;

    b.    Additional defenses are established as discovery proceeds; and

c.    Additional defenses are available under subsequently asserted theories of recovery.

## THIRTY-FIRST DEFENSE

Defendants assert the defense of derivative sovereign immunity. *See Yearsley v. W.A. Toss Contr. Co.,* 309 U.S. 18, 19, (1940); *Mangold v. Analytic Servs. Inc.* 77 F.3d 1442, 1447-48 (4th Cir. 1996); *Butters v. Vance, Int'l, Inc.*, 225 F.3d 462, 466 (4th Cir. 2000); *Servco Solutions v. CACI Int'l, Inc.*, 2007 WL 3376661 at *1 (E.D. Va., Nov. 9, 2007); *see also* Ackerson v. Bean Dredging LLC, 559 F.3d 196, 207 (5th Cir. 2009).

## THIRTY-SECOND DEFENSE

Defendants show that they are alleged insurers that have been sued herein under the Louisiana Direct Action Statute. Defendants incorporate by reference and plead as if copied herein *in extenso* all of the terms, limitations, exclusions, and other provisions of any and all policies of insurance that may have been issued by them to Monaco Coach Corporation and/or to any related entity or related alleged insured or additional insured, and fully reserve all rights and defenses provided therein.

This responsive pleading is made with full reservation and without waiver of all rights and defenses available to Defendants under and pursuant to such policies of insurance. Defendants specifically show that, by filing this responsive pleading and/or by undertaking any further action in the defense of plaintiffs' claims in this matter, they do not waive or forego, but fully reserve, their right to deny coverage and/or defense to Monaco Coach Corporation and/or to any other entity alleged to be insured under any policy of insurance issued by Defendants. Further, should there be a determination that policies of insurance issued by Defendants (to Monaco Coach Corporation or any related entity or alleged insured or additional insured) do not

provide coverage or establish any duty to defend such entities, Defendants specifically reserve the right to withdraw from this matter and to cease defending plaintiffs' claims.

**WHEREFORE**, the above premises considered, Defendants respectfully pray that this Answer be deemed good and sufficient; that, after due proceedings had, there be judgment rendered herein in favor of this Defendant, dismissing Plaintiffs' Complaint for Damages, with prejudice; and Defendants respectfully pray for all such other general, special and equitable relief that law, equity or the nature of the case may permit and for all costs of these proceedings. Finally, Defendants request a trial by jury on all issues herein.

Respectfully Submitted:

**DUPLASS, ZWAIN, BOURGEOIS,
PFISTER & WEINSTOCK**

s/Andrew D. Weinstock
_____
**ANDREW D. WEINSTOCK #18495
JOSEPH G. GLASS #25397
PHILIP G. WATSON #31356**
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
(504) 832-3700
(504) 837-3119 (FAX)
andreww@duplass.com
jglass@duplass.com
**Counsel for Defendants, American International
Specialty Lines, Insurance Company of the State of PA,
and Lexington Insurance Company, solely in their
capacity as the alleged insurer of Monaco Coach Corp.**

## C E R T I F I C A T E

I hereby certify that on the 9th day of April, 2012, a copy of the foregoing Answer to Complaint for Damages was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this file will be sent to liaison counsel by operation of the court's electronic filing system and all other counsel of record via e-mail and U.S. Mail.

s/Andrew D. Weinstock
_____
ANDREW D. WEINSTOCK #18495