UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL NO. 07-1873<br><br>SECTION N-5<br><br>JUDGE ENGELHARDT<br>MAG. JUDGE CHASEZ |

**THIS DOCUMENT IS RELATED TO:**

**All Louisiana Plaintiffs,** *see* **Exhibit 1.**

*EX PARTE*/CONSENT MOTION FOR ENTRY OF A FED. R.
CIV. P. 54(b) JUDGMENT DISMISSING LOUISIANA PLAINTIFFS'
CLAIMS AGAINST THE UNITED STATES OF AMERICA

The United States of America ("United States") submits this *Ex Parte*/Consent Motion for entry of Fed. R. Civ. P. 54(b) judgment and dismissal of the actions listed in Exhibit 1. *See* Exh. 1, List of Louisiana Cases; Exh. 2, Dec. Troy Lowe; Exh. 3, Dec. Anna Kayser.

Rule 54(b) states that

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or ***when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.*** In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Fed. R. Civ. P. 54(b) (emphasis added). The determination of whether there is "no just reason for delay" is within the sound discretion of the trial court. *See Ackerman v. FDIC*, 973 F.2d 1221, 1224 (5th Cir.1992). The Fifth Circuit has cautioned that Rule 54(b) only "grants a discretionary

power [to a district court judge] to afford a remedy in the infrequent harsh case." *Jasmin v. Dumas*, 726 F.2d 242, 244 (5th Cir.1984). A direction for the entry of judgment should not be granted routinely, but only sparingly and deliberately. *Id*. In making the determination whether there is "no just reason for delay," the Court must weigh "the inconvenience and costs of piecemeal review on one hand and the danger of denying justice on the other." *Road Sprinkler Fitters Local Union v. Cont'l Sprinkler Co.*, 967 F.2d 145, 148 (5th Cir.1992) (citations omitted).

The actions that are the subject of this motion assert claims against the United States for money damages for alleged injuries resulting from occupying temporary emergency housing units ("EHUs") in the State of Louisiana. *See* Exh. 2, Dec. Troy D. Lowe; Exh. 3, Dec. Anna Kayser. The Court pursuant to its Orders in this action has determined that it lacks subject matter jurisdiction over Louisiana Plaintiffs' claims against the United States and has dismissed those claims. *See* Order and Reasons granting in part and denying in part Motion to Dismiss Plaintiffs' FTCA and Contract Claims for Lack of Subject Matter Jurisdiction (Doc. Rec. 717); Order and Reasons denying Motion to Dismiss Plaintiffs' Remaining FTCA Claims for Lack of Subject Matter Jurisdiction filed by United States of America (Doc. Rec. 2671); Order and Reasons granting Motion to Dismiss for Lack of Jurisdiction the FTCA Negligence Claims of All "Louisiana Plaintiffs" Based Upon No Analogous Private Liability (Doc. Rec. 14124); Order and Reasons re Motion to Dismiss for Lack of Jurisdiction the Remaining FTCA Claims of All 'Louisiana Plaintiffs' or, in the Alternative Motion for Summary Judgment (Doc. Rec. 24961).

In the instant case, allowing the appeal period to begin running immediately will prevent potential hardship to all parties because given the current posture, these cases will either proceed to trial without the United States' presence as a defendant and government's participation in

discovery relating to these claims, or if the other parties settle in some, but not all actions, will result inefficient piece-meal appeals. If this motion is granted it will allow the parties to avoid these hardship in the event that the Fifth Circuit were to disagree with this Court's rulings. *See PYCA Indus., Inc. v. Harrison County Wastewater Mgmt Dist.*, 81 F.3d 1412, 1421 (5th Cir.1996) (certification is appropriate when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal); *Ackerman*, 973 F.2d at 1224 (finding that district courts' certification pursuant to Rule 54(b) was not an abuse of discretion even though claims remained between different parties); *Larroquette v. Cardinal Health 200, Inc.*, 2004 WL 3132961 *1 (E.D. La. Dec. 10,2004) (same).

Accordingly, for all of these reasons the Court should grant the United States' Motion.

Dated: April 9, 2012.

STUART F. DELERY  
Acting Assistant Attorney General

J. PATRICK GLYNN  
Director, Torts Branch, Civil Division

DAVID S. FISHBACK  
Assistant Director

Respectfully Submitted,

ADAM BAIN  
Senior Trial Counsel

//S// *Henry T. Miller*  
HENRY T. MILLER (D.C. Bar No. 411885)  
Senior Trial Counsel  
United States Department of Justice  
Civil Division – Torts Branch  
P.O. Box 340, Ben Franklin Station  
Washington, D.C. 20004  
Telephone No:  (202) 616-4223  
E-mail:  Henry.Miller@USDOJ.Gov

Attorneys for the United States of America

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2012, the foregoing document was filed via the U.S. District Court's CM/ECF electronic filing system and a copy thereof was served upon Liaison Counsel.

*//S// Henry T. Miller*
HENRY T. MILLER (D.C. Bar No. 411885