UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
|     FORMALDEHYDE | * | |
|     PRODUCTS LIABILITY | * | SECTION: N(4) |
|     LITIGATION | * | |
| | * | JUDGE: ENGELHARDT |
| This Document Relates to: *Ann M. Terrell v.* | * | |
| *Gulf Stream Coach, et al.,* Docket No. 12-0548 | * | MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

**NOW INTO COURT,** through undersigned counsel, comes defendant, Gulf Stream Coach, Inc., ("Gulf Stream") and, with a full reservation of rights, files this Opposition to Plaintiff's Motion to Remand. Based on the laws and facts stated herein, Gulf Stream avers that this matter has been properly removed to this Court.

**I.**     **Background**

On February 1, 2012, Plaintiff filed a Petition for Damages entitled *"Ann M. Terrell v. Gulf Stream Coach, Inc. and Shaw Environmental, Inc.,"* bearing Docket Number 710913, Division M, in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana. This Petition arises solely from operative facts that are the subject of multidistrict litigation ongoing in the U.S. District Court for the Eastern District of Louisiana, entitled *In re: FEMA Trailer Formaldehyde Products Liability Litigation* and bearing MDL docket number 07-1873.

On February 29, 2012, Shaw Environmental, Inc. ("Shaw") properly removed the matter to this Honorable Court. *See* 2:12-cv-00548-KDE-ALC, Rec. Doc. 1. Gulf Stream joined in that removal on the same day. Rec. Doc. 24692. Plaintiff then filed a motion to remand the case on March 30, 2012, alleging that the Eastern District lacks jurisdiction under 28 U.S.C. §1442(a)(1) because Shaw does not qualify as a federal officer. This Motion is set for submission on April

18, 2012.

## II.  Shaw is entitled to remove the matter under the Federal Officer Removal Statute.

### A.  *Shaw's Notice of Removal explains the rationale behind its removal under the Statute.*

As Shaw stated in its Notice of Removal, "The right of removal under 28 U.S.C. § 1442 (a)(1) is made absolute whenever a suit in state court is for any act under color of federal office, regardless of whether the suit could originally have been brought in federal court. Federal jurisdiction rests on a federal interest in the matter." 2:12-cv-00548-KDE-ALC, Rec. Doc. 1, p. 3. Shaw set forth the three requirements that must be met to invoke Federal Officer Removal under section 1442(a)(1): the defendant must be a "person" within the meaning of the statute; the defendant must have acted under color of federal authority when committing the acts that allegedly caused plaintiff's injuries; and the defendant must have a colorable federal defense. *Id.* (citing *Williams v. Todd Shipyards Co.*, 154 F.3d 416 (5th Cir. 1998)).

Applying the test to the case at bar, Shaw focused on the last two prongs, considering Plaintiff's stipulation that Shaw qualifies as a person under the statute. *See* Rec. Doc. 25037—1, p. 4. As to the second prong, Shaw cited Plaintiff's own allegations to support the fact that Shaw was acting under the color of federal authority when transporting, installing, inspecting and maintaining the FEMA travel trailers. 2:12-cv-00548-KDE-ALC, Rec. Doc. 1, p. 4. This work was performed pursuant to Shaw's contract with FEMA, and FEMA approved and provided reasonably precise specifications, checklists, procedures and policies regarding delivery, installation, maintenance, and inspection of the FEMA trailers. *Id.* at p. 4—5; *see* 2:12-cv-00548-KDE-ALC, Rec. Doc. 1—3 (excerpts from Shaw's contract with FEMA). FEMA subsequently monitored and inspected Shaw's work in this regard. 2:12-cv-00548-KDE-ALC, Rec. Doc. 1, p. 4—5. Therefore, Shaw was acting under the color of federal authority when

committing the acts that allegedly caused Plaintiff's injuries. *See id.* at 4.

Discussing the third prong, Shaw argued that its colorable defense was the government contractor defense. *Id.* at p. 5. As discussed above, Shaw explained that FEMA approved and provided reasonably precise specifications. *Id.* at p. 4—5. The specifications also directed the blocking and leveling of the travel trailers, which Plaintiff cited as a causative factor in her alleged injuries. *Id.* at p. 5.

