UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 07-1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION N |
| | * | |
| | * | JUDGE ENGELHARDT |
| **THIS DOCUMENT RELATES TO:** | * | |
| *Terrell v. Gulf Stream Coach, Inc., et al.* | * | MAGISTRATE CHASEZ |
| **Civil Action No. 12-548** | * | |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### SHAW ENVIRONMENTAL, INC.'S
### OPPOSITION TO MOTION TO REMAND

NOW INTO COURT, through undersigned counsel, comes Shaw Environmental, Inc. ("Shaw"), who files this memorandum in opposition to plaintiff Ann Terrell's motion to remand this proceeding to state court. [R. Doc. 25037] Shaw's removal is appropriate because it meets the criteria set out in the federal officer removal statute, 28 U.S.C. § 1442(a)(1). This Court has already affirmed the right of the Contractor Defendants in this MDL to remove cases on the basis of the federal officer removal statute. [R. Doc. 24606 (the "Order Denying Remand")] Oddly, Terrell does not even mention the Order Denying Remand in her motion to this Court. Apparently, she contends that she can disregard this controlling ruling simply because she filed – after the removal – an amended complaint that dismissed her claims related to maintenance. This tactic, however, is of no avail to Terrell for two reasons: (1) post-removal amendments have

no effect on Shaw's right to remove this case under the federal officer removal statute; and (2) even if Terrell had not asserted maintenance claims in her original Petition, Shaw still could have properly removed this case under the federal officer removal statute.

Accordingly, Shaw urges the Court to deny Terrell's motion and reaffirm its prior decision affirming the right of contractor defendants to remove under the federal officer removal statute.

## BACKGROUND

Terrell's lawsuit arises from the same set of operative facts that underlies every claim in this MDL: She claims that she was injured due to formaldehyde exposure in an emergency housing unit provided by FEMA. She alleges further that the trailer she occupied was manufactured by Gulf Stream Coach, Inc. ("Gulf Stream") and installed on concrete piers by Shaw. Shaw's work with regard to Terrell's trailer was governed by an Individual Assistance / Technical Assistance Contract ("IA/TAC") with FEMA. Relevant excerpts from the IA/TAC were attached to Shaw's removal papers. [R. 12-00548 Doc. 1-3]  Trailer installation at private homesites was specifically governed by Task Order 15 to the IA/TAC. [R. 12-00548 Doc. 1-4] Exhibit 7 to the Performance Work Statement, which is attached to and part of the IA/TAC, instructs Shaw on exactly how to install trailers onto piers built to exact specifications, with the weight of the trailer transferred onto the piers. [R. 12-00548 Doc. 1-3, p. 108-117]  Exhibit 10 sets forth the exact specifications with regarding to Shaw's maintenance of the trailers. [R. Doc. 1-3, p. 133-147]

Although plaintiff Terrell alleges that she left the trailer in June 2008, she did not file suit until February 1, 2012. [R. 12-548 Doc. 1-2]  On February 29, 2012, Shaw timely removed that

case to this Court.  [R. 12-548 Doc. 1]  Gulf Stream moved to join in that removal on the same day.  [R. Doc. 24692]

As Shaw explained in its removal papers, it removed on the basis of the federal officer removal statute, 28 U.S.C. § 1442(a)(1).  [R. 12-548 Doc. 1, ¶ 4]  Shaw set out the elements for such a removal: (1) that it is a person within the meaning of the statute; (2) that it acted under color of federal office with regard to the facts at issue; and (3) that it has asserted a colorable federal defense.  [R. 12-548 Doc. 1, ¶ 6]  Shaw further set out the factual predicate for its assertion that it met these elements.  [R. 12-548 Doc. 1, ¶¶ 7-12]  It also attached the IA/TAC and Task Order 15 to support these assertions.  [R. 12-548 Docs. 1-3, 1-4]  It further explained that its colorable federal defense was the government contractor defense, which is also supported by the facts set out in Shaw's removal papers.  [R. 12-548 Doc. 1, ¶ 11]  Finally, it noted that this Court has previously recognized the right of federal contractors to remove cases arising from the same set of operative facts as present throughout this MDL (in other words, FEMA trailer formaldehyde exposure cases) under the federal officer removal statute.   [R. 12-548 Doc. 1, ¶12 (citing R. Doc. 24606)]

