UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER                            MDL NO. 07-1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION           SECTION N-5

                                                                 JUDGE ENGELHARDT
                                                                  MAG. JUDGE CHASEZ

**THIS DOCUMENT IS RELATED TO:**

*Bonner et al v. Coachmen Industries, Inc. et al.,* **Docket No. 09-5562**
*Ruff v. Southern Energy Homes, Inc.* et. al, **Docket No. 10-0274**
*Hill v. Waverlee Homes, Inc. et. al*, **Docket No. 10-0479**
*Schrader v. Allen Camper Manufacturing Company, Inc. et al*, **Docket No. 10-1081**
*Mosley et al v. Gulf Stream Coach, Inc. et. al*, **Docket No. 10-1356**
*Holden v. Cavalier Home Builders, LLC et. al*, **Docket No. 10-2345**
*Matthis et al v. Dutchmen Manufacturing, Inc et. al*, **Docket No. 10-2347**
*McNair et al v. CH2M Hill Constructors, Inc. et. al*, **Docket No. 10-2348**
*Holden et al v. Bechtel National Inc. et. al*, **Docket No. 10-2354**
*Bazzelle et al v. Gulf Stream Coach, Inc. et. al*, **Docket No. 10-2356**
*Quinn v. Gulf Stream Coach, Inc. et. al*, **Docket No. 10-2357**
*Peterson et al v. DS Corp. et. al*, **Docket No. 10-2358**
*Aucoin v. Starcraft RV, Inc. et. al*, **Docket No. 10-2360**
*Davis et al v. Forest River, Inc. et. al*, **Docket No. 10-2362**
*Holden v. Lakeside Park Homes, Inc. et. al*, **Docket No. 10-2363**
*Landrum et al v. Timberland RV Company et. al*, **Docket No. 10-2364**
*Bazzelle et al v. TL Industries, Inc. et. al*, **Docket No. 10-2366**
*Davison et al v. CH2M Hill Constructors, Inc. et. al*, **Docket No. 10-2603**
*King et al v. CH2M Hill Constructors, Inc. et. al*, **Docket No. 10-2882**
*Miller et al v. Keystone RV Company et. al*, **Docket No. 11-298**
*Carroll et al v. Coachmen Industries, Inc. et. al*, **Docket No. 11-299**
*Fairley et al v. Coachmen Industries, Inc. et. al*, **Docket No. 11-300**
*Anderson et al v. Forest River, Inc. et. al*, **Docket No. 11-301**
*Washington v. Forest River, Inc. et. al*, **Docket No. 11-302**
*Bracken et al v. Thor Industries, Inc. et. al*, **Docket No. 11-303**
*Seymour v. Thor Industries, Inc. et. al*, **Docket No. 11-304**
*Acker et al v. Gulf Stream Coach, Inc. et. al*, **Docket No. 11-305**
*Carroll et al v. Gulf Stream Coach, Inc. et. al*, **Docket No. 11-306**
*Caporelli et al v. Coachmen Industries, Inc. et. al*, **Docket No. 11-307**
*Powe et al v. Coachmen Industries, Inc. et. al*, **Docket No. 11-308**
*Causey et al v. KZRV, LP et. al*, **Docket No. 11-309**
*Hamilton et al v. KZRV, LP et. al*, **Docket No. 11-310**

*Breland et al v. Forest River, Inc. et. al*, Docket No. 11-311
*Lutrell et al v. Forest River, Inc. et. al*, Docket No. 11-312
*Cuevas et al v. Cavalier Home Builders, LLC et. al*, Docket No. 11-314
*Stewart v. Cavalier Home Builders, LLC et. al*, Docket No. 11-315
*Anders et al v. Gulf Stream Coach, Inc. et. al*, Docket No. 11-316
*Romero et al v. Gulf Stream Coach, Inc. et. al*, Docket No. 11-317
*Dillon et al v. Dutchmen Manufacturing, Inc. et. al*, Docket No. 11-318
*Smith v. Dutchmen Manufacturing, Inc. et. al*, Docket No. 11-319
*Breaux et al v. Gulf Stream Coach, Inc. et. al*, Docket No. 11-320
*Jack v. Gulf Stream Coach, Inc. et. al*, Docket No. 11-321
*Acevedo et al v. Bechtel National, Inc. et. al*, Docket No. 11-322
*Anderson et al v. CH2M Hill Constructors, Inc. et. al*, Docket No. 11-323
*Davison et al v. Bechtel National, Inc. et. al*, Docket No. 11-358
*Miller et al v. CH2M Hill Constructors, Inc. et. al*, Docket No. 11-359
*Benefield et al v. Bechtel National, Inc. et. al*, Docket No. 11-360
*Payne et al v. CH2M Hill Constructors, Inc.*, Docket No. 11-361
*Brown et al v. CH2M Hill Constructors, Inc. et. al*, Docket No. 11-362
*Cameron et al v. Gulf Stream Coach, Inc. et. al*, Docket No. 11-367
*Davis v. Jayco, Inc. et. al*, Docket No. 11-368
*Duckworth et al v. Cavalier Home Builders*, LLC et. al, Docket No. 11-369
*Hawkins v. Lakeside Park Homes, Inc. et. al*, Docket No. 11-370
*Ramsey et al v. Keystone RV Company et. al*, Docket No. 11-371
*Young et al v. Dutchmen Manufacturing, Inc. et. al*, Docket No. 11-373
*Lee et al v. Lakeside Park Homes, Inc. et. al*, Docket No. 11-374
*Manning v. Lakeside Park Homes, Inc. et. al*, Docket No. 11-375
*Booth et al v. CH2M Hill Constructors, Inc. et. al*, Docket No. 11-376
*Sanders v. Bechtel National, Inc. et. al*, Docket No. 11-377
*Antoine et al v. Bechtel National, Inc. et. al*, Docket No. 11-378
*Woodland v. CH2M Hill Constructors, Inc. et. al*, Docket No. 11-379

