UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
|       FORMALDEHYDE PRODUCTS | * | |
|       LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE: ENGELHARDT |
| THIS DOCUMENT IS RELATED TO: | * | |
| *Levy, et al v. Gulf Stream Coach,* | * | MAG: CHASEZ |
| *Inc., et al*; Docket No. 09-5585; | * | |
| Plaintiffs:  Richards, Amy Rochelle; Richards, Amy | * | |
| Rochelle o/b/o Richards, De'Andre; Richards, Amy | * | |
| Rochelle o/b/o Richards, Dwight, Jr. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NO.2, 32, 86, AND 88 RELATING TO <u>PLAINTIFFS FACT SHEETS</u>**

**MAY IT PLEASE THE COURT:**

Gulf Stream Coach, Inc. ("Gulf Stream") moves this Honorable Court for an Order dismissing the claims of the following plaintiffs with prejudice for failure to comply with the terms of Pre-Trial Orders No. 2, 32, 86 and 88 relating to the provision of Plaintiff Fact Sheets:

- Richards, Amy Rochelle;
- Richards, Amy Rochelle o/b/o Richards, De'Andre; and
- Richards, Amy Rochelle o/b/o Richards, Dwight, Jr.

**I.     CREATION OF MDL AND FACT SHEET PROCESS**

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008 the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet" (PFS), which would serve as the substitute for the initial rounds of Interrogatories and Requests for Production of Documents in a standardized and simple form. Rec. Doc. No. 87. The Order also established a process for

00338226-1

"curing" these fact sheets when a particular plaintiff failed to provide one or more responses in his or her fact Sheet. Outlining the curing process, the Order stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id.* at p. 8—9. The letter would specifically list each alleged material deficiency, and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id.*

Subsequently, on March 18, 2009, the Court amended Pre-Trial Order No. 2 with Pre-Trial Order No. 32 as to the issue of these fact sheets. Rec. Doc. No. 1180. Due to the large number of cases being filed in the summer of 2009, Pre-Trial Order No. 32 provided new deadlines for the provision of the sheets. Order 32 also retained the same curing procedure as was set forth in Order 2.

Thereafter, on April 8, 2011, the Court issue Pre-Trial Order number 86, requiring the Plaintiffs to submit to Defendants a census of information from the Plaintiff Fact Sheets containing only key information necessary for prosecution of these claims. Rec. Doc. No. 20770. On the 24th day of June, 2011, this Honorable Court issued Pre-Trial Order number 88, providing the 23 key fields required to be on the Plaintiffs' census. Rec. Doc. No. 22124. Subsequently, on the 1st of July, 2011, the court Corrected Pre-Trial Order 88, clarifying the 23 key fields and restating deadlines for production of information on the census and fact sheets. Rec. Doc. No. 22153. The time delays set in Pre-Trial Order 88 have passed and Plaintiffs have provided what is proposed to be a completed census sheet. Defendant, Gulf Stream, has utilized this census, any previously submitted plaintiff fact sheet, and any addendums or errata sheets in evaluating whether or not a Plaintiff has been deficient in his or her responses. Those Plaintiffs that have

00338226-1

failed to answer six or more of the twenty-three key factors enumerated by this Honorable Court, when the answers from the census, fact sheet, and any errata or addendum are combined, are sought to be dismissed, with prejudice, for failure to comply with the Orders of this Honorable Court.

## II.     LAW AND ARGUMENT

Here, Gulf Stream respectfully submits that the plaintiffs identified above have failed to comply with these Orders, and therefore, this Court should dismiss their claims. Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir.1992); *Colle v. Brazos County, Tex.,* 981 F.2d 237, 242-243 (5th Cir. 1993). Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice.[1]

In this case, the plaintiffs submitted various Plaintiff Fact Sheets for, among others, the plaintiffs listed in the introduction. Gulf Stream reviewed these PFS, and subsequently sent correspondence to plaintiffs' counsel listing the deficiencies in each fact sheet. Counsel for the plaintiffs responded by providing cured responses for many of the plaintiffs, but either failed to correct all information requested for the Plaintiffs listed in the Introduction or did not provide cured fact sheets.  Thereafter, on January 2, 2012, Plaintiffs provided counsel for Gulf Stream an

---

[1]     *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F.2d 1214 (5th Cir. 1970).

