UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL NO. 1873

SECTION "N-5"

JUDGE ENGELHARDT
MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO ALL CASES

-------------------------------------------------------------------------------

## DECLARATION OF GERALD MEUNIER

COMES NOW Gerald Meunier, being of sound mind and lawful age, and subject to the penalties for perjury deposes and states as follows:

1. My name is Gerald Meunier. I am a member of the Plaintiffs' Steering Committee ("PSC"), and am Plaintiffs' Co-Liaison Counsel, as appointed by the Court, in this case. I have personal knowledge of the matters declared herein.

### Qualifications and Experience as Class Counsel

2. I have been involved in the following mass tort /class actions in varying roles (as indicated) and I have extensive experience in the resolution of class action matters that have proven beneficial to class members:

I. Court-appointed member of Plaintiffs' Steering Committee in *In Re: Chinese-Manufactured Drywall Products Liability Litigation*, MDL No. 2047, U.S. District Court, E.D. La [multi-district litigation against numerous manufacturers, distributors, etc. based on damage and injury from defective drywall made in China].

II. Plaintiffs' common benefit counsel working with Court-appointed Committee in *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 10-2179, U.S. District Court, E.D. La [multi-district litigation against BP entities, etc. following explosion and oil spill in the Gulf of Mexico].

1

III. Court-appointed Plaintiffs' Liaison Counsel for Levee cases and Court-appointed member of the Levee PSLC in *In Re: Katrina Canal Breaches,* No. 05-4181, U.S. District Court, E.D. La.; Court-appointed Plaintiffs' Liaison Counsel in the levee breach cases only [consolidated litigation arising out of flooding from Hurricane Katrina].

IV. Court-appointed member of Plaintiffs' Steering Committee in *In Re: Vioxx, Products Liability Litigation, MDL No. 1657,* U.S. District Court, E.D. La. [multi-district litigation against Merck, the manufacturer of Vioxx; settlement].

V. Court-appointed member of Plaintiffs' Steering Committee in *Patrick Joseph Turner, et al v. Murphy Oil USA, Inc.,* U.S. District Court, E.D. La. [litigation against Murphy Oil as a result of an oil spill that occurred during Hurricane Katrina; settlement].

VI. Court-appointed liaison counsel in federal court, and co-lead counsel of Plaintiffs' Legal Committee in *In Re: Chemical Release at Bogalusa,* 22nd Judicial District Court (Parish of Washington) [class action; explosion of tank car and chemical release in Bogalusa, Louisiana; verdict for plaintiffs in common issues trial, 2003; settlement].

VII. Court-appointed class counsel in *Susan Blades, et al vs. Illinois Central Railroad Company d/b/a Canadian National Railroad/Illinois Central Railroad,* U.S. District Court, E.D. La. [class action; train derailment; settlement].

VIII. Lead counsel for plaintiffs in mass tort case of *In Re: St. Louis Encephalitis Outbreak in Ouachita Parish,* 4th Judicial District Court (Monroe, Louisiana) [case for victims of St. Louis encephalitis outbreak, Ouachita Parish; settlement].

IX. Court-appointed co-liaison counsel in *In Re: Industrial Life Insurance Litigation,* U. S. District Court, E. D. La. [national class action/mass joinder against various life insurance companies for racially discriminatory practices in charging premiums].

X. Court-appointed Special Master in *Custom Bus Litigation,* U.S. District Court, E.D. La. [mass tort; multiple deaths and injuries from crash of Casino bus; settlement].

XI. Court-appointed Special Master in *In Re: Chippewa Street Spill,* 19th Judicial District Court (Parish of East Baton Rouge) [class action; chemical spill; settlement].

XII. Member of Claimants' Committee in *In re: Complaint of Clearsky Shipping Corp., as Owner, and Cosco (H.K.) Shipping Company Limited, as Owner of the M/V BRIGHT FIELD, for Exoneration from or Limitation of Liability,* United States District Court, E.D. La., C.A. #96-4099, [case involving collision between the vessel BRIGHT FIELD and Poydras Street wharf/New Orleans Riverwalk; settlement].

XIII. Court-appointed class counsel in *Lailhengue v. Mobil Oil,* 34th Judicial District Court (Parish of St. Bernard) [class action; refinery explosion case; settlement].

2

XIV. Court-appointed class counsel in *Andry v. Murphy Oil*, 34th Judicial District Court (Parish of St. Bernard) [class action; refinery explosion case; settlement].

XV. Court-appointed class counsel in *Kaiser Plant Explosion at Kaiser*, 23rd Judicial District Court (Parish of St. James) [class action; plant explosion; settlement].

## Relevant and Significant Factors in Settlement of Claims

3. Substantial testing of EHUs, discovery, document production, motion practice and bellwether trials now have been completed in this Multi-District Litigation [MDL]. The Parties have conducted over 100 depositions. Defendants have produced over 40,000 thousand pages of documents. The Parties have engaged in extensive motion practice addressing common issues. The PSC firms also have conducted several bellwether jury trials, all of which have resulted in defense verdicts. Summary Jury Trials also have been conducted in certain cases. As such, the PSC is in a reasonable position to assess the factual and legal merits and weakness of the Plaintiffs' claims and Defendants' defenses.

