UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5)* |
| | * | |
| THIS DOCUMENT IS RELATED TO: | * | JUDGE ENGELHARDT |
| *George Burns, et al v. Gulf Stream Coach, Inc.,* | * | |
| *et al;* Civil Action No. 10-02246 | * | MAGISTRATE CHASEZ |

* * * * * * * * * * * * * * *  * * * * * * * * * * *

### GULF STREAM COACH, INC.'S MEMORANDUM IN SUPPORT OF ITS RULE 12(b)(6) MOTION TO DISMISS CERTAIN PLAINTIFFS' CLAIMS FOR PRESCRIPTION

**MAY IT PLEASE THE COURT:**

Defendant, Gulf Stream Coach, Inc. ("Gulf Stream"), respectfully submits the following Memorandum in Support of its Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss for Prescription.

**A.    Background**

This litigation stems from claims made by multiple Plaintiffs against the United States of America, manufactures of temporary housing units, and contractors assigned to work on these temporary housing units, for their actions following Hurricanes Katrina and Rita which made landfall along the Texas and Gulf Coast in September of 2005. On May 18, 2006, the matter of *Keith Hillard, et al. v. The United States of America, et al.,* was filed in Louisiana's Eastern District making these initial claims cited above.[1]  More importantly, *Hillard* was filed on behalf of a class of individuals with similar claims and sought class certification under F.R.C.P. 23.[2] On October 24, 2007, the above captioned Multi-District Litigation was created to allow for the consolidated resolution and completion of discovery and other pre-trial matters.[3]

---

[1] *See Hillard, et al. v. The United States of America, et al.,* 2:06-cv-02576
[2] *Id.* at paras. 2 and 64(I).
[3] *See* 2:07-md-01873, Rec. Doc. #1

On October 28, 2008, Plaintiff Liaison Counsel filed a Motion to Certify Class in accordance with Federal Rule of Procedure 23.[4] This Motion was denied by the Court on December 29, 2008.[5]

However, on December 01, 2008, prior to the Court ruling on the Motion to Certify Class, the independent lawsuit of *Belinda H. Bauer, et al. v. Gulf Stream Coach, et al.,* 2:08-cv-05031, was filed outside of the putative class action asserting substantially similar claims.[6] Thirty-nine Plaintiffs asserting claims against Gulf Stream in the *Bauer* matter eventually joined the *Burns* suit referenced above. As seem below, the claims of these thirty-nine Plaintiffs originally named in the *Bauer* lawsuit were prescribed at the time this suit was filed.

**B.    Law**

In a federal diversity action, Louisiana's one year statute of limitations for delictual actions applies. La.Civ.Code art. 3492; *Orleans Parish Sch. Bd. v. U.S. Gypsum Co.,* 892 F. Supp. 794, 797-98 (E.D. La. 1995) *aff'd sub nom. Orleans Parish Sch. Bd. v. Asbestos Corp. Ltd.*, 114 F.3d 66 (5th Cir. 1997). Under Louisiana law, prescription begins to run "when the person in whose favor a cause of action exists knows or should have known of the existence of his cause of action." *Trizec Properties, Inc. v. United States Mineral Products Co.,* 974 F.2d 602, 607 (5th Cir.1992); La. Civ. Code art. 3493. A person knows or should know of the existence of his cause of action once he has received sufficient notice to prompt a reasonable person to investigate further. *See Jordan v. Employee Transfer Corp.,* 509 So.2d 420, 423-24 (La.1987). Therefore, the above-cited claims have a prescription period of one year from the time the Plaintiff knows or should have known of the existence of the injury.

---

[4] *Id. at* Rec. Doc. #764
[5] *Id.* at Rec. Doc. #1014
[6] *Bauer v. Gulf Stream Coach, Inc.,* Civil Action No. 2:10-cv-05031.

00341742-1

Furthermore, Plaintiffs' prescriptive periods were not suspended during the pendency of the putative class because Plaintiffs voluntary opted-out of the class, thereby forfeiting their right to suspend the prescriptive period.

