UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER                                    MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                SECTION "N-5"

JUDGE ENGELHARDT
MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED:
*Ann M. Terrell v. Gulf Stream Coach, et al.,* EDLA 12-0548
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN REPLY TO DEFENDANTS' OPPOSITION
MEMORANDA TO PLAINTIFF'S MOTION TO REMAND**

MAY IT PLEASE THE COURT:

Plaintiff Ann M. Terrell files this Reply Memorandum to Defendants' (Shaw's and Gulf Stream's) Opposition to Motion to Remand this case to the 24th Judicial District Court for the Parish of Jefferson, Louisiana, pursuant to 28 U.S.C. § 1447(c).

Although Plaintiff concedes the merits of a notice of removal are determined based on the pleadings on file at the time of removal, the remand statute specifically affords this Court not just authority to remand but a directive to remand if and when it appears the district court lacks subject matter jurisdiction: "*[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded*." 28 U.S.C. § 1447(c) (emphasis added).   Plaintiff filed a First Supplemental and Amended Petition in the above-captioned matter which removed all allegations of negligent failure to warn against Shaw and all LPLA claims against Shaw, leaving only a claim that Shaw's negligent jacking of the unit caused or contributed to increased formaldehyde emissions. The remaining allegations in Plaintiff's Amended Petition afford no colorable government contractor defense to Shaw, as there were no

reasonably precise specifications in Shaw's IA/TAC contract with FEMA with regard to the jacking procedure utilized by Shaw under its professional engineering judgment.[1]

This Court's Order finding removal appropriate in other cases (Rec. Doc. 24606, denying remand of certain Mississippi cases) does not address the specific, narrowed allegations in this action. Thus, the Order is inapplicable to the Court's analysis of its jurisdiction over the claims advanced in *Terrell*. Moreover, and although not alleged by Gulf Stream in its Opposition, there were no reasonably precise specifications given to Gulf Stream with respect to formaldehyde levels in the trailers it provided. Finally, there is no possibility of diversity jurisdiction in this matter, because of the lack of diversity of citizenship between Plaintiff and Shaw.

Therefore, the Court now lacks subject matter jurisdiction over this case, as there is no "colorable" government contractor defense (i.e., the third prong of the 5th Circuit test in *Winters* for removal under the federal officer statute is not satisfied). This case properly should be remanded to state court.

          Respectfully submitted:

          **GAINSBURGH, BENJAMIN, DAVID,**
          **MEUNIER & WARSHAUER, L.L.C.**

          BY:    /s/M. Palmer Lambert
                   GERALD E. MEUNIER, #9471
                   JUSTIN I. WOODS, #24713
                   M. PALMER LAMBERT, #33228

---

[1] *See* Exhibit 2 to Shaw's Original Notice of Removal at 108-109 (no mention of jacking/lifting). In fact, this issue has already been addressed by Your Honor in an Order and Reasons denying a motion for summary judgment by another IA/TAC, Fluor Enterprises, Inc., based on the government contractor defense and adopted in a similar denial of a motion for summary judgment by Shaw (Rec. Doc. 11910):

> While the Government gave Fluor detailed specifications on the EHU "blocking" procedure, one critically important aspect of that procedure that was left to the discretion of Fluor was the means and method for "jacking up" the EHUs (i.e., for lifting the EHU from the ground up onto concrete blocks).

Rec. Doc. 3205 at 6.

        2800 Energy Centre
        1100 Poydras Street
        New Orleans, Louisiana 70163
        Telephone:    504/522-2304
        Facsimile:     504/528-9973
        ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 16, 2012, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

        */s/M. Palmer Lambert*
        M. PALMER LAMBERT, #33228