UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE:   FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| THIS DOCUMENT PERTAINS TO | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| 09-4725 *Neva Martin, et al v. Lakeside Park Homes, Inc., et al;* | * | |
| 09-7088 *Kerry  Taylor, et al v. Lakeside Park Homes, Inc., et al;* | * | |
| 09-7842 *Jeanell Barnes, et al v. Lakeside Park Homes, Inc., et al;* | * | |
| 09-7907 *Mel Eskridge, as Next Friend of J. B., a minor, et al v. Lakeside Park Homes, Inc., et al;* | * | |
| 10-1262 *Vernette Andry, as Next Friend of K. O., a minor, et al v. Lakeside Park Homes, Inc., et al;* | * | |
| 10-2242 *Ronald Major, et al v. Lakeside Park Homes, Inc., et al;* | * | |
| 10-2254 *Jessica Massey, et al v. Lakeside Park Homes, Inc., et al.* | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO SEVER CLAIMS AND IN THE ALTERNATIVE TO TRANSFER OR REMAND**

**NOW INTO COURT**, through undersigned counsel, come certain Plaintiffs and pursuant to Rule 21 of the Federal Rules of Civil Proc. and PTO 96, Section III, B. (Rec. Doc. 24586), and file this Motion to Sever Claims.  The complaints in the above referenced actions contain claims from plaintiffs who lived in their trailers in the Eastern District of Louisiana and other districts.

In PTO 96, the Court directed the Plaintiffs pursuant to FRCP 21 to file motions to sever claims where venue was not proper in the Eastern District of Louisiana.  Rec. Doc. 24586, p. 5.  Counsel were further directed to categorize the plaintiffs according the district in which venue for their claims is proper. *Id.*

The plaintiffs identified in the following exhibits in their respective causes of action are properly venued in the Eastern District of Louisiana as they have provided addresses to their counsel in the Eastern District of Louisiana:

1. 09-4725 *Neva Martin, et al v. Lakeside Park Homes, Inc., et al;*

2. 09-7088 *Kerry Taylor, et al v. Lakeside Park Homes, Inc., et al;*

3. 09-7842 *Jeanell Barnes, et al v. Lakeside Park Homes, Inc., et al;*

4. 09-7907 *Mel Eskridge, as Next Friend of J. B., a minor, et al v. Lakeside Park Homes, Inc., et al;*

5. 10-1262 *Vernette Andry, as Next Friend of K. O., a minor, et al v. Lakeside Park Homes, Inc., et al;*

6. 10-2242 *Ronald Major, et al v. Lakeside Park Homes, Inc., et al;*

The plaintiffs identified in the following exhibits have provided counsel with addresses in districts other than the Eastern District of Louisiana, and would request the severance or in the alternative transfer or remand of their claims to an appropriate judicial district with a tolling of the applicable statutes of prescription/limitation:

8. 09-4725 *Neva Martin, et al v. Lakeside Park Homes, Inc., et al;*

9. 09-7088 *Kerry Taylor, et al v. Lakeside Park Homes, Inc., et al;*

10. 09-7842 *Jeanell Barnes, et al v. Lakeside Park Homes, Inc., et al;*

11. 09-7907 *Mel Eskridge, as Next Friend of J. B., a minor, et al v. Lakeside Park Homes, Inc., et al;*

12. 10-1262 *Vernette Andry, as Next Friend of K. O., a minor, et al v. Lakeside Park Homes, Inc., et al;*

13. 10-2242 *Ronald Major, et al v. Lakeside Park Homes, Inc., et al;*

Plaintiffs make this request for severance and tolling pursuant to FRCP 21 which provides:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

When a court "severs" a claim against a defendant under FRCP 21, the claim continues against the severed defendant in another guise. *White v. ABCO Eng'g Corp.*, 199 F.3d 140, 145, n. 6 (3d Cir. 1999); *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7thCir. 2006); *Direct TV, Inc. v. Leto*, 467 F.3d 842(9th Cir. 2006).  The statute of limitations is held in abeyance, and the severed suit can proceed so long as it was initially was filed within the limitations period.  *Elmore*, *Id.* and *Direct TV*, *Id*.

Plaintiffs respectfully pray that this Honorable Court grant this Motion to Sever and in the Alternative to Transfer or Remand the claims as requested herein and that the Court's order provide that the statutes of prescription/limitation for these plaintiffs were tolled as at the time of the filing on the respective original complaints.

        Respectfully submitted:

        /s/ Robert C. Hilliard
        _____
        **ROBERT C. HILLIARD**
        Texas State Bar No. 09677700
        ROBERT C. HILLIARD, L.L.P.
        719 S. Shoreline Boulevard, Suite 500
        Corpus Christi, Texas 78401
        Telephone:  (361) 882-1612
        Facsimile:  (361) 882-3015

        **MIKAL C. WATTS**
        Texas State Bar No. 20981820
        MIKAL C. WATTS, P.C.
        2506 N. Port Ave.
        Corpus Christi, Texas 78401
        Telephone: (800) 994-0019
        Facsimile: (361) 882-1261

**RICHARD P. IEYOUB**
Louisiana State Bar and
Eastern District of Louisiana Federal ID No. 2217
CARLETON DUNLAP OLINDE & MOORE, LLC
One American Place, Suite 900
Baton Rouge, LA 70825
Phone 225-282-0600
Fax 225-282-0650

**DANIEL D. WARE**
Mississippi State Bar and
Southern District of Mississippi Federal ID No. 10847
WARE LAW FIRM, PLLC
2609 US Highway 49 South
Florence, Mississippi 39073
Phone: 601-845-WARE (9273)
Fax: 601-845-0749

**ATTORNEYS FOR PLAINTIFFS**


**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading was served on all counsel of record through electronic notification pursuant to the electronic filing in the United States District Court for the Eastern District of Louisiana this 17th day of April, 2012.

/s/ Robert C. Hilliard
_____
**ROBERT C. HILLIARD**

4