**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
|       FORMALDEHYDE PRODUCTS | | |
|       LIABILITY LITIGATION | * | SECTION "N" (5) |
| | | |
| THIS DOCUMENT IS RELATED TO: | * | JUDGE:  ENGLEHARD |
| | | |
| *Cutrer, et al. v. Gulf Stream Coaches, et al.* | * | MAGISTRATE:  CHASEZ |
| *Docket No.: 2:10-cv-03554* | | |
| Plaintiff:  Cody Lawrence Cutrer | * | |
| | | |
| *Cutrer v. American International Group, et al.* | * | |
| *Docket No.: 2:10-cv-03690* | | |
| Plaintiff:  Cody Lawrence Cutrer | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**MEMORANDUM IN SUPPORT OF T-MAC'S UNOPPOSED MOTION TO DISMISS**
**FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDERS 2 and 32 REGARDING**
**PLAINTIFF FACT SHEETS**

**MAY IT PLEASE THE COURT:**

T-Mac, Inc. ("T-Mac") moves this Court for an Order dismissing the claims of Cody Lawrence Cutrer, with prejudice, for failure to comply with Pre-Trial Orders 2 and 32 and provide a plaintiff fact sheet in this matter.

**I.      CREATION OF MDL AND FACT SHEET PROCESS.**

This Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters.  On January 30, 2008, the Court issues Pre-Trial Order No. 2 (PTO 2), establishing procedures for various case management issues. Pre-Trial Order No. 2 required plaintiffs to provide a "plaintiff fact sheet" (PFS), and provide various information related to his/her claim.  The PFS was intended to be a substitute for traditional Interrogatories and Requests for Production of Documents at this stage.  (Rec. Doc. 87).  Pre-Trial Order No. 2 also provided a framework for "curing" those fact sheets when a

particular plaintiff failed to provided one or more responses in his or her fact sheet.  Pre-Trial Order No. 2 stated that when any plaintiff failed to materially comply with his/her obligation to submit a completed PFS within the timelines established, defense counsel was to send counsel for plaintiff outlining the material deficiency.  These procedures were carried over into Pre-Trial Order No. 32, which provided new deadlines within which plaintiffs were required to submit a completed and signed PFS to defense counsel.  (See Rec. Doc. 1180).

## II.    LAW AND ARGUMENT

Cody Cutrer has failed to comply with the Court's Orders relating to PFS and his claims should be dismissed, with prejudice.

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order.  The authority is based upon the court's power to manage and administer its affairs, and to ensure the orderly and expeditious disposition of cases.  *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992); *Colle v. Brazos County, Tex.*, 981 F.2d 237, 242-243 (5th Cir. 1993).  Specifically, Rule 41(b) states:  "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him."  The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interest of justice.  *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F.2d 1214 (5th Cir. 1970).

As set forth below, both cases involving plaintiff Cody Lawrence Cutrer were filed in October 2010, therefore, Section G of Pre-Trial Order No. 32 governs the submittal of his PFS. This section states:

> For any Complaint filed after November 30, 2009, and for which the individual has not completed a PFS, a completed and verified PFS form for each named plaintiff shall be served within thirty (30) days of filing of the individual claims, failing which said claims shall be dismissed with prejudice, absent a showing of good cause.

On October 13, 2010, plaintiff, Cody Lawrence Cutrer, filed a Complaint for Damages, *Cody Lawrence Cutrer, et al. v. Gulf Stream Coach, Inc., et al.* case, Docket No. 10-3554, and identified T-Mac as the installer of the trailer at his residence..[1] (Rec. Doc. 1). Curter alleges that he resided in a Gulf Stream trailer at a location in Chalmette, Louisiana and a location in Meraux, Louisiana. According to Pre-Trial Order No. 32, Cutrer was required to produce a PFS within thirty (30) days of filing his lawsuit, on or before November 13, 2010.

