UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
|           FORMALDEHYDE PRODUCTS | * | |
|           LIABILITY LITIGATION | * | SECTION "N" (5)* |
| | * | |
| THIS DOCUMENT IS RELATED TO: | * | JUDGE ENGELHARDT |
| *Michelle Abram, et al v. Gulf Stream Coach, Inc.,* | * | |
|  *et al;* Civil Action No. 10-0196 | * | MAGISTRATE CHASEZ |

* * * * * * * * * * * * * *   * * * * * * * * * * *

### GULF STREAM COACH, INC.'S MEMORANDUM IN SUPPORT OF ITS RULE 12(b)(6) MOTION TO DISMISS CERTAIN PLAINTIFFS' CLAIMS FOR PRESCRIPTION

**MAY IT PLEASE THE COURT:**

Defendant, Gulf Stream Coach, Inc. ("Gulf Stream"), respectfully submits the following Memorandum in Support of its Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss for Prescription.

**A.    Background**

This litigation stems from claims made by multiple Plaintiffs against the United States of America, manufactures of temporary housing units, and contractors assigned to work on these temporary housing units, for their actions following Hurricanes Katrina and Rita which made landfall along the Texas and Gulf Coast in September of 2005. On May 18, 2006, the matter of *Keith Hillard, et al. v. The United States of America, et al.,* was filed in Louisiana's Eastern District making these initial claims cited above.[1]  More importantly, *Hillard* was filed on behalf of a class of individuals with similar claims and sought class certification under F.R.C.P. 23.[2] On October 24, 2007, the above captioned Multi-District Litigation was created to allow for the consolidated resolution and completion of discovery and other pre-trial matters.[3]

---

[1] *See Hillard, et al. v. The United States of America, et al.,* 2:06-cv-02576
[2] *Id.* at paras. 2 and 64(I).
[3] *See* 2:07-md-01873, Rec. Doc. #1

00343574-1

On October 28, 2008, Plaintiff Liaison Counsel filed a Motion to Certify Class in accordance with Federal Rule of Procedure 23.[4] This Motion was denied by the Court on December 29, 2008.[5]

However, on August 07, 2007, prior to the Court ruling on the Motion to Certify Class, the independent lawsuit of *Jerome Anthony Culler, et al. v. Gulf Stream Coach, et al.,* 2:07-cv-04018, was filed outside of the putative class action asserting substantially similar claims.[6] Twelve Plaintiffs asserting claims against Gulf Stream in the *Culler* matter eventually joined the *Abram* suit referenced above. As seen below, the claims of these twelve Plaintiffs originally named in the *Abram* lawsuit were prescribed at the time this suit was filed. As such, Gulf Stream is entitled to have these claims dismissed with prejudice.

**B.     Law**

In a federal diversity action, Louisiana's one year statute of limitations for delictual actions applies. La.Civ.Code art. 3492; *Orleans Parish Sch. Bd. v. U.S. Gypsum Co.,* 892 F. Supp. 794, 797-98 (E.D. La. 1995) *aff'd sub nom. Orleans Parish Sch. Bd. v. Asbestos Corp. Ltd.*, 114 F.3d 66 (5th Cir. 1997). Under Louisiana law, prescription begins to run "when the person in whose favor a cause of action exists knows or should have known of the existence of his cause of action." *Trizec Properties, Inc. v. United States Mineral Products Co.,* 974 F.2d 602, 607 (5th Cir.1992); La. Civ. Code art. 3493. A person knows or should know of the existence of his cause of action once he has received sufficient notice to prompt a reasonable person to investigate further. *See Jordan v. Employee Transfer Corp.,* 509 So.2d 420, 423-24 (La.1987). Therefore, the above-cited claims have a prescription period of one year from the time the Plaintiff knows or should have known of the existence of the injury.

---

[4] *Id. at* Rec. Doc. #764
[5] *Id.* at Rec. Doc. #1014
[6] *Culler v. Gulf Stream Coach, Inc.,* Civil Action No. 2:07-cv-04018.

00343574-1

Furthermore, Plaintiffs' prescriptive periods were not suspended during the pendency of the putative class because Plaintiffs voluntary opted-out of the class, thereby forfeiting their right to suspend the prescriptive period.

