UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
|     FORMALDEHYDE | * | |
|     PRODUCTS LIABILITY | * | SECTION: N(4) |
|     LITIGATION | * | |
| | * | JUDGE: ENGELHARDT |
| This Document Relates to: *Ann M. Terrell v.* | * | |
| *Gulf Stream Coach, et al.,* Docket No. 12-0548 | * | MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## SUR-REPLY IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

**MAY IT PLEASE THE COURT:**

    Defendant, Gulf Stream Coach, Inc., ("Gulf Stream"), files this Sur-Reply Memorandum in support of its Opposition to Plaintiff's Motion to Remand. Gulf Stream originally argued that Shaw was entitled to remove the suit under the Federal Officer Removal Statute, and Plaintiff's post-removal dismissal of certain claims – designed to defeat Shaw's basis for removal under the Statute – had no bearing on the remand because the facts of remand are decided at the time of removal. Plaintiff's Reply Memorandum in no way addresses the fact that post-removal amendments have no bearing on the issue of remand, and simply reiterates that after the case was removed, she dismissed the claims that entitled Shaw to removal in the first place. Gulf Stream adopts its original Opposition, and shows again that post-removal amendments such as the one filed by Plaintiff have no effect on the removal of this matter.

    Moreover, although Plaintiff filed a Reply Memorandum on April 17, 2012, in support of its Motion to Remand, the plaintiffs and Shaw reached a global agreement in principle to settle the claims against Shaw. Plaintiff is represented by the same counsel who negotiated the global settlement with Shaw, which was reached within hours of Plaintiff filing her Reply

Memorandum. Considering that negotiations preceded the agreement, it is obvious that Plaintiff and her lawyers were never serious about pursuing the Shaw claim; now, that cannot be disputed. Because Plaintiff will dismiss Shaw and the parties will have complete diversity, jurisdiction before this Court is proper, and the Motion to Remand must be denied.

        Respectfully submitted:

        DUPLASS, ZWAIN, BOURGEOIS,
        PFISTER & WEINSTOCK

        s/Andrew D. Weinstock
        _____
        **ANDREW D. WEINSTOCK (#18495)**
        **JOSEPH G. GLASS (#25397)**
        3838 N. Causeway Boulevard, Suite 2900
        Metairie, Louisiana 70002
        Telephone: (504) 832-3700
        andreww@duplass.com
        jglass@duplass.com

        and

        SCANDURRO & LAYRISSON
        Timothy D. Scandurro #18424
        Dewey M. Scandurro #23291
        607 St. Charles Avenue
        New Orleans, LA 70130
        Telephone: (504) 522-7100
        tim@scanlayr.com
        dewey@scanlayr.com
        ***Counsel for Defendant, Gulf Stream Coach, Inc***

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of April, 2012, a copy of the foregoing Sur-Reply in Support of Opposition to Plaintiffs' Motion to Remand was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this file will be sent to all known counsel of record by operation of the court's electronic filing system.

s/Andrew D. Weinstock
_____
ANDREW D. WEINSTOCK #18495
andreww@duplass.com

00344203-1