UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
|  FORMALDEHYDE PRODUCTS | * | |
|  LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE: ENGELHARDT |
| THIS DOCUMENT IS RELATED TO: | * | |
| | * | |
| *Pizani v. Gulf Stream Coach, Inc.,* | * | MAG: CHASEZ |
| *et al*; Docket No. 09-2944 | * | |

*****************************************************************************

## ANSWER TO COMPLAINT FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Gulf Stream

Coach, Inc., which answers the Complaint for Damages filed by Plaintiff, Stephanie Pizani, as

follows:

I.

The allegations contained in Paragraph 1 of Plaintiffs' Complaint for Damages are denied

for lack of sufficient information to justify a belief therein.

II.

The allegations contained in Paragraph 2 of Plaintiffs' Complaint for Damages do not

require a response on the part of Gulf Stream Coach, Inc.  To the extent that a response is

required, Gulf Stream Coach, Inc. respectfully submits that Exhibit "A" is its own best evidence

of the contents contained therein.

III.

Gulf Stream Coach, Inc. admits that it is an Indiana corporation with its principle office

in Nappanee, Indiana and that it manufactured and supplied travel trailers that were sold directly

to FEMA.  All other allegations contained in Paragraph 3 of Plaintiffs' Complaint for Damages

are denied for lack of sufficient information to justify a belief therein.

IV.

The allegations contained in Paragraph 4 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

V.

The allegations contained in Paragraph 5 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

VI.

The allegations contained in Paragraph 6 of Plaintiffs' Complaint for Damages constitute legal conclusions to which no response is required on the part Gulf Stream Coach, Inc.  To the extent that a response is required, Gulf Stream Coach, Inc. admits that the jurisdictional requirements of this Court are satisfied.

VII.

The allegations contained in Paragraph 7 of Plaintiffs' Complaint for Damages constitute legal conclusions to which no response is required on the part Gulf Stream Coach, Inc.  To the extent that a response is required, Gulf Stream Coach, Inc. denies that any individual plaintiff suffered damages as alleged.  In further response, Gulf Stream Coach, Inc. admits that the jurisdictional requirements of this Court are satisfied.

VIII.

The allegations contained in Paragraph 8 of Plaintiffs' Complaint for Damages constitute legal conclusions to which no response is required on the part Gulf Stream Coach, Inc.  To the extent that a response is required, Gulf Stream Coach, Inc. admits that the jurisdictional requirements of this Court are satisfied.

IX.

The allegations contained in Paragraph 9 of Plaintiffs' Complaint for Damages constitute legal conclusions to which no response is required on the part Gulf Stream Coach, Inc.  To the extent that a response is required, Gulf Stream Coach, Inc. admits that the jurisdictional requirements of this Court are satisfied.

X.

The allegations contained in Paragraph 10 of Plaintiffs' Complaint for Damages constitute legal conclusions to which no response is required on the part Gulf Stream Coach, Inc. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

XI.

The allegations contained in Paragraph 11 of Plaintiffs' Complaint for Damages constitute legal conclusions to which no response is required on the part Gulf Stream Coach, Inc. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

XII.

The allegations contained in Paragraph 12 of Plaintiffs' Complaint for Damages constitute legal conclusions to which no response is required on the part Gulf Stream Coach, Inc. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

XIII.

The allegations contained in Paragraph 13 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

XIV.

The allegations contained in Paragraph 14 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

XV.

The allegations contained in Paragraph 15 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

XVI.

The allegations contained in Paragraph 16 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

XVII.

The allegations contained in Paragraph 17 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

XVIII.

The allegations contained in Paragraph 18 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

XIX.

The allegations contained in Paragraph 19 of Plaintiffs' Complaint for Damages are denied.

XX.

The allegations contained in Paragraph 20 of Plaintiffs' Complaint for Damages are denied.

XXI.

The allegations contained in Paragraph 21 of Plaintiffs' Complaint for Damages are denied.

XXII.

The allegations contained in Paragraph 22 of Plaintiffs' Complaint for Damages are denied.

XXIII.

The allegations contained in Paragraph 23 of Plaintiffs' Complaint for Damages are denied.

XXIV.

The allegations contained in Paragraph 24 of Plaintiffs' Complaint for Damages are denied.

XXV.

The allegations contained in Paragraph 25 of Plaintiffs' Complaint for Damages constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc. To the extent that a response is required, Gulf Stream Coach, Inc. submits that 24 C.F.R. §3280.309 is its own best evidence.

