UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                          MDL NO. 07-1873
       FORMALDEHYDE PRODUCTS
       LIABILITY LITIGATION
                                                 SECTION "N" (5)

THIS DOCUMENT RELATES TO
Member Case No. 12-112

## ORDER AND REASONS

Before the Court is a "Motion to Dismiss for Failure to Comply with Pre-Trial Orders Nos. 2, 32, 86 & 88 Relating to Plaintiff Fact Sheets" (Rec. Doc. 25063), filed by defendant Gulf Stream Coach, Inc. ("Gulf Stream").

Gulf Stream moves to dismiss the claims of the following plaintiffs with prejudice on grounds that they have failed to comply with this Court's orders by failing to cure material deficiencies in their Plaintiff Fact Sheets: 1) Bernardita Abney; 2) Brodrick Allen; and 3) Linda Allen.

### A. BACKGROUND:

Shortly after the creation of this MDL, the Court issued Pre-Trial Order No. 2, which mandates that each plaintiff serve on the defendants a completed and verified Plaintiff Fact Sheet (PFS) within thirty days after transfer (or direct filing) into the MDL. (Rec. Doc. 87, signed Jan. 30, 2008). This Order, which reflected an agreement among the parties regarding case

management, also established a "Procedure for Dismissal of Claims for Failure to Comply with Discovery." *See* Rec. Doc. 87 at pp. 8-9, § III(D). The Court reiterated this dismissal procedure in Pre-Trial Order No. 32 (Rec. Doc. 1180). According to the procedure, "[w]hen any plaintiff has failed to materially comply with his or her obligations under this Order to submit a completed PFS within the timelines established..., a counsel representing a Defendant shall send to Plaintiff's Counsel for the plaintiffs in question...a letter confirming the failure to timely file and/or explaining the material deficiency in the PFS." *See* Rec. Doc. 1180 at p.5. This deficiency letter must notify the plaintiff that he or she "will have thirty (30) days to cure the alleged material deficiencies, or any Defendant may thereafter move for dismissal, upon an appropriate showing that Plaintiff's claims should be dismissed for failure to comply with the Court's applicable Orders." *Id.* More recently, in Pre-Trial Order No. 88, the Court (1) temporarily narrowed the PFS deficiency process to twenty-three "key" questions (except for cases where deficiency notices had been served and the time for curing such deficiencies already had expired) and (2) for deficiency notices served after March 24, 2011, extended the time for curing deficiencies to sixty (60) days. *See* Rec. Doc. 22124 (signed June 24, 2011), as corrected in Rec. Doc. 22153.

**B. APPLICABLE LAW:**

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action or claim if a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Because a dismissal with prejudice "'is an extreme sanction that deprives the litigant of the opportunity to pursue his claim,'" a dismissal under Rule 41(b) should be granted "only when (1) there is a clear record of delay or contumacious conduct by the

plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (footnote omitted) (quoting *Callip v. Harris County Child Welfare Dep't,* 757 F.2d 1513, 1519 (5th Cir. 1986)). Additionally, the Fifth Circuit looks for "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.* (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

Federal Rule of Civil Procedure 37(b)(2) "empowers a district court to impose 'just' sanctions on parties who disobey a discovery order." *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). However, "[b]ecause the law favors the resolution of legal claims on the merits, and because dismissal is a severe sanction that implicates due process," the Fifth Circuit has articulated four factors "that must be present before a district court may dismiss a case as a sanction for violation of a discovery order": (1) the violation must result "'from willingness or bad faith and [be] accompanied by a clear record of delay or contumacious conduct;'" (2) "the violation ... must be attributable to the client instead of the attorney;" (3) the violation "'must substantially prejudice the opposing party;'"and (4) there must be no "less drastic sanction [that] would substantially achieve the desired deterrent effect." *Id.* at 1380-81 (citations omitted) (quoting *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)).

C. **ANALYSIS:**

Local Rule 7.5 of the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed eight days prior to the noticed submission date. In this case, no

memorandum in opposition to the instant motion, noticed for submission on April 18, 2012, was filed. However, even without the benefit of an opposition memorandum, it is evident that the stringent standards for dismissal under Rules 41(b) and 37(b)(2) have not been met.

First, Gulf Stream does not state in its motion papers when its counsel sent notice to plaintiffs' counsel specifying the PFS deficiencies. In the case of virtually every motion that this Court has granted pursuant to the deficiency dismissal procedure outlined in PTO Nos. 2 and 32, the defendant moving for dismissal has attached as exhibits all deficiency notices sent and all correspondence relating to the deficiency process for the plaintiffs at issue. This enables the Court to ensure that the plaintiffs have received adequate notice of the alleged deficiencies and have been afforded the appropriate sixty-day period for curing the alleged deficiencies. Because the instant motion papers do not contain this information, the Court is unable to make such a determination in this case. Based on this record, the Court is unable to find the requisite delay or contumacious conduct necessary for dismissal under Rule 41(b) or Rule 37(b)(2).

Second, this case was transferred to this Court from the Southern District of Mississippi just a few weeks ago, on January 19, 2012. Plaintiffs' initial deadline for completing a PFS would have been March 7, 2012. *See* Pretrial Order No. 94, as modified (Rec. Docs. 24065 and 24814). Gulf Stream does not state in its motion papers when the plaintiffs served their plaintiff fact sheets. However, even if the plaintiffs served them immediately after the case was transferred to this Court, it seems unlikely that Gulf Stream would have had time to serve a notice specifying deficiencies and wait the requisite sixty-day cure period before filing the instant motion on April 3, 2012. Even if this did occur, the record here does not enable the Court to find a delay justifying dismissal, especially given that this matter was filed less than four

4

months ago and transferred to this Court less than three months ago.

Third, the MDL phase of this litigation is near its end. No interest would be served at this late stage of the MDL by dismissing these plaintiffs' claims based on PFS deficiencies, even though certain of the deficiencies are listed among the "key" questions identified in Pre-Trial Order No. 88. The purpose of PTO 88 was to create a searchable database to be used toward global resolution. That effort has been completed, and most of the manufacturing defendants have agreed to a global settlement. Within the next four to six weeks (once the issue of mixed venue cases has been resolved), the Court will be filing a Notice of Suggestion of Remand with the Judicial Panel on Multidistrict Litigation ("MDL Panel") for all claims against defendants, such as Gulf Stream, who have not reached a global resolution. *See* Pretrial Order No. 96, dated March 15, 2012 (Rec. Doc. 24856) ("With regard to all cases against manufacturing defendants other than the Settling Defendants in which venue is proper in a district other than the Eastern District of Louisiana, this Court intends to file a Notice of Suggestion of Remand with the Judicial Panel on Multidistrict Litigation pursuant to Rule 10.1(b) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation."). Thus, the claims at issue here will likely be returned to the Southern District of Mississippi in the immediate future. Given this procedural posture and the circumstances of this recently filed case, the Court finds that it would be inappropriate to dismiss these plaintiffs' claims based on an MDL procedure that has largely served its purpose.[1]

Accordingly,

---

[1] There are perhaps cases of well documented, inexcusable delay that would justify a dismissal based upon the PFS deficiency procedure even at this late stage of the MDL. The instant motion does not present such a case.

**IT IS ORDERED** that the **"Motion to Dismiss for Failure to Comply with Pre-Trial Orders Nos. 2, 32, 86 & 88 Relating to Plaintiff Fact Sheets"** (**Rec. Doc. 25063**), filed by defendant Gulf Stream Coach, Inc., is hereby **DENIED**.

New Orleans, Louisiana, this 18th day of April 2012.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**