UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                         MDL NO. 07-1873
    FORMALDEHYDE PRODUCTS
    LIABILITY LITIGATION
                                              SECTION "N" (5)

THIS DOCUMENT RELATES TO
Member Case No. 10-2279

## ORDER AND REASONS

Before the Court is a Motion to Dismiss with Prejudice for Failure to Comply with Pre-Trial Order No. 32 Relating to Plaintiff Fact Sheets, filed by defendant Morgan Buildings and Spas, Inc. ("Morgan") (R. Doc. 24837). Plaintiffs have filed an opposition memorandum. (R. Doc. 25157).

Morgan seeks to dismiss the claims of Jerry Womack on grounds that his Plaintiff Fact Sheet ("PFS") contains material deficiencies. Morgan previously moved to dismiss Mr. Womack's claims in December 2011. *See* Rec. Doc. 23954. In connection with that motion, plaintiff's counsel informed the Court that he had just recently learned that Mr. Womack was incarcerated and was expected to be released on February 7, 2012. *See* Rec. Doc. 24173-4. Based on these facts, the Court gave Mr. Womack until February 14, 2012 to cure his PFS deficiencies, inviting Morgan to renew its motion to dismiss should Mr. Womack fail to do so.

Mr. Womack failed to provide additional responses by February 14, and Morgan filed the instant motion on March 9. Plaintiff's counsel has filed an opposition memorandum in which he explains that after the instant motion was filed, his staff was able to obtain additional responses, which are attached to the memorandum as Exhibit A. *See* Rec. Doc. 25157-1. These responses provide answers to most, though not all, of the twenty-three key questions identified in PTO No. 88.

Plaintiffs' counsel also has submitted the affidavit of his project coordinator, who explains

1

that she has learned from Mr. Womack's wife that Mr. Womack remains incarcerated. The wife also reported that Mr. Womack has been injured in jail and is now unable to speak. The affidavit states that plaintiff's counsel was able to obtain information about the FEMA unit from Mr. Womack's cousin, Kenny Womack, who resided in the trailer with him. Under these circumstances, the Court does not find that dismissal under Rule 41(b) or Rule 37(b)(2) is appropriate at this juncture.[1]

Accordingly,

**IT IS ORDERED** that the **"Motion to Dismiss with Prejudice for Failure to Comply with Pre-Trial Order No. 32 Relating to Plaintiff Fact Sheets" (Rec. Doc. 24837)**, filed by defendant Morgan Buildings and Spas, Inc., is hereby **DENIED**.

New Orleans, Louisiana, this __18th__ day of April, 2012.

                                            **KURT D. ENGELHARDT**
                                            **United States District Court**

---

[1] A dismissal under Rule 41(b) should be granted "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). Additionally, the Fifth Circuit looks for "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.* (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)). Likewise, dismissal under Rule 37(b)(2) is appropriate only if the following four factors are present: (1) the violation must result "'from willingness or bad faith and [be] accompanied by a clear record of delay or contumacious conduct;'" (2) "the violation ... must be attributable to the client instead of the attorney;" (3) the violation "'must substantially prejudice the opposing party;'" and (4) there must be no "less drastic sanction [that] would substantially achieve the desired deterrent effect. *FDIC v. Conner*, 20 F.3d 1376, 1380-81 (5th Cir. 1994) (citations omitted) (quoting *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)).