UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                    MDL NO. 07-1873
        FORMALDEHYDE PRODUCTS
        LIABILITY LITIGATION
                                                       SECTION "N"  (5)

THIS DOCUMENT RELATES TO
Member Case Nos. 09-8635, 09-8636


**ORDER AND REASONS**

Before the Court are the following motions: (1) Motion for Leave to Amend to Add Plaintiffs (Rec. Doc. 24016), filed by plaintiffs; and (2) Motion for Leave to Amend to Add Plaintiffs (Rec. Doc. 24017), filed by plaintiffs.  The motions are opposed.  *See* Rec. Doc. 24598-5.[1]

In Rec. Doc. 24016, the plaintiffs seek leave to amend their complaint to include the following two individuals as named plaintiffs in *Doris Tolliver, et al v. Forest River, Inc., et al*, Civil Action No. 09-8635:    (1) Jane Coleman; and (2) Kentrell Butler.  Plaintiffs state that these individuals were originally placed in *Lisa Davis, et al v. Liberty Mutual, et al,* Civil Action No. 09-8464 (filed Dec. 29, 2009) (Jane Coleman) and *Warren Bellazar, et al v. Gulf Stream Coach, et al*, 09-4108 (filed June 15, 2009) (Kentrell Butler), and can now be correctly matched to Forest River, Inc. ("Forest River").

In Rec. Doc. 24017, the plaintiffs seek leave to amend their complaint to include the following individuals as named plaintiffs in *Dorothy Butler, et al v. Forest River, Inc., et al*, Civil

---

[1]  On January 25, 2012, the Court granted the instant motions as unopposed.  *See* Rec. Docs. 24301, 24303.  Forest River thereafter filed a motion for reconsideration.  Rec. Doc. 24598.  The Court granted Forest River's motion, vacating the earlier rulings and re-setting the plaintiffs' motions for submission on April 18, 2012.   *See* Rec. Doc. 24903.

Action No. 09-8636:  (1) Barbara Harris; (2) David Turner; and (3) Alicia Hall-Turner, individually

and on behalf of D.H. and H.T..  Plaintiffs state that these individuals were originally placed in

*Adrian Alexander, et al v. Gulf Stream Coach, Inc., et al,* Civil Action No. 09-8470 (filed Dec. 29,

2009) (Barbara Harris) and *Katie Nelson, et al v. American International Specialty Lines Insurance*

*Company, et al,* 10-2479  (filed August 2, 2010)  (David Turner and Alicia Hall-Turner), and can

now be correctly matched to Forest River.

Forest River objects to the proposed amendments on grounds that these plaintiffs have never

before been matched to Forest River and that the deadlines for matching have long since past.

## I. PROCEDURAL HISTORY:

The long, difficult history in this MDL of matching each plaintiff to a single manufacturer is

set forth in this Court's Amended Pretrial Order No. 68 Concerning Deadlines for Matching and

Filing (Rec. Doc. 14779).   It will not be repeated here, except for a short summary.

Pre-Trial Order No. 38  placed on each plaintiff the burden of identifying and naming the sole

manufacturer responsible for erecting the FEMA unit in which he or she was housed.[2]  (Rec. Doc.

1596).  This process of "matching" each plaintiff to the proper manufacturer has sapped enormous

time, manpower, and resources from plaintiffs' counsel, defendants' counsel, the Court, FEMA, and

counsel for the Government.  Thus, the matching deadlines set by the Court were not made lightly.

For complaints already filed or transferred to this Court as of December 9, 2009, the deadline for

matching expired twenty days thereafter, on December 29, 2009.  *See* Pre-Trial Order No. 49.  (Rec.

