UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
|    FORMALDEHYDE PRODUCTS | * | |
|    LIABILITY LITIGATION | * | SECTION "N" (5)* |
| | * | |
| THIS DOCUMENT IS RELATED TO: | * | JUDGE ENGELHARDT |
| *Cynthia Abney, et al v. Gulf Stream Coach, Inc.,* | * | |
| *et al;* Civil Action No. 09-07856 | * | MAGISTRATE CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### GULF STREAM COACH, INC.'S MEMORANDUM IN SUPPORT OF ITS RULE 12(b)(6) MOTION TO DISMISS CERTAIN PLAINTIFFS' CLAIMS FOR PRESCRIPTION

**MAY IT PLEASE THE COURT:**

  Defendant, Gulf Stream Coach, Inc. ("Gulf Stream"), respectfully submits the following Memorandum in Support of its Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss for Prescription.

**A. Background**

  This litigation stems from claims made by multiple Plaintiffs against the United States of America, manufactures of temporary housing units, and contractors assigned to work on these temporary housing units, for their actions following Hurricanes Katrina and Rita which made landfall along the Texas and Gulf Coast in September of 2005. On May 18, 2006, the matter of *Keith Hillard, et al. v. The United States of America, et al.,* was filed in Louisiana's Eastern District making these initial claims cited above.[1] More importantly, *Hillard* was filed on behalf of a class of individuals with similar claims and sought class certification under F.R.C.P. 23.[2] On

---

[1] *See Hillard, et al. v. The United States of America, et al.,* 2:06-cv-02576
[2] *Id.* at paras. 2 and 64(I).

00344953-1

October 24, 2007, the above captioned Multi-District Litigation was created to allow for the consolidated resolution and completion of discovery and other pre-trial matters.[3]

On October 28, 2008, Plaintiff Liaison Counsel filed a Motion to Certify Class in accordance with Federal Rule of Procedure 23.[4] This Motion was denied by the Court on December 29, 2008.[5]

However, on December 01, 2008, prior to the Court ruling on the Motion to Certify Class, the independent lawsuit of *Belinda H. Bauer, et al. v. Gulf Stream Coach, et al.,* 2:08-cv-05031, was filed outside of the putative class action asserting substantially similar claims.[6] Over three hundred Plaintiffs asserting claims against Gulf Stream in the *Bauer* matter eventually joined the *Abney* suit referenced above. As seen below and in the subsequent 12(b)(6) motions, the claims of the vast majority of these three hundred Plaintiffs originally named in the *Bauer* lawsuit were prescribed at the time this suit was filed.

**B.     Law**

In a federal diversity action, Louisiana's one year statute of limitations for delictual actions applies. La.Civ.Code art. 3492; *Orleans Parish Sch. Bd. v. U.S. Gypsum Co.,* 892 F. Supp. 794, 797-98 (E.D. La. 1995) *aff'd sub nom. Orleans Parish Sch. Bd. v. Asbestos Corp. Ltd.*, 114 F.3d 66 (5th Cir. 1997). Under Louisiana law, prescription begins to run "when the person in whose favor a cause of action exists knows or should have known of the existence of his cause of action." *Trizec Properties, Inc. v. United States Mineral Products Co.,* 974 F.2d 602, 607 (5th Cir.1992); La. Civ. Code art. 3493. A person knows or should know of the existence of his cause of action once he has received sufficient notice to prompt a reasonable person to

---

[3] *See* 2:07-md-01873, Rec. Doc. #1
[4] *Id. at* Rec. Doc. #764
[5] *Id.* at Rec. Doc. #1014
[6] *Bauer v. Gulf Stream Coach, Inc.,* Civil Action No. 2:10-cv-05031.

00344953-1

investigate further. *See Jordan v. Employee Transfer Corp.,* 509 So.2d 420, 423-24 (La.1987). Therefore, the above-cited claims have a prescription period of one year from the time the Plaintiff knows or should have known of the existence of the injury.

