UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:  FEMA TRAILER             *   MDL NO. 1873
        FORMALDEHYDE PRODUCTS    *
        LIABILITY LITIGATION     *   SECTION "N" (5)*
                                 *
THIS DOCUMENT IS RELATED TO:     *   JUDGE ENGELHARDT
*Jessica Jackson, et al v. Gulf Stream Coach, Inc.,*   *
 *et al;* Civil Action No. 10-02231   *   MAGISTRATE CHASEZ
* * * * * * * * * * * * * * *   * * * * * * * * * * *

### GULF STREAM COACH, INC.'S MEMORANDUM IN SUPPORT OF ITS RULE 12(b)(6) MOTION TO DISMISS CERTAIN PLAINTIFFS' CLAIMS FOR PRESCRIPTION

**MAY IT PLEASE THE COURT:**

Defendant, Gulf Stream Coach, Inc. ("Gulf Stream"), respectfully submits the following Memorandum in Support of its Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss for Prescription.

**A.  Background**

This litigation stems from claims made by multiple Plaintiffs against the United States of America, manufactures of temporary housing units, and contractors assigned to work on these temporary housing units, for their actions following Hurricanes Katrina and Rita which made landfall along the Texas and Gulf Coast in September of 2005. On May 18, 2006, the matter of *Keith Hillard, et al. v. The United States of America, et al.,* was filed in Louisiana's Eastern District making these initial claims cited above.[1] More importantly, *Hillard* was filed on behalf of a class of individuals with similar claims and sought class certification under F.R.C.P. 23.[2] On October 24, 2007, the above captioned Multi-District Litigation was created to allow for the consolidated resolution and completion of discovery and other pre-trial matters.[3]

---

[1] *See Hillard, et al. v. The United States of America, et al.,* 2:06-cv-02576
[2] *Id.* at paras. 2 and 64(I).
[3] *See* 2:07-md-01873, Rec. Doc. #1

On October 28, 2008, Plaintiff Liaison Counsel filed a Motion to Certify Class in accordance with Federal Rule of Procedure 23.[4] This Motion was denied by the Court on December 29, 2008.[5]

However, on December 01, 2008, prior to the Court ruling on the Motion to Certify Class, the independent lawsuit of *Belinda H. Bauer, et al. v. Gulf Stream Coach, et al.,* 2:08-cv-05031, was filed outside of the putative class action asserting substantially similar claims.[6] Nine Plaintiffs asserting claims against Gulf Stream in the *Bauer* matter eventually joined the *Jackson* suit referenced above. As seem below, the claims of these nine Plaintiffs originally named in the *Bauer* lawsuit were prescribed at the time this suit was filed.

**B.    Law**

In a federal diversity action, Louisiana's one year statute of limitations for delictual actions applies. La.Civ.Code art. 3492; *Orleans Parish Sch. Bd. v. U.S. Gypsum Co.,* 892 F. Supp. 794, 797-98 (E.D. La. 1995) *aff'd sub nom. Orleans Parish Sch. Bd. v. Asbestos Corp. Ltd.*, 114 F.3d 66 (5th Cir. 1997). Under Louisiana law, prescription begins to run "when the person in whose favor a cause of action exists knows or should have known of the existence of his cause of action." *Trizec Properties, Inc. v. United States Mineral Products Co.,* 974 F.2d 602, 607 (5th Cir.1992); La. Civ. Code art. 3493. A person knows or should know of the existence of his cause of action once he has received sufficient notice to prompt a reasonable person to investigate further. *See Jordan v. Employee Transfer Corp.,* 509 So.2d 420, 423-24 (La.1987). Therefore, the above-cited claims have a prescription period of one year from the time the Plaintiff knows or should have known of the existence of the injury.

---

[4] *Id. at* Rec. Doc. #764
[5] *Id.* at Rec. Doc. #1014
[6] *Bauer v. Gulf Stream Coach, Inc.,* Civil Action No. 2:10-cv-05031.

00344968-1

Furthermore, Plaintiffs' prescriptive periods were not suspended during the pendency of the putative class because Plaintiffs voluntary opted-out of the class, thereby forfeiting their right to suspend the prescriptive period.

