## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5)* |
| | * | |
| THIS DOCUMENT IS RELATED TO: | * | JUDGE ENGELHARDT |
| *Cheryl Treaudo, et al v. Gulf Stream Coach, Inc.,* | * | |
| *et al;* Civil Action No. 09-07831 | * | MAGISTRATE CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*     \* \* \* \* \* \* \* \* \* \*

### GULF STREAM COACH, INC.'S MEMORANDUM IN SUPPORT
### OF ITS RULE 12(b)(6) MOTION TO DISMISS
### CERTAIN PLAINTIFFS' CLAIMS FOR PRESCRIPTION

**MAY IT PLEASE THE COURT:**

Defendant, Gulf Stream Coach, Inc. ("Gulf Stream"), respectfully submits the following

Memorandum in Support of its Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss for

Prescription.

**A.      Background**

This litigation stems from claims made by multiple Plaintiffs against the United States of

America, manufactures of temporary housing units, and contractors assigned to work on these

temporary housing units, for their actions following Hurricanes Katrina and Rita which made

landfall along the Texas and Gulf Coast in September of 2005. On May 18, 2006, the matter of

*Keith Hillard, et al. v. The United States of America, et al.,* was filed in Louisiana's Eastern

District making these initial claims cited above.[1]  More importantly, *Hillard* was filed on behalf

of a class of individuals with similar claims and sought class certification under F.R.C.P. 23.[2] On

October 24, 2007, the above captioned Multi-District Litigation was created to allow for the

consolidated resolution and completion of discovery and other pre-trial matters.[3]

---

[1] *See Hillard, et al. v. The United States of America, et al.,* 2:06-cv-02576
[2] *Id.* at paras. 2 and 64(I).
[3] *See* 2:07-md-01873, Rec. Doc. #1

On October 28, 2008, Plaintiff Liaison Counsel filed a Motion to Certify Class in accordance with Federal Rule of Procedure 23.[4] This Motion was denied by the Court on December 29, 2008.[5]

However, on December 01, 2008, prior to the Court ruling on the Motion to Certify Class, the independent lawsuit of *Belinda H. Bauer, et al. v. Gulf Stream Coach, et al.,* 2:08-cv-05031, was filed outside of the putative class action asserting substantially similar claims.[6] Fourty-six Plaintiffs asserting claims against Gulf Stream in the *Bauer* matter eventually joined the *Treaudo* suit referenced above. As seem below, the claims of these forty-six Plaintiffs originally named in the *Bauer* lawsuit were prescribed at the time this suit was filed.

**B.    Law**

In a federal diversity action, Louisiana's one year statute of limitations for delictual actions applies. La.Civ.Code art. 3492; *Orleans Parish Sch. Bd. v. U.S. Gypsum Co.,* 892 F. Supp. 794, 797-98 (E.D. La. 1995) *aff'd sub nom. Orleans Parish Sch. Bd. v. Asbestos Corp. Ltd.*, 114 F.3d 66 (5th Cir. 1997). Under Louisiana law, prescription begins to run "when the person in whose favor a cause of action exists knows or should have known of the existence of his cause of action." *Trizec Properties, Inc. v. United States Mineral Products Co.,* 974 F.2d 602, 607 (5th Cir.1992); La. Civ. Code art. 3493. A person knows or should know of the existence of his cause of action once he has received sufficient notice to prompt a reasonable person to investigate further. *See Jordan v. Employee Transfer Corp.,* 509 So.2d 420, 423-24 (La.1987). Therefore, the above-cited claims have a prescription period of one year from the time the Plaintiff knows or should have known of the existence of the injury.

---

[4] *Id. at* Rec. Doc. #764
[5] *Id.* at Rec. Doc. #1014
[6] *Bauer  v. Gulf Stream Coach, Inc.,* Civil Action No. 2:10-cv-05031.

Furthermore, Plaintiffs' prescriptive periods were not suspended during the pendency of the putative class because Plaintiffs voluntary opted-out of the class, thereby forfeiting their right to suspend the prescriptive period.

Generally, prescription against members of a putative class is suspended prior to the certification of the class. La. Code Civ. Pro. art. 596. However, when members of the putative class "opt-out," they lose the suspensive protection against prescription. *Katz v. Allstate Ins. Co.,* 04-1133 (La. App. 4 Cir. 02/02/05) 917 So.2d 443. When a plaintiff, who is a putative class member, chooses to file suit on his own before the class certification decision is made, he is determined to have "opted-out" of the class and forfeits the benefit of Article 596 tolling. *Dixey v. Allstate Ins. Co.,* 09-4443, 2011 WL 4403988 (E.D. La. Sept. 21, 2011) *citing Lester v. Exxon Mobile Corp.,* 09-1105 (La. App. 5 Cir. 06/29/10) 42 So.3d 1071. *See also Duckworth v. Louisiana Farm Bureau Mut. Ins. Co.,* 2011-0837 (La. App. 4 Cir. 11/23/11) 2011 WL 5903854. Thus, the general prescription period of one year from the date Plaintiffs knew or should have known of their injury and potential cause of action applies here.

