IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: FEMA Trailer Product ) <br> Liability Litigation ) <br> ) <br> ) <br> ) <br> ) <br> _____ ) | Civil Action No. MDL No. 1873 <br><br> Judge Engelhardt <br> Mag. Judge Chasez |

### MEMORANDUM IN SUPPORT OF THE RECREATION VEHICLE INDUSTRY ASSOCIATION'S MOTION TO QUASH SUBPOENA

The Recreation Vehicle Industry Association (RVIA) hereby moves this Court to quash the subpoena served by Plaintiffs' Liaison Counsel on RVIA on April 9, 2012, because Plaintiffs' Liaison Counsel failed to issue the subpoena from the appropriate district court. The subpoena improperly requests deposition testimony and the production of documents through a subpoena issued from the court for the district where this action is pending, rather than the court for the district where the deposition is to be taken or the production is to be made. A copy of the improper and defective subpoena is attached to this Motion as Exhibit 1. In support of this Motion, RVIA offers the following discussion of the relevant facts and applicable law.

### Statement of Facts

RVIA, headquartered in Reston, Virginia, is the national trade association representing recreation vehicle (RV) manufacturers and their component parts suppliers. On April 9, 2012, Plaintiffs' Liaison Counsel served a subpoena on RVIA at its Reston, Virginia location. The subpoena is issued from this Court, the Eastern District of Louisiana. The subpoena purports to compel RVIA to produce a Rule 30(b)(6) witness to provide deposition testimony concerning twenty (20) separate matters outlined by Plaintiffs' Liaison Counsel in a document request attached as Exhibit A to the subpoena. (Ex. 1 at pp. 3-11). The deposition is scheduled to take

place on April 27, 2012 at 10:00 EST at Homewood Suites by Hilton Dulles Int'l Airport, 13460 Sunrise Valley Drive, Herndon, Virginia 20171. (*Id.* at 5).

In addition to purporting to compel deposition testimony, the subpoena demands the production of documents. The subpoena requires that RVIA produce documents both at the deposition in Virginia on April 27, 2012, and in advance of the deposition to the offices of Hilliard Munoz Gonzales, 719 S. Shoreline, Suite 500, Corpus Christi, Texas on April 20, 2012.[1]

## Law and Argument

Federal Civil Procedure Rule 45(a)(2)(B) mandates that a subpoena compelling a deposition "must issue ... from the court for the district where the deposition is to be taken." Likewise, subsection (C) states that a subpoena for production of documents "must issue ... from the court for the district where the production or inspection is to be made." An attorney, as an officer of the court may issue and sign a subpoena. Fed. R. Civ. P. 45(a)(3)(A). An attorney doing so must issue the subpoena "from" the right district court—"it is the responsibility of the attorney who signs the subpoena to designate the court from which the subpoena issues." *Kupritz v. Savannah College of Art & Design*, 155 F.R.D. 84, 87 (E.D. Pa. 1994). Thus, when a subpoena seeks testimony or materials from a witness beyond the territorial reach of the action-pending district, it must issue "from" the district court of the district in which the deposition or production is sought.

Here, Plaintiffs' Liaison Counsel served on RVIA a subpoena issued from the Eastern District of Louisiana, the action-pending district. (*See* Ex. A at 1). But the subpoena demands

---

[1] In the first instruction to the document request appended to the subpoena, Plaintiffs Liaison Counsel states that counsel for RVIA and Plaintiffs' Liaison Counsel agreed to produce documents on April 20, 2012, to Gonzales in Corpus Christi, Texas. Counsel for RVIA never agreed to produce documents in such a manner. In fact, Plaintiffs' Liaison Counsel never even asked for such production. The statement in the subpoena is a falsehood.

that RVIA produce a Rule 30(b)(6) witness for a deposition in Herndon, Virginia; and produce documents at the deposition and to a law office in Corpus Christi, Texas. Plaintiffs' subpoena, issued from this Louisiana federal district court, cannot compel deposition testimony in Virginia and the production of documents in both Texas and Virginia. *See, e.g., Hallamore Corp. v. Capco Steel Corp.*, 259 F.R.D. 76, 79 (D. Del. 2009) ("Because the subpoena, which was issued out of the District of Delaware, calls for attendance at a deposition in the Eastern District of Pennsylvania, the subpoena is defective and unenforceable with respect to the command for AmQuip to attend a deposition in Philadelphia.").

Federal Civil Procedure Rule 45 is clear: only the court for the district where the deposition is to be taken or the production is to be made can issue a subpoena. Thus, the subpoena issued from the Eastern District of Louisiana that Plaintiffs' Liaison Counsel served on RVIA must be quashed for failing to comply with the Federal Rules of Civil Procedure.[2]

## Conclusion

Federal Civil Procedure Rule 45 permits an attorney to issue a subpoena compelling deposition testimony and the production of documents, so long as the subpoena is issued from the right district court. Here, in direct contravention of Rule 45, Plaintiffs' Liaison Counsel issued a subpoena from the action-pending district in an attempt to compel a deposition and the production of documents in a different, distant district. By neglecting to issue the subpoena from

---

[2] The subpoena also suffers from a myriad of substantive, objectionable flaws. RVIA intends to raise objections at the appropriate time, with the appropriate court. It is only the court "from" which the subpoena issues—either the trial court or the court in the distant district—that has the needed jurisdiction to modify or enforce a subpoena. *See, e.g., Hodnett v. Smufit–Stone Container Enters.*, No. 09-1256, 2010 WL 3522497, at *1 (W.D. La. 2 Sept. 2010) ("As this court is not the issuing court, it follows therefore, that it lacks authority to act upon [the motions to quash and for other relief regarding] the subpoenas."). Accordingly, RVIA will raise its objections once it is served with a subpoena issued from a district court with the jurisdiction to modify the subpoena.

the court for the district where the deposition is to be taken and the production is to be made, Plaintiffs' Liaison Counsel has issued an improper and defective subpoena. Accordingly, this Court should quash the subpoena served on RVIA by Plaintiffs' Liaison Counsel.

Dated: April 20, 2012

Respectfully submitted,

SNR Denton US LLP

*[signature]*

Laura L. Gavioli
Louisiana State Bar No. 29206
650 Poydras Street, Suite 2850
New Orleans, LA 70130
2000 McKinney Avenue, Suite 1900
Dallas, TX 75201
laura.gavioli@snrdenton.com
Tel: (214) 259-0961
Fax: (214) 259-0910

Kenneth J. Pfaehler
District of Columbia Bar No. 461718
Justin M. Guilder
District of Columbia Bar No. 979208
1301 K Street, N.W.
Suite 600, East Tower
Washington, D.C. 20005
kenneth.pfaehler@snrdenton.com
justin.guilder@snrdenton.com
Tel: (202) 408-9169
Fax: (202) 408-6399

*Counsel for Recreation Vehicle Industry Association (RVIA)*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 20, 2012, I served the foregoing pleading upon Liaison Counsel for Plaintiffs and Defendant by overnight delivery at the following addresses:

Gerald Edward Meunier
Justin I. Woods
Gainsburgh, Benjamin, David, Meunier & Warshauer
Entergy Centre
1100 Poydras Street, Ste. 2800
New Orleans, LA 70163-2800

Andrew D. Weinstock
Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock
Three Lakeway Center
3838 North Causeway Blvd., Ste. 2900
Metairie, LA 70002

Michael David Kurtz
Baker, Donelson, Bearman, Caldwell & Berkowitz
201 St. Charles Ave., Ste. 3600
New Orleans, LA 70170

Thomas W. Thagard, III
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, AL 35203-2618

Laura L. Gavioli

25502365