AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of Louisiana    ⊙

| | | |
|---|---|---|
| IN RE: FEMA TRAILER PRODUCT LIABILITY LITIGATION | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No. MDL NO. 1873 |
| | ) | |
| | ) | (If the action is pending in another district, state where: |
| _Defendant_ | ) | ⊙ ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: The Recreation Vehicle Industry Association
By and through RICHARD COON, President
16819 Yorkfield Ct., Purcellville, VA 20132

☑ _Testimony:_ **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is _not_ a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Homewood Suites by Hilton Dulles Int'l Airport 13460 Sunrise Valley Drive Herndon, Virigina 20171   (703/793-1700) | Date and Time: April 27, 2012 @ 10:00 am EST |
|---|---|

The deposition will be recorded by this method: ~~Court Reporter~~

☑ _Production:_ You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:
As stated in Exhibit A of the deposition notice attached hereto.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: ~~March 30, 2012~~

_CLERK OF COURT_

_____
_Signature of Clerk or Deputy Clerk_

OR

_____
_Attorney's signature_

The name, address, e-mail, and telephone number of the attorney representing _(name of party)_ _____Chris Pinedo_____
_719 S. Shoreline, Suite 500, Corpus Christis, Texas 78401    (361/882-1612)_ who issues or requests this subpoena, are:

**EXHIBIT 1**

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. MDL NO. 1873

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:FEMA TRAILER FORMALDEHYDE    *    **MDL NO. 1873**
PRODUCTS LIABILITY LITIGATION    *

               *    **SECTION "N" (5)**

               *

               *    **JUDGE ENGELHARDT**

**THIS DOCUMENT RELATES TO ALL CASES**    *

               *    **MAG: CHASEZ**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## FIRST AMENDED NOTICE OF VIDEOTAPED FEDERAL RULE 30(B)(6) DEPOSITION OF THE RECREATION VEHICLE INDUSTRY ASSOCIATION (RVIA)

To:   **The Recreation Vehicle Industry Association**
By and through Richard Coon
1896 Preston White Drive
Reston, VA 20191
And
16819 Yorkfield Ct.
Purcellville, VA 20132

To:   **Andrew D. Weinstock, Esq.**
Manufacturing Defendants' Liaison Counsel
Duplass, Zwain, Bourgeois, Pfister & Weinstock, PLC
3838 North Causeway Blvd.,
Three Lakeway Center, Suite 2900
Metairie, LA 70002

To:   **M. David Kurtz, Esq.**
Contractor Defendants' Liaison Counsel
Baker Donelson, PC
201 St. Charles Avenue, Ste. 3600
New Orleans, LA 70170

To:   **Henry T. Miller, Esq.**
Government Defendants' Liaison Counsel
Senior Trial Counsel Department Of Justice, Civil Division
1331 Pennsylvania Avenue, NW
Room 8220-N
Washington, D.C. 20004

To:   **Charles E. Leche, Esq.**
Deutsch, Kerrigan & Stiles
755 Magazine Street
Louisiana, LA 70130

**PLEASE TAKE NOTICE** that Plaintiffs, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, will take the videotaped deposition of one or more officers, directors, managing agents, or other persons designated by the **RECREATION VEHICLE INDUSTRY ASSOCIATION**, as most knowledgeable concerning the issues

1

listed on Exhibit A. The deposition will take place on **April 27, 2012 at 10:00 a.m. EST** at Homewood Suites by Hilton Dulles Int'l Airport, 13460 Sunrise Valley Drive, Herndon, Virginia 20171 (703/793-1700), or as otherwise agreed upon. The deposition will continue from day to day thereafter, weekends and holidays excluded, until complete. The deposition will be taken before a Notary Public or other officer authorized to administer oaths under the law. You are invited to attend and examine the witnesses if you so desire. You are requested to designate and identify each officer, director, managing agent, or other persons who will testify on behalf of the Recreation Vehicle Industry Association, and to set forth, for each person designated, the matters on which the person will testify. Deponent is further requested to bring to the deposition all documents and communications identified in Exhibit A.

Plaintiff reserves the right to record the deposition stenographically, as well as by videotape, audiotape, and live note. The deposition is being taken for the purposes of discovery, for use at trial, or for all other purposes as are permitted under the Federal Rules of Civil Procedure.

## INSTRUCTIONS AND DEFINITIONS

1.  Documents responsive to this document request shall be produced at the offices of Hilliard Munoz Gonzales, 719 S. Shoreline, Suite 500, Corpus Christi, Texas, no later than **April 20, 2012**, as per an agreement between counsel for the Recreation Vehicle Association Industry and Plaintiffs' Liaison Counsel. If a request has been previously provided, please refer to the specific bates number and range in the prior document production.

