UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCT | * | |
| LIABILITY LITIGATION | * | |
| | * | SECTION "N-5" |
| THIS DOCUMENT RELATES TO: | * | |
| Case Nos.  09-7555 and 10-1358 | * | JUDGE ENGELHARDT |
| | * | |
| | * | MAG. JUDGE CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMO IN SUPPORT OF DEFENDANT FOREST RIVER'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NO. 2 AND 32 RELATING TO PLAINTIFF FACT SHEETS AND THE MATCHING REQUIREMENTS OF PRE-TRIAL ORDERS NO. 38, 49 AND 68

**MAY IT PLEASE THE COURT:**

Forest River, Inc. moves this Honorable Court for an Order dismissing the claims of the following plaintiffs, with prejudice, for failure to comply with Pre-Trial Orders Nos. 2 and 32 Relating to the Production of Plaintiff Fact Sheets and the matching requirements of Pre-Trial Orders No. 38, 49 and 68.

- Curley L. Foster (Plaintiff in *Curol*, C.A. 09-7555)
- Tommy Allen (Plaintiff in *Gonzales*, C.A. 10-1358)
- Gene O. Boyce (Plaintiff in *Gonzales*, C.A. 10-1358)

### BACKGROUND - CREATION OF MDL AND FACT SHEET PROCESS

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008 the Court issued Pre-Trial Order ("PTO" or "Order") No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet" (PFS), which would serve as the substitute for the initial rounds of Interrogatories and Requests

for Production of Documents in a more standardized and simplified format. Rec. Doc. No. 87. The Order also established a process for "curing" these fact sheets when any particular plaintiff failed to comply with its obligation to submit a properly completed PFS Sheet. In outlining the curing process, the Order stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id.* at p. 8—9. The letter would specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id.*

Subsequently, on March 18, 2009, the Court amended PTO No. 2 with PTO No. 32 as to the due dates for these same PFSs. Rec. Doc. No. 1180. Because of the large number of cases being filed in the summer of 2009, PTO No. 32 provided new deadlines for the production of the PFSs and it also retained the same curing procedure as was set forth in PTO No. 2.

On May 27, 2009 the Court entered PTO No. 38 thereby placing on each plaintiff the burden of identifying and naming the sole manufacturer responsible for erecting the FEMA unit in which he or she was housed.  Rec. Doc. No. 1596.  For complaints that had already been filed or transferred to this Court as of December 9, 2009, the deadline to complete this matching expired twenty days thereafter, on December 29, 2009.  *See* Pre-Trial Order No. 49 (Rec. Doc. 8908).  For complaints not already filed or transferred to this Court by December 9, 2009, the pre-trial order requires that plaintiffs "shall be matched with a specific manufacturing defendant within 45 days of the date of the filing of the Complaint." *Id.*  (emphasis omitted).  Pre-Trial Order No. 45 further provides that the matching deadline is subject to extension "for good cause shown."  *Id.*  The above listed complaints were filed on December 4, 2009 and May 7, 2010,

respectively. Thus, plaintiff's deadline for matching to the correct, single manufacturing defendant expired on December 29, 2009 for Curley L. Foster; the deadline for the *Gonzalez's* plaintiffs expired 45 days from the date of filing, or June 21, 2010. If the above listed plaintiffs were some of the plaintiffs who had trouble obtaining matching information, and their attorneys fulfilled the strict requirements for participating in the "last chance" matching process established by the Court, then their deadline for participating in this process would have been August 2, 2010. *See* Amended Pre-Trial Order No. 68 Concerning Deadlines for Matching and Filing (Rec. Doc. 14779). Plaintiffs' counsel have not given any indication that the above listed plaintiffs participated in the "last chance" process. Thus, the deadlines for matching Curley L. Foster with the correct manufacturing defendant expired almost two years ago and the deadline for the Gonzalez plaintiffs expire almost a year and a half ago.

The Plaintiffs listed above have failed to comply with the deficiency and curing procedures set out in PTO Nos. 2 and 32 and with the matching requirements of PTO Nos. 38, 49 and 68.

## LAW AND ARGUMENT

Here, Forest River respectfully submits that the Plaintiffs listed above have failed to comply with PTO Nos. 2 and 32, and therefore, this Court should dismiss their claims.

