UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCT | * | |
| LIABILITY LITIGATION | * | |
| | * | SECTION "N-5" |
| THIS DOCUMENT RELATES TO: | * | |
| Case No. 10-3624 | * | JUDGE ENGELHARDT |
| | * | |
| | * | MAG. JUDGE CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * *

**MEMO IN SUPPORT OF DEFENDANT FOREST RIVER'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NO. 2 AND 32 RELATING TO PLAINTIFF FACT SHEETS**

**MAY IT PLEASE THE COURT:**

Forest River, Inc. moves this Honorable Court for an Order granting Forest River's Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2 and 32 Relating to Plaintiff Fact Sheets with respect to the claims of the following plaintiffs and, because these plaintiffs are the only plaintiffs that remain in the below indicated case, the dismissal of this case in its entirety, with prejudice.

- Ashley Mitchell (Plaintiff in *Ussin,* C.A. 10-3624)
- Coltney Mitchell (Plaintiff in *Ussin,* C.A. 10-3624)
- Derrick Mitchell (Plaintiff in *Ussin,* C.A. 10-3624)
- Louis Ussin (Plaintiff in *Ussin,* C.A. 10-3624)

**BACKGROUND - CREATION OF MDL AND FACT SHEET PROCESS**

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008 the Court issued Pre-Trial Order ("PTO" or "Order") No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet"

(PFS), which would serve as the substitute for the initial rounds of Interrogatories and Requests for Production of Documents in a more standardized and simplified format. Rec. Doc. No. 87. The Order also established a process for "curing" these fact sheets when any particular plaintiff failed to comply with its obligation to submit a properly completed PFS Sheet. In outlining the curing process, the Order stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id.* at p. 8—9. The letter would specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id.*

Subsequently, on March 18, 2009, the Court amended PTO No. 2 with PTO No. 32 as to the due dates for these same PFSs. Rec. Doc. No. 1180. Because of the large number of cases being filed in the summer of 2009, PTO No. 32 provided new deadlines for the production of the PFSs and it also retained the same curing procedure as was set forth in PTO No. 2.

The Plaintiffs listed above have failed to comply with the deficiency and curing procedures set out in PTO Nos. 2 and 32.

## LAW AND ARGUMENT

Here, Forest River respectfully submits that the Plaintiffs listed above have failed to comply with PTO Nos. 2 and 32, and therefore, this Court should dismiss their claims.

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v.*

*CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992); *Colle v. Brazos County, Tex.*, 981 F.2d 237, 242-243 (5th Cir. 1993).

Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the Fifth Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice. *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F.2d 1214 (5th Cir. 1970).

A Plaintiff Fact Sheet includes 122 questions that were to be answered. In Pre-Trial Order No. 88, the Court temporarily narrowed the PFS deficiency process to twenty-three "key" questions (except for cases where deficiency notices had been served and the time for curing such deficiencies already had expired) and, for deficiency notices served after March 24, 2011, extended the time for curing deficiencies by an additional thirty days. *See* Rec. Doc.22124 (signed June 24, 2011), as corrected in Rec. Doc. 22153.

**Ashley Mitchell**

*Louis Ussin v. Forest River, Inc.* was filed October 14, 2010. After the complaint was filed, Forest River never received a PFS from Ashley Mitchell. On May 2, 2011, Forest River sent to Plaintiff's Counsel a Deficiency Letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "A"). Forest River received the missing Plaintiff Fact Sheet on or about May 25, 2011 from Plaintiff's Counsel, which was claimed to have been previously produced on January 15, 2010. (*See* Plaintiff Fact

3

Sheet of Ashley Mitchell, attached as Exhibit "B").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.  It is important to note that Plaintiff's PFS identified the manufacturer, VIN and Barcode with "Awaiting Disaster File."  Although Plaintiffs' counsel claims that the PFS was previously produced, there was no manufacturer, VIN or Barcode identified so even if the PFS was previously produced, Defense Liaison Counsel had no way of identifying the correct manufacturer to forward it to. Thus, this Plaintiff has clearly admitted that she does not know who manufactured the FEMA housing unit she stayed in.  According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had not been previously received is considered a deficiency letter and, upon received a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required and that those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[1]

While Ashley Mitchell has answered 20 of the 23 of the required keys questions, she admits that she does not know who manufactured the unit she stayed in, she does not belong in a suit against Forest River and her claims should be dismissed on that basis.

