UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER  
FORMALDEHYDE  
PRODUCT LIABILITY LITIGATION

MDL NO. 07-1873

SECTION "N-5"

JUDGE ENGELHARDT  
MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO ALL CASES

# Special Master's Rulings and Report on Objections and Appeals – FEMA Manufactured Home Defendants' Settlement

On August 17, 2011, the Special Master filed his Recommendations on Methodology. On December 19, 2011, he filed Supplemental Rulings and Recommendations on Methodology and Allocations. The Special Master recommended that the settlement fund be divided equally among those persons with valid claims (with the sole caveat that class representatives would receive an enhancement, which the Special Master has recommended to be $750 each). On January 13, 2012, the Court adopted the Special Master's Recommendations on Methodology and Allocations and the Special Master's Supplemental Rulings and Recommendations on Methodology and Allocations.

Pursuant to the aforesaid procedure, the Special Master caused notices to be mailed to approximately 11,000 claimants of their respective allocations, their right to object, and the method for objecting. The Special Master (through the CADA) received 273 objections. The Special Master and the CADA either resolved the objections or mailed notice to the objectors and their attorneys that there would be a hearing held at the federal courthouse in New Orleans on March 23, 2012 at 9:30 a.m.

**Ronald Darrell Hickman and Anthony Todd Towe, Jr.**

The Special Master conducted the objection hearing as scheduled on March 23, 2012. Several objectors appeared for the hearing, and all but two objections were resolved. The only unresolved objections were those of Ronald Darrell Hickman and Anthony Todd Towe, Jr. Their mother, Ms. Kathy Towe, appeared on their behalf.

In accordance with the methodology previously approved by the Court, the Special Master had awarded Ronald Darrell Hickman and Anthony Todd Towe, Jr. 100 points each. Ms. Towe was given an opportunity to discuss the settlement and the methodology with counsel for the PSC, who were present throughout the hearing. Ms. Towe stated that her children resided in a FEMA unit manufactured by one of the settling defendants. She contended that her children had become seriously ill as a result of residing in the FEMA unit, and further contended that 100 points (the amount that had been allotted to every claimant) each was insufficient compensation for her children. Ms. Towe's objections were aimed at challenging the Court's methodology which requires the Special Master to allocate the settlement funds based on occupancy alone, as opposed to other factors such as medical expenses.

The Special Master ruled in open court (in Ms. Towe's presence) that he could not vary from the methodology previously approved by the Court. Ms. Towe then signed a Notice of Appeal Rights as to each objection. These Notices are attached as Exhibits 1 and 2. Each Notice of Appeal Rights specifically stated that the objector had until April 12, 2012 to file an appeal of the Special Master's rulings to the Court. It furthermore explained the procedure for appeal.

The appeal delay has now expired. To date, Ms. Towe has not filed an appeal in accordance with the procedure mandated by the Court.

On April 19, 2012 (after the expiration of the appeal delay), Ms. Towe contacted the Judge's chambers to state that she was trying to secure representation from a new attorney. At the Court's request, the Special Master contacted Ms. Towe to ask her to have any new counsel to contact him directly. The Special Master also contacted Ms. Towe's currently enrolled counsel, whose office sent a letter to Ms. Towe on April 20, 2012. The letter included an offer to coordinate with any new counsel that Ms. Towe might employ. As of today (April 27, 2012), the Special Master has heard nothing further.

Based upon all this, and especially based upon the fact that the awards conform to the methodology previously approved by the Court, **the Special Master recommends that the Court award Ronald Darrell Hickman the originally-allotted 100 points and Anthony Todd Towe, Jr. the originally-allotted 100 points**.

## Audrey Dangerfield

Prior to the conclusion of the objection hearing on March 23, 2012, the CADA received notice that two objectors, Audrey Dangerfield and Deanna Korndorffer, would not be able to attend the hearing. The Special Master reviewed their previous awards, and noted each had been awarded 100 points. Given that the Court's methodology would not have allowed a greater award (no matter what the evidence), the Special Master denied the objections in open court.

Nevertheless, the Special Master directed the CADA and the PSC attorneys to ensure that Ms. Dangerfield and Ms. Korndorffer were notified that their objections had been rejected, and each was sent a Notice of Appeal Rights form. The appeal delay has now expired, but the Special Master has not received an appeal from Ms. Korndorffer.

The Special Master did, on April 10, 2012, receive a written appeal from Ms. Dangerfield (together with exhibits). A copy of Ms. Dangerfield's letter (without exhibits) is attached as Exhibit 3. Her objection appears to be aimed at challenging the Court's methodology which requires the Special Master to allocate the settlement funds based on occupancy alone, as opposed to other factors such as medical expenses. According to the methodology previously approved by the Court, Ms. Dangerfield is entitled to 100 points.

**The Special Master recommends that the Court award Audrey Dangerfield the previously-allotted 100 points.**

Baton Rouge, Louisiana, this 27th day of April, 2012.

s/Daniel J. Balhoff
Daniel J. Balhoff (#18776)
Randi S. Ellis (#25251)