UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCT | * | |
| LIABILITY LITIGATION | * | |
| | * | SECTION "N-5" |
| THIS DOCUMENT RELATES TO: | * | |
| Case Nos. 09-7705, 09-8634, 09-8635 | * | JUDGE ENGELHARDT |
| 09-8636, 09-8637, and 10-2546 | * | |
| | * | MAG. JUDGE CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMO IN SUPPORT OF DEFENDANT FOREST RIVER'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NO. 2 AND 32 RELATING TO PLAINTIFF FACT SHEETS

**MAY IT PLEASE THE COURT:**

Forest River, Inc. moves this Honorable Court for an Order dismissing the claims of the following plaintiffs, with prejudice, for failure to comply with Pre-Trial Orders Nos. 2 and 32 relating to the Production of Plaintiff Fact Sheets.

- Jermaine Mitchell (Plaintiff  in *Mitchell,* C.A. 09-7705)
- Brossie R. Perniciaro (Plaintiff in *Hunter*, C.A. 09-8634)
- Dexter Wood, Jr. on behalf of D.W. (Plaintiff in *Hunter*, C.A. 09-8634)
- Dexter Wood, Jr. (Plaintiff in *Hunter,* C.A. 09-8634)
- Denis deVeer (Plaintiff in *Tolliver*, C.A. 09-8635)
- Lorring Audrict on behalf of D.A., minor child (Plaintiff in *Tolliver*, C.A. 09-8635)
- Lorring L. Audrict, Jr. (Plaintiff in *Tolliver*, C.A. 09-8635)
- Sherrie D. Audrict (Plaintiff in *Tolliver*, C.A. 09-8635)
- Sherry Nichols on behalf of A.H., minor child (Plaintiff in *Tolliver*, C.A. 09-8635)
- Melvin C. Ainey (Plaintiff in *Butler,* C.A. 09-8636)
- Martin Leone (Plaintiff in *Butler,* C.A. 09-8636)
- Wynoka Favorite obo C.F.,Jr. (Plaintiff in *Butler,* C.A. 09-8636)
- Melissa Scott (Plaintiff in *Butler,* C.A. 09-8636)
- Osborne A. Surtain, Jr. (Plaintiff in *Armwood*, C.A. 09-8637)
- Anna Taylor (Plaintiff in *Armwood*, C.A. 09-8637)
- Michael A. Jenkins (Plaintiff in *White*, C.A. 10-2546)
- Shirley R. Leonard (Plaintiff in *White*, C.A. 10-2546)
- Debra Sylvester (Plaintiff in *White*, C.A. 10-2546)

**BACKGROUND - CREATION OF MDL AND FACT SHEET PROCESS**

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008 the Court issued Pre-Trial Order ("PTO" or "Order") No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet" (PFS), which would serve as the substitute for the initial rounds of Interrogatories and Requests for Production of Documents in a more standardized and simplified format. Rec. Doc. No. 87. The Order also established a process for "curing" these fact sheets when any particular plaintiff failed to comply with its obligation to submit a properly completed PFS Sheet. In outlining the curing process, the Order stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id.* at p. 8-9. The letter would specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id.*

The Plaintiffs listed above have failed to comply with the deficiency and curing procedures set out in PTO Nos. 2 and 32.

**LAW AND ARGUMENT**

Here, Forest River respectfully submits that the Plaintiffs listed above have failed to comply with PTO Nos. 2, and 32, and therefore, this Court should dismiss their claims.

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v.*

*CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992); *Colle v. Brazos County, Tex.*, 981 F.2d 237, 242-243 (5th Cir. 1993).

Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the Fifth Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice. *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); Brown *v. Thompson*, 430 F.2d 1214 (5th Cir. 1970).

A Plaintiff Fact Sheet includes 122 questions that were to be answered. In Pre-Trial Order No. 88, the Court temporarily narrowed the PFS deficiency process to twenty-three "key" questions (except for cases where deficiency notices had been served and the time for curing such deficiencies already had expired) and, for deficiency notices served after March 24, 2011, extended the time for curing deficiencies by an additional thirty days. *See* Rec. Doc.22124 (signed June 24, 2011), as corrected in Rec. Doc. 22153. Effective April 1, 2012, deficiencies are no longer limited to those identified as "key" by this court. *Id.*

**Jermaine Mitchell** (Plaintiff in *Mitchell,* C.A. 09-7705)

*Linda Mitchell v. Forest River, Inc.* was filed December 16, 2009. After the complaint was filed, Forest River never received a PFS from Jermaine Mitchell. On May 2, 2011, Forest River sent to Plaintiff's Counsel a Deficiency Letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "A"). Forest River received the missing Plaintiff Fact Sheet on or about May 25, 2011 from Plaintiff's

Counsel, which was claimed to have been previously produced on December 30, 2009. (*See* Plaintiff Fact Sheet of Jermaine Mitchell, attached as Exhibit "B").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.  It is important to note that Plaintiff's PFS identified the manufacturer, VIN and barcode with "Awaiting Disaster File."  Thus, this Plaintiff has clearly admitted that he does not know who manufactured the FEMA housing unit he stayed in.  According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had not been previously received is considered a deficiency letter and, upon receiving a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required, and those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[1]

