UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCT | * | |
| LIABILITY LITIGATION | * | |
| | * | SECTION "N-5" |
| THIS DOCUMENT RELATES TO: | * | |
| Case Nos.  09-7070, 09-7072, 10-2190 | * | JUDGE ENGELHARDT |
| 10-2184 | * | |
| | * | MAG. JUDGE CHASEZ |

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

**MEMO IN SUPPORT OF DEFENDANT FOREST RIVER'S MOTION TO DISMISS
FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NO. 2 AND 32 RELATING
TO PLAINTIFF FACT SHEETS AND THE MATCHING REQUIREMENTS OF PRE-
TRIAL ORDERS NO. 38, 49 AND 68**

**MAY IT PLEASE THE COURT:**

Forest River, Inc. moves this Honorable Court for an Order dismissing the claims of the

following plaintiffs, with prejudice, for failure to comply with Pre-Trial Orders Nos. 2 and 32

relating to the Production of Plaintiff Fact Sheets and the Matching Requirements of Pre-Trial

Orders No. 38, 49 and 68.

- Nga Tran (Plaintiff in *Williams*, C.A. 09-7070)
- Lionel Haynes, Jr. (Plaintiff in *Burks*, C.A. 09-7072)
- Ky Huyah (Plaintiff in *Burks*, C.A. 09-7072)
- Rusty Hughes (Plaintiff in *Stallworth*, C.A. 10-2190)
- Herman Johnson (Plaintiff in *Stallworth*, C.A.10-2190)
- Maxine Tate Stallworth (Plaintiff in *Stallworth*, C.A.10-2190)
- Amanda Mitchell (Plaintiff in *Clements*, C.A. 10-2184)
- Michelle D. Moore (Plaintiff in *Clements*, C.A. 10-2184)
- Harry Morel (Plaintiff in *Clements*, C.A. 10-2184)
- Lien My Tran (Plaintiff in *Clements*, C.A. 10-2184)
- Linh My Tran (Plaintiff in *Clements*, C.A. 10-2184)
- Andrew Wilson (Plaintiff in *Clements*, C.A. 10-2184)
- Don K. Wilson, Sr. (Plaintiff in *Clements*, C.A. 10-2184)

- Kellie Murphy on behalf of J.S.(Plaintiff in *Clements,* C.A. 10-2184)
- Joseph Smith (Plaintiff in *Clements*, C.A. 10-2184)
- Kellie Murphy as the representative of the estate of Terry Smith, deceased (Plaintiff in *Clements*, C.A. 10-2184)

### BACKGROUND - CREATION OF MDL AND FACT SHEET PROCESS

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008 the Court issued Pre-Trial Order ("PTO" or "Order") No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet" (PFS), which would serve as the substitute for the initial rounds of Interrogatories and Requests for Production of Documents in a more standardized and simplified format. Rec. Doc. No. 87. The Order also established a process for "curing" these fact sheets when any particular plaintiff failed to comply with its obligation to submit a properly completed PFS Sheet. In outlining the curing process, the Order stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id.* at p. 8-9. The letter would specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id.*

Subsequently, on March 18, 2009, the Court amended PTO No. 2 with PTO No. 32 as to the due dates for these same PFSs. Rec. Doc. No. 1180. Because of the large number of cases being filed in the summer of 2009, PTO No. 32 provided new deadlines for the production of the PFSs and it also retained the same curing procedure as was set forth in PTO No. 2.

On May 27, 2009 the Court entered PTO No. 38 thereby placing on each plaintiff the burden of identifying and naming the sole manufacturer responsible for erecting the FEMA unit in which he or she was housed.  Rec. Doc. No. 1596.  For complaints that had already been filed or transferred to this Court as of December 9, 2009, the deadline to complete this matching expired twenty days thereafter, on December 29, 2009.  *See* Pre-Trial Order No. 49 (Rec. Doc. 8908).  For complaints not already filed or transferred to this Court by December 9, 2009, the pre-trial order requires that plaintiffs "shall be matched with a specific manufacturing defendant within 45 days of the date of the filing of the Complaint." *Id.*  (emphasis omitted).  Pre-Trial Order No. 45 further provides that the matching deadline is subject to extension "for good cause shown." *Id.*  The *Williams* and *Burks* complaints were filed on October 28, 2009; the *Stallworth* and *Clements* complaints were filed on July 10, 2010.  Thus, plaintiffs' deadlines for matching to the correct, single manufacturing defendant expired on December 29, 2009 for the *Williams* and *Burks* plaintiffs; the deadline for matching for the *Stallworth* and *Clements* plaintiffs expired 45 days after filing, on August 24, 2010.  If the above listed plaintiffs were some of the plaintiffs who had trouble obtaining matching information, and their attorneys fulfilled the strict requirements for participating in the "last chance" matching process established by the Court, then their deadline for participating in this process would have been August 2, 2010.  *See* Amended Pre-Trial Order No. 68 Concerning Deadlines for Matching and Filing (Rec. Doc. 14779).  While Plaintiffs' counsel have not given any indication that the above listed plaintiffs participated in the "last chance" process, at the very latest, the deadline for matching the plaintiffs with the correct manufacturing defendant expired more than a year ago.

