UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCT | * | |
| LIABILITY LITIGATION | * | |
| | * | SECTION "N-5" |
| THIS DOCUMENT RELATES TO: | * | |
| Case No.  10-2184 | * | JUDGE ENGELHARDT |
| | * | |
| | * | MAG. JUDGE CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * * * *

### MEMO IN SUPPORT OF DEFENDANT FOREST RIVER'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NO. 2 AND 32 RELATING TO PLAINTIFF FACT SHEETS AND THE MATCHING REQUIREMENTS OF PRE-TRIAL ORDERS NO. 38, 49 AND 68

**MAY IT PLEASE THE COURT:**

Forest River, Inc. moves this Honorable Court for an Order dismissing the claims of the following plaintiffs, with prejudice, for failure to comply with Pre-Trial Orders Nos. 2 and 32 Relating to the Production of Plaintiff Fact Sheets and the Matching Requirements of Pre-Trial Orders No. 38, 49 and 68.

- Elicia Allen on behalf of I.A.(Plaintiff in *Clements,* C.A. 10-2184)
- Harold Anderson, Jr. (Plaintiff in *Clements,* C.A. 10-2184)
- Linda Bradbury on behalf of L.A. (Plaintiff in *Clements,* C.A. 10-2184)
- Heidi Bailey on behalf of A.B. (Plaintiff in *Clements,* C.A. 10-2184)
- Heidi Bailey (Plaintiff in *Clements,* C.A. 10-2184)
- Laura Bardwell on behalf of B.B. (Plaintiff in *Clements,* C.A. 10-2184)
- Heather R. Bardwell (Plaintiff in *Clements,* C.A. 10-2184)
- Leonisa A. Davis on behalf of J.B. (Plaintiff in *Clements,* C.A. 10-2184)
- Jennifer Brooks on behalf of J.B. (Plaintiff in *Clements,* C.A. 10-2184)
- Jennifer Brooks (Plaintiff in *Clements,* C.A. 10-2184)
- Bernell L. Clements (Plaintiff in *Clements,* C.A. 10-2184)
- LaQuetta Cole (Plaintiff in *Clements,* C.A. 10-2184)
- Leonisa A. Davis  (Plaintiff in *Clements,* C.A. 10-2184)
- Wade L. Davis, Jr. (Plaintiff in *Clements,* C.A. 10-2184)

- Glenda Durbin (Plaintiff in *Clements,* C.A. 10-2184)
- Greg Dupuy (Plaintiff in *Clements,* C.A. 10-2184)
- Shirley Jean Goodwin (Plaintiff in *Clements,* C.A. 10-2184)
- Mayola Haynes (Plaintiff in *Clements,* C.A. 10-2184)
- Tamika Santiago on behalf of E.H. (Plaintiff in *Clements,* C.A. 10-2184)
- Kellie Murphy (Plaintiff in *Clements*, C.A. 10-2184)
- Bernard Santiago, III (Plaintiff in *Clements,* C.A. 10-2184)
- LaQuetta Cole on behalf of B.S. (Plaintiff in *Clements,* C.A. 10-2184)
- Tamika Santiago (Plaintiff in *Clements,* C.A. 10-2184)

## BACKGROUND - CREATION OF MDL AND FACT SHEET PROCESS

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008 the Court issued Pre-Trial Order ("PTO" or "Order") No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet" (PFS), which would serve as the substitute for the initial rounds of Interrogatories and Requests for Production of Documents in a more standardized and simplified format. Rec. Doc. No. 87. The Order also established a process for "curing" these fact sheets when any particular plaintiff failed to comply with its obligation to submit a properly completed PFS Sheet. In outlining the curing process, the Order stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id.* at p. 8—9. The letter would specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id.*

Subsequently, on March 18, 2009, the Court amended PTO No. 2 with PTO No. 32 as to the due dates for these same PFSs. Rec. Doc. No. 1180. Because of the large number of cases

being filed in the summer of 2009, PTO No. 32 provided new deadlines for the production of the PFSs and it also retained the same curing procedure as was set forth in PTO No. 2.

On May 27, 2009 the Court entered PTO No. 38 thereby placing on each plaintiff the burden of identifying and naming the sole manufacturer responsible for erecting the FEMA unit in which he or she was housed.  Rec. Doc. No. 1596.  For complaints that had already been filed or transferred to this Court as of December 9, 2009, the deadline to complete this matching expired twenty days thereafter, on December 29, 2009.  *See* Pre-Trial Order No. 49 (Rec. Doc. 8908).  For complaints not already filed or transferred to this Court by December 9, 2009, the pre-trial order requires that plaintiffs "shall be matched with a specific manufacturing defendant within 45 days of the date of the filing of the Complaint." *Id.*  (emphasis omitted).  Pre-Trial Order No. 45 further provides that the matching deadline is subject to extension "for good cause shown." *Id.*  The above listed complaint was filed on July 30, 2010.  Thus, plaintiffs' deadlines for matching to the correct, single manufacturing defendant expired 45 days later, on September 13, 2010.  If the above listed plaintiffs were some of the plaintiffs who had trouble obtaining matching information, and their attorneys fulfilled the strict requirements for participating in the "last chance" matching process established by the Court, then their deadline for participating in this process would have been August 2, 2010.  *See* Amended Pre-Trial Order No. 68 Concerning Deadlines for Matching and Filing (Rec. Doc. 14779).  While Plaintiffs' counsel have not given any indication that the above listed plaintiffs participated in the "last chance" process, at the very latest, the deadline for matching the plaintiffs with the correct manufacturing defendant expired more than a year ago.

The Plaintiffs listed above have failed to comply with the deficiency and curing procedures set out in PTO Nos. 2 and 32 and with the matching requirements of PTO Nos. 38, 49 and 68.

## LAW AND ARGUMENT

Here, Forest River respectfully submits that the Plaintiffs listed above have failed to comply with PTO Nos. 2, 32, 38, 49 and 68, and therefore, this Court should dismiss their claims.

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992); *Colle v. Brazos County, Tex.*, 981 F.2d 237, 242-243 (5th Cir. 1993).

Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the Fifth Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice. *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F.2d 1214 (5th Cir. 1970).

