UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCT | * | |
| LIABILITY LITIGATION | * | |
| | * | SECTION "N-5" |
| THIS DOCUMENT RELATES TO: | * | |
| Case No.  09-8374 | * | JUDGE ENGELHARDT |
| | * | |
| | * | MAG. JUDGE CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * * * *

### MEMO IN SUPPORT OF DEFENDANT FOREST RIVER'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NO. 2 AND 32 RELATING TO PLAINTIFF FACT SHEETS

**MAY IT PLEASE THE COURT:**

Forest River, Inc. moves this Honorable Court for an Order dismissing the claim of the following plaintiff, with prejudice, for failure to comply with Pre-Trial Orders Nos. 2 and 32 relating to the Production of Plaintiff Fact Sheets.

- Kaswana Isaac (Plaintiff in *Albert*, C.A. 09-8374)

### BACKGROUND - CREATION OF MDL AND FACT SHEET PROCESS

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008 the Court issued Pre-Trial Order ("PTO" or "Order") No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet" (PFS), which would serve as the substitute for the initial rounds of Interrogatories and Requests for Production of Documents in a more standardized and simplified format. Rec. Doc. No. 87. The Order also established a process for "curing" these fact sheets when any particular plaintiff failed to comply with its obligation to submit a properly completed PFS Sheet. In outlining the

curing process, the Order stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id.* at p. 8-9. The letter would specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id.*

Subsequently, on March 18, 2009, the Court amended PTO No. 2 with PTO No. 32 as to the due dates for these same PFSs. Rec. Doc. No. 1180. Because of the large number of cases being filed in the summer of 2009, PTO No. 32 provided new deadlines for the production of the PFSs and it also retained the same curing procedure as was set forth in PTO No. 2.

The Plaintiff listed above has failed to comply with the deficiency and curing procedures set out in PTO Nos. 2 and 32.

## LAW AND ARGUMENT

Here, Forest River respectfully submits that the Plaintiff listed above has failed to comply with PTO Nos. 2 and 32, and therefore, this Court should dismiss her claim.

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992); *Colle v. Brazos County, Tex.*, 981 F.2d 237, 242-243 (5th Cir. 1993).

Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the Fifth Circuit is that dismissal under Rule 41(b) is

appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice.  *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc*., 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F.2d 1214 (5th Cir. 1970).

A Plaintiff Fact Sheet includes 122 questions that were to be answered. In Pre-Trial Order No. 88, the Court temporarily narrowed the PFS deficiency process to twenty-three "key" questions (except for cases where deficiency notices had been served and the time for curing such deficiencies already had expired) and, for deficiency notices served after March 24, 2011, extended the time for curing deficiencies by an additional thirty days. *See* Rec. Doc.22124 (signed June 24, 2011), as corrected in Rec. Doc. 22153.   Effective April 1, 2012, deficiencies are no longer limited to those identified as "key" by this court.  *Id*

**Kaswana Isaac**

*Brenda Albert v. Forest River, Inc.* was filed December 28, 2009.  After the complaint was filed, Forest River received the blank, unsigned and undated Plaintiff Fact Sheet of Kaswana Isaac (*See* Plaintiff Fact Sheet of Kaswana Isaac, attached as Exhibit "A").  On or about April 6, 2011 Forest River sent to opposing Counsel, Buzbee Law Firm, a deficiency letter outlining inadequate and/or blank responses from the PFS (See Deficiency Letter dated April 6, 2011, attached as Exhibit "B").  On or about May 9, 2011, Forest River received a revised PFS from Plaintiff, which was also unsigned and undated (*See* attached Exhibit "A"). Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.   In accordance with the agreed-to PFS process, Forest River thereby sent a Rule 37 Deficiency

Letter on June 29, 2011 and July 28, 2011, outlining all deficiencies of Kaswana Issac's PFS.[1] (*See* Rule 37 Deficiency Letter to Counsel for Plaintiff, June 29, 2011 and July 28, 2011, attached as Exhibit "C").

