UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL NO. 07-1873<br><br>SECTION N-5<br><br>JUDGE ENGELHARDT<br>MAG. JUDGE CHASEZ |

THIS DOCUMENT IS RELATED TO:

*Airhart et al. v. United States*, Case No. 09-5477

**MEMORANDUM IN SUPPORT OF THE UNITED STATES'
MOTION FOR ENTRY OF A FED. R. CIV. P. 54(b) FINAL JUDGMENT**

Defendant United States of America ("United States") submits this Memorandum in support of its MMotion seeking entry of Fed. R. Civ. P. 54(b) Final Judgment dismissing claims against the government. Rule 54(b) states that

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or *when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.* In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Fed. R. Civ. P. 54(b) (emphasis added). The determination of whether there is "no just reason for delay" is within the sound discretion of the trial court. *See Ackerman v. FDIC*, 973 F.2d 1221, 1224 (5th Cir.1992). The Fifth Circuit, however, has cautioned that Rule 54(b) only "grants a discretionary power [to a district court judge] to afford a remedy in the infrequent harsh case." *Jasmin v. Dumas*, 726 F.2d 242, 244 (5th Cir.1984). A direction for the entry of judgment should

not be granted routinely, but only sparingly and deliberately. *Id*. In making the determination whether there is "no just reason for delay," the Court must weigh "the inconvenience and costs of piecemeal review on one hand and the danger of denying justice on the other." *Road Sprinkler Fitters Local Union v. Cont'l Sprinkler Co.*, 967 F.2d 145, 148 (5th Cir.1992) (citations omitted).

Each of the Plaintiffs in this action assert claims against the United States for money damages for alleged injuries resulting from occupying temporary emergency housing units ("EHUs") in either the State of Louisiana or the State of Mississippi. *See* Exh.1, Dec. Troy Lowe. This Court dismissed **all** Mississippi Plaintiffs' claims against the United States for lack of subject matter jurisdiction, *see* Order and Reasons at 18-19 (Rec. Doc. 14486), *aff'd, In Re: FEMA Trailer Formaldehyde Products Liability Litigation*, --- F.3d ----, 2012 WL 171898 (Jan. 5, 2012), and through a series of Orders dismissed **all** Louisiana Plaintiffs claims against the government. *See* Order and Reasons granting in part and denying in part Motion to Dismiss Plaintiffs' FTCA and Contract Claims for Lack of Subject Matter Jurisdiction (Doc. Rec. 717); Order and Reasons denying Motion to Dismiss Plaintiffs' Remaining FTCA Claims for Lack of Subject Matter Jurisdiction filed by United States of America (Doc. Rec. 2671); Order and Reasons granting Motion to Dismiss for Lack of Jurisdiction the FTCA Negligence Claims of All "Louisiana Plaintiffs" Based Upon No Analogous Private Liability (Doc. Rec. 14124); Order and Reasons re Motion to Dismiss for Lack of Jurisdiction the Remaining FTCA Claims of All "Louisiana Plaintiffs" or, in the Alternative Motion for Summary Judgment (Doc. Rec. 24961). *See also In re FEMA Trailer Formaldehyde Products Liability Litigation*, -- F.3d ----, 2012 WL 171898 *6 (5th Cir., Jan. 23, 2012).

In the instant case, allowing the appeal period to begin running immediately will prevent

potential hardship to all parties because given the current posture, the cases will proceed to trial without the United States' presence as a defendant and government's participation in discovery. If this motion is granted it will allow the parties to avoid the hardship and potential retrial of these actions in the event that Plaintiffs successfully challenge on appeal the dismissal of their action. *See PYCA Indus., Inc. v. Harrison County Wastewater Mgmt Dist.*, 81 F.3d 1412, 1421 (5th Cir.1996) (certification is appropriate when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal); *Ackerman*, 973 F.2d at 1224 (finding that district courts' certification pursuant to Rule 54(b) was not an abuse of discretion even though claims remained between different parties); *Larroquette v. Cardinal Health 200, Inc.*, 2004 WL 3132961 *1 (E.D. La. Dec. 10, 2004) (same).

Accordingly, for all of these reasons the Court should grant this motion.

Dated: May 2, 2012.

STUART F. DELERY
Acting Assistant Attorney General

J. PATRICK GLYNN
Director, Torts Branch, Civil Division

DAVID S. FISHBACK
Assistant Director

Respectfully Submitted,

ADAM BAIN
Senior Trial Counsel

//S// *Henry T. Miller*
HENRY T. MILLER (D.C. Bar No. 411885)
Senior Trial Counsel
United States Department of Justice
Civil Division – Torts Branch
P.O. Box 340, Ben Franklin Station
Washington, D.C. 20004
Telephone No: (202) 616-4223
E-mail: Henry.Miller@USDOJ.Gov

Attorneys for the United States of America

## CERTIFICATE OF SERVICE

      I hereby certify that on May 2, 2012, the foregoing document was filed via the U.S. District Court's CM/ECF electronic filing system and a copy thereof was served upon Liaison Counsel.

                                      *//S// Henry T. Miller*
                                      HENRY T. MILLER (D.C. Bar No. 411885)