UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                          MDL NO. 07-1873
          FORMALDEHYDE PRODUCTS
          LIABILITY LITIGATION
                                                             SECTION "N"  (5)

THIS DOCUMENT RELATES TO
Member Cases Referenced in Rec. Docs.
25129, 25133, 25134, 25136, 25137, 25138,
25139, 25140, 25143, 25145, 25190, 25242

## <u>ORDER AND REASONS</u>

Before the Court are the following motions:

1)  "Motion to Dismiss for Failure to Comply with Pre-Trial Orders Nos. 2, 32, 86 & 88

Relating to Plaintiff Fact Sheets" (**Rec. Doc. 25129**), filed by defendant Gulf Stream Coach, Inc.

("Gulf Stream"), seeking to dismiss plaintiffs Trina Adams (on behalf of Nicholas Adams),

Rosalie Ambrose, and Farah Wilson, Jr. from *Beverly Adams, et al v. Gulf Stream Coach, Inc., et*

*al*, Civil Action No. 09-8644;

2)  "Motion to Dismiss for Failure to Comply with Pre-Trial Orders Nos. 2, 32, 86 & 88

Relating to Plaintiff Fact Sheets" (**Rec. Doc. 25133**), filed by defendant Gulf Stream, seeking to

dismiss Chantelle Adams, Trina Adams, and Alice Anderson from *Brian Alexander, et al v. Gulf*

*Stream Coach, Inc., et al*, Civil Action No. 09-8646;

3)  "Motion to Dismiss for Failure to Comply with Pre-Trial Orders Nos. 2, 32, 86 & 88

Relating to Plaintiff Fact Sheets" **(Rec. Doc. 25134)**, filed by defendant Gulf Stream, seeking to dismiss plaintiffs Adrian Alexander and Rosa Alves from *Adrian Alexander, et al v. Gulf Stream Coach, Inc., et al*, Civil Action No. 09-8470;

    4)   "Motion to Dismiss for Failure to Comply with Pre-Trial Orders Nos. 2, 32, 86 & 88 Relating to Plaintiff Fact Sheets" **(Rec. Doc. 25136)**, filed by defendant Gulf Stream, seeking to dismiss plaintiffs Denisha Allen and Ebony Allen from *Denisha Allen, et al v. Gulf Stream Coach, Inc., et al*, Civil Action No. 09-6319;

    5)   "Motion to Dismiss for Failure to Comply with Pre-Trial Orders Nos. 2, 32, 86 & 88 Relating to Plaintiff Fact Sheets" **(Rec. Doc. 25137)**, filed by defendant Gulf Stream, seeking to dismiss plaintiffs Eloise Adams and Diana Wittkopp from *Eloise Adams, et al v. Gulf Stream Coach, Inc., et al*, Civil Action No. 09-5261;

    6)   "Motion to Dismiss for Failure to Comply with Pre-Trial Orders Nos. 2, 32, 86 & 88 Relating to Plaintiff Fact Sheets" **(Rec. Doc. 25138)**, filed by defendant Gulf Stream, seeking to dismiss plaintiffs John Alexander and Odell Allen from *Joyce Allen, et al v. Gulf Stream Coach, Inc., et al*, Civil Action No. 10-2471;

    7)   "Motion to Dismiss for Failure to Comply with Pre-Trial Orders Nos. 2, 32, 86 & 88 Relating to Plaintiff Fact Sheets" **(Rec. Doc. 25139)**, filed by defendant Gulf Stream, seeking to dismiss plaintiffs Chantelle Adams and Trina Adams from *Joan Bachemin, et al v. Gulf Stream Coach, Inc., et al*, Civil Action No. 09-8701;

    8)   "Motion to Dismiss for Failure to Comply with Pre-Trial Orders Nos. 2, 32, 86 & 88 Relating to Plaintiff Fact Sheets" **(Rec. Doc. 25140)**, filed by defendant Gulf Stream, seeking to

dismiss plaintiffs  Chantelle Adams, Trina Adams, and Alice Anderson[1] from *Kim M. Beaver, et al v. Gulf Stream Coach, Inc., et al*, Civil Action No. 09-8668;

9)  "Motion to Dismiss for Failure to Comply with Pre-Trial Orders Nos. 2, 32, 86 & 88 Relating to Plaintiff Fact Sheets" (**Rec. Doc. 25143**), filed by defendant Gulf Stream, seeking to dismiss plaintiffs Joyce Aguillard, Jesse Ambrose, and Desiree Anderson from *Naomi Brooks, et al v. Gulf Stream Coach, Inc., et al*, Civil Action No. 09-8367;

