UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                    MDL NO. 07-1873
      FORMALDEHYDE PRODUCTS
      LIABILITY LITIGATION
                                               SECTION "N" (5)

THIS DOCUMENT RELATES TO
Member Case Nos. 09-5976,10-3922

## ORDER AND REASONS

Before the Court are the following motions: (1) Plaintiff's Motion for Leave to Amend Complaint to Add Gulf Stream and to Dismiss Keystone (Rec. Doc. 23498); and (2) Motion to Sever Claims of Brenda Sharett, Sandra Brooks, and Sharett Brooks (Rec. Doc. 24066), filed by plaintiffs. Defendant Gulf Stream Coach, Inc. ("Gulf Stream") has filed memoranda in opposition to the motions. *See* Rec. Docs. 23506, 24117. Plaintiffs have filed reply memoranda. Rec. Docs. 23663, 24318.

In Rec. Doc. 23498, plaintiff Kimberly Taylor seeks leave to amend her complaint in *Kimberly Taylor v. Keystone Coach, Inc., et al,* Civil Action No. 09-5976, to dismiss defendant Keystone RV Company and add Gulf Stream as a defendant.

In Rec. Doc. 24066, the plaintiffs seek leave to sever the claims of three plaintiffs (Brenda Sharett, Sandra Brooks, and Sharett Brooks) from member case *Sandra Brooks v. Cavalier Home Builders, LLC, et al*, Civil Action No. 10-3922, and amend their complaint to substitute Gulf Stream as defendant in place of Cavalier Homes, Inc. and Cavalier Home Builders, LLC.

Gulf Stream objects to the proposed amendments on grounds that these plaintiffs have never before been matched to Gulf Stream and that the deadlines for matching have long since past. Gulf

Stream also argues that the movants' claims against Gulf Stream are prescribed and therefore that the amendments should be disallowed as futile.

## I. PROCEDURAL HISTORY:

The instant motions present what have come to be known in this multidistrict litigation ("MDL") as "matching" issues.  The long, difficult history of matching each plaintiff to a single manufacturer is set forth in this Court's Amended Pretrial Order No. 68 Concerning Deadlines for Matching and Filing (Rec. Doc. 14779).   It will not be repeated here, except for a short summary.

Pre-Trial Order No. 38 placed on each plaintiff the burden of identifying and naming the sole manufacturer responsible for erecting the FEMA unit in which he or she was housed.[1]  (Rec. Doc. 1596).  This process of "matching" each plaintiff to the proper manufacturer has sapped enormous time, manpower, and resources from plaintiffs' counsel, defendants' counsel, the Court, FEMA, and counsel for the Government.  Thus, the matching deadlines set by the Court were not made lightly. For complaints already filed or transferred to this Court as of December 9, 2009, the deadline for matching expired twenty days thereafter, on December 29, 2009.  *See* Pre-Trial Order No. 49.  (Rec. Doc. 8908).   For complaints filed or transferred after December 9, 2009, the pre-trial order requires that plaintiffs "shall be matched with a specific manufacturing defendant **within 45 days of the date of the filing of the Complaint**."  *Id.* (emphasis in original).  Pre-Trial Order No. 45 further provides that the matching deadline is subject to extension "for good cause shown."  *Id.*

Brenda Sharett filed her first complaint on August 3, 2009.  *See Brenda Sharett v. Alliance Homes, Inc.,* Civil Action No. 09-5234 (filed Aug. 3, 2009).  Sandra Brooks and Sharett Brooks also

---

[1]  The one exception to this rule is where "a Plaintiff lived in more than one emergency housing unit, manufactured by different manufacturers."  Pre-Trial Order No. 38 (Rec. Doc. 1596).  In such a case, the plaintiff may proceed against more than one manufacturer defendant.

filed their first complaint on August 3, 2009.[2]  *See Wayne Anderson, et al v. Alliance Homes, Inc.,* Civil Action No. 09-5252, Rec. Doc. 1, Exhibit A (filed Aug. 3, 2009).  Kimberly Taylor filed her first complaint in this MDL on September 1, 2009.  *See Kimberly Taylor v. Keystone Coach, Inc., et al,* Civil Action No. 09-5976 (filed Sept. 1, 2009).  Thus, for all four movants, the deadline for matching to a single manufacturing defendant expired on December 29, 2009, twenty days after entry of this Court's Pretrial Order No. 49 on December 9, 2009.  (Rec. Doc. 8908).

