UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION | * * * * * | MDL NO. 1873<br>SECTION "N" (5) |
| THIS DOCUMENT PERTAINS TO | * | JUDGE ENGELHARDT |
| 09-4713 *Ruth Strickalnd, et al v. Forest, et al;* | * | MAGISTRATE CHASEZ |
| 09-7070 *Albert Williams, et al v. Forest River, Inc., et al;* | * * | |
| 09-7072 *Arien Burks, as Next Friend of Adrianna Burks, A minor, et al v. Forest River, et al;* | * * | |
| 09-7857 *Chiquita Acker, et al v. Forest River, Inc., et al;* | * * | |
| 09-7855 *Mary Wilkerson, et al v. Forest River, Inc., et al;* | * * | |
| 09-7889 *Rikita Alexander, as Next Friend of J. A., a minor, et al v. Forest River, Inc., et al;* | * * | |
| 09-7892 *Gerald Byron, et al v. Forest River, Inc., et al;* | * * | |
| 09-7835 *Jemalla Vallare, as Next Friend of A. V., a minor, et al v. Forest River, Inc., et al;* | * * | |
| 09-7924 *Shantelle Guillory, as Next Friend of M. G., a minor, et al v. Forest River, Inc., et al;* | * * | |
| 10-1265 *Cherlyn Rogers, et al v. Forest River, Inc, et al;* | * * | |
| 10-2184 *Bernell Clements, et al v. Forest River, Inc., et al;* | * * | |
| 10-2190 *Lemuel Stallworth, et al v. Forest River, Inc., et al;* | * * | |
| 10-2324 *Pear Boutachanthavong, et al v. Forest River, Inc., et al;* | * * | |
| 10-3640 *Richard Oxman, et al v. Forest River, Inc., et al.* | * * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**FOREST RIVER, INC.'S LIMITED OPPOSITION TO PLAINTIFFS' MOTION TO SEVER CLAIMS AND IN THE ALTERNATIVE TO TRANSFER OR REMAND**

**MAY IT PLEASE THE COURT:**

Defendant, Forest River, Inc. ("Forest River") respectfully submits that this Honorable Court should not grant Plaintiffs' Motion to Sever Claims and In the Alternative To Transfer or Remand (Rec. Doc. No. 25293) as requested by Plaintiffs. Forest River takes exception to

certain language in the Plaintiffs' Memorandum in Support (Rec. Doc. 25293-1) and the failure of Plaintiffs to afford Forest River the opportunity to review the draft Motion and Memorandum in Support for either consent or opposition before such Motion and Memorandum were filed, as further discussed below.

### A.  BACKGROUND

The Plaintiffs filed the Motion to Sever Claims and In the Alternative To Transfer or Remand pursuant to Rule 21 of the Federal Rules of Civil Proc. and PTO 96, Section III, B. (Rec. Doc. 24586). The complaints in the above referenced actions contain claims from plaintiffs who lived in their trailers in the Eastern District of Louisiana and other districts.  In PTO 96, the Court directed the Plaintiffs pursuant to FRCP 21 to file motions to sever claims where venue was not proper in the Eastern District of Louisiana. (Rec. Doc. 24586, p. 5). Counsel for Plaintiffs were further directed to categorize the plaintiffs according the district in which venue for their claims is proper. *Id.*  Forest River does not dispute that this honorable Court ordered Plaintiffs to file the instant Motion; however, Forest River disputes language inserted into the Memorandum in Support related to the tolling of statutes of prescription/limitation inserted by Plaintiffs without Forest River's consent or an opportunity to comment.

### B.  LAW AND ANALYSIS

The Plaintiffs make several references to "tolling" that Forest River takes exception with and did not consent to.  The first is at the bottom of page 2 and the top of page 3 where Plaintiffs state, "The plaintiffs identified in the following exhibits have provided counsel with addresses in districts other than the Eastern District of Louisiana, and would request the severance or in the alternative transfer or remand of their claims to an appropriate judicial district <u>with a tolling of the applicable statutes of prescription/limitation</u>:" (emphasis added).

