UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER　　　　　　　　　　　　　　　　　MDL NO. 07-1873
   FORMALDEHYDE PRODUCTS
   LIABILITY LITIGATION
                     SECTION "N" (5)

THIS DOCUMENT RELATES TO
Member Cases Referenced in Rec. Docs.
25292, 25293, 25294, 25295, 25296,
25298, 25300, 25301, 25303

**ORDER AND REASONS**

  Before the Court are the following motions:

  1) Plaintiffs' Motion to Sever Claims and in the Alternative to Transfer or Remand (Rec. Doc. **25292**); 2) Plaintiffs' Motion to Sever Claims and in the Alternative to Transfer or Remand (Rec. Doc. **25293**); 3) Plaintiffs' Motion to Sever Claims and in the Alternative to Transfer or Remand (Rec. Doc. **25294**); 4) Plaintiffs' Motion to Sever Claims and in the Alternative to Transfer or Remand (Rec. Doc. **25295**); 5) Plaintiffs' Motion to Sever Claims and in the Alternative to Transfer or Remand (Rec. Doc. **25296**); 6) Plaintiffs' Motion to Sever Claims and in the Alternative to Transfer or Remand (Rec. Doc. **25298**); 7) Plaintiffs' Motion to Sever Claims and in the Alternative to Transfer or Remand (Rec. Doc. **25300**); 8) Plaintiffs' Motion to Sever Claims and in the Alternative to Transfer or Remand (Rec. Doc. **25301**); and 9) Plaintiffs' Motion to Sever Claims and in the Alternative to Transfer or Remand (Rec. Doc. **25303**).

  The plaintiffs have filed the instant motions to comply with the Court's directive in Pre-Trial Order No. 96 (Rec. Doc. 24856) that they file Rule 21 motions to sever in all mixed venue cases, *i.e.*, cases in which plaintiffs with proper venue in this District are joined with plaintiffs for whom

venue is not proper in this District.  The motions are unopposed, except that Gulf Stream Coach, Inc. ("Gulf Stream") and Forest River, Inc. ("Forest River") have informed the Court that they oppose the inclusion of any language regarding the effect of these direct filings on the tolling of limitations, such as that which the movants has requested be included in the Court's order regarding severance.[1] Even without the defendants' opposition in this regard, the Court would not have addressed the limitations issue for the reasons discussed below.  The purpose of the motions is to sever claims with improper venue (against non-settling defendants) so that they may be transferred to the proper district pursuant to 28 U.S.C. § 1406(a),[2] in conjunction with this Court's suggestion of remand as to unsettled tag-along cases transferred to this Court by the United States Judicial Panel on Multidistrict Litigation (the "Judicial Panel") pursuant to 28 U.S.C. § 1407(a) and MDL Rules 10.1 and 10.2.

The question of prescription (or limitations) has no place in this process.  The plaintiffs knew

---

[1] Plaintiffs ask "that the Court's order provide that the statutes of prescription/limitation for these plaintiffs were tolled at the time of the filing o[f] the respective original complaints." *See, e.g.*, Rec. Doc. 25292-1 at 7.

[2] Whereas the remand of transferred cases can be decided only by the Judicial Panel pursuant to section 1407(a), the Panel has held that it does not have the power to transfer cases from the MDL district other than to remand a case pursuant to section 1407(a) to the district from which it was originally transferred by the Panel.  *See In re Delta Airline, Inc. Flight Attendant Weight Stds. Litigation*, 411 F. Supp. 795, 797 (J.P.M.L. 1976) (Panel did not have power to remand or transfer case that had been transferred to MDL district not by the Panel pursuant to § 1407, but by another district court pursuant to § 1404(a)); *see also* R.P.J.P.M.L. 7.2(a) ("Potential tag-along actions filed in the transferee district do not require Panel action."); Wright, Charles, et al, FEDERAL PRACTICE & PROCEDURE 3D § 3865 at p. 509 (2007 & Supp. 2011).  Further, section 1406(a) vests the authority to transfer in the district court.  Thus, the transfer of these cases will be handled by this Court, rather than by the Judicial Panel.  Because these are direct filings rather than tag-alongs transferred to this Court by the Judicial Panel, it does not appear that the Supreme Court's ruling in *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998) is implicated by this Court's direct transfer of these cases.

