UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | MDL NO. 1873 |
| | FORMALDEHYDE PRODUCTS | * | LIABILITY LITIGATION |
| | SECTION "N" (5) | * | |
| | | * | |
| | | * | JUDGE ENGELHARDT |
| | | * | MAGISTRATE CHASEZ |
| | | * | |
| **THIS DOCUMENT IS RELATED TO:** | | * | |
| *Lott, et al. v. Gulf Stream Coach, Inc., et al.* | | * | |
| Civil Action No. 09-6944 | | * | |
| Plaintiffs: | Robert Acker | * | |
| | Charles Andrews, Sr. | * | |
| | Rose Marie Andrews | * | |
| | Jennifer Watzke | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS**

COME NOW Robert Acker, Charles Andrews, Sr., Rose Marie Andrews, and Jennifer Watzke (hereinafter "Plaintiffs") and file this Memorandum in Opposition to Defendant's Motion to Dismiss for Failure to Comply with Pre-Trial Orders Nos. 2, 32, 86 & 88 Relating to Plaintiff Fact Sheets (Rec. Doc. 25234).

Defendant Gulf Stream Coach, Inc. ("Gulf Stream") claims that there are deficiencies in Plaintiffs' Fact Sheets and such deficiencies subject Plaintiffs to a Motion to Dismiss under Pre-Trial Orders Nos. 2, 32, 86 & 88. PTO 2, Rec. Doc. 87, established a procedure for curing deficiencies in Plaintiff Fact Sheets. PTO 2, provided that when deficiencies were identified:

> Defendants' Liaison Counsel shall send to Plaintiff's Counsel for the plaintiffs in question a letter confirming the failure to timely file and/or explaining the material deficiency in the PFS. The letter shall be specific as to any alleged material deficiency, state that the Plaintiff will have thirty (30) days to cure the alleged material deficiencies, and state that if the

alleged material deficiencies are not cured within that time, the Defendant may move for dismissal of the Plaintiff's claims". pp. 8-9.

PTO 32, Rec. Doc. 1180, confirmed the necessity of sending a letter notifying counsel of the deficiencies and providing thirty (30) days to cure before moving for dismissal. p. 5. PTO's 86, and 88, dealt with "key" questions and did not change these procedures. Plaintiffs' counsel has searched their files and have not been able to locate any letters from defense counsel identifying deficiencies for these clients. See Affidavit of Watts Hilliard Project Coordinator, Nicole Porter, Exhibit "A". Defendants, therefore, are not entitled to dismissal, as Plaintiffs' counsel has no record of receiving deficiency notices and further the 30 day period for curing has not been triggered or expired.

For the reasons set forth above, Plaintiffs pray that Defendant's Motion to Dismiss for Failure to Comply with Pre-Trial Orders Nos. 2, 32, 86 & 88 Relating to Plaintiff Fact Sheets in all things be denied.

Respectfully submitted,

/s/ Robert C. Hilliard
**ROBERT C. HILLIARD**
**Trial Attorney in Charge for Plaintiff**
Texas State Bar No. 09677700
Southern District of TX Federal ID No. 5912
ROBERT C. HILLIARD, L.L.P.
719 S. Shoreline Boulevard, Suite 500
Corpus Christi, Texas 78401
Telephone: (361) 882-1612
Facsimile: (361) 882-3015

2

        **MIKAL C. WATTS**
        Texas State Bar No. 20981820
        Southern District of TX Federal ID No. 12419
        MIKAL C. WATTS, P.C.
        2506 N. Port Ave.
        Corpus Christi, Texas 78401
        Telephone: (800) 994-0019
        Facsimile: (361) 882-1261

        **ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

    I hereby certify that the above and foregoing pleading was served on all counsel of record through electronic notification pursuant to the electronic filing in the United States District Court for the Eastern District of Louisiana this 7th day of May, 2012.

        /s/ Robert C. Hilliard
        _____
        **ROBERT C. HILLIARD**