UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCT | * | |
| LIABILITY LITIGATION | * | |
| | * | SECTION "N-5" |
| THIS DOCUMENT RELATES TO: | * | |
| Case No.  10-1265 | * | JUDGE ENGELHARDT |
| | * | |
| | * | MAG. JUDGE CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMO IN SUPPORT OF DEFENDANT FOREST RIVER'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NO. 2 AND 32 RELATING TO PLAINTIFF FACT SHEETS AND THE MATCHING REQUIREMENTS OF PRE-TRIAL ORDERS NO. 38, 49 AND 68

**MAY IT PLEASE THE COURT:**

Forest River, Inc. moves this Honorable Court for an Order dismissing the claims of the following plaintiffs, with prejudice, for failure to comply with Pre-Trial Orders Nos. 2 and 32 Relating to the Production of Plaintiff Fact Sheets and the Matching Requirements of Pre-Trial Orders No. 38, 49 and 68.

- Rashad M. Riley (Plaintiff in *Rogers*, C.A. 10-1265)
- Brandy Schneck on behalf of S.S. (Plaintiff in *Rogers*, C.A. 10-1265)
- Nikki Tingston on behalf of G.T. (Plaintiff in *Rogers*, C.A. 10-1265)

**BACKGROUND - CREATION OF MDL AND FACT SHEET PROCESS**

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008 the Court issued Pre-Trial Order ("PTO" or "Order") No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet" (PFS), which would serve as the substitute for the initial rounds of Interrogatories and Requests

for Production of Documents in a more standardized and simplified format. Rec. Doc. No. 87. The Order also established a process for "curing" these fact sheets when any particular plaintiff failed to comply with its obligation to submit a properly completed PFS Sheet. In outlining the curing process, the Order stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id.* at p. 8—9. The letter would specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id.*

Subsequently, on March 18, 2009, the Court amended PTO No. 2 with PTO No. 32 as to the due dates for these same PFSs. Rec. Doc. No. 1180. Because of the large number of cases being filed in the summer of 2009, PTO No. 32 provided new deadlines for the production of the PFSs and it also retained the same curing procedure as was set forth in PTO No. 2.

On May 27, 2009 the Court entered PTO No. 38 thereby placing on each plaintiff the burden of identifying and naming the sole manufacturer responsible for erecting the FEMA unit in which he or she was housed.  Rec. Doc. No. 1596.  For complaints that had already been filed or transferred to this Court as of December 9, 2009, the deadline to complete this matching expired twenty days thereafter, on December 29, 2009.  *See* Pre-Trial Order No. 49 (Rec. Doc. 8908).  For complaints not already filed or transferred to this Court by December 9, 2009, the pre-trial order requires that plaintiffs "shall be matched with a specific manufacturing defendant within 45 days of the date of the filing of the Complaint." *Id*.  (emphasis omitted).  Pre-Trial Order No. 45 further provides that the matching deadline is subject to extension "for good cause shown."  *Id.*  The above listed complaint was filed on April 30, 2010.  Thus, plaintiffs' deadlines

for matching to the correct, single manufacturing defendant expired 45 days later, on June 24, 2010.  If the above listed plaintiffs were some of the plaintiffs who had trouble obtaining matching information, and their attorneys fulfilled the strict requirements for participating in the "last chance" matching process established by the Court, then their deadline for participating in this process would have been August 2, 2010.  *See* Amended Pre-Trial Order No. 68 Concerning Deadlines for Matching and Filing (Rec. Doc. 14779).  While Plaintiffs' counsel have not given any indication that the above listed plaintiffs participated in the "last chance" process, at the very latest, the deadline for matching the plaintiffs with the correct manufacturing defendant expired more than a year ago.

The Plaintiffs listed above have failed to comply with the deficiency and curing procedures set out in PTO Nos. 2 and 32 and with the matching requirements of PTO Nos. 38, 49 and 68.

## LAW AND ARGUMENT

Here, Forest River respectfully submits that the Plaintiffs listed above have failed to comply with PTO Nos. 2, 32, 38, 49 and 68, and therefore, this Court should dismiss their claims.

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992); *Colle v. Brazos County, Tex.*, 981 F.2d 237, 242-243 (5th Cir. 1993).

Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any

claim against him." The established rule in the Fifth Circuit is that dismissal under Rule 41(b) is

appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions

would not serve the best interests of justice.  *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d

544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917 (5th Cir. 1974);

*Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972);  *Brown v. Thompson*, 430 F.2d 1214

(5th Cir. 1970).

