UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCT | * | |
| LIABILITY LITIGATION | * | |
| | * | SECTION "N-5" |
| THIS DOCUMENT RELATES TO: | * | |
| Case No. 10-1296 | * | JUDGE ENGELHARDT |
| | * | |
| | * | MAG. JUDGE CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMO IN SUPPORT OF DEFENDANT VANGUARD INDUSTRIES OF MICHIGAN, INC.'S  MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NO. 2 AND 32 RELATING TO PLAINTIFF FACT SHEETS AND THE MATCHING REQUIREMENTS OF PRE-TRIAL ORDERS NO. 38, 49 AND 68

**MAY IT PLEASE THE COURT:**

Vanguard Industries of Michigan, Inc., a dissolved Michigan Corporation ("VIMI"),  moves

this Honorable Court for an Order dismissing the claims of the following plaintiffs, with

prejudice, for failure to comply with Pre-Trial Orders Nos. 2 and 32 Relating to the Production

of Plaintiff Fact Sheets and the Matching Requirements of Pre-Trial Orders No. 38, 49 and 68.

- Jacqueline Bilbo (Plaintiff in *Ratliff*, C.A. 10-1296)
- Elaine Lacy (Plaintiff in *Ratliff*, C.A. 10-1296)
- Mary Johnson (Plaintiff in *Ratliff*, C.A. 10-1296)
- Lori Paquet (Plaintiff in *Ratliff,* C.A. 10-1296)
- Andrea Ratliff (Plaintiff in *Ratliff*, C.A. 10-1296)
- Andrea Ratliff on behalf of J.R. (Plaintiff in *Ratliff*, C.A. 10-1296)
- Joseph M. Ratliff, Sr. (Plaintiff in *Ratliff*, C.A. 10-1296)
- Michelle Williams on behalf of M.W. (Plaintiff in *Ratliff*, C.A. 10-1296)
- Michelle Williams (Plaintiff in *Ratliff*, C.A. 10-1296)
- Michelle Williams on behalf of R.W.(Plaintiff in *Ratliff*, C.A. 10-1296)
- Michelle Williams on behalf of R.W., Jr. (Plaintiff in *Ratliff*, C.A. 10-1296)
- Richard Williams, Sr. (Plaintiff in *Ratliff*, C.A. 10-1296)

**BACKGROUND - CREATION OF MDL AND FACT SHEET PROCESS**

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008 the Court issued Pre-Trial Order ("PTO" or "Order") No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet" (PFS), which would serve as the substitute for the initial rounds of Interrogatories and Requests for Production of Documents in a more standardized and simplified format. Rec. Doc. No. 87. The Order also established a process for "curing" these fact sheets when any particular plaintiff failed to comply with its obligation to submit a properly completed PFS Sheet. In outlining the curing process, the Order stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id.* at p. 8—9. The letter would specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id.*

Subsequently, on March 18, 2009, the Court amended PTO No. 2 with PTO No. 32 as to the due dates for these same PFSs. Rec. Doc. No. 1180. Because of the large number of cases being filed in the summer of 2009, PTO No. 32 provided new deadlines for the production of the PFSs and it also retained the same curing procedure as was set forth in PTO No. 2.

On May 27, 2009 the Court entered PTO No. 38 thereby placing on each plaintiff the burden of identifying and naming the sole manufacturer responsible for erecting the FEMA unit in which he or she was housed.  Rec. Doc. No. 1596.  For complaints that had already been filed or transferred to this Court as of December 9, 2009, the deadline to complete this matching

