UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCT | * | |
| LIABILITY LITIGATION | * | |
| | * | SECTION "N-5" |
| THIS DOCUMENT RELATES TO: | * | |
| Case No. 09-8635 | * | JUDGE ENGELHARDT |
| | * | |
| | * | MAG. JUDGE CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF DEFENDANT FOREST RIVER INC.'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDER NOS. 2 & 32 RELATING TO PLAINTIFF FACT SHEETS**

**MAY IT PLEASE THE COURT:**

Forest River, Inc. ("Forest River") moves this Honorable Court for an Order granting Forest River's Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2 and 32 Relating to Plaintiff Fact Sheets with respect to the claims of the following plaintiff.

- Veronica Joseph (Plaintiff in *Tolliver,* C.A. 09-8635)

### BACKGROUND - CREATION OF MDL AND FACT SHEET PROCESS

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008 the Court issued Pre-Trial Order ("PTO" or "Order") No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet" (PFS), which would serve as the substitute for the initial rounds of Interrogatories and Requests for Production of Documents in a more standardized and simplified format. Rec. Doc. No. 87. The Order also established a process for "curing" these fact sheets when any particular plaintiff failed to comply with its obligation to submit a properly completed PFS Sheet. In outlining the

curing process, the Order stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id.* . at p. 8—9. The letter would specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id.*

Subsequently, on March 18, 2009, the Court amended PTO No. 2 with PTO No. 32 as to the due dates for these same PFSs. Rec. Doc. No. 1180. Because of the large number of cases being filed in the summer of 2009, PTO No. 32 provided new deadlines for the production of the PFSs and it also retained the same curing procedure as was set forth in PTO No. 2.

The Plaintiff listed above has failed to comply with the deficiency and curing procedures set out in PTO Nos. 2 and 32.

**LAW AND ARGUMENT**

Here, Forest River respectfully submits that the Plaintiff listed above has failed to comply with PTO Nos. 2 and 32, and therefore, this Court should dismiss his claim.

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992); *Colle v. Brazos County, Tex.*, 981 F.2d 237, 242-243 (5th Cir. 1993).

Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the Fifth Circuit is that dismissal under Rule 41(b) is

appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice. *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F.2d 1214 (5th Cir. 1970).

A Plaintiff Fact Sheet includes 122 questions that were to be answered. In Pre-Trial Order No. 88, the Court temporarily narrowed the PFS deficiency process to twenty-three "key" questions (except for cases where deficiency notices had been served and the time for curing such deficiencies already had expired) and, for deficiency notices served after March 24, 2011, extended the time for curing deficiencies by an additional thirty days. *See* Rec. Doc.22124 (signed June 24, 2011), as corrected in Rec. Doc. 22153. Effective April 1, 2012, deficiencies are no longer limited to those identified as "key" by this court. *Id*

**Veronica Joseph**

*Doris Tolliver v. Forest River, Inc*. was filed December 29, 2009. After the complaint was filed, Forest River never received the Plaintiff Fact Sheet for Veronica Joseph. On May 2, 2011, Forest River sent to Plaintiff's Counsel a Deficiency Letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "A"). Forest River received the missing Plaintiff Fact Sheet on or about May 25, 2011 (*See* Plaintiff Fact Sheet of Veronica Joseph, attached as Exhibit "B"). Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient. It is important to note that Plaintiff's PFS did not identify a manufacturer, VIN, FEMA Id or Barcode. Thus, this Plaintiff has clearly admitted that she does not know who manufactured the FEMA housing unit she occupied. According to the transcript of the Committee's Status Conference held on May

3

13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had not been previously received is considered a deficiency letter and, upon receiving a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required and that those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5)[1].

The Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Manufacturer | V.A.1. |
| VIN | V.A.2. |
| FEMA Id | V.A.3. |
| Barcode | V.A.4. |
| Move In Date | V.A.6. |
| Move Out Date | V.A.7. |
| Installation Address | V.A.8. |
| Number of Hours Spent in Trailer Each Day | V.13. |
| Names of Other Trailer Residents | V.E. |
| Plaintiff's Smoking History | VI.C. |
| Smoking History of Other Residents | VI.D. |
| Future Medical Claim | III.C.2. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Prior Medical History | VI(F)(1&4) |
| Produce Records | VIII(A-D) |

(*See* Ex. "B")

Veronica Joseph has answered only 8 of the required 23 keys questions, and her plaintiff fact sheet was incomplete, missing several pages. She failed to identify material information, including trailer manufacturer and VIN. More importantly, this plaintiff clearly does not know

---

[1] See Exhibit C – May 13, 2011 Committee's Status Conference Transcript

4

who manufactured the FEMA housing unit she occupied. Thus, she does not belong in a suit against Forest River and her claims should be dismissed.

As it prepares for additional litigation, evaluates the possibility of settlement, and analyzes other issues concerning the progress of this lawsuit, Forest River must be able to obtain information about those who make allegations against it. The PFS serves as the best way to acquire such information, as the PFS acts as the initial round of discovery responses. With a deficient simulated discovery response, Forest River is significantly prejudiced, and there is good cause for the Court to discontinue any potential for further prejudice against Forest River by dismissing the claims of these plaintiffs.

Based upon the foregoing, the above-listed plaintiff's PFS remains deficient. In accordance with Pre-Trial Orders 2, 32, 38, 49 and 68, and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the Motion to Dismiss filed by Forest River should be granted, dismissing the claims of the above listed plaintiff, with prejudice.

Respectfully Submitted,

**GIEGER, LABORDE & LAPEROUSE, LLC**

BY: /s/ Ernest P. Gieger, Jr.
ERNEST P. GIEGER, JR. (6154)
ANDREW A. BRAUN (#3415)
J. MICHAEL DIGIGLIA (24378)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139-4800
Telephone: (504) 561-0400
Facsimile: (504) 561-1011
egieger@glllaw.com
abraun@glllaw.com
mdigiglia@glllaw.com
**ATTORNEYS FOR FOREST RIVER, INC**

5

## **CERTIFICATE OF SERVICE**

    I do hereby certify that a true and correct copy of the forgoing document has been served upon counsel of record as indicated below in accordance with the Federal Rules of Civil Procedure on May 8, 2012 via electronic filing.

                                            /s/ Ernest P. Gieger, Jr.