UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                    MDL NO. 07-1873
        FORMALDEHYDE PRODUCTS
        LIABILITY LITIGATION
                                                       SECTION "N"  (5)


THIS DOCUMENT RELATES TO
Member Case No. 09-8057


## ORDER AND REASONS

Before the Court is Plaintiffs' Motion for Leave to File Amended Complaint (Rec. Doc.

24963).  Defendant Forest River, Inc. ("Forest River") has filed a memorandum in opposition.  Rec.

Doc. 25389.

Plaintiffs seek leave to amend their complaint to add Tommie Keys, Jr., and Arneadra Keys

as named plaintiffs.  Forest River objects to the proposed amendments on grounds that (1) Arneadra

Keys has never before been matched to Forest River and that the deadlines for matching have long

since past; (2) plaintiffs recently consented to the dismissal of Tommie Keys, Jr., and should not be

allowed add him again to the complaint; and (3) the amendment seeking to add Arneadra Keys as

a named plaintiff should be disallowed as futile because her claims are prescribed.

### A.  Applicability of Matching Deadlines:

Forest River argues that the instant motion presents what have come to be known in this

multidistrict litigation ("MDL") as "matching" issues.  The long, difficult history of matching each

plaintiff to a single manufacturer is set forth in this Court's Amended Pretrial Order No. 68

Concerning Deadlines for Matching and Filing (Rec. Doc. 14779).   It will not be repeated here,

except for a short summary.

1

Pre-Trial Order No. 38 placed on each plaintiff the burden of identifying and naming the sole manufacturer responsible for erecting the FEMA unit in which he or she was housed.[1] (Rec. Doc. 1596). This process of "matching" each plaintiff to the proper manufacturer has sapped enormous time, manpower, and resources from plaintiffs' counsel, defendants' counsel, the Court, FEMA, and counsel for the Government. Thus, the matching deadlines set by the Court were not made lightly. For complaints already filed or transferred to this Court as of December 9, 2009, the deadline for matching expired twenty days thereafter, on December 29, 2009. *See* Pre-Trial Order No. 49. (Rec. Doc. 8908). For complaints filed or transferred after December 9, 2009, the pre-trial order requires that plaintiffs "shall be matched with a specific manufacturing defendant **within 45 days of the date of the filing of the Complaint**." *Id.* (emphasis in original). Pre-Trial Order No. 45 further provides that the matching deadline is subject to extension "for good cause shown." *Id.*

Contrary to Forest River's argument, neither of the proposed amendments implicate the Court's matching deadlines. Arneadra Keys has never before been party to a complaint in this litigation. Thus, her matching deadlines have not yet been triggered. Tommie Keys, Jr., was properly matched to Forest River before his counsel, based on erroneous information from Tommie's parents, mistakenly consented to the dismissal of Tommie's claims. Thus, he was timely matched to Forest River, and now seeks to re-assert his claim against Forest River. His matching deadlines were met.

### B. "Good Cause" Analysis Under Rule 16(b):

Further, even if the Court were to apply a Rule 16 "good cause" analysis, as Forest River

---

[1] The one exception to this rule is where "a Plaintiff lived in more than one emergency housing unit, manufactured by different manufacturers." Pre-Trial Order No. 38 (Rec. Doc. 1596). In such a case, the plaintiff may proceed against more than one manufacturer defendant.

suggests, the Court would find that good cause has been established. Federal Rule of Civil Procedure 16(b) "governs amendment of pleadings after a scheduling order deadline has expired." *S & W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). Rule 16(b) provides that once a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b). The Fifth Circuit looks to four factors in determining whether a movant has established good cause: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S & W Enters.,* 315 F.3d at 536 (internal quotations omitted).

