DUPLASS
ZWAIN
BOURGEOIS
PFISTER &
WEINSTOCK

LAWRENCE J. DUPLASS
GARY M. ZWAIN (1)
DAVID J. BOURGEOIS
C. MICHAEL PFISTER
ANDREW D. WEINSTOCK (1)
GUYTON H. VALDIN, JR.
KELLY CAMBRE BOGART (1)
CHRISTIAN B. BOGART (1)
JOSEPH G. GLASS (2)

KEVIN R. DERHAM (3)
JOSEPH E. BEARDEN, III
JAIME M. CAMBRE
COREY M. OUBRE (1)
PAUL VERLANDER
NICOLE M. BOYER
RYAN M. MALONE
PHILIP G. WATSON

BEN S. DiPALMA
SHENDELLE T. POLK

*SPECIAL COUNSEL*
DAVID M. CAMBRE

(1) also admitted in Texas
(2) also admitted in Mississippi
(3) also admitted in Maryland

June 23, 2011

**VIA ELECTRONIC MAIL**
Matthew B. Moreland
Becnel Law Firm, LLC
106 West Seventh St.
P.O. Drawer H
Reserve, La 70084

Dear Matt:

I am writing on behalf of Gulf Stream Coach, Inc. pursuant to Pretrial Order No. 2 concerning deficiencies in the Plaintiffs' production of the Plaintiff Fact Sheets (PFS). As you know, the PFS for each plaintiff named in an action that has been transferred to the MDL proceedings were due to be served, fully executed and verified. Certain Fact Sheets, however, still fail to materially comply with the obligations of Pre Trial Order No. 2.

In accordance with Section III (D) of Pretrial Order No. 2, Gulf Stream Coach, Inc. has included an updated list which specifically indentifies the material deficiencies of each plaintiff fact sheet. Plaintiffs have thirty (30) days or until **August 22, 2011** from receipt of this letter to cure the material deficiencies. If the material deficiencies are not cured within this timeframe, Gulf Stream Coach, Inc. may move for dismissal of Plaintiffs' claims, including dismissal with prejudice.

The specific PFS deficiencies are listed as follows:

**Shepherd, Ron**

Only provided:
1. Name, as required in Section II (A).
2. Current street address, as required in Section II (C).
3. Telephone number(s), as required in Section II (D).
4. Email address, as required in Section II (E).
5. Attorney's information, as required by Section III (B).
6. Response that disease/illness is claimed to be the result of formaldehyde while residing in a FEMA trailer, as required by Section III (C)(1).
7. Plaintiff's understanding of the illness/disease plaintiff is claiming to suffer from because of living in a FEMA trailer, as required by Section III (C)(2).
8. Responses to the symptom check list for symptoms experienced or reported to a physician during the time lived in a FEMA Trailer, as required by Section III (C)(3).
9. Information regarding cancer, as required by Section III (C)(4).

10. The date when plaintiff claims this injury or disease first occurred, as required by Section III (C)(5).
11. Driver's license number.
12. Date of birth.
13. Gender.
14. VIN.
15. Bar Code Number.
16. Mailing address and physical location for plaintiff's temporary housing unit, as required by Section V (A)(8).
17. Personal tobacco history, as required by Section VI (C).
18. Signed the certification.
19. Signed a HIPAA Authorization for medical records.
20. Signed a HIPAA Authorization for psychological/psychiatric records, as required for plaintiff's making a claim for emotional distress.
21. Provided an executed Authorization for Release of Employment Records.
22. Signed the PHI Release
23. Signed the Privacy Act Release.

Did not provide Standard Form 95, which plaintiff indicated was in his possession, as required by Section VIII (B).

**<u>Shepherd, Roderick</u>**
Only provided:
1. Name, as required in Section II (A).
2. Current street address, as required in Section II (C).
3. Telephone number(s), as required in Section II (D).
4. Attorney's information, as required by Section III (B).
5. Response that disease/illness is claimed to be the result of formaldehyde while residing in a FEMA trailer, as required by Section III (C)(1).
6. Plaintiff's understanding of the illness/disease plaintiff is claiming to suffer from because of living in a FEMA trailer, as required by Section III (C)(2).
7. Responses to the symptom check list for symptoms experienced or reported to a physician during the time lived in a FEMA Trailer, as required by Section III (C)(3).
8. Information regarding cancer, as required by Section III (C)(4).
9. The date when plaintiff claims this injury or disease first occurred, as required by Section III (C)(5).
10. Driver's License Number.
11. Date of birth.
12. Gender.
13. VIN.
14. Bar Code Number.
15. Mailing address and physical location for plaintiff's temporary housing unit, as required by Section V (A)(8).

Did not provide Standard Form 95, which plaintiff indicated was in his possession, as required by Section VIII (B).

**Shepherd, Owanda o/b/o Rekeita Shepherd**
Only provided:
1. Name, as required in Section II (A).
2. Current street address, as required in Section II (C).
3. Telephone number(s), as required in Section II (D).
4. The represented party's information, as required by Section III (A):
   a. Name.
   b. Address.
   c. Phone number.
   d. Relationship to represented party.
5. Attorney's information, as required by Section III (B).
6. Response that disease/illness is claimed to be the result of formaldehyde while residing in a FEMA trailer, as required by Section III (C)(1).
7. Plaintiff's understanding of the illness/disease plaintiff is claiming to suffer from because of living in a FEMA trailer, as required by Section III (C)(2).
8. Information regarding cancer, as required by Section III (C)(4).
9. The date when plaintiff claims this injury or disease first occurred, as required by Section III (C)(5).
10. Date of birth.
11. VIN.
12. Bar Code Number.
13. Mailing address and physical location for plaintiff's temporary housing unit, as required by Section V (A)(8).
14. Personal tobacco history, as required by Section VI (C).
15. Signed the certification.
16. Signed a HIPAA Authorization for medical records.
17. Signed a HIPAA Authorization for psychological/psychiatric records, as required for plaintiff's making a claim for emotional distress.
18. Provided an executed Authorization for Release of Employment Records.
19. Signed the PHI Release
20. Signed the Privacy Act Release.

Did not provide Standard Form 95, which plaintiff indicated was in his possession, as required by Section VIII (B).

**Shepherd, Raven o/b/o Rayon P. Snyder**
Only provided:
1. Name, as required in Section II (A).
2. Current street address, as required in Section II (C).
3. Telephone number(s), as required in Section II (D).
4. The represented party's information, as required by Section III (A):
   a. Name.
   b. Address.
   c. Phone number.
   d. Relationship to represented party.

5. Attorney's information, as required by Section III (B).
6. Response that disease/illness is claimed to be the result of formaldehyde while residing in a FEMA trailer, as required by Section III (C)(1).
7. Plaintiff's understanding of the illness/disease plaintiff is claiming to suffer from because of living in a FEMA trailer, as required by Section III (C)(2).
8. Responses to the symptom check list for symptoms experienced or reported to a physician during the time lived in a FEMA Trailer, as required by Section III (C)(3).
9. Information regarding cancer, as required by Section III (C)(4).
10. The date when plaintiff claims this injury or disease first occurred, as required by Section III (C)(5).
11. Date of birth.
12. Mailing address and physical location for plaintiff's temporary housing unit, as required by Section V (A)(8).
13. Personal tobacco history, as required by Section VI (C).

Did not provide Standard Form 95, which plaintiff indicated was in his possession, as required by Section VIII (B).


**Shepherd, Raven**
Only provided:
1. Name, as required in Section II (A).
2. Current street address, as required in Section II (C).
3. Telephone number(s), as required in Section II (D).
4. Email address, as required in Section II (E).
5. Attorney's information, as required by Section III (B).
6. Response that disease/illness is claimed to be the result of formaldehyde while residing in a FEMA trailer, as required by Section III (C)(1).
7. Plaintiff's understanding of the illness/disease plaintiff is claiming to suffer from because of living in a FEMA trailer, as required by Section III (C)(2).
8. Responses to the symptom check list for symptoms experienced or reported to a physician during the time lived in a FEMA Trailer, as required by Section III (C)(3).
9. Information regarding cancer, as required by Section III (C)(4).
10. The date when plaintiff claims this injury or disease first occurred, as required by Section III (C)(5).
11. Driver's License Number.
12. Date of birth.
13. Gender.
14. VIN.
15. Bar Code Number.
16. Mailing address and physical location for plaintiff's temporary housing unit, as required by Section V (A)(8).
17. Personal tobacco history, as required by Section VI (C).

Did not provide Standard Form 95, which plaintiff indicated was in his possession, as required by Section VIII (B).

**Shepherd, Owanda**
Only provided:
1. Name, as required in Section II (A).
2. Current street address, as required in Section II (C).
3. Telephone number(s), as required in Section II (D).
4. Email address, as required in Section II (E).
5. Attorney's information, as required by Section III (B).
6. Response that disease/illness is claimed to be the result of formaldehyde while residing in a FEMA trailer, as required by Section III (C)(1).
7. Plaintiff's understanding of the illness/disease plaintiff is claiming to suffer from because of living in a FEMA trailer, as required by Section III (C)(2).
8. Information regarding cancer, as required by Section III (C)(4).
9. The date when plaintiff claims this injury or disease first occurred, as required by Section III (C)(5).
10. Indicated plaintiff is claiming mental and/or emotional damages as a result of residing in a FEMA trailer, as required by Section III (C)(8).
11. Driver's License Number.
12. Date of birth.
13. Gender.
14. Employment Information, as required by Section IV (F).
15. Previous Claims Information, as required by Section IV(G).
16. VIN.
17. Bar Code Number.
18. Mailing address and physical location for plaintiff's temporary housing unit, as required by Section V (A)(8).
19. Personal tobacco history, as required by Section VI (C).
20. Signed the certification.
21. Signed a HIPAA Authorization for medical records.
22. Signed a HIPAA Authorization for psychological/psychiatric records, as required for plaintiff's making a claim for emotional distress.
23. Provided an executed Authorization for Release of Employment Records.
24. Signed the PHI Release
25. Signed the Privacy Act Release.

Did not provide Standard Form 95, which plaintiff indicated was in his possession, as required by Section VIII (B).

**Shepherd, Owanda o/b/o Monique Shepherd**
Only provided:
1. Name, as required in Section II (A).
2. Current street address, as required in Section II (C).
3. Telephone number(s), as required in Section II (D).
4. The represented party's information, as required by Section III (A):
   a. Name.
   b. Address.
   c. Phone number.

      d.   Relationship to represented party.
5. Attorney's information, as required by Section III (B).
6. Response that disease/illness is claimed to be the result of formaldehyde while residing in a FEMA trailer, as required by Section III (C)(1).
7. Plaintiff's understanding of the illness/disease plaintiff is claiming to suffer from because of living in a FEMA trailer, as required by Section III (C)(2).
8. Information regarding cancer, as required by Section III (C)(4).
9. The date when plaintiff claims this injury or disease first occurred, as required by Section III (C)(5).
10. Date of birth.
11. VIN.
12. Bar Code Number.
13. Mailing address and physical location for plaintiff's temporary housing unit, as required by Section V (A)(8).
14. Personal tobacco history, as required by Section VI (C).
15. Signed the certification.
16. Signed a HIPAA Authorization for medical records.
17. Signed a HIPAA Authorization for psychological/psychiatric records, as required for plaintiff's making a claim for emotional distress.
18. Provided an executed Authorization for Release of Employment Records.
19. Signed the PHI Release
20. Signed the Privacy Act Release.

Did not provide Standard Form 95, which plaintiff indicated was in his possession, as required by Section VIII (B).

## Shepherd, Michael
Only provided:
1. Name, as required in Section II (A).
2. Current street address, as required in Section II (C).
3. Telephone number(s), as required in Section II (D).
4. Attorney's information, as required by Section III (B).
5. Response that disease/illness is claimed to be the result of formaldehyde while residing in a FEMA trailer, as required by Section III (C)(1).
6. Plaintiff's understanding of the illness/disease plaintiff is claiming to suffer from because of living in a FEMA trailer, as required by Section III (C)(2).
7. Responses to the symptom check list for symptoms experienced or reported to a physician during the time lived in a FEMA Trailer, as required by Section III (C)(3).
8. Information regarding cancer, as required by Section III (C)(4).
9. The date when plaintiff claims this injury or disease first occurred, as required by Section III (C)(5).
10. Driver's License Number.
11. Date of birth.
12. Gender.
13. VIN.
14. Bar Code Number.

15. Mailing address and physical location for plaintiff's temporary housing unit, as required by Section V (A)(8).
16. Personal tobacco history, as required by Section VI (C).
17. Signed the certification.
18. Signed a HIPAA Authorization for medical records.
19. Signed a HIPAA Authorization for psychological/psychiatric records, as required for plaintiff's making a claim for emotional distress.
20. Provided an executed Authorization for Release of Employment Records.
21. Signed the PHI Release
22. Signed the Privacy Act Release.

Did not provide Standard Form 95, which plaintiff indicated was in his possession, as required by Section VIII (B).

**Shepherd, Owanda o/b/o Latricia Shepherd**
Only provided:
1. Name, as required in Section II (A).
2. Current street address, as required in Section II (C).
3. Telephone number(s), as required in Section II (D).
4. The represented party's information, as required by Section III (A):
   a. Name.
   b. Address.
   c. Phone number.
   d. Relationship to represented party.
5. Attorney's information, as required by Section III (B).
6. Response that disease/illness is claimed to be the result of formaldehyde while residing in a FEMA trailer, as required by Section III (C)(1).
7. Plaintiff's understanding of the illness/disease plaintiff is claiming to suffer from because of living in a FEMA trailer, as required by Section III (C)(2).
8. Information regarding cancer, as required by Section III (C)(4).
9. The date when plaintiff claims this injury or disease first occurred, as required by Section III (C)(5).
10. Date of birth.
11. VIN.
12. Bar Code Number.
13. Mailing address and physical location for plaintiff's temporary housing unit, as required by Section V (A)(8).
14. Personal tobacco history, as required by Section VI (C).
15. Signed the certification.
16. Signed a HIPAA Authorization for medical records.
17. Signed a HIPAA Authorization for psychological/psychiatric records, as required for plaintiff's making a claim for emotional distress.
18. Provided an executed Authorization for Release of Employment Records.
19. Signed the PHI Release
20. Signed the Privacy Act Release.

Did not provide Standard Form 95, which plaintiff indicated was in his possession, as required by Section VIII (B).

**Shepherd, Kentrell**
Only provided:
1. Name, as required in Section II (A).
2. Current street address, as required in Section II (C).
3. Telephone number(s), as required in Section II (D).
4. Attorney's information, as required by Section III (B).
5. Response that disease/illness is claimed to be the result of formaldehyde while residing in a FEMA trailer, as required by Section III (C)(1).
6. Plaintiff's understanding of the illness/disease plaintiff is claiming to suffer from because of living in a FEMA trailer, as required by Section III (C)(2).
7. Responses to the symptom check list for symptoms experienced or reported to a physician during the time lived in a FEMA Trailer, as required by Section III (C)(3).
8. Information regarding cancer, as required by Section III (C)(4).
9. The date when plaintiff claims this injury or disease first occurred, as required by Section III (C)(5).
10. Date of birth.
11. Gender.
12. VIN.
13. Bar Code Number.
14. Mailing address and physical location for plaintiff's temporary housing unit, as required by Section V (A)(8).
15. Personal tobacco history, as required by Section VI (C).
16. Signed the certification.
17. Signed a HIPAA Authorization for medical records.
18. Signed a HIPAA Authorization for psychological/psychiatric records, as required for plaintiff's making a claim for emotional distress.
19. Provided an executed Authorization for Release of Employment Records.
20. Signed the PHI Release
21. Signed the Privacy Act Release.

