UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
|    FORMALDEHYDE PRODUCTS | * | |
|    LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE: ENGELHARDT |
| THIS DOCUMENT IS RELATED TO: | * | |
| *Decouracy, et al v. Gulf Stream Coach,* | * | MAG: CHASEZ |
| *Inc., et al*; Docket No. 10-2297; | * | |
| Plaintiffs: Aguillard, Bobby & Thao, Mad Bing | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NO.2, 32, 86, AND 88 RELATING TO <u>PLAINTIFFS FACT SHEETS</u>**

**MAY IT PLEASE THE COURT:**

  Gulf Stream Coach, Inc. ("Gulf Stream") moves this Honorable Court for an Order dismissing the claims of Plaintiffs, Bobby Aguillard and Mad Bing Thao with prejudice for failure to comply with the terms of Pre-Trial Orders No. 2, 32, 86 and 88 relating to the provision of Plaintiff Fact Sheets.

**I. CREATION OF MDL AND FACT SHEET PROCESS**

  The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008 the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet" (PFS), which would serve as the substitute for the initial rounds of Interrogatories and Requests for Production of Documents in a standardized and simple form. Rec. Doc. No. 87. The Order also established a process for "curing" these fact sheets when a particular plaintiff failed to provide one or more responses in his or her fact Sheet. Outlining the curing process, the Order stated that when any plaintiff failed

00372473-1

to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id*. at p. 8—9. The letter would specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id*.

Subsequently, on March 18, 2009, the Court amended Pre-Trial Order No. 2 with Pre-Trial Order No. 32 as to the issue of these fact sheets. Rec. Doc. No. 1180. Due to the large number of cases being filed in the summer of 2009, Pre-Trial Order No. 32 provided new deadlines for the provision of the sheets. Pre-Trial Order 32 retained the curing procedure as was set forth in Pre-Trial Order 2.

Thereafter, on April 8, 2011, the Court issue Pre-Trial Order number 86, requiring the Plaintiffs to submit to Defendants a census of information from the Plaintiff Fact Sheets, containing only key information necessary for prosecution of these claims. Rec. Doc. No. 20770. On the 24th day of June, 2011, this Honorable Court issued Pre-Trial Order number 88, providing the 23 key fields required to be on the Plaintiffs' census. Rec. Doc. No. 22124. Subsequently, on the 1st of July, 2011, the court Corrected Pre-Trial Order 88, clarifying the 23 key fields and restating deadlines for production of information on the census and fact sheets. Rec. Doc. No. 22153. The time delays set in Pre-Trial Order 88 have passed and Plaintiffs have provided what is proposed to be a completed census sheet. Defendant, Gulf Stream, has utilized this census, any previously submitted plaintiff fact sheet, and any addendums or errata sheets in evaluating whether or not a Plaintiff has been deficient in his or her responses.

00372473-1

## II. LAW AND ARGUMENT

Gulf Stream respectfully submits that the plaintiffs identified above have failed to comply with these Orders, and therefore, this Court should dismiss their claims. Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir.1992); *Colle v. Brazos County, Tex.,* 981 F.2d 237, 242-243 (5th Cir. 1993). Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice.[1]

**Aguillard, Bobby:**

Plaintiff Bobby Aguillard submitted a Plaintiff Fact Sheet to counsel for Gulf Stream, which was reviewed and deemed to be deficient.[2] Thereafter, on June 27, 2011, counsel for Gulf Stream sent correspondence to Matthew Moreland of the Becnel Firm detailing Mr. Aguillard's deficiencies and requesting correction of same.[3] An errata sheet or corrected Plaintiff Fact Sheet was received following this correspondence, which failed to correct all deficiencies outlined in

---

[1] *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F.2d 1214 (5th Cir. 1970).

[2] See: Plaintiff Fact Sheet submitted on behalf of Bobby Aguillard, attached as Exhibit A hereto.

[3] See: Correspondence from Andrew Weinstock to Matthew Moreland, dated June 27, 2011 regarding deficiencies of various plaintiffs, including Bobby Aguillard, pp 4-7, attached as Exhibit B hereto. See also: Transmission email from Carmen Motes to various plaintiff counsel transmitting Exhibit B, attached as Exhibit "C" hereto.

00372473-1

correspondence to Mr. Moreland.[4]  On January 2, 2012, Counsel for Gulf Stream received the Census as Ordered by PTO 86 and 88.  After a review of the information on the census regarding Mr. Aguillard, it was determined that Mr. Aguillard failed to correct the outlined deficiencies and that the information provided by the fact sheet, errata, and census was significantly deficient, failing to provide over 17 fields of key information.  Therefore, counsel for Gulf Stream requests this Honorable Court dismiss the claims of Bobby Aguillard, with prejudice, for failure to comply with court orders.

