UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCT | * | |
| LIABILITY LITIGATION | * | |
| | * | SECTION "N-5" |
| THIS DOCUMENT RELATES TO: | * | |
| Case No.  09-8057, 10-2166 | * | JUDGE ENGELHARDT |
| | * | |
| | * | MAG. JUDGE CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMO IN SUPPORT OF DEFENDANT FOREST RIVER'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NO. 2 AND 32 RELATING TO PLAINTIFF FACT SHEETS

**MAY IT PLEASE THE COURT:**

Forest River, Inc. moves this Honorable Court for an Order dismissing the claims of the following plaintiffs, with prejudice, for failure to comply with Pre-Trial Orders Nos. 2 and 32 Relating to the Production of Plaintiff Fact Sheets.

- Areasa Ann Keys (Plaintiff in *Chambers*, 09-8057)
- Johnny Fells (Plaintiff in *Austin*, C.A. 10-2166)

### BACKGROUND - CREATION OF MDL AND FACT SHEET PROCESS

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008 the Court issued Pre-Trial Order ("PTO" or "Order") No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet" (PFS), which would serve as the substitute for the initial rounds of Interrogatories and Requests for Production of Documents in a more standardized and simplified format. Rec. Doc. No. 87. The Order also established a process for "curing" these fact sheets when any particular plaintiff failed to comply with its obligation to submit a properly completed PFS Sheet. In outlining the

curing process, the Order stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id.* at p. 8—9. The letter would specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id.*

Subsequently, on March 18, 2009, the Court amended PTO No. 2 with PTO No. 32 as to the due dates for these same PFSs. Rec. Doc. No. 1180. Because of the large number of cases being filed in the summer of 2009, PTO No. 32 provided new deadlines for the production of the PFSs and it also retained the same curing procedure as was set forth in PTO No. 2.

The Plaintiffs listed above have failed to comply with the deficiency and curing procedures set out in PTO Nos. 2 and 32.

## LAW AND ARGUMENT

Here, Forest River respectfully submits that the Plaintiffs listed above have failed to comply with PTO Nos. 2 and 32, and therefore, this Court should dismiss their claims.

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992); *Colle v. Brazos County, Tex.*, 981 F.2d 237, 242-243 (5th Cir. 1993).

Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the Fifth Circuit is that dismissal under Rule 41(b) is

appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice. *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F.2d 1214 (5th Cir. 1970).

A Plaintiff Fact Sheet includes 122 questions that were to be answered. In Pre-Trial Order No. 88, the Court temporarily narrowed the PFS deficiency process to twenty-three "key" questions (except for cases where deficiency notices had been served and the time for curing such deficiencies already had expired) and, for deficiency notices served after March 24, 2011, extended the time for curing deficiencies by an additional thirty days. *See* Rec. Doc.22124 (signed June 24, 2011), as corrected in Rec. Doc. 22153.  Effective April 1, 2012, deficiencies are no longer limited to those identified as "key" by this court.  *Id.*

**Areasa Ann Keys** (Plaintiff in *Chambers*, 09-8057)

*Vanesta Chambers v. Forest River, Inc.* was filed December 24, 2009.  After the complaint was filed, Forest River did not receive a PFS from Areasa Ann Keys.  On May 2, 2011, Forest River sent to Plaintiff's Counsel a letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "A").  Forest River received the missing Plaintiff Fact Sheet on or about September 1, 2011 (*See* Plaintiff Fact Sheet of Areasa Ann Keys, attached as Exhibit "B").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.  Most importantly this Plaintiff's PFS did not identify a Manufacturer, VIN, FEMA Id or Barcode.  Thus, this Plaintiff has clearly admitted that she does not know who manufactured the FEMA housing unit she occupied.  According to the transcript of the Committee's Status Conference

held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the

Defense stating that a PFS had not been previously received is considered a deficiency letter and,

upon receiving a PFS in response to that letter, a second deficiency letter identifying deficiencies

in that newly received PFS is not required and that those PFSs received have to be filled out in a

full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[i]

The Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Only if you are Requesting Reimbursement of Medical Expenses | III.C.9. |
| Manufacturer | V.A.1. |
| VIN | V.A.2. |
| FEMA Id | V.A.3. |
| Barcode | V.A.4. |
| Move In Date | V.A.6. |
| Move Out Date | V.A.7. |
| Names of Other Trailer Residents | V.E. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Treatment for Formaldehyde Related Injury | VII.B. |

(*See* Ex. "B")

Areasa Ann Keys has answered only 13 of the required 23 key questions, and she failed

to answer 15 additional questions beyond those identified as key questions by the Court.  More

importantly, she does not know who manufactured the FEMA housing unit she occupied based

on her failure to provide a manufacturer or VIN on her PFS.  Thus, this Plaintiff does not belong

in a suit against Forest River and her claims should be dismissed on that basis.

