UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION | MDL NO. 07-1873<br><br>SECTION "N" (5) |

THIS DOCUMENT RELATES TO
ALL CASES

### SUGGESTION OF REMAND

This multidistrict litigation ("MDL") was established in October 2007. Since that time, this Court has authorized and supervised extensive discovery; has directed the filing of master pleadings, which have served as a basis for an exhaustive motion practice and the Court's disposition of common issues; and has conducted multiple bellwether trials and summary jury trials, all as more fully set out in the Final Pretrial Order Concerning the Cases Suggested for Remand.

In 2010, the Plaintiffs' Steering Committee ("PSC") agreed to a mass-joinder settlement with the manufacturer Fleetwood Enterprises, Inc. and related companies, which was implemented by a special master appointed by the Court. *See, e.g.,* Rec. Docs. 15065, 15621, 22133, 22269, 22330, 22804, 23049. In 2011, the PSC agreed to a settlement with more than thirty manufacturers of manufactured housing units (residential units commonly known as "mobile homes," as distinguished from travel trailers and other recreational style units), which was achieved through the Court's approval of a settlement class. *See, e.g.,* Rec. Docs. 23565, 25435, 25507.

In December 2011, the Court issued an order requiring all manufacturer defendants to engage in mediation with a mediator appointed by the Court. *See* Rec. Doc. 23958. As a result of this mediation, more than thirty-four manufacturer defendants have reached a settlement with the PSC. Together with the PSC, this group has filed a Joint Unopposed Motion for Preliminary Approval of Proposed Class Settlement. *See* Rec. Doc. 25226. More recently, the four major government contractor defendants (those entities who contracted with FEMA to deliver, install, and maintain the emergency housing units) have entered into a settlement with the PSC. The settling parties have filed an Amended Joint Unopposed Motion for Preliminary Approval of Proposed Class Settlement, which the Court has approved, incorporating these and other additional settling defendants into the class settlement. *See* Rec. Docs. _____, _____.

Three manufacturer defendants have not reached a global settlement: (1) Gulf Stream Coach, Inc.; (2) Forest River, Inc., and its affiliate Vanguard Industries of Michigan, Inc.; and (3) Monaco Coach Corporation, together with its insurers, American International Specialty Lines, Insurance Company of the State of Pennsylvania, and Lexington Insurance Company. Having met with counsel for the parties multiple times over the course of several months, it is the opinion of the Court that additional time in the MDL will not bring these parties any closer to a global settlement and will serve only to delay the adjudication of these claims. Further, the Court finds that the claims against these defendants will no longer benefit from centralized oversight or coordinated pretrial proceedings. All common discovery and motion practice are complete. The discovery and legal issues that remain are case-specific and are best left to the trial courts to decide. Accordingly, they are ready to be remanded to their transferor jurisdictions.

With the exception of very few cases, however, claims against these non-settling defendants

are joined with claims that should remain in the MDL for the reasons set forth below. This Court recommends that the claims to be remanded be separated from the remaining claims, in accordance with the *proviso* in 28 U.S.C. § 1407(a).

    1. Claims Against Settling Defendants:

More than thirty-four manufacturer defendants,[1] as well as the four major government contractor defendants (Bechtel National, Inc., CH2M Hill Constructors, Inc., Fluor Enterprises, Inc., and Shaw Environmental, Inc.) have entered into settlement agreements with the PSC and have filed a motion for preliminary approval of the proposed class settlement. *See* Rec. Docs. _____, _____. Certain subcontractor defendants (*e.g.*, Del Jen, Inc. and Project Resources, Inc.) have also settled with the plaintiffs. These claims should remain here so that the Court can decide issues related to the settlement class and, if it is approved, implement the settlement.

    2. Claims Against the United States Government:

The Court has dismissed the claims of all Alabama and Mississippi plaintiffs against the United States. These rulings were entered as final Rule 54(b) judgments and have been affirmed by

---

[1] The settling manufacturer defendants include: Allen Camper Manufacturing Company, Inc.; Burlington Insurance Company as insurer for Pilgrim International, Inc.; Citair, Inc.; Coachmen RV Company; Cruiser RV, LLC; Crum & Forster Specialty Insurance Company as insurer for Pilgrim International, Inc.; Damon Motor Coach; DS Corp. d/b/a CrossRoads RV, Inc.; Dutchmen Manufacturing Company; Four Winds International; Frontier RV, Inc.; Heartland Recreational Vehicles, LLC; Hy-Line Enterprises, Inc.; Jayco, Inc.; Keystone RV Company; Komfort Corp.; KZ RV, LLP; Layton Homes Corp.; Liberty Mutual Insurance Company as insurer for R-Vision, Inc.; Morgan Building & Spas, Inc.; Morgan Building Systems, Inc.; Northwood Manufacturing; Pilgrim International; PlayMor Trailers, Inc.; Recreation By Design, LLC; Sentry Insurance a Mutual Company as insurer for Pilgrim International, Inc.; Skyline Corporation; Starcraft RV, Inc.; Sunline Acquisition Company Ltd.; Sunnybrook RV, Inc.; Sunray RV & Sunray Investments; Sun Valley, Inc.; Thor Industries, Inc.; Thor California, Inc.; Timberland RV Company, Inc.; TL Industries, Inc.; Viking Recreational Vehicle Co., LLC; and certain other entities related to these companies.

the United States Court of Appeals for the Fifth Circuit. *See* Rec. Doc. 14486, *aff'd, In Re: FEMA Trailer Formaldehyde Products Liability Litigation*, 668 F.3d 281 (5th Cir. 2012) (Mississippi plaintiffs); Rec. Doc. 15061, *aff'd, In Re: FEMA Trailer Formaldehyde Products Liability Litigation*, 668 F.3d 281 (5th Cir. 2012) (Alabama plaintiffs); *see also* Rec. Docs. 24808, 24809. In a series of separate rulings, the Court also dismissed the claims of all Louisiana plaintiffs against the United States. *See* Rec. Docs. 717, 2671, 14124, 24961. The Court recently entered a Rule 54(b) judgment on these rulings. *See* Rec. Doc. 25175.

    3. *James Burge v. Cavalier Home Builders, LLC* (S.D. Miss. No. 09-819):

Plaintiff James Burge is situated differently from the other plaintiffs in this MDL in that his alleged exposure to formaldehyde came through his work inspecting trailers at a FEMA staging facility, not from residing in a FEMA unit. He has sued numerous manufacturer defendants. The more recent proposed class settlement is drafted such that the class definition would purport to include a plaintiff with non-residential exposure, such as Mr. Burge. *See* Rec. Doc. 25226-1 at 2. Thus, it is suggested that his claims against these recent settling defendants remain in this Court. However, the class definition in the earlier manufactured housing class settlement is drafted such that it would not appear to include plaintiffs such as Mr. Burge, who did not reside in a FEMA-provided housing unit. *See* Rec. Doc. 23565 at 7. Therefore, it is suggested that Mr. Burge's claims against these defendants be remanded for trial.

Accordingly, pursuant to Rule 10.1(b) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation,

**IT IS HEREBY SUGGESTED** to the United States Judicial Panel on Multidistrict Litigation that the claims described in Appendix A hereto be separated, as indicated, and remanded

to the districts from which they were transferred pursuant to 28 U.S.C. § 1407(a).

New Orleans, Louisiana, this 31st day of May, 2012.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**