UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                    MDL NO. 07-1873
       FORMALDEHYDE PRODUCTS
       LIABILITY LITIGATION

                                                                            SECTION "N"  (5)

THIS DOCUMENT RELATES TO
Member Cases 09-7705, 09-8634, 09-8635,
09-8636, 09-8637, 10-2546, 10-3436, 10-3624

## ORDER AND REASONS

Before the Court are the following motions:  (1) "Forest River's Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2 and 32 Relating to Plaintiff Fact Sheets" **(Rec. Doc. 25379)**; (2) "Forest River's Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2 and 32 Relating to Plaintiff Fact Sheets" **(Rec. Doc. 25445)**; and (3) "Forest River's Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2 and 32 Relating to Plaintiff Fact Sheets and the Matching Requirements of Pre-Trial Orders No. 38, 49 and 68" **(Rec. Doc. 25449)**.

In each of the above motions, Forest River moves to dismiss the claims of the referenced plaintiffs with prejudice on grounds that they have failed to comply with this Court's orders by failing to cure material deficiencies in their Plaintiff Fact Sheets.

**A. BACKGROUND:**

Shortly after the creation of this MDL, the Court issued Pre-Trial Order No. 2, which mandates that each plaintiff serve on the defendants a completed and verified Plaintiff Fact Sheet (PFS) within thirty days after transfer (or direct filing) into the MDL. (Rec. Doc. 87, signed Jan. 30, 2008). This Order, which reflected an agreement among the parties regarding case management, also established a "Procedure for Dismissal of Claims for Failure to Comply with Discovery." *See* Rec. Doc. 87 at pp. 8-9, § III(D). The Court reiterated this dismissal procedure in Pre-Trial Order No. 32 (Rec. Doc. 1180). According to the procedure, "[w]hen any plaintiff has failed to materially comply with his or her obligations under this Order to submit a completed PFS within the timelines established..., a counsel representing a Defendant shall send to Plaintiff's Counsel for the plaintiffs in question...a letter confirming the failure to timely file and/or explaining the material deficiency in the PFS." *See* Rec. Doc. 1180 at p.5. This deficiency letter must notify the plaintiff that he or she "will have thirty (30) days to cure the alleged material deficiencies, or any Defendant may thereafter move for dismissal, upon an appropriate showing that Plaintiff's claims should be dismissed for failure to comply with the Court's applicable Orders." *Id.* More recently, in Pre-Trial Order No. 88, the Court (1) temporarily narrowed the PFS deficiency process to twenty-three "key" questions (except for cases where deficiency notices had been served and the time for curing such deficiencies already had expired) and (2) for deficiency notices served after March 24, 2011, extended the time for curing deficiencies to sixty (60) days. *See* Rec. Doc. 22124 (signed June 24, 2011), as corrected in Rec. Doc. 22153.

B. <u>**APPLICABLE LAW**</u>:

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action or claim if a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Because a dismissal with prejudice "'is an extreme sanction that deprives the litigant of the opportunity to pursue his claim,'" a dismissal under Rule 41(b) should be granted "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (footnote omitted) (quoting *Callip v. Harris County Child Welfare Dep't,* 757 F.2d 1513, 1519 (5th Cir. 1986)). Additionally, the Fifth Circuit looks for "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.* (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

Federal Rule of Civil Procedure 37(b)(2) "empowers a district court to impose 'just' sanctions on parties who disobey a discovery order." *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). However, "[b]ecause the law favors the resolution of legal claims on the merits, and because dismissal is a severe sanction that implicates due process," the Fifth Circuit has articulated four factors "that must be present before a district court may dismiss a case as a sanction for violation of a discovery order": (1) the violation must result "'from willingness or bad faith and [be] accompanied by a clear record of delay or contumacious conduct;'" (2) "the violation ... must be attributable to the client instead of the attorney;" (3) the violation "'must

3

substantially prejudice the opposing party;'"and (4) there must be no "less drastic sanction [that] would substantially achieve the desired deterrent effect." *Id.* at 1380-81 (citations omitted) (quoting *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)).

## C. ANALYSIS:

Local Rule 7.5 of the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed eight days prior to the noticed submission date. No timely memoranda in opposition to the instant motions, noticed for submission on May 16, 2012, were filed. However, even without the benefit of opposition memoranda, the Court finds that the stringent standards for dismissal under Rules 41(b) and 37(b)(2) have not been met.

First, the vast majority of the plaintiffs at issue here have substantially complied with their PFS obligations. Indeed, as to most of them, the PFS is virtually complete. With few exceptions, even the fact sheets that are missing certain "key" information manifest a good faith effort toward compliance. Thus, the record here does not support a finding of delay or contumacious conduct justifying dismissal.

Second, but perhaps most important, the MDL phase of this litigation is near its end. No interest would be served at this late stage of the MDL by dismissing these plaintiffs' claims based on PFS deficiencies. The primary purpose of the PFS process was to facilitate global resolution. That effort has been completed, and most of the manufacturing defendants have agreed to a global settlement. In two weeks, the Court will be filing a Notice of Suggestion of Remand with the Judicial Panel on Multidistrict Litigation ("MDL Panel") for all claims against defendants, such as Forest River, who have not reached a global resolution. *See* Rec. Doc. 25606. Thus, claims with proper venue elsewhere will be remanded or transferred to the

appropriate districts in the immediate future.  For cases with proper venue in this District, the Court is in the process of setting such cases on the trial docket.  These cases will be subject to full discovery and motion practice.  If individual plaintiffs fail to respond to discovery, the appropriate course of redress is to file a motion to compel with the Magistrate Judge.  Given this procedural posture and the additional circumstances discussed above, the Court finds that it would be inappropriate to dismiss these plaintiffs' claims based on an MDL procedure that has served its purpose.

Accordingly,

**IT IS ORDERED** that the following motions are hereby **DENIED**:  (1)  "Forest River's Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2 and 32 Relating to Plaintiff Fact Sheets" **(Rec. Doc. 25379)**; (2)  "Forest River's Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2 and 32 Relating to Plaintiff Fact Sheets" **(Rec. Doc. 25445)**; and (3) "Forest River's Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2 and 32 Relating to Plaintiff Fact Sheets and the Matching Requirements of Pre-Trial Orders No. 38, 49 and 68" **(Rec. Doc. 25449)**.

New Orleans, Louisiana, this 16th day of May 2012.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**