UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
|            FORMALDEHYDE PRODUCTS | * | |
|            LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE: ENGELHARDT |
| THIS DOCUMENT IS RELATED TO: | * | |
| *Alexander, et al v. Gulf Stream Coach,* | * | MAG: CHASEZ |
| *Inc., et al*; Docket No. 09-8467; | * | |
| Plaintiff: Anderson, Clayton | * | |

*****************************************************************************

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO
COMPLY WITH PRE-TRIAL ORDERS NO.2, 32, 86, AND 88 RELATING TO
<u>PLAINTIFFS FACT SHEETS</u>**

**MAY IT PLEASE THE COURT:**

Gulf Stream Coach, Inc. ("Gulf Stream") moves this Honorable Court for an Order dismissing the claims of Plaintiff, Clayton Anderson with prejudice for failure to comply with the terms of Pre-Trial Orders No. 2, 32, 86 and 88 relating to the provision of Plaintiff Fact Sheets.

**I.      CREATION OF MDL AND FACT SHEET PROCESS**

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008 the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet" (PFS), which would serve as the substitute for the initial rounds of Interrogatories and Requests for Production of Documents in a standardized and simple form. Rec. Doc. No. 87. The Order also established a process for "curing" these fact sheets when a particular plaintiff failed to provide one or more responses in his or her fact Sheet. Outlining the curing process, the Order stated that when any plaintiff failed

to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id*. at p. 8—9. The letter would specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id*.

Subsequently, on March 18, 2009, the Court amended Pre-Trial Order No. 2 with Pre-Trial Order No. 32 as to the issue of these fact sheets. Rec. Doc. No. 1180. Due to the large number of cases being filed in the summer of 2009, Pre-Trial Order No. 32 provided new deadlines for the provision of the sheets. Pre-Trial Order 32 retained the curing procedure as was set forth in Pre-Trial Order 2.

Thereafter, on April 8, 2011, the Court issue Pre-Trial Order number 86, requiring the Plaintiffs to submit to Defendants a census of information from the Plaintiff Fact Sheets, containing only key information necessary for prosecution of these claims. Rec. Doc. No. 20770. On the 24th day of June, 2011, this Honorable Court issued Pre-Trial Order number 88, providing the 23 key fields required to be on the Plaintiffs' census. Rec. Doc. No. 22124. Subsequently, on the 1st of July, 2011, the court Corrected Pre-Trial Order 88, clarifying the 23 key fields and restating deadlines for production of information on the census and fact sheets. Rec. Doc. No. 22153. The time delays set in Pre-Trial Order 88 have passed and Plaintiffs have provided what is proposed to be a completed census sheet. Defendant, Gulf Stream, has utilized this census, any previously submitted plaintiff fact sheet, and any addendums or errata sheets in evaluating whether or not a Plaintiff has been deficient in his or her responses.

00372521-1

## II.     LAW AND ARGUMENT

Gulf Stream respectfully submits that the plaintiff identified above has failed to comply with these Orders, and therefore, this Court should dismiss his claims. Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir.1992); *Colle v. Brazos County, Tex.,* 981 F.2d 237, 242-243 (5th Cir. 1993). Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice.[1]

**Clayton Anderson:**

Plaintiff Clayton Anderson submitted a Fact Sheet to counsel for Gulf Stream, which was reviewed and noted to be deficient.[2] Thereafter, counsel for Gulf Stream sent correspondence to Matthew Moreland of the Becnel Firm detailing Mr. Anderson's deficiencies and requesting correction of same.[3]  An errata sheet or corrected Plaintiff Fact Sheet was never received.  On January 2, 2012, Counsel for Gulf Stream received the Census as Ordered by PTO 86 and 88. After a review of the information on the census regarding Mr. Anderson, it was determined that

---

[1]   *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc*., 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F.2d 1214 (5th Cir. 1970).

[2]   See: Plaintiff Fact Sheet submitted on behalf of Clayton Anderson, attached as Exhibit A.

[3]   See: Correspondence from Andrew Weinstock to Matthew Moreland, dated June 29, 2011 regarding deficiencies of various plaintiffs, including Clayton Anderson, pp 22-25, attached as Exhibit B.  See also: Transmission email from Carmen Motes to various Plaintiff counsel attaching Exhibit B, attached as Exhibit C hereto.

Mr. Anderson failed to correct the outlined deficiencies and that the information provided by the fact sheet and census was significantly deficient, failing to provide over 13 fields of key information and failing to correct additional deficiencies outlined in the correspondence to Mr. Moreland.  Therefore, counsel for Gulf Stream requests this Honorable Court dismiss the claims of Clayton Anderson, with prejudice, for failure to comply with court orders.

