UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER
FORMALDEHYDE PRODUCTS
LIABILITY LITIGATION

MDL NO. 07-1873

SECTION "N" (5)

THIS DOCUMENT RELATES TO
ALL CASES



## ORDER TO REIMBURSE COSTS RELATING TO CENSUS DATABASE

On April 8, 2011, in order to provide the parties with the data needed to evaluate this case, Court entered an order directing each Plaintiff through his or her counsel to serve upon Mikal Watts, a true and correct copy of the most updated and Amended Plaintiff Fact Sheet ("PFS"). Rec. Doc. 20770. Mikal Watts on behalf of the Plaintiffs' Liaison Counsel was then directed to send the Amended PFS to a third-party vendor in India to have data from the key fields entered into a database so that it could be searched by all parties. *Id.* At the time the Court entered that Order, the Court deferred the issue of which parties should bear the cost of the labor and bill from the third-party vendor in India. *Id.*

Mikal Watts collected the data and sent it to Selectronic Equipment, a third-party vendor in India (hereinafter "Selectronic"), which entered the data in a searchable form. Selectronic billed Mikal Watts' Firm, Watts Guerra Craft, LLP (hereinafter "Watts Firm"), $134,246 for the data entry. The Watts Firm paid the bill for Selectronic.

In addition, data from certain plaintiff firms was not in a usable format when it was submitted to Mikal Watts. Most plaintiffs' firms paid their internal employees to put

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

their clients' data into the form ordered by the Court. A handful of firms, however, avoided this internal expense by submitting the data without proper formatting. It is the Court's understanding that, after repeated efforts by the PSC, the Watts Firm, and the Court to motivate the delinquent firms to properly format their data, in the interest of moving the entire litigation toward resolution and meeting deadlines promised to the defendants and the Court, the Watts Firm paid its own employees to format this data. The Watts Firm spent $34,337.92 in labor costs putting this data into a usable format

Now after considering the matter, the Court enters this Order with regard to the cost sharing for the data entry by the third-party vendor and the cost sharing for the amount expended in labor by the Watts Firm in labor to put the data into usable format. Accordingly,

**IT IS ORDERED** that:

(1) With regard to the $34,337.92 that the Watts Firm spent on labor for putting the data of certain firms into a usable format, this amount shall be reimbursed by the plaintiffs' counsel whose data was not submitted in proper form. With the help of the Watts Firm, the PSC should determine what proportion of the $34,337.92 is attributable to each particular plaintiffs' firm and arrange for payment to the Watts Firm. If the PSC disagrees with this analysis and is of the opinion that these firms should not bear this cost alone, the PSC is free to reach an agreement among plaintiffs' counsel as to how this expense should be shared. However, the Watts Firm must be reimbursed this amount

within 5 days of this Order.

(2) Regarding the $134,246 that the Watts Firm paid to Selectronic, five percent (5%) of that amount -- $6,712.30 -- shall be paid by the contractor defendants, to be divided among them in a manner agreeable to the parties, failing which the Court will allocate the cost among them. However, reimbursement to the Watts Firm must not be delayed due to discussions regarding how the defendants will share the expense. The Watts Firm shall be reimbursed this amount within five (5) days of this Order.

(3) The remaining $127,533.70 of the Selectronic expense shall be divided equally between the plaintiffs and the manufacturing defendants, with each to bear $63,766.85.

(a) The plaintiff firms shall reimburse the Watts Firm proportionate to the number of clients each firm represents, recognizing that the Watts Firm will bear its own proportionate share and will not be reimbursed for the share that was expended in entering the data for the Watts Firm clients. The Court entrusts the PSC to determine the proportionate share of each firm based on the number of clients represented by each firm. The Watts Firm shall be reimbursed these amounts within five (5) days of this order.

(b) The manufacturing defendants shall share the expense of $63,766.85 in proportion to the census submitted to the Court by Andrew Weinstock, on February 29, 2012, unless the manufacturing defendants agree to a different arrangement. However, Reimbursement to the Watts Firm must not be delayed due to discussions regarding how

the defendants will share the expense among themselves. The Watts Firm shall be reimbursed these amounts within five (5) days of this order.

(4) All reimbursement checks ordered herein shall be made payable to Watts Guerra Craft, LLP, and sent to the attention of David Watts, Watts Guerra Craft, LLP, 4 Dominion Drive, Building 3, Suite 100, San Antonio, Texas 78257.

New Orleans, Louisiana, this 18th day of May, 2012.

*[signature]*

KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE