UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION: N(5) |
| | * | |
| This Document Relates to: | * | JUDGE ENGELHARDT |
| *Clark v. William Scotsman, Inc., et al.*, | * | |
| Civil Action No. 09-8563 | * | MAGISTRATE CHASEZ |

*************************************************************************

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR
FAILURE TO COMPLY WITH PRE-TRIAL ORDER 32**

This court should dismiss any and all claims against Defendant, William Scotsman, Inc. because plaintiff failed to comply with Pre-Trial Order 32.[1] Specifically, plaintiff failed to serve a completed and verified plaintiff fact sheet A) Within thirty (30) days of filing suit, and B) Within thirty (30) days of receiving notice pursuant to Section I of Pre-Trial Order 32.

**1.    FACTS**

On March 18, 2009, this court issued Pre-Trial Order 32. According to Section G, "Any complaints filed after November 30, 2009, and for which the individual has not completed a plaintiff fact sheet, a completed and verified plaintiff fact sheet form for each plaintiff shall be served within thirty (30) days of filing of the individuals claims, failing which said claims shall be dismissed with prejudice, absent a showing of good cause." On December 29, 2009, plaintiff filed suit in the Eastern District of Louisiana. According to Section G, plaintiff had thirty (30) days or until January 29, 2010, to serve a completed and verified plaintiff fact sheet. To date, plaintiff has failed to produce his fact sheet despite numerous and repeated requests.

---

[1] Rec. Doc. No. 1180.

According to Pre-Trial Order 32 Section I, defendant may move for dismissal after sending notice to plaintiff's counsel (with a copy to all Liaison Counsel and Government Counsel) confirming the failure to timely file a plaintiff fact sheet.  On March 20, 2012, defendant notified plaintiff and all liaison counsel pursuant to Section I, but to date plaintiff has failed to produce his fact sheet.[2]  On April 10, 2012, defendant again notified plaintiff pursuant to Section I, but to date plaintiff has failed to produce his fact sheet.[3]

Based on the clear record of delay and failure to comply with Pre-Trial Order 32 as will be shown below, defendant moves this court to dismiss any and all claims against William Scotsman, Inc. with prejudice and at plaintiff's cost.

2.   **LAW AND ARGUMENT**

Rule 41(b) provides the basis for dismissal for failure to comply with a court order.  The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases.[4]  Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him."  The established rule in the 5th Circuit is that dismissal under Rule 41(b) "is appropriate only where there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice."[5]  The decision of the Court must be upheld on appeal unless it can be said that the court abused its

---

[2] *See* Exhibit - A - Letter to Frank D'Amico dated March 20, 2012, including fax confirmation of delivery.

[3] *Id.*, letter to Frank D'Amico dated April 10, 2012, including fax confirmation of delivery.

[4] *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir.1992); *Colle,* 981 F.2d at 242-243.

[5] *Wrenn v. Am. Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972).

discretion.[6] In this case, there is a clear record of delay, and lesser sanctions would not serve the best interests of justice.

The following time line and attached exhibits clearly show a record of delay:

A-   On December 29, 2009, plaintiff filed suit against Williams Scotsman.

B-   On January 29, 2010, plaintiff's thirty-day (30) period for serving a completed and verified plaintiff fact sheet expired.

B-   On March 20, 2012, defendant requested general information from the plaintiff, including his fact sheet.[7]

C-   On April 10, 2012, the undersigned requested plaintiff's fact sheet for a second time.[8]

To date, roughly two years and five months from first filing suit, plaintiff has not produced the requested fact sheet. Accordingly, defendant moves to dismiss any and all claims with prejudice and at plaintiff's cost for failure to produce plaintiff's fact sheet pursuant to Pre-Trial Order 32.

Respectfully submitted,

/s/ Raymond C. Lewis
**ROBERT E. KERRIGAN, JR. (#7350)(T.A.)**
**RAYMOND C. LEWIS (#31236)**
**DEUTSCH, KERRIGAN & STILES, L.L.P.**
755 Magazine Street
New Orleans, Louisiana  70130
Telephone:  (504) 581-5141
Facsimile: (504) 566-1201
RKerrigan@dkslaw.com
Counsel for Defendant, William Scotsman, Inc.

---

[6] *Colle*, supra.

[7] *See* Exhibit-A  - Letter to Frank D'Amico dated March 20, 2012.

[8] *Id.,* letter to Frank D'Amico dated April 10, 2012.

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing pleading was filed electronically using the CM/ECF system for the United States District Court for the Eastern District of Louisiana. Notice of this filing will be forwarded to all known counsel by operation of the court's electronic filing system. I also certify that I have e-mailed a copy of this filing to any non- CM/ECF participants on this the 22nd day of May, 2012.

                                                                            **/s/ Raymond C. Lewis**
                                                                              **Raymond C. Lewis**