UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * | MDL NO. 1873 SECTION: N(5) |
| This Document Relates to: *Clark v. William Scotsman, Inc., et al.*, Civil Action No. 09-8563 | * * * | JUDGE ENGELHARDT MAGISTRATE CHASEZ |

**************************************************************************

## FEDERAL RULE OF CIVIL PROCEDURE RULE 12(B) PRESERVATION LIST FILED ON BEHALF OF WILLIAM SCOTSMAN, INC.

Pursuant to Pre-Trial Order Number 4 (Rec. Doc. No. 130), Defendant, William Scotsman, Inc. ("WSI"), respectfully submits for preservation the following specific Federal Rule of Civil Procedure Rule 9 and 12 defenses ("Preservation List") as they relate to the Complaint filed in *Clark v. William Scotsman,Inc. et al.*.

WSI files this Preservation List without prejudicing its right to assert any other allowable preliminary motions, pleadings, dispositive motions or affirmative defenses in this or any other case in which they are subsequently named and properly served. WSI hereby incorporates and adopts all the items listed in the Preservation Lists of all the named defendants in the Multi-District Litigation 07-1873 in all of the underlying cases as if fully set forth at length herein as their own, including, but not limited to, the following issues:

1. Failure to Comply with Pre-Trial Order 32 - Plaintiff has failed to produce his plaintiff fact sheet within thirty (30) days of filing suit or within thirty (30) days of receiving notice pursuant to Section I.

2. Article III Standing – Plaintiff has failed to satisfy their burden of establishing Article III standing against the Defendant, and thus this Court does not have subject matter jurisdiction over Plaintiff's claims against the Defendant.

3. Improper Joinder – Plaintiff has improperly joined whatever individual claim each may theoretically have against a Defendant with claims that other Plaintiff may or may not have against other Defendants and have failed to demonstrate any common evidentiary link between either Plaintiff's claims or the Defendants. Accordingly, the claims levied against the Defendant solely as members of the "industry" should be dismissed.

4. Rule 12(b)(3) – (a) Improper venue in any of the states whose laws are at issue in this lawsuit based on contractual forum selection clause/mandatory arbitration clause contained in the manufacturer's warranty contract, which also contractually limits the warranties; (b) Improper venue as to the Plaintiffs who reside outside the Eastern District of Louisiana.

5. 12(b)(6) – Federal law preempts state law as all units manufactured by the Defendant were in accordance with HUD's guidelines and regulations, and as such, conflicting state law provisions are preempted.

6. 12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as no claimant has specifically claimed any current injury, but rather has generally claimed non-specific and unspecified current and future injury.

7. 12(b)(6) –  Failure to state a claim upon which relief can be granted to the extent that Plaintiffs specifically seek attorneys fees under federal or state law inasmuch as such claims are precluded.

8. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that Plaintiffs specifically assert punitive damages under federal or state law inasmuch as such claims are precluded.

9. 12(b)(6) – Failure to state a claim insofar as putative Plaintiffs have not alleged and cannot prove either specific or general causation for their alleged injuries.

10. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that Plaintiffs specifically assert implied warranty claims, inasmuch as such claims are precluded due to lack of contractual sale, privity and/or reliance.

11. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that Plaintiffs specifically seek property damages, inasmuch as such claims are precluded.

12. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that Plaintiffs seek to impose joint and several and/or solidary liability upon the Defendant, inasmuch as the applicable law precludes such reapportionment of fault and there is no market-share liability; the Defendant cannot be held responsible for more than its own share of any potential damage award and is not liable for the acts, errors or omissions of any other party or non-party to this litigation.

13. 12(b)(6) – Failure to state a claim upon which relief can be granted inasmuch as Plaintiff's own negligence, contributory negligence, comparative negligence, assumption of risk, negligence *per se*, gross negligence, recklessness, willfulness, strict liability, and breach of implied warranties claims bars those claims (including, but not limited to, being barred by the exclusivity provisions of the Louisiana Products Liability Act).

14. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that Plaintiffs seek injunctive relief as none of the theories invoked by Plaintiffs provide recovery for injunctive relief sought by plaintiffs and Plaintiffs have not alleged a sufficient basis to entitle them to injunctive relief. The Defendant does not own or control any of the units at issue or where any potential Plaintiff at issue may reside.

15. 12(b)(6) – Failure to state a claim for medical monitoring damages because Plaintiffs have not alleged a present and manifest injury.

16. 12(b)(6) – Plaintiffs' claims are barred by the applicable prescriptive periods and applicable statutes of limitation.

17. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that Plaintiffs specifically seek property damages.

18. 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent that Plaintiffs have not alleged actual damages and/or have failed to mitigate their damages.

19. 12(b)(2) – (a) Lack of personal jurisdiction over the Defendant in Louisiana or any other State as there is no identified Plaintiff suing any Defendant as having been provided a unit by any Defendant within the *Bauer* Complaint such that there is an ability to evaluate the propriety of the proposed venue of this Court; (b) There is no minimum contacts with Louisiana so as to warrant or allow jurisdiction over the Defendant.

20. 12(b)(4) – Inadequacy of service of process in that the *Pujol* Second Amended Complaint was not served on the proper corporate entities.

21. 12(b)(7) – Failure to join a necessary and indispensable party – the suppliers of the materials used in construction of the homes have not been added as parties; there is a contractual indemnification provision between certain Defendants and the companies that contracted

with Defendant for manufacture of such homes; (b) failure to join the manufacturers of the furniture or other FEMA mandated furnishings which contain formaldehyde.

22. 12(b)(6) – Failure to state a claim for breach of express warranty under any states' law.

23. 12(b) – Failure to timely file a motion for class certification pursuant to Uniform Local Rule 23.1.

24. Rule 9(b) – Concealment, conspiracy (if any), misrepresentation, and fraud claims should be dismissed for failure to plead such claims with the requisite particularity.

25. Rule 12(b)(5) – Insufficiency of service of process.

26. Rule 12(e) – Motion for a more definite statement.

26. Rule 12(b)(6) – Failure to state a claim for injunctive relief.

27. Rule 12(b)(6) – Failure to state a claim for attorney's fees.

28. Rule 12(b)(6) – Failure to state a claim for punitive damages.

29. Rule 12(b)(6) – Failure to state a claim upon which relief can be granted to the extent Plaintiffs seek damages for failure to warn about formaldehyde because Defendant complied with HUD guidelines and placed warnings in the housing units warning of the very dangers the Plaintiffs allegedly suffered.

30. All Rule 12(b) motions filed in the underlying MDL case (07-1873) by the Defendants and the co-defendants (including, but not limited to, Rec. Docs. 210, 230, 242, 243, 244, 252, 259, 416, 466, 491, 760, 761, and 767).

Defendant, William Scotsman, Inc. reserves the right to amend or supplement these defenses and to file appropriate preliminary pleadings as well as dispositive and other motions in the above cases and in any other cases in which it has been or will be named and properly served.

Respectfully submitted,

/s/ Raymond C. Lewis
**ROBERT E. KERRIGAN, JR. (#7350)(T.A.)**
**RAYMOND C. LEWIS (#31236)**
**DEUTSCH, KERRIGAN & STILES, L.L.P.**
755 Magazine Street

           New Orleans, Louisiana  70130
           Telephone:  (504) 581-5141
           Facsimile: (504) 566-1201
           RKerrigan@dkslaw.com
           Counsel for Defendant, William Scotsman, Inc.

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the foregoing pleading was filed electronically using the CM/ECF system for the United States District Court for the Eastern District of Louisiana. Notice of this filing will be forwarded to all known counsel by operation of the court's electronic filing system. I also certify that I have e-mailed a copy of this filing to any non- CM/ECF participants on this the 22nd day of May, 2012.

              **/s/ Raymond C. Lewis**
              **Raymond C. Lewis**