UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL NO. 1873

SECTION "N-5"

JUDGE ENGELHARDT
MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO ALL CASES

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## DECLARATION OF DANIEL J. BALHOFF

COMES NOW Daniel J. Balhoff, being of sound mind and lawful age, and subject to the penalties for perjury deposes and states as follows:

1. My name is Daniel J. Balhoff. I am one of two Court-Appointed Mediators in the above-captioned case. I have personal knowledge of the matters declared herein.

2. On December 21, 2011, the Court ordered myself and my partner, John Perry, Jr., to assist the parties in exploring the potential for a global settlement among the defendants who manufactured the travel trailers (the "Defendants") at issue in this case and the plaintiffs who have sued those Defendants (the "Plaintiffs"). John Perry and I were heavily involved in all stages of the settlement negotiations. John Perry and I met privately and jointly, with counsel for the plaintiffs and the defendants in New Orleans, Louisiana. There were multiple meetings with counsel and client representatives present. There were also a number of conference calls with mediation participants (Plaintiffs and Defendants) for the purpose of discussing various aspects of settlement. The parties reached settlements with each of the Defendants between the summer of 2011 and the

{B0799749.1}

winter of 2012. Settlement negotiations were hard fought and arms-length. Counsel for both sides vigorously represented their clients' interests during the negotiations.

3. Based on my review of the facts, evidence and history, the settlement reached between Plaintiffs and Defendants is fair, adequate and reasonable, particularly in light of the following:

   a. The Court denied Plaintiffs' motion for a litigated class action on December 29, 2008, citing, amongst other reasons, the variations in state laws in issue, the various possible causes of Plaintiffs' injuries, and the different manufacturers and products involved in this case. This ruling required each Plaintiff's case to be determined individually, thus increasing the complexity, expense and likely duration of the litigation. This litigated class certification denial weighs heavily in favor of the negotiated settlement, as these cases involve complex scientific proof, which is expensive for both sides and involves substantial time and resources.

   b. The Plaintiffs are faced with significant burden of proof issues with respect to causation. For example, for each Plaintiffs' case the Plaintiff must fund individual destructive testing of the manufactured home to prove the sources and levels of formaldehyde. For many Plaintiffs, the manufactured home no longer exists or can no longer be located. Further, many individual Plaintiffs faced causation problems due to the fact that they were smokers or had independent bases separate from formaldehyde exposure for their health issues.

   c. The Parties have already tried three bellwether trials, all of which have resulted in defense verdicts.

{B0799749.1}

WITNESSES:

_Suzanne B. Renine_ (signature)

_Melanie Musselmon_ (signature)

_Daniel J. Balhoff_ (signature)
Daniel J. Balhoff
5/25/2012

_____ (signature)
Notary Public
Daniel R. Atkinson, Jr. #8103

{B0799749.1}