# Did you suffer symptoms or injuries as a result of exposure to formaldehyde in a Travel Trailer or Park Model Trailer provided by the United States Government and <u>manufactured</u> by one of the below-listed Manufacturers following Hurricanes Katrina or Rita?

**A legal settlement provides payments to people for exposure to and/or injuries from formaldehyde.**

*A court authorized this notice.  This is not a solicitation from a lawyer.*



Manufactured Home

If you claim exposure to formaldehyde in a Manufactured Home similar to this, you are <u>not</u> included in the Settlement

- A class settlement has been proposed to resolve hundreds of lawsuits seeking damages for exposure to or injuries from formaldehyde in Travel Trailers and Park Model Trailers manufactured by certain Manufacturers.

- The settlement will pay money to those who suffered symptoms or injuries because of exposure to formaldehyde in such travel trailers and/or park model trailers and who submit valid claim forms.

- Your legal rights are affected whether you act, or don't act.  Read this notice carefully.



Travel Trailer/Park Model Trailer

These types of units are included in the Settlement

**QUESTIONS?  CALL 1-800-728-1628 TOLL FREE, OR VISIT**
**WWW.FEMAFORMALDEHYDELITIGATION.COM**

| Your Legal Rights and Options in this Settlement: | |
|---|---|
| **Submit a Claim Form** | **The only way to ask for a payment.** |
| **Ask to be Excluded** | **Get no payment. The only option that allows you to sue the Defendants over the claims resolved by this settlement.** |
| **Object** | **Write to the Court about why you don't like the settlement. You still need to submit a Claim Form to ask for a payment.** |
| **Go to a Hearing** | **Ask to speak in Court about the fairness of the settlement. You still need to submit a Claim Form to ask for a payment.** |
| **Do Nothing** | **Get no payment. Give up rights.** |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Money will be distributed if the Court does so, and after any appeals are resolved. Please be patient.

## WHAT THIS NOTICE CONTAINS

**Basic Information**..................................................................................................Page 3
    1.   Why was this notice issued?
    2.   Which companies are part of the settlement?
    3.   What is this lawsuit about?
    4.   What is formaldehyde?
    5.   Why is this a class action?
    6.   Why is there a settlement?

**Who is in the Settlement**....................................................................................Page 4
    7.   How do I know if I am part of the settlement?
    8.   I'm still not sure I'm included.

**The Settlement Benefits—What You Get**.......................................................Page 5
    9.   What does the settlement provide?
    10.  How much will my payment be?

**How to Get a Payment—Submitting A Claim Form**....................................Page 5
    11.  How can I get a payment?
    12.  When will I get my payment?
    13.  What am I giving up to get a payment or stay in the Class?

**Excluding Yourself From the Settlement**......................................................Page 6
    14.  How do I get out of the settlement?
    15.  If I don't exclude myself, can I sue the Settlors for the same thing later?
    16.  If I exclude myself, can I get a payment from this settlement?

**The Lawyers Representing You**.......................................................................Page 7

**QUESTIONS? CALL 1-800-728-1628 TOLL FREE, OR VISIT**
**WWW.FEMAFORMALDEHYDELITIGATION.COM**

    17.    Do I have a lawyer in this case?

**Objecting to the Settlement**....................................................................................Page 7
    18.    How do I tell the Court if I don't like the settlement?
    19.    What's the difference between objecting and asking to be excluded?
    20.    Do I need to make an appearance to talk about my objections?

**The Court's Fairness Hearing** ................................................................................Page 8
    21.    When and where will the Court decide whether to approve the settlement?
    22.    Do I have to come to the hearing?
    23.    May I speak at the hearing?

**If You Do Nothing**...................................................................................................Page 9
    24.    What happens if I do nothing?

**Getting More Information** .......................................................................................Page 9
    25.    How do I get more information about the settlement?

# Basic Information

## 1. Why was this notice issued?

A Court authorized this notice because you have a right to know about a proposed settlement of this class action, including the right to claim money, and about all of your options, before the Court decides whether to give "final approval" to the settlement. If the Court approves the settlement, and after any appeals are resolved, payments will be made to everyone who submitted a timely and valid Claim. This notice explains the lawsuit, the settlement, your legal rights, what benefits are available, who may be eligible for them, and how to get them.

Judge Kurt Engelhardt in the United States District Court for the Eastern District of Louisiana, is overseeing this class action. The case is known as *In Re: FEMA Trailer Formaldehyde Product Liability Litigation*, MDL No. 2:07-MD-1873, Section "N" (5). The people who sued are called the "Plaintiffs," and the companies they sued are called the "Defendants." This case is known as a MDL, which means that it groups together a number of cases that were originally filed in state and federal court in Alabama, Mississippi, Louisiana, and Texas. This Settlement will resolve all of those cases together against certain Defendants.

