UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                            MDL NO. 07-1873
       FORMALDEHYDE PRODUCTS
       LIABILITY LITIGATION

                                                         SECTION "N"  (5)

THIS DOCUMENT RELATES TO
Member Case Nos. 09-8563, 09-8565

## ORDER AND REASONS

Local Rule 7.5 of the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed eight days prior to the noticed submission date. No memoranda in opposition to the following motions, noticed for submission on June 13, 2012, were filed:

(1) "Motion to Dismiss for Failure to Comply with Pre-Trial Order No. 32" **(Rec. Doc. 25630)**, filed by defendant William Scotsman, Inc.; and

(2) "Motion to Dismiss for Failure to Comply with Pre-Trial Order No. 32" **(Rec. Doc. 25632)**, filed by defendant William Scotsman, Inc.   Accordingly,

**IT IS ORDERED** that the above motions are hereby **GRANTED**, dismissing with prejudice the claims of the plaintiffs named therein against William Scotsman, Inc.[1]

---

[1] The Court notes that in recent weeks it has denied motions to dismiss based on a plaintiff's failure to comply with PTO No. 32, even where the motion was unopposed. *See, e.g.,* Rec. Doc. 25612. Where the movant is a defendant who has been party to this litigation throughout the matching process, the PFS deficiency process, and the mediation process, the Court will continue to deny such motions, absent special circumstances, for the MDL phase of

**IT IS FURTHER ORDERED** that counsel should refer to and familiarize themselves with Pretrial Order No. 10, ¶¶ (1) and (2) (Rec. Doc. 301), to the extent such rules are applicable to this particular instance.

A motion for reconsideration of this Order, if any, must be filed within twenty-eight days of the date this Order is entered by the Clerk of Court. The motion must be accompanied by opposition memorandum to the original motion. Because a motion for reconsideration would not have been necessary had a timely opposition memorandum been filed, the costs incurred in connection with the motion, including attorneys' fees, will be assessed against the party moving for reconsideration. *See* FED. R. CIV. P. 16, 83. A statement of costs conforming to Local Rule 54.3 shall be submitted by all parties desiring to be awarded costs and attorneys' fees no later than eight days prior to the hearing of the motion for reconsideration.

New Orleans, Louisiana, this 13th day of June 2012.

                                      **KURT D. ENGELHARDT**
                                      **UNITED STATES DISTRICT JUDGE**

---

this litigation is near its end and the PFS deficiency process has served its purpose. However, the movant here was just served in March 2012 (Rec. Docs. 24718, 24719), after this Court issued an Order warning that the claims would be dismissed if service issues were not cured. Rec. Doc. 24550. Thus, presumably, it has not had a previous opportunity to participate in the deficiency process with regard to these plaintiffs. Further, the Court notes that the movant seeks dismissal based on the plaintiffs' failure to provide any PFS whatsoever, not for specific alleged deficiencies in the PFS.