IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: FEMA TRAILER FORMALDEHYDE | ) | |
| PRODUCTS LIABILITY LITIGATION | ) | MDL NO.: 1873 |
| | ) | |
| This Document Relates to: | ) | SECTION: N (4) |
| *Barbarin v. Forest River, Inc.* | ) | |
| Docket No. 09-8699 | ) | JUDGE: ENGELHARDT |
| Plaintiff: Janet Bracy | ) | |
| | ) | MAG.:  ROBY |
| *Frank v. R-Vision, Inc.* | ) | |
| Docket No. 09-8691 | ) | |
| Plaintiff: Earnestine Frank | ) | |
| | ) | |
| *Thomas v. Frontier RV, Inc.* | ) | |
| Docket No. 09-8658 | ) | |
| Plaintiff: Gerty Richardson | ) | |
| | ) | |
| *Hendrix v. Lakeside Park Homes, Inc.* | ) | |
| Docket No. 09-8654 | ) | |
| Plaintiff: Ablioncia Lindsey | ) | |
|     Sierra Bright | ) | |
|     Demetria Winchester, minor, by Lydia | ) | |
| Hunter | ) | |
|     Lydia C. Hunter | ) | |
|     Janet Bracy | ) | |
|     George Butler, Jr. | ) | |

## AFFIDAVIT OF HAROLD J. HUGE

STATE OF NEVADA

COUNTY OF *Clark*

Before me, the undersigned notary, on this day, appeared HAROLD J. HUGE, the affiant, a person whose identity is known to me, who, after being duly sworn, testified:

1. My name is Harold J. Huge. I am competent to make this Affidavit. The facts stated within this Affidavit are within my personal knowledge and are true and correct.

2.  I am employed by C. Martin Company as Vice President of Operations and have personal knowledge of the facts herein as a result of said position.

3.  C. Martin Company was not tasked with transportation, delivery, installation, de-installation or refurbishment of the temporary housing units provided by FEMA as alleged in Paragraph 1(B) of Plaintiff's Petitions.

4.  C. Martin Company did not contract to and never undertook to convert any mobile travel trailers into temporary housing units as alleged in Paragraph 29 of Plaintiff's Petitions.

5.  C. Martin Company was not tasked with the transportation, installation, site identification and preparation of locations and groups sites, preparation of infrastructure to handle the units, refurbishment and restoration, and the eventual de-installation and removal of the units as alleged in Paragraph 30 of Plaintiff's Petitions.

6.  C. Martin Company did not pick up or transport the temporary housing units from FEMA-controlled staging areas or deliver them to areas which the Contractor defendant was tasked with operating as alleged in Paragraph 32 of Plaintiff's Petitions.

7.  C. Martin Company was not tasked with identifying or preparing the infrastructure for the various group site locations as alleged in Paragraph 34 of Plaintiff's Petitions.

8.  C. Martin Company was not required, under any contract or otherwise, to install Plaintiff's temporary housing units as alleged in Paragraph 35 of Plaintiff's Petitions, and specifically did not install Plaintiffs' temporary housing units and

did not "block" the units (raising the Plaintiffs' units several feet into the air and off of its wheel base, and setting it on concrete blocks) as alleged in Paragraph 35.

9.  C. Martin Company was not required to follow any guidelines setting forth warnings or instructions for installation as alleged in Paragraph 36 of Plaintiff's Petitions, as C. Martin Company was simply not involved in said installations.

10. C. Martin Company did not modify the design or use of the trailers as alleged in Paragraph 38 of Plaintiff's Petitions.

11. C. Martin Company was not a party to the decision to use the travel trailers in question, was not involved in site selection, and did not install the trailers in question as alleged in Paragraph 39 of Plaintiff's Petitions.

12. C. Martin Company specifically took no actions which would void any warranties related to installation of the trailers or which would contribute to unsafe and/or hazardous living conditions related to same as alleged in Paragraph 39 of Plaintiff's Petitions.

13. C. Martin Company did not inspect Plaintiffs' units to ensure that they were safe and habitable, prior to occupancy by the Plaintiffs as alleged in paragraph 40 of Plaintiff's Petitions.

14. The only tasks C. Martin Company contracted to perform were basic preventive maintenance inspections of the temporary housing units, which inspections did not include inspecting installations or environmental factors, and daily, preventive and emergency maintenance and repair to the trailers.

Further, affiant sayeth naught.

HAROLD J. HUGE

Sworn and subscribed to before me on this ___20th___ day of June, 2012.



NOTARY PUBLIC