UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCT LIABILITY | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| This Document Relates to | * | |
| All Cases | * | MAGISTRATE CHASEZ |

**************************************************************************
**MEMORANDUM IN OPPOSITION TO CRUM & FORSTER SPECIALITY INSURANCE COMPANY'S MOTION TO ENFORCE MEMORANDUM OF UNDERSTANDING AND OBJECTION TO ORDER OF MAY 18, 2012**

MAY IT PLEASE THE COURT:

The Burlington Insurance Company ("Burlington"), for the following reasons, opposes Crum & Forster Specialty Insurance Company's ("Crum") Motion to Enforce Memorandum of Understanding and Objection to Order of May 18, 2012.

On May 18, 2012, this Court ordered all manufacturers to pay their proportionate share of the expenses incurred to produce the "India database". Crum's Objection to this Court's Order of May 18, 2012 rests solely on its assertion that, under the terms of the Memorandum of Understanding and the Stipulation of Settlement, it is only required to pay its portion of the settlement fund and the mediation invoice, and no other amount.  Crum's argument has no merit for three reasons. One, the terms of both the Memorandum of Understanding and the Stipulation of Settlement cited by Crum contemplate only the costs incurred by the plaintiffs connected with the settlement itself. Two, this Court has the power to order all manufacturers to fund the costs for the India database. Three, the costs for the India database, in this case, fall squarely within Pilgrims' insurers, including Crum's, duty to defend Pilgrim.

1

Nothing in either the Memorandum of Understanding or the Stipulation of Settlement protects Crum (or Burlington or Sentry) from being ordered by this Court to pay its share of costs incurred for discovery. Specifically, the language cited by Crum in Memorandum of Understanding is contained in a paragraph dealing only with the costs that could arise in connection with the class notice process or the allocation of the settlement funds. There is no reference to discovery costs. The language cited by Crum in the Stipulation of Settlement also is contained in a paragraph referencing only the costs of the settlement process. To read either agreement to encompass the payment of any other costs is not a reasonable construction of the language of the contract.

Further, to construe either the Memorandum of Understanding or the Stipulation of Settlement as enabling Crum to avoid payment of the costs for the India database would, taken to its logical conclusion, negate this Court's ability to manage the MDL litigation and would require this Court to rule that <u>no</u> manufacturer is liable for paying any costs other than their share of the settlement and the cost of the mediation. The Memorandum of Understanding signed by Crum, Burlington and Sentry is the same Memorandum of Understanding signed by most, if not all, of the settling manufacturers. Further, the Stipulation of Settlement was agreed to by nearly all of the settling manufacturers. If the Court were to construe these agreements as proposed by Crum, all manufacturers and their insurers who have paid the Watts firm for India database would be entitled to reimbursement. No other manufacturer or insurer has challenged this Courts May 18, 2012 order, and, in fact, all have paid the Watts firm. It would not be equitable to allow Crum to avoid the obligation that every other manufacturer has accepted in accordance with this Court's order, which was well within this Court's authority.

Finally, Crum is required to pay its share of the costs at issue for one very simple reason: It has the duty to defend its insured, Pilgrim. This Court's May 18, 2012 order required Pilgrim to pay $3,183.60 of the $63,766.85 owed by all of the manufacturers. Pilgrim is not a signatory to either the Memorandum of Understanding or the Stipulation of Settlement, and thus could not be released from its obligation under the terms of either agreement. Although Burlington does not admit that in every single MDL costs such as this would be encompassed within a duty to defend, in this one case, under the particular facts of this case, the preparation of the India database falls squarely within Pilgrim's insurers' duty to defend. The India database represents an amalgam of what the manufacturers and the Court agreed were the facts for each plaintiff required by the defendant manufacturers to defend themselves against the plaintiffs' claims. It was, in effect, streamlined discovery, which any insurer with the duty to defend its insured would be required to fund. Thus, any costs assessed against Pilgrim in this litigation for the India database would be owed by its insurers, Crum, Sentry and Burlington, due to their duty to defend Pilgrim. Accordingly, Sentry and Burlington paid their share of these costs, in accordance with the pro rata share of costs previously agreed to by Sentry, Burlington and Crum when they settled the claims against their mutual insured, Pilgrim. There is no reason why Crum should not now be required to pay its pro rata share of the costs incurred to defend Pilgrim: $1,598.17.

WHEREFORE, Burlington respectfully moves this Honorable Court to deny Crum & Forster Specialty Insurance Company's Motion to Enforce Memorandum of Understanding and Objection to Order of May 18, 2012 and order Crum & Forster Specialty Insurance Company to pay $1,598.17 to the Watts Hilliard firm to satisfy Pilgrim's obligation under this Court's May 18, 2012 order.

Respectfully submitted,

/s/ Mary K. Cryar
Sidney W. Degan, III (No. 4804)
Mary K. Cryar (No. 24062)
DEGAN, BLANCHARD & NASH
400 Poydras Street, Suite 2600
New Orleans, Louisiana 70130
Telephone: 504-529-3333
Facsimile:   504-529-3337

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2012, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel by operation of the court's electronic filing system.  I also certify that I have mailed by United States Postal Service, this filing to the following non-CM/ECF participants:  **No manual participants.**

/s/ Mary K. Cryar
Mary K. Cryar (La. Bar No. 24062)

L:\375\7920\Doc\39 Opposition to Crum's Motion.doc

4