UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER  MDL NO. 07-1873
      FORMALDEHYDE PRODUCTS
      LIABILITY LITIGATION

SECTION "N" (5)

THIS DOCUMENT RELATES TO
ALL CASES

## ORDER AND REASONS

Before the Court is Crum & Forster Specialty Insurance Company's Motion to Enforce Memorandum of Understanding and Objection to Order of May 18, 2012 (Rec. Doc. 25692). Opposition memoranda have been filed by Burlington Insurance Company ("Burlington") (Rec. Doc. 25727) and the plaintiffs (Rec. Doc. 25728). Crum & Forster Specialty Insurance Company ("Crum & Forster") has filed a reply memorandum. (Rec. Doc. 25741).

On April 8, 2011, this Court made alterations to the streamlined discovery process in response to complaints by defendants regarding the usability of information theretofore provided by the plaintiffs. Toward this end, and to facilitate productive settlement discussions, the Court ordered attorney Mikal Watts to gather all plaintiff fact sheets in electronic format and send them to a third-party vendor in India to have the key data-fields entered into a database. *See* Pretrial Order No. 86 at p. 7, §§ 2.03-2.05 (Rec. Doc. 20770, as amended in PTO 88, Rec. Doc. 22153). The issue of which parties would bear the cost of this effort was expressly reserved for a future order of this Court. *Id.* at § 2.04. The data-base was completed in January 2012 and was utilized in multiple mediation efforts conducted pursuant to this Court's Order. *See* Rec. Doc. 23958. On May 18, 2012, the Court ordered that Mikal Watts' firm be reimbursed for its outlays in connection with the database, and specified how the cost of the vendor's invoice was to be shared among the parties.

1

*See* Rec. Doc. 25626.

Now, Crum & Forster brings the instant motion in an effort to avoid paying the $1,598.17 which represents its share of the $134,246 bill. It argues that it is exempt from complying with the Court's Order by virtue of (1) language contained in the March 29, 2012 Memorandum of Understanding entered into among the PSC and the insurers for the bankrupt manufacturer, Pilgrim International, Inc., including Crum & Forster, Burlington, and another insurer (Sentry Insurance a Mutual Company) (Rec. Doc. 25692-2), and (2) language contained in the Stipulation of Settlement entered into between the PSC and dozens of manufacturer defendants, including the insurers for Pilgrim (Rec. Doc. 25226-1). Having examined the specified language, the Court finds nothing therein that would limit this Court's ability to require Crum & Forster to pay its share of the expenses incurred by Mikal Watts pursuant to this Court's Order of April 8, 2011. Accordingly,

**IT IS ORDERED** that **"Crum & Forster Specialty Insurance Company's Motion to Enforce Memorandum of Understanding and Objection to Order of May 18, 2012" (Rec. Doc. 25692)** is hereby **DENIED** for substantially the reasons set forth in Rec. Docs. 25727 and 25728.

**IT IS FURTHER ORDERED** that Crum & Forster shall pay $1,598.17 to the Watts firm within seven (7) days or be subject to interest as well as sanctions, including but not limited to payment of any and all costs and attorneys' fees incurred by the plaintiffs and by Burlington Insurance Company in opposing the instant motion.

New Orleans, Louisiana, this  12th  day of July, 2012.

_____
**KURT D. ENGELHARDT**
**United States District Court**