UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:  FEMA TRAILER<br>         FORMALDEHYDE PRODUCTS<br>         LIABILITY LITIGATION | MDL NO. 07-1873 |
| | SECTION ðNö (5) |
| THIS DOCUMENT RELATES TO<br>*Johnson, et al v. Stewart Park Homes, Inc., et al*<br>*2:12-cv-00197* | JUDGE ENGELHARDT<br><br>MAG. JUDGE CHASEZ |

## MOTION FOR RELIEF FROM JUDGMENT OR ORDER

## and/or FOR NEW TRIAL and/or RECONSIDERATION

**COME NOW**, plaintiffs, W. C. Johnson and all the plaintiffs listed on Exhibit A submitted with the Original Complaint file this Motion for Relief from Judgment or Order for Mistake, Inadvertence, Surprise or Excusable Neglect pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and/or New Trial and/or Reconsideration pursuant to Rule 59 of the Federal Rules of Civil Procedure because of the following:

1.

Plaintiffs respectfully request relief from the Order (Document No. 25730) rendered by this Honorable Court on or about July 3, 2012.  In said Order, this Honorable Court dismissed the above referenced Complaint without prejudice because plaintiffs allegedly failed to serve the defendant, Stewart Park Homes, Inc., with the Original Complaint.

2.

However, plaintiffs did effectuate service on the defendant on April 18, 2012, at 11:56 am.  The acknowledgment was signed by Pendergast on April 18, 2012 at 1207 Sunset Drive,

Thomasville, Ga. 31792. Unfortunately, plaintiffs inadvertently failed to file a Proof of Service with the Clerk of Court for the United States District Court for the Eastern District of Louisiana.

3.

Plaintiffs, for reasons cited at length in the accompanying memorandum, believed that Stewart Park Homes, Inc. had settled their cases and that proof of service was not required.

4.

As described in the accompanying memorandum, counsel for plaintiffs, after requesting the clerk to issue summons had to write a letter to seventeen manufacturing defendants, assuring them that they would not be served with a summons or a complaint because they had settled their cases.

5.

Other information led this office to believe that all manufacturing defendants had settled, including Stewart Park Homes, Inc. when in fact, Stewart Park Homes, Inc. had not done so. As a result, this office inadvertently did not file a Proof of Service even though service, in fact, had been made.

6.

As a result, plaintiffs pray that the above referenced matter be reinstated and that the July 3, 2012 Order as it pertains to this case, ***Johnson, et al., v. Stewart Park Homes, Inc., et al Civil Action No. 2:12-cv-00197***, be rescinded.

Respectfully Submitted,

/s/Denis E. Vega

**DENIS E. VEGA**

Mississippi State Bar No. 100000
Louisiana Bar No. 26740

**DOUGLAS M. SCHMIDT**
Louisiana Bar No. 11789

**PETER R. BORSTELL**
Louisiana Bar No. 3264

DOUGLAS M. SCHMIDT, APLC
335 City Park Avenue
New Orleans, LA 70119
Tel. (504) 482-5711
Fax. (504) 482-5755
**ATTORNEYS FOR PLAINTIFFS**