UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION:  N |
| | * | |
| **This document relates to:** | * | **JUDGE ENGELHARDT** |
| *Johnson, et al v. Stewart Park Homes, Inc., et al* | * | **MAG. JUDGE CHASEZ** |
| 2:12-cv-00197 | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM IN SUPPORT OF MOTION

## FOR RELIEF FROM JUDGMENT OR ORDER

## and/or FOR NEW TRIAL and/or RECONSIDERATION

The plaintiffs, W. C. Johnson and all the plaintiffs listed on Exhibit A submitted with the Original Complaint file, this Memorandum In Support of Motion for Relief from Judgment or Order for Mistake, Inadvertence, Surprise, or Excusable Neglect pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and/or New Trial and/or Reconsideration pursuant to Rule 59 of the Federal Rules of Civil Procedure because of the following:

Plaintiffs respectfully request relief from the Order rendered by this Honorable Court on or about July 3, 2012.  In said Order, (Document No.25730) this Honorable Court dismissed the above referenced Complaint without prejudice because plaintiffs allegedly failed to serve the defendant, Stewart Park Homes, Inc., with the Original Complaint.

However, plaintiffs did effectuate service on the defendant on April 18, 2012, at 11:56 am.  The acknowledgment was signed by Pendergast on April 18, 2012 at 1207 Sunset,

Thomasville, Ga. 31792.  Unfortunately, plaintiffs inadvertently failed to file a Proof of Service with the Clerk of Court.

On or about December 22, 2011, the Original Complaint was filed in the United States District Court for the Southern District of Mississippi, Southern Division.  It was subsequently transferred to the United States District Court for the Eastern District of Louisiana because of MDL No. 07-1873 entitled, "FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION."

In early April, 2012, this office requested summons to serve the defendants in the twenty-six cases that were filed in Mississippi, and were later transferred to the Eastern District of Louisiana. After the summons were requested but not issued, this office received a call from James R. Sutterfield of Sutterfield and Webb, Jr., the attorney for one of the manufacturers, Sun Valley, Inc.  He stated that his client and other defendants were upset that the Request for Summons were made because their clients had settled their FEMA cases.

To allay their fears, Peter R. Borstell wrote a letter informing the manufacturing defendants in seventeen (17) cases that this office would not serve them with a summons and/or a complaint.  See attached letter dated April 12, 2012.  This included the following manufacturing defendants in the identified cases:

    1) Frontier RV, Inc., in case 12-054

    2) TL Industries, Inc. in case 12-055

    3) Recreation by Design, LLC, in case 12-109

    4) DS Corp d/b/a Crossroads RV, Inc., in case 12-110

    5) Dutchman Manufacturing, Inc., in case 12-111

    6) Heartland Recreational Vehicles, LLC, in case 12-113

    7) Keystone RV Co. in case 12-114

    8) Crum and Foster Specialty Ins. Co. in case 12-115

    9) Sun Valley, Inc., in case 12-116

10) Thor Industries in case 12-117

11) KZRV, LP in case 12-149

12) Layton Homes Corp. in case 12-151

13) Morgan Building and Spas, Inc., in case 12-184

14) Sunny Brook RV, Inc., in case 12-185

15) Coachman Industries and Coachman Recreational Vehicle Co. in case 12-196

16) Timberland RV Co. d/b/a Adventure Manufacturing in case 12-198

17) Liberty Insurance Corp. in case 12-199.

In the cases cited above, the PSC informed us to serve the contracting defendants, which was done.

Plaintiffs also sent two Summons and Complaints to the alleged agents for service of process for Stewart Park Homes, Inc., at the same time on April 16, 2012. The first packet, sent to Stewart Park Homes, Inc., through its registered agent for service of process, CT Corporation System, 1201 Peachtree Street, Atlanta, Ga. was returned by CT Corporation on May 2, 2012, with a letter attached stating that it was not the registered agent.

The second packet was sent on April 16, 2012, to the Managing Partner located at 1207 Sunset Drive, Thomasville, Ga. 31792. This was signed for by Pendergast on April 18, 2012, at 11:56 am (see attached shipping documents and Proof of Service).

Thus, the defendant, Stewart Park Homes, Inc., was served in a timely manner, as required by Rule 4 of the Federal Rules of Civil Procedure.

Subsequently, plaintiffs' counsel received an E-mail on April 18, 2012, from the lead counsel for the PSC that "the case continues against Gulf Stream, Forest River and Monaco." Since Stewart Park was not listed, this office thought they had settled as along with the other defendants.

On or about April 19, 2012, the summons in a number of cases directed to the installer defendant, Bechtel National, Inc., were returned to this office. This office contacted the Plaintiff's Steering Committee and was told not to worry about the summons because Bechtel National, Inc. had settled.

Subsequently, plaintiffs were told that all of the defendants including Gulf Stream had settled. Plaintiffs incorrectly believed that Stewart Park Homes, Inc. had settled along with all the other defendants and, therefore, it was not necessary to file a Proof of Service regarding Stewart Park Homes, Inc.

It has been held that the failure of a plaintiff hotel guest to timely file a proof of service of personal injury complaint on the defendant did not affect the validity of service of process, Hope v. Otis Elevator Co. 389 F. Supp. 2d (E.D.Cal. 2005). Failure to make proof of service does not affect the validity of the service, Lennon v. Seaman 63 F. Supp. 2d 428 (S.D.N.Y. 1999).

Rule 60(b)(1) allows this Honorable Court to relieve a party from a final judgment or order for mistake, inadvertences, surprise, or excusable neglect. Plaintiffs believed that the cases against all the defendants had been settled, including Stewart Park Homes, Inc., and inadvertently failed to file a Proof of Service that service on Stewart Park Homes, Inc. had actually been effectuated.

      The defendant, Stewart Park Homes, Inc., is not prejudiced in any way if this Honorable Court relieves the plaintiffs from its Order of July 3, 2012, in the above referenced matter.  The defendants that had settled prior to the issuance of the summons raised strong objections when they thought they were going to be served in the cases outlined above.  To allay their fears, Mr. Peter Borstell wrote the letter dated April 12, 2012, assuring them that they would not be served.  When it was declared that all the defendants had settled, this office inadvertently believed that Stewart Park Homes, Inc. had settled and Proof of Service was not necessary.

      As a result, plaintiffs respectfully request for the reasons cited above, that they be granted relief from the judgment of July 3, 2012, or that they be given a new trial or hearing so that their case can be reinstated and go forward.

      Respectfully Submitted,


      <u>/s/Denis E. Vega</u>

      **DENIS E. VEGA**
      Mississippi State Bar No. 100000
      Louisiana Bar No. 26740

      **DOUGLAS M. SCHMIDT**
      Louisiana Bar No. 11789

      **PETER R. BORSTELL**
      Louisiana Bar No. 3264

      DOUGLAS M. SCHMIDT, APLC
      335 City Park Avenue
      New Orleans, LA 70119
      Tel. (504) 482-5711
      Fax. (504) 482-5755
      **ATTORNEYS FOR PLAINTIFFS**