## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: FEMA TRAILER FORMALDEHYDE | ) | |
| PRODUCTS LIABILITY LITIGATION | ) | MDL NO.: 1873 |
| | ) | |
| This Document Relates to: | ) | SECTION: N (4) |
| *Beverly et al v. Recreation by Design, LLC, et al* | ) | |
| Docket No. 09-8650 | ) | JUDGE: ENGELHARDT |
| Plaintiffs: Vincent Beverly | ) | |
| Wanda Martin | ) | MAG.:  ROBY |
| | ) | |

**MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NOS. 2, 32 AND 88 RELATING TO PLAINTIFF FACT SHEETS**

**MAY IT PLEASE THE COURT:**

Defendant, C. Martin Company, Inc. ("C. Martin"), moves this Honorable Court for an Order dismissing the claims of the following Plaintiffs, Vincent Beverly and Wanda Martin with prejudice, for failure to comply with the terms of the Court's Pre-Trial Orders Nos. 2, 32 and 88 relating to the production of Plaintiff Fact Sheets. Plaintiffs are:

- Vincent Beverly (plaintiff in *Beverly et al v. Recreation by Design, LLC, et al, 09-CV-8650)*

- Wanda Martin (plaintiff in *Beverly et al v. Recreation by Design, LLC, et al, 09-CV-8650)*

## I.   CREATION OF MDL AND FACT SHEET PROCESS

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008, the Court issued Pre-Trial order No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet" ("PFS"), which would serve as the substitute for the initial rounds of Interrogatories and Requests for Production of Documents in a standardized and simple form. Rec. Doc. No. 87. The Order also established a process for "curing" any deficiencies in these Fact Sheets when a particular plaintiff failed to provide one or more response in his or her Fact Sheet. Outlining the curing process, the Order stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel or the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id.* at 8-9. The letter would specifically list each alleged material deficiency, and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id.*

Subsequently, on March 18, 2009, the Court amended Pre-Trial Order No. 2 with Pre-Trial Order No. 32 as to the issues of these Fact Sheets. Rec. Doc. No. 1180. Due to the large number of cases being filed in the summer of 2009, Pre-Trial Order No. 32 provided new deadlines for the production of the sheets. Order 32 also retained the same curing procedure as was set forth in Order No. 2.

Then, on June 24, 2011 (as amended on July 1, 2011), the Court amended Pre-Trial

Orders Nos. 2 and 32 with Pre-Trial Order No. 88 as to the issues of these Fact Sheets. Rec. Doc.

Nos. 22124 and 22153. At that time, the process was amended to ensure that the PFS's provided

private defendants with the necessary information to evaluate claims for global settlement. Order

No. 88 also retained the same curing procedure as was set forth in Order Nos. 2 and 32, the time

period for curing deficiencies was amended to allow a 60-day limit to cure the specific

deficiencies listed in Pre-Trial Order No. 88, with the notation that "while only the 23 key

questions are to be cured at this time within the 60-day limit, plaintiffs are encouraged to cure all

deficiencies." Rec. Doc. No. 22153 at 2.

## II. LAW AND ARGUMENT

Here, C. Martin respectfully submits that the Plaintiffs, Vincent Beverly and Wanda

Martin identified above failed to comply with these Orders and, therefore, this Court should

dismiss their claims. Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for

dismissal for failure to comply with a court order. The authority is based on the Court's power to

manage and administer its own affairs, and to ensure the orderly and expeditious disposition of

cases. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992); *Colle v. Brazos

County, Tex.*, 981 F.2d 237, 242-43 (5th Cir. 1993). Specifically, Rule 41(b) states: "For failure

to prosecute or to comply with these rules or any order of court, a defendant may move for

dismissal of an action or of any claim against him." The established rule in the Fifth Circuit is

that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or

contumacious conduct and lesser sanctions would not serve the best interests of justice. *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping, Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F.2d 1214 (5th Cir. 1970).

Plaintiffs filed the following matters:

- Vincent Beverly (plaintiff in *Beverly et al v. Recreation by Design, LLC, et al, 09-CV-8650)*

- Wanda Martin (plaintiff in *Beverly et al v. Recreation by Design, LLC, et al, 09-CV-8650)*

Since that time, this Honorable Court has determined that the Plaintiff Fact Sheets for said Plaintiffs are deficient. *See*, Rec. Doc. No. 22916. Further, Plaintiffs have not provided Defendants with updated PFS's since that time, and as such have not remedied the deficiencies previously found by this Honorable Court. As such, it is respectfully submitted that the claims of Plaintiffs against Defendant, C. Martin Company, should be dismissed with prejudice pursuant to the law of the case herein.

WHEREFORE, PREMISES CONSIDERED, Defendant C. Martin Company, prays that, in accordance with Pre-Trial orders Nos. 2, 32 and 88, Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), and the law of the case per Record Document Number 22916, the Motion to Dismiss filed by C. Martin Company be granted, and that these Plaintiffs, Vincent Beverly and Wanda Martin be dismissed with prejudice.

Respectfully submitted,


**PROVOSTY & GANKENDORFF, L.L.C.**

By:      /s/ Edgar D. Gankendorff
         Edgar D. Gankendorff
         Louisiana Bar No.: 20550
         Henry S. Provosty
         Louisiana Bar No. 2056
         Lena D. Giangrosso
         Louisiana Bar No. 31464
         650 Poydras Street, Suite 2700
         New Orleans, Louisiana 70130
         (504) 410-2795 • (504) 410-2796 Fax

         *Attorneys for C. Martin Company, Inc.*


**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing motion was filed electronically using the CM/ECF system. Notice of this filing will be forwarded to all known counsel by operation of the court's electronic filing system. I also certify that I have emailed a copy of this filing to any non-CM/ECF participants on this the 19th day of July, 2012.


         /s/ Edgar D. Gankendorff
         Edgar D. Gankendorff