UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION** | **MDL NO. 1873**<br>**SECTION "N" (5)**<br>**JUDGE: ENGELHARDT** |
| **This Document Relates to:** | **MAGISTRATE: CHASEZ** |
| **All Cases** | |

*************************************************************************

**NON-CONFIDENTIAL MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL MOTION FOR AUTHORITY TO DEPOSIT SETTLEMENT FUNDS INTO THE REGISTRY OF THE COURT**

Fluor Enterprises, Inc. (FEI) has moved the Court for leave to file under seal its Motion for Authority to Deposit Settlement Funds into the Registry of the Court and submits this Non-Confidential Memorandum in compliance with Local Rule 5.6.

**BACKGROUND**

On May 29, 2012, the plaintiffs via the Plaintiffs Steering Committee, and FEI, along with other contractor defendants, filed a joint unopposed motion for preliminary approval of proposed class settlement [Rec. Doc. No. 25647]. Filed with that motion was a "Stipulation of Settlement" among the PSC, FEI and other contractor defendants, which memorialized the terms of a confidential settlement agreement reached among the parties with respect to this MDL litigation. [Rec. Doc. No. 25647-1] In order to comply with the terms of the aforementioned Stipulation of Settlement, which requires that the allocation of the total settlement amount from the Contractor Defendants group and their individual contributions thereto are undifferentiated and confidential to the

members of the Contractor Defendants group and their insurers, FEI requests that its Motion for Authority to Deposit Settlement Funds into the Registry of the Court be sealed.

### LAW AND ARGUMENT

"The public has a common law right to access judicial records and proceedings, although the right is not absolute." *Bahwell v. Stanley-Bostitch, Inc.,* No. 00-0541, 2002 WL 1298777, at * 1 (E.D. La. June 10, 2002). A district court has discretion to seal judicial records, but "must balance the public's common law right of access against the interests favoring nondisclosure." *S.E.C v. Van Waeyenberghe*, 990 F.2d 845,848 (5th Cir. 1993) (citing *Nixon v. Warner Comm 'ns, Inc.,* 435 U.S. 589, 599 (1978)). However, courts have held that if a case involves private litigants, concerns matters of little legitimate public interest, and the parties have bargained for confidentiality when negotiating the settlement, that should be a factor weighing in favor of granting or maintaining an order of confidentiality. *State Farm Fire & Cas. Co. v. Jim Hood,* 07-188, 2010 WL 3522445 at *2-3 (S.D. Miss. Sept. 2, 2010) (citing *Pansy v. Borough of Stroudsburg,* 23F.3d 772, 788 (3 rd Cir. 1994)).

FEI requests that its Motion for Authority to Deposit Settlement Funds into the Registry of the Court be filed under seal to comply with the confidentiality provisions of the Stipulation of Settlement. The gross amount of the contractor group settlement is public and no legitimate public interest is served by publication of the individual contributions to the fund. Therefore, preserving the confidentiality of the settlement terms significantly outweighs whatever slight interest the public may have in learning the terms of the settlement.

**Page 2-FEI Non-Confidential Memorandum in Support**
 **Unopposed Motion to File Under Seal—MDL 1873**

**DURATION OF SEALING AND PROCEDURES FOR HANDLING**

FEI requests that the documents be maintained under seal until the final adjudication of this action, including the resolution of any appeals, at which time such documents be returned to FEI or destroyed. Pursuant to Local Rule 5.6(E), each document filed under seal should be maintained in the clerk's office sealed in a manila envelope clearly labeled "UNDER SEAL" and bearing the case number, caption, a reference to the order granting leave to file under seal, and a description of the documents. Access to the sealed documents will be limited to Court personnel, special masters appointed by the Court, and counsel for FEI and Plaintiffs' Liaison Counsel, unless otherwise ordered by the Court after a contradictory motion by any other person seeking access to the sealed documents.

**CONCLUSION**

For the foregoing reasons, FEI respectfully requests that it be granted leave to file under seal their Motion for Authority to Deposit Settlement Funds into the Registry of the Court.

Respectfully Submitted,

/s/ *Charles R. Penot, Jr.*
Charles R. Penot, Jr., LA #01530,
TX #24062455
**Middleberg Riddle & Gianna**
717 North Harwood, Suite 2400
Dallas, Texas 75201
Telephone: (214) 220-6334;
Facsimile: (214) 220-6807

Richard A. Sherburne, Jr., #2106
**Middleberg Riddle & Gianna**
450 Laurel Street, Suite 1101
Baton Rouge, La.  70801
Telephone: (225) 381-7700;
Facsimile: (225) 381-7730

**Attorneys for Fluor Enterprises, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that, contemporaneously with or before filing, a copy of the foregoing pleading has been served on all liaison counsel in a manner authorized by FRCP 5(b)(2) or via the court's CM/ECF system.

/s/ *Charles R. Penot, Jr.*