UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE: ENGELHARDT |
| THIS DOCUMENT IS RELATED TO: | * | |
| | * | |
| *Lillian Triplett, et al v. Forest River, Inc.,* | * | MAG: CHASEZ |
| *et al* | * | |
| **Docket No. 09-6914** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## STATEMENT OF UNCONTESTED FACTS IN SUPPORT OF FOREST RIVER, INC.'S MOTION FOR SUMMARY JUDGMENT REGARDING CAUSATION

Pursuant to Local Rule 56.1, Defendant, Forest River, Inc. ("Forest River") respectfully submits the following Statement of Uncontested Facts in Support of its Motion for Summary Judgment Regarding Causation.  The following facts are not in dispute:

1. According to his Plaintiff Fact Sheet, Wilbert W. Linscheid resided in a FEMA-provided temporary housing unit manufactured by Forest River, from December 2005 to April 2007.  *See* Plaintiff Fact Sheet, attached to Motion for Summary Judgment Regarding Causation, Ex. "A", at p. 4.

2. Linscheid alleges that he was exposed to dangerous levels of formaldehyde in the housing unit due to certain materials used in their construction.   Rec. Doc. 1-3, at ¶IV.22.

3. Linscheid further alleges that living in the FEMA trailer caused him to be diagnosed with head, neck and esophageal cancer.  Ex. A, at p. 4.

4. Specifically, Linscheid claims that in April 2012 he was diagnosed with squamos cell carcinoma of the upper respiratory tract, which he allegedly

contracted from his stay in the FEMA trailer. Plaintiff's Correspondence Regarding Opt Out, dated August 3, 2012, Ex. B.

5.  In 1980, Linscheid was operated on for a Zenker's diverticulum of the esophagus.  Affidavit of Philip Cole, MD, DrPH, dated August 15, 2012, Ex. C., p. 3.

6.  Since then, and intermittently, Linscheid has had episodes of difficulty swallowing. *Id.*

7.  Six epidemiologic studies that evaluated a possible association between formaldehyde and cancer of the esophagus found none. *Id.* at p.4.

8.  In four studies conducted to explore the esophageal mortality experience of those who had moderate to heavy occupational exposure to formaldehyde, each concluded that the cancer mortality experience of the formaldehyde-exposed subjects was actually lower than the general population.  *Id.*

9.  The Coggan, et al long-term follow-up study of chemical workers who had heavy industrial exposure to formaldehyde reported that the risk of death from esophageal cancer was increased by only 28%. *Id.* at p.5.

10. The Pinkerton, et al study reported the long term follow-up of garment workers with moderate occupational exposure to formaldehyde showed these workers had a 32% deficit of deaths from cancer of the esophagus.

Respectfully Submitted,

**GIEGER, LABORDE & LAPEROUSE, LLC**


BY: /s/ Ernest P. Gieger, Jr.
ERNEST P. GIEGER, JR., T.A. (#6154)
ANDREW A. BRAUN (#3415)
J. MICHAEL DIGIGLIA (#24378)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana  70139-4800
Telephone:  (504) 561-0400
Facsimile:  (504) 561-1011
egieger@glllaw.com
abraun@glllaw.com
mdigiglia@glllaw.com

**ATTORNEYS FOR FOREST RIVER, INC.**


**<u>CERTIFICATE OF SERVICE</u>**

I do hereby certify that a true and correct copy of the forgoing document has been served upon all counsel of record in accordance with the Federal Rules of Civil Procedure on the 20th day of August, 2012 via electronic filing.


/s/ Ernest P. Gieger, Jr.