UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL NO. 07-1873<br><br>SECTION N-5<br><br>JUDGE ENGELHARDT<br>MAG. JUDGE CHASEZ |

THIS DOCUMENT IS RELATED TO:

**Louisiana Plaintiffs,** *see* Exhibit 1, Attachment 1.

### UNITED STATES OF AMERICA'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS LOUISIANA PLAINTIFFS' CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION, AND TO DISMISS CERTAIN LOUISIANA ACTIONS FOR FAILURE TO COMPLY WITH FED. R. CIV. P. 4(m) AND EFFECT SERVICE OF THE COMPLAINT IN A TIMELY MANNER

Defendant the United States of America submits this Memorandum in support of its Motion to Dismiss Louisiana Plaintiffs' claims against the United States for lack of subject matter jurisdiction, and certain Louisiana actions for failure to comply with Fed. R. Civ. P. 4(m) and effect service of the Complaint in a timely manner.

The Court should dismiss Louisiana Plaintiffs claims against the United States for reasons set forth in earlier Court Orders. In each of the actions listed in Exhibit 1, Attachment 1, Plaintiffs assert in their Complaint, that they occupied a temporary emergency housing unit in the State of Louisiana. *See* Exhibit 2, Declaration of Troy Lowe. The Court should dismiss these Plaintiffs actions for lack of subject matter jurisdiction for the reasons set forth in this Court's Orders addressing Louisiana Plaintiffs' claims against the United States. *See* Order and Reasons granting in part and denying in part Motion to Dismiss Plaintiffs' FTCA and Contract Claims for Lack of Subject Matter Jurisdiction (Doc. Rec. 717); Order and Reasons denying Motion to

Dismiss Plaintiffs' Remaining FTCA Claims for Lack of Subject Matter Jurisdiction filed by United States of America (Doc. Rec. 2671); Order and Reasons granting Motion to Dismiss for Lack of Jurisdiction the FTCA Negligence Claims of All "Louisiana Plaintiffs" Based Upon No Analogous Private Liability (Doc. Rec. 14124).; Order and Reasons re Motion to Dismiss for Lack of Jurisdiction the Remaining FTCA Claims of All "Louisiana Plaintiffs" or, in the Alternative Motion for Summary Judgment (Doc. Rec. 24961). *See also In re FEMA Trailer Formaldehyde Products Liability Litigation*, 668 F.3d 281 (5th Cir. 2012).[1]

    Furthermore, the Court should dismiss Louisiana actions listed on Exhibit 1, Attachment

---

[1] The United States incorporates by reference as further support, its arguments and exhibits submitted in support of its motions to dismiss Louisiana Plaintiffs' claims against the Government for lack of subject matter jurisdiction. *See* Motion to Dismiss for Lack of Jurisdiction or Alternatively, Motion for Summary Judgment by United States of America. Motion (Doc. Rec. 196); Reply to Response to Motion filed by United States of America re Motion to Dismiss for Lack of Jurisdiction or Alternatively Motion for Summary Judgment (Doc. Rec. 419); Motion to Dismiss Plaintiffs' Remaining FTCA Claims for Lack of Subject Matter Jurisdiction by United States of America (Doc. Rec. 1545); Ex Parte/Consent Motion to Amend/Correct Motion to Dismiss Plaintiffs' Remaining FTCA Claims for Lack of Subject Matter Jurisdiction (Doc. Rec. 1551); Reply Memorandum in Support filed by United States of America re their Motion to Dismiss Plaintiffs' Remaining FTCA Claims for Lack of Subject Matter Jurisdiction (Doc. Rec. 2064); Supplemental Memorandum filed by United States of America, in Support of Motion to Dismiss Plaintiffs' Remaining FTCA Claims for Lack of Subject Matter Jurisdiction (Doc. Rec. 2505); Motion to Dismiss for Lack of Jurisdiction Plaintiff Alana Alexander and Chris Cooper's Remaining FTCA Claims by United States of America (Doc. Rec. 2718); Motion to Dismiss for Lack of Jurisdiction Based Upon No Analogous Private Liability by United States of America (Doc. Rec. 2733); Motion to Dismiss for Lack of Jurisdiction the FTCA Negligence Claims of All "Louisiana Plaintiffs" Based Upon No Analogous Private Liability by United States of America (Doc. Rec. 6970); Reply to Response to Motion filed by United States of America re Motion to Dismiss for Lack of Jurisdiction the FTCA Negligence Claims of All "Louisiana Plaintiffs" Based Upon No Analogous Private Liability (Doc. Rec. 9824); Motion to Dismiss for Lack of Jurisdiction the Remaining FTCA Claims of All "Louisiana Plaintiffs" (Doc. Rec. 16598); Reply to Response to Motion filed by United States of America re Motion to Dismiss for Lack of Jurisdiction the Remaining FTCA Claims of All "Louisiana Plaintiffs", (in the Alternative) Motion for Summary Judgment (Doc. Rec. 19925).

