IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| Robert James, Jr. together with all individuals and entities whose names appear on the attached "Exhibit A" | * * * | Civil Action No. 09-3604 |
| | * | Section: |
| versus | * | Magistrate: SECT. N MAG. 5 |
| | * | |
| FRH, Inc., f/k/a Hy-Line Enterprises, Inc., Indiana Building Systems, LLC, d/b/a Holly Park, CH2M Hill Constructors, Inc. and MLU Services, Inc. | * * * * * | |
| This Document Relates To: *In re: FEMA Trailer Formaldehyde Products Liability Litigation - MDL No. 1873* | * * * | |

*************************************************************

## COMPLAINT FOR DAMAGES

This Complaint of certain persons of the full age of majority, on behalf of themselves and, in some instances, on behalf of individuals who lack the capacity to sue individually (hereinafter, "Named Plaintiffs"), who are all named in the annexed listing of all Named Plaintiffs (hereinafter, "Exhibit A"), through undersigned counsel, respectfully represents that:

### I. PARTIES

1. Each Named Plaintiff is, for purposes of 28 U.S.C. §1332, a citizen of a state other than the states in which Defendants are citizens.

2. Named Plaintiffs are those individuals and entities listed on the attached Exhibit A, which is incorporated herein as if set forth in extenso.

3. Defendant FRH, Inc., formerly known as Hy-Line Enterprises, Inc. (hereinafter, "Hy-Line") is, upon information and belief, an entity incorporated in the state of Indiana with

1

**EXHIBIT B**

of Louisiana with respect to the activities and claims which are the subject of this litigation.

13. Venue is proper in the Eastern District of Louisiana pursuant to 28 U.S.C. §1391, as the emergency housing units were provided to the Plaintiffs in this district, and Named Plaintiffs' injuries were sustained in this district.

## III. FACTS AND GENERAL ALLEGATIONS

14. The Named Plaintiffs resided in a travel trailer manufactured by Hy-Line and installed by CH2M from November 2006 to February 2007 and a mobile home manufactured by Holly Park and installed by MLU from February 2007 to January 2008 (hereinafter referred to as "housing units") in the State of Louisiana provided by FEMA after the landfalls of Hurricane Katrina and/or Rita in September of 2005.

15. Of the housing units at issue, "mobile homes" are generally wider than 8 feet and/or longer than 40 feet, for an average area greater than 320 square feet. They are designed to be used as permanent homes and are defined and regulated by the U.S. Department of Housing and Urban Development ("HUD"). *See* Center for Disease Control and Prevention, INTERIM FINDINGS ON FORMALDEHYDE LEVELS IN FEMA-SUPPLIED TRAVEL TRAILERS, PARK MODELS, AND MOBILE HOMES, Feb. 29, 2008, at 4, *available at* http://www.cdc.gov/Features/FEMAtrailersFindings/pdf/interim_findings.pdf.

16. Of the housing units at issue, "travel trailers" are wheel-mounted and generally no larger than 8 feet wide and 40 feet long, for an average area of less than 320 square feet. They are designed to provide temporary living quarters and are generally considered vehicles, regulated by state transportation authorities rather than housing authorities. *Id.*

4

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: FEMA Trailer Formaldehyde Products Liability Litigation | * * * * | MDL No. 1873 |
| | * | Section N(5) |
| | * * | Judge Engelhardt |
| This Document Relates To: Robert James, Jr., et al. v. FRH, Inc., f/k/a Hy-Line Enterprises, Inc., et al. Civil Action No. 09-3604 | * * * | Magistrate Chasez |
| | * | Jury Demand |

*********************************************************************

**PLAINTIFFS' FIRST SUPPLEMENTAL AND AMENDING COMPLAINT FOR DAMAGES**

NOW INTO COURT, come Robert James, Jr., together with all individuals whose names appear on "Exhibit A" (attached to Civ. Action No. 09-3604, Rec. Doc. 1), (hereinafter, "Named Plaintiffs"), who through undersigned counsel, supplement their original Complaint for Damages in the following respects and otherwise reiterate and reaver all of the allegations, claims and prayers for relief contained therein.

### I. PARTIES

1. Each Named Plaintiff is, for purposes of 28 U.S.C. §1332, a citizen of a state other than the states in which Defendants are citizens.

2. Named Plaintiffs are those individuals and entities listed on "Exhibit A" (attached to Civ. Action No. 09-3604, Rec. Doc. 1).

3. FRH, Inc., formerly known as Hy-Line Enterprises, Inc. (hereinafter, "Hy-Line") is, upon information and belief, an entity incorporated in the state of Indiana with its principle place of business in Indiana, which conducts business in the State of Louisiana, and which manufactured and supplied Federal Emergency Management Agency (hereinafter, "FEMA") trailers or housing units as defined below pursuant to contracts with FEMA for use in the State of Louisiana.

