UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION </br></br> This applies to: </br></br> *Oliver v. Keystone RV Company, et al*, No. 11-3095 | MDL NO. 1873 </br></br> SECTION "N" (4) </br></br> JUDGE ENGELHARDT </br></br> MAGISTRATE CHASEZ |

**KEYSTONE RV COMPANY'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendant Keystone RV Company ("Keystone") submits this memorandum in support of its motion for summary judgment. As explained below, plaintiff Henry Oliver, Sr. ("Oliver") lacks evidence to prove his injuries were caused by exposure to formaldehyde contained in his Keystone-manufactured trailer.[1] Without this critical evidence, Oliver cannot meet his burden at trial and summary judgment is appropriate.

**Summary of Argument**

According to his plaintiff fact sheet, Mr. Oliver lived in a Keystone-manufactured travel trailer from October 2005 to December 2006. Despite this short occupancy period, Oliver alleges he contracted nasopharyngeal cancer from

---

[1] Keystone is a participant in the pending class settlement. Keystone understands that Mr. Oliver has opted out of that settlement and will pursue his claims individually against Keystone and the defendant contractor. *See* Exhibit "1" (Opt-out list provided by PSC).

{B0818936.1}              1

exposure to formaldehyde contained in his trailer. That cancer forms the basis for his claims along with other alleged minor complaints and injuries.

To satisfy his evidentiary burden at trial, Oliver must prove causation in two ways. First, he must show that formaldehyde is a *potential* cause of nasopharyngeal cancer and his other alleged injuries (*i.e.*, "general" causation). Second, and most significantly for purposes of Keystone's motion, he must show that <u>his</u> complaints, alleged injuries and cancer were all caused by formaldehyde from <u>his</u> Keystone trailer (*i.e.* "specific" causation").

It is clear that Mr. Oliver lacks evidence to show either aspect of causation for his alleged injuries. Oliver has not identified the opinion of any medical doctor, epidemiologist, or other qualified expert who can link his alleged injuries to formaldehyde exposure from his Keystone-manufactured trailer. His plaintiff fact sheet is completely devoid of evidence to prove the cause of his alleged cancer and injuries.

Faced now with Keystone's motion and the suggestion that he lacks evidence to prove causation, Federal Rule 56 requires that Oliver come forward with competent summary judgment evidence to show he can prove his claims. If he cannot do so, the Court must grant summary judgment and dismiss those claims in their entirety.

## LAW AND ARGUMENT

1.  **Under Federal Rule 56, faced with a "no evidence" summary judgment motion directed to causation, Oliver must come forward with competent evidence to establish this element of his claims. He cannot simply rest on the allegations in his pleadings or make conclusory statements about the alleged causes of his cancer and other injuries.**

Federal Rule 56 provides the standard for summary judgment motions. Generally, summary judgment is appropriate when there is no genuine issue of material fact in dispute and the moving party is entitled to judgment as a matter of law.[2] The summary judgment remedy is flexible. The court may grant a judgment dismissing all of a plaintiff's claims, or less than all of those claims, without disposing of the plaintiff's entire case.[3] Overall, the purpose of the summary judgment is to isolate and dispose of some (or all) of the factually unsupported claims or defenses.[4]

Rule 56(c) recognizes the so-called "no-evidence" summary judgment motion. In that instance, when the non-moving party will bear the burden of proof at trial, a defendant like Keystone can seek summary judgment by simply pointing out the absence of evidence to support one or more of the plaintiff's claims.[5] The burden then shifts to the plaintiff, who must submit or refer the Court to evidence that

---

[2] Fed. R. Civ. P. 56(c); *New York Life Ins. Co. v. Travelers Ins. Co.*, 92 F.3d 336, 338 (5th Cir. 1996).

[3] Fed R. Civ. P. 56(a).

[4] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24, 106 S.Ct. 2548 (1986).

[5] *See Fontenot v. Upjohn Company*, 780 F. 2d 1190, 1198 (5th Cir. 1986).

supports his claims. [6] The plaintiff may not simply offer "conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence."[7] Nor can the plaintiff avoid summary judgment on the hope that he might come up with evidence at the time of trial.[8] He must offer competent summary judgment evidence or face dismissal.

