UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL NO. 07-1873<br><br>SECTION "N-5"<br><br>JUDGE ENGELHARDT<br>MAG. JUDGE CHASEZ |

THIS DOCUMENT IS RELATED TO ALL CASES

# Special Master's Recommendation as to Class Benefit Formula

On May 31, 2012, the Court entered two Preliminary Approval Orders (Rec. Docs. 25666 and 25668) that, among other things, directed the undersigned to file a Class Benefit Formula for each of the two proposed class settlements. The undersigned has consulted the parties and has reviewed data that has been made available through the CADA.

The history of this litigation, in particular the history of its piecemeal settlements, is particularly relevant. The first settlement was for claims against the Fleetwood group of manufacturers. These claimants received a relatively small amount of money due to Fleetwood's insolvency. The second settlement was against the manufactured housing defendants (the "non-lit" settlement). Again, these claimants received a relatively small amount due (at least in part) to the defenses that were specific to the settling defendants. Several defendants have settled for differing per-claimant amounts since then. The disparity in per-claimant amounts is due to a variety of reasons, including defendant insolvency and differences in defenses on the merits. The undersigned participated in almost all of these settlement discussions (typically as the Court-appointed mediator),

and can attest to the fact that the per-claimant amounts (and therefore the differences among settling defendants) were the result of arms-length negotiations.

Given this, the undersigned believes that the fairest formula for allocating the settlement funds must require that any claimant only participate in funds contributed by defendants with whom he or she proves a connexity. For instance, a claimant who only resided in a trailer manufactured by Manufacturer A should be able to participate in those funds that Manufacturer A contributed, but should not be able to participate in funds that Manufacturers B or C contributed.

Some of the defendants jointly contributed money to the settlement, and therefore it will be impossible to segregate their funds from each other. In these cases, the undersigned suggests that a claimant be able to participated in the combined funds of those defendants, but not be able to participate in the funds of defendants with which he or she has no connexity. This is true not only for certain small groups of manufacturers, but also for the contractors (who contributed jointly, and therefore their funds cannot be segregated).

At the appropriate time (after the claims deadline expires), the undersigned will develop and submit a more definite methodology which incorporates factors for allocating the settlement funds. These factors may include (but are not limited to) duration of exposure, medical damages, whether the claimant was a smoker or not (which may impact upon the issue of causation), etc. It is anticipated that some claimants may be treated as special cases (for instance, if the claimant can prove the contraction of a serious illness known to be caused by formaldehyde).

Baton Rouge, Louisiana, this 24th day of September, 2012.

s/Daniel J. Balhoff

Daniel J. Balhoff (#18776)