UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL NO. 07-1873

SECTION "N-5"

JUDGE ENGELHARDT
MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO ALL CASES

## Special Master's Report on Objections: Manufacturers' and Contractors' Settlements

In the spring of this year, the parties to this matter entered into two class settlements: one involving the claims against most (but not all) of the manufacturers, and one involving the claims against the contractors. On May 31, 2012, the Court entered two Preliminary Approval Orders (Rec. Docs. 25666 and 25668), one for each settlement. Although not identical, the two orders are similar (even verbatim) in most respects, including the procedure for class members to object to the settlements. Section 12 of each order states that any objection must meet certain substantive and procedural criteria, and must be *received* by certain people and entities (the Clerk of Court, a representative of plaintiffs' counsel, and a representative of defendants' counsel) by August 31, 2012. This deadline was later extended due to Hurricane Isaac.

The Preliminary Approval Orders appointed the undersigned as Special Master to contact objectors, receive evidence, and (if possible) resolve objections before this Court's September 27, 2012 hearing. Specifically, the orders each stated:

> The Special Master shall respond in writing to any timely filed written objection and shall schedule a hearing on the record whereby

the objector and any counsel retained by the objector may present additional evidence in support of his or her objections. Any person filing the objection must appear in person at the hearing with and scheduled by the Special Master prior to the Fairness Hearing, at the date, time, and place set by the Special Master, and then, if the objection is not resolved, the objector must appear in person at the Fairness Hearing. Any objections which are not resolved in the hearing or hearings before the Special Master will be considered by the Court at the time of the Fairness Hearing.

* * *

Any Class Member who does not file a written objection in the time and manner described above, or who fails to follow the instructions set forth in any written communication from the Special Master (including failure to appear for the Special Master hearing), shall be (i) deemed to have waived and forfeited any objections to the proposed settlements, (ii) foreclosed from raising any objection to the proposed settlements at the Fairness Hearing, and (iii) bound by all of the terms of the Settlement Agreement and by all proceedings, orders and judgments by the Court.

The undersigned received written communications which *might* be considered objections[1] from the following: Paul Beason; Joseph Mauldin and Lydia Mauldin Greenlees (for the claims arising from the decedent Agnes Mauldin); Bobby R. Magee; Napoleon Foster; and the Semien family (David Wayne Semien, Sr.; Sandra Semien; David Wayne Semien, Jr.; Danielle Semien; and Margaret Thomas (mother of Sandra Semien)). Most (if not all) of these communications did not satisfy the procedural requirements for objections (e.g., defendants did not receive any of the communications in a timely fashion). Nevertheless, the undersigned contacted persons who had authored the communications to schedule a hearing in accordance with the Court's orders.

The undersigned reached (by telephone) the following: Paul Beason; Lydia Mauldin

---

[1] Not all of the communications can even be characterized as objections. However, since all persons that authored those communications have (as discussed below) stated that they do not intend to object, there is no reason to discuss their content in detail.

Greenlees (who confirmed that she was speaking on behalf of herself and her brother Joseph Mauldin, and confirmed that she had in fact drafted the letter on behalf of both her and her brother, and later confirmed in writing that she was withdrawing her objection on behalf of her and her brother); Bobby R. Magee; Napoleon Foster; and David Wayne Semien, Sr. and Sandra Semien (who confirmed that they were speaking on behalf of their family, including their two children and Margaret Thomas[2]). The undersigned offered to schedule a hearing as required by the Court's orders at the convenience of each potential objector.

Each potential objector decided to forego the hearing, and instead decided to withdraw any potential objection and to participate in the class actions. The undersigned confirmed the voluntary withdrawal of potential objections in writing by emailing or mailing to the addresses provided by the potential objectors. No potential objector has indicated that he or she wishes to pursue an objection. Furthermore, because each of the potential objectors has rejected a hearing with the Special Master, the objectors "are deemed to have waived and forfeited any objections to the proposed settlements."

Thus, the undersigned, through personal communications, has established that there are no outstanding objections to either of the class settlements.

Baton Rouge, Louisiana, this 24th day of September, 2012.

                                                s/Daniel J. Balhoff
                                                Daniel J. Balhoff (#18776)
                                                Randi S. Ellis (#25251)

---

[2] The undersigned spoke with Margaret Thomas on two occasions. She confirmed that David Wayne Semien, Sr. and Sandra Semien are authorized to speak for her.