UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL NO. 07-1873

SECTION "N-5"

JUDGE ENGELHARDT
MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO ALL CASES

## Declaration of Daniel J. Balhoff

1. On May 31, 2012, the Court appointed me as Special Master for the two class settlements that it preliminarily approved on that date.

2. Among other things, the Court charged me with the duty of contacting objectors, holding hearings on their objections, resolving such objections if possible, and reporting to the Court on my findings.

3. The Court's Preliminary Approval Orders entered on May 31, 2012 required objectors to send any objections to specific attorneys and to the Clerk of Court. I have repeatedly communicated with the specified attorneys and with the Court in an effort to determine all potential objections.

4. I received written communications which *might* be considered objections[1] from the following: Paul Beason; Joseph Mauldin and Lydia Mauldin Greenlees (for the claims arising from the decedent Agnes Mauldin); Bobby R. Magee; Napoleon Foster; and the Semien

---

[1] Not all of the communications can even be characterized as objections. However, since all persons that authored those communications have (as discussed below) stated that they do not intend to object, there is no reason to discuss their content in detail.



family (David Wayne Semien, Sr.; Sandra Semien; David Wayne Semien, Jr.; Danielle Semien; and Margaret Thomas (mother of Sandra Semien)). See the attached exhibits. Most (if not all) of these communications did not satisfy the procedural requirements for objections (e.g., defendants did not receive any of the communications in a timely fashion). Nevertheless, I contacted the persons who had authored the communications to schedule a hearing in accordance with the Court's orders.

5. The undersigned reached (by telephone) the following: Paul Beason; Lydia Mauldin Greenlees (who confirmed that she was speaking on behalf of herself and her brother Joseph Mauldin, and confirmed that she had in fact drafted the letter on behalf of both her and her brother, and later confirmed in writing that she was withdrawing her objection on behalf of her and her brother); Bobby R. Magee; Napoleon Foster; and David Wayne Semien, Sr. and Sandra Semien (who confirmed that they were speaking on behalf of their family, including their two children and Margaret Thomas[2]).

6. I offered to schedule a hearing as required by the Court's orders at the convenience of each potential objector.

7. Each potential objector decided to forego the hearing, and instead decided to withdraw any potential objection and to participate in the class actions.

8. I confirmed the voluntary withdrawal of the potential objections in writing by emailing or mailing to the addresses provided by the potential objectors. No potential objector has indicated that he or she wishes to pursue an objection.

---

[2]The undersigned spoke with Margaret Thomas on two occasions. She confirmed that David Wayne Semien, Sr. and Sandra Semien are authorized to speak for her.

9. Through personal communications, I have established that there are no outstanding objections to either of the class settlements.

Baton Rouge, Louisiana, this 24th day of September, 2012.

                                          s/Daniel J. Balhoff
                                          Daniel J. Balhoff (#18776)