UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE<br>PRODUCTS LIABILITY LITIGATION | MDL NO. 07-1873 |
| | SECTION N(5) |
| | JUDGE ENGELHARDT |
| THIS DOCUMENT IS RELATED TO:<br>*ALL CASES* | MAGISTRATE CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### NON-CONFIDENTIAL MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL MOTION FOR AUTHORITY TO DEPOSIT SETTLEMENT FUNDS INTO THE REGISTRY OF THE COURT

**MAY IT PLEASE THE COURT:**

Davis Professional Accounting Services, LLC moves this Honorable Court for leave to file under seal its Motion for Authority to Deposit Settlement Funds into the Registry of the Court.

### BACKGROUND

On May 24, 2012, the plaintiffs via the Plaintiffs Steering Committee, on the one hand, and Davis Professional Accounting Services, LLC, Multi-Task, LLC and their insurer entered into a Memorandum of Understanding ("MOU") which memorialized the terms of a confidential settlement agreement reached between the parties as it concerns this MDL litigation. In order to comply with the terms of the aforementioned MOU, Davis Professional Accounting Services, LLC, requests that its Motion for Authority to Deposit Settlement Funds into the Registry of the Court be sealed.

## **LAW AND ARGUMENT**

"The public has a common law right to access judicial records and proceedings, although the right is not absolute." *Bahwell v. Stanley-Bostich, Inc.*, No. 00-0541, 2002 WL 1298777, at *1 (E.D. La. June 10,2002). A district court has discretion to seal judicial records, but "must balance the public's common law right of access against the interests favoring nondisclosure." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citing *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 599 (1978). However, courts have held that if a case involves private litigants, concerns matters of little legitimate public interest, and the parties have bargained for confidentiality when negotiating the settlement, that should be a factor weighing in favor of granting or maintaining an order of confidentiality. *State Farm Fire and Cas. Co., et al v. Jim Hood, et al*, 07-188, 2010 WL 3522445 at *2-3 (S.D. Miss. Sept. 2, 2012) (citing *Pansy v. Borough of Strousdsburg*, 23 F.3d 772, 788 (3rd Cir 1994)).

Davis Professional Accounting Services LLC request that its Motion for Authority to Deposit Settlement Funds into the Registry of the Court be filed under seal to comply with the confidentiality of settlement. Confidentiality is an important provision in this negotiated settlement of many claims in this multidistrict litigation that have been pending for several years. Therefore, preserving the confidentiality of the settlement terms significantly outweighs whatever slight interest the public may have in learning the terms of the settlement.

## **DURATION OF SEALING AND PROCEDURES FOR HANDLING**

Davis Professional Accounting Services, LLC proposes that the documents be maintained under seal until the final adjudication of this action, including the resolution of any appeals, at which time such documents are to be returned to Davis Professional Services, LLC and

2

Plaintiffs' Liaison Counsel on behalf of all plaintiffs, at which time such documents may be made public. Pursuant to Local Rule 5.6(E), each document filed under seal will be maintained in the clerk's office sealed in a manila envelope clearly labeled "UNDER SEAL" and bearing the case number, caption, a reference to the order granting leave to file under seal, and a description of the documents. Access to the sealed documents will be limited to Court personnel, special masters appointed by the Court, and counsel for Davis Professional Accounting Services, LLC, and Plaintiffs' Liaison Counsel, unless otherwise ordered by the Court after a contradictory motion by any other person seeking access to the sealed documents.

## CONCLUSION

For the foregoing reasons, Davis Professional Accounting Services, LLC respectfully request that it be granted leave to file under seal its Motion for Authority to Deposit Settlement Funds into the Registry of the Court.

Respectfully submitted,

*s/ Richard G. Duplantier, Jr.*

**Richard G. Duplantier, Jr**. (#18874)
**Duplantier@gjtbs.com**
**Peter A. Bourgeois** (#27389)
**pbourgeois@gjtbs.com**
**Stephanie Dovalina** (#31137)
**sdovalina@gjtbs.com**
GALLOWAY, JOHNSON, TOMPKINS, BURR& SMITH
701 Poydras Street, 40th Floor
New Orleans, Louisiana 70139
Telephone: (504) 525-6802
*Attorneys for Defendant, Davis Professional Accounting Services LLC*

3

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 25th day of September, 2012, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sent notification of such filing to all court-appointed liaison counsel and counsel of record who are CM/ECF participants.

                                            *s/ Richard G. Duplantier, Jr.*
                                            **RICHARD G. DUPLANTIER, JR.**