UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | ) ) ) ) | MDL NO. 2:07-MD-1873 SECTION "N" (5) |
| THIS DOCUMENT IS RELATED TO: | ) ) | JUDGE ENGELHARDT |
| *ALL CASES* | ) | MAGISTRATE JUDGE CHASEZ |

## FINAL ORDER AND JUDGMENT

Except as otherwise expressly provided below or as the context otherwise requires, all capitalized terms used in this Final Approval Order shall have the meanings and/or definitions given them in the Settlement Agreement (as defined in the paragraph immediately below) entered into by or on behalf of the PSC, the Class, and the Settling Defendants. The original of the Settlement Agreement is filed in the record of these proceedings.

WHEREAS Plaintiffs, the PSC, and Settling Contractor Defendants entered into a Stipulation of Settlement (R. Doc. 25647-1 and -2), with exhibits (collectively, the "Settlement Agreement"), dated May 29, 2012, to settle all Pending Actions; and

WHEREAS the Court entered a Preliminary Approval Order dated May 31, 2012 (R. Doc. 25668), preliminarily certifying the putative Class for settlement purposes under Fed. R. Civ. P. 23(b)(3), ordering first-class mail to all Class Members listed on the List of Potential Class Members (or to their attorneys) and Publication Notice to all other potential Class Members, scheduling a Fairness Hearing for September 27, 2012, and providing Class Members with an opportunity either to exclude themselves from the settlement class or object to the proposed settlement;

WHEREAS the Court held a Fairness Hearing on September 27, 2012, to determine whether to give final approval to the proposed settlement; and

WHEREAS the Court hereby grants final certification of the settlement Class, approves the proposed settlement, and dismisses the Pending Actions with prejudice (among other things).

Based on (i) the Joint Motion for Final Approval of Contractor Class Settlement signed by or on behalf of the Class and the Settling Contractor Defendants (R. Doc. 25877) (the "Joint Motion") and the Joint Motion for Preliminary Approval of Proposed Settlement signed by or on behalf of the Class and the Settlors (R. Doc. 25647), (ii) the memoranda of law in support thereof submitted by Parties (R. Docs. 25647-11 and 25877-1), (iii) the Settlement Agreement and all exhibits thereto, (iv) the evidence and arguments submitted at the Fairness Hearing, and (v) the relevant law, including, without limitation, Rule 23 of the Federal Rules of Civil Procedure, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

1. **Incorporation of Other Documents**.  This Final Order and Judgment incorporates and makes a part hereof:

    (a) the Settlement Agreement (R. Doc. 25647-1 and -2) submitted to this Court with the Joint Motion for Preliminary Approval of Proposed Settlement on May 29, 2012 and any amendments thereto;

    (b) the exhibits to the Settlement Agreement, including those filed with R. Doc. 25647, as amended and substituted by documents filed with R. Doc. 25658;

    (c) the Court's Preliminary Approval Order (R. Doc. 25668);

    (d) the Motion and Memorandum In Support of Final Approval of Contractor Class Settlement (R. Docs. 25877 and 25877-1); and

    (e) the exhibits to the Motion and Memorandum In Support of Final Approval of Contractor Class Settlement (R. Docs. 25877-2 through 25877-12).

**2.** **Jurisdiction.** The Court has personal jurisdiction over all Plaintiffs and has subject-matter jurisdiction over the Pending Actions including, without limitation, jurisdiction to approve the proposed settlement, to grant final certification of the settlement Class, and to dismiss all Pending Actions on the merits and with prejudice.

**3.** *Reed* **Factors Considered.** The Court rigorously applied the following six-factor analysis to determine whether the class action settlement is fair, adequate and reasonable, and thus worthy of final approval:   (1) whether evidence exists that the settlement was obtained by fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the stage of the litigation and available discovery; (4) the probability that plaintiffs will prevail on the merits; (5) the range of possible recovery and certainty of damages; and (6) the opinions of class counsel, class representatives, and absent class members.  *Newby v. Enron Corp.*, 394 F.3d 296, 301 (5th Cir. 2004) (*citing Reed v. General Motors Corp.,*703 F. 2d 170 (5th Cir. 1983).

