UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER　　　　　　　　　　MDL NO. 07-1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION　　　　　SECTION "N-5"

　　　　　　　　　　　　　　　　　　　　JUDGE ENGELHARDT
　　　　　　　　　　　　　　　　　　　　MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO ALL CASES

# Order

Considering the Special Master's Motion To Establish Settlement Distribution Protocol:

IT IS HEREBY ORDERED THAT:

I.　The Court hereby adopts the following distribution protocol:

　　A)　The CADA is authorized to distribute funds by mailing the settlement allocation checks to each person at the address set forth in Exhibit "1" unless the CADA is provided with an updated address before mailing; however, in the event that the CADA and/or the Special Master determine that it would be more efficient to deliver any of the settlement allocation checks to the claimants' attorneys or to the PSC, the CADA may do so;

　　B)　The CADA shall commence the distribution of the settlement allocation checks within 15 business days of the date that this Order is signed and filed in the record;

　　C)　After the passage of one year from the date of distribution, the CADA shall deliver any unclaimed settlement allocations to the appropriate entity pursuant to Louisiana's Uniform Unclaimed Property Act. See La. R.S 9:154(9).

II.　The Court further orders that the following provisions additionally apply to the distribution

of payments:

A)  <u>Minors:</u>

With respect to any and all allocations to minors, the CADA has the authority to make the settlement allocation check payable to and deliver it (using a means as described above) to the person who acted on behalf of the minor regarding the filing of the claim. Pursuant to La. R.S. 9:196, tutorship is not required for this distribution.

B)  <u>Incompetents:</u>

Any and all distributions to or for the benefit of any interdict are to be made payable and distributed (using a means as described above) to an individual who has provided sufficient proof of legal capacity to represent the claimant. The CADA may require notarized power of attorney, court orders, or other court process as well as other appropriate identification as he deems appropriate or necessary.

C)  <u>Deceased Claimants:</u>

Any and all allocations to decedents are to be made payable and distributed to the estate of the decedent and delivered to the decedent's last known address (using a means as described above), unless the CADA is provided sufficient documentation justifying the distribution of the funds to a legal heir. The CADA may require certificate of death, certificate of birth, or other appropriate identification as he deems appropriate or necessary.

D)  The CADA shall have the authority to include release language on the back of the settlement allocation checks and any accompanying enclosures, to the extent approved by the Special Master.

III.    The CADA and the Escrow Agent are hereby authorized to transfer all remaining funds from Iberia Bank to Hancock Bank.

IV.    The amounts and disbursements filed under seal and attached as Exhibit "1" are hereby approved and made part of this judgment. The CADA is ordered to make the payments contained therein, pursuant to the terms of this Order;

V.    It is further ordered that the spreadsheet prepared by the CADA setting forth the allocation amounts (Exhibit "1") be filed under seal, not to be disclosed without further orders of the Court.

New Orleans, Louisiana this \_\_\_\_ day of _____, 2012.

_____
HONORABLE KURT D. ENGELHARDT
JUDGE, UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA