UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER　　　　　　　　　　MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION　　　　　SECTION "N-5"

　　　　　　　　　　　　　　　　　　　　JUDGE ENGELHARDT
　　　　　　　　　　　　　　　　　　　　MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO ALL CASES

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION OF
PSC TO FILE UNDER SEAL ALL MOTIONS AND MEMORANDA
RELATED TO COMMON BENEFIT FEE APPLICATION**

**MAY IT PLEASE THE COURT:**

　　　The Court has approved a total common benefit fee payable as a deduction from the settlements with manufacturers and contractors, and it remains for Your Honor to decide the proper allocation of this fee among firms which rendered services for the common benefit of all plaintiffs. Motions and supporting/opposing memoranda regarding fee allocation will be filed on behalf of different counsel groups, inasmuch as positions and proposals on allocation appear to be divided.

　　　The PSC respectfully submits that it would be appropriate not to have such motions and memoranda filed in a public record made subject to scrutiny at this time by all non-attorney litigants, the media, etc. Of necessity, these pleadings will reflect and advocate the specific dollar amounts of fee payments requested by individual firms and attorneys, and also may challenge the proposed allocations to others. Any value inherent in a "public right to know" what individual attorneys and firms advocate as a deserved (or undeserved) share of the common

benefit fee, is outweighed by the fact that the total amount of the fee at issue already has been submitted for scrutiny in duly-noticed settlement fairness hearings conducted in open court. Yet a single objection to the total common benefit fee was made, and the total fee request was approved as being reasonable and fair insofar as plaintiff clients are concerned. Pending the Court's announcement (in the record) of its decision on fee allocation, therefore, the process of advocacy whereby that decision will be made need not be a matter observed or reported on publicly; and firms should be free to advocate for themselves without concern that the media may wish to convert this advocacy into a story about, for example, lawyer in-fighting.

It is well-settled that the public's right to access judicial records and proceedings is not absolute. *Bahwell v. Stanley-Bostitch, Inc.*, No. 00-0541, 2002 WL 1298777, at * 1 (E.D. La. June 10, 2002). Rather, a federal district court has discretion to seal judicial records in order to "balance the public's common law right of access against the interests favoring non-disclosure." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (th Cir. 1993) (citing *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 599 (1978)). Moreover, all parties with interest in the pending fee allocation process, i.e., law firms and attorneys applying for a common benefit fee payment, have concurred in this motion that their pleadings be filed under seal. Particularly absent a compelling public disclosure interest, this confidentiality agreement among the parties should weigh in favor of granting and maintaining the desired confidentiality. *State Farm Fire & Cas. Co v. Jim Hood,* 07-188, 2010 WL 3522445 at *2-3 (S.D. Miss. Sept. 2, 2010) (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 788 (3rd Cir. 1994)).

Finally, by written agreement all common benefit fee applicants in the matter have waived appeal rights to the Fifth Circuit following Your Honor's decision on fee allocation. This makes it unnecessary to preserve a record for appellate review, and further simplifies the request

to seal the pleadings and attachments needed by this Court as a record, prior to the Court's allocation decision.

The PSC and all common benefit counsel working with the PSC who have applied for a share of the approved common benefit fee in these settlements, therefore unanimously support the instant request that any and all motions and memoranda these attorneys and their firms hereafter file, should be filed under seal. The Court is respectfully asked to enter the attached Order to this effect.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:  s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:    504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:    504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
ROBERT M. BECNEL, #14072

                                  RAUL BENCOMO, #2932
                                  FRANK D'AMICO, JR., #17519
                                  MATT MORELAND, #24567
                                  DENNIS REICH, Texas #16739600
                                  MIKAL C. WATTS, Texas #20981820
                                  ROBERT C. HILLIARD, Texas ##09677700

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 26, 2012, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

                                  s/Gerald E. Meunier
                                  GERALD E. MEUNIER, #9471