## Law Offices of
# SIDNEY D. TORRES, III
*A Professional Law Corporation*

SIDNEY D. TORRES, III
storres@torres-law.com

ROBERTA L. BURNS
rburns@torres-law.com

BECKY R. CIEUTAT
bcieutat@torres-law.com

CHRISTOPHER I. GANT
cgant@torres-law.com

BEAU F. CAMEL
bcamel@torres-law.com

www.torres-law.com

**VIA ELECTRONIC AND U.S. MAIL**
October 15, 2012

Denise Martin
At: dmartin@gainsben.com
Gainsburgh, Benjamin, David,
 Meunier & Warshauer, LLC
1100 Poydras Street
2800 Energy Centre
New Orleans, Louisiana 70163-2900

Attention:   Denise Martin

   In Re: FEMA Trailer Formaldehyde Products Liability Litigation
      MDL No. 1873, Section N(4)

Dear Denise:

   Pursuant to the October 1, 2012, e-mail from Jerry concerning the submission of Common Benefit applications, enclosed is the narrative in support of the firm's application of a portion of the common benefit fee and cost reserve set in this matter.

   With kind regards, I am

                                 Sincerely,

                                 Roberta L. Burns

RLB
Encl.



EXHIBIT
A

## COMMON BENEFIT FEE SUBMISSION

**TO:** PLAINTIFFS' LIAISON COUNSEL, through Denise Martin via regular mail and electronic mail at dmartin@gainsben.com)

**FROM:** SIDNEY D. TORRES, III

**DATE:** October 15, 2012

**RE:** CONTRIBUTIONS AS A SUBSCRIBING MEMBER

As an early subscribing member to the Plaintiffs' Steering Committee, my firm contributed significantly in three major areas associated with the litigation and ultimate successful class resolution: financial support, class member participation, and legal work. My firm provided critical funding by timely paying all financial assessments as these were made by the PSC from the very beginning of the litigation. Additionally, as a consequence of Hurricane Katrina's destruction of nearly 100 percent of the housing stock in my parish, and the resultant response by FEMA in supplying the subject emergency housing units to St. Bernard Parish residents, my firm was responsible for one of the largest pools of plaintiff class members. Finally, Roberta L. Burns, particularly during the first two years of the litigation, was heavily involved in the drafting of several important pleadings, addressed below, with Gerald Meunier and Justin Woods.

### 1. FINANCIAL SUPPORT

I became a Subscribing Member of the PSC from the inception of that Subscriber's tier. I have timely paid all assessments, totaling now $251,250.00.

### 2. CLIENT / CLASS MEMBER CONTRIBUTION

Hurricane Katrina visited almost total devastation to the housing stock of St. Bernard Parish. After the hurricane, I was able to reestablish my legal practice in St. Bernard relatively quickly and soon was involved as lead counsel in the mass action relating to the Murphy Oil spill (*Patrick Joseph Turner, et al. v. Murphy Oil USA, Inc.*, USDC-EDLA, No. 05-4206). Having been involved over the years in several mass actions concerning residents of St. Bernard and the surrounding parishes, I have developed a significant client base. Many of these clients retained my firm to prosecute their claims related to formaldehyde exposure from FEMA EHU's.

As of the time the settlement was consummated, my firm represented approximately 3,597 clients with claims in the manufacturers' and contractors' class settlements. Large numbers of claimants is a significant factor driving any mass action forward and certainly plays an important role in determining whether settlement is a more palatable option to the defendant over further litigation.

### 3. LEGAL SUPPORT

Roberta Burns of my office was appointed to the Law Subcommittee at the very beginning of the litigation. Ms. Burns worked actively with Gerald Meunier and Justin Woods in particular during the initial phases of the litigation and was given several important assignments.

Ms. Burns was assigned the primary responsibility of drafting the **ADMINISTRATIVE MASTER COMPLAINT**. This project required extensive research concerning not only the substantive factual allegations regarding the defects in the EHU's and the liability of the Government and private defendants, but also the legal allegations for claims arising under the laws of four states. In addition, substantial research went into uncovering the identities of all EHU manufacturers, as well as their domiciles and service of process information. During the course of this research, Ms. Burns located a significant document which revealed the identities of then unknown manufacturers and distributors of the defective EHU's with information regarding the numbers of units sold to or provided to the Government in response to Katrina. In addition, Ms. Burns' research into the factual background pertaining to the procurement of these EHU's and the emerging discovery, and attempted suppression of evidence of the presence and danger of formaldehyde in the EHU's proved significant in keeping the Government in the case as a defendant, as well as the private defendants.

In addition to the original Master Complaint, Ms. Burns was responsible, under Mr. Meunier's supervision, for the later amendments to it and the related, underlying **STEPHANIE G. PUJOL** complaint.

Ms Burns also drafted, together with Gerald Meunier, the plaintiffs' opposition to the Untied States' **MOTION TO DISMISS PLAINTIFFS' FTCA AND CONTRACT CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION**, as well as the plaintiffs' opposition to the Government's **second MOTION TO DISMISS PLAINTIFFS' REMAINING FTCA CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION**. As the PSC is aware, the Court kept the Government in the case, making a rare determination that plaintiffs had asserted colorable claims against FEMA under the Stafford Act and the FTCA based upon the evidence uncovered by the PSC and Ms. Burns that the Government's response to complaints of formaldehyde exposure actions fell outside of the discretionary function exception.[1]

In addition to the pleadings mentioned above, which comprise her most significant contributions, Ms. Burns was called upon from time to time by members of the PSC, specifically Justin Woods and Gerald Meunier, to assist in the preparation of pleadings, including discovery motions, deposition notices directed to the Government, and oppositions to motions, through the year 2009.

4.   CONCLUSION

The common benefit time accumulated by my office has been submitted and a summary of that time as provided by Bourgeois Bennet reflects that the total common benefit hours for the firm amount to 516.55 hours. The amount of time spent by my office processing our clients' claims, submitting plaintiff fact sheets, filing multiple rounds of severed suits, and defending against numerous motions

---

[1]   Order and Reasons of October 3, 2008 (Rec. Doc. 717).

to dismiss our clients claims, while technically not "common benefit" time, is estimated to have been a factor of eight ten times the amount of common benefit time. The firm's common benefit held and shared costs, as reflected in the expense summary provided by Bourgeios Bennet, amount to $15,647.26. These expenses, save for $22.00 related to travel (parking associated with meetings and court hearings) are related to Westlaw research devoted to the common benefit legal work performed by Roberta Burns as discussed above. Finally, as set forth in the restatement of FEMA Assessments paid by PSC and Subscribing Members, my firm contributed $251,250.00 in timely paid assessments.

Thank you for your consideration of this application for common benefit fees and costs in connection with this matter. I remain,

Sincerely yours,

Sidney D. Torres, III