UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * * * * | MDL NO. 1873 SECTION "N-5" JUDGE ENGELHARDT |
| PERTAINS TO: *COMMON BENEFIT FEE APPLICATION* | * * | MAG. JUDGE CHASEZ |

**************************************************************************

### MEMORANDUM IN OPPOSITION BY JOSEPH M. BRUNO TO MOTION OF CO-LIAISON COUNSEL FOR PLAINTIFFS TO APPROVE PROPOSED COMMON BENEFIT FEE ALLOCATION

NOW INTO COURT comes Joseph M. Bruno, a subscribing member of the Plaintiffs' Steering Committee ("PSC") in the above-captioned matter, who opposes the proposed allocation moved for by Co-Liaison Counsel and certain PSC members on the grounds that it unfairly compensates the undersigned counsel for common-benefit contributions of capital.

**I.   Relative Financial Contribution of PSC and Non-PSC to the Common Benefit Fund**

The undersigned paid $251,250.00[1] in common-benefit assessments as a "subscribing member" of the PSC in furtherance of this litigation. In total, "subscribing members" of the PSC contributed $2,298,400.00 towards costs and expenses of litigation. This amount represents 36.028% of the $6,379,449.10 in total common-benefit assessments. However, non-PSC[2] members were allocated only 4.80% ($297,415.68) of the total common benefit fee award of $6,196,159.95.[3]

---

[1] Co-Liaison Counsel's *Proposed Common Benefit Fee Allocation*, at Exhibit B, "FEMA- Assessments Paid" reports that undersigned paid $251,520.00. Our accounting of the assessments paid reflects a total of $273,750.00, based on scanned check stubs. For purposes of this opposition, we cite and rely on the figures in "Exhibit B."

[2] The law firm of Rodney & Etter is not reflected in *Proposed Common Benefit Fee Allocation*, Exhibit B, "FEMA- Assessments Paid" as a "subscribing member." Therefore, recipients of proposed common-benefit fee allocations are couched as PSC and non-PSC, rather than PSC and "subscribing member."

[3] The combined FEMA Assessment figures and common benefit percentages are derived from a comparison of Exhibit B, "FEMA- Assessments Paid" to Exhibit E "Common Benefit Fee Allocation Proposal."

1

### II.     The Allocation Methodology Unfairly Discounts Capital Contributions

Based on the deviation of relative financial contributions (via assessments) and common benefit fee allocations, it is apparent that the allocation methodology *heavily* discounts the importance of capital contributions to this litigation.  This fact is clearly stated in the numbers: non-PSC members contributed 36.028% of the capital, and received 4.80% of the common-benefit fee.  To be clear, undersigned is not suggested that "subscribing members" of the PSC be treated as equity investors and recover 36.028% of the fee.  However, it is emphatically suggested to the Court that the 4.80% recovery to non-PSC members unfairly discounts the importance of capital contributions in complex litigation.

### III.    Importance of Capital Contributions in Complex Litigation

The undersigned is uniquely qualified to shed light on the importance of capital to the prospects of complex and expensive litigation, having served as PSC Liaison Counsel in the *U.S. v. Armstrong* (Hurricane Katrina suit arising out of the collapse of floodwalls in the Inner Harbor Navigation Canal) and *U.S. v. Robinson* (Hurricane Katrina suit arising out the negligent maintenance of the MR-GO navigation channel).  Without significant capital infusion, there are no experts, no consultants, and no prospects for a successful case.  The PSC in this case evidence their recognition of the need for an additional infusion in capital by opening up their case to "subscribing members."

Undersigned is not privileged to conduct an audit of the assessment fund during the time period between the October 30, 2012 filing of the Co-Liaison Counsel's Motion containing proposed allocations and the November 6, 2012 opposition deadline, and may lack standing to do so in any event.  However, based on the recitation of Liaison Counsel's services as applied to the *Johnson* factors, we rely on the competence and discerning judgment of the PSC for the

conclusion that the assessment funds were necessary and important in the prosecution of this case.

Finally, the outflow of common benefit work in this case is controlled by the PSC, as it is in virtually every class action. The PSC maintains both the discretion to call for assessments from subscribing members, and the discretion to assign common-benefit work—the only two means of generating an interest in a common benefit fee award. Because "subscribing members" do not control the amount of common benefit work assigned to them, if any, their only avenue to contribute to this case is through the payment of assessments. Therefore, the devaluation of capital contributions under the allocation methodology unfairly prejudices non-PSC "subscribing members," specifically the undersigned, who paid the <u>maximum assessed amount</u>.

## IV.    Conclusion

The assessments paid by non-PSC members, specifically Joseph M. Bruno, were necessary and important to the prosecution of this litigation and ultimately obtaining a common benefit fee. Undersigned paid $251,520.00, which is 3.938% of the total assessments paid, and received only 0.1% of the fee award. For perspective, 3.938% of the total fee award is $242,967.91, and 0.1% is $6,196.16. It is clear that 0.1% of the fee award unfairly devalues the import of the capital infusion from undersigned as a "subscribing member" of the PSC.

                    Respectfully submitted,

                    /s/ Joseph M. Bruno
                    JOSEPH M. BRUNO (La. Bar No. 03604)
                    Daniel A. Meyer (La. Bar No. 33278)
                    **Bruno & Bruno, L.L.P.**
                    855 Baronne Street
                    New Orleans, Louisiana 70113
                    Telephone: (504) 525-1335
                    Facsimile: (504) 561-6775

## **CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the above Motion has been served upon all counsel of record by electronic notice via the Court's CM/ECF system this November 6, 2012.

                 /s/ Joseph M. Bruno
                 Attorney for Plaintiffs