UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * | MDL NO. 1873 SECTION "N-5" |
| PERTAINS TO: *COMMON BENEFIT FEE APPLICATION* | * * * | JUDGE ENGELHARDT MAG. JUDGE CHASEZ |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### MEMORANDUM IN OPPOSITION BY JIM S. HALL & ASSOCIATES, LLC TO MOTION OF CO-LIAISON FOR PLAINTIFFS TO APPROVE COMMON BENEFIT FEE ALLOCATION

NOW INTO COURT come Jim S. Hall & Associates, LLC, a subscribing member of the Plaintiff's Steering Committee ("PSC") in the above-captioned matter, who opposes the proposed allocation moved for by Co-Liaison Counsel and certain PSC members on the grounds that it unfairly undercompensates Jim S. Hall & Associates, LLC for common benefit contribution of capital and staff.

**I.     Relative Financial Contribution of PSC and Non-PSC to the Common Benefit Fund**

Jim S. Hall & Associates, LLC paid $244,375.00 in common-benefit assessments as a "subscribing member" of the PSC in furtherance of this litigation. Co-Liaison Counsel's *Proposed Common Benefit Fee Allocation*, at Exhibit B, "FEMA Assessments Paid" reports the undersigned paid $244,375.00. In total, "subscribing members" of the PSC contributed $2,298,400.00 towards costs and expenses of litigation. This amount represents 36.028% of the $6,379,449.10 in total common-benefit assessments. However, non-PSC members were allocated only 4.810% ($297,415.68) of the total common benefit fee award of $6,196,159.95.[1]

---

[1] The combined FEMA Assessment figures and common benefit percentages are derived from a comparison of Exhibit B, "FEMA - Assessments Paid" to Exhibit E "Common Benefit Fee Allocation Proposal."

**II.**     **The Allocation Methodology Unfairly Discounts Capital Contributions**

Comparing financial contributions (via assessments) and common benefit fee allocations, it is apparent that the allocation methodology *heavily* discounts the importance of capital contribution to this litigation. This fact is clearly stated in the numbers: non-PSC members contributed 36.028% of the capital, and received only 4.80% of the common benefit fee. It is suggested to the Court that the 4.80% recovery to non-PSC members unfairly discounts the importance of capital contributions in complex litigations, and should be at least doubled in order to even approach a fair allocation.

**III.**    **Importance of Capital Contributions in Complex Litigation**

The importance of capital to the contributions in complex litigation can not be over emphasized. Without significant capital infusion, there are no experts, no consultants, and no prospects for success. The PSC in this case evidence their recognition of the need for an additional infusion in capital by opening up their case to "subscribing members" and including that group for capital contributions, which were paid by "subscribing members."

**IV.**    **Contributions of Staff**

Jim S. Hall & Associates, LLC made a significant contribution of staff hours to the common benefit, over 11,676.20 hours without apparent credit. Additionally, Jim S. Hall & Associates, LLC employed a full-time paralegal to work at the FEMA trailer office from June 2008 thru April 2010 and paid her a salary of $34,043.45, again without apparent credit.

Bruno's argument concerning the capital payments of the non-subscribing members and the inadequate common benefit fee follows as a matter of simple arithmetic. Jim S. Hall & Associates, LLC is unable to decipher the method used to evaluate credit for shared costs, total costs, as well as total attorney, paralegal and staff hours contributed, and deserves much more transparency in the process employed by the PSC.

The formula used by the PSC to arrive at the common benefit fee distribution, particularly as non-assessments contributions is simply not apparent by the end result, and deserves full review by this Court. Just as the Motion to Approve Common Benefit Fee Allocation was recently unsealed, the method employed by the PSC to react its less than unanimous recommendation should also be shown the light of day.

**V.      Conclusion**

The assessments paid by non-PSC members, specifically Jim S. Hall & Associates, LLC, were necessary and important to the prosecution of this litigation and ultimately obtaining a common benefit fee. Undersigned paid $244,375.00., which is 3.83% of the total assessments paid, and received only 0.7% of the fee award. It is clear that 0.7% of the fee award unfairly devalues the import of the capital infusion from Jim S. Hall & Associates, LLC as a "subscribing member" of the PSC, and could not take into account the costs and staff contributions of Jim S. Hall & Associates, LLC or over 11,500 staff hours and $34,043.45 direct salary paid for the common benefit.

Jim S. Hall & Associates, LLC suggests its share of the fee allocation should be at least double .7% or 1.4% to even approach a fair allocation.

Respectfully Submitted:

**JIM S. HALL & ASSOCIATES**

  /s/ Jim S. Hall
**JIM S. HALL (Bar No: 21644)**
**JOSEPH W. RAUSCH (Bar No: 11394)**
800 N. Causeway Blvd., Suite 100
Metairie, LA 70001
Telephone: 504-832-3000
Facsimile: 504-832-1799
Email: jim@jimshall.com
         joe@jimshall.com

3

**CERTIFICATE OF SERVICE**

I do hereby certify that I have on the 13th day of November, 2012, electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

    /s/ Jim S. Hall

**JIM S. HALL**