UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 07-1873 |
| FORMALDEHYDE | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION "N-5" |
| | * | |
| PERTAINS TO: *COMMON BENEFIT* | * | JUDGE ENGLEHARDT |
| *FEE APPLICATION* | * | |
| | * | MAGISTRATE JUDGE CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MEMORANDUM IN OPPOSITION BY KEITH A. DOLEY and CATRICE JOHNSON-REID TO MOTION OF CO-LIASON FOR PLAINTIFFS TO APPROVE COMMON BENEFIT FEE ALLOCATION

NOW INTO COURT come KEITH A. DOLEY and CATRICE JOHNSON-REID, a subscribing member unit of the Plaintiff's Steering Committee ("PSC") in the above captioned matter, who opposes the proposed allocation moved for by Co-Liaison Counsel and certain PSC members on the grounds that it unfairly compensates Keith A. Doley and Catrice Johnson-Reid for common benefit contribution of capital and staff.

**I.    Relative Financial Contribution of PSC and Non-PSC to the Common Benefit Fund**

The undersigned paid $172,775.00[1] in common benefit assessments as "subscribing member" of the PSC in furtherance of this litigation. In total, "subscribing members" of the PSC contributed $2,298,400.00

---

[1]    Co-Liaison Counsel's *Proposed Common Benefit Fee Allocation*, at Exhibit B, "FEMA – Assessment Paid" reports that the undersigned paid $172,775.00.

towards costs and expenses of this litigation. This amount represents 36.028% of the $6,379,449.10 in total common benefit assessments. However, non-PSC members[2] were allocated only 4.80% ($297,415.68) of the total common benefit fee award of $6,196,159.95.[3]

## II. The Allocation Methodology Unfairly Discounts Capital Contributions

The comparison of financial contributions (via assessments) and common benefit fee allocations, it is apparent that the allocation methodology **heavily** discounts the importance of capital contributions to this litigation. The fact is clearly stated in the numbers: non-PSC members contributed 36.028% of the capital, and received only 4.80% of the common benefit fee. It is suggested to this Honorable Court that the 4.80% recovery to non-PSC members unfairly discounts the importance of capital contributions in complex litigation.

## III. Importance of Capital Contributions in Complex Litigation

The importance of capital to the contributions in complex litigation cannot be over emphasized. Without significant capital infusion, there are no experts, no consultants, and no prospect for a successful case. The PSC in this case evidence their recognition of the need for an additional

---

[2] The law firm of Rodney & Etter is not reflected in the *Proposed Common Benefit Fee Allocation*, Exhibit B, "FEMA – Assessments Paid" as a "subscribing member". Therefore, recipients of proposed common benefit fee allocations are styled as PSC and non-PSC, rather than PSC and "subscribing member".

[3] The combined FEMA Assessment figures and common benefit percentages are derived from a comparison of Exhibit "B", "FEMA – Assessments Paid" to Exhibit E "Common Benefit Fee Allocation Proposal."

infusion in capital by opening up their case to "subscribing members" and including that group for capital contributions, which were paid by "subscribing members."

The outflow of common benefit work in this case is controlled by the PSC, as it is in virtually every class action. The PSC maintains both the discretion to call for assessments from "Subscribing members", and the discretion to assign common benefit work – the only two means of generating interest in a common benefit fee award. Because "subscribing members" do not control the amount of common benefit work assigned to them, if any, their only avenue to contribute to the case is through payment of assessments. Therefore, the devaluation of capital contributions under the allocation methodology unfairly prejudices non-PSC "subscribing members".

**IV.** **Contributions of Staff**

Keith A. Doley and Catrice Johnson-Reid employed full-time personnel to work at the FEMA trailer office when asked by the PSC to do so. Keith A. Doley and Catrice Johnson-Reid monitored this case by attending Status Conferences held with the court; been in attendance at all Committee meetings, either in-person or via telephone; reviewed all pleadings filed in this matter; attended hearings and trials. Our office was

prepared to assist at any hearing or trial held in this matter if asked to participate by the PSC as it did when asked for assistance in the FEMA trailer office.

## V.     Conclusion

The assessments paid by the non-PSC members, specifically Keith A. Doley and Catrice Johnson-Reid, were necessary and important to the prosecution of this litigation and ultimately obtaining a common benefit fee. Undersigned paid $172,775.00, which is 2.755% of the total assessments paid, and received only 0.1% of the fee award. For perspective, 2.755% of the total fee award is $175,774.00, and 0.10% is $6,196.16. It is clear that 0.1% of the fee award unfairly devalues the import of capital from Keith A. Doley and Catrice Johnson-Reid as a "subscribing member" of the PSC.

                              RESPECTFULLY SUBMITTED:

                              /s/ Catrice Johnson-Reid
                              KEITH A. DOLEY, LSBA # 18187
                              CATRICE A. JOHNSON-REID, LSBA # 24475
                              ATTORNEYS AT LAW
                              1554 NORTH BROAD STREET
                              NEW ORLEANS, LOUISIANA 70119
                              TELEPHONE: (504) 943-7071
                              FACSIMILE: (504) 945-4184
                              EMAIL: kadoley@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above Memorandum In Opposition has been served upon all counsel of record by electronic notice via the Court's CM/ECF electronic filing system this November 14, 2012.

*/s/ Catrice Johnson-Reid*
CATRICE JOHNSON-REID