

# Denis E. Vega, ESQ

4505 Gary Mikel Avenue
Metairie, Louisiana 70002

Denis E. Vega, Esq.*
*Admitted in Louisiana*
*Admitted in Mississippi*

October 17, 2012

Re:   FEMA Trailer Formaldehyde Products Liability Litigation

(Eastern District of Louisiana MDL 1873)

Narrative Regarding Claim for Common Benefit Fees

Judge Engelhardt,

My name is Denis E, Vega and I am submitting this narrative in an effort to assist the Court in accurately compensating the individuals whose efforts advanced the "common benefit" of the participants in the above referenced matter.

As a general consideration, I respectfully request that the Court consider paying (directly) to me an additional percentage of fees based on the difference between:

**(1) My hourly rate of compensation: $20.19 per hour, and**

**(2) The rate of compensation submitted to the MDL on my behalf.**

**\*\* Another suggestion to the Court is that an additional $20.19 per hour be awarded for every hour submitted.**

Although I <u>do have complete records</u> of the number of hours worked (and billed), I <u>do not have in my possession</u> the rate of compensation billed to MDL on my behalf. I imagine, however, that the rate is significantly higher than $40.38 ($20.19 + $20.19)

**Justification for the Rate Submitted.**

Let me be clear, I certainly do not have an issue with the aggregate hourly rate charged to the MDL (number unknown) for my involvement. In justification of the submitted rate of compensation I offer the following:

**(1) I have been a practicing attorney for over Ten (10) years, and**

**(2) I am licensed to practice in both Louisiana and Mississippi.**

---

Phone: (504) 913-8342        Facsimile (504) 324-0868        vegaholdings@gmail.com

**BACKGROUND:**

In early October, 2008, I began working full-time as an attorney with the Plaintiff Steering Committee ("PSC") based primarily at the "Claims Office." As a direct employee of the PSC, I was compensated $20.19 for every hour worked. (Approximately $40,000.00 annually).

Even though the rate of compensation was approximately one-half (1/2) to one-third (1/3) of what an attorney with my experience and licenses would normally demand (Approximately $80,000.00 to $120,000.00), I accepted the position both because:

**(1) It provided an opportunity to work directly for the PSC, and**

**(2) It provided an opportunity to receive additional compensation based on performance at the conclusion of the litigation.**

As part of my hiring, I was provided with an employment contract and informed that a minimum of one (1) year of full time performance was a prerequisite for additional compensation eligibility. My employment which started in October, 2008 ended in April, 2010 when the Claims Office was closed. I worked for the PSC in total approximately 16 months.

**Scope of Work Common Benefit Time:**

All of the time worked on the MDL has been previously submitted to Bourgeois Bennet Accounting Firm. Although the Court should have an accurate accounting of the time submitted, as referenced above, I have duplicate copies of the submissions and can provide same to the Court if requested.

Though specifically detailed in the submitted time sheets, the following is a thumbnail of various tasks performed for the PSC (Common Benefit Time):

1. Client intake and Fact Sheet Completion;

2. Form 95 Completion and Submission;

3. Client Screening for Bellwether Trial Participation;

4. Client Interview and Background Evaluation;

5. Medical Records Requests and Review (trial participants);

6. Assistance in Mock Jury Trials (Gulfstream and Forest River Trials);

7. Answering Discovery Requests (Fleetwood, Forest River, and Jayco Trials);

8. Reviewing and Summarizing Depositions (Multiple Trials);

9. Meeting with Bellwether Trial Candidates (Various issues)

10. Reviewing Jury Questionnaires (Forest River and Jayco SJT);

11. Assisting in Selection of Jury Members (Forest River and Jayco SJT);

12. Reviewing an Editing Video Deposition Transcripts (Forest River and Jayco SJT);

13. Assisting in Trial Preparation, Exhibits, and Etc. (Forest River and Jayco SJT); and

14. Performing Multiple Other Tasks as Requested by PSC Firms.

**SUMMARY:**

It is my position that the above stated support (as evidenced through time sheets submitted through the PSC) reflects the efforts made to further the Formaldehyde Litigation and worked to the "Common Benefit" of all claimants. As such, I respectfully requests that the Court consider awarding compensation to reflect these efforts.

As discussed above, I respectfully request that the Court consider paying (directly) to me an additional percentage of fees based on the difference between:

**(1) My hourly rate of compensation: $20.19 per hour, and**

**(2) The rate of compensation submitted to the MDL on my behalf.**

<u>An alternative method of calculation would be to simply provide an additional $20.19 per hour for every hour submitted</u>. The remaining portion of the submitted compensation would go to reimburse the PSC for the compensation previously provided and as profit.

If you have any questions, please feel free to contact me directly (504) 913-8342

With kindest regards, I remain

Sincerely

Denis E. Vega, Esq.