UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                                          MDL NO. 07-1873
      FORMALDEHYDE PRODUCTS
      LIABILITY LITIGATION
                                                  SECTION "N"  (4)

THIS DOCUMENT RELATES TO
ALL CASES

## ORDER APPOINTING SPECIAL MASTER

On November 13, 2012, the Court issued a show cause order notifying counsel of the Court's intent to appoint a special master to render a report and recommendation regarding the allocation of common benefit attorney fees. *See* Rec. Doc. 25947, as supplemented in Rec. Doc. 25968 and 25969. Having weighed the objections thereto (*see* Rec. Docs. 25954, 25974, 25986, and statements contained in 25961-1), as discussed below, the Court has determined that appointment of a special master is warranted to assist in determining the allocation of common benefit attorneys fees. Accordingly, for the following reasons, pursuant to Rule 53, the inherent authority of the Court, and the class settlement documents agreed to by the parties,

**IT IS ORDERED** that F. A. Little, Jr., retired United States District Judge of Alexandria, Louisiana, is hereby **APPOINTED** Special Master in this matter, to perform services in connection with the allocation of common benefit attorney fees, as set forth below.

## I. BACKGROUND:

On September 27, 2012, after fairness hearings, the Court issued a Final Order and Judgment approving the manufacturer class settlement (Rec. Doc. 25887), a Final Order and Judgment approving the contractor class settlement (Rec. Doc. 25888), an Order granting the PSC's Motion to Approve Deduction of Common Benefit Fees and Expenses from Manufacturer

Class Settlement Fund (Rec. Doc. 25885), and an Order granting the PSC's Motion to Approve Deduction of Common Benefit Fees and Expenses from Contractor Class Settlement Fund (Rec. Doc. 25886).  Shortly thereafter, on October 3, 2012, with regard to the PSC's individual settlements with manufacturers who did not join in the class settlement, the Court issued an Order granting the PSC's Motion to Approve Deduction of Common Benefit Fees and Expenses from Non-Class Manufacturer Settlement Funds (Rec. Doc. 25900).

With regard to the Manufacturer Class Settlement, the Court ordered the CADA to deduct 28.5% of the settlement fund, *i.e.*, $10,678,543.64, for the payment of all legal fees, allocating 14.25% of  settlement fund, *i.e.*, the total amount of $5,339,271.82, for the payment of common benefit fees, and the same amount of $5,339,271.82 for the payment of individual attorney fees.  *See* Rec. Doc. 25885.  With regard to the Contractor Class Settlement, the Court ordered the CADA to deduct 28.5% of the settlement fund, *i.e.*, $1,461,836.26, for the payment of all legal fees, allocating 14.25% of settlement fund, *i.e.*, the total amount of $730,918.13, for the payment of common benefit fees, and the same amount of $730,918.13 for the payment of individual attorney fees.  *See* Rec. Doc. 25886.  With regard to the Non-Class Manufacturer Settlements, the Court ordered the CADA to deduct 28.5% of the settlement fund, *i.e.*, $251,940.00, for the payment of all legal fees, allocating 14.25% of the settlement fund, *i.e.*, the total amount of $125,970.00, for the payment of common benefit fees, and the same amount of $125,970.00 for the payment of individual attorney fees.  (Rec. Doc. 25900).  In each case, the Court directed the CADA to deposit these funds into an account to be maintained by the CADA pending further orders of this Court, including, as to common benefit fees, further disposition pursuant to a protocol to be approved by the Court for allocation among eligible attorneys and/or

firms.  *See* Rec. Docs. 25885, 25886 and 25900.  Thus, in total, a sum of $6,196,159.95 has been set aside from the settlement funds described above for the payment of common benefit attorney fees (collectively hereinafter, the "Omnibus Common Benefit Attorney Fee Fund").

In the Final Orders and Judgments approving the respective class settlements, the Court awarded attorneys fees in the amounts set forth above and stated:  "The Court, in its discretion, and following review of the recommendations of the PSC *and (as necessary) the Special Master*, shall allocate and distribute this award of Attorneys' Fees... among the PSC and any attorney representing any Class Member.  No further Attorneys' Fees... will be paid to any attorney representing any Class Member."  *See* Rec. Docs. 25887 at 14; Rec. Doc. 25888 at 15 (emphasis added).  This language was submitted to the Court by the parties in a proposed order and judgment attached to their joint motions for final approval of class settlements.  *See* Rec. Docs. 25872-13, 25877-14.

The PSC, however, was unable to reach a unanimous recommendation regarding the allocation of common benefit attorney fees.  Instead, the court-appointed Co-Liaison Counsel for plaintiffs filed one proposal, which was joined by certain PSC members (*see* Rec. Doc. 25933), while other members of the PSC filed a competing proposal.  *See* Rec. Doc. 24932.  In addition, several others plaintiffs' attorneys have filed competing proposals and/or objections to the PSC proposals.  *See* Rec. Docs. 25925, 25928, 25929, 25930, 25936, 25946, 25955, 25961-1.  Supporting affidavits also have been filed separately into the record in connection with the dispute.  *See* Rec. Docs. 25940, 25942, 25959, 25964, 25966, 25976, 25978, 25980, 25982, 25989, and 25991.

