UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | MDL No. 1873 |
| | SECTION N(5) |
| | JUDGE ENGELHARDT |
| THIS DOCUMENT RELATES TO ALL CASES | MAGISTRATE CHASEZ |

### MEMORANDUM IN SUPPORT OF JOINT MOTION FOR APPOINTMENT OF SPECIAL MASTER

The Plaintiffs' Steering Committee (PSC) and defendants Morgan Buildings & Spas, Inc., Morgan Building Systems, Inc., and Morgan Manufacturing Corporation (collectively, Morgan) move the Court for appointment of Daniel Balhoff as Special Master, pursuant to Fed. R. Civ. P. 53. The PSC and Morgan have reached a settlement in this matter and desire that a Special Master be appointed to allocate and distribute the settlement funds. The PSC and Morgan also desire that a Disbursing Agent (CADA) be named and charged with the responsibility of managing, accounting for, and disbursing funds from the Morgan settlement fund. The PSC and Morgan suggest that the firm of Postlethwaite & Netterville be appointed as the CADA considering its extensive and competent experience in performing such tasks.

On April 26, 2012, Morgan was granted leave to deposit the settlement funds in the Court's registry. (R. Doc. 25428). On May 9, 2012, Morgan deposited the settlement funds in the Court's registry (Morgan Settlement Fund). The deposit of the PSC/Morgan settlement funds was accomplished under seal, pursuant to this Court's order. (*See* R. Doc. 25427).

408753.1

1

I.  **A Special Master Should Be Appointed**

To avoid potential or actual conflicts of interests concerning the binding allocation of settlement funds to individual claimants, the PSC and Morgan move for Mr. Balhoff's appointment as Special Master. The PSC and Morgan request that the Special Master be vested with decisional authority concerning the allocation and distribution of the settlement funds. Specifically, the PSC and Morgan move that:

1. The Special Master shall be responsible for, and shall develop and implement a protocol for, the allocations of the settlement fund resulting from the PSC/Morgan settlement;

2. The Special Master shall be responsible for, and shall have the authority to engage appropriate support personnel to assist in ,the development and implementation of a protocol for the allocation of the settlement fund resulting from the PSC/Morgan settlement;

3. The Special Master may communicate *ex parte* with the Court, with the attorneys, or with the parties, without providing notice to the attorneys or the parties;

4. The Special Master may submit to the Court periodic reports with respect to the administration and management of the PSC/Morgan settlement allocation activities;

5. The Special Master shall be empowered to make recommendations regarding the amounts to be allocated to claimants in connection with the referenced settlement, which recommendations shall be subject to review by this Court but without further recourse on appeal, pursuant to the terms and conditions of the parties' settlement agreement;

6. All allocation decisions and recommendations rendered by the Special Master shall be in writing and shall be made of record;

7. The Special Master shall maintain the records upon which he bases his recommendations at his office, which is located at 2141 Quail Run Drive, Baton Rouge, LA, and shall make those records available for inspection by the attorneys upon reasonable advance notice;

8. The Special Master shall be vested with all powers incidental to the accomplishment of the duties outlined above;

9.  The Special Master shall proceed with all reasonable diligence in accomplishing the duties outlined above; and

10. The Special Master and his staff shall be compensated from the PSC/Morgan settlement fund at the following rates: Special Master Daniel J. Balhoff: $275.00 per hour; Deputy Special Master Randi S. Ellis: $250.00 per hour; and paralegals: $75.00 per hour, all of which charges shall be billed on a monthly basis against the funds in the Court's registry.

Mr. Balhoff was previously appointed as Special Master by this Court to facilitate settlement discussions between the parties to this MDL, among other duties. Therefore, the PSC and Morgan suggest that it is right and appropriate to appoint Mr. Balhoff as Special Master to determine the allocation and effect the distribution of the PSC/Morgan settlement funds.

## II.  A Disbursing Agent Should Be Appointed

In connection with the settlement agreement reached between the PSC and Morgan, it is necessary and appropriate for the Court to appoint a disbursing agent who is charged with the responsibility to managing, accounting for, and disbursing funds from the Morgan settlement fund. The PSC and Morgan suggests that Postlethwaite & Netterville (P&N) be appointed as the CADA. P&N was previously appointed by the Court as the CADA for the Fleetwood settlement and the parties refer the court to Attachment 1 to the PSC Motion for Appointment of Disbursing Agent and Data Management Consultant (R. Doc. 15065-2), for a description of services provided by P&N. Therefore, the PSC and Morgan suggest that it is right and appropriate to appoint P&N as the CADA for the PSC/Morgan settlement.

Under the terms of the PSC/Morgan settlement, the charges of the CADA will be paid from the Morgan Settlement Funds.

### III. Conclusion

Accordingly, the Plaintiffs' Steering Committee and defendants Morgan Buildings & Spas, Inc., Morgan Building Systems, Inc., and Morgan Manufacturing Corporation move the Court for appointment of Daniel Balhoff as Special Master, pursuant to Fed. R. Civ. P. 53, and for the appointment of Postlethwaite & Netterville as the CADA.

                         Respectfully submitted:

                         FEMA TRAILER FORMALDEHYDE PRODUCT
                         LIABILITY LITIGATION CO-LIAISON
                         COUNSEL

                         BY: *s/Gerald E. Meunier*
                         GERALD E. MEUNIER, #9471
                         PLAINTIFFS' CO-LIAISON COUNSEL
                         Gainsburgh, Benjamin, David, Meunier &
                         Warshauer, L.L.C.
                         2800 Energy Centre, 1100 Poydras Street
                         New Orleans, Louisiana 70163
                         Telephone: 504/522-2304
                         Facsimile: 504/528-9973
                         gmeunier@gainsben.com

                         *s/Justin I. Woods*
                         JUSTIN I. WOODS, #24713
                         PLAINTIFFS' CO-LIAISON COUNSEL
                         Gainsburgh, Benjamin, David, Meunier &
                         Warshauer, L.L.C.
                         2800 Energy Centre, 1100 Poydras Street
                         New Orleans, Louisiana 70163
                         Telephone: 504/522-2304
                         Facsimile: 504/528-9973
                         jwoods@gainsben.com

COURT-APPOINTED PLAINTIFFS' STEERING COMMITTEE:

ANTHONY BUZBEE, Texas # 24001820
ROBERT M. BECNEL, #14072
RAUL BENCOMO, #2932
FRANK D'AMICO, JR., #17519
MATT MORELAND, #24567
DENNIS REICH, Texas #16739600
MIKAL C. WATTS, Texas #20981820
ROBERT C. HILLIARD, Texas # 09677700

Respectfully submitted,

/s/ Amanda S. Stout
Christine Lipsey (La. Bar Roll No. 1182), T.A.
Dan E. West (La. Bar Roll No. 13372)
Amanda S. Stout (La. Bar Roll No. 29001)
McGLINCHEY STAFFORD, PLLC
One American Place, 14th floor
Baton Rouge, Louisiana 70825
Telephone: (225) 383-9000
Facsimile: (225) 343-3076

ATTORNEYS FOR MORGAN BUILDINGS & SPAS, INC., MORGAN BUILDING SYSTEMS, INC., AND MORGAN MANUFACTURING CORPORATION

## CERTIFICATE

I certify that, on December 19, 2012, a copy of this pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all liaison counsel by operation of the court's CM/ECF system and by electronic mail. I further certify that I had permission to affix opposing counsel's electronic signature to this pleading.

/s/ Amanda S. Stout
Amanda S. Stout

408753.1