UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER                             MDL NO. 07-1873
FORMALDEHYDE PRODUCTS
LIABILITY LITIGATION                            SECTION "N" (4)

THIS DOCUMENT RELATES TO ALL CASES

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CASE MANAGEMENT ORDER

This Case Management Order will govern these proceedings.

1.

All attorneys claiming eligibility for common benefit funds ("applicants") shall file into the record of this case and serve upon the Special Master and all other common benefit fund applicants on or before **6 February 2013**, an affidavit ("common benefit fund affidavit") based upon personal knowledge of the common benefit work for which the affiant seeks payment from the fund. The affidavit shall, with particularity, list the services performed for the common benefit of the class, recite a description of the services performed, the number of hours spent in such common benefit service, the number of cases the common benefit counsel applicant contributed to the class action, and all reasons that the applicant asserts qualifies the applicant for common benefit funds.

-1-

The affidavit shall include, but is not limited to, a discussion of the following factors:

a.  A brief resume of counsel's experience pertinent to this matter;

b.  The time and labor expended; specifically the total number of substantive hours related to assigned/authorized work;

c.  Preclusion of other employment due to participation in the matter;

d.  The number of status conferences and meetings attended involving meaningful participation. (Mere attendance at meetings or hearings by lawyers, associates and paralegals who did not advance common benefit efforts should be discounted);

e.  Direct and meaningful participation in discovery efforts;

f.  Direct and meaningful participation in retaining and working with experts;

g.  Direct and meaningful participation in preparing pleadings, handling motion practice and conducting legal research;

h.  Direct and meaningful participation in committee leadership positions;

i.  Direct and meaningful participation in committee infrastructure and organizational issues;

j.  Direct and meaningful participation in developing the litigation strategy and coordinating all litigation efforts;

k.  Direct and meaningful participation in developing claims that needed to be asserted, developing damages and planning settlement strategy;

l.  Direct and meaningful participation in consummating, structuring and memorializing the settlement from the initial Memorandum of Understanding to the final judicial approval;

m.  Hearing presentations;

n.  Use of firm staff and office facilities in connection with handling common benefit matters;

Counsel shall attach, as numbered exhibits, all documentation necessary to support the requested common benefit fund allocation.

-3-

Counsel shall state the amount requested and the requested percentage of the mass subject to distribution.

Affidavits made "to the best knowledge and belief" will be rejected.

The submission of a common benefit fund affidavit constitutes agreement that such affidavit is part of the record.

The court wishes to avoid duplication. Should any attorney assert that the documentation contemplated by this Order has been filed in this record, that attorney may cite this court to the document filing number and date of filing. Moreover, should any attorney wish to augment a previously filed document, then that augmentation must reference the document number and date of filing of the document subject to the augmentation.

2.

No later than **thirty (30)** days after the service of the common benefit fund affidavits, common benefit fund applicants may file into the record of this case, and serve upon the Special Master and each common benefit fund applicant, any challenges in the form of an affidavit ("challenge affidavits") to any common benefit fund affidavit. Such challenge affidavits must state the substance and the specific grounds for the challenge and the facts upon which the challenge is made.

If a challenger requires additional information to complete a challenge, the challenger must state with specificity what information is needed and the reason(s) such information is needed.

The submission of a challenge affidavit constitutes agreement that such affidavits are part of the record.

Costs will be assessed against any common benefit or challenge affiant whose claim or challenge is determined to be without merit.

3.

No later than **five (5)** days after the service fo the challenge affidavits, any party may serve written discovery permitted by this Order. The failure to request discovery within the time period constitutes a waiver of written discovery.

4.

Any common benefit applicant or challenger may serve upon any other applicant written discovery in the form of **five (5)** written interrogatories (including sub-parts) and **two (2)** requests for production of documents.

The Special Master shall be served with all discovery.

Such written discovery must be answered without objection within **fourteen (14)** days of service.

5.

