UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER                           MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                  SECTION "N-5"

                                              JUDGE ENGELHARDT
                                              MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO ALL CASES

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## ORDER

Considering the foregoing Motion,

**IT IS ORDERED** that the PSC Motion of Dismissal Pursuant to Sun Valley Inc. d/b/a:

Sun-Lite Settlement (Rec. Doc. _____) is hereby **GRANTED. Accordingly,**

**IT IS FURTHER ORDERED** that, pursuant to the settlement agreement entered into

between certain plaintiffs and Sun Valley Inc. d/b/a: Sun-Lite and its insurers, Colony National

Insurance Company and Westchester Surplus Lines Insurance Company,

   (a)    any and all claims, suits or actions against Sun Valley Inc. d/b/a: Sun-Lite
          currently filed or are to be filed in or transferred into this MDL, as well as any
          and all other claims, causes of action and lawsuits against Sun Valley Inc. d/b/a:
          Sun-Lite arising out of the travel trailer, mobile home, manufactured housing
          units, and/or park models used as FEMA housing, or arising out of related
          claims of formaldehyde exposure, which have not been transferred yet into the
          MDL; and

   (b)    any and all claims, suits or actions filed against Sun Valley Inc. d/b/a: Sun-
          Lite's insurers under the Louisiana Direct Action Statute ("Direct Action
          Cases") or similar statute, and either currently pending in the MDL or to be
          filed in or transferred to MDL

are hereby dismissed with prejudice, each party to bear its own litigation costs;

**IT IS FURTHER ORDERED** that claims against the above-listed defendants and/or

insurers which are made or asserted by or on behalf of any plaintiffs in any action transferred into this MDL after the date of this Order, as well as claims against the above-listed defendants and/or insurers by or on behalf of any plaintiff hereafter matched as an occupant to an emergency housing unit manufactured by one or more of the above-listed settling defendant manufacturers, will be subject to dismissal with prejudice on the presentation of the appropriate motion confirming any such plaintiff's participation in the Special Master's protocol for the allocation and distribution of funds in connection with the above settlement; and

**IT IS FINALLY ORDERED**, more specifically, that the claims of plaintiffs in these proceedings against any of the above-listed defendants and/or insurers in the actions listed and identified on Exhibit A attached hereto, are hereby dismissed with prejudice, each party to bear its own litigation costs.

A motion for reconsideration of this Order, if any, must be filed within ten days of the date this Order is entered by the Clerk of Court.  The motion must be accompanied by opposition memorandum to the original motion.  Because a motion for reconsideration would not have been necessary had a timely opposition memorandum been filed, the costs incurred in connection with the motion, including attorneys' fees, will be assessed against the party moving for reconsideration.  *See* FED. R. CIV. P. 16, 83.  A statement of costs conforming to Local Rule 54.3 shall be submitted by all parties desiring to be awarded costs and attorneys' fees no later than eight days prior to the hearing of the motion for reconsideration.

THIS DONE the _____ day of _____, 2013, New Orleans, Louisiana.


_____
            HONORABLE KURT D. ENGELHARDT