**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**FILED**

**JUN -6 2013**

**WILLIAM W. BLEVINS**
**CLERK**

# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 9, 2013

No. 12-30635

Lyle W. Cayce
Clerk

D.C. Docket No. 2:07-MD-1873

In Re: FEMA Trailer Formaldehyde Products Liability Litigation (Louisiana Plaintiffs)
-----------------------------------------
DECARLO MCGUIRE; KEVIN RODNEY; MARSHALL STEVENSON, JR., individually and on behalf of his minor children, Marshall F. Stevenson, III and Lyndsay Stevenson; LYNDA WARD STEVENSON, inidividually and on behalf of her minor children, Marshall F. Stevenson, III and Lyndsay Stevenson; LORENZA MELANCON; ET AL,

       Plaintiffs - Appellants

v.

UNITED STATES OF AMERICA,

       Defendant - Appellee

Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans

Before REAVLEY, JOLLY, and SMITH, Circuit Judges.

## J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is affirmed.

IT IS FURTHER ORDERED that plaintiffs-appellants pay to defendant-appellee the costs on appeal to be taxed by the Clerk of this Court.

A True Copy
Attest

ISSUED AS MANDATE: 0 3 JUN 2013

Clerk, U.S. Court of Appeals, Fifth Circuit

By: _____
          Deputy

New Orleans, Louisiana

0 3 JUN 2013

Fee _____
Process _____
X Dktd _____
CtRmDep _____
Doc. No. _____

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

# FILED

April 9, 2013

No. 12-30635

Lyle W. Cayce
Clerk

In Re: FEMA Trailer Formaldehyde
Products Liability Litigation (Louisiana Plaintiffs)

--------------------------------------------------------------------------------

DECARLO MCGUIRE; KEVIN RODNEY;
MARSHALL STEVENSON, JR., Individually and on Behalf of
His Minor Children, Marshall F. Stevenson, III and Lyndsay Stevenson;
LYNDA WARD STEVENSON, Individually and on Behalf of
Her Minor Children, Marshall F. Stevenson, III and Lyndsay Stevenson;
LORENZA MELANCON; et al.,

Plaintiffs–Appellants,

versus

UNITED STATES OF AMERICA,

Defendant–Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana

No. 12-30635

Before REAVLEY, JOLLY, and SMITH, Circuit Judges.

PER CURIAM:

This matter arises from the multidistrict litigation ("MDL"), *In re FEMA Trailer Formaldehyde Products Liability Litigation*, MDL No. 07-1873. Although the MDL included plaintiffs from Alabama, Mississippi, Texas, and Louisiana, this appeal involves only the Louisiana plaintiffs (hereinafter "plaintiffs"). "All actions centralized in the MDL share factual questions relating to allegations that the [Emergency Housing Units ("EHUs")] provided by [the Federal Emergency Management Agency ("FEMA")] in response to Hurricanes Katrina and Rita contained materials which emit dangerous levels of formaldehyde." *In re FEMA Trailer Formaldehyde Products Liability Litig.* ("*FEMA Trailer I*"), 668 F.3d 281, 285 (5th Cir. 2012) (Alabama and Mississippi plaintiffs). We incorporate by reference the factual background, *id.* at 284–85.

In three separate orders, the district court dismissed the claims for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). As noted in *FEMA Trailer I*, 668 F.3d at 286, we review *de novo* a dismissal for lack of subject-matter jurisdiction. The plaintiffs must demonstrate that this court has "the statutory or constitutional power to adjudicate the claim." *Id.* (internal quotations and citations omitted). As we already exhaustively explained, *id.* at 287, this case turns on whether subject-matter jurisdiction exists under the Federal Tort Claims Act ("FTCA").

First, the plaintiffs appeal the dismissal of their negligence claims relating to the government's selection and distribution of portable trailers as emergency housing.[1]   The district court held that those claims fell under the FTCA's discretionary-function exception, which provides that sovereign immunity is not

---

[1] This issue was not appealed in *FEMA Trailer I*.

waived for discretionary acts and decisions.[2]

Whether the discretionary exception applies involves a two-part inquiry. First, the act must "involve an element of judgment or choice."[3] This first part is met "[i]f a statute, regulation, or policy leaves it to a federal agency or employee to determine when and how to take action[.]" *Freeman*, 556 F.3d at 337. Second, the challenged conduct must involve "governmental actions and decisions based on considerations of public policy." *Gaubert*, 499 U.S. at 323 (quoting *Berkovitz*, 486 U.S. at 537). The second part of the inquiry asks "not whether the decision maker 'in fact engaged in a policy analysis when reaching his decision but instead whether his decision was susceptible to policy analysis.'"[4]

The government made a choice both to provide housing assistance and to utilize travel trailers as EHUs, satisfying the first part of the test, because FEMA "was under no contractual or legal obligation, under the Stafford Act or other federal legislation, to provide the EHUs to disaster victims in response to the disasters."[5] Also, the decision of what would provide the safest, most feasible, convenient, and readily available housing assistance was grounded in "social, economic, and political policy," meeting the second part of the test.

