UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL NO. 07-1873<br><br>SECTION "N-5"<br><br>JUDGE ENGELHARDT<br>MAG. JUDGE CHASEZ |

THIS DOCUMENT IS RELATED TO ALL CASES

# Special Master's Supplemental Recommendations Concerning Enhancement Awards

On December 21, 2011, the Court ordered the parties to this litigation to engage in settlement discussions. Rec. Doc. 23958. In the following months, the undersigned (along with his partner, John Perry) mediated settlement negotiations on a defendant-by-defendant basis. Most of the defendants settled, but a few did not. The undersigned (in his role as Special Master) asked the plaintiffs to identify candidates for enhancement awards. The purpose of these awards was not to compensate the recipients for damages (medical or otherwise); instead, the purpose was to reimburse the recipients for effort that they may have expended in helping the attorneys litigate the lawsuit. 4 Newberg on Class Actions § 11:38 (4th ed.). For instance, recipients of enhancement awards in this case included bellwether plaintiffs, class representatives, and deponents. Rec. Doc. 25881. The time and effort that these people expended at the request of their lawyers helped the cause of all of the plaintiffs, and therefore justified an award from the general settlement fund (i.e., which was taxed against all of the plaintiffs). Again, these enhancement awards were not in the nature of a tort recovery. This is apparent from the Special Master's recommendations, which did not even

reference the medical bills or injuries of the various recipients as criteria for determining the amount of the awards. The Court approved the enhancement awards that the undersigned recommended (Rec. Docs. 25887 and 25888; no one objected to or appealed the Court's two judgments on this subject), and in the Special Master's opinion those amounts are now due and owing.[1]

After most manufacturers settled in early 2012, the Court began to schedule trial dates for the nonsettling defendants, which necessitated that many of the remaining plaintiffs submit to depositions and independent medical examinations. The remaining manufacturers ultimately settled.

At the Special Master's request, plaintiffs' counsel have now submitted candidates for enhancement awards with respect to the more recent settlements. These awards would serve the purpose of reimbursing those plaintiffs who, at the request of their attorneys, submitted themselves to depositions or independent medical examinations. As was the case with the previous candidates for enhancement awards, these individuals expended time and effort which benefitted the larger group (albeit a smaller universe of claimants than the first recipients of enhancement awards). Furthermore, as was the case with the previous enhancement awards, these awards will not take into account the recipients' tort damages (such as medical bills).

The Special Master has concluded that any member of this newer group should receive an enhancement award of $250 if he or she submitted to a deposition, and an additional $250 if he or she submitted to an independent medical examination. A listing of the recipients together with their suggested awards is included as Exhibit 1.[2]

---

[1] Counsel for the Plaintiffs' Steering Committee has recently contacted the Special Master and requested payment of the enhancement awards.

[2] Exhibit 1 includes *all* persons who are to receive enhancement awards, including those persons who are to receive enhancement awards pursuant to the Court's September 27, 2012

As Exhibit 1 shows, the total payout for the enhancement awards will be $101,400, a relatively small portion of the entire settlement fund. The Special Master recommends that the Court direct the CADA to pay these awards at this time.[3] These awards, which are being reduced to a dollar amount (as opposed to the point amount which is described in the Court-approved methodology), are unlike the awards that are grounded in the various claimants' tort claims (the compensatory awards). Those compensatory awards, which are being allocated in accordance with a Court-approved methodology, will be finally determined and distributed only after the Special Master conducts an objection process and all Court orders have been satisfied.

The Special Master has circulated this document to liaison counsel. It is his understanding that plaintiffs' liaison do not object. It is furthermore his understanding that some defendants may object.[4]

Baton Rouge, Louisiana, this 11th day of June, 2013.

s/Daniel J. Balhoff
Daniel J. Balhoff (#18776)
Randi S. Ellis (#25251)

---

judgments. Therefore, Exhibit 1 must be read in tandem with Rec. Doc. 25881. The persons receiving enhancement awards pursuant to Rec. Doc. 25881 are not intended to receive duplicate awards as a result of these supplemental recommendations. The cumulative enhancement award to which a person is entitled due to the September 27, 2012 judgments and the instant recommendations is indicated in the column entitled "Total Enhancement Award" in Exhibit 1.

[3] The Special Master believes that the enhancement awards that were the subject of the Court's two September 27, 2012 judgments are due and owing without the need of a further order.

[4] The Special Master has also reviewed these recommendations with the Lien Resolution Administrator, who has determined that the enhancement awards do not implicate any liens that governmental health care organizations such as Medicare or Medicaid might have. See Exhibit 2.