

EXHIBIT
4

jwoods@gainsben.com     Authenticated by vsn.voltage.com   Valid Signature

| | |
|---|---|
| **From:** | sduever@garretsongroup.com |
| **To:** | jwoods@gainsben.com, gmeunier@gainsben.com |
| **Sent:** | Mar 22, 2013 10:00:42 AM PDT |
| **Subject:** | FW: FEMA Waiver Request |

Below is Mississippi's agreement to waive recovery.

---

**Scott Duever, Mass Tort Program Manager**
**Garretson Resolution Group**

2115 Rexford Road | Charlotte, NC 28211
Phone: 704.559.4300 | Fax: 704.559.4331
www.garretsongroup.com

---

**From:** Ben Downing
**Sent:** Monday, February 25, 2013 10:48 AM
**To:** Scott Duever
**Subject:** FW: FEMA Waiver Request

FEMA Consolidated: Mississippi Waiver

---

BENJAMIN DOWNING, J.D.
AGENCY OPERATIONS
Garretson Resolution Group

2115 Rexford Road, 4th floor | Charlotte, NC 28211
Phone: 704.559.4300 | Fax: 704.559.4331
www.garretsongroup.com

---

**From:** Raquel Ramseur
**Sent:** Monday, February 25, 2013 10:43 AM
**To:** Ben Downing
**Subject:** FW: FEMA Waiver Request

Please see MS Agreement below. Is there a file on the T: Drive where you would like for me to store the response?
Raquel

**From:** fran.ingram@medicaid.ms.gov [mailto:fran.ingram@medicaid.ms.gov]
**Sent:** Friday, February 22, 2013 5:49 PM
**To:** Raquel Ramseur

Subject: RE: FEMA Waiver Request

Hi Raquel,

I have finally had an opportunity to review this matter. The Mississippi Division of Medicaid is agreeable to a waiver of these claims with the understanding that we will be contacted upon settlement of the extraordinary claims so Medicaid can determine if we have a claim against that portion of the settlement.

Thanks for your patience!
Fran Ingram

From: rramseur@garretsongroup.com
Sent: Feb 14, 2013 1:18:24 PM EST
To: Fran.Ingram@medicaid.ms.gov
Subject: FEMA Waiver Request

Hi Fran,

Please review the information attached and submit a response by Friday, February 15, 2013. If you foresee there being any issues with the requested date of return please contact me so we can properly notify the Law Firms.

Kindest regard,

_____
RAQUEL RAMSEUR, AGENCY OPERATIONS ASSOCIATE
Garretson Resolution Group

2115 Rexford Road, Fourth Floor | Charlotte, NC 28211
Phone: 704.559.4300 | Fax: 704-367-5111
www.garretsongroup.com

From: Raquel Ramseur
Sent: Wednesday, February 06, 2013 12:01 PM
To: Fran.Ingram@medicaid.ms.gov
Subject: RE: FEMA Waiver Request
Importance: High

Hi Fran,

I hope your week has gotten off to a great start. Please review the waiver request below and provide a response by Friday, February 8, 2013. Feel free to contact me with questions regarding the request below.

Kindest regard,
Raquel

From: Raquel Ramseur
Sent: Tuesday, January 29, 2013 12:01 PM
To: Fran.Ingram@medicaid.ms.gov
Subject: FEMA Waiver Request

https://ApItage-na-0000.len-unitage.com/candar/by/AppPilur/adarraQdDDDDbadabPlut-na7741010700.UCLAD-AID.

Hi Fran,

Garretson Resolution Group ("GRG") has been engaged as Lien Resolution Administrator for *In Re: FEMA Trailer Formaldehyde Products Liability Litigation*. As such, GRG is working to address potential Medicaid-related liens in conjunction with the settlement. We have approached your Medicaid agency on two previous inventory settlements originating from this litigation, the Fleetwood Trailer and Manufactured Housing Defendants settlements, to secure a waiver of interest. The current settlement, **FEMA Consolidated**, is a group of more than 20 of the remaining manufacturers and contractors who have agreed to settle claims for compensation for involvement with the alleged formaldehyde exposure due to habitation of trailers after Hurricane Katrina. Judge Engelhardt approved the class settlements involving these manufacturers and contractors on September 27, 2012. As was a condition of the previous settlements, the issue of possible Medicaid liens must be resolved prior to the distribution of any proceeds from the settlement funds. GRG again considers a waiver of interest to be the most effective, timely and equitable approach to resolving potential lien obligations reimbursable to Medicare and the state Medicaid agencies.

The attached memorandum SpecialMaster_ConsolidatedSettlementMethodology, prepared by the court-appointed Special Master Dan Balhoff Esq., details claimant population and intended settlement fund allocation methodology to be used. The total settlement fund as of January 11th is the gross amount of $43,481,824.00. The Court-Appointed Disbursing Agent ("CADA") has assisted the Special Master in claimant and award projections. The current estimate is that the final approved claimant count for FEMA Consolidated will be between 75,000 and 90,000 claimants. Mississippi is estimated to have 35.57% of the claimant population. The expected maximum gross award any one claimant may receive is $1,300.00. Using the estimated claimant count range, the CADA has calculated the projected total net award per claimant, thereby the average net award will be $301.47 with 75,000 approved claimants and $251.23 if there are 90,000 approved claimants.

As with the previous two settlements, award eligibility determination and allocation does not take medical damages into consideration. One reason for the decided methodology is due to the causation/ liability obstacles present in the exposure claims. The proof required for award on a claim against a FEMA Consolidated manufacturer is simple evidence of habitation in that defendant's trailer. The duration of habitation will not matter. Also, each claimant will receive an equal share paid from the contractor settlement fund.

- **Enhancement Awards** – There is a very small group of claimants who will receive Enhancement Awards due to their more extensive involvement in the litigation as either a class representative, a named bellweather claimant and/or participating in a deposition. The Enhancement Awards will range from $750.00 to $10,000.00. The attached court document details those claimants, their involvement and expected enhanced award. The additional compensation does not contemplate medical damages.

- **Extraordinary Claims** – The Special Master has reserved authority to recommend additional awards for extraordinary claims, however, he is currently aware of less than five claimants that may fall into this category. The extraordinary claims are likely to be for AML or nasopharyngeal ca