EXHIBIT
5

DEPARTMENT OF HEALTH & HUMAN SERVICES
Centers for Medicare & Medicaid Services
7500 Security Boulevard, Mail Stop C3-14-16
Baltimore, Maryland 21244-1850



CMS
CENTERS FOR MEDICARE & MEDICAID SERVICES
OFFICE OF FINANCIAL MANAGEMENT

**Financial Services Group**

AUG 16 2012

Mr. Jason Wolf
President
Garretson Firm Resolution Group
2115 Rexford Road, Suite 400
Charlotte, NC 28211

    Re: FEMA Trailer Formaldehyde Products Liability Litigation – All Settlements Excluding the Fleetwood Settlement

Dear Mr. Wolf:

This letter applies to all settlements for In Re: FEMA Trailer Formaldehyde Products Liability Litigation, United States District Court, Eastern District of Louisiana, MDL No. 1873 *except* the Fleetwood Settlement. (The Centers for Medicare & Medicaid Services (CMS) already resolved its interest in the Fleetwood Settlement with its August 31, 2011 letter entitled "FEMA Trailer Formaldehyde Products Liability Litigation, U.S.D.C., E.D. LA, MDL No. 1873—Fleetwood Settlement".) For ease of reference, the remaining settlements will be referred to in this letter as "FEMA Formaldehyde."

We have reviewed a number of documents related to FEMA Formadehyde. Documents included the Third Amended Supplemental Administrative Master Complaint; the Order Appointing Liason Counsel and Committees; the Final Order, Judgment and Reasons; the Special Master's Recommendations on Methodology; and certain other documents found at the MDL website http://www.laed.uscourts.gov/FEMA07md1873/FEMAtrailer.htm.

The CMS has learned that FEMA Formaldehyde encompasses more than 50,000 claimants suing in over 4,000 cases against approximately 67 defendants. The Special Master, Dan Balhoff, has indicated that a single claimant will be limited to participating in two settlements related to FEMA Formaldehyde, one being a "manufacturer settlement" and the other a "supplier/installer settlement." The defendants generally are being grouped as "home manufacturers," "trailer manufacturers," or "suppliers/installers."

The following points apply to this matter:

- In general, CMS will not assert a Medicare Secondary Payer (MSP) Part A and/or Part B fee-for-service recovery claim against Medicare beneficiary awards for FEMA Formaldehyde where a Medicare beneficiary's aggregate awards do not exceed $1,000.

    - The CMS reserves the right to pursue potential recovery where an individual beneficiary's awards aggregate in excess of $1,000.

Page 2 - Mr. Jason Wolf

- As part of CMS' global resolution efforts with the Garretson Firm Resolution Group (GFRG) for FEMA Formaldehyde, GFRG has established a quarterly monitoring process of FEMA Formaldehyde awards. (This quarterly monitoring process is not related to Section 111 reporting in any way and should not be construed in such manner.)

- The CMS requests that the claims for individual FEMA Formaldehyde plaintiffs not be self-identified to CMS' Coordination of Benefits Contractor (COBC) or CMS' MSP Recovery Contractor (MSPRC). GFRG has assured CMS that any Medicare beneficiary involved in FEMA Formaldehyde has not self-reported and will not self-report. In the event that GFRG learns that beneficiaries have been self-reported, GFRG will notify CMS immediately.

- Settlements, judgments, awards, or other payments are not to be reported pursuant to the mandatory MSP reporting provisions in Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007 (42 USC 1395y(b)(8)).

    o Section 111 Responsible Reporting Entities may rely upon this document for proof of Section 111 compliance with respect to the FEMA Formaldehyde settlements, judgments, awards, or other payments. GFRG has guaranteed it will furnish this letter to all FEMA Formaldehyde defendants within 14 days of the date of this letter.

- This letter does not set a precedent or model for any other settlements, judgments, awards, or other payments.

Sincerely,

Barbara Wright

Barbara Wright
Senior Technical Advisor
Division of Medicare Debt Management

## Palmer Lambert

**From:** Scott Duever <sduever@garretsongroup.com>
**Sent:** Tuesday, June 11, 2013 4:58 PM
**To:** Palmer Lambert
**Cc:** Member GEM; Denise Martin; jwoods@wbw-law.com
**Subject:** Medicare Letter

Palmer,

In reference to the conditional waiver letter of August 16, 2012 from CMS, the phrase "aggregate awards" is understood to mean a claimant's award net of fees and costs.

Thank you,

---

**Scott Duever, Mass Tort Program Manager**
Garretson Resolution Group

2115 Rexford Road | Charlotte, NC 28211
Phone: 704.559.4300 | Fax: 704.559.4331
www.garretsongroup.com

This transmission is intended for the sole use of the individual or entity to whom it is addressed, and may contain information that is privileged, confidential and/or exempt from disclosure under applicable law. You are hereby notified that any dissemination, distribution or duplication of this transmission by someone other than the intended addressee or its designated agent is strictly prohibited. If your receipt of this transmission is in error, please notify the Garretson Resolution Group immediately by calling 1-888-556-7526, or by reply to this transmission.