UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL NO. 1873<br><br>SECTION "N" (4) |
| This applies to: | ) ) | JUDGE ENGELHARDT |
| *All Cases* | ) | MAGISTRATE CHASEZ |

**CERTAIN DEFENDANTS' RESPONSE TO SPECIAL MASTER'S MOTION FOR COURT APPROVAL AND ADOPTION OF SUPPLEMENTAL RECOMMENDATION CONCERNING ENHANCEMENT AWARDS**

The Undersigned Defendants ("Defendants") submit this response to the motion recently filed by the Court's special master, Dan Balhoff.[1] In it, Mr. Balhoff requests approval to make additional "enhancement awards" to certain named plaintiffs. Balhoff also seeks permission to have these payments made *now*, rather than when the special master makes payments to all the eligible claimants under the procedure previously approved by the Court.

To be clear, Defendants have no objection to the special master making enhancement payments to certain plaintiffs or to the amount of those payments. Defendants' concern is simply whether the special master should make these

---

[1] Rec. Doc. No. 26058.

{B0877214.1}                                               1


enhancement payments now, given the provisions of the Stipulations of Settlement signed by the parties and adopted by the Court on September 27, 2012.[2]

The Settling Defendants anticipated that the Lien Resolution Administrator ("LRA") hired by the PSC would either obtain a blanket waiver of any federal or state statutory liens and/or resolve any individual liens that might be asserted. As part of that process, the Stipulations of Settlement specifically provided that the LRA would identify for the Settling Defendants those plaintiffs who have statutory liens and then certify to the Settling Defendants the amounts needed to resolve any such liens or the holdback amounts agreed to by the federal Center for Medicare Services and/or the appropriate state agencies.[3] The final lien amount and/or the holdback "which is applied, shall be paid from Class Benefits prior to disbursement of any Class Benefits."

The Stipulations of Settlement went further to provide that the Special Master would not disburse *any* funds to eligible claimants until the Settling Defendants received satisfactory proof that all Medicare and Medicaid lien and/or reimbursement rights for all claimants had been satisfied. This requirement was provided in Section XIV (E) of the agreement.[4]

---

[2]*See* Rec. Doc. No. 25887, p. 2 (manufacturers) and Rec. Doc. 25888, p.2 (contractors).

[3] Rec. Doc. No. 25226-1, p. 34 (manufacturers) and Rec. Doc. 25647-1, p.34 (contractors).

[4] Rec. Doc. No. 25226-1, p. 34 (manufacturers) and Rec. Doc. 25647-1, p.34 (contractors).

As of the date of this response, the LRA has not yet completed the lien resolution process in several respects:

 (a) First, while the LRA has obtained blanket lien waivers from the states of Texas, Alabama, and Louisiana, the LRA has only obtained conditional waivers from CMS and the state of Mississippi. Those conditional waivers provide that both CMS and Mississippi reserve the right to assert a lien and/or seek reimbursement for any payments over $1,000.

 (b) Second, the LRA has not provided the information and certifications to the Settling Defendants required by Section XIV (D) of the agreements.

The special master attached to his motion an email from the LRA opining that the proposed enhancement payments would not be subject to a Medicare recovery claim. The email does not cite any support for the opinion or address whether the payments would be subject to a reimbursement claim by the State of Mississippi.

The special master has not offered any explanation or justification for making these advanced payments, and simply states that he believes they are "due and owing" at this time.[5] The Undersigned Defendants are not aware of any reasons

---

[5] The special master cites the Court's September 27, 2012 judgment approving the proposed class settlement as support for this statement. The Court's judgment simply adopted the special master's initial recommendation on enhancement awards. *See* Rec. Doc. No. 25877, p. 14 (manufacturers) and Rec. Doc.

{B0877214.1} 3

why the special master should make the enhancement payments now, rather than on the schedule contemplated by the Stipulations of Settlement.

Allowing the special master to make these payments could be prejudicial to the Undersigned Defendants for a number of reasons, including the following:

- Making advance payments is not consistent with the terms of the Stipulations of Settlement signed by the parties and adopted by the Court;
- The special master has not identified (nor has the LRA) whether the individual plaintiffs at issue, including several plaintiffs associated with the Undersigned Defendants or other related entities who are set to receive enhancement payments, are subject to potential reimbursement claims;
- While the special master and LRA are of the opinion that none of the enhancement awards will be subject to reimbursement claims, this outcome is not certain, and the Undersigned Defendants could face potential claims from CMS or the State of Mississippi; and
- Because the LRA has not yet identified which other claimants will receive awards and because the special master has not yet determined the amounts these claimants will receive, the Undersigned Defendants cannot determine whether other claims paid for Defendants or other related entities are subject to potential reimbursement claims.

