```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


IN RE:  FEMA TRAILER FORMALDEHYDE    *    Docket MDL 1873
        PRODUCTS LIABILITY           *
        LITIGATION                   *    Section N
                                     *
This Document Relates to All Cases   *    July 15, 2011
* * * * * * * * * * * * * * * * * *


                 TRANSCRIPT OF STATUS CONFERENCE
             BEFORE THE HONORABLE KURT D. ENGELHARDT
                   UNITED STATES DISTRICT JUDGE
```

APPEARANCES:

| | |
|---|---|
| For the Plaintiffs: | Gainsburgh Benjamin David<br>  Meunier & Warshauer, LLC<br>BY:  JUSTIN I. WOODS, ESQ.<br>1100 Poydras Street, Suite 2800<br>New Orleans, Louisiana 70163 |
| For the Defendants: | Duplass Zwain Bourgeois<br>  Morton Pfister & Weinstock, APLC<br>BY:  ANDREW D. WEINSTOCK, ESQ.<br>3838 N. Causeway Blvd., Suite 2900<br>Metairie, Louisiana 70002 |
| Official Court Reporter: | Toni Doyle Tusa, CCR, FCRR<br>500 Poydras Street, Room HB-406<br>New Orleans, Louisiana 70130<br>(504) 589-7778<br>Toni_Tusa@laed.uscourts.gov |

Proceedings recorded by mechanical stenography; transcript produced by computer.

**PROCEEDINGS**

**(June 15, 2011)**

**THE COURT:**  You may be seated.

First of all, I apologize for the short delay in starting at 10 minutes after 10:00, but we did accomplish a lot this morning with the committees, so let's go ahead and begin.

Mr. Woods, if you would like to go ahead and start.

**MR. WOODS:**  Thank you.  Good morning, Your Honor.

**THE COURT:**  Good morning.

**MR. WOODS:**  We have prepared a draft of Joint Report 24.  We had an earlier conference.  There will be several edits to it before we present one final joint report for filing into the Court's record.

As we begin, in Section I, a report of claims and case inventory, the PLC and the manufacturing defendants' liaison counsel report that there are an estimated 5,000 actions that are still currently pending and transferred into this MDL.

