UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER                                  MDL NO. 1873
FORMALDEHYDE
PRODUCT  LIABILITY  LITIGATION                       SECTION  "N-5"

                                                     JUDGE  ENGELHARDT
                                                     MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO ALL CASES
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## ORDER

Considering the foregoing Motion,

**IT IS ORDERED** that the PSC Motion of Dismissal Pursuant to Agbayani Settlement

(Rec. Doc. _____) is hereby **GRANTED.  Accordingly,**

**IT IS FURTHER ORDERED** that, pursuant to the settlement agreement entered into

between certain plaintiffs and Agbayani Construction Corporation ("Agbayani ") and its insurers,

including Zurich American Insurance Company ("ZAIC") and American States Insurance

Company, a member of the Liberty Mutual Group ("ASIC").

(a)     any and all claims, suits or actions against Agbayani currently filed or are to be
        filed in or transferred into this MDL, as well as any and all other claims, causes of
        action and lawsuits against Agbayani arising out of the travel trailer, mobile
        home, manufactured housing units, and/or park models used as FEMA housing,
        or arising out of related claims of formaldehyde exposure, which have not been
        transferred yet into the MDL; and

(b)     any and all claims, suits or actions filed against Agbayani's insurers, including
        ZAIC and ASIC, under the Louisiana Direct Action Statute ("Direct Action
        Cases) or similar statute, and either currently pending in the MDL or to be filed in
        or transferred to MDL are hereby dismissed with prejudice, each party to bear its
        own litigation costs;

**IT IS  FURTHER ORDERED** that claims against the above-listed defendants and/or

insurers which are made or asserted by or on behalf of any plaintiffs in any action transferred

into this MDL after the date of this Order, as well as claims against the above-listed defendant and/or insurers by or on behalf of any plaintiff hereafter matched as an occupant to an emergency housing unit erected or installed by Agbayani will be subject to dismissal with prejudice on the presentation of the appropriate motion confirming <u>any such plaintiff's participation</u> in the Special Master's protocol for the allocation and distribution of funds in connection with the above settlement; and

**IT IS FINALLY ORDERED**, more specifically, that the claims of plaintiffs in these proceedings against Agbayani and/or its insurers in the actions listed and identified on Exhibit A attached hereto, are hereby dismissed with prejudice, each party to bear its own litigation costs.

A motion for reconsideration of this Order, if any, must be filed within ten days of the date this Order is entered by the Clerk of Court.  The motion must be accompanied by opposition memorandum to the original motion.  Because a motion for reconsideration would not have been necessary had a timely opposition memorandum been filed, the costs incurred in connection with the motion, including attorneys' fees, will be assessed against the party moving for reconsideration.  *See* FED. R. CIV. P. 16, 83.  A statement of costs conforming to Local Rule 54.3 shall be submitted by all parties desiring to be awarded costs and attorneys' fees no later than eight days prior to the hearing of the motion for reconsideration.

THIS DONE the _____ day of _____, 2013, New Orleans, Louisiana.


_____
HONORABLE KURT D. ENGELHARDT