

# <u>Memorandum</u>

**TO:**   Daniel J. Balhoff, Special Master

**FROM:** Postlethwaite & Netterville, CADA

**DATE:** September 4, 2013

**RE:**   FEMA Consolidated – Final Objections Report

---

On June 12, 2013, the Court Appointed Disbursing Agent (CADA) disbursed preliminary allocation award letters to claimants with valid mailing information. The award letters contained an estimated allocation amount as well as instructions regarding the appropriate method for submitting an objection to the provided allocation amount and/or the claimant's claim status. Additionally, the CADA supplied each plaintiff attorney firm with an allocation award list of their clients and the clients' corresponding estimated allocation awards. The allocation award lists were provided for attorneys to address deficient contact information, file objections on the client's behalf, and serve as a reference to field client questions and manage client submitted objections. The deadline for a claimant to submit a timely objection was July 12, 2013.

Below the Special Master will find the following:

- CADA's objection processing procedures (Sec. I);
- Explanations of the rationale used to evaluate and categorize submitted objections (Sec. II);
- The evaluation methods implemented to categorize objections (Sec. III); and
- The Special Master's specific rulings on the different categories of objections (Sec. IV)

## I. <u>Objections Processing Overview</u>

The objections process resulted in the receipt of three thousand two hundred fourteen (3,214) objections by the CADA. Objections were submitted directly by claimants and by attorneys via the United States Postal Service (USPS), an online portal, and email. Objections were preliminarily evaluated by the CADA and presented to the Special Master for final review. While the Special Master gave consideration to all objections received, submissions must have included one of the following requirements to be considered for approval:

- Evidence that the claim meets the eligibility requirements for an allocation award as set forth in the *Special Master's Recommendations Concerning Methodology for Disbursing Pending Settlements* (Methodology)[1] **or**
- Substantive information to warrant a change in the claimant's preliminary claim or allocation information.

---

[1] Rec. Doc. 26032-2

Objections without the above referenced requirements were reviewed but generally denied.

## II. Objections Assessment Criteria

The objections analysis and evaluation process included a variety of assessment criteria. The CADA relied on information submitted by attorneys in several forms, including plaintiff fact sheets (PFS), Pre-Trial Order 88 (PTO 88) claims data records, and case filing information.  Reliance on the information submitted by attorneys was a fundamental necessity in order to control administrative expenses and help ensure accuracy of claim information.

### *Reliance on Integrity of Attorney Submissions*

The CADA has relied on plaintiff attorneys to provide various information and key services to assist the CADA in evaluating and processing claims.  Plaintiff attorneys submitted information throughout the claims administration process, including information offered in support of an original claim at the claim-filing stage and in support of an objection, if applicable, at the objections stage.  Some examples of information and assistance provided by plaintiff attorneys include: complete and accurate personal and claim information from clients, including required case filing information, key claim related data, contact information, supporting documentation, etc.

As representatives of their clients and officers of the Court, attorneys are obligated to be truthful in their representation to a tribunal and to correct false statements previously made.[2]  Reliance on information provided by attorneys on behalf of their clients as truthful and correct, has allowed the CADA to analyze the information submitted at face-value and to resolve the issues presented in an orderly and timely manner, in an overall effort to preserve the funds available for claimant recovery.

### *PTO 88 Claimant List*

Plaintiff's counsel was required "to provide the Court...data files listing the number of plaintiffs with cases filed against each defendant..."via Plaintiff Fact Sheets.[3] Subsequently, Pre-Trial Order 88 was issued to consolidate plaintiff case information into an "information database." The database was approved by the Court as an official source of claimant information.[4]

### *Plaintiff Fact Sheets*

Plaintiff fact sheets (PFS) have been used throughout the claims administration process as a source of information about each claim and as a benchmark for assessment of a claim's prescription (time-barred) status. For the purpose of claims processing, receipt of a PFS has been considered sufficient evidence that the claimant pursued their cause of action before the expiration of the prescriptive period. If a claim was determined to be prescribed, claimants submitting objections were required

---

[2]  See Rule 3.3(a)(1) of the American Bar Association Model Rules of Professional Conduct (MRPC).
[3]  Rec. Doc. 20770 (Pre-Trial Order 86)
[4]  Rec. Doc. 22124 (Pre-Trial Order 88)

to submit a PFS (or other evidence of being a named plaintiff in this matter) to cure the prescription issue.

### *Case Filing Information*

Case filing information includes information identifying the cause of action, style of case, and/or court where the case was filed.  Case filing information has been a critical aspect of claims analysis from the perspective of an assessment of prescription. Per approval by the Special Master, case filing information was deemed acceptable to cure prescriptive issues if at least one of the following was provided: cause of action, style of case, or court where filed.

