

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER            MDL NO. 1896
FORMALDEHYDE             SECTION: N-5
PRODUCT LIABILITY LITIGATION     JUDGE ENGLEHARDT
                                          MAGISTRATE JUDGE CHASEZ

### OBJECTION TO SETTLEMENT DISBURSEMENT AND REQUEST FOR JUDICIAL REVIEW FILED BY BOBBY MAGEE (CLAIM #FMC153726-OR1542-OBJECTION 1735)

NOW INTO COURT COMES, **Bobby Magee**, class member in the above captioned class action settlement who respectfully represents:

I.

That he is a member of the class of victims who were injured in this class action lawsuit.

II.

That he timely filed his claim herein and followed all orders of the court regarding his claim as relayed to him by class attorneys, Bruno and Bruno.

III.

That on or about September 13, 2013, he received the attached letter from the Special Master notifying him of his rights to object to the disbursement in the amount of **$281.24** set for him in this case and informing him of his right to file this objection and this request for judicial review of his evidence supporting this objection.

IV.

___Fee _____
___Process _____
X_Dktd _____
___CtRmDep_____
___Doc. No._____

That he was notified to file this objection and request for judicial review into the Court record of this litigation on or before September 26, 2013, and accordingly he is timely complying herein.

V.

That as the result of living in the toxic exposure of the trailer during Katrina, he has experienced acute asthma requiring him to receive more than 40 medical interventions since 2005 and continuing to the present with no end in sight.

VI.

That he submits his certified medical records from Ochsner Health System and certified medical billing regarding these emergency interventions and treatments.

VII.

That he and his employment insurance company, Cigna have made payments as of 2012 in the amount of **$43,988.00 and that he has made co-payments in the amount of $5,990.48 as of 2012 for the treatments and emergency interventions, excluding the costs of drugs, which are extensive and expensive.**

VIII.

That already in 2013, he has had six (6) medical interventions for acute exacerbation of asthma, (emergency room records which have not yet been obtained by him) and that he has purchased numerous prescribed drugs and equipment as set forth in the medical records, billing and statement attached hereto.

IX.

That considering the chronic and permanent nature of his medical condition which resulted from the trailer exposure, he contends that his settlement disbursement should be more comparable to the intensity of and losses from his exposure as opposed to the set out amount of **$281.24** which has been set out by the Special Master's Allocation methodology.

THEREFORE, Bobby Magee prays that this Court maintain his objection, and review his supporting documentation and arguments in this objection, and order as follows:

(1) That the allocation amount of $284.24 set by Special Master allocation be set aside, and that the Court enters an order setting forth a fairer amount based on the actual losses and damages sustained by Bobby Magee, alternatively;

(2) That the Court order the Special Master to re-allocate a new amount consistent with the evidence submitted in this objection; and

(3) That the Court order that the Special Master show cause on a date and time set by the court to show cause why this should not be GRANTED.

Respectfully,

*[signature: Bobby Magee]*
BOBBY MAGEE, In proper person
Claim #FMC153726-OR1542-Objection1735
6820 Manchester Street
New Orleans, LA 70126-1748
504-473-3405

## CERTIFICATE OF SERVICE

I certify that this Objection and attachments have been filed with the Clerk of Court by hand delivery to the Clerk on September 26, 2013 and that a copy of this pleading has been mailed to the Special Master at P. O. Box 82565, Baton Rouge, LA.