UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL NO. 1873<br><br>SECTION "N-5"<br><br>JUDGE ENGELHARDT<br>MAG. JUDGE CHASEZ |

THIS DOCUMENT IS RELATED TO ALL CASES

# Judgment and Order

IT IS HEREBY ORDERED that the Motion for Court Approval and Adoption of the Special Master's Recommendations Concerning Distribution of Settlement Funds (filed on September 5, 2013, Rec. Doc. 26107) as modified by the Special Master's Supplemental Recommendations Concerning Distribution of Settlement Funds (filed on September 30, 2013) be and is hereby GRANTED. Specifically, it is ORDERED, ADJUDGED, and DECREED as follows:

1. The Court denies the objections of Camille Sanchez (Rec. Doc. 26116), Lakeisha Asphall (Rec. Doc. 26114), Lucy Brister o/b/o Michael Brown (Rec. Doc. 26118), Michel Philips (Rec. Doc. 26117), Wandalyn Julian (Rec. Doc. 26115), Anna Rawls o/b/o Troie O. Rawls (Rec. Doc. 26120), Bobby Magee (Rec. Doc. 26119), and Judy Smith o/b/o Massie Lean Womack (Rec. Doc. 26113).

2. The Court adopts the allocations reflected in the spreadsheet attached to the Special Master's Recommendations under seal as Exhibit 1 (Rec. Doc. 26111).

3. The Court directs the CADA to commence the distribution of the settlement allocation checks, except for the settlement allocation check(s) for Matilda Gilmore, within 30 days of the date that this Judgment is signed and filed in the record. The Court directs the CADA to maintain a reserve greater than or equal to the amount that the Special Master has allocated to Matilda Gilmore, for the purpose of satisfying any potential lien. In the event the Special Master is able to satisfy the defendants that the lien obligation is satisfied, the Special Master may file a motion with the Court to release the reserved funds.

4. If, at any point before a settlement payment is made, the Special Master or CADA is informed (by any claimant, claimant's attorney, or otherwise) that a claimant has mistakenly been designated to receive a duplicate or erroneous payment, the Special Master, in consultation with the CADA, shall have the final authority to determine whether the payments at issue are in fact duplicative or erroneous. If he determines the payments are duplicate or erroneous payments, the Special Master shall direct the CADA to mail only a single payment to the claimant (eliminating the duplicates) or authorize the CADA to cancel the erroneous payment. The funds which were initially designated for payment will be transferred to the reserve fund.

5. The Court directs the CADA to use its discretion to appropriately follow up on settlement allocations that go unclaimed more than 180 days from the date of distribution; the Court further directs the CADA to employ at least one of the following methods of due diligence: (1) request updated contact information from the claimant's representing attorney, or (2) perform additional address research using paid subscription services to locate the claimant.

6. The Court grants the Special Master and the CADA the authority to determine the appropriate method for distribution of settlement funds to minor, deceased, or incompetent claimants; and the Court authorizes the Special Master and the CADA to require notarized power of attorney, notarized affidavits of entitlement, court orders, or other court process as well as other appropriate identification as deemed appropriate or necessary. The Court further authorizes the Special Master and the CADA to (a) rely upon attorney-provided representative or successor information when determining the appropriate party to which settlement funds should be distributed and (b) shall use its discretion to decipher information obtained directly from claimant representatives or successors to appropriately deliver settlement funds.

7. After one (1) year from the initial mailing of settlement checks, any amounts that remain unclaimed, returned, or undeposited by Class Members, or which could not for any reason be distributed (along with any remaining amount withheld by the Special Master and CADA for fees and expenses which is no longer needed to pay such fees and expenses) shall constitute the Unclaimed Fund. The CADA shall submit a written report to the District Court, Plaintiffs' Steering Committee, and Defense Liaison Counsel on the status and amount of the Unclaimed Fund.

   The Unclaimed Fund shall be subject to appropriate disposition by the Court, including in part or in whole any of the following disbursement methods:

   a. The Plaintiffs' Steering Committee may seek a court order authorizing payment to the Special Master or the CADA of any additional expenses and fees as required to administer the Settlement Agreement.

   b. The Plaintiffs' Steering Committee may seek a court order authorizing payment to them of additional fees and expenses incurred which were necessary to enforce or effectuate the Settlement Agreement.

   c. The Court may approve a cy près payment.

   d. The balance of the fund shall be delivered, along with a list of putative claimants and the amount due each, to the escheat or unclaimed funds division (or other appropriate state entity) for the state of last known address for the class member. If the CADA has no known address on file, funds shall be delivered to the unclaimed funds division of the Louisiana Secretary of State, or the equivalent governmental agency at the time.

8. The CADA shall have the authority to include release language on the back of the settlement checks and any accompanying enclosures, to the extent approved by the Special Master.

9. For the limited purpose of concluding the compromise, settlement and release of claims embodied in each settlement check, the Court hereby appoints the CADA as the authorized representative of the persons and/or entities being released. The CADA's signature together with the recipient's endorsement on the back of the check or negotiation of the check without an endorsement will constitute a compromise and transaction for purposes of the controlling law, and also will be considered a "release agreement" as that term is used in the Stipulation of Settlement signed by the parties.

10. In all other respects, the Court adopts the Special Master's Recommendations and Supplemental Recommendations Concerning Distribution of Settlement Funds in full.


New Orleans, Louisiana, this ____ day of _____, 2013.


JUDGE KURT D. ENGELHARDT,
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA