- Corrected Copy -

**UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION**

```
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED  SEP 2 7 2013
WILLIAM W. BLEVINS
CLERK
```

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCTS LIABILITY LITIGATION
   King, et al. v. CH2M Hill Constructors, Inc., et al.,   )
        E.D. Louisiana, C.A. No. 2:10-2882              )      MDL No. 1873
        (S.D. Mississippi, C.A. No. 1:10-00199)       )

## SEPARATION OF CLAIM AND
## CONDITIONAL REMAND ORDER

The transferee court in this litigation has advised the Panel that coordinated or consolidated pretrial proceedings regarding the claim of plaintiff Christian Miller against one defendant in the civil action listed above have been completed and that remand of the claim pending against the referenced defendant to the transferor court, as provided in 28 U.S.C. §1407(a), is appropriate. *See* Suggestion of Remand (E.D. La. filed Sept. 9, 2013).

IT IS THEREFORE ORDERED that the following claim in the civil action listed above be separated and remanded to the transferor court: the claim of Christian Miller, as representative of Thomas A. Runnels, against Doug Boyd Enterprises, LLC. *See* Amended Complaint, Count V.

IT IS ALSO ORDERED that, pursuant to Rule 10.2 of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, the transmittal of this order to the transferee clerk for filing shall be stayed 7 days from the date of this order. If any party files a notice of opposition with the Clerk of the Panel within this 7-day period, the stay will be continued until further order of the Panel. This order does not become effective until it is filed in the office of the Clerk for the United States District Court for the Eastern District of Louisiana.

IT IS FURTHER ORDERED that, pursuant to Rule 10.4(a), the parties shall furnish the Clerk for the Eastern District of Louisiana with a stipulation or designation of the contents of the record to be remanded.

```
Inasmuch as no objection is
pending at this time, the
stay is lifted.

Sep 27, 2013

CLERK'S OFFICE
UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
```

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER  
       FORMALDEHYDE PRODUCTS  
       LIABILITY LITIGATION

MDL NO. 07-1873

SECTION "N" (5)

THIS DOCUMENT RELATES TO  
Member Case No. 10-2882  
*Starlett M. King, et al v. CH2M Hill Constructors, Inc., et al*  
**Plaintiff:** **Christian Miller, as Representative of Thomas A. Runnels**  
**Defendant:** **Doug Boyd Enterprises, LLC**

## SUGGESTION OF REMAND

This multidistrict litigation ("MDL") was established in October 2007 and is in its final phase. After extensive discovery, exhaustive motion practice, and multiple bellwether trials, nearly all claims have been resolved. The claims against the United States government were resolved by motion practice, as set out below. The claims against private defendants were resolved by settlement.[1] Only a handful of claims remain.

---

[1] In 2010, the Plaintiffs' Steering Committee ("PSC") agreed to a mass-joinder settlement with the manufacturer Fleetwood Enterprises, Inc. and related companies, which was implemented by a special master appointed by the Court. *See, e.g.,* Rec. Docs. 15065, 15621, 22133, 22269, 22330, 22804, 23049. In 2011, the PSC agreed to a settlement with more than thirty manufacturers of manufactured housing units (residential units commonly known as "mobile homes," as distinguished from travel trailers and other recreational style units), which was achieved through the Court's approval of a settlement class. *See, e.g.,* Rec. Docs. 23565, 25435, 25507. On September 27, 2012, the Court approved a class settlement of nearly all claims against the contractor defendants who installed trailers. *See* Rec. Docs. 25888; *see also* Rec. Docs. 25647, 25658, 25668, 25877. Also, on September 27, 2012, the Court

It has come to the Court's attention that the referenced member case (*Starlett M. King, et al v. CH2M Hill Constructors, Inc., et al* (E.D. La. Civil Action No. 10-2882) (S.D. Miss. Civil Action No. 10-199) contains *inter alia* a claim that does not relate to formaldehyde exposure, but rather is in the nature of a slip-and-fall claim. (*See* Attachment 1 hereto). The Court refers to the claim of Christian Miller, as Representative of Thomas A. Runnels, against defendant Doug Boyd Enterprises, LLC. This Court finds that this particular claim will not benefit from further centralized oversight or coordinated pretrial proceedings. The issues remaining are not common issues, but are particular to this individual claim. Further, the MDL phase of this litigation is near its conclusion. Accordingly, the Court can find no reason why this individual claim should not be remanded to its transferor jurisdiction, the Southern District of Mississippi, so that it may proceed to trial. The parties agree and have prepared a Final Pretrial Order (Attachment 2).

Because this claim is joined in a complaint with the formaldehyde related claims of multiple plaintiffs against multiple defendants, this Court recommends that the claim to be remanded be separated from the remaining claims, in accordance with the *proviso* in 28 U.S.C. § 1407(a).

