**TO:** Daniel J. Balhoff as Special Master

**FROM:** Postlethwaite & Netterville, APAC as Court Appointed Disbursement Agent

**DATE:** January 20, 2015

**RE:** FEMA Trailer Formaldehyde (MDL 1873) Disbursement Status Report to Special Master

---

## I. Overview

As a result of the devastation caused by Hurricane Katrina in August of 2005, tens of thousands of people were forced to live in manufactured housing units and trailers for an extended period of time. Residents began to complain of problems they associated with formaldehyde fumes emanating from the housing units and trailers. Many of the residents sued FEMA, the manufacturers, and the contractors. The suits were consolidated in *In Re: FEMA Trailer Formaldehyde Product Liability Litigation*.

Most of the suits have been either dismissed or settled. The settlements came in three waves:

*First.* Fleetwood Enterprises, Inc., a manufacturer, and its insurers settled with the claimants. The allocations for the Fleetwood settlement are final and the settlement funds have been disbursed. According to the "Fleetwood Disbursement Order",[1] the Court Appointed Disbursement Agent (CADA) was directed to "deliver any unclaimed settlement allocation to the appropriate entity pursuant to Louisiana's Uniform Unclaimed Property Act" after one year from the date of distribution.[2] In accordance with the Fleetwood Disbursement Order, unclaimed settlement allocations have been transferred to the appropriate entities and this settlement program is considered closed.

*Second.* The manufacturers of the manufactured housing units settled (FEMA Non-Litigation). The allocations for the FEMA Non-Litigation settlement are final and the settlement funds have been disbursed. According to the "FEMA Non-Litigation Disbursement Order",[3] the CADA was directed to "deliver any unclaimed settlement allocations to the appropriate entity pursuant to Louisiana's Uniform Unclaimed Property Act."[4] In accordance with the FEMA Non-Litigation Disbursement Order, unclaimed settlement allocations in the amount of $225,786.00 have been transferred to the appropriate entities.

*Third.* Most of the remaining manufacturers and contractors settled (FEMA Consolidated Settlement). The Court approved class settlements with respect to most of the settling manufacturers and separate class settlements with respect to the settling contractors. The other settling manufacturers and contractors elected to settle with claimants on a mass

---

[1] Rec. Doc. 23049
[2] *Id.* at p.1
[3] Rec. Doc. 25951
[4] *Id.* at p. 1



basis (i.e., with a specified list of known claimants) rather than a class basis. On October 31, 2013, the CADA began the disbursement of the settlement funds in accordance with the Special Master's court-approved methodology.

## II. FEMA Fleetwood Settlement

Pursuant to the Fleetwood Disbursement Order, the CADA commenced the disbursement of the settlement funds in October, 2011. In addition, the Fleetwood Disbursement Order directed the CADA to "deliver any unclaimed settlement allocation to the appropriate entity pursuant to Louisiana's Uniform Unclaimed Property Act" after one year from the date of distribution. To date, the CADA has transferred $123,495.80 of unclaimed funds to the appropriate entities pursuant to Louisiana's Uniform Unclaimed Property Act[5] and this settlement program is considered closed.

## III. FEMA Non-Litigation Settlement

Pursuant to the FEMA Non-Litigation Disbursement Order, the CADA commenced the disbursement of the settlement funds in December, 2012. In addition, the FEMA Non-Litigation Disbursement Order directed the CADA to "deliver any unclaimed settlement allocation to the appropriate entity pursuant to Louisiana's Uniform Unclaimed Property Act" after one year from the date of distribution. In accordance with the FEMA Non-Litigation Disbursement Order, unclaimed settlement allocations in the amount of $225,786.00 have been transferred to the appropriate entities. As of October 31, 2014, $116,779.77 remains available for payment of outstanding administrative expenses. The Special Master and CADA have incurred fees and expenses in excess of the remaining funds available over the period spanning April 2012 through July 2014 related to performing their duties in this litigation. Once approved by the Court, the remaining funds will be distributed to the Special Master and CADA per submitted invoice totals and this settlement program will be officially closed.