So, because Shaw acted under the color of federal authority and has a colorable defense, it is entitled to remove the case under the Federal Officer Removal Statute. Not only is this apparent from Shaw's Notice of Removal, it is also apparent – as Shaw pointed out in its removal – from this Honorable Court's recent ruling on removal under the statute.

> B. <u>The Court has already ruled that Federal Officer Removal is appropriate for contractors that occupy the same status as Shaw does in this case.</u>

This Honorable Court has already ruled that contractors such as Shaw are entitled to remove under the Federal Officer Removal Statute. *See* Rec. Doc. 24606. In its Feb. 23, 2012, Order, the Court drew a distinction between Federal Officer removal and the general removal statute – while the general statute is strictly construed in favor of remand, the federal officer removal contains broad language must be interpreted liberally. *Id.* at p. 6.

### 1. Shaw is a person.

The Court began its opinion by holding that the contractor defendants were "persons" under the statute, *id.* at p. 7, and the parties in the instant matter have stipulated to that effect. *See* Rec. Doc. 25037—1, p. 4.

### 2. Acting under color of federal authority.

With regard to the second factor, the Court held that it was satisfied because the contractors, CH2M Hill and Bechtel, were directed by FEMA to install and maintain the travel

trailers, and a causal nexus existed between those tasks and the plaintiffs' claims that the contractors' negligence in performing those tasks caused the plaintiffs' formaldehyde exposure. *Id*. at p. 8 (citing *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998) (holding that second factor depends on a finding that the defendants acted pursuant to a federal officer's directions and that a causal nexus exists between the defendants' conduct and the plaintiff's claims)).

This holding applies with equal force to Shaw, who was contracted by FEMA to install and maintain travel trailers, and did so pursuant to precise specifications regarding delivery, installation, maintenance, and inspection of the FEMA trailers. 2:12-cv-00548-KDE-ALC, Rec. Doc. 1, p. 4—5. The causal nexus is likewise satisfied, as Plaintiff alleged that Shaw's installation, which consisted of the blocking method, contributed to increased formaldehyde emissions. 2:12-cv-00548-KDE-ALC, Rec. Doc. 1—2, ¶¶ XI—XII. Plaintiff also alleged that Shaw's failure to inspect the trailer adequately contributed to the adverse health effects, as did Shaw's failure to maintain and repair the trailers. *Id*. at ¶¶ XVIII—XIX. According to Plaintiff, these acts and omissions caused Plaintiff to suffer exposure to elevated levels of formaldehyde. *Id*. at ¶ XXI. A review of Shaw's acts and Plaintiff's allegations leaves no doubt that Shaw was acting the color of federal authority (i.e., its contract with FEMA, and FEMA's reasonably precise specifications), and that a causal connection exists between those actions and Plaintiff's negligence claims against Shaw.

### 3. Colorable defense.

The Order then discussed the colorable defense element of Federal Officer Removal. In that case, CH2M and Bechtel asserted the government contractor defense, just as Shaw has done in this case. 2:12-cv-00548-KDE-ALC, Rec. Doc. 1, p. 5. The Court noted its previous ruling

dismissing maintenance-based claims against the contractors because of the government contractor defense. Rec. Doc. 24606, p. 10. "Thus, these defendants not only have asserted a colorable federal defense, they have established a meritorious one." *Id*.

The ruling applies to Shaw's removal. Shaw has asserted the government contractor defense, which the Court has already relied upon to dismiss certain claims against contractors such as Shaw. The defense is therefore colorable for Shaw, just as it was for the other contractors. Consequently, Shaw has asserted a colorable defense.

Because the Notice of Removal and the Court's prior ruling confirm that Shaw has satisfied the three prongs of the Federal Officer Removal Statute, it was entitled to remove this case to federal court.