**LAW AND ARGUMENT**

This Court has jurisdiction over this matter based on the federal officer removal statute, 28 U.S.C. § 1442 (a)(1). "[T]he right of removal under 28 U.S.C. § 1442 (a)(1) is made absolute whenever a suit in state court is for any act 'under color' of federal office, regardless of whether the suit could originally have been brought in federal court." *Willingham v. Morgan*, 395 U.S. 402, 406, 89 S.Ct. 1813, 1816, 23 L.Ed.2d 396 (1969).  As this Court has already noted, the standard for removal under the federal officer removal statute was set out in *Winters v. Diamond Shamrock Chemical Co.*, 149 F.3d 387, 398 (5th Cir. 1998): "The contractor must prove that: (1)

3

it is a 'person' within the meaning of the statute; (2) it 'acted pursuant to a federal officer's directions and that a causal nexus exists between the defendant's actions under color of federal office and the plaintiff's claims'; and (3) it has asserted a 'colorable federal defense.'" [R. Doc. 24606, p. 7 (citing *Winters*, 149 F.3d at 398-400).] The statute as a whole must be liberally construed, and the policy of providing the protection of a federal forum to federal officers should not be frustrated by a narrow, grudging interpretation of Section 1442(a)(1). *Willingham*, 395 U.S. at 407; *Winters*, 149 F.3d at 398. "Though generally remand to state court is favored when removal jurisdiction is questionable, removal jurisdiction under the federal officer statute must be broadly construed." *Joseph v. Fluor Corporation*, 513 F. Supp. 2d 664, 671 (E.D.La. June 20, 2007) (Fallon, J.) (citing *Willingham*, 395 U.S. at 407). "Indeed, the Court must interpret the statute liberally, resolving any factual disputes in favor of federal jurisdiction." *Id*. (*citing Louisiana v. Sparks*, 978 F.2d 226 (5th Cir. 1992)). The reason for a liberal construction is that the statute is an incident to federal supremacy, and one of its primary purposes is to provide a federal forum in cases where federal officials or those acting under their direction or authority are entitled to raise defenses arising from their official duties. *Willingham*, 395 U.S. at 406-407.

Because Terrell concedes Shaw's identity as a "person," Shaw focuses herein on the "color of federal office" and "colorable federal defense" elements. Shaw's removal satisfies both of these standards and should be upheld.

      A.    **Shaw Was Acting Under Color of Federal Office.**

In *Winters*, the court held, "The second factor necessary for § 1442 removal is a finding that the defendants acted pursuant to a federal officer's directions and that a causal nexus exists between the defendants' actions under color of federal office and the plaintiff's claims." (These

4

are the "acting under" and "causal nexus" components.[1]) The court emphasized the broad interpretation of the "color of federal office" requirement: the "'color of federal office' requirement is neither 'limited' nor 'narrow,' but should be afforded a broad reading so as not to frustrate the statute's underlying rationale." 149 F.3d at 398. The boundaries of "color of federal office" relate to whether "a federal interest in the matter" exists. *Id.* Applying these principles, this Court has already determined that the contractor defendants in this MDL were indeed acting under color of federal office:

> This factor is likewise easily satisfied. With regard to Bechtel and CH2M, it is evident even from the face of the plaintiffs' complaints that these defendants were directed by FEMA to install and maintain the plaintiffs' emergency housing units (EHUs) and that a causal nexus exists between these assigned tasks and the plaintiffs' claims against the contractors (i.e., that the contractors' negligence in performing these tasks caused and/or increased plaintiffs' exposure to formaldehyde in the units). See, e.g., Rec. Doc. 17827-1, ¶¶ 31-51 ("In order to implement and manage its disaster response obligation and temporary housing obligations, FEMA engaged Defendants Bechtel and CH2M with No-Bid contracts.... Defendants Bechtel and CH2M were tasked with transportation, installation, .... maintenance and repair...of the units. ... Defendants Bechtel and CH2M, at every stage of their involvement, failed to warn the Plaintiff-occupant(s) of each temporary housing unit of the potential risk of hazardous and unsafe living conditions due to the presence of elevated levels of formaldehyde...."). The federal government's interest in the matter is made even more clear in the notices of removal filed by Bechtel and the notices of additional grounds for removal filed by CH2M.