**UNITED STATES OF AMERICA'S MEMORANDUM IN SUPPORT OF ITS *EX PARTE* CONSENT MOTION FOR ENTRY OF A FED. R. CIV. P. 54(b) JUDGMENT DISMISSING MISSISSIPPI PLAINTIFFS' CLAIMS AGAINST THE GOVERNMENT**

Defendant United States of America ("United States") submits this Memorandum in support of its unopposed *Ex Parte*/Consent Motion seeking entry of Fed. R. Civ. P. 54(b) judgment and dismissal of the above-referenced actions. Rule 54(b) states that

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or ***when multiple parties are***

> ***involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.*** In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Fed. R. Civ. P. 54(b) (emphasis added). The determination of whether there is "no just reason for delay" is within the sound discretion of the trial court. *See Ackerman v. FDIC*, 973 F.2d 1221, 1224 (5th Cir.1992). The Fifth Circuit, however, has cautioned that Rule 54(b) only "grants a discretionary power [to a district court judge] to afford a remedy in the infrequent harsh case." *Jasmin v. Dumas*, 726 F.2d 242, 244 (5th Cir.1984). A direction for the entry of judgment should not be granted routinely, but only sparingly and deliberately. *Id*. In making the determination whether there is "no just reason for delay," the Court must weigh "the inconvenience and costs of piecemeal review on one hand and the danger of denying justice on the other." *Road Sprinkler Fitters Local Union v. Cont'l Sprinkler Co.*, 967 F.2d 145, 148 (5th Cir.1992) (citations omitted).

Each of the actions that are the subject of this motion assert claims against the United States for money damages for alleged injuries resulting from occupying temporary emergency housing units ("EHUs") in the State of Mississippi. *See* Exh.1, Dec. Anna Kayser. This Court's June 23, 2010 Order and Reasons (Rec. Doc. 14486),dismissed ***all*** Mississippi Plaintiffs' FTCA claims against the United States for lack of subject matter jurisdiction. *See* Order and Reasons at 18-19 (Rec. Doc. 14486), *aff'd, In Re: FEMA Trailer Formaldehyde Products Liability Litigation*, --- F.3d ----, 2012 WL 171898 (Jan. 5, 2012). In the instant case, allowing the appeal period to begin running immediately will prevent potential hardship to all parties because given

3

the current posture, the cases will proceed to trial without the United States' presence as a defendant and government's participation in discovery. If this motion is granted it will allow the parties to avoid the hardship and potential retrial of these actions in the event that Plaintiffs successfully challenged on appeal the dismissal of their action. *See PYCA Indus., Inc. v. Harrison County Wastewater Mgmt Dist.*, 81 F.3d 1412, 1421 (5th Cir.1996) (certification is appropriate when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal); *Ackerman*, 973 F.2d at 1224 (finding that district courts' certification pursuant to Rule 54(b) was not an abuse of discretion even though claims remained between different parties); *Larroquette v. Cardinal Health 200, Inc.*, 2004 WL 3132961 *1 (E.D. La. Dec. 10, 2004) (same).

    Accordingly, for all of these reasons the Court should grant the United States' Motion.

Dated: April 11, 2012.                                              Respectfully Submitted,

STUART F. DELERY                                              ADAM BAIN
Acting Assistant Attorney General                          Senior Trial Counsel

J. PATRICK GLYNN                                              //S// *Henry T. Miller*
Director, Torts Branch, Civil Division                    HENRY T. MILLER (D.C. Bar No. 411885)
                                                                            Senior Trial Counsel
DAVID S. FISHBACK                                           United States Department of Justice
Assistant Director                                                Civil Division – Torts Branch
                                                                            P.O. Box 340, Ben Franklin Station
                                                                            Washington, D.C. 20004
                                                                            Telephone No:  (202) 616-4223
                                                                            E-mail:  Henry.Miller@USDOJ.Gov

                                                                            Attorneys for the United States of America

4

## CERTIFICATE OF SERVICE

      I hereby certify that on April 11, 2012, the foregoing document was filed via the U.S. District Court's CM/ECF electronic filing system and a copy thereof was served upon Liaison Counsel.

                                          *//S// Henry T. Miller*
                                          HENRY T. MILLER (D.C. Bar No. 411885)