00338226-1

updated census, containing all the twenty three key fields enumerated by this Honorable Court, and supplementing the Plaintiff Facts Sheets and/or amendments.  Counsel for Gulf Stream has reviewed the Census, the Original Plaintiff Fact Sheet, and any Amendment or Errata Pages for each listed Plaintiff. The listed Plaintiffs have failed, when considering all of the data from these documents, to provide information to six or more of the key fields enumerated by Pre-Trial Order 88. Specifically, the Plaintiffs were deficient as set forth below:

**Richards, Amy Rochelle**

Gulf Stream has reviewed all information provided by Plaintiff, Amy Rochelle Richards, including any applicable census information, plaintiff fact sheet and errata sheet.  After review of those documents, it is noted that Plaintiff has failed to provide responses, or has provided insufficient responses, for the following key items:

(1) Plaintiff failed to provide information regarding his or her future medical claim, as required by Section III (C)(2);
(2) Plaintiff failed to provide information regarding psychological treatment or respond to whether he was claiming a psychological injury, as required by Section III (C)(8);
(3) Plaintiff failed to indicate whether he or she was requesting reimbursement of medical expenses or give an amount of requested reimbursement, as required by Section III (C)(9);
(4) Plaintiff failed to any information regarding any trailer manufactured by Gulf Stream Coach, Inc., therefore, failed to provide information regarding manufacturer of the FEMA housing unit in which he or she claims to have resided, as required by Section V (A)(1);
(5) Plaintiff failed to provide the VIN Number of the Gulf Stream FEMA housing unit in which he or she claims to have resided, as required by Section V (A)(2);
(6) Plaintiff failed to provide the bar code of the Gulf Stream FEMA housing unit in which he or she claims to have resided, as required by Section V(A)(4);
(7) Plaintiff failed to provide the date he or she claims to have moved into the Gulf Stream FEMA housing unit, as required by Section V (A)(6);
(8) Plaintiff failed to provide the date he or she claims to have moved out of the Gulf Stream FEMA housing unit, as required by Section V (A)(7);
(9) Plaintiff failed to provide the Installation Address of the Gulf Stream FEMA housing unit, as required by Section V (A)(8);
(10) Plaintiff failed to provide the number of hours spent in the Gulf Stream FEMA housing unit each day, as required by Section V (A)(13);
(11) Plaintiff failed to provide the names of all residents of the Gulf Stream trailer in addition to failing to provide a VIN number, as required by Section V (E); and

(12)     Plaintiff failed to provide the smoking history of other trailer residents, as required by Section VI (D).[2]

As Plaintiff failed to provide information necessary for 12 of the 23 key fields, including failure to provide any information regarding any Gulf Stream housing unit, Gulf Stream moves this Honorable Court to dismiss the claims of Plaintiff, Amy Rochelle Richards with prejudice, from this litigation.

**Richards, Amy Rochelle o/b/o Richards, De'Andre**

Gulf Stream has reviewed all information provided by Plaintiff, Amy Rochelle Richards o/b/o De'Andre Richards, including any applicable census information, plaintiff fact sheet and errata sheet. After review of those documents, it is noted that Plaintiff has failed to provide responses, or has provided insufficient responses, for the following key items:

(1) Plaintiff failed to provide information regarding psychological treatment or respond to whether he was claiming a psychological injury, as required by Section III (C)(8);
(2) Plaintiff failed to indicate whether he or she was requesting reimbursement of medical expenses or give an amount of requested reimbursement, as required by Section III (C)(9);
(3) Plaintiff failed to any information regarding any trailer manufactured by Gulf Stream Coach, Inc., therefore, failed to provide information regarding manufacturer of the FEMA housing unit in which he or she claims to have resided, as required by Section V (A)(1);
(4) Plaintiff failed to provide the VIN Number of the Gulf Stream FEMA housing unit in which he or she claims to have resided, as required by Section V (A)(2);
(5) Plaintiff failed to provide the bar code of the Gulf Stream FEMA housing unit in which he or she claims to have resided, as required by Section V(A)(4);
(6) Plaintiff failed to provide the Installation Address of the Gulf Stream FEMA housing unit, as required by Section V (A)(8); and
(7) Plaintiff failed to provide the number of hours spent in the Gulf Stream FEMA housing unit each day, as required by Section V (A)(13).[3]

As Plaintiff failed to provide information necessary for 7 of the 23 key fields, Gulf Stream moves this Honorable Court to dismiss the claims of Plaintiff, Amy Rochelle Richards o/b/o De'Andre Richards with prejudice, from this litigation.