4. The Court appointed a mediator, John Perry, to assist with a possible resolution of this case against all manufacturers. The Court's Special Master, Dan Balhoff, also has assisted in the mediation of settlement discussions. One or more members of the PSC, myself included, have met with these mediators and opposing counsel on numerous occasions. The settlement negotiations with counsel for these defendants have been at arms' length, adversarial, and characterized by the vigorous presentation of opposing positions in the litigation.

5. Plaintiffs are faced with burden of proof issues with respect to medical causation in these toxic exposure cases. The required proof that a demonstrated level of formaldehyde caused injury ordinarily entails the cost of expert testimony. Virtually all travel trailers at issue have been reclaimed by FEMA and no longer are available for testing. In addition, a number of Plaintiffs were smokers, or had pre-existing medical issues that potentially contributed to their

3

alleged injuries, independent of formaldehyde exposure. The types of injuries that have been alleged by plaintiffs in this MDL range from transient or temporary ailments such as minor eye, throat and skin irritation to more serious ailments such as the exacerbation or onset of asthma (or other severe respiratory ailments) and severe dermatitis. Risk and fear of cancer claims, as well as claims of cancer, also are alleged. The range of possible recovery for any individual would depend upon the health effects experienced, the individual sensitivity of a Plaintiff to formaldehyde, the length of exposure to formaldehyde and the level of exposure, and the ability of one or more qualified experts to satisfy the requirement of medical causation.

6. Given this Court's denial of a litigated class action in these proceedings, each plaintiff will need to try his or her case separately as an alternative to settlement. Each trial likely will last more than a few days, and involve hundreds of hours of preparation by the parties. Plaintiffs have been taxed with Defendants' costs in certain bellwether trials in which the defendant(s) prevailed. Moreover, with each bellwether trial, an appellate phase is virtually inevitable because of the importance of the final disposition of common, triable issues. There is currently one appeal pending from previous bellwether trial verdicts. The Plaintiffs are appealing as to *Batson* issues and jury instructions in the *Alana Alexander, et al vs. Gulf Stream Coach, et al* bellwether trial. The Plaintiffs' appeal with respect to the applicability of the "sophisticated user defense" in the bellwether trial of *Earline Castanel vs. Recreation By Design* was dismissed as a part of the settlement with one of the defendant participants in this proposed class settlement. The final, appellate disposition of such issues may affect future cases that are tried.

7. As a result of the extensive litigation now completed or in progress, including motion practice, discovery and bellwether trials, the PSC and all plaintiffs' counsel have become

4

aware of: (a) the merits of the complaints or the lack thereof; (b) the relative strengths and weaknesses of the Plaintiffs' claims, including the issues of manufacturer liability and damages; (c) the time, expense and effort necessary to maintain and conclude the Actions and the Pending Actions; (d) the possibilities of success weighed against the possibilities of loss; (e) the range of potential judgment values, if any should be awarded; (f) the legal complexities of the contested issues in the Action and the Pending Actions; (h) the risks inherent in protracted litigation; (i) the magnitude of benefits to be gained from an immediate settlement, in light of both the maximum potential of a favorable outcome and the attendant expense and likelihood of an unfavorable outcome; (j) the strong possibility of no recovery by any potential Class Members whatsoever in light of the past results of the bellwether trials; and (k) the fairness of benefits to or from an immediate settlement under all of the foregoing considerations. The PSC has evaluated these considerations fully and fairly, for the benefit of all plaintiffs.

8. In light of the foregoing, the PSC believes that the establishment of the proposed Total Settlement Fund, and the management thereof under the supervision of the Court, more likely will result in the greatest benefit to the potential Class Members in the Action and the Pending Actions, as compared to the prosecution of the pending claims and continued litigation activity in the trial court.

9. Because of the relatively modest size of the prospective settlement fund, the benefit to each participant may vary only slightly, subject to the analysis and recommendations of the Special Master. Each claimant will be asked to provide certain information that will establish eligibility for settlement benefits as a class member.

## Affiant's Conclusion and Opinion as to Proposed Settlement

10. Comparing the benefits of the proposed settlement to Class Members with the less certain range of possible recoveries and significant litigation risks, it is my conclusion and opinion that the proposed settlement is fair, adequate and reasonable for the Class and the Class Members.

11. It additionally is my conclusion and opinion that, given the dispersion of class members following Hurricane Katrina and their temporary occupancy in FEMA EHUs, the best and most practicable written notice to class members known to be represented by counsel would be written notification to their counsel on their behalf.

12. Attached hereto as Ex. H is the List of all pending actions against Settling Defendants, compiled by the PSC. The named Plaintiffs in these actions therefore are known by the PSC to have claims against the Settling Defendants.

This done the 25th day of May, 2012, New Orleans, Louisiana.

_____
GERALD E. MEUNIER