Generally, prescription against members of a putative class is suspended prior to the certification of the class. La. Code Civ. Pro. art. 596. However, when members of the putative class "opt-out," they lose the suspensive protection against prescription. *Katz v. Allstate Ins. Co.,* 04-1133 (La. App. 4 Cir. 02/02/05) 917 So.2d 443. When a plaintiff, who is a putative class member, chooses to file suit on his own before the class certification decision is made, he is determined to have "opted-out" of the class and forfeits the benefit of Article 596 tolling. *Dixey v. Allstate Ins. Co.,* 09-4443, 2011 WL 4403988 (E.D. La. Sept. 21, 2011) *citing Lester v. Exxon Mobile Corp.,* 09-1105 (La. App. 5 Cir. 06/29/10) 42 So.3d 1071. *See also Duckworth v. Louisiana Farm Bureau Mut. Ins. Co.,* 2011-0837 (La. App. 4 Cir. 11/23/11) 2011 WL 5903854. Thus, the general prescription period of one year from the date Plaintiffs knew or should have known of their injury and potential cause of action applies here.

**C.     Prescribed Claims**

As stated above, the claims of all thirty-nine Plaintiffs originally named in *Bauer* are prescribed, entitling Gulf Stream to dismissal with prejudice. Specifically:

•      Plaintiff, Cecil Andrews, alleges on the Plaintiff Fact Sheet that the injury occurred on September 01, 2005, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over three years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A en globo.*"

•      Plaintiff, Gloria J. Smith, alleges on the Plaintiff Fact Sheet that the injury occurred on May 01, 2006, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over two years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A en globo.*"

•      Plaintiff, Woodrow O. Smith, alleges on the Plaintiff Fact Sheet that the injury occurred on May 01, 2006, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed

over two years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A en globo.*"

•   Plaintiff, Sharunda Stokes on behalf of Ameria Stokes,[7] alleges on the Plaintiff Fact Sheet that the injury occurred on October 01, 2005, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over three years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A en globo.*"

•   Plaintiff, Jayme Scroggins, alleges on the Plaintiff Fact Sheet that the injury occurred on May 01, 2006, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over two years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A en globo.*"

•   Plaintiff, Brandon Self, alleges on the Plaintiff Fact Sheet that the injury occurred on October 01, 2005, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over three years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A en globo.*"

•   Plaintiff, Joyce Scarclif, alleges on the Plaintiff Fact Sheet that the injury occurred on March 01, 2006, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over two years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A en globo.*"

•   Plaintiff, Valerie Thompson on behalf of Jeremy Reese,[8] alleges on the Plaintiff Fact Sheet that the injury occurred on February 01, 2006, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over two years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A en globo.*"

•   Plaintiff, Travis Morrissette, alleges on the Plaintiff Fact Sheet that the injury occurred on January 01, 2005, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over three years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A en globo.*"

•   Plaintiff, Rosa A. Mason, alleges on the Plaintiff Fact Sheet that the injury occurred on May 01, 2006, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over two years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A en globo.*"

---

[7] Exhibit "A" to the *Burns* suit cites the Plaintiff as Shurnda Stokes as Next of Friend of Minor, A.S., referencing Plaintiff number 200424. Exhibit "A" to the *Bauer* suit clarifies that Plaintiff reference number 200424 is Shurnda Stokes as Next of Friend of Minor, Ameria Stokes.

[8] Exhibit "A" to the *Burns* suit cites the Plaintiff as Valeria Thompson as Next of Friend of Minor, J.R., referencing Plaintiff number 200630. Exhibit "A" to the *Bauer* suit clarifies that Plaintiff reference number 200630 is Valeria Thompson as Next of Friend of Minor, Jeremy Reese.