On October 15, 2010, Cutrer filed another Complaint for Damages, *Cody Lawrence Cutrer, et al. v. American International Group, Inc., et al.* case, Docket No. 10-3690, which identified T-Mac as the installer of a Fleetwood trailer at his residence located at 44 W. Carmack St., Chalmette, Louisiana 70043 and at a Delchamps lot, located in Meraux, Louisiana 70075.[2] (Rec. Doc. 1). According to Pre-Trial Order No. 32, Cuter was required to produce a PFS within thirty (30) days of filing this lawsuit, on or before November 15, 2010.

Counsel for T-Mac sent correspondence to counsel for Plaintiff on January 26, 2011, requesting clarification on the two lawsuits filed by Cody Cutrer, as well as his family members, Colton Cutrer (brother) and Roxanne Rome-Cutrer (mother). (*See* Exhibit A). Counsel for T-

---

[1] Cody Cutrer was previously named as a plaintiff in the Dorothy Sue Acosta v. Gulf Stream Coach, Inc. case, Docket No. 09-4661, filed on July 30, 2009, and identified T-Mac as a defendant in this action.

[2] Cody Cutrer was previously named as a plaintiff in the Jean Adams v. Fleetwood Canada, LTD. case, Docket No. 09-4371, filed on July 10, 2009, and identified T-Mac as a defendant in this action.

Mac also requested plaintiff's counsel produce the applicable PFS for Cody Cutrer, and his family members.  On February 28, 2011, counsel for Plaintiff provided undersigned counsel with four separate PFS for Colton Cutrer by email.[3]  However, counsel for T-Mac was not provided with a PFS for plaintiff, Cody Cutrer.

On January 23, 2012, counsel for T-Mac renewed its request for a PFS for Cody Cutrer to plaintiff's counsel.  After conducting a review of its inventory, counsel for T-Mac was advised by Jessica Bastoe on behalf of Sidney Torres' law firm that they were unable to locate a PFS for plaintiff, Cody Cutrer.  (*See* Exhibit B).

On March 5, 2012, counsel for T-Mac sent correspondence to Sidney Torres' law firm again confirming that no PFS was prepared and submitted on behalf of Cody Cutrer.  (*See* Exhibit C).  Counsel for T-Mac subsequently spoke with counsel for plaintiff, and was advised that there is no opposition to the filing of this Motion to Dismiss by T-Mac.  Plaintiff, Cody Cutrer, preserves all claims against all other persons or entities named in the above-referenced matters.

Plaintiff, Cody Cutrer, had sufficient opportunity to submit his PFS in accordance with PTO Nos. 2 and 32.  Counsel for T-Mac has requested Cutrer's counsel provide his PFS on two occasions, but has been advised that no form exists.

III.    CONCLUSION

For the reasons set forth above, and in accordance with Pre-Trial Orders 2 and 32 and Federal Rules of Civil Procedure 41(b), defendant, T-Mac, respectfully requests that this Unopposed Motion to Dismiss be granted and Cody Cutrer's claims against T-Mac in both of the above-referenced actions be dismissed with prejudice.

---

[3] Plaintiff's counsel also provided counsel for T-Mac with a PFS for Joseph Cutrer, Jr., who has not identified T-Mac as the installer of the trailer at his residence.

Respectfully submitted,

**DEGAN, BLANCHARD & NASH**

___*/s/ Laura M. Mayes*_____
SIDNEY W. DEGAN, III (#04804)
JENNIFER S. KILPATRICK (#26510)
LAURA M. MAYES (#32197)
400 Poydras Street, Suite 2600
New Orleans, LA 70130
Telephone:  504-529-3333
Facsimile:  504-529-3337
E-Mail:  *lmayes@degan.com*

*Attorneys for T-Mac, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing pleading has been filed electronically with the Clerk of Court by using the CM/ECF system; that the foregoing pleading has been mailed electronically by the Clerk of Court to all parties who have registered to receive electronic notification; and that notice of the filing of the foregoing pleading has been delivered by other means by the Clerk of Court to all parties who have not registered to receive electronic notification on this 17th day of April, 2012.

___*/s/ Laura M. Mayes*_____
**LAURA M. MAYES**

L:\168\7024\Doc\04 Memo In Support.doc