Generally, prescription against members of a putative class is suspended prior to the certification of the class. La. Code Civ. Pro. art. 596. However, when members of the putative class "opt-out," they lose the suspensive protection against prescription. *Katz v. Allstate Ins. Co.,* 04-1133 (La. App. 4 Cir. 02/02/05) 917 So.2d 443. When a plaintiff, who is a putative class member, chooses to file suit on his own before the class certification decision is made, he is determined to have "opted-out" of the class and forfeits the benefit of Article 596 tolling. *Dixey v. Allstate Ins. Co.,* 09-4443, 2011 WL 4403988 (E.D. La. Sept. 21, 2011) *citing Lester v. Exxon Mobile Corp.,* 09-1105 (La. App. 5 Cir. 06/29/10) 42 So.3d 1071. *See also Duckworth v. Louisiana Farm Bureau Mut. Ins. Co.,* 2011-0837 (La. App. 4 Cir. 11/23/11) 2011 WL 5903854. Thus, the general prescription period of one year from the date Plaintiffs knew or should have known of their injury and potential cause of action applies here.

**C.     Prescribed Claims**

As stated above, the claims of the twelve Plaintiffs originally named in *Culler* lawsuit are prescribed, entitling Gulf Stream to dismissal with prejudice. Specifically:

•     Plaintiff, Joel C. Alsandor, alleges on the Plaintiff Fact Sheet that his injuries first occurred on May 12, 2006. The *Culler* suit was filed over a year later on August 07, 2007. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

•     Plaintiff, Emma Anderson, alleges on the Plaintiff Fact Sheet that her injuries first occurred in February of 2006. The *Culler* suit was filed over a year later on August 07, 2007. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

•     Plaintiff, Terrence Kerome Barholomew, alleges on the Plaintiff Fact Sheet/Errata Sheet that his injuries first occurred on June 19, 2006. The *Culler* suit was filed over a year later on August 07, 2007. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

00343574-1

•       Plaintiff, Portia Bradford, alleges on the Plaintiff Fact Sheet that her injuries first occurred in June of 2006.  The *Culler* suit was filed over a year later on August 07, 2007. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

•       Plaintiff, Delicia Brown, alleges on the Plaintiff Fact Sheet that she moved into the trailer in March of 2006. She further alleges that her injuries first occurred three months after moving into the trailer, June of 2006. The *Culler* suit was filed over a year later on August 07, 2007. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

•       Plaintiff, Tammy Clark, alleges on the Plaintiff Fact Sheet that her injuries first occurred in "Spring of 2006."  The *Culler* suit was filed over a year later on August 07, 2007. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

•       Plaintiff, Dwight Cummins, alleges on the Plaintiff Fact Sheet that his injuries first occurred in June of 2006.  The *Culler* suit was filed over a year later on August 07, 2007. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

•       Plaintiff, Myra Cummins, alleges on the Plaintiff Fact Sheet that her injuries first occurred in May of 2006.  The *Culler* suit was filed over a year later on August 07, 2007. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

•       Plaintiff, Corey Davis, alleges on the Plaintiff Fact Sheet that his injuries first occurred in May of 2006.  The *Culler* suit was filed over a year later on August 07, 2007. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

•       Plaintiff, Geraldine Davis, alleges on the Plaintiff Fact Sheet/Errata Sheet that her injuries first occurred in January of 2006.  The *Culler* suit was filed over a year later on August 07, 2007. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

•       Plaintiff, Miriam Davis, alleges on the Plaintiff Fact Sheet that her injuries first occurred in May of 2006.  The *Culler* suit was filed over a year later on August 07, 2007. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

**D.      Conclusion**

Clearly, each of the Plaintiff claims specifically addressed is prescribed. Thus, Defendant, Gulf Stream, prays that this Court dismiss these claims, with prejudice.

00343574-1

Respectfully Submitted,

*DUPLASS, ZWAIN, BOURGEOIS,*
*PFISTER & WEINSTOCK*

s/ *Andrew D. Weinstock*
_____
**ANDREW D. WEINSTOCK #18495**
**JOSEPH G. GLASS #25397**
Three Lakeway Center, Suite 2900
3838 N. Causeway Boulevard
Metairie, Louisiana  70002
Telephone: (504) 832-3700
Facsimile: (504) 837-3119
**MANUFACTURING DEFENDANTS**
**LIAISON COUNSEL**

## CERTIFICATE OF SERVICE

**I DO HEREBY CERTIFY** that on this 18th day of April, 2012, a copy of the above and foregoing was filed electronically.  Notice of this pleading was sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF system.

s/ *Andrew D. Weinstock*
_____
**ANDREW D. WEINSTOCK**