XXVI.

The allegations contained in Paragraph 26 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

XXVII.

The allegations contained in Paragraph 27 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

## XXVIII.

The allegations contained in Paragraph 28 of Plaintiffs' Complaint for Damages constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, Gulf Stream Coach, Inc. submits that 24 C.F.R. §3280.308 is its own best evidence.

## XXIX.

The allegations contained in Paragraph 29 of Plaintiffs' Complaint for Damages constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, Gulf Stream Coach, Inc. submits that 44 C.F.R. §206.110(e) is its own best evidence.

## XXX.

The allegations contained in Paragraph 30 of Plaintiffs' Complaint for Damages are denied.

## XXXI.

The allegations contained in Paragraph 31 of Plaintiffs' Complaint for Damages do not require a response on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, Gulf Stream Coach, Inc. submits that 42 U.S.C. §4121 *et seq.*, Public Law 93-288, Title IV, §408 (1988), and 42 U.S.C.A. §5174 are their own best evidence.

## XXXII.

The allegations contained in Paragraph 32 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

XXXIII.

The allegations contained in Paragraph 33 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

XXXIV.

The allegations contained in Paragraph 34 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

XXXV.

The allegations contained in Paragraph 35 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

XXXVI.

The allegations contained in Paragraph 36 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

XXXVII.

The allegations contained in Paragraph 37 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

XXXIII.

The allegations contained in Paragraph 38 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

XXIX.

To the extent that the allegations contained in Paragraph 39 of Plaintiffs' Complaint for Damages apply to Gulf Stream Coach, Inc., the allegations are denied as written. The remaining allegations contained in Paragraph 39 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

XL.

The allegations contained in Paragraph 40 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

XLI.

The allegations contained in Paragraph 41 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

XLII.

The allegations contained in Paragraph 42 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

XLIII.

The allegations contained in Paragraph 43 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

XLIV.

The allegations contained in Paragraph 44 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

XLV.

The allegations contained in Paragraph 45 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

XLVI.

The allegations contained in Paragraph 46 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

XLVII.

The allegations contained in Paragraph 47 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

XLII.

The allegations contained in Paragraph 48 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

XLIX.

The allegations contained in Paragraph 49 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

L.

The allegations contained in Paragraph 50 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

LI.

The allegations contained in Paragraph 51 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

LII.

The allegations contained in Paragraph 52 of Plaintiffs' Complaint for Damages do not require a response on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

LIII.

The allegations contained in Paragraph 53 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

LIV.

The allegations contained in Paragraph 54 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

LV.

The allegations contained in Paragraph 55 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

LVI.

The allegations contained in Paragraph 56 of Plaintiffs' Complaint for Damages are denied as written.

LVII.

The allegations contained in Paragraph 57 of Plaintiffs' Complaint for Damages are denied as written.

LIII.

The allegations contained in Paragraph 58 of Plaintiffs' Complaint for Damages are denied as written.

LIX.

The allegations contained in Paragraph 59 of Plaintiffs' Complaint for Damages are denied as written.

LX.

The allegations contained in Paragraph 60 of Plaintiffs' Complaint for Damages are denied as written.

LXI.

The allegations contained in Paragraph 61 of Plaintiffs' Complaint for Damages do not require a response on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, Gulf Stream Coach, Inc. submits that any document is its own best evidence of the contents contained therein.

LXII.

The allegations contained in Paragraph 62 of Plaintiffs' Complaint for Damages are denied as written.

LXIII.

The allegations contained in Paragraph 63 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

LXV.

The allegations contained in Paragraph 64 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

LXV.

The allegations contained in Paragraph 65 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

LXVI.

The allegations contained in Paragraph 66 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

LXVII.

The allegations contained in Paragraph 67 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

LXIII.

The allegations contained in Paragraph 68 of Plaintiffs' Complaint for Damages are denied as written.

LXIX.

The allegations contained in Paragraph 69 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

LXX.

The allegations contained in Paragraph 70 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

LXXI.

The allegations contained in Paragraph 71 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

LXXII.

The allegations contained in Paragraph 72 of Plaintiffs' Complaint for Damages are denied as written.

LXXIII.

The allegations contained in Paragraph 73 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

LXXIV.

The allegations contained in Paragraph 74 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

LXXV.