Doc. 8908).   For complaints filed or transferred after December 9, 2009, the pre-trial order requires

---

[2]  The one exception to this rule is where "a Plaintiff lived in more than one emergency
housing unit, manufactured by different manufacturers."  Pre-Trial Order No. 38 (Rec. Doc.
1596).  In such a case, the plaintiff may proceed against more than one manufacturer defendant.

that plaintiffs "shall be matched with a specific manufacturing defendant **within 45 days of the date of the filing of the Complaint**." *Id.* (emphasis in original).  Pre-Trial Order No. 45 further provides that the matching deadline is subject to extension "for good cause shown."  *Id.*

Kentrell Butler filed his first complaint in this MDL on June 15, 2009.  *See Warren Bellazar, et al v. Gulf Stream Coach, et al*, 09-4108 (filed June 15, 2009).  Thus, this plaintiff's deadline for matching to a single manufacturing defendant expired on December 29, 2009, twenty days after entry of this Court's Pretrial Order No. 49 on December 9, 2009.  (Rec. Doc. 8908).  Jane Coleman and Barbara Harris filed their first complaints on December 29, 2009.  *See Lisa Davis, et al v. Liberty Mutual, et al,* Civil Action No. 09-8464 (filed Dec. 29, 2009) (Jane Coleman); *Adrian Alexander, et al v. Gulf Stream Coach, Inc., et al,* Civil Action No. 09-8470 (filed Dec. 29, 2009) (Barbara Harris).  Thus, the deadline for these plaintiffs to match to a single manufacturing defendant expired on February 12, 2010, forty-five days after the date on which the complaints were filed.  *See* Rec. Doc. 8908.

If Butler, Harris, or Coleman were among the plaintiffs who had trouble obtaining matching information, and their attorneys fulfilled the strict requirements for participating in the "last chance" matching process established by the Court, then their deadline for participating in this process would have been August 2, 2010.  *See* Amended Pretrial Order No. 68 Concerning Deadlines for Matching and Filing (Rec. Doc. 14779).

David Turner and Alicia Hall-Turner filed their first complaint in this MDL on August 2, 2010.  *See Katie Nelson, et al v. American International Specialty Lines Insurance Company, et al*, 10-2479  (filed August 2, 2010).  Thus, the deadline for these plaintiffs to match to a single manufacturing defendant expired on September 16, 2010, forty-five days after the date on which the

complaint was filed.  *See* Rec. Doc. 8908.

Thus, at the very latest, the deadline for making amendments such as those at issue here expired more than one and a half years ago for each of the plaintiffs.  Given that plaintiffs provide no indication that they participated in the "last chance" process, it is more likely that the deadlines for Butler, Harris, and Coleman expired more than two years ago.

## II.  LAW AND ANALYSIS:

Federal Rule of Civil Procedure 16(b) "governs amendment of pleadings after a scheduling order deadline has expired."  *S & W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003).  Rule 16(b) provides that once a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b).[3]  "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S & W Enters.,* 315 F.3d at 535 (citation omitted). "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave."  *Id.* at 536.

The plaintiffs argue that their proposed amendments are timely under the relation back provisions of Rule 15(c).  However, as explained above, the Court in this case has entered a Pre-Trial Order that sets a deadline for filing amendments based upon matching a plaintiff to the proper manufacturer.  *See* Pre-Trial Order No. 49 (Rec. Doc. 8908).  This is precisely the type of amendment sought here.  As discussed in the previous section, the deadlines for filing such amendments expired more than one and a half years ago.  Under these circumstances, the Court finds that Rule 16 is

---

[3] The Court notes that the pre-trial order at issue here expressly states that extensions will be granted "for good cause shown."  Pre-Trial Order No. 49 (Rec. Doc. 8908).

applicable.  Thus, the plaintiffs first must clear the hurdle of establishing good cause before the standard of Rule 15 will apply.[4]

The Fifth Circuit looks to four factors in determining whether a movant has established good cause: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S & W Enters.,* 315 F.3d at 536 (internal quotations omitted). Under this analysis, all but the second factor weigh heavily against allowing the amendments.

With regard to the first factor, plaintiffs offer no explanation whatsoever for their failure to timely file pleadings necessary to comply with this Court's matching deadlines.  They state only that "it has become apparent that Forest River is the proper manufacturer defendant."  *See* Rec. Docs. 24016-1 at 1; 24017-1 at 1-2.  However, this statement does not contain any explanation as to why these plaintiffs and their counsel were unable with diligence to meet the Court's matching deadlines with regard to these claims.  Thus, the Court can find no exigent or equitable circumstances here that might have justified making an exception to the long-labored, well publicized matching deadlines.