Furthermore, Plaintiffs' prescriptive periods were not suspended during the pendency of the putative class because Plaintiffs voluntary opted-out of the class, thereby forfeiting their right to suspend the prescriptive period.

Generally, prescription against members of a putative class is suspended prior to the certification of the class. La. Code Civ. Pro. art. 596. However, when members of the putative class "opt-out," they lose the suspensive protection against prescription. *Katz v. Allstate Ins. Co.,* 04-1133 (La. App. 4 Cir. 02/02/05) 917 So.2d 443. When a plaintiff, who is a putative class member, chooses to file suit on his own before the class certification decision is made, he is determined to have "opted-out" of the class and forfeits the benefit of Article 596 tolling. *Dixey v. Allstate Ins. Co.,* 09-4443, 2011 WL 4403988 (E.D. La. Sept. 21, 2011) *citing Lester v. Exxon Mobile Corp.,* 09-1105 (La. App. 5 Cir. 06/29/10) 42 So.3d 1071. *See also Duckworth v. Louisiana Farm Bureau Mut. Ins. Co.,* 2011-0837 (La. App. 4 Cir. 11/23/11) 2011 WL 5903854. Thus, the general prescription period of one year from the date Plaintiffs knew or should have known of their injury and potential cause of action applies here.

**C.     Prescribed Claims**

As stated above, the claims of the vast majority of the three hundred Plaintiffs originally named in *Bauer* are prescribed, entitling Gulf Stream to dismissal with prejudice. The final forty-nine Plaintiffs are cited herein specifically:

•     Plaintiff, Jessica Hargrove, alleges on the Plaintiff Fact Sheet that her initial injuries occurred in 2006.  The *Bauer* suit was filed over two years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as *"Exhibit A in globo."*

- Plaintiff, Karma Harper, alleges on the Plaintiff Fact Sheet that the injury occurred on September 01, 2005, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over three years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

- Plaintiff, Samantha Hart, alleges on the Plaintiff Fact Sheet that she moved out of the trailer in August of 2007, the latest possible period of exposure. The *Bauer* suit was filed over a year later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

- Plaintiff, Virginia Wells on behalf of minor, Donald Hartfield, alleges on the Plaintiff Fact Sheet that the injury occurred on November 01, 2005, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over three years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

- Plaintiff, Donna Hawkins, alleges on the Plaintiff Fact Sheet that the injury occurred on April 07, 2006, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over two years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

- Plaintiff, Zineki Hawkins, alleges on the Plaintiff Fact Sheet that the injury occurred on April 07, 2006, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over two years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

- Plaintiff, Dorothy Henson, alleges on the Plaintiff Fact Sheet that the injury occurred on September 01, 2005, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over three years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

- Plaintiff, Edward Henson, alleges on the Plaintiff Fact Sheet that the injury occurred on September 01, 2005, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over three years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

- Plaintiff, Edward Henson on behalf of minor, Lucinda Henson (Plaintiff reference #201668), alleges on the Plaintiff Fact Sheet that the injury occurred on September 01, 2005, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over three years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

- Plaintiff, Lisa Herbert, alleges on the Plaintiff Fact Sheet that the injury occurred on January 01, 2005, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over three years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

00344953-1

- Plaintiff, Donna Hess on behalf of minor, Dillon Hess (Plaintiff reference #214462), alleges on the Plaintiff Fact Sheet that he moved out of the trailer in December of 2006, the latest potential period of exposure. The *Bauer* suit was filed two years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

- Plaintiff, Donna Hess, alleges on the Plaintiff Fact Sheet that the injuries occurred in December of 2005. The *Bauer* suit was filed two years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

- Plaintiff, Daniel Hill, alleges on the Plaintiff Fact Sheet that he moved out of the trailer in 2007, the latest potential period of exposure. The *Bauer* suit was filed a year later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

- Plaintiff, Gloria Hill, alleges on the Plaintiff Fact Sheet that she moved out of the trailer in 2007, the latest potential period of exposure. The *Bauer* suit was filed a year later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