Generally, prescription against members of a putative class is suspended prior to the certification of the class. La. Code Civ. Pro. art. 596. However, when members of the putative class "opt-out," they lose the suspensive protection against prescription. *Katz v. Allstate Ins. Co.,* 04-1133 (La. App. 4 Cir. 02/02/05) 917 So.2d 443. When a plaintiff, who is a putative class member, chooses to file suit on his own before the class certification decision is made, he is determined to have "opted-out" of the class and forfeits the benefit of Article 596 tolling. *Dixey v. Allstate Ins. Co.,* 09-4443, 2011 WL 4403988 (E.D. La. Sept. 21, 2011) *citing Lester v. Exxon Mobile Corp.,* 09-1105 (La. App. 5 Cir. 06/29/10) 42 So.3d 1071. *See also Duckworth v. Louisiana Farm Bureau Mut. Ins. Co.,* 2011-0837 (La. App. 4 Cir. 11/23/11) 2011 WL 5903854. Thus, the general prescription period of one year from the date Plaintiffs knew or should have known of their injury and potential cause of action applies here.

**C.     Prescribed Claims**

As stated above, the claims of all nine Plaintiffs originally named in *Bauer* are prescribed, entitling Gulf Stream to dismissal with prejudice. Specifically:

•      Plaintiff, Elaine Williams, alleges on the Plaintiff Fact Sheet that the injury occurred on March 01, 2006, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over two years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A en globo.*"

•      Plaintiff, Vicky Hammett, alleges on the Plaintiff Fact Sheet that the injury occurred on December 01, 2005, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed three years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A en globo.*"

•      Plaintiff, Andrew Hammett, alleges on the Plaintiff Fact Sheet that the injury occurred on December 01, 2005, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was

filed three years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A en globo.*"

•       Plaintiff, Victor Hammett, alleges on the Plaintiff Fact Sheet that the injury occurred on December 01, 2005, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed three years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A en globo.*"

•       Plaintiff, Tara Spriggs on behalf of minor, Eugene Haynes (Plaintiff Reference #216563), alleges on the Plaintiff Fact Sheet that the injury occurred on January 01, 2006, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over two years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A en globo.*"

•       Plaintiff, Omeka Huderson on behalf of minor, DeOnta Huderson (Plaintiff reference #216589), alleges on the Plaintiff Fact Sheet that the injury occurred on October 01, 2006, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over two years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A en globo.*"

•       Plaintiff, Omeka Huderson, alleges on the Plaintiff Fact Sheet that the injury occurred on October 01, 2006, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over two years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A en globo.*"

•       Plaintiff, Gilbert Newman, alleges on the Plaintiff Fact Sheet that the injury occurred on January 01, 2005, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over three years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A en globo.*"

•       Plaintiff, Claudette Morris, alleges on the Plaintiff Fact Sheet that the injury occurred on May 01, 2006, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over two years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A en globo.*"

**D.      Conclusion**

Clearly, each of the Plaintiff claims specifically addressed is prescribed. Thus, Defendant, Gulf Stream, prays that this Court dismiss these claims, with prejudice.

Respectfully Submitted,

**DUPLASS, ZWAIN, BOURGEOIS, PFISTER & WEINSTOCK**

s/Andrew D. Weinstock
_____
**ANDREW D. WEINSTOCK #18495**
**JOSEPH G. GLASS #25397**
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana  70002
Telephone: (504) 832-3700
Facsimile: (504) 837-3119
andreww@duplass.com
jglass@duplass.com

and

SCANDURRO & LAYRISSON
**Timothy D. Scandurro #18424**
**Dewey M. Scandurro #23291**
607 St. Charles Avenue
New Orleans, LA 70130
(504) 522-7100
(504) 529-6199 (FAX)
tim@scanlayr.com
dewey@scanlayr.com
**Counsel for Defendant, Gulf Stream Coach, Inc.**

**CERTIFICATE OF SERVICE**

**I DO HEREBY CERTIFY** that on this 20th day of April, 2012, a copy of the above and foregoing was filed electronically. Notice of this pleading was sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

                                                s/Andrew D. Weinstock
                              _____
                              **ANDREW D. WEINSTOCK**