## C.    Prescribed Claims

As stated above, the claims of forty-six Plaintiffs originally named in *Bauer* are prescribed, entitling Gulf Stream to dismissal with prejudice. Specifically:

•     Plaintiff, Cheryl Treaudo on behalf of minor, Christian Treaudo (Plaintiff reference #206681), alleges on the Plaintiff Fact Sheet that the injury occurred on May 01, 2006, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over two years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

•     Plaintiff, Gennive Treaudo, alleges on the Plaintiff Fact Sheet that the injury occurred on March 01, 2006, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over two years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

00346080-1

• Plaintiff, Wayne Treaudo, alleges on the Plaintiff Fact Sheet that the injury occurred on March 01, 2006, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over two years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

• Plaintiff, Jane Tureaud, alleges on the Plaintiff Fact Sheet that the injury occurred on August of 2006. The *Bauer* suit was filed over two years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

• Plaintiff, Jerome McDonald, alleges on the Plaintiff Fact Sheet that the injury occurred on January 01, 2005, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over three years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

• Plaintiff, Arthur Turner, alleges on the Plaintiff Fact Sheet that the injury occurred on December 01, 2005, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed three years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

• Plaintiff, Reginald Turner, alleges on the Plaintiff Fact Sheet that the injury occurred on December 01, 2005, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed three years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

• Plaintiff, Shineta Turner, alleges on the Plaintiff Fact Sheet that the injury occurred on July 15, 2006, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over two years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

• Plaintiff, Mary Upton, alleges on the Plaintiff Fact Sheet that the injury occurred on February 01, 2006, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over two years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

• Plaintiff, Willie Upton, alleges on the Plaintiff Fact Sheet that the injury occurred on February 01, 2006, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over two years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

• Plaintiff, David Valdez, alleges on the Plaintiff Fact Sheet that the injury occurred on January 01, 2005, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over three years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

• Plaintiff, Ashley Ward, alleges on the Plaintiff Fact Sheet that the injury occurred on November 06, 2005, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was

filed over three years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

• Plaintiff, Martha Watjus, alleges on the Plaintiff Fact Sheet Deficiency Answers that she had knowledge of injury through medical diagnosis by January 19, 2006. The *Bauer* suit was filed over two years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

• Plaintiff, Vivian Wells, alleges on the Plaintiff Fact Sheet that the injury occurred on November 01, 2005, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over three years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

• Plaintiff, Linda Wester, alleges on the Plaintiff Fact Sheet that the injury occurred on September 01, 2005, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over three years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

• Plaintiff, A.d. White, alleges on the Plaintiff Fact Sheet that the injury occurred on September 13, 2005, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over three years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

• Plaintiff, Charlette White, alleges on the Plaintiff Fact Sheet that the injury occurred on November 01, 2005, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over three years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

• Plaintiff, Samantha Harris on behalf of Iriyan White (Plaintiff reference #202516), alleges on the Plaintiff Fact Sheet that the injury occurred on January 01, 2005, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over three years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

• Plaintiff, Jasmine White, alleges on the Plaintiff Fact Sheet that the injury occurred on July 26, 2006, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over two years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

• Plaintiff, Lanettie White, alleges on the Plaintiff Fact Sheet that the injury occurred on July 26, 2006, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over two years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

• Plaintiff, William Wiley, alleges on the Plaintiff Fact Sheet that the injury occurred on November 01, 2005, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was

filed over three years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

•        Plaintiff, Craig Williams, alleges on the Plaintiff Fact Sheet that the injury occurred on January 01, 2005, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over three years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

•        Plaintiff, Dustin Williams, alleges on the Plaintiff Fact Sheet that the injury occurred on January 01, 2005, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over three years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

•        Plaintiff, James Williams, alleges on the Plaintiff Fact Sheet that the injury occurred on February 09, 2006, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over two years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

•        Plaintiff, Geraldine Williams, states on the Plaintiff Fact Sheet that she does not recall when the injury occurred. However, she admits that she moved out of her trailer in July of 2006, the latest possible period of exposure. The *Bauer* suit was filed over two years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

•        Plaintiff, Iris Willis, alleges on the Plaintiff Fact Sheet that she was diagnosed with her injury in November of 2006. The *Bauer* suit was filed over two years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

•        Plaintiff, Thomas Williams, alleges on the Plaintiff Fact Sheet that the injury occurred on January 01, 2005, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over three years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

•        Plaintiff, Pamela Faulkner on behalf of Cy'nia Wilson (Plaintiff reference #211474), alleges on the Plaintiff Fact Sheet that the injury occurred in 2006. The *Bauer* suit was filed over two years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