2.  "You" and its various forms, such as "your" and "yourself," shall mean the Recreation Vehicle Industry Association and all present and former agents, employees, representatives, attorneys, custodian of records, and all other persons acting on behalf of such person, including, but not limited to, deponent, its divisions, parents, subsidiaries, related companies or corporations, predecessors, successors, and all present and former officers, directors, agents,

2

employees, representatives, and attorneys, and all other persons acting or purporting to act on behalf of deponent.

3.      "Documents" shall mean or refer to all written or graphic matter of every kind of description, however produced or reproduced, whether draft or final, original or reproduction, and all tangible things within the scope of Federal Rule of Civil Procedure 30(b)(6), specifically including, but not limited to: writings, graphs, charts, photographs, satellite and/or radar imagery, telephone records, data compilations (from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form), letters, correspondence, e-mail communications, memoranda, minutes, notes, contracts, agreements, books, diaries, time sheets, laboratory books, logs, bulletins, circular, notices, rules, regulations, prospects, directions, teletype messages, inter-office communications, intra-office communications, reports, company worksheets, credit files, evidence of indebtedness, negotiable instruments, telegrams, mailgrams, books, news releases, newspapers, magazines, advertisements, periodicals, pamphlets, sketches, drawings, statements, reports, articles of incorporation, by- laws, directives, minutes of meetings, balance sheets, income and loss statements, profit and loss statements, inventories, operating budgets, accounting worksheets, financial accounts, bills, vouchers, bank checks, proposals, offers, orders, acknowledgments, receipts, invoices, checks, working papers, telephone messages (whether written or recorded), notebooks, post cards, evaluations, recommendations, annual reports, confirmations, leases, analyses, feasibility or market studies, disbursement requests or orders, charts, graphs, indices, projections, forms, data sheets, data processing discs, or readable computer-produced interpretations thereof, booklets, articles, manuals, speeches, stenographic notes, maps, studies, tests, surveys, cables, tape and disc recordings (both audio and video), blueprints, containers, cartons, package labels, slides, audit reports, tender offers or invitations, personal interviews, and summaries, abstracts, compilations or paraphrases of any of the foregoing, or material similar to any of the foregoing, however denominated, which are in the possession, custody or control of the party upon whom this subpoena and/or request for production of documents is served or to which said party can obtain access. The subpoena and/or request for production of documents calls for originals, unless otherwise specified, and for all copies when originals are not available. If a document has been prepared in several copies, or additional copies have been made and the copies are not identified (or by reason of subsequent modification of the copy by additions or notations, or other modifications, are no longer identical), each non-identical copy is a separate "document."

4.      With respect to the production of any documents which are claimed to be privileged, a statement shall be provided by the attorneys for the respondent setting forth as to each such documents (and, where applicable, each attachment thereto):

3

       a.     the name of the sender, if any, of the documents;

       b.     the name of the author of the document;

       c.     the name of the person, if any, to whom the document and copies were sent;

       d.     the date of the document;

       e.     the date on which the document was received by those having possession of the document;

       f.     a description of the nature and the subject matter of the document;

       g.     the statute, rule or decision which is claimed to give rise to the privilege;

       h.     the last-known custodian of the document and the present location of the document;

       i.     attachments to the document;

       j.     the number of pages comprising the document;

       k.     whether the document is handwritten, typewritten or otherwise prepared; and,

       l.     any other information which is useful in identifying or is necessary to identify the document.

5.     Whenever appropriate, the singular form of the word shall be interpreted in the plural and vice versa.

6.     All words and phrases shall be construed as masculine, feminine, or neutral gender according to the context.

7.     "And" as well as "or" shall be construed either disjunctively as necessary to bring within the scope of the subpoena and/or request for production of documents any matters which might otherwise be construed to be outside of the scope of the subpoena and/or request for production of documents.

8.     "Identify" with regard to a natural person, means to provide the name, last known address, last known telephone number; whether ever employed by you, and if so, dates of employment, descriptions and/or title of each position held, and the reasons for termination; and, current employer and/or last known employer and position held.

"Identify," *with regard to a corporation*, means to provide the name of the entity along with its primary business address and telephone number.

"Identify," *with regard to documents or other inanimate objects*, means to provide the date, author, address, number of pages, subject matter, custodian of the document, and location of the document.