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992); *Colle v. Brazos County, Tex.*, 981 F.2d 237, 242-243 (5th Cir. 1993).

Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the Fifth Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice. *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F.2d 1214 (5th Cir. 1970).

A Plaintiff Fact Sheet includes 122 questions that were to be answered. In Pre-Trial Order No. 88, the Court temporarily narrowed the PFS deficiency process to twenty-three "key" questions (except for cases where deficiency notices had been served and the time for curing such deficiencies already had expired) and, for deficiency notices served after March 24, 2011, extended the time for curing deficiencies by an additional thirty days. *See* Rec. Doc.22124 (signed June 24, 2011), as corrected in Rec. Doc. 22153.

**Curley L. Foster (Plaintiff in *Curol*, C.A. 09-7555)**

*Janine Curol and Perry Curol v. Forest River, Inc.* was filed December 4, 2009. After the complaint was filed, Forest River received the Plaintiff Fact Sheet of Curley L. Foster on or about April 15, 2011. (*See* Plaintiff Fact Sheet of Curley L. Foster, attached as Exhibit "A"). Upon receipt of the PFS, Counsel for Forest River reviewed it and deemed that PFS deficient. In accordance with the PFS process, Forest River thereby sent Rule 37 Deficiency Letters on May 4, 2011 and June 29, 2011, outlining all deficiencies of Curley L. Foster's PFS. (See Rule 37 Deficiency Letters to Counsel for Plaintiff, May 4, 2011 and June 29, 2011, attached as Exhibit "B").

Information that is critical to this Plaintiff's claim, such as Plaintiff's Vehicle Identification Number ("VIN") was requested on May 4, 2011. In response to the PTO 88, on June 29, 2011, Forest River requested additional information on the names of all trailer resident(s), smoking history of other trailer resident(s) and a signed certification. On July 29, 2011, Forest River received a revised PFS that identified Gulfstream, rather than Forest River, as the manufacturer, and listed a VIN with an INL1 prefix, which is not a Forest River VIN prefix. Because this Plaintiff has clearly admitted that he did not stay in a Forest River unit (*See* Exhibit "A"), his claim should be dismissed for failure to match with the correct manufacturing defendant pursuant to the deadlines set forth in PTO No. 38, 49 and 68.

In addition to staying in a non-Forest River unit, the Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Treatment for Formaldehyde Related Injury | VII.B. |

(*See* Ex. "A")

While Curley L. Foster has answered 22 of the required 23 keys questions, he did not stay in a Forest River unit, was incorrectly matched in a suit against Forest River and has missed the deadline for being matched with the correct manufacturing defendant. Therefore, this Plaintiff does not belong in a suit against Forest River and his claim should be dismissed accordingly

**Tommy Allen (Plaintiff in *Gonzales*, C.A. 10-1358)**

*Grace Gonzales v. Forest River, Inc.* was filed May 7, 2010. After the complaint was filed, Forest River received the Plaintiff Fact Sheet of Tommy E. Allen. (*See* Plaintiff Fact Sheet of Tommy E. Allen, attached as Exhibit "C"). Upon receipt of the PFS, Counsel for Forest River reviewed it and deemed the PFS deficient. In accordance with the agreed to PFS process, Forest

River thereby sent Rule 37 Deficiency Letter to Plaintiff's Liaison Counsel on April 7, 2011 outling all deficiencies of Tommy E. Allen's PFS.  (*See* Exhibit "B").

Information that is critical to this Plaintiff's claim, such as Plaintiff's VIN and move in and move out dates, medical records, Standard Form 95 and signed certification were requested on April 7, 2011.  Plaintiff identified Gulf Stream as the manufacturer bearing a VIN with a 1NL1G prefix, which is not a Forest River VIN prefix.  Because this Plaintiff has clearly admitted that he did not stay in a Forest River unit (*See* Exhibit "C"), his claim should be dismissed for failure to match with the correct manufacturing defendant pursuant to the deadlines set forth in PTO No. 38, 49 and 68.