### Coltney Mitchell

*Louis Ussin v. Forest River, Inc.* was filed October 14, 2010.  After the complaint was filed, Forest River never received a PFS from Coltney Mitchell.  On May 2, 2011, Forest River sent to Plaintiff's Counsel a Deficiency Letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "A").  Forest River received the missing Plaintiff Fact Sheet on or about May 25, 2011 from Plaintiff's Counsel,

---

[1] See Exhibit C – May 13, 2011 Committee's Status Conference Transcript

which was claimed to have been previously produced on January 15, 2010. (*See* Plaintiff Fact Sheet of Coltney Mitchell, attached as Exhibit "C").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.  It is important to note that Plaintiff's PFS identified the manufacturer, VIN and Barcode with "Awaiting Disaster File." Although Plaintiffs' counsel claims that the PFS was previously produced, there was no manufacturer, VIN or Barcode identified so even if the PFS was previously produced, Defense Liaison Counsel had no way of identifying the correct manufacturer to forward it to. Thus, this Plaintiff has clearly admitted that he does not know who manufactured the FEMA housing unit he stayed in.  According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had not been previously received is considered a deficiency letter and, upon received a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required and that those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[2]

While Coltney Mitchell has answered 20 of the 23 of the required keys questions, he admits that he does not know who manufactured the unit he stayed in, he does not belong in a suit against Forest River and his claims should be dismissed on that basis.

**Derrick Mitchell**

*Louis Ussin v. Forest River, Inc.* was filed October 14, 2010.  After the complaint was filed, Forest River never received a PFS from Derrick Mitchell.  On May 2, 2011, Forest River sent to Plaintiff's Counsel a Deficiency Letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "A").  Forest River

---

[2] See Exhibit C – May 13, 2011 Committee's Status Conference Transcript

received the missing Plaintiff Fact Sheet on or about May 25, 2011 from Plaintiff's Counsel, which was claimed to have been previously produced on January 15, 2010. (*See* Plaintiff Fact Sheet of Derrick Mitchell, attached as Exhibit "D"). Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient. It is important to note that Plaintiff's PFS identified the manufacturer, VIN and Barcode with "Awaiting Disaster File." Although Plaintiffs' counsel claims that the PFS was previously produced, there was no manufacturer, VIN or Barcode identified so even if the PFS was previously produced, Defense Liaison Counsel had no way of identifying the correct manufacturer to forward it to. Thus, this Plaintiff has clearly admitted that he does not know who manufactured the FEMA housing unit he stayed in. According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had not been previously received is considered a deficiency letter and, upon received a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required and that those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[3]

While Derrick Mitchell has answered 20 of the 23 of the required keys questions, he admits that he does not know who manufactured the unit he stayed in, he does not belong in a suit against Forest River and his claims should be dismissed on that basis.

**Louis Ussin**

*Louis Ussin v. Forest River, Inc.* was filed October 14, 2010. After the complaint was filed, Forest River never received a PFS from Louis Ussin. On May 2, 2011, Forest River sent to Plaintiff's Counsel a Deficiency Letter requesting production of a Plaintiff Fact Sheet for the

---

[3] See Exhibit C – May 13, 2011 Committee's Status Conference Transcript

above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "A").  Forest River received the missing Plaintiff Fact Sheet on or about May 25, 2011 from Plaintiff's Counsel, which was claimed to have been previously produced on January 15, 2010. (*See* Plaintiff Fact Sheet of Louis Ussin, attached as Exhibit "E").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.  It is important to note that Plaintiff's PFS identified the manufacturer, VIN and Barcode with "Awaiting Disaster File." Although Plaintiffs' counsel claims that the PFS was previously produced, there was no manufacturer, VIN or Barcode identified so even if the PFS was previously produced, Defense Liaison Counsel had no way of identifying the correct manufacturer to forward it to. Thus, this Plaintiff has clearly admitted that he does not know who manufactured the FEMA housing unit he stayed in.  According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had not been previously received is considered a deficiency letter and, upon received a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required and that those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[4]

While Louis Ussin has answered 20 of the 23 of the required keys questions, he admits that he does not know who manufactured the unit he stayed in, he does not belong in a suit against Forest River and his claims should be dismissed on that basis.

Based upon the foregoing, the above-listed plaintiffs' PFSs remain deficient. In accordance with Pre-Trial Orders 2 and 32 and Federal Rules of Civil Procedure Nos. 37(b)(2)VI

---

[4] See Exhibit C – May 13, 2011 Committee's Status Conference Transcript

and 41(b), the Motion to Dismiss filed by Forest River should be granted, dismissing the claims of the above listed plaintiffs, with prejudice.

Respectfully Submitted,

**GIEGER, LABORDE & LAPEROUSE, LLC**

BY: /s/ Ernest P. Gieger, Jr.
ERNEST P. GIEGER, JR. (6154)
ANDREW A. BRAUN (#3415)
J. MICHAEL DIGIGLIA (24378)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana  70139-4800
Telephone:  (504) 561-0400
Facsimile:  (504) 561-1011
egieger@glllaw.com
abraun@glllaw.com
mdigiglia@glllaw.com
**ATTORNEYS FOR FOREST RIVER, INC**

**CERTIFICATE OF SERVICE**

I do hereby certify that a true and correct copy of the forgoing document has been served upon counsel of record as indicated below in accordance with the Federal Rules of Civil Procedure on April 24, 2012 via electronic filing.

/s/ Ernest P. Gieger, Jr.