In addition to not identifying a Forest River unit, the Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Manufacturer | V.A.1. |
| VIN | V.A.2. |
| Barcode | V.A.4. |
| Smoking History of Other Trailer Resident(s) | VI.D. |

(*See* Ex. "B")

Jermaine Mitchell has failed to answer 4 of the required PTO 88 key questions, and therefore his PFS remains deficient.  He has not identified Forest River as the trailer manufacturer nor provided a Forest River VIN and clearly does not know who manufactured the

---

[1] See Exhibit "C" – May 13, 2011 Committee's Status Conference Transcript

FEMA housing unit he occupied.  Accordingly, he does not belong in a suit against Forest River for that reason and his claims should be dismissed on the basis of his uncured deficiencies.

**Brossie R. Perniciaro** (Plaintiff in *Hunter*, C.A. 09-8634)

*Christopher Hunter v. Forest River, Inc.* was filed December 29, 2009.  After the complaint was filed, Forest River never received a PFS from Brossie R. Perniciaro.  On May 2, 2011, Forest River sent to Plaintiff's Counsel a Deficiency Letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "A").  Forest River received the missing Plaintiff Fact Sheet on or about May 25, 2011 from Plaintiff's Counsel, which was claimed to have been previously produced on November 6, 2009. (*See* Plaintiff Fact Sheet of Brossie R. Perniciaro, attached as Exhibit "D").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.  It is important to note that Plaintiff's PFS identified the manufacturer, VIN and barcode with "Awaiting Disaster File."  Thus, this Plaintiff has clearly admitted that he does not know who manufactured the FEMA housing unit he stayed in.  According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had not been previously received is considered a deficiency letter and, upon receiving a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required, and those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[2]

In addition to not identifying a Forest River unit, the Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

---

[2] See Exhibit "C" – May 13, 2011 Committee's Status Conference Transcript

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Manufacturer | V.A.1. |
| VIN | V.A.2. |
| Barcode | V.A.4. |
| Number of hours spent in trailer each day | V.13. |
| Names of All Trailer Resident(s) | V.E. (Only if no VIN provided) |
| Treatment for Formaldehyde Related Injury | VII.B. |

(*See* Ex. "D")

Brossie R. Perniciaro has failed to answer 6 of the required PTO 88 key questions and 19 additional questions beyond those 23 key questions identified by the Court. Therefore, his PFS remains deficient. He has not identified Forest River as the trailer manufacturer nor provided a Forest River VIN and clearly does not know who manufactured the FEMA housing unit he occupied. Accordingly, he does not belong in a suit against Forest River for that reason and his claims should be dismissed on the basis of his uncured deficiencies.

**Dexter Wood, Jr. o/b/o D.W.** (Plaintiff in *Hunter,* C.A. 09-8634)

*Christopher Hunter v. Forest River, Inc.* was filed December 29, 2009. After the complaint was filed, Forest River never received a PFS from D.W. On May 2, 2011, Forest River sent to Plaintiff's Counsel a Deficiency Letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "A"). Forest River received the missing Plaintiff Fact Sheet on or about May 25, 2011, which was claimed to have been previously produced on December 18, 2009. (*See* Plaintiff Fact Sheet of D.W.[3], attached as Exhibit "E"). Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient. It is important to note that Plaintiff's PFS

---

[3] While the initial complaint identifies the plaintiff as "B.W.", the PFS identifies him as "D.W." Plaintiff's counsel has confirmed via telephone that both refer to the same individual, D.W.

identified the manufacturer as "Awaiting Disaster File" and did not provide a VIN or FEMA Id. Thus, this Plaintiff has clearly admitted that he does not know who manufactured the FEMA housing unit he stayed in.  According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had not been previously received is considered a deficiency letter and, upon receiving a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required, and those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[4]

In accordance with the agreed to PFS process, Forest River thereby sent a Rule 37 Deficiency Letter on July 28, 2011, outlining all deficiencies of D.W.'s PFS, thereby giving this plaintiff a second chance to cure the PFS deficiencies.[5]  (*See* Rule 37 Deficiency Letter to Counsel for Plaintiff, July 28, 2011, attached as Exhibit "F").  Information that is critical to this Plaintiff's claim, such as Plaintiff's FEMA Id, Names of Other Trailer Resident(s), Smoking History of Other Trailer Resident(s), only if you are Making a Wage Claim, Number of Hours Spent in Trailer Each Day, and Signed Certification were requested on July 28, 2011.  The appropriate 60 days for responding to Forest River's Rule 37 Deficiency Letter dated July 28, 2011 has lapsed and Plaintiff has not cured the noted PFS deficiencies.  Forest River has not received any requests for extensions or the production of PFS amendments or errata sheets with regard to this Plaintiff.