The Plaintiffs listed above have failed to comply with the deficiency and curing procedures set out in PTO Nos. 2 and 32 and with the matching requirements of PTO Nos. 38, 49 and 68.

## LAW AND ARGUMENT

Here, Forest River respectfully submits that the Plaintiffs listed above have failed to comply with PTO Nos. 2, 32, 38, 49 and 68, and therefore, this Court should dismiss their claims.

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992); *Colle v. Brazos County, Tex.*, 981 F.2d 237, 242-243 (5th Cir. 1993).

Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the Fifth Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice. *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc*., 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F.2d 1214 (5th Cir. 1970).

A Plaintiff Fact Sheet includes 122 questions that were to be answered. In Pre-Trial Order No. 88, the Court temporarily narrowed the PFS deficiency process to twenty-three "key" questions (except for cases where deficiency notices had been served and the time for curing

such deficiencies already had expired) and, for deficiency notices served after March 24, 2011, extended the time for curing deficiencies by an additional thirty days. *See* Rec. Doc.22124 (signed June 24, 2011), as corrected in Rec. Doc. 22153.  Effective April 1, 2012, deficiencies are no longer limited to those identified as "key" by this court.  *Id.*

**Nga Tran**

*Albert Williams v. Forest River, Inc.* was filed on October 28, 2009.  After the complaint was filed, Forest River received a PFS from Nga Tran on or about December 8, 2009.  (*See* Plaintiff Fact Sheet of Nga Tran, attached as Exhibit "A").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.  On or about May 20, 2011, Forest River received what appears to be a duplicate PFS (*See* attached as Exhibit "A").  In accordance with the agreed to PFS process, Forest River thereby sent a Rule 37 Deficiency Letter on August 8, 2011, outlining all deficiencies of Nga Tran's PFS.[1]  (*See* Rule 37 Deficiency Letter to Counsel for Plaintiff, August 8, 2011, attached as Exhibit "B").  Forest River received an email on August 29, 2011 from Chris Pinedo wherein he advised that because the deficiency letter was untimely; his Plaintiffs were under no obligation to respond to the deficiency letter.[2]

Information that is critical to this Plaintiff's claim, such as smoking history of other trailer residents, treatment for formaldehyde related injury and production of records were requested on August 8, 2011.  The appropriate 60 days for responding to Forest River's Rule 37

[1] Although this Rule 37 Deficiency Letter was sent after the June 30, 2011 deadline found in PTO 88 due to some database coding errors, Forest River still provided the plaintiff with a 60 day period to cure the PFS.  The Court has been flexible in allowing the plaintiffs to cure their deficiencies beyond the 60 day cure period and has even allowed plaintiffs to produce PFSs months after their deadline for their submittal in an effort to avoid being dismissed.  Thus, Forest River requests the Court to allow this same flexibility in allowing the Rule 37 Deficiency Letter submitted after June 30, 2011 and deem it a valid Rule 37 Deficiency Letter that was to be answered within 60 days.
[2] Exhibit "C" - August 29, 2011 email from Chris Pinedo

Deficiency Letters has lapsed and Plaintiff has not cured the noted PFS deficiencies.  It is important to note that Plaintiff's PFS identified Gulf Stream, rather than Forest River, as the manufacturer and listed a VIN with a 4XYTWD prefix, which is not a Forest River prefix.  Thus, this Plaintiff has clearly admitted that she did not stay in a FEMA housing unit manufactured by Forest River.

The Plaintiff Fact Sheet, as received, failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Manufacturer (4XYTWD VIN) | V. |
| VIN (Gulf Stream) | V.A. (Trailer 1 Form) |
| Barcode (Gulf Stream) | V.A. (Trailer 1 Form) |
| Smoking History of Other Trailer Residents(s) | VI.D. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Produce Records | VIII (B) |

(*See* Ex. "A")

Nga Tran has failed to answer 6 of the required PTO 88 key questions and 11 additional questions beyond the 23 key questions identified by the Court.  Therefore, her fact sheet is deficient. More importantly, she admits that she did not stay in a Forest River unit, based upon the manufacturer identified and VIN listed on the PFS. She was incorrectly matched in a suit against Forest River and has missed the deadline for being matched with the correct manufacturing defendant.  Thus, this Plaintiff does not belong in a suit against Forest River and her claims should be dismissed on that basis.