A Plaintiff Fact Sheet includes 122 questions that were to be answered. In Pre-Trial Order No. 88, the Court temporarily narrowed the PFS deficiency process to twenty-three "key" questions (except for cases where deficiency notices had been served and the time for curing

such deficiencies already had expired) and, for deficiency notices served after March 24, 2011, extended the time for curing deficiencies by an additional thirty days. *See* Rec. Doc.22124 (signed June 24, 2011), as corrected in Rec. Doc. 22153.  Effective April 1, 2012, deficiencies are no longer limited to those identified as "key" by this court. *Id.*

### Elicia Allen on behalf of I.A.

*Bernell Clements v. Forest River, Inc.* was filed July 30, 2010.  After the complaint was filed, Forest River did not receive a PFS from I.A. On May 2, 2011, Forest River sent to Plaintiff's Counsel a letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "A").  Forest River received the missing Plaintiff Fact Sheet on or about May 24, 2011 (*See* Plaintiff Fact Sheet of I.A. attached as Exhibit "B").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.  Most importantly, this Plaintiff's PFS identified University Marine RV Wildwood as the Manufacturer and listed a VIN with a TWDP prefix, which is not a Forest River prefix.  Thus, this Plaintiff has clearly admitted that he did not stay in a FEMA housing unit manufactured by Forest River.  According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had not been previously received is considered a deficiency letter and, upon receiving a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required, and those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[1]

In addition to not staying in a Forest River unit, the Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

---

[1] See Exhibit "C" – May 13, 2011 Committee's Status Conference Transcript

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Produce Records | VIII.B. |

(*See* Ex. "B")

I.A. has answered only 20 of the required 23 key questions and failed to answer 20 additional questions beyond those 23 key questions identified by the Court; therefore his PFS remains deficient.  More importantly, he admits that he did not stay in a Forest River unit, based upon the manufacturer and VIN identified on the PFS.  He was incorrectly matched in a suit against Forest River and has missed the deadline for being matched with the correct manufacturing defendant.  Thus, this Plaintiff does not belong in a suit against Forest River and his claims should be dismissed on that basis.

**Harold Anderson, Jr.**

*Bernell Clements v. Forest River, Inc.* was filed July 30, 2010.  After the complaint was filed, Forest River did not receive a PFS from Harold Anderson, Jr.  On May 2, 2011, Forest River sent to Plaintiff's Counsel a letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "A").  Forest River received the missing Plaintiff Fact Sheet on or about May 24, 2011 (*See* Plaintiff Fact Sheet of Harold Anderson, Jr., attached as Exhibit "D").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.  Most importantly, this Plaintiff's PFS identified Gulf Stream as the Manufacturer and did not list a VIN.  Thus, this Plaintiff has clearly admitted that he did not stay in a FEMA housing unit manufactured by Forest River.  According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had

not been previously received is considered a deficiency letter and, upon receiving a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required, and those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[2]

In addition to not staying in a Forest River unit, the Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| VIN | V.A.1. |
| Barcode | V.A.4. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Produce Records | VIII.B. |

(*See* Ex. "D")

Harold Anderson, Jr. has answered only 18 of the required 23 key questions and failed to answer 17 additional questions beyond those 23 key questions identified by the Court; therefore his PFS remains deficient.  More importantly, he admits that he did not stay in a Forest River unit, based upon the manufacturer identified on the PFS.  He was incorrectly matched in a suit against Forest River and has missed the deadline for being matched with the correct manufacturing defendant.  Thus, this Plaintiff does not belong in a suit against Forest River and his claims should be dismissed on that basis.

---

[2] See Exhibit "C" – May 13, 2011 Committee's Status Conference Transcript

**Linda Bradbury on Behalf of L.A.**

*Bernell Clements v. Forest River, Inc.* was filed July 30, 2010.  After the complaint was filed, Forest River did not receive a PFS from L.A. On May 2, 2011, Forest River sent to Plaintiff's Counsel a letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "A").  Forest River received the missing Plaintiff Fact Sheet on or about May 24, 2011 (*See* Plaintiff Fact Sheet of L.A. attached as Exhibit "E").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.  Most importantly, this Plaintiff's PFS identified Gulf Stream as the Manufacturer and did not list a VIN.  Thus, this Plaintiff has clearly admitted that she did not stay in a FEMA housing unit manufactured by Forest River.  According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had not been previously received is considered a deficiency letter and, upon receiving a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required, and those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[3]

In addition to not staying in a Forest River unit, the Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

---

[3] See Exhibit C – May 13, 2011 Committee's Status Conference Transcript

| INFORMATION/DATA | PFS SECTION |
|---|---|
| VIN | V.A.1. |
| Barcode | V.A.4. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Produce Records | VIII.B. |

(*See* Ex. "E")

L.A. has answered only 18 of the required 23 keys questions and failed to answer 10 additional questions beyond those 23 key questions identified by the Court; therefore her PFS remains deficient.  More importantly, she admits that she did not stay in a Forest River unit, based upon the manufacturer identified on the PFS.  She was incorrectly matched in a suit against Forest River and has missed the deadline for being matched with the correct manufacturing defendant.  Thus, this Plaintiff does not belong in a suit against Forest River and her claims should be dismissed on that basis.

**Heidi Bailey on behalf of A.B.**

*Bernell Clements v. Forest River, Inc.* was filed July 30, 2010.  After the complaint was filed, Forest River did not receive a PFS from A.B..  On May 2, 2011, Forest River sent to Plaintiff's Counsel a letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "A").  Forest River received the missing Plaintiff Fact Sheet on or about May 24, 2011 (*See* Plaintiff Fact Sheet of A.B. attached as Exhibit "F").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.  Most importantly, this Plaintiff's PFS identified Rockwood as the Manufacturer and did not list a VIN.  Thus, this Plaintiff has clearly admitted that he did not stay in a FEMA housing unit manufactured by Forest River.  According to the transcript of the

Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had not been previously received is considered a deficiency letter and, upon receiving a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required, and those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[4]

In addition to not staying in a Forest River unit, the Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| VIN | V.A.2. |
| Barcode | V.A.4. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Produce Records | VIII.B. |

(*See* Ex. "F")

A.B. has answered only 18 of the required 23 key questions, and failed to answer 6 additional questions beyond those 23 key questions identified by the Court; therefore his PFS remains deficient.  More importantly, he admits that he did not stay in a Forest River unit, based upon the manufacturer identified on the PFS.  He was incorrectly matched in a suit against Forest River and has missed the deadline for being matched with the correct manufacturing defendant.  Thus, this Plaintiff does not belong in a suit against Forest River and his claims should be dismissed on that basis.