Information that is critical to this Plaintiff's claim, such as the Smoking History of Other Trailer Residents, Only if you are Requesting Reimbursement of Medical Expenses, Only if you are Requesting Wage Claim, Number of Hours Spent in Trailer Each Day and a signed certification were requested on June 29, 2011. In addition to the above information, on July 29, 2011 Forest River requested the Manufacturer, FEMA Id, Barcode, Names of All Other Trailer Residents, Future Medical Claim and Psychological Treatment, Prior Medical History. Plaintiff's Counsel provided Forest River with a Errata on or about September 8, 2011 (*See* attached Exhibit "A"). Most importantly, Plaintiff's PFS identified the Manufacturer, VIN, FEMA Id and Barcode as "Awaiting Disaster File." Thus, this Plaintiff has clearly indicated that she does not know which FEMA housing unit she occupied.

In addition to not identifying which manufacturer's unit she stayed in, the Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Only if you are Requesting Reimbursement of Medical Expenses | III.C.9. |
| Only if you are Requesting Wage Claim | IV.F.3. |
| Manufacturer | V.A.1. |

---

[1] Although this Rule 37 Deficiency Letter was sent after the June 30, 2011 deadline found in PTO 88 due to some database coding errors, Forest River still provided the plaintiff with a 60 day period to cure the PFS. The Court has been flexible in allowing the plaintiffs to cure their deficiencies beyond the 60 day cure period and has even allowed plaintiffs to produce PFSs months after their deadline for their submittal in an effort to avoid being dismissed. Thus, Forest River requests the Court to allow this same flexibility in allowing the Rule 37 Deficiency Letter submitted after June 30, 2011 and deem it a valid Rule 37 Deficiency Letter that was to be answered within 60 days.

| VIN | V.A.2. |
|---|---|
| FEMA Id | V.A.3. |
| Barcode | V.A.4. |
| Number of Hours Spent in Trailer Each Day | V.13. |
| Signed Certification | |

(*See* Ex. "A")

Kaswana Isaac has failed to answer 7 of the required PTO 88 key questions and 17 additional questions beyond the 23 key questions identified by the Court. Therefore, her PFS remains deficient. More importantly, this plaintiff clearly does not know who manufactured the FEMA housing unit she occupied. Thus, she does not belong in a suit against Forest River and her claim should be dismissed accordingly.

As it prepares for additional litigation, evaluates the possibility of settlement, and analyzes other issues concerning the progress of this lawsuit, Forest River must be able to obtain information about those who make allegations against it. The PFS serves as the best way to acquire such information, as the PFS acts as the initial round of discovery responses. With a deficient simulated discovery response, Forest River is significantly prejudiced, and there is good cause for the Court to discontinue any potential for further prejudice against Forest River by dismissing the claim of this plaintiff.

Based upon the foregoing, the above-listed plaintiff's PFS remains deficient. In accordance with Pre-Trial Orders 2 and 32, and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the Motion to Dismiss filed by Forest River should be granted, dismissing the claim of the above listed plaintiff, with prejudice.

Respectfully Submitted,

**GIEGER, LABORDE & LAPEROUSE, LLC**

BY: <u>/s/ Ernest P. Gieger, Jr.</u>
ERNEST P. GIEGER, JR. (6154)
ANDREW A. BRAUN (#3415)
J. MICHAEL DIGIGLIA (24378)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana  70139-4800
Telephone:  (504) 561-0400
Facsimile:  (504) 561-1011
egieger@glllaw.com
abraun@glllaw.com
mdigiglia@glllaw.com
**ATTORNEYS FOR FOREST RIVER, INC.**


<u>**CERTIFICATE OF SERVICE**</u>

I do hereby certify that a true and correct copy of the forgoing document has been served upon counsel of record as indicated below in accordance with the Federal Rules of Civil Procedure on May 1, 2012 via electronic filing.


<u>/s/ Ernest P. Gieger, Jr.</u>