10)  "Motion to Dismiss for Failure to Comply with Pre-Trial Orders Nos. 2, 32, 86 & 88 Relating to Plaintiff Fact Sheets" (**Rec. Doc. 25145**), filed by defendant Gulf Stream, seeking to dismiss plaintiffs Darron Winters and Samantha Winters from *Broderick Allen, et al v. Gulf Stream Coach, Inc., et al*, Civil Action No. 12-230;

11)  "Motion to Dismiss for Failure to Comply with Pre-Trial Orders Nos. 2, 32, 86 & 88 Relating to Plaintiff Fact Sheets" (**Rec. Doc. 25190**), filed by defendant Gulf Stream, seeking to dismiss plaintiff Amy Rochelle Richards (individually and on behalf of De'Andre and Dwight Richards) from *Charlie M. Levy, et al v. Gulf Stream Coach, Inc., et al*, Civil Action No. 09-5585; and

12)  "Motion to Dismiss for Failure to Comply with Pre-Trial Orders Nos. 2, 32, 86 & 88 Relating to Plaintiff Fact Sheets" (**Rec. Doc. 25242**), filed by defendant Gulf Stream, seeking to dismiss plaintiffs Cornelia Alexis, Keanca Doucel (on behalf of Jakobie Anderson), Johnny Anderson, Philip Anderson, and Kristy Merrick (on behalf of Brentney Williamson) from *Clayton Rayfield, et al v. Gulf Stream Coach, Inc., et al*, Civil Action No. 09-8468.

---

[1]  The Court notes that these three plaintiffs appear to be named as plaintiffs in multiple actions against Gulf Stream.  Either they should file a notice of voluntary dismissal, or Gulf Stream should file a motion (presumably unopposed) to dismiss the duplicative claims.

In each of the above motions, Gulf Stream moves to dismiss the claims of the referenced plaintiffs with prejudice on grounds that they have failed to comply with this Court's orders by failing to cure material deficiencies in their Plaintiff Fact Sheets.

A. **BACKGROUND**:

Shortly after the creation of this MDL, the Court issued Pre-Trial Order No. 2, which mandates that each plaintiff serve on the defendants a completed and verified Plaintiff Fact Sheet (PFS) within thirty days after transfer (or direct filing) into the MDL. (Rec. Doc. 87, signed Jan. 30, 2008). This Order, which reflected an agreement among the parties regarding case management, also established a "Procedure for Dismissal of Claims for Failure to Comply with Discovery." *See* Rec. Doc. 87 at pp. 8-9, § III(D). The Court reiterated this dismissal procedure in Pre-Trial Order No. 32 (Rec. Doc. 1180). According to the procedure, "[w]hen any plaintiff has failed to materially comply with his or her obligations under this Order to submit a completed PFS within the timelines established..., a counsel representing a Defendant shall send to Plaintiff's Counsel for the plaintiffs in question...a letter confirming the failure to timely file and/or explaining the material deficiency in the PFS." *See* Rec. Doc. 1180 at p.5. This deficiency letter must notify the plaintiff that he or she "will have thirty (30) days to cure the alleged material deficiencies, or any Defendant may thereafter move for dismissal, upon an appropriate showing that Plaintiff's claims should be dismissed for failure to comply with the Court's applicable Orders." *Id.* More recently, in Pre-Trial Order No. 88, the Court (1) temporarily narrowed the PFS deficiency process to twenty-three "key" questions (except for cases where deficiency notices had been served and the time for curing such deficiencies already had expired) and (2) for deficiency notices served after March 24, 2011, extended the time for

curing deficiencies to sixty (60) days.  *See* Rec. Doc. 22124 (signed June 24, 2011), as corrected in Rec. Doc. 22153.

**B.  <u>APPLICABLE LAW</u>:**

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action or claim if a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order."  Fed. R. Civ. P. 41(b).  Because a dismissal with prejudice "'is an extreme sanction that deprives the litigant of the opportunity to pursue his claim,'" a dismissal under Rule 41(b) should be granted "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile."  *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (footnote omitted) (quoting *Callip v. Harris County Child Welfare Dep't,* 757 F.2d 1513, 1519 (5th Cir. 1986).   Additionally, the Fifth Circuit looks for "at least one of three aggravating factors:  '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'"  *Id.* (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

Federal Rule of Civil Procedure 37(b)(2) "empowers a district court to impose 'just' sanctions on parties who disobey a discovery order."  *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994).  However, "[b]ecause the law favors the resolution of legal claims on the merits, and because dismissal is a severe sanction that implicates due process," the Fifth Circuit has articulated four factors "that must be present before a district court may dismiss a case as a sanction for violation of a discovery order": (1) the violation must result "'from willingness or

bad faith and [be] accompanied by a clear record of delay or contumacious conduct;'" (2) "the violation ... must be attributable to the client instead of the attorney;" (3) the violation "'must substantially prejudice the opposing party;'"and (4) there must be no "less drastic sanction [that] would substantially achieve the desired deterrent effect." *Id.* at 1380-81 (citations omitted) (quoting *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)).