If the movants were among the plaintiffs who had trouble obtaining matching information, and their attorneys fulfilled the strict requirements for participating in the "last chance" matching process established by the Court, then their deadline for participating in this process would have been August 2, 2010.  *See* Amended Pretrial Order No. 68 Concerning Deadlines for Matching and Filing (Rec. Doc. 14779).

Thus, at the very latest, the deadline for making amendments such as those at issue here expired more than one and a half years ago for each of the movants.  Given that plaintiffs provide no indication that they participated in the "last chance" process, it is more likely that their deadlines expired more than two years ago.

## II. LAW AND ANALYSIS:

### A. Good Cause Under Rule 16(b):

Federal Rule of Civil Procedure 16(b) "governs amendment of pleadings after a scheduling order deadline has expired."  *S & W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003).  Rule 16(b) provides that once a scheduling order has been entered, it "may be

---

[2]  Later, on October 15, 2010, Sandra Brooks, Sharett Brooks, and Brenda Sharett filed a "matching" complaint in  *Sandra Brooks v. Cavalier Home Builders, LLC, et al*, Civil Action No. 10-3922.

modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b).[3]  "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S & W Enters.,* 315 F.3d at 535 (citation omitted). "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *Id.* at 536.

As explained above, the Court in this case has entered a Pre-Trial Order that sets a deadline for filing amendments based upon matching a plaintiff to the proper manufacturer.  *See* Pre-Trial Order No. 49 (Rec. Doc. 8908).  This is precisely the type of amendment sought here.   Further, as discussed in the previous section, the deadlines for filing such amendments expired more than one and a half years ago.  Under these circumstances, the Court finds that Rule 16 is applicable.  Thus, the plaintiffs first must clear the hurdle of establishing good cause before the more liberal standard of Rule 15 will apply.[4]

The Fifth Circuit looks to four factors in determining whether a movant has established good cause:  "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice."  *S & W Enters.,* 315 F.3d at 536 (internal quotations omitted).

With regard to the first factor, movant Kimberly Taylor's counsel explain that her matching error likely originated with a typographical error, whereby the name "Keystone Coach, Inc." was typed instead of "Gulf Stream Coach, Inc."  Counsel explains that in other complaints filed by them,

---

[3]  The Court notes that the pre-trial order at issue here expressly states that extensions will be granted "for good cause shown."  Pre-Trial Order No. 49 (Rec. Doc. 8908).

[4]  Even in the absence of Rule 16, a "good cause" analysis nevertheless applies here under the language of the Pre-Trial Order itself.

they named either Keystone RV Company or Gulf Stream Coach, Inc.; not "Keystone Coach."  *See* Rec. Doc. 23663 at 4, note 2.

Counsel for movants Sandra Brooks, Sharett Brooks, and Brenda Sharett submit that their matching error occurred because they resided in a "Cavalier" unit.   Due to confusion and human error, they in good faith filed suit against Cavalier Home Builders, LLC.   In fact, it appears that their FEMA unit was a model of trailer entitled the *Cavalier*, which is manufactured by Gulf Stream, not by Cavalier Home Builders.

It appears that the mistakes made in both cases were due not to lack of diligence, but to isolated human error – a typographical mistake in one instance, and confusion over the proper "Cavalier" manufacturer in the other.  Had the plaintiffs moved earlier to correct these mistakes, the Court likely would have found that the first factor weighed slightly in favor of finding good cause to allow the amendments.  However, because they have waited so late, the Court finds the first factor to be neutral, weighing neither in favor nor against the amendments.  The second factor, however, weighs strongly in the movants' favor.  The result of denying the amendment would likely be that these plaintiffs would be barred from litigating their claims against the company who manufactured their FEMA units.  Such prejudice cannot be weighed lightly.

The third factor weighs very slightly in Gulf Stream's favor, but is heavily outweighed by the prejudice that the movants would suffer if the amendments were not allowed.[5]  There will be some minor prejudice to Gulf Stream, given that it will now be required to defend an action by plaintiffs entirely new to Gulf Stream and its counsel.  However, this prejudice will be small because of current

---

[5] Because of the posture of the claims against Gulf Stream, discussed *infra*, the fourth factor of the good cause analysis (the availability of a continuance to mitigate the prejudice) is not relevant here.

stance of the litigation, as explained below.  Moreover, unlike in other cases where the Court has denied late-filed matching amendments, the amendments proposed here will not cause prejudice to the administration of this MDL as a whole.  After much labor over the matching and census process, a large group of defendants has agreed to a global settlement, which is in the process of being submitted to the Court for approval.  Gulf Stream has not joined the settlement, and the Court has therefore begun the process of severing each of the individual cases against Gulf Stream, placing them on the trial docket, and setting individual pre-trial deadlines, which include a period for full discovery and motion practice.  Therefore, Gulf Stream will be given new deadlines with ample time to prepare for and defend against each of the movants' claims, and no continuance will be necessary. Because the settlement with other manufacturer defendants is moving forward, allowing the amendments here will not at all undermine the enormous efforts that have been made toward global resolution.  Moreover, because all cases against Gulf Stream are on the verge of being severed for trial (or remanded or transferred to other districts for trial), the amendments will not delay or otherwise affect other plaintiffs or other defendants in the MDL.