The second reference to "tolling" that Forest River takes exception with and did not consent to is found at the bottom of page 3 where Plaintiffs state, "Plaintiffs make this request for severance and tolling pursuant to FRCP 21 which provides:" (Emphasis added.)

However, FRCP 21 makes no reference to "tolling" of any claims or the statutes of limitations/prescription for any such claims. Plaintiffs' also cite a case they allege supports their argument that such "tolling" should occur: The statute of limitations is held in abeyance, and the severed suit can proceed so long as it was initially was filed within the limitations period. *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7thCir. 2006). However, Elmore does not state that the statute of limitations for plaintiffs' cases filed in the wrong venue are to be tolled. In fact, Elmore is a case about the misjoinder of a plaintiff's claim and makes reference to a factual analysis of whether the plaintiffs' claims were initially filed within the limitations period, which is what Forest River asserts should be done in this instance.

The third reference to "tolling" that Forest River takes exception with and did not consent to is found in the closing paragraph on page 4 where Plaintiffs state, "Plaintiffs respectfully pray that this Honorable Court grant this Motion to Sever and in the Alternative to Transfer or Remand the claims as requested herein and that the Court's order provide that the statutes of prescription/limitation for these plaintiffs were tolled as at the time of the filing on the respective original complaints." (Emphasis added) Forest River never consented to any language regarding the "tolling" of statutes of prescription/limitation for these plaintiffs.

Further, while there was some email traffic on April 6, 2012 regarding the Plaintiffs' intent to file a Motion to Sever but Forest River, through its counsel, requested Plaintiffs' counsel to provide a list of suit names and plaintiffs' names. (see Exhibit A attached hereto). Later in that same email train, counsel for Forest River indicated that, with regard to prescription,

"Have to look at prescription on a case by case basis."  Plaintiffs' counsel never provided Forest River with a list of suit names and plaintiffs' names and did not object to Forest River's desire to look at prescription on a case by case basis.  The last email in that email train from plaintiffs' counsel stated, "Andy/Ernie: see page 5, Section III, B [referring to PTO 96], and let me know if you oppose Motion to Sever filed in that context.  Thanks."  Counsel for Forest River never responded to that last email from Plaintiffs' counsel because it had not been provided with a list of list of suit names and plaintiffs' names and never responded to Forest River's desire to look at prescription on a case by case basis.

Plaintiffs' counsel never presented Forest River with a draft Motion and Memorandum in Support to review or an opportunity to either consent to or oppose pleadings as written, which is required by Pre-Trial Order No. 10, paragraph (1). (Rec. Doc. No. 301).  The Motion and Memorandum in Support were filed on April 17, 2012 without a Certificate of Conference, as required by PTO No. 10, and Forest River received its first notice that this Motion and Memorandum in Support had been filed by Plaintiffs on April 26, 2012, which was after the deadline for Forest River to file an opposition.

    C.  CONCLUSION

Plaintiffs' Motion to Sever Claims and In the Alternative To Transfer or Remand should be denied as written and Plaintiffs should be ordered to remove any language related to the "tolling" of statutes of limitations/prescription or, in the alternative, the Court should issue its order omitting any language regarding the "tolling" of statutes of limitations/prescription.

Respectfully Submitted,

**GIEGER, LABORDE & LAPEROUSE, LLC**


BY: /s/ Ernest P. Gieger, Jr.
ERNEST P. GIEGER, JR. (6154)
ANDREW A. BRAUN (#3415)
J. MICHAEL DIGIGLIA (24378)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana  70139-4800
Telephone:  (504) 561-0400
Facsimile:  (504) 561-1011
egieger@glllaw.com
abraun@glllaw.com
mdigiglia@glllaw.com
**ATTORNEYS FOR FOREST RIVER, INC.**


## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the forgoing document has been served upon counsel of record as indicated below in accordance with the Federal Rules of Civil Procedure on May 2, 2012 via electronic filing.


  /s/Ernest P. Gieger, Jr.