2

when they directly filed these claims in this Court that such direct filing could potentially affect their substantive rights. This was one of the reasons that the Court denied the PSC's Motion for Direct Filing. *See* Rec. Doc. 1186 (denying motion for essentially the reasons stated in Rec. Doc. 1111); Rec. Doc. 1111 at 17-18 ("Plaintiffs simply cannot argue that experimenting with direct filing in this case will not potentially alter the substantive rights of the parties."); *see also In re Heartland Payment Systs., Inc. Customer Data Sec. Breach Litigation*, MDL No. 2046, 2011 WL 1232352 at *4 (S.D. Tex. Mar. 31, 2011) (although direct filings are provided for under MDL rules, they "may present jurisdictional, venue, or related issues"); *In re Vioxx Products Liability Litigation*, 478 F. Supp. 2d 897, 904 (E.D. La. 2007) (noting that "potential [choice-of-law] implication of direct filing is one that should be considered by other MDL courts"). While this Court is of the opinion that severance under Rule 21 and subsequent transfer pursuant to section 1406, as such, should serve to preserve the plaintiffs' claims *provided they have not already prescribed or otherwise expired pursuant to the applicable statute of limitation or repose*,[3] the Court expressly makes no comment

---

[3] *See, e.g., Burnett v. New York Ctrl. R.R. Co.*, 380 U.S. 424, 430 & n. 7 (1965) ("Both federal and state jurisdictions have recognized the unfairness of barring a plaintiff's action solely because a prior timely action is dismissed for improper venue after the applicable statute of limitations has run. In both federal and state systems of justice rules have been devised to prevent this from happening. Thus...28 U.S.C. s 1406(a), allows a district court...to 'transfer such case to any district or division in which it could have been brought.' * * * * Numerous cases hold that when dismissal of an action for improper venue would terminate rights without a hearing on the merits because plaintiff's action would be barred by a statute of limitations, 'the interest of justice' requires that the cause be transferred."); *DirecTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006) ("when a court 'severs' a claim against a defendant under Rule 21, the suit simply continues against the severed defendant in another guise. ...The statute of limitations is held in abeyance, and the severed suit can proceed so long as it initially was filed within the limitations period."); *Lee v. Cook County*, 635 F.3d 969, 971-72 (7th Cir. 2011) (Easterbrook, J.). However, neither section 1406 transfer nor Rule 21 severance operate to cure limitation defects that otherwise exist. *See Crase v. Astroworld, Inc.*, 941 F.2d 265, 267 n. 5 (5th Cir. 1991); *Phillips v. Ill. Ctrl. Gulf R.R.*, 874 F.2d 984, 987-88 (5th Cir. 1989).

as to the timeliness of the claims when filed in this Court, the effect of such filing on the running of any limitations period, or any other issue relating to the limitation question.

The timeliness of the movants' claims is not before the Court today. The limitations issue has not been briefed by the movants, and even if it had been, the record is devoid of the facts necessary to decide the multiple questions inherent in the limitations issue as to each of the individual movants, including the question of which state's choice-of-law rules apply, which state's limitations period applies to the individual plaintiff, when the limitations period began to run (and whether it runs against minors), the applicability or not of *contra non valentem* or other equitable tolling, and the effect of the plaintiff's filing of a complaint in this Court. Because these are not common issues, but rather turn on the individual facts of each plaintiff's claim, because venue is not proper here, and because of the posture of this MDL, the question of prescription (limitation) will be litigated, if at all, in the transferee Court, who will likely "apply whatever law it would have applied had the action been properly commenced there." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1141 (5th Cir. 1992).

With regard to the severance issues, the motions are unopposed. However, certain issues remain that render certain of the cases inappropriate for transfer at this time. In particular, cases filed against Stewart Park Homes, Inc. (Rec. Doc. 25294), Lakeside Park Homes, Inc. (Rec. Doc. 25296), American Camper Manufacturing, LLC (Rec. Doc. 25301), and Tom Stinnett Holiday RV Center (Rec. Doc. 25298) have been the subject of recent Orders relating to call docket issues, some of which remain unresolved. Likewise, call docket issues remain in certain cases against Mitchell County Industries, LLC, formerly known as Superior Park Model Homes (Rec. Doc. 25295), which will be the subject of a future Order. Thus, these motions will be denied without prejudice at this

juncture, pending resolution of the remaining call docket issues.