A Plaintiff Fact Sheet includes 122 questions that were to be answered. In Pre-Trial

Order No. 88, the Court temporarily narrowed the PFS deficiency process to twenty-three "key"

questions (except for cases where deficiency notices had been served and the time for curing

such deficiencies already had expired) and, for deficiency notices served after March 24, 2011,

extended the time for curing deficiencies by an additional thirty days. *See* Rec. Doc.22124

(signed June 24, 2011), as corrected in Rec. Doc. 22153.

### Rashad M. Riley

*Cherlyn Rogers v. Forest River, Inc.* was filed April 30, 2010.  After the complaint was

filed, Forest River did not receive a full PFS from Rashad M. Riley. On, on or about May 27,

2010, Forest River received only an Amendment to the Plaintiff Fact Sheet. (*See* Amendment of

Plaintiff Fact Sheet, attached as Exhibit "A")  Upon receipt of the fact sheet, Counsel for Forest

River reviewed it and deemed the amendment deficient.  In accordance with the PFS process,

Forest River thereby sent a Rule 37 Deficiency Letter on July 28, 2011 outlining all deficiencies

of Rashad M. Riley's PFS.[1]  (*See* Rule 37 Deficiency Letter to Counsel for Plaintiff, July 28,

2011, attached as Exhibit "B").

---

[1] Although this Rule 37 Deficiency Letter was sent after the June 30, 2011 deadline found in PTO 88 due to some
database coding errors, Forest River still provided the plaintiff with a 60 day period to cure the PFS.  The Court has
been flexible in allowing the plaintiffs to cure their deficiencies beyond the 60 day cure period and has even allowed

Information that is critical to this Plaintiff's claim, such as Plaintiff's names of other trailer residents, smoking history of other trailer resident(s), future medical claim, psychological treatment, prior medical treatment request for reimbursement of medical expenses and request for wage claim were requested on July 28, 2011.  The appropriate 60 days for responding to Forest River's Rule 37 Deficiency Letter has lapsed and Plaintiff has not cured the noted PFS deficiencies.  Forest River received an email on August 29, 2011 from Chris Pinedo wherein he advised that because the deficiency letter was untimely, his Plaintiffs were under no obligation to respond to the deficiency letter.[2]  It is important to note that Plaintiff's Amendment to PFS identified Gulf Stream, rather than Forest River, as the manufacturer and listed a VIN with a 1NL1GTR prefix, which is not a Forest River prefix.  Thus, this Plaintiff has clearly admitted that he did not stay in a FEMA housing unit manufactured by Forest River.

The Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Date of Birth | IV.C. |
| Checklist | III.C. |
| Future Medical Claim | III.C.2. |
| Diagnosed Illness | III.C.3. |
| Psychological Treatment | III.C.8. |
| Only if you are Requesting Reimbursement for Medical Expenses | III.C.9. |
| Only if you are Making a Wage Claim | IV.F.3. |
| Move In Date | V.A.6. |
| Move Out Date | V.A.7. |
| Installation Address | V.A.8. |

---

plaintiffs to produce PFSs months after their deadline for their submittal in an effort to avoid being dismissed.  Thus, Forest River requests the Court to allow this same flexibility in allowing the Rule 37 Deficiency Letter submitted after June 30, 2011 and deem it a valid Rule 37 Deficiency Letter that was to be answered within 60 days.
[2] Exhibit C - August 29, 2011 email from Chris Pinedo

| | |
|---|---|
| Number of Hours Spent in Trailer Each Day | V.13. |
| Names of Other Trailer Residents | V.E. |
| Plaintiff's Smoking History | VI.C. |
| Smoking History of Other Trailer Residents | VI.D. |
| Prior Medical History | VI(F)(1&4) |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Produce Records | VIII.B. |

(*See* Ex. "A")

Rashad M. Riley has answered only 6 of the required 23 key questions, and therefore his fact sheet is deficient. Additionally, he admits that he did not stay in a Forest River unit, based upon the manufacturer and VIN listed on the PFS. He was incorrectly matched in a suit against Forest River and has missed the deadline for being matched with the correct manufacturing defendant. Thus, this Plaintiff does not belong in a suit against Forest River and his claims should be dismissed on that basis.