expired twenty days thereafter, on December 29, 2009.  *See* Pre-Trial Order No. 49 (Rec. Doc. 8908).  For complaints not already filed or transferred to this Court by December 9, 2009, the pre-trial order requires that plaintiffs "shall be matched with a specific manufacturing defendant within 45 days of the date of the filing of the Complaint." *Id.*  (emphasis omitted).  Pre-Trial Order No. 45 further provides that the matching deadline is subject to extension "for good cause shown." *Id.*  The above listed complaint was filed on April 30, 2010.  Thus, plaintiffs' deadlines for matching to the correct, single manufacturing defendant expired 45 days later, on June 24, 2010.  If the above listed plaintiffs were some of the plaintiffs who had trouble obtaining matching information, and their attorneys fulfilled the strict requirements for participating in the "last chance" matching process established by the Court, then their deadline for participating in this process would have been August 2, 2010.  *See* Amended Pre-Trial Order No. 68 Concerning Deadlines for Matching and Filing (Rec. Doc. 14779).  While Plaintiffs' counsel have not given any indication that the above listed plaintiffs participated in the "last chance" process, at the very latest, the deadline for matching the plaintiffs with the correct manufacturing defendant expired more than a year ago.

The Plaintiffs listed above have failed to comply with the deficiency and curing procedures set out in PTO Nos. 2 and 32 and with the matching requirements of PTO Nos. 38, 49 and 68.

## LAW AND ARGUMENT

Here, VIMI respectfully submits that the Plaintiffs listed above have failed to comply with PTO Nos. 2, 32, 38, 49 and 68, and therefore, this Court should dismiss their claims.

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and

administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992); *Colle v. Brazos County, Tex.*, 981 F.2d 237, 242-243 (5th Cir. 1993).

Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the Fifth Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice. *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc*., 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F.2d 1214 (5th Cir. 1970).

A Plaintiff Fact Sheet includes 122 questions that were to be answered. In Pre-Trial Order No. 88, the Court temporarily narrowed the PFS deficiency process to twenty-three "key" questions (except for cases where deficiency notices had been served and the time for curing such deficiencies already had expired) and, for deficiency notices served after March 24, 2011, extended the time for curing deficiencies by an additional thirty days. *See* Rec. Doc.22124 (signed June 24, 2011), as corrected in Rec. Doc. 22153.

**Jacqueline Bilbo**

*Jasmine Ratliff v. Vanguard, LLC* was filed April 30, 2010.  After the complaint was filed, VIMI did not receive a PFS from Jacqueline Bilbo.  On May 2, 2011, VIMI sent to Plaintiff's Counsel a letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "A").  VIMI received the missing Plaintiff Fact Sheet on or about May 24, 2011 (*See* Plaintiff Fact Sheet of Jacqueline Bilbo attached as Exhibit "B").  Upon receipt of the fact sheet, Counsel for VIMI reviewed it and

deemed the fact sheet deficient.  Most importantly, this Plaintiff's PFS identified Patriot Homes and Gulfstream as the Manufacturers and listed a VIN with a NTA138 prefix, which is not a VIMI prefix.  Thus, this Plaintiff has clearly admitted that she did not stay in a FEMA housing unit manufactured by VIMI.

According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had not been previously received is considered a deficiency letter and, upon received a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required and that those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[1]

The Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Psychological Treatment | III.C.8. |
| Only if you are Requesting Reimbursement for Medical Expenses | III.C.9. |
| Only if you are Making a Wage Claim | IV.F.3. |
| Number of Hours Spent in Trailer Each Day | V.13. |
| Names of Other Trailer Residents | V.E. |
| Smoking History of Other Trailer Residents | VI.D. |

---

[1] See Exhibit C – May 13, 2011 Committee's Status Conference Transcript

| Prior Medical History | VI(F)(1&4) |
|---|---|
| Treatment for Formaldehyde Related Injury | VII.B. |
| Produce Records | VIII.B. |
| Signed Certification | |

(*See* Ex. "B")

Jacqueline Bilbo has answered only 11 of the required 23 key questions, and therefore her fact sheet is deficient.  Additionally, she admits that she did not stay in a VIMI unit, based upon the manufacturer and VIN listed on the PFS.  She was incorrectly matched in a suit against VIMI and has missed the deadline for being matched with the correct manufacturing defendant.  Thus, this Plaintiff does not belong in a suit against VIMI and her claims should be dismissed on that basis.