With regard to the first factor, plaintiffs state that both the omission of Arneadra Keys and the mistaken consent to the dismissal of Tommie Keys, Jr., were due to erroneous information provided by Arneadra and Tommie's parents, one of whom is illiterate and one of whom has had only a very limited education. The Court finds the first factor to be neutral, weighing neither in favor nor against the amendments. The second factor, however, weighs strongly in the movants' favor. The result of denying the amendment would likely be that these plaintiffs would be barred from litigating their claims against the company who manufactured their FEMA units. Such prejudice cannot be weighed lightly. The third factor weighs very slightly in Forest River's favor, but is heavily outweighed by the prejudice that the movants would suffer if the amendments were not allowed.[2] Although there will be some minor prejudice to Forest River, this prejudice will be small because of the current stance of the litigation, as explained below. Moreover, unlike in other cases where the

---

[2] Because of the posture of the claims against Forest River, discussed *infra*, the fourth factor of the good cause analysis (the availability of a continuance to mitigate the prejudice) is not relevant here.

Court has denied late-filed matching amendments, the amendments proposed here will not cause prejudice to the administration of this MDL as a whole. After much labor over the matching and census process, a large group of defendants has agreed to a global settlement, which is in the process of being submitted to the Court for approval. Forest River has not joined the settlement, and the Court has therefore begun the process of severing each of the individual cases against Forest River, placing them on the trial docket, and setting individual pre-trial deadlines, which include a period for full discovery and motion practice. Therefore, Forest River will be given new deadlines with ample time to prepare for and defend against each of the new claims, and no continuance will be necessary. Because the settlement with other defendants is moving forward, allowing the amendments here will not at all undermine the efforts that have been made toward global resolution. Moreover, because all cases against Forest River are on the verge of being severed for trial (or remanded or transferred to other districts for trial), the amendments will not delay or otherwise affect other plaintiffs or other defendants in the MDL.

For all of these reasons, under a Rule 16(b) analysis, the Court finds that the prejudice to Forest River, if any, is slight and far outweighed by the movants' potential loss of their claims. The question remains whether the amendments should be allowed in the under Rule 15(a)(2).

### C. Forest River's Argument that the Amendments Should Be Denied under Rule 15(a):

When presented with a motion to amend under Rule 15(a)(2), "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Fifth Circuit has stated that such a motion "should not be denied unless there is a substantial reason to do so." *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998) (internal quotations omitted). In exercising its discretion, the Court "may consider factors such as whether there has been '*undue delay*, bad faith or dilatory motive on

the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and *futility of amendment*.' " *Id.* (emphasis in original) (quoting *In re Southmark Corp.*, 88 F.3d 311, 314-15 (5th Cir. 1996), *cert. denied*, 519 U.S. 1057 (1997)).

Forest River's arguments regarding belatedness and prejudice are rejected for the reasons stated above. Forest River also argues that the Court should deny the amendment seeking to add Arneadra Keys because it is futile. According to Forest River, this proposed amendment is futile because Ms. Keys' claim is prescribed. However, Forest River offers only one conclusory sentence in support of this argument. *See* Rec. Doc. 25389 at 6 ("Arneadra Keys' claims are clearly prescribed, as she now attempts to file suit more than two years after her relatives, who lived in the same trailer as she, filed their lawsuits against Forest River."). Forest River does not cite any law in favor of this argument. Indeed, it does not even state what the applicable limitations period would be for this Mississippi plaintiff. Nor does Forest River cite to any of the facts necessary for determining whether, in fact, Ms. Keys' claims are barred by any statute of limitations.

For these reasons, the Court does not find that any of the amendments would be futile. Moreover, the Court concludes that the interests of justice weigh in favor of allowing the amendments. *See* Fed. R. Civ. P. 15(a)(2). Accordingly,

**IT IS ORDERED** that the **Plaintiffs' Motion for Leave to File Amended Complaint (Rec. Doc. 24963)** is hereby **GRANTED**.

New Orleans, Louisiana, this __11[th]__ day of May, 2012.

**KURT D. ENGELHARDT**
**United States District Court**