Did not provide Standard Form 95, which plaintiff indicated was in his possession, as required by Section VIII (B).

**Shepherd, Keith o/b/o Kandace Shepherd**
Only provided:
1. Name, as required in Section II (A).
2. Current street address, as required in Section II (C).
3. Telephone number(s), as required in Section II (D).
4. The represented party's information, as required by Section III (A):
    a. Name.
    b. Address.
    c. Phone number.
    d. Relationship to represented party.

5. Attorney's information, as required by Section III (B).
6. Response that disease/illness is claimed to be the result of formaldehyde while residing in a FEMA trailer, as required by Section III (C)(1).
7. Plaintiff's understanding of the illness/disease plaintiff is claiming to suffer from because of living in a FEMA trailer, as required by Section III (C)(2).
8. Information regarding cancer, as required by Section III (C)(4).
9. The date when plaintiff claims this injury or disease first occurred, as required by Section III (C)(5).
10. Date of birth.
11. Mailing address and physical location for plaintiff's temporary housing unit, as required by Section V (A)(8).
12. Personal tobacco history, as required by Section VI (C).
13. Signed the certification.
14. Signed a HIPAA Authorization for medical records.
15. Signed a HIPAA Authorization for psychological/psychiatric records, as required for plaintiff's making a claim for emotional distress.
16. Provided an executed Authorization for Release of Employment Records.
17. Signed the PHI Release
18. Signed the Privacy Act Release.

Did not provide Standard Form 95, which plaintiff indicated was in his possession, as required by Section VIII (B).

**Shepherd, Owanda o/b/o Ashley**
Only provided:
1. Name, as required in Section II (A).
2. Current street address, as required in Section II (C).
3. Telephone number(s), as required in Section II (D).
4. The represented party's information, as required in Section III (A):
    a. Name.
    b. Address.
    c. Phone number.
5. Attorney's information, as required by Section III (B).
6. Response that disease/illness is claimed to be the result of formaldehyde while residing in a FEMA trailer, as required by Section III (C)(1).
7. Plaintiff's understanding of the illness/disease plaintiff is claiming to suffer from because of living in a FEMA trailer, as required by Section III (C)(2).
8. Information regarding cancer, as required by Section III (C)(4).
9. The date when plaintiff claims this injury or disease first occurred, as required by Section III (C)(5).
10. Date of birth.
11. VIN.
12. Bar Code Number.
13. Mailing address and physical location for plaintiff's temporary housing unit, as required by Section V (A)(8).
14. Personal tobacco history, as required by Section VI (C).

15. Signed the certification.
16. Signed a HIPAA Authorization for medical records.
17. Signed a HIPAA Authorization for psychological/psychiatric records, as required for plaintiff's making a claim for emotional distress.
18. Provided an executed Authorization for Release of Employment Records.
19. Signed the PHI Release
20. Signed the Privacy Act Release.

Did not provide Standard Form 95, which plaintiff indicated was in his possession, as required by Section VIII (B).

### Williams, Tammy
Only provided:
1. Name, as required in Section II (A).
2. Current street address, as required in Section II (C).
3. Telephone number(s), as required in Section II (D).
4. Attorney's information, as required by Section III (B).
5. Response that disease/illness is claimed to be the result of formaldehyde while residing in a FEMA trailer, as required by Section III (C)(1).
6. Plaintiff's understanding of the illness/disease plaintiff is claiming to suffer from because of living in a FEMA trailer, as required by Section III (C)(2).
7. Responses to the symptom check list for symptoms experienced or reported to a physician during the time lived in a FEMA Trailer, as required by Section III (C)(3).
8. Information regarding cancer, as required by Section III (C)(4).
9. The date when plaintiff claims this injury or disease first occurred, as required by Section III (C)(5).
10. Date of birth.
11. Gender.
12. VIN.
13. Mailing address and physical location for plaintiff's temporary housing unit, as required by Section V (A)(8).

Did not provide Standard Form 95, which plaintiff indicated was in his possession, as required by Section VIII (B).

### Washington, Eva
Only provided:
1. Name, as required in Section II (A).
2. Current street address, as required in Section II (C).
3. Telephone number(s), as required in Section II (D).
4. Attorney's information, as required by Section III (B).
5. Response that disease/illness is claimed to be the result of formaldehyde while residing in a FEMA trailer, as required by Section III (C)(1).
6. Plaintiff's understanding of the illness/disease plaintiff is claiming to suffer from because of living in a FEMA trailer, as required by Section III (C)(2).

7. Responses to the symptom check list for symptoms experienced or reported to a physician during the time lived in a FEMA Trailer, as required by Section III (C)(3).
8. Information regarding cancer, as required by Section III (C)(4).
9. The date when plaintiff claims this injury or disease first occurred, as required by Section III (C)(5).
10. Date of birth.
11. Gender.
12. FEMA ID.
13. The date plaintiff first occupied the temporary housing unit, as required by Section V (A)(6).
14. The date plaintiff moved out of the temporary housing unit, as required by Section V (A)(7).
15. Mailing address and physical location for plaintiff's temporary housing unit, as required by Section V (A)(8).
16. Personal tobacco history, as required by Section VI (C).

Did not provide Standard Form 95, which plaintiff indicated was in his possession, as required by Section VIII (B).


**Washington, Donna**
Only provided:
1. Name, as required in Section II (A).
2. Current street address, as required in Section II (C).
3. Telephone number(s), as required in Section II (D).
4. Attorney's information, as required in Section III (B).
5. Response that disease/illness is claimed to be the result of formaldehyde while residing in a FEMA trailer, as required by Section III (C)(1).
6. Plaintiff's understanding of the illness/disease plaintiff is claiming to suffer from because of living in a FEMA trailer, as required by Section III (C)(2).
7. Responses to the symptom check list for symptoms experienced or reported to a physician during the time lived in a FEMA Trailer, as required by Section III (C)(3).
8. Information regarding cancer, as required by Section III (C)(4).
9. The date when plaintiff claims this injury or disease first occurred, as required by Section III (C)(5).
10. Driver's License Number.
11. Date of birth.
12. Gender.
13. VIN.
14. FEMA ID.
15. The date plaintiff first occupied the temporary housing unit, as required by Section V (A)(6).
16. The date plaintiff moved out of the temporary housing unit, as required by Section V (A)(7).
17. Mailing address and physical location for plaintiff's temporary housing unit, as required by Section V (A)(8).
18. Personal tobacco history, as required by Section VI (C).

19. Signed the certification.
20. Signed a HIPAA Authorization for medical records.
21. Signed a HIPAA Authorization for psychological/psychiatric records, as required for plaintiff's making a claim for emotional distress.
22. Provided an executed Authorization for Release of Employment Records.
23. Signed the PHI Release
24. Signed the Privacy Act Release.

Did not provide Standard Form 95, which plaintiff indicated was in his possession, as required by Section VIII (B).

**Washington, Tasha o/b/o Tyrell Washington**
Only provided:
1. Name, as required in Section II (A).
2. Current street address, as required in Section II (C).
3. Telephone number(s), as required in Section II (D).
4. The represented party's information, as required by Section III (A):
   a. Name.
   b. Address.
   c. Relationship to represented party.
5. Attorney's information, as required by Section III (B).
6. Response that disease/illness is claimed to be the result of formaldehyde while residing in a FEMA trailer, as required by Section III (C)(1).
7. Plaintiff's understanding of the illness/disease plaintiff is claiming to suffer from because of living in a FEMA trailer, as required by Section III (C)(2).
8. Responses to the symptom check list for symptoms experienced or reported to a physician during the time lived in a FEMA Trailer, as required by Section III (C)(3).
9. Information regarding cancer, as required by Section III (C)(4).
10. The date when plaintiff claims this injury or disease first occurred, as required by Section III (C)(5).
11. Date of birth.
12. Mailing address and physical location for plaintiff's temporary housing unit, as required by Section V (A)(8).

Did not provide Standard Form 95, which plaintiff indicated was in his possession, as required by Section VIII (B).

**Washington, Lavora**
Only provided:
1. Name, as required in Section II (A).
2. Current street address, as required in Section II (C).
3. Telephone number(s), as required in Section II (D).
4. Attorney's information, as required by Section III (B).
5. Response that disease/illness is claimed to be the result of formaldehyde while residing in a FEMA trailer, as required by Section III (C)(1).

6. Plaintiff's understanding of the illness/disease plaintiff is claiming to suffer from because of living in a FEMA trailer, as required by Section III (C)(2).
7. Responses to the symptom check list for symptoms experienced or reported to a physician during the time lived in a FEMA Trailer, as required by Section III (C)(3).
8. Information regarding cancer, as required by Section III (C)(4).
9. The date when plaintiff claims this injury or disease first occurred, as required by Section III (C)(5).
10. Date of birth.
11. Gender.
12. FEMA ID.
13. The date plaintiff first occupied the temporary housing unit, as required by Section V (A)(6).
14. The date plaintiff moved out of the temporary housing unit, as required by Section V (A)(7).
15. Mailing address and physical location for plaintiff's temporary housing unit, as required by Section V (A)(8).
16. Personal tobacco history, as required by Section VI (C).

Did not provide Standard Form 95, which plaintiff indicated was in his possession, as required by Section VIII (B).

**Washington, Renata o/b/o Jaleel Washington**
Only provided:
1. Name, as required in Section II (A).
2. Current street address, as required in Section II (C).
3. Telephone number(s), as required in Section II (D).
4. The represented party's information, as required by Section III (A):
    a. Name.
    b. Address.
    c. Phone number.
    d. Relationship to represented party.
5. Attorney's information, as required by Section III (B).
6. Response that disease/illness is claimed to be the result of formaldehyde while residing in a FEMA trailer, as required by Section III (C)(1).
7. Plaintiff's understanding of the illness/disease plaintiff is claiming to suffer from because of living in a FEMA trailer, as required by Section III (C)(2).
8. Responses to the symptom check list for symptoms experienced or reported to a physician during the time lived in a FEMA Trailer, as required by Section III (C)(3).
9. Information regarding cancer, as required by Section III (C)(4).
10. The date when plaintiff claims this injury or disease first occurred, as required by Section III (C)(5).
11. Date of birth.
12. FEMA ID.
13. Mailing address and physical location for plaintiff's temporary housing unit, as required by Section V (A)(8).
14. Personal tobacco history, as required by Section VI (C).

Did not provide Standard Form 95, which plaintiff indicated was in his possession, as required by Section VIII (B).

**Williams, Jahavin o/b/o Janade Williams**
Only provided:
1. Name, as required in Section II (A).
2. Current street address, as required in Section II (C).
3. The represented party's information, as required by Section III (A):
   a. Name.
   b. Address.
4. Attorney's information, as required by Section III (B).
5. Response that disease/illness is claimed to be the result of formaldehyde while residing in a FEMA trailer, as required by Section III (C)(1).
6. Plaintiff's understanding of the illness/disease plaintiff is claiming to suffer from because of living in a FEMA trailer, as required by Section III (C)(2).
7. Responses to the symptom check list for symptoms experienced or reported to a physician during the time lived in a FEMA Trailer, as required by Section III (C)(3).
8. Information regarding cancer, as required by Section III (C)(4).
9. The date when plaintiff claims this injury or disease first occurred, as required by Section III (C)(5).
10. Date of birth.
11. Mailing address and physical location for plaintiff's temporary housing unit, as required by Section V (A)(8).
12. Personal tobacco history, as required by Section VI (C).

Did not provide Standard Form 95, which plaintiff indicated was in his possession, as required by Section VIII (B).
**Williams, Jahavin**
Only provided:
1. Name, as required in Section II (A).
2. Current street address, as required in Section II (C).
3. Attorney's information, as required by Section III (B).
4. Response that disease/illness is claimed to be the result of formaldehyde while residing in a FEMA trailer, as required by Section III (C)(1).
5. Plaintiff's understanding of the illness/disease plaintiff is claiming to suffer from because of living in a FEMA trailer, as required by Section III (C)(2).
6. Responses to the symptom check list for symptoms experienced or reported to a physician during the time lived in a FEMA Trailer, as required by Section III (C)(3).
7. Information regarding cancer, as required by Section III (C)(4).
8. The date when plaintiff claims this injury or disease first occurred, as required by Section III (C)(5).
9. Date of birth.
10. Gender.
11. The date plaintiff first occupied the temporary housing unit, as required by Section V (A)(6).

12. The date plaintiff moved out of the temporary housing unit, as required by Section V (A)(7).
13. Mailing address and physical location for plaintiff's temporary housing unit, as required by Section V (A)(8).
14. Personal tobacco history, as required by Section VI (C).

Did not provide Standard Form 95, which plaintiff indicated was in his possession, as required by Section VIII (B).


**Williams, Traje**
Only provided:
1. Name, as required in Section II (A).
2. Current street address, as required in Section II (C).
3. Telephone number(s), as required in Section II (D).
4. Attorney's information, as required by Section III (B).
5. Response that disease/illness is claimed to be the result of formaldehyde while residing in a FEMA trailer, as required by Section III (C)(1).
6. Plaintiff's understanding of the illness/disease plaintiff is claiming to suffer from because of living in a FEMA trailer, as required by Section III (C)(2).
7. Responses to the symptom check list for symptoms experienced or reported to a physician during the time lived in a FEMA Trailer, as required by Section III (C)(3).
8. Information regarding cancer, as required by Section III (C)(4).
9. The date when plaintiff claims this injury or disease first occurred, as required by Section III (C)(5).
10. Date of birth.
11. Gender.
12. FEMA ID.
13. The date plaintiff first occupied the temporary housing unit, as required by Section V (A)(6).
14. The date plaintiff moved out of the temporary housing unit, as required by Section V (A)(7).
15. Mailing address and physical location for plaintiff's temporary housing unit, as required by Section V (A)(8).
16. Personal tobacco history, as required by Section VI (C).

Did not provide Standard Form 95, which plaintiff indicated was in his possession, as required by Section VIII (B).


**Young, Kelly**
Only provided:
1. Name, as required in Section II (A).
2. Current street address, as required in Section II (C).
3. Telephone number(s), as required in Section II (D).
4. Email Address, as required in Section II (E).
5. Attorney's information, as required by Section III (B).

6. Response that disease/illness is claimed to be the result of formaldehyde while residing in a FEMA trailer, as required by Section III (C)(1).
7. Plaintiff's understanding of the illness/disease plaintiff is claiming to suffer from because of living in a FEMA trailer, as required by Section III (C)(2).
8. Information regarding cancer, as required by Section III (C)(4).
9. The date when plaintiff claims this injury or disease first occurred, as required by Section III (C)(5).
10. Driver's License Number.
11. Date of birth.
12. Gender.
13. Mailing address and physical location for plaintiff's temporary housing unit, as required by Section V (A)(8).
14. Personal tobacco history, as required by Section VI (C).