In evaluating whether to move for dismissal of Mr. Aguillard, Counsel for Gulf Stream has reviewed the information provided by the Census, the Plaintiff Fact Sheet, and the Plaintiff's Errata Sheet. When considering all of the data from these documents, Plaintiff Bobby Aguillard has failed to provide information for 17 of the key fields enumerated by Pre-Trial Order 88. Specifically, Plaintiff was deficient as to the 23 key fields on the census and fact sheet as set forth below:

(1) Plaintiff failed to provide information regarding his or her diagnosed illnesses, as required by Section III (C)(3);
(2) Plaintiff failed to provide information regarding psychological treatment or respond to whether he was claiming a psychological injury, as required by Section III (C)(8);
(3) Plaintiff failed to indicate whether he or she was requesting reimbursement of medical expenses or give an amount of requested reimbursement, as required by Section III (C)(9);
(4) Plaintiff failed to provide his date of birth, as required by Section IV (C);
(5) Plaintiff failed to state whether he or she was making a claim for wage loss, or to provide the information necessary for such a claim if one was made, as required by Section IV (F)(3);
(6) Plaintiff failed to provide the VIN Number of the FEMA housing unit in which he or she claims to have resided, as required by Section V (A)(2);
(7) Plaintiff failed to provide his or her FEMA Identification Number, as required by Section V (A)(3);
(8) Plaintiff failed to provide the bar code of the FEMA housing unit in which he or she claims to have resided, as required by Section V(A)(4);
(9) Plaintiff failed to provide the date he or she claims to have moved into the FEMA housing unit, as required by Section V (A)(6);
(10) Plaintiff failed to provide the date he or she claims to have moved out of the FEMA housing unit, as required by Section V (A)(7);

---

[4] See: Errata Sheet submitted on behalf of Bobby Aguillard, attached hereto as Exhibit D.

00372473-1

(11) Plaintiff failed to provide the Installation Address of the FEMA housing unit, as required by Section V (A)(8);
(12) Plaintiff failed to provide the number of hours spent in the FEMA housing unit each day, as required by Section V (A)(13);
(13) Plaintiff failed to provide the names of all residents of the trailer in addition to failing to provide a VIN number, as required by Section V (E);
(14) Plaintiff failed to provide information regarding his or her smoking history, as required by Section VI (C);
(15) Plaintiff failed to provide the smoking history of other trailer residents, as required by Section VI (D);
(16) Plaintiff failed to provide information regarding his prior medical history, including whether Plaintiff had a preexisting lung disease or skin disease, as required by Section V (F)(1) & (4);
(17) Plaintiff failed to provide information regarding treatment for his or her formaldehyde related illness, as required by Section VII (B).[5]

Each of these items was enumerated in Gulf Stream's request to cure deficiencies directed to Matthew Moreland; however, to date the Plaintiff has failed to do so. The time period provided in that letter for curing deficiencies, and for the submittal of the census information, has passed. Plaintiff's fact sheet is significantly deficient, failing to respond to 17 of the 23 key areas of inquiry. As such, plaintiff, Bobby Aguillard should be dismissed with prejudice.

**Mad Bing Thao**

Plaintiff Mad Bing Thao failed to submit a Plaintiff Fact Sheet to counsel for Gulf Stream. Plaintiff did however submit an "Amendment to the Plaintiff Fact Sheet" signed on or about August 27, 2009, which provided only the defendants named in Mr. Thao's lawsuit and a signed certification page for the Fact Sheet.[6] On September 6, 2011, counsel for Gulf Stream sent correspondence to Gerald Meunier of Gainsburgh, Benjamin, David, Meunier & Warshauer, LLC stating that Mr. Thao failed to provide a Plaintiff Fact Sheet and providing 30 days from

---

[5] See: Plaintiff Fact Sheet submitted on behalf of Bobby Aguillard, attached as Exhibit A hereto.