---

[i] See Exhibit "C" – May 13, 2011 Committee's Status Conference Transcript

**Johnny Fells** (Plaintiff in *Austin*, C.A. 10-2166)

*Melvin E. Austin v. Forest River, Inc.* was filed July 30, 2009.  After the complaint was filed, Forest River did not receive a PFS from Johnny Fells.  On May 2, 2011, Forest River sent to Plaintiff's Counsel a letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "A").  Forest River received an Amendment to the Plaintiff Fact Sheet on or about May 18, 2011, which only identified a FEMA Id.  Forest River then received the missing Plaintiff Fact Sheet on or about May 24, 2011 (*See* Amendment and Plaintiff Fact Sheet of Johnny Fells, attached as Exhibit "D").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.  Most importantly this Plaintiff's PFS did not identify a Manufacturer, VIN or Barcode.  Thus, this Plaintiff has clearly admitted that he does not know who manufactured the FEMA housing unit he occupied.  According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that Plaintiffs receiving deficiency letters from the Defense stating that a PFS had not been previously received is considered a deficiency letter and, upon receiving a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required and that those PFSs received have to be filled out in a full and non-deficient way. (Tr. P. 30, 1. 9-25, p. 31, 1.1-5).[i]

The Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Psychological Treatment | III.C.8. |
| Only if you are Requesting Reimbursement of Medical Expenses | III.C.9. |
| Only if you are Requesting Wage Claim | IV.F.3 |
| Manufacturer | V.A.1. |

---

[i] See Exhibit "C" – May 13, 2011 Committee's Status Conference Transcript

| VIN | V.A.2. |
|---|---|
| Barcode | V.A.4. |
| Number of Hours Spent in Trailer Each Day | V.13. |
| Names of Other Trailer Residents | V.E. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Prior Medical History | VI(F)(1&4) |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Produce Records | VIII.B. |
| Signed Certification | |

(*See* Ex. "D")

Johnny Fells has answered only 11 of the required 23 key questions, and he has failed to provide answers to many of the other questions beyond those identified as key questions by the Court.  More importantly, he does not know who manufactured the FEMA housing unit he occupied based on his failure to provide a manufacturer or VIN on his PFS.  Thus, this Plaintiff does not belong in a suit against Forest River and his claims should be dismissed on that basis.

As it prepares for additional litigation, evaluates the possibility of settlement, and analyzes other issues concerning the progress of this lawsuit, Forest River must be able to obtain information about those who make allegations against it. The PFS serves as the best way to acquire such information, as the PFS acts as the initial round of discovery responses. With a deficient simulated discovery response, Forest River is significantly prejudiced, and there is good cause for the Court to discontinue any potential for further prejudice against Forest River by dismissing the claim of this plaintiff.

Based upon the foregoing, the above-listed plaintiffs PFSs remain deficient. In accordance with Pre-Trial Orders 2 and 32, and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the Motion to Dismiss filed by Forest River should be granted, dismissing the claims of the above listed plaintiffs, with prejudice.

Respectfully Submitted,

**GIEGER, LABORDE & LAPEROUSE, LLC**

BY: /s/ Ernest P. Gieger, Jr.
ERNEST P. GIEGER, JR. (6154)
ANDREW A. BRAUN (#3415)
J. MICHAEL DIGIGLIA (24378)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139-4800
Telephone: (504) 561-0400
Facsimile: (504) 561-1011
egieger@glllaw.com
abraun@glllaw.com
mdigiglia@glllaw.com
**ATTORNEYS FOR FOREST RIVER, INC.**

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the forgoing document has been served upon counsel of record as indicated below in accordance with the Federal Rules of Civil Procedure on May 14, 2012 via electronic filing.

/s/ Ernest P. Gieger, Jr.