In evaluating whether to move for dismissal of Mr. Anderson, Counsel for Gulf Stream has reviewed the information provided by the Census and the Plaintiff Fact Sheet. When considering all of the data from these documents, Plaintiff Clayton Anderson has failed to provide information for 13 of the key fields enumerated by Pre-Trial Order 88. Specifically, Plaintiff was deficient as to the 23 key fields on the census and fact sheet as set forth below:

(1) Plaintiff failed to complete the symptoms checklist, as required by Section III (C);
(2) Plaintiff failed to provide information regarding his or her future medical claim, as required by Section III (C)(2);
(3) Plaintiff failed to provide information regarding psychological treatment or respond to whether he was claiming a psychological injury, as required by Section III (C)(8);
(4) Plaintiff failed to indicate whether he or she was requesting reimbursement of medical expenses or give an amount of requested reimbursement, as required by Section III (C)(9);
(5) Plaintiff failed to state whether he or she was making a claim for wage loss, or to provide the information necessary for such a claim if one was made, as required by Section IV (F)(3);
(6) Plaintiff failed to provide the VIN Number of the FEMA housing unit in which he or she claims to have resided, as required by Section V (A)(2);
(7) Plaintiff failed to provide his or her FEMA Identification Number, as required by Section V (A)(3);
(8) Plaintiff failed to provide the bar code of the FEMA housing unit in which he or she claims to have resided, as required by Section V(A)(4);
(9) Plaintiff failed to provide the number of hours spent in the FEMA housing unit each day, as required by Section V (A)(13);
(10) Plaintiff failed to provide the names of all residents of the trailer in addition to failing to provide a VIN number, as required by Section V (E);
(11) Plaintiff failed to provide the smoking history of other trailer residents, as required by Section VI (D);
(12) Plaintiff failed to provide information regarding his prior medical history, including whether Plaintiff had a preexisting lung disease or skin disease, as required by Section V (F)(1) & (4); and

(13)  Plaintiff failed to provide information regarding treatment for his or her formaldehyde related illness, as required by Section VII (B).[4]

Additionally, Plaintiff failed to supplement his fact sheet, resulting in deficiencies in areas of the fact sheet not enumerated by the census. Specifically, Mr. Anderson failed to provide:

1. Did not provide a maiden or other name by which Plaintiff has been known, as required in Section II (B).
2. Did not provide email address, as required in Section II (E).
3. Did not provide a response to whether plaintiff has been diagnosed with cancer since moving into the FEMA trailer, as required by Section III (C)(4).
4. Did not provide the date when plaintiff claims this injury or disease first occurred, as required by Section III (C)(5).
5. Did not provide the identity of each address at which plaintiff resided during the last 5 years, as required by Section IV (A).
6. Did not provide a place of birth, as required by Section IV (C).
7. Did not provide plaintiff's educational background, as required by Section IV (E).
8. Did not provide plaintiff's current employment information, as required by Section IV (F)(1).
9. Did not provide plaintiff's employment information for the past ten years, as required by Section IV (F)(2).
10. Did not provide information about previous lawsuits or claims, as required by Section IV (G).
11. Did not provide information on family members suffering from a disease, as required by Section IV (A) – *family information*.
12. Did not indicate whether you are claiming the wrongful death of a family member related to formaldehyde, as required by Section IV (B) – *family information*.
13. Did not provide a response to whether plaintiff's temporary housing unit was a travel trailer or a mobile home, as required by Section V (A)(5).
14. Did not provide a response to whether plaintiff's temporary housing unit was located on private property or a trailer park, as required by Section V (A)(9).
15. Did not provide a reason why plaintiff ceased living in the temporary housing unit, as required by Section V (A)(10)
16. Did not indicate the approximate square footage of the temporary housing unit, as required by Section V (A)(11).
17. Did not indicate the approximate length and width of the temporary housing unit, as required by Section V (A)(12).
18. Did not indicate the average number of daily hours spent in the temporary housing unit, as required by Section V (A)(13).
19. Did not provide a response to whether the FEMA housing unit was jacked up, as required by Section V (A)(14).
20. Did not indicate whether the FEMA housing unit was hooked up to a sewer line, as required by Section V (A)(15).

---

[4]  See: Plaintiff Fact Sheet submitted on behalf of Clayton Anderson, attached as Exhibit A.