## 2. Which companies are part of the settlement?

    The settlement includes the following Manufacturers, along with some of their insurers, as defendants and other Released Parties

    Citair, Inc.; Coachman Industries, Inc., Coachman RV Licensed Products Division, LLC; Coachmen Recreational Vehicle Company, LLC; Coachmen Recreational Vehicle Company ofGeorgia, LLC; Coachmen Industries, Inc.; Cruiser RV, LLC; Damon Motor Coach; DS Corp. d/b/a CrossRoads RV, Inc.; Doubletree RV, L.L.C.; Dutchmen Manufacturing, Inc.; Fairmont Homes, Inc., Forest River, Inc., Four Winds International Corporation; Frontier RV, Inc.; Frontier RV Georgia, L.L.C.; Gulf Stream Coach, Inc., Heartland Recreational Vehicles, LLC; Homette Corporation, Hy-Line Enterprises, Inc., n/k/a FRH, Inc., Jayco, Inc., Jayco Enterprises, Inc., Keystone RV Company; Komfort Corp.; KZRV, LP; Layton Homes Corp.; R-Vision, Inc.; Monaco Coach CorporationPilgrim International, Inc.; Play'Mor Trailers, Inc.; Recreation By Design, LLC; Skyline Corporation; Skyline Homes, Inc.; Starcraft RV., Inc., SunRay R.V., L.L.C, and SunRay Investments, L.L.C.,; Thor Industries, Inc.; Thor California, Inc.; Timberland RV Company, Inc. d/b/a Adventure Manufacturing; TL Industries, Inc.;Vanguard, LLC, Vanguard Industries, Inc. of Michigan, Inc., Viking Recreational Vehicles LLC.

The participation of R-Vision, Inc. is contingent upon the approval of the United States Bankruptcy Courts for the District of Delaware.  Should the Bankruptcy Court not approve the participation of this Defendant in this Settlement, this Defendant, and its contribution to the Settlement, will be considered withdrawn from the Settlement.  The participation of Pilgrim International, Inc. is contingent upon the approval of the United States Bankruptcy Court for the Northern District of Indiana.  The participation of Monaco Coach Corporation is contingent upon the approval of the United States Bankruptcy Court for the District of Delaware.  Should the Bankruptcy Courts not approve the participation of these Defendants in this Settlement, theseDefendants, and their contributions to the Ssettlement, will be considered withdrawn from the settlement.

### 3.   What is this lawsuit about?

This case came about after Hurricanes Katrina and Rita.  Those hurricanes left people homeless in Alabama, Mississippi, Louisiana and Texas.  The federal government provided housing, called Emergency Housing Units ("EHUs"), for people.  The Defendants and other Released Parties in this case Manufactured some of the EHUs provided.  The Plaintiffs in this case allege that they were exposed to hazardous levels of formaldehyde the EHUs.  Defendants deny these claims.  This case applies only to those persons who claim to have suffered symptoms or injuries as a result of exposure to formaldehyde in a Travel Trailer or Park Model Trailer provided by FEMA and manufactured by one of the Settling Defendants listed above in Section 2.  If you claim to have suffered symptoms or injuries as a result of exposure to formaldehyde in a Manufactured Home, also called a mobile home, provided by FEMA, you are <u>not</u> included in this Class.

### 4.   What is Formaldehyde?

Formaldehyde is a chemical found both indoors and outdoors.  Even the human body creates formaldehyde.  Some of the building materials used in an EHU release formaldehyde.  Formaldehyde is a chemical that is sometimes used as an adhesive in the assembly of certain parts of Travel Trailers.

### 5.   Why is this a class action?

In a class settlement, one or more people called "Class Representatives" propose to settle claims on behalf of people who have similar claims, who are the "Class" or "Class Members."  One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

### 6.   Why is there a settlement?

The Court did not decide in favor of the Plaintiffs or Defendants.  Instead, both sides agreed to settle.  That way, they avoid the costs and risks of a trial, and the people affected will get compensation.  The Class Representatives and their attorneys think the settlement is best for all Class Members.  The settlement does not mean that the Defendants and other Released Parties did anything wrong.