2 because – though on notice of the requirement to perfect service – Plaintiffs in these actions have failed to show that they have complied with Fed. R. Civ. P. 4and  effected service upon the United States Attorney General and the United States Attorney for the district where the action was commenced. *See* Fed. R. Civ. P. 4(i)(1)(A). *See* Exhibit 1, Declaration of Troy Lowe.

      Rule 4 of the Federal Rules of Civil Procedure is quite clear on the proper method for serving an agency of the United States. Under Rule 4 to effectuate service on the United States the plaintiff must serve the United States as specified in Rule 4(i)(1).  *See* Fed. R. Civ. P. 4(i)(1)(A). This rule required service of the summons and the complaint upon the United States Attorney for the district where the action is brought and upon the Attorney General of the United States. *See* Fed. R. Civ. P. 4(i)(1)(A). The Court has provided ample notice to Counsel in this action of the requirement that they comply with the Rule 4 and complete service. *See* Order (Doc. Rec. 25687); Order (Doc. Rec. 25730). However, to date counsel in the actions identified in Exhibit 3 have failed to file with the Court documentation showing that they effected service upon the government. *See* Exhibit 1, Declaration Troy Lowe.

      Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Well more than 120 days have passed since plaintiffs filed their complaints – all of these actions were initiated on or before 2012; therefore the claims against the United States Department are subject to dismissal.  Given that the plaintiff's counsel was on notice as of

3

June 14, 2012, that the Court requires the Plaintiffs to perfect service, and Plaintiffs failure to effectuate service, there is no good cause for the plaintiffs' failure to properly serve the United States, and dismissal of the actions listed in Exhibit 1, Attachment 2, is required.

For all these reasons, the Court should grant the United States' motion and dismiss Louisiana Plaintiffs' actions.

Dated: August 31, 2012.

| | |
|---|---|
| STUART F. DELERY<br>Acting Assistant Attorney General | ADAM BAIN<br>Senior Trial Counsel |
| J. PATRICK GLYNN<br>Director, Torts Branch, Civil Division | //S// *Henry T. Miller*<br>HENRY T. MILLER (D.C. Bar No. 411885)<br>Senior Trial Counsel |
| DAVID S. FISHBACK<br>Assistant Director | United States Department of Justice<br>Civil Division – Torts Branch<br>P.O. Box 340, Ben Franklin Station<br>Washington, D.C. 20004<br>Telephone No: (202) 616-4223<br>E-mail: Henry.Miller@USDOJ.Gov |
| | Attorneys for the United States of America |

**CERTIFICATE OF SERVICE**

I hereby certify that on August 31, 2012, via the U.S. District Court's CM/ECF electronic filing system and a copy thereof was served upon Liaison Counsel.

*//S// Henry T. Miller*
HENRY T. MILLER (D.C. Bar No. 411885)