4. Defendant Indiana Building Systems, LLC, doing business as Holly Park Homes

1

(hereinafter, "Holly Park") is, upon information and belief, an entity incorporated in the state of Indiana with its principle place of business in Indiana, which conducts business in the State of Louisiana, and which manufactured and supplied FEMA trailers or housing units as defined below pursuant to contracts with FEMA for use in the State of Louisiana.

5. CH2M Hill Constructors, Inc. (hereinafter, "CH2M"), a Delaware corporation with its principal place of business in Colorado, licensed to do business in the State of Louisiana and in good standing, received a No-Bid contract from FEMA and was tasked with, amongst other things, performing significant functions in the transportation, delivery, installation, maintenance and repair, de-installation and refurbishment of the temporary housing units provided by FEMA to persons displaced by hurricanes Katrina and Rita.

6. MLU Services, Inc. (hereinafter, "MLU"), a Georgia corporation with its principal place of business in Georgia, licensed to do business in the State of Louisiana and in good standing, received a contract from FEMA and was tasked with, amongst other things, performing significant functions in the transportation, delivery, installation, maintenance and repair, de-installation and refurbishment of the temporary housing units provided by FEMA to persons displaced by hurricanes Katrina and Rita.

7. Defendant Fluor Enterprises, Inc. (hereinafter, "Fluor"), a California corporation with its principal place of business in Irving, Texas, licensed to do business in the State of Louisiana and in good standing, received a No-bid contract from FEMA, and was tasked with, amongst other things, performing significant functions in the transportation, delivery, installation, maintenance and repair, de-installation and refurbishment of the temporary housing units provided by FEMA to persons displaced by Hurricanes Katrina and Rita. Further, upon information and belief,

Fluor entered into a contract(s) with MLU to provide installation, maintenance and deactivation of the temporary housing units provided by FEMA.

8. Defendant Shaw Environmental, Inc. (hereinafter, "Shaw"), a Louisiana corporation, received a No-bid contract from FEMA and was tasked with, amongst other things, performing significant functions in the transportation, delivery, installation, maintenance and repair, de-installation and refurbishment of the temporary housing units provided by FEMA to persons displaced by Hurricanes Katrina and Rita. Further, upon information and belief, Shaw entered into a contract(s) with MLU to transport and inspect temporary housing units provided by FEMA.

## II. JURISDICTION AND VENUE

9. Each Plaintiff alleges to have suffered damages in an amount in excess of $75,000.00, exclusive of interest and costs.

10. Pursuant to 28 U.S.C. §1332, this Court has subject matter jurisdiction over the claims asserted herein against the defendants with citizenship other than that of Plaintiffs, because of diversity of citizenship and because the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

11. Hy-Line is subject to the *in personam* jurisdiction of this Court because it does sufficient business in the State of Louisiana and within this federal district to confer same, and at all relevant times hereto engaged in commerce both in this federal district and in the State of Louisiana with respect to the activities and claims which are the subject of this litigation.

12. Holly Park is subject to the *in personam* jurisdiction of this Court because it does sufficient business in the State of Louisiana and within this federal district to confer same, and at all relevant times hereto engaged in commerce both in this federal district and in the State of Louisiana with respect to the activities and claims which

3

## III. FACTS AND GENERAL ALLEGATIONS

18. The Named Plaintiffs resided in a travel trailer manufactured by Hy-Line and installed by CH2M from November 2006 to February 2007 and a mobile home manufactured by Holly Park and installed by MLU and/or Shaw and/or Fluor from February 2007 to January 2008 (hereinafter referred to as "housing units") in the State of Louisiana provided by FEMA after the landfalls of Hurricane Katrina and/or Rita in September of 2005.

19. Of the housing units at issue, "mobile homes" are generally wider than 8 feet and/or longer than 40 feet, for an average area greater than 320 square feet. They are designed to be used as permanent homes and are defined and regulated by the U.S. Department of Housing and Urban Development ("HUD"). *See* Center for Disease Control and Prevention, INTERIM FINDINGS ON FORMALDEHYDE LEVELS IN FEMA-SUPPLIED TRAVEL TRAILERS, PARK MODELS, AND MOBILE HOMES, Feb. 29, 2008, at 4, *available at* http://www.cdc.gov/Features/FEMAtrailersFindings/pdf/interim_findings.pdf.

20. Of the housing units at issue, "travel trailers" are wheel-mounted and generally no larger than 8 feet wide and 40 feet long, for an average area of less than 320 square feet. They are designed to provide temporary living quarters and are generally considered vehicles, regulated by state transportation authorities rather than housing authorities. *Id*.

21. The residence of Named Plaintiffs was rendered unhabitable following hurricanes Katrina and/or Rita, leaving each Plaintiff homeless and in need of housing assistance.

22. FEMA contracted with Hy-Line to purchase thousands of the housing units, primarily travel trailers, for provision to the Named Plaintiffs and other Gulf Coast residents as temporary housing.

23. FEMA contracted with Holly Park to purchase thousands of the housing units for

5