The party filing a "no evidence" summary judgment must simply note the absence of evidence to support one or more elements of the other party's claims. This is not a rigorous burden. It is not necessary for the moving party to offer affidavits or any similar proof.[9] Instead, the moving party can simply "point out" to the district court that there is an absence of evidence.[10] As explained below,

---

[6] *Celotex*, 477 U.S. 324.

[7] *Guerin v. Point Coupee Nursing Home,* 246 F. Supp 2d 488, 494 (M.D. La. 2003); *see also SEC v. Recile*, 10 F. 3d 1093, 1097 (5th Cir. 1993) (Insufficient to oppose summary judgment with "conclusionary denials, improbable inferences, and legalistic argumentation").

[8] *Golden Oil Co. v. Exxon Co.*, 543 F.2d 548 (5th Cir. 1976)(Fifth Circuit affirmed district court grant of summary judgment where plaintiff admitted that it had no evidence to oppose summary judgment and instead, intended to rely on cross-examination of defense witnesses at trial).

[9] *Paulson, Inc. v. Bromar, Inc.* 808 F. Supp. 736, 739 (D. Hawaii 1992)(The movant need not advance affidavits or similar materials to negate the existence of an issue on which the opposing party will bear the burden of proof at trial).

[10] *Provident Mutual Life Ins. Co. of Philadelphia v. City of Atlanta*, 938 F. Supp 829, 832 (N.D. Ga. 1995)( "On the other hand, when the non-movant bears the burden of proof at trial, the moving party is not required to support its motion with affidavits or other similar material negating the opponent's claim but may simply point out to the district court that there is an absence of evidence to support the non-moving party's case on the issue in question. Of course, the movant may offer evidence to affirmatively negate a material fact upon which the non-movant has the

Keystone has demonstrated this absence of evidence and the burden now shifts to Mr. Oliver. Keystone suggests that he cannot meet that burden or avoid summary judgment.

2.  **Faced with Keystone's summary judgment motion, Oliver must now come forward with medical evidence to prove his injuries were caused by exposure to formaldehyde in his Keystone trailer. If he cannot do so, the Court should dismiss Oliver's claims.**

Mr. Oliver alleges that he lived in his Keystone trailer in D'Iberville, Mississippi.[11] Under Mississippi law, Mr. Oliver has the burden of proving causation as an element of his claims against the defendants.[12] Causation is generally divided into two areas--general and specific. General causation is whether a substance is capable of causing a particular injury or condition in the

---

burden and which is essential to its claim. In either case, the non-movant may not rely upon allegations or denials in the pleadings.")(internal citations omitted); *see also Magnum Foods, Inc. v. Continental Cas. Co.*, 36 F. 3d 1491, 1497 (10th Cir. 1994).

[11] *See* Complaint, ¶11. See also Exhibit "2" (Plaintiff Fact Sheet for Henry Oliver"), p. 9.

[12] *See Patterson v. Liberty Associates, LP*, 910 So.2d 1014, 1019 (Miss. 2005)("The elements of a negligence action are well-settled in Mississippi. A plaintiff in a negligence suit must prove by a preponderance of the evidence: (1) duty, (2) breach of duty, (3) causation, and (4) injury."). Courts in Mississippi have recognized the causation requirement and the need for medical proof to establish it, in various contexts. *See Airtrain, Inc. v. Byrd*, 953 So.2d 292, 299 (Miss. Ct. App. 2007) (In workers' compensation case, court recognized that plaintiff had to offer competent medical evidence to prove causal link between injury and resulting disability which formed basis for damages); *Hubbard v. Wansley*, 954 So.2d 951, 957 (Miss. 2007)(In medical malpractice action which requires proof of causation, Mississipi Supreme Court recognized that expert testimony is required to establish causal link between actions and the resulting injury); *McDonald v. Memorial Hospital at Gulfport, et al.*, 8 So.3d 175, 180 (Miss. 2009).