After consideration of the evidence, arguments, and objections, if any, the Court concludes:  (i) there was no fraud or collusion among the Parties; (ii) the Settlement Agreement was the result of extensive arms-length negotiations among highly experienced counsel, with full knowledge of the risks inherent in this litigation; (iii) there is a high probability of further complex, extensive, costly litigation extending over a period of many years; (iv) the proceedings are at an advanced stage, with exhaustive discovery, extensive motion practice, and three bellwether trials already completed; (v) Class Members have a low individual likelihood of success on the merits given the fact that the three bellwether trials conducted have all resulted in complete defense verdicts;  (vi) there is no benefit to the proposed settlement Class from litigation as a Class, for class certification for litigation purposes was denied by this Court; (vii)

the potential range of recovery may seem to be high for some individuals, but the three bellwether trials to date have all resulted in defense verdicts with no recovery to the plaintiffs; (viii) the Class Representatives and the experienced counsel in the PSC have approved this settlement, with little significant or relevant opposition to the settlement; (ix) the Settlement Agreement is fair, reasonable, and adequate in light of the complexity, expense and likely duration of the litigation, in light of the risks involved in establishing liability and damages, particularly given the fact that the three bellwether trials tried thus far have all resulted in defense verdicts; and (x) the amount of oral and written discovery and independent investigation conducted in this litigation to date, and the factual record compiled, and the three bellwether trials completed, enable the PSC to make an informed decision at to the fairness and adequacy of the proposed Settlement Agreement.

    **4.**    **Rule 23 Requirements are Met.** The Court finds that the prerequisites of Rule 23 of the Federal Rules of Procedure are satisfied for the settlement Class.  Specifically:

(a) The settlement Class was sufficiently ascertainable from the PSC's records and other objective criteria, and the Class Members are so numerous that their joinder before the Court would be impracticable.

(b) The commonality requirement of Fed. R. Civ. P. 23(b)(3) generally is satisfied when members of the proposed settlement Class share at least one common factual or legal issue. Here, Plaintiffs alleged questions of fact and law purportedly common to the settlement Class, including negligence, product liability and strict liability claims based on allegedly negligent installation, maintenance, and/or refurbishment of EHUs and/or an alleged failure to warn of the dangers of long-term occupancy of travel trailers EHUs and injury claims

4

        based on formaldehyde exposure. Considering the allegations of the Complaint, the motion practice concerning the Complaint and the bellwether trials against the contractor defendants, the Court finds that in the settlement context the allegedly common questions of fact and law predominate over questions of fact and law affecting only individual members of the settlement Class.

(c)     The Court finds that the claims of the representative Plaintiffs are typical of the claims of the settlement Class, and that the representative Plaintiffs and the PSC will fairly and adequately protect the interests of the settlement Class, in that: (i) the interests of the named Plaintiffs and the nature of their alleged claims are consistent with those of the Class Members, (ii) there appear to be no conflicts between or among the named Plaintiffs and the Class Members, (iii) the named Plaintiffs have been and appear to be capable of continuing to be active participants in both the prosecution and the settlement of the Pending Actions, and (iv) the named Plaintiffs and the Class Members are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated class actions, particularly those mass-tort type cases involving personal injury claims as alleged in the Complaint.

(d)     The Court finds that common issues predominate over individual issues in this settlement class because (1) the settlement Class involves a common alleged source of injury – formaldehyde; (2) any individual differences stemming from the different state laws of the four states in issue have more import in the context of litigation rather than settlement; (3) the Settlement sufficiently addresses issues of product identification, causation, injury and damages, which otherwise

    would be considered individual in a litigated class;  (4) although there are numerous different contractors involved as Settling Contractor Defendants in this case, the science underlying the general issue– whether formaldehyde generally causes injury and if so, what injuries does it cause – is common to all of them; and (5)  this case involves a small time period of exposure – that few year period when Class Members were living in EHUs installed, maintained, and/or refurbished by the Settling Contractor Defendants and provided to the settlement Class by FEMA following Hurricanes Katrina and/or Rita.