The Court now refers the competing proposals and objections to the Special Master,

who will consider the materials in accordance with the Court's procedures and prepare an impartial recommended allocation to the Court. The Court will then take into consideration the competing PSC recommendations, the Special Master's recommendation, and review all materials and objections submitted in connection with those recommendations, to arrive at the Court's own independent final allocation of common benefit attorney's fees.

## II.  OBJECTIONS TO THE APPOINTMENT OF A SPECIAL MASTER:

Four firms have stated objections to the appointment of a special master in connection with the common benefit fee allocation. (Rec. Docs. 25954-1, 25974, 25986, and 25961-1). None objects to the qualifications or suitability of the Court's nominee (F. A. Little, Jr.) for the task, and none questions the legality of the appointment. Rather, the objection lodged by each of these firms is that compensating a special master will reduce the already limited fund available for payment of attorney fees and expenses. As one objector put it: "this debate over how to divide common benefit fees is really a debate over who will lose the most versus who will lose the least." Rec. Doc. 25954-1 at 11. The Court is fully cognizant of the attorneys' plight. The claims in this litigation were costly to prosecute, in terms of both attorney time and expenditures. Plaintiffs' counsel have litigated for several years now without payment, and the amount set aside for common benefit and other attorney fees is limited in comparison to their efforts. Nonetheless, the Court finds that appointment of a special master is necessary if the issue of common benefit allocation is to be addressed in a timely and effective manner.

## III.  SPECIAL MASTER'S DUTIES:

Rule 53(a)(1)(B) of the Federal Rules of Civil Procedure states that the Court may appoint a special master to "hold trial proceedings and make or recommend findings of fact on

issues to be decided by the Court without a jury if appointment is warranted by...the need to perform an accounting or resolve a difficult computation of damages," and Rule 53(a)(1)(C) states that the Court may appoint a special master to address "posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." Accordingly, pursuant to Rule 53, the terms of the class settlement documents described above, and by Order of the Court, Special Master Little shall review any relevant documents, conduct interviews as necessary, and then make recommendations with respect to the allocation of the common benefit fee award in this case. Each of the competing proposals have been filed into the record, as have objections thereto. In addition, each of the common benefit fee applicants has submitted a narrative and supporting affidavit, which also have been filed into the record. However, should the Special Master determine that the record is insufficient and that further evidence is required, he shall have the authority to take and record evidence, including the power to conduct an evidentiary hearing, if he finds one to be necessary.

The Special Master shall submit a written recommendation, with written reasons, as to the percentage amount that each common benefit fee applicant should receive. The recommendation should <u>not</u> refer to the dollar amount of any recommended allocation.

## IV. <u>COMMUNICATIONS WITH THE PARTIES AND THE COURT</u>:

Rule 53(b)(2)(B) directs the Court to set forth "the circumstances, if any, in which the master may communicate ex parte with the court or a party." The Special Master in this fee allocation proceeding may communicate *ex parte* with the Court, without notice to the parties, regarding logistics and the status of his activities. The Special Master may also communicate *ex parte* with any applicant or any applicant's attorney without notice to the parties or the Court.

V. **SPECIAL MASTER'S RECORD**:

Rule 53(b)(2)(C) states that the Court shall define "the nature of the materials to be preserved and filed as the record of the master's activities." The Special Master in this proceeding shall maintain normal billing records of costs incurred and time spent on this matter with reasonably detailed descriptions of his activities.

VI. **REVIEW OF SPECIAL MASTER'S ORDERS**:

Rule 53(b)(2)(D) directs the Court to state "the time limits, method of filing the record, other procedures, and standards for reviewing the master's orders, findings, and recommendations." Pursuant to Rule 53(f)(2), any party may file an objection to any report, ruling, or finding issued by the Special Master in this proceeding within 21 days after it is served. The Court shall, as Rule 53(f)(3) requires, review *de novo* all objections to such reports, rulings, recommendations, or findings.

VII. **COMPENSATION**:

Rule 53(b)(2)(E) states that the Court shall state "the basis, terms, and procedure for fixing the master's compensation." Special Master Little shall be compensated at the rate of $350.00 per hour from the Omnibus Common Benefit Attorney Fee Fund. To assist in these endeavors, the Special Master may, with the consent of the Court, retain any necessary office space, purchase any office supplies and/or equipment, and employ staff and support personnel.

The Special Master shall incur only such fees and expenses as may be reasonably necessary to fulfill his duties under this Order or such other Orders as the Court may issue. The Special Master shall periodically submit itemized statements of fees and expenses to the Court. The Court shall review these statements for regularity and reasonableness, and retain them for

record.  The Special Master shall attach a summary statement to each of his itemized statements. The Special Master may also seek and obtain reimbursement for support personnel or overhead with the Court's approval.

New Orleans, Louisiana, this 13th day of December, 2012.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**