Any applicant may request depositions by letter directed to the Special Master and all applicants no later than **five (5)** days from the completion of written discovery. No formal notice is necessary. **One (1)** deposition of each applicant is permitted. Each such deposition shall be attended by the Special Master. The Special Master shall publish a schedule of the dates of such depositions after review of the number of depositions requested.

At such depositions, there shall be appointed **one (1)** principal questioner selected by the attorneys (or the Special Master if counsel cannot agree on the choice of the questioner) who elect to take a particular deposition. Only non-duplicative follow-up questions are permitted. The Special Master is permitted to ask questions.

Depositions are limited to **two (2)** hours, including breaks, unless good cause is shown at the

deposition to extend the deposition. Deponent, if unrepresented by counsel, may make a short statement in response to the questions, but such statement is limited to **fifteen (15)** minutes. If deponent has counsel present, questioning of the deponent by deponent's counsel is limited to **fifteen (15)** minutes, unless good cause is shown to extend such time.

All objections, except to the form of the question, are reserved until the deposition is sought to be used at a trial/hearing. Only **one (1)** applicant/counsel designated by those attending shall make objections. Objections made by one counsel are considered to have been made by all.

All deposition discovery must be completed **ninety (90) days** from the end of the written discovery period.

Applicants and challengers may submit a supplemental common benefit fund affidavit and supplemental challenge affidavit within **ten (10)** days of the date of the last deposition. Supplemental affidavits are limited to **three (3)** double spaced pages.

6.

The Special Master may schedule a mediation at any point in these proceedings.

The Special Master welcomes the request for an unrecorded settlement conference. Such a conference will be held in New Orleans, Louisiana upon the Special Master's receipt of a request for a conference from 85% of the common benefit applicants. The Special Master reserves the right to deny the request for a conference should the request be received beyond **thirty (30)** days from the filing of this Order. Every effort will be made by the Special Master to avoid time consuming and costly procedures.

7.

After the conclusion of discovery, the Special Master will file a Preliminary Report containing proposed allocations, reasons for those allocations and appropriate findings of fact and conclusions of law.

The Special Master will notify applicants and challengers of the need for additional information or records prior to the issuance of the Preliminary Report.

8.

Objections to the Special Master's Preliminary Report shall be made within **ten (10)** days of the date of the record filing of the Special Master's Preliminary Report. Such objections shall state the objections to the Preliminary Report with specificity, including the reasons and the grounds for the objection and the facts supporting the objections.

Objections to the Special Master's Preliminary Report shall be filed into the record, served upon the Special Master and all other applicants and challengers.

Submission of objections to the Preliminary Report constitutes agreement that such objections are part of the record.

9.

After receipt of the objections to the Special Master's Preliminary Report, the special Master shall conduct a hearing, if necessary, to include testimony and argument on the applications, objections and challenges. The purpose of the hearing is to develop fully the record in preparation for the issuance of the special Master's Final report and appeal to the district judge and the U.S. Court of Appeals for the Fifth Circuit.

All applicants shall have the right to representation by counsel and to call and question witnesses. Applicants or their counsel shall be permitted to present testimony in support of an

application and in support of challenges to applications. Applicants may present testimony diectly either in narrative form, or if an applicant has retained counsel, by question and answer method. Cross-examination shall be permitted, but **one (1)** cross-examiner shall be selected by the participants for cross-examination in chief. Only follow-up cross-examination will be permitted at the discretion of the Special Master. All testimony will be given under oath.

The Special Master is permitted to question any witness and to call witnesses.

The Special Master will conduct the hearing in the same fashion as all hearings are conducted in federal court. Grandstanding and barracking will not be allowed.

10.

After the hearing on the Preliminary Report, the Special Master will issue a Final Report to include final allocations, reasons for allocations and appropriate findings of fact and conclusions of law.

Signed at Alexandria, Louisiana this 21 day of December, 2012, and filed electronically the same date in the United States Federal District Court for the Eastern District of Louisiana.

_____
**F.A. LITTLE, JR., SPECIAL MASTER**
United States Federal District Judge
Western District of Louisiana (Ret.)