---

[2] 28 U.S.C. § 2680(a); *Freeman v. United States*, 556 F.3d 326, 335 (5th Cir. 2009). In addition, though the Robert T. Stafford Disaster Relief and Emergency Assistance Act ("Stafford Act"), 42 U.S.C. §§ 5121–5208, does not contain a separate waiver of sovereign immunity, it has a discretionary-function exception with the same meaning as the FTCA exception. 42 U.S.C. § 5148; *St. Tammany Parish ex rel. Davis v. FEMA*, 556 F.3d 307, 319 (5th Cir. 2009).

[3] *United States v. Gaubert*, 499 U.S. 315, 322 (1991) (quoting *Berkovitz v. United States*, 486 U.S. 531, 536 (1988)) (internal quotations, alternations, and citations omitted).

[4] *In re Katrina Canal Breaches Litig.*, 696 F.3d 436, 449 (5th Cir. 2012) (quoting *Spotts v. United States*, 613 F.3d 559, 572 (5th Cir. 2010)).

[5] *FEMA Trailer I*, 668 F.3d at 290; *see also* 42 U.S.C. § 5174(b); *Ridgely v. FEMA*, 512 F.3d 727, 736 (5th Cir. 2008) (holding that both the Stafford Act and FEMA's implementing regulations are written in permissive terms as to the provision and type of housing assistance); 44 C.F.R. §§ 206.101(g), 206.113(a), 206.114(a).

No. 12-30635

*Berkovitz*, 486 U.S. at 537 (quoting *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 814 (1984)). With the understanding that FEMA was only supplying temporary housing, and based upon the express preference of state and local officials to allow people to remain near their houses, FEMA made the policy judgment that providing travel trailers was the best response to the immediate housing crisis. "Under the second prong of the *Berkovitz* test, we hold that the government's decisions about when, where, and how to allocate limited resources within the exigencies of an emergency are the types of decisions that the discretionary function exception was designed to shelter from suit." *Freeman*, 556 F.3d at 340. The district court did not err in holding that negligence claims regarding the use of EHUs were barred by the discretionary-function exception.

The plaintiffs also appeal the dismissal of their claims that FEMA negligently responded to formaldehyde complaints. Under the FTCA, "the Government can only be held liable to the extent that a private individual or a business entity could be held liable under similar circumstances under the laws where the act or omission occurred." *FEMA Trailer I*, 668 F.3d at 289. In *FEMA Trailer I*, we upheld the dismissal of negligent response claims, because Alabama and Mississippi Good Samaritan provisions precluded liability. *Id.* at 287–90. Because the Louisiana Good Samaritan provision of the Louisiana Homeland Security and Emergency Assistance and Disaster Act ("LHSEADA"), LA. REV. STAT. ANN. § 29:733.1 (2006), like the Alabama and Mississippi laws, negates negligence liability for an individual "who, (1) voluntarily, (2) without compensation, (3) allows his property or premises to be used as shelter during or in recovery from a natural disaster," we apply the analysis of *FEMA Trailer I*, 668 F.3d at 289, and affirm.

Finally, the Louisiana plaintiffs appeal the dismissal of their claims of

No. 12-30635

gross negligence.[6] Those claims are not barred by the LHSEADA Good Samaritan provision, which extends immunity except in cases involving "gross negligence or the willful and wanton misconduct of the [owner.]" § 29:733.1. The district court dismissed these remaining claims however, under the misrepresentation exception to the FTCA, 28 U.S.C. § 2680(h), which exempts, among other things, "[a]ny claim arising out of . . . misrepresentation, deceit, or interference with contract rights[.]"

To apply this exception, "we determine whether 'the chain of causation' from the alleged negligence to the injury depends upon a misrepresentation by a government agent."[7] We look to the underlying conduct rather than the appellants' pleading. *Life Partners*, 650 F.3d at 1032. "[T]he essence of an action for misrepresentation, whether negligent or intentional, is the communication of misinformation on which the recipient relies." *Block v. Neal*, 460 U.S. 289, 296 (1983).

Claims of gross negligence for FEMA's alleged material omission of the formaldehyde risk fall under the misrepresentation exception. According to the plaintiffs, FEMA's failure to publicize and take action on information it received relating to formaldehyde levels and occupant risk was the proximate cause of the injuries suffered.

The judgment of dismissal is AFFIRMED.

---

[6] This court in *FEMA Trailer I*, 668 F.3d at 290 n.6, declined to discuss claims of willful misconduct, because the Mississippi and Alabama plaintiffs failed to preserve the argument.

[7] *Life Partners Inc. v. United States*, 650 F.3d 1026, 1031 (5th Cir. 2011), *cert. denied*, 132 S. Ct. 1104 (2012). The second inquiry when applying the misrepresentation exception is whether there is an independent federal cause of action that waives sovereign immunity for these type of damages. *Commercial Union Ins. Co. v. United States*, 928 F.2d 176, 179 (5th Cir. 1991). The plaintiffs do not present an alternative ground for waiver of sovereign immunity.