---

No. 25888, p. 16 (contractors).  Neither document addressed the timing of such payments.

{B0877214.1}   4

As discussed above, the Undersigned Defendants are not opposed to the concept of enhancement awards. They simply request that the Court deny the special master's request at this time, allowing him to re-urge it after the process provided in the Stipulations of Settlement agreement concerning lien resolution, has been completed.

Respectfully submitted,

*s/Ryan E. Johnson*
_____
James C. Percy (La. Bar No. 10413)
Ryan E. Johnson (La. Bar No. 26352)
JONES WALKER LLP
8555 United Plaza Blvd., 5th floor
Building Four
Baton Rouge, LA  70809
Telephone: (225) 248-2000
Facsimile:  (225) 248-3080
jpercy@joneswalker.com
rjohnson@joneswalker.com

**ATTORNEYS FOR DEFENDANT KEYSTONE RV COMPANY AND KZRV, LP**

-and-

BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC

*s/ M. David Kurtz*
_____
ROY C. CHEATWOOD, T.A. (La. Bar #04010)
M. DAVID KURTZ (La. Bar #23821)
KAREN KALER WHITFIELD (La. Bar #19350)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone:  (504) 566-5200

Facsimile: (504) 636-4000

***ATTORNEYS FOR SHAW ENVIRONMENTAL, INC.***

-and-

BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.

*s/Gerardo R. Barrios*
_____
GERARDO R. BARRIOS (La. Bar #21223)
BEATRIZ Q. RICHMOND (La. Bar #33336)
No. 3 Sanctuary Boulevard, Suite 201
Mandeville, LA  70471
Telephone: (985) 819-8400
Facsimile: (985) 819-8484
gbarrios@bakerdonelson.com

***ATTORNEYS FOR
CH2M HILL CONSTRUCTORS, INC.***

-and-

**MIDDLEBERG, RIDDLE & GIANNA**

*s/ Richard A. Sherburne, Jr.*
_____
Dominic J. Gianna (La. Bar #6063)
Lezly L. Petrovich (La. Bar #25825)
201 St. Charles Avenue, Suite 3100
New Orleans, Louisiana 70170
Telephone: (504) 525-7200
Facsimile: (504) 581-5983
-and-
Richard A. Sherburne, Jr. (La. Bar #2106)
450 Laurel Street, Suite 1400
Baton Rouge, Louisiana 70801
Telephone: (225) 379-3456
Facsimile: (225) 344-1132

***ATTORNEYS FOR FLUOR ENTERPRISES, INC.***

{B0877214.1}                              6

-and-

DUPLASS, ZWAIN, BOURGEOIS,
PFISTER & WEINSTOCK

s/ *Andrew Weinstock*
_____
Andrew D. Weinstock (La. Bar #18495)
Joseph G. Glass (La. Bar #25397)
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
Telephone: (504) 832-3700
Fax: (504) 837-3119
*andreww@duplass.com*
*jglass@duplass.com*

-and-

SCANDURRO & LAYRISSON
TIMOTHY D. SCANDURRO (La. Bar #18424)
DEWEY M. SCANDURRO (La. Bar #23291)
607 St. Charles Avenue
New Orleans, LA 70130
Telephone: (504) 522-7100
*tim@scanlayr.com*
*dewey@scanlayr.com*

***ATTORNEYS FOR GULF STREAM COACH, INC.***

-and-

s/ *Randall C. Mulcahy*
_____
LYON H. GARRISON, Bar No. 19591
SCOTT P. YOUNT, Bar No. 22679
RANDALL C. MULCAHY, Bar No. 26436
DARRIN L. FORTE, Bar No. 26885
KELLY M. MORTON, Bar No. 30645
GARRISON, YOUNT, FORTE
 MULCAHY & LEHNER, LLC
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112

Telephone: (504) 527-0680
Facsimile: (504) 527-0686
*rmulcahy@garrisonyount.com*

**ATTORNEYS FOR DEFENDANTS, CRUISER RV, LLC, FRONTIER RV, INC., PLAY'MOR TRAILERS, INC., RECREATION BY DESIGN, LLC, AND TL INDUSTRIES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this day, a true and correct copy of the foregoing pleading was filed electronically using the CM/ECF system. Notice of this filing will be sent to all known counsel, via liaison counsel, by operation of the court's electronic filing system.

Baton Rouge, Louisiana, this 18th day of June, 2013.

*s/Ryan E. Johnson*
_____
Ryan E. Johnson