In Section II entitled "Plaintiff Fact Sheets," and for all plaintiff counsel present, there's still the requirement to comply with Pretrial Order 2 and Pretrial Order 32, but there is also now a Pretrial Order 88.  We ask that all plaintiff counsel present pay particular attention to Pretrial Order 88 because there are certain deadlines and

```
10:13   1   requirements in that that will lead us to a development of a
10:13   2   key field database.
10:13   3               In Pretrial Order 88, there is a deadline by
10:13   4   which all plaintiff counsel are to provide to Mikal Watts, a
10:13   5   member of the PSC, all of their PFS's for each of their
10:13   6   clients.  We want to make sure that all plaintiff counsel are
10:13   7   aware that they are to send not the original but to scan onto a
10:13   8   CD or DVD the PFS's of their clients and to send the PFS along
10:13   9   with any supplements that may have been created that cure
10:13  10   deficiencies.
10:13  11               Although there is a deadline of August 31 by
10:13  12   which that is to take place, we are asking that all plaintiff
10:14  13   counsel begin sending those PFS's now on a rolling basis so
10:14  14   that we are not at a point where we are getting an extreme
10:14  15   volume and it becomes unmanageable.  So we are asking that all
10:14  16   plaintiff counsel, if they are in a position now to send those
10:14  17   PFS's, to start sending them.
10:14  18               **THE COURT:**  In a PDF format?
10:14  19               **MR. WOODS:**  In a PDF format.
10:14  20               **MR. WEINSTOCK:**  Your Honor, to add to that, because
10:14  21   of the deficiency process, we often have two documents, the
10:14  22   original fact sheet, then the deficiency letter comes out and
10:14  23   we get a supplemental or some type of altered document.  It
10:14  24   obviously makes the most sense to combine those into one
10:14  25   document before you send it to Mikal Watts; not the
```

```
10:14    1    information, just PDF all the pages and make that one document.
10:14    2              THE COURT:  Okay.
10:14    3              MR. WOODS:  We will, as liaison counsel, send an
10:14    4    e-mail to all plaintiff counsel detailing that process so that
10:15    5    we can get started on that.
10:15    6              In Section III it details the pending motions,
10:15    7    the motions that are pending before the Court to date.  There
10:15    8    are several motions that have been ruled on that will be
10:15    9    removed from the final joint report, and there are a couple of
10:15   10    motions that do not appear in that particular section that will
10:15   11    be added to the final report.
10:15   12              As discussed in the liaison counsel only
10:15   13    meeting, the Court has ruled -- well, I'm sorry.  Record
10:15   14    Document 20888 has been withdrawn.  Record Document 20889 has
10:15   15    been granted and that is found at Record Document 21915.
10:16   16              THE COURT:  For the record, that one is the 19
10:16   17    plaintiffs' motion for time in the *Gonzales v. Forest River*
10:16   18    matter and the *Henry Davis v. Forest River* matter.
10:16   19              MR. WOODS:  Record Document 22048 has also been
10:16   20    granted and that can be found at Record Document 22185.
10:16   21              THE COURT:  That's a motion to dismiss with prejudice
10:16   22    for failure to comply with Pretrial Order 32 in the
10:16   23    *Cushenberry v. Crum & Forster* matter.
10:16   24              MR. WOODS:  Finally, Record Document 22081 has
10:16   25    likewise been granted and that can be found at 22187.
```

```
10:16   1              THE COURT:  Right.  That's a similar motion,
10:16   2   Miller v. Sun Valley and CH2M HILL.  Okay.  I also would point
10:16   3   out on this list --
10:16   4              I don't know if you were about to say this,
10:16   5   Mr. Woods.  I apologize if you were.
10:16   6              There are two motions that are pending relative
10:17   7   to enjoining state court proceedings in Elkhart, Indiana.  My
10:17   8   understanding from counsel this morning is that those two
10:17   9   motions may shortly be denied as moot based upon communication
10:17  10   with counsel there.  Those would be Record Document 17661 and
10:17  11   Record Document 20861, but they will be in this report because
10:17  12   they are pending.
10:17  13              MR. WOODS:  Yes, Your Honor.  We will notify the
10:17  14   Court as soon as we have further information as to the status
10:17  15   of the state court proceeding in Elkhart County.
10:17  16              Also to be added is Record Document 20669 and
10:18  17   that is the joint motion for the settlement involving the
10:18  18   nonlitigation track.
10:18  19              THE COURT:  That would be the October date set for
10:18  20   hearing; is that correct?
10:18  21              MR. WOODS:  That is actually set for August 22.
10:18  22              THE COURT:  I'm sorry.  Right, that's correct.
10:18  23              MR. WOODS:  That actually brings us into Section IV
10:18  24   entitled "Manufactured Housing Nonlitigation Track."
10:18  25              Notice has been achieved regarding the
```

10:18   1   manufactured housing settlement.  The fairness hearing is
10:18   2   scheduled to commence on August 22 here in this courtroom at
10:18   3   9:00 a.m.
10:18   4            **THE COURT:**  Right.
10:19   5            **MR. WOODS:**  The next section entitled "Matching
10:19   6   Plaintiff to Defendant Manufacturer and FEMA Contractor," we
10:19   7   all know that it's been a tedious task of matching individuals
10:19   8   to particular manufacturers and to contractors.  We have gone
10:19   9   through that process.  The only thing to really additionally
10:19   10  report regarding that process is that PTO 68, which we have
10:19   11  provided to counsel and to the Court, is a master spreadsheet
10:19   12  which contains the matching data.  As liaison counsel, we will
10:19   13  continue to update that spreadsheet and provide those updates
10:19   14  to all counsel as necessary.
10:19   15           Section VI entitled "Bellwether and Summary Jury
10:19   16  Trials," there are currently now two bellwether trials
10:20   17  scheduled.  One is a summary jury trial, the first being the
10:20   18  claims of *Quiniece Lambert-Dolliole v. Jayco*.  That trial is a
10:20   19  summary jury trial scheduled to begin on August 1, 2011, with
10:20   20  Magistrate Judge Sally Shushan presiding as the judge.
10:20   21           **MR. WEINSTOCK:**  That is a summary jury trial.  It
10:20   22  will be a closed courtroom.  The only people permitted in will
10:20   23  be trial team members.
10:20   24           **THE COURT:**  Right.  That one is subject to the
10:20   25  confidentiality provision.