### III. Objections Evaluation Methods

Each objection, and corresponding claim, was evaluated using the Court-approved *Methodology for Disbursing Pending Settlements* (Methodology).[5] All objections were assessed on their merits, including specific evaluation based on the claim's prescription status. According to the Methodology, "[p]rescribed [time-barred] claims will receive nothing." To cure a claim's prescribed status, the objection must provide evidence proving the claimant was an original named plaintiff in *In Re: FEMA Formaldehyde Product Liability Litigation*. Examples of acceptable evidence include:

- Plaintiff Fact Sheet (PFS)
- Filing Information with the Court (Cause of action, style of case, court where filed)
- Claim information included on the Pre-Trial Order 88 (PTO 88) claimant list

Objections were also evaluated using other substantive information provided by the claimant or the claimant's attorney. Each objection was evaluated and placed into one of the following categories for Special Master review:

| Description | Category |
|---|:---:|
| Dissatisfied with allocation amount | A |
| Seeking compensation for medical expenses | B |
| Manufacturer or contractor update | C |
| Prescription documentation required | D |
| Additional claimant submissions | E |
| Duplicate claims objection | F |
| Internal CADA review procedures | G |
| Attorney representation update | H |
| Incomplete objections | I |
| Information updates | J |

*For a detailed description of each category, please refer to Appendix A.

---

[5] Rec. Doc. 26032-2

## IV. <u>Special Master Objections Rulings</u>

Based on the categories outlined in Section III, the Special Master made the following recommendations regarding objections:

- Two thousand one hundred and eighty (2,180) objections were **approved** by the Special Master. The table below provides a breakdown of the Special Master's decision:

| Reason | Count |
|---|---|
| Claim requires an update to manufacturer or contractor information | 782 |
| Claimant is a minor in the state of Mississippi and meets the requirements for eligibility | 37 |
| Claimant/attorney provided documentation to cure prescriptive issue | 337 |
| Attorney identified claimant as an additional claimant and provided CADA with sufficient information to assess the claim | 75 |
| Claim has been identified as a duplicate and will be removed from the settlement pool | 600 |
| Claim erroneously marked as duplicate during the certification process - claim will be added to the settlement pool | 48 |
| Objection based on internal CADA review procedures to ensure consistent application of the Methodology | 248 |
| Objection to indicate that the claim requires attorney representation update | 26 |
| Objection to notify the CADA that claimant's information required an update | 27 |

- One thousand thirty-four (1,034) objections were **denied** by the Special Master. The table below provides a breakdown of the Special Master's decisions:

| Reason | Count |
|---|---|
| Claimant is dissatisfied with allocation amount and is requesting additional compensation without substantive evidence | 159 |
| Claimant is seeking compensation that is equivalent to additional individuals that allegedly lived in the same trailer | 21 |
| Claimant is seeking compensation for medical damages and expenses which is not consistent with the Methodology | 154 |
| Claimant/attorney objected to claim's prescription status but did not provide sufficient evidence to cure issue | 462 |
| Attorney identified claimant as an additional class member but did not provide enough information for CADA to adequately assess claim | 46 |
| Objection did not provide sufficient information for CADA to re-assess claim | 162 |
| Objection did not provide sufficient information for CADA to identify claimant or process objection | 30 |

# Appendix A

i.   **Dissatisfied with allocation amount (Category A)** – Objections containing a description of damages (non-medical) that the claimant argues should be considered when calculating the allocation award. In some cases, the claimant may be seeking compensation that is equivalent to additional individuals that allegedly lived in the same or a similar emergency housing unit (trailer). Examples of "Category A Objections" include: "inconvenience", "home repairs", "lost property" and "differing allocation amounts".

ii.  **Seeking compensation for medical expenses (Category B)** – Objections containing a description of medical damages that the claimant argues should be considered when calculating the allocation award. Per the Court-approved Methodology, "[t]he Special Master will not consider medical damages and physical injury in making recommendations..."[6] Common examples of "Category B Objections" include: "Chronic Obstructive Pulmonary Disease (COPD)", "respiratory issues", "headaches", etc.

iii. **Manufacturer or Contractor Update (Category C)** – Objections containing updated manufacturer or contractor information. Manufacturer updates were provided through attorney submissions and related research performed by the CADA to help ensure a consistent application of the allocation methodology. Updates to claims with unique scenarios were performed under the explicit instruction of the Special Master.

iv.  **Prescription documentation required (Category D)** – Objections related to a claim's prescribed status. Claims initially evaluated as prescribed were amended as valid if either the claimant or their representing attorney provided required documentation (PFS, case filing information, etc.) to prove that the claim is eligible for an allocation award.

v.   **Additional Claimant Submission (Category E)** – Reflects the list of objections submitted by plaintiff attorneys on behalf of claimants that had not been previously identified as settlement class members. At the instruction of the Special Master, these claims will be accepted. However, claims that remain materially deficient will receive a $0.00 allocation.

vi.  **Duplicate Claims Objections (Category F)** – Represents attorney-submitted objections for claims which either (a) required updates as a duplicate of other claims or (b) were erroneously marked as a duplicate of another claim during the preliminary claimant list certification process.

vii. **Internal CADA Review Procedures (Category G)** – Reflects objections stemming from research and analysis performed by the CADA to ensure consistent application of the Methodology.

---

[6] Rec. Doc. 26032-2

viii. **Attorney Representation (Category H)** – Includes objections submitted by attorneys to indicate necessary updates to claimant representation.

ix. **Incomplete Objections (Category I)** – Deficient objections that did not meet minimum submission requirements or general claims updates.

x. **Information Updates (Category J)** – These objections were submitted for the purpose of providing updated information related to a claim and/or claimant (updated contact information, representative information, etc).