1. <u>Claims of Other Plaintiffs</u>:

More than one hundred plaintiffs are joined in this Complaint. *See* Civil Action 10-2882, Rec. Docs. 1-5, 2. These plaintiffs' claims are related to formaldehyde exposure and are part of the contractor class settlement that is being administered by this Court. No plaintiff other than Christian Miller, as Representative of Thomas A. Runnels, has asserted a claim against defendant Doug Boyd Enterprises. Thus, the claims of all other plaintiffs should remain with this Court, albeit

---

approved a class settlement of claims against more than thirty manufacturers of travel trailers and park model homes. *See* Rec. Docs. 25887; *see also* Rec. Docs. 25226, 25646, 25666, 25872. The remainder of such manufacturers settled outside the class. Recently, the Court approved the settlement of claims against the remaining contractors.

2

closed pursuant to settlement.

2. <u>Thomas Runnels' Claims Against Other Defendants</u>:

It is the Court's understanding that the claims on behalf of Thomas Runnels against private defendants other than Doug Boyd Enterprises are related to formaldehyde exposure and, thus, are part of the contractor class settlement that is being administered by this Court.[2] In particular, it appears that Thomas Runnels' formaldehyde related claim is against Bechtel National, Inc. *See* Civil Action 10-2882, Rec. Doc. 2. This claim should remain with this Court, albeit closed pursuant to settlement.

3. <u>Claims Against the United States Government</u>:

The Court has dismissed the claims of all Alabama and Mississippi plaintiffs against the United States. These rulings were entered as final Rule 54(b) judgments and have been affirmed by the United States Court of Appeals for the Fifth Circuit. *See* Rec. Doc. 14486, *aff'd, In Re: FEMA Trailer Formaldehyde Products Liability Litigation*, 668 F.3d 281 (5th Cir. 2012) (Mississippi plaintiffs); Rec. Doc. 15061, *aff'd, In Re: FEMA Trailer Formaldehyde Products Liability Litigation*, 668 F.3d 281 (5th Cir. 2012) (Alabama plaintiffs); *see also* Rec. Docs. 25188, 25189, 25202, 25203 (additional Mississippi plaintiffs). There is no reason to remand this claim.

Accordingly, pursuant to Rule 10.1(b) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation,

**IT IS HEREBY SUGGESTED** to the United States Judicial Panel on Multidistrict Litigation that the claim of Christian Miller, as Representative of Thomas A. Runnels, against defendant Doug Boyd Enterprises, LLC, in the referenced member case be separated, as indicated,

---

[2] Bechtel National, Inc., CH2M Hill Constructors, Inc., and Shaw Environmental, Inc. are all settling defendants in the contractor class settlement. *See, e.g.,* Rec. Doc. 25647.

and remanded to the Southern District of Mississippi, from whence it was transferred pursuant to 28 U.S.C. § 1407(a).

New Orleans, Louisiana, this 9th day of September, 2013.

KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE

4

# BRYAN NELSON P.A.

**ATTORNEYS AT LAW**
POST OFFICE DRAWER 18109
6524 U.S. HIGHWAY 98
HATTIESBURG, MISSISSIPPI 39404-8109

JACK W. LAND
EVE GABLE
HERMAN M. HOLLENSED, JR.
MARK A. NELSON*
V. K. VICK SMITH
DAVID M. OTT
RICHARD D. NORTON
JOSEPH A. O'CONNELL
WILLIAM A. WHITEHEAD, JR.
KRISTOPHER A. POWELL
MARK E. NORTON
JEFFREY L. HALL
LINDSAY G. WATTS
BRAD A. TOUCHSTONE
JOSEPH R. TULLOS
NELSON E. ALLEN, JR.

JOHN F. BRYAN III (1914-1994)
E. S. NED NELSON (1928-1985)

STACY L. NEAMES (Of Counsel)
MARY D. BLUMENTRITT (Of Counsel)

TELEPHONE
(601) 261-4100

FACSIMILE
(601) 261-4106

* Also Admitted in Louisiana

November 20, 2012

Honorable Kurt D. Engelhardt
United States District Court
Eastern District of Louisiana
500 Poydras Street, Room C367
New Orleans, LA 70130

RE: Starlett M. King, et al. v. Doug Boyd Enterprises, LLC, et al.
U.S.D.C., Southern District of Mississippi
Cause No. 1:10-cv-199-HSO-JMR

Starlett M. King, et al. vs. CH2M Hill Constructors, Inc., et al.
USDC Eastern District of LA Docket No. 10-2882
Our File: 1251-68

Dear Judge Engelhardt:

The claim of Starlett King against Doug Boyd Enterprises was originally filed in the Southern District of Mississippi and carried Cause Number 1:10-cv-199-HSO-JMR. The original Complaint was basically in two parts. The first part dealt with formaldehyde in FEMA trailers. All issues concerning formaldehyde have now been resolved. Still pending are claims against Doug Boyd Enterprises which are in the nature of a traditional slip-and-fall.

All counsel involved in the Plaintiff's claim against Doug Boyd Enterprises have agreed to the transfer.

We all believe this is the proper procedure, and if you find the Order to be proper, then we ask that you execute same.

Sincerely,

BRYAN NELSON, P.A.