## IV. FEMA Consolidated Settlement

A. Initial Settlement Fund Distributions

i. Class Member Settlement Fund Disbursement

In accordance with the FEMA Consolidated Judgment and Order,[6] or "Disbursement Order", the CADA commenced distribution of the settlement allocation checks on October 31, 2013. As of October 31, 2014, the distribution of claimant settlement awards can be summarized as follows:

| Description | Count | Dollar Amount | % of Total Dollar Amount |
|---|---|---|---|
| Total Settlement Awards Paid | 56,914 | $16,236,233.19 | 84.44% |
| Total Settlement Awards Unclaimed | 11,760 | $2,991,554.17 | 15.56% |
| Total Claims Eligible to Receive Settlement Awards | 68,674 | $19,227,787.36 | 100% |

---

[5] Id.
[6] Rec. Doc. 26123

"Total Settlement Awards Unclaimed" includes those claims that fall into one of the below categories:

| Description | Count | Dollar Amount | % of Total Dollar Amount |
|---|---|---|---|
| Claims with pending deficiencies | 7,104 | $1,881,080.16 | 62.88% |
| Claims with checks mailed but not claimed | 3,088 | $702,693.49 | 23.49% |
| Claim funds on hold[7] | 1,568 | $407,780.52 | 13.63% |
| Total Settlement Awards Outstanding | 11,760 | $2,991,554.17 | 100% |

Included in the "Total Settlement Awards Paid" count are 269 approved Post Disbursement Requests for Consideration (PD Request) for a cumulative amount of $81,002.10. The PD Request procedure was established by the Special Master to address and resolve valid issues pertaining to the calculation of a claimant's allocation award.[8]

In addition to the funds described in the Disbursement Order, the CADA disbursed funds to class members designated to receive "enhancement awards".[9] As of October 31, 2014, the status of the distribution of enhancement awards can be summarized as follows:

| Description | Count | Dollar Amount | % of Total Dollar Amount |
|---|---|---|---|
| Total Enhancement Awards Paid | 150 | $98,650.00 | 97.29% |
| Total Enhancement Awards Outstanding | 11 | $2,750.00 | 2.71% |
| Total Claims Eligible to Receive Enhancement Awards | 161 | $101,400.00 | 100% |

*ii. Attorney Fees and Expenses Disbursements*

In accordance with the relevant Court's Orders,[10] the CADA has disbursed all funds associated with the payment of attorney fees and costs. As of October 31, 2014, the status of the distribution of attorney fees and costs payments can be summarized as follows:

---

[7] "If, at any point before a settlement payment is made, the Special Master or CADA is informed (by a claimant, claimant's attorney, or otherwise) that a claimant has mistakenly been designated to receive a duplicate or erroneous payment, the Special Master, in consultation with the CADA, shall have the final authority to determine whether the payments at issue are in fact duplicative or erroneous. If he determines the payments are duplicate or erroneous payments, the Special Master shall direct the CADA to mail only a single payment to the claimant (eliminating the duplicates) or authorize the CADA to cancel the erroneous payment." Rec. Doc. 26123, p. 2.

[8] The PD Requests apply to claimants that were either omitted from Exhibit 3 of the "Disbursement Order" and can provide evidence to show that he or she should have been included in the class; or, the Special Master becomes aware of information that supports the approval of a supplemental allocation award amount.

[9] Rec. Doc 26124

[10] See Rec. Docs. 26125 (Disbursement of Common Benefit Fee), 26134 (Disbursement of Attorney Fees and Certain Costs), 26140 (Disbursement of Supplemental Attorney Filing Fees and Costs), and 26144 (Disbursement of Shared and Held Costs).

| Attorney Private Client Fee Payments | | | |
|---|---|---|---|
| Description | Count | Dollar Amount | % of Total Dollar Amount |
| Total Deposited | 44 | $6,199,405.05 | 99.99% |
| Total Outstanding[11] | 3 | $459.90 | 0.01% |
| Total Attorney Private Client Fees | 47 | $6,199,864.95 | 100% |

| Attorney Common Benefit Fee Payments | | | |
|---|---|---|---|
| Description | Count | Dollar Amount | % of Total Dollar Amount |
| Total Deposited | 23 | $6,199,864.94 | 100% |
| Total Outstanding | 0 | $0.00 | 0% |
| Total Common Benefit Fee Payments | 23 | $6,199,864.94 | 100% |

| Attorney Filing Fee Reimbursements | | | |
|---|---|---|---|
| Description | Count | Dollar Amount | % of Total Dollar Amount |
| Total Deposited | 27 | $670,066.28 | 100% |
| Total Outstanding | 0 | $0.00 | 0% |
| Total Filing Fee Reimbursements | 27 | $670,066.28 | 100% |

| Attorney Shared and Held Cost Reimbursements | | | |
|---|---|---|---|
| Description | Count | Dollar Amount | % of Total Dollar Amount |
| Total Deposited | 16 | $1,594,485.32 | 100% |
| Total Outstanding | 0 | $0.00 | 0% |
| Total Shared and Held Costs Reimbursement | 16 | $1,594,485.32 | 100% |

The CADA recommends that any remaining unclaimed funds for claimant enhancement awards or attorney private client fee payments should be delivered to the appropriate entity pursuant to Louisiana's Uniform Unclaimed Property Act.