### III.  Plaintiff's Post-Removal Amendment Has No Effect on the Court's Jurisdiction.

Perhaps recognizing that her allegations entitled Shaw to removal, Plaintiff recently amended her Petition in an attempt to defeat the removal of this case. In her amended Petition, Plaintiff dismissed all claims against Shaw except for the claim that Shaw's negligent jacking of the unit contributed to elevated formaldehyde emissions in the trailer. Rec. Doc. 25037—1, p. 1—2. Plaintiff asserts that because the jacking specifications were not reasonably precise, Shaw cannot establish it was acting under the color of federal authority. *Id*. at 5. Plaintiff also argues that due to the lack of reasonably precise specifications with regard to jacking, Shaw can no longer establish that the government contractor defense is colorable. *Id*. at 2.

Despite Plaintiff's effort to get around Federal Officer Removal by dismissing most of her claims against Shaw, her amended petition has no bearing whatsoever on the question of whether Shaw was entitled to remove the suit. As the U.S. Court of Appeals for the Fifth Circuit and this Honorable Court have long held, "The jurisdictional facts supporting removal are

examined as of the time of removal." *In re Oil Spill by Oil Rig Deepwater Horizon in Gulf of Mexico, on April 20, 2010*, 747 F.Supp.2d 704, 707 (E.D. La. 2010) (citing *Gebbia v. Wal–Mart Stores, Inc.,* 233 F.3d 880, 883 (5th Cir.2000)); see *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir.1995); *Royal Cosmopolitan, LLC v. Star Real Estate Group, LLC*, 629 F.Supp.2d 594, 596 (E.D. La. 2008). "**[T]he plaintiff cannot rob the district court of subject matter jurisdiction by electing to amend away the grounds for federal jurisdiction**." *In re Carter*, 618 F.2d 1093, 1101 (5th Cir. 1980) (emphasis added); *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995) (holding that a complaint amended post-removal cannot divest a federal court of jurisdiction).

In this case, Plaintiff made allegations against Shaw based not only on negligent jacking, but also improper inspection, management, maintenance and repair. 2:12-cv-00548-KDE-ALC, Rec. Doc. 1—2, ¶¶ XVIII—XIX. All of these acts and omissions, according to Plaintiff, caused her to suffer elevated formaldehyde exposure. *Id*. at ¶ XXI. These are the same type of allegations that led to the Court's recent ruling that contractors are entitled to removal under section 1442(a)(1). *See* Rec. Doc. 24606. Now that removal is complete, Plaintiff cannot simply toss aside these allegations to defeat jurisdiction. *See In re Carter*, 618 F.2d at 1101. The Court must consider the facts as they existed at the time of removal, not a month later when the allegations are jettisoned just so Plaintiff can assert a purported basis for a return to state court. *See In re Oil Spill*, 747 F.Supp.2d at 707. The amended petition has no bearing on Shaw's removal under the Federal Officer Removal Statue. As discussed above, that removal was proper, and it remains proper despite Plaintiff's attempts to defeat jurisdiction after the fact.

**WHEREFORE,** Gulf Stream prays that this remain at the United States District Court for

00335877-1

the Eastern District of Louisiana for further proceedings and disposition, and that Plaintiff's Motion to Remand be denied.

        Respectfully submitted:

        DUPLASS, ZWAIN, BOURGEOIS,
        PFISTER & WEINSTOCK

        s/Andrew D. Weinstock
        _____
        **ANDREW D. WEINSTOCK (#18495)**
        **JOSEPH G. GLASS (#25397)**
        3838 N. Causeway Boulevard, Suite 2900
        Metairie, Louisiana 70002
        Telephone: (504) 832-3700
        andreww@duplass.com
        jglass@duplass.com

        and

        SCANDURRO & LAYRISSON
        Timothy D. Scandurro #18424
        Dewey M. Scandurro #23291
        607 St. Charles Avenue
        New Orleans, LA 70130
        Telephone: (504) 522-7100
        tim@scanlayr.com
        dewey@scanlayr.com
        *Counsel for Defendant, Gulf Stream Coach, Inc*

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of April, 2012, a copy of the foregoing Opposition to Plaintiffs' Motion to Remand was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to all known counsel of record by operation of the court's electronic filing system.

        s/Andrew D. Weinstock
        _____
        ANDREW D. WEINSTOCK #18495
        andreww@duplass.com

00335877-1