[R. Doc. 24606, p. 8] These same conclusions apply equally to Shaw, which after all was doing the same haul-and-install and maintenance work as Bechtel and CH2M HILL, in accord with a federal contract that was the same as Bechtel's and CH2M HILL's in relevant aspects.

The fact that Terrell's Petition lacks some of the detail regarding FEMA's involvement, as compared to the petitions at issue in the Order Denying Remand, is irrelevant. As an initial

---

[1] Terrell tries vainly to distill a much narrower, three-part test from *Winters*. [R. Doc. 25037-1, p.5] *Winters*, however, was not articulating a new test; it was merely reciting three facts that convinced that court that both the "acting under" and "causal nexus" components were satisfied. Plainly, the two components could be satisfied in other ways.

matter, the fact that Terrell did not allege much about FEMA does not mean that FEMA was not involved. The long history of this MDL can hardly be ignored just because Terrell was not very explicit about FEMA's role. But more to the point, Shaw's removal papers make absolutely clear that FEMA was the party with which Shaw contracted to perform the work at issue, and that FEMA played a critical role in determining what work Shaw was to do and in inspecting the results. *See* Shaw's Notice of Removal [R. 12-00548 Doc. 1, ¶¶ 8-10]; *see also* Excerpts from Shaw's contract with FEMA (the "Contract") [R. 12-00548 Doc. 1-3].[2]

Simply put, FEMA directed Shaw to haul, install, and maintain Terrell's trailer. Without the contractors' involvement, FEMA would have had to perform these tasks itself. Terrell claims that some negligence in the course of these activities resulted in the injury that is the subject of her lawsuit. (Indeed, in the Order Denying Remand, the Court noted, "This Court already has determined that FEMA issued reasonably precise specifications and exercised supervision and control with respect to its contractors' performance of maintenance tasks on the EHUs." [R. Doc. 24606, p.9]) Thus, Shaw clearly "acted under" a federal officer, and there is a clear "causal nexus" between FEMA's directions and the plaintiff's claims. Resolving any factual disputes in Shaw's favor, Shaw was acting under color of federal office when it hauled, installed and maintained Terrell's trailer. The second element of federal officer removal is therefore satisfied.

Nevertheless, Terrell seems to argue that merely because this Court did not grant Shaw's motion for summary judgment in the *Wright* case (by which Shaw sought dismissal of the claims against it under the government contractor defense), then Shaw was not acting under color of

---

[2] Sections of the Contract that are of particular interest to the present motion include: Section G.7 "Project Monitor," p. 19; Section G.8, "Technical Direction and Surveillance," p.19; Section J, Attachment A, "Performance Work Statement," p. 60-79; and Section J, Attachment A, Exhibits 1-15 (particularly, Exhibit 7, "Travel Trailer Installation," p. 108-117 and Exhibit 10, "Maintenance – Temporary Housing Units," p. 133-147). Throughout the performance of the Contract, FEMA modified and amended its policies and procedures with respect to the Work by contract modifications and by verbal and written communications to Shaw.

federal authority. [R. Doc. 25037-1, pp. 5-6]  This argument is both misplaced and misguided. It is misplaced because the rulings at issue [R. Docs. 3205 and 11910] address the question of whether Fluor and Shaw, respectively, were entitled to summary judgment on their assertion of the government contractor defense.  The issues addressed in those rulings are not the same as the question posed by the second element of the federal officer removal statute, which relates to acting under color of federal office.  Rather, to the extent those rulings inform the removal question posed by Terrell's motion, they relate only to the question of whether Shaw has asserted a "colorable federal defense."[3]  As detailed below, Shaw most certainly has done so, and these rulings do not hold otherwise.