---

[2] See: Plaintiff Fact Sheet submitted on behalf of Amy Rochelle Richards, attached as an Exhibit hereto.
[3] See: Plaintiff Fact Sheet submitted on behalf of Amy Rochelle Richards o/b/o De'Andre Richards, attached as an Exhibit hereto.

00338226-1

**Richards, Amy Rochelle o/b/o Richards, Dwight Jr.**

Gulf Stream has reviewed all information provided by Plaintiff, Amy Rochelle Richards o/b/o Dwight Richards, Jr., including any applicable census information, plaintiff fact sheet and errata sheet. After review of those documents, it is noted that Plaintiff has failed to provide responses, or has provided insufficient responses, for the following key items:

(1) Plaintiff failed to provide information regarding his or her future medical claim, as required by Section III (C)(2);
(2) Plaintiff failed to provide information regarding psychological treatment or respond to whether he was claiming a psychological injury, as required by Section III (C)(8);
(3) Plaintiff failed to indicate whether he or she was requesting reimbursement of medical expenses or give an amount of requested reimbursement, as required by Section III (C)(9);
(4) Plaintiff failed to any information regarding any trailer manufactured by Gulf Stream Coach, Inc., therefore, failed to provide information regarding manufacturer of the FEMA housing unit in which he or she claims to have resided, as required by Section V (A)(1);
(5) Plaintiff failed to provide the VIN Number of the Gulf Stream FEMA housing unit in which he or she claims to have resided, as required by Section V (A)(2);
(6) Plaintiff failed to provide the bar code of the Gulf Stream FEMA housing unit in which he or she claims to have resided, as required by Section V(A)(4);
(7) Plaintiff failed to provide the date he or she claims to have moved into the Gulf Stream FEMA housing unit, as required by Section V (A)(6);
(8) Plaintiff failed to provide the date he or she claims to have moved out of the Gulf Stream FEMA housing unit, as required by Section V (A)(7);
(9) Plaintiff failed to provide the Installation Address of the Gulf Stream FEMA housing unit, as required by Section V (A)(8); and
(10) Plaintiff failed to provide the number of hours spent in the Gulf Stream FEMA housing unit each day, as required by Section V (A)(13).[4]

As Plaintiff failed to provide information necessary for 10 of the 23 key fields, including failure to provide any information regarding any Gulf Stream housing unit, Gulf Stream moves this Honorable Court to dismiss the claims of Plaintiff, Amy Rochelle Richards o/b/o Dwight Richards, Jr. with prejudice, from this litigation.

---

[4] See: Plaintiff Fact Sheet submitted on behalf of Amy Rochelle Richards o/b/o Dwight Richards, Jr., attached as an Exhibit hereto.

00338226-1

### III.    Conclusion

Thus, Gulf Stream moves for an Order dismissing these plaintiffs. As it prepares for additional litigation, evaluates the possibility of settlement, and analyzes other issues concerning the progress of this lawsuit, Gulf Stream must be able to obtain information about those who make allegations against it. The Plaintiff Fact Sheet and Census serve as the best way to acquire such information, as these document act as the initial round of discovery responses. Without this simulated discovery response, Gulf Stream is significantly prejudiced, and there is good cause for the Court to discontinue any potential for further prejudice against Gulf Stream by dismissing the claims of these plaintiffs. In accordance with Pre-Trial Orders 2, 32, 86, and 88 and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the Motion to Dismiss filed by Gulf Stream should be granted, dismissing the following plaintiffs, with prejudice.

Respectfully Submitted,

**DUPLASS, ZWAIN, BOURGEOIS,
PFISTER & WEINSTOCK**

*s/Andrew D. Weinstock*

**ANDREW D. WEINSTOCK #18495
JOSEPH G. GLASS #25397**
Three Lakeway Center, Suite 2900
3838 N. Causeway Boulevard
Metairie, Louisiana  70002
Telephone: (504) 832-3700
Facsimile: (504) 837-3119
andreww@duplass.com
jglass@duplass.com
**Attorneys for Gulf Stream Coach, Inc.**

**CERTIFICATE OF SERVICE**

    **I DO HEREBY CERTIFY** that on this 11th day of April, 2012, a copy of the above and foregoing was filed electronically. Notice of this pleading was sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

                            *s/ Andrew D. Weinstock*
                            **ANDREW D. WEINSTOCK**

00338226-1