00341742-1

- Plaintiff, Tammy McClantoc on behalf of Kayla McClantoc,[9] alleges on the Plaintiff Fact Sheet that the injury occurred on October 01, 2005, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over three years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A en globo.*"

- Plaintiff, Michael McClantoc, alleges on the Plaintiff Fact Sheet that the injury occurred on October 01, 2005, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over three years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A en globo.*"

- Plaintiff, Tammy McClantoc, alleges on the Plaintiff Fact Sheet that the injury occurred on January 01, 2005, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over three years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A en globo.*"

- Plaintiff, Amber Marine, alleges on the Plaintiff Fact Sheet that the injury occurred on March 01, 2006, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over two years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A en globo.*"

- Plaintiff, Sierra Lynnell Lambert, alleges on the Plaintiff Fact Sheet that the injury occurred on March 01, 2006, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over two years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A en globo.*"

- Plaintiff, Marion E. Jackson, alleges on the Plaintiff Fact Sheet that the injury occurred on May 01, 2006, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over two years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A en globo.*"

- Plaintiff, Phillip O. Jackson, alleges on the Plaintiff Fact Sheet that the injury occurred on May 01, 2006, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over two years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A en globo.*"

- Plaintiff, Paul Daniel Johnson, alleges on the Plaintiff Fact Sheet that the injury occurred on November 01, 2005, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over three years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A en globo.*"

- Plaintiff, Gordon Fortner, alleges on the Plaintiff Fact Sheet that the injury occurred on January 01, 2005, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed

---

[9] Exhibit "A" to the *Burns* suit cites the Plaintiff as Tammy McClantoc as Next of Friend of Minor, K.M., referencing Plaintiff number 201126. Exhibit "A" to the *Bauer* suit clarifies that Plaintiff reference number 201126 is Tammy McClantoc as Next of Friend of Minor, Kayla McClantoc.

00341742-1

over three years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A en globo.*"

•   Plaintiff, Nida Cenales, alleges on the Plaintiff Fact Sheet that the injury occurred on September 01, 2007, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over a year later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A en globo.*"

•   Plaintiff, Wallace Dyron Thomas, alleges on the Plaintiff Fact Sheet that the injury occurred on January 01, 2006, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over two years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A en globo.*"

•   Plaintiff, Donna Robinson on behalf of Lemarques Thompson,[10] alleges on the Plaintiff Fact Sheet that the injury occurred on September 01, 2005, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over three years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A en globo.*"

•   Plaintiff, Amber Timmons, alleges on the Plaintiff Fact Sheet that the injury occurred on January 01, 2006, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over two years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A en globo.*"

•   Plaintiff, Barbara Tims, alleges on the Plaintiff Fact Sheet that the injury occurred on October 01, 2005, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over three years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A en globo.*"

•   Plaintiff, Barbara Tims on behalf of Destiny Tims,[11] alleges on the Plaintiff Fact Sheet that the injury occurred on October 01, 2005, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over three years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A en globo.*"

•   Plaintiff, Barbara Tims on behalf of Douglas Tims, Jr.,[12] alleges on the Plaintiff Fact Sheet that the injury occurred on October 01, 2005, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over three years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A en globo.*"

---

[10] Exhibit "A" to the *Burns* suit cites the Plaintiff as Donna Robinson as Next of Friend of Minor, L.T., referencing Plaintiff number 202321. Exhibit "A" to the *Bauer* suit clarifies that Plaintiff reference number 202321 is Donna Robinson as Next of Friend of Minor, Lamarque Thompson.

[11] Exhibit "A" to the *Burns* suit cites the Plaintiff as Barbara Tims as Next of Friend of Minor, D.T., referencing Plaintiff number 202339. Exhibit "A" to the *Bauer* suit clarifies that Plaintiff reference number 202339 is Babara Tims as Next of Friend of Minor, Destiny Tims.

[12] Exhibit "A" to the *Burns* suit cites the Plaintiff as Barbara Tims as Next of Friend of Minor, D.T., referencing Plaintiff number 202341. Exhibit "A" to the *Bauer* suit clarifies that Plaintiff reference number 202341 is Babara Tims as Next of Friend of Minor, Douglas Tims, Jr.