The allegations contained in Paragraph 75 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

LXXVI.

The allegations contained in Paragraph 76 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

LXXVII.

The allegations contained in Paragraph 77 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

LXXVIII.

The allegations contained in Paragraph 78 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

LXXIX.

The allegations contained in Paragraph 79 of Plaintiffs' Complaint for Damages constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations contained in Paragraph 79 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

LXXX.

The allegations contained in Paragraph 80 of Plaintiffs' Complaint for Damages constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations contained in Paragraph 80 of

Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

## LXXXI.

The allegations contained in Paragraph 81 of Plaintiffs' Complaint for Damages constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc. To the extent that a response is required, the allegations contained in Paragraph 81 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

## LXXXII.

The allegations contained in Paragraph 82 of Plaintiffs' Complaint for Damages constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc. To the extent that a response is required, the allegations contained in Paragraph 82 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

## LXXXIII.

The allegations contained in Paragraph 83 of Plaintiffs' Complaint for Damages constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc. To the extent that a response is required, the allegations contained in Paragraph 83 of Plaintiffs' Complaint for Damages are denied as written.

## LXXXIV.

The allegations contained in Paragraph 84 of Plaintiffs' Complaint for Damages constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc. To the extent that a response is required, the allegations contained in Paragraph 84 of

Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

LXXXV.

There are no allegations 85 through 96 in Plaintiffs' Complaint for Damages.

LXXXVI.

The allegations contained in Paragraph 97 of Plaintiffs' Complaint for Damages constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc. To the extent that a response is required, the allegations contained in Paragraph 97 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

LXXXVII.

The allegations contained in Paragraph 98 of Plaintiffs' Complaint for Damages constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc. To the extent that a response is required, the allegations contained in Paragraph 98 of Plaintiffs' Complaint for Damages are denied.

LXXXVIII.

The allegations contained in Paragraph 99 of Plaintiffs' Complaint for Damages constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc. To the extent that a response is required, the allegations contained in Paragraph 99 of Plaintiffs' Complaint for Damages are denied.

LXXXIX.

The allegations contained in Paragraph 100 of Plaintiffs' Complaint for Damages constitute legal conclusions to which no response is required on the part of Gulf Stream Coach,

Inc.  To the extent that a response is required, the allegations contained in Paragraph 100 of Plaintiffs' Complaint for Damages are denied.

XC.

The allegations contained in Paragraph 101 of Plaintiffs' Complaint for Damages constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations contained in Paragraph 101 of Plaintiffs' Complaint for Damages are denied.

XCI.

The allegations contained in Paragraph 102 of Plaintiffs' Complaint for Damages constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations contained in Paragraph 102 of Plaintiffs' Complaint for Damages are denied.

XCII.

In response to the allegations contained in Paragraph 103 of Plaintiffs' Complaint for Damages, Gulf Stream Coach, Inc. reavers and reasserts its Answers contained in Paragraphs I through XCI above, as if copied herein, *in extenso*.

XCIII.

The allegations contained in Paragraph 104 of Plaintiffs' Complaint for Damages constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations contained in Paragraph 104 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

XCIV.

`The allegations contained in Paragraph 105 of Plaintiffs' Complaint for Damages constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations contained in Paragraph 105 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

XCV.

The allegations contained in Paragraph 106 of Plaintiffs' Complaint for Damages constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations contained in Paragraph 106 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

XCVI.

The allegations contained in Paragraph 107 of Plaintiffs' Complaint for Damages constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations contained in Paragraph 107 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

XCVII.

The allegations contained in Paragraph 108 of Plaintiffs' Complaint for Damages constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations contained in Paragraph 108 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

XCVIII.

The allegations contained in Paragraph 109 of Plaintiffs' Complaint for Damages constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations contained in Paragraph 109 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

XCIX.

In response to the allegations contained in Paragraph 110 of Plaintiffs' Complaint for Damages, Gulf Stream Coach, Inc. reavers and reasserts its Answers contained in Paragraphs I through XCIX above, as if copied herein, *in extenso*.

C.

The allegations contained in Paragraph 111 of Plaintiffs' Complaint for Damages constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations contained in Paragraph 111 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

CI.

The allegations contained in Paragraph 112 of Plaintiffs' Complaint for Damages constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations contained in Paragraph 112 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

CII.