The second factor in the good cause analysis favors the plaintiffs.  The result of denying the amendment may be that these plaintiffs will be barred from litigating their claims against the company who manufactured their FEMA units, assuming such claims are not prescribed.  The Court does not weigh this lightly.  However, the third and fourth factors militate strongly against allowing the amendment.  With the proposed amendments, the plaintiffs here seek to file suit against entirely different manufacturers from those they sued more than one and a half years ago.  The potential

---

[4] Even in the absence of Rule 16, a "good cause" analysis nevertheless applies here under the language of the Pre-Trial Order itself.

prejudice in allowing such amendments is enormous.

First, the prejudice to the defendant is significant. If the amendments were allowed, Forest River would be required to now defend an action by plaintiffs entirely new to Forest River and its counsel. Second, the proposed amendments would cause great prejudice to the administration of this MDL as a whole, and continuance of deadlines would only serve to compound the prejudice. It has taken more than four years to reach a point where the cases in this MDL are ready to proceed beyond the matching issue toward resolution. At last, after devoting significant time and energy to defining the census of plaintiffs who have brought claims against them, most of the manufacturing defendants are in the process of finalizing a global resolution. Claims against defendants who have not settled are proceeding to trial. If the Court were to *de facto* re-open the matching deadlines by allowing matching amendments such as these, particularly based upon such vague and unsubstantiated grounds as are set forth here, the enormous efforts toward global resolution would be undermined, and the Court's deadlines would become truly meaningless. The burden to the defendants, counsel, and the Court would be significant, but perhaps those who would suffer the greatest prejudice would be the thousands of plaintiffs who have complied with this Court's deadlines regarding matching and are waiting for the resolution of a matter which already has taken years to litigate. It will take considerably longer if the matching deadlines are routinely set aside. Thus, under a Rule 16(b) analysis, the Court finds that the movants have failed to establish good cause for allowing a "matching" amendment outside the applicable deadlines.

Moreover, even if the Court were to analyze the motion under a Rule 15(a) standard, the motion would nevertheless fail. Rule 15 states that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "In exercising its discretion, however, the district

court may consider such factors as 'undue delay [and] undue prejudice....'" *Whitaker v. City of Houston, TX,* 963 F.2d 831, 836 (5th Cir. 1992) (citation omitted); *see also Torch Liquidating Trust ex. rel. Bridge Assoc., LLC v. Stockstill,* 561 F.3d 377, 391 (5th Cir. 2009) ("Although Rule 15 evinces a bias in favor of granting leave to amend, it is not automatic.... [C]ourts consider such equitable factors as...undue delay...."); *Lozano v. Ocwen Fed. Bank, FSB,* 489 F.3d 636, 644 (5th Cir. 2007) ("Although Rule 15(a) states that leave to amend 'shall be freely given when justice so requires,' the district court may consider that the moving party failed to take advantage of earlier opportunities to amend."). "Although Rule 15(a) contains no time limit for permissive amendment, '[a]t some point [,] time delay on the part of a plaintiff can be procedurally fatal.' " *Whitaker,* 963 F.2d at 836 (quoting *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981)). "In such a situation, 'the plaintiff must meet the burden of showing that the delay was due to oversight, inadvertence, or excusable neglect....'" *Id.* (quoting *Gregory*, 634 F.2d at 203 (internal quotation omitted)). As stated above, the plaintiffs here have failed to offer any real explanation for their failure to timely match these plaintiffs to the proper manufacturer defendant. Thus, even under a Rule 15 standard, the Court would not grant leave to amend based on the showing made here. Accordingly,

IT IS ORDERED that the following motions are hereby **DENIED**: (1) **Motion for Leave to Amend to Add Plaintiffs (Rec. Doc. 24016)**, filed by plaintiffs; and (2) **Motion for Leave to Amend to Add Plaintiffs (Rec. Doc. 24017)**, filed by plaintiffs.

New Orleans, Louisiana, this  19th  day of April, 2012.

**KURT D. ENGELHARDT**
**United States District Court**