- Plaintiff, Marguerite Jiles on behalf of minor, Mallery Hill (Plaintiff reference #203446), alleges on the Plaintiff Fact Sheet that the injury occurred on December 25, 2005, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over two years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

- Plaintiff, Ronald Hill, alleges on the Plaintiff Fact Sheet that the injury occurred in July of 2006. The *Bauer* suit was filed over two years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

- Plaintiff, Syble Hill, alleges on the Plaintiff Fact Sheet that she moved out of the trailer in 2007, the latest potential period of exposure. The *Bauer* suit was filed a year later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

- Plaintiff, Sally Hobbs, alleges on the Plaintiff Fact Sheet that the injuries first occurred in 2005. The *Bauer* suit was filed over three years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

- Plaintiff, Elizabeth Hoffman, alleges on the Plaintiff Fact Sheet that the injury occurred on November 14, 2005, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over three years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

- Plaintiff, Dorothy Hopkins, alleges on the Plaintiff Fact Sheet that the injury occurred on November 01, 2005, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was

00344953-1

filed over three years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

•       Plaintiff, Dorothy Hopkins on behalf of minor, Keith Hopkins (Plaintiff reference #203071), alleges on the Plaintiff Fact Sheet that the injury occurred on November 01, 2005, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over three years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

•       Plaintiff, Jewel Horton on behalf of minor, Jaleel Horton (Plaintiff reference #203075), alleges on the Plaintiff Fact Sheet that the injury occurred on November 01, 2005, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over three years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

•       Plaintiff, Jewel Horton on, alleges on the Plaintiff Fact Sheet that the injury occurred on November 01, 2005, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over three years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

•       Plaintiff, Joan Howard, alleges on the Plaintiff Fact Sheet that she moved out of the trailer in January of 2007, the latest potential period of exposure. The *Bauer* suit was filed over a year later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

•       Plaintiff, Juliette Howard, alleges on the Plaintiff Fact Sheet that the injury occurred on January 01, 2005, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over three years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

•       Plaintiff, Robert Howard, alleges on the Plaintiff Fact Sheet that the injury occurred on August 17, 2006. The *Bauer* suit was filed over two years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

•       Plaintiff, Cheryl Hubbard, alleges on the Plaintiff Fact Sheet that the injury occurred on October 01, 2005, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over two years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

•       Plaintiff, Gerald Hudson, alleges on the Plaintiff Fact Sheet that the initial injury occurred in March of 2006. The *Bauer* suit was filed over two years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

•       Plaintiff, Jennifer Hudson, alleges on the Plaintiff Fact Sheet that the injury occurred in 2005-2006. The *Bauer* suit was filed over two years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

00344953-1

- Plaintiff, Jennifer Hudson on behalf of minor, John-Tyler Hudson (Plaintiff reference #210399), alleges on the Plaintiff Fact Sheet that the injuries occurred in 2006. The *Bauer* suit was filed over two years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"
- Plaintiff, Charles Hudson, alleges on the Plaintiff Fact Sheet that the injury occurred in May and June of 2006, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over two years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo*"

- Plaintiff, Kasey Hudson, alleges on the Plaintiff Fact Sheet that the injury occurred in October of 2005. The *Bauer* suit was filed over three years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

- Plaintiff, Howard Hughes, alleges on the Plaintiff Fact Sheet that he moved out of the trailer in 2007, the latest possible period of exposure. The *Bauer* suit was filed over a year later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

- Plaintiff, Neptonya Loper on behalf of minor, Damian Ingram (Plaintiff reference #201571), alleges on the Plaintiff Fact Sheet that the injury occurred on October 01, 2005, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over three years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

- Plaintiff, Darnell Ingram, alleges on the Plaintiff Fact Sheet that he moved out of the trailer in October of 2007, the latest potential exposure period. The *Bauer* suit was filed over a year later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