•        Plaintiff, Joann Wilson, alleges on the Plaintiff Fact Sheet that moved out of the trailer on June of 2007, the latest possible period of exposure. The *Bauer* suit was filed over a year later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

•        Plaintiff, Franklin Wimberly, alleges on the Plaintiff Fact Sheet that he moved out of the trailer on February 14, 2077, the last possible date of exposure.  The *Bauer* suit was filed over

two years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

•       Plaintiff, Carl Windom, alleges on the Plaintiff Fact Sheet that the injury occurred on May 01, 2006, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over two years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

•       Plaintiff, Christy Winston, alleges on the Plaintiff Fact Sheet Deficiency Answers that the injury occurred in either May or June of 2007. The *Bauer* suit was filed over a year later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

•       Plaintiff, John Winters, alleges on the Plaintiff Fact Sheet Deficiency Answers that the injury occurred in either May or June of 2007. The *Bauer* suit was filed over a year later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

•       Plaintiff, Mary Winters, alleges on the Plaintiff Fact Sheet Deficiency Answers that the injury occurred in either June or July of 2007. The *Bauer* suit was filed over a year later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

•       Plaintiff, Mildred Winters, alleges on the Plaintiff Fact Sheet that the injury occurred on September 01, 2006, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over two years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

•       Plaintiff, Frances Wittman, alleges on the Plaintiff Fact Sheet that the injury occurred on September 01, 2005, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over three years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

•       Plaintiff, Kentrick Wood, alleges on the Plaintiff Fact Sheet that the injury occurred on September 29, 2005, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over three years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

•       Plaintiff, Kanisha Woods, alleges on the Plaintiff Fact Sheet that she was diagnosed with her injuries in December of 2005. The *Bauer* suit was filed over two years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

•       Plaintiff, Linda Banks on behalf of Shada Woods (Plaintiff reference #202622), alleges on the Plaintiff Fact Sheet that the injury occurred on September 29, 2005, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over three years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

•       Plaintiff, John Young, alleges on the Plaintiff Fact Sheet that he moved out of his trailer on April 24, 2007, the last possible date of exposure. The *Bauer* suit was filed over a year later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

•       Plaintiff, Charles Young, alleges on the Plaintiff Fact Sheet that he moved out of his trailer on July 30, 2006, the last possible date of exposure. The *Bauer* suit was filed over two years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

•       Plaintiff, John Young on behalf of minor, Charles Young, Jr. (Plaintiff reference #213835), alleges on the Plaintiff Fact Sheet that he moved out of his trailer on July 30, 2006, the last possible date of exposure. The *Bauer* suit was filed over two years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

•       Plaintiff, Kenneth Young, alleges on the Plaintiff Fact Sheet that he moved out of his trailer in May of 2007, the last possible period of exposure. The *Bauer* suit was filed over a year later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

•       Plaintiff, Ashley Zimmerman on behalf of Leigha Zimmerman (Plaintiff reference #210698), alleges on the Plaintiff Fact Sheet that she moved out of her trailer in 2006, the last possible period of exposure. The *Bauer* suit was filed at least over a year later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

•       Plaintiff, Russell Zirlott, alleges on the Plaintiff Fact Sheet that the injury occurred on January 01, 2006, the date upon which Plaintiff moved into the trailer. The *Bauer* suit was filed over two years later on December 01, 2008. Thus, the claim is prescribed. The Plaintiff Fact Sheet is attached as "*Exhibit A in globo.*"

**D.      Conclusion**

Clearly, each of the Plaintiff claims specifically addressed is prescribed. Thus, Defendant, Gulf Stream, prays that this Court dismiss these claims, with prejudice.

Respectfully Submitted,

**DUPLASS, ZWAIN, BOURGEOIS,
PFISTER & WEINSTOCK**

s/Andrew D. Weinstock

_____
**ANDREW D. WEINSTOCK #18495**

00346080-1

**JOSEPH G. GLASS #25397**
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana  70002
Telephone: (504) 832-3700
Facsimile: (504) 837-3119
andreww@duplass.com
jglass@duplass.com

and

SCANDURRO & LAYRISSON
**Timothy D. Scandurro #18424**
**Dewey M. Scandurro #23291**
607 St. Charles Avenue
New Orleans, LA 70130
(504) 522-7100
(504) 529-6199 (FAX)
tim@scanlayr.com
dewey@scanlayr.com
**Counsel for Defendant, Gulf Stream Coach, Inc.**

<u>**CERTIFICATE OF SERVICE**</u>

**I DO HEREBY CERTIFY** that on this 22nd day of April, 2012, a copy of the above and foregoing was filed electronically.  Notice of this pleading was sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF system.

s/Andrew D. Weinstock
_____
**ANDREW D. WEINSTOCK**

00346080-1