9.     Describe or Specify means the following:

a. to offer a detailed description of the thing sought including where appropriate, to identify the thing;

b. to set forth the matter which you are asked to "describe" or "specify," and do so fully in detail, by reference to underlying facts rather than reference to ultimate facts or conclusion of fact and law;

c. to state particulars as to (I) time and (ii) place;

d. "Identify" the "person" participating, present or involved at any time; and

e. to set forth all facts necessary to a complete understanding of the "fact," process, or thing in questions.

10. "FEMA" means the Federal Emergency Management Agency and includes the Department of Homeland Security and any governmental or other related agency.

11. "THU" means Temporary Housing Units and is defined as travel trailers, mobile homes, park model homes or any similar type of housing provided by FEMA.

12. "Formaldehyde" means formaldehyde and/or all formaldehyde based resins.

13. "Database" means a digital file or systematically arranged collection of computer data, structured so that it can be automatically retrieved, searched and sorted, such as an Excel spreadsheet, CSV spreadsheet, a comma delimited file or any other digital document that is in an electronic searchable format.

14. This Notice is limited in scope in that all time frames are from 2005-2008.

**THIS DEPOSITION IS <u>NOT</u> FOR RECORDS ONLY**

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:   */s/Gerald E. Meunier*
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.

5

2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:    504/528-9973
gmeunier@gainsben.com


/s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:    504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
MIKAL WATTS, Texas #20981820
ROBERT BECNEL, #14072
DENNIS REICH, Texas #16739600
ROBERT C. HILLIARD #09677700


## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2012, I electronically mailed the foregoing

Notice of Deposition upon all counsel of record.

/s/Robert C. Hilliard
Robert C. Hilliard #09677700

## EXHIBIT A

1.    The By-Laws of the RVIA.

2.    A list of all members of the RVIA for the years 2005-2008, including names, addresses, telephone numbers, and email addresses of each member firm's representative to the RVIA.

3.    Any and all emails, letters, memos, or other communications between the RVIA and any of its members or representatives pertaining to the issue of formaldehyde in travel trailers and/or recreational vehicles for the years 2005-2008.

4.    Any papers, writings, memoranda, emails or other means of communication, either in house at the RVIA or to outside entities (lobbyists, Congressmen, Senators, media, public relations firms) pertaining to formaldehyde and travel trailers for the years 2005-2008. This request specifically includes drafts of any of the above means of communication.

5.    RVIA member booklet, brochure or pamphlets pertaining to membership duties of member companies for the years 2005-2008.

6.    Any and all RVIA Standards imposed by the RVIA on its members pertaining to the construction and materials to be used in the construction and/or design of travel trailers for the years 2005-2008.

7.    Any and all documentation requiring member firms to comply with any codes or standards pertaining to formaldehyde for the years 2005-2008.

8.    Any and all emails, papers, writings, memoranda, trade articles or documentation pertaining to LFE wood products for the years 2005-2008.

9.    Any requirements of the RVIA that require their members to utilize one type of wood component over another (for example, LFE [low formaldehyde emitting] vs. Non-LFE products) for the years 2005-2008.

10.   Any and all documentation that evinces what constituted a member in good standing during the years 2005-2008.

11.   Any documents regarding the RVIA's position with regard to any health effects caused by exposure to gaseous formaldehyde in travel trailers, recreational trailers, or other vehicles for the years 2005-2008.

12.   Any documents which evidence the RVIA's position on formaldehyde in its members' travel trailers and/or recreational vehicles for the years 2005-2008.

13.   Any documents which evidence the RVIA's position with regard to the health effects of formaldehyde.

14.   Any documents which evidence the RVIA's position on what is a "safe level" of formaldehyde for travel trailers.

15.   Any documents which evidence the RVIA's position regarding guidelines or recommendations by any governmental agency concerning formaldehyde exposure and health effects.

16.   Any documents which evidence the RVIA's position with regard to warnings or health effects contained in Material Safety Data Sheets for products which contain formaldehyde and whether these warnings are necessary or appropriate.

17.   Any documents which evidence the RVIA's position with regard to the Environmental Protection Agency's (EPA) recommendation that formaldehyde be classified as a known carcinogen.

18.   Any documents which evidence political contributions made by the RVIA or the RVIA's lobbyists, including, but not limited to, contributions to Senator David Witter, Senator James Inholfe, and others.

19.   Any documents which evidence the RVIA's position on warning language which would be appropriate for formaldehyde products, generally, and for travel trailers used by FEMA as emergency housing, specifically.

20.   The Minutes of the RVIA meetings for the years 2005-2008.

8