In addition to staying in a non-Forest River unit, the Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Produce Documents | VIII. (A-B) |
| Signed Certification | |

(*See* Ex. "C")

While Tommy E. Allen has answered 22 of the required 23 key questions, he did not stay in a Forest River unit, was incorrectly matched in a suit against Forest River and has missed the deadline for being matched with the correct manufacturing defendant.  Therefore, this Plaintiff does not belong in a suit against Forest River and his claim should be dismissed accordingly

**Gene O. Boyce (Plaintiff in *Gonzales*, C.A. 10-1358)**

*Grace Gonzales v. Forest River, Inc.* was filed May 7, 2010.  After the complaint was filed, Forest River received the Plaintiff Fact Sheet of Gene Boyce.  (*See* Plaintiff Fact Sheet of Gene Boyce, attached as Exhibit "D").  Upon receipt of the PFS, Counsel for Forest River reviewed it and deemed the PFS deficient.  In accordance with the agreed to PFS process, Forest

River thereby sent Rule 37 Deficiency Letters to Plaintiff's Liaison Counsel, on April 7, 2011 and June 29, 2011, outling all deficiencies of Gene Boyce's PFS.  (*See* Exhibit "B").

Information that is critical to this Plaintiff's claim, such as Plaintiff's VIN and move in and move out dates, Plaintiff's smoking history, smoking history of other trailer resident(s), and Standard Form 95 were requested on April 7, 2011.  In response to the PTO 88, on June 29, 2011, Forest River requested additional information on manufacturer, names of all trailer resident(s), prior medical history, reimbursement of medical expenses, number of hours spent in trailer each day and signed certification.  Plaintiff identified FEMA as the manufacturer bearing a VIN with an INL1G prefix, which is not a Forest River VIN prefix.  The Plaintiff provided the response of "Do Not Recall" for move in and move out date, installation address, and number of hours spent in trailer each day.  Thus, the Plaintiff has indicated that he did not stay in a Forest River unit, based upon the VIN listed in the PFS.  Because this Plaintiff has indicated that he did not stay in a Forest River unit (*See* Exhibit "D"), his claim should be dismissed for failure to match with the correct manufacturing defendant pursuant to the deadlines set forth in PTO No. 38, 49 and 68.

In addition to staying in a non-Forest River unit, the Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Manufacturer | V.A.1. |
| Move In Date | V.A.6. |
| Move Out Date | V.A.7. |
| Installation Address | V.A.8. |
| Number of hours spent in trailer each day | V.13. |
| Produce Documents | VIII (B) |

(*See* Ex. "D")

Gene Boyce has answered only 17 of the required 23 key questions. Furthermore, he did not stay in a Forest River unit (based on the VIN listed on the PFS), was incorrectly matched in a suit against Forest River and has missed the deadline for being matched with the correct manufacturing defendant. Therefore, this Plaintiff does not belong in a suit against Forest River and his claim should be dismissed accordingly

The above listed plaintiffs admit that they did not stay in a Forest River housing unit. As it prepares for additional litigation, evaluates the possibility of settlement, and analyzes other issues concerning the progress of this lawsuit, Forest River must be able to obtain information about those who make allegations against it. The PFS serves as the best way to acquire such information, as the PFS acts as the initial round of discovery responses. With a deficient simulated discovery response, Forest River is significantly prejudiced, and there is good cause for the Court to discontinue any potential for further prejudice against Forest River by dismissing the claims of these plaintiffs.

Based upon the foregoing, the above-listed plaintiffs' PFSs remain deficient. In accordance with Pre-Trial Orders 2, 32, 38, 49 and 68, and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the  Motion to Dismiss filed by Forest River should be granted, dismissing the claims of the above listed plaintiffs, with prejudice.

Respectfully Submitted,

**GIEGER, LABORDE & LAPEROUSE, LLC**

BY: /s/ Ernest P. Gieger, Jr.
ERNEST P. GIEGER, JR. (6154)
ANDREW A. BRAUN (#3415)
J. MICHAEL DIGIGLIA (24378)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana  70139-4800
Telephone:  (504) 561-0400
Facsimile:  (504) 561-1011
egieger@glllaw.com
abraun@glllaw.com
mdigiglia@glllaw.com
**ATTORNEYS FOR FOREST RIVER, INC.**

### CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the forgoing document has been served upon counsel of record as indicated below in accordance with the Federal Rules of Civil Procedure on April 24, 2012 via electronic filing.

/s/ Ernest P. Gieger, Jr.