---

[4] See Exhibit "C" – May 13, 2011 Committee's Status Conference Transcript
[5] Although this Rule 37 Deficiency Letter was sent after the June 30, 2011 deadline found in PTO 88 due to some database coding errors, Forest River still provided the plaintiff with a 60 day period to cure the PFS.  The Court has been flexible in allowing the plaintiffs to cure their deficiencies beyond the 60 day cure period and has even allowed plaintiffs to produce PFSs months after their deadline for their submittal in an effort to avoid being dismissed.  Thus, Forest River requests the Court to allow this same flexibility in allowing the Rule 37 Deficiency Letter submitted after June 30, 2011 and deem it a valid Rule 37 Deficiency Letter that was to be answered within 60 days.

In addition to not identifying a Forest River unit, the Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Future Medical Claim | III.C.2. |
| Checklist | III.C. |
| Diagnosed Illness | III.C.3. |
| Psychological Treatment | III.C.8. |
| Only if You are Requesting Reimbursement of Medical Expenses | III.C.9. |
| Only if You are Requesting Wage Claim | IV.F.3. |
| VIN. | V.A.2. |
| FEMA Id | V.A.3. |
| Move In Date | V.A.6. |
| Move Out Date | V.A.7. |
| Installation Address | V.A.8. |
| Number of Hours Spent in Trailer Each Day | V.13. |
| Names of All Other Trailer Residents | V.E. |
| Plaintiff's Smoking History | VI.C. |
| Smoking History of Other Trailer Residents | VI.D |
| Prior Medical History | VI.F.1&4 |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Signed Certification | |

(*See* Ex. "E")

D.W. has failed to answer 18 of the required PTO 88 key questions and the Plaintiff Fact Sheet in its entirety contains inadequate responses and/or is blank.  He has not identified Forest

River as the trailer manufacturer nor provided a Forest River VIN and clearly does not know who manufactured the FEMA housing unit he occupied. Accordingly, he does not belong in a suit against Forest River for that reason and his claims should be dismissed on the basis of his uncured deficiencies.

**Dexter Wood, Jr.** (Plaintiff in *Hunter,* C.A. 09-8634)

*Christopher Hunter v. Forest River, Inc.* was filed December 29, 2009. After the complaint was filed, Forest River never received a PFS from Dexter Wood, Jr. On May 2, 2011, Forest River sent to Plaintiff's Counsel a Deficiency Letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "A"). Forest River received the missing Plaintiff Fact Sheet on or about May 25, 2011, which was claimed to have been previously produced on December 18, 2009. (*See* Plaintiff Fact Sheet of Dexter Wood, Jr., attached as Exhibit "G"). Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient. It is important to note that Plaintiff's PFS identified the manufacturer as "Awaiting Disaster File" and did not provide a VIN or FEMA Id. Thus, this Plaintiff has clearly admitted that he does not know who manufactured the FEMA housing unit he stayed in. According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had not been previously received is considered a deficiency letter and, upon receiving a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required, and those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[6]

---

[6] See Exhibit "C" – May 13, 2011 Committee's Status Conference Transcript

In accordance with the agreed to PFS process, Forest River thereby sent a Rule 37 Deficiency Letter on July 28, 2011, outlining all deficiencies of Dexter Wood, Jr.'s PFS, thereby giving this plaintiff a second chance to cure the PFS deficiencies.[7]  (*See* Rule 37 Deficiency Letter to Counsel for Plaintiff, July 28, 2011, attached as Exhibit "F").

Information that is critical to this Plaintiff's claim, such as Plaintiff's FEMA Id, Names of Other Trailer Resident(s), Smoking History of Other Trailer Resident(s), only if you are Making a Wage Claim, Number of Hours Spent in Trailer Each Day, and Signed Certification were requested on July 28, 2011.  The appropriate 60 days for responding to Forest River's Rule 37 Deficiency Letter dated July 28, 2011 has lapsed and Plaintiff has not cured the noted PFS deficiencies.  Forest River has not received any requests for extensions or the production of PFS amendments or errata sheets with regard to this Plaintiff.

In addition to not identifying which he unit stayed in, the Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Future Medical Claim | III.C.2. |
| Checklist | III.C. |
| Diagnosed Illness | III.C.3. |
| Psychological Treatment | III.C.8. |
| Only if You are Requesting Reimbursement of Medical Expenses | III.C.9. |
| Only if You are Requesting Wage Claim | IV.F.3. |

[7]  Although this Rule 37 Deficiency Letter was sent after the June 30, 2011 deadline found in PTO 88 due to some database coding errors, Forest River still provided the plaintiff with a 60 day period to cure the PFS.  The Court has been flexible in allowing the plaintiffs to cure their deficiencies beyond the 60 day cure period and has even allowed plaintiffs to produce PFSs months after their deadline for their submittal in an effort to avoid being dismissed.  Thus, Forest River requests the Court to allow this same flexibility in allowing the Rule 37 Deficiency Letter submitted after June 30, 2011 and deem it a valid Rule 37 Deficiency Letter that was to be answered within 60 days.

| | |
|---|---|
| VIN. | V.A.2. |
| FEMA Id | V.A.3. |
| Move In Date | V.A.6. |
| Move Out Date | V.A.7. |
| Installation Address | V.A.8. |
| Number of Hours Spent in Trailer Each Day | V.13. |
| Names of All Other Trailer Residents | V.E. |
| Plaintiff's Smoking History | VI.C. |
| Smoking History of Other Trailer Residents | VI.D |
| Prior Medical History | VI.F.1&4 |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Signed Certification | |

(*See* Ex. "G")

Dexter Wood, Jr. has failed to answer 18 of the required PTO 88 key questions and the Plaintiff Fact Sheet in its entirety contains inadequate responses and/or is blank. Therefore, his PFS remains deficient.   He has not identified Forest River as the trailer manufacturer nor provided a Forest River VIN and clearly does not know who manufactured the FEMA housing unit he occupied.   Accordingly, he does not belong in a suit against Forest River and his claims should be dismissed on the basis of his uncured deficiencies.