**Lionel Haynes, Jr.**

*Aarien Burks v. Forest River, Inc.* was filed October 28, 2009.  After the complaint was filed, Forest River never received a PFS from Lionel Haynes, Jr.  On May 2, 2011, Forest River sent to Plaintiff's Counsel a letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "D").  Forest River received the missing Plaintiff Fact Sheet on or about May 20, 2011 (*See* Plaintiff Fact Sheet of Lionel Haynes, Jr., attached as Exhibit "E").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.  Most importantly this Plaintiff's PFS identified Gulf Stream as the Manufacturer and did not list a VIN.  Thus, this Plaintiff has clearly admitted that he did not stay in a FEMA housing unit manufactured by Forest River.

According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had not been previously received is considered a deficiency letter and, upon received a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required and that those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[3]

The Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| VIN | V.A.1. |
| Barcode | V.A.4. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Produce Records | VIII.B. |

(*See* Ex. "E")

---

[3] See Exhibit "F" – May 13, 2011 Committee's Status Conference Transcript

Lionel Haynes, Jr. has answered only 18 of the required 23 keys questions, and therefore his fact sheet is deficient.  More importantly, he admits that he did not stay in a Forest River unit, based upon the manufacturer identified on the PFS.  He was incorrectly matched in a suit against Forest River and has missed the deadline for being matched with the correct manufacturing defendant.  Thus, this Plaintiff does not belong in a suit against Forest River and his claims should be dismissed on that basis.

**Ky Huyah**

*Aarien Burks v. Forest River, Inc.* was filed October 28, 2009.  After the complaint was filed, Forest River received a PFS from Ky Huyah on or about December 8, 2009. (*See* Plaintiff Fact Sheet of Ky Huyah, attached as Exhibit "G")  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.   In accordance with the PFS process, Forest River thereby sent a Rule 37 Deficiency Letter on August 8, 2011 outlining all deficiencies of Ky Huyah's PFS.[4]   (*See* Rule 37 Deficiency Letter to Counsel for Plaintiff, August 8, 2011, attached as Exhibit "B").  Forest River received an email on August 29, 2011 from Chris Pinedo wherein he advised that because the deficiency letter was untimely; his Plaintiffs were under no obligation to respond to the deficiency letter.[5]

Information that is critical to this Plaintiff's claim, such as Plaintiff's smoking history of other trailer resident(s), treatment for formaldehyde related injury and production of records were requested on August 8, 2011.  The appropriate 60 days for responding to Forest River's

---

[4] Although this Rule 37 Deficiency Letter was sent after the June 30, 2011 deadline found in PTO 88 due to some database coding errors, Forest River still provided the plaintiff with a 60 day period to cure the PFS.  The Court has been flexible in allowing the plaintiffs to cure their deficiencies beyond the 60 day cure period and has even allowed plaintiffs to produce PFSs months after their deadline for their submittal in an effort to avoid being dismissed.  Thus, Forest River requests the Court to allow the Court to allow this same flexibility in allowing the Rule 37 Deficiency Letter submitted after June 30, 2011 and deem it a valid Rule 37 Deficiency Letter that was to be answered within 60 days.
[5] Exhibit "C" - August 29, 2011 email from Chris Pinedo

Rule 37 Deficiency Letter has lapsed and Plaintiff has not cured the noted PFS deficiencies.  It is important to note that Plaintiff's PFS identified Gulf Stream, rather than Forest River, as the manufacturer and listed a VIN with a 4XYTWD prefix, which is not a Forest River prefix.  Thus, this Plaintiff has clearly admitted that he did not stay in a FEMA housing unit manufactured by Forest River.

The Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Treatment for Formaldehyde related Injury | VII.B. |
| Produce Records | VIII.B. |

(*See* Ex. "G")

Ky Huyah has answered only 20 of the required 23 keys questions, and therefore his fact sheet is deficient.  More importantly, he admits that he did not stay in a Forest River unit, based upon the manufacturer and VIN listed on the PFS.  He was incorrectly matched in a suit against Forest River and has missed the deadline for being matched with the correct manufacturing defendant.  Thus, this Plaintiff does not belong in a suit against Forest River and his claims should be dismissed on that basis.