---

[4] See Exhibit "C" – May 13, 2011 Committee's Status Conference Transcript

**Heidi Bailey**

*Bernell Clements v. Forest River, Inc.* was filed July 30, 2010.  After the complaint was filed, Forest River did not receive a PFS from Heidi Bailey.  On May 2, 2011, Forest River sent to Plaintiff's Counsel a letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "A").  Forest River received the missing Plaintiff Fact Sheet on or about May 24, 2011 (*See* Plaintiff Fact Sheet of Heidi Bailey attached as Exhibit "G").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.  Most importantly, this Plaintiff's PFS identified Rockwood as the Manufacturer and did not list a VIN.  Thus, this Plaintiff has clearly admitted that she did not stay in a FEMA housing unit manufactured by Forest River.  According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had not been previously received is considered a deficiency letter and, upon receiving a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required, and those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[5]

In addition to not staying in a Forest River unit, the Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

---

[5] See Exhibit "C" – May 13, 2011 Committee's Status Conference Transcript

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Only if you are Requesting Reimbursement of Medical Expenses | III.C.9. |
| VIN | V.A.2. |
| Barcode | V.A.4. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Produce Records | VIII.B. |

(*See* Ex. "G")

Heidi Bailey has failed to answer 6 of the key questions identified by this court; therefore, her PFS remains deficient. More importantly, she admits that she did not stay in a Forest River unit, based upon the manufacturer identified on the PFS. She was incorrectly matched in a suit against Forest River and has missed the deadline for being matched with the correct manufacturing defendant. Thus, this Plaintiff does not belong in a suit against Forest River and her claims should be dismissed on that basis.

**Laura Bardwell on behalf of B.B.**

*Bernell Clements v. Forest River, Inc.* was filed July 30, 2010. After the complaint was filed, Forest River did not receive a PFS from B.B. On May 2, 2011, Forest River sent to Plaintiff's Counsel a letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "A"). Forest River received the missing Plaintiff Fact Sheet on or about May 24, 2011 (*See* Plaintiff Fact Sheet of B.B. attached as Exhibit "H"). Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient. Most importantly, this Plaintiff's PFS identified Fleetwood as the Manufacturer and listed a VIN with a 1FB1F prefix, which is not a Forest River prefix. Thus, this Plaintiff has clearly admitted that he did not stay in a FEMA housing unit manufactured by

Forest River.  According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had not been previously received is considered a deficiency letter and, upon receiving a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required, and those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[6]

In addition to not staying in a Forest River unit, the Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Psychological Treatment | III.C.8. |
| Only if you are Requesting Reimbursement of Medical Expenses | III.C.9. |
| Manufacturer (BC:1153715) | V.A.1. |
| VIN (BC: 1153715) | V.A.2. |
| Number of Hours Spent in Trailer  Each Day | V.13. |
| Names of Other Trailer Resident(s) | V.E. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Produce Records | VIII.B. |

(*See* Ex. "H")

B.B. has only answered 17 of the required 23 key questions, and failed to answer 25 additional questions beyond those 23 key questions identified by the Court; therefore, his PFS remains deficient.  More importantly, he admits that he did not stay in a Forest River unit, based upon the manufacturer and VIN identified on the PFS.  He was incorrectly matched in a suit

---

[6] See Exhibit "C" – May 13, 2011 Committee's Status Conference Transcript

against Forest River and has missed the deadline for being matched with the correct manufacturing defendant.  Thus, this Plaintiff does not belong in a suit against Forest River and his claims should be dismissed on that basis.

### Heather R. Bardwell a.k.a Heather Falana

*Bernell Clements v. Forest River, Inc.* was filed July 30, 2010.  After the complaint was filed, Forest River did not receive a PFS from Heather R. Bardwell.  On May 2, 2011, Forest River sent to Plaintiff's Counsel a letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "A").  Forest River received the missing Plaintiff Fact Sheet on or about May 24, 2011 (*See* Plaintiff Fact Sheet of Heather R. Bardwell attached as Exhibit "I").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.  Most importantly, this Plaintiff's PFS did not identify a Manufacturer and listed a VIN with a 1FB1F prefix, which is not a Forest River prefix.  Thus, this Plaintiff has clearly admitted that she did not stay in a FEMA housing unit manufactured by Forest River.  According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had not been previously received is considered a deficiency letter and, upon receiving a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required, and those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[7]

In addition to not staying in a Forest River unit, the Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

---

[7] See Exhibit "C" – May 13, 2011 Committee's Status Conference Transcript

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Psychological Treatment | III.C.8. |
| Only if you are Requesting Reimbursement of Medical Expenses | III.C.9. |
| Manufacturer | V.A.1. |
| Manufacturer (BC: 1153715) | V.A.1. |
| VIN (BC: 1153715) | V.A.2. |
| Number of Hours Spent in Trailer Each Day | V.13. |
| Number of Hours Spent in Trailer Each Day (BC: 1153715) | V.13. |
| Names of Other Trailer Resident(s) | V.E. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Produce Records | VIII.B. |

(*See* Ex. "I")

Heather R. Bardwell has answered only 15 of the required 23 key questions, and failed to answer 31 additional questions beyond those 23 key questions identified by the Court; therefore, her PFS remains deficient.  More importantly, she admits that she did not stay in a Forest River unit, based upon the manufacturer and VIN identified on the PFS.  She was incorrectly matched in a suit against Forest River and has missed the deadline for being matched with the correct manufacturing defendant.  Thus, this Plaintiff does not belong in a suit against Forest River and her claims should be dismissed on that basis.