**C.  ANALYSIS:**

Local Rule 7.5 of the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed eight days prior to the noticed submission date.   No memoranda in opposition to the instant motions, noticed for submission on May 2, 2012, were filed, with the exception of Rec. Docs. 25129 and 25133.  *See* Rec. Docs. 25391, 25392.  However, even without the benefit of opposition memoranda, it is evident that the stringent standards for dismissal under Rules 41(b) and 37(b)(2) have not been met.

First, Gulf Stream does not state in its motion papers when its counsel sent notice to plaintiffs' counsel specifying the PFS deficiencies.   In the case of virtually every motion that this Court has granted pursuant to the deficiency dismissal procedure outlined in PTO Nos. 2 and 32, the defendant moving for dismissal has attached as exhibits all deficiency notices sent and all correspondence relating to the deficiency process for the plaintiffs at issue.  This enables the Court to ensure that the plaintiffs have received adequate notice of the alleged deficiencies and have been afforded the appropriate sixty-day period for curing the alleged deficiencies.  Because the instant motion papers do not contain this information, the Court is unable to make such a determination in this case.  Based on this record, the Court is unable to find the requisite delay or contumacious conduct necessary for dismissal under Rule 41(b) or Rule 37(b)(2).

Second, the vast majority of the plaintiffs at issue here have substantially complied with their PFS obligations.  Indeed, as to most of them, the PFS is virtually complete.  With few exceptions, even the fact sheets that are missing certain "key" information manifest a good faith effort toward compliance.

Third, in several instances, Gulf Stream's list of deficiencies are not borne out fully by the PFS.  For example, in Rec. Doc. 25129, Gulf Stream states that the PFS of Nicholas Adams is deficient because he "failed to provide information regarding psychological treatment or respond to whether he was claiming a psychological injury, as required by Section III(C)(8)."  Rec. Doc. 25129-1 at 4.  However, in response to question III(C)(8), asking "Are you claiming mental and/or emotional damages as a result of residing in a FEMA trailer or mobile home?," Mr. Adams responded "Yes."  Rec. Doc. 25129-2 at 5.  Thus, he did respond to the question.  He left blank the part of the question asking him to list any psychiatrist or other professional that he had consulted for psychological or emotional problems.  However, such a response would be deficient only if the plaintiff had in fact sought psychological or psychiatric treatment and failed to list it.  *Id.*  With no indication that such is the case, this is not a deficient response.  The instant motions are replete with similar instances.

Fourth, one of the cases at issue (*Broderick Allen, et al v. Gulf Stream Coach, Inc., et al*, Civil Action No. 12-230) was transferred to this Court from the Southern District of Mississippi just a few weeks ago, on January 25, 2012.  Plaintiffs' initial deadline for completing a PFS would have been March 7, 2012.  *See* Pretrial Order No. 94, as modified (Rec. Docs. 24065 and 24814).  Gulf Stream does not state in its motion papers when the plaintiffs served their plaintiff fact sheets.  However, even if the plaintiffs served them immediately after the case was

transferred to this Court, it seems unlikely that Gulf Stream would have had time to serve a notice specifying deficiencies and wait the requisite sixty-day cure period before filing the motion to dismiss (Rec. Doc. 25145) on April 9, 2012.  Even if this did occur, the record here does not enable the Court to find a delay justifying dismissal, especially given that this matter was transferred to this Court just three months ago.