For all of these reasons, under a Rule 16(b) analysis, the Court finds that the prejudice to Gulf Stream, if any, is slight and far outweighed by the movants' potential loss of their claims.  Thus, the Court finds that the movants have established good cause for allowing the amendments outside the applicable deadlines.  The question remains whether the amendments should be allowed in the under Rule 15(a)(2).

### B.  Gulf Stream's Argument that the Amendments Should Be Denied as Futile:

When presented with a motion to amend under Rule 15(a)(2), "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The Fifth Circuit has stated that such a

motion "should not be denied unless there is a substantial reason to do so."  *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998) (internal quotations omitted).  In exercising its discretion, the Court "may consider factors such as whether there has been '*undue delay*, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and *futility of amendment.*' " *Id.* (emphasis in original) (quoting *In re Southmark Corp.*, 88 F.3d 311, 314-15 (5th Cir. 1996), *cert. denied*, 519 U.S. 1057 (1997)).

Gulf Stream argues that the Court should deny the amendments proposed here because they are futile.  According to Gulf Stream, the proposed amendments are futile because they are prescribed under Louisiana law and do not "relate back" under Rule 15(c)(1) of the Federal Rules of Civil Procedure.  An amendment can be deemed futile if the claim sought to be added is prescribed and the amendment does not relate back under Rule 15(c).  *See Jacobsen*, 133 F.3d at 319.

Both sides agree that Louisiana provides the applicable limitations period, which is one year for delictual actions such as those presented here.  *See* La. Civ. Code art. 3492.  Gulf Stream argues that this prescriptive period began to run, at the latest, when the plaintiffs filed their first complaints in this MDL in August and September of 2009.  Thus, Gulf Streams argues, the claims were prescribed when the instant motions were filed in November 2011 and January 2012.  However, as the plaintiffs point out, prescription is interrupted by suit against the obligor, and interruption of prescription against one solidary obligor is effective against all solidary obligors.  *See* La. Civ. Code arts. 1799, 3503.  The same is true for joint tortfeasors.  La. Civ. Code art. 2324 (C) ("Interruption of prescription against one joint tortfeasor is effective against all joint tortfeasors.").

In their original complaints, the movants sued the United States government, as well as the

company thought to have manufactured their emergency housing units.[6]  *See Brenda Sharett v. Alliance Homes, Inc.,* No. 09-5234, Rec. Doc. 1; *Wayne Anderson, et al v. Alliance Homes, Inc.,* No. 09-5252, Rec. Doc. 1; *Taylor v. Keystone Coach, Inc., et al,* No. 09-5976, Rec. Doc. 1-1.  They have maintained these claims against the government in all subsequent actions.  *See Sandra Brooks v. Cavalier Home Builders, LLC, et al,* No. 10-3922, Rec. Doc. 1.

The Court notes that it has dismissed the Louisiana plaintiffs' claims against the government based on immunity pursuant to (1) the discretionary function exceptions to the Federal Tort Claims Act ("FTCA") and the Stafford Act (Rec. Doc. 717); (2) Louisiana Revised Statutes § 29:733.1 (Rec. Doc. 14124); and (3) the misrepresentation exception to the FTCA (Rec. Doc. 24961).  The last of the claims were dismissed in a ruling on March 23, 2012, after the instant motions were filed.  *See* Rec. Doc. 24961.   On April 11, 2012, the Court entered a Rule 54(b) Judgment on these rulings. Rec. Doc. 25175.  However, the time for appealing the judgment has not yet run, and the plaintiffs have indicated that they intend to appeal all aspects of the judgment.

If this Court's dismissal of the Louisiana plaintiffs' claims against the government is affirmed, it is unclear what the effect of such a final judgment would be on the question of whether suit against the United States served to interrupt the movants' claims against Gulf Stream.[7]  *Compare Renfroe v. Dep't of Transp. & Develop.*, 809 So. 2d 947, 950 (La. 2002) (prescription not interrupted where timely sued defendant was ultimately found not liable to plaintiff, since no joint or solidary obligation

---

[6]  Kimberly Taylor also sued Shaw Environmental, Inc., the government contractor who allegedly installed her unit.  *See Taylor v. Keystone Coach, Inc., et al*, Civ. Action No. 09-5976, Rec. Doc. 1-1.