With regard to the motions relating to cases filed against Gulf Stream (Rec. Doc. 25292), Forest River (Rec. Doc. 25293), Vanguard Industries of Michigan, Inc. (Rec. Doc. 25300), and Monaco Coach Corporation (Rec. Doc. 24303), the motions will be granted, with the exception of plaintiff's request for commentary regarding the limitations issue. The Court strongly urges counsel for the movants to scrutinize carefully the pleadings it files in accordance with the directions set forth below. In particular, counsel should make absolutely certain that they name in the severed complaints only those plaintiffs for whom venue is improper in this District. Merely because a plaintiff has provided a non-Louisiana address as his or her current address, it does not necessarily follow that venue is improper under 28 U.S.C. § 1391. If a plaintiff's case is improvidently transferred due to mistakes in this regard, the transferee Court understandably may be disinclined to find that a subsequent transfer is warranted "in the interest of justice" under either section 1404(a) or section 1406(a). Further, given that many plaintiffs have asserted duplicative claims in this litigation, it is imperative that counsel make absolutely certain that none of the claims asserted in the new amended complaints were previously asserted in an action that was transferred to this Court by the Judicial Panel pursuant to section 1407(a). If a plaintiff's claims originally came to this Court via transfer by the Panel, rather than by direct filing, then this Court's transfer of the case likely would run afoul of *Lexecon, supra* at note 2.

Once the necessary clerical steps have been completed, the Court will issue an order to show cause why the severed cases should not be transferred forthwith to the districts where venue is proper. Accordingly,

**IT IS ORDERED** that the following motions are hereby **DENIED WITHOUT**

**PREJUDICE**: 1) Plaintiffs' Motion to Sever Claims and in the Alternative to Transfer or Remand (Rec. Doc. **25294**); 2) Plaintiffs' Motion to Sever Claims and in the Alternative to Transfer or Remand (Rec. Doc. **25295**); 3) Plaintiffs' Motion to Sever Claims and in the Alternative to Transfer or Remand (Rec. Doc. **25296**); 4) Plaintiffs' Motion to Sever Claims and in the Alternative to Transfer or Remand (Rec. Doc. **25298**); and 5) Plaintiffs' Motion to Sever Claims and in the Alternative to Transfer or Remand (Rec. Doc. **25301**).

**IT IS FURTHER ORDERED** that the following motions are hereby **DENIED IN PART**, in that they are denied with respect to the movants' request "that the Court's order provide that the statutes of prescription/limitation for these plaintiffs were tolled at the time of the filing of the respective original complaints," as stated herein; and **GRANTED IN PART**, in that they are granted in all other respects: 1) Plaintiffs' Motion to Sever Claims and in the Alternative to Transfer or Remand (Rec. Doc. **25292**); 2) Plaintiffs' Motion to Sever Claims and in the Alternative to Transfer or Remand (Rec. Doc. **25293**); 3) Plaintiffs' Motion to Sever Claims and in the Alternative to Transfer or Remand (Rec. Doc. **25300**); and 4) Plaintiffs' Motion to Sever Claims and in the Alternative to Transfer or Remand (Rec. Doc. **25303**).

**IT IS FURTHER ORDERED**, with regard to Rec. Docs. 25292, 25293, 25300, and 25303, that all plaintiffs for whom venue is improper in this District shall, no later than May 14, 2012, file amended complaints. Such amended complaints: (1) shall be filed with the Clerk of Court on paper, not electronically; (2) shall join only plaintiffs for whom venue is proper in the same district (*i.e.*, a separate amended complaint must be filed for each transferee district); and (3) shall be accompanied by (a) a copy of the original complaint in the relevant member case(s), and (b) a copy of this Order and Reasons. Upon such filing, the Clerk will assign a new case

number to each Amended Complaint and will allot the case to Section "N" (5) for consolidation with MDL No. 07-1873, *In Re: FEMA Trailer Formaldehyde Products Liability Litigation*. No filing fee shall be required.

    **IT IS FURTHER ORDERED** that plaintiffs for whom venue is proper in this District shall not file an amended complaint. The claims of such plaintiffs will be retained in the existing member cases.

    New Orleans, Louisiana, this __4th__ day of May, 2012.

                                  **KURT D. ENGELHARDT**
                                  **United States District Court**