**Brandy Schneck on behalf of S.S.**

*Cherlyn Rogers v. Forest River, Inc.* was filed April 30, 2010. After the complaint was filed, Forest River did not receive a full PFS from S.S.. On or about May 27, 2010, Forest River received only an Amendment to the Plaintiff Fact Sheet. (*See* Amendment of Plaintiff Fact Sheet, attached as Exhibit "D") Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the amendment deficient. In accordance with the PFS process, Forest River thereby sent

a Rule 37 Deficiency Letter on July 28, 2011 outlining all deficiencies of S.S.'s PFS.[3]  (*See* Rule 37 Deficiency Letter to Counsel for Plaintiff, July 28, 2011, attached as Exhibit "B").

Information that is critical to this Plaintiff's claim, such as Plaintiff's manufacturer, names of other trailer residents, smoking history of other trailer resident(s), future medical claim, psychological treatment, prior medical treatment request for reimbursement of medical expenses and request for wage claim were requested on July 28, 2011.  The appropriate 60 days for responding to Forest River's Rule 37 Deficiency Letter has lapsed and Plaintiff has not cured the noted PFS deficiencies.  Forest River received an email on August 29, 2011 from Chris Pinedo wherein he advised that because the deficiency letter was untimely, his Plaintiffs were under no obligation to respond to the deficiency letter.[4]  It is important to note that Plaintiff's Amendment to PFS identified Gulf Stream, Southern Energy, and Cavalier, rather than Forest River, as the manufacturers and listed VINs with a 1NL1GTR, SSDAL and ACBC prefixes, which is not a Forest River prefix.  Thus, this Plaintiff has clearly admitted that she did not stay in a FEMA housing unit manufactured by Forest River.

The Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
| --- | --- |
| Date of Birth | IV.C. |
| Checklist | III.C. |
| Future Medical Claim | III.C.2. |
| Diagnosed Illness | III.C.3. |

---

[3] Although this Rule 37 Deficiency Letter was sent after the June 30, 2011 deadline found in PTO 88 due to some database coding errors, Forest River still provided the plaintiff with a 60 day period to cure the PFS.  The Court has been flexible in allowing the plaintiffs to cure their deficiencies beyond the 60 day cure period and has even allowed plaintiffs to produce PFSs months after their deadline for their submittal in an effort to avoid being dismissed.  Thus, Forest River requests the Court to allow this same flexibility in allowing the Rule 37 Deficiency Letter submitted after June 30, 2011 and deem it a valid Rule 37 Deficiency Letter that was to be answered within 60 days.

[4] Exhibit C - August 29, 2011 email from Chris Pinedo

| | |
|---|---|
| Psychological Treatment | III.C.8. |
| Only if you are Requesting Reimbursement for Medical Expenses | III.C.9. |
| Only if you are Making a Wage Claim | IV.F.3. |
| Move In Date | V.A.6. |
| Move Out Date | V.A.7. |
| Installation Address | V.A.8. |
| Number of Hours Spent in Trailer Each Day | V.13. |
| Names of Other Trailer Residents | V.E. |
| Plaintiff's Smoking History | VI.C. |
| Smoking History of Other Trailer Residents | VI.D. |
| Prior Medical History | VI(F)(1&4) |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Produce Records | VIII.B. |

(*See* Ex. "D")

S.S. has answered only 6 of the required 23 key questions, and therefore her fact sheet is deficient.  Additionally, she admits that she did not stay in a Forest River unit, based upon the manufacturer and VIN listed on the PFS.  She was incorrectly matched in a suit against Forest River and has missed the deadline for being matched with the correct manufacturing defendant.  Thus, this Plaintiff does not belong in a suit against Forest River and his claims should be dismissed on that basis.

**Nikki Tingston on behalf of G.T.**

*Cherlyn Rogers v. Forest River, Inc.* was filed April 30, 2010.  After the complaint was filed, Forest River did not receive a full PFS from G.T. On or about May 27, 2010, Forest River received only an Amendment to the Plaintiff Fact Sheet. (*See* Amendment of Plaintiff Fact Sheet,

attached as Exhibit "E")  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the amendment deficient.  In accordance with the PFS process, Forest River thereby sent a Rule 37 Deficiency Letter on July 28, 2011 outlining all deficiencies of, G.T.'s PFS.[5]  (*See* Rule 37 Deficiency Letter to Counsel for Plaintiff, July 28, 2011, attached as Exhibit "B").