**Elaine Lacy**

*Jasmine Ratliff v. Vanguard, LLC* was filed April 30, 2010.  After the complaint was filed, VIMI never received a PFS from Elaine Lacy.  On May 2, 2011, VIMI sent to Plaintiff's Counsel a letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "A").  VIMI received the missing Plaintiff Fact Sheet on or about May 24, 2011 (*See* Plaintiff Fact Sheet of Elaine Lacy attached as Exhibit "D").  Upon receipt of the fact sheet, Counsel for VIMI reviewed it and deemed the fact sheet deficient.  Most importantly, this Plaintiff's PFS identified Gulfstream as the Manufacturer and did not list a VIN or Barcode.  Thus, this Plaintiff has clearly admitted that she did not stay in a FEMA housing unit manufactured by VIMI.

6

According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had not been previously received is considered a deficiency letter and, upon received a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required and that those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[2]

The Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| VIN | V.A.2. |
| Barcode | V.A.4. |
| Smoking History of Other Trailer Residents | VI.D. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Produce Records | VIII.B. |

(*See* Ex. "D")

Elaine Lacy has answered only 18 of the required 23 key questions, and therefore her fact sheet is deficient.  Additionally, she admits that she did not stay in a VIMI unit, based upon the manufacturer listed on the PFS.  She was incorrectly matched in a suit against VIMI and has missed the deadline for being matched with the correct manufacturing defendant.  Thus, this Plaintiff does not belong in a suit against VIMI and her claims should be dismissed on that basis.

**Mary Johnson**

*Jasmine Ratliff v. Vanguard, LLC* was filed April 30, 2010.  After the complaint was filed, VIMI received a nearly blank PFS from Mary Johnson.  (*See* Plaintiff Fact Sheet of Mary

---

[2] See Exhibit C – May 13, 2011 Committee's Status Conference Transcript

Johnson attached as Exhibit "E").  Upon receipt of the fact sheet, Counsel for VIMI reviewed it and deemed the fact sheet deficient.  In accordance with the agreed to PFS process, VIMI thereby sent a Rule 37 Deficiency Letters on April 6, 2011 and June 29, 2011, outlining all deficiencies of Mary Johnson's PFS.  (*See* Rule 37 Deficiency Letters to Counsel for Plaintiff, April 6, 2011 and June 29, 2011, attached as Exhibit "F").

Information that is critical to this Plaintiff's claim, such as a VIN pertaining to VIMI was requested on April 6, 2011.  In response to the PTO 88 items, on June 29, 2011, VIMI requested additional information on the smoking history of trailer residents and request for reimbursement of medical expenses.  Most importantly, this Plaintiff's PFS R Vision, Inc., rather than VIMI, as the manufacturer bearing a VIN with a 4WYT prefix, which is not a VIMI VIN prefix.  Thus, this Plaintiff has clearly indicated that she did not even stay in a VIMI unit.

While, Mary Johnson has answered the required 23 key questions, she admits that she did not stay in a VIMI unit, based upon the manufacturer and VIN identified on the PFS.  She was incorrectly matched in a suit against VIMI and has missed the deadline for being matched with the correct manufacturing defendant.  Thus, this Plaintiff does not belong in a suit against VIMI and her claims should be dismissed on that basis.

**Lori Paquet**

*Jasmine Ratliff v. Vanguard, LLC* was filed April 30, 2010.  After the complaint was filed, VIMI never received a PFS from Lori Paquet.  On May 2, 2011, VIMI sent to Plaintiff's Counsel a letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "A").  VIMI received the missing Plaintiff Fact Sheet on or about May 24, 2011 (*See* Plaintiff Fact Sheet of Lori Paquet attached as Exhibit "G").  Upon receipt of the fact sheet, Counsel for VIMI reviewed it and deemed the fact sheet

deficient.  Most importantly, this Plaintiff's PFS identified Gulfstream as the Manufacturer and did not list a VIN or Barcode.  Thus, this Plaintiff has clearly admitted that she did not stay in a FEMA housing unit manufactured by VIMI.