Did not provide Standard Form 95, which plaintiff indicated was in his possession, as required by Section VIII (B).

**Bailey, Tayza o/b/o Mark Young Jr.**
Only provided:
1. Name, as required in Section II (A).
2. Current street address, as required in Section II (C).
3. Telephone number(s), as required in Section II (D).
4. The represented party's information, as required by Section III (A):
   a. Name.
   b. Address.
   c. Phone number.
5. Attorney's information, as required by Section III (B).
6. Response that disease/illness is claimed to be the result of formaldehyde while residing in a FEMA trailer, as required by Section III (C)(1).
7. Plaintiff's understanding of the illness/disease plaintiff is claiming to suffer from because of living in a FEMA trailer, as required by Section III (C)(2).
8. Responses to the symptom check list for symptoms experienced or reported to a physician during the time lived in a FEMA Trailer, as required by Section III (C)(3).
9. Information regarding cancer, as required by Section III (C)(4).
10. The date when plaintiff claims this injury or disease first occurred, as required by Section III (C)(5).
11. Date of birth.
12. Mailing address and physical location for plaintiff's temporary housing unit, as required by Section V (A)(8).

Did not provide Standard Form 95, which plaintiff indicated was in his possession, as required by Section VIII (B).

**Pierre, Colleen o/b/o Nijea Young**
Only provided:
1. Name, as required in Section II (A).

2. Current street address, as required in Section II (C).
3. Telephone number(s), as required in Section II (D).
4. The represented party's information, as required by Section III (A):
   a. Name.
   b. Address.
   c. Phone number.
   d. Relationship to represented party.
5. Attorney's information, as required by Section III (B).
6. Response that disease/illness is claimed to be the result of formaldehyde while residing in a FEMA trailer, as required by Section III (C)(1).
7. Plaintiff's understanding of the illness/disease plaintiff is claiming to suffer from because of living in a FEMA trailer, as required by Section III (C)(2).
8. Responses to the symptom check list for symptoms experienced or reported to a physician during the time lived in a FEMA Trailer, as required by Section III (C)(3).
9. Information regarding cancer, as required by Section III (C)(4).
10. The date when plaintiff claims this injury or disease first occurred, as required by Section III (C)(5).
11. Date of birth.
12. Mailing address and physical location for plaintiff's temporary housing unit, as required by Section V (A)(8).
13. Personal tobacco history, as required by Section VI (C).

Did not provide Standard Form 95, which plaintiff indicated was in his possession, as required by Section VIII (B).

**Young, Ronald o/b/o Paise Young**
Only provided:
1. Name, as required in Section II (A).
2. Current street address, as required in Section II (C).
3. Telephone number(s), as required in Section II (D).
4. The represented party's information, as required by Section III (A):
   a. Name.
   b. Address.
   c. Phone number.
5. Attorney's information, as required by Section III (B).
6. Response that disease/illness is claimed to be the result of formaldehyde while residing in a FEMA trailer, as required by Section III (C)(1).
7. Plaintiff's understanding of the illness/disease plaintiff is claiming to suffer from because of living in a FEMA trailer, as required by Section III (C)(2).
8. Responses to the symptom check list for symptoms experienced or reported to a physician during the time lived in a FEMA Trailer, as required by Section III (C)(3).
9. Information regarding cancer, as required by Section III (C)(4).
10. The date when plaintiff claims this injury or disease first occurred, as required by Section III (C)(5).
11. Date of birth.

12. Mailing address and physical location for plaintiff's temporary housing unit, as required by Section V (A)(8).
13. Personal tobacco history, as required by Section VI (C).
14. Signed the certification.
15. Signed a HIPAA Authorization for medical records.
16. Signed a HIPAA Authorization for psychological/psychiatric records, as required for plaintiff's making a claim for emotional distress.
17. Provided an executed Authorization for Release of Employment Records.
18. Signed the PHI Release
19. Signed the Privacy Act Release.

Did not provide Standard Form 95, which plaintiff indicated was in his possession, as required by Section VIII (B).

**Washington, Lynell**
1. Did not provide email address, as required in Section II (E).
2. Pre-existing condition information, as required by Section III (C)(6):
    a. Did not provide a response to whether plaintiff suffered with this type of illness/disease prior to living in a FEMA trailer.
3. Condition worsened by trailer, as required by Section III (C)(7):
    a. Did not provide a response to whether FEMA trailer worsened a pre-existing condition.
4. Claims for emotional and/or mental damages, as required by Section III (C)(8):
    a. Did not state the understanding of the emotional and/or mental condition for which plaintiff treated as a result of residing in a FEMA trailer.
    b. Did not state dates of treatment.
5. Did not provide the VIN Number, as required by Section V (A)(2).
6. Did not indicate the approximate square footage of the temporary housing unit, as required by Section V (A)(11).
7. Did not indicate the approximate length and width of the temporary housing unit, as required by Section V (A)(12).
8. Did not indicate how many days per week worked outside of the FEMA housing unit, as required by Section V (A)(19).
9. Did not respond for how long plaintiff lived in temporary location, as required by Section V (A)(20).
10. Doctor or health care provider who treated plaintiff, as required by Section VII (A-B).
    a. Did not identify the doctor(s) or health care provider(s) who treated plaintiff for disease/illness/injury that plaintiff alleges were suffered as a result of living in a FEMA housing unit.
11. Plaintiff's current primary care physician, as required by Section IX (A):
    a. Did not provide full address.
12. Primary care physicians for the last 7 years, as required by Section IX (B):
    a. Did not provide full address.
    b. Did not provide the range of dates of treatment.
13. Outpatient Care, as required by Section IX(D):
    a. Did not provide full address.

14. Each physician or health care provider during last 7 years, as required by Section IX (E).
   a. Did not provide full address.
15. Pharmacies, as required by Section IX (F).
   a. Did not provide the full address.

**Washington, Renata o/b/o Leland Washington**
1. Did not provide a maiden or other name, as required in Section II (B).
2. Did not provide email address, as required in Section II (E).
3. Pre-existing condition information, as required by Section III (C)(6):
   a. Did not provide a response to whether plaintiff suffered with this type of illness/disease prior to living in a FEMA trailer.
4. Condition worsened by trailer, as required by Section III (C)(7):
   a. Did not provide a response to whether FEMA trailer worsened a pre-existing condition.
5. Did not provide the complete identity of each address at which plaintiff resided during the last 5 years, as required by Section IV (A).
6. Did not provide the name of the manufacturer of trailer or mobile home, as required by Section V (A)(1).
7. Did not provide the VIN Number, as required by Section V (A)(2).
8. Did not provide the bar code number on the FEMA housing unit, as required by Section V (A)(4).
9. Did not provide a response to whether plaintiff's temporary housing unit was a travel trailer or a mobile home, as required by Section V (A)(5).
10. Did not provide the date plaintiff first occupied the temporary housing unit, as required by Section V (A)(6).
11. Did not provide the date plaintiff moved out of the temporary housing unit, as required by Section V (A)(7).
12. Did not provide a response to whether plaintiff's temporary housing unit was located on private property or a trailer park, as required by Section V (A)(9).
13. Did not provide a reason why plaintiff ceased living in the temporary housing unit, as required by Section V (A)(10)
14. Did not indicate the approximate square footage of the temporary housing unit, as required by Section V (A)(11).
15. Did not indicate the approximate length and width of the temporary housing unit, as required by Section V (A)(12).
16. Did not indicate the average number of daily hours spent in the temporary housing unit, as required by Section V (A)(13).
17. Did not provide a response to whether the FEMA housing unit was jacked up, as required by Section V (A)(14).
18. Did not indicate whether the FEMA housing unit was hooked up to a sewer line, as required by Section V (A)(15).
19. Did not indicate whether the FEMA housing unit was hooked up to an electrical line, as required by Section V (A)(16).
20. Did not indicate whether the FEMA housing unit was hooked up to a natural gas line, as required by Section V (A)(17).

21. Did not indicate whether propane gas was used in the FEMA housing unit, as required by Section V (A)(18).

22. Did not indicate how many days per week worked outside of the FEMA housing unit, as required by Section V (A)(19).

23. Did not respond whether plaintiff lived temporarily in another location during the time plaintiff resided in the FEMA housing unit, as required by Section V (A)(20).

24. Air quality tests, as required by Section V (B):
    a. Did not respond whether air quality tests were performed on the FEMA housing unit.

25. Fumigation, as required by Section V (C):
    a. Did not respond whether the FEMA housing unit was ever fumigated.

26. Repairs, service or maintenance, as required by Section V (D):
    a. Did not respond whether repairs, service or maintenance was performed on the FEMA housing unit.

27. Information of other persons who resided in the unit, as required by Section V (E):
    a. Did not provide information of other persons who resided in the FEMA housing unit.

28. Did not provide plaintiff's height, current weight, and/or weight prior to living in FEMA housing unit, as required by Section VI (A-B).

29. Did not provide other tobacco use history, as required by Section VI (D):

30. Pregnancy, as required by Section VI (E):
    a. Did not respond whether plaintiff was pregnant during the time plaintiff resided in the FEMA housing unit.

31. Lung/respiratory disease, as required by Section VI (F)(1):
    a. Did not indicate whether plaintiff has ever suffered from lung or other respiratory disease.

32. Infectious disease, as required by Section VI (F)(2):
    a. Did not indicate whether plaintiff has ever suffered from infectious disease.

33. Long-term stomach or bowel disease, as required by Section VI (F)(3):
    a. Did not indicate whether plaintiff has ever suffered from long-term stomach or bowel disease.

34. Skin disease, as required by Section VI (F)(4):
    a. Did not indicate whether plaintiff has ever suffered from skin disease.

35. X-rays/CT/MRI, as required by Section VI (G):
    a. Did not indicate whether plaintiff has received a chest x-ray, CT scan or MRI.

36. Doctor or health care provider who treated plaintiff, as required by Section VII (A-B).
    a. Did not identify phone.
    b. Did not identify treatment received.
    c. Did not identify dates of treatment.

37. Did not provide Standard Form 95, which plaintiff indicated was in his possession, as required by Section VIII (B).

38. Plaintiff's current primary care physician, as required by Section IX (A):
    a. Did not provide the identity of plaintiff's current primary care physician.

39. Primary care physicians for the last 7 years, as required by Section IX (B):
    a. Did not provide the identity of plaintiff's primary care physicians for the last seven years.

40. Inpatient Care, as required by Section IX(C):
    a.  Did not provide hospitals/clinics/health care facilities where plaintiff received inpatient treatment during the last seven years.
41. Outpatient Care, as required by Section IX(D):
    a.  Did not provide hospitals/clinics/health care facilities where plaintiff received outpatient treatment during the last seven years.
42. Each physician or health care provider during last 7 years, as required by Section IX (E).
    a.  Did not provide names of each physician or health care provider who treated plaintiff during the last seven years.
43. Pharmacies, as required by Section IX (F).
    a.  Did not provide the pharmacies that dispensed medication to plaintiff during the last seven years.
44. Did not sign the certification.
45. Did not sign a HIPAA Authorization for medical records.
46. Did not sign a HIPAA Authorization for psychological/psychiatric records, as required for plaintiff's making a claim for emotional distress.
47. Did not provide an executed Authorization for Release of Employment Records.
48. Did not sign the PHI Release
49. Did not sign the Privacy Act Release.


**Washington, Cynthia**
1. Did not provide a maiden or other name, as required in Section II (B).
2. Did not provide email address, as required in Section II (E).
3. Pre-existing condition information, as required by Section III (C)(6):
    a.  Did not provide a response to whether plaintiff suffered with this type of illness/disease prior to living in a FEMA trailer.
4. Condition worsened by trailer, as required by Section III (C)(7):
    a.  Did not provide a response to whether FEMA trailer worsened a pre-existing condition.
5. Claims for emotional and/or mental damages, as required by Section III (C)(8):
    a.  Did not provide names of persons who treated plaintiff for mental and/or emotional damages as a result of residing in a FEMA trailer.
    b.  Did not state the understanding of the emotional and/or mental condition for which plaintiff treated as a result of residing in a FEMA trailer.
    c.  Did not state dates of treatment.
    d.  Did not list medications.
6. Medical expense information, as required by Section III (C)(9):
    a.  Did not state the amount of plaintiff's claim for medical expenses related to formaldehyde exposure while residing in a FEMA trailer.
7. Did not provide the complete identity of each address at which plaintiff resided during the last 5 years, as required by Section IV (A).
8. Driver's License information, as required by Section IV (B):
    a.  Did not provide plaintiff's State Driver's License Number.
    b.  Did not provide state that issued plaintiff driver's license.
9. Did not provide place of birth, as required by Section IV (C).
10. Educational Background, as required by Section IV (E):

a.  Did not provide plaintiff's educational background.

11. Current employment information, as required by Section IV (F)(1):

a.  Did not provide plaintiff's current employment information.

12. Employment information for the past ten years, as required by Section IV (F)(2):

a.  Did not provide plaintiff's employment information for the past ten years.

13. Did not provide the name of the manufacturer of trailer or mobile home, as required by Section V (A)(1).

14. Did not provide the VIN Number, as required by Section V (A)(2).

15. Did not provide a response to whether plaintiff's temporary housing unit was a travel trailer or a mobile home, as required by Section V (A)(5).

16. Did not provide a response to whether plaintiff's temporary housing unit was located on private property or a trailer park, as required by Section V (A)(9).

17. Did not indicate the approximate square footage of the temporary housing unit, as required by Section V (A)(11).

18. Did not indicate the approximate length and width of the temporary housing unit, as required by Section V (A)(12).

19. Did not indicate the average number of daily hours spent in the temporary housing unit, as required by Section V (A)(13).

20. Did not indicate how many days per week worked outside of the FEMA housing unit, as required by Section V (A)(19).

21. Did not respond whether plaintiff lived temporarily in another location during the time plaintiff resided in the FEMA housing unit, as required by Section V (A)(20).

22. Long-term stomach or bowel disease, as required by Section VI (F)(3):

a.  Did not indicate date of illness.

23. X-rays/CT/MRI, as required by Section VI (G):

a.  Did not indicate hospital.

24. Doctor or health care provider who treated plaintiff, as required by Section VII (A-B).

a.  Did not identify phone.

b.  Did not identify treatment received.

c.  Did not identify dates of treatment.

25. Did not identify the health care professional who told plaintiff that the alleged illness/disease or injury was related to living in a FEMA housing unit, as required by Section VII (D).

26. Did not provide Standard Form 95, which plaintiff indicated was in his possession, as required by Section VIII (B).

27. Plaintiff's current primary care physician, as required by Section IX (A):

a.  Did not provide the identity of plaintiff's current primary care physician.

28. Primary care physicians for the last 7 years, as required by Section IX (B):

a.  Did not provide full address.

b.  Did not provide the range of dates of treatment.