[6] See: Amendment to Plaintiff Fact Sheet submitted on behalf of Mad Bing Thao, attached as Exhibit E hereto.

receipt of the letter to provide a completed Plaintiff Fact Sheet.[7] Despite this correspondence, a Plaintiff Fact Sheet on behalf of Mr. Thao was never received. On January 2, 2012, Counsel for Gulf Stream received the Census as Ordered by PTO 86 and 88. After a review of the information on the census regarding Mr. Thao, it was determined that the information provided by the census was significantly deficient, with Mr. Thao failing to provide over 14 fields of key information. Specifically, Plaintiff was deficient as to the 23 key fields on the census and fact sheet as set forth below:

(1) Plaintiff failed to provide information regarding psychological treatment or respond to whether he was claiming a psychological injury, as required by Section III (C)(8);
(2) Plaintiff failed to indicate whether he or she was requesting reimbursement of medical expenses or give an amount of requested reimbursement, as required by Section III (C)(9);
(3) Plaintiff failed to state whether he or she was making a claim for wage loss, or to provide the information necessary for such a claim if one was made, as required by Section IV (F)(3);
(4) Plaintiff failed to provide the VIN Number of the FEMA housing unit in which he or she claims to have resided, as required by Section V (A)(2);
(5) Plaintiff failed to provide his or her FEMA Identification Number, as required by Section V (A)(3);
(6) Plaintiff failed to provide the bar code of the FEMA housing unit in which he or she claims to have resided, as required by Section V(A)(4);
(7) Plaintiff failed to provide the date he or she claims to have moved into the FEMA housing unit, as required by Section V (A)(6);
(8) Plaintiff failed to provide the date he or she claims to have moved out of the FEMA housing unit, as required by Section V (A)(7);
(9) Plaintiff failed to provide the Installation Address of the FEMA housing unit, as required by Section V (A)(8);
(10) Plaintiff failed to provide the number of hours spent in the FEMA housing unit each day, as required by Section V (A)(13);
(11) Plaintiff failed to provide the date that he/she stopped smoking, as required by Section VI (C);
(12) Plaintiff failed to provide the smoking history of other trailer residents, as required by Section VI (D);
(13) Plaintiff failed to provide the names of all residents of the trailer in addition to failing to provide a VIN number, as required by Section V (E); and

---

[7] See: Correspondence from Andrew Weinstock to Gerald Meunier, dated September 6, 2011 regarding missing plaintiff fact sheets, including Mad Thao, p 2, attached as Exhibit F hereto. See also: Transmission email from Carmen Motes to various plaintiff counsel attaching Exhibit F, attached as Exhibit G hereto.

00372473-1

(14)     Plaintiff failed to provide information regarding treatment for his or her formaldehyde related illness, as required by Section VII (B).[8]

As the deficiency letter to Mr. Meunier requests submission of all data fields on the PFS, each of the items missing from the census was included in Gulf Stream's request to cure deficiencies directed to Gerald Meunier. To date, despite numerous opportunities to do so, the Plaintiff has failed to correct these significant deficiencies. The time period provided in that letter for curing deficiencies, and for the submittal of the census information, has passed. As such, counsel for Gulf Stream requests this Honorable Court dismiss the claims of Mad Bing Thao, with prejudice, for failure to comply with court orders.

### III.   Conclusion

Thus, Gulf Stream moves for an Order dismissing Bobby Aguillard and Mad Bing Thao. As it prepares for additional litigation, evaluates the possibility of settlement, and analyzes other issues concerning the progress of this lawsuit, Gulf Stream must be able to obtain information about those who make allegations against it. The Plaintiff Fact Sheet and Census serve as the best way to acquire such information, as these document act as the initial round of discovery responses. Without this simulated discovery response, Gulf Stream is significantly prejudiced, and there is good cause for the Court to discontinue any potential for further prejudice against Gulf Stream by dismissing the claims of Bobby Aguillard and Mad Bing Thao. In accordance with Pre-Trial Orders 2, 32, 86, and 88 and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the Motion to Dismiss filed by Gulf Stream should be granted, dismissing Plaintiffs Bobby Aguillard and Mad Thao, with prejudice.

---

[8]   See: Amendment to Plaintiff Fact Sheet submitted on behalf of Mad Bing Thao, attached as an Exhibit E.

00372473-1

Respectfully Submitted,

**DUPLASS, ZWAIN, BOURGEOIS,
PFISTER & WEINSTOCK**

*s/Andrew D. Weinstock*

**ANDREW D. WEINSTOCK #18495
JOSEPH G. GLASS #25397**
Three Lakeway Center, Suite 2900
3838 N. Causeway Boulevard
Metairie, Louisiana  70002
Telephone: (504) 832-3700
Facsimile: (504) 837-3119
andreww@duplass.com
jglass@duplass.com
**Attorneys for Gulf Stream Coach, Inc.**

## CERTIFICATE OF SERVICE

**I DO HEREBY CERTIFY** that on this 14th day of May, 2012, a copy of the above and foregoing was filed electronically.  Notice of this pleading was sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF system.

_s/ Andrew D. Weinstock_
**ANDREW D. WEINSTOCK**

00372473-1