00372521-1

21. Did not indicate whether the FEMA housing unit was hooked up to an electrical line, as required by Section V (A)(16).
22. Did not indicate whether the FEMA housing unit was hooked up to a natural gas line, as required by Section V (A)(17).
23. Did not indicate whether propane gas was used in the FEMA housing unit, as required by Section V (A)(18).
24. Did not indicate how many days per week worked outside of the FEMA housing unit, as required by Section V (A)(19).
25. Did not respond whether plaintiff lived temporarily in another location during the time plaintiff resided in the FEMA housing unit, as required by Section V (A)(20).
26. Did not respond whether air quality tests were performed on the FEMA housing unit, as required by Section V (B).
27. Did not provide plaintiff's height, current weight, and/or weight prior to living in FEMA housing unit, as required by Section VI (A-B).
28. Did not indicate whether plaintiff has ever suffered from an infectious disease, as required by Section VI (F)(2).
29. Did not indicate whether plaintiff has ever suffered from long term stomach or bowel disease, as required Section VI (F)(3).
30. Did not indicate whether plaintiff has received a chest x-ray, CT scan or MRI, as required by Section VI (G).
31. Did not identify the doctor(s) or health care provider(s) that provided psychological health care to plaintiff for disease/illness/injury, if any, that plaintiff alleges were suffered as a result of living in a FEMA housing unit, as required by Section VII (C).
32. Did not indicate whether any health care professional told plaintiff that the alleged illness/disease or injury was related to living in a FEMA housing unit, as required by Section VII (D).
33. Did not provide the identity of plaintiff's current primary care physician, as required by Section IX (A).
34. Did not provide the identity of plaintiff's primary care physicians for the last seven years, as required by Section IX (B).
35. Did not provide hospitals/clinics/health care facilities where plaintiff received inpatient treatment during the last seven years, as required by Section IX(C).
36. Did not provide hospitals/clinics/health care facilities where plaintiff received outpatient treatment during the last seven years, as required by Section IX (D).
37. Did not provide names of each physician or health care provider who treated plaintiff during the last seven years, as required by Section IX (E).
38. Did not provide the pharmacies that dispensed medication to plaintiff during the last seven years, as required by Section IX (F).
39. Did not sign the certification.
40. Did not sign a HIPAA Authorization for medical records.
41. Did not sign a HIPAA Authorization for psychological/psychiatric records, as required for plaintiff's making a claim for emotional distress.
42. Did not sign the Privacy Act Release.
43. Did not provide an executed Authorization for Release of Employment Records.

Each of these items was enumerated in Gulf Stream's request to cure deficiencies directed to Matthew Moreland; however, to date the Plaintiff has failed to do so. The time period provided in that letter for curing deficiencies, and for the submittal of the census information, has passed. Plaintiff's fact sheet is significantly deficient, failing to respond to 13 of the 23 key areas of inquiry and failing to answer 43 of the remaining questions. As such, plaintiff, Clayton Anderson should be dismissed with prejudice.

### III.    Conclusion

Thus, Gulf Stream moves for an Order dismissing Clayton Anderson. As it prepares for additional litigation, evaluates the possibility of settlement, and analyzes other issues concerning the progress of this lawsuit, Gulf Stream must be able to obtain information about those who make allegations against it. The Plaintiff Fact Sheet and Census serve as the best way to acquire such information, as these document act as the initial round of discovery responses. Without this simulated discovery response, Gulf Stream is significantly prejudiced, and there is good cause for the Court to discontinue any potential for further prejudice against Gulf Stream by dismissing the claims of Clayton.Anderson In accordance with Pre-Trial Orders 2, 32, 86, and 88 and

00372521-1

Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the Motion to Dismiss filed by Gulf Stream should be granted, dismissing Clayton Anderson, with prejudice.

                Respectfully Submitted,

                **DUPLASS, ZWAIN, BOURGEOIS,**
                **PFISTER & WEINSTOCK**

                *s/Andrew D. Weinstock*
                _____
                **ANDREW D. WEINSTOCK #18495**
                **JOSEPH G. GLASS #25397**
                Three Lakeway Center, Suite 2900
                3838 N. Causeway Boulevard
                Metairie, Louisiana  70002
                Telephone: (504) 832-3700
                Facsimile: (504) 837-3119
                andreww@duplass.com
                jglass@duplass.com
                **Attorneys for Gulf Stream Coach, Inc.**

## CERTIFICATE OF SERVICE

**I DO HEREBY CERTIFY** that on this 16th day of May, 2012, a copy of the above and foregoing was filed electronically.  Notice of this pleading was sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF system.

        _____*s/ Andrew D. Weinstock*_____
                        **ANDREW D. WEINSTOCK**