## Who is in the Settlement?

To see if you can get benefits from this settlement, you first have to determine if you are a Class Member

### 7.   How do I know if I am part of the settlement?

If you claim to have suffered injuries or symptoms as a result of exposure to formaldehyde in a Travel Trailer or Park Model Trailer, provided by the federal government following Hurricanes Katrina and/or Rita, you may be a Class Member.  To be a Class Member, the Travel Trailer or Park Model Trailer must have been Manufactured by a Manufacturer listed above in Section 2.   The paperwork you received from the federal government should include either the manufacturer of the Travel Trailer or Park Model Trailer, or the vehicle identification number, which will identify the manufacturer.  To be a Class Member, the trailer in which you claim to have been exposed to formaldehyde must have been a  Travel Trailer or Park Model Trailer, not a Manufactured Home.

### 8.   I'm still not sure I'm included.

If you are not sure whether you are included in the Class, you may call the toll free number 1-800-728-1628 with questions.  Also, even if you are not sure if you are included in the Class, you should submit a timely Claim Form if you do not wish to be excluded from the Class.

## The Settlement Benefits—What You Get

### 9.  What does the settlement provide?

This settlement, in the total amount of $37,468,574.16, will provide money to Class Members who submit timely and valid Claim Forms.  A Settlement Agreement, available at www.femaformaldehydelitigation.com or by calling 1-800-728-1628, describes all of the details about the proposed settlement.

### 10. How much will my payment be?

The money from the settlement will be distributed according to a Class Benefit Formula approved by the Court.  **If you received any Medicare/Medicaid/TRICARE/Veteran's Administration/Indiana Health Services benefits, some or all of these amounts may be deducted from your settlement.**

## How to Get a Payment—Submitting A Claim Form

### 11. How can I get a payment?.

To ask for a payment, you must complete and submit a Claim Form.  A Claim Form is included with this Notice.  You can also get a Claim Form at www.femaformaldehydelitigation.com or by calling 1-800-728-1628.  Please read the instructions carefully, fill out the Claim Form and mail it, **postmarked by October 12, 2012**, to:
FEMA TRAILER LITIGATION CLAIMS ADMINISTRATOR
P.O. Box 82565
Baton Rouge, Louisiana  70884
_____

### 12. When will I get my payment?

The payments will be mailed to Class Members who send in timely and valid Claim Forms, after the Court grants "final approval" of the settlement, and any appeals are resolved.  If Judge Engelhardt approves the settlement after an upcoming hearing (see the section "The Court's Fairness Hearing" below), there may be appeals.  If there are any appeals, resolving them can take time.  Please be patient.

### 13. What am I giving up to get a payment or stay in the Class?

If the settlement becomes final, you will be releasing the Defendants or other Released Parties who settled, for all the claims identified in Section IX of the Settlement Agreement. These are called "Released Claims." The Settlement Agreement is available at www.femaformaldehydelitigation.com. The Settlement Agreement describes the Released Claims with specific descriptions, in necessarily accurate legal terminology, so read it carefully. Talk to your attorneys (*see* the section on "The Lawyers Representing You" below) or your own lawyer if you have questions about the Released Claims or what they mean.

# Excluding Yourself From the Settlement

If you don't want a payment from this settlement, but you want to keep the right to sue the Defendants or other Released Parties about the issues in this case, then you must take steps to get out. This is called excluding yourself from—or is sometimes referred to as "opting out" of —the settlement Class.

### 14. How do I get out of the settlement?

To exclude yourself from the settlement, you must send a letter by mail saying that you want to be excluded from *In Re: FEMA Trailer Formaldehyde Product Liability Litigation*. You must include the case number (No. 2:07-MD-1873, Section "N" (5)), your full name, address, and telephone number, identify which defendant(s) you have claims against (the manufacturer of your EHU), and sign the request. Your exclusion request will not be valid, and you will be bound by the settlement, if you do not include this information in your exclusion request. You must mail your request for exclusion so that it is received by **August 17, 2012**, to:

> Gerald E. Meunier
> Justin I. Woods
> Gainsburgh, Benjamin, David, Meunier & Warshauer, LLC
> 2800 Energy Centre
> 1100 Poydras Street
> New Orleans, LA 70163

You can't exclude yourself on the phone or at the website.

### 15. If I don't exclude myself, can I sue the Defendants or other Released Parties for the same thing later?

No. Unless you exclude yourself, you give up any right to sue the Defendants or other Released Parties for the claims that this settlement resolves. You must exclude yourself from this Class to start your own lawsuit. Remember, any exclusion requests must be received by **August 17, 2012.**

### 16. If I exclude myself, can I get a payment from this settlement?

No. If you exclude yourself, do not submit a Claim Form to ask for a payment.