general population.¹³ Specific causation is whether the substance at issue actually caused a particular individual's injury.¹⁴ In a toxic tort case like this one, a plaintiff must present admissible and competent expert evidence to establish general and specific causation.¹⁵

To show general causation, Mr. Oliver must establish that formaldehyde is a *potential* cause of nasopharyngeal cancer, along with all of his other alleged injuries. As the Fifth Circuit has explained, until the plaintiff makes the general causation showing, the Court cannot even turn to the question of the specific cause of the plaintiff's injuries.¹⁶ Assuming Mr. Oliver can show general causation, he must establish specific causation where a medical expert identifies an external factor as the cause of his internal disease or injuries.¹⁷ This means that Oliver must offer evidence to show that <u>his</u> actual cancer and injuries were caused by formaldehyde exposure in <u>his</u> Keystone travel trailer.

It is clear that Mr. Oliver lacks evidence to prove causation for his injuries. The following points illustrate this:

- Mr. Oliver has not identified or provided a single medical expert report, opinion or medical record that links formaldehyde exposure to

---

¹³*Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 351 (5th Cir. 2007).

¹⁴ *Id*.

¹⁵ *Id.*, at 351.

¹⁶ *Id*.

¹⁷ *Knight, supra*, 482 F.3d at 351-352.

the types of injuries he allegedly suffered, although his claims have been pending for several years. In particular, he has not identified or provided any expert opinions identifying the cause of his alleged nasopharyngeal cancer.

- Mr. Oliver's Plaintiff Fact Sheet ("PFS") confirms that he has no evidence to show causation. In Section VII (D), Mr. Oliver was asked: "Has any health care professional told you that your alleged illness, disease or injury is related to living in a FEMA trailer or mobile home?" Mr. Oliver checked "no" and did not identify any doctor or health care professional in the blank provided.[18] The PFS is considered discovery and Mr. Oliver's responses are binding under Federal Rules 33 and 34.[19]

- Oliver completed his PFS in 2008. He has amended it at least once in 2010. He has had additional opportunities to gather evidence to prove causation and to amend his PFS. Moreover, he was under an

---

[18] *See* Exhibit "2" (Plaintiff Fact Sheet for Henry Oliver"), p. 14.

[19] *See* PTO No. 2 (Rec. Doc. No. 87), p.7 ("**A. Answers Binding.** Each Plaintiff's responses to the PFS will be treated as answers to interrogatories under Fed. R. Civ. P. 33 and requests for production of documents under Fed. R. Civ. P. 34 and must be supplemented in accordance with Fed. R. Civ. P. 26.").

obligation to supplement the fact sheet with new information, if available.[20]   He has not done so.

## Conclusion

Given the information (and lack thereof) in Mr. Oliver's PFS, Keystone has satisfied its burden of pointing out the absence of evidence to prove causation for Mr. Oliver's injuries.  The burden has now shifted to Mr. Oliver.  He must now come forward with an expert report or sworn testimony to show formaldehyde *may* cause nasopharyngeal cancer and his other injuries and that formaldehyde in his Keystone trailer actually caused *his* cancer and injuries.  If Mr. Oliver cannot make this showing, then the Court should grant summary judgment and dismiss Mr. Oliver's claims.

Respectfully submitted,

*s/Ryan E. Johnson*
_____
James C. Percy (La. Bar No. 10413)
Ryan E. Johnson (La. Bar No. 26352)
Jones, Walker, Waechter, Poitevent,
  Carrère & Denègre, L.L.P.
8555 United Plaza Blvd., 5th floor
Building Four
Baton Rouge, LA  70809
Telephone: (225) 248-2000
Facsimile:  (225) 248-3080

*Attorneys for Defendant Keystone RV Company*

---

[20] *Id.*

{B0818936.1}                           8

## CERTIFICATE OF SERVICE

I hereby certify that on this day, a true and correct copy of the foregoing pleading was filed electronically using the CM/ECF system. Notice of this filing will be sent to all known counsel, via liaison counsel, by operation of the court's electronic filing system.

Baton Rouge, Louisiana, this 19th day of September, 2012.

*/s/Ryan E. Johnson*
_____
Ryan E. Johnson