(e) The Court finds that a resolution of the Pending Actions in the manner proposed by the Settlement Agreement is superior or equal to other available methods for a fair and efficient resolution of the Pending Actions, in that, among other reasons, it will avoid the need for costly individual adjudications of Class Member's claims, the management of the class action settlement will be much less difficult than the management of a mass joinder of actions, and, in the present circumstances, there will be no further litigation of the issues and no trial of the litigation.  The Court further notes that as of this date, Plaintiffs and various defendants in the MDL have conducted three bellwether jury trials to verdict, all of which have resulted in defense verdicts and have awarded no money or benefits to the bellwether plaintiffs.  The Court also notes that, because the Pending Actions are being settled, rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a regional class action involving the issues in this case.  *See Amchem Prods., Inc. v. Windsor*, 117 S. Ct. 2231, 2248 (1997).

**5. Final Certification of Settlement Class.** After careful consideration, and in light of the conclusions stated above, the settlement Class previously certified preliminarily is hereby finally certified for settlement purposes under Fed. R.Civ. P. 23(b)(3). The settlement Class consists of:

(a) all individuals who claim Damages and who are named as Plaintiffs in any and all of the Pending Actions as of the time this class settlement is submitted for Court approval at a Fairness Hearing, which is September 27, 2012; and

(b) All individuals not included in subparagraph (a), who claim to have:

(i) been exposed to formaldehyde in an EHU that (1) was installed, maintained, or refurbished by any Contractor; and (2) was provided by FEMA to persons displaced by Hurricanes Katrina and/or Rita; and

(ii) suffered or experienced, as of the date of the final Court approval of this class settlement, any discomfort, illness, sickness (medical, psychological or psychiatric), symptom, complaint, disability, or loss of any kind as a result of such exposure.

Excluded from the settlement Class are those persons listed on the Exhibit to the Declaration of Justin Woods, each of which filed a valid and timely request to opt out of the Class, except for Theodore Johnson, the validity of whose opt-out from the Contractor Settlement and status as a Class Member are hereby reserved for future determination, if necessary.

**6.** **<u>Adequacy of Representation</u>**. Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, and after considering the requisites set forth therein, the Court confirms its prior appointment of the PSC as class counsel to represent the interests of the settlement Class. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and after

7

considering the requisites set forth therein, the Court hereby appoints those individuals who completed and submitted affidavits attached to the Joint Motion for Final Approval as representatives of the Class, to appear on behalf of and to represent the Class. After conducting a rigorous analysis of the requirements of Fed. R. Civ. P. 23(a)(4), the Court finds that the PSC and the Class Representatives have fully and adequately represented the settlement Class for purposes of entering into and implementing the settlement and have satisfied the requirements of Fed. Rule Civ. P. 23(a)(4).

      7.    **Class Notice**. As part of the Joint Motion for and Memorandum in Support of Final Approval of Class Certification, the Parties submitted the Declaration of Wayne Henderson, who supervised the implementation of the Settlement Notice Plan, and the Declaration of Court-Appointed Special Master, Daniel J. Balhoff, who assisted in the development and implementation of the Settlement Notice Plan. After completing the necessary rigorous analysis, including careful consideration of Mr. Henderson's Declaration and Mr. Balhoff's Declaration, along with the Declaration of Justin I. Woods, the Court finds that the first-class mail notice to the List of Potential Class Members (or to their attorneys, if known by the PSC), Publication Notice and distribution of the notice in accordance with the Settlement Notice Plan, the terms of the Settlement Agreement, and this Court's Preliminary Approval Order:

    (a)    constituted the best practicable notice to Class Members under the circumstances;

    (b)    provided Class Members with adequate instructions and a variety of means to obtain information pertaining to their rights and obligations under the settlement so that a full opportunity has been afforded to Class Members and all other persons wishing to be heard;

(c) was reasonably calculated, under the circumstances, to apprise Class Members of: (i) the pendency of this proposed class action settlement, (ii) their right to exclude themselves from the Class and the proposed settlement, (iii) their right to object to any aspect of the proposed settlement (including final certification of the settlement class, the fairness, reasonableness or adequacy of the proposed settlement, the adequacy of representation by Plaintiffs or the PSC, and/or the award of attorneys' fees), (iv) their right to appear at the Fairness Hearing - either on their own or through counsel hired at their own expense - if they did not exclude themselves from the Class, and (v) the binding effect of the Preliminary Approval Order and Final Order and Judgment in this action, whether favorable or unfavorable, on all persons who do not timely request exclusion from the Class;

(d) was calculated to reach a large number of Class Members, and the prepared notice documents adequately informed Class Members of the class action, properly described their rights, and clearly conformed to the high standards for modern notice programs;

(e) focused on the effective communication of information about the class action. The notices prepared were couched in plain and easily understood language and were written and designed to the highest communication standards;

(f) afforded sufficient notice and time to Class Members to receive notice and decide whether to request exclusion or to object to the settlement.;

(g) was reasonable and constituted due, adequate, effective, and sufficient notice to all persons entitled to be provided with notice; and

  (h)  fully satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, including the Due Process Clause, and any other applicable law.