Case 2:07-md-01873-KDE-MBN   Document 26075   Filed 07/03/13   Page 7 of 16

7

10:20  1    There's another hearing?
10:20  2         **MR. WOODS:**  Yes.  There's a second bellwether trial,
10:20  3    which is a full-blown bellwether trial.  It is scheduled to
10:20  4    begin October 17, 2011, here in this courtroom.  The claims of
10:20  5    Charles Marshall will be tried against Sun Valley.
10:20  6         **THE COURT:**  We have a couple of backup plaintiffs in
10:21  7    case anything happens with regard to the Marshall claim.  That
10:21  8    one is a full-blown bellwether trial and will take place here,
10:21  9    which I will handle.
10:21  10        **MR. WOODS:**  If the claims of Charles Marshall are to
10:21  11   be dismissed, then as backup we have Sonya Andrews as the first
10:21  12   replacement bellwether and Laura Demetriace Batiste as the
10:21  13   second replacement bellwether.
10:21  14            At this time the United States is not a
10:21  15   defendant in any of the three actions.  CH2M HILL was the
10:21  16   contractor for the Marshall claims, but CH2M HILL has since
10:21  17   been dismissed.  If Mr. Marshall's claims are dismissed and
10:21  18   Sonya Andrews steps into place as the bellwether plaintiff,
10:21  19   Fluor is the contractor for that replacement bellwether trial.
10:22  20        **THE COURT:**  Okay.  I had mentioned earlier in the
10:22  21   committee meetings that given that we only have these two
10:22  22   remaining bellwether trials, I think it's time for us --
10:22  23   meaning liaison counsel as well the committees, and for that
10:22  24   matter all of you who represent manufacturers or plaintiffs.
10:22  25   There will be further trials set, original jurisdiction trials

```
10:22   1   on the Eastern District docket set, and I intend to set those
10:22   2   at various times during the calendar year of 2012.
10:22   3             I have asked Mr. Woods in particular, since he
10:22   4   has the list of manufacturers and a rough estimate of the
10:22   5   volume of units that were supplied, to give me an updated
10:23   6   version of that list.  With that, I will determine which
10:23   7   manufacturers from this point forward would need to be set for
10:23   8   bellwether trials and then leave it up to you all to not only
10:23   9   identify potential plaintiffs -- when I say "you all," I mean
10:23  10   defense counsel as well as plaintiffs' counsel -- to follow the
10:23  11   procedures we have employed in the past to identify appropriate
10:23  12   plaintiffs for trial.
10:23  13             We'll go ahead and get those calendared on
10:23  14   particular dates, mutually convenient dates, but they will be
10:23  15   at various times during calendar year 2012.  With those claims,
10:23  16   of course, would be the claims against the corresponding
10:23  17   third-party contractor.  Even though we could consider them
10:23  18   bellwethers for purposes of settlement considerations, I'm
10:23  19   starting to view those more as Eastern District, Section N
10:24  20   cases such that they could be calendared on my docket like any
10:24  21   other civil litigation that I have pending on the Section N
10:24  22   docket.
10:24  23             So those cases are going to need to be tried
10:24  24   and/or settled.  Again, John Perry has been appointed the
10:24  25   special master and is there to entertain whatever settlement
```

10:24     1    discussion any particular manufacturer or third-party
10:24     2    contractor might wish to have with regard to a particular
10:24     3    plaintiff or to a group of plaintiffs in globo fashion.
10:24     4              At this point I think the thing to do, from the
10:24     5    Court's point of view, is to start fixing trials, original
10:24     6    jurisdiction claims that can be set for trial here and go
10:24     7    forward such that they can be disposed of on the Court's
10:24     8    docket.  That would be my intent.
10:24     9              As soon as I get the list again, the revised
10:24    10    list, I hope to have something back to you all, let's say, by
10:25    11    maybe the end of August with an intended order of procedure, if
10:25    12    not precise trial dates, but it will set forth which of the
10:25    13    manufacturers would go to trial on which days.
10:25    14              We have had several manufacturers -- I say
10:25    15    "several."  Maybe that's not quite the right word.  We have had
10:25    16    a few manufacturers -- in particular, I think Gulf Stream and
10:25    17    maybe one or two others -- that have had more than one
10:25    18    bellwether experience here in the MDL.  So my focus would be on
10:25    19    a manufacturer who is maybe not one of the high-volume
10:25    20    suppliers but rather one who simply has a case on my Eastern
10:25    21    District docket because those claims have got to be either
10:25    22    tried or settled.  They can't been remanded.  They are original
10:25    23    jurisdiction cases here.  Proper venue is here.
10:25    24              So I would just go ahead and start setting those
10:26    25    for trial and trying them, in which case they would help both