Vick Smith
For the Firm

VKS/sss
Enclosure
cc: William McDonough
    Edward Gibson

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA
SOUTHERN DIVISION

STARLETT M. KING, as wrongful death
Beneficiary and representative of JEFF SHETTERLY,
DECEASED, et al.                                                               **PLAINTIFFS**

**VERSUS**                                                                     **DOCKET NO. 10-2882**

CH2M HILL CONSTRUCTORS, INC., ET AL.                                           **DEFENDANTS**

## ORDER OF TRANSFER

THIS CAUSE, having come before the Court on the *ore tenus* motion of all parties to transfer, the Court having considered same, and being fully advised in the premises, finds as follows:

1.

That the only remaining claims of this plaintiff are against Doug Boyd Enterprises.

2.

That those claims do not involve formaldehyde, but are instead in the nature of a slip and fall claim and should not be part of this MDL.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the plaintiff's claim against Doug Boyd Enterprises should be transferred back to the United States District Court for the Southern District of Mississippi where it originally began.

SO ORDERED AND ADJUDGED this the ____ day of _____, 2012.

_____
U.S. DISTRICT JUDGE

_____
Edward Gibson (MSB #100640)
*Attorney for Plaintiff*

_____
V. K. Smith, III (MSB#7623)
*Attorney for Doug Boyd Enterprises*

_____
William L. McDonough, Jr (MSB#2414)
*Attorney for Doug Boyd Enterprises*

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION

MDL NO. 07-1873
SECTION "N" (5)

This document relates to:
Member Case No. 10-2882
*Starlett M. King, et al v. CH2M Hill Contractors, Inc., et al*
**Plaintiff: Christian Miller, as representative of Thomas A. Runnels**
**Defendant: Doug Boyd Enterprises, LLC**

## FINAL PRETRIAL ORDER AND SUGGESTION OF REMAND

### BACKGROUND

This multi-district litigation ("MDL") was established in October, 2007, and is in its final phase. After extensive discovery, exhaustive motion practice, and multiple bellwether trials, nearly claims have been resolved. The claims against the United States Government were resolved by motion practice, and the claims against private defendants were resolved by settlement.

The referenced member case (*Starlett M. King, et al v. CH2M Hill Constructors, Inc., et al*) (E.D.La. Civil Action No. 10-2882)(S.D.Miss Civil Action No. 10-119) contains a claim not related to formaldehyde exposure, but rather is in the nature of a slip and fall; specifically the claim of Christian Miller, as Representative of Thomas A. Runnels against Doug Enterprises, LLC. More than one hundred plaintiffs joined in the Complaint in the above referenced member case, and only Christian Miller, as Representative of Thomas A Runnels, is asserting a claim against Doug Boyd Enterprises, LLC. There have been no orders from the MDL governing the pre-trial management of the claim of Christian Miller, as Representative of Thomas A. Runnels,

against Doug Boyd Enterprises, LLC pertaining to the slip and fall.

## DISCOVERY

There have been no orders governing pre-trial discovery related to the claim of Christian Miller, as Representative of Thomas A. Runnels against Doug Boyd Enterprises, LLC. pertaining to the slip and fall.

## KEY EVIDENTIARY AND LEGAL RULINGS

There have been no key evidentiary and legal rulings pertaining to the claim of Christian Miller, as Representative of Thomas A. Runnels against Doug Boyd Enterprises, LLC pertaining to the slip and fall.

## FURTHER PROCEEDINGS

There has been no discovery conducted with respect to the claim of Christian Miller, as Representative of Thomas A. Runnels against Doug Boyd Enterprises, LLC. pertaining to the slip and fall. Discovery remaining to be conducted include:

   a. Interrogatories and request for production between the respective parties;
   b. Obtain medical records and related medical documents pertaining to Thomas A. Runnels;
   c. Depositions of representatives of the parties;
   d. Depositions of medical care providers;
   e. Designation of expert witnesses and related discovery. The estimated length of time needed to complete the further proceedings is nine months, after which the case will be ready for trial;

Remaining legal and factual issues include those related to the defendant's affirmative defenses.

## DESIGNATION OF THE RECORD

The parties have designated only the Amended Complaint and the Answer of the

defendant.

ORDERED AND ADJUDGED this the _____ day of _____, 2013.

_____
UNITED STATES DISTRICT JUDGE

Approved:

_____
Edward Gibson (MS. Bar #100640)
Counsel for Christian Miller,
as representative of Thomas A. Runnels

_____
V. K. Smith, III (Ms. Bar # 7623)
Counsel for Doug Boyd Enterprises, LLC

_____
William L. McDonough, Jr. (Ms. Bar #2414)
Counsel for Doug Boyd Enterprises, LLC

defendant.

ORDERED AND ADJUDGED this the ____ day of _____, 2013.

_____
UNITED STATES DISTRICT JUDGE

Approved:

_____
Edward Gibson (MS. Bar #100640)
Counsel for Christian Miller,
as representative of Thomas A. Runnels

*[signature]*

V. K. Smith, III (Ms. Bar # 7623)
Counsel for Doug Boyd Enterprises, LLC


_____
William L. McDonough, Jr. (Ms. Bar #2414)
Counsel for Doug Boyd Enterprises, LLC