B. Supplemental Disbursement Management

    i.   *Disbursement Allocations and Budget*
        a.  Accounting Overview

As of the October 31, 2014 deadline for individuals to claim settlement awards, a total of $3,496,200.48 remains in the settlement fund account. The Special Master and CADA have consulted and determined a plan of approach for the supplemental disbursement proceedings; the attached *Exhibit A* provides a breakdown of the anticipated disbursement schedule for remaining settlement funds. The schedule includes considerations for unclaimed attorney private client fees and claimant enhancement awards, both outstanding and estimated future administrative expenses, and supplemental disbursement awards to claimants.

---

[11] Waltzer & Associates; Obioha Law; Schromm Law Firm LLC

*b.   Per capita distribution*

CADA records indicate that a total of 56,914 claimant settlement awards were claimed during the initial settlement fund distribution process. This figure was used as the baseline for anticipated supplemental disbursement payments although the Special Master and CADA recommend that the Court authorize the continued authority to identify and remediate scenarios which could result in potential duplicative or erroneous payments.

As outlined in the attached disbursement schedule (Exhibit A), the Special Master and CADA anticipate that the total amount of funds available for the supplemental disbursement to claimants will be $2,618,044.00. This would equate to a per capita distribution in the amount of $46.00 per eligible participant.

*ii.   Case Management Processes and Related Recommendations*

Supplemental disbursement participants will include only claimants who have previously cashed or deposited settlement checks from the initial disbursement proceedings. Therefore, the CADA anticipates a smaller percentage of claims that require review for potential duplicates as well as deficiency items such as invalid mailing addresses or required claimant representative or successor documentation.

To help minimize the volume of potential claim deficiencies and related administrative expenses, the CADA recommends the following procedures regarding mailing address research:

(A) All mailing addresses on file for eligible supplemental disbursement recipients should be processed through the National Change of Address (NCOA) database prior to the mass distribution of checks.

(B) Batch research via paid subscription services should be performed for only addresses associated with checks that are returned via the USPS mailing process.

The CADA anticipates continuation of the existing administrative processes that are in place to cure claim deficiencies, resolve claim disbursement issues, and provide both claimant and attorney support. Claimants and attorneys will be able to update claimant information and resolve disbursement related issues by calling the case hotline, submitting information through the online portal on the case website, and by reaching the CADA directly via telephone, mail, and email.

To assist with the resolution of potential claim deficiency issues that surface during the disbursement process, the CADA suggests processing ancillary check batches as needed. The CADA anticipates (no more than) two additional batches that would likely occur approximately thirty and sixty days after the initial check distribution. The Special Master should maintain the authority to determine and enforce any necessary deadlines and claim deficiency curing or documentation requirements in order to participate in the supplemental disbursement process.  Specifically, the CADA recommends that the Special Master and CADA have the authority to require that the original check be returned to the CADA's possession prior to a check being re-issued.

The CADA further recommends continued implementation of (a) the existing PD Request process for Special Master determination of eligibility and (b) for the following Court-approved process for identification and remediation of potential duplicate or erroneous payments:

> *If, at any point before a settlement payment is made, the Special Master or CADA is informed (by a claimant, claimant's attorney, or otherwise) that a claimant has mistakenly been designated to receive a duplicate or erroneous payment, the Special Master, in consultation with the CADA, shall have the final authority to determine whether the payments at issue are in fact duplicative or erroneous. If he determines the payments are duplicate or erroneous payments, the Special Master shall direct the CADA to mail only a single payment to the claimant (eliminating the duplicates) or authorize the CADA to cancel the erroneous payment.[12]*

    *iii.   Administrative Reporting and Closure*

After the deadline to claim supplemental disbursement awards, the CADA will confer with the Special Master and prepare a final status report to the Court. At that point, the Special Master will also make a recommendation to the Court regarding the disposition of any remaining settlement funds in order to close the settlement program.