Terrell's argument is misguided because it completely misinterprets the effect of a denial of a motion for summary judgment.  That Shaw was not granted summary judgment in the *Wright* case hardly means that the Court resolved the issue in favor of the plaintiff.  Indeed, the Court actually made this explicit in the very ruling to which Terrell cites: "The Court disagrees with Plaintiff that the issue/claim of the government contractor defense is precluded based on its previous rulings in this MDL.  The Court's other orders in the MDL, while similar, pertained to different defendants.  Shaw is in no way precluded from raising this defense in this motion or hereinafter.  This Court's instant ruling simply instructs that, at this time, Shaw is not entitled to summary judgment on this issue." [R. Doc. 11910, p.1 n.1]  Thus, the ruling to which Terrell cites explicitly disavows the result she seeks to infer from it.  The ruling on Shaw's motion for

---

[3] More specifically, Terrell seems to argue that there must be "reasonably precise specifications" in order to satisfy the "acting under color of federal authority" prong of federal officer removal. [R. Doc. 25037-1, p. 5] This is incorrect.  "Reasonably precise specifications" is one prong necessary to *establish* the government contractor defense.  It is relevant to federal officer removal only insofar as Shaw must be able to assert a "colorable" argument regarding the specifications in order to satisfy the third prong ("colorable federal defense").  "Reasonably precise specifications" has nothing to do with the second prong of federal officer removal.

7

summary judgment in the *Wright* case has nothing to do with whether Shaw was acting under color of federal office.

Terrell argues further (without saying so explicitly) that the attempted deletion of "maintenance" claims via the filing of her amended complaint ***after the case was removed to this Court*** means that the maintenance claims asserted in her petition are not relevant to removal. This is wrong. Federal jurisdiction attaches as of the time that the original removal petition is filed in federal court. As the Fifth Circuit has held, a complaint amended after removal cannot divest a federal court of jurisdiction. Subject matter jurisdiction for purposes of removal is based on the claims as asserted in the state court petition at the time of removal. *Cavallini v. State Farm Mutual Auto Insurance Co.*, 44 F.3d 256 (5th Cir. 1995). The Fifth Circuit explained that the rationale for this rule is obvious:

> Without such a rule, disposition of the issue would never be final, but would instead have to be revisited every time the plaintiff sought to amend the complaint to assert a new cause of action against the non diverse defendant, all at considerable expense and delay to the parties and the state and federal courts involved. Limiting the removal jurisdiction question to the claims in the state court complaint avoids that unacceptable result, and permits early resolution of which court has jurisdiction, so that the parties and the court can proceed with, and expeditiously conclude, the litigation.

*Id*. at 264. *See also Braud v. Transport Service Company of Illinois*, 445 F. 3d 801, 808 (5th Cir. 2006) ("The law is clear that, once a federal court properly has jurisdiction over a case removed to federal court, subsequent events generally cannot 'oust' the federal court of jurisdiction. While plaintiffs undoubtedly possess some power to seek to avoid federal jurisdiction by defining a proposed class in particular ways, they lose that power once a defendant has properly removed a class action to federal court."); *Bank One Texas N. A. v. Morrison*, 26 F.3d 544, 547 (5th Cir. 1994) ("Once the FDIC became a party to the action, the suit was deemed to arise under federal law, see 12 U.S.C. § 1819(b)(2)(A), and the FDIC had the right to remove it, 28 U.S.C. §§ 1441

and 1446. ***Because jurisdiction is determined as of the time of removal and post-removal events will generally not deprive the court of jurisdiction***, the FDIC's subsequent dismissal from the case did not deprive the court of subject matter jurisdiction.") (Emphasis added; citations omitted.)

Terrell's post-removal deletion of her maintenance claims have no effect at all on the present motion. But even if they did, they would not defeat removal. Shaw was acting under color of federal office with regard to hauling and installation just as much as it was with regard to maintenance. It was still performing a task that, in Shaw's absence, FEMA would have had to perform directly, but that FEMA instead directed Shaw to do so via the IA/TAC and Task Order 15, as well as other oral and written instructions (the "acting under" component). The acts for which Shaw is being sued – even if restricted to hauling and installation – occurred during the performance of Shaw's duties under its contract with FEMA (the "causal nexus" component). Again, viewing all of the evidence in Shaw's favor, even had Terrell's original petition looked just like her amended complaint, the second element of federal officer removal would have been satisfied.

**B.  Shaw Has Asserted a Colorable Federal Defense.**

As set forth in its removal papers, Shaw has asserted the government contractor defense as an immunity from the claims being asserted against it herein. [R. 12-00548 Doc. 1, ¶ 11] This Court has already resolved the question of whether the contractor defendants may rely on the government contractor defense to satisfy the third element of federal officer removal, and the Order Denying Remand held unequivocally that they may: "Thus, these defendants not only have asserted a colorable federal defense, they have established a meritorious one." [R. Doc. 24606, p.10] Like the contractors at issue in the Order Denying Remand, Shaw attached to its removal

papers sufficient proof of FEMA's control over the actions at issue herein for Shaw's government contractor defense to be at least "colorable." Thus, Shaw's removal satisfies the third element as well.