00341742-1

• Plaintiff, Barbara Tims on behalf of Kia Tims,[13] alleges on the Plaintiff Fact Sheet that the injury occurred on September 01, 2005, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over three years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A en globo.*"

• Plaintiff, Shwanda Petty on behalf of Washanda Seales,[14] alleges on the Plaintiff Fact Sheet that the injury occurred on January 01, 2005, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over three years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A en globo.*"

• Plaintiff, Nicole Strahan, alleges on the Plaintiff Fact Sheet that the injury occurred on January 01, 2006, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over two years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A en globo.*"

• Plaintiff, Nadine Baldwin, alleges on the Plaintiff Fact Sheet that the injury occurred on December 01, 2005, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed three years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A en globo.*"

• Plaintiff, Karen Balog, alleges on the Plaintiff Fact Sheet that the injury occurred on October 01, 2005, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over three years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A en globo.*"

• Plaintiff, Samantha Fortner on behalf of Kerina Byington,[15] alleges on the Plaintiff Fact Sheet that the injury occurred on September 01, 2005, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over three years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A en globo.*"

• Plaintiff, Samantha Fortner on behalf of Destine Fortner,[16] alleges on the Plaintiff Fact Sheet that the injury occurred on September 01, 2005, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over three years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A en globo.*"

---

[13] Exhibit "A" to the *Burns* suit cites the Plaintiff as Barbara Tims as Next of Friend of Minor, K.T., referencing Plaintiff number 202343. Exhibit "A" to the *Bauer* suit clarifies that Plaintiff reference number 202343 is Babara Tims as Next of Friend of Minor, Kia Tims.

[14] Exhibit "A" to the *Burns* suit cites the Plaintiff as Shwanda Petty as Next of Friend of Minor, W.S., referencing Plaintiff number 202772. Exhibit "A" to the *Bauer* suit clarifies that Plaintiff reference number 202772 is Shawanda Petty as Next of Friend of Minor, Washanda Seales.

[15] Exhibit "A" to the *Burns* suit cites the Plaintiff as Samantha Fortner as Next of Friend of Minor, K.B., referencing Plaintiff number 202894. Exhibit "A" to the *Bauer* suit clarifies that Plaintiff reference number 202894 is Samantha Fortner as Next of Friend of Minor, Kerina Byington.

[16] Exhibit "A" to the *Burns* suit cites the Plaintiff as Samantha Fortner as Next of Friend of Minor, D.F., referencing Plaintiff number 202983. Exhibit "A" to the *Bauer* suit clarifies that Plaintiff reference number 202983 is Samantha Fortner as Next of Friend of Minor, Destine Fortner.

00341742-1

• Plaintiff, Wanda Green, alleges on the Plaintiff Fact Sheet that the injury occurred on December 01, 2005, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over three years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A en globo.*"

• Plaintiff, Donnie Green, alleges on the Plaintiff Fact Sheet that the injury occurred on September 01, 2005, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over three years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A en globo.*"

• Plaintiff, Johnny Maxwell, alleges on the Plaintiff Fact Sheet that the injury occurred on October 01, 2005, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over three years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A en globo.*"

• Plaintiff, Nacole Saucier, alleges on the Plaintiff Fact Sheet that the injury occurred on September 01, 2005, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over three years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A en globo.*"

• Plaintiff, Garland Stewart, alleges on the Plaintiff Fact Sheet that the injury occurred on October 01, 2005, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over three years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A en globo.*"

• Plaintiff, Paul Martin, Jr., alleges on the Plaintiff Fact Sheet that the injury occurred on December 01, 2005, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed three years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A en globo.*"

**D.     Conclusion**

Clearly, each of the Plaintiff claims specifically addressed is prescribed. Thus, Defendant, Gulf Stream, prays that this Court dismiss these claims, with prejudice.

Respectfully submitted:

**DUPLASS, ZWAIN, BOURGEOIS,
PFISTER & WEINSTOCK**

s/Andrew D. Weinstock
_____
**ANDREW D. WEINSTOCK (#18495)
JOSEPH G. GLASS (#25397)**

00341742-1

>3838 N. Causeway Boulevard, Suite 2900
>Metairie, Louisiana 70002
>Telephone: (504) 832-3700
>andreww@duplass.com
>jglass@duplass.com
>**Counsel for Defendant, Gulf Stream Coach, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of April, 2012, a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to all known counsel of record by operation of the court's electronic filing system.

>s/Andrew D. Weinstock
>_____
>ANDREW D. WEINSTOCK #18495
>andreww@duplass.com

00341742-1