The allegations contained in Paragraph 113 of Plaintiffs' Complaint for Damages constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations contained in Paragraph 113 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

CIII.

The allegations contained in Paragraph 114 of Plaintiffs' Complaint for Damages constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations contained in Paragraph 114 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

CIV.

The allegations contained in Paragraph 115 of Plaintiffs' Complaint for Damages constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations contained in Paragraph 115 of Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

CV.

The allegations contained in Paragraph 116 of Plaintiffs' Complaint for Damages constitute legal conclusions to which no response is required on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, the allegations contained in Paragraph 116 of

Plaintiffs' Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

CVI.

In response to the allegations contained in the Paragraph 117, under the caption "Compensatory Damages," of Plaintiffs' Complaint for Damages, Gulf Stream Coach, Inc. asserts that the named Plaintiffs are not entitled to the damages asserted.

CVII.

In response to the allegations contained in the Paragraph captioned "Request for Jury Trial" of Plaintiffs' Complaint for Damages, Gulf Stream Coach, Inc. asserts that it is entitled to a trial by jury on all issues herein.

CVIII.

In response to the allegations contained in the Paragraph captioned "Prayer for Relief," of Plaintiffs' Complaint for Damages, Gulf Stream Coach, Inc. asserts that the named Plaintiffs are not entitled to the relief requested. Further, the allegations contained in any and all unnumbered and/or misnumbered paragraphs of Plaintiffs' Complaint for Damages are denied.

CVIV.

**AND NOW, FURTHER ANSWERING,** Gulf Stream Coach, Inc. avers:

**<u>FIRST DEFENSE</u>**

The Plaintiff's Complaint for Damages fails to state a claim or cause of action against Gulf Stream Coach, Inc. upon which relief can be granted.

**<u>SECOND DEFENSE</u>**

The claims against Gulf Stream Coach, Inc. are, or may be, barred in whole or in part by Plaintiffs' failure to institute suit within the period of time required by the applicable statutes of

20

limitation and/or any applicable limitation of actions, or by peremption or prescription, or failure to initiate suit within the period of time required by the applicable prescriptive periods and/or any limitation of actions contained in any applicable contracts.

### THIRD DEFENSE

Gulf Stream Coach, Inc. shows that it has supplied for FEMA travel trailers since at least 1992, and that its travel trailers were designed, constructed, and manufactured in conformity with industry standards and in compliance with FEMA specifications.

### FOURTH DEFENSE

Gulf Stream Coach, Inc.'s travel trailers were manufactured according to the specifications of the United States government, which had specific requirements regarding the design and construction of the travel trailers.  Any alleged defect claimed herein, which is specifically denied, is the result of the standards mandated by the United States government over which Gulf Stream Coach, Inc. had no control.  Accordingly, Gulf Stream Coach, Inc. is immunized from liability by the government contractor defense.

### FIFTH DEFENSE

Gulf Stream Coach, Inc. pleads to the extent applicable all defenses allowed under the La. Health Emergency Powers Act, LSA--R.S. 29:771, and/or other Louisiana law.

### SIXTH DEFENSE

Gulf Stream Coach, Inc. specifically denies the existence of any defect or defects that would render its product unreasonably dangerous under the Louisiana Products Liability Act, the limited warranty, and/or any other applicable law, contract, or standard.

### SEVENTH DEFENSE

Gulf Stream Coach, Inc. reasserts as affirmative defenses the defenses raised in the

Manufacturing Defendants' Joint Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 210), including Gulf Stream Coach, Inc.'s joinder therein, and Gulf Stream's Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 1811), and incorporates the Court's Order and Reasons (Rec. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss and the Court's Order and Reasons (Rec. Doc. 2322) on Gulf Stream's Rule 12(b)(6) Motion to Dismiss, respectively, as if plead herein, *in extenso*, and asserts that all claims contrary to the orders are precluded.

### EIGHTH DEFENSE

Solely in the alternative, in the event the Court finds the plaintiff has suffered any damages whatsoever, the damages complained of resulted solely or substantially from the negligence, fault or comparative fault of the plaintiffs through misuse and/or abuse and/or lack of maintenance of the travel trailers, failure to follow instructions for use, failure to heed applicable warnings, and/or through other acts or omissions which will be shown more fully at the trial of this matter and which preclude recovery by plaintiffs or reduce any recovery by her respective percentage of fault.