- Plaintiff, C.H. Jackson, alleges on the Plaintiff Fact Sheet that he moved out of the trailer in October of 2007, the latest potential exposure period. The *Bauer* suit was filed over a year later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

- Plaintiff, Nakita Jackson on behalf of minor, Jamar Jackson (Plaintiff reference #212933), alleges on the Plaintiff Fact Sheet that he moved out of the trailer in April of 2007, the latest potential exposure period. The *Bauer* suit was filed over a year later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

- Plaintiff, James Jackson, alleges on the Plaintiff Fact Sheet that he moved out of the trailer in 2007, the latest potential exposure period. The *Bauer* suit was filed over a year later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

- Plaintiff, Nakita Jackson on behalf of minor, Jonavan Jackson (Plaintiff reference #212933), alleges on the Plaintiff Fact Sheet that he moved out of the trailer in April of 2007, the latest potential exposure period. The *Bauer* suit was filed over a year later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

- Plaintiff, Joyce Jackson, alleges on the Plaintiff Fact Sheet that she moved out of the trailer on January 01, 2007, the latest potential exposure period. The *Bauer* suit was filed over a year later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

- Plaintiff, Louise Jackson, alleges on the Plaintiff Fact Sheet that she moved out of the trailer in 2007, the latest potential exposure period. The *Bauer* suit was filed over a year later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

- Plaintiff, Lisa Gates on behalf of minor, Thomas Jackson (Plaintiff reference #212654), alleges on the Plaintiff Fact Sheet that the injury occurred on November 01, 2007, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over a year later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

- Plaintiff, Wanda Jackson, alleges on the Plaintiff Fact Sheet that her injuries were diagnosed on December 10, 2006. The *Bauer* suit was filed over a year later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

- Plaintiff, Peggy Jackson, alleges on the Plaintiff Fact Sheet that the injury occurred on November 11, 2005, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over three years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

- Plaintiff, Monique Morris on behalf of minor, Crachelle Jefferson (Plaintiff reference #201439), alleges on the Plaintiff Fact Sheet that the injury occurred on December 01, 2006, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed two years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

- Plaintiff, Palma Jefferson, alleges on the Plaintiff Fact Sheet that the injury occurred on September 01, 2006, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over two years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

- Plaintiff, Henry Jenkins, alleges on the Plaintiff Fact Sheet that the injury occurred on March 01, 2000, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over three years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

•   Plaintiff, Roy Jenkins, alleges on the Plaintiff Fact Sheet that the injury occurred on March 06, 2006, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over two years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

•   Plaintiff, Troy Jenkins, alleges on the Plaintiff Fact Sheet that the injury occurred on March 16, 2006, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over two years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

**D.   Conclusion**

Clearly, each of the Plaintiff claims specifically addressed is prescribed. Thus, Defendant, Gulf Stream, prays that this Court dismiss these claims, with prejudice.

Respectfully Submitted,

**DUPLASS, ZWAIN, BOURGEOIS,
PFISTER & WEINSTOCK**

s/Andrew D. Weinstock
_____
**ANDREW D. WEINSTOCK #18495
JOSEPH G. GLASS #25397**
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana  70002
Telephone: (504) 832-3700
Facsimile: (504) 837-3119
andreww@duplass.com
jglass@duplass.com

and

SCANDURRO & LAYRISSON
**Timothy D. Scandurro #18424
Dewey M. Scandurro #23291**
607 St. Charles Avenue
New Orleans, LA 70130
(504) 522-7100
(504) 529-6199 (FAX)
tim@scanlayr.com
dewey@scanlayr.com
**Counsel for Defendant, Gulf Stream Coach, Inc.**

00344953-1

## CERTIFICATE OF SERVICE

**I DO HEREBY CERTIFY** that on this 20th day of April, 2012, a copy of the above and foregoing was filed electronically. Notice of this pleading was sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

s/Andrew D. Weinstock
_____
**ANDREW D. WEINSTOCK**

00344953-1