**Denis deVeer** (Plaintiff in *Tolliver*, C.A. 09-8635)

*Doris Tolliver v. Forest River, Inc.* was filed December 29, 2009.  After the complaint was filed, Forest River never received a PFS from Denis deVeer.  On May 2, 2011, Forest River sent to Plaintiff's Counsel a Deficiency Letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "A").  Forest River

received the missing Plaintiff Fact Sheet on or about May 25, 2011 and claimed to have been previously produced on January 5, 2010 (*See* Plaintiff Fact Sheet of Denis deVeer, attached as Exhibit "H").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.  It is important to note that Plaintiff's PFS identified the manufactured, VIN, FEMA Id and Barcode as "Awaiting Disaster File."  Thus, this Plaintiff has clearly admitted that he does not know who manufactured the FEMA housing unit he occupied.  According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had not been previously received is considered a deficiency letter and, upon receiving a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required, and those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[i]

In addition to not identifying a Forest River unit, the Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Request for Reimbursement of Medical Expenses | III.C.9. |
| Manufacturer | V.A.1. |
| VIN | V.A.2. |
| FEMA Id | V.A.3. |

(*See* Ex. "H")

Denis deVeer failed to answer 4 of the required PTO 88 key questions and therefore his PFS remains deficient.  He has not identified Forest River as the trailer manufacturer nor provided a Forest River VIN and clearly does not know who manufactured the FEMA housing unit he occupied.  Accordingly, he does not belong in a suit against Forest River for these reasons and his claims should be dismissed on the basis of his uncured deficiencies.

**Lorring Audrict on behalf of D.A., minor child (Plaintiff in *Tolliver*, C.A. 09-8635)**

*Doris Tolliver v. Forest River, Inc.* was filed December 29, 2009.  After the complaint was filed, Forest River never received a PFS from D.A.  On May 2, 2011, Forest River sent to Plaintiff's Counsel a Deficiency Letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "A").  Forest River received the missing Plaintiff Fact Sheet on or about May 25, 2011 from Plaintiff's Counsel, which was claimed to have been previously produced on March 23, 2009. (*See* Plaintiff Fact Sheet of D.A., attached as Exhibit "I").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.  It is important to note that Plaintiff's PFS identified the manufacturer, VIN and barcode with "Awaiting Disaster File."  Thus, this Plaintiff has clearly admitted that he does not know who manufactured the FEMA housing unit he stayed in.  According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had not been previously received is considered a deficiency letter and, upon receiving a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required, and those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[8]

The Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
| --- | --- |
| Manufacturer | V.A.1. |
| VIN | V.A.2. |
| Barcode | V.A.4. |

(*See* Ex. "I")

---

[8] See Exhibit "C" – May 13, 2011 Committee's Status Conference Transcript

D.A. failed to answer 3 of the required 23 keys questions, and therefore his PFS remains deficient.  He has not identified Forest River as the trailer manufacturer nor provided a Forest River VIN and clearly does not know who manufactured the FEMA housing unit he occupied. Accordingly, he does not belong in a suit against Forest River for that reason and his claims should be dismissed on the basis of his uncured deficiencies.

**Lorring L. Audrict, Jr. (Plaintiff in *Tolliver*, C.A. 09-8635)**

*Doris Tolliver v. Forest River, Inc.* was filed December 29, 2009.  After the complaint was filed, Forest River never received a PFS from Lorring L. Audrict, Jr.  On May 2, 2011, Forest River sent to Plaintiff's Counsel a Deficiency Letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "A"). Forest River received the missing Plaintiff Fact Sheet on or about May 25, 2011 from Plaintiff's Counsel, which was claimed to have been previously produced on March 23, 2009. (*See* Plaintiff Fact Sheet of Lorring L. Audrict, Jr., attached as Exhibit "J").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.  It is important to note that Plaintiff's PFS identified the manufacturer, VIN and barcode with "Awaiting Disaster File." Thus, this Plaintiff has clearly admitted that he does not know who manufactured the FEMA housing unit he stayed in.  According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had not been previously received is considered a deficiency letter and, upon receiving a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required, and those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[9]

---

[9] See Exhibit "C" – May 13, 2011 Committee's Status Conference Transcript

The Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Manufacturer | V.A.1. |
| VIN | V.A.2. |
| Barcode | V.A.4. |

(*See* Ex. "J")

Lorring L. Audrict, Jr. failed to answer 3 of the required 23 keys questions, and therefore his PFS remains deficient. He has not identified Forest River as the trailer manufacturer, nor provided a Forest River VIN, and clearly does not know who manufactured the FEMA housing unit he occupied. Accordingly, he does not belong in a suit against Forest River for that reason and his claims should be dismissed on the basis of his uncured deficiencies.