**Rusty Hughes**

*Lemuel Stallworth v. Forest River, Inc.* was filed July 30, 2010.  After the complaint was filed, Forest River never received a PFS from Rusty Hughes.  On May 2, 2011, Forest River sent to Plaintiff's Counsel a letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "D").  Forest River received an Amendment to PFS on or about May 18, 2011 and the missing Plaintiff Fact Sheet on or about

9

May 20, 2011 (*See* Amendment and Plaintiff Fact Sheet of Rusty Hughes attached as Exhibit "H").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.  Most importantly, this Plaintiff's PFS identified Salem as the Manufacturer and did not list a VIN or Barcode.  Thus, this Plaintiff has clearly admitted that he did not stay in a FEMA housing unit manufactured by Forest River.

According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had not been previously received is considered a deficiency letter and, upon received a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required and that those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[6]

The Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| VIN | V.A.2. |
| Barcode | V.A.4. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Produce Records | VIII.B. |

(*See* Ex. "H")

Rusty Hughes has failed to answer 5 of the required PTO 88 key questions and 7 additional questions beyond the 23 key questions identified by the Court. Therefore, his fact sheet is deficient.  More importantly, he admits that he did not stay in a Forest River unit, based

---

[6] See Exhibit "F" – May 13, 2011 Committee's Status Conference Transcript

upon the manufacturer identified on the PFS.  He was incorrectly matched in a suit against Forest River and has missed the deadline for being matched with the correct manufacturing defendant. Thus, this Plaintiff does not belong in a suit against Forest River and her claims should be dismissed on that basis.

### Herman Johnson, III

*Lemuel Stallworth v. Forest River, Inc.* was filed July 30, 2010.  After the complaint was filed, Forest River never received a PFS from Herman Johnson, III.  On May 2, 2011, Forest River sent to Plaintiff's Counsel a letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "D").  Forest River received the missing Plaintiff Fact Sheet on or about May 24, 2011 (*See* Plaintiff Fact Sheet of Herman Johnson, III attached as Exhibit "I").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.  Most importantly this Plaintiff's PFS identified Gulf Stream as the Manufacturer and did not list a VIN or Barcode.  Thus, this Plaintiff has clearly admitted that he did not stay in a FEMA housing unit manufactured by Forest River.

According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had not been previously received is considered a deficiency letter and, upon receiving a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required and that those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[7]

---

[7] See Exhibit "F" – May 13, 2011 Committee's Status Conference Transcript

The Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| VIN | V.A.2. |
| Barcode | V.A.4. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Produce Records | VIII.B. |

(*See* Ex. "I")

Herman Johnson, III has answered only 18 of the required 23 keys questions, and therefore his fact sheet is deficient.  More importantly, he admits that he did not stay in a Forest River unit, based upon the manufacturer identified on the PFS.  He was incorrectly matched in a suit against Forest River and has missed the deadline for being matched with the correct manufacturing defendant.  Thus, this Plaintiff does not belong in a suit against Forest River and his claims should be dismissed on that basis.

**Maxine Tate Stallworth**

*Lemuel Stallworth v. Forest River, Inc.* was filed July 30, 2010.  After the complaint was filed, Forest River never received a PFS from Maxine Tate Stallworth.  On May 2, 2011, Forest River sent to Plaintiff's Counsel a letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "D").  Forest River received an Amendment to PFS on or about May 18, 2011 and the missing Plaintiff Fact Sheet on or about May 24, 2011 (*See* Amendment and Plaintiff Fact Sheet of Maxine Tate Stallworth attached as Exhibit "J").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.  Most importantly this Plaintiff's PFS identified Gulf Stream as

the Manufacturer and did not list a VIN or Barcode.  Thus, this Plaintiff has clearly admitted that she did not stay in a FEMA housing unit manufactured by Forest River.

According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had not been previously received is considered a deficiency letter and, upon receiving a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required and that those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[8]

The Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Only if you are requesting reimbursement of medical expenses | III.C.9. |
| VIN | V.A.2. |
| Barcode | V.A.4. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Produce Records | VIII.B. |

(*See* Ex. "J")

Maxine Tate Stallworth has answered only 17 of the required 23 keys questions and has failed to answer 5 additional questions beyond the 23 key questions identified by the Court. Therefore, her fact sheet is deficient.  More importantly, she admits that she did not stay in a Forest River unit, based upon the manufacturer identified on the PFS.  She was incorrectly matched in a suit against Forest River and has missed the deadline for being matched with the

---

[8] See Exhibit "F" – May 13, 2011 Committee's Status Conference Transcript

correct manufacturing defendant. Thus, this Plaintiff does not belong in a suit against Forest River and her claims should be dismissed on that basis.