**Leonisha Davis on behalf of J.B.**

*Bernell Clements v. Forest River, Inc.* was filed July 30, 2010.  After the complaint was filed, Forest River did not receive a PFS from J.B..  On May 2, 2011, Forest River sent to

Plaintiff's Counsel a letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "A").  Forest River received the missing Plaintiff Fact Sheet on or about May 24, 2011 (*See* Plaintiff Fact Sheet of J.B. attached as Exhibit "J").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.  Most importantly, this Plaintiff's PFS Gulf Stream as the Manufacturer and did not list a VIN.  Thus, this Plaintiff has clearly admitted that he did not stay in a FEMA housing unit manufactured by Forest River.  According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had not been previously received is considered a deficiency letter and, upon receiving a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required, and those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[8]

In addition to not staying in a Forest River unit, the Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| VIN | V.A.2. |
| Barcode | V.A.4. |
| Manufacturer (Trailer 2) | V.A.1. |
| VIN (Trailer 2) | V.A.2. |
| Barcode (Trailer 2) | V.A.4. |
| Number of Hours Spent in Trailer Each Day | V.13. |

---

[8] See Exhibit "C" – May 13, 2011 Committee's Status Conference Transcript

| Smoking History of Other Trailer Resident(s) | VI.D. |
|---|---|
| Treatment for Formaldehyde Related Injury | VII.B. |
| Produce Records | VIII.B. |

(*See* Ex. "J")

J.B. has answered only 17 of the required 23 key questions, and failed to answer 7 additional questions beyond those 23 key questions identified by the Court; therefore his PFS remains deficient.  More importantly, he admits that he did not stay in a Forest River unit, based upon the manufacturer  identified on the PFS.  He was incorrectly matched in a suit against Forest River and has missed the deadline for being matched with the correct manufacturing defendant.  Thus, this Plaintiff does not belong in a suit against Forest River and his claims should be dismissed on that basis.

**Jennifer Brooks on behalf of J.B.**

*Bernell Clements v. Forest River, Inc.* was filed July 30, 2010.  After the complaint was filed, Forest River did not receive a PFS from J.B..  On May 2, 2011, Forest River sent to Plaintiff's Counsel a letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "A").  Forest River received the missing Plaintiff Fact Sheet on or about May 24, 2011 (*See* Plaintiff Fact Sheet of J.B. attached as Exhibit "K").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.  Most importantly, this Plaintiff's PFS did not identify a Manufacturer and listed a VIN with a TWDP prefix, which is not a Forest River prefix.  Thus, this Plaintiff has clearly admitted that she did not stay in a FEMA housing unit manufactured by Forest River.  According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had

not been previously received is considered a deficiency letter and, upon receiving a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required, and those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[9]

In addition to not staying in a Forest River unit, the Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
| --- | --- |
| Manufacturer | V.A.1. |
| Number of Hours Spent in Trailer each day | V.13. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Produce Records | VIII.B. |

(*See* Ex. "K")

J.B. has answered 18 of the required 23 key questions, and failed to answer 11 additional questions beyond those 23 key questions identified by the Court; therefore, her PFS remains deficient. More importantly, she admits that she did not stay in a Forest River unit, based upon the VIN identified on the PFS. She was incorrectly matched in a suit against Forest River and has missed the deadline for being matched with the correct manufacturing defendant. Thus, this Plaintiff does not belong in a suit against Forest River and her claims should be dismissed on that basis.

---

[9] See Exhibit "C" – May 13, 2011 Committee's Status Conference Transcript

**Jennifer Brooks**

*Bernell Clements v. Forest River, Inc.* was filed July 30, 2010.  After the complaint was filed, Forest River did not receive a PFS from Jennifer Brooks.  On May 2, 2011, Forest River sent to Plaintiff's Counsel a letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "A").  Forest River received the missing Plaintiff Fact Sheet on or about May 24, 2011 (*See* Plaintiff Fact Sheet of Jennifer Brooks attached as Exhibit "L").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.  Most importantly, this Plaintiff's PFS identified Universal Maine as the Manufacturer and listed a VIN with a TWDP prefix, which is not a Forest River prefix.  Thus, this Plaintiff has clearly admitted that she did not stay in a FEMA housing unit manufactured by Forest River.  According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had not been previously received is considered a deficiency letter and, upon receiving a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required, and those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[10]

In addition to not staying in a Forest River unit, the Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Produce Records | VIII.B. |

(*See* Ex. "L")

---

[10] See Exhibit "C" – May 13, 2011 Committee's Status Conference Transcript

Jennifer Brooks has answered only 20 of the required 23 key questions, and failed to answer 7 additional questions beyond those 23 key questions identified by the Court; therefore, her PFS remains deficient.  More importantly, she admits that she did not stay in a Forest River unit, based upon the manufacturer and VIN identified on the PFS.  She was incorrectly matched in a suit against Forest River and has missed the deadline for being matched with the correct manufacturing defendant.  Thus, this Plaintiff does not belong in a suit against Forest River and her claims should be dismissed on that basis.

**Bernell L. Clements**

*Bernell Clements v. Forest River, Inc.* was filed July 30, 2010.  After the complaint was filed, Forest River did not receive a PFS from Bernell L. Clements.  On May 2, 2011, Forest River sent to Plaintiff's Counsel a letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "A").  Forest River received the missing Plaintiff Fact Sheet on or about May 24, 2011 (*See* Plaintiff Fact Sheet of Bernell L. Clements attached as Exhibit "M").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.  Most importantly, this Plaintiff's PFS identified Fleetwood and Fleetwood Mobile Homes as the Manufacturers and listed VINs with 1S9PA and NCFL prefixes, which are not  Forest River prefixes.  Thus, this Plaintiff has clearly admitted that he did not stay in a FEMA housing unit manufactured by Forest River.  According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had not been previously received is considered a deficiency letter and, upon receiving a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not

required, and those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[11]

In addition to not staying in a Forest River unit, the Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Psychological Treatment | III.C.8. |
| Only if You are Requesting Reimbursement for Medical Expenses | III.C.9. |
| Only if You are Requesting Wage Claim | IV.F.3. |
| Number of Hours Spent in Trailer Each Day | V.13. |
| Names of Other Trailer Resident(s) | V.E. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Prior Medical History | VI(F)(1&4) |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Produce Records | VIII.B. |
| Signed Certification | |

(*See* Ex. "M")

Bernell L. Clements has answered only 13 of the required 23 key questions, and failed to answer a majority of the remaining PFS questions which were not previously identified as "key" by the Court; therefore, his PFS remains deficient.  More importantly, he admits that he did not stay in a Forest River unit, based upon the manufacturer and VIN identified on the PFS.  He was incorrectly matched in a suit against Forest River and has missed the deadline for being matched with the correct manufacturing defendant.  Thus, this Plaintiff does not belong in a suit against Forest River and his claims should be dismissed on that basis.