Last, but perhaps most important, the MDL phase of this litigation is near its end.  No interest would be served at this late stage of the MDL by dismissing these plaintiffs' claims based on PFS deficiencies, even though certain of the deficiencies are listed among the "key" questions identified in Pre-Trial Order No. 88.  The purpose of PTO 88 was to create a searchable database to be used toward global resolution.  That effort has been completed, and most of the manufacturing defendants have agreed to a global settlement.  Within the next four weeks (once the issue of mixed venue cases has been resolved), the Court will be filing a Notice of Suggestion of Remand with the Judicial Panel on Multidistrict Litigation ("MDL Panel") for all claims against defendants, such as Gulf Stream, who have not reached a global resolution. *See* Pretrial Order No. 96, dated March 15, 2012 (Rec. Doc. 24856) ("With regard to all cases against manufacturing defendants other than the Settling Defendants in which venue is proper in a district other than the Eastern District of Louisiana, this Court intends to file a Notice of Suggestion of Remand with the Judicial Panel on Multidistrict Litigation pursuant to Rule 10.1(b) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation.").  Thus, claims with proper venue elsewhere will be returned or transferred to the appropriate districts in the immediate future.  For cases with proper venue in this District, the Court is in the process of setting such cases on the trial docket.  These cases will be subject to

full discovery and motion practice. *Id.* ("Member cases for which venue is proper in the Eastern District of Louisiana shall be promptly set for trial, except that trial shall not be set in any case against a Settling Defendant.").   Given this procedural posture and the additional circumstances discussed above, the Court finds that it would be inappropriate to dismiss these plaintiffs' claims based on an MDL procedure that has largely served its purpose.[2]

Accordingly,

        **IT IS ORDERED** that the following motions are hereby **DENIED**:

        1)  "Motion to Dismiss for Failure to Comply with Pre-Trial Orders Nos. 2, 32, 86 & 88 Relating to Plaintiff Fact Sheets" **(Rec. Doc. 25129)**, filed by defendant Gulf Stream;

        2)  "Motion to Dismiss for Failure to Comply with Pre-Trial Orders Nos. 2, 32, 86 & 88 Relating to Plaintiff Fact Sheets" **(Rec. Doc. 25133)**, filed by defendant Gulf Stream;

        3)  "Motion to Dismiss for Failure to Comply with Pre-Trial Orders Nos. 2, 32, 86 & 88 Relating to Plaintiff Fact Sheets" **(Rec. Doc. 25134)**, filed by defendant Gulf Stream;

        4)  "Motion to Dismiss for Failure to Comply with Pre-Trial Orders Nos. 2, 32, 86 & 88 Relating to Plaintiff Fact Sheets" **(Rec. Doc. 25136)**, filed by defendant Gulf Stream;

        5)  "Motion to Dismiss for Failure to Comply with Pre-Trial Orders Nos. 2, 32, 86 & 88 Relating to Plaintiff Fact Sheets" **(Rec. Doc. 25137)**, filed by defendant Gulf Stream;

        6)  "Motion to Dismiss for Failure to Comply with Pre-Trial Orders Nos. 2, 32, 86 & 88 Relating to Plaintiff Fact Sheets" **(Rec. Doc. 25138)**, filed by defendant Gulf Stream;

        7)  "Motion to Dismiss for Failure to Comply with Pre-Trial Orders Nos. 2, 32, 86 & 88

---

[2] There are perhaps cases of well documented, inexcusable delay that would justify a dismissal based upon the PFS deficiency procedure even at this late stage of the MDL.  None of the instant motions presents such a case.

Relating to Plaintiff Fact Sheets" (**Rec. Doc. 25139**), filed by defendant Gulf Stream;

8)  "Motion to Dismiss for Failure to Comply with Pre-Trial Orders Nos. 2, 32, 86 & 88 Relating to Plaintiff Fact Sheets" (**Rec. Doc. 25140**), filed by defendant Gulf Stream;

9)  "Motion to Dismiss for Failure to Comply with Pre-Trial Orders Nos. 2, 32, 86 & 88 Relating to Plaintiff Fact Sheets" (**Rec. Doc. 25143**), filed by defendant Gulf Stream;

10)  "Motion to Dismiss for Failure to Comply with Pre-Trial Orders Nos. 2, 32, 86 & 88 Relating to Plaintiff Fact Sheets" (**Rec. Doc. 25145**), filed by defendant Gulf Stream;

11)  "Motion to Dismiss for Failure to Comply with Pre-Trial Orders Nos. 2, 32, 86 & 88 Relating to Plaintiff Fact Sheets" (**Rec. Doc. 25190**), filed by defendant Gulf Stream; and

12)  "Motion to Dismiss for Failure to Comply with Pre-Trial Orders Nos. 2, 32, 86 & 88 Relating to Plaintiff Fact Sheets" (**Rec. Doc. 25242**), filed by defendant Gulf Stream.

New Orleans, Louisiana, this 4th day of May 2012.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**