[7]  This likely would not affect the claims of Kimberly Taylor, given that she sued Shaw Environmental, as well as the United States.

existed under such circumstances; timely suit against DOTD was dismissed because stretch of road where accident occurred was determined to be not a state highway), *with Glasgow v. Par Minerals Corp.*, 70 So.3d 765, 768-772 (La. 2011) (tort suit against statutory employer served to interrupt prescription as to independent contractor even though claim against statutory employer was ultimately dismissed based on immunity from tort liability under Louisiana's worker compensation statute). The Court need not decide this question today, however. Based on the record as it exists at this juncture and the arguments presented, the Court does not find that the claims are prescribed under Louisiana law. Consequently, the Court need not determine whether the proposed amendments might also be considered timely pursuant to the "relation back" provisions of Rule 15(c)(1)(C).[8]

Therefore, for the reasons stated above, the Court does not find that any of the amendments would be futile. Moreover, the Court concludes that the interests of justice weigh in favor of allowing the amendments. *See* Fed. R. Civ. P. 15(a)(2).

Accordingly,

---

[8] An amendment need not satisfy both the state limitations law and the dictates of Rule 15(c)(1)(B) or (C) in order to be allowed as timely. It is sufficient that the claim sought to be added is allowed under the state limitations law. *See* Fed. R. Civ. P. 15(c)(1)(A) and advisory committee notes to 1991 amendment thereto (amendment "is intended to make clear that the rule does not apply to preclude any relation back that may be permitted under the applicable limitations law. ... Whatever may be the controlling body of limitations law, if that law affords a more forgiving principle of relation back than the one provided in this rule, it should be available to save the claim."); *see also Williams v. United States*, 353 F. Supp. 1226, 1230-31 (E.D. La. 1973) (Heebe, J.) (holding that suit against joint tortfeasor served to interrupt prescription and save amendment even though it did not meet dictates of Rule 15(c)); *Fruge v. Conoco, Inc.*, 679 F. Supp. 615, 617 (W.D. La. 1988) (agreeing with same); Wright, C., et al, *Federal Practice & Procedure* § 1503 ("Rule 15(c) was amended to clarify that relation back may be permitted even if it does not meet the standards of the federal rule if it would be permitted under the applicable limitations law.").

**IT IS ORDERED** that the following motions are hereby **GRANTED**:   (1) **Plaintiff's Motion for Leave to Amend Complaint to Add Gulf Stream and to Dismiss Keystone (Rec. Doc. 23498)**; and (2) **Motion to Sever Claims of Brenda Sharett, Sandra Brooks, and Sharett Brooks (Rec. Doc. 24066)**, filed by plaintiffs;

**IT IS FURTHER ORDERED** that the claims of Brenda Sharett, Sandra Brooks, and Sharett Brooks are hereby severed from the claims of the other plaintiffs in *Sandra Brooks v. Cavalier Home Builders, LLC, et al*, Civil Action No. 10-3922, except that the claims of Brenda Sharett, Sandra Brooks, and Sharett Brooks against the United States, now subject to Rule 54(b) judgment, shall remain docketed in *Sandra Brooks v. Cavalier Home Builders, LLC, et al*, Civil Action No. 10-3922;

**IT IS FURTHER ORDERED** that Brenda Sharett, Sandra Brooks, and Sharett Brooks shall, no later than May 14, 2012, file an amended complaint asserting their claims as to Gulf Stream Coach, Inc. only.  Such amended complaint: (1) shall be filed with the Clerk of Court on paper, not electronically; (2) shall assert claims against no defendants other than Gulf Stream Coach, Inc.; and (3) shall be accompanied by (a) a copy of the original Complaint in *Sandra Brooks v. Cavalier Home Builders, LLC, et al*, Civil Action No. 10-3922, and (b) a copy of this Order and Reasons.  Upon such filing, the Clerk will assign a new case number to the Amended Complaint and will allot the case to Section "N" (5) for consolidation with MDL No. 07-1873, *In Re: FEMA Trailer Formaldehyde Products Liability Litigation*.  No filing fee shall be required.

New Orleans, Louisiana, this __4th__ day of May, 2012.

**KURT D. ENGELHARDT**
**United States District Court**