Information that is critical to this Plaintiff's claim, such as Plaintiff's manufacturer, names of other trailer residents, smoking history of other trailer resident(s), future medical claim, psychological treatment, prior medical treatment request for reimbursement of medical expenses, request for wage claim and signed certification were requested on July 28, 2011.   The appropriate 60 days for responding to Forest River's Rule 37 Deficiency Letter has lapsed and Plaintiff has not cured the noted PFS deficiencies.  Forest River received an email on August 29, 2011 from Chris Pinedo wherein he advised that because the deficiency letter was untimely, his Plaintiffs were under no obligation to respond to the deficiency letter.[6]  It is important to note that Plaintiff's Amendment to PFS identified Fleetwood, rather than Forest River, as the manufacturer and listed VIN with a GAFL prefix, which is not a Forest River prefix.  Thus, this Plaintiff has clearly admitted that he did not stay in a FEMA housing unit manufactured by Forest River.

The Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

---

[5] Although this Rule 37 Deficiency Letter was sent after the June 30, 2011 deadline found in PTO 88 due to some database coding errors, Forest River still provided the plaintiff with a 60 day period to cure the PFS.  The Court has been flexible in allowing the plaintiffs to cure their deficiencies beyond the 60 day cure period and has even allowed plaintiffs to produce PFSs months after their deadline for their submittal in an effort to avoid being dismissed.  Thus, Forest River requests the Court to allow this same flexibility in allowing the Rule 37 Deficiency Letter submitted after June 30, 2011 and deem it a valid Rule 37 Deficiency Letter that was to be answered within 60 days.
[6] Exhibit C - August 29, 2011 email from Chris Pinedo

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Date of Birth | IV.C. |
| Checklist | III.C. |
| Future Medical Claim | III.C.2. |
| Diagnosed Illness | III.C.3. |
| Psychological Treatment | III.C.8. |
| Only if you are Requesting Reimbursement for Medical Expenses | III.C.9. |
| Only if you are Making a Wage Claim | IV.F.3. |
| Move In Date | V.A.6. |
| Move Out Date | V.A.7. |
| Installation Address | V.A.8. |
| Number of Hours Spent in Trailer Each Day | V.13. |
| Names of Other Trailer Residents | V.E. |
| Plaintiff's Smoking History | VI.C. |
| Smoking History of Other Trailer Residents | VI.D. |
| Prior Medical History | VI(F)(1&4) |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Produce Records | VIII.B. |

(*See* Ex. "E")

G.T. has answered only 6 of the required 23 key questions, and therefore his fact sheet is deficient.  Additionally, he admits that he did not stay in a Forest River unit, based upon the manufacturer and VIN listed on the PFS.  He was incorrectly matched in a suit against Forest River and has missed the deadline for being matched with the correct manufacturing defendant. Thus, this Plaintiff does not belong in a suit against Forest River and his claims should be dismissed on that basis..

All of the above listed plaintiffs admit that they did not stay in a Forest River housing unit and, therefore, their claims should be dismissed on that basis alone. However, as it prepares for additional litigation, evaluates the possibility of settlement, and analyzes other issues concerning the progress of this lawsuit, Forest River must be able to obtain information about those who make allegations against it. The PFS serves as the best way to acquire such information, as the PFS acts as the initial round of discovery responses. With a deficient simulated discovery response, Forest River is significantly prejudiced, and there is good cause for the Court to discontinue any potential for further prejudice against Forest River by dismissing the claims of these plaintiffs.

Based upon the foregoing, the above-listed plaintiffs' PFSs remain deficient. In accordance with Pre-Trial Orders 2, 32, 38, 49 and 68, and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the  Motion to Dismiss filed by Forest River should be granted, dismissing the claims of the above listed plaintiffs, with prejudice.

Respectfully Submitted,

**GIEGER, LABORDE & LAPEROUSE, LLC**


BY: /s/ Ernest P. Gieger, Jr.
ERNEST P. GIEGER, JR. (6154)
ANDREW A. BRAUN (#3415)
J. MICHAEL DIGIGLIA (24378)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana  70139-4800
Telephone:  (504) 561-0400
Facsimile:  (504) 561-1011
egieger@glllaw.com
abraun@glllaw.com
mdigiglia@glllaw.com
**ATTORNEYS FOR FOREST RIVER, INC**

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the forgoing document has been served upon counsel of record as indicated below in accordance with the Federal Rules of Civil Procedure on May 8, 2012 via electronic filing.


/s/ Ernest P. Gieger, Jr.