According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had not been previously received is considered a deficiency letter and, upon received a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required and that those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[3]

The Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| VIN | V.A.2. |
| Barcode | V.A.4. |
| Number of Hours Spent in Trailer Each Day | V.13. |
| Smoking History of Other Trailer Residents | VI.D. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Produce Records | VIII.B. |

(*See* Ex. "G")

Lori Paquet has answered only 17 of the required 23 key questions, and therefore her fact sheet is deficient.  Additionally, she admits that she did not stay in a VIMI unit, based upon the manufacturer listed on the PFS.  She was incorrectly matched in a suit against VIMI and has

---

[3] See Exhibit C – May 13, 2011 Committee's Status Conference Transcript

missed the deadline for being matched with the correct manufacturing defendant.  Thus, this Plaintiff does not belong in a suit against VIMI and her claims should be dismissed on that basis.

**Andrea Ratliff**

*Jasmine Ratliff v. Vanguard, LLC* was filed April 30, 2010.  After the complaint was filed, VIMI never received a PFS from Andrea Ratliff.  On May 2, 2011, VIMI sent to Plaintiff's Counsel a letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "A").  VIMI received the missing Plaintiff Fact Sheet on or about May 24, 2011 (*See* Plaintiff Fact Sheet of Andrea Ratliff attached as Exhibit "H").  Upon receipt of the fact sheet, Counsel for VIMI reviewed it and deemed the fact sheet deficient.  Most importantly this Plaintiff's PFS identified Gulfstream as the Manufacturer and did not list a VIN or Barcode.  Thus, this Plaintiff has clearly admitted that she did not stay in a FEMA housing unit manufactured by VIMI.

According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had not been previously received is considered a deficiency letter and, upon received a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required and that those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[4]

The Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

---

[4] See Exhibit C – May 13, 2011 Committee's Status Conference Transcript

| INFORMATION/DATA | PFS SECTION |
|---|---|
| VIN | V.A.2. |
| Barcode | V.A.4. |
| Smoking History of Other Trailer Residents | VI.D. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Produce Records | VIII.B. |

(*See* Ex. "H")

Andrea Ratliff has answered only 18 of the required 23 key questions and therefore her fact sheet is deficient.  Additionally, she admits that she did not stay in a VIMI unit, based upon the manufacturer listed on the PFS.  She was incorrectly matched in a suit against VIMI and has missed the deadline for being matched with the correct manufacturing defendant.  Thus, this Plaintiff does not belong in a suit against VIMI and her claims should be dismissed on that basis.

**Andrea Ratliff on behalf of J.R.**

*Jasmine Ratliff v. Vanguard, LLC* was filed April 30, 2010.  After the complaint was filed, VIMI never received a PFS from Jordin Ratliff.  On May 2, 2011, VIMI sent to Plaintiff's Counsel a letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "A").  VIMI received the missing Plaintiff Fact Sheet on or about May 24, 2011 (*See* Plaintiff Fact Sheet of Jordin Ratliff attached as Exhibit "I").  Upon receipt of the fact sheet, Counsel for VIMI reviewed it and deemed the fact sheet deficient.  Most importantly, this Plaintiff's PFS identified Gulfstream as the Manufacturer and did not list a VIN or Barcode.  Thus, this Plaintiff has clearly admitted that she did not stay in a FEMA housing unit manufactured by VIMI.

11

According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had not been previously received is considered a deficiency letter and, upon received a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required and that those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[5]

The Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| VIN | V.A.2. |
| Barcode | V.A.4. |
| Smoking History of Other Trailer Residents | VI.D. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Produce Records | VIII.B. |

(*See* Ex. "I")

Jordin Ratliff has answered only 18 of the required 23 key questions, and therefore her fact sheet is deficient.  Additionally, she admits that she did not stay in a VIMI unit, based upon the manufacturer listed on the PFS.  She was incorrectly matched in a suit against VIMI and has missed the deadline for being matched with the correct manufacturing defendant.  Thus, this Plaintiff does not belong in a suit against VIMI and her claims should be dismissed on that basis.