29. Inpatient Care, as required by Section IX(C):

a.  Did not provide full address.

b.  Did not provide reason for admission.

30. Outpatient Care, as required by Section IX(D):

a.  Did not provide full address.

b.  Did not provide reason for admission.

31. Each physician or health care provider during last 7 years, as required by Section IX (E).
    a. Did not provide full address.
32. Pharmacies, as required by Section IX (F).
    a. Did not provide the pharmacies that dispensed medication to plaintiff during the last seven years.


**Williams, Ann**
1. Did not provide a maiden or other name, as required in Section II (B).
2. Did not provide email address, as required in Section II (E).
3. Pre-existing condition information, as required by Section III (C)(6):
    a. Did not provide a response to whether plaintiff suffered with this type of illness/disease prior to living in a FEMA trailer.
4. Condition worsened by trailer, as required by Section III (C)(7):
    a. Did not provide a response to whether FEMA trailer worsened a pre-existing condition.
5. Claims for emotional and/or mental damages, as required by Section III (C)(8):
    a. Did not provide names of persons who treated plaintiff for mental and/or emotional damages as a result of residing in a FEMA trailer.
    b. Did not state the understanding of the emotional and/or mental condition for which plaintiff treated as a result of residing in a FEMA trailer.
    c. Did not state dates of treatment.
    d. Did not list medications.
6. Medical expense information, as required by Section III (C)(9):
    a. Did not state whether plaintiff was making a claim for medical expenses related to formaldehyde exposure while residing in a FEMA trailer.
7. Did not provide the complete identity of each address at which plaintiff resided during the last 5 years, as required by Section IV (A).
8. Driver's License information, as required by Section IV (B):
    a. Did not provide state that issued plaintiff driver's license.
9. Educational Background, as required by Section IV (E):
    a. Did not provide dates attended.
    b. Did not provide course of study.
10. Lost Wage Information, as required by Section IV (F)(3).
    a. Did not provide income information for the past five years, as required by Section IV (F)(3)(a).
    b. Did not provide information about total time lost from work, as required by Section IV (F)(3)(b).
11. Previous lawsuits/claims, as required by Section IV (G).
    a. Stated yes, but did not provide court where action was filed.
    b. Stated yes, but did not provide case name and/or names of adverse parties.
    c. Stated yes, but did not provide nature of sickness/disease.
12. Did not provide the name of the manufacturer of trailer or mobile home, as required by Section V (A)(1).
13. Did not provide the VIN Number, as required by Section V (A)(2).
14. Did not indicate the approximate square footage of the temporary housing unit, as required by Section V (A)(11).

15. Did not indicate the approximate length and width of the temporary housing unit, as required by Section V (A)(12).
16. Did not provide a response to whether the FEMA housing unit was jacked up, as required by Section V (A)(14).
17. Did not indicate whether the FEMA housing unit was hooked up to a sewer line, as required by Section V (A)(15).
18. Did not indicate whether the FEMA housing unit was hooked up to an electrical line, as required by Section V (A)(16).
19. Did not indicate whether the FEMA housing unit was hooked up to a natural gas line, as required by Section V (A)(17).
20. Did not indicate whether propane gas was used in the FEMA housing unit, as required by Section V (A)(18).
21. Did not respond whether plaintiff lived temporarily in another location during the time plaintiff resided in the FEMA housing unit, as required by Section V (A)(20).
22. Air quality tests, as required by Section V (B):
    a. Did not respond whether air quality tests were performed on the FEMA housing unit.
23. Fumigation, as required by Section V (C):
    a. Did not respond whether the FEMA housing unit was ever fumigated.
24. Repairs, service or maintenance, as required by Section V (D):
    a. Did not respond whether repairs, service or maintenance was performed on the FEMA housing unit.
25. Information of other persons who resided in the unit, as required by Section V (E):
    a. Did not provide information of other persons who resided in the FEMA housing unit.
26. Did not provide plaintiff's height, current weight, and/or weight prior to living in FEMA housing unit, as required by Section VI (A-B).
27. X-rays/CT/MRI, as required by Section VI (G):
    a. Did not indicate whether plaintiff has received a chest x-ray, CT scan or MRI.
28. Doctor or health care provider who treated plaintiff, as required by Section VII (A-B).
    a. Did not identify address.
    b. Did not identify phone.
    c. Did not identify treatment received.
    d. Did not identify dates of treatment.
29. Did not indicate whether any health care professional told plaintiff that the alleged illness/disease or injury was related to living in a FEMA housing unit, as required by Section VII (D).
30. Did not provide Standard Form 95, which plaintiff indicated was in his possession, as required by Section VIII (B).
31. Plaintiff's current primary care physician, as required by Section IX (A):
    a. Did not provide the identity of plaintiff's current primary care physician.
32. Primary care physicians for the last 7 years, as required by Section IX (B):
    a. Did not provide the identity of plaintiff's primary care physicians for the last seven years.
33. Inpatient Care, as required by Section IX(C):

      a. Did not provide hospitals/clinics/health care facilities where plaintiff received inpatient treatment during the last seven years.

34. Outpatient Care, as required by Section IX(D):
      a. Did not provide hospitals/clinics/health care facilities where plaintiff received outpatient treatment during the last seven years.

35. Each physician or health care provider during last 7 years, as required by Section IX (E).
      a. Did not provide names of each physician or health care provider who treated plaintiff during the last seven years.

36. Pharmacies, as required by Section IX (F).
      a. Did not provide the pharmacies that dispensed medication to plaintiff during the last seven years.

37. Did not sign the certification.

38. Did not sign a HIPAA Authorization for psychological/psychiatric records, as required for plaintiff's making a claim for emotional distress.

39. Did not sign the PHI Release

**Williams, Laureen**

1. Did not provide a maiden or other name, as required in Section II (B).
2. Did not provide email address, as required in Section II (E).
3. Pre-existing condition information, as required by Section III (C)(6):
      a. Did not provide a response to whether plaintiff suffered with this type of illness/disease prior to living in a FEMA trailer.
4. Condition worsened by trailer, as required by Section III (C)(7):
      a. Did not provide a response to whether FEMA trailer worsened a pre-existing condition.
5. Educational Background, as required by Section IV (E):
      a. Did not provide dates attended.
6. Did not indicate the approximate square footage of the temporary housing unit, as required by Section V (A)(11).
7. Did not indicate the approximate width of the temporary housing unit, as required by Section V (A)(12).
8. Did not indicate how many days per week worked outside of the FEMA housing unit, as required by Section V (A)(19).
9. Repairs, service or maintenance, as required by Section V (D):
      a. Did not state the date of the repair, service or maintenance.
10. Did not provide Standard Form 95, which plaintiff indicated was in his possession, as required by Section VIII (B).
11. Plaintiff's current primary care physician, as required by Section IX (A):
      a. Did not provide full address.
12. Primary care physicians for the last 7 years, as required by Section IX (B):
      a. Did not provide full address.
      b. Did not provide the range of dates of treatment.
13. Inpatient Care, as required by Section IX(C):
      a. Did not provide full address.
14. Outpatient Care, as required by Section IX(D):
      a. Did not provide full address.

15. Each physician or health care provider during last 7 years, as required by Section IX (E).
    a.  Did not provide full address.
16. Pharmacies, as required by Section IX (F).
    a.  Did not provide the full address.

**Young, Ronald o/b/o Sydnei Young**
1.  Did not provide a maiden or other name, as required in Section II (B).
2.  Did not provide email address, as required in Section II (E).
3.  The represented party's information, as required by Section III (A):
    a.  Did not provide court or date of appointment, if appointed by court.
    b.  Did not provide relationship to represented party.
    c.  Did not provide date or place of decedent's death, if representing an estate.
4.  Did not indicate plaintiff's sex, s required by Section IV (D).
5.  Educational Background, as required by Section IV (E):
    a.  Did not provide plaintiff's educational background.
6.  Did not provide the VIN Number, as required by Section V (A)(2).
7.  Did not indicate the approximate square footage of the temporary housing unit, as required by Section V (A)(11).
8.  Did not indicate the approximate length and width of the temporary housing unit, as required by Section V (A)(12).
9.  Doctor or health care provider who treated plaintiff, as required by Section VII (A-B).
    a.  Did not identify address.
    b.  Did not identify phone.
    c.  Did not identify treatment received.
    d.  Did not identify dates of treatment.
10. Did not indicate whether any health care professional told plaintiff that the alleged illness/disease or injury was related to living in a FEMA housing unit, as required by Section VII (D).
11. Did not provide Standard Form 95, which plaintiff indicated was in his possession, as required by Section VIII (B).
12. Plaintiff's current primary care physician, as required by Section IX (A):
    a.  Did not provide full address.
13. Primary care physicians for the last 7 years, as required by Section IX (B):
    a.  Did not provide full address.
    b.  Did not provide the range of dates of treatment.
14. Pharmacies, as required by Section IX (F).
    a.  Did not provide the full address.

**Shephard, Keith**
1.  Did not provide email address, as required in Section II (E).
2.  Pre-existing condition information, as required by Section III (C)(6):
    a.  Did not provide a response to whether plaintiff suffered with this type of illness/disease prior to living in a FEMA trailer.
3.  Condition worsened by trailer, as required by Section III (C)(7):
    a.  Did not provide a response to whether FEMA trailer worsened a pre-existing condition.

4. Did not provide the complete identity of each address at which plaintiff resided during the last 5 years, as required by Section IV (A).
5. Educational Background, as required by Section IV (E):
   a. Did not provide plaintiff's educational background.
6. Current employment information, as required by Section IV (F)(1):
   a. Did not provide plaintiff's current employment information.
7. Employment information for the past ten years, as required by Section IV (F)(2):
   a. Did not provide plaintiff's employment information for the past ten years.
8. Lost Wage Information, as required by Section IV (F)(3).
   a. Did not state whether plaintiff was making a claim for Loss Wages or Lost Earning Capacity as a result of formaldehyde exposure while residing in a FEMA trailer.
9. Previous lawsuits/claims, as required by Section IV (G).
   a. Did not provide information about previous lawsuits or claims.
10. Family information, as required by Section IV.
    a. Did not provide response to whether any family member has suffered from disease/illness.
11. Did not provide the name of the manufacturer of trailer or mobile home, as required by Section V (A)(1).
12. Did not provide the FEMA Identification Number, as required by Section V (A)(3).
13. Did not provide the bar code number on the FEMA housing unit, as required by Section V (A)(4).
14. Did not provide a response to whether plaintiff's temporary housing unit was a travel trailer or a mobile home, as required by Section V (A)(5).
15. Did not provide the date plaintiff first occupied the temporary housing unit, as required by Section V (A)(6).
16. Did not provide the date plaintiff moved out of the temporary housing unit, as required by Section V (A)(7).
17. Did not provide a response to whether plaintiff's temporary housing unit was located on private property or a trailer park, as required by Section V (A)(9).
18. Did not provide a reason why plaintiff ceased living in the temporary housing unit, as required by Section V (A)(10)
19. Did not indicate the approximate square footage of the temporary housing unit, as required by Section V (A)(11).
20. Did not indicate the approximate length and width of the temporary housing unit, as required by Section V (A)(12).
21. Did not indicate the average number of daily hours spent in the temporary housing unit, as required by Section V (A)(13).
22. Did not provide a response to whether the FEMA housing unit was jacked up, as required by Section V (A)(14).
23. Did not indicate whether the FEMA housing unit was hooked up to a sewer line, as required by Section V (A)(15).
24. Did not indicate whether the FEMA housing unit was hooked up to an electrical line, as required by Section V (A)(16).
25. Did not indicate whether the FEMA housing unit was hooked up to a natural gas line, as required by Section V (A)(17).

26. Did not indicate whether propane gas was used in the FEMA housing unit, as required by Section V (A)(18).

27. Did not indicate how many days per week worked outside of the FEMA housing unit, as required by Section V (A)(19).

28. Did not respond whether plaintiff lived temporarily in another location during the time plaintiff resided in the FEMA housing unit, as required by Section V (A)(20).

29. Air quality tests, as required by Section V (B):
    a. Did not respond whether air quality tests were performed on the FEMA housing unit.

30. Fumigation, as required by Section V (C):
    a. Did not respond whether the FEMA housing unit was ever fumigated.

31. Repairs, service or maintenance, as required by Section V (D):
    a. Did not respond whether repairs, service or maintenance was performed on the FEMA housing unit.

32. Information of other persons who resided in the unit, as required by Section V (E):
    a. Did not provide information of other persons who resided in the FEMA housing unit.

33. Did not provide plaintiff's height, current weight, and/or weight prior to living in FEMA housing unit, as required by Section VI (A-B).

34. Did not provide other tobacco use history, as required by Section VI (D):

35. Lung/respiratory disease, as required by Section VI (F)(1):
    a. Did not indicate whether plaintiff has ever suffered from lung or other respiratory disease.

36. Infectious disease, as required by Section VI (F)(2):
    a. Did not indicate whether plaintiff has ever suffered from infectious disease.

37. Long-term stomach or bowel disease, as required by Section VI (F)(3):
    a. Did not indicate whether plaintiff has ever suffered from long-term stomach or bowel disease.

38. Skin disease, as required by Section VI (F)(4):
    a. Did not indicate whether plaintiff has ever suffered from skin disease.

39. X-rays/CT/MRI, as required by Section VI (G):
    a. Did not indicate whether plaintiff has received a chest x-ray, CT scan or MRI.

40. Doctor or health care provider who treated plaintiff, as required by Section VII (A-B).
    a. Did not identify the doctor(s) or health care provider(s) who treated plaintiff for disease/illness/injury that plaintiff alleges were suffered as a result of living in a FEMA housing unit.

41. Did not identify the doctor(s) or health care provider(s) that provided psychological health care to plaintiff for disease/illness/injury that plaintiff alleges were suffered as a result of living in a FEMA housing unit, as required by Section VII (C).

42. Did not indicate whether any health care professional told plaintiff that the alleged illness/disease or injury was related to living in a FEMA housing unit, as required by Section VII (D).

43. Did not provide Standard Form 95, which plaintiff indicated was in his possession, as required by Section VIII (B).

44. Plaintiff's current primary care physician, as required by Section IX (A):
    a. Did not provide the identity of plaintiff's current primary care physician.

45. Primary care physicians for the last 7 years, as required by Section IX (B):
    a. Did not provide the identity of plaintiff's primary care physicians for the last seven years.
46. Inpatient Care, as required by Section IX(C):
    a. Did not provide hospitals/clinics/health care facilities where plaintiff received inpatient treatment during the last seven years.
47. Outpatient Care, as required by Section IX(D):
    a. Did not provide hospitals/clinics/health care facilities where plaintiff received outpatient treatment during the last seven years.
48. Each physician or health care provider during last 7 years, as required by Section IX (E).
    a. Did not provide names of each physician or health care provider who treated plaintiff during the last seven years.
49. Pharmacies, as required by Section IX (F).
    a. Did not provide the pharmacies that dispensed medication to plaintiff during the last seven years.