# The Lawyers Representing You

## 17. Do I have a lawyer in this case?

**If you have hired a lawyer to represent you for claims in this litigation, please contact your lawyer for further information.**

The Court appointed certain attorneys, known as the Plaintiffs' Steering Committee or "PSC," to represent you and other Class Members. You do not have to pay them. They will be paid out of the Total Settlement Fund. If you want to be represented by your own lawyer, and have that lawyer appear in court for you in this case, you may hire one at your own expense.

# Objecting To The Settlement

You can tell the Court if you don't agree with the settlement or some part of it.

## 18. How do I tell the Court if I don't like the settlement?

You can object to the settlement if you don't like some part of it. The Court will consider your views. To do so, you must send in a written objection in the case, *In Re: FEMA Trailer Formaldehyde Product Liability Litigation,* No. 2:07-MD-1873, Section "N" (5). You must include your full name, address, telephone number, and your signature. You must also include the specific reasons why you object to the settlement, any legal support or evidence to support your objection, and whether you or your attorney, or any other witness, will be attending the hearing, along with a description of any witness's testimony, and a list of any exhibits you may offer at the hearing along with copies of those exhibits. (*See* "The Court's Fairness Hearing" below). You must mail your objection so that it is received by **August 31, 2012**, to the three addresses listed below:

| **Court** | **PSC** | **Defense Counsel** |
|---|---|---|
| Clerk of Court<br>Eastern District of Louisiana,<br>North Division<br>Hale Boggs Federal Building<br>United States Courthouse<br>500 Poydras Street, Room C-151<br>New Orleans, LA 70130 | Gerald E. Meunier<br>Justin I. Woods<br>Gainsburgh, Benjamin, David,<br>Meunier & Warshauer, LLC<br>2800 Energy Centre<br>1100 Poydras Street<br>New Orleans, LA 70163 | James C. Percy<br>Ryan E. Johnson<br>Jones Walker<br>5th Floor<br>8555 United Plaza Boulevard<br>5th Floor<br>Baton Rouge, Louisiana  70809 |

The Court may overrule your objection. If you want money from the settlement, even if you object to it, you must file a timely Claim Form.

## 19. What's the difference between objecting and asking to be excluded?

Objecting is telling the Court that you oppose approval of the settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

### 20. Do I need to make an appearance to talk about my objection?

Once you file a timely and valid objection, the Special Master, who is someone the Court appointed to help with the settlement, will schedule a hearing to try to resolve your objection. You will receive a notice of the date, time and place of the hearing. You must attend this Special Master hearing for your objection to be heard at the Fairness Hearing.

# The Court's Fairness Hearing

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to.

### 21. When and where will the Court decide whether to approval the settlement?

The Court has scheduled a Fairness Hearing on September 27, 2012, at the Courthouse for the Eastern District of Louisiana, Northern Division, Hale Boggs Federal Building, United States Courthouse, 500 Poydras Street, Room C-351, New Orleans, LA 70130. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Engelhardt will listen to people who have asked to speak about an objection according to Question 18 above. The Court may also decide how much to award the PSC as fees for representing the Class. At or after the hearing, the Court will decide whether to approve the settlement. We do not know how long this decision will take. The hearing may be moved to a different date without additional notice, so it is a good idea to check www.femaformaldehydelitigation.com for updated information.

### 22. Do I have to come to the hearing?

No. You do not have to attend the Fairness Hearing. The PSC will answer questions that Judge Engelhardt may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to the Fairness Hearing to talk about it. As long as you filed and mailed your written objection on time, and as long as you attended the Special Master hearing according to Question 20 above, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

### 23. May I speak at the hearing?

If you submitted an objection to the settlement (*see* Question 18), you may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *In Re: FEMA Trailer Formaldehyde Product Liability Litigation*." Your Notice of Intention to Appear must be received no later than **August 31, 2012**, and must be sent to the addresses listed in question 18 along with the following information:

- name of the case (*In Re: FEMA Trailer Formaldehyde Product Liability Litigation,* No. 2:07-MD-1873, Section "N" (5);
- your full name, address, telephone number, and signature;
- detailed statement of the specific legal and factual basis for each objection;
- list of any witnesses you intend to call at the Fairness Hearing, and a description of the testimony to be offered; and
- list of exhibits and copies of all exhibits you intend to introduce at the Fairness Hearing.

# If You Do Nothing

### 24. What happens if I do nothing at all?

If you do nothing, you'll get no payment from this settlement. And, unless you exclude yourself, you won't be able to sue the Defendants or other Released Parties for the claims resolved in this case.

# Getting More Information

### 25. How do I get more information about the settlement?

This notice summarizes the proposed settlement. More details are in a Settlement Agreement, which is available at www.femaformaldehydelitigation.com or by calling 1-800-728-1628. If you have questions, visit the website, or call 1-800-728-1628, toll free.