The Court further finds that the filing of the settlement papers sparked a wave of nationwide and local media coverage, which also contributed to providing notice to the Class.

  8.  **<u>Claims Process.</u>** The Court concludes that the Claim Form was well designed with clear and prominent information that is easily understandable to Class Members. Any Class Member who wished to receive Class Relief must have signed and returned a valid and timely Claim Form to the Special Master in compliance with the Claims Process set forth in the Settlement Agreement and postmarked no later than October 12, 2012. Any Class Member who does not submit a valid and timely Claim Form in compliance with the Claims Process is not entitled to Class Relief, but nonetheless is barred by the Release and provisions of the Settlement Agreement and the Final Order and Judgment.

  As set forth in Section VI(F) of the Settlement Agreement, for any Class Member who previously produced a Plaintiff Fact Sheet in this case, that Plaintiff Fact Sheet will be accepted as that Class Member's Claim Form, provided that it contains (1) the Class Member's full name, address, gender, date of birth, and social security number, manufacturer, installation/maintenance/refurbishment contractor (if known) and dates of exposure, or provided that such information is given to the Special Master within thirty (30) days after the Claim Form Deadline, and (2) proof that the Claimant suffered symptoms or injuries as a result of exposure to formaldehyde in an EHU installed, maintained, or refurbished by a Contractor, or provided that such proof is given to the Special Master within ninety (90) days after the Claim Form Deadline.

9. **Final Settlement Approval**.  The terms and provisions of the Settlement Agreement, including all exhibits, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable and adequate as to, and in the best interests of, each of the Parties and the Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and any other applicable law.  The Parties and the PSC are hereby directed to consummate the Settlement Agreement according to its terms and provisions.

10. **Binding Effect**.  The terms of the Settlement Agreement and of this Final Order and Judgment shall be forever binding on Plaintiffs and all other Class Members and any other Releasor, and those terms shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits or other proceedings involve matters that were or could have been raised in any Pending Action or are otherwise encompassed by the Release.

11. **Release and Waiver**.  The Release, which is set forth in the Settlement Agreement in Section IX(A), is expressly incorporated herein as follows in all respects and is effective as of the date of this Final Order and Judgment:

1. In return for the consideration provided in the Agreement, the Plaintiffs and all other Class Members, on their behalf and on behalf of all other Releasors, fully and forever release, waive, compromise, remise, dismiss, acquit and discharge the Releasees from the Released Claims, including but not limited to any and all past, present and future causes of action, claims, damages (including but not limited to compensatory damages, punitive damages, or damages from wrongful death), or any other Damages, awards, equitable, legal and administrative relief, interest, demands or rights that are based upon, related to, or connected

11

with, directly or indirectly, in whole or in part (1) the Released Claims; or (2) the allegations, facts, subjects or issues that were, could have been, may be or could be set forth or raised in any action or in any Pending Action, or (3) exposure to formaldehyde in any EHU.

2.     Plaintiffs and all other Class Members, on their own behalf and on behalf of all other Releasors agree, covenant and acknowledge that they shall not now or hereafter initiate, participate in, maintain, or otherwise bring any claim or cause of action, either directly or indirectly, derivatively, on their own behalf, or on behalf of the Class or the general public, or any other person or entity, against the Releasees based on allegations that are based upon or related to, directly or indirectly, in whole or in part:  (1) the Released Claims; (2) the allegations, facts, subjects or issues that have been, could have been, may be or could be set forth or raised in any Pending Action; or (3) exposure to formaldehyde in any EHU.

3.     Plaintiffs and all other Class Members and all the other Releasors, and anyone acting on their behalf or for their benefit, without limitation, are precluded and estopped from bringing any claim or cause of action in the future, related to in any way, directly or indirectly, in whole or in part:  (1)  the Released Claims, (2) the allegations, facts, subjects or issues that have been, could have been, may be or could be set forth or raised in any action or any Pending Action, or (3) exposure to formaldehyde in any EHU.