10:26 1 the MDL because it would be another trial result and it would
10:26 2 help my docket because it would be a case on my docket that I
10:26 3 intend to try anyway. So that would be the procedure for 2012.
10:26 4 We will start setting those cases for trial.
10:26 5     The others that are not original jurisdiction
10:26 6 cases and are not appropriately venued in the Eastern District
10:26 7 will probably be given a deadline at which it would be my
10:26 8 intent to proceed, with the MDL court's authority, to begin
10:26 9 remanding those cases to where they came at some point in the
10:26 10 first -- well, without being specific as to dates, sometime in
10:26 11 the first four months of 2012 because I don't think that we can
10:26 12 continuously try bellwether cases against the same
10:26 13 manufacturers that have already had bellwether trials. So
10:26 14 those cases will soon find their way back sometime in the first
10:27 15 part of 2012 to the appropriate venues.
10:27 16     **MR. WOODS:** Just as a footnote to Section VI
10:27 17 regarding the bellwether and summary jury trials, there were
10:27 18 two other trials that appeared in prior joint reports, a trial
10:27 19 involving Coachmen and a trial involving KZ RV. We just want
10:27 20 to report that those have been taken off of the Court's trial
10:27 21 docket pending the finalization of settlement with those two
10:27 22 manufacturers.
10:27 23     **THE COURT:** Okay.
10:27 24     **MR. WOODS:** Section VII entitled "Claims Against the
10:27 25 United States," currently what's pending before the Court or

10:27  1   what remains before the Court now are the gross negligence
10:28  2   claims of Louisiana plaintiffs, FTCA claims.  The claims of
10:28  3   Mississippi and Alabama residents have been dismissed, but
10:28  4   there are appeals pending in the Fifth Circuit.
10:28  5           **THE COURT:**  Right.  The Alabama and Mississippi
10:28  6   claims are currently pending.  I think right now, as I
10:28  7   appreciate it -- and counsel can disagree with me if their
10:28  8   appreciation is different -- the primary focus of claims
10:28  9   against the United States, or maybe more specifically claims
10:28  10  against FEMA as an agency of the United States, is really the
10:28  11  treatment of the immunity statutes by the circuit.
10:28  12          So insofar as the government is concerned right
10:28  13  now, even though the gross negligence claims are still pending
10:28  14  before this Court as part of the MDL at the district court
10:28  15  level, I think the real action with regard to the government
10:29  16  hinges on the circuit's treatment of the Alabama and
10:29  17  Mississippi plaintiffs' claims vis-à-vis the relevant community
10:29  18  statutes under state law.
10:29  19          **MR. WOODS:**  Yes, Your Honor.
10:29  20          Moving on, jumping really to Section IX entitled
10:29  21  "Settlement Claims Against Fleetwood Enterprises," that is a
10:29  22  process that is ongoing.  The special master, Dan Balhoff,
10:29  23  conducted a hearing -- not in this courtroom, but he conducted
10:29  24  a hearing in this courthouse -- on June 28, 2011.  The special
10:29  25  master was unable to resolve the objections of 11 claimants at

10:29  1  that time.

10:29  2  Those 11 claimants have until Monday, July 18,
10:29  3  to file into the record their objections and to provide the
10:30  4  special master with a copy of that objection regarding their
10:30  5  allocation.  The Court will address those objections after the
10:30  6  July 18 submissions.

10:30  7  **THE COURT:**  We will try to do that as promptly as
10:30  8  possible.  My hope is to be able to do that next week;
10:30  9  obviously not Monday, but next week we will try to get
10:30  10  something out.  If there's a maximum of 11 -- of course, we
10:30  11  don't know how much will actually appeal, but there would be a
10:30  12  maximum of 11.

10:30  13  **MR. WOODS:**  Right.  Yes.  We don't have any
10:30  14  information regarding those 11 claimants as of today's date,
10:30  15  but they may take advantage of that by Monday's deadline.

10:30  16  Under the section entitled "Miscellaneous,"
10:30  17  again, John Perry has been appointed as a mediator for purposes
10:31  18  of exploring potential global settlements as to any and all
10:31  19  defendant manufacturers.  We have been in contact with
10:31  20  Mr. Perry, and we are hopefully able to continue to engage his
10:31  21  services with any other manufacturer defendant that wishes to
10:31  22  do so.

10:31  23  **THE COURT:**  The last item, I think, relates to
10:31  24  Mr. Weinstock.  Do you want to cover that or do you want
10:31  25  Mr. Woods to cover it?