Please contact Dustin Mire if you have questions regarding any information or recommendations included in this report.

Sincerely,

*Postlethwaite & Netterville, APAC*

Postlethwaite & Netterville, APAC  as  Court Appointed Disbursement Agent

---

[12] Rec. Doc. 26123, p. 2.

# FEMA Trailer Formaldehyde (Consolidated) Settlement - MDL 1873

**EXHIBIT A**: Accounting Summary & Disbursement Schedule - as of October 31, 2014

| Description: | | Amount: |
|---|---|---|
| **Total Deposits:** | | |
| Total Negotiated Settlements (Manufacturer, Contractor, Non-Class) | $ | 43,507,824.49 |
| Settlement Interest Earned (per Registry of Court deposits) | $ | 40,063.46 |
| **Total Settlement Deposits:** | $ | 43,547,887.95 |
| | | |
| **Other Deposits & Transactions:** | | |
| (Plus) Funds Transfer from PSC re: Balance of PSC Litigation Account | $ | 92,284.37 |
| (Less) Deduction for Common Benefit Assessment Reimbursement | $ | 6,981,824.76 |
| (Plus) Checking and Investment Account Dividends and Interest Earned | $ | 1,375.13 |
| (Plus) Funds Reimbursement from Whitney re: Check Fraud Investigations | $ | 281.24 |
| **Total Funds Available for Disbursement:** | $ | 36,660,003.93 |
| | | |
| **Disbursements from Settlement Fund:** | | |
| Bank Fees & Expenses | | |
| Trust Account Setup Expense (Federated Prime OBLIG FD #396) | $ | 6,000.00 |
| Other Bank Fees | $ | 21,425.16 |
| Settlement Administration Fees & Expenses | | |
| Special Master | $ | 81,181.32 |
| Special Master | $ | 83,644.90 |
| Special Master (Nov. 2013 - March 2014) | $ | 31,120.21 |
| CADA | $ | 798,148.20 |
| CADA | $ | 511,201.03 |
| CADA (Nov. 2013 - March 2014) | $ | 411,002.85 |
| Bourgeois Bennett | $ | 125,000.00 |
| Garretson Resolution Group | $ | 96,375.00 |
| Claimant Settlement Awards (Cleared) | $ | 16,236,233.19 |
| Enhancement (Class Rep) Awards (Cleared) | $ | 98,650.00 |
| Common Benefit Fees (Cleared) | | |
| Special Master F.A. Little Fees | $ | 2,975.00 |
| Common Benefit Fee Reserve less payment for Special Master F.A. Little Fee | $ | 6,196,889.94 |
| Attorney submitted Filing Fees (Cleared) | $ | 657,816.28 |
| Attorney submitted Filing Fees - Supplemental (Cleared) | $ | 12,250.00 |
| Attorney Private Client Fees (Cleared) | $ | 6,199,405.05 |
| Attorney Shared and Held Cost Reimbursements (Cleared) | $ | 1,594,485.32 |
| **Total Disbursements from Settlement Fund (To-Date):** | $ | 33,163,803.45 |
| | | |
| **Total Funds Maintained by CADA (as of 10/31/14):** | $ | 3,496,200.48 |
| | | |
| **Settlement Fund Disbursement Reserves:** | | |
| Attorney Private Client Fees (Unclaimed) | $ | 459.90 |
| Enhancement (Class Rep) Awards (Unclaimed) | $ | 2,750.00 |
| Supplemental Disbursement Reserve | $ | 7,666.96 |
| **Supplemental Disbursement Claimant Settlement Awards** | $ | 2,618,044.00 |
| Administrative Budget Reserves | | |
| *Special Master Budget Reserve* | | |
| *Special Master (April 2014 - November 2014)* | $ | 17,350.00 |
| *Estimated Future SM Fees & Costs - December 2014 through project completion* | $ | 34,000.00 |
| *CADA Budget Reserve* | | |
| *CADA Outstanding Invoice - April 2014 thru November 2014* | $ | 275,843.62 |
| *Estimated Future CADA Fees - December 2014 through project completion* | $ | 450,086.00 |
| *Estimated Future CADA Expenses - December 2014 through project completion* | $ | 90,000.00 |
| **Total Fund Reserves:** | $ | 3,496,200.48 |