Shaw expects Terrell to respond to this by pointing out that the Order Denying Remand involved Bechtel National, Inc. and CH2M HILL Constructors, Inc. rather than Shaw and that the petitions underlying that order were drafted differently than Terrell's. These are distinctions without a difference. The Court reached the conclusion that it did because the "Court already has dismissed the maintenance-based claims brought against CH2M and Bechtel on grounds that these claims are barred by the government contractor defense. See Rec. Doc. 18426." [R. Doc. 24606, p. 10] That same dismissal – R. Doc. 18426 – also pertained to Shaw; after all, Shaw, CH2M HILL and Bechtel were all performing substantively identical work for FEMA in the wake of the hurricanes, and the logic establishing the government contractor defense for CH2M HILL and Bechtel was the same as it was for Shaw.

Moreover, Terrell's petition does not differ from those addressed by the Order Denying Remand in any meaningful way. Terrell's petition alleged that her trailer "was also managed, maintained and repaired by Shaw" and that Shaw's alleged failure to do so "adequately" "enabled and contributed to the unsafe and hazardous conditions that led to adverse health effects of the plaintiff." [R. 12-00548 Doc. 1-2, ¶ XIX] This is the very same "maintenance" claim that the Court dismissed via its ruling at R. Doc. 18426. Shaw's assertion of the government contractor defense is therefore every bit as "meritorious" as the defense described in the Order Denying Remand.

Of course, Shaw expects Terrell to respond to this by claiming that she deleted the maintenance claims via her amended complaint.  As discussed above, this post-removal modification of her allegations has no effect whatsoever on the propriety of Shaw's removal.

Even if such post-removal tactics were permitted, they would have no effect on Shaw's removal because Shaw still would have a "colorable federal defense."  Indeed, the Court has already ruled as much.  In the *Wright* bellwether trial, Shaw proposed, and the Court accepted, a jury instruction regarding the government contractor defense.  At the conclusion of the presentation of evidence, the plaintiff moved under Rule 50 for a judgment as a matter of law dismissing the defense (and, correspondingly, striking the proposed jury instruction).  The Court denied this motion: "The Court denies Plaintiff's Rule 50 motion as it relates to the government contractor defense. The Court concludes that sufficient evidence has been presented as to both Forest River, Inc. ('Forest River') and Shaw Environmental, Inc. ('Shaw') to allow this defense to be presented to the jury.  Further, the Court has reviewed its instruction on this defense and finds them to be legally correct and sufficient, such that no changes shall be made to them."  [R. Doc. 13116, p. 1]  Because Shaw's defense was permitted to go to the jury, it was plainly at least "colorable."

Nevertheless, Terrell would seem to rely on the Court's decision not to grant Shaw a summary judgment that would have dismissed it from the case on the basis of the government contractor defense.  Rule 56 requires a showing that there is no genuine issue of material fact as to an element of a claim or defense.  The federal officer removal statute merely requires the assertion of a "colorable" federal defense.  These two articulations could hardly be more greatly removed from one another along the spectrum of standards of proof.  To infer the failure to assert

11

a colorable defense from the failure to establish a complete absence of any factual issue regarding the validity of that defense would be an extreme fallacy of logic.

Moreover, Terrell's position seems to misstate her own allegations. In her motion to remand, she seems to suggest that the absence of a detailed depiction of the "jacking" process in FEMA's specifications means that Shaw cannot assert a colorable federal defense due to the lack of "reasonably precise specifications." But the jacking process is not the only thing about which Terrell complains.[4] She alleges, "In fact, the manufacturer of the temporary housing unit warned in the owner's manual provided with the unit, that units should not be jacked *so that the vehicle's weight is no longer supported by the wheels.*" R. Doc. 25038, ¶ 1 (emphasis added). This specific part of the installation process is one as to which Shaw has no discretion at all. In Shaw's Contract with FEMA, Exhibit 7 governs the installation of travel trailers. It specifically requires that Shaw construct concrete piers and install the trailers onto them. It provides, "Travel trailers shall be set-up on concrete piers and after the weigh [sic] of the trailer is transferred to the piers, if the unit is not leveled properly the contractor will reinstall the unit at no cost to the government." [R. 12-00548 Doc. 1-3, p. 108 (Ex. 7, § 2.1.2)] Similarly, the contract provides, "After the weight of the travel trailer is transferred to the concrete piers, the piers must be vertically aligned and tightly shimmed with wooden wedges." *Id.* at p. 109.