### NINTH DEFENSE

Further in the alternative, all damages complained of resulted solely or substantially from the negligence, fault or comparative fault of third parties for whom Gulf Stream Coach, Inc. is not responsible.

### TENTH DEFENSE

Solely in the alternative, in the event this Court determines there was any defect in any travel trailer, which is specifically denied, said defect was apparent and obvious and could be easily avoided or remedied, precluding any recovery by plaintiff.

### ELEVENTH DEFENSE

All of the claims asserted against Gulf Stream Coach, Inc. are preempted or otherwise

precluded by the statutes, standards, regulations, and rules propagated by the Federal Government and/or HUD, and/or FEMA, and/or the plaintiff's lease agreement with FEMA.

## TWELFTH DEFENSE

Gulf Stream Coach, Inc. further pleads that plaintiffs' claims are, or may be, barred, in whole or in part, to the extent that the Economic Loss Doctrine applies and incorporates Court's Order and Reasons (R. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss as if plead herein, *in extenso*.

## THIRTEENTH DEFENSE

Claims against Gulf Stream Coach, Inc. are, or may be, barred in whole or in part by the doctrines of estoppel, release or waiver.

## FOURTEENTH DEFENSE

Any express warranty obligations that may be owed by Gulf Stream Coach, Inc. are strictly limited by the terms of the limited warranty, including all of its limitations and exclusions, which are pleaded herein, as if copied *in extenso*.

## FIFTEENTH DEFENSE

Upon information and belief, plaintiffs has failed to mitigate there damages.

## SIXTEENTH DEFENSE

In the event that discovery reveals the following, Gulf Stream Coach, Inc. specifically pleads that the accident and/or injuries sued upon herein occurred only and solely due to the substantial alteration and/or modification of the product sued upon herein, which alteration and/or modification was not foreseeable, after it left the hands of the manufacturer, which is specifically pleaded as a complete bar to any recovery against Gulf Stream Coach, Inc.

## SEVENTEENTH DEFENSE

23

Gulf Stream Coach, Inc. specifically pleads to the extent applicable, all defenses allowed under the Louisiana Products Liability Act, LSA--R.S. 9:2800.51 *et seq.*, and/or other Louisiana law.

### EIGHTEENTH DEFENSE

In the event that discovery reveals the following, Gulf Stream Coach, Inc. specifically pleads that the injuries sued upon herein occurred only and solely by virtue of the failure of the user/handler of the product to properly and adequately maintain, service and/or inspect said product in accordance with the Owner's Manual and/or instructions for use, which is specifically pleaded as a complete bar to any recovery against the Gulf Stream Coach, Inc.

### NINTEENTH DEFENSE

In the event that discovery reveals the following, Gulf Stream Coach, Inc. specifically pleads that the product sued upon herein was not in a reasonably anticipated use at any relevant time.

### TWENTIETH DEFENSE

In the event that discovery reveals the following, Gulf Stream Coach, Inc. specifically pleads that any alleged fault, negligence and/or strict liability attributed to Gulf Stream Coach, Inc., which is specifically denied, was not the proximate or legal cause of the injuries sued upon herein.

### TWENTY-FIRST DEFENSE

Gulf Stream Coach, Inc. specifically pleads that the subject trailer, including all component parts thereof, was properly designed, manufactured and distributed in accordance

24

with the state of the art at the time the product left the hands of the manufacturer; and, therefore, there is no legal basis for any assessment of fault against Gulf Stream Coach, Inc.

### TWENTY-SECOND DEFENSE

Gulf Stream Coach, Inc. avers that at the time the product left the manufacturer's control, the product met all the manufacturer's specifications and performance standards for the product and/or for otherwise identical products manufactured by the manufacturer.

### TWENTY-THIRD DEFENSE

Alternatively, Gulf Stream Coach, Inc. affirmatively avers that in the event it is found liable in any way to plaintiffs, which is denied, any liability on their part is merely joint liability and not joint and several, nor *in solido*, with the liability of other parties for whom it is not responsible.

### TWENTY-FOURTH DEFENSE

Gulf Stream Coach, Inc. specifically pleads that its product was reasonably fit for ordinary use.

### TWENTY-FIFTH DEFENSE

Gulf Stream Coach, Inc., specifically states that under the Louisiana Products Liability Act, LSA – R.S.9:2800.51 et seq., it had no duty to warn the plaintiffs in this case because the United States of America was a sophisticated purchaser of the Temporary Housing Units in question, thereby absolving Gulf Stream Coach, Inc., of any duty to warn it may have had in this case.