**Sherrie D. Audrict (Plaintiff in *Tolliver*, C.A. 09-8635)**

*Doris Tolliver v. Forest River, Inc.* was filed December 29, 2009. After the complaint was filed, Forest River never received a PFS from Sherrie D. Audrict. On May 2, 2011, Forest River sent to Plaintiff's Counsel a Deficiency Letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "A"). Forest River received the missing Plaintiff Fact Sheet on or about May 25, 2011 from Plaintiff's Counsel, which was claimed to have been previously produced on March 23, 2009. (*See* Plaintiff Fact Sheet of Sherrie D. Audrict, attached as Exhibit "K"). Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient. It is important to note that Plaintiff's PFS identified the manufacturer, VIN and barcode with "Awaiting Disaster File." Thus, this Plaintiff has clearly admitted that she does not know who manufactured the FEMA housing unit she stayed in. According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the

Defense stating that a PFS had not been previously received is considered a deficiency letter and, upon receiving a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required, and those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[10]

The Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Manufacturer | V.A.1. |
| VIN | V.A.2. |
| Barcode | V.A.4. |

(*See* Ex. "K")

Sherrie D. Audrict failed to answer 3 of the required 23 keys questions, and therefore her PFS remains deficient.  She has not identified Forest River as the trailer manufacturer nor provided a Forest River VIN and clearly does not know who manufactured the FEMA housing unit he occupied.  Accordingly, she does not belong in a suit against Forest River for that reason and her claims should be dismissed on the basis of her uncured deficiencies.

**Sherry Nichols on behalf of A.H., minor child (Plaintiff in *Tolliver*, C.A. 09-8635)**

*Doris Tolliver v. Forest River, Inc.* was filed December 29, 2009.  After the complaint was filed, Forest River never received a PFS from A.H.  On May 2, 2011, Forest River sent to Plaintiff's Counsel a Deficiency Letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "A").  Forest River received the missing Plaintiff Fact Sheet on or about May 25, 2011 from Plaintiff's Counsel, which was claimed to have been previously produced on August 14, 2009. (*See* Plaintiff Fact

---

[10] See Exhibit "C" – May 13, 2011 Committee's Status Conference Transcript

Sheet of A.H., attached as Exhibit "L").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.  It is important to note that Plaintiff's PFS identified the Manufacturer, VIN, and Barcode with "Awaiting Disaster File."   Thus, this Plaintiff has clearly admitted that she does not know who manufactured the unit she stayed in. According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had not been previously received is considered a deficiency letter and, upon receiving a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required, and those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[11]

In addition to not identifying a Forest River unit, the Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Manufacturer | V.A.1. |
| VIN | V.A.2. |
| Barcode | V.A.4. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Produce Records | VIII.B. |

(*See* Ex. "L")

A.H. has failed to answer 5 of the required 23 keys questions, and therefore her PFS remains deficient.  She has not identified Forest River as the trailer manufacturer nor provided a Forest River VIN and clearly does not know who manufactured the FEMA housing unit she

---

[11] See Exhibit "C" – May 13, 2011 Committee's Status Conference Transcript

occupied.  Accordingly, she does not belong in a suit against Forest River for that reason and her claims should be dismissed on the basis of her uncured deficiencies.

### Melvin C. Ainey (Plaintiff in *Butler,* C.A. 09-8636)

*Dorothy Butler v. Forest River, Inc.* was filed December 29, 2009.  After the complaint was filed, Forest River never received a PFS from Melvin C. Ainey.  On May 2, 2011, Forest River sent to Plaintiff's Counsel a Deficiency Letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "A").  Forest River received the missing Plaintiff Fact Sheet on or about October 20, 2011 from Douglas Schmidt's office, which was claimed to have been previously produced on March 2, 2009. (*See* Plaintiff Fact Sheet of Melvin C. Ainey, attached as Exhibit "M").  To date, Forest River has not received a PFS from Frank D'Amico's office.  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.  It is important to note that Plaintiff's PFS identified the Manufacturer, VIN, FEMA Id and Barcode as "Awaiting Disaster File."  Additionally, in the Appendix of the PFS, Plaintiff identified Wanderer as the Manufacturer bearing a 4XTN30236C232148 VIN and 1229106 as the Barcode, which is not a Forest River VIN.  Thus, this Plaintiff has clearly admitted that he resided in more than one FEMA trailer, one of which he cannot identify the Manufacturer, VIN, FEMA Id or Barcode.  According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had not been previously received is considered a deficiency letter and, upon receiving a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received

PFS is not required, and those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[12]

The Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Manufacturer | V.A.1. |
| VIN | V.A.2. |
| FEMA Id | V.A.3. |
| Barcode | V.A.4. |

(*See* Ex. "M")

Melvin C. Ainey has failed to answer 4 of the required 23 keys questions, and therefore his PFS remains deficient. He has not identified Forest River as the trailer manufacturer, nor provided a Forest River VIN, and clearly believes he stayed in a FEMA housing unit not manufactured by Forest River. Accordingly, he does not belong in a suit against Forest River for these reasons and his claims should be dismissed on the basis of his uncured deficiencies.