**Amanda Mitchell**

*Bernell Clements v. Forest River, Inc.* was filed July 30, 2010. After the complaint was filed, Forest River never received a PFS from Amanda Mitchell. On May 2, 2011, Forest River sent to Plaintiff's Counsel a letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "D"). Forest River received the missing Plaintiff Fact Sheet on or about May 24, 2011 (*See* Plaintiff Fact Sheet of Amanda Mitchell attached as Exhibit "K"). Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient. Most importantly this Plaintiff's PFS identified Gulf Stream as the Manufacturer and did not list a VIN, FEMA Id or Barcode. Thus, this Plaintiff has clearly admitted that she did not stay in a FEMA housing unit manufactured by Forest River.

According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had not been previously received is considered a deficiency letter and, upon receiving a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required and that those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[9]

---

[9] See Exhibit "F" – May 13, 2011 Committee's Status Conference Transcript

The Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Only if you are Requesting Reimbursement of Medical Expenses | III.C.9. |
| VIN | V.A.2. |
| FEMA Id | V.A.3. |
| Barcode | V.A.4. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Produce Records | VIII.B. |

(*See* Ex. "K")

Amanda Mitchell has failed to answer 7 of the required PTO 88 key questions and 6 additional questions beyond the 23 key questions identified by the Court. Therefore, her PFS remains deficient. More importantly, she admits that she did not stay in a Forest River unit, based upon the manufacturer identified on the PFS. She was incorrectly matched in a suit against Forest River and has missed the deadline for being matched with the correct manufacturing defendant. Thus, this Plaintiff does not belong in a suit against Forest River and her claims should be dismissed on that basis.

**Michelle D. Moore**

*Bernell Clements v. Forest River, Inc.* was filed July 30, 2010. After the complaint was filed, Forest River never received a PFS from Michelle D. Moore. On May 2, 2011, Forest River sent to Plaintiff's Counsel a letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "D"). Forest River received the missing Plaintiff Fact Sheet on or about May 24, 2011 (*See* Plaintiff Fact Sheet of Michelle

D. Moore attached as Exhibit "L").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.  Most importantly this Plaintiff's PFS identified Fleetwood as the Manufacturer and did not list a VIN or Barcode.  Thus, this Plaintiff has clearly admitted that she did not stay in a FEMA housing unit manufactured by Forest River.

According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had not been previously received is considered a deficiency letter and, upon receiving a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required and that those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[10]

The Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88

| INFORMATION/DATA | PFS SECTION |
|---|---|
| VIN | V.A.2. |
| Barcode | V.A.4. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Produce Records | VIII.B. |

(*See* Ex. "L")

Michelle D. Moore answered only 18 of the required 23 keys questions, and therefore her fact sheet is deficient.  More importantly, she admits that she did not stay in a Forest River unit, based upon the manufacturer identified on the PFS.  She was incorrectly matched in a suit against Forest River and has missed the deadline for being matched with the correct

---

[10] See Exhibit "F" – May 13, 2011 Committee's Status Conference Transcript

manufacturing defendant.  Thus, this Plaintiff does not belong in a suit against Forest River and her claims should be dismissed on that basis.

**Harry Morel**

*Bernell Clements v. Forest River, Inc.* was filed July 30, 2010.  After the complaint was filed, Forest River never received a PFS from Harry Morel.  On May 2, 2011, Forest River sent to Plaintiff's Counsel a letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "D").  Forest River received the missing Plaintiff Fact Sheet on or about May 24, 2011 (*See* Plaintiff Fact Sheet of Harry Morel attached as Exhibit "M").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.  Most importantly this plaintiff's PFS identified Gulf Stream as the Manufacturer and did not list a VIN or Barcode.  Thus, this Plaintiff has clearly admitted that he did not stay in a FEMA housing unit manufactured by Forest River.

According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had not been previously received is considered a deficiency letter and, upon receiving a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required and that those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[11]

The Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

---

[11] See Exhibit "F" – May 13, 2011 Committee's Status Conference Transcript

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Psychological Treatment | III.C.8. |
| Only if you are Requesting Reimbursement of Medical Expenses | III.C.9. |
| Only if you are Making a Wage Claim | IV.F.3. |
| VIN | V.A.2. |
| Barcode | V.A.4. |
| Number of Hours Spent in Trailer Each Day | V.13. |
| Names of Other Trailer Residents | V.E. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Prior Medical History | |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Produce Records | VIII.B. |
| Signed Certification | |

(*See* Ex. "M")

Harry Morel has failed to answer 11 of the required PTO 88 key questions and the remaining PFS contained either inadequate and/or blank responses beyond the 23 key questions identified by the Court.  Therefore, his PFS is entirely deficient.  More importantly, he admits that he did not stay in a Forest River unit, based upon the manufacturer identified on the PFS. He was incorrectly matched in a suit against Forest River and has missed the deadline for being matched with the correct manufacturing defendant.  Thus, this Plaintiff does not belong in a suit against Forest River and his claims should be dismissed on that basis.