---

[11] See Exhibit "C" – May 13, 2011 Committee's Status Conference Transcript

**LaQuetta Cole**

*Bernell Clements v. Forest River, Inc.* was filed July 30, 2010.  After the complaint was filed, Forest River did not receive a PFS from LaQuetta Cole.  On May 2, 2011, Forest River sent to Plaintiff's Counsel a letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "A").  Forest River received the missing Plaintiff Fact Sheet on or about May 24, 2011 (*See* Plaintiff Fact Sheet of LaQuetta Cole attached as Exhibit "N").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.   Most importantly, this Plaintiff's PFS identified Fleetwood Mobile Home of Carolinea and Fleetwood as the Manufacturers and listed VINs with a 1S9PA and NCFL prefixes, which are not Forest River prefixes.  Thus, this Plaintiff has clearly admitted that she did not stay in a FEMA housing unit manufactured by Forest River.  According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had not been previously received is considered a deficiency letter and, upon receiving a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required, and those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[12]

In addition to not staying in a Forest River unit, the Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Only if you are Requesting Reimbursement of Medical Expenses | III.C.9. |
| Manufacturer (BC: 1327383) | V.A.4. |

---

[12] See Exhibit "C" – May 13, 2011 Committee's Status Conference Transcript

| Smoking History of Other Trailer Resident(s) | VI.D. |
|---|---|
| Treatment for Formaldehyde Related Injury | VII.B. |
| Produce Records | VIII.B. |

(*See* Ex. "N")

LaQuetta Cole has answered only 19 of the required 23 key questions, and failed to answer 10 additional questions beyond those 23 key questions identified by the Court; therefore, her PFS remains deficient.  More importantly, she admits that she did not stay in a Forest River unit, based upon the manufacturer and VIN identified on the PFS.  She was incorrectly matched in a suit against Forest River and has missed the deadline for being matched with the correct manufacturing defendant.  Thus, this Plaintiff does not belong in a suit against Forest River and her claims should be dismissed on that basis.

**Leonisa A. Davis**

*Bernell Clements v. Forest River, Inc.* was filed July 30, 2010.  After the complaint was filed, Forest River did not receive a PFS from Leonisa A. Davis.  On May 2, 2011, Forest River sent to Plaintiff's Counsel a letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "A").  Forest River received the missing Plaintiff Fact Sheet on or about May 24, 2011 (*See* Plaintiff Fact Sheet of Leonisa A. Davis attached as Exhibit "O").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.  Most importantly, this Plaintiff's PFS identified Gulf Stream as the Manufacturer and did not list a VIN.  Thus, this Plaintiff has clearly admitted that she did not stay in a FEMA housing unit manufactured by Forest River.  According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had not been

previously received is considered a deficiency letter and, upon receiving a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required, and those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[13]

In addition to not staying in a Forest River unit, the Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| VIN | V.A.2. |
| Barcode | V.A.4. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Produce Records | VIII.B. |

(*See* Ex. "O")

Leonisa A. Davis has answered only 18 of the required 23 key questions, and failed to answer 12 additional questions beyond those 23 key questions identified by the Court; therefore, her PFS remains deficient.  More importantly, she admits that she did not stay in a Forest River unit, based upon the manufacturer identified on the PFS.  She was incorrectly matched in a suit against Forest River and has missed the deadline for being matched with the correct manufacturing defendant.  Thus, this Plaintiff does not belong in a suit against Forest River and her claims should be dismissed on that basis.

**Wade L. Davis, Jr.**

*Bernell Clements v. Forest River, Inc.* was filed July 30, 2010.  After the complaint was filed, Forest River did not receive a PFS from Wade L. Davis, Jr.  On May 2, 2011, Forest River

---

[13] See Exhibit "C" – May 13, 2011 Committee's Status Conference Transcript

sent to Plaintiff's Counsel a letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "A").  Forest River received the missing Plaintiff Fact Sheet on or about May 24, 2011 (*See* Plaintiff Fact Sheet of Wade L. Davis, Jr. attached as Exhibit "P").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.  Most importantly, this Plaintiff's PFS identified Gulf Stream as the Manufacturer and did not list a VIN.  Thus, this Plaintiff has clearly admitted that he did not stay in a FEMA housing unit manufactured by Forest River.  According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had not been previously received is considered a deficiency letter and, upon receiving a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required, and those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[14]

In addition to not staying in a Forest River unit, the Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| VIN | V.A.2. |
| Barcode | V.A.4. |
| Plaintiff's Smoking History | VI.C. |
| Smoking History of Other Residents | VI.D. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Produce Records | VIII.B. |

(*See* Ex. "P")

---

[14] See Exhibit "C" – May 13, 2011 Committee's Status Conference Transcript

Wade Davis, Jr. has answered only 19 of the required 23 key questions, and failed to answer 17 additional questions beyond those 23 key questions identified by the Court; therefore, his PFS remains deficient.  More importantly, he admits that he did not stay in a Forest River unit, based upon the manufacturer identified on the PFS.  He was incorrectly matched in a suit against Forest River and has missed the deadline for being matched with the correct manufacturing defendant.  Thus, this Plaintiff does not belong in a suit against Forest River and his claims should be dismissed on that basis.