**Joseph M. Ratliff, Sr.**

*Jasmine Ratliff v. Vanguard, LLC* was filed April 30, 2010.  After the complaint was filed, VIMI never received a PFS from Joseph M. Ratliff, Sr.  On May 2, 2011, VIMI sent to

---

[5] See Exhibit C – May 13, 2011 Committee's Status Conference Transcript

Plaintiff's Counsel a letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "A"). VIMI received the missing Plaintiff Fact Sheet on or about May 24, 2011 (*See* Plaintiff Fact Sheet of Joseph M. Ratliff, Sr. attached as Exhibit "J"). Upon receipt of the fact sheet, Counsel for VIMI reviewed it and deemed the fact sheet deficient. Most importantly, this Plaintiff's PFS identified Gulfstream as the Manufacturer and did not list a VIN or Barcode. Thus, this Plaintiff has clearly admitted that he did not stay in a FEMA housing unit manufactured by VIMI.

According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had not been previously received is considered a deficiency letter and, upon received a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required and that those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[6]

The Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| VIN | V.A.2. |
| Barcode | V.A.4. |
| Smoking History of Other Trailer Residents | VI.D. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Produce Records | VIII.B. |

(*See* Ex. "J")

---

[6] See Exhibit C – May 13, 2011 Committee's Status Conference Transcript

Joseph M. Ratliff, Sr. has answered only 18 of the required 23 key questions, and therefore his fact sheet is deficient.  Additionally, he admits that he did not stay in a VIMI unit, based upon the manufacturer listed on the PFS.  He was incorrectly matched in a suit against VIMI and has missed the deadline for being matched with the correct manufacturing defendant.  Thus, this Plaintiff does not belong in a suit against VIMI and his claims should be dismissed on that basis.

**Michelle Williams on behalf of M.W.**

*Jasmine Ratliff v. Vanguard, LLC* was filed April 30, 2010.  After the complaint was filed, VIMI never received a PFS from Michael Williams.  On May 2, 2011, VIMI sent to Plaintiff's Counsel a letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "A").  VIMI received the missing Plaintiff Fact Sheet on or about May 24, 2011 (*See* Plaintiff Fact Sheet of Michael Williams attached as Exhibit "K").  Upon receipt of the fact sheet, Counsel for VIMI reviewed it and deemed the fact sheet deficient.  Most importantly this Plaintiff's PFS identified Gulfstream as the Manufacturer and did not list a VIN or Barcode.  Thus, this Plaintiff has clearly admitted that he did not stay in a FEMA housing unit manufactured by VIMI.

According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had not been previously received is considered a deficiency letter and, upon received a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required and that those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[7]

---

[7] See Exhibit C – May 13, 2011 Committee's Status Conference Transcript

The Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| VIN | V.A.2. |
| Barcode | V.A.4. |
| Smoking History of Other Trailer Residents | VI.D. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Produce Records | VIII.B. |

(*See* Ex. "K")

Michael Williams has answered only 18 of the required 23 key questions, and therefore his fact sheet is deficient.  Additionally, he admits that he did not stay in a VIMI unit, based upon the manufacturer listed on the PFS.  He was incorrectly matched in a suit against VIMI and has missed the deadline for being matched with the correct manufacturing defendant.  Thus, this Plaintiff does not belong in a suit against VIMI and his claims should be dismissed on that basis.

**Michelle Williams**

*Jasmine Ratliff v. Vanguard, LLC* was filed April 30, 2010.  After the complaint was filed, VIMI never received a PFS from Michelle Williams.  On May 2, 2011, VIMI sent to Plaintiff's Counsel a letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "A").  VIMI received the missing Plaintiff Fact Sheet on or about May 24, 2011 (*See* Plaintiff Fact Sheet of Michelle Williams attached as Exhibit "L").  Upon receipt of the fact sheet, Counsel for VIMI reviewed it and deemed the fact sheet deficient.  Most importantly this Plaintiff's PFS identified Gulfstream as the Manufacturer and did not list a VIN or Barcode.  Thus, this Plaintiff has clearly admitted that she did not stay in a FEMA housing unit manufactured by VIMI.