**Washington, Renata**
1. Did not provide a maiden or other name, as required in Section II (B).
2. Did not provide email address, as required in Section II (E).
3. Pre-existing condition information, as required by Section III (C)(6):
    a. Did not provide a response to whether plaintiff suffered with this type of illness/disease prior to living in a FEMA trailer.
4. Condition worsened by trailer, as required by Section III (C)(7):
    a. Did not provide a response to whether FEMA trailer worsened a pre-existing condition.
5. Claims for emotional and/or mental damages, as required by Section III (C)(8):
    a. Did not indicate whether plaintiff is claiming mental and/or emotional damages as a result of residing in a FEMA trailer.
6. Medical expense information, as required by Section III (C)(9):
    a. Did not state whether plaintiff was making a claim for medical expenses related to formaldehyde exposure while residing in a FEMA trailer.
7. Did not provide the complete identity of each address at which plaintiff resided during the last 5 years, as required by Section IV (A).
8. Educational Background, as required by Section IV (E):
    a. Did not provide name of institution.
    b. Did not provide dates attended.
9. Did not provide the name of the manufacturer of trailer or mobile home, as required by Section V (A)(1).
10. Did not provide the VIN Number, as required by Section V (A)(2).
11. Did not provide the bar code number on the FEMA housing unit, as required by Section V (A)(4).
12. Did not provide a response to whether plaintiff's temporary housing unit was a travel trailer or a mobile home, as required by Section V (A)(5).
13. Did not provide a response to whether plaintiff's temporary housing unit was located on private property or a trailer park, as required by Section V (A)(9).

14. Did not provide a reason why plaintiff ceased living in the temporary housing unit, as required by Section V (A)(10)
15. Did not indicate the approximate square footage of the temporary housing unit, as required by Section V (A)(11).
16. Did not indicate the approximate length and width of the temporary housing unit, as required by Section V (A)(12).
17. Did not indicate the average number of daily hours spent in the temporary housing unit, as required by Section V (A)(13).
18. Did not provide a response to whether the FEMA housing unit was jacked up, as required by Section V (A)(14).
19. Did not indicate whether the FEMA housing unit was hooked up to a sewer line, as required by Section V (A)(15).
20. Did not indicate whether the FEMA housing unit was hooked up to an electrical line, as required by Section V (A)(16).
21. Did not indicate whether the FEMA housing unit was hooked up to a natural gas line, as required by Section V (A)(17).
22. Did not indicate whether propane gas was used in the FEMA housing unit, as required by Section V (A)(18).
23. Did not indicate how many days per week worked outside of the FEMA housing unit, as required by Section V (A)(19).
24. Did not respond whether plaintiff lived temporarily in another location during the time plaintiff resided in the FEMA housing unit, as required by Section V (A)(20).
25. Air quality tests, as required by Section V (B):
    a. Did not respond whether air quality tests were performed on the FEMA housing unit.
26. Fumigation, as required by Section V (C):
    a. Did not respond whether the FEMA housing unit was ever fumigated.
27. Repairs, service or maintenance, as required by Section V (D):
    a. Did not respond whether repairs, service or maintenance was performed on the FEMA housing unit.
28. Information of other persons who resided in the unit, as required by Section V (E):
    a. Did not provide information of other persons who resided in the FEMA housing unit.
29. Did not provide plaintiff's height, current weight, and/or weight prior to living in FEMA housing unit, as required by Section VI (A-B).
30. Did not provide other tobacco use history, as required by Section VI (D):
31. Pregnancy, as required by Section VI (E):
    a. Did not respond whether plaintiff was pregnant during the time plaintiff resided in the FEMA housing unit.
32. Lung/respiratory disease, as required by Section VI (F)(1):
    a. Did not indicate whether plaintiff has ever suffered from lung or other respiratory disease.
33. Infectious disease, as required by Section VI (F)(2):
    a. Did not indicate whether plaintiff has ever suffered from infectious disease.
34. Long-term stomach or bowel disease, as required by Section VI (F)(3):

a. Did not indicate whether plaintiff has ever suffered from long-term stomach or bowel disease.

35. Skin disease, as required by Section VI (F)(4):
    a. Did not indicate whether plaintiff has ever suffered from skin disease.

36. X-rays/CT/MRI, as required by Section VI (G):
    a. Did not indicate whether plaintiff has received a chest x-ray, CT scan or MRI.

37. Doctor or health care provider who treated plaintiff, as required by Section VII (A-B).
    a. Did not identify the doctor(s) or health care provider(s) who treated plaintiff for disease/illness/injury that plaintiff alleges were suffered as a result of living in a FEMA housing unit.

38. Did not identify the doctor(s) or health care provider(s) that provided psychological health care to plaintiff for disease/illness/injury that plaintiff alleges were suffered as a result of living in a FEMA housing unit, as required by Section VII (C).

39. Did not indicate whether any health care professional told plaintiff that the alleged illness/disease or injury was related to living in a FEMA housing unit, as required by Section VII (D).

40. Did not provide Standard Form 95, which plaintiff indicated was in his possession, as required by Section VIII (B).

41. Plaintiff's current primary care physician, as required by Section IX (A):
    a. Did not provide the identity of plaintiff's current primary care physician.

42. Primary care physicians for the last 7 years, as required by Section IX (B):
    a. Did not provide the identity of plaintiff's primary care physicians for the last seven years.

43. Inpatient Care, as required by Section IX(C):
    a. Did not provide hospitals/clinics/health care facilities where plaintiff received inpatient treatment during the last seven years.

44. Outpatient Care, as required by Section IX(D):
    a. Did not provide hospitals/clinics/health care facilities where plaintiff received outpatient treatment during the last seven years.

45. Each physician or health care provider during last 7 years, as required by Section IX (E).
    a. Did not provide names of each physician or health care provider who treated plaintiff during the last seven years.

46. Pharmacies, as required by Section IX (F).
    a. Did not provide the pharmacies that dispensed medication to plaintiff during the last seven years.

47. Did not sign the certification.

48. Did not sign a HIPAA Authorization for medical records.

49. Did not sign a HIPAA Authorization for psychological/psychiatric records, as required for plaintiff's making a claim for emotional distress.

50. Did not provide an executed Authorization for Release of Employment Records.

51. Did not sign the PHI Release

52. Did not sign the Privacy Act Release.

**Young, Ronald o/b/o Payton Young**
1. Did not provide email address, as required in Section II (E).
2. The represented party's information, as required by Section III (A):

      a. Did not provide court or date of appointment, if appointed by court.
      b. Did not provide relationship to represented party.
      c. Did not provide date or place of decedent's death, if representing an estate.

3. Pre-existing condition information, as required by Section III (C)(6):
      a. Did not provide a response to whether plaintiff suffered with this type of illness/disease prior to living in a FEMA trailer.

4. Condition worsened by trailer, as required by Section III (C)(7):
      a. Did not provide a response to whether FEMA trailer worsened a pre-existing condition.

5. Did not provide the complete identity of each address at which plaintiff resided during the last 5 years, as required by Section IV (A).

6. Educational Background, as required by Section IV (E):
      a. Did not provide plaintiff's educational background.

7. Did not provide the name of the manufacturer of trailer or mobile home, as required by Section V (A)(1).

8. Did not provide the VIN Number, as required by Section V (A)(2).

9. Did not provide the FEMA Identification Number, as required by Section V (A)(3).

10. Did not provide the bar code number on the FEMA housing unit, as required by Section V (A)(4).

11. Did not provide a response to whether plaintiff's temporary housing unit was a travel trailer or a mobile home, as required by Section V (A)(5).

12. Did not provide the date plaintiff first occupied the temporary housing unit, as required by Section V (A)(6).

13. Did not provide the date plaintiff moved out of the temporary housing unit, as required by Section V (A)(7).

14. Did not provide a response to whether plaintiff's temporary housing unit was located on private property or a trailer park, as required by Section V (A)(9).

15. Did not provide a reason why plaintiff ceased living in the temporary housing unit, as required by Section V (A)(10)

16. Did not indicate the approximate square footage of the temporary housing unit, as required by Section V (A)(11).

17. Did not indicate the approximate length and width of the temporary housing unit, as required by Section V (A)(12).

18. Did not indicate the average number of daily hours spent in the temporary housing unit, as required by Section V (A)(13).

19. Did not provide a response to whether the FEMA housing unit was jacked up, as required by Section V (A)(14).

20. Did not indicate whether the FEMA housing unit was hooked up to a sewer line, as required by Section V (A)(15).

21. Did not indicate whether the FEMA housing unit was hooked up to an electrical line, as required by Section V (A)(16).

22. Did not indicate whether the FEMA housing unit was hooked up to a natural gas line, as required by Section V (A)(17).

23. Did not indicate whether propane gas was used in the FEMA housing unit, as required by Section V (A)(18).

24. Did not indicate how many days per week worked outside of the FEMA housing unit, as required by Section V (A)(19).

25. Did not respond whether plaintiff lived temporarily in another location during the time plaintiff resided in the FEMA housing unit, as required by Section V (A)(20).

26. Air quality tests, as required by Section V (B):
    a. Did not respond whether air quality tests were performed on the FEMA housing unit.

27. Fumigation, as required by Section V (C):
    a. Did not respond whether the FEMA housing unit was ever fumigated.

28. Repairs, service or maintenance, as required by Section V (D):
    a. Did not respond whether repairs, service or maintenance was performed on the FEMA housing unit.

29. Information of other persons who resided in the unit, as required by Section V (E):
    a. Did not provide information of other persons who resided in the FEMA housing unit.

30. Did not provide plaintiff's height, current weight, and/or weight prior to living in FEMA housing unit, as required by Section VI (A-B).

31. Did not provide other tobacco use history, as required by Section VI (D).

32. Lung/respiratory disease, as required by Section VI (F)(1):
    a. Did not indicate whether plaintiff has ever suffered from lung or other respiratory disease.

33. Infectious disease, as required by Section VI (F)(2):
    a. Did not indicate whether plaintiff has ever suffered from infectious disease.

34. Long-term stomach or bowel disease, as required by Section VI (F)(3):
    a. Did not indicate whether plaintiff has ever suffered from long-term stomach or bowel disease.

35. Skin disease, as required by Section VI (F)(4):
    a. Did not indicate whether plaintiff has ever suffered from skin disease.

36. X-rays/CT/MRI, as required by Section VI (G):
    a. Did not indicate whether plaintiff has received a chest x-ray, CT scan or MRI.

37. Doctor or health care provider who treated plaintiff, as required by Section VII (A-B).
    a. Did not identify the doctor(s) or health care provider(s) who treated plaintiff for disease/illness/injury that plaintiff alleges were suffered as a result of living in a FEMA housing unit.

38. Did not identify the doctor(s) or health care provider(s) that provided psychological health care to plaintiff for disease/illness/injury that plaintiff alleges were suffered as a result of living in a FEMA housing unit, as required by Section VII (C).

39. Did not indicate whether any health care professional told plaintiff that the alleged illness/disease or injury was related to living in a FEMA housing unit, as required by Section VII (D).

40. Did not provide Standard Form 95, which plaintiff indicated was in his possession, as required by Section VIII (B).

41. Plaintiff's current primary care physician, as required by Section IX (A):
    a. Did not provide the identity of plaintiff's current primary care physician.

42. Primary care physicians for the last 7 years, as required by Section IX (B):

a. Did not provide the identity of plaintiff's primary care physicians for the last seven years.
43. Inpatient Care, as required by Section IX(C):
     a. Did not provide hospitals/clinics/health care facilities where plaintiff received inpatient treatment during the last seven years.
44. Outpatient Care, as required by Section IX(D):
     a. Did not provide hospitals/clinics/health care facilities where plaintiff received outpatient treatment during the last seven years.
45. Each physician or health care provider during last 7 years, as required by Section IX (E).
     a. Did not provide names of each physician or health care provider who treated plaintiff during the last seven years.
46. Pharmacies, as required by Section IX (F).
     a. Did not provide the pharmacies that dispensed medication to plaintiff during the last seven years.

**Charles, Odile**
Only provided:
1. Name, as required in Section II (A).
2. Current street address, as required in Section II (C).
3. Attorney's information, as required by Section III (B).
4. Response that disease/illness is claimed to be the result of formaldehyde while residing in a FEMA trailer, as required by Section III (C)(1).
5. Plaintiff's understanding of the illness/disease plaintiff is claiming to suffer from because of living in a FEMA trailer, as required by Section III (C)(2).
6. Information regarding cancer, as required by Section III (C)(4).
7. The date when plaintiff claims this injury or disease first occurred, as required by Section III (C)(5).
8. Date of birth.
9. Gender.
10. Manufacturer.
11. VIN.
12. The date plaintiff first occupied the temporary housing unit, as required by Section V (A)(6).
13. The date plaintiff moved out of the temporary housing unit, as required by Section V (A)(7).
14. Mailing address and physical location for plaintiff's temporary housing unit, as required by Section V (A)(8).
15. Personal tobacco history, as required by Section VI (C).

Did not provide Standard Form 95, which plaintiff indicated was in his possession, as required by Section VIII (B).

**Calloway, Bobby**
Only provided:
1. Name, as required in Section II (A).
2. Current street address, as required in Section II (C).

3. Telephone number(s), as required in Section II (D).
4. Attorney's information, as required by Section III (B).
5. Response that disease/illness is claimed to be the result of formaldehyde while residing in a FEMA trailer, as required by Section III (C)(1).
6. Plaintiff's understanding of the illness/disease plaintiff is claiming to suffer from because of living in a FEMA trailer, as required by Section III (C)(2).
7. Responses to the symptom check list for symptoms experienced or reported to a physician during the time lived in a FEMA Trailer, as required by Section III (C)(3).
8. Information regarding cancer, as required by Section III (C)(4).
9. The date when plaintiff claims this injury or disease first occurred, as required by Section III (C)(5).
10. Date of birth.
11. Gender.
12. Manufacturer.
13. VIN.
14. The date plaintiff first occupied the temporary housing unit, as required by Section V (A)(6).
15. The date plaintiff moved out of the temporary housing unit, as required by Section V (A)(7).
16. Mailing address and physical location for plaintiff's temporary housing unit, as required by Section V (A)(8).
17. Personal tobacco history, as required by Section VI (C).
18. Signed the certification.
19. Signed a HIPAA Authorization for medical records.
20. Signed a HIPAA Authorization for psychological/psychiatric records, as required for plaintiff's making a claim for emotional distress.
21. Provided an executed Authorization for Release of Employment Records.
22. Signed the PHI Release
23. Signed the Privacy Act Release.

Did not provide Standard Form 95, which plaintiff indicated was in his possession, as required by Section VIII (B).

**Brock, Kathy**
Only provided:
1. Name, as required in Section II (A).
2. Current street address, as required in Section II (C).
3. Telephone number(s), as required in Section II (D).
4. Attorney's information, as required by Section III (B).
5. Response that disease/illness is claimed to be the result of formaldehyde while residing in a FEMA trailer, as required by Section III (C)(1).
6. Plaintiff's understanding of the illness/disease plaintiff is claiming to suffer from because of living in a FEMA trailer, as required by Section III (C)(2).
7. Responses to the symptom check list for symptoms experienced or reported to a physician during the time lived in a FEMA Trailer, as required by Section III (C)(3).
8. Information regarding cancer, as required by Section III (C)(4).