4.     Plaintiffs and the Class Members, on their behalf and on behalf of all other Releasors, acknowledge that they are releasing both known and unknown and suspected and unsuspected claims and causes of action, and are aware that they may hereafter discover legal or equitable claims or remedies or injuries or damages presently unknown or unsuspected or unmanifested (including but not limited to personal injury claims), or facts in addition to or different from those which they now know or believe to be true with respect to the allegations

and subject matters in the complaint or other filings in any action or in any Pending Actions. Nevertheless, it is the intention of Plaintiffs and the Class Members to fully, finally and forever settle and release all such matters, and all claims and causes of action relating thereto, which exist, hereafter may exist, or might have existed (whether or not previously or currently asserted in any Pending Action).

5.     Plaintiffs and the Class Members, on their behalf and on behalf of all other Releasors, hereby expressly acknowledge certain principles of law applicable in some states provided that a general release does not extend to claims (including claims related to unknown or future injuries) that a person does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her may have materially affected his or her settlement with the Released Parties.  Notwithstanding such principles of law (statute, regulation, or common law) that may apply, Plaintiffs and the Class Members hereby agree and acknowledge that any such claims (including claims related to unknown or future injuries) are hereby knowingly and voluntarily released, waived and relinquished by Plaintiffs and the Class Members, and Plaintiffs and the Class Members agree and acknowledge that this provision is an essential term of the Agreement and this Release. Plaintiffs, the Class Members, and the PSC warrant and represent that they have specifically contemplated and bargained for the waiver and relinquishment of the claims (including claims related to unknown or future injuries) referenced in this Agreement, including claims that they may not know or suspect to exist at this time and that, if known, may have materially affected this settlement. Plaintiffs, the Class Members, and the PSC also warrant and represent that this Agreement, including the referenced waiver and relinquishment is fair, reasonable, and is being made knowingly, voluntarily, and with all information necessary for the waiver and relinquishment.

6.      Plaintiff and Class Members, on their behalf and on behalf of all other Releasors, further agree that no third party, including but not limited to any private attorney general or Cal. Bus. and Prof. Code § 17200 Plaintiff, shall bring any claims released herein on their behalf.

This Release may be raised as a complete defense to and will preclude any action or proceeding that is encompassed by this Release.

**12.     Permanent Injunction**.  All Class Members who have not been timely excluded from the Class and all Releasors, and anyone acting on their behalf or for their benefit, are hereby permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from, any other lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction, based on or relating to directly or indirectly, in whole or in part: (1) the Released Claims; (2) the allegations, facts, subjects or issues that have been, may be or could have been set forth or raised in any Pending Action; or (3) exposure to formaldehyde in any EHU installed, maintained or refurbished by a Settling Contractor Defendant.  In addition, all persons are hereby permanently enjoined from filing, commencing, prosecuting or maintaining any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action), a California Bus. and Prof. Code § 17200 action, a private attorney general action, or any other action on behalf of Class Members, if such other action is based on or relates to directly or indirectly, in whole or in part: (1) the Released Claims; (2) the allegations, facts, subject, or issues that have been, could have been, may be or could be set forth or raised in any Pending Action; or (3) exposure to formaldehyde in any EHU installed, maintained or refurbished by a Settling Contractor Defendant.  The Court finds that issuance of this permanent injunction is necessary and

appropriate in aid of the Court's jurisdiction over the action and to protect and effectuate the Court's Final Order and Judgment. Any person found in contempt of this injunction will be subject to sanctions. Any Releasee who must seek from the Court the compliance of a Releasor, who is in violation of this injunction, is entitled to reimbursement of his or her or its attorneys' fees incurred as a result of seeking such compliance.

13. **Objections to Settlement**. The Court provided all Class Members and their representatives, who complied with the requirements for objections and appearance at the Fairness Hearing set forth in the Preliminary Approval Order, a fair and adequate opportunity to object to the proposed settlement. The Court is aware of no pending objections.

14. **Enforcement of Settlement**. Nothing in this Final Order and Judgment shall preclude any action to enforce the terms of the Settlement Agreement.