10:31  1     **MR. WEINSTOCK:** I'll cover it, Your Honor.
10:31  2          The last item involves those parties who were
10:31  3   never direct defendants in the master amended complaints.
10:31  4   There's been a series of lawsuits filed -- I think by the Bruno
10:31  5   office and the Torres office -- that has brought some
10:31  6   contractors and now what we realize, in discussing this, is
10:31  7   there is also some direct action insurers who were never part
10:31  8   of the master amended complaints and therefore never filed
10:32  9   answers pursuant to PTO 36.
10:32  10         PTO 36 will tell you file your answer to a
10:32  11  master amended complaint and then file a preservation motion to
10:32  12  the underlying cases to preserve your other defenses. That
10:32  13  vehicle is not functional for this purpose because you have
10:32  14  never been served with the master amended complaint.
10:32  15         We are going to ask the Court for a new pretrial
10:32  16  order which would remove the need for you to file an answer at
10:32  17  this time and you can just file your preservation motions to
10:32  18  those underlying complaints, so we won't have 5,000 underlying
10:32  19  answers.
10:32  20         **MR. WOODS:** Your Honor, if I can, if I can just go
10:32  21  back to Section II and just make sure that every plaintiff
10:32  22  lawyer knows there was an issue with our first submission of
10:32  23  Pretrial Order 88, but there was a correction made to it. It's
10:33  24  entitled "Corrected Pretrial Order 88" found at Record Document
10:33  25  22153. It's very, very important to follow Corrected Pretrial

```
10:33    1   Order 88 regarding the information and data that is necessary
10:33    2   to comply with the 23 key questions.
10:33    3           THE COURT:  Right.  With regard to that and with
10:33    4   regard to deadlines -- and I said this this morning in the
10:33    5   committee meeting -- the deadline is simply the last day that
10:33    6   you have to do that.  It does not mean that it is the day to do
10:33    7   it.  If you can get that in sooner, do it sooner.  It will be
10:33    8   immensely helpful to everyone if you can get that information,
10:33    9   if you can get those 23 items in the proper form in because
10:34   10   then it can begin to be processed in the way that the liaison
10:34   11   has suggested that it's going to be done, which means it gets
10:34   12   to the defense counsel quicker, which means that in the grand
10:34   13   scheme of things an attempt at resolution would be sooner
10:34   14   rather than later.
10:34   15                   We are going to ask you to although be mindful
10:34   16   of the deadline, also be aware the sooner you get information
10:34   17   in the better.  As a matter of policy, I would suggest you do
10:34   18   that for everything -- at least everything in my Court -- but
10:34   19   in this process in particular, since we are dealing with a
10:34   20   volume of material that needs to be processed and put into
10:34   21   proper form, get it in sooner rather than later, please.  Don't
10:34   22   wait until the last day.
10:34   23                   Does anyone have any questions, comments, or any
10:34   24   other issues with regard to what Mr. Woods and what
10:35   25   Mr. Weinstock have presented thus far?  Anybody?  Any
```

```
10:35    1   questions?
10:35    2                I will then open the floor to any further
10:35    3   discussion of any new business, new issues, new questions.
10:35    4   Does anybody have anything they would like to offer for
10:35    5   discussion at this point, anybody at all?
10:35    6                Okay.  The next conference that we will have
10:35    7   will be on Friday, September 16, and it will follow the same
10:35    8   time schedule:  8:30 for a conference with liaison counsel and
10:35    9   the committees; 10:00 we will then have our status conference
10:35   10   here, at which time an updated joint report will be presented.
10:35   11   We will follow the same procedure, where any issues that come
10:35   12   up that you would like to discuss or any counsel who's not here
10:35   13   that's involved in the MDL, if they would like to discuss
10:35   14   something, they can attend at that conference on the 16th and
10:36   15   we will take up whatever there is to cover.
10:36   16                Unless anyone has anything else, we can go ahead
10:36   17   and adjourn for today.  I appreciate all the hard work that's
10:36   18   been done, particularly this time, between the last time we had
10:36   19   this conference and this time -- I know we have covered it
10:36   20   fairly quickly here this morning, and probably the amount of
10:36   21   time it has taken to cover it is inversely proportionate to the
10:36   22   amount of work that's been done, particularly with regard to a
10:36   23   resolution on a couple of the manufacturers and some of the
10:36   24   motion practice as well.  So I appreciate all the continued
10:36   25   hard work on this by all counsel.  Thank you all.  We will take
```

```
10:36    1   a short recess and take up the criminal matter.
10:36    2             THE DEPUTY CLERK:  All rise.
10:36    3             (Proceedings adjourned.)
10:36    4                         * * *
         5                       CERTIFICATE
         6        I, Toni Doyle Tusa, CCR, FCRR, Official Court
         7   Reporter for the United States District Court, Eastern District
         8   of Louisiana, do hereby certify that the foregoing is a true
         9   and correct transcript, to the best of my ability and
        10   understanding, from the record of the proceedings in the
        11   above-entitled matter.
        12
        13
        14                              s/ Toni Doyle Tusa
                                        Toni Doyle Tusa, CCR, FCRR
        15                              Official Court Reporter
```