---

[4] Terrell includes a preamble to her first supplemental and amended petition that claims that its purpose is to "reflect the dismissal of all claims against Shaw, except for the claims that Shaw's negligent jacking of the subject unit caused increased formaldehyde exposure of Plaintiff." [R. Doc. 25038, p.1] However, the operative language of her amended complaint is in the numbered paragraphs. (*See* Rule 10(b), "A party must state its claims or defenses in numbered paragraphs…") In the numbered paragraphs, we find that Terrell complains about more than just jacking; she complains about taking the weight off the wheels (¶ XII), she complains about failing to adhere to warnings and instructions (¶ XV, which remained unchanged from the original petition at R. 12-00548 Doc. 1-2), she complains about failing to consult with Gulf Stream (¶ XVII), she complains about failing to adhere about warnings that a resin would release formaldehyde gas (¶ XXI – it is unclear what Shaw was supposed to do with that warning, but it could relate to installation, failure to warn, and/or maintenance), and she did not even excise the allegation that Shaw "maintained and installed" the trailer at issue (¶ IV, which remained unchanged by the amended complaint).

Thus, even *after* accounting for the allegations of her amended complaint, Terrell is still complaining about the fact that the weight of her trailer was not supported by the wheels. But Shaw's Contract with FEMA required that the weight of the trailer be transferred off of the wheels and onto the concrete piers. Shaw maintains that one cannot rightly imbue the Court's rulings denying summary judgment on the government contractor defense as to "jacking" alone with the effect that the government contractor defense had been rejected as a matter of law – denials of motions for summary judgment do not mean that, and the Court's decision to allow the government contractor defense to go to the jury *in that same case* supports Shaw's interpretation. But even if one did decide that the government contractor defense could not go to a jury as to "jacking" alone, clearly the transfer of weight off of the wheels onto the piers is a design feature that FEMA controlled (in other words, it has issued "reasonably precise specifications" requiring that the trailer be supported by the piers). At a minimum, Shaw has asserted a colorable federal defense with regard to Terrell's claim that shifting the weight off of the wheels caused her to be injured.

**CONCLUSION**

Shaw has established its right to remove this case under the federal officer removal statute, just as Bechtel and CH2M HILL did in the Order Denying Remand. Terrell's case against Shaw, after all, is the same as every case against any installation contractor in this MDL – she claims that Shaw, in the course of its work pursuant to a contract with FEMA, did something wrong in the course of installing or maintaining the trailer that exposed her to formaldehyde. Thus her claims against Shaw, like those of every other plaintiff in this MDL who has sued a contractor defendant: (1) are made against a defendant (a "person"); (2) implicate the actions of a defendant who was acting at the direction of a federal officer ("acting under

13

color of federal office"); and (3) are subject to potential rejection by the Court or a jury under the government contractor defense ("colorable federal defense"). These are the elements of federal officer removal.

Moreover, Terrell's attempt to disavow her maintenance claims do not alter this analysis. Plaintiffs cannot rob the courts of federal jurisdiction through post-removal amendments. Even if they could, Terrell's amendment would be futile; Shaw's removal would meet the elements of a federal officer removal even as to the installation claims alone. After all, this Court has already held that Shaw's government contractor defense was sufficiently well established to be presented to a jury. [R. Doc. 13116]

Therefore, Shaw has established the right to remove under the federal officer removal statute. Shaw accordingly urges the Court to deny Terrell's motion and retain jurisdiction over this matter within the MDL.

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

/s/ M. David Kurtz
M. DAVID KURTZ (#23821)
KAREN KALER WHITFIELD (#19350)
CATHERINE N. THIGPEN (#30001)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEYS FOR DEFENDANT,
SHAW ENVIRONMENTAL, INC.**

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 10, 2012, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to counsel for all parties by operation of the court's electronic filing system.

/s/ M. David Kurtz