### TWENTY-SIXTH DEFENSE

In the event that discovery reveals the following, pursuant to Federal Rule of Civil Procedure Rule 9, Gulf Stream Coach, Inc. specifically asserts that Plaintiffs lacks procedural capacity to sue.

## TWENTY-SEVENTH DEFENSE

Plaintiffs' claims are improperly joined with the claims of numerous other individuals and the joinder does not comply with Federal Rule of Civil Procedure 20.  Thus, their claims must be severed from the claims of the other named plaintiffs.

## TWENTY-EIGHTH DEFENSE

Gulf Stream Coach, Inc. requests a trial by jury.

## TWENTY-NINTH DEFENSE

Gulf Stream Coach, Inc. specifically pleads that at all relevant times it was a Government Contractor that performed its work according to, and in compliance with, specifications approved and mandated by the United States of America, through one or more of its agencies and/or representatives.

Accordingly, Gulf Stream Coach, Inc. specifically pleads that the federal government approved reasonably precise specifications and that Gulf Stream Coach, Inc.'s products conformed to those specifications.  Further, Gulf Stream Coach specifically pleads that it had no actual knowledge, not otherwise known to the government, of any dangers with respect to the government's plans for Gulf Stream Coach, Inc.'s products.

## THIRTIETH DEFENSE

The exact damages/losses claimed by plaintiff are unknown to Gulf Stream Coach, Inc., and thus Gulf Stream Coach, Inc. cannot adequately determine all defenses that may be

applicable to plaintiffs' claims. Therefore, Gulf Stream Coach, Inc. expressly reserves by this reference the right to raise additional defenses to the extent that:

a.  Additional defenses become applicable under state and federal law;

b.  Additional defenses are established as discovery proceeds; and

c.  Additional defenses are available under subsequently asserted theories of recovery.

## THIRTY-FIRST DEFENSE

Gulf Stream Coach, Inc. asserts the defense of derivative sovereign immunity. *See Yearsley v. W.A. Toss Contr. Co.,* 309 U.S. 18, 19, (1940); *Mangold v. Analytic Servs. Inc.* 77 F.3d 1442, 1447-48 (4th Cir. 1996); *Butters v. Vance, Int'l, Inc.*, 225 F.3d 462, 466 (4th Cir. 2000); *Servco Solutions v. CACI Int'l, Inc.*, 2007 WL 3376661 at *1 (E.D. Va., Nov. 9, 2007); *see also* Ackerson v. Bean Dredging LLC, 559 F.3d 196, 207 (5th Cir. 2009).

**WHEREFORE**, the above premises considered, Defendant, Gulf Stream Coach, Inc., respectfully prays that this Answer be deemed good and sufficient; that, after due proceedings had, there be judgment rendered herein in favor of this Defendant, dismissing Plaintiffs' Complaint for Damages, with prejudice; and Defendant respectfully prays for all such other general, special and equitable relief that law, equity or the nature of the case may permit and for all costs of these proceedings.  Finally, Defendant requests a trial by jury on all issues herein.

Respectfully Submitted:

**DUPLASS, ZWAIN, BOURGEOIS,
PFISTER & WEINSTOCK**

s/Andrew D. Weinstock
_____
**ANDREW D. WEINSTOCK #18495
JOSEPH G. GLASS #25397**
3838 N. Causeway Boulevard, Suite 2900

Metairie, Louisiana 70002
(504) 832-3700
(504) 837-3119 (FAX)
andreww@duplass.com
jglass@duplass.com

and

**SCANDURRO & LAYRISSON**
**Timothy D. Scandurro #18424**
**Dewey M. Scandurro #23291**
607 St. Charles Avenue
New Orleans, LA 70130
(504) 522-7100
(504) 529-6199 (FAX)
tim@scanlayr.com
dewey@scanlayr.com
**Counsel for Defendant, Gulf Stream Coach, Inc.**

## C E R T I F I C A T E

I hereby certify that on the 19th day of April, 2012, a copy of the foregoing Answer to Complaint for Damages was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this file will be sent to liaison counsel by operation of the court's electronic filing system and all other counsel of record via e-mail and U.S. Mail.

s/Andrew D. Weinstock
_____
ANDREW D. WEINSTOCK #18495