**Wynoka Favorite on behalf of C.F. Jr., minor child (Plaintiff in *Butler*, C.A. 09-8636)**

*Dorothy Butler v. Forest River, Inc.* was filed December 29, 2009. After the complaint was filed, Forest River never received a PFS from C.F. On May 2, 2011, Forest River sent to Plaintiff's Counsel a Deficiency Letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "A"). Forest River received the missing Plaintiff Fact Sheet on or about May 25, 2011 from Plaintiff's Counsel. (*See* Plaintiff Fact Sheet of C.F., attached as Exhibit "N"). Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient. It is important to note

---

[12] See Exhibit "C" – May 13, 2011 Committee's Status Conference Transcript

that Plaintiff's PFS identified the manufacturer, VIN, FEMA Id and Barcode as "Awaiting Doc." Thus, this Plaintiff has clearly admitted that he does not know who manufactured the FEMA housing unit he stayed in. According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had not been previously received is considered a deficiency letter and, upon receiving a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required, and those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[13]

In addition to not identifying a Forest River unit, the Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Manufacturer | V.A.1. |
| VIN | V.A.2. |
| FEMA Id | V.A.3. |
| Barcode | V.A.4. |
| Produce Records | VIII.B. |

(*See* Ex. "N")

C.F. has answered only 18 of the required 23 keys questions, and therefore his PFS remains deficient. He has not identified Forest River as the trailer manufacturer, nor provided a Forest River VIN, and clearly does not know who manufactured the FEMA housing unit he occupied. Accordingly, he does not belong in a suit against Forest River for that reason and his claims should be dismissed on the basis of his uncured deficiencies.

---

[13] See Exhibit "C"– May 13, 2011 Committee's Status Conference Transcript

**Martin Leone (Plaintiff in *Butler,* C.A. 09-8636)**

*Dorothy Butler v. Forest River, Inc.* was filed December 29, 2009.  After the complaint was filed, Forest River never received a PFS from Richard Harris.  On May 2, 2011, Forest River sent to Plaintiff's Counsel a Deficiency Letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "A").  Forest River received the missing Plaintiff Fact Sheet on or about May 25, 2011 from Plaintiff's Counsel, which was claimed to have been previously produced on September 18, 2009. (*See* Plaintiff Fact Sheet of Martin Leone, attached as Exhibit "O").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.  It is important to note that Plaintiff's PFS identified the manufacturer, VIN and barcode with "Awaiting Disaster File."  Thus, this Plaintiff has clearly admitted that he does not know who manufactured the FEMA housing unit he stayed in.  According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had not been previously received is considered a deficiency letter and, upon receiving a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required, and those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[14]

In addition to not identifying a Forest River unit, the Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

---

[14] See Exhibit "C" – May 13, 2011 Committee's Status Conference Transcript

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Manufacturer | V.A.1. |
| VIN | V.A.2. |
| Barcode | V.A.4. |
| Produce Records | VIII.B. |

(*See* Ex. "O")

Martin Leone has answered only 19 of the required 23 keys questions, and therefore his PFS remains deficient.  He has not identified Forest River as the trailer manufacturer, nor provided a Forest River VIN, and clearly does not know who manufactured the FEMA housing unit he occupied.  Accordingly, he does not belong in a suit against Forest River for these reasons and his claims should be dismissed on the basis of his uncured deficiencies.

**Melissa Scott (Plaintiff in *Butler,* C.A. 09-8636)**

*Dorothy Butler v. Forest River, Inc.* was filed December 29, 2009.  After the complaint was filed, Forest River never received a PFS from Melissa Scott.  On May 2, 2011, Forest River sent to Plaintiff's Counsel a Deficiency Letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "A").  Forest River received the missing Plaintiff Fact Sheet on or about May 25, 2011 from Plaintiff's Counsel, which was claimed to have been previously produced on November 21, 2008. (*See* Plaintiff Fact Sheet of Melissa Scott, attached as Exhibit "P").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.  It is important to note that Plaintiff's PFS identified the manufacturer, VIN and barcode with "Awaiting Disaster File." Thus, this Plaintiff has clearly admitted that she does not know who manufactured the FEMA housing unit she stayed in.  According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the

22

Defense stating that a PFS had not been previously received is considered a deficiency letter and, upon receiving a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required, and those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[15]

The Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Manufacturer | V.A.1. |
| VIN | V.A.2. |
| Barcode | V.A.4. |

(*See* Ex. "P")

Melissa Scott failed to answer 3 of the required 23 keys questions, and therefore her PFS remains deficient.  She has not identified Forest River as the trailer manufacturer, nor provided a Forest River VIN, and clearly does not know who manufactured the FEMA housing unit he occupied.  Accordingly, she does not belong in a suit against Forest River for that reason and her claims should be dismissed on the basis of her uncured deficiencies.