**Lien My Tran**

*Bernell Clements v. Forest River, Inc.* was filed July 30, 2010.  After the complaint was filed, Forest River never received a PFS from Lien My Tran.  On May 2, 2011, Forest River sent

to Plaintiff's Counsel a letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "D").   Forest River received the missing Plaintiff Fact Sheet on or about May 24, 2011 (*See* Plaintiff Fact Sheet of Lien My Tran attached as Exhibit "N").   Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.   Most importantly this Plaintiff's PFS identified Fleetwood as the Manufacturer and did not list a VIN or Barcode.   Thus, this Plaintiff has clearly admitted that she did not stay in a FEMA housing unit manufactured by Forest River.

According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had not been previously received is considered a deficiency letter and, upon receiving a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required and that those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[12]

The Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| VIN | V.A.2. |
| Barcode | V.A.4. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Produce Records | VIII.B. |

(*See* Ex. "N")

---

[12] See Exhibit "F" – May 13, 2011 Committee's Status Conference Transcript

Lien My Tran has failed to answer 5 of the required PTO 88 key questions and 7 additional questions beyond the 23 key questions identified by the Court.  Therefore, her fact sheet remains deficient.  More importantly, she admits that she did not stay in a Forest River unit, based upon the manufacturer identified on the PFS.  She was incorrectly matched in a suit against Forest River and has missed the deadline for being matched with the correct manufacturing defendant.  Thus, this Plaintiff does not belong in a suit against Forest River and her claims should be dismissed on that basis.

**Linh My Tran**

*Bernell Clements v. Forest River, Inc.* was filed July 30, 2010.  After the complaint was filed, Forest River never received a PFS from Linh My Tran.  On May 2, 2011, Forest River sent to Plaintiff's Counsel a letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "D").  Forest River received the missing Plaintiff Fact Sheet on or about May 24, 2011 (*See* Plaintiff Fact Sheet of Linh My Tran attached as Exhibit "O").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.  Most importantly this Plaintiff's PFS identified Fleetwood as the Manufacturer and did not list a VIN or Barcode.  Thus, this Plaintiff has clearly admitted that she did not stay in a FEMA housing unit manufactured by Forest River.

According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had not been previously received is considered a deficiency letter and, upon receiving a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received

PFS is not required and that those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[13]

The Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| VIN | V.A.2. |
| Barcode | V.A.4. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Produce Records | VIII.B. |

(*See* Ex. "O")

Linh M. Tran has failed to answer 5 of the required PTO 88 key questions and 7 additional questions beyond the 23 key questions identified by the Court.  Therefore, her PFS remains deficient. More importantly, she admits that she did not stay in a Forest River unit, based upon the manufacturer identified on the PFS.  She was incorrectly matched in a suit against Forest River and has missed the deadline for being matched with the correct manufacturing defendant.  Thus, this Plaintiff does not belong in a suit against Forest River and her claims should be dismissed on that basis.

**Andrew Wilson**

*Bernell Clements v. Forest River, Inc.* was filed July 30, 2010.  After the complaint was filed, Forest River never received a PFS from Andrew Wilson.  On May 2, 2011, Forest River sent to Plaintiff's Counsel a letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "D").  Forest River received the missing Plaintiff Fact Sheet on or about May 24, 2011 (*See* Plaintiff Fact Sheet of Andrew

---

[13] See Exhibit "F" – May 13, 2011 Committee's Status Conference Transcript

Wilson attached as Exhibit "P").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.  Most importantly this Plaintiff's PFS identified Gulf Stream as the Manufacturer and did not list a VIN or Barcode.  Thus, this Plaintiff has clearly admitted that he did not stay in a FEMA housing unit manufactured by Forest River.

According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had not been previously received is considered a deficiency letter and, upon receiving a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required and that those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[14]

The Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Only if you are Requesting Reimbursement of Medical Expenses | III.C.9. |
| VIN | V.A.2. |
| Barcode | V.A.4. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Produce Records | VIII.B. |

(*See* Ex. "P")

Andrew Wilson has failed to answer 5 of the required PTO 88 key questions and 9 additional questions beyond the 23 key questions identified by the Court.  Therefore, his PFS remains deficient.  More importantly, he admits that he did not stay in a Forest River unit, based upon the manufacturer identified on the PFS.  He was incorrectly matched in a suit against Forest

---

[14] See Exhibit "F" – May 13, 2011 Committee's Status Conference Transcript

River and has missed the deadline for being matched with the correct manufacturing defendant. Thus, this Plaintiff does not belong in a suit against Forest River and his claims should be dismissed on that basis.