**Greg Dupuy**

*Bernell Clements v. Forest River, Inc.* was filed July 30, 2010.  After the complaint was filed, Forest River did not receive a PFS from Greg Dupuy.  On May 2, 2011, Forest River sent to Plaintiff's Counsel a letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "A").  Forest River received the missing Plaintiff Fact Sheet on or about May 24, 2011 (*See* Plaintiff Fact Sheet of Greg Dupuy attached as Exhibit "Q").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.  Most importantly, this Plaintiff's PFS identified Skyline and Cavalier as the Manufacturers and listed a VIN with a 15E200 prefix, which is not a Forest River prefix.  Thus, this Plaintiff has clearly admitted that he did not stay in a FEMA housing unit manufactured by Forest River.  According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had not been previously received is considered a deficiency letter and, upon receiving a PFS in response to that letter, a second deficiency letter identifying deficiencies

in that newly received PFS is not required, and those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[15]

In addition to not staying in a Forest River unit, the Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Psychological Treatment | III.C.8. |
| VIN (Cavalier) | V.A.1. |
| Barcode (Cavalier) | V.A.4. |
| Number of Hours Spent in Trailer Each Day | V.13. |
| Smoking History of Other Trailer Residents | VI.D. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Produce Records | VIII.B. |

(*See* Ex. "Q")

Greg Dupuy has answered only 18 of the required 23 key questions, and failed to answer 19 additional questions beyond those 23 key questions identified by the Court; therefore, his PFS remains deficient.  More importantly, he admits that he did not stay in a Forest River unit, based upon the manufacturer and VIN identified on the PFS.  He was incorrectly matched in a suit against Forest River and has missed the deadline for being matched with the correct manufacturing defendant.  Thus, this Plaintiff does not belong in a suit against Forest River and his claims should be dismissed on that basis.

**Glenda Durbin**

*Bernell Clements v. Forest River, Inc.* was filed July 30, 2010.  After the complaint was filed, Forest River did not receive a PFS from Glenda Durbin.  On May 2, 2011, Forest River

---

[15] See Exhibit "C" – May 13, 2011 Committee's Status Conference Transcript

sent to Plaintiff's Counsel a letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "A").  Forest River received the missing Plaintiff Fact Sheet on or about May 24, 2011 (*See* Plaintiff Fact Sheet of Glenda Durbin attached as Exhibit "R").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.  Most importantly, this Plaintiff's PFS identified Gulf Stream as the Manufacturer and did not list a VIN.  Thus, this Plaintiff has clearly admitted that she did not stay in a FEMA housing unit manufactured by Forest River.  According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had not been previously received is considered a deficiency letter and, upon receiving a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required, and those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, l. 9-25, p. 31, 1.1-5).[16]

In addition to not staying in a Forest River unit, the Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
| --- | --- |
| Psychological Treatment | III.C.8. |
| VIN (Gulf Stream) | V.A.2. |
| Barcode (Gulf Stream) | V.A.4. |
| VIN (BC: 1243232) | V.A.2. |
| VIN (BC: 1326664) | V.A.2. |
| Plaintiff's Smoking History | VI.C. |

---

[16] See Exhibit "C" – May 13, 2011 Committee's Status Conference Transcript

| | |
|---|---|
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Produce Records | VIII.B. |

(*See* Ex. "R")

Glenda Durbin has answered only 17 of the required 23 key questions, and failed to answer 15 additional questions beyond those 23 key questions identified by the Court; therefore, her PFS remains deficient.  More importantly, she admits that she did not stay in a Forest River unit, based upon the manufacturer identified on the PFS.  She was incorrectly matched in a suit against Forest River and has missed the deadline for being matched with the correct manufacturing defendant.  Thus, this Plaintiff does not belong in a suit against Forest River and her claims should be dismissed on that basis.

**Shirley Jean Goodwin**

*Bernell Clements v. Forest River, Inc.* was filed July 30, 2010.  After the complaint was filed, Forest River did not receive a PFS from Shirley Jean Goodwin.  On May 2, 2011, Forest River sent to Plaintiff's Counsel a letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "A").  Forest River received the missing Plaintiff Fact Sheet on or about May 24, 2011 (*See* Plaintiff Fact Sheet of Shirley Jean Goodwin attached as Exhibit "S").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.  Most importantly, this Plaintiff's PFS identified Gulf Stream as the Manufacturer and did not list a VIN.  Thus, this Plaintiff has clearly admitted that she did not stay in a FEMA housing unit manufactured by Forest River.  According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had

not been previously received is considered a deficiency letter and, upon receiving a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required, and those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[17]

In addition to not staying in a Forest River unit, the Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| VIN | V.A.2. |
| Barcode | V.A.4. |
| Smoking History of Other Trailer Residents | VI.D. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Produce Records | VIII.B. |

(*See* Ex. "S")

Shirley Jean Goodwin has answered only 18 of the required 23 key questions, and failed to answer 10 additional questions beyond those 23 key questions identified by the Court; therefore her PFS remains deficient.   More importantly, she admits that she did not stay in a Forest River unit, based upon the manufacturer identified on the PFS.   She was incorrectly matched in a suit against Forest River and has missed the deadline for being matched with the correct manufacturing defendant.   Thus, this Plaintiff does not belong in a suit against Forest River and her claims should be dismissed on that basis.

**Mayola Haynes**

*Bernell Clements v. Forest River, Inc.* was filed July 30, 2010.  After the complaint was filed, Forest River did not receive a PFS from Mayola Haynes.  On May 2, 2011, Forest River sent to Plaintiff's Counsel a letter requesting production of a Plaintiff Fact Sheet for the above

---

[17] See Exhibit "C" – May 13, 2011 Committee's Status Conference Transcript

named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "A").  Forest River received

the missing Plaintiff Fact Sheet on or about May 20, 2011 (*See* Plaintiff Fact Sheet of Mayola

Haynes attached as Exhibit "T").   Upon receipt of the fact sheet, Counsel for Forest River

reviewed it and deemed the fact sheet deficient.  Most importantly, this Plaintiff's PFS identified

Gulf Stream as the Manufacturer and did not list a VIN.  Thus, this Plaintiff has clearly admitted

that she did not stay in a FEMA housing unit manufactured by Forest River.  According to the

transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that

Plaintiffs receiving deficiency letters from the Defense stating that a PFS had not been

previously received is considered a deficiency letter and, upon receiving a PFS in response to

that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not

required, and those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30,

1. 9-25, p. 31, 1.1-5).[18]

In addition to not staying in a Forest River unit, the Plaintiff Fact Sheet failed to answer

the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
| --- | --- |
| VIN | V.A.2. |
| Barcode | V.A.4. |
| Plaintiff's Smoking History | VI.C. |
| Smoking History of Other Trailer Residents | VI.D. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Produce Records | VIII.B. |

(*See* Ex. "T")

---

[18] See Exhibit "C" – May 13, 2011 Committee's Status Conference Transcript

Mayola Haynes has answered only 18 of the required 23 key questions, and failed to answer 9 additional questions beyond those 23 key questions identified by the Court; therefore her PFS remains deficient.  More importantly, she admits that she did not stay in a Forest River unit, based upon the manufacturer identified on the PFS.  She was incorrectly matched in a suit against Forest River and has missed the deadline for being matched with the correct manufacturing defendant.  Thus, this Plaintiff does not belong in a suit against Forest River and her claims should be dismissed on that basis.