According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had not been previously received is considered a deficiency letter and, upon received a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required and that those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[8]

The Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Only if you are Requesting Reimbursement for Medical Expenses | III.C.9. |
| VIN | V.A.2. |
| Barcode | V.A.4. |
| Smoking History of Other Trailer Residents | VI.D. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Produce Records | VIII.B. |

(*See* Ex. "L")

Michelle Williams has answered only 17 of the required 23 key questions, and therefore her fact sheet is deficient.  Additionally, she admits that she did not stay in a VIMI unit, based upon the manufacturer listed on the PFS.  She was incorrectly matched in a suit against VIMI and has missed the deadline for being matched with the correct manufacturing defendant.  Thus, this Plaintiff does not belong in a suit against VIMI and her claims should be dismissed on that basis.

---

[8] See Exhibit C – May 13, 2011 Committee's Status Conference Transcript

**Michelle Williams on behalf of R.W.**

*Jasmine Ratliff v. Vanguard, LLC* was filed April 30, 2010.  After the complaint was filed, VIMI never received a PFS from R.W..  On May 2, 2011, VIMI sent to Plaintiff's Counsel a letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "A").  VIMI received the missing Plaintiff Fact Sheet on or about May 24, 2011 (*See* Plaintiff Fact Sheet of Richelle R.W. attached as Exhibit "M").  Upon receipt of the fact sheet, Counsel for VIMI reviewed it and deemed the fact sheet deficient.  Most importantly this Plaintiff's PFS identified Gulfstream as the Manufacturer and did not list a VIN or Barcode.  Thus, this Plaintiff has clearly admitted that she did not stay in a FEMA housing unit manufactured by VIMI.

According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had not been previously received is considered a deficiency letter and, upon received a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required and that those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[9]

The Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| VIN | V.A.2. |
| Barcode | V.A.4. |
| Smoking History of Other Trailer Residents | VI.D. |

---

[9] See Exhibit C – May 13, 2011 Committee's Status Conference Transcript

| Treatment for Formaldehyde Related Injury | VII.B. |
|---|---|
| Produce Records | VIII.B. |

(*See* Ex. "M")

Richelle Williams has answered only 18 of the required 23 key questions, and therefore her fact sheet is deficient.  Additionally, she admits that she did not stay in a VIMI unit, based upon the manufacturer listed on the PFS.  She was incorrectly matched in a suit against VIMI and has missed the deadline for being matched with the correct manufacturing defendant.  Thus, this Plaintiff does not belong in a suit against VIMI and her claims should be dismissed on that basis.

### Michelle Williams on behalf of Richard Williams, Jr.

*Jasmine Ratliff v. Vanguard, LLC* was filed April 30, 2010.  After the complaint was filed, VIMI never received a PFS from Richard Williams, Jr.  On May 2, 2011, VIMI sent to Plaintiff's Counsel a letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "A").  VIMI received the missing Plaintiff Fact Sheet on or about May 24, 2011 (*See* Plaintiff Fact Sheet of Richard Williams, Jr. attached as Exhibit "N").  Upon receipt of the fact sheet, Counsel for VIMI reviewed it and deemed the fact sheet deficient.  Most importantly this Plaintiff's PFS identified Gulfstream as the Manufacturer and did not list a VIN or Barcode.  Thus, this Plaintiff has clearly admitted that he did not stay in a FEMA housing unit manufactured by VIMI.