9. The date when plaintiff claims this injury or disease first occurred, as required by Section III (C)(5).
10. Date of birth.
11. Gender.
12. VIN.
13. The date plaintiff first occupied the temporary housing unit, as required by Section V (A)(6).
14. Mailing address and physical location for plaintiff's temporary housing unit, as required by Section V (A)(8).
15. Personal tobacco history, as required by Section VI (C).

Did not provide Standard Form 95, which plaintiff indicated was in his possession, as required by Section VIII (B).

**Brock, Kathy o/b/o Katelyn Brock**
Only provided:
1. Name, as required in Section II (A).
2. Current street address, as required in Section II (C).
3. Telephone number(s), as required in Section II (D).
4. The represented party's information, as required by Section III (A):
   a. Name.
   b. Address.
   c. Phone number.
5. Attorney's information, as required by Section III (B).
6. Response that disease/illness is claimed to be the result of formaldehyde while residing in a FEMA trailer, as required by Section III (C)(1).
7. Plaintiff's understanding of the illness/disease plaintiff is claiming to suffer from because of living in a FEMA trailer, as required by Section III (C)(2).
8. Responses to the symptom check list for symptoms experienced or reported to a physician during the time lived in a FEMA Trailer, as required by Section III (C)(3).
9. Information regarding cancer, as required by Section III (C)(4).
10. The date when plaintiff claims this injury or disease first occurred, as required by Section III (C)(5).
11. Date of birth.
12. Gender.
13. VIN.
14. Mailing address and physical location for plaintiff's temporary housing unit, as required by Section V (A)(8).
15. Personal tobacco history, as required by Section VI (C).

Did not provide Standard Form 95, which plaintiff indicated was in his possession, as required by Section VIII (B).

**Borne, Lonnie**
Only provided:
1. Name, as required in Section II (A).

2. Current street address, as required in Section II (C).
3. Telephone number(s), as required in Section II (D).
4. Attorney's information, as required by Section III (B).
5. Response that disease/illness is claimed to be the result of formaldehyde while residing in a FEMA trailer, as required by Section III (C)(1).
6. Plaintiff's understanding of the illness/disease plaintiff is claiming to suffer from because of living in a FEMA trailer, as required by Section III (C)(2).
7. Responses to the symptom check list for symptoms experienced or reported to a physician during the time lived in a FEMA Trailer, as required by Section III (C)(3).
8. Information regarding cancer, as required by Section III (C)(4).
9. The date when plaintiff claims this injury or disease first occurred, as required by Section III (C)(5).
10. Driver's License Number.
11. Date of birth.
12. Gender.
13. VIN.
14. Bar Code Number.
15. Bar Code Number.
16. Mailing address and physical location for plaintiff's temporary housing unit, as required by Section V (A)(8).
17. Personal tobacco history, as required by Section VI (C).

Did not provide Standard Form 95, which plaintiff indicated was in his possession, as required by Section VIII (B).

**<u>Shepherd, Anthony</u>**
Only provided:
1. Name, as required in Section II (A).
2. Current street address, as required in Section II (C).
3. Telephone number(s), as required in Section II (D).
4. Attorney's information, as required by Section III (B).
5. Response that disease/illness is claimed to be the result of formaldehyde while residing in a FEMA trailer, as required by Section III (C)(1).
6. Plaintiff's understanding of the illness/disease plaintiff is claiming to suffer from because of living in a FEMA trailer, as required by Section III (C)(2).
7. Responses to the symptom check list for symptoms experienced or reported to a physician during the time lived in a FEMA Trailer, as required by Section III (C)(3).
8. Information regarding cancer, as required by Section III (C)(4).
9. The date when plaintiff claims this injury or disease first occurred, as required by Section III (C)(5).
10. Date of birth.
11. Gender.
12. VIN.
13. Bar Code Number.
14. Mailing address and physical location for plaintiff's temporary housing unit, as required by Section V (A)(8).

15. Personal tobacco history, as required by Section VI (C).
16. Signed the certification.
17. Signed a HIPAA Authorization for medical records.
18. Signed a HIPAA Authorization for psychological/psychiatric records, as required for plaintiff's making a claim for emotional distress.
19. Provided an executed Authorization for Release of Employment Records.
20. Signed the PHI Release
21. Signed the Privacy Act Release.

Did not provide Standard Form 95, which plaintiff indicated was in his possession, as required by Section VIII (B).

**Shephard, Raven o/b/o Anaya Shepherd**
Only provided:
1. Name, as required in Section II (A).
2. Current street address, as required in Section II (C).
3. Telephone number(s), as required in Section II (D).
4. The represented party's information, as required by Section III (A):
    a. Name.
    b. Address.
    c. Phone number.
    d. Relationship to represented party.
5. Attorney's information, as required by Section III (B).
6. Response that disease/illness is claimed to be the result of formaldehyde while residing in a FEMA trailer, as required by Section III (C)(1).
7. Plaintiff's understanding of the illness/disease plaintiff is claiming to suffer from because of living in a FEMA trailer, as required by Section III (C)(2).
8. Responses to the symptom check list for symptoms experienced or reported to a physician during the time lived in a FEMA Trailer, as required by Section III (C)(3).
9. Information regarding cancer, as required by Section III (C)(4).
10. The date when plaintiff claims this injury or disease first occurred, as required by Section III (C)(5).
11. Date of birth.
12. Mailing address and physical location for plaintiff's temporary housing unit, as required by Section V (A)(8).
13. Personal tobacco history, as required by Section VI (C).

Did not provide Standard Form 95, which plaintiff indicated was in his possession, as required by Section VIII (B).

**Roussell, Lisa**
Only provided:
1. Name, as required in Section II (A).
2. Current street address, as required in Section II (C).
3. Telephone number(s), as required in Section II (D).
4. Attorney's information, as required in Section III (B).

5. Response that disease/illness is claimed to be the result of formaldehyde while residing in a FEMA trailer, as required by Section III (C)(1).
6. Plaintiff's understanding of the illness/disease plaintiff is claiming to suffer from because of living in a FEMA trailer, as required by Section III (C)(2).
7. Responses to the symptom check list for symptoms experienced or reported to a physician during the time lived in a FEMA Trailer, as required by Section III (C)(3).
8. Information regarding cancer, as required by Section III (C)(4).
9. The date when plaintiff claims this injury or disease first occurred, as required by Section III (C)(5).
10. Driver's License Number.
11. Date of birth.
12. Gender.
13. VIN.
14. Mailing address and physical location for plaintiff's temporary housing unit, as required by Section V (A)(8).
15. Personal tobacco history, as required by Section VI (C).

Did not provide Standard Form 95, which plaintiff indicated was in his possession, as required by Section VIII (B).

**Roussell, Lisa o/b/o Tia Roussell**
Only provided:
1. Name, as required in Section II (A).
2. Current street address, as required in Section II (C).
3. The represented party's information, as required by Section III (A):
   a. Name.
   b. Address.
   c. Phone number.
4. Attorney's information, as required by Section III (B).
5. Response that disease/illness is claimed to be the result of formaldehyde while residing in a FEMA trailer, as required by Section III (C)(1).
6. Plaintiff's understanding of the illness/disease plaintiff is claiming to suffer from because of living in a FEMA trailer, as required by Section III (C)(2).
7. Information regarding cancer, as required by Section III (C)(4).
8. The date when plaintiff claims this injury or disease first occurred, as required by Section III (C)(5).
9. Date of birth.
10. Gender.
11. Mailing address and physical location for plaintiff's temporary housing unit, as required by Section V (A)(8).
12. Personal tobacco history, as required by Section VI (C).

Did not provide Standard Form 95, which plaintiff indicated was in his possession, as required by Section VIII (B).

**Roussell, Theron**

Only provided:
1. Name, as required in Section II (A).
2. Current street address, as required in Section II (C).
3. Telephone number(s), as required in Section II (D).
4. Attorney's information, as required by Section III (B).
5. Response that disease/illness is claimed to be the result of formaldehyde while residing in a FEMA trailer, as required by Section III (C)(1).
6. Plaintiff's understanding of the illness/disease plaintiff is claiming to suffer from because of living in a FEMA trailer, as required by Section III (C)(2).
7. Responses to the symptom check list for symptoms experienced or reported to a physician during the time lived in a FEMA Trailer, as required by Section III (C)(3).
8. Information regarding cancer, as required by Section III (C)(4).
9. The date when plaintiff claims this injury or disease first occurred, as required by Section III (C)(5).
10. Driver's License Number.
11. Date of birth.
12. Gender.
13. Mailing address and physical location for plaintiff's temporary housing unit, as required by Section V (A)(8).

Did not provide Standard Form 95, which plaintiff indicated was in his possession, as required by Section VIII (B).

**Raymond, Robin**
Only provided:
1. Name, as required in Section II (A).
2. Current street address, as required in Section II (C).
3. Email Address, as required in Section II (E).
4. Attorney's information, as required by Section III (B).
5. Response that disease/illness is claimed to be the result of formaldehyde while residing in a FEMA trailer, as required by Section III (C)(1).
6. Plaintiff's understanding of the illness/disease plaintiff is claiming to suffer from because of living in a FEMA trailer, as required by Section III (C)(2).
7. Responses to the symptom check list for symptoms experienced or reported to a physician during the time lived in a FEMA Trailer, as required by Section III (C)(3).
8. Information regarding cancer, as required by Section III (C)(4).
9. The date when plaintiff claims this injury or disease first occurred, as required by Section III (C)(5).
10. Driver's License Number.
11. Date of birth.
12. Gender.
13. VIN.
14. Mailing address and physical location for plaintiff's temporary housing unit, as required by Section V (A)(8).
15. Personal tobacco history, as required by Section VI (C).

Did not provide Standard Form 95, which plaintiff indicated was in his possession, as required by Section VIII (B).

**Kendrick, Robin o/b/o Kayla Price**
Only provided:
1. Name, as required in Section II (A).
2. Current street address, as required in Section II (C).
3. Telephone number(s), as required in Section II (D).
4. The represented party's information, as required by Section III (A):
   a. Name.
   b. Address.
   c. Phone number.
   d. Relationship to represented party.
5. Attorney's information, as required by Section III (B).
6. Response that disease/illness is claimed to be the result of formaldehyde while residing in a FEMA trailer, as required by Section III (C)(1).
7. Plaintiff's understanding of the illness/disease plaintiff is claiming to suffer from because of living in a FEMA trailer, as required by Section III (C)(2).
8. Responses to the symptom check list for symptoms experienced or reported to a physician during the time lived in a FEMA Trailer, as required by Section III (C)(3).
9. Information regarding cancer, as required by Section III (C)(4).
10. The date when plaintiff claims this injury or disease first occurred, as required by Section III (C)(5).
11. Date of birth.
12. FEMA ID.
13. Mailing address and physical location for plaintiff's temporary housing unit, as required by Section V (A)(8).
14. Personal tobacco history, as required by Section VI (C).

Did not provide Standard Form 95, which plaintiff indicated was in his possession, as required by Section VIII (B).

**Pierre, Vincent**
Only provided:
1. Name, as required in Section II (A).
2. Current street address, as required in Section II (C).
3. Attorney's information, as required by Section III (B).
4. Response that disease/illness is claimed to be the result of formaldehyde while residing in a FEMA trailer, as required by Section III (C)(1).
5. Plaintiff's understanding of the illness/disease plaintiff is claiming to suffer from because of living in a FEMA trailer, as required by Section III (C)(2).
6. Responses to the symptom check list for symptoms experienced or reported to a physician during the time lived in a FEMA Trailer, as required by Section III (C)(3).
7. Information regarding cancer, as required by Section III (C)(4).
8. The date when plaintiff claims this injury or disease first occurred, as required by Section III (C)(5).

9. Driver's License Number.
10. Date of birth.
11. Gender.
12. VIN.
13. Mailing address and physical location for plaintiff's temporary housing unit, as required by Section V (A)(8).

Did not provide Standard Form 95, which plaintiff indicated was in his possession, as required by Section VIII (B).

**Pierre, Blaine**
Only provided:
1. Name, as required in Section II (A).
2. Current street address, as required in Section II (C).
3. Telephone number(s), as required in Section II (D).
4. Attorney's information, as required by Section III (B).
5. Response that disease/illness is claimed to be the result of formaldehyde while residing in a FEMA trailer, as required by Section III (C)(1).
6. Plaintiff's understanding of the illness/disease plaintiff is claiming to suffer from because of living in a FEMA trailer, as required by Section III (C)(2).
7. Responses to the symptom check list for symptoms experienced or reported to a physician during the time lived in a FEMA Trailer, as required by Section III (C)(3).
8. Information regarding cancer, as required by Section III (C)(4).
9. The date when plaintiff claims this injury or disease first occurred, as required by Section III (C)(5).
10. Date of birth.
11. Gender.
12. FEMA ID.
13. Bar Code Number.
14. The date plaintiff first occupied the temporary housing unit, as required by Section V (A)(6).
15. The date plaintiff moved out of the temporary housing unit, as required by Section V (A)(7).
16. Mailing address and physical location for plaintiff's temporary housing unit, as required by Section V (A)(8).
17. Personal tobacco history, as required by Section VI (C).

Did not provide Standard Form 95, which plaintiff indicated was in his possession, as required by Section VIII (B).

**Pablo, Victoria**
Only provided:
1. Name, as required in Section II (A).
2. Current street address, as required in Section II (C).
3. Telephone number(s), as required in Section II (D).
4. Email address, as required in Section II (E).

5. Attorney's information, as required by Section III (B).
6. Response that disease/illness is claimed to be the result of formaldehyde while residing in a FEMA trailer, as required by Section III (C)(1).
7. Plaintiff's understanding of the illness/disease plaintiff is claiming to suffer from because of living in a FEMA trailer, as required by Section III (C)(2).
8. Responses to the symptom check list for symptoms experienced or reported to a physician during the time lived in a FEMA Trailer, as required by Section III (C)(3).
9. Information regarding cancer, as required by Section III (C)(4).
10. The date when plaintiff claims this injury or disease first occurred, as required by Section III (C)(5).
11. Driver's License Number.
12. Date of birth.
13. Gender.
14. VIN.
15. Mailing address and physical location for plaintiff's temporary housing unit, as required by Section V (A)(8).
16. Personal tobacco history, as required by Section VI (C).

Did not provide Standard Form 95, which plaintiff indicated was in his possession, as required by Section VIII (B).

**Batiste, Victor o/b/o Victor Pablo**
Only provided:
1. Name, as required in Section II (A).
2. Current street address, as required in Section II (C).
3. Telephone number(s), as required in Section II (D).
4. The represented party's information, as required by Section III (A):
    a. Name.
    b. Address.
    c. Phone number.
    d. Relationship to represented party.
5. Attorney's information, as required by Section III (B).
6. Response that disease/illness is claimed to be the result of formaldehyde while residing in a FEMA trailer, as required by Section III (C)(1).
7. Plaintiff's understanding of the illness/disease plaintiff is claiming to suffer from because of living in a FEMA trailer, as required by Section III (C)(2).
8. Responses to the symptom check list for symptoms experienced or reported to a physician during the time lived in a FEMA Trailer, as required by Section III (C)(3).
9. Information regarding cancer, as required by Section III (C)(4).
10. The date when plaintiff claims this injury or disease first occurred, as required by Section III (C)(5).
11. Date of birth.
12. Mailing address and physical location for plaintiff's temporary housing unit, as required by Section V (A)(8).
13. Personal tobacco history, as required by Section VI (C).