15. **Attorneys' Fees and Expenses**. After careful review and consideration of the entire record, and after hearing from PSC and Settling Contractor Defendants' Counsel, the PSC and other plaintiffs' counsel are hereby awarded Attorneys' Fees and Expenses in the amounts requested in Record Document 25841, to be paid out of the Total Settlement Fund. Such Attorneys' Fees and Expenses are to be paid according to the terms outlined in this Court's Order related to Record Document 25841. The Court, in its discretion, and following review of the recommendations of the PSC and (as necessary) the Special Master, shall allocate and distribute this award of Attorneys' Fees and Expenses among the PSC and any attorney representing any Class Member. No further Attorneys' Fees and Expenses will be paid to any attorney representing any Class Member.

16. **No Other Payments**. The preceding paragraph of this Order covers, without limitation, any and all claims for Attorneys' Fees and Expenses, costs or disbursements

incurred by the PSC or any other counsel representing Plaintiffs or Class Members, or incurred by Plaintiffs or the Class Members, or any of them, in connection with or related in any manner to any Pending Action, the settlement of any Pending Action, the administration of such settlement, and/or the Released Claims.

17. **Incentive Award.** The Court hereby adopts Special Master Daniel J. Balhoff's recommendations on Incentive Awards (Rec. Doc. 25881).

18. **Modification of Settlement Agreement**. The Parties are hereby authorized, without needing further approval from the Court and without further notice to the settlement Class, to agree to and adopt such amendments to, and modifications and expansions of the Settlement Agreement as are consistent with this Order and that do not limit the rights of Class Members under the Settlement Agreement.

19. **Retention of Jurisdiction**. The Court has jurisdiction to enter this Final Order and Judgment. Without in any way affecting the finality of this Final Order and Judgment, this Court expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement and interpretation of the Settlement Agreement and of this Final Order and Judgment, and for any other necessary purpose, including, without limitation:

(a) enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement and this Final Order and Judgment (including, without limitation, whether claims or causes of action allegedly related to this case are Released Claims, are or are not barred by this Final Order and Judgment, or are subject to the Permanent Injunction contained in Paragraph 12 of this Final Order and Judgment);

(b) entering such additional orders as may be necessary or appropriate to protect or effectuate the Court's Final Order and Judgment approving the Settlement Agreement, dismissing all claims on the merits and with prejudice, and permanently enjoining Class Members and Releasors and anyone acting on their behalf or for their benefit from initiating or pursuing related proceedings, or to ensure the fair and orderly administration of this settlement; and

(c) entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction; provided, however, that nothing in this paragraph is intended to restrict the ability of the parties to exercise their rights under the Settlement Agreement.

20. **No Admissions**. Neither this Final Order and Judgment nor the Settlement Agreement (nor any other document referred to herein) nor any action taken to carry out this Final Order and Judgment is, may be construed as, or may be used as an admission or concession by or against the Settling Contractor Defendants, Releasees or Settlors, as to the validity of any claim or any actual or potential fault, wrongdoing or liability whatsoever, or as to the certification of the settlement Class herein for litigation purposes. Entering into or carrying out the Settlement Agreement, and any negotiations or proceedings related to it, shall not in any event be construed as, or deemed evidence of, an admission or concession as to the Settling Contractor Defendants', Releasees' or Settlors' denials or defenses and shall not be offered or received in evidence in any action or proceeding against any party hereto in any court, administrative agency or other tribunal for any purpose whatsoever, except as evidence of the settlement or to enforce the provisions of this Final Order and Judgment and the Settlement Agreement; provided, however, that this Final Order and Judgment and the Settlement

Agreement may be filed in any action against or by the Settling Contractor Defendants, Settlors or Releasees to support a defense of *res judicata*, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim.

21. **Dismissal of Action**. All Pending Actions, including all individual and Class claims resolved in it, are hereby DISMISSED ON THE MERITS AND WITH PREJUDICE against Plaintiffs and all other Class Members, without fees or costs to any Party except as otherwise provided in this Final Judgment and Order.

22. **Immediate Appeal.** There is no just reason for delay, and accordingly, the Final Order and Judgment shall be immediately appealable.

It is hereby **ORDERED, ADJUDGED** and **DECREED** that **FINAL JUDGMENT** is hereby entered this 27th day of September, 2012.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**