**Osborne A. Surtain, Jr.** (Plaintiff in *Armwood*, C.A. 09-8637)

*Reggie Armwood v. Forest River, Inc.* was filed December 29, 2009.  After the complaint was filed, Forest River never received a PFS from Osborne A. Surtain, Jr.  On May 2, 2011, Forest River sent to Plaintiff's Counsel a Deficiency Letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "A").  Forest River received the missing Plaintiff Fact Sheet on or about May 25, 2011, which was claimed to have been previously produced on December 9, 2008. (*See* Plaintiff Fact Sheet of Osborne A. Surtain, Jr., attached as Exhibit "Q").  Upon receipt of the fact sheet, Counsel for

---

[15] See Exhibit "C" – May 13, 2011 Committee's Status Conference Transcript

Forest River reviewed it and deemed the fact sheet deficient.  It is important to note that Plaintiff's PFS identified the manufacturer and VIN as "Awaiting Disaster File."  Thus, this Plaintiff has clearly admitted that he does not know who manufactured the FEMA housing unit he stayed in.  According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had not been previously received is considered a deficiency letter and, upon receiving a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required, and those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[16]

The Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Manufacturer | V.A.1. |
| VIN | V.A.2. |
| Produce Records | VIII.A-B. |

(*See* Ex. "Q")

Osborne A. Surtain, Jr. has answered only 20 of the required 23 keys questions, and therefore his PFS remains deficient.  He has not identified Forest River as the trailer manufacturer nor provided a Forest River VIN and clearly does not know who manufactured the FEMA housing unit he occupied.  Accordingly, he does not belong in a suit against Forest River for that reason and his claims should be dismissed on the basis of his uncured deficiencies.

**Anna Taylor** (Plaintiff in *Armwood*, C.A. 09-8637)

*Reggie Armwood v. Forest River, Inc.* was filed December 29, 2009.  After the complaint was filed, Forest River never received a PFS from Anna Taylor.  On May 2, 2011, Forest River

---

[16] See Exhibit "C" – May 13, 2011 Committee's Status Conference Transcript

sent to Plaintiff's Counsel a Deficiency Letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "A").  Forest River received the missing Plaintiff Fact Sheet on or about May 25, 2011. (*See* Plaintiff Fact Sheet of Anna Taylor, attached as Exhibit "R").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.  It is important to note that Plaintiff's PFS identified the Manufacturer, VIN, FEMA Id and Barcode as "Awaiting Disaster File."  Thus, this Plaintiff has clearly admitted that she does not know who manufactured the FEMA housing unit she stayed in.  According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had not been previously received is considered a deficiency letter and, upon receiving a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required, and those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[17]

In addition to not identifying a Forest River unit, the Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Manufacturer | V.A.1. |
| VIN | V.A.2. |
| FEMA Id | V.A.3. |
| Barcode | V.A.4. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Produce Records | VIII.B. |
| Signed Certification | |

---

[17] See Exhibit "C" – May 13, 2011 Committee's Status Conference Transcript

(*See* Ex. "R")

Anna Taylor failed to answer 6 of the required PTO 88 key questions, and therefore her PFS remains deficient.  She has not identified Forest River as the trailer manufacturer nor provided a Forest River VIN and clearly does not know who manufactured the FEMA housing unit he occupied.  Accordingly, she does not belong in a suit against Forest River for that reason and her claims should be dismissed on the basis of her uncured deficiencies.

**Michael A. Jenkins** (Plaintiff in *White*, C.A. 10-2546)

*Sterling White, Jr. v. Forest River, Inc.* was filed August 2, 2010.  After the complaint was filed, Forest River never received a PFS from Michael A. Jenkins.  On May 2, 2011, Forest River sent to Plaintiff's Counsel a Deficiency Letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "A").  Forest River received the missing Plaintiff Fact Sheet on or about May 25, 2011 from Plaintiff's Counsel, which was claimed to have been previously produced on October 2, 2009. (*See* Plaintiff Fact Sheet of Michael A. Jenkins, attached as Exhibit "S").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.  It is important to note that Plaintiff's PFS identified the Manufacturer, VIN and barcode with "Awaiting Disaster File."  Thus, this Plaintiff has clearly admitted that he does not know who manufactured the FEMA housing unit stayed in.  According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had not been previously received is considered a deficiency letter and, upon receiving a PFS in response to that letter, a second deficiency letter identifying deficiencies in

that newly received PFS is not required, and those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[18]

The Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Manufacturer | V.A.1. |
| VIN | V.A.2. |
| Barcode | V.A.4. |

(*See* Ex. "S")

Michael A. Jenkins has answered only 20 of the required 23 keys questions, and therefore his PFS remains deficient.  He has not identified Forest River as the trailer manufacturer, nor provided a Forest River VIN and clearly does not know who manufactured the FEMA housing unit he occupied.  Accordingly, he does not belong in a suit against Forest River for that reason and his claims should be dismissed on the basis of his uncured deficiencies.