### Don K. Wilson, Sr.

*Bernell Clements v. Forest River, Inc.* was filed July 30, 2010.  After the complaint was filed, Forest River never received a PFS from Don K. Wilson, Sr.  On May 2, 2011, Forest River sent to Plaintiff's Counsel a letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "D").  Forest River received the missing Plaintiff Fact Sheet on or about May 24, 2011 (*See* Plaintiff Fact Sheet of Don K. Wilson, Sr. attached as Exhibit "Q").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.  Most importantly this Plaintiff's PFS identified Gulf Stream as the Manufacturer and did not list a VIN or Barcode.  Thus, this Plaintiff has clearly admitted that he did not stay in a FEMA housing unit manufactured by Forest River.

According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had not been previously received is considered a deficiency letter and, upon receiving a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required and that those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[15]

The Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

---

[15] See Exhibit "F" – May 13, 2011 Committee's Status Conference Transcript

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Psychological Treatment | III.C.8. |
| Only if you are Requesting Reimbursement of Medical Expenses | III.C.9. |
| Only if you are Requesting Wage Claim | IV.F.3 |
| VIN | V.A.2. |
| Barcode | V.A.4. |
| Move In Date | V.A.6. |
| Move Out Date | V.A.7. |
| Number of Hours Spent in Trailer Each Day | V.13. |
| Names of Other Trailer Residents | V.E. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Prior Medical History | VI(F)(1&4) |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Produce Records | VIII.B. |
| Signed Certification | |

(*See* Ex. "Q")

Don K. Wilson, Sr. has failed to answer 13 of the required PTO 88 key questions and provided inadequate and/or blank responses to the remaining PFS beyond the 23 key questions identified by the Court.  Therefore, his PFS is entirely deficient.  More importantly, he admits that he did not stay in a Forest River unit, based upon the manufacturer identified on the PFS. He was incorrectly matched in a suit against Forest River and has missed the deadline for being matched with the correct manufacturing defendant.  Thus, this Plaintiff does not belong in a suit against Forest River and his claims should be dismissed on that basis.

**Kellie Murphy on behalf of J.S.**

*Bernell Clements v. Forest River, Inc.* was filed July 30, 2010. After the complaint was filed, Forest River never received a PFS from J.S. On May 2, 2011, Forest River sent to Plaintiff's Counsel a letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "D"). Forest River received the missing Plaintiff Fact Sheet on or about May 24, 2011 (*See* Plaintiff Fact Sheet of J.S. attached as Exhibit "R"). Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient. Most importantly this Plaintiff's PFS identified Gulf Stream as the Manufacturer and did not list a VIN. Thus, this Plaintiff has clearly admitted that he did not stay in a FEMA housing unit manufactured by Forest River.

According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had not been previously received is considered a deficiency letter and, upon receiving a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required and that those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[16]

The Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| VIN (Gulf Stream) | V.A.2. |
| Barcode (Gulf Stream) | V.A.4. |
| Manufacturer (Trailer 2) | V.A.1. |
| VIN (Trailer 2) | V.A.2. |

---

[16] See Exhibit "F" – May 13, 2011 Committee's Status Conference Transcript

| Barcode (Trailer 2) | V.A.4. |
|---|---|
| Treatment for Formaldehyde Related Injury | VII.B. |
| Produce Records | VIII.B. |

(*See* Ex. "R")

J.S. has failed to answer 7 of the required PTO 88 key questions and 12 additional questions beyond the 23 key questions identified by the Court. Therefore, his PFS is wholly deficient. More importantly, he admits that he did not stay in a Forest River unit, based upon the manufacturer identified on the PFS. He was incorrectly matched in a suit against Forest River and has missed the deadline for being matched with the correct manufacturing defendant. Thus, this Plaintiff does not belong in a suit against Forest River and his claims should be dismissed on that basis.

**Joseph Smith**

*Bernell Clements v. Forest River, Inc.* was filed July 30, 2010. After the complaint was filed, Forest River never received a PFS from Joseph Smith. On May 2, 2011, Forest River sent to Plaintiff's Counsel a letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "D"). Forest River received the missing Plaintiff Fact Sheet on or about May 20, 2011 (*See* Plaintiff Fact Sheet of Joseph Smith attached as Exhibit "S"). Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient. Most importantly this Plaintiff's PFS identified Gulf Stream and Dutchman as the Manufacturers and listed a VIN with a DI016 prefix, which is not a Forest River prefix. Thus, this Plaintiff has clearly admitted that he did not stay in a FEMA housing unit manufactured by Forest River.