**Tamika Santiago on behalf of E.H.**

*Bernell Clements v. Forest River, Inc.* was filed July 30, 2010.  After the complaint was filed, Forest River did not receive a PFS from E.H..  On May 2, 2011, Forest River sent to Plaintiff's Counsel a letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "A").  Forest River received the missing Plaintiff Fact Sheet on or about May 24, 2011 (*See* Plaintiff Fact Sheet of E.H. attached as Exhibit "U").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.  Most importantly, this Plaintiff's PFS identified Fleetwood and Fleetwood Mobile of GA as the Manufacturers and listed VINs with a 1S9PA and NCFL prefixes, which are not Forest River prefixes.  Thus, this Plaintiff has clearly admitted that he did not stay in a FEMA housing unit manufactured by Forest River.  According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had not been previously received is considered a deficiency letter and, upon receiving a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required, and those

PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[19]

In addition to not staying in a Forest River unit, the Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Manufacturer (Trailer 2) | V.A.1. |
| Barcode (Trailer 1) | V.A.4. |
| Barcode (Trailer 2) | V.A.4. |
| Move In Date (Trailer 2) | V.A.6. |
| Move Out Date (Trailer 2) | V.A.7. |
| Installation Address (Trailer 2) | V.A.8. |
| Smoking History of Other Trailer Residents | VI.D. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Produce Records | VIII.B. |

(*See* Ex. "U")

E.H. has answered only 15 of the required 23 key questions, and failed to answer 11 additional questions beyond those 23 key questions identified by the Court; therefore his PFS remains deficient.  More importantly, he admits that he did not stay in a Forest River unit, based upon the manufacturer and VIN identified on the PFS.  He was incorrectly matched in a suit against Forest River and has missed the deadline for being matched with the correct manufacturing defendant.  Thus, this Plaintiff does not belong in a suit against Forest River and his claims should be dismissed on that basis.

---

[19] See Exhibit "C" – May 13, 2011 Committee's Status Conference Transcript

**Kellie Murphy**

*Bernell Clements v. Forest River, Inc.* was filed July 30, 2010.  After the complaint was filed, Forest River did not receive a PFS from Kellie Muprhy.  On May 2, 2011, Forest River sent to Plaintiff's Counsel a letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "A").  Forest River received the missing Plaintiff Fact Sheet on or about May 24, 2011 (*See* Plaintiff Fact Sheet of Kellie Murphy attached as Exhibit "V").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.  Most importantly, this Plaintiff's PFS identified Dutchman and Gulf Stream as the Manufacturers and listed a VIN with a DI01 prefix, which is not a Forest River prefix.  Thus, this Plaintiff has clearly admitted that she did not stay in a FEMA housing unit manufactured by Forest River.   According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had not been previously received is considered a deficiency letter and, upon receiving a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required, and those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[20]

In addition to not staying in a Forest River unit, the Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

---

[20] See Exhibit "C" – May 13, 2011 Committee's Status Conference Transcript

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Manufacturer (DI01670GA) | V.A.1. |
| Barcode (DI01670GA) | V.A.4. |
| VIN (Gulf Stream Trailer 1) | V.A.2. |
| Barcode (Gulf Stream Trailer 1) | V.A.4. |
| VIN (Trailer 2) | V.A.2. |
| Barcode (Trailer 2) | V.A.4. |
| VIN (Dutch Man Trailer 3) | V.A.2. |
| Barcode (Dutch Man Trailer 3) | V.A.4. |
| Move In Date (Trailer 3) | V.A.6. |
| Move Out Date (Trailer 3) | V.A.7. |
| Manufacturer (Trailer 4) | V.A.1. |
| VIN (Trailer 4) | V.A.2. |
| Barcode (Trailer 4) | V.A.4. |
| Manufacturer (Trailer 5) | V.A.1. |
| VIN (Trailer 5) | V.A.2. |
| Barcode (Trailer 5) | V.A.4. |
| Smoking History of Other Trailer Residents | VI.D. |
| Prior Medical History | VI.F.1&4 |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Produce Records | VIII.B. |

(*See* Ex. "V")

Kellie Murphy has answered only 14 of the required 23 key questions, and failed to answer 15 additional questions beyond those 23 key questions identified by the Court; therefore her PFS remains deficient. More importantly, she admits that she did not stay in a Forest River unit, based upon the manufacturer and VIN identified on the PFS. She was incorrectly matched in a suit against Forest River and has missed the deadline for being matched with the correct manufacturing defendant. Thus, this Plaintiff does not belong in a suit against Forest River and her claims should be dismissed on that basis..

**Bernard Santiago, III**

*Bernell Clements v. Forest River, Inc.* was filed July 30, 2010.  After the complaint was filed, Forest River did not receive a PFS from Bernard Santiago, III.  On May 2, 2011, Forest River sent to Plaintiff's Counsel a letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "A").  Forest River received the missing Plaintiff Fact Sheet on or about May 20, 2011 (*See* Plaintiff Fact Sheet of Bernard Santiago, III attached as Exhibit "W").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.  Most importantly, this Plaintiff's PFS identified Clayton and Fleetwood Mobile Home of N.C. as Manufacturers and listed VINs with RNCOOO and NCFL prefixes, which are not Forest River prefixes.  Thus, this Plaintiff has clearly admitted that he did not stay in a FEMA housing unit manufactured by Forest River. According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had not been previously received is considered a deficiency letter and, upon receiving a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required, and those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[21]

In addition to not staying in a Forest River unit, the Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

---

[21] See Exhibit "C" – May 13, 2011 Committee's Status Conference Transcript

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Barcode (Fleetwood – Trailer 1) | V.A.4. |
| Manufacturer (Trailer 2) | V.A.1. |
| VIN (Trailer 2) | V.A.2. |
| Barcode (Trailer 2) | V.A.4. |
| Move In Date (Trailer 2) | V.A.6. |
| Move Out Date (Trailer 2) | V.A.7. |
| Installation Address | V.A.8. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Produce Records | VIII.B. |

(*See* Ex. "W")

Bernard Santiago, III has answered only 14 of the required 23 key questions, and failed to answer 12 additional questions beyond those 23 key questions identified by the Court; therefore his PFS remains deficient.  More importantly, he admits that he did not stay in a Forest River unit, based upon the manufacturer and VIN identified on the PFS.  He was incorrectly matched in a suit against Forest River and has missed the deadline for being matched with the correct manufacturing defendant.  Thus, this Plaintiff does not belong in a suit against Forest River and his claims should be dismissed on that basis.