According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had not been previously received is considered a deficiency letter and, upon received a PFS in

response to that letter, a second deficiency letter identifying deficiencies in that newly received

PFS is not required and that those PFSs received have to be filled out in a full and non-deficient

way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[10]

The Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| VIN | V.A.2. |
| Barcode | V.A.4. |
| Smoking History of Other Trailer Residents | VI.D. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Produce Records | VIII.B. |

(*See* Ex. "N")

Richard Williams, Jr. has answered only 18 of the required 23 key questions,  and

therefore his fact sheet is deficient.  Additionally, he admits that he did not stay in a VIMI unit,

based upon the manufacturer listed on the PFS.  He was incorrectly matched in a suit against

VIMI and has missed the deadline for being matched with the correct manufacturing defendant.

Thus, this Plaintiff does not belong in a suit against VIMI and his claims should be dismissed on

that basis.

**Richard Williams, Sr.**

*Jasmine Ratliff v. Vanguard, LLC* was filed April 30, 2010.  After the complaint was

filed, VIMI never received a PFS from Richard Williams, Sr.  On May 2, 2011, VIMI sent to

Plaintiff's Counsel a letter requesting production of a Plaintiff Fact Sheet for the above named

Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "A").  VIMI received the missing

Plaintiff Fact Sheet on or about May 24, 2011 (*See* Plaintiff Fact Sheet of Richard Williams, Sr.

---

[10] See Exhibit C – May 13, 2011 Committee's Status Conference Transcript

attached as Exhibit "O").  Upon receipt of the fact sheet, Counsel for VIMI reviewed it and deemed the fact sheet deficient.  Most importantly, this Plaintiff's PFS identified Gulfstream as the Manufacturer and did not list a VIN or Barcode.  Thus, this Plaintiff has clearly admitted that he did not stay in a FEMA housing unit manufactured by VIMI.

According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had not been previously received is considered a deficiency letter and, upon received a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required and that those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[11]

The Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Only if you are Requesting Reimbursement of Medical Expenses | III.C.9. |
| VIN | V.A.2. |
| Barcode | V.A.4. |
| Smoking History of Other Trailer Residents | VI.D. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Produce Records | VIII.B. |

(*See* Ex. "O")

Richard Williams, Sr. has answered only 17 of the required 23 key questions, and therefore his fact sheet is deficient.  Additionally, he admits that he did not stay in a VIMI unit, based upon the manufacturer listed on the PFS.  He was incorrectly matched in a suit against

---

[11] See Exhibit C – May 13, 2011 Committee's Status Conference Transcript

VIMI and has missed the deadline for being matched with the correct manufacturing defendant. Thus, this Plaintiff does not belong in a suit against VIMI and his claims should be dismissed on that basis.

As it prepares for additional litigation, evaluates the possibility of settlement, and analyzes other issues concerning the progress of this lawsuit, VIMI must be able to obtain information about those who make allegations against it. The PFS serves as the best way to acquire such information, as the PFS acts as the initial round of discovery responses. With a deficient simulated discovery response, VIMI is significantly prejudiced, and there is good cause for the Court to discontinue any potential for further prejudice against VIMI by dismissing the claims of these plaintiffs.

Based upon the foregoing, the above-listed plaintiffs' PFSs remain deficient. In accordance with Pre-Trial Orders 2, 32, 38, 49 and 68, and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the  Motion to Dismiss filed by VIMI should be granted, dismissing the claims of the above listed plaintiffs, with prejudice.

Respectfully Submitted,

**GIEGER, LABORDE & LAPEROUSE, LLC**

BY: /s/ Ernest P. Gieger, Jr.
ERNEST P. GIEGER, JR. (6154)
ANDREW A. BRAUN (#3415)
J. MICHAEL DIGIGLIA (24378)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana  70139-4800
Telephone:  (504) 561-0400
Facsimile:  (504) 561-1011
egieger@glllaw.com
abraun@glllaw.com
mdigiglia@glllaw.com
ATTORNEYS FOR VANGUARD INDUSTRIES OF MICHIGAN, INC.

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the forgoing document has been served upon counsel of record as indicated below in accordance with the Federal Rules of Civil Procedure on May 8, 2012 via electronic filing.


/s/ Ernest P. Gieger, Jr.