Did not provide Standard Form 95, which plaintiff indicated was in his possession, as required by Section VIII (B).

**Batiste, Victor o/b/o Shantell Pablo**
Only provided:
1. Name, as required in Section II (A).
2. Current street address, as required in Section II (C).
3. Telephone number(s), as required in Section II (D).
4. The represented party's information, as required by Section III (A):
    a. Name.
    b. Address.
    c. Phone number.
5. Attorney's information, as required by Section III (B).
6. Response that disease/illness is claimed to be the result of formaldehyde while residing in a FEMA trailer, as required by Section III (C)(1).
7. Plaintiff's understanding of the illness/disease plaintiff is claiming to suffer from because of living in a FEMA trailer, as required by Section III (C)(2).
8. Responses to the symptom check list for symptoms experienced or reported to a physician during the time lived in a FEMA Trailer, as required by Section III (C)(3).
9. Information regarding cancer, as required by Section III (C)(4).
10. The date when plaintiff claims this injury or disease first occurred, as required by Section III (C)(5).
11. Date of birth.
12. Mailing address and physical location for plaintiff's temporary housing unit, as required by Section V (A)(8).
13. Personal tobacco history, as required by Section VI (C).

Did not provide Standard Form 95, which plaintiff indicated was in his possession, as required by Section VIII (B).

**Williams, Traje o/b/o Dekalen Stipe**
Only provided:
1. Name, as required in Section II (A).
2. Current street address, as required in Section II (C).
3. Telephone number(s), as required in Section II (D).
4. The represented party's information, as required by Section III (A):
    a. Name.
    b. Address.
    c. Phone number.
5. Attorney's information, as required by Section III (B).
6. Response that disease/illness is claimed to be the result of formaldehyde while residing in a FEMA trailer, as required by Section III (C)(1).
7. Plaintiff's understanding of the illness/disease plaintiff is claiming to suffer from because of living in a FEMA trailer, as required by Section III (C)(2).
8. Responses to the symptom check list for symptoms experienced or reported to a physician during the time lived in a FEMA Trailer, as required by Section III (C)(3).

9. Information regarding cancer, as required by Section III (C)(4).
10. The date when plaintiff claims this injury or disease first occurred, as required by Section III (C)(5).
11. Date of birth.
12. VIN.
13. Mailing address and physical location for plaintiff's temporary housing unit, as required by Section V (A)(8).

Did not provide Standard Form 95, which plaintiff indicated was in his possession, as required by Section VIII (B).

### Simoneaux, Dorothy o/b/o Taziria Simoneaux

Only provided:
1. Name, as required in Section II (A).
2. Current street address, as required in Section II (C).
3. Telephone number(s), as required in Section II (D).
4. The represented party's information, as required by Section III (A):
    a. Name.
    b. Address.
    c. Phone number.
5. Attorney's information, as required by Section III (B).
6. Response that disease/illness is claimed to be the result of formaldehyde while residing in a FEMA trailer, as required by Section III (C)(1).
7. Plaintiff's understanding of the illness/disease plaintiff is claiming to suffer from because of living in a FEMA trailer, as required by Section III (C)(2).
8. Responses to the symptom check list for symptoms experienced or reported to a physician during the time lived in a FEMA Trailer, as required by Section III (C)(3).
9. Information regarding cancer, as required by Section III (C)(4).
10. The date when plaintiff claims this injury or disease first occurred, as required by Section III (C)(5).
11. Date of birth.
12. FEMA ID.
13. Personal tobacco history, as required by Section VI (C).

Did not provide Standard Form 95, which plaintiff indicated was in his possession, as required by Section VIII (B).

### Simoneaux, Dorothy o/b/o Clifaneka Simoneaux

Only provided:
1. Name, as required in Section II (A).
2. Current street address, as required in Section II (C).
3. Telephone number(s), as required in Section II (D).
4. The represented party's information, as required by Section III (A):
    a. Name.
    b. Address.
    c. Phone number.

5. Attorney's information, as required by Section III (B).
6. Response that disease/illness is claimed to be the result of formaldehyde while residing in a FEMA trailer, as required by Section III (C)(1).
7. Plaintiff's understanding of the illness/disease plaintiff is claiming to suffer from because of living in a FEMA trailer, as required by Section III (C)(2).
8. Responses to the symptom check list for symptoms experienced or reported to a physician during the time lived in a FEMA Trailer, as required by Section III (C)(3).
9. Information regarding cancer, as required by Section III (C)(4).
10. The date when plaintiff claims this injury or disease first occurred, as required by Section III (C)(5).
11. Date of birth.
12. FEMA ID.
13. Mailing address and physical location for plaintiff's temporary housing unit, as required by Section V (A)(8).
14. Personal tobacco history, as required by Section VI (C).

Did not provide Standard Form 95, which plaintiff indicated was in his possession, as required by Section VIII (B).


**Washington, Tasha o/b/o Torrey Shepherd**
Only provided:
1. Name, as required in Section II (A).
2. Current street address, as required in Section II (C).
3. Telephone number(s), as required in Section II (D).\
4. The represented party's information, as required by Section III (A):
    a. Name.
    b. Address.
    c. Phone number.
    d. Relationship to represented party.
5. Attorney's information, as required by Section III (B).
6. Response that disease/illness is claimed to be the result of formaldehyde while residing in a FEMA trailer, as required by Section III (C)(1).
7. Plaintiff's understanding of the illness/disease plaintiff is claiming to suffer from because of living in a FEMA trailer, as required by Section III (C)(2).
8. Responses to the symptom check list for symptoms experienced or reported to a physician during the time lived in a FEMA Trailer, as required by Section III (C)(3).
9. Information regarding cancer, as required by Section III (C)(4).
10. The date when plaintiff claims this injury or disease first occurred, as required by Section III (C)(5).
11. Date of birth.
12. Mailing address and physical location for plaintiff's temporary housing unit, as required by Section V (A)(8).
13. Personal tobacco history, as required by Section VI (C).

Did not provide Standard Form 95, which plaintiff indicated was in his possession, as required by Section VIII (B).

**Shepherd, Sherrie**
Only provided:
1. Name, as required in Section II (A).
2. Current street address, as required in Section II (C).
3. Telephone number(s), as required in Section II (D).
4. Attorney's information, as required by Section III (B).
5. Response that disease/illness is claimed to be the result of formaldehyde while residing in a FEMA trailer, as required by Section III (C)(1).
6. Plaintiff's understanding of the illness/disease plaintiff is claiming to suffer from because of living in a FEMA trailer, as required by Section III (C)(2).
7. Responses to the symptom check list for symptoms experienced or reported to a physician during the time lived in a FEMA Trailer, as required by Section III (C)(3).
8. Information regarding cancer, as required by Section III (C)(4).
9. The date when plaintiff claims this injury or disease first occurred, as required by Section III (C)(5).
10. Driver's License Number.
11. Date of birth.
12. Gender.
13. VIN.
14. Bar Code Number.
15. Mailing address and physical location for plaintiff's temporary housing unit, as required by Section V (A)(8).
16. Personal tobacco history, as required by Section VI (C).
17. Signed the certification.
18. Signed a HIPAA Authorization for medical records.
19. Signed a HIPAA Authorization for psychological/psychiatric records, as required for plaintiff's making a claim for emotional distress.
20. Provided an executed Authorization for Release of Employment Records.
21. Signed the PHI Release
22. Signed the Privacy Act Release.

Did not provide Standard Form 95, which plaintiff indicated was in his possession, as required by Section VIII (B).

**Albert, Revon o/b/o Chad Oubre Jr.**

1. Did not provide a maiden or other name, as required in Section II (B).
2. Did not provide email address, as required in Section II (E).
3. Pre-existing condition information, as required by Section III (C)(6):
   a. Did not provide a response to whether plaintiff suffered with this type of illness/disease prior to living in a FEMA trailer.
4. Condition worsened by trailer, as required by Section III (C)(7):
   a. Did not provide a response to whether FEMA trailer worsened a pre-existing condition.
5. Medical expense information, as required by Section III (C)(9):
   a. Did not state the amount of plaintiff's claim for medical expenses related to formaldehyde exposure while residing in a FEMA trailer.
6. Doctor or health care provider who treated plaintiff, as required by Section VII (A-B).
   a. Did not identify the doctor(s) or health care provider(s) who treated plaintiff for disease/illness/injury that plaintiff alleges were suffered as a result of living in a FEMA housing unit.
7. Did not provide Standard Form 95, which plaintiff indicated was in his possession, as required by Section VIII (B).
8. Plaintiff's current primary care physician, as required by Section IX (A):
   a. Did not provide full address.
9. Primary care physicians for the last 7 years, as required by Section IX (B):
   a. Did not provide full address.
   b. Did not provide the range of dates of treatment.
10. Inpatient Care, as required by Section IX(C):
    a. Did not provide hospitals/clinics/health care facilities where plaintiff received inpatient treatment during the last seven years.
11. Outpatient Care, as required by Section IX(D):
    a. Did not provide hospitals/clinics/health care facilities where plaintiff received outpatient treatment during the last seven years.
12. Each physician or health care provider during last 7 years, as required by Section IX (E).
    a. Did not provide full address.
    b. Did not provide the range of dates of treatment.
13. Pharmacies, as required by Section IX (F).
    a. Did not provide the full address.

**Washington, Renata o/b/o Jaqusha Oates**

1. Did not provide a maiden or other name, as required in Section II (B).
2. Did not provide email address, as required in Section II (E).
3. Pre-existing condition information, as required by Section III (C)(6):
   a. Did not provide a response to whether plaintiff suffered with this type of illness/disease prior to living in a FEMA trailer.
4. Condition worsened by trailer, as required by Section III (C)(7):

     a.  Did not provide a response to whether FEMA trailer worsened a pre-existing condition.

5.  Medical expense information, as required by Section III (C)(9):
     a.  Did not state whether plaintiff was making a claim for medical expenses related to formaldehyde exposure while residing in a FEMA trailer.

6.  Did not provide the complete identity of each address at which plaintiff resided during the last 5 years, as required by Section IV (A).

7.  Educational Background, as required by Section IV (E):
     a.  Did not provide plaintiff's educational background.

8.  Did not provide the name of the manufacturer of trailer or mobile home, as required by Section V (A)(1).

9.  Did not provide the VIN Number, as required by Section V (A)(2).

10.  Did not provide the bar code number on the FEMA housing unit, as required by Section V (A)(4).

11.  Did not provide a response to whether plaintiff's temporary housing unit was a travel trailer or a mobile home, as required by Section V (A)(5).

12.  Did not provide the date plaintiff first occupied the temporary housing unit, as required by Section V (A)(6).

13.  Did not provide the date plaintiff moved out of the temporary housing unit, as required by Section V (A)(7).

14.  Did not provide a response to whether plaintiff's temporary housing unit was located on private property or a trailer park, as required by Section V (A)(9).

15.  Did not provide a reason why plaintiff ceased living in the temporary housing unit, as required by Section V (A)(10)

16.  Did not indicate the approximate square footage of the temporary housing unit, as required by Section V (A)(11).

17.  Did not indicate the approximate length and width of the temporary housing unit, as required by Section V (A)(12).

18.  Did not indicate the average number of daily hours spent in the temporary housing unit, as required by Section V (A)(13).

19.  Did not provide a response to whether the FEMA housing unit was jacked up, as required by Section V (A)(14).

20.  Did not indicate whether the FEMA housing unit was hooked up to a sewer line, as required by Section V (A)(15).

21.  Did not indicate whether the FEMA housing unit was hooked up to an electrical line, as required by Section V (A)(16).

22.  Did not indicate whether the FEMA housing unit was hooked up to a natural gas line, as required by Section V (A)(17).

23.  Did not indicate whether propane gas was used in the FEMA housing unit, as required by Section V (A)(18).

24.  Did not indicate how many days per week worked outside of the FEMA housing unit, as required by Section V (A)(19).

25.  Did not respond whether plaintiff lived temporarily in another location during the time plaintiff resided in the FEMA housing unit, as required by Section V (A)(20).

26.  Air quality tests, as required by Section V (B):

      a.  Did not respond whether air quality tests were performed on the FEMA housing unit.

27. Fumigation, as required by Section V (C):
      a.  Did not respond whether the FEMA housing unit was ever fumigated.

28. Repairs, service or maintenance, as required by Section V (D):
      a.  Did not respond whether repairs, service or maintenance was performed on the FEMA housing unit.

29. Information of other persons who resided in the unit, as required by Section V (E):
      a.  Did not provide information of other persons who resided in the FEMA housing unit.

30. Did not provide plaintiff's height prior to living in FEMA housing unit, as required by Section VI (A-B).

31. Doctor or health care provider who treated plaintiff, as required by Section VII (A-B).
      a.  Did not identify phone.
      b.  Did not identify treatment received.
      c.  Did not identify dates of treatment.

32. Did not provide Standard Form 95, which plaintiff indicated was in his possession, as required by Section VIII (B).

33. Plaintiff's current primary care physician, as required by Section IX (A):
      a.  Did not provide the identity of plaintiff's current primary care physician.

34. Primary care physicians for the last 7 years, as required by Section IX (B):
      a.  Did not provide the identity of plaintiff's primary care physicians for the last seven years.

35. Inpatient Care, as required by Section IX(C):
      a.  Did not provide hospitals/clinics/health care facilities where plaintiff received inpatient treatment during the last seven years.

36. Outpatient Care, as required by Section IX(D):
      a.  Did not provide hospitals/clinics/health care facilities where plaintiff received outpatient treatment during the last seven years.

37. Each physician or health care provider during last 7 years, as required by Section IX (E).
      a.  Did not provide names of each physician or health care provider who treated plaintiff during the last seven years.

38. Pharmacies, as required by Section IX (F).
      a.  Did not provide the pharmacies that dispensed medication to plaintiff during the last seven years.

39. Did not sign a HIPAA Authorization for medical records.

40. Did not sign a HIPAA Authorization for psychological/psychiatric records, as required for plaintiff's making a claim for emotional distress.

41. Did not provide an executed Authorization for Release of Employment Records.

42. Did not sign the PHI Release

**Stipe, Dana**

1. Did not provide email address, as required in Section II (E).

2. Pre-existing condition information, as required by Section III (C)(6):

a. Did not provide a response to whether plaintiff suffered with this type of illness/disease prior to living in a FEMA trailer.

3. Condition worsened by trailer, as required by Section III (C)(7):
   a. Did not provide a response to whether FEMA trailer worsened a pre-existing condition.

4. Driver's License information, as required by Section IV (B):
   a. Did not provide state that issued plaintiff driver's license.