**Shirley R. Leonard** (Plaintiff in *White*, C.A. 10-2546)

*Sterling White, Jr. v. Forest River, Inc.* was filed August 2, 2010.  After the complaint was filed, Forest River never received a PFS from Shirley R. Leonard.  On May 2, 2011, Forest River sent to Plaintiff's Counsel a Deficiency Letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "A").  Forest River received the missing Plaintiff Fact Sheet on or about May 25, 2011 from Plaintiff's Counsel, which was claimed to have been previously produced on September 4, 2009. (*See* Plaintiff Fact Sheet of Shirley R. Leonard, attached as Exhibit "T").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.  It is important to note that Plaintiff's PFS identified the Manufacturer, VIN, FEMA Id and barcode with

[18] See Exhibit "C" – May 13, 2011 Committee's Status Conference Transcript

"Awaiting Disaster File."  Thus, this Plaintiff has clearly admitted that she does not know who manufactured the FEMA housing unit she stayed in.  According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had not been previously received is considered a deficiency letter and, upon receiving a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required, and those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[19]

In addition to not identifying a Forest River unit, the Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
| --- | --- |
| Manufacturer | V.A.1. |
| VIN | V.A.2. |
| FEMA Id | V.A.3 |
| Barcode | V.A.4. |
| Names of All Trailer Resident(s) | V.E. |
| Plaintiff's Smoking History | VI.C. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Prior Medical History | VI(F) (1&4) |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Produce Records | VIII.A-D |

(*See* Ex. "T")

---

[19] See Exhibit "C" – May 13, 2011 Committee's Status Conference Transcript

Shirley R. Leonard has failed to answer 10 of the required PTO 88 key questions and 12 additional questions beyond those 23 key questions identified by the Court. Therefore, her PFS remains deficient. She has not identified Forest River as the trailer manufacturer nor provided a Forest River VIN and clearly does not know who manufactured the FEMA housing unit he occupied. Accordingly, she does not belong in a suit against Forest River for that reason and her claims should be dismissed on the basis of her uncured deficiencies.

**Debra Sylvester** (Plaintiff in *White*, C.A. 10-2546)

*Sterling White, Jr. v. Forest River, Inc.* was filed August 2, 2010. After the complaint was filed, Forest River never received a PFS from Debra Sylvester. On May 2, 2011, Forest River sent to Plaintiff's Counsel a Deficiency Letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "A"). Forest River received the missing Plaintiff Fact Sheet on or about May 25, 2011 from Plaintiff's Counsel, which was claimed to have been previously produced on December 30, 2009. (*See* Plaintiff Fact Sheet of Debra Sylvester, attached as Exhibit "U"). Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient. It is important to note that Plaintiff's PFS identified the Manufacturer, VIN, FEMA Id and barcode with "Awaiting Disaster File." Thus, this Plaintiff has clearly admitted that she does not know who manufactured the FEMA housing unit she stayed in. According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had not been previously received is considered a deficiency letter and, upon receiving a PFS in response to that letter, a second

deficiency letter identifying deficiencies in that newly received PFS is not required, and those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[20]

In addition to not identifying a Forest River unit, the Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Manufacturer | V.A.1. |
| VIN | V.A.2. |
| FEMA Id | V.A.3. |
| Barcode | V.A.4. |
| Smoking History of Other Trailer Resident(s) | VI.D. |

(*See* Ex. "U")

Debra Sylvester has answered only 18 of the required 23 keys questions, and therefore her PFS remains deficient. She has not identified Forest River as the trailer manufacturer, nor provided a Forest River VIN, and clearly does not know who manufactured the FEMA housing unit he occupied. Accordingly, she does not belong in a suit against Forest River for that reason and her claims should be dismissed on the basis of her uncured deficiencies.

The above listed plaintiffs admit that they do not know who manufactured the FEMA housing unit they occupied and their claims should be dismissed on that basis alone. As it prepares for additional litigation, evaluates the possibility of settlement, and analyzes other issues concerning the progress of this lawsuit, Forest River must be able to obtain information about those who make allegations against it. The PFS serves as the best way to acquire such information, as the PFS acts as the initial round of discovery responses. With a deficient

---

[20] See Exhibit "C" – May 13, 2011 Committee's Status Conference Transcript

simulated discovery response, Forest River is significantly prejudiced, and there is good cause for the Court to discontinue any potential for further prejudice against Forest River by dismissing the claims of these plaintiffs.

Based upon the foregoing, the above-listed plaintiffs' PFSs remain deficient. In accordance with Pre-Trial Orders 2, and 32, and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the  Motion to Dismiss filed by Forest River should be granted, dismissing the claims of the above listed plaintiffs, with prejudice.

Respectfully Submitted,

**GIEGER, LABORDE & LAPEROUSE, LLC**

BY: /s/ Ernest P. Gieger, Jr.
ERNEST P. GIEGER, JR. (6154)
ANDREW A. BRAUN (#3415)
J. MICHAEL DIGIGLIA (24378)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana  70139-4800
Telephone:  (504) 561-0400
Facsimile:  (504) 561-1011
egieger@glllaw.com
abraun@glllaw.com
mdigiglia@glllaw.com
**ATTORNEYS FOR FOREST RIVER, INC**

<u>**CERTIFICATE OF SERVICE**</u>

I do hereby certify that a true and correct copy of the forgoing document has been served upon counsel of record as indicated below in accordance with the Federal Rules of Civil Procedure on April 30, 2012via electronic filing.

/s/ Ernest P. Gieger, Jr.

---

[i] See Exhibit "C" – May 13, 2011 Committee's Status Conference Transcript