According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had not been previously received is considered a deficiency letter and, upon receiving a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required and that those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[17]

The Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Manufacturer (DI016 VIN) | V.A.1. |
| Barcode (DI016 VIN) | V.A.4. |
| VIN (Gulf Stream) | V.A.2. |
| Barcode (Gulf Stream ) | V.A.4. |
| VIN (Dutchman) | V.A.2. |
| Barcode (Dutchman) | V.A.4. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Produce Records | VIII.B. |

(*See* Ex. "S")

Joseph Smith has failed to answer 9 of the required PTO 88 key questions and 30 additional questions beyond the 23 key questions identified by the Court.  Therefore, his PFS is entirely deficient.  More importantly, he admits that he did not stay in a Forest River unit, based upon the manufacturer and VIN identified on the PFS.  He was incorrectly matched in a suit against Forest River and has missed the deadline for being matched with the correct

---

[17] See Exhibit "F" – May 13, 2011 Committee's Status Conference Transcript

manufacturing defendant.  Thus, this Plaintiff does not belong in a suit against Forest River and his claims should be dismissed on that basis.

### Kellie Murphy on as the representative of the estate of Terry Smith, deceased

*Bernell Clements v. Forest River, Inc.* was filed July 30, 2010.  After the complaint was filed, Forest River never received a PFS from Terry Smith.  On May 2, 2011, Forest River sent to Plaintiff's Counsel a letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "D").  Forest River received the missing Plaintiff Fact Sheet on or about May 24, 2011 (*See* Plaintiff Fact Sheet of Terry Smith attached as Exhibit "T").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.  Most importantly this Plaintiff's PFS did not identify the Manufacturer and listed a VIN with a DI016 prefix, which is not a Forest River prefix.  Thus, this Plaintiff has clearly admitted that he did not stay in a FEMA housing unit manufactured by Forest River.

According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had not been previously received is considered a deficiency letter and, upon receiving a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required and that those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[18]

The Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

---

[18] See Exhibit "F" – May 13, 2011 Committee's Status Conference Transcript

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Manufacturer (DI016 VIN) | V.A.1. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Produce Records | VIII.B. |

(*See* Ex. "T")

Terry Smith has answered only 20 of the required 23 keys questions, and failed to answer 10 additional questions beyond the 23 key questions identified by the Court.  Therefore, his fact sheet is deficient.  More importantly, he admits that he did not stay in a Forest River unit, based upon the VIN identified on the PFS, was incorrectly matched in a suit against Forest River and has missed the deadline for being matched with the correct manufacturing defendant.  Thus, this Plaintiff does not belong in a suit against Forest River and his claims should be dismissed on that basis.

All of the above listed plaintiffs admit that they did not stay in a Forest River housing unit and, therefore, their claims should be dismissed on that basis alone. As it prepares for additional litigation, evaluates the possibility of settlement, and analyzes other issues concerning the progress of this lawsuit, Forest River must be able to obtain information about those who make allegations against it. The PFS serves as the best way to acquire such information, as the PFS acts as the initial round of discovery responses. With a deficient simulated discovery response, Forest River is significantly prejudiced, and there is good cause for the Court to discontinue any potential for further prejudice against Forest River by dismissing the claims of these plaintiffs.

Based upon the foregoing, the above-listed plaintiffs' PFSs remain deficient. In accordance with Pre-Trial Orders 2, 32, 38, 49 and 68, and Federal Rules of Civil Procedure

Nos. 37(b)(2)VI and 41(b), the  Motion to Dismiss filed by Forest River should be granted, dismissing the claims of the above listed plaintiffs, with prejudice.

                              Respectfully Submitted,

                              **GIEGER, LABORDE & LAPEROUSE, LLC**


                              BY: /s/ Ernest P. Gieger, Jr.
                              ERNEST P. GIEGER, JR. (6154)
                              ANDREW A. BRAUN (#3415)
                              J. MICHAEL DIGIGLIA (24378)
                              GIEGER, LABORDE & LAPEROUSE, L.L.C.
                              One Shell Square
                              701 Poydras Street, Suite 4800
                              New Orleans, Louisiana  70139-4800
                              Telephone:  (504) 561-0400
                              Facsimile:  (504) 561-1011
                              egieger@glllaw.com
                              abraun@glllaw.com
                              mdigiglia@glllaw.com
                              **ATTORNEYS FOR FOREST RIVER, INC**


                    <u>**CERTIFICATE OF SERVICE**</u>

        I do hereby certify that a true and correct copy of the forgoing document has been served upon counsel of record as indicated below in accordance with the Federal Rules of Civil Procedure on April 30, 2012 via electronic filing.


                              /s/ Ernest P. Gieger, Jr.