**LaQuetta Cole on behalf of B.S.**

*Bernell Clements v. Forest River, Inc.* was filed July 30, 2010.  After the complaint was filed, Forest River did not receive a PFS from B.S.  Forest River received a Plaintiff Fact Sheet on or about May 24, 2011 from Plaintiff's Counsel (*See* Plaintiff Fact Sheet of B.S. attached as Exhibit "X").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.  Most importantly, this Plaintiff's PFS identified Fleetwood Mobile of N.C. as the Manufacturer and listed VINs with 1S9PA and NCFL prefixes, which are not Forest

River prefixes.  Thus, this Plaintiff has clearly admitted that he did not stay in a FEMA housing unit manufactured by Forest River.  According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had not been previously received is considered a deficiency letter and, upon receiving a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required, and those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[22]

In addition to not staying in a Forest River unit, the Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Manufacturer (IS9PA) | V.A.1. |
| Barcode (IS9PA) | V.A.4. |
| Barcode (Fleetwood – Trailer 1) | V.A.4. |
| Manufacturer (Trailer 2) | V.A.1. |
| VIN (Trailer 2) | V.A.2. |
| Barcode (Trailer 2) | V.A.4. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Produce Records | VIII.B. |

(*See* Ex. "X")

B.S. has answered only 17 of the required 23 key questions, and failed to answer 12 additional questions beyond those 23 key questions identified by the Court; therefore his PFS remains deficient.  More importantly, he admits that he did not stay in a Forest River unit, based upon the manufacturer and VIN identified on the PFS.  He was incorrectly matched in a suit

---

[22] See Exhibit "C" – May 13, 2011 Committee's Status Conference Transcript

against Forest River and has missed the deadline for being matched with the correct manufacturing defendant.  Thus, this Plaintiff does not belong in a suit against Forest River and his claims should be dismissed on that basis.

**Tamika Santiago**

*Bernell Clements v. Forest River, Inc.* was filed July 30, 2010.  After the complaint was filed, Forest River did not receive a PFS from Tamika Santiago.  On May 2, 2011, Forest River sent to Plaintiff's Counsel a letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "A").  Forest River received the missing Plaintiff Fact Sheet on or about May 24, 2011 (*See* Plaintiff Fact Sheet of Tamika Santiago attached as Exhibit "Y").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.  Most importantly, this Plaintiff's PFS identified Gulf Stream and Fleetwood Mobile Home as Manufacturers and listed VINs with 1NL1G and NCFL prefixes, which are not Forest River prefixes.  Thus, this Plaintiff has clearly admitted that she did not stay in a FEMA housing unit manufactured by Forest River.  According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had not been previously received is considered a deficiency letter and, upon receiving a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required, and those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[23]

---

[23] See Exhibit "C" – May 13, 2011 Committee's Status Conference Transcript

In addition to not staying in a Forest River unit, the Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Barcode  (Fleetwood – Trailer 1) | V.A.4. |
| Manufacturer (Trailer 2) | V.A.1. |
| VIN (Trailer 2) | V.A.2. |
| Barcode (Trailer 2) | V.A.4. |
| Move In Date (Trailer 2) | V.A.6. |
| Move Out Date (Trailer 2) | V.A.7. |
| Installation Address | V.A.8. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Produce Records | VIII.B. |

(*See* Ex. "Y")

Tamika Santiago has answered only 14 of the required 23 keys questions, and failed to answer 11 additional questions beyond those 23 key questions identified by the Court; therefore her PFS remains deficient.  More importantly, she admits that she did not stay in a Forest River unit, based upon the manufacturer and VIN identified on the PFS.  She was incorrectly matched in a suit against Forest River and has missed the deadline for being matched with the correct manufacturing defendant.  Thus, this Plaintiff does not belong in a suit against Forest River and her claims should be dismissed on that basis.

The above listed plaintiffs admit that they did not stay in a Forest River housing unit. As it prepares for additional litigation, evaluates the possibility of settlement, and analyzes other issues concerning the progress of this lawsuit, Forest River must be able to obtain information about those who make allegations against it. The PFS serves as the best way to acquire such

information, as the PFS acts as the initial round of discovery responses. With a deficient simulated discovery response, Forest River is significantly prejudiced, and there is good cause for the Court to discontinue any potential for further prejudice against Forest River by dismissing the claims of these plaintiffs.

Based upon the foregoing, the above-listed plaintiffs' PFSs remain deficient. In accordance with Pre-Trial Orders 2, 32, 38, 49 and 68, and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the  Motion to Dismiss filed by Forest River should be granted, dismissing the claims of the above listed plaintiffs, with prejudice.

Respectfully Submitted,

**GIEGER, LABORDE & LAPEROUSE, LLC**

BY: /s/ Ernest P. Gieger, Jr._____
ERNEST P. GIEGER, JR. (6154)
ANDREW A. BRAUN (#3415)
J. MICHAEL DIGIGLIA (24378)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana  70139-4800
Telephone:  (504) 561-0400
Facsimile:  (504) 561-1011
egieger@glllaw.com
abraun@glllaw.com
mdigiglia@glllaw.com
**ATTORNEYS FOR FOREST RIVER, INC**

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the forgoing document has been served upon counsel of record as indicated below in accordance with the Federal Rules of Civil Procedure on May 1, 2012 via electronic filing.

/s/ Ernest P. Gieger, Jr._____