5. Did not provide place of birth, as required by Section IV (C).

6. Current employment information, as required by Section IV (F)(1):
   a. Did not provide employer's address.

7. Did not provide the name of the manufacturer of trailer or mobile home, as required by Section V (A)(1).

8. Did not provide a response to whether plaintiff's temporary housing unit was a travel trailer or a mobile home, as required by Section V (A)(5).

9. Did not indicate the approximate square footage of the temporary housing unit, as required by Section V (A)(11).

10. Did not indicate the approximate length and width of the temporary housing unit, as required by Section V (A)(12).

11. Did not indicate whether propane gas was used in the FEMA housing unit, as required by Section V (A)(18).

12. Did not indicate how many days per week worked outside of the FEMA housing unit, as required by Section V (A)(19).

13. Air quality tests, as required by Section V (B):
    a. Did not respond whether air quality tests were performed on the FEMA housing unit.

14. Fumigation, as required by Section V (C):
    a. Did not respond when the fumigation was performed.
    b. Did not respond with the reason for fumigation.

15. Doctor or health care provider who treated plaintiff, as required by Section VII (A-B).
    a. Did not identify the doctor(s) or health care provider(s) who treated plaintiff for disease/illness/injury that plaintiff alleges were suffered as a result of living in a FEMA housing unit.

16. Did not provide Standard Form 95, which plaintiff indicated was in his possession, as required by Section VIII (B).

17. Plaintiff's current primary care physician, as required by Section IX (A):
    a. Did not provide full address.

18. Primary care physicians for the last 7 years, as required by Section IX (B):
    a. Did not provide full address.
    b. Did not provide the range of dates of treatment.

19. Inpatient Care, as required by Section IX(C):
    a. Did not provide full address.
    b. Did not provide admission dates.

20. Outpatient Care, as required by Section IX(D):
    a. Did not provide hospitals/clinics/health care facilities where plaintiff received outpatient treatment during the last seven years.

21. Each physician or health care provider during last 7 years, as required by Section IX (E).

> a. Did not provide names of each physician or health care provider who treated plaintiff during the last seven years.

22. Pharmacies, as required by Section IX (F).
> a. Did not provide the pharmacies that dispensed medication to plaintiff during the last seven years.

**Stipe, Julie**

1. Did not provide a maiden or other name, as required in Section II (B).
2. Did not provide email address, as required in Section II (E).
3. Pre-existing condition information, as required by Section III (C)(6):
> a. Did not provide a response to whether plaintiff suffered with this type of illness/disease prior to living in a FEMA trailer.
4. Condition worsened by trailer, as required by Section III (C)(7):
> a. Did not provide a response to whether FEMA trailer worsened a pre-existing condition.
5. Driver's License information, as required by Section IV (B):
> a. Did not provide state that issued plaintiff driver's license.
6. Did not provide place of birth, as required by Section IV (C).
7. Did not provide the name of the manufacturer of trailer or mobile home, as required by Section V (A)(1).
8. Did not provide the bar code number on the FEMA housing unit, as required by Section V (A)(4).
9. Did not provide a response to whether plaintiff's temporary housing unit was a travel trailer or a mobile home, as required by Section V (A)(5).
10. Did not indicate the approximate square footage of the temporary housing unit, as required by Section V (A)(11).
11. Did not indicate the approximate length and width of the temporary housing unit, as required by Section V (A)(12).
12. Did not provide a response to whether the FEMA housing unit was jacked up, as required by Section V (A)(14).
13. Did not respond whether plaintiff lived temporarily in another location during the time plaintiff resided in the FEMA housing unit, as required by Section V (A)(20).
14. Air quality tests, as required by Section V (B):
> a. Did not respond whether air quality tests were performed on the FEMA housing unit.
15. Doctor or health care provider who treated plaintiff, as required by Section VII (A-B).
> a. Did not identify phone.
> b. Did not identify treatment received.
> c. Did not identify dates of treatment.
16. Did not provide Standard Form 95, which plaintiff indicated was in his possession, as required by Section VIII (B).
17. Plaintiff's current primary care physician, as required by Section IX (A):
> a. Did not provide full address.
18. Primary care physicians for the last 7 years, as required by Section IX (B):
> a. Did not provide full address.

      b.   Did not provide the range of dates of treatment.
19. Outpatient Care, as required by Section IX(D):
      a.   Did not provide hospitals/clinics/health care facilities where plaintiff received outpatient treatment during the last seven years.
20. Each physician or health care provider during last 7 years, as required by Section IX (E).
      a.   Did not provide names of each physician or health care provider who treated plaintiff during the last seven years.
21. Pharmacies, as required by Section IX (F).
      a.   Did not provide the pharmacies that dispensed medication to plaintiff during the last seven years.

## Stipe Sr., Harry

1. Did not provide a maiden or other name, as required in Section II (B).
2. Did not provide email address, as required in Section II (E).
3. Pre-existing condition information, as required by Section III (C)(6):
      a.   Did not provide a response to whether plaintiff suffered with this type of illness/disease prior to living in a FEMA trailer.
4. Condition worsened by trailer, as required by Section III (C)(7):
      a.   Did not provide a response to whether FEMA trailer worsened a pre-existing condition.
5. Driver's License information, as required by Section IV (B):
      a.   Did not provide state that issued plaintiff driver's license.
6. Current employment information, as required by Section IV (F)(1):
      a.   Did not provide plaintiff's current employment information.
7. Employment information for the past ten years, as required by Section IV (F)(2):
      a.   Did not provide plaintiff's employment information for the past ten years.
8. Did not provide the name of the manufacturer of trailer or mobile home, as required by Section V (A)(1).
9. Did not provide a response to whether plaintiff's temporary housing unit was a travel trailer or a mobile home, as required by Section V (A)(5).
10. Did not provide a response to whether plaintiff's temporary housing unit was located on private property or a trailer park, as required by Section V (A)(9).
11. Did not provide a reason why plaintiff ceased living in the temporary housing unit, as required by Section V (A)(10)
12. Did not indicate the approximate square footage of the temporary housing unit, as required by Section V (A)(11).
13. Did not indicate the approximate length and width of the temporary housing unit, as required by Section V (A)(12).
14. Did not indicate the average number of daily hours spent in the temporary housing unit, as required by Section V (A)(13).
15. Did not provide a response to whether the FEMA housing unit was jacked up, as required by Section V (A)(14).
16. Did not indicate whether the FEMA housing unit was hooked up to a sewer line, as required by Section V (A)(15).

17. Did not indicate whether the FEMA housing unit was hooked up to an electrical line, as required by Section V (A)(16).
18. Did not indicate whether the FEMA housing unit was hooked up to a natural gas line, as required by Section V (A)(17).
19. Did not indicate whether propane gas was used in the FEMA housing unit, as required by Section V (A)(18).
20. Did not indicate how many days per week worked outside of the FEMA housing unit, as required by Section V (A)(19).
21. Did not respond whether plaintiff lived temporarily in another location during the time plaintiff resided in the FEMA housing unit, as required by Section V (A)(20).
22. Air quality tests, as required by Section V (B):
    a. Did not respond whether air quality tests were performed on the FEMA housing unit.
23. Fumigation, as required by Section V (C):
    a. Did not respond whether the FEMA housing unit was ever fumigated.
24. Repairs, service or maintenance, as required by Section V (D):
    a. Did not respond whether repairs, service or maintenance was performed on the FEMA housing unit.
25. Information of other persons who resided in the unit, as required by Section V (E):
    a. Did not provide dates lived in trailer.
26. X-rays/CT/MRI, as required by Section VI (G):
    a. Did not indicate when scan was performed.
    b. Did not indicate treating physician.
27. Doctor or health care provider who treated plaintiff, as required by Section VII (A-B).
    a. Did not identify the doctor(s) or health care provider(s) who treated plaintiff for disease/illness/injury that plaintiff alleges were suffered as a result of living in a FEMA housing unit.
28. Did not provide Standard Form 95, which plaintiff indicated was in his possession, as required by Section VIII (B).
29. Plaintiff's current primary care physician, as required by Section IX (A):
    a. Did not provide full address.
30. Primary care physicians for the last 7 years, as required by Section IX (B):
    a. Did not provide full address.
    b. Did not provide the range of dates of treatment.
31. Outpatient Care, as required by Section IX(D):
    a. Did not provide full address.
    b. Did not provide admission dates.
32. Each physician or health care provider during last 7 years, as required by Section IX (E).
    a. Did not provide names of each physician or health care provider who treated plaintiff during the last seven years.
33. Pharmacies, as required by Section IX (F).
    a. Did not provide the full address.

**Simoneaux, Dorothy**

1. Did not provide a maiden or other name, as required in Section II (B).

2.  Did not provide email address, as required in Section II (E).
3.  Claims for emotional and/or mental damages, as required by Section III (C)(8):
    a.  Did not provide names of persons who treated plaintiff for mental and/or emotional damages as a result of residing in a FEMA trailer.
    b.  Did not state the understanding of the emotional and/or mental condition for which plaintiff treated as a result of residing in a FEMA trailer.
    c.  Did not state dates of treatment.
    d.  Did not list medications.
4.  Medical expense information, as required by Section III (C)(9):
    a.  Did not state whether plaintiff was making a claim for medical expenses related to formaldehyde exposure while residing in a FEMA trailer.
5.  Did not provide the complete identity of each address at which plaintiff resided during the last 5 years, as required by Section IV (A).
6.  Driver's License information, as required by Section IV (B):
    a.  Did not provide state that issued plaintiff driver's license.
7.  Did not provide place of birth, as required by Section IV (C).
8.  Educational Background, as required by Section IV (E):
    a.  Did not provide plaintiff's educational background.
9.  Current employment information, as required by Section IV (F)(1):
    a.  Did not provide plaintiff's current employment information.
10. Employment information for the past ten years, as required by Section IV (F)(2):
    a.  Did not provide plaintiff's employment information for the past ten years.
11. Lost Wage Information, as required by Section IV (F)(3).
    a.  Did not state whether plaintiff was making a claim for Loss Wages or Lost Earning Capacity as a result of formaldehyde exposure while residing in a FEMA trailer.
12. Previous lawsuits/claims, as required by Section IV (G).
    a.  Did not provide information about previous lawsuits or claims.
13. Did not provide the name of the manufacturer of trailer or mobile home, as required by Section V (A)(1).
14. Did not provide the VIN Number, as required by Section V (A)(2).
15. Did not provide a response to whether plaintiff's temporary housing unit was a travel trailer or a mobile home, as required by Section V (A)(5).
16. Did not provide the date plaintiff first occupied the temporary housing unit, as required by Section V (A)(6).
17. Did not provide the date plaintiff moved out of the temporary housing unit, as required by Section V (A)(7).
18. Did not provide the mailing address and physical location for plaintiff's temporary housing unit, as required by Section V (A)(8).
19. Did not provide a response to whether plaintiff's temporary housing unit was located on private property or a trailer park, as required by Section V (A)(9).
20. Did not provide a reason why plaintiff ceased living in the temporary housing unit, as required by Section V (A)(10).
21. Did not indicate the approximate square footage of the temporary housing unit, as required by Section V (A)(11).

22. Did not indicate the approximate length and width of the temporary housing unit, as required by Section V (A)(12).

23. Did not indicate the average number of daily hours spent in the temporary housing unit, as required by Section V (A)(13).

24. Did not provide a response to whether the FEMA housing unit was jacked up, as required by Section V (A)(14).

25. Did not indicate whether the FEMA housing unit was hooked up to a sewer line, as required by Section V (A)(15).

26. Did not indicate whether the FEMA housing unit was hooked up to an electrical line, as required by Section V (A)(16).

27. Did not indicate whether the FEMA housing unit was hooked up to a natural gas line, as required by Section V (A)(17).

28. Did not indicate whether propane gas was used in the FEMA housing unit, as required by Section V (A)(18).

29. Did not indicate how many days per week worked outside of the FEMA housing unit, as required by Section V (A)(19).

30. Did not respond whether plaintiff lived temporarily in another location during the time plaintiff resided in the FEMA housing unit, as required by Section V (A)(20).

31. Air quality tests, as required by Section V (B):
    a. Did not respond whether air quality tests were performed on the FEMA housing unit.

32. Fumigation, as required by Section V (C):
    a. Did not respond whether the FEMA housing unit was ever fumigated.

33. Repairs, service or maintenance, as required by Section V (D):
    a. Did not respond whether repairs, service or maintenance was performed on the FEMA housing unit.

34. Information of other persons who resided in the unit, as required by Section V (E):
    a. Did not provide address.
    b. Did not provide dates lived in trailer.
    c. Did not indicate whether person was making personal injury claim.
    d. Indicated person is making personal injury claim, but did not state the nature of that claim.

35. Infectious disease, as required by Section VI (F)(2):
    a. Did not indicate whether plaintiff has ever suffered from infectious disease.

36. Long-term stomach or bowel disease, as required by Section VI (F)(3):
    a. Did not indicate whether plaintiff has ever suffered from long-term stomach or bowel disease.

37. Skin disease, as required by Section VI (F)(4):
    a. Did not indicate whether plaintiff has ever suffered from skin disease.

38. X-rays/CT/MRI, as required by Section VI (G):
    a. Did not indicate whether plaintiff has received a chest x-ray, CT scan or MRI.

39. Doctor or health care provider who treated plaintiff, as required by Section VII (A-B).
    a. Did not identify the doctor(s) or health care provider(s) who treated plaintiff for disease/illness/injury that plaintiff alleges were suffered as a result of living in a FEMA housing unit.

40. Did not indicate whether any health care professional told plaintiff that the alleged illness/disease or injury was related to living in a FEMA housing unit, as required by Section VII (D).
41. Did not provide Standard Form 95, which plaintiff indicated was in his possession, as required by Section VIII (B).
42. Plaintiff's current primary care physician, as required by Section IX (A):
    a.  Did not provide the identity of plaintiff's current primary care physician.
43. Primary care physicians for the last 7 years, as required by Section IX (B):
    a.  Did not provide the identity of plaintiff's primary care physicians for the last seven years.
44. Inpatient Care, as required by Section IX(C):
    a.  Did not provide hospitals/clinics/health care facilities where plaintiff received inpatient treatment during the last seven years.
45. Outpatient Care, as required by Section IX(D):
    a.  Did not provide hospitals/clinics/health care facilities where plaintiff received outpatient treatment during the last seven years.
46. Each physician or health care provider during last 7 years, as required by Section IX (E).
    a.  Did not provide names of each physician or health care provider who treated plaintiff during the last seven years.
47. Pharmacies, as required by Section IX (F).
    a.  Did not provide the pharmacies that dispensed medication to plaintiff during the last seven years.
48. Did not sign a HIPAA Authorization for medical records.
49. Did not sign a HIPAA Authorization for psychological/psychiatric records, as required for plaintiff's making a claim for emotional distress.
50. Did not provide an executed Authorization for Release of Employment Records.
51. Did not sign the PHI Release
52. Did not sign the Privacy Act Release.

Sincerely,

**DUPLASS, ZWAIN, BOURGEOIS,
PFISTER & WEINSTOCK**

**Andrew Weinstock**
ANDREW D. WEINSTOCK

ADW/cvm